UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP and I-CUBED DOMAINS, LLC,<br><br>Relief Defendants. | Civil Action No. 3:15cv675 (JBA) |

**AMENDED TEMPORARY RESTRAINING ORDER FREEZING ASSETS AND PROVIDING FOR OTHER ANCILLARY RELIEF, AND ORDER SETTING PRELIMINARY INJUNCTION HEARING**

On May 6, 2015, Plaintiff United States Securities and Exchange Commission (the "Commission") filed an emergency motion [Doc. # 2] for an *ex parte* order: (1) freezing funds and other assets of Defendant Iftikar Ahmed and Relief Defendants Iftikar Ali Ahmed Sole Prop and I-Cubed Domains, LLC; (2) requiring Defendant and Relief Defendants to provide an accounting; (3) providing for expedited discovery; (4) providing for alternative service by the Commission; (5) prohibiting the destruction or alteration of documents; and (6) setting this matter for a preliminary injunction hearing.

On May 7, 2015, the Court conducted an *ex parte* telephonic hearing on the record to consider the representations and arguments of Plaintiff in support of its claims. The Court considered the record presented in support of Plaintiff's Motion for a Temporary Restraining

8

Order, including: the Complaint; the Commission's Memorandum of Law in Support of its Motion for an *Ex Parte* Temporary Restraining Order Freezing Assets and Providing for Other Ancillary Relief, and for Preliminary Injunction; the Declaration of Grace Ames, with attached exhibits; and the Certification of Counsel pursuant to Federal Rule of Civil Procedure 65(b). Following the telephonic hearing, the Court granted Plaintiff's Motion for a Temporary Restraining Order, with modifications. [Doc. # 9.]

On May 21, 2015, the Commission filed an emergency motion for an *ex parte* order clarifying and amending the Temporary Restraining Order to permit the Commission to record the Temporary Restraining Order with the relevant land records offices in order to secure certain real property owned directly or indirectly by Defendant Ahmed.  The Court considered the Commission's motion, the Declaration of Jeffrey Oraker, with attached exhibits, and the Certification of Counsel pursuant to Federal Rule of Civil Procedure 65(b).

Based on this record, the Court finds:

1.	The Court has jurisdiction over the subject matter of this action and over the Defendant and Relief Defendants.

2.	The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)], Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)] and Section 209(d) of the Investment Advisor's Act of 1940 ("Advisor's Act") [15 U.S.C. § 80b-9(d)] by establishing a likelihood that the Commission will prevail at trial on  the merits and an inference that the Defendant has engaged in acts, practices, and courses of business constituting violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)],  Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5

thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1), 206(2), 206(3), and 206(4) of the Investment Advisers Act 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b-6(3)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

3. There is good cause to believe that, unless restrained and enjoined by order of this Court, the Defendant and Relief Defendants will dissipate, conceal, or transfer from the jurisdiction of this Court assets that could be subject to an order directing disgorgement or the payment of civil monetary penalties in this action such that an order freezing the Defendant's and Relief Defendants' assets, as specified *infra*, is necessary to preserve the *status quo* and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties.

4. In light of the Court's finding that there is good cause to believe the Defendant will dissipate, conceal, or transfer assets, and pursuant to Fed. R. Civ. P. 65(b), the Court specifically finds that there is a likelihood of irreparable injury unless this order is issued *ex parte*. To avoid this irreparable harm, the Court will issue this Amended Temporary Restraining Order Freezing Assets *ex parte* so that prompt service on appropriate institutions and land record offices can be made, thus preventing the dissipation of assets.

5. There is good cause to believe that, unless restrained and enjoined by order of this Court, the Defendant and Relief Defendants may alter or destroy documents relevant to this action.

6. There is good cause to believe that expedited discovery and alternative means of service are warranted.

Now, therefore:

**I.**

**IT IS HEREBY ORDERED** that, pending the determination of the Commission's Motion for a Preliminary Injunction or hearing on the merits:

A. The assets, funds, or other property held by or under the direct or indirect control of Defendant Iftikar Ahmed, Relief Defendant Iftikar Ali Ahmed Sole Prop, and Relief Defendant and I-Cubed Domains, LLC, whether held in any of their names or for their direct or indirect beneficial interests, wherever located, up to the amount of **$55,089,546**, are frozen.

B. Defendant Iftikar Ahmed and Relief Defendants Iftikar Ali Ahmed Sole Prop and I-Cubed Domains, LLC, and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, up to the amounts identified in paragraph I.A.

C. Any bank, financial or brokerage institution or other person or entity holding any funds, securities or other assets of Defendant Iftikar Ahmed or Relief Defendants Iftikar Ali Ahmed Sole Prop or I-Cubed Domains, LLC, up to the amounts identified in paragraph I.A, held in the name of, for the benefit of, or under the control of Defendant Iftikar Ahmed or Relief Defendants Iftikar Ali Ahmed Sole Prop or I-Cubed Domains, LLC, or their officers,

directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets.

        D.      No person or entity, including the Defendant, Relief Defendants, or any creditor or claimant against the Defendant or any of the Relief Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

        E.      The Commission may record this Order with relevant land records offices or other relevant institutions on all pieces of real property in which the Defendant or Relief Defendants have an interest. This order applies, without limitation, to the following properties:

        i.      Real property located at 530 Park Avenue, Unit 12F, New York, NY 10021, and held in the name of DIYA Real Holdings, LLC;

        ii.      Real property located at 530 Park Avenue, Unit 12A, New York, NY 10021, and held in the name of DIYA Holdings LLC;

        iii.      Real property located at 1820 County Route 7, Ancram, NY 12502 and held in the name of The Essell Farms LLC; and

        iv.      Real property located at 505 North Street, Greenwich, CT 06830 and held in the name of Defendant Iftikar Ahmed and Shalini Ahmed.

        v.      Real property located at 360 Washington St., Dedham, MA 02026 and held in the name of 354-360 Washington Street LP.

    vi.  Real property located at 22 Green House Road, Forestdale, MA 02644 and held in the name of Sandwich Hills LLC.

As to these or any other pieces of real property in which the Defendant or Relief Defendants have an interest, the Defendant and Relief Defendants and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them are prohibited from encumbering their interests by means of selling, transferring, assigning, or otherwise disposing of the property, pledging the property as collateral for any purpose, or allowing the property to secure any obligation.

## II.

**IT IS HEREBY FURTHER ORDERED** that, the Defendant and Relief Defendants are prohibited from destroying or altering documents and records. Pending determination of the Commission's Motion for a Preliminary Injunction or hearing on the merits, Defendant Iftikar Ahmed and Relief Defendants Iftikar Ali Ahmed Sole Prop and I-Cubed Domains, LLC, and their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the Commission's Complaint in this action, or to any communications between or among any of the Defendant or Relief Defendants. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation

capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

### III.

**IT IS HEREBY FURTHER ORDERED** that the Commission's application for expedited discovery is granted in part and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

A.      Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination on **three days'** notice of any such deposition. Depositions may be taken telephonically. As to Defendant Iftikar Ahmed and Relief Defendants Iftikar Ali Ahmed Sole Prop and I-Cubed Domains, LLC, and their officers, directors, subsidiaries and affiliates, agents, servants, employees, owners, brokers, associates, trustees, and underwriters, the Commission may depose such witnesses after serving a deposition notice by facsimile, e-mail, mail, hand or overnight courier upon such Defendant or Relief Defendant, and without serving a subpoena on such witness;

B.      Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Defendant and Relief Defendants, and each of them, shall answer the Commission's interrogatories within **seven days** of service of such interrogatories. Interrogatories may be served and answered by facsimile, e-mail, mail, hand or overnight courier upon the parties or their counsel;

C.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the Defendant and Relief Defendants, and each of them, shall produce all documents requested by the

Commission within **seven days** of service of such request. Documents produced to the Commission shall be delivered by hand or overnight courier to the U.S. Securities and Exchange Commission, Denver Regional Office, 1961 Stout St., Suite 1700, Denver, CO 80294, to the attention of Nicholas P. Heinke or Mark L. Williams, or such other person or place as counsel for the Commission may direct in writing. Requests for production may be served by facsimile, e-mail, mail, hand or overnight courier upon the parties or their counsel; and

      D.      In connection with any discovery from any non-party, deposition or document discovery may be had within **five days** of service of a subpoena pursuant to Rule 45. Service of a subpoena may be made by facsimile, e-mail, mail, hand or overnight courier.

### IV.

**IT IS HEREBY FURTHER ORDERED** that service of this Order, the Summons and Complaint may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Securities and Exchange Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of Defendant or Relief Defendant, or by publication. If alternative service is made, the Commission must thereafter effect formal service in compliance with Fed. R. Civ. P. 5.

### V.

**IT IS HEREBY FURTHER ORDERED** that the Defendant and Relief Defendants, and each of them, shall appear before this Court at 10 a.m. on June 8, 2015 in Courtroom Three in New Haven of the United States District Court for the District of Connecticut, to show cause, if

any there be, why this Court should not enter a Preliminary Injunction against the Defendant and Relief Defendants pursuant to Rule 65 of the Federal Rules of Civil Procedure extending the temporary relief granted in this Order until a final adjudication on the merits may be had. A telephonic pre-hearing conference will be held on June 4, 2015 at 11:00 a.m. Plaintiff's counsel shall initiate the conference call to chambers.

IT IS SO ORDERED.

   /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of May, 2015 at 6:35 p.m.