UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP and I-CUBED DOMAINS, LLC,<br><br>Relief Defendants. | Civil Action No. 3:15cv675 (JBA) |

**ORDER GRANTING PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR EXPEDITED DISCOVERY AND OTHER ANCILLARY RELIEF IN PREPARATION FOR PRELIMINARY INJUNCTION HEARING**

On June 16, 2015, the Court granted [Doc. # 32] Plaintiff United States Securities and Exchange Commission (the "Commission") leave to file an Amended Complaint [Doc. # 33], expanding the scope of its previously-filed motion for preliminary injunction and to expand the scope of the previously-scheduled preliminary injunction hearing. The Commission has also moved [Doc. # 29] for an amended preliminary injunction freezing assets in an amount higher than initially requested by the Commission and seeks an emergency order (1) providing for expedited discovery; (2) providing for alternative service by the Commission; and (3) extending the prohibition on the destruction or alteration of documents.

Upon consideration of the Commission's motion [Doc. # 29], and for good cause shown, the Court **GRANTS** the motion as to Plaintiff's request for expedited discovery, alternative

service, and an extension of the document preservation order. The Commission will be heard on its new allegations of additional fraudulent conduct at the previously scheduled July 2, 2015 preliminary injunction hearing. Now, therefore:

### I.

**IT IS HEREBY ORDERED** that the Defendant and Relief Defendants, and each of them, shall appear before this Court at **10 a.m. on July 2, 2015** in Courtroom Three in New Haven of the United States District Court for the District of Connecticut, to show cause, if any there be, why this Court should not enter a Preliminary Injunction against the Defendant and Relief Defendants pursuant to Rule 65 of the Federal Rules of Civil Procedure.

At this preliminary injunction hearing, the Commission may present evidence and argument on the allegations in the Commission's Amended Complaint. Any party may file a brief in anticipation of this preliminary injunction hearing by **June 30, 2015**.

### II.

**IT IS HEREBY FURTHER ORDERED** that the Commission's application for expedited discovery is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

A.  Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination on **three days'** notice of any such deposition. Depositions may be taken telephonically. As to Defendant Iftikar Ahmed and Relief Defendants Iftikar Ali Ahmed Sole Prop, I-Cubed Domains, LLC, Shalini Ahmed, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, and DIYA Real

Holdings, LLC, and their officers, directors, subsidiaries and affiliates, agents, servants, employees, owners, brokers, associates, trustees, and underwriters, the Commission may depose such witnesses after serving a deposition notice by facsimile, e-mail, mail, hand or overnight courier upon such Defendant or Relief Defendant, and without serving a subpoena on such witness;

  B. Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Defendant and Relief Defendants Iftikar Ali Ahmed Sole Prop, I-Cubed Domains, LLC, Shalini Ahmed, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, and DIYA Real Holdings, LLC, and each of them, shall answer the Commission's interrogatories within **seven days** of service of such interrogatories. Interrogatories may be served and answered by facsimile, e-mail, mail, hand or overnight courier upon the parties or their counsel;

  C. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the Defendant and Relief Defendants Iftikar Ali Ahmed Sole Prop, I-Cubed Domains, LLC, Shalini Ahmed, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, and DIYA Real Holdings, LLC, and each of them, shall produce all documents requested by the Commission within **seven days** of service of such request. Documents produced to the Commission shall be delivered by hand or overnight courier to the U.S. Securities and Exchange Commission, Denver Regional Office, 1961 Stout St., Suite 1700, Denver, CO 80294, to the attention of Nicholas P. Heinke or Mark L. Williams, or such other person or place as counsel for the Commission may direct in writing. Requests for production may be served by facsimile, e-mail, mail, hand or overnight courier upon the parties or their counsel; and

  D. In connection with any discovery from any non-party, deposition or document discovery may be had within **five days** of service of a subpoena pursuant to Rule 45.

Service of a subpoena may be made by facsimile, e-mail, mail, hand or overnight courier.

## III.

**IT IS HEREBY FURTHER ORDERED** that service of this Order, the Summons and Amended Complaint, and any brief in anticipation of the July 2, 2015 preliminary injunction hearhing may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Securities and Exchange Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of Defendant or Relief Defendant, or by publication. If alternative service is made, the Commission must thereafter effect formal service in compliance with Fed. R. Civ. P. 5.

## IV.

**IT IS HEREBY FURTHER ORDERED** that, the Defendant and Relief Defendants are prohibited from destroying or altering documents and records. Pending determination of the Commission's Motion for a Preliminary Injunction or hearing on the merits, Defendant Iftikar Ahmed and Relief Defendants Iftikar Ali Ahmed Sole Prop, I-Cubed Domains, LLC, Shalini Ahmed, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, DIYA Real Holdings LLC, I.I.1, I.I.2, and I.I.3, and their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the Commission's Complaint in this action, or to any communications

between or among any of the Defendant or Relief Defendants. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

IT IS SO ORDERED.

\_\_\_\_/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 12th day of June, 2015, at 2:40 p.m