UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IFTIKAR AHMED,<br><br>　　　　　Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>　　　　　Relief Defendants. | Civil Action No. 3:15cv675 (JBA)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

　　　　　Relief Defendants I-Cubed Domains, LLC; Shalini Ahmed; Shalini Ahmed 2014 Grantor Retained Annuity Trust; DIYA Holdings LLC; DIYA Real Holdings, LLC; I.I. 1; I.I. 2; and I.I. 3 (the "Relief Defendants"), Plaintiff United States Securities and Exchange Commission (the "Commission"), and non-party Oak Management Corp. ("Oak") (collectively, the "Stipulating Parties") through their undersigned counsel, hereby stipulate as follows with respect to information, documents and excerpts from documents supplied by the Stipulating Parties to each other as initial disclosure and in response to discovery requests:

DOC ID - 23273301.1

(a) Counsel for any Stipulating Party may designate any document or other material or information produced by a Stipulating Party, or any deposition testimony given in this action by or on behalf of a Stipulating Party (including any transcripts or video recordings thereof), as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client or other third parties. Information, documents, and deposition testimony designated by a Stipulating Party as confidential will be labeled "CONFIDENTIAL — PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

(b) Unless ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the action in which this Order issued. However, nothing in this Order shall prevent the Commission from complying with its obligations under law concerning disclosure of documents, including but not limited to its published Routine Uses of Information in Forms 1661 and 1662, the Freedom of Information Act, and any other statutes or rules applicable to the Commission, or interfere with the Commission's use of information for law enforcement activities and to otherwise regulate, administer, and enforce the federal securities laws.

(c) In the event a party challenges another Stipulating Party's confidential designation, counsel shall make a good faith effort to resolve the dispute in accordance with Rule 37(a)(2) of the Local Rules of the District Court for the District of Connecticut, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order operates to create an admission by any party that confidential

information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law and Court rules.

    (d)    Subject to paragraph (b), above, information or documents designated as "Confidential" shall not be disclosed to any person, except:

        (1)    The requesting party and counsel of record;

        (2)    Employees of such counsel assigned to and necessary to assist in the litigation;

        (3)    Consultants or experts to the extent deemed necessary by counsel;

        (4)    Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

        (5)    The Court or the jury at trial or as exhibits to motions.

    (e)    Subject to paragraph (b), above, prior to disclosing or displaying the confidential information to any person, counsel shall:

        (1)    inform the person of the confidential nature of the information or documents; and

        (2)    inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

    (f)    Subject to paragraph (b), the confidential information may be displayed to and discussed with the persons identified in Paragraphs (d)(3) and (4) only on the condition that,

prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

(g) For the purpose of Paragraphs (d)(4) and (5), any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and such documents will be sealed by the Court only upon motion and in accordance with applicable law, including Rule 5(e) of the Local Rules of this Court. This Protective Order does not provide for the automatic sealing of any documents. The Stipulating Parties agree that in the event a Stipulating Party determines to make any confidential information part of an official judicial proceeding or to file any confidential information with the Court, the Stipulating Party seeking to do so shall first, or simultaneously with any such submission or filing, make a motion to the Court to keep such confidential information under seal.

(h) At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than forty–five (45) days after entry of final judgment) returned to the producing party or certified as destroyed.

(i) Notwithstanding any of the foregoing, Relief Defendants and Relief Defendants' counsel will not disclose or cause to be disclosed any information, documents or excerpts from documents supplied by the parties to each other as initial disclosure and in response to discovery requests to Defendant Iftikar Ahmed or Relief Defendant Iftikar Ali Ahmed Sole Prop.

(i) The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the

production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court.

DATED: July 10, 2015.

s/ Nicholas P. Heinke
Nicholas P. Heinke
Mark L. Williams
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1027 (Williams)
HeinkeN@sec.gov
WilliamsML@sec.gov
*Attorneys for Plaintiff*

s/ Reid Skibell
Jonathan Harris
Reid Skibell
Harris, O'Brien, St. Laurent & Chaudhry
111 Broadway, Suite 1502
New York, NY 10006
*Attorneys for Relief Defendants I-Cubed Domains, LLC; Shalini Ahmed; Shalini Ahmed 2014 Grantor Retained Annuity Trust; DIYA Holdings LLC; DIYA Real Holdings, LLC; I.I. 1; I.I 2; and I.I 3*

s/ Gary Stein
Gary Stein
David K. Momborquette
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
(212) 756-2000
Gary.Stein@srz.com
David.Momborquette@srz.com
*Attorneys for Oak Management Corp.*

IT IS SO ORDERED this _____ day of July, 2015

_____
Janet Bond Arterton, U.S.D.J.

# **EXHIBIT A**

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,      )<br>)<br>) | |
| Plaintiff,      ) | |
| v.      ) | Civil Action No. 3:15cv675 (JBA) |
| IFTIKAR AHMED,      ) | |
| Defendant, and      ) | |
|       ) | CERTIFICATION REGARDING CONFIDENTIALITY |
| IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,      ) | |
| Relief Defendants.      ) | |

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-titled matterhave been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL — PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____          DATED:_____

*Signed in the presence of:*

_____

(Attorney)