UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>     v.<br><br>IFTIKAR AHMED,<br><br>        Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>        Relief Defendants. | Civil Action No. 3:15cv675 (JBA) |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S OBJECTION TO MISTATEMENTS MADE BY SHALINI AHMED**

**Preliminary Statement**

In her recently filed reply in support of her request for a limited modification of the Court's asset freeze order [Doc # 160], Mrs. Shalini Ahmed misstated the Commission's position on whether she is entitled to payment of her legal fees in a related criminal case. As explained in detail below, while the Commission agreed, as a matter of discretion, not to oppose the release of reasonable fees for Mrs. Ahmed's criminal defense [*see* Doc. # 158], the Commission repeatedly made clear to Mrs. Ahmed's counsel that it was not conceding, among other things, that Mrs.

Ahmed was entitled to those fees.  For example, on November 17, 2015, the Commission sent an email to Mrs. Ahmed's counsel stating that, as a condition of agreeing not to oppose the release of fees,

> Mrs. Ahmed agrees to not use the Commission's lack of opposition to the motion to later argue <u>that the Commission has agreed that</u> … <u>Mrs. Ahmed is legally entitled</u> to these funds ….  Although we are not objecting to your instant motion, we are in no way abandoning our position that … Mrs. Ahmed is not legally entitled to these funds.

Exhibit 1 at 5 (emphasis added).

Despite this and other communications making clear the Commission's position, Mrs. Ahmed's reply brief expressly claims that, for example, "the SEC has now <u>agreed that Ms. Ahmed is entitled</u> to payment of her [criminal] legal fees."  (Relief Defs.' Reply in Supp. of Mot. to Modify Prelim. Inj. [Doc. # 160] at 9) (emphasis added).  Although the Commission immediately brought this misstatement to the attention of Mrs. Ahmed's counsel, they refused to correct it.  The Commission therefore files this objection to correct the record and be certain its position on this important legal issue is clear.

## Discussion

On August 12, 2015, the Court granted [Doc. #113] the Commission's Motion [Doc. #29] for a Preliminary Injunction Asset Freeze.  On October 17, 2015, Relief Defendants filed [Doc. #148] a motion seeking to modify that asset freeze by, in part, seeking the release of monies for Mrs. Shalini Ahmed's criminal defense.

On November 6, 2015, the Securities and Exchange Commission filed [Doc. #157] a response brief in opposition to Mrs. Ahmed's motion to modify the asset freeze.  Therein, the Commission argued that Mrs. Ahmed "does not have a right to use the proceeds of fraud, or monies that do not belong to her, to defend against criminal charges.  However, as a matter of

2

discretion and given the equities of Mrs. Ahmed's situation, the Commission does not necessarily object to releasing reasonable monies needed for her criminal defense." (SEC Br. in Opp'n to Mot. for Modification of Prelim. Inj. [Doc. # 157] at 4). The Commission represented that it would "work in good faith with Mrs. Ahmed to negotiate an appropriate order carving out limited fees that are necessary in the near term for her criminal defense." *Id.* at 25

Beginning on or about November 13, 2015, the Commission and counsel for Mrs. Ahmed engaged in negotiations to reach an agreement on a proposed order that would seek the release of funds for Mrs. Ahmed's criminal defense. *See* Exhibit 1. On November 17, the Commission made explicit that any agreement between the parties would require that:

> Mrs. Ahmed agrees to not use the Commission's lack of opposition to the motion to later argue that the Commission has agreed that these funds are not tainted, that the Commission has agreed these funds belong to and/or are controlled by Mrs. Ahmed, that the Commission has agreed Mrs. Ahmed is legally entitled to these funds, or that the Commission has changed its position on jurisdiction. Although we are not objecting to your instant motion, we are in no way abandoning our position that the funds being released are tainted, do not belong to Mrs. Ahmed, and that Mrs. Ahmed is not legally entitled to these funds. While we agree to revisit the issue in six months, we are not at this time agreeing more funds should be released or need be released.

Exhibit 1 at 5 (emphasis added).

On November 20, 2015, counsel for Mrs. Ahmed took no issue with this requirement and confirmed "that the motion is made without prejudice to any party's rights with respect to future requests for legal fees or other such matters." Exhibit 1 at 4. Later that same day counsel for Mrs. Ahmed provided the Commission with a draft motion. The Commission stated it would object to its filing because, among other things, it included statements that "Ms. Ahmed is entitled to the unfreezing of funds so that she can pay legal counsel of her choice," which were

contrary to the Commission's terms of entering into any agreement to release funds. *Id.* at 3. Moreover, the Commission specifically objected and stated:

> There is also nothing about our agreement that Mrs. Ahmed agrees to not use the Commission's lack of opposition to the motion to later argue that the Commission has agreed that these funds are not tainted, that the Commission has agreed these funds belong to and/or are controlled by Mrs. Ahmed, <u>that the Commission has agreed Mrs. Ahmed is legally entitled to these funds</u>, or that the Commission has changed its position on jurisdiction. This should be explicit.

Exhibit 1 at 4 (emphasis added).

On November 23, 2015, the Commission and counsel for Mrs. Ahmed spoke over the phone in an attempt to reach an agreement on Mrs. Ahmed's motion for release of fees for her criminal defense. Among other things, counsel for Mrs. Ahmed agreed to replace the statement that "Ms. Ahmed is entitled to the unfreezing of funds so that she can pay legal counsel of her choice" with the statement "[t]he SEC consents to this request that the Court unfreeze funds so that she can pay legal counsel of her choice." *See* Relief Defs.' Unopposed Mot. to Modify [Doc. # 158] at 2. The Commission withdrew its demand that the above language regarding Mrs. Ahmed's agreement to not use the Commission's lack of opposition to argue that the Commission had agreed Mrs. Ahmed is legally entitled to the release of funds be made explicit after counsel for Mrs. Ahmed confirmed that she would not make any such arguments. With these and other changes, the Commission agreed not to oppose Mrs. Ahmed's request for funds to be used to fund her criminal defense. Mrs. Ahmed filed her consented-to motion on the afternoon of November 23, 2015. [Doc. # 158].

Despite these agreements, Mrs. Ahmed's subsequently filed reply brief [Doc. # 160] in support of her motion to modify the Preliminary Injunction Asset Freeze misstates the Commission's position regarding Mrs. Ahmed's entitlement to fees for her criminal defense.

4

Mrs. Ahmed represented to the Court that "the SEC has conceded that the Sixth Amendment requires the release of funds for Ms. Ahmed's legal defense in a criminal action" (Doc. # 160 at 5-6) and "the SEC has now agreed that Ms. Ahmed is entitled to payment of her legal fees in a closely related criminal case because she has a Sixth Amendment right to counsel of her choice." [Doc. # 160 at 13].  As detailed above, the Commission has never made any such concession or entered into any such agreement.  Rather, the Commission maintains its position, articulated in its response brief, that although Mrs. Ahmed is not entitled to the release of funds for her criminal defense, as a matter of discretion and given the equities of Mrs. Ahmed's situation, the Commission does not object to releasing reasonable fees.  [Doc. # 157 at 4].  Indeed, as Exhibit 1 makes clear, the Commission required Mrs. Ahmed to agree to refrain from making any such arguments before the Commission would agree not to oppose the release of limited monies for her criminal defense.

Immediately after Mrs. Ahmed's reply brief was docketed, the Commission emailed counsel for Mrs. Ahmed, highlighted the misstatements, and required that the misstatements be cured.  *See* Exhibit 1 at 1-2.  Counsel for Mrs. Ahmed refused to do so.  *Id.* at 1.  This is disappointing, particularly after such explicit discussions, but provides a concrete example as to why negotiations with Mrs. Ahmed are becoming increasingly difficult.  Accordingly, the Commission files this objection to correct the record and make certain its position on this important legal issue is clearly and correctly stated.

//

//

//

//

DATED: November 24, 2015.

                *s/ Mark L. Williams*
                Nicholas P. Heinke
                Mark L. Williams
                U.S. Securities and Exchange Commission
                1961 Stout Street, Suite 1700
                Denver, CO 80294-1961
                (303) 844-1071 (Heinke)
                (303) 844-1027 (Williams)
                HeinkeN@sec.gov
                WilliamsML@sec.gov
                Attorneys for Plaintiff

CERTIFICATE OF SERVICE

      I certify that on November 24, 2015, a copy of the foregoing document was served via ECF upon the following:

Alex Lipman
Ashley L. Baynham
Brown Rudnick LLP
Seven Times Square
New York, NY 10036
(Counsel for Defendant)

Jonathan Harris
Reid Skibell
David Deitch
Alexander Sakin
Harris, O'Brien, St. Laurent & Chaudhry LLP
111 Broadway, Suite 1502
New York, NY 10006
(Counsel for Relief Defendants)

                                       *s/ Mark L. Williams*
                                       Mark L. Williams