UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------X
:
UNITED STATES SECURITIES AND :
EXCHANGE COMMISSION, :
 :
               Plaintiff, :
 : Civil Action No.
v. : 3:15-CV-675 (JBA)
 :
IFTIKAR AHMED, :
 :
               Defendant, and :
 :
IFTIKAR ALI AHMED SOLE PROP, et al., :
 :
               Relief Defendants. :
------------------------------------------------------------X

**RELIEF DEFENDANTS' RESPONSE TO
THE SEC'S SUR-REPLY FILED WITHOUT LEAVE**

Relief Defendants Shalini Ahmed, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, DIYA Real Holdings LLC, I.1, I.2 and I.3 (together, the "Relief Defendants"), by and through their attorneys, respectfully submit this response to the SEC's filing in which it has incorrectly accused Ms. Ahmed of misstatements about discussions about an unopposed motion filed by the Relief Defendants [Dkt. #163]. The SEC's filing is, in fact, a sur-reply on Relief Defendants' motion to modify the preliminary injunction for which the SEC did not seek leave to file, and it should therefore be stricken.[1] But even if the Court is not disposed to strike the SEC's filing, it should be given no weight.

---

[1] *See Ganim v. US*, 2009 WL 5216950, at *10, n. 18 (D. Conn. Dec. 30, 2009) (Arterton, J.) ("The Court's publicly available Chambers Practices expressly state that sur-replies are 'not usually allow[ed].' The Court did not give the Government leave to file a sur-reply, and the Government cites no authority for the proposition that reiteration of a

The SEC has indisputably given its consent to the release of funds to Ms. Ahmed to pay her legal fees in the criminal matter pending against her [Dkt. #158]. In the Relief Defendants' reply memorandum in support of their motion to modify the preliminary injunction, the Relief Defendants did not misrepresent anything about the SEC's position. The Relief Defendants merely brought to the Court's attention that in its opposition brief the SEC had offered to consent to the release of fees for Ms. Ahmed's criminal case, and that Ms. Ahmed had sought those fees based on the argument that she is entitled to those fees as a matter of Sixth Amendment law. The Relief Defendants also stated their belief that the genuine impetus for the SEC's offer as set forth in its opposition brief was controlling Second Circuit precedent on this legal issue, not supposed equitable considerations. It was not the Relief Defendants' intent to describe the contours of any agreements between the parties concerning the unopposed motion, and they do not believe that this is a matter that is either relevant to this proceeding or bears discussion.

In any case, the issue of how to characterize the reason or reasons for the SEC's offer to consent to Ms. Ahmed's motion for legal fees is of little relevance to the Relief Defendants' motion to modify the preliminary injunction on equitable grounds. We regret that the SEC has burdened the Court with a lengthy, unauthorized, and unnecessary filing, and we respectfully submit that what amounts to, at most, a misunderstanding between the parties should not distract the Court from the merits of Relief Defendants' motion, which should be granted for the reasons set forth in our previous filings.

---

position and clarification of a record provide grounds to file a sur-reply absent leave of the Court. Petitioner's Motion to Strike the Sur-reply will be granted, and the Court does not rely on the sur-reply in considering Mr. Ganim's petition.").

Dated: New York, New York
November 27, 2015

Respectfully submitted,

      */s/ David B. Deitch*
Jonathan Harris (phv07583)
Reid Skibell (phv07572)
David B. Deitch (phv07260)
HARRIS, O'BRIEN, ST. LAURENT
& CHAUDHRY LLP
111 Broadway, Suite 1502
New York, New York 10006
Tel. 212.397.3370

Paul E. Knag
MURTHA CULLINA, LLP
177 Broad Street, 16th Floor
Stanford, C 06901
Tel: 203.653.5400

*Attorneys for Relief Defendants*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 27, 2015, I electronically transmitted the foregoing document to the clerk of the Court using the CM/ECF system for filing. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Alexander Sakin*