UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ X
UNITED STATES SECURITIES AND : 
EXCHANGE COMMISSION, :
  :
　　　　　*Plaintiff,* :
  :
　v. :
  :
IFTIKAR AHMED, :
  :
　　　　　*Defendant, and* :
  :
IFTIKAR ALI AHMED SOLE PROP, : Civil Action No.
I-CUBED DOMAINS, LLC; SHALINI AHMED; : 3:15-CV-675 (JBA)
SHALINI AHMED 2014 GRANTOR RETAINED :
ANNUITY TRUST; DIYA HOLDINGS LLC; :
DIYA REAL HOLDINGS, LLC; I.I. 1, a minor :
child, by and through his next friends IFTIKA and :
SHALINI AHMED, his parents; I.I. 2, a minor child, :
by and through his next friends IFTIKAR and :
SHALINI AHMED, his parents; and I.I. 3, a minor :
child, by and through his next friends IFTIKAR and :
SHALINI AHMED, his parents, :
  :
　　　　　*Relief Defendants.* :
------------------------------------------------------------------ X

**ORDER REGARDING RELIEF DEFENDANTS' PENDING
MOTION TO MODIFY THE PRELIMINARY INJUNCTION**

　　　　Relief Defendants I-Cubed Domains, LLC, Shalini Ahmed, Shalini Ahmed 2014 Grantor

Retained Annuity Trust, DIYA Holdings LLC, DIYA Real Holdings, LLC, I.I.1, I.I.2 and I.I.3

(the "Relief Defendants") have filed a motion [Doc. # 148] requesting modification of the

preliminary injunction in this case by releasing frozen funds for the payment of debts, reasonable

living expenses, and legal fees in this matter. Relief Defendants have also previously appealed

this Court's August 12, 2015 Order [Doc. # 113] granting a preliminary injunction, and that

1

appeal is pending in the United States Court of Appeals for the Second Circuit under the caption *SEC v. I-Cubed Domains, LLC, et al.*, Case No. 15-2658.

In response to Relief Defendants' motion to modify the preliminary injunction, the SEC asserted that this Court lacks jurisdiction to consider the motion because of Relief Defendants' pending appeal, but also indicated that it would consent to a motion to hold the appeal in abeyance and for a limited remand to this Court to resolve the pending motion for modification of the preliminary injunction. Relief Defendants have asserted that the Court still has jurisdiction over the motion to modify the preliminary injunction because it is collateral to the subject of the appeal. Relief Defendants have nevertheless filed a motion in the Court of Appeals requesting that the Court of Appeals hold Relief Defendants' appeal in abeyance and remand the case to this Court pursuant to Federal Rule of Appellate Procedure 12.1 for consideration of the pending motion for modification of the preliminary injunction, and the SEC consented to the relief sought.

Federal Rule of Civil Procedure 62.1 addresses indicative rulings on motions for relief that are barred by a pending appeal and provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose of that the motion raises a substantial issue." *See also* 12 James W. Moore et al., Moore's Federal Practice § 62.1.10[2] ("The rules governing indicative-ruling procedure . . . apply only if a pending appeal bars the district court from granting the relief sought in a postjudgment motion."). If the district court states that it would grant the motion or that the motion raises a substantial issue, "the movant must promptly notify the circuit clerk" pursuant to Rule 12.1. Fed. R. Civ. P. 62.1(b).

Relief Defendants have requested [Doc. # 167] that this Court issue such a statement, and the SEC, without waiving any of its arguments in opposition to Relief Defendants' motion to modify the preliminary injunction, has consented to the issuance of such a statement. Because Ms. Ahmed's motion to modify the preliminary injunction pertains to her need for limited funding to cover outstanding debts, living expenses, and legal fees at this present time, this Court hereby states that Relief Defendants' motion to modify the preliminary injunction [Docket No. 148] "raises a substantial issue" as that phrase is used in Rule 62.1(b) of the Federal Rules of Civil Procedure.

Dated:     1/11/2016                              /s/
                                         United States District Judge