UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>   v.<br><br>IFTIKAR AHMED,<br><br>             Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>              Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA) |

**CONSENTED-TO MOTION TO WITHDRAW APPEARANCE**

Pursuant to Local Rule of Civil Procedure 7(e), the undersigned counsel, Alex Lipman, Esq., Ashley L. Baynham, Esq., and Dylan P. Kletter, Esq., hereby move to withdraw their appearance on behalf of Defendant IFTIKAR AHMED.

As the Court is aware, the undersigned counsel entered Notices of Appearance on behalf of Mr. Ahmed in August 2015 [ECF Nos. 92, 116, and 117] for the purpose of filing a Motion for Application to Unfreeze Assets for Legal Fees in Opposition to the Commission's Request For Entry of Default, Or Alternatively to Enlarge the Time to Answer or Otherwise Respond to

the Amended Complaint, Or, Further in the Alternative, To Set Aside Any Entry Of Default. [ECF No. 95.] That motion sought the release of funds for Mr. Ahmed's defense fees and costs related to four matters: (i) a criminal insider trading matter filed in the District of Massachusetts; (ii) a parallel civil insider trading matter filed by the U.S. Securities and Exchange Commission ("**SEC**" or "**Commission**") in the District of Connecticut that has been transferred to the District of Massachusetts; (iii) the instant matter, in which the Commission has alleged a complex securities fraud; and (iv) a criminal conspiracy to commit money laundering matter against Mr. Ahmed and his wife, Shalini Ahmed, in the District of Massachusetts, which is predicated on many of the same underlying facts and transactions as the instant matter. On February 18, 2016, the Court entered an Order denying Mr. Ahmed's Motion for Release of Funds. [ECF No. 191.]

Rule 1.16(b)(6) of the Connecticut Rules of Professional Conduct provides that "a lawyer may withdraw from representing a client if . . . the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." At this point, the undersigned counsel has accrued hundreds of thousands of dollars in fees and costs representing Mr. Ahmed in the two civil proceedings related to filing certain motions, participating in court conferences, researching the potential grounds for a motion to dismiss, and otherwise representing Mr. Ahmed. Should the undersigned counsel remain in this matter, the undersigned counsel will accrue significant additional expenses related to fact and expert discovery, motion practice, and trial preparation. Representing Mr. Ahmed, without any assurance that those fees and costs will ever be reimbursed or paid, has and will continue to result in an unreasonable financial burden for the undersigned counsel.

Moreover, as the undersigned counsel informed this Court at the Pre-Filing Conference held on Monday, March 14, 2016, counsel has unsuccessfully sought to reach agreement with

Plaintiffs, the SEC, and the United States Attorney's Office for the District of Massachusetts ("**USAO-MA**") regarding the release of a limited amount of funds to allow one of the undersigned counsel, Mr. Alex Lipman, to travel to India in order to work towards effectuating Mr. Ahmed's return to the United States. As background, given the pending case against Mr. Ahmed in India by the Indian Foreign Residents Registration Office, the purpose of the visit, as we discussed with the Court at the Pre-Filing Conference, would be to take all reasonable and prudent steps to effectuate Mr. Ahmed's return from India to the United States. The SEC has stated that it will oppose any motion for release of funds, including for the limited purpose outlined above. Given the fact that this motion will now be contested, briefing and arguing this motion will likely cost the same as or similar to the amount the undersigned counsel would seek to release. Filing the motion, therefore, too represents an unreasonable financial burden.

In sum, because of the lack of funds available to the undersigned counsel, the inability to fund a trip to India, and the pending discovery schedule and requests, continuing in the matter represents an untenable and unreasonable financial burden. The undersigned counsel, therefore, respectfully request that the Court grant this Motion for Withdrawal.

Mr. Ahmed consents to this Motion and has received notice of the filing of this Motion. A copy of this Motion will be sent to him via electronic mail and certified mail to his residence in the United States. The undersigned counsel have further informed Mr. Ahmed that he can elect to proceed pro se should he so desire, and that failure to engage other counsel or to file an appearance pro se may result in a default judgment being entered against him. Mr. Ahmed intends to file a Notice of Pro Se Appearance in this matter, which is attached as Exhibit A.[1] All

---

[1] Mr. Ahmed's Notice of Pro Se Appearance will be mailed to the District of Connecticut's New Haven Clerk's Office for docketing.

papers, documents, and other materials provided by Mr. Ahmed or to which Mr. Ahmed is entitled will be given to Mr. Ahmed upon termination of representation.

The undersigned counsel have conferred with counsel for the SEC and Relief Defendants, all of whom consent to this motion.[2]

**WHEREFORE**, the undersigned counsel respectfully request that their motion to withdraw their appearance on behalf of Defendant Iftikar Ahmed be granted, together with such other and further relief as the Court deems proper.

Dated:      Hartford, Connecticut
            April 14, 2016

Respectfully submitted,

**BROWN RUDNICK LLP**

By: _/s/ Ashley L. Baynham_____
Alex Lipman (admitted *pro hac vice*)
Ashley L. Baynham (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 938-2852
alipman@brownrudnick.com
abaynham@brownrudnick.com

*and*

Dylan P. Kletter (ct28197)
185 Asylum Street, 38th Floor
Hartford, Connecticut 06103
Tel: (860) 509-6500
Fax: (860) 509-6501
dkletter@brownrudnick.com

---

[2] No counsel has entered an appearance on behalf of Relief Defendant Iftikar Ali Ahmed Sole Prop, and thus the undersigned counsel have been unable to confer with Iftikar Ali Ahmed Sole Prop.

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 14, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any parties unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                */s/ Ashley L. Baynham*_____
                                                Ashley L. Baynham