## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 3:15-cv-675 (JBA) |
| IFTIKAR AHMED, | |
| Defendant, and | |
| IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, | |
| Relief Defendants. | |

## ANSWER ON BEHALF OF DEFENDANT IFTIKAR AHMED

The Defendant Iftikar Ahmed ("**Mr. Ahmed**"), by and through undersigned counsel, answer Plaintiff U.S. Securities and Exchange Commission's ("**Commission**" or "**SEC**") Second Amended Complaint ("**Complaint**") in this matter.

Mr. Ahmed denies each and every allegation, statement, matter, and thing contained in the OIP except hereinafter expressly admitted or denied. To the extent any specific allegation in the OIP is not addressed, that allegation is denied. To the extent various paragraphs of the

OIP state legal conclusions and/or summarize the Division of Enforcement's ("**Division**") general theory of its case, no responsive pleading is required, and Respondent denies the same.

In providing this unsworn and nontestimonial Answer, Mr. Ahmed does not intend to, and does not, waive any privileges in this or any other proceeding, including but not limited to the privilege against self-incrimination guaranteed by the Fifth Amendment to the Constitution of the United States and applicable laws and statutes. This Answer does not, and is not intended to, waive any such privilege. Mr. Ahmed reserves the right to assert any such applicable privileges in this or any other proceedings.

## SUMMARY

1.      Paragraph 1 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent that the allegations in paragraph 1 of the Complaint require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

2.      Paragraph 2 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent that the allegations in paragraph 2 of the Complaint require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for

purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

3.      Paragraph 3 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 3 of the Complaint require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

4.      Paragraph 4 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 4 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

5.      Paragraph 5 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 5 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

6.      Paragraph 6 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 6 require a response, Mr. Ahmed,

3

on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

7.      Paragraph 7 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 7 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

8.      Paragraph 8 of the Complaint states legal conclusions and requests for relief for which no responsive pleading is required. To the extent the allegations in paragraph 8 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

9.      Paragraph 9 of the Complaint states legal conclusions and requests for relief for which no responsive pleading is required. To the extent the allegations in paragraph 9 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed

as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## JURISDICTION AND VENUE

10.     Paragraph 10 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 10 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

11.     Paragraph 11 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 11 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## DEFENDANT

12.     Answering paragraph 12 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## **RELIEF DEFENDANTS**

13.     The allegations in paragraph 13 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 13 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

14.     The allegations in paragraph 14 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 14 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

15.     The allegations in paragraph 15 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 15 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

16.     The allegations in paragraph 16 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 16 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

17.     The allegations in paragraph 17 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 17 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

18.     The allegations in paragraph 18 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 18 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

19.     The allegations in paragraph 19 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 19 relate to

Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

20.     The allegations in paragraph 20 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 20 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

21.     The allegations in paragraph 21 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 21 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## FACTS

22.     To the extent the allegations in paragraph 22 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to

be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 22 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

23.     To the extent the allegations in paragraph 23 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 23 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

24.     To the extent the allegations in paragraph 24 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 24 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the

allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

25.      Answering paragraph 25 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

26.      Paragraph 26 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent that the allegations in paragraph 26 of the Complaint require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

27.      Paragraph 27 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent that the allegations in paragraph 27 of the Complaint require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

28.      Paragraph 28 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent that the allegations in paragraph 28 of the Complaint require a

response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

29.    Paragraph 29 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 29 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 29 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

30.    Answering paragraph 30 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

31.    Answering paragraph 31 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and

applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

32.     Paragraph 32 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 32 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

33.     To the extent the allegations in paragraph 33 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 33 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

34.     Answering paragraph 34 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion

12

should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

35.     Paragraph 35 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 35 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

36.     Answering paragraph 36 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

37.     To the extent the allegations in paragraph 37 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 37 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

38.     Paragraph 38 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 38 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

39.     The allegations in paragraph 39 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 39 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

40.     Answering paragraph 40 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

41.     The allegations in paragraph 41 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 41 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and

statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

42.     Paragraph 42 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 42 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

43.     Paragraph 43 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 43 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

44.     Paragraph 44 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 44 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this

pleading. To the extent allegations in paragraph 44 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

45.     Answering paragraph 45 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

46.     Paragraph 46 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 46 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

47.     Paragraph 47 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 47 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

48.     Answering paragraph 48 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

49.     Paragraph 49 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 49 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

50.     Paragraph 50 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 50 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

51.     Paragraph 51 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 51 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a

witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 51 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

52.     To the extent the allegations in paragraph 52 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 52 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

53.     Answering paragraph 53 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

54.     Paragraph 54 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 54 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the

Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

55.     Paragraph 55 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 55 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

56.     Paragraph 56 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 56 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 56 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

57.     Answering paragraph 57 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and

applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

58. Paragraph 58 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 58 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

59. Answering paragraph 59 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

60. To the extent the allegations in paragraph 60 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 60 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be

20

construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

61.    Paragraph 61 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 61 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

62.    Paragraph 62 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 62 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

63.    Paragraph 63 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 63 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 63 do not relate to Mr. Ahmed, Mr. Ahmed

denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

64.     Answering paragraph 64 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

65.     Paragraph 65 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 65 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of. the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 65 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

66.     To the extent the allegations in paragraph 66 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the

extent allegations in paragraph 66 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

67.     Paragraph 67 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 67 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 67 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

68.     Paragraph 68 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 68 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 68 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations,

which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

69.     Paragraph 69 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 69 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

70.     To the extent the allegations in paragraph 70 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 70 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

71.     To the extent the allegations in paragraph 71 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the

extent allegations in paragraph 71 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

72.     Paragraph 72 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 72 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

73.     Answering paragraph 73 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

74.     Paragraph 74 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 74 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

75.     To the extent the allegations in paragraph 75 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 75 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

76.     Paragraph 76 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 76 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

77.     Paragraph 77 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 77 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

78.     Paragraph 78 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 78 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 78 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

79.     Answering paragraph 79 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

80.     Paragraph 80 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 80 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

81.     Paragraph 81 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 81 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

82.     Paragraph 82 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 82 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 82 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

83.     Answering paragraph 83 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

84.     Paragraph 84 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 84 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 84 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

85.     Paragraph 85 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 85 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 85 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading

86.     Paragraph 86 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 86 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the

Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

87.     Paragraph 87 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 87 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 87 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

88.     Answering paragraph 88 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

89.     Answering paragraph 89 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion

should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

90.    To the extent the allegations in paragraph 90 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 90 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

91.    To the extent the allegations in paragraph 91 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 91 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

92.    Paragraph 92 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 92 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the

31

Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

93. To the extent the allegations in paragraph 93 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 93 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

94. Answering paragraph 94 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

95. Paragraph 95 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 95 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of

32

Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 95 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading

96.      Answering paragraph 96 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

97.      To the extent the allegations in paragraph 97 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 97 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

98.      Paragraph 98 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 98 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a

witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

99. Paragraph 99 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 99 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

100. Paragraph 100 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 100 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

101. Paragraph 101 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 101 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for

purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

102.    Paragraph 102 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 102 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

103.    Paragraph 103 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 103 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 103 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

104.    Answering paragraph 104 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion

should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

105.    Answering paragraph 105 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

106.    To the extent the allegations in paragraph 106 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 106 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

107.    Answering paragraph 107 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

108.    Paragraph 108 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 108 require a

response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

109.    To the extent the allegations in paragraph 109 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 109 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

110.    To the extent the allegations in paragraph 110 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 110 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

111.    Answering paragraph 111 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

112.    Paragraph 112 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 112 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

113.    Paragraph 113 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 113 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 113 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

114.     To the extent the allegations in paragraph 114 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 114 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

115.     Paragraph 115 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 115 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 115 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

116.     Answering paragraph 116 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion

should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

117.   Paragraph 117 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 117 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

118.   Paragraph 118 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 118 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 118 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

119.   To the extent the allegations in paragraph 119 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for

purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 119 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

120. To the extent the allegations in paragraph 120 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 120 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

121. To the extent the allegations in paragraph 121 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 121 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

122.    To the extent the allegations in paragraph 122 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 122 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

123.    Paragraph 123 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 123 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

124.    To the extent the allegations in paragraph 124 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 124 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the

allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

125.    To the extent the allegations in paragraph 125 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 125 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

126.    To the extent the allegations in paragraph 126 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 126 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

127.    Paragraph 127 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 127 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the

Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

128.     Paragraph 128 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 128 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

129.     Paragraph 129 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 129 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 129 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

130.     Paragraph 130 of the Complaint contains legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 130 require a

response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 130 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

131. To the extent the allegations in paragraph 131 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading. To the extent allegations in paragraph 131 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

132. Paragraph 132 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 132 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this

pleading. To the extent allegations in paragraph 132 do not relate to Mr. Ahmed, Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

133.    Answering paragraph 133 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

134.    Paragraph 134 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 134 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

135.    Paragraph 135 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 135 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

136.    Paragraph 136 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 136 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

137.    Paragraph 137 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 137 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

138.    Paragraph 138 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 138 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

139.    Paragraph 139 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 139 require a response,

Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

140. The allegations in paragraph 140 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 140 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

141. The allegations in paragraph 141 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 141 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

142. The allegations in paragraph 142 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 142 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and

48

statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

143. The allegations in paragraph 143 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 143 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

144. The allegations in paragraph 144 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 144 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

145. The allegations in paragraph 145 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 145 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed

as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

146.    The allegations in paragraph 146 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 146 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

147.    The allegations in paragraph 147 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 147 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

148.    The allegations in paragraph 148 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 148 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## FIRST CLAIM FOR RELIEF

149.    Mr. Ahmed incorporates by reference the responses to paragraphs 1 through 148 as though fully set forth herein.

150.    Paragraph 150 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 150 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

151.    Paragraph 151 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 151 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## SECOND CLAIM FOR RELIEF

152.    Mr. Ahmed incorporates by reference the responses to paragraphs 1 through 148 as though fully set forth herein.

153.    Paragraph 153 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 153 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the

Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

154.    Paragraph 154 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 154 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

### THIRD CLAIM FOR RELIEF

155.    Mr. Ahmed incorporates by reference the responses to paragraphs 1 through 148 as though fully set forth herein.

156.    Paragraph 156 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 156 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading

157.    Paragraph 157 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 157 require a response,

Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## FOURTH CLAIM FOR RELIEF

158.    Mr. Ahmed incorporates by reference the responses to paragraphs 1 through 148 as though fully set forth herein.

159.    Paragraph 159 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 159 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

160.    Paragraph 160 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 160 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## FIFTH CLAIM FOR RELIEF

161.    Mr. Ahmed incorporates by reference the responses to paragraphs 1 through 148 as though fully set forth herein.

162.    Paragraph 162 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 162 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

163.    Paragraph 163 of the Complaint states legal conclusions for which no responsive pleading is required. To the extent the allegations in paragraph 163 require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## SIXTH CLAIM FOR RELIEF

164.    Mr. Ahmed incorporates by reference the responses to paragraphs 1 through 148 as though fully set forth herein.

165.    The allegations in paragraph 165 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 165 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right

under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

166.    The allegations in paragraph 166 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 166 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

167.    The allegations in paragraph 167 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 167 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## SEVENTH CLAIM FOR RELIEF

168.    Mr. Ahmed incorporates by reference the responses to paragraphs 1 through 148 as though fully set forth herein.

169.    Answering paragraph 169 of the Complaint, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and

applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

170.    The allegations in paragraph 170 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 170 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

171.    The allegations in paragraph 171 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 171 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

172.    The allegations in paragraph 172 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 172 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed

as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## EIGHTH CLAIM FOR RELIEF

173.   Mr. Ahmed incorporates by reference the responses to paragraphs 1 through 148 as though fully set forth herein.

174.   The allegations in paragraph 174 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 174 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

175.   The allegations in paragraph 175 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 175 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

176.   The allegations in paragraph 176 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 176 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and

57

statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## NINTH CLAIM FOR RELIEF

177.    Mr. Ahmed incorporates by reference the responses to paragraphs 1 through 148 as though fully set forth herein.

178.    The allegations in paragraph 178 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 178 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

179.    The allegations in paragraph 179 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 179 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

180.    The allegations in paragraph 180 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 180 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right

under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## TENTH CLAIM FOR RELIEF

181.    Mr. Ahmed incorporates by reference the responses to paragraphs 1 through 148 as though fully set forth herein.

182.    The allegations in paragraph 182 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 182 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

183.    The allegations in paragraph 183 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 183 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

184.    The allegations in paragraph 184 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 184 relate to

Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

**ELEVENTH CLAIM FOR RELIEF**

185.   Mr. Ahmed incorporates by reference the responses to paragraphs 1 through 148 as though fully set forth herein.

186.   The allegations in paragraph 186 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 186 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

187.   The allegations in paragraph 187 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 187 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

188.    The allegations in paragraph 188 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 188 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## TWELFTH CLAIM FOR RELIEF

189.    Mr. Ahmed incorporates by reference the responses to paragraphs 1 through 148 as though fully set forth herein.

190.    The allegations in paragraph 190 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 190 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

191.    The allegations in paragraph 191 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 191 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed

as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

192.    The allegations in paragraph 192 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 192 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## THIRTEENTH CLAIM FOR RELIEF

193.    Mr. Ahmed incorporates by reference the responses to paragraphs 1 through 148 as though fully set forth herein.

194.    The allegations in paragraph 194 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 194 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

195.    The allegations in paragraph 195 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 195 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and

statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

196.    The allegations in paragraph 196 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 196 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## FOURTEENTH CLAIM FOR RELIEF

197.    Mr. Ahmed incorporates by reference the responses to paragraphs 1 through 148 as though fully set forth herein.

198.    The allegations in paragraph 198 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 198 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

199.    The allegations in paragraph 199 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 199 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right

under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

200.    The allegations in paragraph 200 of the Complaint do not relate to Mr. Ahmed and no responsive pleading is required. To the extent the allegations in paragraph 200 relate to Mr. Ahmed and require a response, Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Fed. R. Civ. P. 8 and is subject to Mr. Ahmed's right, under Fed. R. Civ. P. 15(a), to amend this pleading.

## RELIEF SOUGHT

The prayer for relief contains summary allegations, legal conclusions, and requests for relief to which no response is required. Mr. Ahmed, on advice of counsel, hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, and requests the SEC be denied all requested relief in paragraphs I through V.

## GENERAL DENIAL

To the extent necessary, where not admitted, denied, or qualified, Mr. Ahmed denies each and every remaining allegation contained in the Complaint.

## AFFIRMATIVE DEFENSES

Without waiving Mr. Ahmed's rights under the Fifth Amendment to the Constitution of the United States against compelled self-incrimination, Mr. Ahmed asserts the following

defenses without assuming the burden of proof or any other burden if such burdens would otherwise be on the SEC.

## First Defense

Certain of the claims set forth in the Complaint are barred by the statute of limitations under 28 U.S.C. § 2462 on the basis of, *inter alia*, *Gabelli v. SEC*, 133 S. Ct. 1216 (2013) and *SEC v. Graham*, 21 F. Supp. 3d 1300 (S.D. Fla. 2014).

## Second Defense

The Complaint, and each of its purported claims, fails to state a claim upon which relief can be granted.

## Third Defense

The claims contained in Counts One and Two fail to state a claim upon which relief can be granted, because the SEC has failed to allege facts indicating that irrevocable liability was incurred or that title was transferred within the United States. *See, e.g.*, *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 267 (2010); *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60 (2d Cir. 2012).

## Fourth Defense

A substantial number of the claims contained in Counts One and Two fail to state a claim upon which relief can be granted, because the SEC has failed to allege facts indicating these transactions were "in connection with" the sale or purchase of securities. *See, e.g.*, *SEC v. Zanford*, 535 U.S. 813, 820 (2002).

## Fifth Defense

The claims contained in Count Three regarding Companies D, E, F, and H fail to state a claim upon which relief can be granted, because the SEC has failed to allege that certain acts

were directed toward a "client or prospective client," as required to set forth a claim under the Investment Advisers Act of 1940 ("**Advisers Act**").

### Sixth Defense

Certain claims contained in Count Three regarding Company C fail to state a claim upon which relief can be granted, because the SEC has failed to allege that Mr. Ahmed, while acting as an investment adviser, and "acting as principal for his own account" knowingly sold a security to a client "without disclosing to such client in writing before the completion of such transaction the capacity in which he is acting and obtaining the consent of the client to such transaction." 15 U.S.C.A. § 80b-6(3). Instead, the SEC alleged that Mr. Ahmed traded securities belonging to a company owned by Mr. Ahmed's wife. Section 206(3) does not require that an investment advisor must disclose that a family member has an interest in a company that owns a security that the adviser is selling.

### Seventh Defense

Certain claims contained in Counts Three fail to state a claim upon which relief can be granted, because the SEC has failed to allege that Mr. Ahmed, while acting as an investment adviser, directed his fraudulent acts "to any investor or prospective investor," as required by Section 206(4) of the Advisers Act and Rule 206(4)-8.

### Eighth Defense

Certain claims do not constitute violations under Rule 206(4)-8 because the conduct pre-dates the date Rule 206(4)-8 became effective, which was September 10, 2007.

### Ninth Defense

The Complaint, and each of its purported claims, fails to plead fraud with particularity.

**Tenth Defense**

The Complaint, and each of its purported claims, fails to plead scienter with particularity.

**Eleventh Defense**

The SEC's claim for injunctive relief is barred because there has been no violation of the Securities Act or the Exchange Act and because there is no reasonable likelihood that any violation will be repeated.

**Twelfth Defense**

The allegations of the Complaint do not state legally supportable claims under the federal securities laws.

**Thirteenth Defense**

The SEC is not entitled to disgorgement in equity.

**Fourteenth Defense**

The SEC is not entitled to disgorgement in law.

**Fifteenth Defense**

The SEC is not entitled to prejudgment interest in equity.

**Sixteenth Defense**

The SEC is not entitled to prejudgment interest in law.

**Seventeenth Defense**

The SEC is not entitled to prejudgment interest.

**Eighteenth Defense**

The SEC seeks a monetary penalty in excess of the statutory limit.

**Nineteenth Defense**

The relief sought by the SEC is not authorized by applicable law.

### Twentieth Defense

The Court is without the power and/or jurisdiction to order the relief sought.

### Twenty-First Defense

Certain of the relief sought is barred by the statute of limitations.

### Twenty-Second Defense

To order the relief sought by the SEC would violate the Constitution of the United States.

### Twenty-Third Defense

Mr. Ahmed incorporates herein any applicable affirmative defenses asserted by any relief defendants not expressly set forth herein.

### ADDITIONAL DEFENSES

Mr. Ahmed denies sufficient knowledge or information at this time as to whether he may have additional and as yet unstated defenses, including unstated cross-claims. Mr. Ahmed reserves the right to assert additional defenses and cross-claims.

### PRAYER FOR RELIEF

Based upon the foregoing, Mr. Ahmed prays that this Court deny any relief or request for judgment on behalf of the SEC and dismiss this action against him in its entirety, with prejudice. Mr. Ahmed prays for such other and further relief as may be appropriate, or that the Court deems just and proper.

### JURY TRIAL DEMAND

Defendant Iftikar Ahmed hereby demands trial by jury in the above-captioned action as to all issues and claims.

Dated: April 22, 2016

Respectfully submitted,

**BROWN RUDNICK LLP**

By: /s/ Alex Lipman
Alex Lipman (admitted *pro hac vice*)
Ashley L. Baynham (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 938-2852
alipman@brownrudnick.com
abaynham@brownrudnick.com

*and*

Dylan P. Kletter (ct28197)
185 Asylum Street, 38th Floor
Hartford, Connecticut 06103
Tel: (860) 509-6500
Fax: (860) 509-6501
dkletter@brownrudnick.com

*Counsel to Defendant Iftikar Ahmed*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2016, a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any parties unable to accept electronic filing as indicated on the NEF.

Dated:  April 22, 2016

/s/ Dylan P. Kletter
Dylan P. Kletter