UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| IFTIKAR AHMED, | : |
| Defendant, and | : |
| IFTIKAR ALI AHMED SOLE PROP, I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, | : Civil Action No. 3:15-CV-675 (JBA) |
| Relief Defendants. | : |

---

**RELIEF DEFENDANTS' MOTION TO FILE UNDER SEAL EXHIBITS TO THEIR MOTION TO MODIFY THE ASSET FREEZE ORDER TO PERMIT THE SALE OF SPECIFIC ASSETS AND TO RELEASE FUNDS FOR LIVING EXPENSES AND THE PAYMENT OF ATTORNEYS' FEES**

Relief defendants Shalini Ahmed, her three minor children, I-Cubed Domains, LLC, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, and DIYA Real Holdings LLC (collectively "the Relief Defendants") respectfully request that the Court permit to file under seal exhibits to Relief Defendants' Motion to Modify the Asset Freeze Order to Permit the Sale of Specific Assets. In support of its motion, the Relief Defendants state as follows:

1

1.       The Court may grant a motion to seal if such sealing is properly supported by "clear and compelling reasons," and is "narrowly tailored to serve those reasons." *Tavares v. Lawrence & Memorial Hosp.*, No. 3:11-CV-770 (CSH), 2012 WL 5929949, at *5 (D. Conn. Nov. 27, 2012). The Court enjoys considerable discretion in determining whether good cause exists to grant a motion to seal. *Geller v. Branic Int'l. Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

2.       The parties have stipulated to, and the Court has entered, a protective order in this case. As part of that protective order, parties are permitted to designate material as confidential. [Doc. #62, at ¶ (a).] When such a designation is made, a party that determines to file such material with the Court "shall . . . make a motion to the Court to keep such confidential information under seal." *Id.*, at ¶ (g).

3.       On December 29, 2015, the Court held a telephonic hearing regarding the Commission's Motion to Compel Limited Discovery [Doc. #169]. Following that hearing, the Court issued an Endorsement Order [Doc. #171]. The docket text of the Order stated: "For the reasons set forth on the record of the telephonic conference held December 29, 2015, Plaintiff's Emergency Motion to Compel Discovery [169] is GRANTED in part and DENIED in part." The Order provided that "no documents or information provided by Relief Defendant Shalini Ahmed in connection with her forthcoming deposition … may be disclosed to anyone other than persons involved in this civil case …."

4.       Subsequent to Ms. Ahmed's deposition, the Court directed that the parties conduct an inventory of the Relief Defendants' three safety deposit boxes at Bank of America. The ordered inventory was conducted on May 2, 2016, and the Relief Defendants are designating the inventory reports to be confidential pursuant to the

Protective Order in this case because they represent a detailed inventory of portions of the Relief Defendants personal property, including personal items of sentimental value. Consistent with the Court's Protective Order [Doc. #62], the confidential designation of the documents, and the Court's Endorsement Order of December 29, 2015 [Doc. #171], the Relief Defendants hereby move to seal the three exhibits to the Relief Defendants' Motion to Liquidate Assets as the exhibits contain personal and confidential information about the Relief Defendants' property and represent "documents or information provided by Relief Defendant Shalini Ahmed in connection with her … deposition."

WHEREFORE, the Relief Defendants respectfully request that the Court permit them to file the three confidential inventory documents, which are exhibits to the Relief Defendants' Motion to Modify the Asset Freeze Order to Permit the Sale of Specific Assets, under seal.

Dated: New York, New York
       May 18, 2016

Respectfully submitted,

  /s/ S. Gabriel Hayes-Williams
Jonathan Harris (phv07583)
L. Reid Skibell (phv07572)
David B. Deitch (phv07260)
S. Gabriel Hayes-Williams (phv07948)
HARRIS, ST. LAURENT
& CHAUDHRY LLP
40 Wall Street, 53rd Floor
New York, New York 10005
Tel. 212.397.3370

Paul E. Knag
MURTHA CULLINA LLP
177 Broad Street, 16th Floor
Stamford, CT 06901
Tel. 203.653.5400

*Attorneys for Relief Defendants*

                                              *I-Cubed Domain, LLC, Shalini Ahmed,*
                                              *Shalini Ahmed 2014 Grantor Retained*
                                              *Annuity Trust, Diya Holdings, LLC, Diya*
                                              *Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2016, I caused a copy of the foregoing document to be served by ECF upon:

Nicholas P. Heinke
Mark L. Williams
U.S. Securities and Exchange Commission
1961 Stout St., Suite 1700
Denver, CO 80294
HeinkeN@sec.gov
WilliamsML@sec.gov

Iftikar Ahmed
c/o Advocate Anil Sharma
10 Government Place East
Ground Floor
Kolkatta, West Bengal, India 700-069
iftyahmed@icloud.com

                                                */s/ S. Gabriel Hayes-Williams*
                                                 S. Gabriel Hayes-Williams