UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2016 MAY 31 PM 3 13
U.S. DISTRICT COURT
NEW HAVEN, CT.

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA) |

## MOTION FOR APPLICATION TO GRANT DEFENDANT FULL ACCESS TO INVESTIGATIVE FILE BY PLAINTIFF

Defendant Iftikar Ahmed respectfully begs and moves the esteemed Court to order the Plaintiff to immediately share in its entirety the investigative file related to Civil Action No. 3:15-cv-675 (JBA).

The goal of civil discovery, similar to the rules governing sporting events, is to ensure a level playing field for all parties. No one side should possess a procedural or evidentiary advantage. The rules of civil procedure are designed to promote reciprocity and equal access to evidence.

The Defendant, till recently, was represented by Counsel and did not need access to the investigative file. Following the Defendant's erstwhile Counsel's motion to withdraw from the matter, and the esteemed Court's subsequent granting of that motion to withdraw, the Defendant is now *Pro Se* in this matter and hence the Defendant now is entitled to and needs to have access to the complete investigative file as a fundamental and basic step towards being able to defend himself.

The Defendant had, therefore, requested via email dated May 5th, 2016 (**Exhibit 1**) that the Plaintiff grant the Defendant access to inspect and copy the relevant portions of the investigative file. In response, the Plaintiff responded "Absent Court Order, we will not agree to provide you with documents while you remain outside of the Court's jurisdiction."

Rule 26 of the Federal Rules of Civil Procedure imposes a duty on the Plaintiff to disclose the discovery to the Defendant for due process.

Furthermore, Rule 34 of the Federal Rules of Civil Procedure clearly states "(a) In General, a party may serve on any other party a request within the scope of Rule 26(b): (1) to

produce and permit the requesting party **or its representative** (*emphasis added*) to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control."

The Federal Rules of Civil Procedure could not have been any clearer in this regard. It makes absolutely no discrimination based on status of the requesting party whatsoever; otherwise the use of the term "or its representative" would have been a qualified and conditional allowance – the very fact that it is a universal right establishes beyond any reasonable doubt that the right extends to any party, particularly in a civil dispute; one's status being completely irrelevant in the vesting of this fundamental right in the requesting party.

In response to the Defendant's follow-up email request dated May 11th, 2016 (**Exhibit 2**) to the Plaintiff requesting that the Defendant's representative to inspect and copy the relevant portions of the investigative file, the Plaintiff responded via email that, "While you remain outside the jurisdiction of the United States, we cannot agree to provide you or any representative with the documents in the SEC's investigative file."

This denial of discovery itself constitutes an extra constitutional violation of the Defendant's fundamental rights as established under the Federal Rules of Civil Procedure and fair process.

The Plaintiff makes the argument that "Certain of those documents contain confidential or sensitive information, such as bank account information of Oak Investment Partners." It is noteworthy that Oak Investment Partners is indeed not a party to this matter. Furthermore, any

such confidential and or sensitive information can quite easily be redacted to assuage any fears of the Plaintiff or to legitimately protect any third party; and it is fairly standard and easy to implement without taking away anything from the relevance of the discovery material. Redaction is a routinely used practice to protect any sensitive and confidential material.

The Defendant, having been a General Partner at the said investment firm, Oak Investment Partners, for over a decade, surely has way more confidential and sensitive information in the space between the Defendant's two ears than any discovery material can contain, notwithstanding how voluminous the material. This argument, therefore, about protecting confidential and sensitive information is both baseless and ludicrously flawed.

The Plaintiff further draws the illogical and flawed parallel between this stated matter and a separate, unrelated civil matter in front of the U.S. District Court in the District of Massachusetts by stating, "note that this is consistent with the SEC's position in your insider trading case pending in the U.S. District Court in the District of Massachusetts, where the Court entered a protective order prohibiting your counsel from providing discovery materials to you while you remain outside its jurisdiction."

This argument is also fundamentally flawed since the Defendant continues to be represented by his Counsel in the said civil matter in front of the U.S. District Court in the District of Massachusetts and the Defendant is not yet officially *Pro Se* since the Motion by the Defendant's Counsel to withdraw from that matter in the Massachusetts Court has not yet been granted and, hence, the Defendant does not need to access the discovery material at this time and

under the current circumstances. If and when the Defendant is officially *Pro Se* in the Massachusetts matter, the Defendant shall request, and expects to be granted, total access to the discovery material as would be the Defendant's fundamental right. Till such time that the Defendant was represented by his Counsel in this civil matter in the Connecticut Court, the Defendant did not ask for any discovery material that may have been made available to the Defendant's Counsel related to this matter. The Defendant did not apply for access to any discovery material as long as the Defendant was represented by Counsel in the Connecticut Court and hence the Plaintiff's argument of consistency fundamentally misrepresents facts and is both baseless and confused.

In *Degen v. United States* (116 S. Ct. 1777, 1996), the United States Supreme Court clearly addressed the issue of expanding the fugitive disentitlement doctrine beyond its traditional criminal appeals domain to the context of civil forfeiture. The United States Supreme Court unanimously ruled that even if person who **may** (emphasis added) be a fugitive from justice on a criminal charge is not barred from defending against a civil action brought by the Government to confiscate his property. The Defendant does not admit to being a fugitive from justice for reasons beyond the scope of this Motion, but even if that were to be the hypothetical case, the Defendant has a fundamental right to inspect and copy his full and complete investigative file as part of the due process as guaranteed by the United States Supreme Court to ensure a fair process to be able to defend himself.

**WHEREFORE**, the Defendant humbly petitions and respectfully requests that the esteemed Court pass an Order to the Plaintiff to immediately grant full and complete access to

the Defendant or the Defendant's representative so that the Defendant or the Defendant's representative may inspect and copy the relevant portions of the investigative file with any sensitive and confidential information redacted therein by the Plaintiff.

Respectfully Submitted,

Dated:    May 18, 2016        /s/ Iftikar Ahmed
                              _____
                              Iftikar A. Ahmed
                              C/O Advocate Anil Sharma
                              10 Government Place East, Ground Floor
                              Behind Kanpur Leather House
                              Kolkata 700069, India
                              Tel: +91.98.30.089.945
                              Email: iftyahmed@icloud.com
                              *Pro Se*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Nicholas P. Heinke
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Mark L. Williams
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

Alexander Sakin
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 461-2279
Fax: (212) 202-6206
Email: asakin@sc-harris.com

David B. Deitch
Harris, St. Laurent & Chaudhry LLP VA
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3549
Fax: (703) 935-0349
Email: ddeitch@sc-harris.com

Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

7

Dated:          May 18, 2016                    /s/ Iftikar Ahmed
                                                _____
                                                Iftikar A. Ahmed
                                                C/O Advocate Anil Sharma
                                                10 Government Place East, Ground Floor
                                                Behind Kanpur Leather House
                                                Kolkata 700069, India
                                                Tel: +91.98.30.089.945
                                                Email: iftyahmed@icloud.com

                                                *Pro Se*

# RE: REQUEST FOR THE COMPLETE INVESTIGATIVE FILE for this case.....Re: Notice of Iftikar Ahmed Deposition

May 06, 2016 at 4:32 AM

From "Williams, Mark L"

To Ifty Ahmed, "Heinke, Nicholas"

Mr. Ahmed,

You may inspect or copy the relevant portions of the investigative file at the SEC's office in New York, New York, or Denver, Colorado. Absent Court Order, we will not agree to provide you with documents while your remain outside of the Court's jurisdiction.

Thank you,

Mark L. Williams
Trial Attorney
U.S. Securities and Exchange Commission
Denver Regional Office
1961 Stout St., Suite 1700, Denver, CO 80294
Phone: (303) 844-1027
Fax: (303) 297-3529

---

**From:** Iftikar Ahmed [mailto:iftyahmed@icloud.com]
**Sent:** Thursday, May 05, 2016 1:59 AM
**To:** Williams, Mark L; Heinke, Nicholas
**Cc:** Ifty Ahmed
**Subject:** REQUEST FOR THE COMPLETE INVESTIGATIVE FILE for this case.....Re: Notice of Iftikar Ahmed Deposition

Dear Sirs:

I wanted to kindly request you to please provide me with the complete investigative file for this case as soon as possible.

Sincerely,

Ifty


Please excuse typos - of course inadvertent.

On Apr 30, 2016, at 12:33 AM, "Williams, Mark L" <williamsml@SEC.GOV> wrote:

> Mr. Ahmed,
>
> Please find the attached Notice of Deposition that was previously served on your prior

counsel. Per the attached, your deposition is scheduled for June 16, 2016, beginning at 9:30 a.m. in Bridgeport, Connecticut.

Please do not hesitate to contact me with any questions.

Mark L. Williams
Trial Attorney
U.S. Securities and Exchange Commission
Denver Regional Office
1961 Stout St., Suite 1700, Denver, CO  80294
Phone: (303) 844-1027
Fax: (303) 297-3529

**From:** Williams, Mark L
**Sent:** Friday, April 08, 2016 11:20 AM
**To:** 'Lipman, Alex'; 'Baynham, Ashley L.'
**Cc:** 'David Deitch'; 'S. Gabriel Hayes-Williams'; 'Reid Skibell'
**Subject:** Notice of Iftikar Ahmed Deposition

Alex,

Please find the attached Notice of Deposition for Defendant Iftikar Ahmed on June 16, 2016.

Thanks,

Mark L. Williams
Trial Attorney
U.S. Securities and Exchange Commission
Denver Regional Office
1961 Stout St., Suite 1700, Denver, CO  80294
Phone: (303) 844-1027
Fax: (303) 297-3529

# RE: RESENDING: REQUEST FOR THE COMPLETE INVESTIGATIVE FILE for this case.....Notice of Iftikar Ahmed Deposition

May 12, 2016 at 9:29 PM

From "Williams, Mark L"

To Ifty Ahmed, "Heinke, Nicholas"

Mr. Ahmed,

While you remain outside of the jurisdiction of the United States, we cannot agree to provide you or any representative with the documents in the SEC's investigative file. Certain of those documents contain confidential or sensitive information, such as bank account information of Oak Investment Partners. Until you return to the jurisdiction of the United States and enter into an enforceable protective order governing your use of confidential information, we will not provide you with discovery. We note that this is consistent with the SEC's position in your insider trading case pending in the U.S. District Court for the District of Massachusetts, where the Court entered a protective order prohibiting your counsel from providing discovery materials to you while you remain outside its jurisdiction.

To be clear, absent court order, we will not provide you or any representative with the SEC's investigative file until you return to the jurisdiction of the United States.

Mark L. Williams
Trial Attorney
U.S. Securities and Exchange Commission
Denver Regional Office
1961 Stout St., Suite 1700, Denver, CO 80294
Phone: (303) 844-1027
Fax: (303) 297-3529

**From:** Iftikar Ahmed [mailto:iftyahmed@icloud.com]
**Sent:** Wednesday, May 11, 2016 9:15 PM
**To:** Williams, Mark L; Heinke, Nicholas
**Cc:** Iftikar Ahmed
**Subject:** RESENDING: REQUEST FOR THE COMPLETE INVESTIGATIVE FILE for this case.....Notice of Iftikar Ahmed Deposition

Dear Sirs:

I am unsure if you have received the request below. But given I have not heard back from your end, I am resending the request. Please consider the request below and let me know the logistics as soon as possible so I can then make arrangements accordingly for a representative of mine to follow up and do the needful.

Thanks for your time and your kind consideration.

Sincerely,

Ifty

On May 07, 2016, at 12:10 PM, Iftikar Ahmed <iftyahmed@icloud.com> wrote:

> Dear Sirs:
>
> Thank you very much for your quick response.
>
> As I understand, under Rule 34 of the Federal Rules of Civil Procedure (https://www.federalrulesofcivilprocedure.org/frcp/title-v-disclosures-and-discovery/rule-34-producing-documents-electronically-stored-information-and-tangible-things-or-entering-onto-land-for-inspection-and-other-purposes/) , I **OR** my representative may inspect or copy all the relevant portions of the investigative file.
>
> Since you have mentioned the SEC's offices in New York, NY, can you please confirm the location and the specific days of the week and times of the day that such representative of mine can come and inspect and/or copy the complete investigative file.
>
> I shall await your kind response with the specific instructions.
>
> Sincerely,
>
> Ifty
>
> **Please excuse typos - of course inadvertent.**
>
> On May 06, 2016, at 04:32 AM, "Williams, Mark L" <williamsml@SEC.GOV> wrote:
>
>> Mr. Ahmed,
>>
>> You may inspect or copy the relevant portions of the investigative file at the SEC's office in New York, New York, or Denver, Colorado. Absent Court Order, we will not agree to provide you with documents while your remain outside of the Court's jurisdiction.
>>
>> Thank you,
>>
>> Mark L. Williams
>> Trial Attorney
>> U.S. Securities and Exchange Commission
>> Denver Regional Office
>> 1961 Stout St., Suite 1700, Denver, CO 80294
>> Phone: (303) 844-1027
>> Fax: (303) 297-3529
>>
>>> **From:** Iftikar Ahmed [mailto:iftyahmed@icloud.com]
>>> **Sent:** Thursday, May 05, 2016 1:59 AM
>>> **To:** Williams, Mark L; Heinke, Nicholas
>>> **Cc:** Ifty Ahmed
>>> **Subject:** REQUEST FOR THE COMPLETE INVESTIGATIVE FILE for this case.....Re: Notice

of Iftikar Ahmed Deposition

Dear Sirs:

I wanted to kindly request you to please provide me with the complete investigative file for this case as soon as possible.

Sincerely,

Ifty


Please excuse typos - of course inadvertent.


On Apr 30, 2016, at 12:33 AM, "Williams, Mark L" <williamsml@SEC.GOV> wrote:

> Mr. Ahmed,
>
> Please find the attached Notice of Deposition that was previously served on your prior counsel. Per the attached, your deposition is scheduled for June 16, 2016, beginning at 9:30 a.m. in Bridgeport, Connecticut.
>
> Please do not hesitate to contact me with any questions.
>
> Mark L. Williams
> Trial Attorney
> U.S. Securities and Exchange Commission
> Denver Regional Office
> 1961 Stout St., Suite 1700, Denver, CO 80294
> Phone: (303) 844-1027
> Fax: (303) 297-3529
>
> **From:** Williams, Mark L
> **Sent:** Friday, April 08, 2016 11:20 AM
> **To:** 'Lipman, Alex'; 'Baynham, Ashley L.'
> **Cc:** 'David Deitch'; 'S. Gabriel Hayes-Williams'; 'Reid Skibell'
> **Subject:** Notice of Iftikar Ahmed Deposition
>
> Alex,
>
> Please find the attached Notice of Deposition for Defendant Iftikar Ahmed on June 16, 2016.
>
> Thanks,
>
> Mark L. Williams
> Trial Attorney
> U.S. Securities and Exchange Commission

Denver Regional Office
1961 Stout St., Suite 1700, Denver, CO  80294
Phone: (303) 844-1027
Fax: (303) 297-3529