# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>   v.<br><br>IFTIKAR AHMED,<br>               Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>               Relief Defendants. | No. 3:15-CV-675 (JBA) |

## REPLY IN FURTHER SUPPORT OF RELIEF DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS IN THE SECOND AMENDED COMPLAINT

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

    A.    The Language of 28 U.S.C. §2462 does not Limit its Application to Claims for Relief that are Solely Punitive, but Applies to "Forfeiture, Pecuniary or Otherwise." .................................................................................................................1

    B.    The Commission Failed to Show that *Gabelli's* Discussion of the Strong Public Policy Against the Government's Prosecution of Stale Claims is not Controlling Here.  Nor has It Established that there is Second Circuit Authority to the Contrary. ....................................................................................4

    C.    Relief Defendants Have Standing to Raise the Statute of Limitations Independent of Defendant Iftikar Ahmed. ....................................................................6

    D.    The Allegations of the Complaint Do Not Support Application of Tolling Doctrines. .................................................................................................................8

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

FTC v. Bronson Partners, LLC, 674 F.Supp.2d 373, 392 (D. Conn. 2009), aff'd 654 F.3d 359 (2d Cir. 2011) ................................................................................................................................. 7

FTC v. LeanSpa, LLC, 2015 WL 1004240, at *17 (D. Conn. Mar. 5, 2015) ................................. 7

S.E.C. v. Amerindo Inv. Advisors, Inc., No. 14-2425, 2016 WL 761365 (2d Cir. Feb. 26, 2016), cert. denied, 2016 WL 3129034 (S. Ct. June 6, 2016) ............................................................ 5, 6

S.E.C. v. Cavanagh, 155 F.3d 129, 136-37 (2d Cir. 1998) ............................................................ 7

S.E.C. v. Cavanagh, 445 F.3d 105 (2d Cir. 2006) .................................................................... 3, 7

S.E.C. v. Cavanagh, No. 93 Civ. 1818 (DLC), 2004 WL 1594818 (S.D.N.Y. July 16, 2004) ...... 7

S.E.C. v. ConnectAJet.com, Inc., 2011 WL 5509896, *6 (N.D. Tex. Nov. 9, 2011) ..................... 7

S.E.C. v. Contorinis, 743 F.3d 296 (2d Cir. 2014) .................................................................... 5, 6

S.E.C. v. Graham, 21 F. Supp. 3d 1300, 1310-11 (S.D. Fl. 2014) ................................................ 2

S.E.C. v. Graham, No. 14-13562, 2016 WL 3033605, - - F.3d - - (11th Cir. May 26, 2016) ..... 2, 3

S.E.C. v. Pentagon Capital Mgmt, 725 F.3d 279 (2d Cir. 2013) ................................................... 5

S.E.C. v. Spongetech Delivery Sys, Inc., 10-CV-2031 DLI RML, 2015 WL 5793303 (E.D.N.Y. Sept. 30, 2015) ........................................................................................................................... 6

S.E.C. v. Straub, 11 Civ. 9645 (RJS), 2013 WL 4399042 (S.D.N.Y. Aug. 5, 2013) ..................... 6

S.E.C. v. Vuono, 13-MC-405 JFB, 2013 WL 683768 (E.D.N.Y. Dec. 26, 2013) .......................... 6

S.E.C. v. Wyly, No. 15-2821, 56 F. Supp. 3d 394 (S.D.N.Y. 2014) (2d Cir. 2015) .............. 5, 6, 9

Shomo v. City of New York, 579 F.3d 176, opinion replaced by, 2009 U.S. App. LEXIS 23076, at *7 (2d Cir. 2009) ..................................................................................................................... 8

United States v. Hoover-Hankerson, 511 F.3d 164 (D.C. Cir. 2007) ........................................... 3

United States v. Ursery, 518 U.S. 267, 284 (1996) ....................................................................... 3

**INTRODUCTION**

Relief Defendants I-Cubed Domains, LLC, Shalini Ahmed, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, DIYA Real Holdings, LLC, and three minor children by and through their next friends Iftikar and Shalini Ahmed, their parents (collectively, "Relief Defendants") hereby reply to the Plaintiff United States Securities and Exchange Commission's (the "Commission") opposition to Relief Defendants' Motion to Dismiss claims arising from events alleged to have occurred prior to May 6, 2010 on the ground that such claims are time-barred (ECF No. 224).

The motion to dismiss should be granted because Section 2462's five-year limitations period is appropriately applied to bar the claims for disgorgement in this case pursuant to the teachings of the U.S. Supreme Court's recent decision in S.E.C. v. Gabelli, 133 S. Ct. 1216 (2013). The SEC has also failed to show that Second Circuit authority should be read to limit the reach of Gabelli to the Commission's efforts to effectuate "forfeitures" while excluding the Commission's efforts to obtain "disgorgements," especially since both are remedies sought by the government in order to recover sums allegedly obtained as a result of violations of the securities laws. Secondly, the Relief Defendants have standing to move to dismiss the claims against them by asserting the application of 28 U.S.C. §2462. Lastly, the time-barred claims should be dismissed because the Commission has not alleged any facts to invoke a tolling doctrine in avoidance of the statute of limitations.

**A.    The Language of 28 U.S.C. §2462 does not Limit its Application to Claims for Relief that are Solely Punitive, but Applies to "Forfeiture, Pecuniary or Otherwise."**

Section 2462 provides, in relevant part, that "an action, suit or proceeding for the enforcement of any civil fine, penalty or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date which the claim first accrued . . ."

See 28 U.S.C. §2462. The Commission argues that §2462 does not apply to disgorgement because disgorgement and forfeiture are distinct remedies and serve different purposes. To this end, the Commission repeatedly states that forfeiture is punitive; and disgorgement is remedial. (ECF No. 240, SEC Br. at 10-15.) The Commission's argument fails because it wholly ignores that, in the context of securities laws enforcement actions, forfeiture and disgorgement are remedies solely available to the government to redress alleged violations of the securities laws. They therefore both have punitive effect because they seek redress for alleged wrongdoing.

However, even if assuming *arguendo* disgorgement cannot be considered punitive, the nature of the relief as non-punitive does not foreclose the application of §2462's statute of limitations. In this case, the Commission seeks "disgorgement" of certain funds held by the Relief Defendants related to transactions which occurred prior to May 6, 2010. Since the funds are in accounts that are jointly held by Defendant Iftikar Ahmed and his wife or have been allegedly transferred to the Relief Defendants, and are purportedly the "ill-gotten gains" realized by Mr. Ahmed's alleged violations of the securities laws, the recovery of these sums is consistent with forfeiture. Thus, in the context of this case, disgorgement and forfeiture are synonymous. (See Relief Defendants Memo, at 6-7; S.E.C. v. Graham, 21 F. Supp. 3d 1300, 1310-11 (S.D. Fl. 2014)).

Since the Relief Defendants filed their Motion to Dismiss, the Eleventh Circuit has affirmed the district court's ruling in a unanimous decision, S.E.C. v. Graham, which held that 28 U.S.C. §2462 applies to the SEC's request for disgorgement. S.E.C. v. Graham, No. 14-13562, 2016 WL 3033605, - - F.3d - - (11th Cir. May 26, 2016).[1] The Eleventh Circuit agreed with the district court that for the purposes of § 2462, forfeiture and disgorgement are

---

[1] Copies of all slip opinions and unreported cases are attached hereto in alphabetical order at Tab A.

-2-

effectively synonyms. The Court noted their similar definitions in dictionaries and legal authorities and found no meaningful difference in the two terms. Id. at *5. The Court also noted that, "The Supreme Court, too, has used the terms interchangeably." Id. (citing United States v. Ursery, 518 U.S. 267, 284 (1996) ("Forfeitures serve a variety of purposes, but are designed primarily to confiscate property used in violation of the law, and to require disgorgement of the fruits of illegal conduct.")). Additionally, the Court concluded that the distinctions between disgorgement and forfeiture that were advocated by the SEC indicated that disgorgement could be considered a subset of forfeiture, if not the same remedy. Hence, since forfeiture includes disgorgement, §2462 applies to disgorgement. Id. at *5.

Additionally, contrary to the SEC's arguments, there is no authority recognizing "disgorgement" as distinct from "forfeiture" at the time when Section 2462 was enacted. Indeed, as stated by the Second Circuit in S.E.C. v. Cavanagh, 445 F.3d 105 (2d Cir. 2006) "the term 'disgorgement' became common only recently," although courts of equity have used a variety of terms (including, restitution and "make good the trust") to accomplish identical remedies. 445 F.3d at 118. Moreover, Circuit Courts, like the Supreme Court, have recently used the term disgorgement when describing the term "forfeiture." See United States v. Contorinis, 743 F.3d 296 (2d Cir. 2014), cert. dismissed, 136 S. Ct. 531 (2015) ("Criminal forfeiture focuses on the disgorgement by a defendant of his 'ill-gotten gains.'"); United States v. Hoover-Hankerson, 511 F.3d 164, 171 (D.C. Cir. 2007) ("Forfeiture is a means of forcing a criminal defendant to disgorge ill-gotten profits.").

The SEC's reliance on S.E.C. v. Cortorinis to support its argument that disgorgement and forfeiture are distinct is misguided. 743 F.3d 296 (2d Cir. 2014), cert. dismissed, 136 S. Ct. 531 (2015). The nature of the disgorgement in that case is distinguishable from the disgorgement

sought in this case. In Cortorinis, the district court entered a disgorgement order for sums of money that did not accrue to the defendant directly, but accrued to a third party fund. 743 F.2d at 304. The disgorgement award, therefore, was not a forfeiture of ill-gotten gains that the defendant had "reserved for his own use" and subsequently transferred. Rather, it related to profits the defendant made for others. In Cortorinis, the SEC did not pursue recovery from the fund, as relief defendants. The court noted: "While many factors may be relevant to deciding what remedies are appropriate in particular circumstances, we note that one argument in favor of requiring disgorgement from the trader is that he is culpable, while the third party recipients, though unjustly enriched, may have been unaware of any wrongdoing." 743 F.3d at 305, n.4. The statute of limitations was not an issue in Cortorinis, but the justification for not pursuing third party recipients is made more compelling by the passage of time and remoteness from the alleged security violations.

> B. **The Commission Failed to Show that *Gabelli's* Discussion of the Strong Public Policy Against the Government's Prosecution of Stale Claims is not Controlling Here. Nor has It Established that there is Second Circuit Authority to the Contrary.**

The Supreme Court's decision in S.E.C. v. Gabelli held that the §2462 limitations period began when the allegedly fraudulent conduct (securities law violations) occurred and the "discovery rule" does not apply to toll the statutory period. 133 S. Ct. 1216 (2013). The issue of whether §2462 applies to injunctive relief and disgorgement was not before the Supreme Court. 133 S. Ct. at 1220, n.1. Because the Gabelli decision left undisturbed the district court's ruling that the SEC's claims for disgorgement and injunctive relief were not subject to §2462, various courts have limited their application of §2462 to claims for "civil fines, penalties and forfeitures." However, the rationale for the Supreme Court's decision applies equally to disgorgement. In its opinion, the Supreme Court explains that application of the discovery rule

to §2462 would vitiate the need for repose: "It would leave defendants exposed to Governmental enforcement action not only for five years after their misdeeds, but for an additional uncertain period into the future. Repose would hinge on speculation about what the Government knew, when it knew it, and when it should have known it." 133 S. Ct. at 1223. The need for repose and elimination of stale claims similarly applies to the remedy of disgorgement related to alleged securities violations.

Although the Commission purports to present Second Circuit authority for its position that §2462 does not time bar a claim for disgorgement related to the same alleged wrongful conduct for which an action for a civil fine or forfeiture would be barred, it acknowledges that the precise issue presented by this motion is actually currently pending before the Second Circuit in S.E.C. v. Wyly, No. 15-2821, 56 F. Supp.3d 394 (S.D.N.Y. 2014) (2d Cir. 2015). (ECF No. 240, SEC Br. at 2, n.1.)

The cases that the SEC relies upon do not directly address the application of §2462 to a claim for disgorgement upon facts similar to those alleged in the SEC's complaint. The decision in S.E.C. v. Pentagon Capital Mgmt, 725 F.3d 279 (2d Cir. 2013), does not represent an affirmative holding by the Second Circuit that §2462 does not apply to disgorgement, because the Court did not "understand" that issue to be part of appellant's appeal. 725 F.3d at 288, n.8. Rather, in Pentagon Capital Mgmt, the Court's holding related to §2462 only addressed the need to vacate the district court's judgment related to liability for the civil penalty in light of the Supreme Court's decision in Gabelli. 725 F.3d at 280-81.

The other two cases upon which the SEC primarily relies – S.E.C. v. Amerindo Inv. Advisors, Inc. and S.E.C. v. Contorinis – are inapposite because the statute of limitations defense was not addressed in either case. In S.E.C. v. Amerindo Inv. Advisors, Inc., No. 14-2425,

2016 WL 761365 (2d Cir. Feb. 26, 2016), cert. denied, 2016 WL 3129034 (S. Ct. June 6, 2016), the individual and entity defendants had waived the statute of limitations by not raising it in their motion to dismiss the amended complaint and a failure to appear and defend, respectively. 2016 WL 761365 at *1. S.E.C. v. Contorinis, 743 F.3d 296, 302 (2d Cir. 2014), did not address the statute of limitations. That case dealt with an order of disgorgement related to "ill-gotten gains" that defendant never possessed. Therefore, there is no need for Relief Defendants to address, much less distinguish, these cases (ECF No. 240, SEC Br. at 8). Additionally, the New York district court decisions rendered since Gabelli that the SEC relies upon (ECF No. 240, SEC Br. at 9) are not instructive or controlling.[2]

### C. Relief Defendants Have Standing to Raise the Statute of Limitations Independent of Defendant Iftikar Ahmed.

Because the SEC has sought an injunction and freeze order based upon the **full amount of the alleged fraud on all claims** as to assets held by the Relief Defendants, it is apparent that the SEC is seeking disgorgement from the Relief Defendants of funds related to the transactions which the Relief Defendants challenge. It is disingenuous, therefore, for the SEC to argue that: "Defendants do not argue that any of the transactions they challenge form the basis of

---

[2] As noted by the SEC, an appeal of the S.E.C. v. Wyly case is currently pending. The statute of limitations was not an issue in either Amerindo Inv. Advisors Inc. (as discussed *supra*, at 3) or S.E.C. v. Spongetech Delivery Sys, Inc., 10-CV-2031 DLI RML, 2015 WL 5793303 (E.D.N.Y. Sept. 30, 2015). In Spongetech, all of the fraudulent conduct took place within the five-year limitations period. Vuono is similarly distinguishable because it dealt with the enforcement of a judgment that was rendered decades earlier. The court ruled that §2462 does not bar the SEC from enforcing the judgment. It did not involve an action to obtain a judgment, in the first instance, based upon stale claims. S.E.C. v. Vuono, 13-MC-405 JFB, 2013 WL 683768 (E.D.N.Y. Dec. 26, 2013). In S.E.C. v. Straub, 11 Civ. 9645 (RJS), 2013 WL 4399042 (S.D.N.Y. Aug. 5, 2013), the court was addressing the merits of a request for certification of an interlocutory appeal. A motion to dismiss based upon the statute of limitation had been denied because the court found that the limitation period within 28 U.S.C. §2462 had not expired since the defendants were not physically located within the United States during the limitations period. In denying that certification, the court noted that the statute of limitations argument did not advance the criteria for granting an interlocutory appeal because the scope of discovery and length of trial would not substantially change. 2013 WL 4399042 at *5.

disgorgement against them." (ECF No. 240, SEC Br. at 17-18.) Accordingly, the Relief Defendants have properly raised the statute of limitations defense for those portions of the Second Amended Complaint related to transactions which occurred prior to May 6, 2010, which form the basis for the disgorgement sought from the Relief Defendants.[3]

The Relief Defendants are entitled to have "a full opportunity to litigate" their rights. See S.E.C. v. Cavanagh, 155 F.3d 129, 136-37 (2d Cir. 1998); SEC v. ConnectAJet.com, Inc., 2011 WL 5509896, *6 (N.D. Tex. Nov. 9, 2011) (relief defendants could substantively oppose SEC's motion for summary judgment). This "full opportunity" includes the right to contest the underlying violations. In Cavanagh, the relief defendant "opposed summary judgment on the underlying violations against the defendants," but did not contest the remedy or disgorgement amount in the event of liability. In order to "order disgorgement 'against a person who is not accused of wrongdoing in a securities enforcement action,'" the SEC will have to prove the Relief Defendants: (1) have received ill-gotten funds; and (2) do not have a legitimate claim to those funds. S.E.C. v. Cavanagh, No. 93 Civ. 1818 (DLC), 2004 WL 1594818 at *31 (S.D.N.Y. July 16, 2004) (citing Cavanagh, 155 F.3d at 136.) See also FTC v. LeanSpa, LLC, 2015 WL 1004240, at *17 (D. Conn. Mar. 5, 2015) (in order to compel disgorgement, the FTC had the burden of showing that the funds held by the relief defendant were ill-gotten); FTC v. Bronson Partners, LLC, 674 F.Supp.2d 373, 392 (D. Conn. 2009) (same), aff'd 654 F.3d 359 (2d Cir. 2011). The SEC's ability to pursue and prove a securities violation against the Defendant is a necessary predicate to any conclusion that Relief Defendants received "'ill-gotten funds' and have been 'unjustly enriched.'"

---

[3] Relief Defendants reserve, until the appropriate time, and do not waive any right related to the injunction / freeze order that would follow from a positive ruling on their Motion to Dismiss, notwithstanding the SEC's statement (ECF No. 240, SEC Br. at 17, n.6) that Relief Defendants have not sought to modify the preliminary injunction order.

Accordingly, Relief Defendants have standing to assert the statute of limitation defense as to the underlying claims.

### D. The Allegations of the Complaint Do Not Support Application of Tolling Doctrines.

In a final effort to avoid dismissal, the Commission asks this court not to dismiss this case "at this time" (ECF No. 240, SEC Br. at 16-17) claiming that, despite Gabelli, tolling doctrines may still be validly raised to avoid the time-bar of 28 U.S.C. §2462. The SEC claims that the "continuing violations doctrine" and the "fraudulent concealment doctrine" should toll the time-bar of 28 U.S.C. §2462 in this case because Defendant's alleged fraudulent activity occurred over a long span of time. However, that generalized allegation fails to implicate facts or specific factual allegations that are necessary predicates to the application of those tolling doctrines.

The continuing violation doctrine generally operates to delay the commencement of the statute of limitations period until the last act in furtherance of the wrong. See Shomo v. City of New York, 579 F.3d 176, opinion replaced by, 2009 U.S. App. LEXIS 23076, at *7 (2d Cir. 2009) (not reported in WestLaw). The continuing violation doctrine applies to a series of acts that collectively constitute one unlawful act, but the doctrine cannot be applied when the plaintiff challenges conduct that is a discrete unlawful act. 2009 U.S. App. LEXIS 23076, at *9 (579 F.3d at 181). As noted in Gabelli, a right accrues when it comes into existence as an enforceable claim or right; when a plaintiff has a right to commence an action. See 133 S. Ct. at 1220-21. Because the alleged securities violations relate to discrete transactions for various companies (Company D, E, J, F, G, and H) that allegedly occurred prior May 6, 2010, there cannot be continuing violations with respect to these transactions. The sole allegation that the Commission relies upon to assert that the continuing violation doctrine has been invoked is by its

pleading that Defendant "employed similar and related fraudulent devices . . . with at least 10 companies . . ." (ECF No. 240, SEC Br. at 16). This allegation does not permit even a fair inference, let alone factual deduction, that the "discrete unlawful acts" with respect to each Company collectively constitute one unlawful act.

The fraudulent concealment doctrine is similarly not properly invoked by the SEC in this case because the allegations do not support it. Even if the holding in Gabelli leaves open the possibility that the fraudulent concealment doctrine may be invoked by the SEC to avoid the time-bar of 28 U.S.C. §2462, the SEC's failure to allege facts consistent with the elements of a claim for fraudulent concealment is fatal. In an early decision in the S.E.C. v. Wyly case, the district court set forth the elements of a claim for fraudulent concealment: a plaintiff must allege that (1) defendant concealed the cause of action; (2) plaintiff did not discover the cause of action until some point within five years of commencing the action; and (3) plaintiff's continuing ignorance was not attributable to lack of diligence on its part. 788 F. Supp. 2d 92, 104 (S.D.N.Y. 2011). As to the first element, the plaintiff must allege that defendant took affirmative steps to prevent or frustrate discovery of the alleged violation by depriving plaintiff of the information it needed to pursue its claims in a timely fashion.[4] Additionally, as to the third prong of fraudulent concealment, at a minimum, the plaintiff would be required to make assertions that due diligence would not have uncovered the violations. 788 F. Supp. 2d at 104-05. The SEC has not made

---

[4] Alternatively, the court stated this element could be established by an allegation that the wrong was self-concealing. The holding in Gabelli has eliminated this alternative. 133 S. Ct. at 1222 (distinguishing application of discovery rule to private parties, but not governmental enforcement actions by noting, "Usually when a private party is injured, he is immediately award of that injury and put on notice that his time to sue is running. But, when the injury is self-concealing, private parties may be unaware that they have been harmed.")

any allegations of this nature.[5] Indeed, the SEC does not specially cite to any allegation to support its position that fraudulent concealment applies. (ECF No. 140, SEC Br. at 16-17.) The SEC has not alleged any specific securities filings or instance where Defendant deprived the SEC of information that it required or requested. Accordingly, the SEC's reliance on the fraudulent concealment doctrine must be rejected.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Memorandum of Law in Support of Relief Defendants Motion to Dismiss Certain Claims In the Second Amended Complaint, the Court should grant Relief Defendants' Motion to dismiss the Seventh, Eighth, Ninth, Tenth, Eleventh, Thirteenth, and Fourteenth claims for relief to the extent that they seek funds alleged to have been received from any conduct occurring prior to May 6, 2010.

---

[5] It is hardly surprising that the SEC has not identified any alleged facts to support its fraudulent concealment argument. The wrongdoing in question relates to alleged misrepresentations that in most cases should have been independently verified in the course of standard due diligence by the Defendant's employer or its auditor. For example, the SEC claims that the Defendant defrauded investors by misstating the exchange rate of certain international currencies, where those rates could have been confirmed by a simple internet search.

Dated: Stamford, Connecticut
        June 17, 2016

Respectfully submitted,

RELIEF DEFENDANTS –
I-CUBED DOMAIN, LLC; SHALINI AHMED;
SHALINI AHMED 2014 GRANTOR RETAINER
ANNUITY TRUST; DIYA HOLDINGS, LLC;
DIYA REAL HOLDINGS, LLC;
I.I. 1, I.I. 2 AND I.I. 3


By: */s/ Kristen L. Zaehringer*
    Paul E. Knag – ct04194
    pknag@murthalaw.com
    Kristen L. Zaehringer – ct27044
    kzaehringer@murthalaw.com
    Murtha Cullina LLP
    177 Broad Street, 16th Floor
    Stamford, Connecticut 06901
    Telephone: 203.653.5400
    Facsimile:  203.653.5444

    and

    Jonathan Harris (phv07583)
    L. Reid Skibell (phv07572)
    David B. Deitch (phv07260)
    S. Gabriel Hayes-Williams (phv07948)
    HARRIS, ST. LAURENT & CHAUDHRY LLP
    40 Wall Street, 53rd Floor
    New York, New York  10005
    Tel.: 212.397.3370
    Fax:  212.202.6206

*Attorneys for Relief Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of June, 2016, a copy of the foregoing Relief Defendants' Reply In Further Support Of Relief Defendants' Motion To Dismiss Certain Claims In The Second Amended Complaint will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

       /s/ Kristen L. Zaehringer
       Kristen L. Zaehringer – ct27044