UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

2016 JUN 27 PM 3 37

U.S. DISTRICT COURT
NEW ........ .T.

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 3:15-cv-675 (JBA) |
| IFTIKAR AHMED, | |
| Defendant, and | |
| IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, | |
| Relief Defendants. | |

## EMERGENCY MOTION FOR RELEASE OF FUNDS FOR CANCER TREATMENT

Defendant Iftikar Ahmed respectfully begs and humbly requests the esteemed Court for

an Order directing the immediate release of adequate funds for the Defendant's Medical

Treatment in India.   As context and grounds therefore, the Defendant would respectfully state as

follows:

1.      The Defendant is currently outside the United States of America and cannot legally return to the United States.  On or about May 22nd, 2015, the Defendant was arrested in India by the Foreign Residents Registration Office (FRRO) while attempting to return back to the United States of America.  As a result of his arrest, he was in custody for approximately sixty-one days. On or about July 23rd, 2015, he was released on bond pending further investigation.  The Indian authorities confiscated his American travel documents, and he is now prohibited from leaving the territorial jurisdiction of India as per the conditions of his release on bond in India without the approval of the Indian Court.  The Defendant has to present himself to the investigating authorities once every month in person pending his trial in India.

2.  Second, the Defendant is currently *pro se* in this matter.   The Defendant's erstwhile Counsel representing him in this matter had to withdraw as the Defendant does not have the ability and the means of compensating his Counsel and their continued involvement in this matter would have caused significant economic hardship on them.

3.      The Defendant was diagnosed with intermediate grade cancer of his right parotid gland and had to undergo a complicated surgery in early 2013 at the Weill Cornell Medical Center at the New York Presbyterian Hospital in New York, NY.   Following the detection of and surgery of his cancer, the Defendant underwent roughly 2-3 months of proton based radiation therapy at Procure Proton Therapy Center of Princeton Radiation Oncology, NJ.

4.      Following his radiation therapy, the Defendant had to undergo regular radio-isotope based MRI and CTScan examinations to monitor his health and state of his cancer.

2

These tests were normally performed every 3 (three) months in NY.

5.      The Defendant has not undergone any such tests over the last 15 months or so. Recently, the Defendant has experienced significant discomfort in his mouth and in swallowing food and water.  He therefore needs immediate medical attention and care.  The Defendant currently has no financial means to afford medical care as he has no cash, no credit cards, no property in his possession.   Given that the Defendant is a foreign national (American citizen), he is not eligible for public health services in India.

6.      The Defendant recently visited a general practitioner doctor friend in India who has recommended that the Defendant immediately consult with an Oncologist and undergo tests and treatment as may be needed.  Following the visit, the Defendant wrote to the Plaintiff seeking their consent to the release of funds for the Defendant's immediate medical treatment but such consent was denied (Exhibit 1).

7.      Without immediate and proper medical tests and treatment, the Defendant faces a grave and imminent danger to his health and, indeed, his life.

8.      The Defendant is herewith submitting an Affidavit under oath stating that he does not currently have the financial means and the ability to earn the means in India to attend to his immediate medical needs (Exhibit 2).

**WHEREFORE**, the Defendant humbly submits and respectfully requests that this motion be immediately granted in its entirety, even if purely on humanitarian grounds, together with such other and further relief as the Court may deem to be necessary and proper.

Respectfully Submitted,

Dated:          June 26th, 2016                    /s/ Iftikar Ahmed

                                                   Iftikar A. Ahmed
                                                   C/O Advocate Anil Sharma
                                                   10 Government Place East, Ground Floor
                                                   Behind Kanpur Leather House
                                                   Kolkata 700069, India
                                                   Tel: +91.98.30.089.945
                                                   Email: iftyahmed@icloud.com
                                                   *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Nicholas P. Heinke
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Mark L. Williams
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

Alexander Sakin
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 461-2279
Fax: (212) 202-6206
Email: asakin@sc-harris.com

David B. Deitch
Harris, St. Laurent & Chaudhry LLP VA
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3549
Fax: (703) 935-0349
Email: ddeitch@sc-harris.com

Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

Dated:        June 26th, 2016          /s/ Iftikar Ahmed

_____
Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East, Ground Floor
Behind Kanpur Leather House
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com

*Pro Se*

EXHIBIT:  1

# RE: PRIVILEGED AND CONFIDENTIAL - Time sensitive humanitarian request for consent.

June 24, 2016 at 3:12 AM

From "Williams, Mark L"

To Ifty Ahmed, "Heinke, Nicholas"

Cc Priya Chaudhry, "ddeitch@sc-harris.com", "S. Gabriel Hayes-Williams", "john.hughes@usdoj.gov"
   , "elisha.biega@usdoj.gov", "Blomgren, Elinor E (Contractor)", "Kasper, Gregory", "Nesvig, Nicole"
   , "pinkstonn@sec.gov", "jon@sc-harris.com", "rskibell@sc-harris.com", "pknag@murthalaw.com"
   , "kzaehringer@murthalaw.com"


Mr. Ahmed,

While we are sympathetic to your request, the SEC will not consent to the release of any funds for your benefit while you
remain a fugitive of justice.  However, we do agree to revisit this issue if you return to the United States.

As we previously communicated to your former counsel, the SEC will ask the Court to release funds for a plane ticket back to
the United States if you commit that you will in fact return.

Mark L. Williams
Trial Attorney
U.S. Securities and Exchange Commission
Denver Regional Office
1961 Stout St., Suite 1700, Denver, CO  80294
Phone: (303) 844-1027
Fax: (303) 297-3529


**From:** Iftikar Ahmed [mailto:iftyahmed@icloud.com]
**Sent:** Monday, June 20, 2016 5:01 AM
**To:** Williams, Mark L; Heinke, Nicholas
**Cc:** Priya Chaudhry; ddeitch@sc-harris.com; S. Gabriel Hayes-Williams; john.hughes@usdoj.gov; elisha.biega@usdoj.gov;
Blomgren, Elinor E (Contractor); Kasper, Gregory; Nesvig, Nicole; pinkstonn@sec.gov; jon@sc-harris.com; rskibell@sc-
harris.com; pknag@murthalaw.com; kzaehringer@murthalaw.com; Ifty Ahmed
**Subject:** PRIVILEGED AND CONFIDENTIAL - Time sensitive humanitarian request for consent.

Dear Sirs:

I am writing to you with a personal request for your consent on humanitarian grounds.

As you know, I was detected with intermediate grade cancer of the right parotid gland in late 2012 and I
had undergone surgery in April 2013, followed by 3 months or so of radiation treatment.  Following
surgery and the radiation treatment,  I was advised (and hence underwent) radio-isotope based
CTScans and MRI tests every three months or so.

It has now been over 15 months or so since my last medical checkup and I am currently penniless in
India.  Since I am an American citizen, I am unable to work here in India without proper papers and work
authorization and, hence, I am unable to afford any medical treatment.  The public health system here is
not available to foreigners, leave alone undocumented ones, and I do not have any money to pay for the
only available private hospitals for my cancer treatment.

The probability of the recurrence of this type of cancer is as high as 40%  and I need to constantly
monitor and undergo these tests.   Last week, following significant discomfort, I went for a medical

checkup courtesy one of my doctor friends here but the oncologist wanted to conduct a number of tests before discussing my medical situation and giving any medical advice but strongly recommended that I need immediate medical attention.

Therefore, I would like to request you to please consent to the release of some funds only for the specific purpose of undergoing these specific medical tests, and any followup medical treatment for this specific ailment in India at the earliest. I do not know the exact amount that will be needed for my tests and any follow up treatment but once I know that funds will be available, I can undergo the tests and send the actual invoices to the Court (and you) for direct payment to the hospital / doctors / clinics / pharmacy etc.

Would you please consider my request, even if on humanitarian grounds, for my medical treatment and please let me know your decision one way or the other as soon as possible.

With my limited knowledge, I am assuming that I would need to file a motion with the Honorable Judge in CT for the release of funds for my cancer treatment and I am hopeful that you would consider this request favorably and I could file a consented motion as quickly as possible for Her Honor's consideration and approval.

I am also copying the Counsels for the Relief Defendants so I can get their consent as well (which I assume I would need).

As you can appreciate, this is a time sensitive request.   Thanks a lot for your kind attention.

Sincerely,

Iftikar

EXHIBIT: 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 3:15-cv-675 (JBA) |
| IFTIKAR AHMED, | |
| Defendant, and | |
| IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, | |
| Relief Defendants. | |

**DECLARATION OF IFTIKAR AHMED**

I, Iftikar A. Ahmed, pursuant to 28 U.S.C. § 1746, state:

1.      I am a citizen of the United States of America (USA). I am over the age of

eighteen (18) years, understand the meaning and obligations of an oath, and I am competent

to testify to the matters set forth in the declaration.

2.      On or about May 22, 2015, I attempted to return to the United States from

India. In order to return, I applied for and received an US passport from the relevant U.S. Consulate in India. Then, on the advice of the U.S. Consulate officials, I attempted to get the documentation necessary to leave India from the Indian governmental authorities; in particular, an exit stamp from the Foreign Residents Registration Office (FRRO). In the course of seeking that documentation, on or about May 22, 2015, I was arrested by the Foreign Residents Registration Office in India in connection with unlawful entry into India.

3.      As a result of my arrest, I was in custody for sixty-one (61) days.

4.      On or about July 23, 2015, I was released on bond pending further investigation. The Indian authorities, however, confiscated my US passport, and I am unable to leave the territorial jurisdiction of India per the conditions of my release on bond in India.

5.      I am currently not allowed to work or seek any employment in India as I am a foreigner and I do not have the required work permit and documentation necessary to work and earn any monetary compensation in India.

6.      I am currently penniless in India and I do not own any financial or non-financial assets – including cash, marketable securities, corporate or government bonds, real estate, gold, or jewelry etc. I am unable to afford any medical treatment of any kind on my own at this time given my circumstances.


Dated: June 26th, 2016



                                                    _____
                                                    Iftikar A. Ahmed