UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br>  v.<br><br>IFTIKAR AHMED,<br><br>     Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>     Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSITIO TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER and MOTION TO QUASH NOTICE OF DEPOSITION**

  Defendant Iftikar Ahmed respectfully submits the following responses to the Plaintiff's opposition to the Defendant's Motion for Protective Order and Motion to Quash Notice of Deposition ("Motion").

1.      The Defendant is indeed currently outside the United States of America but only because the Defendant cannot legally return to the United States.  As previously stated, the Indian authorities confiscated his passports, and he is now prohibited from leaving the territorial jurisdiction of India as per the conditions of his release on bond in India without the approval of the Indian Courts.   The Defendant has to present himself to the investigating authorities once every month in person pending his trial in India.  The Defendant hopes, intends and wishes to return home to the United States as soon as his criminal proceedings in India are completed and he is legally able to leave the jurisdiction of India with his American travel documents.

The Defendant is **NOT** a fugitive.   The Plaintiff is clearly obsessed with the word "fugitive" and uses it an astounding 19 times in its opposition – that is the only argument the Plaintiff has to deprive the Defendant of all and any legitimate rights under the law, not just of the United States of America but of any civilized nation of this world.  The obsession of the Plaintiff to the mischaracterization of the Defendant begets the question of the legitimacy of its various alleged claims against the Defendant.  Knowing very well the weakness of its various alleged claims against the Defendant, the Plaintiff hides behind a flawed strategy of deceptive mischaracterizing of the Defendant.

Refer: **18 US Code § 2466** – Fugitive Disentitlement clearly states:

"(a) a judicial officer may disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action or a claim in third party proceedings in any related criminal forfeiture action upon finding that such person –

(1) after notice or knowledge of the fact that a warrant of process has been issued for his apprehension, in order to avoid criminal prosecution –

    a. purposely leaves the jurisdiction of the United States;

    b. declines to enter or reenter the United States to submit to its jurisdiction; or

    c. otherwise evades the jurisdiction of the court in which a criminal case is pending against the person; **and**

(2) **is NOT confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction**." (emphasis added)

The Defendant is currently confined to the jurisdiction of India and is legally prohibited from leaving India and hence is **NOT** a fugitive by any stretch of imagination. The law could not be any clearer in this respect. Hence, all the arguments put forth by the Plaintiff are blatantly flawed and makes a mockery of the US judicial system.

2. The Plaintiff makes a blatantly false and misleading assertion that the withdrawal of the Defendant's erstwhile Counsel "speaks volumes about Mr. Ahmed's intensions". This could not be further from the truth. The erstwhile Counsel for the Defendant only withdrew from the civil matter because they could not shoulder the ongoing financial burden of representing the Defendant - having already incurred significant financial costs pursuing the release of funds in accordance with the Defendant's legitimate Sixth Amendment rights that were denied and, as a result of the excessive and punitive asset freeze, the Defendant not having the financial means to afford legal representation. First, the Plaintiff opposes the release of funds for the legitimate legal defense of the Defendant. Then, the Counsel is forced to withdraw from the legal matter

3

because they cannot continue to do so without getting paid.  The Defendant does not have the means to pay his Counsel because all of his assets, including significant assets untainted by any of the alleged taints, are frozen – which in it of itself is a gross violation of the universally accepted "Hippocratic Oath" equivalent for the global legal community of the civilized world – a presumption of innocence before a proclamation of guilt by a jury or a judge.  And the Plaintiff then wishes to convince the Court of its false inference that the Counsel withdrew because the Defendant "does not intend to return to the United States."  The Plaintiff unilaterally pauperizes the Defendant, and then uses an outcome of that punitive and vindictive act to draw false conclusions of the Defendant's intentions.  It is as shameful a manipulative distortion of facts as this Court would ever see.

3. Attached is an affidavit from the Defendant that he currently has no financial means to afford legal representation (**Exhibit 1**).

4. Attached is an affidavit from the Defendant that he intends to, hopes to, and wishes to return to the United States as soon as it is legally possible for him to do so (**Exhibit 2**).

5. Attached is a certified copy of the Indian Court order prohibiting the Defendant from leaving the jurisdiction of India and confirming that all his travel documents are confiscated (**Exhibit 3**).

6. The Plaintiff repeatedly twists facts and attempts to mislead the Court – as evidenced again in its reference on Page 7 Footnote 4.  The Plaintiff references that the

Defendant "makes no mention of such a trip".  The Defendant was **NOT** aware of any such activity or the availability of any funds made available by his in-laws or anyone else for a trip to India.  How is the Defendant supposed to make a mention of something that he is not informed or aware of?  *Au contraire*, the Plaintiff has repeatedly stonewalled every attempt by the erstwhile Counsel of the Defendant from gaining access to relatively minor amounts of money (from the significant untainted assets of the Defendant that currently remain frozen) and effectively forced the erstwhile Counsel of the Defendant to finally withdraw from this matter because of their inability to continue shouldering the financial burden.  The Plaintiff clearly is trying to mislead the Court about the erstwhile Counsel's reasons to withdraw from the matter.

7.      The Plaintiff has repeatedly made the argument that the presence of alleged tainted funds renders all untainted funds tainted.  Yet, the same argument can be made that the presence of untainted funds renders all alleged tainted funds untainted.   Both arguments are equally flawed and laughable.

8.      The Plaintiff mentions a series of precedent cases dating from the 2001-2009 period to avoid and prevent the use of technology for its purpose of a deposition were one to be allowed by this esteemed Court to be done so by Skype, FaceTime or video conferencing.  None of the relevant technologies existed for easy video conferencing during the period that the Plaintiff cites case laws to make its point.  iPhones were introduced in 2007 but FaceTime, its video calling application, was introduced in 2010.   Similarly, Skype launched its one-to-one video conferencing sessions (as opposed to its video chatting application) only in 2010.   The repeated citation of precedent cases to oppose the use of a certain technology that did not even

exist at that time is both ludicrous and irrelevant.   One only needs to see the deployment of technical solutions like electronic filings, document management, process engineering, and video conferencing across judicial systems and courts in the United States to recognize the appropriateness of the Defendant's proposal of using Skype and video conferencing as an alternative path.

9.   On page 11, the Plaintiff states "a deposition by videoconference would be improper here since it would disadvantage the SEC's case by hindering its ability to face Mr. Ahmed and judge his demeanor and capacity to relate to a jury."   It is quite ironic that the Plaintiff should even mention a "jury" as the Plaintiff is flagrantly trying to do everything it can to prevent this case from going to a jury in the first place.   If the Plaintiff were indeed committed to the fairness of the legal process that is determined by a qualified jury as is the established practice in the United States, the Plaintiff would (1) **NOT** prevent the Defendant from having any access to any of the purported evidence and investigative file; (2) **NOT** repeatedly thwart the release of untainted funds for proper legal representation of the Defendant by qualified Counsel.   It would be obvious without an iota of doubt to even the most casual of observers that the sole aim and ambition of the Plaintiff is to dodge the very due legal process it professes to prepare for; and every single misstatement, twisting of facts, and confused at best and deliberately dishonest at worst inferences are aimed at one and one thing alone – to arrive at a default judgment against the Defendant based on flawed and false representations.   The Court should not allow such murder of justice.

10. The Defendant wishes to reiterate that he is **not** a fugitive for reasons discussed earlier. Even if hypothetically that were not to be the case, it would be instructive to again visit *Degen vs. United States* (517 US 820 – 1996), where the Question was straightforward – "Should the fugitive disentitlement doctrine be extended to allow a court in a civil forfeiture suit to enter judgment against a claimant, without any opportunity to be heard, because the claimant is a fugitive from, or otherwise is resisting, a related criminal prosecution?"

And the unanimous Conclusion of the US Supreme Court could not be any clearer too –

"No. Principles of deference to the other branches of government require a court to invoke its inherent power only as a reasonable response to the problems and needs that provoke it. No sufficient reason justifies disentitlement here. Since the court's jurisdiction over the property is secure despite Degen's absence, there is no risk of delay or frustration in determining the merits of the government's forfeiture claims or in enforcing the resulting judgment. Also, the court has alternatives, other than disentitlement, to keep Degen from using liberal civil discovery rules to gain an improper advantage in the criminal prosecution, where discovery is more limited. Finally, disentitlement is an excessive response to the court's interests in redressing the indignity visited upon it by Degen's absence from the criminal proceeding, and in deterring flight from criminal prosecution in general; it is **a response that erodes rather than enhances the dignity of the court.**" (https://www.oyez.org/cases/1995/95-173)  (emphasis added)

**WHEREFORE**, the Defendant humbly submits and respectfully requests again that his original motion be granted in its entirety, together with such other and further relief as the Court may deem to be necessary and proper.

Respectfully Submitted,

Dated:   June 30th, 2016          /s/ Iftikar Ahmed
_____
Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East, Ground Floor
Behind Kanpur Leather House
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com
*Pro Se*

## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Nicholas P. Heinke
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Mark L. Williams
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

Alexander Sakin
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 461-2279
Fax: (212) 202-6206
Email: asakin@sc-harris.com

David B. Deitch
Harris, St. Laurent & Chaudhry LLP VA
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3549
Fax: (703) 935-0349
Email: ddeitch@sc-harris.com

Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

Dated:        June 30th, 2016            /s/ Iftikar Ahmed
                                         _____
                                         Iftikar A. Ahmed
                                         C/O Advocate Anil Sharma
                                         10 Government Place East, Ground Floor
                                         Behind Kanpur Leather House
                                         Kolkata 700069, India
                                         Tel: +91.98.30.089.945
                                         Email: iftyahmed@icloud.com

                                         *Pro Se*