UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2016 JUL 5 PM 1 10
U.S. DISTRICT COURT
NEW HAVEN CT.

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S PARTIAL OPPOSTITION TO GRANT DEFENDANT FULL ACCESS TO INVESTIGATIVE FILE BY PLAINTIFF

Defendant Iftikar Ahmed respectfully submits the following response to the Plaintiff's partial opposition to grant the Defendant full access to the Investigative File and further begs and moves the esteemed Court to order the Plaintiff to immediately share in its entirety the investigative file related to Civil Action No. 3:15-cv-675 (JBA).

At the very outset, the Plaintiff lays out its opposition to a basic fundamental human and civil right of any accused person to have access to the purported evidence and investigative material gathered against such accused person in order to deny, reject, contradict, or prove wrong those accusations and purported evidence. This desired violation of a basic human and civil right itself should make any reasonable person question the motives and the objectives of the Plaintiff and the Court should deny such an unfair and unjust request in its entirety.

Globally, and not just in the most advanced legal system in the world, would such an ostensible travesty of justice not be tolerated. Indeed, the arguments put forward by the Plaintiff would indeed be considered an affront to the very cause of fairness and balance that Justice stands for.

The Plaintiff makes the outrageous accusation that the Defendant "continues to flout the jurisdiction of the United States courts". This argument cannot be further from the truth. The Defendant fully submits and continues to submit to the jurisdiction of the United States Courts and the very fact that the Defendant has been engaged in this legal process and is seeking relief and equitable treatment from this Court, ever since his release from the Indian prison on or around 23rd July 2015, is testament to the fact that the Defendant believes in, submits to, subscribes to, and is engaged in the due process that the United States Court outlines. The Defendant is not outside the United States at this time on his own accord and is rather compelled to be so given the well documented circumstances of his arrest in India, subsequent imprisonment, and his inability to return home to the United States. The Plaintiff clearly misrepresents the circumstances that the Defendant finds himself in. Confused between cause and effect, the Plaintiff simply wishes to dismiss the truth of the Defendant's helpless status as a

prisoner in another country's legal system simply by arguing that it is one of the Defendant's own doing.

The Defendant is currently not in possession of any official travel documents and all his papers have been confiscated by the Indian authorities and he is legally barred from leaving the jurisdiction of India. At any such time when these restrictions are removed or the criminal case in India is settled and the Defendant is free to return home to the United States, he would do so voluntarily and without hesitation.

The Plaintiff is clearly obsessed with the word "fugitive". And, therefore, predicates every single argument on the grounds that the Defendant is a "fugitive". It is quixotic that the Plaintiff finds it perfectly reasonable to pursue the due process of the esteemed Court in this matter, purported status of the Defendant notwithstanding, yet wishes to only do so only in an unfair and remarkably imbalanced fight by using the purported fugitive status as a crutch. Such a cruel disposition would lead any reasonable person to question both the motives and the probably flawed arguments of the Plaintiff that probably don't stand on any real evidence but rather needs this crutch of the purported status argument to win its day in Court.

The arguments of the Plaintiff make a mockery of every basic assumption of fairness in any judicial system. Granting the Plaintiff's opposition would be akin to putting an accused in a "*cone of silence*" with no noise able to enter it and yet having the accused respond to questions asked from the outside. Granting the wishes of the Plaintiff would, therefore, be a grave tragedy as the Defendant hopes and wishes to return home to the United States at the earliest that the

Indian Courts would allow him to do so. Yet it may turn out to be too late for due process to be followed were the Court to cede to the Plaintiff's opposition.

**WHEREFORE**, the Defendant humbly petitions and respectfully requests that the esteemed Court pass an Order to the Plaintiff to immediately grant full and complete access to the Defendant or the Defendant's representative so that the Defendant or the Defendant's representative may inspect and copy the relevant portions of the investigative file with any sensitive and confidential information redacted therein by the Plaintiff.

Respectfully Submitted,

Dated:     June 30th, 2016         /s/ Iftikar Ahmed

Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East, Ground Floor
Behind Kanpur Leather House
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com
*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Nicholas P. Heinke
US Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Mark L. Williams
US Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

Alexander Sakin
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 461-2279
Fax: (212) 202-6206
Email: asakin@sc-harris.com

David B. Deitch
Harris, St. Laurent & Chaudhry LLP
VA
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3549
Fax: (703) 935-0349
Email: ddeitch@sc-harris.com

Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

Dated: June 30th, 2016 /s/ Iftikar Ahmed

Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East, Ground Floor
Behind Kanpur Leather House
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com

*Pro Se*