UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> IFTIKAR AHMED, <br><br> Defendant, and <br><br> IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC;  SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, <br><br> Relief Defendants. | Civil Action No. 3:15cv675 (JBA) |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S RESPONSE IN OPPOSITION TO RELIEF DEFENDANTS' MOTION FOR PAYMENT OF CRIMINAL FEES**

Plaintiff United States Securities and Exchange Commission ("SEC") hereby files this

opposition to Relief Defendants I-Cubed Domains, LLC, Shalini Ahmed, Shalini Ahmed 2014

Grantor Retained Annuity Trust, DIYA Holdings LLC, DIYA Real Holdings, LLC, and three

minor children by and through their next friends Iftikar and Shalini Ahmed, their parents

(collectively, "Relief Defendants") motion to modify the Preliminary Injunction freezing assets

to release funds for the payment of fees in Ms. Ahmed's prior criminal matter ("Motion").  For the reasons outlined herein, Relief Defendants' Motion should be denied.

## I.      Introduction

The question before this Court is whether the Court should release tainted assets to pay for representation in a now closed criminal case.  The Commission respectfully submits that the answer is no.  While the equities of Ms. Ahmed's situation – being criminally charged shortly after this Court froze the bulk of the Ahmed's assets – warranted the previous release of funds for Ms. Ahmed's criminal defense, the circumstances have changed.  Ms. Ahmed, not the victims of her husband's fraud, should pay the remaining balance of Ms. Ahmed's criminal legal fees.  Ms. Ahmed is free to obtain employment now that her criminal case is over and the conditions of her release have been lifted.  Regardless, Ms. Ahmed has no Sixth Amendment right to the requested funds, and the Court should decline to release tainted funds that do not belong to Ms. Ahmed to pay her outstanding legal bills, especially when the bulk of those bills have already been paid.

## II.     Relevant Background

On May 6, 2015, the SEC filed [Doc. # 2] an emergency motion for a temporary restraining order freezing assets and for a preliminary injunction continuing that asset freeze for the pendency of the litigation.  On June 12, 2015, the SEC amended its complaint [Doc. # 27] and filed an Amended Motion for a Preliminary Injunction [Doc. # 29].[1]  The Court subsequently ordered [Doc. #34] expedited discovery and set this matter for a preliminary injunction hearing, which took place on July 23, 2015, and July 30, 2015.

_____

[1] On June 16, 2015, this Court granted [Doc. #32] the SEC's motion for leave to file an Amended Complaint [Doc. #27].  The Amended Complaint was docketed on that day.  [*See* Doc. #33.]

On August 3, 2015, Ms. Ahmed, along with her husband, were charged in a criminal case – the second for Mr. Ahmed – with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and 1957 related to the alleged fraud in this case. *United States v. Ahmed, et al.,* Case No. 15-mj-2161-MBB (D. Mass.).

On August 12, 2015, the Court granted [Doc. # 113] the SEC's Motion for a Preliminary Injunction [Doc. # 29] and entered the Asset Freeze Order.  Therein, the Court found that Ms. Ahmed had not made a showing that she was "not able to earn sufficient money to support herself," noting that the Order Setting Condition of Release in her criminal case permitted Ms. Ahmed to seek employment but in the financial services industry.  *Id.* at 18; n. 7.

On October 17, 2015, Relief Defendants filed [Doc. ## 148 & 152] a motion for a limited modification of the Court's Asset Freeze Order along with a memorandum in support of that motion.  Therein, Ms. Ahmed requested she be provided with more than $8,000 per month from the corpus of the frozen assets, claiming she was unable to find employment:

> Ms. Ahmed has tried unsuccessfully to seek employment to address these circumstances.  Her ongoing efforts are also unlikely to bear fruit. The Magistrate Judge overseeing her criminal case in Boston has specifically prohibited her from seeking a job outside of Connecticut or in the financial services industry—the one field in which she has significant skills, training and experience. Moreover, Ms. Ahmed's status as being under house arrest, charged with a crime, and wearing a monitoring bracelet, as well as the need to find childcare for her children, make it virtually impossible for her to find full-time employment sufficient to cover her expenses.

[Doc. # 152 at 10].  Ms. Ahmed further requested that funds be unfrozen for future legal fees and expenses in the instant action, as well as the related criminal action.  *Id.* at 8.  Ms. Ahmed argued that the release of such funds was required under the Sixth Amendment.  *Id.* at 15-17.

Case 3:15-cv-00675-JBA   Document 267   Filed 07/28/16   Page 4 of 10

On November 6, 2015, the SEC filed [Doc. # 157] a response in opposition to Relief

Defendants' motion for a limited modification of the Court's Asset Freeze Order.  Among other

things, the SEC argued:

> Mrs. Ahmed has no Sixth Amendment right to counsel in
> the instant civil proceeding, and she does not have a right to use
> the proceeds of fraud, or monies that do not belong to her, to
> defend against criminal charges. However, as a matter of discretion
> and given the equities of Mrs. Ahmed's situation, the Commission
> does not necessarily object to releasing reasonable monies needed
> for her criminal defense.

*Id*. at 3-4.[2]

On November 23, 2015, Relief Defendants filed [Doc. # 158] an Unopposed Motion to

Modify the Asset Freeze Order wherein Relief Defendants requested the "Court modify its order

of August 12, 2015, and unfreeze $202,443.31 for the payment of the legal fees in *U.S. v. Ahmed*

*et al.*, 1:15-mj-02161 (D. Mass.), over the next six months."  *Id.* at 4.  The Court subsequently

entered [Doc. # 165] an Order on Consent releasing the requested funds.

Also on November 23, 2015, Relief Defendants filed [Doc. # 160] a reply brief in support

of their motion for a limited modification of the Court's Asset Freeze Order requesting other

relief.  In that brief, they acknowledged that "[t]racing may be necessary in limited

circumstances, such as where a defendant contends that the Sixth Amendment requires the

release of funds for the payment of criminal fees in a companion criminal case and there is a

question as to whether sufficient assets have been frozen."  *Id.* at 9.   Relief Defendants argued,

---

[2] The SEC further argued that even under the case law Ms. Ahmed cited, she was not entitled to
the release of funds: "To be clear, Mrs. Ahmed herself acknowledges that her Sixth Amendment
right to a frozen asset hinges on whether the particular asset is her 'own funds' and untainted by
Mr. Ahmed's fraud.  Mrs. Ahmed has not identified any such assets (aside from Morgan Stanley
shares) that have been frozen.  Legally, she is not entitled to any monies on the current record.
However, the Commission recognizes the unique equities of the situation, and therefore, as a
matter of discretion, does not oppose the release of limited monies that are reasonable and
necessary in the near term for her criminal defense."  Doc. # 157 at 25-26 (internal citations
omitted).

however, that tracing was "irrelevant" because "the SEC ha[d] consented to the release of funds for Ms. Ahmed's criminal defense." *Id.* at 9-10.[3]

On or about On June 6, 2016, the United States Attorney's Office for the District of Massachusetts moved to dismiss Ms. Ahmed in her criminal case after an indictment was returned only against Mr. Ahmed. The Court granted the motion two weeks later. *See* Dkt. 34 & 37, Case No. 15-mj-2161-MBB (D. Mass.).

### III.   Argument

Contrary to Ms. Ahmed's arguments, she does not have a Sixth Amendment right to the release of assets from the asset freeze. Moreover, equity does not weigh in favor of the requested release of funds. Ms. Ahmed is now free to obtain employment and she, not the victims of Mr. Ahmed's fraud, should pay the remainder of her legal bills.

First, the Sixth Amendment is inapplicable because Ms. Ahmed's criminal case is over. Ms. Ahmed is not requesting funds to retain counsel of her choice in a pending criminal proceeding, but rather is asking the Court to release funds for the payment of services previously rendered in a now closed criminal case. The Sixth Amendment contemplates the former, not the latter. *See, e.g.,* Ruling on Def.'s Mot. for Release of Funds [Doc. # 191] at 9 ("The Sixth Amendment guarantees to an accused facing incarceration the right to counsel at all critical stages of the criminal process.") (citing *Iowa v. Tovar*, 541 U.S. 77, 80–81 (2004)). At present, Ms. Ahmed is neither accused nor facing incarceration. Moreover, because Ms. Ahmed's

---

[3] Relief Defendants went further by arguing that "the SEC ha[d] now agreed that Ms. Ahmed is entitled to payment of her legal fees in a closely related criminal case because she has a Sixth Amendment right to counsel of her choice." Doc. # 160 at 13. On November 24, 2015, the SEC filed [Doc. # 163] an objection, which took issue with Relief Defendants' representation that the SEC agreed Ms. Ahmed was entitled to the release of frozen funds, as the SEC's consent to Relief Defendants' was conditioned on Ms. Ahmed not making any such arguments. *Id.* at 3-5. Relief Defendants subsequently filed [Doc. # 164] a response asking that the SEC's objection be stricken.

request is for services already rendered, she obviously did not depend on the release of the

instant funds in order to obtain counsel of her choice. *See, e.g., S.E.C. v. Sekhri,* 98 CIV. 2320

RPP, 2000 WL 1036295, at *2 (S.D.N.Y. July 26, 2000) (recognizing it was "not a case in which

defendant has been prevented from retaining the counsel of his choice because of the freezing

order" and refusing to "modify the freezing order to allow for release of an additional $50,000 in

attorney's fees" because "defendant has not been and will not be deprived of his Sixth

Amendment right to counsel").

Second, even were the Sixth Amendment applicable, this Court has already recognized

that a defendant "does not have a Sixth Amendment right to use tainted assets, even if these

assets are necessary for retaining counsel of his choice."  Ruling on Def.'s Mot. for Release of

Funds [Doc. # 191] at 2-3 (citing cases).[4]  Moreover, "[a] defendant has no Sixth Amendment

right to spend another person's money for services rendered by an attorney, even if those funds

are the only way that that defendant will be able to retain the attorney of his choice," as such

money "though in his possession, is not rightfully his."  *Caplin & Drysdale, Chartered v. United

States*, 491 U.S. 617, 626 (1989).

Nearly one year ago, this Court found that "Mrs. Ahmed's testimony and other record

evidence suggest that Mrs. Ahmed merely served as nominal owner of Mr. Ahmed's funds."

Ruling and Order Granting Preliminary Injunction [Doc. # 113] at 10.  More than six months

ago, the SEC outlined the assets it has secured.  *See* SEC Oppn' to Relief Defs.' Mot. for Limited

Modification of the Asset Freeze Order [Doc. # 157] at 6-11.  Although the SEC has repeatedly

invited Ms. Ahmed to identify frozen, untainted assets belonging to her, she has never done so.

*See, e.g., id.* at 15 ("Indeed, conspicuously absent from her motion is the identification of any

---

[4] As noted above, Relief Defendants previously acknowledged that the Sixth Amendment right to
the release of funds to retain counsel in a criminal case depends on whether the assets were or
were not tainted. *Infra* at 4-5.

untainted accounts or assets (save 121 shares of Morgan Stanley stock worth approximately

$3,960) that belong to a Relief Defendant. That is because the Preliminary Injunction Asset

Freeze has not improperly frozen untainted assets belonging to any Relief Defendant.").  The

Court should decline to release tainted funds that do not belong to Ms. Ahmed.

Third, the SEC takes issue with Ms. Ahmed's arguments that "[t]he release of these funds

is justified by the same principles that led this Court to grant the First Motion for Criminal Fees,"

and the SEC "has provided no principled reason why the Court should not grant this relief to the

Relief Defendants."  Motion [Doc. 264] at 3.  As noted above, the Court previously entered

[Doc. # 165] an Order on Consent releasing funds for Ms. Ahmed's criminal defense.  The Order

did not hold or contemplate that Ms. Ahmed had a Sixth Amendment right to access frozen

funds.  Ms. Ahmed's claim that the SEC provided "no principled reason why the Court should

not grant this relief" (*id.*) is similarly disingenuous.  In conferring on this matter, undersigned

counsel stated:

> As we previously argued, Mrs. Ahmed does not have a
> right to use the proceeds of fraud, or monies that do not belong to
> her, to defend against criminal charges.  See Doc. # 157 at 25.  I
> believe you acknowledged the same.  See Doc. ## 152 at 15; 160
> at 5-6.
>
> If your clients are holding untainted funds that belong to
> them, please describe those assets with particularity so the SEC
> may adequately respond (there is a listing of known assets in Doc.
> # 157).

Ms. Ahmed did not identify an asset that is untainted and belongs to a Relief Defendant.

Instead, she filed the instant Motion, where she again implicitly concedes that there are no frozen

assets that are untainted and belong to her or another Relief Defendant.

Moreover, the SEC made clear that its previous consent to the release of funds was

conditioned on "Mrs. Ahmed agree[ing] to not use the Commission's lack of opposition to the

Case 3:15-cv-00675-JBA   Document 267   Filed 07/28/16   Page 8 of 10

motion to later argue…that the Commission has agreed Mrs. Ahmed is legally entitled to these funds." Email [163-1] at 5.  Yet, this is precisely what Ms. Ahmed's Motion does.  Ms. Ahmed should not be permitted to access frozen tainted monies merely because the SEC "d[id] not oppose the release of limited monies that are reasonable and necessary in the near term for her criminal defense" after making clear that she was "not entitled to any monies on the current record."  [Dkt. # 157 at 26.]  While Ms. Ahmed was previously in need of funds to pay for her criminal defense shortly after the Court entered the asset freeze, this is no longer the case.  Ms. Ahmed is well aware, and has been for quite some time, that the proceeds she seeks do not belong to her and stem from Mr. Ahmed's fraud.

Lastly, equity does not weigh in favor of releasing for Ms. Ahmed's criminal counsel tainted monies that do not belong to her, and will likely be needed to make investor-victims whole.  The Court should reject arguments that, because Ms. Ahmed's attorneys performed services on her behalf, they are now entitled to access these funds that will likely be needed to repay fraud victims, rather than seeking payment from Ms. Ahmed directly, or awaiting the conclusion of this case.  Ms. Ahmed's attorneys should not be placed in a superior position than the investors that Mr. Ahmed defrauded.  Moreover, now that Ms. Ahmed's conditions of release have been lifted, she has the ability to obtain money through employment.  Ms. Ahmed should pay the remaining balance with money she earns, not with money that her husband stole.

//

//

//

//

//

- 8 -

**IV.     Conclusion**

For the reasons outlined herein, Relief Defendants' Motion for Payment of Criminal Fees

should be denied.

DATED: July 28, 2016.

*s/ Mark L. Williams*
Nicholas P. Heinke
Mark L. Williams
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1027 (Williams)
HeinkeN@sec.gov
WilliamsML@sec.gov
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I certify that on July 28, 2106, a copy of the foregoing document was emailed to

Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Jonathan Harris
Reid Skibell
David Deitch
Alexander Sakin
Harris, O'Brien, St. Laurent & Chaudhry LLP
111 Broadway, Suite 1502
New York, NY 10006
(Counsel for Relief Defendants).


                                        s/ *Mark L. Williams*
                                        Mark L. Williams