

21·7·16    25·7·16    25·7·16    25·7·16        27·7·16

CRLX- 1793/2016.

In the court of Ld. District
& Sessions Judge at Alipore

C.M.C - 5432/2015.

Iftikar Ali Ahmed
       vs
State.



# IN THE COURT OF THE SESSIONS JUDGE, SOUTH 24-PARGANAS AT ALIPORE

### CRL. MISC. NO. 5432 Of 2015

**Order No. 01 dated 02.07.2015**

This is an application under section 439 of the Cr. p.c.

Registered. Notify the Ld. P.P. Call for the case diary, fixing **14.07.2015** for hearing.

Sessions Judge-I/C

**Order no 2 dated 14.07.2015**

CD is produced.

On the prayer of the petitioner case is adjourned, fixing 15.07.2015 for hearing.

CD be returned with a direction upon the I.O to reproduce the same on the date fixed positively.

Sessions Judge, I/C

**Order no 3 dated 15.07.2015**

CD is produced.

On the prayer of the petitioner case is adjourned, fixing 22.07.2015 for hearing.

CD be returned with a direction upon the I.O to reproduce the same on the date fixed positively.

Sessions Judge, I/C

Order no 3 dated 15.07.2015

CD is produced.

On the prayer of the petitioner case is adjourned, fixing 22.07.2015 for hearing.

CD be returned with a direction upon the I.O to reproduce the same on the date fixed positively.

Sessions Judge, I/C

Bhowanipore P.S case no. 177/15
14A(6) Foreigners Act.

Iftikar Ali Ahmed
vs.
State

In the Court of the
Sessions Judge
24-Pgs. (S), Alipur

CMC. 5432/15

SL. 1343
CRL-952
O/S 1 St
dt. 11/9/15

CMC No. 5432/15

Present : Sri D. Mukherjee, Sessions Judge-in-Charge.

ORDER NO. 5 DATED 02. 09. 2015.

Accused person Iftikar Ali Ahmed on bail is present.

Ld Advocate for the accused person prays for withdrawal condition of the accused person granted on 22. 07. 2015..

Ld. P.P-in-Charge formally opposes the same.

Considering the facts and circumstances, I do not think that total withdrawal is necessary. Accordingly, the condition is partly modified to the extent that hence force, the accused/petitioner shall meet the I.O. once in a month until further order. The other conditions shall remain as before.

Let a copy of this order be sent to Ld. C. J. M. at Alipore for information.

Dictated & corrected by me.

S.J-I/C.

Sessions Judge-I/C.

CMC NO. 5432/15
Present : Sri S. Mazumder, Sessions Judge-in-Charge.
Order No. 4 dated 22. 07. 2015

This is an application under section 439 Cr. P.C. filed by the petitioner *Iftikar Ali Ahmed* who is in custody in connection with *Bhowanipore P.S. Case No. 177 of 2015* u/s. *14A(b) of the Foreigners Act, 1946.*

Ld. Advocate for the accused/petitioner submits that no such application under section 439 of Cr. P.C. is either rejected or pending before any higher forum.

Heard the Ld. Advocate for the petitioner who submits for bail on the ground that this petitioner is in custody for 61 days and investigation is still pending. He further submits that this petitioner is of Indian origin and he is the topper of Delhi IIT.

Ld. Additional P. P. raises objection.

Heard both sides. Perused the case diary as well as information slip submitted by the defence.

The sentence for the alleged offence may extend to eight years and also liable to pay find. Obviously the statutory period of detention cannot be more than sixty days during investigation. The information slip reveals that investigation is yet to be completed. Case diary also reveals that investigation is pending. As such, this Court has no option, but to enlarge this petition on statutory bail. Accordingly, the prayer for bail of the petitioner is allowed on condition to meet the I. O. once in a week till further order and on further condition that the petitioner shall submit his pass port before the I.O., if not already seized in connection with this case and shall not leave the territorial jurisdiction of India without the permission of Court.

Accordingly, the petitioner may find a bond of *Rs.10,000/-* with two sureties of Rs.5,000/- each, one of whom must be a local surety having immovable property within the territorial jurisdiction of this Court undertaking the conditions imposed above, subject to the satisfaction of the Ld. C.J.M. at Alipore.

Return the C.D.

It is needless to mention here that in such type of case it is desirable that investigation should be completed within the statutory period of sixty days, otherwise the accused/petitioner is entitled to be released on statutory bail.

In the premises, D.C. (South) is requested to look into the matter so that the investigation in such type of case may be completed within the statutory period of limitation.

Let a copy of this order be sent to the D.C. (South) for his information and necessary action.

Dictated & corrected by me.



J-I/C

Sessions Judge-I/C




Filed by
Jayabrata ~~~
Advocate
02/07/15

# IN THE COURT OF THE LEARNED SESSIONS JUDGE, SOUTH 24 PARGANAS AT ALIPORE

cri/Misc Case No 5432/15

**In the matter of:**

An application under Section 439 of the Code of Criminal Procedure, 1973;

-And-

**In the matter of:**



Order dated 11.06.2015 passed by the Learned Chief Judicial Magistrate, South 24-Parganas at Alipore in C.G.R. Case No. 2228 of 2015 which arose out of Bhowanipore Police Station Case No. 177/2015 dated 22.5.2015 under Section 14A(b) of the Foreigners Act, 1946, rejecting thereby the petitioner's prayer for bail ;

-And-

**In the matter of:**

Iftikar Ali Ahmed




Son of late Julhash Ali

Of 23, NN Towers 3rd Floor, SKB Road Dighalipukhuri East, Guwahati, Assam- 781001 and also of 505, North Street, Greenwich CT 06830, Police Station Greenwich, State- Connecticut, United States of America.

..... Petitioner (in custody)

-Vs-

The State of West Bengal

...... Opposite Party

The humble petition of the petitioner above named –

Most Respectfully Sheweth:-

1. That your petitioner is a permanent resident of the respective places mentioned in the cause title hereinabove.

2. That Bhowanipore Police Station Case No. 177/2015 dated 22.5.2015 had been registered for investigation on the basis of a petition of complaint lodged by one Joydeep Banerjee, Sub Inspector of Police, Bhowanipore Police Station with the Officer-in-Charge of Bhowanipore Police Station, inter alia




alleging commission of an offence by the petitioner punishable under Section 14A(b) of the Foreigners Act, 1946.

The allegations levelled in the said complaint are inter alia to the effect that on 22.5.2015 the present petitioner, who is an American National and holder of USA Passport No. 720183019 issued in continuity of USA Passport No. 445208120, date of issue being 12.8.2008 and valid till 11.8.2018, which was reported to be lost, sought exit visa from FRRO Kolkata to leave India and produced his American Passport No. 720183019.

It is alleged that in course of interrogation prior to issuing exit visa, it was learnt that the petitioner arrived in India on 18th May, 2015 on the strength of his previously held Indian Passport No.G80898137,which he possessed before acquiring U.S. Nationality and passport and was subsequently cancelled by Indian authorities, thereby deceiving Indian Immigration. During interrogation it further revealed that on 21.5.2015, the petitioner also lodged a General Diary No. 2282/2015 dated 21.5.2015 at Dum Dum Police Station , reporting about loss of his American Passport No. 445208120. During interrogation he admitted that it was false information which he submitted to the authorities to facilitate his obtaining a new American Passport since his old passport bearing no.




445208120 was seized by U.S. authorities in connection with a criminal case in U.S.A. Subsequently on the basis of the aforesaid General Diary Entry, the petitioner approached the U.S. Consulate General in Kolkata and obtained his new U.S. Passport No. 720183019.

It revealed that the petitioner was an Indian citizen and held Indian Passport No. G809813, but he renounced his Indian Citizenship and acquired U.S. Citizenship and passport in August, 2008.

It is thus the allegation of the complainant that the action of the petitioner of travelling to India on the strength of his cancelled Indian Passport which was no longer valid on account of his having become an American citizen, is a cognizable offence punishable under Law.

It is further alleged that the petitioner admitted to tampering the said cancelled Indian Passport by tearing off the page which contained the stamp of "CANCELLED" to facilitate his entry into India.



The petitioner has thus committed an offence punishable under Section 14A (b) of the Foreigners Act, 1946.




3. That the petitioner is absolutely innocent and is in no way connected with the commission of the alleged offences or at all but has been falsely implicated in this case.

4. That your petitioner was arrested in connection with the instant case on 23.5.2015 and was produced before the Learned Chief Judicial Magistrate, South 24-Parganas at Alipore when a prayer was made by the Investigating Officer to remand the petitioner to police custody till 30.5.2015 which prayer was duly allowed by the Learned Magistrate till 28.5.2015 and the prayer for bail made on behalf of the petitioner was also rejected by the Learned Magistrate. Since then the petitioner is languishing in custody for more than 37 days.

5. That the petitioner's prayer for bail was lastly turned down by the Chief Judicial Magistrate, South 24-Parganas at Alipore on 25.06.2015.

6. That the petitioner is was a student of Indian Institute of Technology, Delhi wherefrom he completed his course scoring first class marks. Thereafter, the petitioner went to USA for his studies at Harvard University where he was elected as a 'George F. Baker' Scholar by virtue of Extraordinary Academic Achievement in Master of Business Administration.

7. That the petitioner is a respectable member of the society and as such, his detention in custody on the basis of such false and frivolous allegations has led to irreparable loss of prestige which cannot be re-compensated at a



subsequent point of time. In such circumstances it would be just and proper that the petitioner's prayer for bail be allowed by this Hon'ble Court.

8. That your petitioner undertakes to abide by the terms and conditions that may be imposed upon him by this Learned Court in the event his prayer is allowed and he further undertakes to co-operate with the Investigating Agency as and when called upon to do so.

9. That being a permanent resident of the place mentioned hereinabove, your petitioner rules out the possibility of his abscondance and/or evasion of the due process of law.

10. That this application is bonafide and made in the interest of justice.

In the aforesaid circumstances it is prayed that Your Honour may be graciously pleased to allow this application and to direct the release of the petitioner (now in custody) on bail in connection with Bhowanipore Police Station Case No. 177/2015 dated 22.5.2015 and/or to pass such other order or orders as Your Honour may deem fit and proper.

And your petitioner as in duty bound shall ever pray.



Regn. No. 51/137/15

# AFFIDAVIT

I, Gautam Banerjee, son of Late B.B. Banerjee, aged about - 42years, by occupation – Advocate's clerk, residing at 82A, Pallisree, Kolkata – 700092, do hereby solemnly affirm and state as follows :-

1. That I am the tadbirkar of the petitioner and as such, I am well conversant with the facts and circumstances of the instant case. I have been duly authorized by the petitioners to affirm this affidavit on his behalf and I am competent to do so.

2. That the statements made in the foregoing paragraph are true to my knowledge and are based on my information derived from the petitioner which I believe to be true, while the rest are my respectful submissions before this Hon'ble Court.

Prepared in my office

*Jayabrata Sich*
Advocate

*Gautam Banerjee*
Deponent is known to me

*Jayabrata Sich*
Advocate

Solemnly Affirmed and declared before me on Identification at Alipore Judges Court, Kolkata- 700027, Under Notaries Act 1952 at ......... 10-0 O.A.M./P.M.

02 JUL 2015

(D. GUHA)
Notary Govt. of India
Regn. No. 1334 of 1998



District Judge's Court Copying Department, Alipore, South 24 Parganas



Dist. Judge's Court, Copying Dept., READY ON 2 5 JUL 2016, Alipore, 24 Parganas (S)

Examined and found to be a true copy and correctly stamped.

*Debprasad Barman*
Alipore   Comparing Clerk
Date 25.7.16   Dist. Judge's Court

Certified to be True Copy
*Ram prosad Bhowmick*
Head Comparing Clerk
Copying Department, Alipore
District Judge's Court,
Accepted u/s 19 Act. 1 of 1800
25/07/2016

Sarat
25.7.16
12 Page