UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br>  v.<br><br>IFTIKAR AHMED,<br><br>     Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>     Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA) |

## DEFENDANT'S FINAL RESPONSE TO THE PLAINTIFF'S OBJECTIONS TO EMERGENCY MOTION FOR RELEASE OF FUNDS FOR CANCER TREATMENT

  Defendant Iftikar Ahmed respectfully submits the following clarifications in response to the Plaintiff's opposition that is clearly misguided and replete with confused assertions and false conclusions in a bid to mislead this esteemed Court.

1. The Defendant's current LinkedIn page attached as an exhibit by the Plaintiff clearly establishes that the Defendant is purely looking for pro bono and volunteering activities at this time since he is NOT allowed to legally work and draw any compensation. The Defendant does not deny that he is currently volunteering at a sports village in Hyderabad and helping underprivileged kids with sports and math. The Defendant does not draw and has not drawn any cash compensation from the said organization where he is helping the founder and Managing Director as his Chief of Staff (CoS) on a purely *pro bono* basis.

2. The Plaintiff has submitted, as an exhibit, an email from 2008 (more than 8 years ago) to make assertions about the wealth and the finances of the widowed and aging mother of the Defendant. This email was from the Defendant to his spouse and potentially privileged under spousal privileges, which the Defendant never waived and believes his spouse has not waived either. Leaving aside any potential legal violations by the Plaintiff, this email has been taken out of context and is totally outrageous in its purported conclusions. The Defendant's mother became a widow in 1997 and had indeed inherited significant wealth from her deceased husband. But since her only son, the Defendant, was living and had settled in the United States, after performing her pilgrimage in 2010 / 2011, she had decided to give away almost all her inheritance and wealth towards charitable and philanthropic causes. The establishment of a Library in the memory of her deceased husband in the local business school run by the Catholic missionaries of the Don Bosco organization is but one example of her charitable work. Substantially all her inheritance has been contributed to a Foundation established in the memory of her deceased husband and given away. The Plaintiff should be ashamed of making such

outrageous conclusions without any knowledge of her current financial status and her activities, her current health and her current financial condition.   It is inhuman and shameful.

3. The Defendant submits that in his bail application, his legal team had to present a "permanent" residence in India for the Defendant to be released on bail.   The Defendant was inside a prison and had no communication with his legal team as they were fighting his case and trying to get him out on bail.   The Defendant does not know how it works in the United States, but he was not coordinating his bail application nor was he present at the bail hearing.   The use of the word "permanent" in his bail application simply means that the residence is not a rented or a temporary place of stay like a hotel or a hostel and that the residence permanently belongs to his family.  The Plaintiff once again makes a strange and misguided conclusion from what is a contextual use of the term "permanent".

4. The Defendant had attached his prescription from the Oncologist as ordered by the Court.  The prescription for the MRI test clearly bears the address, website, email address, and the phone numbers of the hospital and the doctor as well.  Rather than casting aspersions on the authenticity of the prescription, the Plaintiff could have easily made one phone call or written one email to establish the authenticity of the prescription.   Again, the Plaintiff blatantly makes false accusations without bothering to quickly and easily establish the authenticity of the document.

6. The Defendant had merely suggested a number of payment options – far from insisting or favoring any *per se* – again, only as ordered by the esteemed Court.   The Defendant

has absolutely NO objections to the Plaintiff or the esteemed Court finding a better or a more effective payment mechanism.  The Defendant's sole and critical objective here is to get tested and get tested fast!   The mode and method of payment is of no interest to the Defendant at all.

7.      The Defendant was arrested on his attempt to return to the United States in Kolkata in the state of West Bengal.   His mother resides in Guwahati in the state of Assam.  Assam does not have an US Consulate or an international airport.   Hence, the Defendant needs and needed local counsel and his lawyers are based in Kolkata.  His mother resides in Assam.  Those are the two addresses that are being referenced by the Plaintiff.    The Defendant is currently living with friends in Hyderabad in the state of Telengana because of the volunteering opportunities.    One is left scratching one's head as to what the location of these three cities and the availability and access to a computer (belongs to the Defendant's friends) or the Internet (using a shared Wi-fi network in the friend's apartment) has to do with the motion for the release of funds for medical treatment.

8.      The Defendant wishes to draw attention to the Plaintiff's flawed arithmetic and confused conclusions.  There are significant assets in the Defendant's name that are totally untainted beyond any reasonable doubt.  For example, just to take his retirement accounts held at Northern Trust – there are at least two retirement accounts that were from his days working at Goldman Sachs and Fidelity Investments dating from prior to 2003.  And his Oak retirement account is also totally clean and untouched by any of the purported and alleged tainted assets.  The esteemed Court should be able to easily locate assets close to at least a million dollars just in these retirement accounts – far exceeding the sum requested by the Defendant to be released for

the limited purpose of his immediate medical tests.

9. The wise men of yore have rightly said, "the pen is mightier than the sword,' but forgot to add that the pen is also capable of far greater brutality and inhumanity than the sword as is evident in the Plaintiff's actions and submissions.

10. The Defendant has seriously considered withdrawing his Motion for the funds for his cancer treatment, and forgo his treatment and testing altogether, rather than endure such blatantly false and inhumanly brutal responses and submissions from the Plaintiff.  But the Defendant is a father to three innocent young boys – he is a son, a brother, and a husband.  The Defendant is a human being, no matter how flawed or imperfect.  And hence this response and this prayer rather than a withdrawal of the motion.

Even if the Defendant's current situation is of his own foolish making and is a "self-inflicted wound" as some may say; the only question this esteemed Court needs to answer is whether a person who attempted suicide (but survived) be afforded medical treatment or should he be left to die?  An attempt to commit suicide is the **ultimate** self-inflicted wound; but any medical practitioner would be appalled to hear the argument that such a person be denied medical treatment and help because of his misguided actions.   The Plaintiff's entire opposition is a parallel supposition that the denial of medical help is not only appropriate but also justified.  The denial of this motion on the basis of such a flagrantly inhuman and immeasurably brutal interpretation of any human law would indeed be a judicial travesty in of itself and would

establish a sad precedent.   One wonders who the Plaintiff is competing with in terms establishing a new standard of inhumanity and brutality.

This is a prayer to this esteemed Court and not a begging bowl held out to the Plaintiff.

**WHEREFORE**, the Defendant again humbly submits and respectfully requests that this motion be immediately granted in its entirety together with such other and further relief as the Court may deem to be necessary and proper.

Respectfully Submitted,

Dated:       August 12th, 2016        /s/ Iftikar Ahmed

_____

Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East, Ground Floor
Behind Kanpur Leather House
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com
*Pro Se*

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Nicholas P. Heinke
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Mark L. Williams
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

Alexander Sakin
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 461-2279
Fax: (212) 202-6206
Email: asakin@sc-harris.com

David B. Deitch
Harris, St. Laurent & Chaudhry LLP VA
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3549
Fax: (703) 935-0349
Email: ddeitch@sc-harris.com

Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

Dated: August 12th, 2016                    /s/ Iftikar Ahmed

                                                                       Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East, Ground Floor
Behind Kanpur Leather House
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com

*Pro Se*