UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 3:15cv675 (JBA) |
| IFTIKAR AHMED, | ) ) | |
| Defendant, and | ) ) | |
| IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC;  SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Relief Defendants. | ) ) | |

_____ )

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S
SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff United States Securities and Exchange Commission ("SEC") respectfully

submits the attached Opinion issued on August 23, 2016, in *SEC v. Kokesh*, 15-2087, 2016 WL

4437585 (10th Cir. Aug. 23, 2016), in further opposition to Relief Defendants' Motion to

Dismiss [Doc. # 224].

In *Kokesh*, the defendant appealed, among other things, a disgorgement order arguing

that "the [district] court's imposition of the disgorgement…was barred by 28 U.S.C. § 2462,

which sets a five-year limitations period for suits 'for the enforcement of any civil fine, penalty, or forfeiture.'" *Kokesh*, 2016 WL 4437585 at *1.  The Tenth Circuit rejected this argument and found that disgorgement is neither a fine nor a forfeiture, and therefore not subject to the statute of limitations period imposed by 28 U.S.C. § 2462.  *Id.* at *4-6.

Specifically, the Tenth Circuit found that "disgorgement is not a penalty under § 2462 because it is remedial," and that "[t]he reasons for this view are clear.  Properly applied, the disgorgement remedy does not inflict punishment" but rather "leaves the wrongdoer in the position he would have occupied had there been no misconduct."  *Kokesh*, 2016 WL 4437585 at *4 (internal quotation marks omitted).

The Tenth Circuit also rejected the holding in *SEC. v. Graham*, 823 F.3d 1357, 1363–64 (11th Cir. 2016) and found that disgorgement is not a forfeiture.  *Kokesh*, 2016 WL 4437585 at *5-6.  The Court acknowledged "in common English the words *forfeit* and *disgorge* (as well as *relinquish*) capture similar concepts," and that "the Eleventh Circuit recently held that disgorgement is a forfeiture under § 2462," but explained that "[o]ther circuits have a different view" and that the Tenth Circuit "also see[s] things a bit differently."  *Id.* at *5 (emphasis in original).  The Court explained "[t]he word *forfeiture* in § 2462 must be read in the context of government causes of action," and that "forfeiture actions date back to the early days of the Republic, and for most of the time since then have had a narrow focus," as "[f]orfeiture was an in rem procedure to take 'tangible property used in criminal activity.'" *Kokesh*, 2016 WL 4437585 at *5 (quoting *United States v. 92 Buena Vista Ave.*, 507 U.S. 111, 118 (1993)).  Because "the term forfeiture is linked in § 2462 to the undoubtedly punitive actions for a civil fine or penalty, it seems apparent that Congress was contemplating the meaning of forfeiture in this historical sense.  The nonpunitive remedy of disgorgement does not fit in that company."  *Id.* at *6.

After noting that it need "construe § 2462 in the government's favor to avoid a limitations bar,"[1] the Tenth Circuit "conclude[d] that the disgorgement order in this case [was] not a forfeiture within the meaning of § 2462."  *Id.* at *6.

DATED: August 24, 2016.

                                        *s/ Mark L. Williams*
                                        Nicholas P. Heinke
                                        Mark L. Williams
                                        U.S. Securities and Exchange Commission
                                        1961 Stout Street, Suite 1700
                                        Denver, CO 80294-1961
                                        (303) 844-1071 (Heinke)
                                        (303) 844-1027 (Williams)
                                        HeinkeN@sec.gov
                                        WilliamsML@sec.gov
                                        Attorneys for Plaintiff

---

[1] The Tenth Circuit explained:

> Statutes of limitation are interpreted narrowly in the government's favor 'to protect the public from the negligence of public officers in failing to timely file claims in favor of the public's interests.' [*United States v. Telluride Co.,* 146 F.3d 1241, 1246 n.7 (10th Cir. 1998)]; *see also Guar. Trust Co. of New York v. United States*, 304 U.S. 126, 132–33 (1938) (public policy generally supports not imposing laches or statutes of limitations on the government).  And we have also recognized that equitable claims are usually not subject to statutes of limitations.  *See Telluride*, 146 F.3d at 1245.

*Kokesh*, 2016 WL 4437585 at *2.

CERTIFICATE OF SERVICE

I certify that on August 24, 2016, a copy of the foregoing document was emailed to

Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Jonathan Harris
Reid Skibell
David Deitch
Alexander Sakin
S. Gabriel Hayes-Williams
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(Counsel for Relief Defendants).


s/ *Mark L. Williams*
Mark L. Williams