DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    Relief Defendants. | Civil No. 3:15cv675 (JBA)<br><br>September 2, 2016 |

**RULING DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH NOTICE OF DEPOSITION**

Plaintiff, the United States Securities and Exchange Commission (the "SEC"), noticed the deposition of Defendant, Iftikar Ahmed, for June 16, 2016 to be held at the United States Attorney's Office in Bridgeport, Connecticut, or the U.S. Marshals Service pretrial detention facility. On May 31, 2016, Defendant moved [Doc. # 238] for a protective order that the deposition not be held and that the SEC's notice of deposition be quashed. Defendant's motion was still pending on the date the deposition was to occur, and

Defendant did not appear for the deposition. *See* Fed. R. Civ. P. 37(d)(2). For the following reasons, Defendant's motion is DENIED.

## I. Discussion

Defendant's motion urges the Court to order that his deposition previously scheduled for June 16, 2016 not be held. He articulates three grounds for his motion.

First, Defendant states that he "is currently outside the United States of America and cannot legally return," having been arrested in India for unlawful entry into India. (Def.'s Mot. [Doc. # 238] at 2.) However, Defendant's inability to return to the United States to sit for his deposition is a consequence of his own making, having fled the U.S. in violation of the terms of his release on bond in *United States v. Kanodia et al.*, 15-10131-NMG (D. Mass). While his circumstances present a logistical impediment to his physical presence at a deposition in the U.S., it is no ground for prohibiting the deposition to be taken. In fact, Defendant alternatively proposes a deposition by remote means or at offices of his legal counsel in India.

Second, Defendant asks the "Court to quash all depositions until the Defendant receives and has a chance to review all investigative material" in possession of the SEC relating to this case. (Def.'s Mot. at 1-2) The Court has denied [Doc. # 286] Defendant's Motion for Full Access to SEC's Investigative File unless and until he returns to the United States and enters into appropriate protective orders. Thus, because Defendant has done neither, he will be required to submit to a deposition without having had the opportunity to review this material.

Third, Defendant recognizes that he "is now faced with the dilemma . . . of either choosing to make statements that could be used against him in his criminal case, or

suffering an adverse inference if he refuses to answer questions at his deposition." (Def.'s Mot. ¶ 3.) However, the fact that Defendant will have to choose between making potentially incriminating statements or invoking his Fifth Amendment right does not constitute grounds for precluding his deposition. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97–98 (2d Cir. 2012) (quoting *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)) ("A defendant in a civil proceeding who invokes the Fifth Amendment as a result of an overlapping criminal investigation or proceeding risks the adverse inference arising from his or her assertion of the privilege.") (internal citations and quotation marks omitted).

## II. Conclusion

For the foregoing reasons, Defendant's Motion for a Protective Order and Motion to Quash Notice of Deposition is DENIED. Defendant's suggestion of alternative means for conducting the deposition, under the current circumstances, presents the best manner in which this deposition can be taken, and parallels the District Court of Massachusetts' order directing the SEC to take Defendant's deposition either in India, or by videoconference. Order [Doc. # 109] at 3-4, *SEC v. Kanodia et al.*, No. 1:15-CV-13042 (ADB). The SEC may re-notice Defendant's deposition to be taken by either means and shall coordinate its arrangements with the parallel arrangements in the District of Massachusetts case.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 2nd day of September 2016.

3