UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br>               Plaintiff, <br><br>     v. <br><br> IFTIKAR AHMED, <br><br>               Defendant, and <br><br> IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, <br><br>               Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA) |

## DEFENDANT'S RESONSE TO PLAINTIFF'S OPPOSITION TO HIS MOTION FOR INCLUSION OF ALL UNTAINTED ASSETS CURRENTLY HELD BY OAK TO COMPLY WITH THE ESTEEMED COURT'S TEMPORARY RESTRAINING ORDER OF MAY 07TH, 2015

       Defendant Iftikar Ahmed respectfully submits the following reply to the Plaintiff's

opposition [Doc #315] to his original prayer for inclusion of his 100% untainted assets -

currently being inappropriately assumed and held by Oak Investment Partners in violation of this

esteemed Court's orders - under the Temporary Restraining Order Freezing Assets And

Providing For Other Ancillary Relief, And Order Setting Preliminary Injunction Hearing [Document #9 dated 7th of May 2015].   The Plaintiff's opposition is fraught with confused ignorance and deceptive conclusions as it would be expected of them by now.

At the core of this argument is the word "*distribution*".   The Defendant seeks the consent of this esteemed Court to place an independent third party definition of this word as it would relate to this debate in a financial context.

> **distribution**
>
> *Securities:  Payment of principal, interest, or dividend by the issuer of a security to the security holders, on a regular (typically monthly or quarterly) basis*
> *Source: http://www.businessdictionary.com/definition/distribution.html*

1.      As has been demonstrated over and over again, the Plaintiff simply makes outrageous and blatantly false assertions with absolutely no burden of proof.   The Plaintiff states "Mr. Ahmed then sought to access frozen accounts in violation of this Court's Temporary Restraining Order, and in violation of the stipulation Mr. Ahmed had previously entered into with the SEC."   The fact is, the Defendant has **never** tried to access any of his frozen funds in any manner or form whatsoever; and only petitioned this esteemed Court for funds to be released for his medical treatment, which this esteemed Court affirmatively ordered despite the Plaintiff's opposition. The Plaintiff simply continues to lie and mislead the Court.   The Plaintiff offers no real evidence in making this blatantly false assertion.

2.      The Plaintiff again misstates the truth, claiming "Mr. Ahmed now announces that he is owed money from Oak".  Indeed, if that were to be the case, the Plaintiff should surely be amused to hear that the K-1s issued by Oak may indeed be such similarly fabricated

"announcements" as well and, as the guardians of Law, the Defendant would hope that they would take appropriate action against such fabricated "announcements" as they like to call them. Please refer to **Exhibit 1** to see the K-1s issued for 2015 **by** Oak to the Defendant.   The Defendant only took the numbers from the Oak issued K-1s and petitioned the esteemed Court and did not make up any "announcements" asking that the legitimate investment returns and distributions be placed in a **frozen** joint account pending the outcome of this dispute.

3.      The Plaintiff again distorts the truth and, hence, asserts "Mr. Ahmed appears to vastly overstate both the value of the alleged interests…".   *Au contraire*.   The Defendant had made it amply clear both in his written motion as well in the caption of the illustrative exhibit that the valuation exercise was based on an **assumption** that the funds doubled in value over their lifetime of investing and harvesting as is the accepted industry practice.

> *Extract from Doc # 303: "With very conservative **assumptions**, the total value of the Defendant's vested Carried Interest across these funds is material and significant – easily in the $60 Million range even with very conservative market **assumptions**.   The **illustrative** analysis on how this number is arrived at is attached herewith as **Exhibit 2**" (emphasis added).*

The Plaintiff predictably ignores the thrice repeated references that the valuation was merely an illustration and based on certain market practice assumptions.

Maybe the Plaintiff would have been more impressed if the Defendant in fact took Oak's own internal forecasts of the total value of GP (General Partner) carried interest for **Oak XII of $1.3 Billion** (of which the Defendant was 82% vested in his 8% carry allocation); for **Oak XI of $346 Million** (of which the Defendant was 91% vested in his 2% carry allocation); and for **Oak X of $442 Million** (of which the Defendant was 100% vested in his 2% carry allocation).

These internal Oak numbers and projections (which hopefully won't trigger the Plaintiff's fabrication radar once again!) would actually yield a value of roughly **$99.3 MM**– significantly higher than the Defendant's illustrative number of $60 MM!    And, that too, before including the Oak XIII carried interest calculations in this figure.   Refer **Exhibit 2** for the authentic Oak internal projections and carried interest calculations for the General Partners.

4.      The Defendant has not given up his claims on any of his Oak interests.   These assets, as all parties seem to be in agreement with, are frozen and hence not forfeited.    Contrary to the Plaintiff's misguided assertions, the frozen Oak assets are still assets that will be available for any alleged victim's restitution.   These are understandably illiquid assets – but they do monetize and become liquid assets over time.   Since the initial freeze in May 2015, demonstrably some of those illiquid investments and assets have indeed become liquid and have been realized and monetized.   Hypothetically, if tomorrow, in a windfall, all of Oak's illiquid assets were to be monetized or if one of their private companies ended up being a Google or a Facebook would such liquid assets and the value attributable to the Defendant not be available for restitution of the alleged victims, hypothetically assuming all of the Plaintiff's charges were to be true?

5.      It is indisputable and beyond any reasonable doubt that the assets held at Oak have value – neigh, have significant value. The goal of the motion was not to dispute the value of those assets but rather (i) to ensure that these assets are frozen under this Honorable Court's Freeze Order and counted as part of the pool of assets belonging to the Defendant and the Relief Defendant; and (ii) to seek the Court's order to move all the liquid assets arising from those illiquid assets into a frozen financial institution joint account as those assets are both untainted and have been legitimately earned by the Defendant.

4

6.      The valuation of these assets will surely will be a topic of forensic accounting and valuation expertise that both the Defendant and the Plaintiff may not possess and the Defendant looks forward to that day in Court.  However, it would be instructive to note that Oak does have an almost 40-year operating history and valuations were done at least quarterly if not more frequently.   The Defendant does know a thing or two about statistics and correlations.    Any Oak fund's valuations would closely mirror the tech-heavy NASDAQ index and the high positive correlation would be glaringly obvious to anyone for the period preceding Q1 2015.   It indeed would be an interesting day in Court to study either the adherence or a sudden black swan divergence therefrom after Q1 2015!

7.      The fact of the matter remains that Ok has issued K-1s to the Defendant for the purposes of filing his taxes.   These K-1s (**Exhibit 1** mentioned above) show a total of roughly $2 MM in distributions for 2015 alone.    The Defendant had only received around $900K of this amount till April 2015.   Thus, Oak is holding on to over $1.1 MM of distributable cash that are totally untainted and uncontested.   Yet, the Defendant would be obligated to pay taxes on these amounts reported but not received.    The irony here is the following questions: Are the K-1s true and has Oak violated the Court order that stipulates that it must alert the SEC prior to making any distribution of any investment or assets belonging to the Defendant?    The very fact that these K-1s have been issued to the Defendant proves that the distributions have been made (else, how can they be reported to the IRS via the K-1s?) and yet not been declared to the Plaintiff or the Court and also not been transferred to the Defendant.  The K-1s have to reflect the reality – either the distributions have been made **or** not been made.   They cannot be made for the sake of the K-1s and IRS reporting but NOT being made as reported to this esteemed Court or to the Plaintiff!

8.      Oak has also paid its partners to comply with their tax liabilities arising out of such cash distributions.  Hence, the Defendant should have received not just the $2MM of distributions per the K-s for 2015 but also, as in the past, taxes due on that amount.

9.      The Plaintiff asserts "the carried interest issue has already been litigated".   Yet that is an arrogant assertion aimed at assuming legal supremacy as the issue of the Defendant's carried interests and other economic interests at Oak has not been litigated at all, and only a vague and arguably erroneous definition of carried interest was provided to this esteemed Court by an Oak representative (being a vested party with selfish interest in manipulating that definition) during the July 2015 Preliminary Injunction Hearing.     It is yet another example of the Plaintiff trying to establish a *fait accompli* argument to cover for its weak, if any, justifications to argue its case.

10.     The truth of the matter is that Oak has resorted to disproportionate and illegitimate self-help to the tune of over a hundred Million dollars of assets that belonged to the Defendant at the time of this esteemed Court's TRO.  This point was conveniently left unaddressed by the Plaintiff as much as it was at the very core the original motion.

        This self-help by Oak and the subsequent refusal by the Plaintiff to allow for the distributions to be made and also the exclusion of the Defendant's legitimately earned and vested interests at Oak under the Freeze Order (in direct violation of this esteemed Court's order) makes a mockery of the rights as enshrined in the US Constitution against being twice punished for the same conduct.   The alleged conduct leads to the punishment meted out by Oak in that it unilaterally takes possession of the Defendant's vested and earned assets at Oak – call it forfeiture or anything else.  It is nothing but punishment for those alleged acts.   Not including

that punishment unilaterally imposed by Oak in any decision made by the Court would make Oak an extra-judicial authority and also cause double jeopardy on the Defendant and thus trigger a serious violation of the US Constitution itself.

The Plaintiff prefers to remain silent on this critical issue of potential double jeopardy and the silence is both telling and disturbing for a professed guardian of the Law and the US Constitution.   Oak claims to be a "victim" and yet remains in possession of substantial assets – both liquid and illiquid - that they alone decide on how to value.   A case of a victim, a judge, an arbitrator, a valuation expert, and an adjudicator all in one!   A pronounced and extreme case of *praeiudicium*.

11.     The Defendant's original motion [Doc #303] was **not** aimed at transferring any of the earned and vested carried interest, IPP, or equity from Oak.    Those are all illiquid assets.    The Plaintiff clearly twists the facts in a bid to confuse the Courts as it has absolutely no legal basis to oppose the Defendant's original motion at all.  The Defendant's original motion is very simple and straightforward – a prayer to order Oak to transfer the liquid and monetized **distributions** (please refer to the third party independent definition) as reflected in the Oak issued K-1s to a frozen untainted joint account.

In fact, in the absence of any K-1s which come only in the following year, the same arrangement should be ordered on Oak for calendar year 2016 and beyond till the resolution of this dispute.  The Defendant prays to this Honorable Court to order Oak to both declare any distributions made thus far in 2016 and to transfer all such distributions into a frozen joint untainted account.

**WHEREFORE**, the Defendant again humbly submits and respectfully requests that this motion be immediately granted in its entirety together with such other and further relief as the Court may deem to be necessary and proper so that the liquid assets and monies that are currently being improperly retained by Oak be immediately transferred to a frozen joint account and all illiquid assets be adequately covered by this Court's Temporary Restraining Order dated 07th May 2016 at 18:50 Hours US EDT.

Respectfully Submitted,

Dated:          October 10th, 2016          /s/ Iftikar Ahmed

_____

Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East, Ground Floor
Behind Kanpur Leather House
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com
*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Nicholas P. Heinke
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Mark L. Williams
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

Alexander Sakin
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 461-2279
Fax: (212) 202-6206
Email: asakin@sc-harris.com

David B. Deitch
Harris, St. Laurent & Chaudhry LLP VA
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3549
Fax: (703) 935-0349
Email: ddeitch@sc-harris.com

Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

Dated:      October 10th, 2016      /s/ Iftikar Ahmed

                                          _____

                                          Iftikar A. Ahmed
                                          C/O Advocate Anil Sharma
                                          10 Government Place East, Ground Floor
                                          Behind Kanpur Leather House
                                          Kolkata 700069, India
                                          Tel: +91.98.30.089.945
                                          Email: iftyahmed@icloud.com

                                          *Pro Se*

# EXHIBIT 1

651113

**Schedule K-1**
**(Form 1065)**

20**15**

Department of the Treasury
Internal Revenue Service

☐ Final K-1    ☐ Amended K-1    OMB No. 1545-0123

For calendar year 2015, or tax
year beginning _____, 2015
ending _____, 20 _____

## Partner's Share of Income, Deductions, Credits, etc.
► See back of form and separate instructions.

| Part III | Partner's Share of Current Year Income, Deductions, Credits, and Other Items |
|---|---|

| | | | |
|---|---|---|---|
| 1 | Ordinary business income (loss) | 15 | Credits |
| 2 | Net rental real estate income (loss) | | |
| 3 | Other net rental income (loss) | 16 | Foreign transactions |
| | | A | VARIOUS |
| 4 | Guaranteed payments | B | 2,093 |
| 5 | Interest income  107 | D | 1,986 |
| 6a | Ordinary dividends  1,986 | | |
| 6b | Qualified dividends | | |
| 7 | Royalties | | |
| 8 | Net short-term capital gain (loss)  NONE | | |
| 9a | Net long-term capital gain (loss)  (7,041) | 17 | Alternative minimum tax (AMT) items |
| 9b | Collectibles (28%) gain (loss) | | |
| 9c | Unrecaptured section 1250 gain | | |
| 10 | Net section 1231 gain (loss) | 18 | Tax-exempt income and nondeductible expenses |
| 11 | Other income (loss)  F*  (1) | | |
| | | 19 | Distributions |
| 12 | Section 179 deduction | A | 570,216 |
| 13 | Other deductions  K  44 | 20 | Other information |
| | | A | 2,093 |
| | | B | 44 |
| 14 | Self-employment earnings (loss) | | |

### Part I  Information About the Partnership

**A** Partnership's employer identification number

**B** Partnership's name, address, city, state, and ZIP code
OAK ASSOCIATES X, LLC

**C** IRS Center where partnership filed return
E-FILE

**D** ☐ Check if this is a publicly traded partnership (PTP)

### Part II  Information About the Partner

**E** Partner's identifying number

**F** Partner's name, address, city, state, and ZIP code
AHMED, IFTIKAR A.

**G** ☐ General partner or LLC member-manager   ☒ Limited partner or other LLC member

**H** ☒ Domestic partner   ☐ Foreign partner

**I1** What type of entity is this partner?  INDIVIDUAL

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here  ☐

**J** Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 0.823578 % | 1.024577 % |
| Loss | 0.823578 % | 1.024577 % |
| Capital | 1.024644 % | 1.024644 % |

**K** Partner's share of liabilities at year end:

| | | |
|---|---|---|
| Nonrecourse | $ | 1,847 |
| Qualified nonrecourse financing | $ | |
| Recourse | $ | |

**L** Partner's capital account analysis:

| | | |
|---|---|---|
| Beginning capital account | $ | 1,361,467 |
| Capital contributed during the year | $ | NONE |
| Current year increase (decrease) | $ | (615,833) |
| Withdrawals & distributions | $ ( | 570,216 ) |
| Ending capital account | $ | 175,418 |

☐ Tax basis   ☒ GAAP   ☐ Section 704(b) book
☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes   ☒ No
If "Yes," attach statement (see instructions).

*See attached statement for additional information.

For IRS Use Only

P8568B140552 05/16/2016 09:04

Partner #  INV0043

651113

OMB No. 1545-0123

| Schedule K-1 (Form 1065) | 20**15** | □ Final K-1    □ Amended K-1 |
|---|---|---|

**Part III  Partner's Share of Current Year Income, Deductions, Credits, and Other Items**

Department of the Treasury
Internal Revenue Service

For calendar year 2015, or tax
year beginning _____ , 2015
ending _____ , 20 _____

## Partner's Share of Income, Deductions, Credits, etc.
► See back of form and separate instructions.

| **Part I  Information About the Partnership** |
|---|
| **A**  Partnership's employer identification number |
| ▮ |
| **B**  Partnership's name, address, city, state, and ZIP code |
| OAK ASSOCIATES XI, LLC |
| ▮ |
| **C**  IRS Center where partnership filed return |
| E-FILE |
| **D** □ Check if this is a publicly traded partnership (PTP) |

| **Part II  Information About the Partner** |
|---|
| **E**  Partner's identifying number |
| ▮ |
| **F**  Partner's name, address, city, state, and ZIP code |
| AHMED, IFTIKAR A. |
| ▮ |

**G** □ General partner or LLC member-manager   [X] Limited partner or other LLC member

**H** [X] Domestic partner   □ Foreign partner

**I1** What type of entity is this partner?  INDIVIDUAL

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here □

**J** Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 1.629675 % | 1.628863 % |
| Loss | 1.629675 % | 1.628863 % |
| Capital | 1.629676 % | 1.629676 % |

**K** Partner's share of liabilities at year end:

| | | |
|---|---|---|
| Nonrecourse | $ | 133,191 |
| Qualified nonrecourse financing | $ | |
| Recourse | $ | |

**L** Partner's capital account analysis:

| | | |
|---|---|---|
| Beginning capital account | $ | 243,094 |
| Capital contributed during the year | $ | NONE |
| Current year increase (decrease) | $ | (146,531) |
| Withdrawals & distributions | $ ( | NONE ) |
| Ending capital account | $ | 96,563 |

□ Tax basis   [X] GAAP   □ Section 704(b) book
□ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
□ Yes   [X] No
If "Yes," attach statement (see instructions)

| # | Item | Amount | # | Item | Amount |
|---|---|---|---|---|---|
| 1 | Ordinary business income (loss) | | 15 | Credits | |
| 2 | Net rental real estate income (loss) | | | | |
| 3 | Other net rental income (loss) | | 16 | Foreign transactions | |
| 4 | Guaranteed payments | | | | |
| 5 | Interest income | 220 | | | |
| 6a | Ordinary dividends | 4,406 | | | |
| 6b | Qualified dividends | 4,406 | | | |
| 7 | Royalties | | | | |
| 8 | Net short-term capital gain (loss) | | | | |
| 9a | Net long-term capital gain (loss) | (1,994) | 17 | Alternative minimum tax (AMT) items | |
| 9b | Collectibles (28%) gain (loss) | | | | |
| 9c | Unrecaptured section 1250 gain | | | | |
| 10 | Net section 1231 gain (loss) | | 18 | Tax-exempt income and nondeductible expenses | |
| 11 | Other income (loss) | | | | |
| | | | 19 | Distributions | |
| 12 | Section 179 deduction | | | | |
| 13 | Other deductions | | 20 | Other information | |
| K* | | 1,213 | A | | 4,626 |
| | | | B | | 1,213 |
| 14 | Self-employment earnings (loss) | | | | |

*See attached statement for additional information.

For IRS Use Only

| | |
|---|---|
| For Paperwork Reduction Act Notice, see Instructions for Form 1065. | IRS.gov/form1065  Cat. No. 11394R  Schedule K-1 (Form 1065) 2015 |

P8569B140556 05/16/2016 09:37

Partner # INV0043

651113

| **Schedule K-1**<br>**(Form 1065)** | 20**15** | ☐ Final K-1   ☐ Amended K-1 | OMB No. 1545-0123 |
|---|---|---|---|

Department of the Treasury
Internal Revenue Service

For calendar year 2015, or tax
year beginning _____ , 2015
ending _____ , 20

## Partner's Share of Income, Deductions, Credits, etc.
► See back of form and separate instructions.

### Part I  Information About the Partnership

**A**  Partnership's employer identification number

▮▮▮▮▮▮

**B**  Partnership's name, address, city, state, and ZIP code
OAK ASSOCIATES XI-A, LLC
▮▮▮▮▮▮▮▮▮

**C**  IRS Center where partnership filed return
E-FILE

**D**  ☐ Check if this is a publicly traded partnership (PTP)

### Part II  Information About the Partner

**E**  Partner's identifying number
▮▮▮▮▮▮

**F**  Partner's name, address, city, state, and ZIP code
AHMED, IFTIKAR A.
▮▮▮▮▮▮▮

**G**  ☐ General partner or LLC member-manager    ☒ Limited partner or other LLC member

**H**  ☒ Domestic partner    ☐ Foreign partner

**I1**  What type of entity is this partner?  INDIVIDUAL

**I2**  If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here . . . . . . . . . . . ☐

**J**  Partner's share of profit, loss, and capital (see instructions):

|  | Beginning | Ending |
|---|---|---|
| Profit | 1.631227 % | 1.629922 % |
| Loss | 1.631227 % | 1.629922 % |
| Capital | 1.629680 % | 1.629680 % |

**K**  Partner's share of liabilities at year end:

| | | |
|---|---|---|
| Nonrecourse | $ | |
| Qualified nonrecourse financing | $ | |
| Recourse | $ | |

**L**  Partner's capital account analysis:

| | | |
|---|---|---|
| Beginning capital account | $ | 203,742 |
| Capital contributed during the year | $ | NONE |
| Current year increase (decrease) | $ | (25,612) |
| Withdrawals & distributions | $ ( | NONE ) |
| Ending capital account | $ | 178,130 |

☐ Tax basis    ☒ GAAP    ☐ Section 704(b) book
☐ Other (explain)

**M**  Did the partner contribute property with a built-in gain or loss?
☐ Yes    ☒ No
If "Yes," attach statement (see instructions)

### Part III  Partner's Share of Current Year Income, Deductions, Credits, and Other Items

| | | | | |
|---|---|---|---|---|
| 1 | Ordinary business income (loss) | | 15 | Credits |
| 2 | Net rental real estate income (loss) | | | |
| 3 | Other net rental income (loss) | | 16 | Foreign transactions |
| 4 | Guaranteed payments | | | |
| 5 | Interest income | 56 | | |
| 6a | Ordinary dividends | 8,398 | | |
| 6b | Qualified dividends | 8,398 | | |
| 7 | Royalties | | | |
| 8 | Net short-term capital gain (loss) | | | |
| 9a | Net long-term capital gain (loss) | (3,871) | 17 | Alternative minimum tax (AMT) items |
| 9b | Collectibles (28%) gain (loss) | | | |
| 9c | Unrecaptured section 1250 gain | | | |
| 10 | Net section 1231 gain (loss) | | 18 | Tax-exempt income and nondeductible expenses |
| 11 | Other income (loss) | | | |
| | | | 19 | Distributions |
| 12 | Section 179 deduction | | | |
| 13 | Other deductions | | 20 | Other information |
| | K* | 2,354 | | |
| | | | A | 8,454 |
| | | | B | 2,354 |
| 14 | Self-employment earnings (loss) | | | |

*See attached statement for additional information.

For IRS Use Only

For Paperwork Reduction Act Notice, see Instructions for Form 1065.      IRS.gov/form1065      Cat. No. 11394R      **Schedule K-1 (Form 1065) 2015**

P8570B140558 05/16/2016 09:47

Partner #  INV0043

651113

| Schedule K-1 (Form 1065) | 2015 | | |
|---|---|---|---|

Department of the Treasury
Internal Revenue Service

For calendar year 2015, or tax
year beginning _____ , 2015
ending _____ , 20 ____

☐ Final K-1    ☐ Amended K-1                OMB No. 1545-0123

## Partner's Share of Income, Deductions, Credits, etc.
► See back of form and separate instructions.

**Part III  Partner's Share of Current Year Income, Deductions, Credits, and Other Items**

| | Part I   Information About the Partnership | | |
|---|---|---|---|

**A** Partnership's employer identification number

███████████

**B** Partnership's name, address, city, state, and ZIP code

OAK ASSOCIATES XII, LLC

███████████████████████

**C** IRS Center where partnership filed return

E-FILE

**D** ☐ Check if this is a publicly traded partnership (PTP)

| | Part II   Information About the Partner | | |
|---|---|---|---|

**E** Partner's identifying number

████████████

**F** Partner's name, address, city, state, and ZIP code

AHMED, IFTIKAR A.

███████████████

**G** ☐ General partner or LLC member-manager    ☒ Limited partner or other LLC member

**H** ☒ Domestic partner    ☐ Foreign partner

**I1** What type of entity is this partner?  INDIVIDUAL

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here . . . ☐

**J** Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 8.195300 % | 8.195286 % |
| Loss | 8.195300 % | 8.195286 % |
| Capital | 8.195298 % | 8.195298 % |

**K** Partner's share of liabilities at year end:

| | | |
|---|---|---|
| Nonrecourse | $ | 45,112 |
| Qualified nonrecourse financing | $ | |
| Recourse | $ | |

**L** Partner's capital account analysis:

| | | |
|---|---|---|
| Beginning capital account | $ | 24,097,294 |
| Capital contributed during the year | $ | - |
| Current year increase (decrease) | $ | (5,629,138) |
| Withdrawals & distributions | $ ( | 691,391 ) |
| Ending capital account | $ | 17,776,765 |

☐ Tax basis   ☒ GAAP   ☐ Section 704(b) book
☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes   ☒ No
If "Yes," attach statement (see instructions)

Part III items:

| 1 | Ordinary business income (loss) | 15 | Credits | |
|---|---|---|---|---|
| 2 | Net rental real estate income (loss) | | | |
| 3 | Other net rental income (loss) | 16 | Foreign transactions | |
| | | A | | OC |
| 4 | Guaranteed payments | B | | 2,293,840 |
| 5 | Interest income | C | | 2,293,840 |
| * | 108,003 | | | |
| 6a | Ordinary dividends | D | | 36,209 |
| 6b | Qualified dividends | I | | 486 |
| 7 | Royalties | | | |
| 8 | Net short-term capital gain (loss) | | | |
| | (9,679) | | | |
| 9a | Net long-term capital gain (loss) | 17 | Alternative minimum tax (AMT) items | |
| | 871,020 | | | |
| 9b | Collectibles (28%) gain (loss) | | | |
| 9c | Unrecaptured section 1250 gain | | | |
| 10 | Net section 1231 gain (loss) | 18 | Tax-exempt income and nondeductible expenses | |
| 11 | Other income (loss) | | | |
| | | 19 | Distributions | |
| 12 | Section 179 deduction | A | | 691,391 |
| 13 | Other deductions | 20 | Other information | |
| K* | 29,973 | | | |
| L* | 27 | A | | 108,003 |
| 14 | Self-employment earnings (loss) | B | | 30,000 |
| | | V* | | SEE STMT |
| | | * | | SEE STMT |

*See attached statement for additional information.

For IRS Use Only

---

For Paperwork Reduction Act Notice, see Instructions for Form 1065.          IRS.gov/form1065          Cat. No. 11394R          Schedule K-1 (Form 1065) 2015

651113

**Schedule K-1**
**(Form 1065)**

20**15**

OMB No. 1545-0123

☐ Final K-1   ☐ Amended K-1

Department of the Treasury
Internal Revenue Service

For calendar year 2015, or tax
year beginning _____, 2015
ending _____, 20 _____

## Partner's Share of Income, Deductions, Credits, etc. ▶ See back of form and separate instructions.

| **Part III** | **Partner's Share of Current Year Income, Deductions, Credits, and Other Items** |
|---|---|

| | | | |
|---|---|---|---|
| 1 | Ordinary business income (loss) | 15 | Credits |
| 2 | Net rental real estate income (loss) | | |
| 3 | Other net rental income (loss) | 16 | Foreign transactions |
| | | A | OC |
| 4 | Guaranteed payments | B | 91,389 |
| 5 | Interest income | C | 91,389 |
| * | 4,365 | | |
| 6a | Ordinary dividends | D | 1,440 |
| 6b | Qualified dividends | | |
| | | I | 664 |
| 7 | Royalties | | |
| 8 | Net short-term capital gain (loss) | | |
| | (385) | | |
| 9a | Net long-term capital gain (loss) | 17 | Alternative minimum tax (AMT) items |
| | 34,677 | | |
| 9b | Collectibles (28%) gain (loss) | | |
| 9c | Unrecaptured section 1250 gain | | |
| 10 | Net section 1231 gain (loss) | 18 | Tax-exempt income and nondeductible expenses |
| 11 | Other income (loss) | | |
| A* | - | | |
| | | 19 | Distributions |
| 12 | Section 179 deduction | A | 738,230 |
| 13 | Other deductions | 20 | Other information |
| K* | 44,136 | A | 4,365 |
| L* | 37 | B | 44,173 |
| 14 | Self-employment earnings (loss) | V* | SEE STMT |
| | | * | SEE STMT |

### Part I  Information About the Partnership

**A** Partnership's employer identification number

▇▇▇▇▇▇▇

**B** Partnership's name, address, city, state, and ZIP code
OAK ASSOCIATES XII-A, LLC
▇▇▇▇▇▇▇▇▇▇▇▇▇

**C** IRS Center where partnership filed return
E-FILE

**D** ☐ Check if this is a publicly traded partnership (PTP)

### Part II  Information About the Partner

**E** Partner's identifying number
▇▇▇▇▇▇

**F** Partner's name, address, city, state, and ZIP code
AHMED, IFTIKAR A.
▇▇▇▇▇▇▇▇▇▇

**G** ☐ General partner or LLC member-manager  ☒ Limited partner or other LLC member

**H** ☒ Domestic partner  ☐ Foreign partner

**I1** What type of entity is this partner?  INDIVIDUAL

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here  ☐

**J** Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 8.195264 % | 8.194554 % |
| Loss | 8.195264 % | 8.194554 % |
| Capital | 8.195286 % | 8.195286 % |

**K** Partner's share of liabilities at year end:

| | | |
|---|---|---|
| Nonrecourse | $ | |
| Qualified nonrecourse financing | $ | |
| Recourse | $ | |

**L** Partner's capital account analysis:

| | | |
|---|---|---|
| Beginning capital account | $ | 2,332,369 |
| Capital contributed during the year | $ | - |
| Current year increase (decrease) | $ | (267,004) |
| Withdrawals & distributions | $ ( | 738,230 ) |
| Ending capital account | $ | 1,327,135 |

☐ Tax basis   ☒ GAAP   ☐ Section 704(b) book
☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes   ☒ No
If "Yes," attach statement (see instructions)

*See attached statement for additional information.

For IRS Use Only

For Paperwork Reduction Act Notice, see Instructions for Form 1065.   IRS.gov/form1065   Cat. No. 11394R   **Schedule K-1 (Form 1065) 2015**

P8572B139916 05/06/2016 15:09

Partner #  INV0043

651113

**Schedule K-1**
**(Form 1065)**

20**15**

☐ Final K-1    ☐ Amended K-1    OMB No. 1545-0123

Department of the Treasury
Internal Revenue Service

For calendar year 2015, or tax
year beginning _____ , 2015
ending _____ , 20 ___

## Partner's Share of Income, Deductions, Credits, etc.    ► See back of form and separate instructions.

| **Part I** | **Information About the Partnership** |
|---|---|

**A**  Partnership's employer identification number

▮▮▮▮▮

**B**  Partnership's name, address, city, state, and ZIP code
OAK ASSOCIATES XIII, LLC

▮▮▮▮▮▮▮▮

**C**  IRS Center where partnership filed return
E-FILE

**D** ☐ Check if this is a publicly traded partnership (PTP)

| **Part II** | **Information About the Partner** |
|---|---|

**E**  Partner's identifying number
▮▮▮▮▮

**F**  Partner's name, address, city, state, and ZIP code
AHMED, IFTIKAR A.
▮▮▮▮▮▮

**G** ☐ General partner or LLC member-manager   ☒ Limited partner or other LLC member

**H** ☒ Domestic partner   ☐ Foreign partner

**I1**  What type of entity is this partner?  INDIVIDUAL

**I2**  If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ☐

**J**  Partner's share of profit, loss, and capital (see instructions):

|  | Beginning | Ending |
|---|---|---|
| Profit | 8.903928 % | 8.903947 % |
| Loss | 8.903928 % | 8.903947 % |
| Capital | 8.903931 % | 8.903931 % |

**K**  Partner's share of liabilities at year end:

| | | |
|---|---|---|
| Nonrecourse | $ | 31,444 |
| Qualified nonrecourse financing | $ | |
| Recourse | $ | |

**L**  Partner's capital account analysis:

| | | |
|---|---|---|
| Beginning capital account | $ | 1,666,204 |
| Capital contributed during the year | $ | 46,301 |
| Current year increase (decrease) | $ | (334,456) |
| Withdrawals & distributions | $ ( | NONE ) |
| Ending capital account | $ | 1,378,049 |

☐ Tax basis   ☒ GAAP   ☐ Section 704(b) book
☐ Other (explain)

**M**  Did the partner contribute property with a built-in gain or loss?
☐ Yes   ☒ No
If "Yes," attach statement (see instructions)

| **Part III** | **Partner's Share of Current Year Income, Deductions, Credits, and Other Items** |
|---|---|

| # | Item | | |
|---|---|---|---|
| 1 | Ordinary business income (loss) | **15** | Credits |
| 2 | Net rental real estate income (loss) | | |
| 3 | Other net rental income (loss) | **16** | Foreign transactions |
| | | A | CHINA |
| 4 | Guaranteed payments | B | 5,660 |
| 5 | Interest income     5,660 | D | 4,898 |
| 6a | Ordinary dividends | | |
| 6b | Qualified dividends | | |
| 7 | Royalties | | |
| 8 | Net short-term capital gain (loss) | | |
| 9a | Net long-term capital gain (loss) | **17** | Alternative minimum tax (AMT) items |
| 9b | Collectibles (28%) gain (loss) | | |
| 9c | Unrecaptured section 1250 gain | | |
| 10 | Net section 1231 gain (loss) | **18** | Tax-exempt income and nondeductible expenses |
| 11 | Other income (loss) | C | 52 |
| 12 | Section 179 deduction | **19** | Distributions |
| 13 | Other deductions | | |
| K | 297,111 | **20** | Other information |
| 14 | Self-employment earnings (loss) | A | 5,660 |
| | | B | 297,111 |

*See attached statement for additional information.

For IRS Use Only

P8573B140583 05/16/2016 14:57

Partner #  INV0043

651113

| Schedule K-1<br>(Form 1065) | 20**15** | ☐ Final K-1      ☐ Amended K-1 | OMB No. 1545-0123 |
|---|---|---|---|

**Part III** — **Partner's Share of Current Year Income, Deductions, Credits, and Other Items**

Department of the Treasury
Internal Revenue Service

For calendar year 2015, or tax
year beginning _____ , 2015
ending _____ , 20 ____

## Partner's Share of Income, Deductions, Credits, etc.
▶ See back of form and separate instructions.

| Part III fields | |
|---|---|
| **1** Ordinary business income (loss) | **15** Credits |
| **2** Net rental real estate income (loss) | |
| **3** Other net rental income (loss) | **16** Foreign transactions |
|  | A                CHINA |
| **4** Guaranteed payments | B                661 |
| **5** Interest income                661 | D                554 |
| **6a** Ordinary dividends | |
| **6b** Qualified dividends | |
| **7** Royalties | |
| **8** Net short-term capital gain (loss) | |
| **9a** Net long-term capital gain (loss) | **17** Alternative minimum tax (AMT) items |
| **9b** Collectibles (28%) gain (loss) | |
| **9c** Unrecaptured section 1250 gain | |
| **10** Net section 1231 gain (loss) | **18** Tax-exempt income and nondeductible expenses |
| **11** Other income (loss) | C                6 |
|  | **19** Distributions |
| **12** Section 179 deduction | |
| **13** Other deductions | **20** Other information |
| K                33,652 | A                661 |
| **14** Self-employment earnings (loss) | B                33,652 |

### Part I — Information About the Partnership

**A** Partnership's employer identification number
██████

**B** Partnership's name, address, city, state, and ZIP code
OAK ASSOCIATES XIII-A, LLC
██████████████

**C** IRS Center where partnership filed return
E-FILE

**D** ☐ Check if this is a publicly traded partnership (PTP)

### Part II — Information About the Partner

**E** Partner's identifying number

**F** Partner's name, address, city, state, and ZIP code
AHMED, IFTIKAR A.
██████████████

**G** ☐ General partner or LLC member-manager     ☒ Limited partner or other LLC member

**H** ☒ Domestic partner     ☐ Foreign partner

**I1** What type of entity is this partner?  INDIVIDUAL

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here  ☐

**J** Partner's share of profit, loss, and capital (see instructions):

|  | Beginning | Ending |
|---|---|---|
| Profit | 9.603678 % | 9.603669 % |
| Loss | 9.603678 % | 9.603669 % |
| Capital | 9.603524 % | 9.603524 % |

**K** Partner's share of liabilities at year end:

| | |
|---|---|
| Nonrecourse | $ _____ |
| Qualified nonrecourse financing | $ _____ |
| Recourse | $ _____ |

**L** Partner's capital account analysis:

| | |
|---|---|
| Beginning capital account | $ 1,607,835 |
| Capital contributed during the year | $ 136,350 |
| Current year increase (decrease) | $ (37,862) |
| Withdrawals & distributions | $ ( NONE ) |
| Ending capital account | $ 1,706,323 |

☐ Tax basis   ☒ GAAP   ☐ Section 704(b) book
☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes   ☒ No
If "Yes," attach statement (see instructions)

*See attached statement for additional information.

*For IRS Use Only*

For Paperwork Reduction Act Notice, see Instructions for Form 1065.     IRS.gov/form1065     Cat. No. 11394R     Schedule K-1 (Form 1065) 2015

P8574B140584 05/16/2016 15:04                                          Partner #  INV0043

# EXHIBIT  2



**O**AK

INVESTMENT
PARTNERS

*One Gorham Island*
*Westport, CT  06880*
*Telephone: 203-226-8346*
*Fax:  203-227-0372*

---

*Interoffice Memorandum*

---

**TO:**          Meeting Attendees
**DATE:**       Monday, August 23, 2010
**SUBJECT:**    Partners' Meeting

Attached is one document containing the following materials for the Partners' Meeting scheduled for:

**Today at 12:30 p.m. ET (9:30 a.m. PT and 11:30a.m. CT):**

1.  Investment Proposal Status Report
2.  Cash Projections (Oak 6-12)
3.  Board Seats by Partner
4.  Lock up Schedules
5.  Public Company Pricing

***To join the meeting, please call Oak East at***

| **Will call if Schedule Permits** | **Will Call** | **Traveling, Unable to Attend** |
|---|---|---|
| Annie | Ed | Ifty |

**Items for Discussion**
- Oak 10 Cash Shortfall – 01/01/12
- Oak 11 Cash Shortfall – 01/01/14

---

*2010 ANNUAL MEETING*
Thursday, November 11, 2010
**Mandarin Oriental**
Morning Rehearsal; Afternoon Meeting
Oak 13 Val Com Members to Pre-Dinner

CEO Media Panel / Guest Speaker
Arianna Huffington, HuffingtonPost - Confirmed
*Potential:  Demand Media and Federated Media*

CEO Heathcare Panel
Ted Kennedy, Marwood Group - Confirmed
*Potential:  Castlight, Radisphere and UBC*

India Panel / Guest Speaker
Prakash Bajpai, Tikona Digital Networks - Confirmed

*2011 ANNUAL MEETING*
Wednesday, November 16, 2011
**Mandarin Oriental**

*2012 ANNUAL MEETING*
Wednesday, November 14, 2012
**Mandarin Oriental**

*2013 ANNUAL MEETING*
Wednesday, November 13, 2013
**Mandarin Oriental**

---

*2010 VALCOM MEETINGS - DATES*
Wed., October 20, 2010 at 2:00 pm ET

*2011 VALCOM MEETINGS - DATES*
Tues., January 25, 2011 at 2:00 pm ET
Tues., April 19, 2011 at 2:00 pm ET
Wed., July 20, 2011 at 2:00 pm ET
Wed., October 19, 2011 at 2:00 pm ET

*2010 FALL STRATEGY MEETING*
*Wednesday thru Friday (Oct 13 - 15, 2010)*
*Montage – Laguna Beach, CA*
Attendees
Wed. – Fri.:  MPs & GAA
Thurs. – Fri.:  GPs, AK, BH and TD

*2011 SPRING STRATEGY MEETING*
*Monday thru Wednesday (April 11 - 13, 2011)*
*Location: TBD*
Attendees
Mon. – Wed.:  MPs & GAA
Tues. –Wed.:  GPs, AK, BH and TD

*2011 FALL STRATEGY MEETING*
*Tuesday thru Thursday (Oct 18- 20, 2011)*
*Location: TBD*
Attendees
Tues. – Thurs.:  MPs & GAA
Wed. – Thurs.:  GPs, AK, BH and TD

CONFIDENTIAL

**Oak XII - Model Portfolio Grid**

| Company | # of Deals | Total Invested To Date | Investment (Com. / Pend. Close) | (High Prob.) | Projected New | Follow Ons & Reserve | Total Cost (EOF) | % of Total | Reserve % | $MM Per Deal | Sales Dist. To Date | Proj. Exit Value | Proj. Exits (EOF) | Proj. Multiple | Major Industry | Minor Industry | Transaction Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Spec. Sit./Big Deal** | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 8 | 485,422 | | | | 82,342 | 567,763 | 25 % | 17 % | 70,970 | 85,874 | 1,297,811 | 1,383,685 | 2.44 | | | |
| **Later** | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 13 | 502,423 | | | | 102,335 | 604,757 | 26 % | 20 % | 46,520 | 74,810 | 1,670,436 | 1,745,246 | 2.89 | | | |
| **Mid** | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 9 | 313,060 | | | | 101,184 | 414,244 | 18 % | 32 % | 46,027 | 68,035 | 1,194,164 | 1,262,199 | 3.05 | | | |
| **Early** | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 19 | 443,075 | | | | 261,490 | 704,566 | 31 % | 59 % | 37,082 | 1,853 | 2,453,535 | 2,455,388 | 3.48 | | | |
| GRAND TOTAL | 49 | 1,743,980 | | | | 547,350 | 2,291,330 | 100 % | 31 % | 46,762 | 230,571 | 6,615,946 | 6,846,517 | 2.99 | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| *Total Committed Capital* | | | | | | 2,560,606 | | | |
| % of Commitments | | | 68.1 % | 0.0 % | 0.0 % | 0.0 % | 21.4 % | 89.5 % | |
| Investments (Tracking) | 5 | | | | | 180,250 | 32,250 | 212,500 | |
| Grand Total Including Tracking | | 1,743,980 | | | | 180,250 | 579,600 | 2,503,830 | |
| % Commitments Including Tracking | 54 | 68.1 % | | 0.0 % | 0.0 % | 7.0 % | 22.6 % | 97.8 % | |

| | | | | | |
|---|---|---|---|---|---|
| | 630,000 | 630,000 | 2.96 | | |
| 230,571 | 7,245,946 | 7,476,517 | 2.99 | | |

| | Projected Distributions | | Gain Allocation | |
|---|---|---|---|---|
| Limited Partners | 6,227.22 | 82.7 % | 3,692.22 | 74.3 % |
| General Partners | 1,306.07 | 17.3 % | 1,280.47 | 25.8 % |
| Total Fund | 7,533.29 | 100.0 % | 4,972.69 | 100.0 % |

Printed: 8/23/2010 11:07:14 AM

CONFIDENTIAL

Oak XII

Oak XI - Model Portfolio Grid

| Company | # of Deals | Total Invested To Date | Reviewed (Com. / Pend. Close) | Pipeline (High Prob.) | Projected New | Follow Ons & Reserve | Total Cost (EOF) | % of Total | Reserv e % | SMM Per Deal | Sales / Dist. To Date | Proj. Exit Value | Proj. Realiz. Exits (EOF) | Proj. Gross Multi ple | Major Industry | Minor Industry | Transaction Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Spec. Sit./Big Deal** | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 11 | 505,665 | | | | | 505,665 | 33 % | 0 % | 45.970 | 199,612 | 933,252 | 1,132,864 | 2.24 | | | |
| **Later** | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 13 | 442,369 | | | | 13,000 | 455,369 | 30 % | 3 % | 35.028 | 330,999 | 471,269 | 802,268 | 1.76 | | | |
| **Mid** | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 10 | 292,124 | | | | 8,000 | 300,124 | 20 % | 3 % | 30.012 | 64,278 | 353,198 | 417,476 | 1.39 | | | |
| **Early** | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 10 | 258,287 | | | | 11,276 | 269,563 | 18 % | 4 % | 26.956 | 33,811 | 490,155 | 523,966 | 1.94 | | | |
| GRAND TOTAL | 44 | 1,498,445 | | | | 32,276 | 1,530,721 | 100 % | 2 % | 34.789 | 628,701 | 2,247,874 | 2,876,575 | 1.88 | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *Total Committed Capital* | | | | | | | 1,545,455 | | | | | | | | |
| % of Commitments | | 97.0 % | 0.0 % | 0.0 % | 0.0 % | 2.1 % | 99.0 % | | | | | | | | |
| | | | | | | | | | | | | | | | |
| Investments (Tracking) | | | | | | | | | | | | | | | NaN |
| Grand Total Including Tracking | | 1,498,445 | | | | 32,276 | 1,530,721 | | | | 628,701 | 2,247,874 | 2,876,575 | 1.88 | |
| % Commitments Including Tracking | | 97 % | 0.0 % | 0.0 % | 0.0 % | 2.1 % | 99.0 % | | | | | | | | |

| | Projected Distributions | | Gain Allocation | |
|---|---|---|---|---|
| Limited Partners | 2,529.30 | 87.5 % | 999.30 | 74.3 % |
| General Partners | 362.01 | 12.5 % | 346.56 | 25.8 % |
| Total Fund | 2,891.31 | 100.0 % | 1,345.85 | 100.0 % |

CONFIDENTIAL

Oak X & Aff - Model Portfolio Grid

| Company | # of Deals | Total Invested To Date | Active Reserve (Com. / Pend. Close) | Active Reserve (High Prob.) | Projected New | Follow Ons & Reserve | Total Cost (EOF) | % of Total | Reserve % | $MM Per Deal | Sales / Dist. To Date | Proj. Exit Value | Remaining Proj. Exits (EOF) | Proj. Multiple | Major Industry | Minor Industry | Transaction Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Spec. Sit./Big Deal** | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 9 | 479,591 | | | | | 479,591 | 31 % | 0 % | 53,288 | 531,584 | 645,750 | 1,177,333 | 2.45 | | | |
| **Later** | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 16 | 375,420 | | | | 7,000 | 382,420 | 25 % | 2 % | 23,901 | 404,154 | 687,000 | 1,091,154 | 2.85 | | | |
| **Mid** | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 8 | 260,893 | | | | 9,500 | 270,393 | 18 % | 4 % | 33,799 | 172,540 | 350,000 | 522,540 | 1.93 | | | |
| **Early** | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 15 | 357,388 | | | | 18,800 | 376,188 | 25 % | 5 % | 25,079 | 19,990 | 472,869 | 492,859 | 1.31 | | | |
| **Partnership** | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 3 | 13,900 | | | | 100 | 14,000 | 1 % | 1 % | 4,667 | 10,889 | 12,000 | 22,889 | 1.64 | | | |
| GRAND TOTAL | 51 | 1,487,192 | | | | 35,400 | 1,522,592 | 100 % | 2 % | 29,855 | 1,139,167 | 2,167,619 | 3,306,785 | 2.17 | | | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Committed Capital | | | | | | 1,638,713 | | | | | | | |
| % of Commitments | | 90.8 % | 0.0 % | 0.0 % | 0.0 % | 2.2 % | 92.9 % | | | | | | |
| | | | | | | | | | | | | | |
| Investments (Tracking) | | | | | | | | | | | | | NaN |
| Grand Total Including Tracking | | 1,487,192 | | | | 35,400 | 1,522,592 | | | | 1,139,167 | 2,167,619 | 3,306,785 | 2.17 |
| % Commitments Including Tracking | | 90.8 % | 0.0 % | 0.0 % | 0.0 % | 2.2 % | 92.9 % | | | | | | |

| | Projected Distributions | | Gain Allocation | |
|---|---|---|---|---|
| Limited Partners | 2,925.41 | 86.4 % | 1,301.80 | 74.6 % |
| General Partners | 459.09 | 13.6 % | 442.69 | 25.4 % |
| Total Fund | 3,384.50 | 100.0 % | 1,744.49 | 100.0 % |

Printed: 8/23/2010 11:13:35 AM

CONFIDENTIAL

Oak X & Aff