# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>   v.<br><br>IFTIKAR AHMED,<br><br>             Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>              Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA) |

## DEFENDANT'S NOTICE FOR TRANSFER OF INVESTMENT GAINS AND DISTRIBUTIONS FROM THE DEFENDANT'S FROZEN OAK FUNDS TO A FROZEN ACCOUNT OF THE DEFENDANT AT NORTHERN TRUST TO PAY FOR 2015 TAXES ASSOCIATED WITH THOSE INVESTMENT GAINS

      Defendant Iftikar Ahmed respectfully submits the following Notice to the esteemed Court.

The Defendant had originally filed a Motion [Document # 303] on the 6th of September 2016 praying for the inclusion of his frozen assets at Oak under the TRO and for the transfer of his legitimately earned distributions in the year 2015 from his frozen accounts at Oak to his frozen bank accounts at Northern Trust (refer to point #9 of the said motion).

On the 28th of September, 2016, the Plaintiff duly opposed the abovementioned Motion [Document # 315].

On October 10th, 2016, the Defendant submitted his response to the Plaintiff's opposition and point # 7 of that response states, "*The fact of the matter remains that Oak has issued K-1s to the Defendant for the purposes of filing his taxes. These K-1s (Exhibit 1 mentioned above) show a total of roughly $2 MM in distributions for 2015 alone. The Defendant had only received around $900K of this amount till April 2015. Thus, Oak is holding on to over $1.1 MM of distributable cash that are totally untainted and uncontested. Yet, the Defendant would be obligated to pay taxes on these amounts reported but not received.*"

In a parallel situation, on the 9th of November, 2016, the Defendant filed a Motion for the transfer of investment distributions [Document # 333] from Ribbit Capital to a frozen account at Northern Trust.   On 29th of November, 2016, the Plaintiff  consented to the Motion [Document # 345] and subsequently this esteemed Court issued an Order [Document # 352] on the 2nd of December, 2016 ordering the prayed for transfer - please refer to **Exhibit 1**.

|  | RIBBIT | OAK |
|---|---|---|
| Investor | THE ESSELL GROUP, LLC (IFTIKAR A. AHMED is 60% beneficial owner) | IFTIKAR A. AHMED (100% beneficiary) |
| Funds | Ribbit Capital, LP<br>Ribbit Capital II, LP | Oak Associates X, LLC<br>Oak Associates XI, LLC<br>Oak Associates XI-A, LLC<br>Oak Associates XII, LLC<br>Oak Associates XII-A, LLC<br>Oak Associates XIII, LLC<br>Oak Associates XIII-A, LLC |
| Total 2015 Beginning Capital Account | $2,240,017 | $29,904,170 |
| Total 2015 Ending Capital Account | $3,777,143 | $20,932,060 |
| Increase / Decrease in 2015 | 69% | -30% |
| Total Distributions in 2015 CY, per K1s | $406,256 | $1,999,837 |
| Distributions Actually Received | None | ~ $900 K |

The similarities and the parallels between the two motions could not be more clear and unambiguous, yet a table is presented above for the kind consideration of this esteemed Court for comparison.   The Plaintiff has agreed to the transfer in one case but strangely objected in the other.   These two parallel instances only differ in terms of names of the funds, amount of monies, and the fact that the Defendant is a 60% economic beneficiary in one case (Ribbit) and 100% in the other (Oak).   And while the capital accounts of Ribbit actually increased by 69% in value in 2015; Oak's capital account value decreased by 30%.   In a year, when the NASD Index was up 6% for the year!

3

This Notice is submitted to demonstrate the parallels between the two instances and for the esteemed Court to take into consideration its own Order dated 2nd of December, 2016 and, hence, to grant the Defendant's Motion [Document # 303] in total.

Respectfully Submitted,

Dated: December 09th, 2016    s/ Iftikar Ahmed

_____

Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East, Ground Floor
Behind Kanpur Leather House
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com
*Pro Se*

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

| | |
|---|---|
| Nicholas P. Heinke<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1071<br>Email: heinken@sec.gov | Mark L. Williams<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1027<br>Email: williamsml@sec.gov |
| Alexander Sakin<br>Harris, St. Laurent & Chaudhry LLP<br>40 Wall Street, 53rd Floor<br>New York, NY 10005<br>(646) 461-2279<br>Fax: (212) 202-6206<br>Email: asakin@sc-harris.com | David B. Deitch<br>Harris, St. Laurent & Chaudhry LLP VA<br>1818 Library Street, Suite 500<br>Reston, VA 20190<br>(703) 956-3549<br>Fax: (703) 935-0349<br>Email: ddeitch@sc-harris.com |
| Jonathan Harris<br>Harris, St. Laurent & Chaudhry LLP<br>40 Wall Street, 53rd Floor<br>New York, NY 10005<br>(646) 395-3481<br>Fax: (212) 202-6206<br>Email: jon@sc-harris.com | L. Reid Skibell<br>Harris, St. Laurent & Chaudhry LLP<br>40 Wall Street, 53rd Floor<br>New York, NY 10005<br>(917) 512-9466<br>Fax: (212) 202-6206<br>Email: rskibell@sc-harris.com |
| Priya Chaudhry<br>Harris, St. Laurent & Chaudhry LLP<br>40 Wall Street, 53rd Floor<br>New York, NY 10005<br>(212) 785-5550<br>Fax: (212) 202-6206<br>Email: priya@sc-harris.com | Steven Gabriel Hayes Williams<br>Harris, St. Lauren & Chaudhry LLP<br>40 Wall Street, 53rd Floor<br>New York, NY 10005<br>(212) 397-3370<br>Fax: (212) 202-6206<br>Email: ghayeswilliams@sc-harris.com |
| Kristen Luise Zaehringer<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5406<br>Fax: (860) 240-5758<br>Email: kzaehringer@murthalaw.com | Paul E. Knag<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5400<br>Fax: (203) 653-5444<br>Email: pknag@murthalaw.com |

Dated: December 09th, 2016       s/ Iftikar Ahmed

                                                            Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East, Ground Floor
Behind Kanpur Leather House
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com

*Pro Se*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ X
UNITED STATES SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.

IFTIKAR AHMED,

                Defendant, and

IFTIKAR ALI AHMED SOLE PROP,
I-CUBED DOMAINS, LLC; SHALINI AHMED;
SHALINI AHMED 2014 GRANTOR RETAINED
ANNUITY TRUST; DIYA HOLDINGS LLC;
DIYA REAL HOLDINGS, LLC; I.I. 1, a minor
child, by and through his next friends IFTIKAR
and SHALINI AHMED, his parents; I.I. 2, a minor
child, by and through his next friends IFTIKAR
and SHALINI AHMED, his parents; and I.I. 3, a
minor child, by and through his next friends
IFTIKAR and SHALINI AHMED, his parents,

                Relief Defendants.
------------------------------------------------------------------ X

Civil Action No.
3:15-CV-675 (JBA)

ORDER ON CONSENT

**WHEREAS** on August 12, 2015, the Court entered [Doc. # 113] a preliminary injunction freezing assets of Defendant Iftikar Ahmed and various Relief Defendants ("Asset Freeze Order");

**WHEREAS** on November 8, 2016, Defendant Iftiakr Ahmed requested [Doc. # 333] that the Asset Freeze Order be modified to allow certain distirbutions made to the Essell Group LLC from Ribbit Capital, L.P. and Ribbit Capital II, L.P to be transferred to the Essel Group LLC's account ending x5234 at The Northern Trust Company;

WHEREAS Plaintiff United Sates Securities Exchange Commission consents to the modification of the Asset Freeze Order and the requested transfer;

Upon consent, **IT IS HEREBY ORDERED** that the Court's Asset Freeze Order dated August 12, 2015, as modified by the Endorsement Order dated February 19, 2016, is further modified as follows:

1. Distributions to The Essell Group LLC from Ribbit Capital, L.P. and Ribbit Capital II, L.P totalling $406,255.96 is to be transferred to to The Essell Group LLC's Northern Trust Company account ending x5234.

2. The Commission is directed to use all practical and reasonable efforts to ensure that all relief specified herein is effectuated promptly.

IT IS SO ORDRED this 2d day of December, 2016

Janet Bond Arterton, U.S.D.J.