UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------------- X
UNITED STATES SECURITIES AND EXCHANGE            :
COMMISSION,                                      :
                                                 :
                Plaintiff,                       :
                                                 :
    v.                                           :
                                                 :
IFTIKAR AHMED,                                   :
                                                 :
                Defendant, and                   :
                                                 :       Civil Action No.
IFTIKAR ALI AHMED SOLE PROP,                     :       3:15-CV-675 (JBA)
I-CUBED DOMAINS, LLC; SHALINI AHMED;             :
SHALINI AHMED 2014 GRANTOR RETAINED              :
ANNUITY TRUST; DIYA HOLDINGS LLC;                :
DIYA REAL HOLDINGS, LLC; I.I. 1, a minor         :
child, by and through his next friends IFTIKAR   :
and SHALINI AHMED, his parents; I.I. 2, a minor  :
child, by and through his next friends IFTIKAR   :
and SHALINI AHMED, his parents; and I.I. 3, a    :
minor child, by and through his next friends     :
IFTIKAR and SHALINI AHMED, his parents,          :
                                                 :
                Relief Defendants.               :
------------------------------------------------------------------- X
```

MODIFIED OMNIBUS ORDER ON CONSENT

WHEREAS counsel for the Plaintiff U.S. Securities and Exchange Commission and counsel for the Relief Defendants, have conferred and agreed to the resolution of certain issues raised in motions at [Dkt. Nos. 340, 361, and 364]; Upon consent, IT IS HEREBY ORDERED:

1. Plaintiff will not submit an affidavit or testimony from Anchin, Block & Anchin LLP ("Anchin") or summary charts or demonstrative exhibits prepared by Anchin in connection with any motion for summary judgment and Relief Defendants' subpoena of

Anchin is withdrawn. In the event Plaintiff intends to use an affidavit or testimony from Anchin or summary charts or demonstrative exhibits prepared by Anchin at any subsequent proceedings including a trial, Plaintiffs will inform Relief Defendants, who will have the opportunity to seek document discovery and a deposition from Anchin. Plaintiff reserves all rights and arguments to contest such discovery except on the grounds that the deadline for such discovery has passed.

    2. Relief Defendants' Motion to Release Funds for Payment of Expert Witness Fees and Attorneys' Fees and Disbursements [Dkt. No. 340] and Relief Defendants' Motion to Release Funds for Attorneys' Fees and Litigation Expenses and Extend Discovery or in the Alternative to Withdraw Appearance of Counsel [Dkt. No. 361] are withdrawn.

    3. The Asset Freeze Order dated August 12, 2015 [Dkt. No. 113], as modified by the Endorsement Order dated February 19, 2016 [Dkt. No. 195], is further modified to permit the release of funds for payment of Relief Defendants' attorney's fees and expenses that derive from the rental proceeds on two New York City apartments – 530 Park Avenue Unit 12A ("Unit 12A") and 530 Park Avenue Unit 12F ("Unit 12F") from accounts holding post-asset freeze rental proceeds; an account of Relief Defendant DIYA Holdings, LLC ending x3831 at Bank of America and an account of Relief Defendant DIYA Real Holdings LLC ending x7632 at Bank of America (not rental proceeds from Unit 12A held in an account of Relief Defendant Shalini Ahmed ending x7540 at Fidelity, which the Court has now been advised were transferred into that account prior to the asset freeze in this case.

        A. With respect to the funds currently held in the account of Relief Defendant DIYA Holdings, LLC ending x3831 at Bank of America, which are proceeds from the lease of Unit 12A: (i) $60,000 are released to Harris, St. Laurent & Chaudhry

LLP for payment of expert witness fees; (ii) $175,000 are released to Harris, St. Laurent & Chaudhry LLP for attorneys' fees and expenses; and (iii) $62,771.95 are released to Murtha Cullina LLP for attorneys' fees and expenses, leaving a balance of over $20,000 in such account for payment of future expenses including taxes.

    B. With respect to the funds currently held in the account of Relief Defendant DIYA Real Holdings LLC ending x7632 at Bank of America, which are proceeds from the lease of Unit 12F, $40,000 are released to Harris, St. Laurent & Chaudhry LLP for attorneys' fees, leaving a balance of over $20,000 in such account for the payment of future expenses including taxes.

    C. Notwithstanding the agreed releases, Plaintiff may challenge specific aspects of bills submitted by Relief Defendants' counsel, by the date set by the Final Scheduling Order [Dkt. No. 370].

4. The Court's Order [Dkt. No. 353] is vacated as superceded by the instant Order.

5. Plaintiff's Motion to Compel and for Sanctions [Dkt. No. 364] is withdrawn.

6. Relief Defendant Shalini Ahmed will appear for a deposition on a mutually agreed date the week of January 9 or January 23, 2017 in Denver, Colorado. Plaintiff consents to jointly request the Court release funds for Ms. Ahmed's airfare and hotel accommodations in Denver, and Ms. Ahmed consents that such deposition take place in Denver upon the Court's approval of the release of such funds. Plaintiff agrees not to object to a request for the release of reasonable attorney's fees and costs associated with the deposition.

7. Relief Defendants will provide a detailed privilege log to Plaintiff by January 6, 2017 that complies with Local Rule 26(e), including the email address used by Iftikar Ahmed on any emails. Plaintiff agrees not to object to the payment of reasonable fees for

counsel for Relief Defendants to prepare such log in an amount not to exceed $10,000, which fees shall come from the rental proceeds of Unit 12A and/or Unit 12F.

8. Relief Defendants will provide an affidavit or declaration from Shalini Ahmed setting forth an inventory and the location and status of all materials that Ms. Ahmed represented that she had provided to her counsel for safekeeping, including without limitation any materials removed from storage at Day & Meyer, Murray & Young Corp. With respect to the materials removed from storage at Day & Meyer, Murray & Young Corp., Ms. Ahmed will promptly (and no later than ten days from the date hereof) return such items to storage in a facility under the exclusive control of Relief Defendants' counsel. Relief Defendants' counsel shall not access the storage facility or any of the items within the storage facility without giving Plaintiff prior written notice and an opportunity to object. On a monthly basis, an amount not to exceed $400.00 will be released to Harris, St. Laurent & Chaudhry LLP from the account of Relief Defendant Shalini Ahmed ending x7540 at Fidelity for payment of the out-of-pocket costs of the storage of Relief Defendants' property. Plaintiff agrees not to object to a request for the release of reasonable attorney's fees and costs associated with complying with this paragraph.

9. All parties are directed to use all practical and reasonable efforts to ensure that all relief specified herein is effectuated promptly.

IT IS SO ORDERED.

/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 3rd day of January 2017.