# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                Plaintiff,

    v.

IFTIKAR AHMED,

                Defendant, and

IFTIKAR ALI AHMED SOLE PROP;
I-CUBED DOMAINS, LLC; SHALINI
AHMED; SHALINI AHMED 2014
GRANTOR RETAINED ANNUITY
TRUST; DIYA HOLDINGS LLC; DIYA REAL
HOLDINGS, LLC; I.I. 1, a minor child, by and
through his next friends IFTIKAR and SHALINI
AHMED, his
parents; I.I. 2, a minor child, by and through his
next friends IFTIKAR and SHALINI AHMED,
his parents; and I.I. 3, a minor child, by and
through his next friends IFTIKAR and SHALINI
AHMED, his parents,

                Relief Defendants.

Civil Action No. 3:15-cv-675 (JBA)

## DEFENDANT'S REPONSE TO PLAINTIFF AND NON-PATY OMC'S OPPOSITION TO COMPEL OAK TO PRODUCE ALL DOCUMENTS PERTAINING TO COMPANY D

      Defendant Iftikar Ahmed respectfully submits the following  response to the expected

opposition from the Plaintiff and the nervous response from non-party Oak Management

Corporation ("OMC") to compel 3rd party Oak Management Corporation or Oak Investment

Partners and its funds to disclose all documents related to certain transactions and to dismiss the

allegations of the Plaintiff as it relates to these certain transactions with Company D.    The

Defendant has been denied access to the investigative file related to Civil Action No. 3:15-cv-

675 (JBA) and, hence, is handicapped to know what has been disclosed by Oak to date.


The same arguments as submitted by the Defendant in response to the Plaintiff's

opposition to the motion wrt Company C and Company H also holds true for Company D and,

hence, the Defendant is not repeating the same arguments here.


This  Response will therefore address the Memorandum of Law submitted by the non-

party, OMC [Document #408 dated 23rd Jan 2017] only insofar as it relates to Company D.


**<u>The Defendant's Motion Should Not Be Stricken From The Record:</u>**


This Memorandum of Law by OMC is a vicious but misguided effort to simply muzzle

the Defendant, bury the facts without the audacity to deny them if indeed they are false and

baseless as claimed by OMC, and an exercise aimed at perverting due judicial process.


The Defendant challenges non-party Oak (or, anyone else for that matter) to deny any of

the factual truths established and represented by him in his original motion.


Refer page 6 of Document #408.    Since this response from the Defendant only relates to

Company D, the Defendant repeats the facts referenced by OMC in it memorandum -

1.  "*Structured an investment to illegally avoid US taxes*" - The Oak funds were US Delaware incorporated LLPs.   Oak Investment Partners IX, LLP was a Delaware incorporated entity.   Yet the investment was routed through not one, but two offshore entities - one in Holland (DutchCo) and one in Luxembourg (LuxCo).   Why was this done?   The structuring and use of two (and quite likely, three!) offshore blocker companies was done specifically to hide the ownership of the investment and avoid taxes!

Does Oak deny it?


2.  "*Used non-employee family members as part of OMC's due diligence process.*"   Just a simple examination of all the travel records of Mrs. Penelope Glassmeyer, also known as Mrs. Penny Glassmeyer, would establish how many trips she undertook to Seoul, South Korea, and when with the express objective of visiting and diligence-*ing* the investment in Company D. Was Mrs. Glassmeyer employed by OMC or Oak?  Is she not the spouse of Mr. Edward Fellows Glassmeyer, the Managing Partner of Oak?   If that is not a non-employee  family member, this document must be written in Swahili.


Does OMC deny any of the facts mentioned in the Defendant's Motion wrt Company D?


3.  "*Suggested that North Korea would "nuke Seoul".*"   Those were the exact words of Mr. Bandel L. Carano, one of Oak's managing partners who said it not once but on multiple occasions.   He based his irrational discomfort with the investment in Company D on those assertions.    If it is not true, it would indeed very easy for Mr. Carano to deny it rather than hiding behind an assertion that it is inflammatory.   These statements were recorded in the hand written notes kept by the COO/CFO and partner of Oak, Ms. Grace A. Ames; and also recorded

3

in the emails of the Defendant from that time frame addressing that claim with mitigating facts. These events happened over a decade ago and hence the question of inflaming anyone is a ridiculously silly assertion.   Facts cannot be inflammatory!

Oak makes the unsubstantiated allegation that the Defendant uses these motions to make "*outrageous statement after outrageous statement regarding a whole host of other topics, none of which touch upon the legal and factual issues being litigated* …".   It is indeed telling that Oak does not commit perjury by denying any of these purportedly "*outrageous statements*" but rather by failing to deny, they implicitly accept and establish the truthfulness of these statements. These facts are absolutely essential, indeed necessary and critical, in proving that the allegations made by the Plaintiff against the Defendant are both false and misattributed.   Everything that happened with Company D that involved the Defendant is indeed relevant and touches upon the legal and factual issues being litigated here and are necessary to establish the truth and the proper ascription of responsibility.

Every fact asserted by the Defendant in his motion remains the truth and is entirely relevant and indeed essential to establish his innocence vis-à-vis the allegations wrt Company D.

**The Defendant's Motion Should Not Be Sealed:**

Precedent case law substantially supports that the Defendant's Motions should not be sealed rather it forms a substantial part of the presentation in front of this esteemed Court and, subsequently, a jury.

*Conley v. Gibson*, 355 U.S. 41 at 48 (1957) - "Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do **substantial justice**.

*Davis v. Wechler*, 263 U.S. 22, 24; *Stromberb v. California*, 283 U.S. 359; *NAACP v. Alabama,* 375 U.S. 449  -  "The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice."

*Elmore v. McCammon* (1986) 640 F. Supp. 905  "... the right to file a lawsuit *pro se* is one of the most important rights under the constitution and laws."

*Haines v. Kerner*, 404 U.S. 519 (1972) - "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers."

*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1959); *Picking v. Pennsylvania R. Co.*, 151 Fed 2nd 240; *Pucket v. Cox,*  456 2nd 233  - "*Pro se* pleadings are to be considered without regard to technicality; *pro se* litigants' pleadings are not to be held to the same high standards of perfection as lawyers."

*Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938) - "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between

litigants.  They should not raise barriers which prevent the achievement of that end.  Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment."

*Picking v. Pennsylvania Railway*, 151 F.2d. 240, Third Circuit Court of Appeals  - "The plaintiff's civil rights pleading was 150 pages and described by a federal judge as "inept".  Nevertheless, it was held "Where a plaintiff pleads *pro se* in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities."

*Puckett v. Cox*, 456 F. 2d 233 (1972) (6th Cir. USCA) - "It was held that a *pro se* complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in *Conley v. Gibson*."

*Roadway Express v. Pipe*, 447 U.S. 752 at 757 (1982) - "Due to sloth, inattention or desire to seize tactical advantage, lawyers have long engaged in dilatory practices... the glacial pace of much litigation breeds frustration with the Federal Courts and ultimately, disrespect for the law."

*Sherar v. Cullen*, 481 F. 2d 946 (1973) - "There can be no sanction or penalty imposed upon one because of his exercise of Constitutional Rights."

*Schware v. Board of Examiners*, United State Reports 353 U.S. pages 238, 239 - "The practice of law cannot be licensed by any state/State."

*Sims v. Aherns*, 271 SW 720 (1925):  *B. Platsky v. CIA*,  953 F.2d  25, 26 28 (2nd Cir. 1991) - "Court errs if court dismisses *pro se* litigant without instruction of how pleadings are deficient and how to repair pleadings."

Rather than argue facts and dispute the truth, OMC wishes to silence and muzzle the Defendant.   This esteemed Court will surely not sully its reputation and prestige by allowing such a grave injustice.

**Company D:**   In summary, here are the facts that are undeniable and implicitly acknowledged by the Plaintiff and non-party Oak, given their unwillingness and inability to refute them.   The identity of the Company is not proprietary and a simple combination of terms used by the Plaintiff themselves in their Complaint leads to a quick revelation of the Company with rudimentary knowledge of how to use a search engine online like Google.

-   There was absolutely no violation of any securities laws and nothing illegal in any sense was committed in any of the transactions associated with Company H and the disputed transactions are also outside the purview and the jurisdiction of the United States Securities and Exchange Commission ("SEC", or the Plaintiff) as the said alleged transactions were organized, negotiated, transacted, and consummated in Seoul, South Korea.   There were also multiple domiciles in between the US and South Korea, namely Holland and Luxemburg.

-   The assertions made under Paragraph 24 of the Plaintiff's Complaint are absolutely false when applied to the case of Company D.   The US-based legal counsel to Oak, a firm based

in Stamford, CT, called Finn, Dixon & Herling (FDH) was **not** the legal counsel in the transactions associated with Company D since it was a South Korea based, registered, and incorporated company and a US law firm cannot appear in a Korean based legal transaction. The investment was in Korean Won, the jurisdiction was South Korea, the investment was registered with regulatory authorities in South Korea, the jurisdiction for any disputes was recognized to be Seoul.

- The alleged transactions also fall well outside the 5-year statute of limitations.

- These alleged transactions had absolutely nothing to do with any of the other alleged transactions and rather led to the outcome of the single most successful investment return (in terms of return multiple as gains divided by total investment or in terms of IRR of the gains produced) at Oak since the Internet Bubble burst in 1999.   The Defendant has already identified who was paid to make the investment possible in the first place and neither the Plaintiff nor OMC has bothered to deny it or challenge the truth because they cannot.

**WHEREFORE**, the Defendant humbly petitions and respectfully requests that the esteemed Court compel Oak to produce **all** emails, written documents, correspondence, presentations, files, memos, etc. relating to all Company D transactions and communications FOR THE BENEFIT OF THIS ESTEEMED COURT AND A JURY (while imposing and maintaining the embargo against the Defendant to access any of that material) that would dispel the deficient and misplaced claims made against the Defendant as it pertains to Company D.

Respectfully Submitted,


Dated:      February 01st, 2017           s/ Iftikar Ahmed
                                          _____
                                          Iftikar A. Ahmed
                                          C/O Advocate Anil Sharma
                                          10 Government Place East, Ground Floor
                                          Behind Kanpur Leather House
                                          Kolkata 700069, India
                                          Tel: +91.98.30.089.945
                                          Email: iftyahmed@icloud.com
                                          *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Nicholas P. Heinke
US Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Mark L. Williams
US Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

David B. Deitch
Harris, St. Laurent & Chaudhry LLP VA
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3549
Fax: (703) 935-0349
Email: ddeitch@sc-harris.com

L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Dated:          February 01st, 2017          s/ Iftikar Ahmed
                                             _____
                                             Iftikar A. Ahmed
                                             C/O Advocate Anil Sharma
                                             10 Government Place East, Ground Floor
                                             Behind Kanpur Leather House
                                             Kolkata 700069, India
                                             Tel: +91.98.30.089.945
                                             Email: iftyahmed@icloud.com

                                             *Pro Se*