## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          v.<br><br>IFTIKAR AHMED,<br><br>                    Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>                    Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION ON DEPOSITION LOGISTICS

The Defendant respectfully submits this response to the Plaintiff's Opposition  [Refer Document #424 dated 31st  January, 2017].   This response addresses each of the three questions that the Plaintiff put forth their irrational and misleading responses to.

1.  "*The Defendant requests the Court to limit his forthcoming deposition to the presumptive one seven-hour day period.*"

The Defendant has explained his situation and the SEC accepts his inability to spend the night in a hotel in Kolkata and hence has offered to start as early and continue as long as needed to satisfy the deposition requirements of the SEC.   The SEC has informed the Defendant that the US Consulate cannot accommodate the deposition to be continued after 5 pm local time.   It is only because of these issues that the Defendant has prayed that he not be compelled to spend the night out in the streets of Kolkata if the deposition is not completed in one sitting.   The Defendant's request #3 below is directly tied to the outcome where request #1 is not allowed by this esteemed Court.


2.  "*The Defendant requests that the Court order that he be deposed from his residence if the deposition occurs by videoconference.*"

It is indeed quite amusing that the Plaintiff is now suddenly the biggest fan of video conferencing.   The Plaintiff misled this very esteemed Court with this vociferous objection to the use of video conferencing on some strange grounds and on the basis of case laws preceding the global widespread use of video conferencing.  Opposed in CT but endorsed in MA! Contemporaneously.


In any event, it is the Plaintiff  who informed the Defendant that were they do conduct the deposition, hypothetically via video conference, they would still need the Defendant to go to the US Consulate.   Yet it the Plaintiff  themselves who also informed the Defendant that the US Consulate cannot accommodate any deposition after 5 pm local time when their offices close.

Colorado, USA, is 12.5 hours behind Indian Standard Time (IST) and New York, USA, is 10.5 hours behind IST.   So, were the Plaintiffs to conduct the deposition by video conference, presumably during the US day time, it will way past night time in India.    On one hand, the Plaintiff says the US Consulate is closed to business after 5 pm local time.    On the other hand, they want the Defendant to be present at the US Consulate and submit for the deposition while the US Consulate is closed!

It is only because of these misleading and potentially erratic instructions that the Defendant is forced to seek clarification from the esteemed Court since his email to the Plaintiff (refer Exhibit 1) remains unanswered.

The Defendant is happy to go to the US Consulate to submit for deposition via videoconference as long as they are not closed after business hours or the videoconference is scheduled for India day time (night time in the US) while the US Consulate is open and hence there is no chance of any blame on the Defendant for missing his deposition for no fault of his 0 were it to be conducted during the hours in India when the US Consulate purportedly is closed as per the Plaintiff.

3.  "*The Defendant requests the Court order the SEC make overnight arrangements for Defendant if his deposition will occur over two days.*"

For reasons well established and accepted by the Plaintiff, the Defendant cannot check in to a hotel.   Now that the Plaintiff is traveling to India, and will be taking a helicopter from the

Indian airport to the US Consulate or, maybe, even fly in to the US Consulate directly, the Defendant makes the assumption that the US Consulate in Kolkata is going to provide them accommodation inside the US Consulate premises in Kolkata.   Since they have gone on record that the Plaintiff would not like to be exposed to the dangers to their lives by having to travel on Indian roads, the Defendant draws the conclusion that staying in a hotel would not be possible. The Defendant has checked with every single big hotel in Kolkata and sadly not one has a helipad on their premises.

Given the inability of the Defendant to check in to a hotel, and the desire of the Plaintiff to conduct the deposition over two or more days, and the desire not to spend the night outside the US Consulate on the street, the Defendant only prays that the Plaintiff could organize a bed for the Defendant to spend the night inside the US Consulate or wherever the Plaintiff would be staying so as to continue the deposition over two or more days if this esteemed Court so directs.

The Plaintiff instead makes the silly and  absurd suggestion that the Defendant stay with his legal counsels in Kolkata.   Maybe their remarkable Judeo-Christian ethos of literally opening up one's homes and heart to strangers has been embraced by the Plaintiff in admirable practice, but sadly such a suggestion would probably only amuse one in India where strangers are treated with love and respect but not quite as far as the Plaintiff are apt to doing.    The Defendant will surely remember this welcome invitation were he ever to visit their hometown in CO.    But seriously, their suggestion is so ludicrously irrational that it was probably meant in jest!

Finally, the Defendant has repeatedly asked the Plaintiff if there is any legal requirement on him to make a determination now as to whether he will assert his rights under the Fifth Amendment or not, but they have ignored his pleadings.   The Defendant has not seen one shred of evidence against him.   The Defendant has not been given any access to the investigative file. He has proper and qualified legal representation in the MA matter where, on their advice and counsel, he took the Fifth.   The Defendant does not even know how to go about deciding whether to take the Fifth in this instance and has not made up his mind.   If this esteemed Court were to order him to make up his mind by a certain date, he would comply but at this stage, the Defendant does not have the information he needs to make any such determination.

**WHEREFORE**, the Defendant reiterates his prayers seeking immediate clarification from this esteemed Court on the exact modalities for the deposition to be conducted by the Plaintiff with certain threshold questions:

1.      Duration - given the Defendant's inability to check in to a hotel, the deposition should adhere to Rule 30 and be completed in one day or 7 hours;

2.      If the Plaintiff  now decides or opts to conduct the deposition by Skype or other such video conferencing facilities, by their own (albeit hypocritical) assertion now, such deposition cannot be conducted at the US Consulate because of their business hours and hence the Defendant be allowed to depose from his residence, as was the case in the deposition for the unrelated MA matter as US working hours will be beyond the business hours of the United

States; or in the alternative the deposition by video conference be conducted only during the US

Consulate working or business hours; and

      3.      Finally, if indeed the Plaintiff requires the Defendant to spend a night in Kolkata,

that they make overnight accommodation arrangements for the Defendant in Kolkata.

Dated:      February 1st, 2017      s/ Iftikar Ahmed
      Iftikar A. Ahmed
      C/O Advocate Anil Sharma
      10 Government Place East, Ground Floor
      Behind Kanpur Leather House
      Kolkata 700-069, India
      Tel: +91.98.30.089.945
      Email: iftyahmed@icloud.com
      *Pro Se*

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that a copy of the foregoing document was filed by mail with the Clerk's Office and will be served by electronic mail to:

Nicholas P. Heinke
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Mark L. Williams
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

David B. Deitch
Harris, St. Laurent & Chaudhry LLP VA
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3549
Fax: (703) 935-0349
Email: ddeitch@sc-harris.com

L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Steven Gabriel HayesWilliams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Dated:          February 1st, 2017          s/ Iftikar Ahmed

Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East, Ground Floor
Behind Kanpur Leather House
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com

*Pro Se*