UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL OAK TO PRODUCE ALL DOCUMENTS PERTAINING TO COMPANIES A AND B AND ALL COMPENSATION DOCUMENTS AND DATA SINCE INCEPTION**

Defendant Iftikar Ahmed respectfully submits the following Response to the Plaintiff's Opposition to his First Motion to Compel 3rd parties, Oak Management Corporation ("OMC") and Oak Investment Partners and its funds, to disclose all documents related to certain

Case 3:15-cv-00675-JBA   Document 430   Filed 02/03/17   Page 2 of 9

2

compensation plans and transactions.   The Defendant has been denied access to the investigative file related to Civil Action No. 3:15-cv-675 (JBA) and, hence, is handicapped to know what has been disclosed by Oak to date.   Hence, this Motion depends entirely on the Plaintiff's Second Amended Complaint [Document #208 dated April 1st, 2016] only.

The same arguments as submitted by the Defendant in response to the Plaintiff's opposition to the motion wrt Companies C, D and H also holds true for Companies A and B; hence, the Defendant is not repeating the same arguments here.

The Memorandum of Law submitted by the non-party, OMC [Document #408 dated 23rd Jan 2017] has also been addressed in a couple of replies and the same arguments are not repeated here.   The rest of this reply only addresses facts that only relate to Companies A and B and the issues around Oak's compensation structures in general and the Oak IPP program in general.

First, OMC decides to dodge addressing any of the facts head on and rather engages in wild accusations instead .   This response will directly address what would constitute "scandalous and inflammatory assertions" since OMC did not.    "Inflammatory facts" would be the perfect example of an oxymoron; and since all the statements made by the Defendant are facts, they cannot be inflammatory; and if they are not facts, OMC should deny them under oath and the Defendant will point to the evidence that exists that would establish their authenticity beyond any reasonable doubt.   Short of denial, third party OMC is only being duplicitous in its submission and their opposition only reflects their fear of the facts and the truth.

**scandalous** - *adjective* - causing general public outrage by a perceived offense against morality or law

**inflammatory** - *adjective* - arousing or intended to arouse angry or violent feelings

Simply for illustrative purposes and for distinction only, to demonstrate what would indeed be an example of a fact that is not relevant to the factual and legal issues being litigated here, the Defendant presents the following.

*Mr. Jerry Gallagher was one of the general partners of Oak with a long and successful career at Oak and he was based in MN.  Mr. Gallagher was not one of the four Managing Partners of Oak.  But given his long tenure and his seniority, he was extremely disturbed by many of the things that were happening and being done at Oak - both illegal and unethical.   Those circumstances are well known to the four senior Oak managing partners and their complicit CFO/COO.  A former US Air Force pilot, Jerry was in the prime of his health and physical abilities, he passed away suddenly under very mysterious circumstances in the summer of 2014.   Mr. Edward F. Glassmeyer, Managing Partner of Oak, was a Princeton University classmate of Mr. Gallagher.  On the untimely demise of Mr. Gallagher, Mr. Glassmeyer told the Defendant and a couple of other partners at Oak based in CT that, "Bandel (Carano) killed Jerry."*

This is a fact!  Mr. Glassmeyer said exactly those words within days of Mr. Gallagher's demise and pointed a direct finger at his partner, Mr. Bandel Carano, for the untimely and mysterious death of Mr. Gallagher.   Mr. Glassmeyer, being a  former Marine himself, will definitely not deny having said that as it is a fact he said it, but admittedly this fact is irrelevant

to the factual and legal issues being litigated here.    The point of this example of a fact is to draw the stark difference between facts that are relevant to this litigation (as established in the various motions filed by the Defendant - none of which have been denied or even debated by the Plaintiff or the third party Oak); and this example of a fact that is definitely not relevant.   Again, this example is for illustrative purposes only even as it is a true fact.    The Defendant's objective here is not to provoke but rather to establish via facts what is an irrelevant fact and what is not.   If indeed the goal was to provoke, an entire Motion would be insufficient to lay out such similar facts irrelevant to the matter adjudicated here.

If this fact indeed provokes the non-party Oak, they should deny it, thus committing perjury, and initiate legal action against the Defendant rather than hide behind legal rigmarole.   Again, the Defendant is prepared to point to the evidence that exists to back up every single statement made here.

The FBI, anyone?

**Company A and Company B:**

Neither the Plaintiff nor third party Oak has denied any of the facts established in its Motion and therefore they do not need to be repeated here.   As it relates to the objection of Oak to the reference to accounting frauds with respect to Company P, naming that company would be used against the Defendant as that company may very well be in business.   But the description of the company's business would immediately establish its name and identity to anyone at Oak,

especially given the magnitude of that investment.   Again, it is indeed noteworthy that Oak would not deny the fact but rather debates its relevance.   Telling!

The establishment of the value of the assets held and frozen at Oak is critical to the Defendant as it should also be to the Plaintiff and this Court.

Please refer to **Exhibit 1** - redacted to protect the identity of the companies mentioned in this internal Oak valuation document.   Just six (6) companies from the fund Oak XII (mostly) were valued at over **$6.3 Billion** on a cost basis of **$323 Million**.   That is a **19.5x** multiple of the investment cost basis - and it was April 2011 when this valuation was submitted by one of the senior most managing partners at Oak, Mr. Bandel Carano.   These are their numbers!

The IPP ledger at Oak would establish that the uncorrupted IPP and other assets earned, vested and invested in by the Defendant would itself be significantly greater than the totality of value of the asset freeze that has been ordered by this Court for the duration of this dispute; yet this value has nowhere been accounted for in the asset freeze calculations.   The examination of the IPP ledger at Oak and the self dealing engaged in the Managing Partners at Oak by resetting their negative ledgers to zero at a time of their own convenience and choosing is necessary and essential to establish proper attribution of responsibility for the transactions referenced wrt Company A and B.

Each transaction or company had a different team and one or different managing partner responsible for those transactions.   The Defendant did not have the ability of the authorization

or authority to lead or consummate any transaction at Oak.  It was the responsibility and the authority of the managing partner to authorize payment.

The Check Request Form (CRF) is a document which had to be signed off and authorized by none other than the CFO and one or more managing partner.  The Defendant did not and could not sign any of the CRF - the primary and first document required for any monitory transaction to be effected at Oak - and at best the Defendant could be a requesting party but NEVER an authorizing party or partner.  The production of these CRF for each transaction would establish beyond any reasonable doubt that the Defendant was not the party responsible for authorizing or endorsing or approving any of the alleged transactions.  It was a different managing partner in every instance who authorized and endorsed and approved the transactions.

**WHEREFORE**, the Defendant humbly petition and respectfully requests that the esteemed Court compel OMC and Oak to produce all emails, written documents, correspondence, as presentations, files, memos, accounts, ledgers, reports, bi-annual offsite strategy meeting minutes and presentations, quarterly Oak meeting memos and binders relating to the Oak IPP plan and program since inception and **all** Company A and Company B related transactions and communications - not just limited in the share purchase transactions but also to all emails and discussions during of the disputed invoices and transactions.

Respectfully Submitted,

Dated: February 03rd, 2017      s/ Iftikar Ahmed

_____

Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East, Ground Floor
Behind Kanpur Leather House
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com
*Pro Se*

7

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Nicholas P. Heinke
US Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Mark L. Williams
US Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

David B. Deitch
Harris, St. Laurent & Chaudhry LLP VA
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3549
Fax: (703) 935-0349
Email: ddeitch@sc-harris.com

Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Dated: February 03rd, 2017          s/ Iftikar Ahmed
_____
Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East, Ground Floor
Behind Kanpur Leather House
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com

*Pro Se*