# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br> v.<br><br>IFTIKAR AHMED,<br><br>     Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>     Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA) |

## **DEFENDANT'S MOTION TO COMPEL OAK TO PRODUCE ALL DOCUMENTS PERTAINING TO COMPANY J**

  Defendant Iftikar Ahmed respectfully submits the following Motion to Compel 3rd party Oak Management Corporation ("Oak") and its funds to disclose all documents related to certain transactions and to dismiss the allegations of the Plaintiff as it relates to these certain transactions pertaining to Company J.  The Defendant has been denied access to the investigative file related

to Civil Action No. 3:15-cv-675 (JBA) and, hence, is handicapped to know what has been disclosed by Oak to date.   Hence the Motion depends entirely on the Plaintiff's Second Amended Complaint [Document #208 dated April 1st, 2016] to state the following facts.

**Company J:**   This is a IT staffing and services company based in NJ,  USA.   Oak Investment Partners XI, LLP made an investment in this company circa Spring 2006.

The Plaintiff, on being misled by Oak, has made blatantly false statements as it relates to Company J in its Second Amended Complaint referenced above.   The Plaintiff, the US SEC, is really not to be blamed as they have blindly accepted the contorted misrepresentations of Oak as the gospel truth and have filed and made such ridiculous submissions to this esteemed Court without having any knowledge of the actual facts and the context and circumstances behind the transactions now alleged to be fraudulent.

The Defendant was only marginally and peripherally involved at all in the Oak XI investment process in Company J.

The founder / then-CEO of Company J was a personal friend and acquaintance of the Defendant.  The Company was looking to raise a significant private equity round of financing from another leading NY-based private equity fund at that time and, in fact, has secured a proposal to invest from another leading private equity ("PE") investor.    The Defendant was advising the  Founder / CEO of Company  in his personal capacity on that non-Oak proposal and financing as a favor to another friend - that individual was effectively a "broker" who had facilitated the non-binding proposal from that leading (most likely NY-based) PE firm to invest

in Company J and was going to earn a "finder's fee" were that transaction to successfully close.

Furthermore, the Defendant had no interest in or knowledge of the IT Services industry sector and, hence, was not qualified to examine, investigate, or recommend such an investment to the Oak XI fund.   The Defendant merely made an introduction to the managing partner of Oak, Mr. Edward F. Glassmeyer, in the context of market intelligence and sharing.

It was Mr. Glassmeyer who was significantly involved in that said transaction and did all the work from the get-go.  He was the "Manager" of the project and the investment.   It was Mr. Glassmeyer who joined their Board of Directors and represented Oak in the portfolio company later.   Every single transaction document was negotiated, approved, signed, and executed by Mr. Glassmeyer.   The Defendant did not sign a single transaction document or even the non-binding Term Sheet for that matter.  The last time the Defendant checked or knew, Mr. Glassmeyer was neither deaf nor dumb nor blind.   Mr. Glassmeyer had over four decades of investing experience behind him and was a founding member of the NVCA (National Venture Capital Association); Mr. Glassmeyer is a highly educated and a widely celebrated investment luminary - it was Mr. Glassmeyer who led the investment, met with the CEO / Founder on multiple occasions, led the due diligence process, and as the IPP ledger at Oak will prove beyond any reasonable doubt, it was he who was the Oak partner responsible for that investment. Production of every single piece of paper associated with that investment would bear his signatures and his signatures alone.    If anything, the Defendant was merely an "assistant" to Mr. Glassmeyer during this process of him leading and making the Oak investment in Company J.

Oak XI was a fund in which the Defendant was not a full member of the general partner. At that time of this investment, the Defendant was still only a junior investment professional. He, therefore, had no authority to do any of the things that Oak now claims he did - such as negotiate, examine, lead, recommend an investment.  And hence, he cannot be responsible for something he had no authority to do in the first place.

The Plaintiff again only selectively tells half the facts and effectively withholds the whole truth.   All the facts need to be presented and for that the real Plaintiff, Oak, should be compelled to produce all the evidence, all the documents, all presentations, memos, and transaction documents associated with Company J.  Else, it is nothing but a flagrant example of the oft-seen obstruction of justice.

The only responsibility the Defendant had undertaken was to wrest the "deal" from the other private equity firm and win it for and bring it to Oak; once Mr. Glassmeyer was besotted with that company and he wanted to lead the investment from Oak XI.

The Defendant took on that responsibility and the amount that Oak now claims is a "fraudulent proceed" was indeed in reality used to "win" the deal for Oak XI - with the full knowledge, cognizance, and endorsement of the Oak managing partner, Mr. Glassmeyer. Without these off the record payments to certain parties including the individual who was deprived of the "finder's fee"  because the transaction with the other PE firm that he had originally brokered did not happen.   There is no magic to the amount.   The typical brokers or finder's fees is 6% of the total investment.   Oak was looking to invest $30MM and 6% of $30MM is $1.8 MM.

Since Oak did not have any mechanism to pay a finder's fee, since Oak XI was a VC (venture capital) fund and not a PE (private equity) fund, this alternative method was deployed to effectively to arrive at the same outcome.   And hence, Oak's senior liquidation preference amount in terms of their claims in a liquidation process remained the same - its total investment level of $30MM - and, indeed, that is the amount that Oak XI did get back at the time of the final realization from this investment.

Oak XI made a positive return on this investment - having generated well over $30MM in net realized proceeds from this investment at the end.   So, no losses, no damage accrued to Oak XI - on the contrary, it was a net winner - unlike many of the other companies in Oak XI.   A simple and cursory look at the Oak XI portfolio companies, particularly those managed and invested in by Mr. Glassmeyer would quickly establish that Company J was one of his few, if not only, successful investment outcome in Oak XI - a successful outcome being one where one generates a gain from the investment.

The alleged $1.8MM was used to secure this successful investment for Oak XI.   Rather than the allegations being true, quite to the contrary, this payment of the $1.8MM in fact led to the actual final realization of net investment gains from this investment - something that cannot be said for the entirety of the fund Oak XI quite as yet or for that matter the other investments Mr. Glassmeyer made from Oak XI.   No damage was done, no one was misled.

Mr. Glassmeyer was fully involved and engaged and knew full well the real context and circumstances behind the transactions.   He signed all the investment documents, including the document which outlined the one-time special dividend to cover the off the record transaction

related expense.   He knew of the use, he knew the purpose, he knew of the plan to win the deal for Oak.   Mr. Glassmeyer was the partner who reviewed and executed the investment and transaction documents.   Mr. Glassmeyer wanted to "win" the investment for Oak and to wrest it away from the other competing firm.   The Defendant merely did what he was asked to do - to win the investment for Oak and he did!

The entirety of all transaction documents need to be produced for this truth to come out. The real Plaintiff, Oak, cannot produce one single document that the Defendant signed or executed which outlined the specifics of this transaction.   The one-time dividend was memorialized in a transaction document signed and executed by Mr. Glassmeyer.   It was a core part of the winning strategy that was executed with the full knowledge and cognizance of Mr. Glassmeyer.   The various versions of the Pre-Commitment Reports (PCRs), the various versions of term sheets, the various drafts and final forms of all the transaction documents, all emails, presentations, memos and call records need to be produced to prove that both Oak and Mr. Glassmeyer were fully aware and knew of everything that they now so claims to be a transgression.   The counsel to Oak, Finn Dixon & Herling ("FDH") based in Stamford, CT, and their partner who advised Oak also knew about the context and the circumstances behind the financial adjustments and gymnastics needed to "win" this deal for Oak.

**WHEREFORE**, the Defendant humbly petition and respectfully requests that the esteemed Court to compel Oak to produce all emails, written documents, correspondence, presentations, files, memos, etc. relating to **all** Company J transactions and communications that are at the core of the dispute wrt Company J, and the Plaintiff to withdraw the blatantly false and misplaced claims made against the Defendant as it pertains to Company J.

6

Respectfully Submitted,


Dated:      February 17th, 2017            s/ Iftikar Ahmed
                                           _____
                                           Iftikar A. Ahmed
                                           C/O Advocate Anil Sharma
                                           10 Government Place East, Ground Floor
                                           Behind Kanpur Leather House
                                           Kolkata 700069, India
                                           Tel: +91.98.30.089.945
                                           Email: iftyahmed@icloud.com
                                           *Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Nicholas P. Heinke
US Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Mark L. Williams
US Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

David B. Deitch
Harris, St. Laurent & Chaudhry LLP VA
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3549
Fax: (703) 935-0349
Email: ddeitch@sc-harris.com

Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Dated: February 17th, 2017            s/ Iftikar Ahmed
_____
Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East, Ground Floor
Behind Kanpur Leather House
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com

*Pro Se*