UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    *Plaintiff*,

          *v.*

IFTIKAR AHMED,

    *Defendant*, and

IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIY A HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; 1.1. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; 1.1. 2, a minor child,
by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and 1.1. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,

    *Relief Defendants*.

Civil No. 3:15-cv-675 (JBA)

March 1, 2017

---

## MEMORANDUM OF LAW OF NON-PARTY OAK MANAGEMENT CORPORATION IN OPPOSITION TO DEFENDANT'S MOTION TO DEPOSE OAK AND RELATED PARTIES

Non-party Oak Management Corporation ("OMC"), the former employer of Defendant Iftikar Ahmed, and the investment manager of the investment funds victimized by Mr. Ahmed's fraudulent conduct that is the focus of this action, files this memorandum of law in opposition to Defendant's Motion to Depose Certain Oak and Related Parties Specific to Each Alleged Transaction, dated February 8, 2017 (ECF No. 438) (the "Motion"). Discovery in this matter, with certain Court-approved exceptions not relevant here, was to be completed by February 28, 2017. (ECF No. 370 ¶2; 436 ¶1). By his motion, filed twenty days before the close

of discovery, Mr. Ahmed seeks an order from the Court compelling the deposition of fourteen current and former employees of OMC's and their relatives. (Motion at 4-5.) However, Mr. Ahmed has never served subpoenas on any of these individuals, and, accordingly, has no basis to compel such testimony by an order of the Court. *See Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001) ("Discovery of non-parties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45"). In addition, Mr. Ahmed offers no reason whatsoever why he waited so long to seek this testimony or how he thought it could be completed within the discovery cut-off date had he followed the correct procedures to secure such testimony in the first place. "There is simply no reason—let alone 'good cause'—for [Mr. Ahmed's] delays in pursuing discovery." *Joseph v. Sikorsky Aircraft Corp*, No. 3:14CV00424(AWT), 2015 WL 5304177, at *3 (D. Conn. Sept. 9, 2015) (denying motions to compel filed shortly before the discovery cutoff). Nor does Mr. Ahmed explain how he, as a fugitive from justice proceeding in this action *pro se*, could actually conduct these depositions, instead making the baseless request that the Court secure for him "such appropriate arrangements as necessary to facilitate the deposition" for him. (Motion at 5.)

In short, there simply is no basis to compel any of this testimony, and Mr. Ahmed's motion should be denied.

        OAK MANAGEMENT CORPORATION
        NON-PARTY RESPONDENT

By:  /s/ David T. Grudberg
     David T. Grudberg (ct01186)
     CARMODY TORRANCE SANDAK &
     HENNESSEY LLP
     195 Church Street, P.O. Box 1950
     New Haven, CT 06509-1950
     Telephone: (203) 777-5501
     Facsimile: (203) 784-3199
     E-mail: dgrudberg@carmodylaw.com

     <u>Of Counsel</u>:

     David K. Momborquette, Esq.
     Gary Stein, Esq.
     SCHULTE ROTH & ZABEL LLP
     919 Third Ave.
     New York, N.Y. 10022
     Telephone: (212) 756-2000
     Facsimile: (212) 593-5955
     E-mail:  David.Momborquette@srz.com
            Gary.Stein@srz.com

## CERTIFICATION

I hereby certify that on March 1, 2017, a copy of the foregoing Memorandum of Law in Opposition to Certain Motions to Compel and Implead was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operating of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                /s/ David T. Grudberg
                David T. Grudberg