UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>Relief Defendants. | Civil Action No. 3:15cv675 (JBA) |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DEPOSE CERTAIN OAK AND RELATED PARTIES SPECIFIC TO EACH ALLEGED TRANSACTION**

Plaintiff United States Securities and Exchange Commission (the "SEC") hereby files this opposition to Defendant Iftikar Ahmed's motion [Doc. # 438] that the Court arrange for the depositions of certain listed individuals ("Motion"). As fact discovery is now concluded and as any additional depositions – much less the fourteen depositions proposed by Defendant – would significantly delay these proceedings, Defendant's Motion should be denied.

1

First, Defendant's eleventh-hour request would result in a myriad of depositions occurring after the February 28, 2017 fact discovery cutoff – a deadline that has now passed. [See Doc. # 436.]  Nearly a year ago – on March 15, 2016 – the Court ordered that depositions could begin on May 9, 2016. [Doc. # 205.]  Notwithstanding this order, Defendant waited until February 8, 2017 – less than one month before the fact discovery cutoff – to file the instant Motion seeking to take more than a dozen depositions.  Moreover, Defendant did not mention his desire to conduct this deposition discovery in the Joint Status Report filed on January 31, 2017 [see Doc. # 422], nor at the in-person status conference held on February 2, 2017.  Defendants' belated request to depose more than a dozen people out of time should be denied.

Second, Defendant's Motion is procedurally improper, as he has not properly subpoenaed any of these depositions and it not the duty of the Court to "arrange" depositions.  In fact, Defendant specifically opted not to issue subpoenas after being advised that this was a requirement.  As Defendant acknowledges in his Motion, on January 11, 2017, Defendant sent an email to Plaintiff and Relief Defendants' counsel requesting that certain people be deposed and seeking "help and guidance on how this can be done…"  Motion at 9-10.  However, Defendant neglected to disclose in his Motion that one day after he sent this email, counsel for Relief Defendants responded to Defendant and explained the process for subpoenaing witnesses for depositions.  Specifically, counsel for Relief Defendants informed Mr. Ahmed:

> As you are proceeding *pro se*, we thought it prudent to let you know that under Rule 45 of the Federal Rules of Civil Procedure you can command witnesses to attend a deposition or testify at trial by sending a subpoena. The relevant forms are available on the District Court's website: http://www.ctd.uscourts.gov/forms/all-forms/subpoena_forms
>
> For example, please see attached copies of our subpoenas for documents and testimony to Oak Management Corp. and one of the Oak funds.

*See* Exhibit A.  Rather than issue (or even attempt to issue) a Rule 45 subpoena, Defendant waited nearly a month before filing the instant Motion requesting that the Court "arrange" for certain depositions.

Put simply, Defendant's assertion that he is simply searching for "the truth" is belied by the fact that he waited until the end of the discovery period to even claim that he needed deposition discovery, and then ignored specific instructions on how to go about taking such discovery.  Defendant's Motion seems to be an attempt to create additional delay in this case, including (significantly) delaying the briefing on summary judgment, which is set to begin on April 10, 2017.  [*See* Doc. # 436.]  For all of these reasons, Defendant's Motion should be denied.

DATED: March 1, 2017.

*s/ Nicholas P. Heinke*
Nicholas P. Heinke (CO. Bar No. 38738)
Mark L. Williams (NY Bar. No. 4796611)
Jeffrey E. Oraker (CO Bar. No. 26893)
U.S. Securities and Exchange Commission
1961 Stout St., Suite 1700
Denver, CO 80294
Phone: (303) 844-1000
E-mail: HeinkeN@sec.gov
WilliamsML@sec.gov
OrakerJ@sec.gov

## CERTIFICATE OF SERVICE

I certify that on March 1, 2017, a copy of the foregoing document was emailed to Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Jonathan Harris
Reid Skibell
David Deitch
Alexander Sakin
S. Gabriel Hayes-Williams
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(Counsel for Relief Defendants)

                                        *s/ Nicholas P. Heinke*
                                        Nicholas P. Heinke