UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>*Plaintiff,*<br>v.<br>IFTIKAR AHMED,<br>*Defendant,* and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>*Relief Defendants.* | Civil No. 3:15cv675 (JBA)<br><br>April 7, 2017 |

**ORDER ON PLAINTIFF'S MOTION TO QUASH RELIEF DEFENDANTS' DEPOSITION NOTICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) AND FOR A PROTECTIVE ORDER**

In this civil enforcement action brought by Plaintiff the Securities and Exchange Commission (the "SEC" or the "Commission") against Defendant Iftikar Ahmed ("Mr. Ahmed") and Relief Defendants, the SEC moves this Court [Doc. # 439] to quash Relief Defendants' 30(b)(6) deposition notice and for a protective order. For the reasons that follow, Plaintiff's Motion is granted.

**I. Discussion**

The Court assumes the parties' familiarity with the relevant facts of this case.

Relief Defendants seek to depose the SEC regarding: (1) "[a]ny alleged transfer to any of the Relief Defendants of funds that are alleged to be the proceeds of a fraudulent transaction involving . . . the Defendant or Oak . . ." and various companies at issue in the Complaint (Topics Nos. 1-7); (2) "[a]ny exculpatory facts or information, and any factual portion of any investigative memoranda prepared by the Commission's Staff, or distributed to the Commission . . . that relates to the defenses or affirmative defenses of the Defendant or Relief Defendants" (Topic No. 8); and (3) "[t]he specific facts, information, documents, investigative testimony, and any other direct or circumstantial evidence relied on by Plaintiff that supports the specific allegations asserted by the Commission and the relief sought by the Commission in this matter" (Topic No. 9). (*See* Ex. 1 (Relief Def.'s Revised Notice of Deposition) to Pl.'s Mot. [Doc. # 439] to Quash.)[1]

Plaintiff asserts that all of these topics "essentially seek the SEC's analysis of various third-party evidence and other work product" and therefore the deposition should be quashed and a protective order issued. (Pl.'s Mot. to Quash at 1.) Plaintiff claims it "has no independent, firsthand knowledge of any of these facts, but rather has collected various third-party documents throughout its investigation and this litigation which . . . have been produced to Relief Defendants" and thus contends that "the only relevant information the Relief Defendants could be seeking from the SEC is its analysis of the underlying evidence – a topic that is classic, protected work product." (*Id.* at

---

[1] Relief Defendants claim that their deposition material "focuses on two highly material aspects of the SEC's proof in this case:" (1) the SEC's ability to establish that transactions between funds administered by Defendant's former employer, Oak Management Corp. ("Oak") and foreign companies were domestic (i.e., that irrevocable liability was incurred or title passed in these transactions within the United States); and (2) the SEC's ability to establish that assets identified by Relief Defendants as improperly frozen are actually "ill-gotten gains" and do not belong to Mr. Ahmed and/or Relief Defendants. (Def.'s Opp'n at 2.)

2

2.) The SEC also argues that because "the investigation and litigation have been conducted by SEC attorneys, a deposition of the SEC would be tantamount to a deposition of opposing counsel, which, rightly, is strongly discouraged." (*Id.*) In opposition, Relief Defendants argue they seek deposition of the SEC "on the *facts* underlying its claims, and the *facts*, underlying the Relief Defendants' defenses" and that "the SEC will be entitled . . . to interpose objections to any questions that intrude upon attorney work product." (Relief Defendants' ("Def.'s") Opp'n at 3 (emphasis in original).)[2] They therefore urge that the Court not issue "a blanket protective order because it unnecessarily and unfairly precludes Relief Defendants from obtaining highly material discovery to which [they] are entitled." (*Id.*)[3]

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R .Civ. P. 26(b)(1). However, discovery is not boundless, and "[the] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A party may not generally discover "work product of the lawyer" including "inquiries into the files and the

---

[2] Relief Defendants claim that "[c]ontrary to what the SEC says, [they] do not intend to ask what facts SEC counsel believes support its claims or support the Relief Defendants' defenses. Rather, Relief Defendants simply intend to ask questions about facts relating to the evidence, and the references to claims and defenses in these subjects merely circumscribe the universe of those facts." (Def.'s Opp'n at 9.) Relief Defendants do not explain how these "questions about facts" will otherwise develop evidence on the two issues Relief Defendants identify–extraterritoriality and improperly frozen assets–beyond what the produced documents and disclosed witnesses' testimony reveal.

[3] Relief Defendants indicate that the vast majority of the documents produced by the SEC and Oak do not relate at all to the question of whether the transactions at issue were domestic, which Relief Defendants have deemed to be one of the two "highly material aspects of the SEC's proof in this case." (Def.'s Opp'n at 12.)

3

mental impressions of an attorney." *See Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947). According to the Second Circuit, "the touchstone of the work-product inquiry is whether the discovery demand is made 'with the precise goal of learning what the opposing attorney's thinking or strategy may be.'" *SEC v. Morelli*, 143 F.R.D. 42, 47-48 (S.D.N.Y. 1992) (quoting *In re Grand Jury Subpoenas*, 959 F.2d 1158, 1166 (2d Cir. 1992)).

Generally, "[t]o satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf." *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). Although the SEC is not immune from discovery pursuant to Rule 30(b)(6) (*see United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958)) where its "sole knowledge of the facts has been acquired in its investigation, a Rule 30(b)(6) deposition fails to serve the purpose of narrowing a litigant's search for a representative who will serve as the repository of the agency's knowledge." Order [Doc. # 195] at 12, *SEC v. McGinnis*, No. 15-cv-6 (D. Vt. Jan. 13, 2015).

Plaintiff cites a series of cases in which district courts have prohibited Rule 30(b)(6) depositions of the SEC as an impermissible attempt to probe into protected work product. *See e.g.*, *Morelli*, 143 F.R.D. at 47 (Prohibiting deposition, finding that "[b]ased on a review of the areas of inquiry highlighted in [the defendant's] Notice of Deposition . . . [and] plaintiff's sworn, uncontroverted statement that all relevant, non-privileged evidence has been disclosed to the defendants, the Court is drawn inexorably to the conclusion that [the defendant's] Notice of Deposition is intended to ascertain how the SEC intends to marshall the facts, documents and testimony in its possession, and to discover the inferences that plaintiff believes properly can be drawn from the evidence it has accumulated."). On the other hand, Relief Defendants point to cases where courts have permitted the deposition to go forward, finding that the SEC may object

4

on work product grounds where necessary. *See, e.g., SEC v. Merkin*, 283 F.R.D. 689, 692 (S.D. Fla. 2012) (Allowing 30(b)(6) deposition of SEC to proceed despite SEC's argument that the information sought qualified as protected attorney work product, stating that "[t]he SEC, of course, may interpose objections and give privilege-based . . . instructions not to answer specific questions at [the] 30(b)(6) deposition[ ]."); *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1327-28 (M.D. Fla. 2011) (Court refused to quash a 30(b)(6) deposition where the defendant "sought to discover only the facts underlying the claim against him and not the mental impressions of Commission counsel.").

Here, the Court is unpersuaded that Relief Defendants seek information beyond protected work-product, despite their representation that they seek this deposition on the underlying facts alone. The SEC represents that Defendants have all of the information (third-party witnesses and documents) from which the SEC's knowledge is derived, which the Court will presume to mean all relevant non-privileged evidence in accordance with Fed. R .Civ. P. 26(b)(1). (Pl.'s Mot. to Quash at 10.) Plaintiff asserts that "Relief Defendants have access to all sworn testimony that exists in this matter," as well as the documentary evidence that supports the SEC's claims. (*Id.*) Thus, Relief Defendants have all the facts available to the SEC, have the ability to analyze and assess them, and are assured that no additional facts or witnesses will be offered in motion practice or at trial. Relief Defendants do not offer any particularized scenarios of the existence of important facts which require clarification because the documents and testimony in their possession are insufficient other than reference to testing the conclusory assertions of an affidavit (*see* Def.'s Opp'n at 10) that is not in the record before the Court.

Where it is clear that Relief Defendants already have access to all of the facts underlying the SEC's claims and given the risk of inadvertent disclosure of the SEC's counsel's mental impressions

or futility of a deposition consumed by objections, the Court believes that the prudent course is to quash this deposition notice.[4]

## II. Conclusion

For the foregoing reasons, Plaintiff's Motion to Quash Relief Defendants' Deposition Notice Pursuant to Federal Rule of Civil Procedure 30(b)(6) and for a Protective Order is GRANTED.

IT IS SO ORDERED.

/S/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of April 2017.

---

[4] Defendants argue they should be permitted to depose the SEC because the SEC objected to several of their interrogatories on the grounds that they were "contention interrogator[ies] that [were] inappropriate at [that] stage of the litigation" and never supplemented those responses. (Def.'s Ex. B (SEC Response to Relief Defendants' Discovery Requests) to Opp'n Mot. at 21.) However, Defendants have never moved to compel the SEC's response, and therefore the issue of whether these contention interrogatories would be subject to the same objections the SEC raises in its Motion to Quash, or represent an alternative means for obtaining focused, non-privileged responses for the SEC, is not before the Court.