UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>*Plaintiff,*<br>v.<br>IFTIKAR AHMED,<br>*Defendant,* and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>*Relief Defendants.* | Civil No. 3:15cv675 (JBA)<br><br>April 7, 2017 |

**ORDER ON NON-PARTY OAK MANAGEMENT'S MOTION TO QUASH RULE 30(b)(6) SUBPOENA**

In this civil enforcement action brought by Plaintiff the Securities and Exchange Commission (the "SEC" or the "Commission") against Defendant Iftikar Ahmed ("Mr. Ahmed") and Relief Defendants, non-party Oak Management Corporation ("Oak") moves this Court [Doc. # 453] to quash Relief Defendants' 30(b)(6) deposition notice. For the reasons that follow, Oak's Motion is granted in part and denied in part.

## I. Discussion[1]

The Court assumes the parties' familiarity with the relevant facts of this case.

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R .Civ. P. 26(b)(1). Although not unlimited "relevance, for purposes of discovery, is an extremely broad concept." *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-CV-7126 (JMF), 2017 WL 280816, at *1 (S.D.N.Y. Jan. 20, 2017); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). However, discovery is not boundless, and "[the] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In fact, a court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

### A. Deposition Topics 1-3

Relief Defendants wish to inquire about "any valuation work conducted by Oak, or done at Oak's request regarding" Company C (Topic 1), "[t]he disposition of [Company C] shares Oak purchased from [Relief Defendant] I-Cubed Domains LLC" (Topic 2), and "Oak's decision to invest in Company C" (Topic 3). (Ex. 4 to Def.'s Opp'n at 7.)

Relief Defendants argue that because the SEC is seeking disgorgement, the difference between what Oak paid for the Company C shares and what the Company C shares were actually worth (the subjects of topics 1 and 2) is relevant to Defendant Mr. Ahmed's alleged unjust enrichment. (Def.'s Opp'n at 7.) Oak contends, though, that topics 1 and 2 are not relevant because

---

[1] The Court bases its ruling on Relief Defendants' modified topics of deposition in the February 23, 2017 email from Defendants' counsel David Deitch to Oak's counsel David Momborquette. (Ex. 4 (2/23/17 Email) [Doc. # 476-5] to Relief Defendant's Opposition to Oak's Motion to Quash ("Def.'s Opp'n") at 7.) Accordingly, the Court focuses primarily on Oak's Reply, which addresses the modified topics.

2

disgorgement is not aimed at compensating an investor for economic loss but rather at returning the wrongdoer to his status quo prior to the wrongdoing. (Oak's Reply at 2-3.) While "disgorgement is an equitable remedy that prevents unjust enrichment," *S.E.C. v. Contorinis*, 743 F.3d 296, 306 (2d Cir. 2014), the distinction Oak offers between the investor's loss and Defendant's ill-gotten gains is too narrowly drawn for purposes of relevancy in discovery. In many instances involving fraudulent conduct the economic loss caused by a defendant's wrongdoing is directly tied to his or her unjust enrichment, and the Court will not preclude Relief Defendants from pursuing this topic.

Oak maintains that topic 3, the reason why Oak invested in Company C, is similarly not relevant to whether the SEC is entitled to disgorgement. (Oak's Reply at 3.) In opposition, Defendants incredulously respond that "it is difficult to understand" how Oak can claim irrelevance where "the very gravamen of the SEC's claim regarding Company C is the allegation that Oak's decision to invest was improperly influenced by Mr. Ahmed because of his nondisclosure of his interest in Company C." (Def.'s Opp'n at 8.) The Court agrees that the reasons Oak decided to enter into the Company C transaction are relevant to the question of whether "Mr. Ahmed affirmatively misled Oak into entering into a transaction that was prohibited, absent proper consent, by Oak's internal policies, procedures and partnership documents with its investors." (Oak's Reply at 3.) Consequently, like topics 1 and 2, topic 3 addresses potentially relevant evidence and will not be quashed.[2]

---

[2] Oak also asserts that Relief Defendants have already had ample opportunities to question an Oak witness regarding Company C at an earlier deposition and at the preliminary injunction hearing. Although the parties agree additional relevant documents have been produced since that time, according to Oak "the Relief Defendants have expressed no willingness to limit their current request for testimony regarding Company C to that [new] material." (Oak's Reply at 3.) The Court

3

### B. Deposition Topic 4

Oak objects to topic 4, which relates to the subject of "carried interest in connection with any Oak funds," again because it is a topic on which it claims Relief Defendants have already received extensive testimony from an Oak representative pursuant to Rule 30(b)(6). (Oak's Reply at 4.) Relief Defendants do not dispute this fact, and represent that they "will avoid simply asking the same questions that were asked during the hearing and previous deposition," while also arguing that in the time since Relief Defendants took the initial deposition testimony they have been able to educate themselves more effectively regarding the SEC's claims. (Def.'s Opp'n at 8-9.) Still, Oak protests that "Relief Defendants have provided no indication regarding what relevant or additional information regarding carried interest that they believe they still need at this point in time" and urges the Court to quash this purportedly "duplicative" topic. (Oak's Reply at 4.) Nonetheless, Oak additionally indicates that in order for it to prepare a Rule 30(b)(6) witness it requires a more particularized notice regarding the subject of carried interest. (*Id.*)

In light of the vagueness of topic 4, especially given the potential for overlap with previous testimony and the absence of an explanation of what aspect of carried interest testimony Relief Defendants need to address due to their more developed understanding of the case, the deposition notice for topic 4 is quashed.

### C. Deposition Topics 5-13

Topics 5-13 all inquire about "[t]he negotiation and terms of Oak's agreement to invest in" various different Companies other than Company C. (Def.'s Opp'n at 9-10.) Oak asserts that these

---

will presume that Relief Defendants' questioning will not duplicate testimony already in their possession but will not restrict them to deposing on these additional documents, recognizing that their previous opportunity to take testimony was limited and preliminary.

4

"categories of testimony . . . are . . . overbroad, seeking testimony on topics that are not relevant to any claim or defense in this action." (*Id.* at 4.) Relief Defendants maintain that these topics are appropriate subjects of testimony in this action because they could relate to whether the alleged fraud occurred in connection with a domestic transaction under *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010) and its progeny. (Def.'s Opp'n at 10.)

The Second Circuit has indicated that a transaction involving securities that are not traded on a domestic exchange, as here, is "domestic" if the facts demonstrate that "irrevocable liability was incurred or title transferred within the United States." *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 67 (2d Cir. 2012). Oak argues that the topics delineated in topics 5-13 have nothing to do with determining where a particular purchase or sale took place, highlighting the Notice's focus on the reasons underlying why an investment was made or the legal fees incurred in connection with that investment. (Oak's Reply at 5.) Oak then accurately observes that Relief Defendants provide no explanation as to how either the agreement negotiation and terms, or related attorney fees, relate to the loci of a purchase or sale. (*Id.*) Relief Defendants conclude that "[e]ach of the items included in these topics—the negotiation and terms of the deal, the execution of the agreement, and the location in which the parties are located and organized—could have a bearing on the question of whether the transaction was domestic and whether the alleged fraud was in connection with that domestic transaction" but offer no explanation for why determination of title transfer or irrevocable liability requires more than analysis of the final transaction documents. (Def.'s Opp'n at 10.)

Thus, the Court grants Oak's Motion with regard to topics 5-13 absent any showing that there is information relevant to where "irrevocable liability was incurred or title transferred" with

respect to these transactions that is not readily available through review of the documentation produced by Oak.

### D. Attorney's Fees

In light of the Court's Ruling and the reasoning articulated above, it does not find attorney's fees for this Motion practice warranted.

## II. Conclusion

For the foregoing reasons, Oak's Motion to Quash Rule 30(b)(6) Subpoena is GRANTED in part and DENIED in part. Relief Defendants' deposition of Oak shall be completed no later than May 8, 2017.

IT IS SO ORDERED.

/S/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of April 2017.