UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>*Plaintiff,*<br>v.<br>IFTIKAR AHMED,<br>*Defendant,* and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>*Relief Defendants.* | Civil No. 3:15cv675 (JBA)<br><br>May 3, 2017 |

**ORDER ON DEFENDANT'S MOTION SEEKING PERMISSION TO BE ALLOWED TO PARTICIPATE IN THE OAK DEPOSITION SCHEDULED FOR THURSDAY, MAY 4TH 2017**

Defendant seeks [Doc. # 534] to "participate" in the Relief Defendants' 30(b)(6) deposition of non-party Oak scheduled for Thursday May 4, 2017 by listening telephonically from India to the deposition conducted in the United States and questioning the deponent. He does not seek to view any documents designated as confidential in light of the Court's prior orders denying him access to confidential documents. The SEC regards Defendant's Motion as a motion for reconsideration of this Court's prior rulings that he is not permitted access to confidential materials while he remains outside the jurisdiction of

the Court. (Pl.'s Opp'n [Doc. # 536] at 1.) Neither Relief Defendants nor non-party Oak deponent has responded.

Defendant reasons that because he participated in an earlier 30(b)(6) deposition of Mr. Dan Johnson, a representative for several Relief Defendant entities, he is entitled to similarly participate in the scheduled non-party 30(b)(6) Oak deposition. (Def.'s Mot. [Doc. # 534] at 2.) Since Defendant's participation in the Johnson deposition was not presented to the Court for ruling, Defendant's claim of a right to similar participation as to a non-party deposition is unpersuasive.

However, this Court has refused Defendant access to the SEC's investigative file in this case [Doc. # 286], as well as to confidential portions of the 30(b)(6) deposition transcript of Ms. Grace Ames, an Oak partner [Doc. # 515], so long as Defendant remains outside of this Court's jurisdiction because of Court's "current inability to effectively limit the use of" confidential materials through a protective order or to sanction Defendant in the event of any misuse. (Endorsement Order [Doc. # 286] at 4.) The same concerns apply with respect to Mr. Ahmed's participation in the upcoming Oak 30(b)(6) deposition insofar as participation in the deposition would give Defendant access to confidential materials while he remains in India.

Thus, Defendant may telephonically "attend" the deposition and if any portion of the questioning would give Defendant access to confidential materials, the telephone line may be muted but the testimony shall continue to be recorded to enable future determination of the appropriateness of the "confidential" designation. Defendant may ask relevant questions that do not elicit confidential material, are not repetitive and whose predominant purpose is not annoyance, embarrassment or oppression of the deponent.

Accordingly, Defendant's Motion Seeking Permission to be Allowed to participate in the Oak Deposition Scheduled for Thursday May 4, 2017 is GRANTED on the foregoing conditions. This deposition is limited to seven hours as no party has sought additional time. The transcript of the deposition shall be handled in the same fashion as the Ames deposition transcript such that challenges to the confidential designations can be judicially reviewed if necessary.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 3rd day of May 2017.