UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 3:15cv675 (JBA) |
| IFTIKAR AHMED, | ) ) ) | |
| Defendant, and | ) ) | |
| IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC;  SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Relief Defendants. | ) ) | |

_____ )

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S RESPONSE IN OPPOSITION TO RELIEF DEFENDANTS' MOTION TO DELAY FILING OF SUMMARY JUDGMENT MOTIONS UNTIL AFTER THE SUPREME COURT'S RULING IN _KOKESH V. SEC_**

Plaintiff United States Securities and Exchange Commission (the "SEC") submits this brief in opposition to Relief Defendants Shalini Ahmed, I-Cubed Domains, LLC, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, DIYA Real Holdings LLC, I.1, I.2 and I.3's (together, the "Relief Defendants") motion [Doc. # 519] to delay the filing of summary judgment motions ("Motion").  As outlined herein, Relief Defendants' Motion should be denied.

On January 29, 2017, Defendant Iftikar Ahmed filed [Doc. # 418] his[1] Motion to Stay in Light of the U.S. Supreme Court Granting *Certiorari* in *Kokesh v. SEC*.

On January 31, 2017, the parties filed [Doc. # 422] a joint status report.  Therein, Relief Defendants stated that they anticipated filing a motion to stay the case because the Supreme Court had granted certiorari in *Kokesh*.  *Id.* at 3.  Relief Defendants argued that the proceedings should be stayed "in whole or in part…pending the Supreme Court's decision" because "[i]f the Supreme Court rules that the five-year statute applies [it] will eliminate multiple claims from this case."  *Id*.  Relief Defendants sought to avoid the parties briefing "and the Court decid[ing] a summary judgment motion without the benefit of the Supreme Court ruling."  *Id*. at 4.

The SEC countered that the Court should decline to further delay the case and argued that the Supreme Court's decision in *Kokesh* was unlikely to have any effect on the litigation "because Defendant's conduct falls within the fraudulent concealment and continuing violations doctrines and thus, even if the Supreme Court were to rule that the five-year statute of limitations applies to disgorgement, it would not remove the older transactions from the scope of the case." *Id*.

On February 2, 2017, the Court held an in-person status conference.  During that conference, Relief Defendants' counsel represented that they "intend[ed] to join Mr. Ahmed's motion for a stay pending the Supreme Court's hearing in [ ] Kokesh." Ex. A at 10.  After hearing argument from the parties, the Court ruled:

> Well, as I had reviewed Mr Ahmed's motion and heard Ms. Zaehringer today, I really am persuaded that we should proceed without a stay.  The greater efficiency will be to have everything wrapped up and poised to be able to take advantage of the *Kokesh* decision.  The economies that would be achieved presume that the 11th Circuit's view of disgorgement and forfeiture will prevail and

---

[1] Although the Motion was filed by Defendant, its style, diction and tone were distinctly different than Defendant's previous and subsequent *pro se* filings.

> do not keep us from dealing with the SEC's claimed carve-out.  So
> I think that we are in - - besides which, we still will have the rest of
> the case that isn't affected by Kokesh teed up for summary
> judgment.
>
> So I think on balance, while I certainly am always mindful
> of the economies to be achieved  by the practicalities of the
> scheduling, I am unpersuaded that a stay is warranted as to
> outweigh the benefits of bringing this matter to a conclusion on
> whatever issues will exist.
>
> . . . .
>
> So that said, I am going to deny the defendant's and relief
> defendants' motion for stay, and we will proceed.

Ex. A at 17-18.  On February 7, 2016, the Court entered [Doc. # 436] an Endorsement Order

denying the Motion to Stay.

On April 20, 2017, Relief Defendants filed the instant Motion seeking reconsideration of

the Court's prior ruling.  Relief Defendants argue that reconsideration is warranted because (1)

summary judgment deadlines have been extended to June 7, 2017; and (2) in Relief Defendants'

counsel's opinion (and allegedly the opinion of a Washington Post reporter), the Supreme Court

exhibited "broad skepticism…about the SEC's position in *Kokesh.*"  Motion at ¶¶ 6-7.

Connecticut Local Rule 7(c) provides that motions for reconsideration "shall not be

routinely filed and shall satisfy the strict standard applicable to such motions."  D. Conn. L. Civ.

R. 7(c)(1).  "Such motions will generally be denied unless the movant can point to <u>controlling

decisions or data that the court overlooked in the initial decision or order.</u>"  *Id.* (emphasis added).

The standard for granting a motion for reconsideration "'is strict, and reconsideration will

generally be denied unless the moving party can point to controlling decisions or data that the

court overlooked-matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court.'"  Ruling Den. Def.'s Mot. for Recons. [Doc. # 392] at 2

(quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "'The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Relief Defendant's Motion comes more than 10 weeks after the Court's prior ruling denying their stay request, and points to no controlling decisions or data that the court overlooked in the initial decision or order. *See* D. Conn. L. Civ. R. 7(c)(1). The Motion therefore does not meet the exacting standard required for reconsideration and should be denied.

First, Relief Defendants' argument that reconsideration is warranted because their earlier request "involved a likely delay of four months or more" whereas they "now seek a delay that will likely be approximately one month" is unpersuasive and does not meet the exacting standard for reconsideration. *Id.* In fact, in denying the earlier motion, the Court specifically explained that "[t]he greater efficiency will be to have everything wrapped up and poised to be able to take advantage of the *Kokesh* decision." Ex. A at 17. The fact that summary judgment deadlines have been extended only makes it more likely that the Court will have the benefit of the *Kokesh* decision when ruling on summary judgment. Thus, the extension of summary judgment deadlines provides no support for Relief Defendants' request for reconsideration "[a]s a matter of judicial economy." Motion at ¶ 8.

Second, Relief Defendants' argument that reconsideration is warranted in light of oral arguments in *Kokesh v. SEC* is wholly without merit. *See* Motion at ¶ 7. An attorney's (or a reporter's) prediction on how the Supreme Court will rule based on the Justice's "facial expressions and tones of voice" (Doc. # 519-3 at 2) during oral arguments neither qualifies as an intervening change of controlling law, nor meets the strict standard for reconsideration. Indeed,

4

motions for reconsideration would be routine were attorneys permitted to base their request on their own subjective belief that an intervening change of controlling law would be implemented in the future.

       <u>Lastly</u>, the entirety of Relief Defendants' Motion is premised on the erroneous view that "[i]f the Supreme Court were to rule that such claims are subject to a five-year limitations period, the SEC would be forced to abandon a substantial portion of its case here."  Motion at ¶ 2.  As the SEC has repeatedly pointed out, regardless of how *Kokesh* is decided the SEC will not be forced to abandon any claims.  Thus, Relief Defendants' argument that "the Court should delay the filing of summary judgment motions to avoid unnecessary work for the parties and for the Court" rests on a faulty assumption.  Motion at ¶ 7.

       In denying [Doc. # 358] Relief Defendants' Motion to Dismiss, the Court noted that because it "f[ound] that Section 2462 does not apply to claims for disgorgement, it is unnecessary to address Plaintiff's alternative arguments that the fraudulent concealment doctrine and continuing violation doctrine require the Court to deny Defendants' Motion."  *Id.* at 16, n. 21.  In the parties' jointly filed [Doc. # 422] status report, the SEC argued that *Kokesh* was unlikely to have any effect on the litigation "because Defendant's conduct falls within the fraudulent concealment and continuing violations doctrines and thus, even if the Supreme Court were to rule that the five-year statute of limitations applies to disgorgement, it would not remove the older transactions from the scope of the case."  *Id*. at 4.  During the in-person status conference, the SEC again argued that *Kokesh* should not effect this case because Defendant's "conduct falls within the fraudulent concealment and the continuing violation doctrine."  Ex. A at 15.  In denying the earlier motion to stay, the Court specifically noted that "[t]he economies that would be achieved presume that the 11th Circuit's view of disgorgement and forfeiture will

prevail and do not keep us from dealing with the SEC's claimed carve-out." *Id*. at 17.  During conferral, undersigned counsel sent an email to Relief Defendants' counsel, two days before Relief Defendants' filed the instant Motion, again explaining that the SEC expected the parties to "litigate the entirety of Mr. Ahmed's fraudulent conduct regardless of the decision in *Kokesh*" and specifically directed Relief Defendants' counsel to the relevant portion of the joint status report outlining the SEC's arguments.  *See* Doc. # 519-3 at 3.

Yet, the Motion does not reference, much less address, the SEC's arguments that Relief Defendants' assertions which equate delay with judicial economy are baseless because the *Kokesh* decision will not cause any claims to be dismissed.  Instead, Relief Defendants simply declare that – and indeed rest their entire Motion on the assumption that – the SEC "would be forced to abandon a substantial portion of its case" if the Supreme Court overturns *Kokesh*. Motion at ¶ 2.  Relief Defendant's reluctance to address the SEC's arguments is telling.

Relief Defendants' Motion explicitly seeks delay.  The Court should (again) decline this request and deny the Motion.

DATED: May 11, 2017.

s/ *Mark L. Williams*
Nicholas P. Heinke
Mark L. Williams
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1027 (Williams)
HeinkeN@sec.gov
WilliamsML@sec.gov
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I certify that on May 11, 2017, a copy of the foregoing document was emailed to

Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Jonathan Harris
Reid Skibell
David Deitch
Alexander Sakin
S. Gabriel Hayes-Williams
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(Counsel for Relief Defendants)

s/ *Mark L. Williams*
Mark L. Williams