UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    Relief Defendants. | Civil No. 3:15-CV-675 (JBA)<br><br>May 22, 2017 |

**ORDER GRANTING RELIEF DEFENDANTS' MOTION TO DELAY FILING OF SUMMARY JUDGMENT MOTIONS UNTIL AFTER THE SUPREME COURT'S RULING IN *KOKESH V. SEC***

In this civil enforcement action brought by Plaintiff the Securities and Exchange Commission (the "SEC" or the "Commission") against Defendant Iftikar Ahmed ("Mr. Ahmed") and Relief Defendants, the Relief Defendants request [Doc. # 519] that this Court "reset the deadline by which the parties must file summary judgment motions until after the United States Supreme Court issues its ruling in *SEC v. Kokesh*, which was argued . . . on Tuesday, April 18, 2017." (Relief Defendants' Mot. to Delay Filing of Summ. Judg. ("Def.'s Mot. to Delay") [Doc. #

519] at 1.) The SEC opposes [Doc. # 545] delaying the summary judgment deadline. For the reasons that follow, Relief Defendants' Motion is granted.

I. Discussion

The Court assumes the parties' familiarity with the relevant facts of this case.

Relief Defendants argue that the extension for filing summary judgment motions is warranted so as to avoid "their expenditure of unnecessary legal fees, and in the interest of judicial economy, as the requested extension would modify the current summary judgment deadline by only approximately one month." (Def.'s Mot. to Delay at 1-2.)[1] In support thereof Relief Defendants maintain that if the Supreme Court determines disgorgement claims are subject to the five-year statute of limitations period set forth in 28 U.S.C. § 2462 "the SEC would be forced to abandon a substantial portion of its case here" and this "may eliminate entirely the need for the parties to brief large portions of this case or, at a minimum, it will provide the parties with a clear statement of the law that the Court is to apply as to statute of limitations in this case." (*Id.* at 2-4.)

Relief Defendants acknowledge this Court's previous ruling (the "Motion to Stay") [Doc. # 436] refusing Mr. Ahmed and Relief Defendants' request to stay proceedings pending resolution of *Kokesh,* but contend that there are two new factors that require reconsideration of that ruling. First, they assert that since the Court ruled on the Motion to Stay, the deadline for summary judgment motions has been pushed back from April 10, 2017 to June 7, 2017, and therefore that their request to postpone the filing deadline now only delays the case approximately one month. Second, Relief Defendants contend that because of "broad skepticism" expressed by the Justices at

---

[1] Relief Defendants explain they are "acutely aware of the Court's admonition that they seek to be as efficient as possible and minimize their legal expenses." (*Id.* at 4.)

oral argument on *Kokesh* "the Court should delay the filing of summary judgment motions to avoid unnecessary work for the parties and for the Court." (*Id.* at 4.)

The SEC stresses the Court's previous ruling denying the Motion to Stay and urges application of the "exacting standard required for reconsideration," i.e., that it will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." (Pl.'s Opp'n at 4 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).) It maintains that extending the summary judgment deadline will not serve the purpose of conserving judicial resources, arguing that "[t]he fact that summary judgment deadlines have been extended only makes it more likely that the Court will have the benefit of the *Kokesh* decision when ruling on summary judgment." (Pl.'s Opp'n at 4.) Plaintiff further maintains that delaying the filing of summary judgment motions will not avoid unnecessary work for the parties because the SEC intends to pursue those claims regardless of the outcome of *Kokesh* under the fraudulent concealment and continuing violations doctrines. (*Id.* at 5.) Finally, the SEC disputes the significance of any purported prediction for how the Supreme Court will rule based on the Justices' comments at oral argument. (*Id.* at 4.)

The Court appreciates the SEC's desire to adhere to the current schedule, but finds persuasive Relief Defendants' contention that the situation has changed since the Court earlier denied the Motion to Stay, justifying reconsideration of the earlier decision. *See Shrader*, 70 F.3d at 257.[2] As the SEC is aware, Relief Defendants' legal expenses are paid from the corpus of frozen

---

[2] Relief Defendants appear to agree that their Motion to Delay constitutes a motion for reconsideration. (*See* Def.'s Mot. to Delay at 3.)

3

funds, the purpose of which is to compensate any victims of Defendant's alleged fraud. The Court is satisfied that the potential that Relief Defendants may avoid expending resources in relation to preparing the motion for summary judgment, weighed against a mere one month delay, justifies granting this extension.

II. **Conclusion**

For the foregoing reasons, Relief Defendants' Motion to Delay Filing of Summary Judgment Motions Until After the Supreme Court's Ruling in *Kokesh* is GRANTED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 22nd day of May 2017.