# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br> v.<br><br>IFTIKAR AHMED,<br><br>     Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>     Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA) |

**DEFENDANT'S REPLY TO SEC'S OPPOSITION TO DEFENDANT'S MOTION TO SANCTION OAK FOR MISREPRESENTATIONS AND LIES IN ITS DEPOSITION BY WITNESS GRACE A. AMES ON JULY 15TH, 2015**

  Defendant respectfully submits the following Reply in response to the Plaintiff's opposition [Doc. # 571 dated 22ND May, 2017] to the Defendant's Motion [Doc. # 532 dated 1ST May, 2017] for the consideration by this esteemed Court and necessary actions.

The background and the context behind the said Motion and the ensuing deliberations are well established and, hence, not repeated here.

It is deafeningly loud and clear from the utter silence of the SEC opposition in refuting or denying any of the long list of lies presented by the Oak representative, Ms. Grace Ames, supported with credible evidence in the said Motion, that the assertions made in the said Motion are entirely true. The SEC cannot dispute any of these lies perpetrated repeatedly by the Oak representative, Ms. Grace Ames, and hence they do not, even once, say that those lies are not lies!

The Defendant made no affirmative claims of his own in that Motion. Thus, to say his assertions are "frivolous" is quite silly and redundant. The Defendant simply claimed with evidence that the Oak representative lied. Lied under oath. There are only two possibilities - **either** (1) the Oak representative did NOT lie, in which case the SEC and / or Oak could have easily presented evidence to this esteemed Court that the Defendant is wrong in his claims; **or** (2) the Oak representative, Ms. Grace Ames, did lie repeatedly as the Defendant claims. The SEC presents no rebuttal or denial, leave alone any evidence, and thus establishes beyond any reasonable doubt that the Oak representative lied under oath. There is nothing frivolous or self serving about establishing the truth.

1. The Oak representative lied about her official designation at Oak. "General Partner" and "COO" are not even real designations at Oak. Her official designation is "CFO, Treasurer and Company Secretary". The SEC presents no evidence to rebut this claim, for they cannot.

2

Ms. Ames lied.

2.      Speculatively, as she is very well known to do so, Ms. Ames probably lied about her educational qualifications - she never attended any University to attain any graduate level qualification.  She does not have any CFA / CA / CPA or any such certification that is considered graduate level equivalent either.   The SEC could easily have produced any University records of Ms. Ames' attendance records at any University if she ever did so.

Speculatively,  Ms. Ames lied.

3.      Ms.  Grace Ames repeatedly, under oath, lied to this esteemed Court with complete contempt for its stature, honor, and intelligence by claiming "multiple" and "all" hurdles to be met before carried interest can be paid at the "discretion" of someone.  An institution as reputable as The Brookings Institute, through one of its arms, states that carried interest is a **contractual obligation** that has to be paid out once the **only** condition is met - that 100% of investor's monies are returned first.   Carried interest is NOT discretionary and it has only ONE condition precedent that needs to be met.  The SEC could easily have presented evidence to say what the 2nd condition or requirement is, leave alone many more.   They did not because they cannot.

Ms. Ames lied.

4. In her testimony, Ms. Grace Ames represented under oath that the excess management fees of OMC cannot be and are not "distributed". The SEC could have presented evidence and any legal agreement that says that is the case. The Defendant has presented evidence where one of the four managing partners of Oak, Mr. Bandel Carano, himself states that all excess management fees be "distributed" the four managing partners at their own discretion.

Ms. Grace Ames lied.

5. Ms. Grace Ames incorrectly claimed that carried interest is "not a right to be paid" - if that statement of hers is true, than The Brookings Institute is wrong. The SEC could have easily presented some evidence that establishes that carried interest is not a contractual right or an obligation but rather a discretionary decision as Ms. Ames claimed. The evidence presented from The Brookings Institute establishes beyond an iota of doubt that carried interest is a contractual agreement and an obligation. The SEC cannot and does not present any evidence to the contrary.

Ms. Grace Ames lied.

6. Ms. Grace Ames represented to this esteemed Court that the Defendant was made only ONE distribution of carried interest. The SEC could have easily presented the ledger of the Defendant's carried interest distributions to establish that as a fact. They did not. They cannot.

Ms. Grace Ames lied.

7.     Same as Number 3 above.

8.     On the appointment and service of the Defendant on the Board of Directors of Company C, Ms. Grace Ames repeatedly lied about her and Oak's knowledge about his service and tenure.  Everyone in the world could have and would have known about it.  The event in November 2012 was covered by BusinessWire, a division of Berkshire Hathaway, that reaches billions of readers globally every day.  Every single Oak partner knew about it; Oak's outside counsel's drafted and documented the transaction; they had consulted with members of the Oak Finance team who directly report to Ms. Grace Ames as the CFO of the company; multiple Oak partners including their Technology Partner, Mr. David Black, visited Company C and had multiple interactions with Company C; one Oak managing partner even attended a Christmas / New Year's party hosted by Company C on the invitation of the Defendant.

The SEC could have refuted every single of these multiple pieces of evidence that establishes that everyone at Oak knew that the Defendant served on the Board of Company C since November 2012 when he first joined the Board of Company C.   Yet they did not do so - for they just cannot do so.

Ms. Grace Ames lied repeatedly about the facts surrounding Company C.

The SEC argues that all these lies are just somehow acceptable or beyond reproach simply because the Defendant "had the opportunity to attend Ms. Ames's deposition" but did not.  Is this the same SEC that put the Defendant on mute after 3-minutes of exchange of pleasantries in a 7-hour long deposition of the same Oak representative on May 4th, 2017?  Is this the same SEC that redacts 96% of a deposition transcript denying the Defendant access to it?  To claim the lies are all legitimately irreproachable and the Defendant has no right to point them out simply because he was not present there when the lies were perpetrated is just utterly illegal to begin with.  And for someone who has actively denied the Defendant the right to be present at a deposition to then claim the absence from such a deposition would somehow sanctify and legitimize the lies perpetrated at such a deposition makes absolutely no logical sense.

The hypocrisy does not need debate to be obvious.

The SEC then argues that the lies and misrepresentations perpetrated by the Oak representative, Ms. Grace Ames, are excused and established to be the truth because the Defendant "opted to invoke his (Fifth Amendment) rights against self-incrimination…" The Fifth Amendment of the United States Constitution - according to the United States Supreme Court - protects everyone, even innocent people, from the need to answer questions if the truth might be used to help create misleading impressions.   It is a constitutional right enshrined in the US Constitution.

The Defendant searched everywhere to see if there indeed was an equivalent "right to lie" enshrined in the US Constitution and could find none.  The SEC has not presented

any such US Constitutional right that would give license to the Oak representative to have so repeatedly lie to this esteemed Court.   If there was one, the SEC would surely have shared it in its opposition.   An educated guess is that there is none!

The Fifth Amendment is a constitutional right; there is no such constitutional right or license to lie.  The SEC's efforts to draw a moral equivalent between one party invoking a constitutional right (the Fifth Amendment) to the counter-party's uncensored and repeatedly lies is misplaced.

If the Defendant was being "frivolous" in drawing attention of this esteemed Court to all these lies with evidence to back up his claims, all the SEC had to do is discredit the Defendant by providing this esteemed Court with even one shred of evidence to contradict even one such lie.   The SEC did not; because they cannot.

Because it is indisputably established, not frivolously claimed, that the Oak representative, Ms. Grace Ames, lied repeatedly to this esteemed Court.

**WHEREFORE**, the Defendant humbly petitions and respectfully requests that the esteemed Court to recognize these lies perpetrated on it and take necessary actions as warranted against someone who has repeatedly lied under oath to this esteemed Court.

                                          Respectfully Submitted,

Dated:     May 23RD, 2017        s/ Iftikar Ahmed

                                          _____

                                          Iftikar A. Ahmed
                                          C/O Advocate Anil Sharma
                                          10 Government Place East, Ground Floor
                                          Behind Kanpur Leather House
                                          Kolkata 700069, India
                                          Tel: +91.98.30.089.945
                                          Email: iftyahmed@icloud.com
                                          *Pro Se*

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Nicholas P. Heinke
US Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Mark L. Williams
US Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

David B. Deitch
Harris, St. Laurent & Chaudhry LLP VA
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3549
Fax: (703) 935-0349
Email: ddeitch@sc-harris.com

Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Dated:    May 23RD, 2017     s/ Iftikar Ahmed

_____
Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East, Ground Floor
Behind Kanpur Leather House
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com

*Pro Se*