# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

  v.

IFTIKAR AHMED,

        Defendant, and

IFTIKAR ALI AHMED SOLE PROP;
I-CUBED DOMAINS, LLC; SHALINI
AHMED; SHALINI AHMED 2014
GRANTOR RETAINED ANNUNITY
TRUST; DIYA HOLDINGS LLC; DIYA
REAL HOLDINGS, LLC; I.I. 1, a minor
child, by and through his next friends
IFTIKAR and SHALINI AHMED, his
parents; I.I. 2, a minor child, by and through
his next friends IFTIKAR and SHALINI
AHMED, his parents; and I.I. 3, a minor child,
by and through his next friends IFTIKAR and
SHALINI AHMED, his parents,

        Relief Defendants.

Civil Action No. 3:15-cv-675 (JBA)

## DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS AND OTHER RELIEF IN LIGHT OF THE US SUPREME COURT DECISION ON *KOKESH v. SEC*

The Defendant respectfully submits the following prayer for the dismissal of certain

claims made by the Plaintiff, the United States SEC, in this matter in light of the unanimous and

unambiguous 9-0 Supreme Court decision in *Kokesh v. SEC*[1] which summarily rejected the

---

[1] *Kokesh v. SEC*, No. 16-529, 2017 (U.S. June 5, 2017)

Securities & Exchange Commission's longstanding position that disgorgement was not subject to the 5-year statute of limitations under 28 U.S.C. § 2462.

The Plaintiff had included multiple allegedly fraudulent transactions in its Complaints (starting) on May 6TH 2015, more than 5 years after the alleged wrongdoing pertaining to six different companies (Companies D, E, F, G, H, and J).   Please see **Exhibit 1** for the companies and the dates of the alleged wrongdoings.   All these alleged transactions indisputably fall well outside the 5-year statute of limitations as now established beyond any reasonable doubt by the United States Supreme Court that the "catch-all" statute of limitations for all government actions in 28 U.S.C. § 2462 bars the US SEC from obtaining disgorgement in actions bought beyond the 5-year limitation period.

Interpreting the scope of § 2462 and elaborating and expanding on its earlier landmark ruling in *Gabelli vs. SEC* [2], the US Supreme Court rejected the SEC's argument that disgorgement is remedial in nature, and the Supreme Court ruled that disgorgement "represents a penalty and thus fall within the 5-year statute of limitation of § 2462", thus resolving the long standing circuit split over whether § 2462 applies to claims for disgorgement in SEC enforcement actions.   This statute in question, U.S.C. § 2462, establishes that a 5-year limitations period for "an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise."   The Supreme Court, in resolving a circuit split[3], unanimously held that "disgorgement is a penalty within the meaning of § 2462."  The Supreme Court specifically pointed out that the limitations period was "vital to the welfare of society"

[2] 133 S. Ct. 1216 (2013), in Gabelli the US Supreme Court held that the SEC must bring enforcement actions for civil penalties within 5 years of the completion of the alleged wrong doing.
[3] *SEC v. Graham*, 823 F. 3d 1357, 1364 (11th Cir. 2016); *Riordan v. SEC*, 627 F. 3d 1230 (D.C. Cir. 2010); *SEC v. Tambone*, 550 F. 3d 106, 148 (1st Cir. 2008); and *SEC v. Kokesh*, 834 F. 3d 1158, 1167 (10th Cir. 2016)

Consistent with the Supreme Court's earlier assertions about the need for time-bound limits on government securities enforcement, this esteemed Court should find that the claims pertaining to these six companies are time-barred.   These events all happened and occurred prior to May 06TH, 2010 - that is more than 5-years before the earliest filing of the Complaint in this matter.[4]

**FACTS:**       The background, the allegations of the SEC and the rebuttals by the Defendant are well known to the esteemed Court and hence not repeated.

**LEGAL ARGUMENTS:**

1.       Under *Gabelli* and *Kokesh*, actions that seek forfeiture of tainted funds - whether called fine, penalty, forfeiture, or disgorgement - are now established beyond any doubt to be subject to the USC Section § 2462's  five-year statute of limitations period.

U.S.C. § 2462 reads:

Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of **any** civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless committed within five years from the date which the claim first accrued, if within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

---

[4] The SEC had twice amended its Complaint on later dates, but the Defendant is going with the date of the earliest or the first complaint filed in this dispute even as many of these companies and transactions outside the 5-year limit were not included in the earliest Complaint.

In very simple English, therefore, the statute is a legal and jurisdictional bar to any allegations dating prior to May 06TH 2010 - that is, five years prior to the filing of the earliest complaint in this matter.

The Supreme Court reaffirmed in *Gabelli v. SEC* that the statute of limitation provides a fixed date when exposure to government enforcement ends.   The Supreme Court also ruled that the "discovery rule" could not save an otherwise time-barred claim for civil penalties under § 2462.   The Supreme Court established that the five-year clock begins to tick from the time of the alleged conduct occurring and sets the fixed date when any exposure to government enforcement efforts ends.   The Supreme Court was also vocal in stating that the SEC cannot be exempted from the statute of limitations by "discovery rule" given its vastly superior and endless resources.

Since the *Gabelli* decision did not address the question of disgorgement directly, there was a circuit split between the Tenth Circuit and the Eleventh Circuit.   Kokesh was found liable for various securities laws violations in an action that was brought by the SEC in 2009.   The district court upheld the SEC's request for disgorgement judgment as it deemed that disgorgement was not a penalty within the meaning of § 2462 and therefore no limitations period applied.   On appeal, Kokesh asserted that the SEC's suit was time barred under USC § 2462 as it applies to any "civil fine, penalty or forfeiture."   The Tenth Circuit held that disgorgement is not a penalty under § 2462, and in doing so it directly disagreed with the Eleventh Circuit in *SEC*

*v. Graham*[5] which held that the terms "disgorgement" and "forfeiture" substantially overlapped such that disgorgements were forfeitures subject to the limitations period in § 2462.

The Supreme Court granted *certiorari* in *Kokesh v. SEC* to resolve the circuit split.  After affirming the principle set out in *Gabelli* that statutes of limitations specifying when exposure to government enforcement actions end are "vital to the welfare of society", the Court unanimously held that SEC disgorgement constitutes "a penalty subject to the five-year limitations period under § 2462. "

The Supreme Court unanimously and unambiguously reversed the appellate decision in *Kokesh v. SEC*.   Although the Court *could* have ruled narrowly, the Supreme Court ruled quite broadly instead: "we hold that SEC disgorgement constitutes a penalty" and "the 5-year statute of limitations in § 2462 therefore applies when the SEC seeks disgorgement."

2.      Now that the Supreme Court has ruled and established that disgorgement is a penalty and is not an equitable remedy, and because the maximum amount of penalties is also limited by statute, the SEC cannot impose a penalty (including disgorgements, which is a penalty) greater than the statutory maximum for those alleged wrongdoings that occurred even after May 06TH 2010, or within the 5-year time period prior to May 06TH, 2015.   Under the Exchange Act 1934 § 21 (d)(3), the SEC is only entitled to obtain penalties in civil actions that do not exceed either the greater of a maximum dollar amount per violation, or the Defendant's gross pecuniary gain as a result of such violation.   Any greater monetary remedy would be impermissible because the combination of disgorgement (now established to be a "penalty" by

---

[5] *SEC v. Graham*, 823 F. 3d 1357 (11th Cir. 2016)

the US Supreme Court) and traditional civil penalties would far exceed the maximum allowed statutory penalty.   Please see **Exhibit 2** for the relevant section of Exchange Act 1934.

     3.     In light of the US Supreme Court's unanimous and unambiguous decision establishing disgorgement as a penalty, without any *ifs* and *buts* or any qualifications whatsoever, the SEC also cannot seek pre-judgment interest on penalties.  It has been a long established legal standard that the SEC cannot seek pre-judgment interest on any civil penalties. And now since disgorgement constitutes a "penalty", for those alleged wrongdoings that occurred after May 06TH 2010, the SEC cannot and does not have the authority to seek or obtain pre-judgment interest from a federal court.   Federal courts have only typically held that the payment of pre-judgment interest on disgorgement was appropriate since disgorgement was wrongly considered an equitable remedy (and not a penalty) in the past.

     The Supreme Court has now established that disgorgement is a penalty - plain and simple - and, hence, is not an equitable remedy in any sense and, therefore, the levying of any pre-judgment interest would be in contravention and violation of the practice and the law that the SEC does not seek and cannot seek pre-judgment interest on civil penalties (since disgorgement is a penalty).

**CONCLUSION:**

     It is now well settled in light of *Kokesh*, combined with the Supreme Court decision on *Gabelli*, that all of the alleged conduct prior to May 06TH 2010 are time barred under U.S.C. §

2462.  Thus, all the claims pertaining to these alleged occurrences prior to May 06TH 201 are not properly in front of this esteemed Court and should be dismissed.

The Defendant reserves the right to all defenses as it pertains to all and any of the allegations  made by the SEC and this Motion is not an admission of any wrongdoing as it pertains to any of the companies or transactions prior to or after May 06TH 2010.

**WHEREFORE**, the Defendant humbly submits that all the SEC's claims for relief that pertain to events and transactions prior to May 06TH 2010 should be immediately dismissed and no further expense of time and resources be entertained to litigate those claims that fall outside the 5-year statute of limitations; and the asset freeze arithmetic be revisited in light of disgorgement being a penalty and now subject to statutory limits on civil penalties and the inapplicability and inadmissibility of any pre-judgment interest on penalties.

Respectfully Submitted,

Dated:          June 18TH, 2017          /s/ Iftikar Ahmed
                                        _____
                                        Iftikar A. Ahmed
                                        C/O Advocate Anil Sharma
                                        10 Government Place East, Ground Floor
                                        Behind Kanpur Leather House
                                        Kolkata 700069, India
                                        Tel: +91.98.30.089.945
                                        Email: iftyahmed@icloud.com
                                        *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Nicholas P. Heinke
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Mark L. Williams
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

David B. Deitch
Harris, St. Laurent & Chaudhry LLP VA
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3549
Fax: (703) 935-0349
Email: ddeitch@sc-harris.com

Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Dated:      June 18TH, 2017      /s/ Iftikar Ahmed

_____

Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East, Ground Floor
Behind Kanpur Leather House
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com

*Pro Se*