UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>IFTIKAR AHMED,<br><br>    Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    Relief Defendants. | Civil Action No. 3:15cv675 (JBA) |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S MOTION TO EXCEED PAGE LIMITS FOR (1) MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND (2) LOCAL RULE 56(a)1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff United States Securities and Exchange Commission (the "SEC") respectfully moves the Court for permission to exceed (1) the 40-page limit provided for the SEC's memorandum in support of its motion for summary judgment and (2) the 12-page limit provided for the SEC's Local Rule 56(a)1 Statement of Undisputed Facts related to its motion for summary judgment. The SEC requests the Court permit its memorandum in support of its motion

for summary judgment to be up to 75 pages in length, and its Local Rule 56(a)1 Statement to be up to 50 pages in length. In support of its motion, the SEC states as follows:

1. Pursuant to the Court's June 6, 2017 Order, motions for summary judgment are due on June 27, 2017. As previously discussed during the February 2, 2017 status conference, this initial round of briefing will address only Defendant's liability; issues of remedies will be briefed at a later date.

2. Under the Court's local rules, memoranda in support of motions are limited to 40 double-spaced pages, D. Conn. L. Civ. R. 7(a)(5), and Local Rule 56(a)1 Statements of Undisputed Material Facts are limited to 12 double-spaced pages, D. Conn. L. Civ. R. 56(a)(1).

3. As the Court is aware, this case is atypical. The SEC alleges that Defendant's fraud spanned a decade and involved approximately 20 instances of conduct that violated the federal securities laws. While the SEC seeks to be as concise as possible in its explanation of the conduct and description of the undisputed facts, in light of the scope of Defendant's fraud, the SEC requires more than 40 pages for its memorandum and 12 pages for its Local Rule 56(a)1 Statement.

4. The SEC requests up to 75 pages for its memorandum in support of its motion for summary judgment, and up to 50 pages for its Local Rule 56(a)1 Statement. This will permit the SEC to efficiently yet fully brief the conduct and issues relevant to determining Defendant's liability. For reference, the declarations of Grace Ames [Docs. ## 4-28 & 31] that were submitted in support of the SEC's motion for a temporary restraining order and preliminary injunction – and which detailed much, but not all, of the material facts demonstrating Defendant's fraud – ran 16 and 24 pages, respectively, for a total of 40 pages.

5. The SEC has conferred with Relief Defendants and Defendant about the relief sought in this motion. Defendant opposes the SEC's request. Relief Defendants oppose the SEC's request, although they would consent to 50 pages for the memorandum in support of the motion for summary judgment and 25 pages for the Local Rule 56(a)1 statement, and their consent is based on the assumption that both parties would have the same page limits for moving briefs, and that opposing briefs would be the same length as moving briefs. For the reasons detailed above, the SEC does not believe that these page limits would be sufficient.

For the forgoing reasons, the SEC respectfully requests the Court permit it to exceed the page limits specified in the Court's local rules, and specifically permit the SEC's memorandum in support of its motion for summary judgment to be up to 75 pages in length, and its Local Rule 56(a)1 Statement to be up to 50 pages in length.

DATED: June 20, 2017.  Respectfully submitted,

*s/ Nicholas P. Heinke*
Nicholas P. Heinke
Mark L. Williams
Terry R. Miller
Jeffrey E. Oraker
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1027 (Williams)
(303) 844-1041 (Miller)
(303) 844-1097 (Oraker)
HeinkeN@sec.gov
WilliamsML@sec.gov
MillerTE@sec.gov
OrakerJ@sec.gov
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

     I certify that on June 20, 2017, a copy of the foregoing document was emailed to

Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Jonathan Harris
Reid Skibell
David Deitch
Alexander Sakin
S. Gabriel Hayes-Williams
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(Counsel for Relief Defendants)

                                                 *s/ Nicholas P. Heinke*
                                                 Nicholas P. Heinke