## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>        v.<br><br>IFTIKAR AHMED,<br><br>                    Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>                    Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA) |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCEED PAGE LIMITS

The Defendant respectfully submits the following response in opposition to the SEC's motion to exceed page limits for their memorandum of law in support of their likely motion for summary judgment and their likely statement of undisputed facts.

The issue of a potential motion for summary judgment has been an open one for over many months, if not almost a year now.   And now that the deadline (once extended) is less than a week away, the SEC puts in a motion to significantly exceed the page limit.     There is a reason there exists a 40-page limit for the memorandum in support of its motion for summary judgment and there exists a 12-page limit for the Statement of undisputed facts.   The SEC is now asking that limit to be waived for a 75-page limit for their memorandum in support of motion for summary judgment, almost 2x the limit; and a 50-page limit for their statement of undisputed facts, more than a 4x the limit.

1.     The SEC has been working on these motions and statement, with their endless resources, for many months now.   This last minute motion to relax the page limits is nothing but a manipulative move to significantly disadvantage the *pro se* Defendant.

2.     Taking a sports analogy, when everyone else is on the 2-yard line for a finish in the dying seconds of the fourth quarter, the SEC literally wants to "move the goal posts".  This is seriously disadvantageous to the *pro se* Defendant.  The Defendant has been working diligently for the last few months just to cull down his motion for summary judgment and his statement of undisputed facts in order to comply with the rules that dictate the page limits.

And now at the eleventh hour, the SEC wants to significantly exceed those limits unilaterally.   It is worth noting here that the SEC has themselves submitted and admitted multiple times that they "do not know the facts" surrounding the events and transactions involved in this dispute yet they are now asking for a >4x increase in the page count for their statement of undisputed facts!

2

3.      This request at, literally, the eleventh hour is a manipulative  tactic; and significantly disadvantages the *pro se* Defendant yet again.


4.      Hence, to be equitable to all parties and to keep a level playing field to some extent at least in an already *David vs. Goliath* dispute here, the SEC's request should be denied and everyone should simply comply with whatever is the federal and local limits for page count for the respective submissions.     There is a reason there is a page limit and that should be respected by all parties.


5.      If this esteemed Court is inclined to accept the prayer of the SEC, then the *pro se* Defendant should be allowed sufficient time to modify his memorandum in support of his motion for summary judgment and also his statement of undisputed facts.   It has taken the Defendant a few months to summarize his documents and to arrive at a compliant page count; and it is impossible for him to expand his memorandum and his statement now to be able to take advantage of any new limit in excess of the allowed limits without an extension of the deadlines for submission of the motion for summary judgment by at least a month.


6.      In addition, if this esteemed Court is inclined to accept the prayer of the SEC, then the *pro se* Defendant should be allowed the same page limits as the Plaintiff; and also the same page limit count should be allowed for all moving and opposing briefs as well.


7.      In the event this esteemed Court is inclined to accept a higher page count, the Defendant would indeed pray for a 100-page limit for his statement of undisputed facts for his Local Rule 56(a)1 statement since he is the only party in this dispute who actually knows all the

facts surrounding the events and transactions being disputed here; a page limit that is quite warranted because of the repeated lies and misrepresentations that have been presented under oath by the Oak representative, Ms. Grace Ames, and the presentation of pieces of data with no context and background that paints a certain narrative divorced from the truth and reality in most if not all of the disparate transactions being disputed in this matter.

**WHEREFORE**, the Defendant humbly submits that the SEC's last minute request for the page limit requirements to be relaxed (and replaced with significantly higher page counts) should be denied as untimely given the deadline for such submission is less than a week away; and if this esteemed Court were to accept their request than the deadline for submission of such motions and statements be extended by a least a month so as to give the *pro se* Defendant enough time to be able to now expand on his motions and his statement to adhere to the new page limit (if) set by this esteemed Court.   Else, this *pro se* Defendant will be irreversibly disadvantaged by this last minute change that he is unable to adjust to with his sparse resources.

Respectfully Submitted,

Dated:          June 21ST, 2017          /s/ Iftikar Ahmed
                                         _____
                                         Iftikar A. Ahmed
                                         C/O Advocate Anil Sharma
                                         10 Government Place East, Ground Floor
                                         Behind Kanpur Leather House
                                         Kolkata 700069, India
                                         Tel: +91.98.30.089.945
                                         Email: iftyahmed@icloud.com
                                         *Pro Se*

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Nicholas P. Heinke
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Mark L. Williams
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

David B. Deitch
Harris, St. Laurent & Chaudhry LLP VA
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3549
Fax: (703) 935-0349
Email: ddeitch@sc-harris.com

Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Dated:        June 21ST, 2017              /s/ Iftikar Ahmed
                                        _____
                                        Iftikar A. Ahmed
                                        C/O Advocate Anil Sharma
                                        10 Government Place East, Ground Floor
                                        Behind Kanpur Leather House
                                        Kolkata 700069, India
                                        Tel: +91.98.30.089.945
                                        Email: iftyahmed@icloud.com

                                        *Pro Se*