UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>   v.<br><br>IFTIKAR AHMED,<br>              Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP;<br>I-CUBED DOMAINS, LLC;<br>SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST;<br>DIYA HOLDINGS LLC;<br>DIYA REAL HOLDINGS, LLC;<br>I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents;<br>I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and<br>I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>              Relief Defendants. | No. 3:15-CV-00675 (JBA)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JUNE 21, 2017 |

**RELIEF DEFENDANTS' MOTION FOR LEAVE
TO EXCEED PAGE LIMITS FOR (1) MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT AND
(2) LOCAL RULE 56(A)(1) STATEMENT OF UNDISPUTED MATERIAL FACTS**

      I-Cubed Domains, LLC, Shalini Ahmed, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, DIYA Real Holdings, LLC, and three minor children by and through their next friends Iftikar and Shalini Ahmed, their parents (collectively, "Relief Defendants"), respectfully move the Court for permission to exceed (1) the 40-page limit provided by the Local Rules of Civil Procedure of the United States District Court for the District of Connecticut (the "Local Rules") for the Relief Defendants' memorandum of law (the

"Memorandum") in support of their motion for summary judgment (the "Motion") and (2) the 12-page limit provided by the Local Rules for the Relief Defendants' Local Rule 56(a)1 Statement of Undisputed Material Facts (the "56(a)1 Statement") related to its Motion. Relief Defendants respectfully request that the Court permit that (1) their Memorandum be up to 50 pages in length, (2) their 56(a)1 Statement be up to 25 pages in length, and (3) the parties' memoranda of law in opposition to the cross-motions for summary judgment be permitted to be up to the same number of pages as the moving memoranda. Alternatively, the Relief Defendants request that their Memorandum and 56(a)1 Statement be up to the same number of pages as the SEC is afforded by Court in connection with the SEC' motion for leave to file a 75-page Memorandum and 50-page Local Rule 56(a)1 Statement (ECF No. 603).

There is good cause to grant this request because this is a complicated and fact-intensive case in which the SEC contends that Defendant's alleged misconduct involved numerous transactions over the course of a ten year period of time. The summary judgment motions will therefore necessarily include a detailed analysis of numerous transactions, including whether each is time-barred under the Supreme Court's recent decision in *Kokesh v. SEC*, Docket No. 16-529 and/or whether each is a domestic transaction in which the alleged misconduct was "in connection with" a securities transaction as set forth in *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010), and *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60 (2d Cir. 2012). This is an incredibly detailed inquiry. The SEC has acknowledged the inherent complexity of this matter and has requested permission to file a summary judgment memorandum up to 75 pages and a Local Rule 56(a)1 Statement up to 50 pages. (ECF No. 603).

Prior to filing this motion, David Deitch, counsel for the Relief Defendants conferred with counsel SEC to determine whether it would consent to this relief. The SEC previously

indicated that it would consent if the Relief Defendants sought additional pages, but today the SEC would not inform the Relief Defendants if it consented to the specific relief requested.

WHEREFORE, the Relief Defendants respectfully request that the Court permit that (1) their Memorandum be up to 50 pages in length, (2) their 56(a)1 Statement be up to 25 pages in length, and (3) memoranda of law in opposition to the cross-motions for summary judgment be permitted to be up to the same number of pages as the moving memoranda.  Alternatively, the Relief Defendants' request that their Memorandum and 56(a)1 Statement be permitted to be the same number of pages as the SEC is afforded.

Dated: June 21, 2017
       Stamford, Connecticut

                              Respectfully Submitted,

                              RELIEF DEFENDANTS

                              By:  */s/ Paul E. Knag*
                                  Paul E. Knag – ct04194
                                  pknag@murthalaw.com
                                  Kristen L. Zaehringer – ct27044
                                  kzaehringer@murthalaw.com
                                  Murtha Cullina LLP
                                  177 Broad Street, 16th Floor
                                  Stamford, Connecticut 06901
                                  Telephone: 203.653.5400
                                  Facsimile:  203.653.5444

                                  and

                                  Jonathan Harris (phv07583)
                                  David B. Deitch (phv07260)
                                  S. Gabriel Hayes-Williams (phv07948)
                                  HARRIS, ST. LAURENT & CHAUDHRY LLP
                                  40 Wall Street, 53rd Floor
                                  New York, New York  10005
                                  Tel.:  212.397.3370
                                  Fax:  212.202.6206

                                  Their Attorneys

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of June, 2017, a copy of the foregoing Relief Defendants' Motion (on Consent) for Leave to Exceed Page Limits for (1) Memorandum of Law in Support of Motion for Summary Judgment and (2) Local Rule 56(A)(1) Statement of Undisputed Material Facts will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

                                        */s/ Paul E. Knag*
                                        Paul E. Knag – ct04194