UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------x

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        *Plaintiff*,

                *v.*

IFTIKAR AHMED,

        *Defendant*, and

IFTIKAR ALI AHMED SOLE PROP; I-CUBED
DOMAINS, LLC; SHALINI AHMED; SHALINI
AHMED 2014 GRANTOR RETAINED
ANNUITY TRUST; DIY A HOLDINGS LLC;
DIYA REAL HOLDINGS, LLC; 1.1. 1, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents; 1.1. 2, a minor
child,
by and through his next friends IFTIKAR and
SHALINI AHMED, his parents; and 1.1. 3, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents,

        *Relief Defendants*.

Civil No. 3:15-cv-675 (JBA)

June 23, 2017

------------------------------------------------------------------x

## MEMORANDUM OF LAW OF
## NON-PARTY OAK MANAGEMENT CORPORATION IN
## OPPOSITION TO DEFENDANT IFTIKAR AHMED'S MOTION TO COMPEL

Non-party Oak Management Corporation ("Oak") files this memorandum of law in opposition to Defendant Iftikar Ahmed's Motion to Compel Oak Management Corporation to Comply with the Subpoenas Served on May 23, 2017, dated June 2, 2017 (ECF No. 581) (the "Motion to Compel" or "Br."). Mr. Ahmed is seeking to compel a deposition and the production of documents from Oak based on the Subpoena To Testify At A Deposition In A Civil Action, dated May 9, 2017 (ECF No. 581, Ex. 3, "the Testimony Subpoena"), and the Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil

{N5372034}

Action, dated May 9, 2017 (ECF No. 581, Ex. 4, "the Documents Subpoena," collectively with the Testimony Subpoena, the "Subpoenas"), which were both served on Oak on May 23, 2017.

As discussed in more detail below, both the Testimony Subpoena and the Documents Subpoena suffer from a litany of defects, any one of which would justify the denial of Mr. Ahmed's Motion to Compel. These defects run the gamut from facial and procedural deficiencies to serving these discovery requests for an improper purpose. The Motion to Compel completely ignores the objections raised by Oak with respect to the Testimony Subpoena, and almost all of the objections that Oak has asserted with respect to the Documents Subpoena. Instead, Mr. Ahmed attempts to downplay concerns regarding his access to confidential information contained in the documents he seeks, raising certain arguments that he previously raised in connection with earlier attempts at obtaining such materials. Those arguments were not valid when first raised, and they are not valid now. In short, the discovery that Mr. Ahmed seeks with the Subpoena is not warranted and the Motion to Compel should be denied.

## ARGUMENT

**Mr. Ahmed's Motion To
Compel Testimony Should Be Denied**

The Testimony Subpoena was served on Oak on May 23, 2017 and sought the deposition of an Oak corporate representative. The deposition was to take place at 10am on May 29, 2017, a holiday, at the federal courthouse in New Haven. Oak served objections to the subpoena on May 27, 2017, objecting to the Testimony Subpoena on a number of grounds,[1] none of which Mr. Ahmed discusses in the Motion to Compel.

For instance, the Testimony Subpoena is untimely. With the exception of certain specific requests, discovery in this matter was to be completed no later than February 28, 2017.

---

[1] A true and correct copy of those objections is attached hereto as Exhibit A.

{N5372034}                                     2

(ECF No. 370 at 1.) Mr. Ahmed took no steps to notice a deposition from Oak until May 9, 2017, months after the discovery cut-off. Although the Court permitted Mr. Ahmed to serve Oak with a subpoena for the production of documents after the discovery cut-off date (ECF No. 477), no such permission was granted for him to serve a subpoena seeking testimony past the discovery cut-off date, and he never subsequently sought permission to seek such testimony. Accordingly, the Testimony Subpoena is untimely.

In addition, the Testimony Subpoena is facially improper since it does not delineate the scope of testimony sought with the "reasonable particularity" required by Fed. R. Civ. P. 30(b)(6). Instead, the Testimony Subpoena indicates that the topics on which testimony is sought is found in the Second Amended Complaint and the list of documents sought by Mr. Ahmed that was attached to the Documents Subpoena. That approach to delineating the scope of testimony sought from a witness does not satisfy the particularity requirement of Fed. R. Civ. P. 30(b)(6). *See Sheehy v. Ridge Tool Co.*, No. 3:05-CV-01614 (CFD)(TPS), 2007 WL 1548976, at *3-4 (D. Conn. May 24, 2007) (finding a deposition notice commanding a defendant to produce a representative "most knowledgeable as to the subject Complaint .…" did not describe with reasonable particularity the issues to be addressed at the deposition); *Alexander v. F.B.I.*, 188 F.R.D. 111, 121 (D.D.C. 1998) (holding a deposition notice seeking "any other matters relevant to this case, or which may lead to the discovery of relevant evidence" did not comply with the particularity requirement).[2]

Further, there are no grounds to depose an Oak representative for a second time. Mr. Ahmed already has had a chance to question an Oak corporate representative, but did not take advantage of that opportunity. Specifically, the Court permitted Mr. Ahmed to attend

---

[2] Mr. Ahmed also failed to provide the witness fee for one day's attendance at a deposition as required by Fed. R. Civ. P. 45(b)(1) and as set under 28 U.S.C. § 1821(b).

{N5372034} 3

telephonically the deposition of an Oak representative noticed by the Relief Defendants, and question that witness within certain limitations. (ECF No. 538 at 2.) However, at some point during that deposition, which was held on May 4, 2017, Mr. Ahmed apparently chose to go to sleep rather than continue to attend the deposition, never actually seeking to question the witness at the deposition. (*See* ECF No. 540, Ex. 2, p. 1.) Given those facts, there is no justification for giving Mr. Ahmed a second opportunity to depose an Oak witness.

Even putting aside the above, Mr. Ahmed's Motion to Compel should be denied because it was served on Oak for an improper purpose in violation of Fed. R. Civ. P. 45(d)(1). Federal Rule of Civil Procedure 45(d)(1) mandates that a party responsible for issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). It is clear that Mr. Ahmed never had any intention of going forward with the deposition of an Oak witness since compliance with the Testimony Subpoena by him was impossible. The Testimony Subpoena commanded that an Oak representative appear for a deposition at 10am, May 29, 2017 at the federal courthouse in New Haven. May 29, 2017 was a federal holiday, so the courthouse was closed. Additionally, it is not apparent how Mr. Ahmed—a fugitive from justice apparently residing in India and proceeding *pro se* in this matter—would be able to question the witness since it was highly unlikely he would do so in-person and he never sought or obtained the proper authority to conduct the deposition telephonically. *See* FED. R. CIV. P. 30(b)(4) (stating that a deposition may happen by "telephone or other remote means" upon stipulation by the parties or by court order following a motion). In short, it is transparently clear that Mr. Ahmed never intended to go forward with this deposition, and instead issued the Testimony Subpoena only to force Oak to expend money objecting to the subpoena and defending against a motion to compel. Such

conduct clearly imposes an undue burden on Oak in violation of Fed. R. Civ. P. 45(d)(1). *See, e.g.*, *Nocal, Inc. v. Sabercat Ventures, Inc.*, No. C 04-0240 PJH(JL), 2004 WL 3174427, at *3-4 (N.D. Cal. Nov. 15, 2004) (quashing a subpoena on the grounds that, among other things, it sought to harass the witness and subject him to undue burden).

**Mr. Ahmed's Motion To Compel The Production Of Documents Should Be Denied**

The Testimony Subpoena was accompanied by the Documents Subpoena. The Documents Subpoena seeks the production of documents relating to a whole host of topics and subtopics spanning over a decade of time. It contains a whopping 113 separate requests which seek, essentially, the production of every scrap of paper related to the relevant Oak portfolio companies that Mr. Ahmed worked with (the "Portfolio Companies"), as well as certain other aspects of Oak's business. As with the Testimony Subpoena, Oak objected to the Documents Subpoena on numerous grounds, most of which Mr. Ahmed fails to address in the Motion.

    A.    **The Documents Subpoena's Requests Are Facially Overbroad And Seek Irrelevant Information**

The requests in the Documents Subpoena are overbroad and seek the production of documents that are not relevant to the instant action. All but seven of the 113 requests in the Documents Subpoena seek the production of "all documents." Requests seeking "all documents" are routinely rejected by courts as being facially overbroad. *See, e.g.*, *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (citing numerous cases for the proposition that "[b]lanket requests of this kind are plainly overbroad and impermissible"); *Silva v. Dick's Sporting Goods, Inc.*, No. 3:14cv580 (WWE)(WIG), 2015 WL 1275840, at *2 (D. Conn. Mar. 19, 2015) (denying motion to compel copies of all of a party's Facebook communications); *Badr v. Liberty Mut. Grp., Inc.*, Civ. No.

3:06CV1208 (AHN), 2007 WL 2904210, at *3 (D. Conn. Sept. 28, 2007) (concluding that defendant's request for "any and all records" was overly broad).

In addition to being facially overbroad, the Documents Subpoena seeks information not relevant to this action. Of the 113 numbered requests made in the Document Subpoena, 102 of them relate to the Portfolio Companies. Those requests are extremely broad in scope and seek the production of a litany of internal Oak documents generated over a 13 year period. For example, the Documents Subpoena demands the production of such items as:

- All emails between Mr. Ahmed and any of the Oak partners, as well as the daughter of an Oak employee (*See, e.g.*, Request No. IV.1);

- All travel and hotel accommodation "details" involving an Oak employee and his wife (*See, e.g.*, Request No. V.2);

- All documents reflecting meeting notes from Oak's valuation committee regarding the Portfolio Companies (*See, e.g.*, Request No. III.6);

- All press releases and tweets made by Oak pertaining to certain of the Portfolio Companies (Request No. IV.10);

- All engagement letters between Oak and its legal advisors regarding the Portfolio Companies (*See, e.g.*, Request No. VII.8);

- All documents regarding a legal dispute between Oak and the founder of one of the Portfolio Companies (Request No. IX.9);

- All travel and hotel accommodation "details" involving Mr. Ahmed with respect to certain Oak portfolio companies (*See, e.g.*, Request No. VI.1); and

- "Detailed investment costs and proceeds, showing gains and IRR, from" investments made in certain of the Portfolio Companies. (*See, e.g.*, Request No. VII.9.)[3]

---

[3] Oak objected to this request and certain others on grounds that the language used in those requests was vague and ambiguous. (*See* Exhibit A.) Mr. Ahmed does not respond to those objections in the Motion to Compel.

{N5372034}   6

The remaining 11 requests seek the production of internal Oak documents, including requests for, among other things, documents regarding Mr. Ahmed's employment with Oak, including such items as all records of any payment made by Oak to him. (*See* Request No. I.1-11.)

None of this material has anything to do with any fact at issue in this case. In the Motion to Compel, Mr. Ahmed asserts that the documents are necessary to understand the "context" underlying the transactions referenced in the Second Amended Complaint, but he makes no attempt to actually link any of the requests to any of the allegations made in that pleading, in particular, those showing how Mr. Ahmed misappropriated for himself tens of millions of dollars of the Oak funds' money. Courts routinely reject document demands that sweepingly pursue the production of material with little apparent or likely relevance to the subject matter of the underlying dispute. *See, e.g.*, *Romag Fasteners, Inc. v. Fossil, Inc.*, Civil No. 3:10cv1827 (JBA), 2014 WL 7003896, at *3-4 (D. Conn. Dec. 10, 2014) (denying motion to compel where "the Court's inquiry into the prevailing rate in the relevant community [would] not likely … be assisted by the production of opposing counsel's rates in this case"); *Wright v. Tenergy Christ Water, LLC*, Civil No. 3:07cv924 (JBA), 2008 WL 5073477, at *2 (D. Conn. Nov. 20, 2008) (affirming the magistrate's denial of plaintiff's motion to compel because the records sought "[had] not been shown to be relevant"); *Piazza v. First Am. Title Ins. Co.*, No. 3:06 CV 765 AWT, 2007 WL 4287469, at *1-2 (D. Conn. Dec. 5, 2007) (denying motion to compel, concluding that the "defendant … failed to establish the relevancy of the fee agreement or related documents."); *Kirschner v. Klemons*, No. 99 Civ. 4828(RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (citations omitted) ("A subpoena that pursues material with little apparent or likely relevance to the subject matter … is likely to be quashed as unreasonable . . .

."). Indeed, the scope of the Documents Subpoena is so broad that, as with the Testimony Subpoena, it is transparently clear that the real purpose underlying the requests is to burden Oak with the cost of either complying with the Documents Subpoena or adjudicating its propriety. Accordingly, Mr. Ahmed's Motion to Compel the production of such material should be denied.

### B. The Documents Subpoena Did Not Permit A Reasonable Time To Comply

In addition, the Documents Subpoena did not allow for a reasonable time to comply. The Documents Subpoena was served a mere six days before the designated compliance date. The Federal Rules of Civil Procedure state that the Court is required to quash a subpoena that "fails to allow a reasonable time to comply." FED. R. CIV. P. 45 (d)(3)(A)(i). Six days plainly is not a sufficient period of time to collect and procure the massive amount of material Mr. Ahmed seeks. *See, e.g.*, *Brown v. Hendler*, No. 09 Civ. 4486(RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (quashing a subpoena requiring compliance within nine days); *see also Bouchard Transp. Co. v. Associated Elec. & Gas Ins. Servs. Ltd.*, No. 15 Civ. 6586 PAC, 2015 WL 6741852, at *2 (S.D.N.Y. Nov. 4, 2015) (quashing a subpoena requiring compliance within five days).

### C. The Documents Subpoena Requests Confidential Information That Mr. Ahmed Should Not Be Granted Access To Given His Fugitive Status

The Documents Subpoena suffers from an additional defect; it clearly seeks confidential information that Mr. Ahmed should not be given access to because of his fugitive status. The Court previously has held that:

> Because the Court has "no ability to enforce such a protective order, nor to sanction Defendant in the event of any misuse of the produced documents" while he remains outside its jurisdiction, the Court will not allow Defendant access to confidential materials while having no ability "to effectively limit the use of the requested file through a protective order."

(ECF No. 515 at 2 (quoting ECF No. 286 at 3).)  The Court has reiterated this holding many times, including in relation to Mr. Ahmed's last motion to compel documents from Oak and this Court's order permitting him to take part in the last deposition of an Oak representative.  (*See* ECF No. 530 ("Defendant is not permitted access to confidential materials while he remains outside of this jurisdiction because the Court has no ability to enforce a protective order or sanction Defendant in the event of any misuse of the requested documents."); ECF No. 538 at 2 (explaining that Mr. Ahmed could only hear non-confidential portions of the testimony); *see also* ECF No. 477 at 3; ECF No. 515 at 2.)

Undeterred by the Court's prior rulings on this issue, Mr. Ahmed argues that any responsive documents are in fact not confidential, and, in any event, the Court's concerns regarding confidentiality can be obviated through the use of technology that would allow him only to view any material designated as confidential, and not to make a computer screen shot or printout of such material.  He is wrong on both counts.

The Protective Order entered in this matter states that documents or information can be designated "confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client or other third parties."  (ECF No. 321 at 2.) [4]  This definition encompasses information regarding the Portfolio Companies at issue here.[5]  Indeed, even the Relief Defendants have designated information regarding the Portfolio Companies as

---

[4] This definition of "confidentiality" is consistent with the approach taken by other courts in this district with respect to internal corporate information.  *See BLT Rest. Grp. LLC v. Tourondel*, 855 F. Supp. 2d 4, 26 (S.D.N.Y. 2012) (confidential documents are the "types of documents or information that are typically held close in a business and not normally disclosed to outsiders.").

[5] Indeed, many of the relevant securities purchase agreements of the Portfolio Companies contain specific confidentiality provisions protecting the confidentiality of information pertaining to the Portfolio Companies.  *See, e.g.*, Exhibit B, excerpt from Agreement for the Sale and Purchase of Shares related to Company I, Section 2.2; Exhibit C, excerpt from Share Purchase Agreement related to Company G, Section 9.1.  (The excerpts in Exhibits B and C have been redacted to remove confidential information.  The full agreements contain additional confidential information.   If the Court wishes, Oak will file full copies of these documents under seal.)

confidential.  (ECF No. 580, Ex. 1.)  The current status of the Portfolio Companies is irrelevant. The Documents Subpoena does not simply seek concrete facts about the Portfolio Companies.  It seeks documents that are internal to Oak and reflect how Oak conducts its business, including (i) internal valuation analysis of the Portfolio Companies,[6] (ii) internal meeting notes,[7] (iii) financial information regarding wire and check payments,[8] and (iv) internal documents pertaining to the acquisition of the companies.[9]  That is not to mention the documents that it seeks that have little to do with the Portfolio Companies, such as compensation information and personal communications between Oak employees and family members.  Such information clearly falls within the definition of confidential as used in this matter.

      Mr. Ahmed argues that any concern regarding providing him access to confidential material can be obviated by the use of technology that would only permit him to view the confidential material at issue.  (Br. at 4, 6.)  That assertion is groundless.  The Court has limited Mr. Ahmed's <u>access</u> to confidential information, not simply his ability to obtain a physical copy of such material.  The reason for this is obvious; Mr. Ahmed can easily copy the contents of any material he views by simply writing down the information or otherwise taking a picture of the computer screen using an external camera or smartphone.  The concern underlying the Court's decision to limit Mr. Ahmed's access to confidential information is well founded. Despite Mr. Ahmed previously representing to this Court that he does not possess any Oak documents (*see, e.g.*, ECF No. 505 at 7), Mr. Ahmed earlier just this month attached an email containing confidential information about Oak - an email he should not  possess - to a filing wholly unrelated to the subject of the email.  (*See* ECF No. 580, Ex. 2.)  This is far from the first

---

[6] *See, e.g.*, Request Nos. II.5, III.5, IV.5.
[7] *See, e.g.*, Request Nos. II.6, III.6, IV.6, V.6.
[8] *See, e.g.*, Request Nos. II.9, V.9, VI.7, VII.7, VIII.7.
[9] *See, e.g.*, Request Nos. IX.4, X.4, XI.4.

time Mr. Ahmed has used this Court's docket to improperly disseminate confidential information.  (*See, e.g.*, ECF Nos. 383, 397, 451, 464.)[10]  Although he has continued to use such material in this action, Mr. Ahmed has made absolutely no effort to protect the confidentiality of this material.  No doubt he will continue to (mis)use this information going forward in contravention of his confidentiality obligations when he believes such use fits his needs.  The Court should not grant him any further access to such information.

## CONCLUSION

For all of the foregoing reasons, the Motion to Compel filed by Mr. Ahmed should be denied in its entirety.

OAK MANAGEMENT CORPORATION
NON-PARTY RESPONDENT


By: /s/ David T. Grudberg
David T. Grudberg (ct01186)
CARMODY TORRANCE SANDAK & HENNESSEY LLP
195 Church Street, P.O. Box 1950
New Haven, CT 06509-1950
Telephone: (203) 777-5501
Facsimile: (203) 784-3199
E-mail:dgrudberg@carmodylaw.com

Of Counsel:

David K. Momborquette, Esq.
Gary Stein, Esq.
SCHULTE ROTH & ZABEL LLP
919 Third Ave.
New York, N.Y.  10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955
E-mail:  David.Momborquette@srz.com
Gary.Stein@srz.com

---

[10] This use is consistent with Mr. Ahmed's attitude towards confidentiality as a whole, calling the Court's practice of protecting such information "silly, shallow" and "utterly ridiculous."  (ECF No. 393 at 2.)

{N5372034}                                    11

**CERTIFICATION**

      I hereby certify that on June 23, 2017, a copy of the foregoing Memorandum of Law in Opposition to Defendant's Motion to Compel was filed electronically and served by electronic mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operating of the Court's electronic filing system or by electronic mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

        /s/ David T. Grudberg
        David T. Grudberg