<em>Execution Copy</em>

# SHARE PURCHASE AGREEMENT

## BY AND BETWEEN

**[REDACTED]**

### AND

## OAK ASIA INFRASTRUCTURE, LLC,

**[REDACTED]**

### AND

**[REDACTED]**

**September 9, 2011**

CONFIDENTIAL – FOIA Confidentiality Requested

OAK-SEC-00004923

Execution Copy

extent permitted under applicable law) on the condition that all costs and expenses (including, but not limited to legal fees) incurred by the Buyer (with the prior consent of Oak) in order to extend such cooperation or take such actions shall be borne by Oak.

(h) Any reasonable cost and expenses (including without limitation the fees to be paid for tax advisors) incurred by the Buyer with respect to any matter undertaken by the Buyer related to this Section 8.1 at the written request of Oak that the Buyer was otherwise not legally required to undertake under applicable laws shall solely be borne and paid or reimbursed by Oak without undue delay.

8.2 Cooperation on Tax Matters. The Buyer and each Seller shall cooperate in (i) the preparation of all Tax Returns for any Tax periods and (ii) the conduct of any Tax Proceeding, for which one party could reasonably require the assistance of the other party in obtaining any necessary information. Such cooperation shall include, but not be limited to, furnishing prior years' Tax Returns or return preparation packages illustrating previous reporting practices or containing historical information relevant to the preparation of such Tax Returns, and furnishing such other information within such party's possession requested by the other party as is relevant to the preparation of the Tax Returns or the conduct of the Tax Proceeding. Such cooperation and information also shall include without limitation promptly forwarding copies of appropriate notices and forms or other communications received from or sent to any Governmental Entity which relate to the Company or any Subsidiary, and providing copies of all relevant Tax Returns, together with accompanying schedules and related work papers, documents relating to rulings or other determinations by any Governmental Entity and records concerning the ownership and tax basis of property, which the requested party may possess.

8.3 Scope of Article VIII. Any claim by the Buyer under this Article VIII against Oak shall not be subject to the terms and conditions set forth in Article VII.

## ARTICLE IX.
## POST-CLOSING AGREEMENTS

9.1 Proprietary Information.

(a) From and after the Closing, the Sellers shall not disclose or make use of any information relating to the business of the Company that provides the Company or the Buyer with a competitive advantage (or that could be used to the disadvantage of the Company or the Buyer by a Competitive Business), which is not generally known by persons outside the Company (collectively referred to herein as "Proprietary Information"). Proprietary Information shall not include such information that the Sellers can demonstrate (i) is generally available to the public (other than as a result of a disclosure by a Seller), or (ii) was disclosed to the Sellers by a third party under no obligation to keep such information confidential, or (iii) was independently developed by the Sellers without reference to Proprietary Information. Notwithstanding the foregoing, the Sellers shall have no obligation hereunder to keep confidential any of the Proprietary Information to the extent disclosure thereof is required by law or regulation; provided, however, that in the event disclosure is required by law or regulation, the Sellers shall use Reasonable Best Efforts (to the extent legally permitted) to provide the Buyer with advance notice of such requirement so that the Buyer may seek an appropriate protective

- 30 -

order. In addition, the provisions of this Section 9.1(a) shall not prohibit use of such information (i) as is necessary to prepare Tax Returns or other filings with Governmental Entities or to defend or object to any reassessment of Taxes, (ii) as is necessary for Sellers (or their representatives) to prepare and disclose, as may be required, accounting statements, (iii) to assert or protect any rights of Sellers hereunder or under any applicable Law, or (iv) for disclosure by the Sellers or their respective affiliates or successors to investors or prospective investors, financing sources, accountants, consultants and others (so long as such disclosure has a valid business purpose and is effected in a manner consistent with disclosure of such information by private equity funds).

(b) Each Seller agrees that the remedy at law for any breach of this Section 9.1 would be inadequate and that the Buyer or the Company shall be entitled to injunctive relief in addition to any other remedy it may have upon breach of any provision of this Section 9.1.

## ARTICLE X.
## TERMINATION

10.1  Termination of Agreement. The Parties may terminate this Agreement prior to the Closing, as provided below:

(a) the Buyer and each Seller may terminate this Agreement by mutual written consent;

(b) the Buyer may terminate this Agreement by giving written notice to a Seller in the event such Seller is in breach of any representation, warranty or covenant contained in this Agreement, and such breach, individually or in combination with any other such breach, (i) would cause the conditions set forth in clauses (b), (c), or (d) of Section 6.1 not to be satisfied and (ii) is not cured within 20 calendar days following delivery by the Buyer to the Seller of written notice of such breach;

(c) a Seller may terminate this Agreement by giving written notice to the Buyer in the event the Buyer is in breach of any representation, warranty or covenant contained in this Agreement, and such breach, individually or in combination with any other such breach, (i) would cause the conditions set forth in clauses (c), (d) or (e) of Section 6.2 not to be satisfied and (ii) is not cured within 20 calendar days following delivery by the Seller to the Buyer of written notice of such breach;

(d) the Buyer may terminate this Agreement by giving written notice to each Seller if the Closing shall not have occurred on or before November 30, 2011, by reason of the failure of any condition precedent under Section 6.1 (unless the failure results primarily from a breach by the Buyer of any representation, warranty or covenant contained in this Agreement); or

(e) a Seller may terminate this Agreement by giving written notice to the Buyer if the Closing shall not have occurred on or before November 30, 2011, by reason of the failure of any condition precedent under Section 6.2 (unless the failure results primarily from a breach by such Seller of any representation, warranty or covenant contained in this Agreement).

CONFIDENTIAL – FOIA Confidentiality Requested

OAK-SEC-00004958

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first above written.

BUYER:



SELLER:

**Oak Asia Infrastructure, LLC**

By: Oak Investment Partners XII, Limited
Partnership, its sole member

By: Oak Associates XII, LLC, its general partner

By: _____
Name: Iftikar Ahmed
Title: Managing Member

CONFIDENTIAL – FOIA Confidentiality Requested

OAK-SEC-00004973

SELLER:



SELLER:

