UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    Relief Defendants. | Civil No. 3:15-CV-675 (JBA)<br><br>June 23, 2017 |

**ORDER DENYING DEFENDANT'S MOTION TO DEPOSE CERTAIN OAK AND RELATED PARTIES SPECIFIC TO EACH ALLEGED TRANSACTION [Doc. # 438]**

In this civil enforcement action brought by Plaintiff the Securities and Exchange Commission (the "SEC" or the "Commission") against Defendant Iftikar Ahmed ("Mr. Ahmed") and Relief Defendants, Mr. Ahmed moves [Doc. # 438] this Court to "arrange for the deposition of [certain] individuals . . . listed" in his Motion. (Def.'s Mot. to Depose at 1.) Both the SEC and non-party Oak oppose. (*See* Pl.'s Opp'n [Doc. # 474]; Oak's Opp'n [Doc. # 471].) For the reasons that follow, Defendant's Motion is denied.

**I.  Discussion**

The Court presumes the parties' familiarity with the underlying facts of the case.

Defendant's Motion seeks a court order for the immediate depositions of over a dozen individuals associated with the various Oak companies listed in the Complaint. (Def.'s Mot. to Compel at 4-5.) Defendant has not subpoenaed these individuals pursuant to Fed. R. Civ. P. 45 and the Court cannot compel these depositions absent such subpoenas. *See Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001) ("Discovery of non-parties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45"). Thus, his Motion is deficient and it is not the responsibility of the Court to arrange depositions, which are either arranged by the parties or, in the case of third parties, compelled via subpoena. The Court is generally not involved in the discovery process unless and until a problem arises, in which case it is dealt with in the appropriate context, e.g., Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 45(d)(3). A party may not, however, simply demand that the Court order and arrange depositions, in lieu of taking proper procedural steps to arrange these depositions himself.

Moreover, as the SEC notes, this Court's March 15, 2016 Order [Doc. # 205] permitted depositions to begin on May 9, 2016, but Defendant did not file his Motion until February 8, 2017, 20 days before the February 28, 2017 fact discovery cutoff. Defendant failed to mention his intention to conduct this deposition discovery in the Joint Status Report filed January 31, 2017 [Doc. # 422] or at the status conference held February 2, 2017.

## II.  Conclusion

For the foregoing reasons, Defendant's Motion to Depose Certain Oak and Related Parties Specific to Each Alleged Transaction is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.
Dated at New Haven, Connecticut this 23rd day of June 2017.

2