UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------------x
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

           *Plaintiff*,

                            *v.*

IFTIKAR AHMED,

           *Defendant*, and

IFTIKAR ALI AHMED SOLE PROP; I-CUBED
DOMAINS, LLC; SHALINI AHMED; SHALINI
AHMED 2014 GRANTOR RETAINED
ANNUITY TRUST; DIY A HOLDINGS LLC;
DIYA REAL HOLDINGS, LLC; 1.1. 1, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents; 1.1. 2, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents; and 1.1. 3, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents,

           *Relief Defendants*.
-----------------------------------------------------------------x

Civil No. 3:15-cv-675 (JBA)

June 27, 2017

**MEMORANDUM OF LAW OF NON-PARTY OAK
MANAGEMENT CORPORATION IN OPPOSITION TO DEFENDANT
IFTIKAR AHMED'S MOTION FOR SANCTIONS AND IN SUPPORT OF
CROSS-MOTION TO STRIKE DEFENDANT'S MOTION FROM THE RECORD**

Non-party Oak Management Corporation ("Oak") files this memorandum of law in opposition to Defendant Iftikar Ahmed's Motion to Sanction Oak for Misrepresentations in their [sic] Deposition of May 4, 2017 (ECF No. 597) (the "Motion" or "Moving Br.") and in support of its cross-motion requesting that the Court strike the Motion from the record. The Motion is the latest attempt by Mr. Ahmed to place on the record unsworn affirmative statements on topics as to which he previously asserted his Fifth Amendment rights. The Motion follows a familiar pattern. An Oak witness gives testimony under oath. Following that testimony, Mr.

Ahmed files a motion for sanctions against Oak, arguing that the Oak witness lied during the course of that testimony.  Mr. Ahmed then proceeds to make a litany of unsworn affirmative statements in his motion papers, ostensibly in an effort to demonstrate why the testimony at issue (or also, in this case, certain testimony Mr. Ahmed speculates was given) is not substantively correct.  However, those unsworn (and baseless) statements typically relate to topics on which Mr. Ahmed previously had refused to give testimony during his deposition, instead asserting his Fifth Amendment rights.  As Oak previously has argued, that practice is unfair, and those papers filed by Mr. Ahmed containing such unsworn statements should be stricken from the record.  (*See, e.g.*, ECF Nos. 553, 598.)  The same result should apply to the Motion.

In Part A of the Motion, Mr. Ahmed argues that Oak should be sanctioned for the testimony given by an Oak representative at a May 4, 2017 deposition.  Specifically, Mr. Ahmed labels as a lie testimony by that witness affirming that Mr. Ahmed recommended the purchase and sale of securities while employed at Oak. (Moving Br. at 2.)  According to Mr. Ahmed, this testimony is a lie because

> [i]t was never the responsibility of the Defendant to make any such purchase or sale recommendations.  There is not one piece of paper that the Defendant signed or that Oak issued that made the Defendant responsible for any such decisions or powers or advisory capacity vested in the Defendant to recommend the purchase or sale of any securities to any of the Oak funds or for that matter to anyone.  The Defendant was never an investment advisor in any sense of the term.

(*Id.* at 3.)

However, Mr. Ahmed's assertions are directly contradicted by statements made earlier by him to the Court in this action.  In particular, Mr. Ahmed previously lauded as "the truth" testimony given by an Oak witness (the very same person that testified on behalf of Oak at the May 4th deposition) that Mr. Ahmed  "would make recommendations of investment

opportunities," stating that such testimony "establishes beyond any reasonable doubt and without an iota of ambiguity that the Defendant [Mr. Ahmed] indeed ONLY made investment recommendations." (ECF No. 522 at 17 (emphasis in the original).)

In addition, contrary to Mr. Ahmed's assertion that "not one piece of paper" exists that he signed or Oak issued giving him responsibility for investment recommendations, the employment agreements executed by him expressly recognize that one of his employment responsibilities is the making of investment recommendations. For example, the last employment agreement with Oak that Mr. Ahmed signed expressly notes that his employment duties include "■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■" (*See* Section III of Exhibit A attached hereto.) In addition, his 2004 employment agreement expressly states that he is eligible to participate in an incentive profit plan that was established to benefit Oak employees whose employment responsibilities included the "■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■" (*See* Exhibit B to Exhibit B attached hereto.) And in fact, the record shows that Mr. Ahmed prepared numerous detailed reports recommending investments by Oak funds in the portfolio companies at issue in this case. (*See* ECF Nos. 4, 31.)

Mr. Ahmed is fond of labeling anyone who gives testimony in this action that he finds problematic a "liar." Oak respectfully suggests that that label is more appropriately placed on him. In any event, there is no factual basis whatsoever for the imposition of sanctions against Oak based on testimony actually given at the May 4th deposition.

In Part B of the Motion, Mr. Ahmed makes a number of affirmative statements of what he characterizes as "facts" regarding certain topics. (Moving Br. at 5-14.) These assertions are not in response to any actual testimony given by Oak in this Matter, but rather, what Mr.

Ahmed "speculates" would have been the testimony of the Oak representative to questions that "were probably asked" that witness at the May 4th deposition. (*Id.* at 5.) Oak is not aware of any authority supporting the notion that a party can be sanctioned based on speculation as to what that party testified to under oath.[1] In any event, it is transparent what Mr. Ahmed really is attempting to accomplish in the Motion. As he has done before in this matter, Mr. Ahmed is attempting to inject into the record a host of unsworn affirmative statements. As the table below reflects, the topics on which Mr. Ahmed makes affirmative statements in the Motion[2] are topics on which he earlier refused to give testimony during his deposition,[3] instead invoking his Fifth Amendment rights.

| Topic Covered In The Motion | Fifth Amendment Assertion During Deposition |
|---|---|
| Closing Location of Company A Transaction[4] | Ex. C at 83:16 – 85:10. |
| Completion of Company B Transaction[5] | Ex. C at 90:10 – 91:14. |
| Oak's Secondary Purchase of Shares in Company C[6] | Ex. C at 98:2 – 101:16; 102:18-23. |
| Closing of Company D Transactions[7] | Ex. C at 15:8 – 16:23; 21:17 – 22:12; 29:11 – 30:1. |
| Closing Location of Company E Transaction[8] | Ex. C at 33:15-22. |
| Closing of Company F Transactions[9] | Ex. C at 45:7-15; 48:15 – 49:9. |

---

[1] In the Motion, Mr. Ahmed contends that he was deliberately prevented from questioning the Oak representative during the May 4th deposition. (Moving Br. at 2.) However, Mr. Ahmed consciously decided to abandon the deposition and "go to bed" rather than remain in attendance. (*See* ECF No. 575 at 6-7.) When the SEC attempted to contact Mr. Ahmed in an effort to invite him to question the witness, he failed to respond, apparently at that point having fallen asleep. (*See* ECF No. 540, Ex. 2, p. 1.) In any event, Mr. Ahmed's contentions regarding his ability to question the Oak witness do not justify the approach taken by him in the Motion.

[2] In doing so, Mr. Ahmed also takes the improper step of failing to redact information previously designated confidential, including the names of companies involved in the various transactions. (*See* Moving Br. at 8.)

[3] A true and correct copy of the transcript from Mr. Ahmed's deposition, dated February 28, 2017, is attached hereto as Exhibit C.

[4] Moving Br. at 5.

[5] Moving Br. at 6.

[6] Moving Br. at 6-8.

[7] Moving Br. at 8-9.

[8] Moving Br. at 9-10.

[9] Moving Br. at 10-11.

| | |
|---|---|
| Closing of Company G Transactions[10] | Ex. C at 52:24 – 54:7; 62:9 – 63:2. |
| Closing Location of Company H Transactions[11] | Ex. C at 74:2 – 75:6. |
| Closing of Company I Transactions[12] | Ex. C at 78:19 – 79:25. |
| Payment with respect to Oak's Investment in Company J[13] | Ex. C at 41:1 – 44:19. |

As Oak has argued with respect to previous filings made by Mr. Ahmed, this practice is fundamentally unfair, warranting striking the offending filing from the Court's docket. *See City of New York v. Golden Feather Smoke Shop, Inc.*, No. 08-CV-3966 (CBA), 2010 WL 2653369, at *4-5 (E.D.N.Y. June 25, 2010) (citing *United States v. Certain Real Prop. & Premises*, 55 F.3d 78, 84-85 (2d Cir. 1995)) (striking defendant's declaration because he invoked his Fifth Amendment privilege as to the topics in his declaration). The same result should occur here, and the Court should strike Mr. Ahmed's Motion from the record.

## CONCLUSION

For the foregoing reasons, Mr. Ahmed's motion to sanction non-party Oak for purported misrepresentations in the May 4, 2017 deposition testimony of an Oak representative should be denied in its entirety, and Oak's cross-motion to strike this filing from the record should be granted.

---

[10] Moving Br. at 11-12.
[11] Moving Br. at 12-13.
[12] Moving Br. at 13.
[13] Moving Br. at 13-14.

{N5372698}            DOC ID - 26353424.3                5

OAK MANAGEMENT CORPORATION
NON-PARTY RESPONDENT

By: /s/ David T. Grudberg
     David T. Grudberg (ct01186)
     CARMODY TORRANCE SANDAK &
     HENNESSEY LLP
     195 Church Street, P.O. Box 1950
     New Haven, CT 06509-1950
     Telephone: (203) 777-5501
     Facsimile: (203) 784-3199
     E-mail: dgrudberg@carmodylaw.com

Of Counsel:

David K. Momborquette, Esq.
Gary Stein, Esq.
SCHULTE ROTH & ZABEL LLP
919 Third Ave.
New York, N.Y. 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955
E-mail: David.Momborquette@srz.com
        Gary.Stein@srz.com

**CERTIFICATION**

     I hereby certify that on June 27, 2017, a copy of the foregoing Memorandum of Law in Opposition to Defendant Iftikar Ahmed's Motion for Sanctions and in Support of Cross-Motion to Strike Defendant's Motion from the Record was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operating of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

          /s/ David T. Grudberg
          David T. Grudberg