UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>*Plaintiff*,<br>v.<br>IFTIKAR AHMED,<br>*Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>*Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>July 10, 2017 |

**ORDER DENYING DEFENDANT'S MOTIONS TO SANCTION OAK**

In this civil enforcement action brought by the Securities and Exchange Commission (the "SEC"), Defendant Iftikar Ahmed ("Mr. Ahmed") moves [Doc. ## 522, 524, 532] this Court for an order sanctioning Oak for purported "misrepresentations and lies" told by their representative Ms. Ames during her deposition prior to the preliminary injunction hearing, and during her testimony at the hearing. Both the SEC and non-party Oak oppose these Motions. (*See* Pl.'s Opp'ns [Doc. ## 554, 571]; Oak's Opp'n [Doc. # 553].) The parties' familiarity with the underlying facts of the case is presumed. For the reasons that follow, Defendant's Motions are denied.

**I. Discussion**

First, Defendant failed to serve his Motions on Oak and therefore they are procedurally improper. *See* Fed. R. Civ. P. 5(a)(1)(D).

Second, even if the Motions had been properly served, they are meritless. Defendant's request for sanctions in all three instances is made pursuant to 18 U.S.C. § 1621, a criminal statute prohibiting perjury that provides no private right of action. *See e.g., Sheehy v. Brown*, 335 Fed. App'x. 102, 104 (2d Cir. 2009) ("[F]ederal criminal statutes do not provide private causes of action."). Accordingly, courts routinely have held that there is no civil remedy or cause of action for perjury. *Chien v. Commonwealth Biotechs., Inc.*, Civil No. 3:12CV1378 (AWT), 2013 WL 4482750, at *8 (D. Conn. Aug. 21, 2013) (citing *Piorkowski v. Parziale*, No. 3:02CV00963 (GLG), 2003 WL 21037353, at *8 (D. Conn. May 7, 2003)).

Finally, Defendant has provided no evidentiary support for his claims but only his own accusations, which would be insufficient to support a claim for perjury even if Mr. Ahmed could assert such a claim.

II. Conclusion

For the foregoing reasons, Defendant's Motions to Sanction Oak are DENIED.[1]

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 10th day of July 2017.

---

[1] To the extent the SEC's Opposition asks the Court to find Defendant in violation of Rule 11, the SEC has not separately moved for sanctions as required by Fed. R. Civ. P. 11(c)(2) and therefore the Court will not address this issue. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion.").