UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>*Plaintiff*,<br>v.<br>IFTIKAR AHMED,<br>*Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>*Relief Defendants.* | Civil No. 3:15cv675 (JBA)<br><br>July 13, 2017 |

**ORDER DENYING DEFENDANT'S MOTION TO SANCTION THE SEC AND OAK FOR CONTEMPT OF THE COURT'S ORDER**

In this civil enforcement action brought by the Securities and Exchange Commission (the "SEC"), Defendant Iftikar Ahmed ("Mr. Ahmed") moves [Doc. # 528] this Court for an order sanctioning the SEC and non-party Oak for purported contempt of this Court's April 7, 2017 Order [Doc. # 515]. Both the SEC and non-party Oak oppose this Motion. (*See* Pl.'s Opp'n [Doc.

# 558]; Oak's Opp'n [Doc. # 557].)[1] The parties' familiarity with the underlying facts of the case is presumed. For the reasons that follow, Defendant's Motion is denied.

## I. Discussion

The Court's April 7, 2017 Order stated: "[s]ince it is unlikely that the entire [Ms. Ames deposition] transcript contents are actually confidential, Plaintiff's counsel shall confer and designate any portions which are not properly deemed confidential and those portions shall be provided to Defendant." (Endorsement Order on Defendant's Motion to be Allowed Access to Two Deposition Transcripts of Oak Representative [Doc. # 515] at 3.) The SEC maintains that it "conferred with Oak's Counsel as to which portions of the deposition transcript should be designated as confidential (as opposed to the entire transcript). Once the SEC received Oak's designations, the SEC redacted the deposition transcript consistent with those designations and provided the redacted transcript to Defendant." (Pl.'s Opp'n at 2.)

Defendant's Motion claims the SEC and Oak, in redacting over 96% of the content of the transcript they provided him, violated this Court's order, and that they should be sanctioned

---

[1] Oak maintains that because Defendant failed to serve his Motion on Oak, it is procedurally improper under Fed. R. Civ. P. 5(a)(1)(D). Rule 5 states that "the following papers must be served on every *party*," including "written motion[s]." *Id.* (emphasis added). Oak does not explain how this Rule is applicable to Oak as a nonparty. Oak further contends that the Motion is improper because Mr. Ahmed did not abide by the terms of the Stipulated Protective Order [Doc. # 321], which prescribes a specific process that a party is to follow to challenge a confidentiality designation, including, in particular, an obligation to meet and confer over any challenged designation. (*See* Protective Order [Doc. # 321] § C.) However, Oak's argument is misplaced because Defendant has never been privy to the transcript to enable him to meaningfully challenge the designation.

accordingly.[2] Defendant's Motion is premature. His anticipation that portions of the transcript were improperly designated as confidential is necessarily based only on the vast proportion so designated since Defendant has not been permitted to see the confidential portion. His speculation, however, is insufficient to demonstrate violation of the Court's April 7 Order, much less any contumacious conduct.[3]

However, Defendant's Motion [Doc. # 539] for judicial review of Oak's confidentiality designations in the deposition transcript has been granted, and Magistrate Judge Margolis will review the redacted and unredacted transcripts to determine whether confidentiality designations have been properly made. Until this review is completed, the Court has no basis for determining whether the SEC and Oak excessively designated material confidential without basis.

II. **Conclusion**

For the foregoing reasons, Defendant's Motion to Sanction the SEC and Oak for Contempt of the Court's Order is DENIED as premature.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 13th day of July 2017.

---

[2] It is undisputed that counsel for the SEC did confer with Oak's counsel, but appears to have simply redacted the transcript as Oak designated without further review of the propriety of Oak's designations.

[3] For a party to be held in contempt, a court must find that "(1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989).