UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>*Plaintiff,*<br>v.<br>IFTIKAR AHMED,<br>*Defendant,* and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>*Relief Defendants.* | Civil No. 3:15cv675 (JBA)<br><br>July 13, 2017 |

**ORDER DENYING DEFENDANT'S MOTION FOR RELEASE OF FUNDS FOR LEGAL REPRESENTATION IN INDIA TO BE ABLE TO RETURN TO THE UNITED STATES**

In this civil enforcement action brought by the Securities and Exchange Commission (the "SEC"), Defendant Iftikar Ahmed ("Mr. Ahmed") moves [Doc. # 434] the Court "for the unconditional, unsecured release of [$1 million] to pay for attorney's fees in India so that the Defendant can address his legal issues in India and return to the United States . . ." (Def.'s Mot. for Release of Funds [Doc. # 434] at 5.) The SEC opposes this Motion. (*See* Pl.'s Opp'n [Doc. # 466].) The parties' familiarity with the underlying facts of the case is presumed. For the reasons that follow, Defendant's Motion is denied.

## I. Discussion

"The decision to . . . modify an asset freeze, is committed to the district court's discretion." *S.E.C. v. One or More Unknown Traders in Sec. of Onyx Pharm., Inc.*, 296 F.R.D. 241, 255 (S.D.N.Y. 2013) (citing *Smith v. SEC*, 653 F.3d 121, 127 (2d Cir. 2011)). "While the primary purpose of freezing assets is to facilitate compensation of defrauded investors in the event a violation is established at trial, 'the disadvantages and possible deleterious effect of a freeze must be weighed against the considerations indicating the need for such relief.'" *Id.* (quoting *Manor Nursing Centers, Inc.*, 458 F.2d at 1105). The touchstone of the Court's inquiry is "equity" and a party seeking to unfreeze assets "must establish that the funds he seeks to release are untainted and that there are sufficient funds to satisfy any disgorgement remedy that might be ordered in the event a violation is established at trial." *S.E.C. v. Stein*, No. 07 CIV. 3125GEL, 2009 WL 1181061, at *1 (S.D.N.Y. Apr. 30, 2009).

Defendant claims to be "in a foreign land where [he] is captive to the local Courts," and argues that the Court should release up to $1 million in order to resolve his legal issues in India so that he can return to the United States. (Def.'s Mot. for Release of Funds at 3-4.) Whatever particular legal issues Mr. Ahmed faces in India are not part of this case and are outside of this Court's jurisdiction. In balancing the equities, the Court finds no justification for releasing frozen assets, which may be required to compensate defrauded investors, in order to extract Defendant from a dilemma of his own making.

Mr. Ahmed's Motion does not make clear whether his Indian "legal issues" are of a civil or criminal nature. To the extent Mr. Ahmed's Motion is in fact a "Motion for Legal Fees under Sixth Amendment for Criminal Lawyers Fees in Indian case," as he represents in the Joint Status Report [Doc. # 639] there is no Sixth Amendment right to be provided counsel for a criminal case brought

by a foreign government. *See e.g., United States v. Balsys*, 524 U.S. 666, 672 (1998) ("the Sixth Amendment . . . clearly applies only to domestic criminal proceedings."). However, if Mr. Ahmed's situation changes and he is seeking funds for legal representation in connection with his return to the United States to face his criminal prosecution, the question of whether his Sixth Amendment right is triggered would be considered.

At most, Defendant's Motion is premature. If in fact Mr. Ahmed is able to resolve his legal issues in India such that from the Indian Government's perspective he is authorized to leave, and it is necessary to have a lawyer located in the United States facilitate Defendant's return to this country, he may renew his Motion at that time.

## II. Conclusion

For the foregoing reasons, Defendant's Motion for Release of Funds for Legal Representation in India is DENIED.

IT IS SO ORDERED.

/S/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 13th day of July 2017.

3