IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x
:
SECURITY & EXCHANGE COMMISSION    :    15 CV 675 (JBA)
:
v.                                :
:
IFTIKAR AHMED ET AL.              :    DATE: JULY 26, 2017
:
------------------------------------------------------------x

RULING FOLLOWING IN CAMERA REVIEW OF TRANSCRIPTS OF DEPOSITION BY OAK
WITNESS, GRACE A. AMES, HELD ON JULY 15, 2015 AND ON MAY 4, 2017

The factual and procedural history behind this complex litigation is set forth in considerable detail in the various published rulings of U.S. District Judge Janet Bond Arterton. See 123 F. Supp. 2d 301 (D. Conn. 2015), aff'd, 664 F. App'x 53 (2d Cir. 2016); 2016 WL 500436 (D. Conn. Jan. 11, 2016); 2016 WL 7197359 (D. Conn. Dec. 8, 2016); 2017 WL 1347668 (D. Conn. Apr. 7, 2017); 2017 WL 1391518 (D. Conn. Apr. 7, 2017); 2017 WL 2234174 (D. Conn. May 22, 2017).[1]

On May 4, 2017, defendant Ahmed, appearing pro se, filed two motions seeking judicial review and access to deposition transcripts of the Rule 30(b)(6) witness of non-party Oak Management Corporation ["Oak"], Grace A. Ames, whose depositions were taken on July 15, 2015 and again on May 4, 2017 (Dkts. ##539-40). On July 13 and 14, 2017, Judge Arterton ordered this Magistrate Judge to conduct an "independent review . . . to compare redacted and unredacted transcripts to determine whether the portions redacted as 'confidential' are in fact confidential." (Dkts. ##649, 657). To that end, on July 14, 2017, this Magistrate Judge ordered counsel to forward redacted and unredacted versions of the two deposition transcripts to this Magistrate Judge by July 24, 2017 for her in camera review,

---

[1] Judge Arterton has filed dozens and dozens of unpublished rulings and orders in this file as well.

and also required plaintiff SEC to forward an ex parte letter "which sets forth in as much detail as necessary, the specific reasons why the portions that have been redacted are confidential and should not be disclosed to defendant Ahmed." (Dkt. #656).

On July 24, 2017, plaintiff SEC forwarded the four deposition transcripts (two redacted, two unredacted) to this Magistrate Judge's Chambers in a large black binder. At the same time, plaintiff SEC and non-party Oak submitted a lengthy, single-spaced letter, which described in detail the various categories of confidential information regarding Oak and its personnel that have been redacted from the deposition transcripts provided to defendant Ahmed.

As plaintiff SEC and non-party Oak point out in their joint letter, it is significant that only plaintiff SEC, the Relief Defendants, and non-party Oak have signed the Protective Order in this case. (Dkts. ##62, 321). Last summer, Judge Arterton addressed the confidentiality of information in this case in an analogous situation, wherein defendant Ahmed sought access to plaintiff SEC's investigative file. (See Dkt. #286; see also Dkts. ##237, 254). Judge Arterton held that, in light of defendant Ahmed's "fugitive [status], having left the United States in violation of his conditions of release in a criminal matter[,]" defendant Ahmed is "beyond the reach of this Court's jurisdiction," and having "removed himself from the jurisdiction of the Court, the Court has no ability to enforce . . . a protective order, nor to sanction [d]efendant [Ahmed] in the event of any misuse of the produced documents." (Dkt. #286, at 1, 3). As a result, defendant Ahmed's request for full access to plaintiff SEC's investigative file was denied without prejudice "if and when [defendant Ahmed] returns to the United States and executes appropriate protective orders." (Id. at 4).

With respect to the May 4, 2017 transcript, which is 360 pages long, the entire

transcript was redacted from defendant Ahmed's review, except for the following eleven portions: (1) Page 5, line 1 through page 11, line 9; (2) page 270, line 5 through page 273, line 14; (3) page 277, line 7 through page 280, line 12; (4) page 282, line 18 through page 283, line 6; (5) page 284, line 22 through page 285, line 4; (6) page 285, line 24 through page 291, line 3; (7) page 291, lines 14 through 22; (8) page 336, line 19 through page 338, line 21; (9) page 339, line 20 through page 341, line 5; (10) page 348, line 18 through page 350, line 12; and (11) page 357, line 4 through page 360.  After a careful in camera review of the entire May 4, 2017 deposition transcript, the Magistrate Judge agrees that the information contained in the redacted portions is confidential, particularly in the absence of a Protective Order signed by defendant Ahmed and enforceable against him in the United States.

With respect to the July 15, 2015 transcript, which is 205 pages long, the entire transcript was redacted from defendant Ahmed's review, except for the following eleven portions: (1) Page 5, line 1 through page 9, line 20; (2) page 14, line 18 through page 15, line 11; (3) page 47, line 10 through page 55, line 5; (4) page 86, lines 1 through 25; (5) page 88, lines 1 through 18; (6) page 99, line 18 through page 101, line 9; (7) page 145, lines 4 through 21; (8) page 146, lines 4 through 22; (9) page 160, half of line 24 and line 25; (10) page 165, words "bling conduct?"; and (11) page 204, line 9 through page 205, line 24.

After a careful in camera review of the entire July 15, 2015 transcript, the Magistrate Judge agrees that the information contained in the redacted portions is confidential, particularly in the absence of a Protective Order signed by defendant Ahmed and enforceable against him in the United States, with the exception of the eight limited portions listed below.

Testimony similar to these eight limited portions was not redacted (and hence available for review by defendant Ahmed) in the May 2017 transcript, and the Magistrate Judge sees no reason to preclude disclosure in the July 2015 transcript.  These eight limited portions are as follows:

    (1) Page 9, line 21 through page 11, line 3;

    (2) Page 14, lines 7 through 17;

    (3) Page 15, line 12 through page 18, line 23;

    (4) Page 20, line 14 through page 27, line 4;

    (5) Page 29, line 5 through page 36, line 18;

    (6) Page 70, line 18 through page 74, line 20;

    (7) Page 99, line 18 through page 102, line 2; and

    (8) Page 160, line 3 through page 161, line 24.

Accordingly, unless otherwise stayed by Judge Arterton or this Magistrate Judge, **on or before August 18, 2017**, plaintiff SEC shall provide copies of these eight limited portions of the July 2015 deposition transcript to defendant Ahmed.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; Fed. R. Civ. P. 6(a) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

Because this ruling is subject to review, see 28 U.S.C. § 636(b)(**written objection to ruling must be filed within fourteen calendar days after service of same**); Fed. R. Civ. P. 6(a) & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; Impala v. United States Dept. of Justice,

670 F. App'x 32 (2d Cir. 2016)(summary order)(**failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit**); cf. Small v. Sec'y, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit), the black binder of deposition transcripts and the letter of plaintiff SEC and non-party Oak shall remain in this Magistrate Judge's Chambers, unless otherwise instructed by Judge Arterton.

Dated this 26th day of July, 2017, at New Haven, Connecticut.

/s/ Joan Glazer Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge