UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>IFTIKAR AHMED,<br><br>        Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>        Relief Defendants. | Civil Action No. 3:15cv675 (JBA) |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT'S MOTION TO BE ALLOWED TO SIGN A PROTECTIVE ORDER IN ANTICIPATION OF BEING ALLOWED FULL ACCESS TO INVESTIGATIVE FILE IN THIS DISPUTE**

Plaintiff United States Securities and Exchange Commission ("SEC") respectfully submits this opposition to Defendant's Motion to be Allowed to Sign a Protective Order in Anticipation of Being Allowed Full Access to Investigative File in This Dispute ("Motion") [Doc. # 679]. Defendant's Motion is nothing more than an untimely request for reconsideration of a year-old, well-reasoned order denying Defendant access to the investigative file while he

remains a fugitive outside of the jurisdiction of the United States. *See* Doc. # 286. In any event, Defendant's Motion should be denied.

## BACKGROUND

Although the Court is familiar with the facts of this case, a brief background is useful to put the present Motion in context. As this Court is aware from previous filings, Defendant fled the United States in approximately May 2015, in violation of his conditions of release in a criminal insider trading case. *See, e.g.*, Doc. # 253 at 2-3. Until April of 2016, Defendant was represented by counsel in this matter. *See* Docs. ## 210 (motion to withdraw), 221 (order granting motion to withdraw). Defendant, who is now proceeding *pro se*, remains a fugitive.

Prior to Defendant's counsel's withdrawal, counsel for the SEC had engaged in dialogue with Defendant's counsel regarding production of certain documents in the SEC's investigative file. Counsel for the SEC noted that, prior to any such production, a protective order would need to be entered preventing counsel for Defendant from sharing any documents with Defendant while he remained a fugitive outside of the jurisdiction of the United States. A similar protective order was entered in Defendant's civil insider trading case pending in the U.S. District Court for the District of Massachusetts. *See* ECF No. 71, *SEC v. Kanodia et al.*, 15-cv-13042-ADB (D. Mass.) (motion for protective order); ECF No. 73, *SEC v. Kanodia et al.*, 15-cv-13042-ADB (D. Mass.) (protective order stating, inter alia, that "counsel for Defendant Ahmed may discuss the Discovery Material with Defendant Ahmed, but will not provide any such Discovery Material to Defendant Ahmed, directly or indirectly, without further order of this Court"). As the SEC explained in seeking such a protective order in the Massachusetts insider trading case, the SEC's primary concern is with Defendant's receipt of documents containing sensitive information while he remains a fugitive of justice outside of the Court's jurisdiction. *See* ECF No. 56 at 5,

*SEC v. Kanodia et al.*, 15-cv-13042-ADB (D. Mass.); *see also* Doc. # 254 at 3. No agreement on a protective order in the instant case was reached prior to Defendant's counsel's withdrawal.

On May 31, 2016, Defendant filed a motion for access to the SEC's investigative file. *See* Doc. # 237. The SEC responded that Defendant "should be permitted access to relevant documents within the SEC's investigative file, but only after he enters into a protective order *and* returns to the jurisdiction of the United States so the Court can enforce that protective order." Doc. # 254 at 1 (emphasis in original). On August 22, 2016, the Court ruled that

> [a]ny order by this Court permitting Defendant to inspect and copy his investigative file would necessarily be contingent upon Defendant entering into an appropriate protective order limiting his use of the documents produced, given their confidential and sensitive nature. However, because Defendant has removed himself from the jurisdiction of the Court, the Court has no ability to enforce such a protective order, nor to sanction Defendant in the event of any misuse of the produced documents.

Doc. # 286 at 3. Thus, the Court denied Defendant's motion, but did so without prejudice, expressly permitting Defendant to "renew this motion if and when he returns to the United States and executes appropriate protective orders." *Id.* at 4.

A full year after this ruling, Defendant filed the instant Motion asking that he be permitted to sign a protective order, while remaining a fugitive outside of the United States, in order to be granted access to the investigative file in this case.

## ARGUMENT

As a threshold matter, Defendant's Motion makes numerous, incredible, and demonstrably false claims about his purported denial of the opportunity to participate in this litigation. For example, Defendant continues to claim that he was "denied the opportunity to depose Oak." Motion at 2. In fact, Defendant was permitted to attend the non-confidential portion of the Oak deposition, but decided to "go to bed" rather than question the Oak witness.

*See, e.g.*, Doc. # 575 at 3-4, 6-7. Defendant also complains that the Oak depositions transcripts have bene unfairly redacted, but ignores that, at Defendant's request, Magistrate Judge Margolis conducted a thorough review of those transcripts and confirmed (with limited exception) that those redactions were appropriate. *See* Doc. # 678. Notably, Defendant did not object to the Magistrate Judge's ruling. Finally, Defendant continues to press his argument that he is not a fugitive and, therefore, the fugitive disentitlement doctrine should not have been applied to him. *See* Motion at 3-4. Defendant is, in fact, a fugitive, regardless of his claim that he cannot now leave India. *See* Doc. # 399 at 4-6. In any event, Defendant is simply wrong when he claims the fugitive disentitlement doctrine has been "deployed to be a discriminatory mechanism" against him. Motion at 4. It is well established that, even if the doctrine does not permit a court to summarily enter judgment against a fugitive defendant in certain cases, "the District Court has its usual authority to manage discovery in a civil suit, including the power to enter protective orders limiting discovery as the interests of justice require." *Degen v. U.S.*, 116 S.Ct. 1777, 1782 (1996); *see also* Doc. # 286 at 4 (citing cases). Defendant is plainly a fugitive, and the Court's limitations on access to certain discovery have been appropriate.

Turning to the substance of Defendant's Motion, it is nothing more than a motion for reconsideration of the Court's August 22, 2016 ruling that Defendant cannot enter into an enforceable protective order until he returns to the jurisdiction of the Court. The Motion – filed a year after this ruling – is plainly untimely. *See* D. Conn. L. Civ. R. 7(c)(1) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. … In circumstances where such motions are appropriate, they shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data

the movant believes the Court overlooked."). The Motion should be denied on that basis alone. *See Rhoads v. Connecticut Public Defenders Office*, 2010 WL 745013, at *1 (D. Conn. 2010) (Arterton, J.) (denying motion for reconsideration as untimely filed).

Even if the Motion had been timely, it should be denied. As this Court has recognized, "[t]he standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Wood v. F.B.I.*, 2004 WL 2935800, at *1 (D. Conn. 2004) (Arterton, J.) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995)). "A motion for reconsideration may not be used to relitigate an issue the court already has decided." *Rhoads*, 2010 WL 745013, at *1 (citations omitted). Defendant does not – and cannot – cite to anything the Court overlooked in its prior, well-reasoned order. Rather, Defendant merely continues to complain that he lacks access to certain confidential information while he remains outside of the United States. But as the SEC has repeatedly explained – and as the Court has previously recognized [*see* Doc. # 286; *cf.* Doc. # 301 at 2] – this situation is entirely of Defendant's own making. Moreover, the Court's reasonable discovery restrictions are appropriate. As Defendant cannot meet the standard for reconsideration, his Motion should be denied.

Finally, even if Defendant's Motion is not construed as one for reconsideration, it should still be denied. Defendant claims he is willing to sign a protective order, but fails to acknowledge that such a protective order would be meaningless while Defendant remains outside of the Court's jurisdiction. *See* Doc. # 286 at 3 ("[B]ecause Defendant has removed himself from the jurisdiction of the Court, the Court has no ability to enforce such a protective order, nor to sanction Defendant in the event of any misuse of the produced documents."). In light of

Defendant's conduct in this case, including repeatedly hurling accusations at the victims of his fraud, the SEC's concerns over Defendant's misuse or abuse of confidential information have not abated. *See* Doc. # 254 at 4-6. Indeed, the instant Motion itself – which accuses the Court of employing "discriminatory mechanism[s]," implies this case has been a "mockery of a judicial process and is nothing short of a kangaroo trial," and compares the judicial process of the United States to ISIS – underscores the SEC's concern that Defendant would not voluntarily abide by any Court-ordered restrictions on his use of documents. Moreover, as the SEC has previously explained, Defendant's suggestion of "view-only" access is unworkable, since Defendant would still have access to the confidential information and thus the ability to copy or otherwise record that information and then misuse it. *See* Doc. # 575 at 8. Put simply, Defendant – who has already demonstrated his willingness to disregard court orders by fleeing the jurisdiction of the United States – should not be permitted to enter into a protective order while he remains outside of the Court's jurisdiction to enforce that protective order or sanction Defendant for abusing confidential information.

## CONCLUSION

Whether viewed as a belated motion for reconsideration or as a new motion resurrecting an old request, Defendant's Motion should be denied. The Court should stand by its prior ruling that Defendant can renew his request for access to the investigative file "if and when he returns to the United States and executes appropriate protective orders." Doc. # 286 at 4.

DATED: August 22, 2017.	Respectfully submitted,

*s/ Nicholas P. Heinke*
Nicholas P. Heinke (Colo. Bar No. 38738)
    Connecticut Bar No. phv07374
Jeffrey E. Oraker (Colorado Bar. No. 26893)
    Connecticut Bar No. phv08631
Terry R. Miller (Colorado Bar. No. 39007)
    Connecticut Bar No. phv08981
Mark L. Williams (New York Bar. No. 4796611)
    Connecticut Bar No. phv07375
United States Securities and Exchange Commission
1961 Stout St., Suite 1700, Denver, CO 80294
Phone:    (303) 844-1000
           (303) 844-1071 (Heinke)
           (303) 844-1041 (Miller)
           (303) 844-1097 (Oraker)
           (303) 844-1027 (Williams)
E-mail:    HeinkeN@sec.gov
           MillerTE@sec.gov
           OrakerJ@sec.gov
           WilliamsML@sec.gov

Attorneys for Plaintiff:

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

CERTIFICATE OF SERVICE

I certify that on August 22, 2017, a copy of the foregoing document was emailed to Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Jonathan Harris
Reid Skibell
David Deitch
Alexander Sakin
S. Gabriel Hayes-Williams
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(Counsel for Relief Defendants)

                                                    s/ *Nicholas P. Heinke*
                                                    Nicholas P. Heinke