UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ X
UNITED STATES SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

IFTIKAR AHMED,

        Defendant, and

IFTIKAR ALI AHMED SOLE PROP,
I-CUBED DOMAINS, LLC; SHALINI AHMED;
SHALINI AHMED 2014 GRANTOR RETAINED
ANNUITY TRUST; DIYA HOLDINGS LLC;
DIYA REAL HOLDINGS, LLC; I.I. 1, a minor
child, by and through his next friends IFTIKAR
and SHALINI AHMED, his parents; I.I. 2, a minor
child, by and through his next friends IFTIKAR
and SHALINI AHMED, his parents; and I.I. 3, a
minor child, by and through his next friends
IFTIKAR and SHALINI AHMED, his parents,

        Relief Defendants.
------------------------------------------------------------------ X

Civil Action No.
3:15-CV-675 (JBA)

] ORDER ON CONSENT

**WHEREAS** on August 12, 2015, the Court entered [Doc. #113] a preliminary injunction freezing assets of Defendant Iftikar Ahmed and various Relief Defendants ("Asset Freeze Order");

**WHEREAS** on January 10, 2017, the Court granted Defendant's Unopposed Motion [Doc. #389] to Liquidate and Transfer Frozen Assets to Short Duration U.S. Treasuries (the "Liquidation Order"). [Doc. #398.] The Court ordered that "[a]ll assets belonging to Defendant and entities controlled by Defendant (Rakitfi Holdings LLC, the Essell Farms LLC, and the Essell Group LLC) currently held at [The Northern Trust Company ("TNTC")

and Northern Trust Securities, Inc. ("NTSI")] ... shall be liquidated and the proceeds shall be held in short term U.S. Treasuries subject to the Court's asset freeze order" [*see id.*];

**WHEREAS** non-parties TNTC and NTSI (collectively, "Northern Trust") seek clarification on the specific steps it is permitted to take to implement the Court's Order [Doc. #398];

**WHEREAS** the following twelve accounts at Northern Trust (collectively, the "Accounts") are subject to the Asset Freeze Order:

- Four investment management accounts held jointly in the name of Iftikar Ahmed ("Ahmed") and Shalini Ahmed containing public market equities, bonds and any other liquid securities, ending in x3934, x3935, x8537, and x0895 (collectively, the "Joint Ahmed Accounts"). Northern Trust is the custodian and has discretionary investment authority, based on investment objectives, over the Joint Ahmed Accounts;

- One interest bearing joint checking account held in the name of Iftikar Ahmed and Shalini Ahmed ending in x5188;

- One non-interest bearing business checking account held in the name of Rakitfi Holdings LLC ending in x5218;

- Two non-interest bearing business checking accounts held in the name of Essell Farms LLC ending in x5226 and x5234;

- One NTSI brokerage account held in the name of Oak Management Corp FBO Iftikar A Ahmed ending in x7193;

- Two investment management accounts held in the name of Rakitfi Holding LLC, containing public market equities, bonds and any other liquid securities, namely,

account ending in x0901and x3911 (collectively, the "Rakitfi Accounts"). Northern Trust is the custodian and has discretionary investment authority, based on investment objectives, over the Rakitfi Accounts; and

- One individual retirement account ending in x3781 held in the name of Iftikar Ali Ahmed, Individual Retirement Account, The Northern Trust Company As Trustee, containing public market equities, bonds and any other liquid securities, (the "IRA Account"). Northern Trust as Trustee/custodian has discretionary investment authority, based on investment objectives, over the IRA Account.

**WHEREAS** the Liquidation Order could be mistakenly read to suggest that it applied to the Joint Ahmed Accounts in addition to the two Rakitfi Accounts and the IRA Account;

**WHEREAS** the Defendant and Relief Defendants are in agreement that the Liquidation Order should apply only to the two Rakitfi Accounts and the IRA Account, and the SEC does not object to this position; and

**WHEREAS** the SEC, Defendant, and Relief Defendants consent and agree to the modification of the Asset Freeze Order and the Liquidation Order, which includes transferring cash in connection with the liquidation into a bank account as detailed in this Order;

Upon consent, **IT IS HEREBY ORDERED** that the Court's Asset Freeze Order dated August 12, 2015, as modified by the Endorsement Order, dated February 19, 2016, and the Liquidation Order, dated January 10 , 2017, are modified and clarified as follows:

1. Where relevant, assets shall continue to be managed pursuant to the relevant investment objective currently designated for each Accounts;

2. The two Rakitfi Accounts and the IRA Account will be liquidated to cash by Northern Trust;

3. The Rakitfi Accounts ending in x0901 and x3911 will be liquidated to cash with the funds then transferred into Ratfiki Account ending in x5218. After the liquidation to cash and transfer, Rakitfi Accounts ending in x0901 and x3911 will be closed;

4. Northern Trust is directed to invest the cash funds in the IRA Account ending in x3781 to purchase the Northern Trust Government Money Market Fund (NOGXX);

5. Northern Trust shall not have discretionary investment authority over the IRA Account ending in x3781; and

6. Northern Trust will continue to charge and deduct management fees on accounts subject to the Asset Freeze Order and liquidation direction. Said fees are charged based on Northern Trust's published fee schedule, as may be revised from time to time.

IT IS SO ORDRED this 29th day of August, 2017

Janet Bond Arterton, U.S.D.J.