UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 3:15-cv-675 (JBA) |
| IFTIKAR AHMED, | |
| Defendant, and | |
| IFTIKAR ALI AHMED SOLE PROP; *ET AL.*, | |
| Relief Defendants. | AUGUST 30TH, 2017 |

**DEFENDANT'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY FOR HIS MOTION TO STAY IN LIGHT OF *KOKESH*  [DOC. 654 OF 07/13/2017]**

The Defendant respectfully submits the attached Summary Order issued on 29TH August 2017, in *SEC v. Metter*, Case No. 16-526-cv, by the United States Court of Appeals For the Second Circuit District in further support of the Defendant's Motion to Stay in Light of *Kokesh* [Doc. 654 dated 13TH July 2017].   The relevant Order is attached as **Exhibit A**.    The Appeal related to a judgment of the United States District Court for the Eastern District of New York (Irizarry, *C.J.*, Levy, *M.J.*).

While there are very few, if any, parallels between the *Metter* dispute and this instant matter, it is noteworthy to note here that the defendant in that matter, Metter, had entered in to a consent judgment with respect to liability and that consent judgment precluded him from (i)

1

arguing that he did not violate the federal securities laws as alleged in the Complaint; (ii) challenging the validity of the Consent or the Judgment; (iii) challenging the allegations of the Complaint.   Thus, in the opinion of the Second Circuit, Metter violated the unambiguous terms of the consent judgment[1].

Turning to Metter's argument that the disgorgement judgment violated the excessive fines clause of the Eighth Amendment, the Second Circuit **agreed that disgorgement in SEC cases is "essentially punitive in nature" and thus functions as a fine**, following the U.S. Supreme Court's *Kokesh* decision from earlier in the year.

In the relatively, and understandably, short summary order, the Second Circuit very clearly and unambiguously accepted and interpreted that disgorgement is essentially punitive in nature and was, therefore, a fine.   This is the only relevant and pertinent point in the order of the Second Circuit as it relates to this instant dispute in front of this esteemed Court.   The exact language of the Second Circuit Order is reproduced below:

> **"…the first step of our analysis is determining whether the disgorgement was a "fine"…we assume without deciding that, in light of the Supreme Court's recent decision in *Kokesh v. SEC*, 137 S. Ct. 1635, 1642-44 (2017), the disgorgement liability imposed in this matter was essentially punitive in nature and thus was a fine…"**

The Defendant, therefore, wishes to bring to the attention of this esteemed Court that courts have started recognizing that disgorgement is a penalty and is clearly punitive in a post-*Kokesh* world.   The decision by the US Court of Appeals for the Second Circuit in the *Metter*

---

[1] Page 3 of the attached Order, Exhibit A.

matter, clearly validates and reinforces the arguments presented by the Defendant in his Motion to Stay in light of *Kokesh*.

                                      Respectfully Submitted,

Dated:        August 30TH, 2017        /s/ Iftikar Ahmed
                                      _____
                                        Iftikar A. Ahmed
                                        C/O Advocate Anil Sharma
                                        10 Government Place East, Ground Floor
                                        Behind Kanpur Leather House
                                        Kolkata 700069, India
                                        Tel: +91.98.30.089.945
                                        Email: iftyahmed@icloud.com
                                        *Pro Se*

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Nicholas P. Heinke
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Mark L. Williams
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

David B. Deitch
Harris, St. Laurent & Chaudhry LLP VA
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3549
Fax: (703) 935-0349
Email: ddeitch@sc-harris.com

Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Dated: August 30TH, 2017       /s/ Iftikar Ahmed

                                                                   _____
Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East, Ground Floor
Behind Kanpur Leather House
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com

*Pro Se*

# EXHIBIT A

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

U.S. Securities and Exchange Commission, The Sullivan Lead Plaintiff Group,

> *Plaintiffs-Appellees*,

v.                                                                                            No. 16-526-cv

Michael Metter,

> *Defendant-Appellant,*

Spongetech Delivery Systems, Inc., RM Enterprises International, Inc., Steven Moskowitz, George Sperenza, Joel Pensley, Jack Halperin,

> *Defendants,*

BusinessTalkRadio.net, Inc., Blue Star Media Group, Inc.,

> *Relief Defendants.*

16-526-cv
SEC v. Metter

| | |
|---|---|
| **FOR APPELLANT:** | MARANDA E. FRITZ (Tammy P. Bieber and Brian K. Steinwascher, *on the brief*), Thompson Hine LLP, New York, NY. |
| **FOR APPELLEE:** | MARTIN V. TOTARO, Senior Counsel (John W. Avery, Deputy Solicitor, *on the brief*), *for* Robert B. Stebbins, General Counsel, Securities and Exchange Commission, Washington, DC. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *C.J.*, Levy, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Michael Metter challenges the district court's imposition of joint and several disgorgement liability in the amount of $52,236,995, plus prejudgment interest, and a civil penalty in the amount of $6,133,540. We assume the parties' familiarity with the procedural history of this matter, the underlying facts, and the issues on appeal.

We review the district court's disgorgement order for abuse of discretion. *SEC v. Contorinis*, 743 F.3d 296, 301 (2d Cir. 2014). We review the district court's imposition of a civil penalty for abuse of discretion. *SEC v. Razmilovic*, 738 F.3d 14, 38 (2d Cir. 2013) (citing *SEC v. Kern*, 425 F.3d 143, 153 (2d Cir. 2005)). We determine de novo whether the district court's disgorgement order or penalty amount to an excessive fine in contravention of the Eighth Amendment, accepting

the district court's underlying factual findings unless clearly erroneous. *United States v. Viloski*, 814 F.3d 104, 109 (2d Cir. 2016).

## I. Consent Judgment

As an initial matter, we note that Metter entered into a consent judgment with respect to liability in this matter. That consent judgment provides, in relevant part:

> In connection with the Commission's motion for disgorgement, civil penalties and/or reimbursement, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

Judgment as to Defendant Michael E. Metter, Doc. 255, at 10. Included in the Amended Complaint were the following allegations:

> Defendant RM Enterprises International, Inc., is a Delaware corporation with its principal place of business in New York, New York. RM Enterprises is the majority shareholder of Spongetech and is controlled by Metter and Moskowitz. Metter and Moskowitz are the sole officers, serve as directors, and are currently the beneficial owners of two-thirds of RM Enterprises.

Amended Complaint at 7. Notwithstanding his agreement, Metter now claims on appeal that he did not control RM Enterprises and that Moskowitz was the person in control. In doing so, Metter violates the unambiguous terms of the consent judgment. We are unmoved by Metter's insistence that the relevant terms of the consent judgment should apply only to the well-pleaded facts in the Complaint. As the SEC correctly points out, under the terms of the consent judgment, it is

3

immaterial whether the Complaint complied with Federal Rules of Civil Procedure 8 and 9 or would have survived a motion to dismiss. Metter surrendered his right to contest whether the factual allegations in the Complaint were well-pleaded when he agreed to the consent judgment. Without prejudice to any additional means the district court may deem appropriate to enforce its judgment, we elect simply not to consider those contentions made by Metter on appeal that are in violation of the judgment. This includes the Defendant's claim of double jeopardy.

## II. Disgorgement

"The district court has broad discretion not only in determining whether or not to order disgorgement but also in calculating the amount to be disgorged. The amount of disgorgement ordered need only be a reasonable approximation of profits causally connected to the violation; any risk of uncertainty in calculating disgorgement should fall on the wrongdoer whose illegal conduct created that uncertainty." *SEC v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1474–75 (2d Cir. 1996) (internal quotation marks, citations, and alteration omitted). We are unconvinced by Metter's assertion that the characterization of the breadth of the district court's discretion in *First Jersey*, *id.*, is unsuited to the circumstances of this case.

We find no abuse of discretion in the $52,236,995 amount of disgorgement liability imposed. The evidence before the district court showed, and Metter does not dispute, that $52,236,995 flowed into RM Enterprises as a result of the

fraudulent scheme.[1] The Complaint alleges, and Metter cannot now deny, that he controlled RM Enterprises.[2]

## III. Civil Penalty

Metter objects to the district court's imposition of a $6,133,540 civil penalty on the grounds that the district court included in its computation thereof a $5 million transfer from RM Enterprises to BusinessTalkRadio.net, Inc., an entity of which Metter was president. This $5 million was used to discharge delinquent debt that Metter had personally guaranteed and on which creditors had obtained judgments against Metter personally. Under these circumstances, the district court did not abuse its discretion when it included the $5 million transfer in its computation of Metter's personal enrichment. We likewise reject the Defendant's argument that his claim of financial hardship precluded the civil penalty imposed here.

## IV. Eighth Amendment

In evaluating Metter's claim that the district court's disgorgement order violated

---

[1] The SEC originally requested disgorgement in the amount of $52,356,995, which is consistent with the documentary record. On appeal, neither party has noted the discrepancy between this higher figure and the lower figure in the order and final judgment. The higher figure includes the lower one.

[2] Metter argues that under the Supreme Court's recent decision in *Honeycutt v ,United States*, 137 S. Ct. 1626 (2017), disgorgement is appropriate only for the amount of money that he himself acquired from the scheme. *Honeycutt* is not controlling here for two principal reasons. First, as a matter of law, the decision applied to criminal forfeiture of the proceeds of controlled substance offenses under 21 U.S.C. § 853. *Honeycutt*, 137 S. Ct. at 1630. We decline Metter's invitation to extend the *Honeycutt* holding with respect to forfeiture under § 853 to the context of the equitable remedy of disgorgement. Second, as a matter of fact, the defendant in *Honeycutt* was an employee who had "no controlling interest in the store," *id.* at 1631 (internal quotation marks omitted), and thus had no control over the proceeds of the offense, while Metter did have control of RM Enterprises, a fact that he conceded in the consent judgment, and thus could control the distribution of proceeds. Even if the rule of *Honeycutt* applied in the context of disgorgement, therefore, that rule, which protects incidental figures from forfeiture of amounts far beyond what would be justified by their role in the offense, would not compel reversal in this case.

the Excessive Fines Clause of the Eighth Amendment, the first step of our analysis is determining whether the disgorgement was a "fine" within the meaning of the Excessive Fines Clause. *Viloski*, 814 F.3d at 109. For the purposes of this appeal, we assume without deciding that, in light of the Supreme Court's recent decision in *Kokesh v. SEC*, 137 S. Ct. 1635, 1642–44 (2017), the disgorgement liability imposed in this matter was essentially punitive in nature and thus was a fine within the meaning of the Excessive Fines Clause of the Eighth Amendment.

We proceed to consider whether the disgorgement ordered here was "grossly disproportional" within the meaning of *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). In assessing whether a penalty is grossly disproportionate, we are required to examine the four "*Bajakajian* factors:"

> (1) the essence of the crime of the defendant and its relation to other criminal activity, (2) whether the defendant fits into the class of persons for whom the statute was principally designed, (3) the maximum sentence and fine that could have been imposed, and (4) the nature of the harm caused by the defendant's conduct.

*Viloski*, 814 F.3d at 110 (quoting *United States v. George*, 779 F.3d 113, 122 (2d Cir. 2015)). In some cases, it may also be relevant whether the penalty effects a deprivation of an individual's livelihood. *Id.* at 111.

With respect to the first enumerated factor, we are, of course, cognizant that this penalty arises in the context of a civil enforcement action rather than a criminal prosecution, but the essence of the proscribed act is no less relevant. Here, Metter has admitted, for the purposes of the assessment of disgorgement liability, all of the facts alleged in the Complaint. The nature and character of Metter's actions as set

forth in the allegations of the Complaint amply justify the imposition of a harsh penalty. This factor weighs against a finding of gross disproportionality.

With respect to the second enumerated factor, the facts set forth in the Complaint establish that Metter, as a managing officer of a publicly traded company, is the precise type of person for whom the Securities Act, the Exchange Act, and the Sarbanes-Oxley Act were designed. This factor also weighs against a finding of gross disproportionality.

We find the third enumerated factor inapposite in light of the absence of any statutory maximum in the context of a disgorgement award.

With respect to the fourth enumerated factor, we have not lost sight of the reality that each dollar of ill-gotten benefit Metter and his associates extracted by means of the illegal pump-and-dump scheme detailed in the Complaint flowed ultimately from the pockets of investors. As a publicly traded company, Spongetech had many such investors, but the harm caused by Metter's conduct is no less serious or severe for having been spread across multiple victims. This factor weighs against a finding of gross disproportionality.

With respect to whether the penalty effects a deprivation of Metter's livelihood, Metter, who bears the burden of showing the unconstitutionality of the district court's disgorgement order, *id.* at 109, has advanced no substantive argument as to the future prospects of his livelihood under that order. This factor is thus of no aid

16-526-cv
SEC v. Metter

to Metter.[3] *See id.* at 114–15.

On balance, we are satisfied that the district court's imposition of disgorgement liability in the amount of $52,236,995 was not grossly disproportional, and thus effected no violation of Metter's Eighth Amendment rights. Indeed, since the disgorgement ordered almost precisely equaled the gains from the illicit conduct to the entity controlled by Metter, the resulting financial penalty was directly keyed to the scope of the wrongdoing.

We have considered all of Metter's remaining arguments and conclude that they are without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] Though Metter's failure to carry his burden is determinative of our analysis of this factor, we note in passing that "a forfeiture that deprives a defendant of his livelihood might nonetheless be constitutional, depending on his culpability or other circumstances." *Viloski*, 814 F.3d at 112. Accordingly, even assuming that the disgorgement order did effectively deprive Metter of his future ability to earn a living, it would be far from clear whether, under the circumstances of this case, the Eighth Amendment would suffer any insult.