UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; *ET AL.*,<br><br>Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA)<br><br><br><br>SEPTEMBER 01ST, 2017 |

**DEFENDANT'S REPLY TO SEC'S RESPOINSE IN OPPOSITION TO DEFENDANT'S MOTION TO BE ALLOWED TO SIGN A PROTECTIVE ORDER IN ANTICIPATION OF BEING ALLOWED FULL ACCESS TO INVESTIGATIVE FILE**

The Defendant respectfully submits this Reply in response to the SEC's Opposition [Doc. #691] to the Defendant's Motion to be Allowed to Sign a Protective Order in Anticipation of Being Allowed Full Access to the Investigative File in this Dispute [Doc. #679]. The SEC's expected opposition continues to make a mockery of every facet of due process and judicial fairness, by their continued attempt to deny the Defendant every right enshrined in the US Constitution. Their opposition is morally repugnant, legally defective, and factually dishonest.

**Section A: Legal Basis for the Defendant's Motion**

*First*, the Defendant wishes to place in front of this esteemed Court the strong legal authority and basis for his Motion and show how the SEC's Opposition contravenes every single

1

facet of the constitutional rights of a defendant as established by the US Constitution, and reaffirmed over and over again by multiple courts including the highest court in the land.

In the United States, procedural due process has the comforting feel of an old, familiar doctrine.[1] The core procedural rules appear to be indisputable. In the American adversary tradition, after all, it is commonly and rightly said that "*no better instrument has been devised for arriving at the truth*" than a contest between parties, presided over by a neutral arbiter.[2] It is also interesting to note that the US Constitution actually grants even greater protections and guarantees of due process rights to civil litigants that are not constitutionally required for criminal defendants, even if both are threatened with comparable losses.[3]

The US judicial due process guarantees the *unobstructed* and *unqualified* access to evidence. And that forms the bedrock of the genius of the American judicial system. That has not been the case in this dispute. Rather, far from it. The SEC has created barriers that have prevented the Defendant's access to any evidence and proof, deprived the Defendant of every single right to due judicial process. The SEC's extreme actions that violate every tenet of the US Constitution renders a dismissal of this dispute as the only civilized sanction available in view of the significance the American system of justice attaches to the protection of the innocent from

---

[1] US CONST. AMEND V (providing that no person shall be "deprived of life, liberty, or property, without due process of law"); id. AMEND XIV (providing that no state shall "deprive any person of life, liberty, or property, without due process of law"). The principle that "due process of law" requires the government to follow certain procedures in order to implement even valid actions against individuals has a long standing pedigree. See e.g. EDWARD EBERLE, *Procedural Due Process: The Original Understanding*, 4 CONST. COMMENT, 339, 339 (1987).

[2] *See* e.g. *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 171-72 (1951)(Franjfurter, J. concurring) ("No better instrument has been devised for arriving at truth than to give a person in jeopardy of serious loss notice of the case against him and opportunity to meet it."). Justice Frankfurter's famous comment on the value of the adversary process has been repeated often in the Court's due process decisions. *See* e.g. *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 55 (1993); *Connecticut v. Doehr*, 501 U.S. 1, 12-14 (1991); *Fuentes*, 407 U.S. at 81.

[3] *Compare*, e.g. *Morrissey v. Brewer*, 408 U.S. 471, 485-89 (1972) (holding that due process requires a preliminary adversary hearing to support the pretrial detention of convicted felon in a civil parole revocation proceeding), *with Gerstein v. Pugh*, 420 U.S. 103, 125 n.27 (1975) (holding that due process does not require an adversary hearing to support the pretrial detention of a criminal defendant).

erroneous punishment.[4]  It is beyond clear that the SEC's actions and conduct of this dispute have caused serious insult to the judicial due process as established by the genius of the US laws and statutes.

The conventional doctrine of procedural due process, applied in civil settings from low-level agency hearings to full-scale civil trials, grants a defendant significant rights whenever a government action threatens any loss.[5]  The two greatest rights of a defendant, under the genius of the US judicial system, are the rights to challenge the evidence brought forward by the state and the right to affirmatively make a defense.  These rights are most directly concerned with ensuring that innocent people are not punished.  Nowhere in the US Constitution are these two greatest rights dependent on any conditions to be met.  It is not qualified that these rights hold under a certain set of circumstances or conditions only.  There is no precedent case law that affirms the denial of these two fundamental rights under any circumstances, be it a consequence of a defendant's own doing or not.  <u>The rights would not be rights were they to be conditional.</u>

### A1:   On the Right to Present a Defense

The Right to Present a Defense encompasses the discovery of relevant information, access to the evidence gathered by the plaintiff, obtaining and presenting of any additional evidence - all notwithstanding the rules of evidence, privileges, and statutory limitations.  Nobody will question the proposition that a person charged by the government has a constitutional right to present a defense.[6]  And presenting a defense naturally requires access to proof or evidence.  Access to proof not only means the availability of the evidence but also its permitted use.  Evidence that

---

[4] *Ballew v. Georgia*, 435 U.S. 223, 234 (1978), *aff'd*, *Teague v. Lane*, 109 S. Ct. 1060 (1989), observing that weighing the risk of punishing an innocent person as ten times more serious than the risk of acquitting a guilty person was "perhaps not an unreasonable assumption."  Also see *In re Winship*, 397 U.S. 358, 364 (1970).
[5] See *Fuentes*, 407 U.S. at 80; *Bell v. Burson*, 402 U.S. 535 (1971); *Boddie v. Connecticut*, 401 U.S. 371, 377 (1971) to cite just a few.
[6] *The Compulsory Process Clause*, WESTEN, 73 MICH. L. REV. 71, 127-131 (1974) - Compulsory Process Clause as basis for the right to present a defense; also the spirit and history of the Bill of Rights as a basis for such right.

might exculpate the defendant cannot be suppressed by the plaintiff; and all evidence as a practical matter has to be accessible to the defendant.  The Constitution guarantees significant protections afforded to a defendant if access is impermissibly denied, included dismissal of the allegations itself.

A citizen faced with a governmental deprivation of a liberty or property interest has a due process right to "*some kind of hearing*."[7]  A defendant also has a constitutional right, derived from multiple constitutional sources, to require the appearance of any witness to give testimony.[8]  A defendant has a constitutional right of access to the testimony of witnesses unimpeded by arbitrary barriers.[9]  Since 1967, the US Supreme Court decisions based on *compulsory process clause*[10], the *confrontation clause*[11], and the *due process clause*[12] have repeatedly held that in all situations, the defendant's right to access and present evidence in her defense must override all evidentiary rules to the contrary.  The Supreme Court has repeatedly affirmed *in dicta* that a defendant will also have a constitutional right to discover and introduce evidence protected by any privilege in other situations.

"*Discovery*" is defined as the process through which a defendant finds out about the plaintiff's case.  Discovery rules require plaintiffs to disclose all evidence to the defendants prior to a trial.  Hidden evidence may produce fine drama and intrigue, but it leads to the murder of justice.  In short, evidence not shared with the defendant is no evidence at all.

---

[7] See *Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974) ("The Court has consistently held that some kind of hearing is required at some point before a person finally deprived of his property interests."); see generally HENRY J. FRIENDLY, *Some Kind of Hearing*, 123 U.PA. L. REV. 1267, 1270-75 (1975) (discussing the Supreme Court's development and elaboration of the due process hearing requirement).
[8] *Washington v. Texas*, 388 U.S. 14, 19 (1967); *Pennsylvania v. Ritchie*, 107 S. Ct. 989 (1987).
[9] *Washington v. Texas*, 388 U.S. 14 (1967).
[10] *Rock v. Arkansas*, 483 U.S. 44 (1987); *Washington v. Texas*, 388 U.S. 14 (1967).
[11] Davis v. Alaska, 415 U.S. 308 (1974).
[12] *Green v. Georgia*, 442 U.S. 95 (1979); *Chambers v. Mississippi*, 410 U.S. 14 (1967).

## A2: On the Right to Cross Examination

In a criminal setting, the right to confront and cross-examine witnesses is fundamental. Although the full panoply of rights may not apply in a civil setting, the right to confront and cross-examine witnesses still fully applies. Here, however, the due process clause, rather than the Sixth Amendment, protects such a right. As a general proposition, "[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine witnesses."[13]

Under the adversary system, cross examination is considered the ultimate principal means of testing the credibility of an adverse witness.[14] It is well established that if the plaintiff's witness invokes any evidentiary privilege that deprives the defendant an opportunity for effective cross-examination, the court should either overrule the privilege, thereby requiring the witness to answer the questions as posed on cross examination, or strike the witness' testimony from the case, or dismiss the case in its entirety[15]. The Supreme Court's decision in *Davis v. Alaska*[16] provides considerable support for the principle that no privilege may be invoked to deprive a defendant of the opportunity to effectively cross-examine a government witness.[17] The US Supreme Court attaches such great import and significance to the right to cross examine that it has called a denial of the right to cross examine a "constitutional error of the first magnitude…"[18] Thus, it is abundantly clear that once the plaintiff introduces the testimony of a witness, it will not

---

[13] *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970); *Baird v. Owczarek*, 93 A.3d 1222, 1227 (2014)(citations omitted); *Louisiana State Bar Ass'n v. Levy*, 292 So.2d 492,494 (1974); see *Hyson v. Montgomery County Council*, 217 A.2d 578, 585-86 (1996); see *Matter of Alamance County Court Facilities*, 405 S.E.2d 125, 137 (1991) (indicating that even in civil proceedings substantive right to cross-examine applies)(citations omitted); see *People ex rel. Bernat v. Bicek*, 91 N.E.2d 588, 596 (1950) (holding a statute precludes the right to cross examine witnesses from whom evidence is taken would violate due process).

[14] J. WIGMORE, EVIDENCE § 2191, at 69 (J. McNaughton rev. ed. 1961), see 5 WIGMORE, *supra* note 18, §1367 at §2, characterizing cross examination as the "greatest legal engine ever invented for the discovery of the truth."

[15] In practice, striking the witness' testimony and instructing a jury to ignore it might not often suffice as a remedy, rather the defendant is entitled to a mistrial. See C. MCCORMICK, EVIDENCE 170-277 (3d ed. 1984) *supra* note 1 at 12.

[16] 415 U.S. 308 (1974).

[17] ALFRED HILL, *Testimonial Privilege And Fair Trial*, 80 COLUM. L. REV. 1173, 1179 (1980). See *supra* note 33, at 1178.

[18] *Idem*, (quoting *Brookhart v. Janis*, 384 U.S. 1, 3 (1966) (quoting *Smith v. Illinois*, 390 U.S. 129, 131 (1968)).

then be permitted to invoke any privilege that will deprive the defendant of an opportunity to effectively cross examine the witness. Else, the testimony of that witness is bogus and inadmissible. When a plaintiff's witness refuses to respond to cross examination, "all of part of that witness' testimony must be stricken if it blocks inquiry into matters which are 'direct' and are not merely collateral."[19]  96% redaction of a testimony fails this test by any standard.

Judge J. Skelly Wright's opinion in *Gregory v. United States*, 369 F.2d 185 (DC 1966) is most instructive even 50 years later; "A criminal trial, <u>like its civil counterpart</u>, is a quest for truth. That quest will more often be successful if both sides have an equal opportunity to interview the persons who have the information from which the truth may be determined."  "As a general rule, a witness belongs neither to the government nor to the defense. Both sides have the right to interview witnesses before trial."[20]

### A3:   On the Right To Access Evidence Notwithstanding Any Privileges

In the genius of the American legal system, no interest protected by any privilege outweighs the defendant's right to access and present evidence favorable to herself.   When the government chooses to prosecute an individual, it is not free to deny him the right to meet the charge against him by introducing relevant documents which the government may otherwise claim to be privileged from public disclosure.   There are endless judicial precedence where no privacy based privileges are honored by US courts in front of a defendant's interests.   The US Supreme Court has over and over again held that the defendant's interests under the Sixth Amendment are always superior to those of the plaintiff's witness who claims any privacy or confidentiality based privileges.   It is indeed unique in the world that the US judicial system

---

[19] *United States v. Seifert*, 648 F.2d 557, 561 (9th Cir. 1980) (citing *United States v. Williams*, 620 F.2d 697, 702 (9th Cir. 1980)).
[20] *United States v. Cook*, 608 F.2d 1175, 1180 (9th Cir. 1979).

grants no such privileges even to Presidential secrecy (a defendant is entitled to any information, "absolutely necessary in the defense" or "essential to the justice of the case.")[21]

### Section B:   Specific SEC Objections

The Defendant shall now address in this section the three specific objections submitted by the SEC in their response justifying their opposition to the Defendant's Motion.

    **1.**    **Fugitive**:  The SEC's objection is predicated on the false argument that the Defendant is a "*fugitive*", since their argument contradicts the simple language laid out in 28 USC § 2466. The SEC refuses to address the issue directly and yet they blatantly disregard the clear language of the US laws.  Refer: **28 US Code § 2466** – Fugitive Disentitlement[22] - clearly states:

> "(a) a judicial officer may disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action or a claim in third party proceedings in any related criminal forfeiture action upon finding that such person –
>     (1)    after notice or knowledge of the fact that a warrant of process has been issued for his apprehension, in order to avoid criminal prosecution –
>         a.    purposely leaves the jurisdiction of the United States;
>         b.    declines to enter or reenter the United States to submit to its jurisdiction; or
>         c.    otherwise evades the jurisdiction of the court in which a criminal case is pending against the person; **and**
>     (2)    is **NOT** confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction." (*emphasis added*)

There can be no ambiguity on the definition of the word "**and**."   The SEC, a law enforcement agency, blatantly disregards a stipulation  of The Code of Laws of the United States of America; the official compilation and codification of the general and permanent federal statutes

---

[21] *United States v. Burr*, 25 F. Cas. 187 (No. 14, 694) (C.C.D. Va. 1807) at 192.
[22] https://www.law.cornell.edu/uscode/text/28/2466

of the United States.  The SEC does not even respect their own laws that they are supposed to uphold and enforce.[23]

    **2.**    **Confidential and Sensitive Information:**  The SEC then bases their objection on the reasoning that the evidence that the Defendant seeks access contain "confidential and sensitive" information.   The US laws clearly do not sanction the supremacy of any privileges against the right of a defendant to access the evidence in a dispute.  Even if that were not to be the case, the SEC's arguments beggars belief in terms of its outrageousness and fanciful claims.  The Defendant wishes to submit to this esteemed Court the current status of the ten companies in this dispute.  Three companies have been out of business for a long time now (Cos. **B**, **C**, and **E**).  Three companies have been sold multiple times over and the original business bears no resemblance to their current business or ownership (Cos. **D**, **F**, and **G**; in fact Cos. **F** and **G** no longer operate the brands involved in this instant dispute).   There is nothing "sensitive" about these six companies' information that the Defendant would seek access to.  Even in the case of the other four companies, the Defendant is not seeking, nor is there anything relevant to this dispute needed to establish the truth, access to any confidential information or trade secrets.  The years-old transaction documents do not contain any trade secret or any IP that is either sensitive or confidential.  Those are mostly "cut and paste" standard template legal documents.[24]

    The SEC's guise of "sensitive" information is nothing but a contorted fantasy created by them to prevent the truth from being established.    It is abundantly clear that the SEC is indeed "*sensitive*" on many fronts - they are quite *sensitive* that the truth should not come out; they are *sensitive* that the lies perpetrated by their real masters, Oak, will be exposed.

---

[23] It has to be duly noted here that while the SEC continuously cries hoarse wrongly classifying the Defendant as a "fugitive"; yet when presented with the opportunity to help return the Defendant to the US, the SEC ran a vigorous campaign to deny the Defendant access to his funds necessary to expeditiously return to the United States.  See Doc. #466 dated 02/27/2017.  Quite unprincipled and opportunistic.

[24] The SEC has even refused the Defendant access to his employment letter - the heights of absurdity in terms of their determination of what is confidential and sensitive!

### 3. Accusations at the purported victims and comparison to the ISIS:

*First*, the Defendant has never directed any "accusations" at anyone. The Defendant has only submitted facts, backed up multiple public sources of prominence (e.g. The Brookings Institute), to establish beyond any iota of doubt that the self-appointed High Priestess of Honesty is actually nothing more than the charlatan, lying Queen of Hypocrisy - the disgraced Oak witness, Ms. Grace Ames. She claimed on many occasions that carried interest was not a right and had multiple pre-conditions that need to be met. That is patently false. The Defendant has repeatedly asked the SEC or Oak to submit just one additional such condition for carried interest to become a reality. Just one example of a litany of fanciful and deliberate lies presented by the only witness to this esteemed Court.[25]

The SEC and Oak have had multiple opportunities to refute and present evidence to rebut the claims made by the Defendant. Yet, they refuse to say the disgraced Oak witness, Ms. Grace Ames, did not lie. But the best argument that they could offer up with is that she indeed lied but did so "*confidentially*" - as if the term confidentiality is an antidote that sanctions lying under oath to this esteemed Court - a comedy of the extreme absurdity. The SEC and Oak does not, for they cannot, submit one shred of evidence to refute that she lied over and over again. And yet those lies form the foundational basis of their allegations in this dispute.

*Second*, the SEC accuses the Defendant of having compared the US judicial process to the ISIS. That is factually incorrect and is a total misrepresentation. The Defendant **never** compared the judicial process of the United States with the ISIS - doing so would be comparing *apples* (a judicial system) to *oranges* (an agency), and hence logically incongruent to begin with. The

---

[25] For a full treatment and discussion of all the various lies presented by Ms. Grace Ames, please refer to Docs. 522, 524, 532 and 597.

Defendant firmly believes in, deeply respects, and has complete faith in the genius of the US judicial process and laws; well, demonstrably more than the SEC does.[26]

The US judicial process can hypothetically be only be compared to, say, the British system, or some other judicial systems.  The SEC is an *agency* for enforcement of the US laws; just as the ISIS would claim they are the *agency* for the enforcement of *their* judicial system (purportedly, the *Sharia*).  Comparing the SEC to the ISIS does not involve the US judicial and legal system or the US Constitution at all.  Like often in this dispute, the SEC confuses the proverbial *apples* and *oranges* and then attempts to maliciously mislead the esteemed Court.

This dispute and the deprivation of the fundamental rights to any accused is a grotesque dystopia that is the SEC.  There is vituperation, there is ignorance, there is disingenuousness, and there is sycophancy, and, most alarmingly, a complete disregard for all basic rights established by the US Constitution and statutes.  The SEC has turned this forum to be a stage for storytelling; where the most compelling story, peppered with cherry-picked evidence while all the rest are consigned to darkness, and not necessarily the truth dominates.  At the altar of their unbridled ambition for the headline so maniacally desired, the truth and due process have been sacrificed.

Left to its own machinations, the SEC would completely butcher the centuries of sacrifices made by many to arrive at the genius of the US legal and judicial system it is today - it is the judicial system of the greatest nation on earth, the United States of America, that needs protection; and that protection demands that no further insult occur to its Constitution and Constitutional amendments and statutes, and for that itself the Defendant's Motion must be granted in its entirety.

---

[26] The Defendant wishes to acknowledge and place on record that the US Constitution allows him this opportunity to state his case in his own words under the First Amendment, much to the chagrin of the SEC.  Such a right would not exist in many other judicial system in the world  - one of the greatest geniuses of the American system unlike any other.

Respectfully Submitted,

Dated: September 01ST, 2017 /s/ Iftikar Ahmed

                                              Iftikar A. Ahmed
                                              C/O Advocate Anil Sharma
                                              10 Government Place East, Ground Floor
                                              Behind Kanpur Leather House
                                              Kolkata 700069, India
                                              Tel: +91.98.30.089.945
                                              Email: iftyahmed@icloud.com
                                              *Pro Se*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Nicholas P. Heinke
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Mark L. Williams
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

David B. Deitch
Harris, St. Laurent & Chaudhry LLP VA
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3549
Fax: (703) 935-0349
Email: ddeitch@sc-harris.com

Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Dated:       September 01ST, 2017        /s/ Iftikar Ahmed

                                                                                              _____
Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East, Ground Floor
Behind Kanpur Leather House
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com

*Pro Se*