UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                       )
UNITED STATES SECURITIES               )
AND EXCHANGE COMMISSION,               )
                                       )
      Plaintiff,                      )
                                       )
  v.                                   )   Civil Action No. 3:15cv675 (JBA)
                                       )
IFTIKAR AHMED,                         )
                                       )
      Defendant, and                  )
                                       )
IFTIKAR ALI AHMED SOLE PROP;           )
I-CUBED DOMAINS, LLC; SHALINI AHMED;   )
SHALINI AHMED 2014 GRANTOR RETAINED    )
ANNUITY TRUST; DIYA HOLDINGS LLC;      )
DIYA REAL HOLDINGS, LLC; I.I. 1, a minor )
child, by and through his next friends IFTIKAR )
and SHALINI AHMED, his parents; I.I. 2, a minor )
child, by and through his next friends IFTIKAR )
and SHALINI AHMED, his parents; and I.I. 3, a )
minor child, by and through his next friends )
IFTIKAR and SHALINI AHMED, his parents, )
                                       )
      Relief Defendants.              )
_____ )

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Plaintiff United States Securities and Exchange Commission ("SEC") respectfully submits the attached decisions in *SEC v. Hooper*, 16-mc-00022 (E.D. Wa.) (Doc. # 37), issued on August 10, 2017, and *SEC v. Metter*, No. 16-526 (2d Cir.) (Doc. # 136), issued on August 29, 2017, in further opposition to Defendant's [Doc. # 616] and Relief Defendants' [Doc. # 618] motions for summary judgment.

In Defendant's and Relief Defendants' motions for summary judgment, they argued that, in light of the Supreme Court's decision in *Kokesh v. SEC* and the statute of limitation in 28 U.S.C. § 2462, the Court must grant summary judgment and dismiss the SEC's claims that relate to misconduct that occurred more than five years prior to the filing of this case. *See* Doc. # 667 at 3. In response, the SEC argued, among other things, that the SEC was seeking relief other than disgorgement, and that claims for injunctive relief are not subject to § 2462. *See* Doc. # 667 at 4-6. In *SEC v. Hooper*, the Court held that the statute of limitations "does not apply to injunctive remedies because it is plainly recognized that an injunction is an equitable remedy." *Hooper*, 16-mc-00022 at 11.

In *SEC v. Metter*, the Second Circuit affirmed a district court's judgment imposing $52 million in disgorgement. After oral argument in *Metter*, the Second Circuit held its decision in abeyance until the Supreme Court decided *Kokesh*. *Metter*, No. 16-526, Doc. # 121 (May 3, 2017). Like Ahmed, Metter contended that *Kokesh*, which addressed only whether the statute of limitations in 28 U.S.C. § 2462 applies to claims for disgorgement imposed as a sanction for violating a federal securities law, called into question district courts' long-settled authority to order disgorgement in Commission enforcement actions. *Metter*, No. 16-526, Doc. # 125 (June 20, 2017). The Second Circuit disagreed and upheld the disgorgement order in its entirety.[1]

Contrary to Ahmed's assertion [Doc. # 698], the Second Circuit did not hold that disgorgement is punitive and therefore a fine for Eighth Amendment purposes; it expressly declined to decide that question. *Metter*, No. 15-626, Doc. # 136 at 6 ("For the purposes of this appeal, we assume without deciding that, in light of the Supreme Court's recent decision in

---

[1] *Metter* is also submitted as supplemental authority supporting the SEC's opposition [Doc. # 684] to Defendant's Emergency Motion to Stay in Light of *Kokesh* [Doc. # 654]. In that opposition, the SEC noted that the impact of *Kokesh* on Commission enforcement actions was at issue in *Metter*. *See* Doc. # 684 at 5 n.4. Again, *Metter* confirms the SEC's argument that *Kokesh* did not overrule district courts' authority to order disgorgement. *See, e.g.*, Doc. # 684 at 5-18.

*Kokesh v. SEC*, 137 S. Ct. 1635, 1642–44 (2017), the disgorgement liability imposed in this matter was essentially punitive in nature and thus was a fine within the meaning of the Excessive Fines Clause of the Eighth Amendment."). The court's assumption that disgorgement is punitive for the purposes of the Eighth Amendment analysis, while at the same time rejecting Metter's argument that the disgorgement award was impermissibly punitive under *Kokesh*, confirms the Commission's argument that that *Kokesh* should not be understood to mean that disgorgement is a penalty for all purposes. *SEC v. Brooks* (rejecting the argument that disgorgement is a penalty for abatement purposes because "*Kokesh*'s holding cannot be plucked from the statutory context that gives it force") (cited at SEC Opposition to Defendant's Stay Motion, Doc. # 684 at 5-6); *see also United States v. Ursery*, 518 U.S. 267 (1996) (holding that civil forfeiture does not constitute punishment for purposes of the Fifth Amendment's Double jeopardy Clause even though it is a punishment for purposes of the Eighth Amendment's Excessive Fines Clause) (cited at SEC Opposition to Defendant's Stay Motion, Doc. # 684 at 13). Indeed, elsewhere in its opinion, the court reasoned that disgorgement is an "equitable remedy" and, in affirming the district court's imposition and measurement of disgorgement, relied on Second Circuit case law emphasizing the remedy's equitable origins and nature. *Metter*, No. 16-526, Doc. # 136 at 4-5 & n.2 (citing *SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1474-75 (2d Cir. 1996)).

DATED: September 5, 2017.	Respectfully submitted,

*s/ Nicholas P. Heinke*
Nicholas P. Heinke (Colo. Bar No. 38738)
    Connecticut Bar No. phv07374
Jeffrey E. Oraker (Colorado Bar. No. 26893)
    Connecticut Bar No. phv08631
Terry R. Miller (Colorado Bar. No. 39007)
    Connecticut Bar No. phv08981
Mark L. Williams (New York Bar. No. 4796611)
    Connecticut Bar No. phv07375
United States Securities and Exchange Commission
1961 Stout St., Suite 1700, Denver, CO 80294
Phone:    (303) 844-1000
             (303) 844-1071 (Heinke)
             (303) 844-1041 (Miller)
             (303) 844-1097 (Oraker)
             (303) 844-1027 (Williams)
E-mail:    HeinkeN@sec.gov
             MillerTE@sec.gov
             OrakerJ@sec.gov
             WilliamsML@sec.gov

Attorneys for Plaintiff:

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

- 5 -

## CERTIFICATE OF SERVICE

I certify that on September 5, 2017, a copy of the foregoing document was emailed to Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Jonathan Harris
Reid Skibell
David Deitch
Alexander Sakin
S. Gabriel Hayes-Williams
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(Counsel for Relief Defendants)

                                                s/ *Nicholas P. Heinke*
                                                Nicholas P. Heinke