# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                Plaintiff,

v.

IFTIKAR AHMED,

                Defendant, and

IFTIKAR ALI AHMED SOLE PROP; *ET AL*.,

                Relief Defendants.

Civil Action No. 3:15-cv-675 (JBA)

FEBRUARY 21ST, 2018

## DEFENDANT'S EIGHTEENTH NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT [DOC. # 616]

The Defendant respectfully files this notice of supplemental authority to alert the esteemed Court of one precedent case from the United States Court of Appeals, Second Circuit that is highly dispositive to the Defendant's pending Motion for Summary Judgment [Doc. #616], in particular to Section II (No Loss Causation In Any Of The Two Transactions Pertaining to Company C).   A copy of the relevant Opinion and Order is attached as an exhibit for the convenience of the esteemed Court.

1.    *LENTELL v. MERRILL LYNCH CO., INC.,* 396 F. 3d 161 (2d Cir. 2005) decided on January 20TH, 2005 - **Exhibit 1**.

### *LENTELL v. MERRILL LYNCH CO., INC.*[1] DISMISSES ALL OF THE SEC'S COMPLAINTS PERTAINING TO COMPANY C.

The SEC's primary weapon against securities fraud is Rule 10b-5's implied cause of action[2], which forbids fraudulent acts "in connection with the purchase and sale of any security."[3]   In order to bring a claim for monetary relief under Rule 10b-5, a plaintiff must establish economic loss.[4]

The US Court of Appeals of the Second Circuit dismissed the plaintiff's appeal and stated that plaintiffs must show "that the misstatement of omission of concealed something (from the market) that, when disclosed, negatively affected the value of the security.   Moreover, the damages provisions in Sections 11 and 12 both "tie the recovery of a potential plaintiff to the value of the security."   The court, therefore, granted the defendant's motion to dismiss with prejudice.   The court pointed out that the plain language of Section 11(e) and 12(a)(2) requires a connection between the alleged material misstatements and the diminution in the security's values.

> "To state a claim for relief under § 10(b) and Rule 10b-5, plaintiffs must allege that Merrill Lynch "(1) made misstatements or omissions of material fact; (2) with *scienter*; (3) in connection with the purchase or sale of securities; (4) upon which plaintiffs relied; and (5) that plaintiffs' reliance was the proximate cause of their injury.""
>
> "Loss causation "is the causal link between the alleged misconduct and the economic harm ultimately suffered by the plaintiff.""
>
> "Thus to establish loss causation, "a plaintiff must allege…that the *subject* of the fraudulent statement or omission was the cause of the actual loss suffered."

---

[1] 396 F. 3d 161 (2d Cir. 2005).
[2] 17 C.F.R. § 240.10b-5 (1948).  Rule 10b-5 is promulgated under the statutory authority of 15 U.S.C. § 78j.
[3] 17 C.F.R. § 240.10b-5.
[4] See THOMAS L. HAZEN, CONCISE HORNBOOKS, PRINCIPLES OF SECURITIES REGULATION 178 (6th ed. 2009).

"To plead loss causation, the complaints must allege facts that support an inference that Merrill's misstatements and omissions concealed the circumstances that bear upon the loss suffered such that plaintiffs would have been spared all or an ascertainable portion of that loss absent the fraud."

"Transaction causation is akin to reliance, and requires only an allegation that "but for the claimed misrepresentations or omissions, the plaintiff would not have entered into the detrimental securities transaction.""

**It is long settled that a securities-fraud plaintiff "must prove both transaction and loss causation.""**

"…but our precedents make clear that loss causation has to do with the relationship between the plaintiff's investment loss and the information misstated or concealed by the defendant. See *Emergent Capital*, 343 F.3d at 198-99; *Castellano*, 257 F.3d at 186-90; *Suez Equity*, 250 F.3d at 96-98. If that relationship is sufficiently direct, loss causation is established, see, e.g., *Suez Equity*, 250 F.3d at 98 (finding that a CEO's "concealed lack of managerial ability" induced the company's failure); but if the connection is attenuated, or if the plaintiff fails to "demonstrate a causal connection between the content of the alleged misstatements or omissions and `the harm actually suffered,'" *Emergent Capital*, 343 F.3d at 199 (quoting *Suez Equity*, 250 F.3d at 96), a fraud claim will not lie. See, e.g., *Citibank*, 968 F.2d at 1494-96 (finding defendant's nondisclosure of a seven-week bridge loan insufficiently connected to plaintiff's loss to establish causation). **That is because the loss-causation requirement — as with the foreseeability limitation in tort - "is intended 'to fix a legal limit on a person's responsibility, even for wrongful acts.'"** *Castellano*, 257 F.3d at 186 (quoting *First Nationwide Bank*, 27 F.3d at 769-70).

"Conflicts of interest present opportunities for fraud, but they do not, standing alone, evidence fraud - let alone furnish a basis sufficiently particular to support a fraud complaint. Nor does the existence of temptation trigger a duty of inquiry - at least, not by a reasonable investor. Something more than conflicted interest is required, no matter how well publicized the conflict may be."

This decision by the US Court of Appeals, Second Circuit, therefore, clearly dismisses all the allegations as it pertains to all Company C related transactions.

It is well established that a claim for securities fraud under Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 requires a plaintiff to prove six elements: (1) material misrepresentation (*the identity of a seller is not even required to be disclosed in billions*

*of shares being bought and sold across the globe daily!*); (2) scienter; (3) connection with purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation.[5]   Borrowed from the common law of fraud, the reliance and loss causation requirements limit a defendant's liability for misstatements to those that proximately caused the plaintiff's injury.[6]   Implicit, therefore; *where there is no injury*, there can be no fraud, the can be no liability, there can be no damages.

As the SEC has admitted[7], the shares of Company C held by Oak **were valued by Oak itself** at $4.95 per share in 2016 (this SEC action civil commenced in May 2015); a 50% **premium** above the value at which Oak purchase shares from the Relief Defendants in or around October 2014 (at approximately $3.30 per share)[8].   Clearly, **$4.95 per share is significantly higher than $3.30 per share**.   Thus, undoubtedly, there can be no economic loss, in addition to the fact that there was no loss causation.

Since there appears to be some misunderstandings and misrepresentations on what and how preferred securities in venture capital financings typically work, the Defendant had put together and presented herewith a short primer on the topic and including it as **Exhibit 2** for the benefit of this esteemed Court.

---

[5] *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341 (2005).
[6] See *Basic Inc. v. Levinson*, 485 U.S. 224, 246 (1988); *Dura*, 544 U.S. at 341-342.
[7] Doc. # 668, SEC responses to Items 23 and 24 (pp. 13 and 14).
[8] Please see Exhibits 8 and 9 of Doc. # 617.

Respectfully Submitted,

Dated:          February 21ST, 2018          /s/ Iftikar Ahmed

_____

Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East, Ground Floor
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com
*Pro Se*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Nicholas P. Heinke
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Mark L. Williams
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

David B. Deitch
Harris, St. Laurent & Chaudhry LLP VA
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3549
Fax: (703) 935-0349
Email: ddeitch@sc-harris.com

Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

1

Dated:       February 21ST, 2018      /s/ Iftikar Ahmed

                                            _____

Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East, Ground Floor
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com

*Pro Se*