UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>*Plaintiff*,<br>*v.*<br>IFTIKAR AHMED,<br>*Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br>*Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>March 29, 2018 |

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL OAK TO COMPLY WITH SUBPOENAS**

In this civil enforcement action brought by the Securities and Exchange Commission ("SEC"), Defendant Iftikar Ahmed moves [Doc. # 581] to Compel Oak Management Corporation to Comply with Subpoenas Served on May 23, 2017, seeking a deposition (the "Testimony Subpoena") [Doc. # 581-3], noticed for May 29, 2017, and the production of documents (the "Document Subpoena") [Doc. # 581, Ex. 4].

Discovery in this case closed February 28, 2017, with some limited exceptions. (*See* [Doc. # 370].) Although in its April 27, 2017 Order [Doc. # 530], the Court permitted Defendant another opportunity to properly subpoena documents from Oak, the Court did not grant any similar

authorization for Defendant to serve a subpoena seeking testimony past the discovery cut-off date. Consequently, Defendant's Testimony Subpoena is untimely.

Additionally, under the Federal Rules of Civil Procedure, "[a] party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). Here, Relief Defendants, whose interests overlap significantly with those of Defendant, had already noticed the deposition of an Oak representative, which took place May 4, 2017.[1] Indeed, Defendant specifically requested [Doc. # 538] that the Court grant him permission to be allowed to participate in that deposition. The Court subsequently issued an Order [Doc. # 538] allowing Defendant to telephonically attend the deposition and to question that witness within certain limitations, but Defendant apparently chose not to do so (*see* Doc. # 540, Ex. 2).

Even had Defendant properly sought leave, "[t]he Court has discretion to make a determination which is fair and equitable under all the relevant circumstances." *United States v. Prevezon Holdings, Ltd.*, 320 F.R.D. 112, 114 (S.D.N.Y. 2017) (quoting *Ganci v. U.S. Limousine Serv., Ltd.*, No. CV 10-3027 JFB AKT, 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011)). Rule 30(a)(2) provides that the Court "must grant leave to the extent consistent with Rule 26(b)(1) and (2)" and courts have looked to Rule 26(b)(2) as setting forth the principles guiding the Court's discretion. *See, e.g.*, *id.* at 115. These factors are: "(1) whether the second deposition of the witness would be unnecessarily cumulative; (2) whether the party requesting the deposition has had other

---

[1] This deposition was taken after the close of discovery because the Court stayed [Doc. # 483] the originally scheduled deposition in order to consider Oak's Motion to Quash [Doc. # 453] Rule 30(b)(6) Subpoena.

2

opportunities to obtain the same information; and (3) whether the burden of a second deposition outweighs its potential benefit. *Id.*

Here, as referenced above, the second deposition of an Oak representative would be unnecessarily cumulative given the alignment in the interests between Defendant and Relief Defendants. More importantly, Defendant had an opportunity to depose Oak already, and thus could have obtained the information sought at that time. The Court thus finds that any potential benefit of permitting the second deposition of an Oak representative is outweighed by the burden this deposition would place on Oak, a non-party.[2]

Defendant's Document Subpoena, which accompanied the Testimony Subpoena, contains 113 separate requests which broadly cover the activities of the Oak portfolio companies that Mr. Ahmed worked with (the "Portfolio Companies"), as well as certain other aspects of Oak's business, over a thirteen-year span. Oak argues Defendant's Motion to Compel compliance with the Document Subpoena should be denied because it is facially overbroad, seeks information not relevant to this action, did not allow Oak a reasonable time to comply, and improperly requests confidential information. (Oak's Opp'n [Doc. # 607].)

A large portion of the document requests seek the production of "all documents" relating to various issues. Courts have often found that such blanket requests are overbroad and impermissible. *See, e.g., Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (subpoena requesting production of "[a]ll documents and

---

[2] The Court also notes that Defendant's subpoena commanded that an Oak representative appear for a deposition on May 29, 2017, a holiday, at the federal courthouse in New Haven, and made no request to conduct the deposition remotely. It is not apparent how Defendant—residing in India and apparently unable or unwilling to return to the United States, and proceeding pro se in this matter—would have questioned the witness.

communications, whether paper, electronic or other media, referring or relating to [the plaintiff] including but not limited to personnel files, disciplinary files, and any other employment documents or records . . . was overly broad." (citing *Gropper v. David Ellis Real Estate, L.P.*, No. 13–CV–2068 (ALC)(JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad")). This overbreadth is, on its own, a basis to deny Defendant's Motion to Compel Compliance with the Document Subpoena.

Oak contends Defendant has not shown the information he seeks is sufficiently relevant. Rule 26(b)(1) allows discovery of nonprivileged matters that are "relevant to any party's claim or defense and proportional to the needs of the case." It directs courts to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Henry,* 2016 WL 303114, at *3. The Court bears in mind when weighing the relevance with the proportional needs of the case, that Oak is a non-party who already produced documents requested by Relief Defendants.

The Court agrees that some of Defendant's requests seek material he has not demonstrated is relevant to the instant action. For instance, Defendant seeks all documents regarding a legal dispute between Oak and the founder of one of the Portfolio Companies, without making any attempt to explain this information's relevance to either his liability or any appropriate relief in this case. On the other hand, some of Defendant's requests which Oak claims not to be relevant appear to be directly tied to certain of his defenses, such as his request for travel and hotel accommodation details involving himself and certain Oak Portfolio Companies, a fact which might bear on the domesticity of the transactions. Thus, although some of Defendant's requests

4

are facially irrelevant and he offers no explanation to the contrary, this covers only a portion of his requests.

In addition to the fact that Defendant's Document Subpoena requests documents relating to many issues over a lengthy period of time, it was served a mere six days before the designated compliance date. The Federal Rules of Civil Procedure state that the Court is required to quash or modify a subpoena that "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i).[3] Six days plainly is not a sufficient period of time to collect and procure the amount of material Mr. Ahmed seeks. *See, e.g., Brown v. Hendler*, No. 09 Civ. 4486(RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (quashing a subpoena requiring compliance within nine days); *see also Bouchard Transp. Co. v. Associated Elec. & Gas Ins. Servs. Ltd.*, No. 15 Civ. 6586 PAC, 2015 WL 6741852, at *2 (S.D.N.Y. Nov. 4, 2015) (quashing a subpoena requiring compliance within five days).[4] This too requires denying Defendant's Motion to Compel.

Most significantly, however, Defendant's Document Subpoena once again requests a multitude of confidential documents, which this Court has already decided, and on multiple

---

[3] Although the Rule provides for this action "[o]n timely motion," district courts have broad discretion over the decision to quash a subpoena even where the motion was not filed before the return date of the subpoena, and Oak's Opposition to Defendant's Motion to Compel Compliance with the Subpoena serves the same purpose here as a motion to quash. *See Bouchard Transp. Co. v. Associated Elec. & Gas Ins. Servs. Ltd.*, No. 15 CIV. 6586 PAC, 2015 WL 6741852, at *1 (S.D.N.Y. Nov. 4, 2015).

[4] In addition, Defendant's subpoena is invalid on the ground that Defendant failed to tender the appropriate fees, as required by Rule 45(b)(1). *See e.g., Esteban v. Santa Rosa Rest.*, LLC, No. 3:13-CV-963 (MPS), 2016 WL 2350101, at *2 (D. Conn. May 4, 2016) (finding service was invalid where the plaintiff never tendered the fees for attendance and mileage); *Icon Compliance Servs., LLC v. Port Auth. of New York & New Jersey*, No. 14-CV-4123 RA KNF, 2015 WL 783377, at *2 (S.D.N.Y. Feb. 24, 2015) (finding subpoena invalid because of "[f]ailure to tender the appropriate sums at the time the subpoena [was] served).

occasions reminded Defendant, that it will not permit him access to while he remains outside of its jurisdiction. (*See, e.g.*, Docs. ## 286, 477, 515, 530, 538.) The Document Subpoena does not simply seek concrete facts about the Portfolio Companies, but documents that are internal to Oak and reflect how Oak conducts its business, including (i) internal valuation analysis of the Portfolio Companies, (ii) internal meeting notes, (iii) financial information regarding wire and check payments, and (iv) internal documents pertaining to the acquisition of the companies. It additionally requests production of documents that have little to do with the Portfolio Companies, such as compensation information and personal communications between Oak employees and family members.

Defendant claims information relating to Companies that are no longer active, of which he identifies several, cannot possibly be confidential, and that providing the sought after documents would not harm anyone. (Def.'s Mot. to Compel at 5-6.) He then asserts that there are ample technologies, such as "the virtual presence of the Defendant in a secure US server with locked down and 'view only' privileges," which would alleviate the Court's concerns regarding his having access to confidential information. (*Id.* at 6.)

However, the Court fails to see how the fact that a Company does not currently exist means that all of Oak's information relating to that Company is no longer confidential. As discussed in the Court's Order on the Parties' Motions to Seal, Oak has represented that it "continues to negotiate with counterparties on issues related to portfolio companies, and may negotiate with potential portfolio companies in the future," and therefore that "making public other stock purchase agreements could cause Oak commercial harm in negotiating with counterparties." ([Doc. # 830] at 3.) This runs counter to Defendant's unsupported contention that the information is neither confidential, nor harmful in any way.

Finally, the Court is not persuaded that it can effectively restrict Defendant's access to the requested confidential materials using any technological means. Defendant's claim that the use of "view only" technology would render "use of the documents produced" completely impossible has no merit. The fact that he might not be able to directly copy or transmit hard copies of the documents does not preclude his visualizing (precisely what his Motion requests) and repeating of the contents of the materials. Yet, the Court continues to lack control over the manner in which Defendant might subsequently choose to use or disseminate that information he has viewed, and therefore the same concerns apply with respect to his accessing these confidential documents as the Court has previously reiterated. The Court will not permit this end-run around its rulings finding that Defendant not be granted access to confidential materials until he returns to the Court's jurisdiction.

The record is devoid of any effort by Defendant to narrow his Document Subpoena in response to Oak's Objections, which it served on Defendant May 27, 2017. (*See* Ex. 1 to Oak's Opp'n [Doc. # 607-1].) Because the Court agrees that the Document Subpoena is overbroad, contains requests for information that is not relevant to the action, fails to provide a reasonable time with which to comply or the required witness fees, and seeks a significant amount of confidential information despite this Court's many previous Orders precluding such access, Motion to Compel the Document Subpoena is denied.

For all of these reasons, Defendant's Motion to Compel Compliance with his Testimony and Document Subpoenas is DENIED.

IT IS SO ORDERED.

                              /s/
                        Janet Bond Arterton, U.S.D.J.
        Dated at New Haven, Connecticut this 29th day of March 2018.