

April 27, 2018

**VIA ECF**

Hon. Janet B. Arterton
United States District Court
District of Connecticut
141 Church Street, Courtroom 2
New Haven, CT 06510

      Re: *SEC v. Ahmed, et al.*, No. 3:15-cv-675 (JBA)

Dear Judge Arterton:

      We write on behalf of the Relief Defendants, pursuant to Your Honor's April 5, 2018 scheduling order (the "Scheduling Order") requiring Relief Defendants to "provide a list identifying all assets they claim belong to them, and the reasons why they claim such ownership." Dkt. 842 at 3. This information, as well as information relating to assets owned by Defendant Iftikar Ahmed, is set forth in this letter and in the attached **Schedule A**. The total value of assets frozen far exceeds the Court's cap of $89 million, and, consistent with this Court's prior orders, the overage should be unfrozen.

      As we stated at the April 4, 2018 telephonic conference, and in our letter of April 13, 2018 (Dkt. 846), Relief Defendants believe that the process the Court appears ready to use for the remainder of this case does not follow controlling law governing the manner in which a creditor may seek to obtain assets from a Relief Defendant to satisfy a judgment. The process proposed by the Court would, among other things, improperly shift the burden of proof to Relief Defendants, requiring them to establish ownership over assets held in their names. As such, in providing the information ordered by the Court, Relief Defendants do not concede that the process being deployed by the Court is correct, nor that any asset, whether included in Schedule A or not, can be used to satisfy any judgment that the SEC may obtain in this case, nor do they waive any argument regarding the ownership or value of any asset.

## I. The Value of Frozen Assets Exceeds the Court-Ordered Cap of $89 Million

Under this Court's March 26, 2018 order, "the SEC is directed to inform the Court" if "the value of the frozen assets exceed[s] $89 million . . . at which point the Court will determine whether any release of frozen assets is appropriate" Dkt. 829 at 5. In issuing this order, the Court reduced the amount of its previously-ordered freeze in light of the U.S. Supreme Court's decision in the *Kokesh* case. The total value of assets listed in Schedule A, all of which are owned by Relief Defendants or Defendant, and all of which are subject to the Court's asset freeze order, is $141,441,752.93. Even applying a substantial discount for illiquidity, and allowing for a margin of safety, this far exceeds the $89 million freeze the Court has ordered. In conjunction with the filing of this letter, Relief Defendants are contacting the SEC to request that it fulfill its obligations to inform the Court regarding the excess amount of frozen assets.

## II. The Court Is Following an Improper Process

As Relief Defendants stated in their April 13th letter to the Court, it is improper to evaluate whether their assets may be used to satisfy a judgment at this point in the litigation. Dkt. 846 at 1-2. Among other points made in that letter, the Court should not consider whether assets held by Relief Defendants can be used to satisfy a judgment unless and until (i) it grants the SEC remedies that entitle them to collect from both Defendants and Relief Defendants, and (ii) the SEC has exhausted its efforts to collect against Mr. Ahmed himself first. *Id.* at 2-3.

## III. Law Governing Relief Defendants' Ownership of Assets

Under governing law, Relief Defendants presumptively own assets held in their name until and unless the SEC meets its burden of demonstrating otherwise. While the SEC appears to be arguing that a wrongdoer must forfeit all of his assets, that is not the law. For example, if someone worth $100 million is holding, as a nominee, $10 million in stolen money given to them by a third party, the government or a private litigant may recover the $10 million. The government or a private litigant does not have a right to recover the other $90 million of untainted funds. In other words, the stolen funds held as nominated assets do not infect the rest of the Relief Defendants' assets. Here, there is no dispute that the Ahmeds legitimately earned tens of millions of dollars during their marriage. Nor is there any issue as to compensating the victims here – as the SEC repeatedly claims is their goal – because there are far more than sufficient assets available to accomplish this. Under the rule of law, the SEC is limited in the remedies it may obtain, and is limited in the assets from which it may satisfy those remedies like any other civil litigant.

### A. Ownership is a Matter of State Law.

Ownership of an asset is determined by state law. *See Butner v. U.S.*, 440 U.S. 48, 55 (1979). All of the assets listed in the Relief Defendants' portion of Schedule A are held in the name of a Relief Defendant, and many of them were purchased with untainted funds, were received as gifts, and/or were acquired before the 5-year *Kokesh* period discussed below. The SEC cannot

seize these assets to satisfy a judgment unless this Court affirmatively determines that the assets are being held by a Relief Defendant as Mr. Ahmed's nominee. Under Connecticut state law, this determination must be made on an asset-by-asset basis. *See Comm'r of Env. Prot. v. State Five Indus. Park, Inc.*, 304 Conn. 128, 157 (Conn. 2012) (Zarella, J., concurring).[1]

### B. The Burden of Proof to Seize an Asset Remains with the SEC

The SEC has taken the position that the Relief Defendants have the burden to prove that assets frozen at the preliminary injunction stage cannot be used to satisfy a judgment. This burden-shifting runs contrary to established law. Beyond the state law cited above, as the Second Circuit observed earlier in this case, once a Relief Defendant has claimed ownership of an asset, the SEC would "be required to carry its burden of demonstrating that any such identified assets are either ill-gotten gains to which Relief Defendants do not have a legitimate claim or that [Mr. Ahmed] in fact owns the assets in question." *SEC v. I-Cubed Domains, LLC*, 664 Fed. App'x 53, 57 (2d Cir. 2016). Therefore, the SEC unquestionably bears the burden of proof to show that they are entitled to seize any of Relief Defendants' assets to satisfy a judgment. They cannot meet this burden because, among other reasons, they have not conducted tracing exercises for the vast majority of the transactions or assets at issue here.

### C. Freezing Does Not Equal Forfeiture.

The fact that an asset is frozen does not, without more, mean that it may be used to satisfy a judgment. The Second Circuit recognized that preliminary injunctions and judgments apply very different standards of proof, and a finding at the preliminary injunction stage is not the same as a judgment following a full adjudication on the merits. *See I-Cubed Domains*, 664 Fed. App'x at 55 ("To obtain an asset freeze order, the SEC must establish only that it is likely to succeed on the merits, a lesser showing than is necessary for other forms of equitable relief."). For the reasons we identified in our April 13, 2018 letter, the SEC must establish, and the Court must adjudicate, claims to seize Relief Defendants' property via a nominee theory on an asset-by-asset basis. Dkt. 846 at 2-3. As noted above, the SEC has neither done this nor obtained evidence sufficient to make this showing.

## IV. The SEC Is Not Entitled to the Remedies It Has Requested Thus Far.

### A. Disgorgement and Other Penalties Are Unavailable Against Relief Defendants.

In *Kokesh v. SEC*, the Supreme Court determined that disgorgement is a penalty, not an equitable remedy. 137 S.Ct. 1635, 1645 (2017). The Court also questioned, during the *Kokesh* oral argument, whether disgorgement exists as a legitimate remedy at all (*Kokesh* Tr. at 52-53). Relief

---

[1] Ms. Ahmed may also have additional arguments under Connecticut state law that she has a legitimate ownership interest in property obtained during the marriage.

Defendants submit that the SEC is not entitled to any disgorgement as a matter of law.

Beyond *Kokesh*, under the law of this Circuit, penalties (including disgorgement, interest, and civil penalties) may not be enforced against relief defendants. *See SEC v. Cavanagh*, 155 F.3d 129, 136 (2d Cir. 1998) (authorizing only disgorgement as "equitable relief" against a non-party before *Kokesh* reclassified disgorgement as a penalty). The only path available to the SEC to satisfy a judgment via the Relief Defendants is to prove that they are Mr. Ahmed's nominees for specific assets. Dkt. 846 at 3. The SEC has not done this, nor have they identified evidence via discovery that would allow them to make this showing.

### B. Pre-*Kokesh* Assets Cannot be Used to Satisfy Judgment

*Kokesh* also held that, as a penalty, disgorgement claims are governed by a 5-year statute of limitations. 137 S.Ct. at 1639. Therefore, even if disgorgement was available against Relief Defendants, such a remedy would be limited to assets they acquired within the five years preceding the SEC's complaint.

### C. Any Judgment Must be Offset by the Value of Assets Allegedly Forfeited to Oak.

As the Court is aware, Oak has taken ownership of tens of millions of dollars' worth of Mr. Ahmed's investments/interests, including liquid assets. Given that Oak was allegedly a principal victim of Mr. Ahmed's alleged fraud, any disgorgement order should be offset by the value of Mr. Ahmed's interests they have seized. *See S.E.C. v. Penn*, 2017 WL 5515855, at *5 (S.D.N.Y. Aug. 22, 2017) (denying motion for disgorgement and ordering evidentiary hearing to resolve factual dispute over the value of monies forfeited to the fund that was the victim of defendant's scheme and that could be used to offset any disgorgement ordered, and noting that it may be possible to adjust any disgorgement obligation based on future profits from the forfeited interests).

\* \* \*

Relief Defendants are available at the Court's convenience for a conference call to address these matters before the Commission files its motion for summary judgment.

Respectfully submitted,

Jonathan Harris

cc: All Counsel (by ECF)