UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 3:15cv675 (JBA) |
| IFTIKAR AHMED, | ) ) ) | |
| Defendant, and | ) ) | |
| IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Relief Defendants. | ) ) | |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S MOTION TO FILE CERTAIN EXHIBITS TO PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR REMEDIES AND JUDGMENT UNDER SEAL**

Plaintiff United States Securities and Exchange Commission ("SEC") hereby requests that the Court permit certain exhibits filed in connection with the memorandum of law in support of its Motion for Remedies and Judgment, as well as a supporting declaration and exhibits attached thereto, to be filed under seal. In support of its motion, the SEC states as follows:

1. The Court may grant a motion to seal if such sealing is properly supported by "clear and compelling reasons" and "narrowly tailored to serve those reasons." D. Conn. L. Civ. R.

5(e)(3); *Tavares v. Lawrence & Memorial Hospital*, No. 3:11–CV–770 (CSH), 2012 WL 5929949, at *5 (D. Conn. Nov. 27, 2012). The Court enjoys considerable discretion in determining whether good cause exists to grant a motion to seal. *Geller v. Branic Int'l. Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

### Documents Related to Relief Defendant Shalini Ahmed.

2. The Court previously ordered [Doc. # 171] restrictions on who can access the testimony of Ms. Ahmed and similarly ordered [Doc. # 195] that the parties not publicly file "confidential financial and other information, including information provided by Ms. Ahmed at her December 30, 2015 deposition." While the SEC has explained that these orders need not remain in place [Doc. # 870], the Court has not yet lifted the restrictions imposed by these orders.

3. In recognition of these orders, the SEC requests that certain exhibits, including tax documents (Exs. 2; 13; 14; 29), deposition transcripts (Exs. 7; 9; 10; 32; 40), response to interrogatories (Ex. 16), credit card statements (Exs. 22; 27), checks written to the Ahmed's minor children (Ex. 29); and the safety deposit box inventories (Ex. 33) be filed under seal, and that certain related portions of the SEC Memorandum of Law in Support of its Motion for Remedies and Judgement be redacted.

### Documents Related to Oak Management Corporation

4. As the Court has already found, Oak, its funds, and its funds' investors are victims of Defendant Ahmed's fraud. *See* Doc. # 835. Further, the Court has previously ruled that documents related to Oak's business and compensation structure are properly filed under seal. *See* Doc. # 834 at 8. Other courts have routinely ruled that such information, the public release of which could cause serious competitive harm, may be filed under seal. *See, e.g.*, *In*

*re Application of Consellior Sas, Kerfraval, Association de Documentation Pour L'Industrie Nationale*, 2014 WL 111110, at *2 (D. Conn. Jan. 10, 2014) (sustaining confidentiality designation of information containing "detailed business strategy, negotiation strategy, business insight, and/or … analysis of internal business matters"); *In re High-Tech Emp. Antitrust Litig.*, 2013 WL 163779, at *4-5 (N.D. Cal. Jan. 15, 2013) (sealing information regarding "compensation and recruiting strategies, policies, and procedures").

5. The SEC is submitting a declaration of Grace Ames, and certain related exhibits, that relate to Oak Management Corporation's compensation strategy, carried interest, and the workings of Oak's funds. Exhibit 43 similarly deals with compensation in an associated fund of Oak. As public disclosure of this information could cause Oak and the associated fund to suffer serious commercial harm, the SEC requests that these documents be filed under seal.

**Documents Related to Third Parties.**

6. In addition to non-public information from Oak, the SEC is also submitting information about the present valuation of various illiquid investments held by Mr. Ahmed or in the name of Relief Defendants (Exs. 41; 42; 44). The SEC understands from conversations with these third-party entities that this valuation information is not publicly available, and its dissemination could cause these third-parties commercial and competitive harm. As with information regarding Oak's business and compensation structure, the SEC requests that documents related to this non-public valuation information be filed under seal and that certain related portions of the SEC's Asset Schedule be redacted.

Wherefore, the SEC respectfully requests the Court permit the above-listed documents to be filed under seal.

DATED: May 30, 2018.

        Respectfully submitted,

        *s/ Mark L. Williams*
        Nicholas P. Heinke (Colo. Bar No. 38738)
            Connecticut Bar No. phv07374
        Jeffrey E. Oraker (Colorado Bar. No. 26893)
            Connecticut Bar No. phv08631
        Terry Ryan Miller (Colorado Bar. No. 39007)
            Connecticut Bar No. phv08981
        Mark L. Williams (New York Bar. No. 4796611)
            Connecticut Bar No. phv07375
        United States Securities and Exchange Commission
        1961 Stout St., Suite 1700, Denver, CO  80294
        Phone:     (303) 844-1000
                    (303) 844-1071 (Heinke)
                    (303) 844-1041 (Miller)
                    (303) 844-1097 (Oraker)
                    (303) 844-1027 (Williams)
        E-mail:     HeinkeN@sec.gov
                    MillerTE@sec.gov
                    OrakerJ@sec.gov
                    WilliamsML@sec.gov

        Attorneys for Plaintiff:

        UNITED STATES SECURITIES AND
        EXCHANGE COMMISSION

CERTIFICATE OF SERVICE

I certify that on May 30, 2018, a copy of the foregoing document was emailed to Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Jonathan Harris
Reid Skibell
David Deitch
Alexander Sakin
S. Gabriel Hayes-Williams
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(Counsel for Relief Defendants)

*s/ Mark L. Williams*
Mark L. Williams