## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

  v.

IFTIKAR AHMED,

        Defendant, and

IFTIKAR ALI AHMED SOLE PROP; *et al*

        Relief Defendants.

Civil Action No. 3:15-cv-675 (JBA)

JUNE 01ST, 2018

## DEFENDANT'S MOTION TO PRECLUDE SUBMISSIONS BEYOND SUBMISSION DEADLINE

The Defendant humbly submits this Motion seeking an actual implementation of a Court order setting a certain deadline for submissions related to the Motions for Summary Judgment on Damages; and to expunge and preclude all late submissions that violate the submissions deadline as set by this esteemed Court.

On May 16TH, 2018 this esteemed Court set a certain deadline for all motions to be submitted by all parties by the May 29TH, 2018. Please see **Exhibit 1** - a PACER notification to all parties that clearly stated that **"[D]ispositive Motions due by 5/29/2018 (Tooker, A.)**" (emphasis added). This Defendant submitted his motion for summary judgment related to damages on time and adhered with the esteemed Court's orders.

The SEC, despite its practically unlimited resources, failed to file certain papers pertaining to their Motion for Judgment on time. This new deadline of 5/19/2018 was already

an extension in time provided by the esteemed Court in response to a motion submitted by the SEC seeking more time to file their motion on time.  And thus the SEC can have no reasonable explanation for their failure to meet the submission deadline.

Please see **Exhibit 2** - Doc. #888 [Memorandum in Support *re* [886[ for Judgment and Remedies" was entered on **5/30/2018 at 0:15 AM**.

Please see **Exhibit 3** - Doc. #890 [Sealed Document: Grace Ames Affidavit With Exhibits A through P by United States Securities and Exchange Commission *re* [886[ for Judgment and Remedies" was entered on **5/30/2018 at 0:23 AM**.

It is indisputable that **5/30/2018 is not 5/29/2018**.   Anything filed on 5/30/18 is beyond any 5/29/2018 submission deadline.  There can be no arguments about it.

And filing a dispositive motion or exhibits / affidavits in support of such dispositive motion must meet the deadline set by this esteemed Court.  This esteemed Court must implement its own orders for the sake of justice and fairness, and must preclude both Document #s 888 and 890 from these proceedings for failing to adhere to a Court imposed deadline.  Else, it will make a mockery of its own order and due judicial process.

The court must disregard late-filed papers. (*Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 765 ["A trial court has broad discretion under rule 3.1300(d) of the Rules of Court to *refuse to consider papers served and filed beyond the deadline without a prior court order finding good cause for late submission*."].).

This esteemed Court has applied every single letter of the law when it pertains to issues that affect the Defendant, over and over again; and this time, this esteemed Court must establish its impartiality by implementing the letter of the law against an act of violation by the Plaintiff.

At a minimum, therefore, these two documents must be immediately precluded from the docket and expunged from the proceedings.

**WHEREFORE**, the Defendant's Motion should be granted in full immediately along with any other relief as the Court may deem appropriate.

Respectfully Submitted,

Dated:        June 01ST, 2018        /s/ Iftikar Ahmed

_____

Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com
*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Nicholas P. Heinke
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Mark L. Williams
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Dated:      June 01ST, 2018      /s/ Iftikar Ahmed

                                           _____

                                           Iftikar A. Ahmed
                                           C/O Advocate Anil Sharma
                                           10 Government Place East
                                           Kolkata 700069, India
                                           Tel: +91.98.30.089.945
                                           Email: iftyahmed@icloud.com

                                           *Pro Se*