UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff,*<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant,* and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants.* | Civil No. 3:15cv675 (JBA)<br><br>August 22, 2018 |

**ORDER DENYING DEFENDANT'S MOTION TO PRECLUDE SUBMISSIONS BEYOND SUBMISSION DEADLINE**

In this civil enforcement action brought by the Securities and Exchange Commission ("SEC"), Defendant Iftikar Ahmed moves [Doc. # 894] to Preclude Submissions Beyond the Submission Deadline.

On May 16, 2018, this Court granted in part the SEC's Motion [Doc. # 876] for Extension of Time to File Motion for Judgment and ordered submission of all dispositive motions by May 29, 2018. ([Doc. # 879].) On May 29, 2018, the SEC filed its Motion [Doc. # 886] for Judgment and Remedies and its Memorandum [Doc. # 887] in Support of that Motion. However, four additional filings in support of that motion were submitted by the SEC between twelve and thirty-one minutes

after midnight on May 30, 2018. ([Doc. ## 888-891].) The SEC attributes this delay to an "uploading glitch." (SEC's Resp. to Def.'s Mot. to Preclude [Doc. # 896] ¶ 2.)

Mr. Ahmed notes that even a slight delay in filing could, in some circumstances, prejudice the other party. (Def.'s Reply to SEC's Resp. to Def.'s Mot. to Preclude [Doc. # 897]) at 8.) Though he alleges that this Court's acceptance of the SEC's slightly delayed filings "would unfairly prejudice the Defendant," (*id.* at 7), Mr. Ahmed provides no information as to the nature or extent of the prejudice that he would suffer. *See Mascaro Const. Co. L.P. v. Local Union No. 20*, 2010 WL 3199683 at *2 (2d Cir. 2010) (noting that "district courts have broad discretion to enforce deadlines, or to excuse the enforcement of deadlines" and accepting a brief which was filed approximately sixteen minutes late because the delay caused "no prejudice.") In the absence of any substantive claims of prejudice suffered as a result of the SEC's delay, Mr. Ahmed's Motion [Doc. # 894] is DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 22 day of August, 2018.