UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>*Plaintiff,*<br>v.<br>IFTIKAR AHMED,<br>*Defendant,* and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br>*Relief Defendants.* | Civil No. 3:15cv675 (JBA)<br><br>September 6, 2018 |

**RULING ON PARTIES' MOTIONS TO SEAL [DOCS. # 867, # 868, # 870, # 893, # 907, AND # 922]**

In this civil enforcement action, the Securities and Exchange Commission, Relief Defendants, and non-party Oak Management Corporation ("Oak") each ask the Court to seal a multitude of documents. For the following reasons, Relief Defendants' Motions [Docs. ## 868, 907] to Seal are granted in part, non-party Oak's Motion [Doc. # 867] to Seal is granted, and the SEC's Motions [Docs. ## 870, 893, 922] to Seal and Unseal are granted in part and denied in part.

**I.  Discussion**

As this Court has previously held [Docs. ## 706, 867], and as is provided by Local Rule 5(e)(3), documents may not be sealed merely by stipulation of the parties. The Court's Standing

Protective Order [Doc. # 6] explains that documents filed with the Court are "public documents" which will be sealed not automatically but "only upon motion and in accordance with applicable law." Any order to seal issued by the Court must include "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to support those reasons." D. Conn. L. Civ. R. 5(e)3. For a document to be properly sealed, the Court must determine the weight of the presumption of public access to that document and balance against it any competing considerations, such as the privacy interests of those resisting disclosure. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.").

## A. Relief Defendants' Motions to Seal

The Relief Defendants move [Docs. ## 868, 907] to seal portions[1] of the transcript of Ms. Ahmed's January 23, 2017 deposition[2] and portions[3] of the transcript of her July 16, 2015 deposition[4] relating generally to the Ahmeds' minor children, the personal finances of Ms. Ahmed and friends and family, and the location and value of some property; and an exhibit to the Declaration [Doc. # 906] of Steven Hayes-Williams, filed in support of the Relief Defendants' Opposition to the SEC's Motion for Judgment and Remedies, which details the calculation of partner compensation in several Oak funds.[5] The Relief Defendants request that the Court keep in place its Endorsement Order [Doc. # 171] which prohibited disclosure of any documents or

---

[1] Pages 341:1-342:2, 346:24-353:2, 355:22-366:7, 414:2-417:1, 421:6-423:15, and 455:18-456:21.
[2] Filed as Exhibit No. 24 to the Relief Defendants' Statement [Doc. # 659] of Material Facts.
[3] Pages 27:21-32:12, 54:6-23, 83:19-88:2, 120:1-9, 151:19-161:13, and 170:8-203:25.
[4] Filed as Exhibit No. 9 to the SEC's Statement [Doc. # 628] of Material Facts.
[5] Filed as Exhibit No. 8 to the Declaration [Doc. # 906] of Steven Hayes-Williams.

2

information provided by Ms. Ahmed in connection with her December 30, 2015 deposition and request that certain portions[6] of that transcript remain under seal.

The "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" between the presumption of access and a request to seal. *Amodeo*, 71 F.3d at 1050. Both "financial records" and "family affairs" are among those "privacy interests" which may support sealing of documents. *Id.* at 1051. Records which would aid "[c]ommercial competitors seeking an advantage over rivals" may also properly be sealed. *Id.*

The portions of the three deposition transcripts the Relief Defendants request the Court to seal include a wide range of information regarding the Ahmeds' minor children, personal financial information related to Ms. Ahmed and the Ahmeds' family members and friends, personal contact information, and information regarding the location and value of personal and real property. Because those portions of the deposition transcripts contain personal financial and familial information, the privacy and confidentiality of which outweigh the public's interest in access to that information, those portions will remain sealed.

Relief Defendants also request that the entirety of Ms. Ahmed's deposition transcripts remain under seal, citing this Court's Order [Doc. # 171] that documents provided by Ms. Ahmed in connection with her December 30, 2015 deposition not be disclosed to any persons not involved in this case or used for any purpose other than this case "until further order of this Court." The Court later ordered [Doc. # 195] that the December 30, 2015 deposition transcript would "remain under seal until the earlier of termination of [Ms. Ahmed's] criminal money laundering prosecution or order from this Court." Since that prosecution has been terminated, that order is

---

[6] Pages 216:21-218:9, 244:17-245:7, 247:2-16, 248:25-249:5, 267:7-269:4, 283:23-304:1, and 308:19-310:12.

3

no longer in effect. Relief Defendants argue nonetheless that "the circumstances this Court considered then, specifically the pending criminal proceeding against the Defendant, Iftikar Ahmed, remain." (Relief Defs.' Mem. [Doc. # 868-1] at 5). It is clear from the Court's earlier order, however, that the circumstances the Court considered then were actually the then-pending criminal proceeding against Ms. Ahmed, not the still-pending criminal proceeding against Mr. Ahmed. Absent any other argument as to the ongoing need for sealing the entirety of the transcripts of Ms. Ahmed's depositions, the Court declines to seal the remaining portions of those transcripts.

The exhibit to the Declaration of Steven Hayes-Williams at issue shows detailed information about the calculation and components of Mr. Ahmed's compensation during his time as an Oak partner. Given the subject matter of this fraud litigation, the public's interest in access to that information may be strong. However, the Court must "weigh heavily" the privacy interests of "innocent third parties" like Oak. *Amodeo*, 71 F.3d at 1050. In light of those interests and this Court's earlier recognition of the importance of protecting Oak's internal compensation structure, (Order [Doc. # 834] Granting Oak's Mot. at 8), Exhibit 8 to Mr. Hayes-Williams' declaration will also be sealed, but for only ten years from the date of this order, after which time motions showing good cause will be required to continue the sealing.

For the foregoing reasons, the Relief Defendants' Motions [Docs. ## 868, 907] to Seal are GRANTED as to the specifically enumerated portions of deposition transcripts and as to Exhibit 8 to Mr. Hayes-Williams declaration, and DENIED insofar as the Relief Defendants' move to seal the entirety of Ms. Ahmed's deposition transcripts.

4

### B. Oak's Motions to Seal

Oak moves [Doc. # 867] to seal employment agreements between Mr. Ahmed and Oak;[7] securities purchase agreements and documents related to investments made by Oak Funds in third party entities;[8] the unredacted copy of a webpage which identifies a portfolio company by name;[9] and the confidential portions of the transcript of the May 4, 2017 deposition of Ms. Ames.[10]

Oak argues that the employment agreements should be sealed because they contain "confidential business information," including Oak's "compensation and bonus structure, . . . management hierarchy, and employee responsibilities." (Oak's Mot. [Doc. # 867] to Seal at 3.) Oak explains that publication of this information "could inflict serious economic injury upon Oak," if, for example, competitors accessed that information and used it to "gain an unfair advantage" against Oak by hiring employees away from Oak or frustrating Oak's attempts to hire new talent. (*Id.*)

Oak argues that the securities purchase agreements and documents related to investments in third party entities must be sealed because they also contain "confidential commercial information and trade secrets," the disclosure of which would be "injurious to Oak and the Funds" because it would provide competitors "a free look at what strategies Oak employs, and what terms

---

[7] Filed as Exhibits A and B to Oak's Memorandum in Opposition to Defendant's Motion for Sanctions and in Support of Cross-Motion to Strike Defendant's Motion from the Record, ([Doc. # 612–1-2]), and as Exhibit 7 to the SEC's Rule 56(a)(1) Statement of Material Facts regarding its Motion for Summary Judgment ([Doc. # 628-7].)
[8] Filed as Exhibits No. 15, 25, 43, 51-53, 57, 61, 66, 76, 83, 97-103, 109, 121-122, 126, 131-136, 140-143, 145-146, 151-152, 154, and 166 to the SEC's Rule 56(a)(1) Statement [Doc. # 628] of Material Facts, and as Exhibits No. 1-2, 4-5, 7-22 to the Relief Defendants' Declaration [Doc. # 619] of S. Gabriel Hayes-Williams in Support of their Motion [Doc. # 618] for partial Summary Judgment.
[9] Filed as Exhibit No. 6 to the Relief Defendants' Declaration [Doc. # 619].
[10] Filed as Exhibit No. 3 to the Relief Defendants' Declaration [Doc. # 619].

it has agreed to in previous investments," the opportunity to "undermine Oak's potential deals," and insight into Oak's "inner workings, including its investment decision-making process, internal procedures, and pricing information." (*Id.* at 4-5.)

Oak argues that the webpage which identifies a portfolio company by name should be sealed "to minimize any commercial or reputational harm that could result from public disclosure." (*Id.* at 6.)

Because the "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" between the presumption of public access and a request to seal, and because records which would aid "[c]ommercial competitors seeking an advantage over rivals" are among those documents the confidentiality of which may outweigh the public's presumption of access, *Amodeo*, 71 F.3d at 1050, the Court has previously sealed similar documents based on its finding that Oak's interest in confidentiality of internal business practices substantially outweighs the public's right of access.[11] Because that balance applies similarly to the documents at issue here, those documents will be sealed.

Finally, Oak asks the Court to seal portions of the transcript of the May 4, 2017 deposition of Rule 30(b)(6) witness Ms. Ames, a partner at Oak, as those portions include discussions of similar confidential business information and trade secrets. Those transcript portions which Oak asks the Court to seal are among the portions whose confidentiality was confirmed by Magistrate Judge Margolis. (Ruling [Doc. # 678] Following In Camera Review of Transcripts.) Because of the Court's inability to enforce the provisions of any protective order as to Defendant or to sanction

---

[11] The Court has sealed documents which "describe the bonus structure" at Oak and "Oak's process for making investments," (Order [Doc. # 834] at 8), and "forms of a stock purchase agreement" between Oak and a third party, the disclosure of which could cause Oak future "commercial harm in negotiating," (Order [Doc. # 830] at 3.)

6

Defendant in the event of his misuse of any confidential documents while he remains outside this jurisdiction, the Court has already recognized that sealing such confidential documents is the only effective means of ensuring their confidentiality. (Order [Doc. # 951] Vacating Denial of and Granting Oak's Mot. to Seal). Therefore, the enumerated portions of the Ames deposition transcript will be sealed. Oak's Motion [Doc. # 867] to Seal is GRANTED.

On the assumption that the confidential nature of these materials will fade over time, this sealing order as to Oaks' confidential business documents will expire in ten years from the date of this order, unless motions to continue sealing for good cause are filed.

### C. SEC's Motions to Seal

The SEC moves [Docs. ## 870, 893[12], 922] to seal the Declaration [Doc. # 890] of Ms. Ames filed in support of its Motion [Doc. # 886] for Judgment and Remedies, and certain related exhibits;[13] certain exhibits to its Statement [Doc. # 628] of Material Facts regarding the present valuation of illiquid investments held by Mr. Ahmed or in the name of Relief Defendants;[14] certain

---

[12] The SEC filed a Motion [Doc. # 889] to Seal, then filed a "Motion to Amend" [Doc. # 893] that Motion to Seal, which was an amended version of the original Motion to Seal. The amended version includes only one difference: the addition of Exhibit 4 to the SEC's list of exhibits requested to be sealed, which was "inadvertently" omitted from the original version of the Motion. The Court grants the SEC's Motion [Doc. # 893] to Amend and therefore treats that amended motion as the operative version of the SEC's request to seal.
[13] Filed as Doc. No. 890 and its Exhibits No. 1-16.
[14] Filed as Exhibits No. 41-42, 44 to the SEC's Memorandum [Doc. # 888] in Support of its Motion [Doc. # 884] for Judgment and Remedies.

7

documents related to Ms. Ahmed;[15] and certain other exhibits to its Statement of Material Facts which Oak has also moved to seal.[16]

In support of its request to seal the declaration of Ms. Ames and related exhibits, the SEC explains that those documents "relate to" Oak's "compensation strategy, carried interest, and the workings of Oak's funds, . . . [and] compensation in an associated fund of Oak," the disclosure of which would "cause Oak and the associated fund to suffer serious commercial harm." (SEC's Mot. [Doc. # 893] at 3.) The declaration details Oak's internal structure and some employment processes, and the exhibits further describe Oak's internal operations and personnel management. Because the Court recognizes Oak's strong privacy interest in preventing public disclosure of details about its internal operations,[17] the declaration of Ms. Ames and the related exhibits will be sealed.

In support of its request to seal the exhibits which include estimated valuations of various illiquid assets held by Mr. Ahmed or in the name of Relief Defendants, the SEC explains that those valuations are "not publicly available" and their dissemination "could cause these third-parties commercial and competitive harm." (SEC's Mot. [Doc. # 893] to Seal at 3.) Because Mr. Ahmed's assets are at issue in this litigation, the public's interest in access to this information may be strong. However, because the Court weighs heavily the privacy interests of innocent third parties, those privacy interests here outweigh the public's presumption of access. Therefore, the exhibits which relate to valuation of investments in third party companies will be sealed as requested.

---

[15] Filed as Exhibits No. 2, 4, 7, 9, 10, 13-14, 16, 22, 27, 29, 32-33, 40 to the SEC's Memorandum [Doc. # 888] in Support of its Motion for Judgment and Remedies and as Exhibit No. 4 to the SEC's Reply [Doc. # 921] to Def.'s Response to its Motion for Judgment and Remedies.
[16] *See supra* notes 7-8.
[17] *See supra* note 11.

8

The SEC moves [Docs. ## 893, 922] to seal several documents related to Ms. Ahmed. However, the SEC also argues that the Court's orders regarding sealing of those documents "need not remain in place," (SEC's Mot. [Doc. # 893] to Seal at 2), and urges the Court to "lift its restriction on the disclosure of any documents or information provided by Ms. Ahmed," (SEC's Mot. [Doc. # 870] to Seal at 3). Because the SEC moves to seal these documents only in an effort to comply with earlier orders[18] and points to no compelling justification—or any justification at all—for sealing these documents which could outweigh the public's presumptive right of access, the documents related to Ms. Ahmed will not be sealed.[19]

Based on its position that documents related to Ms. Ahmed need no longer be sealed, the SEC also moves [Doc. # 870] to unseal several of those documents: the transcript of Ms. Ahmed's July 16, 2015 deposition,[20] a trust agreement related to Ms. Ahmed's 2014 Grantor Retained Annuity Trust,[21] and the portions of the SEC's Rule 56(a)(1) Statement [Doc. # 627] of Material Facts which reference Ms. Ahmed's deposition testimony. The Court has now granted Relief Defendants' Motion to Seal as to certain portions of that July 16, 2015 deposition transcript but declined to seal the entirety of the transcript. The Trust document and Statement of Material Facts will be unsealed absent any compelling argument from Relief Defendants as to why they should remain sealed, and the transcript of the July 16, 2015 deposition will be unsealed except as to the portions[22] the sealing of which has now been granted.

---

[18] *See* discussion of Relief Defendants' Motions to Seal for discussion of the earlier orders [Docs. ## 171, 195] regarding Ms. Ahmed's deposition which are no longer in effect.
[19] Relief Defendants have not filed any motion to seal those documents which articulates compelling reasons why their privacy interests outweigh the public's right of access.
[20] Filed as Exhibit No. 9 to the SEC's Statement [Doc. # 628] of Material Facts.
[21] Filed as Exhibit No. 168 to the SEC's Statement of Material Facts.
[22] *See supra* notes 3-4.

9

As the Court has now granted Oak's request to seal enumerated exhibits to the SEC's Statement of Material Facts,[23] the SEC's Motion [Doc. # 870] to Seal is also GRANTED as to those same exhibits.

For the foregoing reasons, the SEC's Motion [Doc. # 893] to Seal is GRANTED as to the declaration of Ms. Ames and its related exhibits and as to the exhibits to its Statement of Material Facts regarding third party valuations, and DENIED as to the documents provided by Ms. Ahmed, and the SEC's Motion [Doc. # 922] to Seal is DENIED.

IT IS SO ORDERED.

/s/

_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 6 day of September 2018.

---

[23] *See supra* notes 7-8, 13.

10