UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>　　　*Plaintiff,*<br>　　　*v.*<br>IFTIKAR AHMED,<br>　　　*Defendant,* and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>　　　*Relief Defendants.* | Civil No. 3:15cv675 (JBA)<br><br>September 27, 2018 |

**FINAL JUDGMENT AGAINST DEFENDANT IFTIKAR AHMED**

On March 29, 2018, the Court granted [Doc. # 835] the Plaintiff U.S. Securities and Exchange Commission's (the "Commission") Motion for Summary Judgment on Liability finding that Defendant Iftikar Ahmed was liable for violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, Section 17(a) of the Securities Act of 1933 ("Securities Act"), and Section 206 of the Investment Advisers Act ("Advisers Act") for defrauding entities he advised and placing those monies into accounts and assets he controlled; and

On September 6, 2018, the Court granted [Doc. # 955] the Commission's Motion for Remedies and Judgment, with modification, concluding that the Commission is entitled to a final judgment against Defendant that (1) permanently enjoins Defendant from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. § 77q(a)), Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1), 206(2), 206(3), and 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(1), 80b-6(2), 80b-6(3), and 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8]; (2) orders the Defendant to disgorge $41,920,639 plus prejudgment interest for the period of time prior to the asset freeze, and interest and gains returned on the frozen assets during the pendency of the freeze; and (3) imposes a civil penalty of $21,000,000 against Defendant;

Accordingly, (1) IT IS HEREBY ORDERED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment

by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

(2) IT IS HEREBY FURTHER ORDERED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

(3) IT IS HEREBY FURTHER ORDERED that Defendant is permanently restrained and enjoined from violating Sections 206(1), 206(2), 206(3) and 206(4) of the Investment Advisors Act of 1940 [15 U.S.C. §§ 80b-6(1), 80b-6(2), 80b-6(3), and 80b6(4)] and Rule 206(4)-8 thereunder [17

C.F.R. § 275.206(4)-8)] by the use of the mails or by any means or instrumentality of interstate commerce, directly or indirectly, (i) to employ any device, scheme, or artifice to defraud any client or prospective client, (ii) to engage in any transaction, practice, or course of business which operates as fraud or deceit upon any client or prospective client, (iii) acting as principal for his own account, knowingly to sell any security to or purchase any security from a client, or acting as broker for a person other than such client, knowingly to effect any sale or purchase of any security for the account of such client, without disclosing to such client in writing before the completion of such transaction the capacity in which he is acting and obtaining the consent of the client to such transaction; or (iv) to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

(4) IT IS HEREBY FURTHER ORDERED that Defendant is liable for disgorgement of $41,920,639, representing profits gained as a result of the conduct alleged in the Second Amended Complaint that occurred within five years of the initiation of this case, together with prejudgment interest thereon in the amount of $1,491,064.01.

(5) IT IS HEREBY FURTHER ORDERED that Defendant is liable for a civil penalty in the amount of $21,000,000 pursuant to Section 21A of the Exchange Act.

(6) IT IS HEREBY FURTHER ORDERED that the amount of interest and returns on frozen assets which Defendant must turn over, from the time this Court entered a Temporary Restraining

Order on May 7, 2015, to the time that such assets and returns are released from the asset freeze to be paid over to a receiver, the SEC, the Court, or distributed to victims, will be determined by a receiver or such other process that this Court will order.

(7) IT IS FURTHER ORDERED that the following assets are available to satisfy this Final Judgment against Defendant:

| SEC NO.[1] | BANK AND BROKERAGE ACCOUNTS |
|---|---|
| 1 | E*Trade: x6818 |
| 2 | HSBC: x2984 |
| 3 | Northern Trust: x5218 |
| 4 | Northern Trust: x3911 |
| 5 | Northern Trust: x0901 |
| 6 | Northern Trust: x5226 (50% owned by Iftikar Ahmed) |
| 7 | Northern Trust: x5234 (60% owned by Iftikar Ahmed) |
| 8 | Northern Trust: x3781 |
| 9 | Northern Trust: x7193 |
| 10 | TD Bank: x5279 |
| 11 | TD Bank: x8551 |
| 12 | Fidelity: x8133 (50% owned by Iftikar Ahmed) |
| 13 | Fidelity: x7417 (50% owned by Iftikar Ahmed) |
| 14 | Fidelity: x9637 |
| 15 | Circle Internet Finance Bitcoin Wallet |

| SEC NO. | REAL PROPERTY |
|---|---|
| 18 | Essell Farm (1820 County Route 7, Ancram, NY) (50% owned by Iftikar Ahmed) |

| SEC NO. | PRIVATE COMPANY INVESTMENTS |
|---|---|
| 19 | Ribbit Capital (60% owned by Iftikar Ahmed) |
| 20 | Ribbit Capital II (60% owned by Iftikar Ahmed) |
| 21 | Clues Network Inc. (60% owned by Iftikar Ahmed) |
| 23 | Crypto Currency Partners LP |
| 24 | iMENA |

| SEC NO. | LIFE INSURANCE POLICIES |
|---|---|
| 25 | MetLife Whole Life Insurance Policy (Iftikar Ahmed) |
| 26 | Genworth Life and Annuity Insurance Policy (Iftikar Ahmed) |
| 27 | American General Life Insurance Policy (Iftikar Ahmed) |

| SEC NO. | INTERESTS IN ASSETS HELD AT OAK |
|---|---|
| 28 | Oak Management Corp. |
| 36 | Frozen Distributions |

| SEC NO. | AUTOMOBILES & HOUSEHOLD FURNISHINGS |
|---|---|
| 37 | Porsche Cayenne |
| 38 | Cadillac Escalade |
| 39 | Household Furnishings of 505 North Street |

| SEC NO. | BANK AND BROKERAGE ACCOUNTS |
|---|---|
| 40 | Bank of America: x9566 |
| 41 | Bank of America: x0482 |
| 42 | Bank of America: x3754 |
| 43 | Chase Bank: x9065 |
| 44 | Chase Bank: x9001 |
| 45 | Northern Trust Brokerage: x5188 |
| 46 | Northern Trust Brokerage: x3934 |
| 47 | Northern Trust Brokerage: x3935 |
| 48 | Northern Trust Brokerage: x0895 |
| 49 | Northern Trust Brokerage: x8537 |

| SEC NO. | ITEMS HELD IN STORAGE PURSUANT TO COURT ORDER |
|---|---|
| 51 | Painting - M.F. Husain, "Ashoka's Pillar" |

| SEC NO. | CONTENTS OF SAFETY DEPOSIT BOXES 1325, 1332, and 2465 |
|---|---|
| 52 | Harry Winston Diamond Ring |
| 53 | Various gold or silver coins given to minor children |
| 54 | Jewelry received as wedding presents (42 pieces) |
| 55 | Jewelry acquired during marriage (8 pieces) |
| 56 | Jewelry acquired during marriage (2 pieces) |
| 57 | Various gold or silver coins given to minor children (specific weights) |
| 58 | Gold pieces received as wedding presents |
| 59 | 1 kilogram gold bars acquired during marriage (9 pieces) |
| 60 | Remaining contents in safety deposit boxes |

| SEC NO. | DIYA Capital Management LLC |
|---|---|
| 61 | Bank of America: x4199 |

| SEC NO. | DIYA Holdings LLC |
|---|---|
| 62 | Bank of America: x3831 |
| 63 | Apartment (530 Park, 12A, New York, NY) |
| 64 | Bank of America: x6009 |

| SEC NO. | DIYA Real Holdings LLC |
|---|---|
| 65 | Bank of America: x7632 |
| 66 | Apartment (530 Park, 12F, New York, NY) |

| SEC NO. | I-Cubed Domains LLC |
|---|---|
| 67 | Bank of America: x8384 |
| 68 | Blade Networks Investment |
| 69 | Aldrich Capital Investment (liquidated April 2018) |
| 70 | Reserve Media Investment |

| SEC NO. | Iftikar A. Ahmed Family Trust |
|---|---|
| 71 | TD Ameritrade: x7686 |
| 72 | Iftikar A. Ahmed Family Trust interest in Rakitfi Holdings LLC |

| SEC NO. | Iftikar Foundation |
|---|---|
| 73 | Bank Check to the Iftikar Foundation (charitable contribution) |

| SEC NO. | Shalini A. Ahmed 2014 Grantor Retained Trust |
|---|---|
| 74 | Fidelity: x8965 |

| SEC NO. | Shalini A. Ahmed |
|---|---|
| 75 | Fidelity: x7540 |
| 76 | Fidelity: x5070 |
| 77 | Fidelity: x5760 |
| 78 | Pershing/BNY Brokerage: x0166 |
| 79 | TD Bank Checking: x2774 |

| 80 | Cash (Held by HSC LLP) |
| 81 | Cash (Held by Murtha Cullina LLP) |
| 82 | Paintings (2) |
| 83 | Sculpture of hand |
| 84 | Harry Winston Earrings |
| 85 | 13 women's designer handbags |

| SEC NO. | UTMAs |
|---|---|
| 86 | Fidelity: x1895 |
| 87 | Fidelity: x8036 |
| 88 | Fidelity: x9441 |
| 89 | TD Ameritrade: x7666 |
| 90 | TD Ameritrade: x7674 |
| 91 | TD Ameritrade: x7700 |
| 92 | Bank of America Trust: x4104 |
| 93 | Bank of America Trust: x0070 |
| 94 | Bank of America Trust: x5699 |

This Final Judgment shall be entered against Defendant Ifitkar Ahmed. The Clerk is requested to close this case. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 27th day of September, 2018.