UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>*v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>September 27, 2018 |

**RULING ON DEFENDANT'S AND RELIEF DEFENDANTS' OBJECTIONS TO PLAINTIFF SEC'S PROPOSED FINAL JUDGMENT**

Pursuant to the Court's Ruling on Plaintiff's Motion for Remedies and Judgment ([Doc. # 955] at 32, n.28,) the SEC filed a Proposed Final Judgment [Doc. # 960], to which Defendant and Relief Defendants objected. The Court entered Final Judgment [Doc. # 982] and now responds to the SEC's proposed judgment and Defendant's and Relief Defendants' objections thereto.

First, the SEC and Relief Defendants disagree on the appropriateness of appointing of a receiver to distribute assets currently subject to the Court's asset freeze and judgment. The SEC

sought inclusion of language regarding the potential appointment of a receiver or establishment of a Fair Fund in its Proposed Final Judgment. (Proposed Final J. [Doc. # 960-1] at 9.) Relief Defendants argued that inclusion of such language would be "premature" and "object[ed] to the liquidation of any such assets and / or the distribution to a Fair Fund of any such frozen assets unless and until all appeals are concluded or the parties have reached a settlement agreement." (Rel. Defs.' Obj. [Doc. # 962] at 6.) While the Court has noted that appointment of a receiver and/or use of a Fair Fund may be appropriate, (Ruling on Remedies and J. at 29-30), the Final Judgment does not include any directives regarding appointment of a receiver or establishment of a Fair Fund, as post-judgment procedures will be addressed at a future hearing.

Second, the SEC sought inclusion of a provision mandating that amounts paid pursuant to the Court's judgment be treated as penalties paid to the government for all purposes and not be treated as a "penalty offset" in any related proceedings. (Proposed Final J. at 9-10.) Relief Defendants opposed inclusion of that provision as it had been "neither requested by the SEC in its remedies motion nor ordered by this Court." (Rel. Defs.' Obj. at 7.) Mr. Ahmed opposed that provision on similar grounds. (Def.'s Obj. [Doc. # 963] at 6-7.) The Court agrees that there has been no ruling on this issue and it is not addressed in the Final Judgment.

Third, the parties disagreed as to the proper amount of interest and returns on frozen assets to be turned over by Mr. Ahmed. The SEC's Proposed Final Judgment requests that Mr. Ahmed pay interest and return on all frozen assets, (Proposed Final J. at 5,) while Defendant and Relief Defendants argue that Mr. Ahmed should only turn over interest and returns on frozen assets in the amount ordered to be disgorged. (Rel. Defs.' Obj. at 2-3; Def.'s Obj. at 2-3.) The Final Judgment states that interest and returns will be turned over in an amount to be determined.

Fourth, Defendant and Relief Defendants argue that entry of final judgment will impermissibly continue the current asset freeze in its current amount, and that the asset freeze should continue only in the amount of the judgment against Mr. Ahmed. (Rel. Defs.' Obj. at 4-5. Def.'s Obj. at 6.) The Final Judgment includes no order on that issue because the Court has not yet ruled on the proper sum subject to a continuing asset freeze, taking into account actual valuations, post-judgment administrative expenses, and other factors affecting this determination.

Fifth, the SEC sought inclusion of language finding that the assets available to satisfy the judgment against Mr. Ahmed "belong to" him "in whole or in part." (Proposed Final J. at 5.) Defendant and Relief Defendants objected to this language, arguing that it would amount to an improper alteration of the parties' property ownership. (Rel. Defs.' Obj. at 3-4; Def.'s Obj. at 4-5.) As the Court has previously found that the assets in question "are available to satisfy" the judgment against Defendant, (Ruling on Remedies and J. at 31,) the Final Judgment reflects that finding.

Finally, Relief Defendants argue that the SEC's Proposed Final Judgment "[i]mproperly [c]haracterizes Ms. Ahmed's [p]rimary [r]esidence as [h]aving [b]een [f]orfeited." (Rel. Defs.' Obj. at 6.) The Final Judgment does not address that subject and does not include that residence among the assets available to satisfy the judgment against Mr. Ahmed.

The parties' arguments with regard to entry of judgment reveal several issues not yet resolved: (1) the use of a receiver or other process for asset distribution and/or establishment of a Fair Fund; (2) Mr. Ahmed's entitlement to a penalty offset; (3) the frozen assets whose interest and returns Mr. Ahmed must turn over; and (4) the proper sum subject to a continuing asset freeze. The parties' analyses of any of these matters shall be filed by Tuesday, October 16, 2018. Responses shall be filed by Tuesday, October 23, 2018. A hearing on these issues will be commenced Monday,

October 29, 2018 at 3:30 p.m. in Courtroom 2, 141 Church Street, New Haven, CT 06510. Nominations for receivers may be made at that time. A pre-hearing teleconference will be held Monday, October 22, 2018 at 3:30 p.m. The SEC is requested to initiate the call.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 27th day of September, 2018.