UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------------ X
UNITED STATES SECURITIES AND EXCHANGE : 
COMMISSION, :
 :
Plaintiff, :
 :
v. : Civil Action No.
 : 3:15-CV-675 (JBA)
IFTIKAR AHMED, :
 :
Defendant, and :
 :
IFTIKAR ALI AHMED SOLE PROP, :
I-CUBED DOMAINS, LLC; SHALINI AHMED; :
SHALINI AHMED 2014 GRANTOR RETAINED :
ANNUITY TRUST; DIYA HOLDINGS LLC; :
DIYA REAL HOLDINGS, LLC; I.I. 1, a minor :
child, by and through his next friends IFTIKAR :
and SHALINI AHMED, his parents; I.I. 2, a minor :
child, by and through his next friends IFTIKAR :
and SHALINI AHMED, his parents; and I.I. 3, a :
minor child, by and through his next friends :
IFTIKAR and SHALINI AHMED, his parents, :
 :
Relief Defendants. : NOVEMBER 12, 2018
------------------------------------------------------------------------ X

**RELIEF DEFENDANTS' EMERGENCY MOTION TO MODIFY ASSET FREEZE TO RELEASE FUNDS TO PAY LIFE INSURANCE PREMIUMS**

Relief Defendants Shalini Ahmed, her three minor children, I.I. 1, I.I. 2 and I.I. 3, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, and DIYA Real Holdings LLC, (together, the "Relief Defendants") through their undersigned counsel, respectfully request that this Court modify its August 12, 2015, Ruling and Order Granting Preliminary Injunction [Dkt. No. 113] by releasing funds in the amount of $38,311.59 from the frozen assets in this case to pay premiums on life insurance policies under which Defendant Iftikar Ahmed is insured.

Since November 2010, a term life insurance policy for Iftikar Ahmed has been

1

maintained with the Genworth Life and Annuity Insurance Company (the "Genworth Policy"). A similar policy with AIG has been maintained since December 2010 (the "AIG Policy"). The insurance policies are assets currently frozen by this Court's August 12, 2015 Order, were in existence at the time the asset freeze went into effect, and should be considered part of the status quo. This Court has previously authorized the release of funds to preserve these policies.[1]

As noted by Relief Defendants' counsel during the telephonic conference on November 9, 2018, insurance premiums will soon again be due on the Genworth Policy and the AIG Policy and the SEC has not taken a position on whether it intends to oppose or consent to the release of funds to pay these premiums. Maintaining the policies will not create a direct benefit to the Defendant, but will maintain the status quo and will ensure the continuation of an existing benefit for Shalini Ahmed and the minor Relief Defendants, I.I. 1, I.I. 2, and I.I. 3, who are accused of no wrongdoing.

The anticipated premium payments are $20,464.00, due December 10, 2018, for the AIG Policy and $17,847.59, due November 24, 2018, for the Genworth Policy. Copies of the most recent correspondence concerning the premiums are attached hereto as Exhibit A (AIG Policy) and Exhibit B (Genworth Policy). Applying the SEC's own estimates (*see* Dkt. No. 888-1), the Defendant's and Relief Defendants' frozen assets that would represent an overage above any potential judgment amount, including any potential award of gains or interest, exceed the required premium payments by millions of dollars. Thus, the releases sought herein would not

---

[1] Dkt. Nos. 409, 765, and 790. This Court has found the release of premium payments to be equitable in light of the severe potential harm to Relief Defendants if the policies were canceled, and that such premiums were a modest expense. (*See* January 23, 2017, Order Granting Motion to Release Life Insurance Payment, Dkt. No. 409 at 4 and Dkt. No. 790 at 1, incorporating the reasoning of the January 23 Order.) Separately, with respect to the premium payment for the Genworth Policy, the SEC consented to the release of the premium payment in November 2017. (Dkt. No. 760.) This Court directed the release of the 2018 AIG premium payment over the SEC's initial objections following a telephonic conference on January 8, 2018. (Dkt. No. 790.)

impair the corpus of assets necessary to satisfy a final judgment in any amount consistent with this Court's rulings on remedies.

In view of the foregoing, and in order to preserve the status quo benefits, the Relief Defendants request that the Court allow the parties to maintain the AIG Policy and the Genworth Policy by releasing the sums of $20,464.00 to AIG and $17,847.59 to Genworth from the Bank of America account of Relief Defendant DIYA Real Holdings ending x7632.

Dated: New York, New York
November 12, 2018

Respectfully submitted,

   /s/ S. Gabriel Hayes-Williams
Jonathan Harris (phv07583)
L. Reid Skibell (phv07572)
David B. Deitch (phv07260)
S. Gabriel Hayes-Williams (phv07948)
HARRIS, ST. LAURENT
& CHAUDHRY LLP
40 Wall Street, 53rd Floor
New York, New York 10005
Tel. 212.397.3370

Paul E. Knag
MURTHA CULLINA LLP
177 Broad Street, 16th Floor
Stamford, CT 06901
Tel. 203.653.5400

*Attorneys for Relief Defendants
I-Cubed Domain, LLC, Shalini Ahmed,
Shalini Ahmed 2014 Grantor Retained
Annuity Trust, Diya Holdings, LLC, Diya
Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 12, 2018, I caused a copy of the foregoing Motion, exhibits and Proposed Order to be served by ECF or electronic mail upon:

Nicholas P. Heinke
Mark L. Williams
U.S. Securities and Exchange Commission
1961 Stout St., Suite 1700
Denver, CO 80294
HeinkeN@sec.gov
WilliamsML@sec.gov

Iftikar Ahmed
c/o Advocate Anil Sharma
10 Government Place East
Ground Floor
Kolkatta, West Bengal, India 700-069
iftyahmed@icloud.com


                                        */s/ S. Gabriel Hayes-Williams*
                                        S. Gabriel Hayes-Williams