UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| IFTIKAR AHMED, | ) ) ) |
| Defendant, and | ) ) ) |
| IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC;  SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Relief Defendants. | ) ) ) |

Civil Action No. 3:15cv675 (JBA)

_____

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO RELIEF DEFENDANTS' EMERGENCY MOTION TO MODIFY ASSET FREEZE TO RELEASE FUNDS TO PAY LIFE INSURANCE PREMIUMS**

Plaintiff United States Securities and Exchange Commission ("SEC") hereby responds to Relief Defendants' Motion [Doc. # 1020] for release of funds to pay two life insurance policies ("Motion").  The SEC does not object to Relief Defendants' principal request.

As an initial matter, the instant request –again made at the last minute (*see* Doc. # 782 at 2 n.2) – underscores why a receiver should be appointed to marshal, manage and liquidate assets. A receiver should determine whether these policies have resale value (and conclude whether they

may be voided due to fraud or false statements by Defendant) thereby warranting the expenditure of funds to maintain the policies.  If the policies can return sufficient value, the receiver should oversee the preservation of these assets.  Though Relief Defendants aver that these policies are for the "benefit for Shalini Ahmed and the minor Relief Defendants, I.I. 1, I.I. 2, and I.I. 3" (Motion at 2), this Court found that both policies are assets of Defendant and may be used to satisfy the judgment against him.  *See* Doc. ## 955; 982 at 5, lns. 26-27.

Though the value of these policies have not yet been determined, in light of the Court's previous rulings on this issue, and the unique posture of the case where the SEC has obtained a judgment but the Court has not yet determined whether it will appoint a receiver, the SEC does not object to the release of funds in this instance.  Though, as noted above, it is the SEC's position that a receiver should evaluate these policies and make recommendations on premium payments prior to any further release.

In addition, because the funds that will go to pay this policy belong to Defendant, this Court should require Defendant to represent that he does not object to the instant request so as to prevent him from later claiming that he did not consent to the requested release of funds, that the release was improper, and requesting the monies be clawed-back.[1]

---

[1] The SEC has been informed by the respective insurance company that the AIG policy premium is due December 10, 2018, and the policy will terminate on January 28, 2019.  The Genworth policy premium was due on November 24, 2018, but there is a 62 day grace period from that date.

December 3, 2018.

s/ Mark L. Williams
Nicholas P. Heinke
Mark L. Williams
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1027 (Williams)
HeinkeN@sec.gov
WilliamsML@sec.gov
Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I certify that on December 3, 2018, a copy of the foregoing document was emailed to

Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Jonathan Harris
Reid Skibell
David Deitch
S. Gabriel Hayes-Williams
Joseph Gallagher
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(Counsel for Relief Defendants).


<u>s/ *Mark L. Williams*   </u>
Mark L. Williams