UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff,*<br>v.<br>IFTIKAR AHMED,<br>    *Defendant,* and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants.* | Civil No. 3:15cv675 (JBA)<br><br>December 14, 2018 |

**RULING ON PLAINTIFF'S AND RELIEF DEFENDANTS' MOTIONS TO AMEND AND CLARIFY THE JUDGMENT**

In granting Plaintiff's Motion for Remedies and Judgment, the Court directed the SEC to "file a proposed Order of Final Judgment," (Ruling on Pl.'s Mot. for Remedies and J. [Doc. # 955] at 32 n.28), which the SEC subsequently did, (SEC's Proposed Final J. [Doc. # 960]). Relief Defendants and Defendant submitted their objections to the SEC's proposed judgment, ([Docs. # 962, 963]), to which the SEC replied, ([Doc. # 981]). The Court then entered a Final Judgment against Mr. Ahmed, ([Doc. # 982]), and issued a ruling addressing the disputes identified in the parties' submissions regarding the proposed judgment, ([Doc. # 986]). Both the Relief Defendants

and the SEC now move separately for amendments of the judgment entered by the Court. (Rel. Defs.' Mot. to Alter or Amend J. [Doc. # 1013]; SEC's Mot. for Order Clarifying Final J. [Doc. # 1034].)

## I. RELIEF DEFENDANTS' MOTION TO AMEND THE JUDGMENT

The Relief Defendants move under Fed. R. Civ. P. 59(e) for an amendment of the Final Judgment "(i) to incorporate the conclusions [the Court] reaches on unresolved issues following the" November 28, 2018, hearing, and "(ii) to expressly state that it is entered against Relief Defendants and fully and finally resolves Counts Seven through Fourteen of the Second Amendment Complaint." (Rel. Defs.' Mot. to Amend at 1.) Relief Defendants argue that these modifications of the judgment are necessary to "avoid questions of multiple, piecemeal appeals which might otherwise arise" and so that appeals by Relief Defendants "may be taken in the normal course." (Rel. Defs.' Mem. Supp. Mot. to Amend [Doc. # 1013-1] at 2-3.)

Mr. Ahmed joins the Relief Defendants in their request to amend the judgment. (Def.'s Resp. to Rel. Defs.' Mot. [Doc. # 1014] at 1.)

The SEC opposed the Relief Defendants' motion, arguing (i) that it is improperly styled as a Rule 59(e) motion because it does not genuinely seek reconsideration of the Court's rulings; (ii) that the Relief Defendants' proposed modifications of the judgment are enforcement questions which cannot be finalized until the judgment is executed or are "proper post-judgment items that do not need to be incorporated into the final judgment"; and (iii) that the judgment is not a final judgment against the Relief Defendants because "there are technically still outstanding claims against Relief Defendants under the traditional *Cavanaugh* analysis" which the SEC argued in the alternative and which the Court did not need to reach in its summary judgment rulings. (SEC's Opp. to Rel. Defs.' Mot. [Doc. # 1023] at 3-4.)

2

During the November 28, 2018 hearing, counsel for the Relief Defendants reiterated their requests to clarify that the judgment is against the Relief Defendants and to include in an amended final judgment the Court's decision regarding whether Mr. Ahmed is also liable for interest or gains on disgorged frozen assets, but acknowledged that the Court's decisions on other enforcement-related questions, e.g. the appointment of a receiver, need not be included in the judgment. Counsel for the SEC represented that its only concern with such an amendment is that, if the Court's ruling regarding the Relief Defendants' liability as nominees is overturned on appeal, the SEC seeks to ensure that it is not precluded from litigating the merits of its alternative theory of the Relief Defendants' liability, i.e. the traditional *Cavanaugh* theory of liability.

Pursuant to this agreement with the parties and in the interest of judicial efficiency to avoid the possibility of piecemeal appeals, the Court will amend the Final Judgment [Doc. # 955] to incorporate its ruling [Doc. # 1051] that Mr. Ahmed is liable for gains accrued on disgorged frozen assets and to indicate that it is a final judgment against both Defendant and the Relief Defendants. Such amendment reflects the Court's holdings in its rulings on summary judgment but does not extinguish the SEC's remaining alternative *Cavanaugh* theory of liability against the Relief Defendants.

## II. SEC'S MOTION TO CLARIFY THE JUDGMENT

The SEC moves "for an order *nunc pro tunc* clarifying the September 27, 2018 Final Judgment against Iftikar Ahmed [Doc. # 987] was in fact a final judgment," noting that it "would have been prudent for the SEC to include specific Rule 54(b) language in the proposed final judgment." (SEC's Mot. to Clarify J. [Doc. # 1034] at 1.) The SEC seeks this amendment or clarification to "eliminate the risk that Defendant (or Relief Defendants) will attempt to use the

absence of such language to delay this matter on appeal, and to make clear that the court of appeals has jurisdiction to consider this Court's judgment." (*Id.* at 1-2.)

Defendant and Relief Defendants have not opposed the SEC's motion. In the interest of judicial efficiency, the Court will modify the Final Judgment to incorporate the Rule 54(b) language as requested by the SEC.

### III. CONCLUSION

For the reasons stated above, the Relief Defendants' Motion to Amend the Judgment [Doc. # 1013] is GRANTED as modified in open court on November 28, and the SEC's Motion to Clarify the Judgment [Doc. # 1034] is GRANTED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 14th day of December, 2018.