UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>*Plaintiff*,<br>v.<br>IFTIKAR AHMED,<br>*Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>*Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>December 20, 2018 |

**RULING ON DEFENDANT'S MOTION TO PRECLUDE SEC BRIEF**

The parties' responses to the November 28 hearing were due by 5:00 p.m. on December 14, 2018. (*See* Tr. of November 28 Hearing [Doc. @ 1043] at 138:16-21; Scheduling Order [Doc. # 1044].) The Relief Defendants' response [Doc. # 1056] was filed at 4:10 p.m. on December 14, and Mr. Ahmed's response [Doc. # 1057] was filed at 4:13 p.m. on that day. The SEC's response [Doc. # 1059] was not filed until 7:37 p.m. on December 14. Mr. Ahmed now moves to preclude the SEC's "procedurally defective" response because of that delay in filing. (Def.'s Mot. to Preclude SEC's Brief [Doc. # 1060].)

Mr. Ahmed argues that the SEC's late filing "caused prejudice against the Defendant and harmed his interests" because the SEC had the time and ability to respond to the Court's December 14 rulings in its delayed filing, but Mr. Ahmed did not because he "is not a qualified lawyer" and filed his brief before the 5:00 p.m. deadline. (*Id.* at 3.) Given this prejudice and that "there were no technical issues justifying such a procedurally late filing," Mr. Ahmed argues that the SEC's response "must therefore be precluded and expunged from the record." (*Id.*)

The SEC acknowledges that its response was filed beyond the 5:00 p.m. deadline but characterizes that response as "purely a recap of the SEC's oral argument made during the status conference sixteen days earlier," from which a transcript was made available to all parties. (SEC's Opp. [Doc. # 1062] at 2.) Therefore, the SEC argues, "[b]ecause the SEC's brief merely recaps the arguments it puts forth more than two weeks earlier, and does not make any new argument or respond to Defendant's or Relief Defendants' post-hearing brief, any claim of prejudice is specious." (*Id.*)

"[D]istrict courts have broad discretion to enforce deadlines, or to excuse the enforcement of deadlines." *Mascaro Const. Co. L.P. v. Local Union No. 210*, 391 Fed. App'x 13, 16 (2d Cir. 2010) (upholding district court's acceptance of a delayed brief where "no prejudice could have resulted"). Upon review of the SEC's delayed post-hearing brief, the Court finds that the SEC did not advance any new arguments which were not detailed at greater length at the November 28 hearing. Although the SEC's brief did cite to one of the Court's December 14 rulings, it did so only to note that it "understands and accepts" that ruling and thereafter advanced an argument which it has made repeatedly throughout this litigation, i.e. that the Court should decline to release funds from the asset freeze until the SEC's judgment is secured with greater certainty. (SEC's Post-Hearing

2

Brief [Doc. # 1059] at 6.) Mr. Ahmed's argument that he is prejudiced by the SEC's mention of that ruling is therefore unconvincing.

Because the Court finds that he suffers no prejudice from the Court's acceptance of the SEC's late filing, Defendant's Motion to Preclude the SEC's Procedurally Defective Post-Hearing Brief [Doc. # 1060] is DENIED. The SEC would be well advised to avoid future filing delays.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 20th day of December, 2018.