UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>  v.<br><br>IFTIKAR AHMED,<br><br>           Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; *et al*<br><br>           Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA)<br><br><br>January 11TH, 2019 |

**DEFENDANT'S MOTION TO ALTER OR AMEND THE AMENDED FINAL JUDGMENT [DOC. #1054] PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 59(e)**

The *pro se* Defendant respectfully moves this esteemed Court, pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE, to amend or alter the amended final judgment entered on December 14TH, 2018 [Doc. #1054] (the "Amended Judgment") in order to (i) recalculate the judgment amount such that the Defendant's <u>non-forfeited</u> assets already in the hands of the purported victim are first credited against disgorgement; (ii) allow the Defendant to choose which assets used to satisfy different parts of the judgment as it is his right; (iii) determine a method and process to calculate the award of "interest or gains" so that it is not arbitrary in either process or in calculation; (iv) include an offset for losses on the assets used for satisfying disgorgement; (v) correct the statement that should read "(6) that the amount of interest and

1

returns on *disgorged* frozen assets;" (vi) correct that statement that it is "interest **OR** gains" and not "interest **AND** gains;" (vii) correct the insertion of Rule 54(b)'s language as the Defendant intended to oppose such statement and as per Connecticut local rules, had time to do so before this esteemed Court ruled on that issue; and (viii) clarify that the esteemed Court indeed intended to issue rulings and its amended final judgment just hours before the Defendant filed his post-hearing brief, in compliance with the deadline set for such submissions by this esteemed Court itself, which dealt with issues addressed in the rulings and amended final judgment.

The Defendant reserves all rights with respect to all issues, including but not limited to his assets at Oak, whether deemed forfeited by this esteemed Court or not.

## ARGUMENTS

Federal courts allow the amendment of a judgment under F.R.C.P. 59(e) "to correct a clear error or prevent manifest injustice." *Munafo v. Metropolitan Transp. Authority*, 381 F.3d 99, 105 (2d Cir. 2004) (citations omitted). The Defendant humbly requests that the esteemed Court amend the Amended Judgment in the ways listed herein.

*First*, the Defendant states that due process was not followed with respect to the rulings and Amended Judgment [Doc. #1051; Doc. #1052; Doc. #1053; and Doc. #1054] that were entered by this esteemed District Court just hours before the Defendant was required to file and indeed filed his post-hearing brief [Doc. #1057] in compliance with deadlines set by this esteemed Court itself. The Defendant filed his post-hearing brief before the esteemed Court's stipulated deadline of 5 PM November 14TH,2018. Issuing these rulings hours prior to even considering Defendant's post-hearing brief is analogous to the esteemed Court issuing rulings and orders without the presence of the Defendant at the hearing or without giving the Defendant

the benefit to present his arguments or to correct issues of fact, which indeed he did in his post-hearing brief. *See Borden, Inc. v. Meiji Milk Prods. Co*., 919 F.2d 822, 828 (2d Cir. 1990).

While here, the Court issued orders and rulings <u>*after*</u> the hearing, the Defendant was not present at the hearing, due to severe medical issues leading to documented hospitalization, and his arguments were not considered before the esteemed Court issued its rulings.  The esteemed Court considered all other parties' (the SEC and the Relief Defendants) arguments in its rulings and Amended Judgment.  For example, in its Ruling on Plaintiff's and Relief Defendants' Motions to Amend and Clarify the Judgment [Doc. #1053 at 3] filed just hours before the Defendant filed his post-hearing brief, the esteemed Court explicitly referenced the "November 28, 2018 hearing" and decisions that were made "pursuant to this agreement with the parties." The Defendant was neither present at the hearing nor were his arguments and opinions taken into consideration prior to this esteemed Court's rulings and order on December 14TH, 2018.

*Second*, the Amended Judgment should be amended to incorporate the value of the Defendant's <u>*non-forfeited*</u> assets in the hands of the purported victim, Oak, as those are already in the possession of the alleged victim since the inception of this dispute.  Courts routinely award credit against disgorgement for assets that are in the possession of the alleged victim.  The Defendant requests that the value of those <u>*non-forfeited*</u> assets be determined first and credited against disgorgement, so that other aspects of disgorgement (such as pre-judgment interest, civil penalty, interest and gains) can be calculated thereafter.

*For example*, and for the sake of argument only, even using the SEC's number of $684,372 in May 2018[1]  (which Defendant disputes and believes to be closer to at least $3-4

---

[1] In November 2015, the SEC claimed that this amount was approximately $3.8 million, without adding in the millions of liquid distributions occurring since then [Doc. #157 at 11].

million) would result in a disgorgement amount of $41.2 million (*and not $41.9 million*) and a total judgment amount of $63.3 million (*and not $64.4 million*) [Doc. #1057 at 29-30]. In terms of practical matters, if that amount is not determined and applied to disgorgement and the total judgment amount recalculated prior to the marshaling and potential liquidation of assets by a receiver, it will result in an over-seizure of assets.

*Third*, the Amended Judgment should be amended to include explicit language that the Defendant gets to choose which assets to apply to the different parts of judgment. Contrary to the SEC's assertions, there is no case law in this nation that allows the SEC to "cherry-pick" their assets in terms of what assets to apply to which part of the judgment. There is a judgment to fulfill and it is the Defendant's right to decide which assets to apply to that judgment, not the SEC's or even the receiver's. Only if the Defendant is unable to satisfy the money judgment, can the SEC seek to seize certain assets to satisfy the money judgment.

*Fourth*, the Amended Judgment should be amended to include some process for the determination of interest or gains. Is it on the entire asset pool, as of a certain date, with part of it apportioned to disgorgement? Is it on certain assets only? What are those assets and who chooses them? The esteemed Court cannot simply leave it up to an uninformed third-party who is not vested and who just entered this case. The esteemed Court must allow the Defendant a chance to express his views on such calculation and not leave it to a receiver, who is generally appointed "to preserve assets" as opposed to the calculation of a number that impacts the judgment amount against the Defendant. The Court also did not take into consideration the Defendant's views on interest or gains, though it did take into consideration the SEC's and Relief Defendants' views on classification of such an award. By ruling just a few short hours on

4

December 14^(TH), 2018 prior to the Defendant filing his post-hearing brief [Doc. #1057] (by 5 PM on that date as per this esteemed Court's directive), due process was not followed and the esteemed Court issued rulings and an Amended Judgment (incorporating those rulings) without the Defendant's input on this, and other, issues.

*Fifth*, the Amended Judgment should be amended to include an offset for losses on assets used towards the disgorgement amount.  Just as this esteemed Court has awarded "interest or gains" to the SEC, it must also award "losses" on such assets to the SEC.  Defendant has already briefed this issue in his post-judgment brief [Doc. #1057 at 10].

*Sixth*, the Amended Judgment should be amended to correct a statement on Doc. #1054 at 5. The statement at (6) should read: "IT IS HEREBY ORDERED that the amount of interest and gains on frozen *disgorged* assets which Defendant must turn over…" **The SEC has itself conceded this point.**

*Seventh*, the Amended Judgment should be further amended to correct a statement on Doc. #1054 at 4 vs. at Doc. #1054 at 5. The statement (4) reads: "…Defendant is liable… and any interest or gains accrued on disgorged frozen assets…" (emphasis added) while the statement (6) states "…the amount of interest and returns on frozen assets…" (emphasis added). The Defendant requests that the Court correct the statement on #1054 at 5 to read (6) "…the amount of interest or returns on frozen assets…" such that it the two statements are comparable and there is no confusion.

5

*Eighth*, the Amended Judgment should be further amended to correct the insertion of Rule 54(b)'s language as the Defendant intended to oppose such statement and had time to do so before the esteemed Court issued a ruling on the language: "Defendant and Relief Defendants have not opposed the SEC's motion (for the insertion of Rule 54(b)'s language)" [Doc. #1053 at 4]. Defendant had five (5) more days to oppose the SEC's motion when the Court entered its amended final judgment.

CONNECTICUT LOCAL RULES OF CIVIL PROCEDURE, RULE 7(a)2 states that "[U]nless otherwise ordered by the Court, all opposition memoranda shall be filed within twenty-one (21) days of the filing of the motion…" The SEC filed their motion for *nunc pro tunc* on November 27TH, 2018 which means that the Defendant had until December 18TH, 2018 to oppose the SEC's motion. The esteemed Court did not order the Defendant to file an opposition prior to that December 18TH deadline. Neither did the esteemed Court direct its Clerk to inquire if the Defendant intended to file an opposition (as it has with the SEC in many prior briefings). The esteemed Court, in its Ruling on Plaintiff's and Relief Defendants' Motions to Amend and Clarify the Judgment, explicitly stated that the "[D]efendant and Relief Defendants have not opposed the SEC's motion." [Doc. #1053 at 4]. The Defendant had until December 18TH, 2018 to oppose the motion and the esteemed Court entered the ruling and the Amended Judgment on December 14TH, 2018; well prior to the deadline to file an opposition and, hence, clearly erred in its conclusion that the Defendant did not oppose the SEC's motion!

*In addition*, there are still significant issues to be determined in this esteemed Court that are not final, contrary to the Rule 54(b) certification. The esteemed Court has certified that the Amended Final Judgment is "final," even though the judgment amount has not been meaningfully ascertained: the Defendant's *non-forfeited* assets at Oak must first be applied to

6

disgorgement and then the rest of the judgment calculated from that point and a process must be determined for the calculation of interest or gains and an express statement made that the Defendant chooses such assets for various parts of the judgment. [Doc. #1057 at 3-6; 29-30]. A receiver, who will look to the esteemed Court for direction, cannot determine these issues; which impact the Defendant's rights and the amount that he will pay under this esteemed Court's judgment.

A Court must determine whether the judgment on a claim to be appealed is final. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" (quoting *Sears, Roebuck & Co.*, 351 U.S. at 436)). Rule 54(b) may be inappropriate for lack of a final judgment. 28 U.S.C. § 1291 confers on the courts of appeals jurisdiction over "final decisions" of district courts. "A decision is "final" for purposes of § 1291 if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Henrietta D. v. Giuliani*, 246 F.3d 176, 180 (2d Cir. 2001) (internal quotations omitted). Where an order leaves matters of relief (such as amount of ultimate judgment that the Defendant must satisfy and the process of determining parts of that judgment) undecided, that order requires the court to do more than simply "execute the judgment" entered on the claim and may not be, therefore, a final decision on that claim. *Henrietta D. v. Giuliani*, 246 F.3d 176, 182 (2d Cir. 2001) (dismissing appeal of "judgment" which declared liability but asked parties to propose remedial plans to court).

While this esteemed Court has entered "interest or gains" against the Defendant, it has not clarified what exactly that _means_ or _how to determine that_, instead leaving such important calculation to a receiver and ordering that the Defendant pay the receiver's fees to calculate part of the judgment against him.  There has not been a disposition of the issue of "interest or gains," as the process for that determination or calculation has not yet been made. Nor has it been made clear what assets to use for various parts of the judgment, which is undeniably the Defendant's decision and which must be made clear in the Amended Judgment. The Second Circuit has stated that "…we have repeatedly noted that the district court generally should not grant a Rule 54(b) certification "'if the same or closely related issues remain to be litigated.'" *Harriscom*, 947 F.2d at 629 (quoting *National Bank of Washington v. Dolgov*, 853 F.2d 57, 58 (2d Cir. 1988) (other internal quotation marks omitted))." Such is the case here.

However, if the esteemed Court has properly issued a 54(b) certification, then the issue of "interest or gains" is under appeal and this esteemed Court (and by extension, the Receiver) does not have jurisdiction to decide how to determine that amount.  In addition, this is directly impacted by what assets to use towards different portions of the judgment and as such, the receiver can take no action on these issues while an appeal on these very issues is pending.  The "filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*).

"A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996).

Appellant has filed a notice of appeal on various issues in this case, including orders and rulings that the district court has entered. Those issues on appeal include any grant of interest or gains and a methodology to calculate such amount. Jurisdiction of such issues remains in the Second Circuit Court of Appeals.

*Finally*, as stated herein, the Defendant's liability in terms of payment or assets to secure the judgment has not been expressly determined as assets in the victim's hands have not been properly credited against disgorgement. While the Defendant understands that this esteemed Court has deemed the Defendants assets at Oak to have been forfeited[2] (which will be raised on appeal), this esteemed Court has ruled that the Defendant's *non-forfeited* assets at Oak can be used to satisfy the judgment against the Defendant. Those assets should be applied to disgorgement first, and only then the rest of the judgment determined. This must be made clear in the Amended Judgment, else this Order is not final and will result in multiple appeals against it and any enforcement of it.

## CONCLUSION

The Defendant has already filed several notices of appeal in this litigation. An Amended Final Judgment (with these amendments) would correct issues that if not addressed here, will result in additional multiple, piecemeal appeals, not only for Defendant, but also for additional parties. The Defendant respectfully requests that this esteemed Court address the matters within this Motion and amend its Amended Judgment accordingly[3].

---

[2] The Defendant does not waive his rights to any of his assets at Oak, whether deemed *forfeited* or *not* by the Court.

[3] For the avoidance of any doubt, making this motion should toll the time for the parties to appeal the Amended Final Judgment. FED. R. APP. P. 4(a)(4)(A)(iv).

                                                    Respectfully Submitted,

Dated:      January 11TH, 2019      /s/ Iftikar Ahmed
                                                      _____
                                                        Iftikar A. Ahmed
                                                        C/O Advocate Anil Sharma
                                                        Government Place East
                                                        Kolkata 700069, India
                                                        Tel: +91.98.30.089.945
                                                        Email: iftyahmed@icloud.com
                                                        *Pro Se*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Mr. Nicholas P. Heinke
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Mr. Mark L. Williams
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

Mr. Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

Mr. Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Mr. Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

Mr. L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Ms. Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Ms. Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Dated:        January 11TH, 2019            /s/ Iftikar Ahmed

                                                                                                                                                                         _____

Iftikar A. Ahmed
C/O Advocate Anil Sharma
10 Government Place East
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com

*Pro Se*