UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>IFTIKAR AHMED,<br><br>　　　　　　Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; *et al*<br><br>　　　　　　Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA)<br><br><br><br>January 14TH, 2019 |

## **DEFENDANT'S EMERGENCY MOTION FOR CLARIFICATION OR RECONSIDERATION OF ORDER [DOC. #1088]**

　　　The *pro se* Defendant respectfully requests clarification or reconsideration of the Monday, January 14TH, 2019 Order [Doc. #1088] ("Order") allowing for the extension of stay of the SEC's responses to pending motions until the government shutdown ends.  The Defendant respectfully seeks clarification whether the Order was issued in error; and if not, requests the esteemed Court reconsider its ruling to allow the Defendant to first respond before ruling on the SEC motion.  In further support, the Defendant states the following:

　　　1.　　The Defendant incorporates all of his arguments in his Opposition to the SEC's first motion for stay [Doc. #1074].

1

2. On December 17TH, 2018, the Defendant filed his Emergency Motion for Attorney Fees for Second Circuit [Doc. #1061]. The SEC elected not to file an opposition to that motion, nor has the Court granted that Emergency Motion, which still remains pending.

3. On December 16TH, 2018, the Defendant submitted a motion to Preclude Procedurally Defective SEC Post Hearing Brief [Doc. #1060]. The SEC responded to the Defendant's motion to preclude within a day, filing their opposition on December 17TH, 2018 [Doc. #1062]. Similarly, the SEC has had every opportunity to file any response to the Defendant's motion for appellate fees (and to any other outstanding motions) for weeks since the Defendant filed his motion. Yet, the SEC, at its own discretion elected to wait, even with the full knowledge of the impending partial government shutdown, which has been globally and extensively covered for months prior to the actual shutdown.

4. Courts have found the government shutdown "is a dispute internal to one party, the Federal Government"… and "[I]t is [the Court's] view that the government should not be given special influence or accommodation in cases where such special considerations are unavailable to other litigants. The government, like all parties, is "required to find the means by which to continue its participation in [it's] litigation on a timely basis regardless of internal issues."" Exemption Order for Civil cases assigned to Judge Joseph R. Goodwin (*See* **EXHIBIT 1**); quoting *United States v. Baltimore Police Dep't*, No. 1:17-cv-0099-JKB (ECF No. 173).

5. In this case, the SEC is a part of the US federal government, which is dealing with an "internal dispute." By indefinitely staying the SEC's responses to pending motions, the esteemed Court has shown special accommodation to the SEC for an internal dispute and has prejudiced all other parties, especially the *pro se* Defendant, in this dispute, as all other deadlines are continuing for the parties.

6. The SEC is cherry-picking their appearances in the case, as they filed their Motion to extend the Stay while the government shutdown is continuing. As such, they are actively monitoring and following the docket (the Court issued its order for the initial stay on January 02ND, 2019 after the SEC claimed they could not work. If indeed they could not work, as the SEC claimed, how did they manage to file this motion that the esteemed Court granted within two hours of its filing?

The government shutdown is continuing and yet, the SEC filed the motion to extend the stay on January 14TH, 2019. If the SEC truly cannot respond to any motions, they would not be filing any motions whatsoever.  Because the SEC clearly knows what is happening in the docket and is actively filing motions for extension of the stay, they can also file a response to any pending motion and should not be allowed to pick and choose what motions they want to file if they are being granted special accommodation for a stay on pending motions.  The SEC has misrepresented to the esteemed Court that they are not working since they actively filed a motion in this very esteemed Court while claiming that they cannot work.  That claim is blatantly duplicitous.

7. Because the SEC is actively monitoring the docket (but not responding to pending motions), they are being given extra time to respond in opposition to pending motions, prejudicing other parties in this case.

8. The Defendant (and other parties) is prejudiced by a stay that is granted only to the SEC for their responses to pending motions.  One motion in particular is the Defendant's Emergency Motion for Appellate Fees [Doc. #1061], which prejudices Defendant if it is not granted in a timely manner.  This Emergency Motion has now been pending for over 28 (twenty eight) days or almost a month.

3

9. As the Second Circuit states on its website, "…the obligation of other parties [to cases with the US government] to comply with the filing requirements of the Federal Rules of Appellate Procedure and this Court's Local Rules remains in effect."[1] The Defendant has already filed multiple notices of appeal and he is not an attorney, let alone an appellate attorney, to be able to deal with such complex matters as scheduling, consolidating and briefing appellate matters. The Defendant's requirements with respect to his appeals filed with the Second Circuit remain in effect, the clock there is ticking, and the Defendant is prejudiced with a stay granted for the SEC on pending motions, especially on his Emergency Motion for Appellate Fees. Similarly, the Relief Defendants' requirements with respect to their appeal remain in effect [Doc. #1080].

10. RULE 7 of the LOCAL RULES OF CIVIL PROCEDURE for the District of Connecticut provides that "[u]nless otherwise ordered by the Court, all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion." D. CONN. L. CIV. R. 7.

11. The Defendant opposes the SEC's Motion and, per D. CONN. L. CIV. R. 7, understood that he had until February 04TH, 2019 (21 days after the Motion was filed) to file his opposition.[2]

12. On January 14TH, 2019, the Defendant received an electronic notification [Doc. # 1088] that the Court granted the SEC's Motion for an *indefinite* extension of time (until the U.S. government shutdown ends) for the SEC to respond to pending motions.

13. This Order favors only the SEC and prejudices all other parties to this dispute, for whom the case, the appeal and all other deadlines are continuing.

---

[1] Second Circuit website, http://www.ca2.uscourts.gov/, accessed on January 14TH, 2019.
[2] District Court of Connecticut website, http://www.ctd.uscourts.gov/, accessed on January 14TH, 2019.

14. The Court's earlier order [Doc. #1082] to grant the stay was for the "…SEC's currently pending deadlines to respond to the Motion to Intervene by Daniel G. Johnson [1058] and Defendant's Emergency Motion for Attorney Fees [1061] are stayed for 14 days from the date of this ruling. This stay may be lifted or extended upon a showing of exceptional circumstances." Signed by Honorable Judge Janet Bond Arterton on 1/2/19. (Davis, Caroline) (Entered: 01/02/2019) (emphasis added). No such showing of exceptional circumstances was ever made.

15. The SEC has not shown "exceptional circumstances" to extend the stay beyond the 14 days stipulated by the Court's order on January 02ND, 2019.

16. The Notice re: Operational Status on the US District Court of Connecticut's website states that "All proceedings and deadlines remain in effect as scheduled, unless otherwise advised. Case Management/Electronic Case Files (CM/ECF) will remain in operation for the electronic filing of documents with the courts."[3]  (**EXHIBIT 2**) This case remains in effect and has not been stayed for the other parties.

17. Because the Order was issued before the Defendant's reply in opposition was due, and because the SEC has not shown "exceptional circumstances to extend the stay," and because the Defendant's Motion for Appellate fees is outstanding, and because the Court did not ask for Defendant's opposition nor state that the Defendant would not have 21(twenty one) days to respond to the SEC's motion, and because the stay is granted only for the SEC while deadlines for all other parties continue, and because the Order was issued immediately (*within two hours*) after the SEC filed its motion, the Defendant respectfully seeks clarification as to whether the Order was issued in error and without due consideration.

18.

---

[3] District Court of Connecticut website, http://www.ctd.uscourts.gov/, accessed on January 14th, 2019.

## **CONCLUSION**

If the Order was not issued in error, the Defendant requests that the esteemed Court reconsider its ruling and first allow the Defendant to respond to the SEC's motion prior to ruling on it.

And if this esteemed Court does not allow the Defendant to respond, the Defendant requests that the esteemed Court immediately grant his Emergency Motion for Appellate fees [Doc. #1061], filed on December 17TH, 2018 and now pending for almost a month, so that he is not prejudiced in his appeal at the Court of Appeals for the Second Circuit; and if the Order continues, that all deadlines for all parties (including the Receiver) be stayed; in effect, staying the case in its entirety and not just for the SEC in the interest of equity and justice.

Respectfully Submitted,

Dated:   January 14TH, 2019        /s/ Iftikar Ahmed
_____
Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com
*Pro Se*

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Mr. Nicholas P. Heinke
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
Email: heinken@sec.gov

Mr. Mark L. Williams
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
Email: williamsml@sec.gov

Mr. Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
Email: pknag@murthalaw.com

Mr. Steven Gabriel Hayes Williams
Harris, St. Lauren & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 397-3370
Fax: (212) 202-6206
Email: ghayeswilliams@sc-harris.com

Mr. Jonathan Harris
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(646) 395-3481
Fax: (212) 202-6206
Email: jon@sc-harris.com

Mr. L. Reid Skibell
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(917) 512-9466
Fax: (212) 202-6206
Email: rskibell@sc-harris.com

Ms. Priya Chaudhry
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(212) 785-5550
Fax: (212) 202-6206
Email: priya@sc-harris.com

Ms. Kristen Luise Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
Email: kzaehringer@murthalaw.com

Dated:		January 14TH, 2019		/s/ Iftikar Ahmed
						_____
						Iftikar A. Ahmed
						C/O Advocate Anil Sharma
						10 Government Place East
						Kolkata 700069, India
						Tel: +91.98.30.089.945
						Email: iftyahmed@icloud.com

						*Pro Se*