UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>*Plaintiff,*<br><br>*v.*<br><br>IFTIKAR AHMED<br><br>*Defendant,* and<br><br>IFTIKAR AHMED ALI AHMED SOLE PROP, *et al*.<br><br>*Relief Defendants.* | Civil No. 3:15-cv-675 JBA |

**MOTION TO INTERVENE AND LIFT LITIGATION STAY**

NMR e-tailing, LLC ("NMR"), by its undersigned counsel, submits this Motion to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure and this Court's Order dated December 20, 2018 [Doc. No 1070] seeking intervention in this matter for the limited purpose of lifting the existing litigation stay in order to continue litigation commenced on October 18, 2017 venued in the Supreme Court of New York.  Specifically, this Court has recently issued an Order Appointing Receiver, which included a stay provision impacting "Ancillary Proceedings" in which Defendant Iftikar Ahmed ("Ahmed") is a Party.  [See Doc. No. 1070] at ¶23 ("The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, unless leave from this Court is obtained…").   Although NMR interprets the Order to effectuate a stay of "Ancillary Proceedings" only against Ahmed to protect against dissipation of his assets, in an abundance of caution and to provide guidance to the New York state court, NMR files the instant Motion and supporting Memorandum seeking to allow NMR to continue its pursuit of claims against non-parties in the instant case - Oak

Investment Partners, Oak Management Corporation, Oak Investment Partners XIII, LP, and Oak Associates XIII, LLC (collectively, "OIP") pending in the Supreme Court of the State of New York, County of New York, Index No. 656450/2017.

The SEC has reviewed this Motion and does not oppose the relief sought by this Motion, and OIP has indicated that it takes no position with respect to the relief sought herein.

**WHEREFORE**, NMR e-tailing, LLC, respectfully requests that the Court grant its Motion to Intervene and Lift Stay.

Dated:  February 5, 2019                                   Respectfully submitted,


                                                           */s/ Erin Canalia ct30489*
                                                           Erin Canalia, Esquire (Fed. Bar # ct30489)
                                                           WOLF, HOROWITZ & ETLINGER, L.L.C.
                                                           750 Main Street
                                                           Suite 606
                                                           Hartford, Connecticut 06103
                                                           Tel:  860-724-6667
                                                           Fax: 860-293-1979
                                                           ecanalia@wolfhorowitz.com
                                                           *Counsel for NMR E-tailing, LLC*

Of Counsel:

Kevin G. Hroblak, Esquire
Edward M. Buxbaum, Esquire
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Suite 1500
Baltimore, Maryland 21202-1636
khroblak@wtplaw.com
ebuxbaum@wtplaw.com
Tel: (410) 347-8700
Fax: (410) 223-4305

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>*Plaintiff,*<br><br>*v.*<br><br>IFTIKAR AHMED<br><br>*Defendant,* and<br><br>IFTIKAR AHMED ALI AHMED SOLE PROP, *et al*.<br><br>*Relief Defendants.* | Civil No. 3:15-cv-675 JBA |

## PROPOSED ORDER

Upon consideration of NMR e-tailing, LLC's Motion to Intervene for the limited purpose of requesting leave to lift the litigation stay and its Memorandum of Law in Support thereof, it is this _____ day of _____, 2019 hereby:

**ORDERED**, that NMR e-tailing, LLC's Motion to Intervene is **GRANTED**; and it is further

**ORDERED**, that NMR e-tailing's request to stay [Doc. No. 1070, ¶¶22-24] is **GRANTED** for the limited purpose of pursing claims against Oak Investment Partners, Oak Management Corporation, Oak Investment Partners XIII, LP, and Oak Associates XIII, LLC, which currently are pending in the Supreme Court of the State of New York, County of New York, Index No. 656450/2017.

_____
**JANET BOND ARTERTON**
United States District Court Judge

Dated at New Haven, Connecticut this _____ day of _____, 2019.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>*Plaintiff,*<br><br>*v.*<br><br>IFTIKAR AHMED<br><br>*Defendant,* and<br><br>IFTIKAR AHMED ALI AHMED SOLE PROP, *et al*.<br><br>*Relief Defendants.* | Civil No. 3:15-cv-675 JBA |

**MEMORANDUM OF LAW IN SUPPORT OF NMR'S MOTION TO INTERVENE AND LIFT LITIGATION STAY**

NMR e-tailing, LLC ("NMR"), by its undersigned counsel, submits this Memorandum of Law in Support of its Motion to Intervene and Lift Stay, and states as follows:

### I.   INTRODUCTION AND BACKGROUND

1. NMR e-tailing, LLC was formed in 2013 by a group of investors for the purpose of investing in Choxi.com, referred to in this case as "Company C."

2. On October 18, 2017, NMR, based on facts and circumstances surrounding NMR's investment in Company C, filed a lawsuit against Oak Investment Partners and its managing members, Oak Management Corporation, Oak Investment Partners XIII, LP, and Oak Associates XIII, LLC (collectively, "OIP"), and Iftikar Ahmed ("Ahmed") in the Supreme Court of the State of New York, County of New York, Index No. 656450/2017 (the "Pending New York Action").  A copy of NMR's 60-page Verified Complaint is attached hereto as **Exhibit A**.

3. NMR's causes of action in the Pending New York Action are as follows:

   i. Fraudulent misrepresentation and concealment;

      ii. Fraudulent inducement;

     iii. Gross negligence;

     iv. Negligent misrepresentation;

      v. Grossly negligent supervision; and

     vi. General partnership liability.

4. On March 14, 2018, a judgment against Ahmed was entered on the issue of liability as a result of his failing to answer or otherwise respond to NMR's Complaint. Simply stated, Ahmed has not participated in any way in the Pending New York Action. NMR has not taken any action to liquidate or collect its default against Ahmed at this juncture. NMR, however, has made the SEC aware of the status of the Pending New York Action and its expected involvement in the Fair Funds process as a victim of Ahmed's conduct.

5. With NMR's claims against Ahmed isolated from its remaining claims against OIP, the Pending New York Action has proceeded with discovery. A trial date of December 2, 2019 has been set by the Court.

6. Indeed, the parties have engaged in written discovery, produced thousands of documents, attended several compliance conferences to resolve discovery disputes, and, importantly, negotiated a detailed scheduling order, which was approved by the Court. The parties are currently preparing to commence with depositions.

7. NMR became aware of this Court's Order Appointing Receiver [Doc. No. 1070]. To the extent that this Court's Order was intended to extend the litigation stay to all litigants in any case in which Ahmed is a party, and not just to stay such cases against Ahmed only or those that impact assets of the Receivership estate, NMR seeks to lift the stay for the limited purpose

of allowing the New York litigation to proceed against OIP, which are not defendants in this instant case.

## II. ARGUMENT IN SUPPORT OF NMR'S REQUEST FOR LIFT OF LITIGATION STAY

8. The "focus" of a receivership is "to safeguard the assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets if necessary." *S.E.C. v. Vescor Capital Corp.*, 599 F.3d 1189, 1194 (10th Cir. 2010) (quoting *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006)).

9. As these interests are not implicated by NMR's request here, NMR moves to utilize the mechanism provided in this Court's Order by which NMR can seek to lift the litigation stay in order to pursue its claims against OIP. *See* Doc. No. 1070, ¶23 ("The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, unless leave from this Court is obtained…").  Indeed, "an appropriate escape valve, which allows potential litigants to petition the court for permission to sue [*e.g.,* Doc. No. 1070, ¶23], is necessary so that litigants are not denied a day in court during a lengthy stay." *Vescor Capital Corp.*, 599 F.3d at 1194.

10. In considering a motion to lift a litigation stay in this context, Courts weigh three factors:

> (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim.

*Carney v. Beracha*, 996 F. Supp. 2d 56, 73 (D. Conn. 2014) (citing *SEC v. Wencke*, 742 F.2d 1230 (9th Cir.1984)).

11.     Consideration of these factors clearly weighs in favor of granting NMR's request. *See S.E.C. v. Universal Fin.*, 760 F.2d 1034, 1038 (9th Cir. 1985) (The *Wencke* test simply requires the district court to balance the interests of the Receiver and the moving party.").

12.     **First**, while granting NMR's request will not affect the status quo of the receivership, NMR will suffer substantial injury if the Pending New York Action is prohibited from moving forward. It is undisputed that OIP is not a defendant in the instant case and OIP does not have any assets frozen under the Receiver's control. Accordingly, with respect to OIP, NMR's claims will not affect the purpose of the receivership.

13.     As to prejudice, considerable time, effort and expense have clearly been invested in the Pending New York Action. Should the Pending New York Action be forced to stop in its tracks, much of the work required to get the litigation into its current advanced posture will be negated. Moreover, NMR would be "denied [its] day in court during a lengthy stay" (*Vescor Capital Corp.*, 599 F.3d at 1194) given the currently pending appeal to the Second Circuit.

14.     **Second**, the timing of the instant Motion is inconsequential because, again, NMR's claims, *with respect to OIP*, do not seek to disturb the frozen assets under the Receiver's control. Accordingly, there is no concern that Receiver would be "forced into court" to defend or protect the frozen assets. *Vescor Capital Corp.*, 599 F.3d at 1198.

15.     **Third**, the merits of NMR's claims have been substantiated by the fact that they have survived a motion to dismiss in the pending New York Action. *See Wencke*, 742 F.2d at 1232 (the court need only "determine whether appellants had a *colorable claim*") (emphasis in original).

16.     As demonstrated herein, a lift of the litigation stay is appropriate for the limited purpose of allowing NMR to pursue its claims against OIP in the Pending New York Action.

4

The *Wencke* factors heavily weigh in NMR's favor—especially considering the clear distinction between NMR's claims against OIP and the assets controlled by the Receiver.

17. Finally, NMR states that it has conferred with the SEC in advance of this Motion, and the SEC does not oppose the relief sought by NMR.  Further, NMR has conferred with counsel for OIP, who takes no position regarding the Motion.

Dated:  February 5, 2019                                      Respectfully submitted,

*/s/ Erin Canalia ct30489*
Erin Canalia, Esquire (Fed. Bar # ct30489)
WOLF, HOROWITZ & ETLINGER, L.L.C.
750 Main Street
Suite 606
Hartford, Connecticut 06103
Tel:  860-724-6667
Fax: 860-293-1979
ecanalia@wolfhorowitz.com
*Counsel for NMR E-tailing, LLC*

Of Counsel:

Kevin G. Hroblak, Esquire
Edward M. Buxbaum, Esquire
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Suite 1500
Baltimore, Maryland 21202-1636
khroblak@wtplaw.com
ebuxbaum@wtplaw.com
Tel: (410) 347-8700
Fax: (410) 223-4305

10036217