UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
UNITED STATES SECURITIES AND :
EXCHANGE COMMISSION, :
         *Plaintiff*, :
             v. : Civil No. 3:15cv675 (JBA)
:
IFTIKAR AHMED, :
         *Defendant*, and :
:
IFTIKAR ALI AHMED SOLE PROP; I-CUBED :
DOMAINS, LLC; SHALINI AHMED; SHALINI :
AHMED 2014 GRANTOR RETAINED :
ANNUITY TRUST; DIY A HOLDINGS LLC; :
DIYA REAL HOLDINGS, LLC; 1.1. 1, a minor :
child, by and through his next friends IFTIKAR and :
SHALINI AHMED, his parents; 1.1. 2, a minor :
child, by and through his next friends IFTIKAR and :
SHALINI AHMED, his parents; and 1.1. 3, a minor : April 5, 2019
child, by and through his next friends IFTIKAR and :
SHALINI AHMED, his parents, :
:
         *Relief Defendants*. :
---------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY OAK MANAGEMENT CORPORATION'S MOTION TO LIFT LITIGATION STAY

Oak Management Corporation ("OMC"), by its undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to Lift the Litigation Stay. As this Court has found, certain investment funds managed by OMC were the primary victims of Defendant Iftikar Ahmed's fraudulent scheme. OMC now seeks to lift the stay for the limited purpose of commencing an arbitration against Ahmed to recover damages it suffered in connection with that very same fraudulent scheme, damages that were not sought by, or awarded to the SEC in this action.

{N5579702}

I. **Background**

OMC employed Ahmed for approximately ten and a half years, from early 2004 through May 18, 2015, when he was terminated for cause following the discovery of his scheme to defraud OMC and others (the "Fraud"). On March 29, 2018, this Court granted summary judgment in favor of the SEC, finding that, among other things, Ahmed had defrauded the Oak funds while employed at OMC in violation of the federal securities laws. (*See generally* ECF No. 835.) On September 6, 2018, this Court ordered Ahmed to pay over $62 million in disgorgement and civil penalties, plus prejudgment interest and certain investment gains. (*See generally* ECF No. 955.) This Court subsequently appointed Jed Horwitt, Esq. of Zeisler & Zeisler, P.C. to serve as receiver (the "Receiver") to work toward managing, valuing, and/or liquidating Ahmed's currently frozen assets while appeals are pending, and to distribute those assets should the SEC prevail on appeal. (*See* Court's Order Appointing Receiver (ECF No. 1070).)

The order appointing the Receiver includes a stay provision prohibiting parties from commencing or continuing certain civil legal proceedings without the Court's permission, including "Ancillary Proceedings" in which Ahmed is a party. (*See id.* at ¶¶ 22-23.) "Ancillary Proceedings" is defined in the order to include "[a]ll civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature . . . against any of the Defendants . . . ." (*Id.* at ¶ 22.) OMC now seeks relief from this stay so it may commence an arbitration proceeding against Ahmed to recover the damages it suffered as a result of the Fraud. Specifically, OMC intends to bring claims in an AAA arbitration for breach of fiduciary duty, breach of contract and the covenant of good faith and fair dealing, and common law fraud. The conduct that serves as the basis of these claims is largely the same conduct that this Court has

adjudged amounted to fraud against the OMC funds. (*See* ECF No. 835 at 34.) OMC seeks compensatory damages in an amount not less than $20 million, plus interest; consequential damages in an amount not less than $15 million, plus interest; punitive damages in the amount to be determined at the arbitration hearing and such other further relief as the arbitrator deems just and equitable. These damages were not sought by, or awarded to, the SEC in its action against Ahmed.

II.     **The Stay Should Be Lifted Allowing OMC To Pursue Arbitration Against Ahmed**

When analyzing a motion to lift a litigation stay imposed by a receivership court, "courts utilize a three-part test articulated by the Ninth Circuit in *SEC v. Wencke*, 622 F.2d 1363 (9th Cir. 1980) ("*Wencke I*") and *SEC v. Wencke*, 742 F.2d 1230 (9th Cir. 1984) ("*Wencke II*"), which has been applied by courts in the Second Circuit." *United States v. JHW Greentree Capital, L.P.*, No. 3:12-CV-00116 (VLB), 2014 WL 2608516, at *4 (D. Conn. June 11, 2014) (citing *SEC v. Byers*, 592 F. Supp. 2d 532, 536 (S.D.N.Y. 2008), *aff'd*, 609 F.3d 87 (2d Cir. 2010)); *SEC v. Illarramendi*, No. 3:11CV78 (JBA), 2012 WL 234016, at *4 (D. Conn. Jan. 25, 2012) (Arterton, J.). Specifically, when determining whether a stay should be lifted, a court should consider "(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim." *JHW Greentree Capital*, 2014 WL 2608516, at *4 (citing *Wencke II*, 742 F.2d at 1231; *Byers*, 592 F. Supp. 2d at 536, *aff'd*, 609 F.3d 87 (2d Cir. 2010)).

The first *Wencke* factor "essentially balances the interests in preserving the receivership estate with the interests" of the movant. *SEC v. Stanford Int'l Bank Ltd.*, 424 F. App'x 338, 341 (5th Cir. 2011); *see also Illarramendi*, 2012 WL 234016, at *5. Here, OMC's

arbitration will not disrupt the status quo of the receivership. OMC does not seek to disturb the asset freeze or take priority over the SEC's claim to any of the frozen assets. Nor will the arbitration require the Receiver to expend any additional time or money since the arbitration does not involve any issue germane to the Receiver's duties. Accordingly, OMC's arbitration can move forward in parallel with the receivership while allowing the Receiver to fulfill its duties without interruption.

On the other hand, OMC stands to suffer substantial injury if prevented from bringing an action against Ahmed at this time. If OMC is unable to pursue its claims against Ahmed at this time, it faces the prospect of being unable to satisfy any future award it wins against Ahmed because the frozen assets available to it to secure that award (the sole known source of any recovery against Ahmed) likely will be dissipated. The injury OMC will suffer without leave to file this arbitration is substantial by any measure.

The application of the second *Wencke* factor also favors the lifting of the stay. Here, the Receiver has been working toward organizing and understanding the assets and entities under his control for months and has now submitted a report outlining its findings and recommendations. (*See* ECF No. 1130.) OMC's arbitration will in no way distract from the Receiver's continuing efforts to organize and understand the entities and assets under his control since the arbitration will not involve the Receiver in any way. In fact, with regard to NMR e-tailing, LLC's motion seeking similar relief, the Receiver took no position as to that motion because he did not believe it would affect his ability to complete his duties. (*See* ECF No. 1115 at 1-2.) The same conclusion should be reached with respect to OMC; its request simply will not affect or impair the Receiver's ability to satisfy its obligations. Accordingly, this second *Wencke* factor clearly weighs in favor of lifting the stay. *JHW Greentree Capital*, 2014 WL 2608516, at

*7-8 (finding that the Receiver had progressed enough in its duties that the court was comfortable that the timing factor weighed in the movant's favor).

With respect to the third *Wencke* factor, "[a] district court need only determine whether the party has colorable claims to assert which justify lifting the receivership stay." *JHW Greentree Capital*, 2014 WL 2608516, at *9 (quoting *United States v. Acorn Tech. Fund*, 429 F.3d 438, 444 (3d Cir. 2005)). "The more meritorious a movant's underlying claim, the more heavily this factor will weigh in the movant's favor." *Id.* (citing *Wencke I*, 622 F.2d at 1373). The merits of OMC's claims are quite strong: the conduct underlying these claims is largely the same conduct at issue in this proceeding and for which this Court has found for the SEC on liability, noting that the "record demonstrates without question that Defendant's fraud was directed towards [the OMC] Funds." (*See* ECF No. 835 at 34.) The Court's own findings in this matter speak directly to the strength of OMC's claims and should serve as part of the basis for the arbitrator to find in OMC's favor. This factor plainly weighs heavily in favor of lifting the stay.

At bottom, the "*Wencke* test simply requires the district court to balance the interests of the Receiver and the moving party." *JHW Greentree Capital*, 2014 WL 2608516, at *4 (quoting *SEC v. Universal Fin.*, 760 F.2d 1034, 1038 (9th Cir. 1985)). OMC's interest in proceeding with its arbitration against Ahmed outweighs those of the Receiver because OMC's arbitration will in no way disrupt the Receiver, while the litigation stay could leave OMC – a victim of Ahmed's fraudulent scheme – with no means of recovering for the damage it suffered as a result of the Fraud. *C.f. United States v. ESIC Capital, Inc.*, 685 F. Supp. 483, 485-86 (D. Md. 1988) (finding that the movant's substantial injury if not permitted to proceed in

combination with the substantial merits of her underlying claim outweighed the early stage of the receivership).

                              **OAK MANAGEMENT CORPORATION, NON-PARTY RESPONDENT**

By: /s/ David T. Grudberg
     David T. Grudberg, Esq. (ct01186)
     CARMODY TORRANCE SANDAK &
     HENNESSEY LLP
     195 Church Street, P.O. Box 1950
     New Haven, C.T. 06509-1950
     Telephone: (203) 777-5501
     Facsimile: (203) 784-3199
     E-mail: dgrudberg@carmodylaw.com

Of Counsel:

David K. Momborquette, Esq.
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, N.Y. 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955
E-mail: David.Momborquette@srz.com

*Counsel for Oak Management Corporation*

## CERTIFICATION

I hereby certify that on April 5, 2019, a copy of the foregoing Memorandum of Law in Support of Motion to Lift Litigation Stay was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operating of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ David T. Grudberg
David T. Grudberg