UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 3:15cv675 (JBA) |
| IFTIKAR AHMED, | ) ) ) | |
| Defendant, and | ) ) ) | |
| IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Relief Defendants. | ) ) | |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF ASSET FREEZE AND EXPECTED APPOINTMENT OF RECEIVER IN *SEC V. KANODIA, ET AL.*, 15-CV-13052 (D. MASS.).**

Plaintiff United States Securities and Exchange Commission ("SEC") hereby files this Notice to alert the Court of certain developments in Defendant Iftikar Ahmed's insider trading case in the District of Massachusetts.

1. On April 2, 2015, approximately two months before the SEC initiated the instant case, the SEC filed a civil complaint alleging Defendant profited by more than $1.1 million through trading on inside information he obtained from a family friend. *See SEC v. Kanodia, et al.*,

No. 1:15-cv-13042-ADB (D. Mass. filed April 2, 2015) ("Civil Insider Trading Case"). That same day, Defendant was arrested and criminally charged with insider trading. *See United States v. Kanodia, et al.*, No. 1:15-cr-10131 (D. Mass. Apr. 1, 2015) ("Criminal Insider Trading Case").

2. Defendant's Criminal Insider Trading Case has not resolved because he fled the jurisdiction and remains a fugitive of justice. The Civil Insider Trading Case has largely been stayed since approximately February 2017.

3. In the instant case, on December 14, 2018, Judgment was entered against Defendant Ahmed holding him liable for disgorgement of $41,920,639, prejudgment interest of $1,491,064.01 plus any interest or gains accrued on disgorged frozen assets from the date of the Court's freeze order, and a civil penalty of $21,000,000. *See* Doc. # 1054 at 4. That same day, the Court entered [Doc. # 1052] an Order "stay[ing] enforcement of the judgment only as to distribution of assets in satisfaction of the judgment" and ordering that "Defendant's assets will remain frozen during the pendency of the appeal, serving as the functional equivalent of a supersedas bond to ensure that the SEC, should it prevail on appeal, will not be injured by the stay." *Id.* at 7.

4. On December 20, 2018, the Court appointed [Doc. # 1070] as receiver Jed Horwitt of Ziesler & Zeisler, P.C. ("Receiver") to control "all assets subject to the Court's asset freeze order" (*id.* at 6) and directed him to file a report providing certain information 90 days later. *Id.* at 14-15.

5. On April 3, 2019, the Receiver filed a report showing that there are expected to be assets remaining once the SEC's judgment is secured. *See* Doc. # 1130.

6. On April 9, 2019, the district court presiding over the Civil Insider Trading Case held a status conference.[1] The court lifted the litigation stay and stated that it anticipated granting the SEC's request to freeze approximately $4.4 million of assets that may be released from this Court's asset freeze.[2]

7. On April 11, 2019, the district court presiding over the Civil Insider Trading Case issued an Order which, among other things, stated:

> SEC and Defendant shall serve notice on the receiver in *SEC v. Ahmed et al.*, No. 1:15-cv-13042-ADB 15-cv-675 (D. Conn.), that this Court anticipates ordering an asset freeze for $4.4 million of Defendant's assets in excess of the amount necessary for satisfaction of the judgment in the Connecticut case. Upon application of the SEC to appoint Jed Horwitt of Zeisler & Zeisler, P.C. as receiver in this action, the Court anticipates issuing an appointment. The SEC shall submit a proposed order, consistent with all terms of Connecticut appointment, appointing a receiver and freezing the appropriate amount of assets.

*SEC v. Kanodia, et al.*, 15-cv-13042 (D. Mass.) (ECF # 189) (Exhibit A).

8. On April 12, 2019, the SEC served the above Order on the Receiver as well as notified the Receiver and his counsel that the district court presiding over the Civil Insider Trading Case anticipated ordering an asset freeze for $4.4 million of Defendant's assets in excess of the amount necessary for satisfaction of the judgment in the instant case, and that it anticipated appointing the Receiver to also act as receiver over those assets. The SEC requested, and the Receiver agreed to provide, a statement to include in the instant Notice.

---

[1] Defendant Iftikar Ahmed's attorneys attended the status conference. Ms. Ahmed also attended the status conference telephonically after she moved to intervene in the case.

[2] Defendant Ahmed argued that this Court's Order Appointing Receiver specifically stayed the Insider Trading Case pending in the District of Massachusetts. Neither the judge presiding over that case, nor the SEC, understood the Order Appointing Receiver was intended to or did stay the Civil Insider Trading Case.

9. The Receiver states as follows:

>   Subject, of course, to this Court's view and further direction, the Receiver does not object to his appointment to serve as Receiver in the Civil Insider Trading Case. The Receiver does not perceive there to be any conflict between his ability to fulfill his duties under the Order Appointing Receiver [Doc. # 1070] and his likely duties as the receiver in the Civil Insider Trading Case primarily because the asset freeze and any future judgment in the Civil Insider Trading Case would only apply to, and be satisfied by, assets not necessary to fully secure the judgment in the instant matter, including costs associated with the administration of the Receivership Estate. Furthermore, the Receiver appreciates the efficiencies inherent in his appointment as receiver in the Civil Insider Trading Case, both with respect to that matter as well as the instant action. In furtherance of the Receiver's continuing duty under the Order Appointing Receiver to ensure that there are no conflicts of interest and his general obligation to execute his responsibilities under the Order Appointing Receiver fully and fairly, if a conflict arises between the Receiver's responsibilities under the Order Appointing Receiver and any similar order issued in the Civil Insider Trading Case, the Receiver would alert the parties and both courts to seek appropriate guidance.

10. The SEC files this Notice in order to apprise the Court of the anticipated asset freeze and appointment of the Receiver to act as receiver in the Civil Insider Trading Case.

- 5 -

Dated:  April 17, 2019.

                                      */s/ Mark L. Williams*
Nicholas P. Heinke
Mark L. Williams
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1027 (Williams)
HeinkeN@sec.gov
WilliamsML@sec.gov
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

      I certify that on April 17, 2019, a copy of the foregoing document was emailed to Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Jonathan Harris
Reid Skibell
David Deitch
S. Gabriel Hayes-Williams
Joseph Gallagher
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(Counsel for Relief Defendants).

Christopher H. Blau
Stephen M. Kindseth
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
(Counsel for Receiver, Jed Horwitt, Esq.)

                                              s/ *Mark L. Williams*
                                              Mark L. Williams