UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> IFTIKAR AHMED <br><br> Defendant, and <br> and <br><br> IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents <br><br> Relief Defendants. | Civil Action No. 3:15-cv-675-JBA |

**STATEMENT OF RECEIVER'S POSITION REGARDING DEFENDANT'S MOTION FOR ACCESS TO ALL INFORMATION ACQUIRED BY THE RECEIVER ON HIS PRIVATE INVESTMENTS AND HOLDINGS**

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully provides this statement (the "Statement") in response to the Defendant's Motion for Access to All Information Acquired by the Receiver on His Private Investments and Holdings [Doc. No. 1129] (the "Motion"), filed on April 3, 2019. In support thereof, the Receiver respectfully represents as follows.

---

[1] Unless expressly defined otherwise in this report, the definitions of terms set forth in the Order Appointing Receiver [Doc. No. 1070] (the "Appointment Order") are incorporated herein by reference.

1

The Defendant asks this Court to compel the Receiver to "share with the Defendant all documents and information received by the Receiver pertaining to the performance, financials, and status of his various private investments."[2] (Motion at 1.) When the Defendant originally made this request to the Receiver (by email to his counsel) on March 29, 2019, his counsel responded on March 30th by stating that "[w]e will look into the appropriateness of forwarding information to you and report back shortly." (Motion, Ex. 1.) The Defendant then unilaterally set a deadline of Tuesday, April 2nd for the Receiver's response. The Receiver did not respond within such time requested by the Defendant and the Defendant filed his Motion on April 3rd.

The Defendant's request for a copy of documents in the Receiver's possession concerning the private investments is governed by paragraph 13 of the Appointment Order. It provides that:

> Upon demonstration of need, the Receiver shall allow reasonable access to the books, records, or other documents necessary for the Defendants to comply with their obligations under this Order and/or to defend themselves in this proceeding under terms and conditions which he determines to be appropriate and under the circumstances which are consistent with his obligations to preserve and protect relevant materials and with prior Court orders.

While recognizing beyond these provisions the benefits generally of cooperation and transparency between the parties involved in this litigation, the Receiver is compelled, of course, to comply with the terms of the Appointment Order. With respect to the instant issue, that means complying with paragraph 13.

The Defendant's initial emails making the request did not attempt to demonstrate a need for the documents in order "for the Defendants to comply with their obligations under this Order and/or to defend themselves in this proceeding … ." The Defendant's Motion similarly does not

---

[2] The "private investments" expressly includes, but is not limited to, Clues Network, Inc. ("Clues Network"); Ribbit Capital, LP ("Ribbit Capital I"); Ribbit Capital II, LP ("Ribbit Capital II," and jointly with Ribbit Capital, "Ribbit Capital"); and, Oak HC/FT Associates LLC ("Oak HC/FT").

articulate a justification within the parameters of paragraph 13, focusing instead on his ownership interest in the private investments and the corresponding private companies' legal obligation to share such information with the Defendant.

When the Receiver's counsel inquired further, *making specific reference to the requirements set forth in paragraph 13 of the Appointment Order*, the Defendant responded by stating that his request "is based on all the legal transaction documents I/we signed with the companies/entities that I/we invested in" and that he "need[s] to understand how my/our investments are performing and if there is an opportunity for me/us to try and monetize the investment or sell or prepare for further investments. My need for the information arises from my/our economic and financial interests in those investments." (*See* Email Exchange Between Counsel for the Receiver and Defendant, attached hereto as **Exhibit A**.)

In the Receiver's view, the Defendant has not made any "demonstration of need" that the documents are "necessary for the Defendant[] to comply with [his] obligations under [the Appointment] Order and/or to defend [himself] in this proceeding." (Appointment Order, at ¶ 13.) It appears clear to the Receiver that the Defendant wants the documents in the Receiver's possession concerning the private investments in an attempt to advance his interests independent of this Receivership Proceeding — presumably when and if those private investments revert back to him. This articulated reason does not satisfy the requirements set forth in paragraph 13.

This Court should be further informed that, pursuant to correspondence exchanged between the Receiver's counsel and the Defendant following the filing of the Motion, it is the Receiver's understanding that the Defendant is no longer seeking information or documentation concerning Ribbit Capital, rendering moot that portion of the Motion.

Similarly, counsel for Oak HC/FT informed the Receiver's counsel that Oak HC/FT provided the Defendant with the same set of documents, namely an operating agreement and a

separate terms letter executed by the Defendant, that Oak HC/FT provided to the Receiver. Moreover, the Defendant is in possession of the same valuation information concerning the Oak HC/FT asset as the Receiver, specifically the most recently available valuation data including the capital account value and the cash distribution value.

Finally, this Court should be advised that with respect to the documents provided by Oak Investment Partners and its affiliated entities (collectively, "Oak"),[3] the Receiver's counsel expressly agreed to hold such documents in confidence. Additionally, the other parties to the privately held investments who also provided documents to the Receiver may have a legally enforceable interest in their non-disclosure that they would seek to protect in the form of a protective order or otherwise. Accordingly, should this Court determine that the Defendant has articulated a basis to obtain such documents which satisfies paragraph 13 of the Appointment Order, the Receiver suggests providing notice and an opportunity to be heard to the counter-parties to the private investments prior to such disclosure to the Defendant. Among others, such notice and opportunity to be heard would allow Oak to take a position relative to the sharing of documentation or information with the Defendant consistent with this Court's prior sealing orders.

---

[3] While the Defendant does not expressly reference in the Motion the documents produced by these Oak entities, the order he seeks — covering all documents and information pertaining the performance, financials, and status of his private investments — would compel the production of documents concerning Oak. This Court previously ordered that various documents relating to Oak should be filed under seal (*See generally* Doc. Nos. 834 at 8; 954).

Dated April 24th, 2019, at Bridgeport, Connecticut.

                         Respectfully submitted,
                         JED HORWITT, ESQ., RECEIVER

                         */s/ Christopher H. Blau*
                         Stephen M. Kindseth (ct14640)
                         Christopher H. Blau (ct30120)
                         Zeisler & Zeisler, P.C.
                         10 Middle Street, 15th Floor
                         Bridgeport, CT  06604
                         Telephone: 203-368-4234 X 236
                         Facsimile: 203-549-0903
                         Email: cblau@zeislaw.com;
                         skindseth@zeislaw.com
                         *Counsel to the Receiver*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2019, a copy of the foregoing Statement was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                  */s/ Christopher H. Blau*
                                                  Christopher H. Blau (ct30120)