UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------- X

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        *Plaintiff*,

  v.

IFTIKAR AHMED,

        *Defendant, and*

IFTIKAR ALI AHMED SOLE PROP,
I-CUBED DOMAINS, LLC; SHALINI AHMED;
SHALINI AHMED 2014 GRANTOR RETAINED
ANNUITY TRUST; DIYA HOLDINGS LLC;
DIYA REAL HOLDINGS, LLC; I.I. 1, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents; I.I. 2, a minor child,
by and through his next friends IFTIKAR and
SHALINI AHMED, his parents; and I.I. 3, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents,

        *Relief Defendants*.

------------------------------------------------------------------- X

Civil Action No.
3:15-CV-675 (JBA)

May 20, 2019

**RESPONSE BY HARRIS, ST. LAURENT & CHAUDHRY LLP TO THE FIRST INTERIM APPLICATION FOR PROFESSIONAL FEES AND EXPENSES BY THE RECEIVER AND HIS PROFESSIONALS**

    In the May 15, 2019, First Interim Application for Professional Fees and Expenses by the Receiver and His Professionals ("First Fee Application") Dkt. 1160, the Receiver again confirms what Relief Defendants have been stating for over two years: that the assets in the Receivership Estate exceed the amount required to secure any judgment that Plaintiff could obtain in this matter and certainly exceed the Judgment obtained by Plaintiff. Dkt. 955. In a discussion about the geographical locations of assets in the Receivership Estate, the Receiver notes in passing that the assets in the Receivership Estate exceed the amount necessary to secure the Judgment. Dkt. 1160

1

at 13. Furthermore, because the assets of the Receivership exceed the amounts of the Judgment, the Receiver has stated that he does not intend to seek liquidation of certain property of the Receivership Estate and has not even sought to value it. *Id.* at 17 ("With the exception of certain gold bars and gold coins, the Receiver does not believe at this time that liquidation of Receivership Personal Property is necessary to secure the Judgment and thus has not proposed a formal valuation or liquidation process of these assets.") Finally, in his application, the Receiver again concludes, as he did in his Report, Dkt. 1130-1, that there is approximately $18 million in assets in excess of the amount needed to secure the Judgment. Dkt. 1160-5 at 6.[1]

In making these arguments, the Receiver appears to be heading off the possibility of objections to his First Fee Application on the basis that payments to the Receiver could reduce the recoveries of persons holding claims against the Receivership Estate. *See, e.g., S.E.C. v. Byers*, No. 08 CIV. 7104 DC, 2014 WL 7336454, at *6 (S.D.N.Y. Dec. 23, 2014) ("As a policy matter, the rule of moderation [in setting the amount of fees for receivers] makes particular sense in circumstances such as those here, where hundreds of investors and creditors have been defrauded and victims are likely to recover only a fraction of their losses.") In doing so, however, the Receiver appears to have abandoned the position he took in his opposition to Defendant's motion for a mistrial just two weeks ago: "[T]here are no Receivership Estate assets that, in the Receiver's view, are truly excess and unnecessary to secure the Judgment." Dkt. 1146 at 2.

---

[1] Specifically, the Receiver, applying extremely conservative assumptions, concludes that the total value of the assets in the Receivership Estate amounts to $89,377,509.22. Dkt. 1160-5 at 6. Among other conservative assumptions, in addition to effectively valuing hundreds of thousands of dollars of gold and jewelry at zero dollars, as noted above, the Receiver discounts 100% the value of Defendant's interests in various Oak accounts, on the basis that "the holder of the asset takes the position that the asset has been forfeited." *Id.*

To be clear, Harris, St. Laurent & Chaudhry LLP ("HSC") do not oppose the First Fee Application and agree with the Receiver's repeatedly stated conclusion that the assets of the Receivership Estate far exceed the amount required to secure the Judgment. HSC submits this response solely to underscore the obvious: if there are sufficient funds to pay the expenses of the Receiver without impacting the security of the Judgment, there are also sufficient funds to allow for the payment of attorneys' fees to HSC and Berenzweig Leonard LLP.

Given that the debts owed HSC long pre-date obligations to the Receiver, and given that the Receiver's work has done little but confirm Relief Defendants' arguments about the relative size of the Judgment and the assets comprising the Receivership Estate, it would be inequitable to prioritize the Receiver over HSC in order of payment. As stated above, the Receivership Estate can without question permit the payment of both of the outstanding legal fees and the Receiver's fees without in any way compromising the security of the Judgment. But if only one of HSC and the Receiver can be paid, the Court should exercise its discretion to pay HSC. For this reason and for all the reasons stated in HSC's latest application for attorneys' fees, Dkt. 1152, that application should be granted.

Dated:  New York, New York
       May 20, 2019

    Respectfully submitted,

       */s/ S. Gabriel Hayes-Williams*
    Jonathan Harris (phv07583)
    Joseph Gallagher (phv09604)
    S. Gabriel Hayes-Williams (phv07948)
    HARRIS, ST. LAURENT& CHAUDHRY LLP
    40 Wall Street, 53rd Floor
    New York, New York 10005
    Telephone: 212.397.3370
    Facsimile: 212.202.6202

    *Withdrawing Attorneys for Relief Defendants*

*I-Cubed Domain, LLC, Shalini Ahmed,*
*Shalini Ahmed 2014 Grantor Retained*
*Annuity Trust, Diya Holdings, LLC, Diya*
*Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2019, I caused a copy of the foregoing Response to be served by ECF upon:

Nicholas P. Heinke
Mark L. Williams
U.S. Securities and Exchange Commission
1961 Stout St., Suite 1700
Denver, CO 80294
HeinkeN@sec.gov
WilliamsML@sec.gov

Iftikar Ahmed
c/o Advocate Anil Sharma
10 Government Place East
Ground Floor
Kolkatta, West Bengal, India 700-069
iftyahmed@icloud.com

Stephen M. Kindseth
Christopher H. Blau
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
skindseth@zeislaw.com
cblau@zeislaw.com

　　　　　　　　　　　　　　　　　　　　　　　*/s/ S. Gabriel Hayes-Williams*