UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | No. 3:15-CV-675 (JBA) |
| Plaintiff, | ) ) ) |  |
| v. | ) ) |  |
| IFTIKAR AHMED, | ) ) |  |
| Defendant, and | ) ) ) |  |
| IFTIKAR ALI AHMED SOLE PROP; *et al* | ) ) | MAY 21, 2019 |
| Relief Defendants. | ) ) |  |

### RELIEF DEFENDANTS' MOTION TO JOIN DEFENDANT'S REPLY (DOC #1162)[1] TO THE SEC'S OPPOSITION TO AND THE RECEIVER'S STATEMENT REGARDING DEFENDANT'S "MOTION TO FIND AND SANCTION THE SEC FOR CONTEMPT OF COURT ORDER" (DOC #1139)

The Relief Defendants agree with Defendant that the SEC should be held in contempt for violating this Court's Order Appointing Receiver dated December 20, 2018 (Doc. #1070) (the "Order"), particularly insofar as they sought and obtained an asset freeze order in Massachusetts. The Relief Defendants reserve all rights with respect to all issues.

The Relief Defendants join the Defendant's Reply (Doc. #1162) to the SEC's Response in Opposition to and the Receiver's Statement Regarding Defendant's "Motion to Find and Sanction the SEC for Contempt of Court Order" (Doc. #1139).

---

[1] "ECF" refers to the docket of the MA Civil Matter, whereas "Doc." refers to this Court's docket. "MA Civil Matter" refers to *SEC v. Kanodia, et al.*, No. 1:15-cv-13042-ADB (D. Mass.).

In addition, Relief Defendants also object to the SEC's and the Receiver's statements and depiction of Ms. Ahmed's "conduct" in the MA Civil Matter:

> Consistent with this reading and as explained more fully in the Commission's Objection, the Defendant's and the Relief Defendants' conduct after the entry of the Appointment Order in the Civil Insider Trading Case reflected their belief that the Appointment Order did not stay the Civil Insider Trading Case.  (Doc. No. 1156, "Receiver statement".)

and

> Relief Defendants' conduct is at odds with their current claim that the Insider Trading Case has been stayed, much less clearly and unambiguously so… The Relief Defendant Shalini Ahmed moved to intervene in the Insider Trading Case after the entry of the Receivership Order.  (Doc. No. 1153 at 6, "SEC Oppn.")

Ms. Ahmed, who moved to intervene in that matter as a *pro se* litigant, did so to protect her and other Relief Defendants' ownership rights in their assets once she became aware that litigation was continuing in that matter and that the SEC had asked for "[the MA case] to be brought to a prompt resolution", had asked for scheduling specific dates for the litigation to proceed, and was seeking to encumber Relief Defendants' assets without making Relief Defendants parties.  (*See* ECF No. 182, referencing ECF No. 178).  Once Ms. Ahmed was aware that such litigation was proceeding and that there was a status call update, Ms. Ahmed immediately filed a Motion to Intervene (ECF No. 183)[2].

The MA Civil Matter litigation is proceeding without Relief Defendants but purporting to encumber their assets.  This creates undue confusion and duplication.  The SEC should have sought this Court's permission before proceeding in this way in

---

[2] The MA court subsequently denied without prejudice Ms. Ahmed's Motion to Intervene.  Ms. Ahmed is considering all her and Relief Defendant's options.

2

Massachusetts, and now should be required to stop their prosecution of same and ask the Massachusetts court to vacate the injunction which they prematurely obtained.

        Respectfully Submitted,

        MURTHA CULLINA LLP

By:   /s/ *Paul E. Knag*
     Paul E. Knag – ct04194
     pknag@murthalaw.com
     Kristen L. Zaehringer – ct27044
     kzaehringer@murthalaw.com

     177 Broad Street, 16th Floor
     Stamford, Connecticut 06901
     Telephone: 203.653.5400
     Facsimile:  203.653.5444

     *Attorneys for Relief Defendants*
     *I-Cubed Domain, LLC, Shalini Ahmed,*
     *Shalini Ahmed 2014 Grantor Retained*
     *Annuity Trust, Diya Holdings, LLC, Diya*
     *Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on May 21, 2019, a copy of the foregoing RELIEF DEFENDANTS' MOTION TO JOIN DEFENDANT'S REPLY (DOC #1162) TO THE SEC'S OPPOSITION TO AND THE RECEIVER'S STATEMENT REGARDING DEFENDANT'S "MOTION TO FIND AND SANCTION THE SEC FOR CONTEMPT OF COURT ORDER" (DOC #1139) will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

                                                                /s/ *Paul E. Knag*
                                                       Paul E. Knag – ct04194