UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>        Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>        Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA |

**RECEIVER'S MOTION PURSUANT TO
PARAGRAPH 5(J) OF THE ORDER APPOINTING RECEIVER REGARDING HIS
POSSIBLE APPOINTMENT AS RECEIVER IN *SEC V. KANODIA, ET AL.*__**

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully files this Motion Pursuant to Paragraph 5(j) of the Order Appointing Receiver Regarding His Possible Appointment as Receiver in *SEC v. Kanodia, et al.* (the "Motion"). As more fully explained below, before accepting or declining to accept his appointment to serve as the receiver in that certain civil action captioned

---

[1] Unless expressly defined otherwise in this report, the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report") are incorporated herein by reference.

1

*SEC v. Kanodia, et al.*, No. 1:15-cv-13042-ADB (D. Mass.), presently pending before the United States District Court for the District of Massachusetts (the Honorable Allison D. Burroughs presiding) (the "Civil Insider Trading Case") while continuing to serve as the Receiver in this civil action pursuant to the Order Appointing Receiver [Doc. No. 1070] (the "Appointment Order"), the Receiver believes that it is incumbent upon him first to obtain this Court's guidance and, if the Court determines it to be warranted, approval. Accordingly, the Receiver respectfully represents as follows.

As this Court is aware, on April 2, 2015, the Securities and Exchange Commission (the "Commission") filed the Civil Insider Trading Case in the District of Massachusetts against, *inter alia*, the defendant herein, Iftikar Ali Ahmed (the "Defendant"). In that action, the Commission alleges that the Defendant traded on inside information and profited by more than $1.1 million. On April 11, 2019, Judge Burroughs held a status conference attended by counsel for the Commission, counsel for the Defendant, and Mrs. Ahmed. Following this conference, Judge Burroughs issued an order stating that she "anticipates ordering an asset freeze for $4.4 million of Defendant's assets in excess of the amount necessary for satisfaction of the judgment in the Connecticut case" and, though the appointment of a receiver was not discussed at the hearing, further ordered that, "[u]pon application of the SEC to appoint Jed Horwitt of Zeisler & Zeisler, P.C. as receiver in this action, the Court anticipates issuing an appointment."[2] (Civil Insider Trading Case, Doc. No. 189). The Commission provided notice of such developments by filing in this case its Notice of Asset Freeze and Expected Appointment of Receiver in *SEC v. Kanodia, et al.*, 15-CV-13052 (D. Mass.) [Doc No. 1138], filed on April 17, 2019 (the "Notice").

In light of this Court's Appointment Order and Judge Burroughs' indication that she

---

[2] The Receiver did not affirmatively seek appointment and was not, at that time, even aware of the possibility.

intends to appoint the Receiver to server as the receiver in the Civil Insider Trading Case, the Receiver has analyzed to the best of his abilities whether there would be an actual conflict between his duties in this case and those that would likely be imposed upon him if he were appointed to serve as receiver in the Civil Insider Trading Case, and whether such dual appointments would otherwise be improper. The Receiver does not perceive there to be any conflict between his ability to fulfil his duties under the Appointment Order and his likely duties as the receiver in the Civil Insider Trading Case, and such simultaneous receivership appointments do not appear to be otherwise improper. The Receiver reached this conclusion primarily based upon the fact that the rights and interests of the receiver and the receivership estate in the Civil Insider Trading Case would be expressly subordinate to the rights and interests of the Receivership Estate created pursuant to the Appointment Order in this action.  This would include, of course, the obligation for the Receiver to liquidate Receivership Assets to secure the "Judgment" and all amounts incurred in the administration of the Receivership Estate.

Judge Burroughs expressly articulated that her assert freeze for $4.4 million of Defendant's assets would be "in excess of the amount necessary for satisfaction of the judgment in the Connecticut case." On May 16, 2019, Judge Burroughs issued an Order Freezing Assets [Doc. No. 195] (the "MA Asset Freeze Order," a copy of which is attached hereto as **Exhibit A**). The language of the MA Asset Freeze Order unequivocally provides that the asset freeze is "subject and subordinate in payment and priority" to the asset freeze entered in the instant case and any distribution to satisfy the Judgment and the expenses arising from the administration of the Receivership Estate, and does not "impair, constrain or limit the use of such assets, funds or other property subject to" the asset freeze entered in this case. (MA Asset Freeze Order, at 5.)

Furthermore, the Receiver recognizes the efficiencies and judicial economy inherent in his appointment as receiver in the Civil Insider Trading Case, both with respect to that matter as well

as the instant action, given his knowledge of the Receivership Estate developed since his appointment in December of 2018, and his duties (primarily to secure and liquidate the same pool of assets). Significant duplication will be avoided with the appointment of the Receiver to serve as receiver in the Civil Insider Trading Case. Additionally, the Receiver's appointment in the Civil Insider Trading Case decreases the likelihood of confusion with separate receivers among entities that have possession, custody, or control of Receivership Assets. These advantages will inure to the benefit of all concerned including, but not limited to, the Defendant and the Relief Defendants.

However, before articulating his position to the District Court in the Civil Insider Trading Case on his appointment as the receiver in that action, and in furtherance of the Receiver's continuing duty under Paragraph 5(k) of the Appointment Order to "ensure that there are no conflicts of interest between the Receiver… and the Receivership Estate," the Receiver respectfully seeks this Court's approval or disapproval pursuant to Paragraph 5(j) of the Appointment Order. The Court may grant permission to the Receiver under paragraph 5(j) of the Appointment Order, which states that the Court may permit the Receiver "[t]o take such other action as may be approved by this Court." As the judicial authority conferring upon the Receiver the rights and obligations set forth in the Appointment Order and because the Appointment Order does not independently authorize the Receiver to serve as a receiver in related actions, the Receiver respectfully requests this Court's guidance by this Motion.

**WHEREFORE**, for these foregoing reasons, the Receiver respectfully requests this Court's approval or disapproval of him serving as a receiver in the Civil Insider Trading Case while continuing to serve as Receiver under the Appointment Order, and such other and further relief as this Court deems just and proper.

Dated May 23, 2019, at Bridgeport, Connecticut.

                                                Respectfully submitted,
                                                JED HORWITT, ESQ., RECEIVER

                                                 */s/ Christopher H. Blau*
                                                Stephen M. Kindseth (ct14640)
                                                Christopher H. Blau (ct30120)
                                                Zeisler & Zeisler, P.C.
                                                10 Middle Street, 15th Floor
                                                Bridgeport, CT  06604
                                                Telephone: 203-368-4234 X 236
                                                Facsimile: 203-549-0903
                                                Email: cblau@zeislaw.com;
                                                skindseth@zeislaw.com
                                                *Counsel to the Receiver*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2019, a copy of the foregoing Statement was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

          */s/ Christopher H. Blau*
          Christopher H. Blau (ct30120)