UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>  v.<br><br>IFTIKAR AHMED,<br>           Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP;<br>I-CUBED DOMAINS, LLC; SHALINI AHMED;<br>SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC;<br>DIYA REAL HOLDINGS, LLC;<br>I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents;<br>I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and<br>I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>           Relief Defendants. | No. 3:15-CV-675 (JBA)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>MAY 24, 2019 |

**RELIEF DEFENDANTS' EMERGENCY MOTION TO MODIFY ASSET FREEZE ORDER TO RELEASE FUNDS TO PAY MURTHA CULLINA'S FEES AND DISBURSEMENTS SINCE APPOINTMENT OF RECEIVER, OR IN THE ALTERNATIVE, TO WITHDRAW THE APPEARANCE OF COUNSEL**

Pursuant to the Court's Modified Omnibus Order on Consent (ECF No. 387) and Rule 7(e) of the Local Civil Rules of the District of Connecticut ("D. Conn. L. Civ. R."), Relief Defendants I-Cubed Domains, LLC, Shalini Ahmed, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings, LLC, DIYA Real Holdings, LLC, I.I. 1, I.I. 2, and I.I. 3 (together, "Relief Defendants"), by and through undersigned counsel, respectfully seek relief from the Court from an untenable situation arising from the

9989103v4

SEC's refusal to consent to the release of any funds for attorney's fees and from the pending motions (ECF Nos. 898, 925, 970) in this litigation related to the release of funds for attorney's fees. Relief Defendants submit this Emergency Motion to Modify Asset Freeze Order to Release Funds for Payment of Murtha Cullina's Fees and Disbursements since Appointment of Receiver (the "Motion"), or in the alternative, to Withdraw the Appearance of Counsel. Relief Defendants reserve all rights to all issues.

Specifically, this Motion requests (1) a release of funds in the amount of $350,000 from Fidelity Account Number x7540 to Murtha Cullina LLP ("Murtha") for both payment of fees incurred from the appointment of Receiver on December 20, 2018 (approximately $168,857.08 from December 20, 2018 through April 30, 2019) and as a retainer for future payment of Murtha's fees[1]; and (2) an additional thirty days to respond to the Receiver report in view of the delays inherent in fee discussions with the SEC. The Relief Defendants have inquired as to the position of Defendant, Iftikar Ahmed, and Mr. Ahmed consents to this Motion.

In connection with this request, the Relief Defendants have attached a proposed order. (*See* Ex. 1.)

## FACTUAL BACKGROUND

The Relief Defendants have been engaged in negotiations for the past month with the SEC regarding a release of funds for appellate counsel and representation of the Relief Defendants in the receivership proceedings before this Court.[2] Specifically, the Relief Defendants discussed with the SEC the possibility that it would consent to a

---

[1] This Motion is made without prejudice to the pending motions for payment of the balance of Murtha's Fees. See ECF Nos. 898, 925, 970. In the unlikely event that the retainer is not needed to pay fees hereafter incurred, it would be used to pay other outstanding fees.

[2] These negotiations were made without prejudice to the Relief Defendants' pending motions seeking reimbursement of fees not covered by the negotiations.

release at this time of $350,000 to Jenner & Block as appellate counsel[3] and a release of $350,000 to Murtha as a payment for fees incurred since the appointment of the Receiver (approximately $168,857.08 from December 20, 2018 to April 30, 2019) as well as for a retainer for Murtha's fees.  Notably, Murtha's request for legal fees in connection with litigation relating to the receivership is running essentially at par with the Receiver's fees.  The Receiver's estimate is $500,000 for fees for the Receiver and his counsel as set forth in the April 3, 2019 Report of Receiver.  (ECF No. 1130; "Report" at page 14.)  The SEC, after weeks of discussion and a consent motion drafted by Murtha, rejected this request and indicated that it has decided not to consent to any release of fees, leaving Murtha with no option but to petition this Court for the release of funds to at least partially pay attorney's fees or in the alternative, withdraw appearance of counsel.

## ARGUMENT

A limited modification of the Asset Freeze Order is appropriate at this time to pay attorneys' fees, for the simple reason that the Receivership Estate is comprised of many millions of dollars of frozen funds above and beyond the Receiver's estimate of the amount necessary to secure the SEC's judgment.  Absent allowances of fees at this time in the amount of $350,000, the Murtha attorneys should no longer be required to represent the Relief Defendants in these proceedings because to do so would result in a financial burden to Murtha since there are significant invoices in this matter and fees are continuing to run up every day.

---

[3] Relief Defendants' motion for appellate fees (which seeks a release of funds directly to Jenner & Block) is fully briefed and pending.  (ECF Nos. 1080, 1099, 1107.)  Appellate counsel needs to be retained as soon as possible to begin working on the complex issues in the appeal before the Second Circuit.

9989103v4

## A. A Freeze of Excess Assets is Not Permitted

The Receivership Order appointed the Receiver to, *inter alia*, "value the frozen assets and **avoid over-freezing** to secure the judgment for the SEC, to manage and maximize the value of frozen assets under the guidance of a neutral third party, and to take necessary steps toward effectuating the judgment." (ECF No. 1070, "Receivership Order" at 5, emphasis added.)  On April 3, 2019, the Receiver issued his Report (ECF No. 1130) in which he identified $70,520,834.69[4] as his estimate of the amount necessary to fully secure the judgment. (Report at 3, 14.) The Report also states that the Receivership Estate contains over **$18.7 million** in assets[5] above and beyond that approximately $70.5 million estimated amount.  In addition, the Receiver and the SEC further recognize that the asset freeze includes more assets than are necessary to secure its judgment in this case because the SEC, in its "Notice of Asset Freeze" advises this Court that the SEC seeks to freeze additional assets in excess of $4 million in connection with the SEC's District of Massachusetts' insider trading case against Mr. Ahmed, and the Receiver does not intend to object to that request because it relates to "assets not necessary to fully secure the judgment in the instant matter" (ECF No. 1138).  This Court has also consistently recognized the Second Circuit rule that prevents over-freezing in such circumstances. *Ahmed*, 123 F. Supp. 3d at 312 (citing *S.E.C. v. Unifund*, 910 F.2d 1028, 1041 (2d Cir. 1999) and *S.E.C. v. Maillard*, No. 13-CV-5299, 2014 WL 1660024, at *4 (S.D.N.Y. Apr. 23, 2014)).  Thus, a release of

---

[4] The judgment in this case is for $64.4 million. The $70.5 million figure is simply an estimate from the Receiver and the Relief Defendants are preparing a response in opposition to this amount.

[5] The nearly $90 million in frozen assets does not include the allegedly forfeited assets at Oak, which are under Second Circuit jurisdiction in appeal.  It also does not include for the totality of non-forfeited assets at Oak, which this Court has stated can be used towards the judgment.

4

funds for the partial payment of attorneys' fees is appropriate because the SEC is over secured.

As evidenced by the Receiver's prediction of $500,000 in fees plus $100,000 in expenses for him, there are many substantial issues remaining in this matter, including but not limited to researching and dealing with various issues in the Receiver's report (that Relief Defendants' will respond to) as well as outstanding issues related to Defendant's Rule 59(e) motion and responding to motions that have been and will be filed with this Court, and dealing with ongoing issues after the court resolves pending motions.

### B. Equity Requires Release of Fees

A release of Relief Defendants' attorneys' fees is also appropriate as an equitable matter. Equity requires that the Court weigh "the disadvantages and possible deleterious effect of a freeze" against "the considerations indicating the need for such relief." *S.E.C. v. Duclaud Gonzalez de Castilla*, 170 F. Supp. 2d 427, 430 (S.D.N.Y. 2001) (internal citations omitted). Here there is simply no reason to continue the asset freeze as currently situated.

The Receiver's Report makes clear that there are more than sufficient assets in the Receivership Estate to secure the SEC's judgment. Accordingly, the SEC will not be prejudiced by a partial release of funds from the excess amount especially because, as this Court has previously declared, the "assets will remain frozen during the pendency of the appeal, serving as the functional equivalent of a *supersedeas* bond to ensure that the SEC, should it prevail on appeal, will not be injured by the stay." (ECF No. 1012 at page 7.) This fact must then be balanced against the Relief Defendants' interest in being represented by counsel in these proceedings and on appeal. Taken

together, the Court should release the requested funds because a release of funds to partially pay for attorneys' fees will not prejudice the SEC since its judgment will remain secured. *See Duclaud*, 170 F. Supp. 2d at 430 (balancing factors and releasing fund for attorneys' fees); *S.E.C. v. Quiros*, No. 1:16-cv-21301-DPG, 2016 WL 3032925 (S.D. Fla. May 27, 2016).

### C. Absent Allowances for Fees, It Would Be A Financial Burden for Murtha to Remain as Counsel of Record and In the Alternative, Murtha Moves to Withdraw Appearance of Counsel

If the Court is unwilling at this time to grant fees to Murtha as requested, in the alternative, the Murtha lawyers[6] appearing herein seek to withdraw their representation, because Murtha is unable to effectively represent its clients or continue to fund this litigation. Rule 1.16(b)(6) of the Connecticut Rules of Professional Conduct provides that "a lawyer may withdraw from representing a client if … the representation will result in an unreasonable financial burden on the lawyer…" The accumulated unpaid fees in this case unquestionably constitute such a burden, and those fees—and the associated burden—will only become greater as this case continues. There are significant outstanding invoices in this matter and fees are continuing to run up every day. Specifically, Murtha is currently owed more than $422,241.99, has not been paid at all for approximately five months and has not been paid significant fees since April 2018. *See* ECF No. 1024 (court order dated November 19, 2018 which directed funds in the amount of $5,000 to Murtha as partial payment of previously-incurred attorneys' fees). Moreover, the SEC has objected (ECF Nos. 899, 934, 1000) to each of the pending fee

---

[6] Murtha Cullina attorneys Paul E. Knag and Kristen L. Zaehringer previously entered appearances in this matter on behalf of the Relief Defendants. (ECF Nos. 40-43.)

petitions (ECF Nos. 898, 925, 970) filed by the Relief Defendants.[7]  Since April 2018, the Relief Defendants have incurred fees to Murtha Cullina in the approximate amount of $288,602.43 plus additional fees to the Harris firm.  The accumulated unpaid fees, which will only continue to increase, in this case are a significant burden on Murtha and Ms. Ahmed.

In an effort to limit fees of counsel in dealing with the Receiver, Ms. Ahmed directed that the Murtha firm handle the Receivership aspects of the case and attempted to deal directly with the Receiver and his counsel on certain aspects.  However, both the Receiver and Ms. Ahmed were uncomfortable with this, and the Receiver stated that "With regard to communicating *[sic]* directly with Mrs. Ahmed, we [Receiver and his counsel] were not comfortable doing so directly without her counsel present and are relieved that we will no longer be asked to do so."

However, as a result of this, Murtha has had to take a larger role in communications with the Receiver.  As such, Murtha's bills since the appointment of Receiver on December 20, 2018 through April 30, 2019 are approximately $168,857.08.  Should Murtha remain in this matter, Murtha and Ms. Ahmed will continue to accrue significant additional fees and expenses and liability, respectively (which have been accruing at a rate of approximately $40,000 per month in connection with the representation of the Relief Defendants in the receivership proceedings).  Meanwhile, the SEC and other potential claimants are seeking assets of the Defendant and Relief Defendants, while seeking to prevent payments to counsel.  Representing the Relief

---

[7] The SEC has also objected to the Relief Defendants' request for the release of funds for appellate counsel, Jenner & Block.  *See* ECF Nos. 1080, 1099, 1107.

7

Defendants has and will continue to result in an unreasonable financial burden for Murtha, if Murtha is not paid as the case progresses.

In further accordance with D. Conn. L. Civ. R. 7(e), the undersigned has advised the Relief Defendants that, although an amended final judgment has been entered and notices of appeal have been filed, Relief Defendants other than Relief Defendant Shalini Ahmed may not be able to appear *pro se*[8] but that if this motion for partial payment is denied and withdrawal of counsel is granted, she would appear *pro se*.[9]

In view of this, if this motion for partial payment is denied and withdrawal of counsel is granted, the undersigned requests that the Court stay all pending deadlines for ninety (90) days to afford Ms. Ahmed time to file a *pro se* appearance and develop a response to pending motions. At the same time, the Relief Defendants would much prefer that the Court authorize partial payment of fees in the amount of $350,000 to Murtha at this time.

Allowing Murtha to withdraw and granting a brief stay of all pending deadlines will not prejudice the SEC because, as this Court has previously declared, the "assets will remain frozen during the pendency of the appeal, serving as the functional equivalent of a *supersedeas* bond to ensure that the SEC, should it prevail on appeal, will not be injured by the stay." (ECF No. 1012 at page 7.)

---

[8] The Relief Defendants include Ms. Ahmed, minor children and entities. Ms. Ahmed is the mother, guardian, trustee, owner, manager, etc. of the Relief Defendants represented by the undersigned.

[9] In accordance with D. Conn. L. Civ. R. 7(e), the undersigned has sent a copy of this motion to the Relief Defendants by email to Ms. Ahmed and via certified mail to Ms. Ahmed at her home address.

9989103v4

**WHEREFORE,** in the event that the Court does not grant at least a partial payment of fees to Murtha in the amount of $350,000 towards payment of fees incurred since appointment of receiver and as a retainer for the future payment of Murtha's fees, the undersigned respectfully request that the Court enter an order (1) granting this motion to withdraw the appearances of Murtha Cullina Attorneys Paul E. Knag and Kristen L. Zaehringer; and (2) staying all pending deadlines for ninety (90) days to afford Relief Defendants time to file *pro se* appearances and to respond to pending motions. In the event partial fees are granted, the Relief Defendants request an additional thirty (30) days to respond to the Receiver Report in view of the delays inherent in fee discussions with the SEC.

Respectfully Submitted,

By: /s/ *Paul E. Knag*
Paul E. Knag – ct04194
pknag@murthalaw.com
Kristen L. Zaehringer – ct27044
kzaehringer@murthalaw.com
Murtha Cullina LLP
177 Broad Street, 16th Floor
Stamford, Connecticut 06901
Telephone: 203.653.5400
Facsimile:  203.653.5444

*Attorneys for Relief Defendants*
*I-Cubed Domain, LLC, Shalini Ahmed,*
*Shalini Ahmed 2014 Grantor Retained*
*Annuity Trust, Diya Holdings, LLC, Diya*
*Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

9989103v4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of May, 2019, a copy of the foregoing RELIEF DEFENDANTS' EMERGENCY MOTION TO MODIFY ASSET FREEZE ORDER TO RELEASE FUNDS TO PAY MURTHA CULLINA'S FEES AND DISBURSEMENTS SINCE APPOINTMENT OF RECEIVER, OR IN THE ALTERNATIVE, TO WITHDRAW THE APPEARANCE OF COUNSEL will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

I further certify that a copy of this Motion will be sent to Attorney John F. Carberry (jcarberry@cl-law.com) of Cummings & Lockwood LLC as counsel for Daniel G. Johnson, in his capacity as trustee of the Iftikar A. Ahmed Family Trust and as custodian of the UTMA accounts for the benefit of the three minor children of Iftikar A. Ahmed and Shalini Ahmed.

I further certify that, in accordance with D. Conn. L. Civ. R. 7(e), the undersigned has sent a copy of this motion to the Relief Defendants by email to Ms. Ahmed and will also send a copy via certified mail to Ms. Ahmed at her home address:  505 North Street, Greenwich, CT 06830.

      /s/ *Paul E. Knag*
      Paul E. Knag – ct04194

9989103v4