UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES | ) | |
| AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:15cv675 (JBA) |
| | ) | |
| IFTIKAR AHMED, | ) | |
| | ) | |
| Defendant, and | ) | |
| | ) | |
| IFTIKAR ALI AHMED SOLE PROP; | ) | |
| I-CUBED DOMAINS, LLC;  SHALINI AHMED; | ) | |
| SHALINI AHMED 2014 GRANTOR RETAINED | ) | |
| ANNUITY TRUST; DIYA HOLDINGS LLC; | ) | |
| DIYA REAL HOLDINGS, LLC; I.I. 1, a minor | ) | |
| child, by and through his next friends IFTIKAR | ) | |
| and SHALINI AHMED, his parents; I.I. 2, a minor | ) | |
| child, by and through his next friends IFTIKAR | ) | |
| and SHALINI AHMED, his parents; and I.I. 3, a | ) | |
| minor child, by and through his next friends | ) | |
| IFTIKAR and SHALINI AHMED, his parents, | ) | |
| | ) | |
| Relief Defendants. | ) | |

_____ )

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S
MOTION TO STRIKE HARRIS, ST. LAURENT & CHAUDHRY LLP'S MOTION TO
WITHDRAW FROM REPRESENTATION OF RELIEF DEFENDANTS, AND FOR
PAYMENT OF OUTSTANDING ATTORNEYS' FEES, AND, IN THE ALTERNATIVE,
FOR RELIEF FROM THE STAY OF LITIGATION AS TO RELIEF DEFENDANTS
[DOC. # 1152] AND HARRIS, ST. LAURENT & CHAUDHRY LLP'S RESPONSE TO
THE FIRST INTERIM APPLICATION FOR PROFESSIONAL FEES AND EXPENSES
BY THE RECEIVER AND HIS PROFESSIONALS [DOCS. # 1163]**

Plaintiff United States Securities and Exchange Commission ("SEC") hereby files this

motion to strike two pleadings purportedly filed by Harris, St. Laurent & Chaudhry, LLP, who

are currently Relief Defendants' counsel: their Motion to Withdraw from Representation of

Relief Defendants, and for Payment of Outstanding Attorneys' Fees, and, in the Alternative, for

Relief from the Stay of Litigation as to Relief Defendants [Doc. # 1152] ("Motion to Withdraw"), and their Response to the First Interim Application for Professional Fees and Expenses by the Receiver and His Professionals [Doc. # 1163] ("Response to Receiver's Fee Application"). The Motion to Withdraw [Doc. # 1152] fails to comply with this Court's rules and the rules of professional responsibility regarding withdrawal, and indeed fails to provide basic information such as whether the Relief Defendants themselves consent to the withdrawal or the other relief sought. And both the Motion to Withdraw and the Response to the Receiver's Fee Application [Doc. # 1163] are purportedly filed on behalf of Relief Defendants' counsel, even though counsel has not been granted leave to withdraw or intervene. In addition, both filings improperly request reconsideration of the Court's prior rulings that monies will not be released to the Defendant or Relief Defendants until the SEC's judgment is secured. As both pleadings fail to comply with basic rules of this Court, they should be stricken without prejudice to refiling in a manner compliant with the rules. *See In re NASDAQ Market-Makers Antitrust Litigation*, 164 F.R.D. 346, 349 (S.D.N.Y. 1996) ("A court has inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances.")

First, the Motion to Withdraw fails to follow critical requirements governing such motions. For example, Local Rule 7(e) states that motions to withdraw "normally will not be granted except upon a showing that other counsel has appeared or that the party whose counsel seeks to withdraw may and has elected to proceed without counsel, and that the party has received actual notice of the motion to withdraw." Similarly, Connecticut Rule of Professional Responsibility 1.16 provides that "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation," that "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating

the representation," and that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client [and] allowing time for employment of other counsel." *See* Local Rule 83.2 (making Connecticut Rules of Professional Conduct applicable to lawyers practicing in this district). The Motion to Withdraw ignores these requirements. While the Motion states that "service of this application was made on all Relief Defendants, by email and overnight delivery" (Motion at 3 n.1), it does not explain when such service was made, whether Relief Defendants received "reasonable notice" in advance of the motion, what Relief Defendants' position is on the various requests in the Motion, and whether other counsel will continue to represent Relief Defendants or, instead, Relief Defendants have elected to proceed without counsel. Indeed, the only other current counsel of record for Relief Defendants, Murtha Cullina LLP, recently filed their own motion to withdraw [Doc. # 1171], making it even more critical to understand whether Relief Defendants have elected to proceed without counsel.[1] Additionally, the Motion to Withdraw asks that Relief Defendants' counsel either be paid nearly $2 million from frozen assets or given leave "to prosecute an action against the Relief Defendants for non-payment" (MOL in Supp. of Mot. to Withdraw at 2), further underscoring the importance to the Court and the parties of knowing the position of the actual Relief Defendants, not just their counsel.

    Second, despite the fact that Harris, St. Laurent & Chaudhry LLP continues to be counsel of record for the Relief Defendants, both the Motion to Withdraw and the Response to the Receiver's Fee Application purport to be filed by the law firm itself. More specifically, both pleadings purport to be filed by Harris, St. Laurent & Chaudhry LLP, and signed by the firm as "Withdrawing Attorneys" for the Relief Defendants. But Harris St. Laurent & Chaudhry LLP has

---

[1] The SEC will separately file a response to Murtha Cullina LLP's motion.

not (at least not yet) been permitted by this Court to withdraw. Nor have they moved to or been granted permission to intervene in this matter. Indeed, Relief Defendants have separately indicated that they will also file a response to the Receiver's fee application [*see* Doc. # 1165], making clear the bizarre and unauthorized nature of these filings by Relief Defendants' current counsel. Relief Defendants' counsel do not cite – and the SEC is not aware of – any rule or precedent permitting counsel to make filings on their own behalf while still representing a party, particularly when those filings appear to be at least in part adverse to their clients' interest. *See* Doc. # 1152-1 at 2 (seeking to lift the litigation stay to "prosecute an action" against their clients).

Lastly, both the Motion to Withdraw and the Response to Receiver's Fee Application improperly request reconsideration of the Court's prior rulings that monies will not be released to the Defendant or Relief Defendants until the SEC's judgment is secured, which serves as yet another basis to strike the filings.[2] Even before appointing the receiver, the Court noted that the SEC's judgment would be secured prior to the Court releasing funds to Defendant or Relief Defendants. *See* Doc. # 955 at 30 ("It will likely be necessary to appoint a receiver to hold the currently frozen funds and who will then effectuate a mechanism for distribution of assets to victims in accordance with this Ruling. The receiver would then ensure the return of any frozen assets to Defendant in excess of the amount required to satisfy the judgment against him."). Similarly, in granting the Defendant's motion for a stay of the distribution of assets, the Court ruled that "Defendant's assets will remain frozen during the pendency of the appeal, serving as

---

[2] Though Harris, St. Laurent & Chaudhry LLP styled their Response to the Receiver's Fee Application [Doc. # 1163] as a "Response," they do not respond to the Receiver's request except to note that the law firm "do[es] not oppose the First Fee Application…" (*id*. at 3). The remainder of the "Response" is another motion for reconsideration seeking the immediate release of more than $1.8 million.

the functional equivalent of a supesedeas bond to ensure that the SEC, should it prevail on appeal, will not be injured by the stay." Doc. # 1052 at 7. And later, in issuing its Order Appointing Receiver – which occurred more than five months ago – this Court specifically noted Relief Defendants' request that $3 million be released for legal and living expenses, but did not grant the request. *See* Doc. # 1070 at 3. In sum, the Court has repeatedly held that substantial assets will not be released to Defendant or Relief Defendants until the SEC's judgment is secured. The SEC's judgment has not yet been secured, and if Relief Defendants get their way it will not be secured any time soon. *See, e.g.*, Doc. ## 1136 (seeking additional time to respond to Receiver's Report), 1149 (requesting permission to take discovery prior to responding to Receiver's Report); 1171 (requesting *additional* 30 to 90 day to respond to Receiver's Report). Harris, St. Laurent & Chaudhry LLP provides no reason this Court should reconsider its prior rulings and immediately release to them $1.8 million prior to securing the SEC's judgment.

For these reasons, the Motion to Withdraw should be stricken without prejudice to Relief Defendants' re-filing a motion or motions that comply with the appropriate rules and do not improperly seek reconsideration of issues already decided by this Court.

DATED: May 31, 2019.

Respectfully submitted,

*s/ Nicholas P. Heinke*
Nicholas P. Heinke (Colorado Bar No. 38738)
Mark L. Williams (New York Bar. No. 4796611)
United States Securities and Exchange Commission
1961 Stout St., Suite 1700, Denver, CO 80294
E-mail:        HeinkeN@sec.gov
                  WilliamsML@sec.gov

Attorneys for Plaintiff:

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

<u>CERTIFICATE OF SERVICE</u>

I certify that on May 31, 2019, a copy of the foregoing document was emailed to

Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Jonathan Harris
Reid Skibell
David Deitch
Alexander Sakin
S. Gabriel Hayes-Williams
Joseph Gallagher
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(Counsel for Relief Defendants)


Christopher H. Blau (ct30120)
Stephen M. Kindseth (ct14640)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
(Counsel for Receiver, Jed Horwitt, Esq.)

                                    *s/ Nicholas P. Heinke*
                                    Nicholas P. Heinke