UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>IFTIKAR AHMED,<br><br>　　　　　　Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP;<br>I-CUBED DOMAINS, LLC; SHALINI AHMED;<br>SHALINI AHMED 2014 GRANTOR RETAINED<br>ANNUITY TRUST; DIYA HOLDINGS LLC;<br>DIYA REAL HOLDINGS, LLC;<br>I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents;<br>I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and<br>I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>　　　　　　Relief Defendants. | No. 3:15-CV-675 (JBA)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JUNE 5, 2019 |

## MOTION FOR RELIEF WITH RESPECT TO ISSUES RAISED IN RECEIVER'S REPORT

Pursuant to Fed. R. Civ. P. 7(b) and Local Rule 7(a) for the United States District Court for the District of Connecticut, Relief Defendants respectfully move the Court for relief as set forth in the objections they filed to the Receiver Report (ECF No. 1182).

In particular, Relief Defendants request that the Court enter an order:

1. Establishing the manner in which the Receiver is to value any accrued interest or gains including by:

    a. Valuing accrued interest or gains by identifying the difference between the value of the assets on the freeze date and the end value at the time the assets are monetized;

    b.    Offsetting losses against gains in the interest or gains calculation;

    c.    Not including Court ordered distributions made throughout the course of the litigation, including but not limited to legal fees and living expenses, in the interest or gains calculation;

    d.    Not including expenses, including but not limited to, life insurance premiums, safety deposit box fees, etc., that were and are being made to maintain the status quo under the asset freeze, from the interest or gains calculation;

    e.    Ordering that any taxes paid on the interest or gains are paid from the amount of interest or gains that have accrued.

2. Valuing and offsetting non-forfeited liquid and illiquid assets held by Oak[1] against the disgorgement amount.

3. Determining the amount of Oak distributions that have accrued during the asset freeze and that are on Defendant's K-1s and offsetting this amount against the disgorgement amount.

4. Valuing and offsetting Defendant's limited partner interests in Oak against the disgorgement amount.

5. Establishing the amount of post-judgment interest, if any, including but not limited to, ordering that:

    a.    Post-judgment interest should not apply in this case; or alternatively, that

    b.    Post-judgment interest has not begun to accrue because the judgment has not been meaningfully ascertained;

    c.    Post-judgment interest does not accrue on frozen assets; and

    d.    Post-judgment interest does not accrue concurrently with interest or gains.

6. Limiting, staying or terminating the Receiver's role in this case in the manner set forth in the Opposition, which will also minimize fees.

7. Preserving sufficient liquid assets of Ms. Ahmed to allow for the payment of Ms. Ahmed's living expenses and attorneys' fees until the conclusion of all appeals related to this case.

8. Directing the Receiver to <u>not</u> monetize Defendant and Relief Defendants' frozen assets until all appeals have been resolved.

---

[1] Any mention of Oak is inclusive of Oak HC/FT.

9. Directing the Receiver to consult on the process for and price of sale of Defendant and Relief Defendants' assets or interests, including but not limited to directing the Receiver to consult with Relief Defendants on the hiring of a real estate broker in the manner described in the Opposition, in the event that the Court determines monetization is appropriate at this time.

In support of the foregoing, Relief Defendants' incorporate by reference the arguments and authorities set forth in the Opposition as their memorandum of law.

WHEREFORE, for the foregoing reasons and for all those reasons set forth in Relief Defendants' Opposition, Relief Defendants respectfully request that the Court enter an order providing the relief as set forth above.

Respectfully Submitted,

By: /s/ *Paul E. Knag*
Paul E. Knag – ct04194
pknag@murthalaw.com
Kristen L. Zaehringer – ct27044
kzaehringer@murthalaw.com
Murtha Cullina LLP
177 Broad Street, 16th Floor
Stamford, Connecticut 06901
Telephone: 203.653.5400
Facsimile:  203.653.5444

*Attorneys for Relief Defendants
I-Cubed Domain, LLC, Shalini Ahmed,
Shalini Ahmed 2014 Grantor Retained
Annuity Trust, Diya Holdings, LLC,
Diya Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of June, 2019, a copy of the foregoing RELIEF DEFENDANTS' MOTION FOR RELIEF WITH RESPECT TO ISSUES RAISED IN RECEIVER'S REPORT will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

      /s/ *Paul E. Knag*
      Paul E. Knag – ct04194