UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>        Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>        Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA |

**STATEMENT OF RECEIVER'S POSITION CONCERNING RELIEF DEFENDANTS' EMERGENCY MOTION TO MODIFY ASSET FREEZE ORDER TO RELEASE FUNDS TO PAY MURTHA CULLINA'S FEES AND DISBURSEMENTS SINCE APPOINTMENT OF RECEIVER, OR IN THE ALTERNATIVE, <u>TO WITHDRAW THE APPEARANCE OF COUNSEL</u>**

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully provides this statement (the "Statement") articulating his position in response to the Relief Defendants' Emergency Motion to Modify Asset Freeze Order to Release Funds to Pay Murtha Cullina's Fees and Disbursements

---

[1] Unless expressly defined otherwise in this report, the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report") are incorporated herein by reference.

1

Since Appointment of Receiver, or in the Alternative, to Withdraw the Appearance of Counsel [Doc. No. 1171] ("the Motion"), filed on May 24, 2019. In support thereof, the Receiver respectfully represents as follows.

### Introduction

The Receiver takes no position with respect to the release of $350,000.00 from the Receivership Estate to satisfy the Relief Defendants' obligations to Murtha Cullina LLP ("MC") for services rendered between December 20, 2018, and April 30, 2019, in the amount of $168,857.08, and a further $181,142.92 as a retainer for future payments of MC's fees and expenses. The Receiver also takes no position with respect to MC's request, in the alternative, to withdraw from the case. The Receiver submits this Statement for this Court's consideration to correct certain representations and explain the Receiver's reasoning for taking no position with respect to the requested release of funds.

### I.      The Motion Mischaracterizes the Receiver's Report as to Residual Assets

Even though the Receiver has already, in several filings with this Court, corrected various parties' mischaracterization of this very point, the Receiver feels compelled, once again, to correct the mischaracterization of the Report now made by MC concerning the existence of Receivership Assets that are not needed to secure the Required Amount ("Residual Assets"). Contrary to MC's statements and as the Report makes clear, the ultimate extent of Residual Assets, if any, presently remains unknown in large part because the exact dollar amount of the Judgment — which continues to accrue various interest, gains, and other items — cannot be fixed until assets securing it have been actually liquidated and deposited into the CRIS account, and because the amount to be realized from such assets will also not be determined until they are actually liquidated. Accordingly, until the liquidation process is complete and the Required Amount is fully secured by deposits into the CRIS account, there are no Receivership Assets that, in the Receiver's view,

are truly excess. MC's characterization of the Receiver's conclusion – that there has been a definitive determination that the Receivership Estate includes $18.6 million in Residual Assets – is inaccurate.

### II. The Relief Sought in the Motion is Materially Different than the Relief Sought by Harris, St. Laurent & Chaudhry LLP

While the Receiver objected to the request by Harris, St. Laurent & Chaudhry LLP ("HSC") for the Receivership Estate to release funds to pay more than $1.8 million in past-due fees and expenses, (*see* Motion of Harris, St. Laurent & Chaudhry LLP to Withdraw from Representation of Relief Defendants, and for Payment of Outstanding Attorneys' Fees, and, in the Alternative, for Relief from the Stay of Litigation as to the Relief Defendants [Doc. No. 1152]), the Receiver is taking no position with respect to MC's request for the release of funds from the Freeze Order so a portion of its outstanding fees and a retainer may be paid. From the Receiver's perspective, there is a meaningful distinction between the two situations. MC currently represents and would, if provided with the fees requested and retainer, continue to represent the Relief Defendants in connection with the continued administration of the Receivership Estate by the Receiver. In contrast, HSC effectively does not currently represent the Relief Defendants and is not proposing to represent them going forward, and seeks only to have a past due liability owed by the Relief Defendants paid by the Estate. Additionally, there is an appreciable difference in the amounts sought – $350,000 versus $1.8 million.[2]

### III. The Extension Request by the Relief Defendants to Respond to the Receiver's Report is Now Moot

The Relief Defendants having filed their opposition to the Receiver's Report on June 3,

---

[2] The Motion proposes to source the $350,000 from Fidelity account x7540. The Receiver's Plan of Liquidation proposes to liquidate Fidelity account x7540 to secure the Required Amount. As such, the Receiver must alert the Court and the parties that, to the extent $350,000 now held in Fidelity account x7540 is released from the Asset Freeze to fund the requested payments to MC, the Receiver may need to revise the Plan of Liquidation.

2019 [Doc. No. 1182], their request for an extension of time made in the Motion is now moot. Accordingly, the Receiver does not respond to it.

      Upon request, the Receiver or his counsel will attend any hearings scheduled by the Court on this matter and provide any relevant information and assistance that the Court may request in addressing the Motion.

Dated June 14, 2019, at Bridgeport, Connecticut.

                                    Respectfully submitted,
                                    JED HORWITT, ESQ., RECEIVER

                                    */s/ Christopher H. Blau*
                                    Stephen M. Kindseth (ct14640)
                                    Christopher H. Blau (ct30120)
                                    Zeisler & Zeisler, P.C.
                                    10 Middle Street, 15th Floor
                                    Bridgeport, CT  06604
                                    Telephone: 203-368-4234 X 236
                                    Facsimile: 203-549-0903
                                    Email: cblau@zeislaw.com;
                                    skindseth@zeislaw.com
                                    *Counsel to the Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2019, a copy of the foregoing Statement was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

                                                        */s/ Christopher H. Blau*
                                                       Christopher H. Blau (ct30120)