UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |  |
| Plaintiff, | ) ) ) |  |
| v. | ) ) ) | Civil Action No. 3:15cv675 (JBA) |
| IFTIKAR AHMED, | ) ) ) |  |
| Defendant, and | ) ) |  |
| IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |  |
| Relief Defendants. | ) ) |  |

_____

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S MOTION TO STRIKE RELIEF DEFENDANTS' EMERGENCY MOTION TO MODIFY ASSET FREEZE ORDER TO RELEASE FUNDS TO PAY MURTHA CULLINA'S FEES AND DISBURSEMENTS SINCE APPOINTMENT OF RECEIVER OR, IN THE <u>ALTERNATIVE, TO WITHDRAW THE APPEARANCE OF COUNSEL</u>**

Plaintiff United States Securities and Exchange Commission ("SEC") hereby files this

motion to strike Relief Defendants' Emergency Motion to Modify Asset Freeze Order to Release

Funds to Pay Murtha Cullina's Fees and Disbursements since Appointment of Receiver, or in the

Alternative, to Withdraw the Appearance of Counsel [Doc. # 1171] ("Motion"). As with the

motion to withdraw purportedly filed by Relief Defendants' other counsel, Harris, St. Laurent &

Chaudhry, LLP [Doc. # 1152], the present Motion fails to comply with this Court's rules and the rules of professional responsibility regarding withdrawal, and indeed fails to provide basic information such as whether the Relief Defendants themselves consent to the withdrawal or the other relief sought. In addition, the Motion improperly requests reconsideration of the Court's prior rulings that monies will not be released to the Defendant or Relief Defendants until the SEC's judgment is secured. As such, the Motion should be stricken without prejudice to refiling in a manner compliant with the rules. *See In re NASDAQ Market-Makers Antitrust Litigation*, 164 F.R.D. 346, 349 (S.D.N.Y. 1996) ("A court has inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances.")

First, the Motion fails to follow critical requirements governing such motions. For example, Local Rule 7(e) states that motions to withdraw "normally will not be granted except upon a showing that other counsel has appeared or that the party whose counsel seeks to withdraw may and has elected to proceed without counsel, and that the party has received actual notice of the motion to withdraw." Similarly, Connecticut Rule of Professional Responsibility 1.16 provides that "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation," that "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation," and that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client [and] allowing time for employment of other counsel." *See* Local Rule 83.2 (making Connecticut Rules of Professional Conduct applicable to lawyers practicing in this district). The Motion to Withdraw ignores these requirements.

While the Motion states that counsel "*has advised* the Relief Defendants that" Ms. Ahmed may appear pro se and that certain Relief Defendant entities may not [Doc. # 1171 at 8 (emphasis added)], and that a copy of the Motion had been sent to Relief Defendants [*Id.* at 8 n.9], it does not explain what advice was given (*i.e.* which Relief Defendants may or may not appear pro se), when this advice occurred, whether and which Relief Defendants received "reasonable notice" in advance of the motion, what the various Relief Defendants' positions are on the various requests in the Motion, and, whether other counsel  will continue to represent Relief Defendants or, instead, Ms. Ahmed has elected to proceed without counsel and the remaining Relief Defendants will be unrepresented. This last item is particularly important, since the other current counsel of record, Harris St. Laurent and Chaudhry, LLP, has also moved to withdraw.

This information is critical because it appears that only Ms. Ahmed may proceed *pro se*, and the remaining Relief Defendants – including Ms. Ahmed's children – would therefore be unrepresented. That is because while a "litigant in federal court has a right to act as his or her own counsel. . . . a person ordinarily may not appear pro se in the cause of another person or entity." *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). "[I]t is well established that a layperson may not represent a corporation. . . . a layperson may not represent a partnership, or appear pro se on behalf of his or her minor child. These limits on pro se representation serve the interests of the represented party as well as the interests of adversaries and the court." *Id.* (internal citations omitted). *See also Gorsoan Ltd. v. Bullock*, 652 Fed. Appx. 7, 8 (2d Cir. 2016) (Because a corporation cannot generally appear in federal court except through its lawyer, RIGroup LLC was notified that it would be deemed in default if an attorney did not file a notice of appearance on its behalf by March 14, 2016. To date no attorney has filed a notice of

appearance on behalf of RIGroup LLC. We thus dismiss the appeal as to RIGroup LLC.")
(internal quotations and citations omitted). Without understanding these issues, the SEC cannot
formulate an informed position on the Motion.

Indeed, recent events have only underscored the morass of Relief Defendants' legal
representation. Perhaps most critically, it is entirely unclear whether Relief Defendants do, in
fact, have other counsel currently or prepared to represent them. Both the present Motion and the
motion to withdraw are curiously silent on whether other counsel have either been engaged by,
or are waiting in the wings to represent, Relief Defendants. While the SEC has no information
about the status of Relief Defendants' representation (because the motions fail to provide it), the
SEC does note that Relief Defendants' recently-filed opposition to the Receiver's report [Doc. #
1182] was different in style, diction, tone, and voice than Relief Defendants' prior filings, raising
questions about whether other counsel is involved.[1]

Further, although the SEC previously noted its concern that Relief Defendants had not
stated whether they "have elected to proceed without counsel" [Doc. # 1176] – a concern the
SEC reiterates in connection with the instant Motion to withdraw – Ms. Ahmed recently filed a
pleading that skirts that issue, stating only that the Relief Defendants "consent to the withdrawal
of" Harris St. Laurent & Chaudhry, LLP. [Doc. # 1192.] Notably absent is whether Relief
Defendants (1) also consent to the withdrawal of Murtha Cullina and (2) have elected to proceed
without counsel or, on the other hand, have other counsel working for them. This may be another
example of Relief Defendants' using carefully crafted language rather than simply stating basic
facts. *See* Doc. # 1099 at 3 & n.2 (noting that Relief Defendants appeared to be using carefully

---

[1] Relief Defendants previously disclosed that they intended to hire Jenner & Block to represent
them. *See* Doc. ## 1080; 1150.

crafted language to create the impression that she did not have access to funds).[2] For all of these reasons, the Motion fails to comply with various rules and requirements of this Court, and should be stricken on that basis alone.

Second, the Motion improperly requests reconsideration of the Court's prior rulings that monies will not be released to the Defendant or Relief Defendants until the SEC's judgment is secured, which serves as yet another basis to strike the filings. Even before appointing the receiver, the Court noted that the SEC's judgment would be secured prior to the Court releasing funds to Defendant or Relief Defendants. *See* Doc. # 955 at 30 ("It will likely be necessary to appoint a receiver to hold the currently frozen funds and who will then effectuate a mechanism for distribution of assets to victims in accordance with this Ruling. The receiver would then ensure the return of any frozen assets to Defendant in excess of the amount required to satisfy the judgment against him."). Similarly, in granting the Defendant's motion for a stay of the distribution of assets, the Court ruled that "Defendant's assets will remain frozen during the pendency of the appeal, serving as the functional equivalent of a supesedeas bond to ensure that the SEC, should it prevail on appeal, will not be injured by the stay." Doc. # 1052 at 7. And later, in issuing its Order Appointing Receiver – which occurred more than five months ago – this Court specifically noted Relief Defendants' request that $3 million be released for legal and living expenses, but did not grant the request. *See* Doc. # 1070 at 3. In sum, the Court has

---

[2] Once again, Relief Defendants seek to leave the impression, but do not claim, that they rely on the release of funds to pay their counsel. That is likely because any such claim would be incredible considering Ms. Ahmed remains unemployed but continues to expend funds on private school for her children and regularly travels to India to vacation with her fugitive husband. Further, the omission of this claim ignores another of this Court's prior orders: that any application for fees be accompanied by sworn affidavits detailing, among other things, Ms. Ahmed's efforts to obtain employment. *See* Doc. # 367 at 2 n.1 ("applications from Relief Defendants for fees in this case will be insufficient if unaccompanied by sworn affidavits detailing Ms. Ahmed's good faith efforts to obtain income-producing employment and identifying untainted frozen assets which may be used, in whole or in part, for such purpose.").

repeatedly held that substantial assets will not be released to Defendant or Relief Defendants until the SEC's judgment is secured. The SEC's judgment has not yet been secured, and if Relief Defendants get their way it will not be secured any time soon. *See, e.g.*, Doc. ## 1136 (seeking additional time to respond to Receiver's Report), 1149 (requesting permission to take discovery prior to responding to Receiver's Report). Indeed, it is telling that in the very same Motion where Relief Defendants request the immediate release of assets to their attorneys, they seek an additional 30-90 days to further delay the liquidation of assets and satisfaction of the Judgment that would result in the lifting of the asset freeze. The present Motion provides no reason this Court should reconsider its prior rulings and immediately release to them $350,000 prior to securing the SEC's judgment, especially when the asset freeze is the result of their refusal to liquidate assets and continued delay tactics.

Put simply, despite the clear requirements of the Local Rules and the Rules of Professional Conduct, the present Motion fails to provide basic information: do Relief Defendants actually consent to the withdrawal of Murtha Cullina, and do Relief Defendants have other counsel that they have engaged (or are waiting in the wings to represent them) or will Ms. Ahmed be the only remaining Relief Defendant in this case. Further, the Motion is yet another motion for reconsideration, with no basis for the Court to revisit its prior rulings.

For these reasons, the Motion to Withdraw should be stricken without prejudice to Relief Defendants' re-filing a motion or motions that comply with the appropriate rules. In the alternative, were the Court to decline to strike the various motions to withdraw, the SEC respectfully requests the Court hold a hearing on these motion to make clear on the record the actual facts regarding Relief Defendants' legal representation, especially when only one of the

6

eight Relief Defendants has the ability to proceed in this case without counsel. The SEC is

available at the Court's convenience.

DATED: June 14, 2019.

Respectfully submitted,


*s/ Nicholas P. Heinke*
Nicholas P. Heinke (Colorado Bar No. 38738)
Mark L. Williams (New York Bar. No. 4796611)
United States Securities and Exchange Commission
1961 Stout St., Suite 1700, Denver, CO 80294
E-mail:       HeinkeN@sec.gov
              WilliamsML@sec.gov

Attorneys for Plaintiff:

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

<u>CERTIFICATE OF SERVICE</u>

I certify that on June 14, 2019, a copy of the foregoing document was emailed to

Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Jonathan Harris
Reid Skibell
David Deitch
Alexander Sakin
S. Gabriel Hayes-Williams
Joseph Gallagher
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(Counsel for Relief Defendants)


Christopher H. Blau (ct30120)
Stephen M. Kindseth (ct14640)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
(Counsel for Receiver, Jed Horwitt, Esq.)

*s/ Nicholas P. Heinke*
Nicholas P. Heinke
