UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA |

**RECEIVER'S OBJECTION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS IN LIGHT OF PETITION TO THE US SUPREME COURT FOR A WRIT OF _CERTIORARI_ IN _CHARLES LIU V. SEC_ FILED ON MAY 31, 2019**

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully objects (the "Objection") to the Defendant's Motion to Stay Proceedings in Light of Petition to the US Supreme Court for a Writ of _Certiorari_ in _Charles Liu v. SEC_ Filed on May 31, 2019 ("the Motion"), filed on June 11, 2019. In support thereof, the Receiver respectfully represents as follows.

---

[1] Unless expressly defined otherwise in this report, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report").

1

As an initial matter, the Receiver does not comment upon the likelihood or impact, if any, of the Supreme Court granting *certiorari* in *Liu v. SEC*. In the Receiver's view, it is beyond his mandate as articulated in the Appointment Order to opine on the significance of *Liu v. SEC* as it relates to the instant matter at the present time.

However, the Receiver objects to the Motion because the requested stay of these proceedings would, if granted, prolong the Receivership Estate's exposure to market risk putting the primary purpose of this receivership—securing fully the Judgment entered by this Court pending the appeals—in jeopardy. As the Receiver stated previously, it is well-recognized that the equity markets in the United States of America have experienced the longest bull market in its history. The Receiver believes that it is fair to say that, at some point in the future, in all likelihood, the equities bull market will come to an end. The real estate market may also experience at some point a more significant decline in values. The Receivership Estate's exposure to all market risks increases in lockstep with delays in the completion of the liquidation process, the necessary result if the Court grants the Motion.

A downturn in the real estate or equity markets may result in the Receiver being unable to fulfil his obligations under the Appointing Order (including fully securing the Judgment awarded to the Commission pending appeal). To this end, the Motion's statement that "no prejudice will be caused to any party by a grant of stay" is simply inaccurate. (Motion, at 2.) It is well-settled that "[t]he decision whether to grant a stay 'calls for an exercise of judgment [by the Court], which must weigh the competing interests and maintain an even balance.'" *BOKF, NA v. Wilmington Sav. Fund Soc'y (In re MPM Silicones, L.L.C.)*, Docket No. 15-cv-2280 (NSR), 2017 U.S. Dist. LEXIS 162681, at *5 (S.D.N.Y. Sep. 29, 2017), *quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936). The Receiver respectfully submits that a balancing of interests militates against a stay of proceedings and the associated delay in the liquidation process

at this time. The Defendant is adequately protected by postponing the distribution of the liquidation proceeds to the Commission on account of its Judgment pending the final adjudication of the appeals—which this Court has already directed.

WHEREFORE, for these foregoing reasons, the Court should sustain the Receiver's objection to the Motion, deny the Motion and grant such other and further relief as this Court deems just and proper.

Dated July 2, 2019, at Bridgeport, Connecticut.

>	Respectfully submitted,
>	JED HORWITT, ESQ., RECEIVER
>
>	 /s/ Christopher H. Blau
>	Stephen M. Kindseth (ct14640)
>	Christopher H. Blau (ct30120)
>	Zeisler & Zeisler, P.C.
>	10 Middle Street, 15th Floor
>	Bridgeport, CT  06604
>	Telephone: 203-368-4234 X 236
>	Facsimile: 203-549-0903
>	Email: cblau@zeislaw.com;
>	skindseth@zeislaw.com
>	*Counsel to the Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2019, a copy of the foregoing Objection was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

                                                                      */s/ Christopher H. Blau*
                                                                        Christopher H. Blau (ct30120)