UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) No. 3:15-CV-675 (JBA) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| IFTIKAR AHMED, | ) ) |
| Defendant, and | ) ) |
| IFTIKAR ALI AHMED SOLE PROP; *et al* | ) ) ) JULY 3, 2019 |
| Relief Defendants. | ) ) |

_____)

## **RELIEF DEFENDANTS' MOTION TO IMMEDIATELY RENT THE TWO NYC APARTMENTS**

The Relief Defendants respectfully request that the Court order that the two NYC apartments owned by the Relief Defendants be rented immediately. The Relief Defendants reserve all rights with respect to all issues.

## **FACTS**

The Relief Defendants assume familiarity with the background of this case, but submit the following facts on the two NYC apartments for the benefit and convenience of the Court:

1. Relief Defendants own two NYC Apartments at 530 Park Avenue, Apt 12A and Apt 12F

2. Apt 12A was already rented when the asset freeze was entered on May 7, 2015. The lease from this tenant ended on October 1, 2018 and the apartment has been vacant since that date.  Ms. Ahmed has received several offers from potential tenants to rent that unit since then, all of which the SEC has opposed.

3. Apt 12F was ordered to be rented by the Court during the litigation and was rented to a tenant starting in July 2016. The tenant renewed the lease several times in one year increments and that latest lease is set to expire on July 15, 2019.

4. It has come to the Relief Defendants' attention that the Receiver has decided not to renew the lease for the tenant in Apt. 12F.  The unit Apt 12A is also currently vacant.

## **ARGUMENTS**

The Relief Defendants request that the Court order the two NYC apartment units be rented immediately.

*First,* the Receiver has a mandate to "…tak[e] into consideration the wishes of Defendant and Relief Defendants" [ECF No. 1070 at 7] when managing the frozen assets. The Relief Defendants have clearly stated that the apartment units should be rented pending appeal and pending any decision to potentially monetize these assets.

The Defendant has similarly stated his position that these units should be rented pending any decision by the Court: "[R]enting both apartments would bring in around $45,000 in combined monthly rental income, even if the Court were to order monetization of these assets," [ECF No. 1209-1 at 4] which would more than offset any costs incurred while the apartments are either frozen pending appeal, or potentially monetized.  In addition, the Defendant stated that "[R]enting the apartments does not preclude a sale of these assets; nor does it hinder them. While any sale would honor any rental lease in place, apartments of this caliber are usually investment properties (similar to why Ms. Ahmed purchased them [Doc. 905 at 19 (Ex. 1, at 113:24 – 114:10; Ex. 2 at 96:4-25; 98:22 – 99:22; Ex. 2 at 106:29 – 107:10)]) and it is Defendant's understanding that having a tenant in an investment property is more valuable to a prospective buyer than one that is empty. An added benefit is that renting the units adds to the amount of assets frozen and covers the costs of the apartments while they are on the market for sale, should the Court order as such, pre-appeal." [ECF No. 1209-1 at 4, n.7]

*Second*, the Receiver has a mandate to "maximiz[e] the realizable value of the assets of the Receivership Estate and minimiz[e] the expenses charged

2

thereto…including, but not limited to management of investments and rental and maintenance of real property." [ECF No. 1070 at 7] By not renting the units pending certain decisions by the Court, the Receiver has not followed the specific mandate of the Court. If the apartments are rented, the rental income more than offsets any costs to the units and also adds to the frozen corpus, which is beneficial to all parties.

*Third*, while Relief Defendants understand that the Court will make the decision on whether or not the units should continue to be rented, the Receiver has also not sought the guidance of the Court in this matter, when his position is different than that of the Relief Defendants and Defendant.

*Fourth*, there are no costs to the owner to rent an apartment as the tenant (and not the owner) typically pays for the costs of the real estate broker when the unit is leased. Here the units could be rented month to month if desired, or on a one year or shorter lease.

Wherefore, the Relief Defendants request that the Court order the immediate rental of the two NYC apartment units.

Respectfully Submitted

By: */s/ Paul E. Knag*
    Paul E. Knag – ct04194
    pknag@murthalaw.com
    Kristen L. Zaehringer – ct27044
    kzaehringer@murthalaw.com
    Murtha Cullina LLP
    177 Broad Street, 16th Floor
    Stamford, Connecticut 06901
    Telephone: 203.653.5400
    Facsimile:  203.653.5444

*Attorneys for Relief Defendants
I-Cubed Domain, LLC, Shalini Ahmed,
Shalini Ahmed 2014 Grantor Retained
Annuity Trust, Diya Holdings, LLC, Diya
Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                            /s/ Paul E. Knag
                                             Paul E. Knag – ct04194