UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>　　　　Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>　　　　Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA |

**STATEMENT OF RECEIVER'S POSITION CONCERNING RELEIF DEFENDANTS' MOTION FOR RELEASE OF FEES FOR ACCOUNTANT TO PREPARE AND FILE RELIEF DEFENDANTS' 2018 TAXES AND FOR PAYMENT TO ACCOUNTANT OF FEES FOR PREPARATION AND FILING OF RELIEF DEFENDANTS' 2017 TAXES**

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully provides this statement (the "Statement") articulating his position in response to the Relief Defendants' Motion for Release of Fees for Accountant to Prepare and File Relief Defendants' 2018 Taxes and for Payment to

---

[1] Unless expressly defined otherwise in this report, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report").

1

Accountant of Fees for Preparation and Filing of Relief Defendants' 2017 Taxes [Doc. No. 1207] (the "Motion"), filed on June 20, 2019, which is as follows.

In accordance with the Appointment Order, it is beyond the Receiver's authority to pay Reardon and Company LLP ("Reardon") for the preparation and filing of Mrs. Ahmed's individual income tax returns as requested by the Motion—both the past due amount for the 2017 returns presumably prepared and filed in 2018 (prior to the Receiver's appointment), and for the 2018 returns now needing to be prepared.[2] As the current and historical obligations to Reardon for services rendered in preparing Mrs. Ahmed's individual income tax returns are not an obligations of the Receivership Estate or incurred by a Receivership Asset, it is the Receiver's position (which he articulated through his counsel to the Relief Defendants' counsel) that he cannot make the payment absent an order from this Court.[3]

Due to the *de minimis* amount, in relative terms, sought to be disbursed to Reardon pursuant to the Motion, the Receiver does not believe that such disbursement will adversely impact the Receiver's ability to fulfill his primary obligation in this receivership—to fully secure the Required Amount through the liquidation of Receivership Assets—or to execute in any other regard his duties pursuant to the Appointment Order.  Therefore, the Receiver takes no position with respect

---

[2] The Motion and invoice submitted by Reardon created significant confusion by requesting payment to prepare the "Relief Defendants' returns" and returns for "other entities that [Mrs. Ahmed] control[s] that need to file income tax returns." The Receiver has confirmed in writing with Reardon directly that he is only seeking to be paid $7,800 for having prepared Mrs. Ahmed's individual 2017 income tax returns and would like to be prepaid $7,800 to prepare Mrs. Ahmed's individual 2018 income tax returns.

[3] The Motion suggests, at page 3, that because "income from [Mrs. Ahmed's] entities that are frozen and under the Receivership flows through [Mrs. Ahmed's] tax returns," allowing Mrs. Ahmed to file taxes allows the underlying entities to "file[] their taxes as well." This is inaccurate. As represented in writing by Reardon to the Receiver's counsel (and later acknowledged in writing by the Relief Defendants' counsel), the tax return in question is to be prepared and filed solely on behalf of Mrs. Ahmed. The only two Receivership Estate entities involved—DIYA Holdings, LLC and DIYA Real Holdings, LLC—are "disregarded entities" for tax purposes meaning that their sole member, Mrs. Ahmed, must reflect their income tax attributes on her individual return. She is then responsible for any tax liability that arises; albeit in the context of her entire tax situation (presumably reflected on her income tax return). There simply would be no income taxes due by these disregarded entities.

to the relief requested by the Motion.[4]

Upon request, the Receiver or his counsel will attend any hearings scheduled by the Court on this matter and provide any relevant information and assistance that the Court may request in addressing this Motion.

Dated July 12, 2019, at Bridgeport, Connecticut.

                        Respectfully submitted,
                        JED HORWITT, ESQ., RECEIVER

                        */s/ Stephen M. Kindseth*
                        Stephen M. Kindseth (ct14640)
                        Christopher H. Blau (ct30120)
                        Zeisler & Zeisler, P.C.
                        10 Middle Street, 15th Floor
                        Bridgeport, CT  06604
                        Telephone: 203-368-4234 X 236
                        Facsimile: 203-549-0903
                        Email: cblau@zeislaw.com;
                        skindseth@zeislaw.com
                        *Counsel to the Receiver*

---

[4] In the interest of full disclosure to this Court, previously, pursuant to, *inter alia*, paragraphs 5(f) and 32 of the Appointment Order, the Receiver released funds from the Receivership Estate to Reardon to pay for the preparation and filing of The Essell Group, LLC's and The Essell Farm, LLC's 2018 income tax returns. The Receiver believes that this presented an entirely different situation since these entities constitute assets of the Receivership Estate, are **not** "disregarded entities" for tax purposes and, therefore, have to file their own income tax returns and pay any corresponding income tax liability.

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

*/s/ Stephen M. Kindseth*
Stephen M. Kindseth (ct14640)
