# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) )<br><br>Plaintiff, ) )<br>v. ) )<br>IFTIKAR AHMED ) )<br>Defendant, and )<br>and )<br>)<br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents )<br><br>Relief Defendants. ) | Civil Action No.<br>3:15-cv-675-JBA |

## RECEIVER'S OBJECTION TO RELIEF DEFENDANTS' MOTION TO IMMEDIATELY RENT THE TWO NYC APARTMENTS

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully objects (the "Objection") to the Relief Defendants' Motion to Immediately Rent the Two NYC Apartments [Doc. No. 1220] (the "Motion"), filed on July 3, 2019. In support thereof, the Receiver respectfully represents as follows.

---

[1] Unless expressly defined otherwise, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report").

1

### I. The Receiver Should Liquidate the Apartments to Fully Secure the Required Amount

Included in the Receiver's proposed Plan of Liquidation is the liquidation of both Apartment 12A and Apartment 12F (jointly, the "Apartments"). In the Receiver's view, based on the current status of the Receivership Estate and the value of the Receivership Assets, the liquidation of the Apartments is an efficient way for the Receiver to fully secure the Required Amount.

At a minimum, the Receiver presently estimates that at least one of the Apartments will need to be sold to fully secure the Required Amount if a significant majority of the UTMA accounts (SEC Nos. 86-94, jointly the "UTMA Accounts") and the Iftikar A. Ahmed Family Trust account (SEC No. 71, the "Trust Account") were also liquidated. As the Court is aware, the Defendant, the Relief Defendants, and Daniel G. Johnson as trustee and custodian have all objected to the liquidation of the UTMA Accounts and the Trust Account. (*See* Doc. Nos. 1178 at 4, 1180 at 3, 1182 at 25-26.)

By liquidating both of the Apartments, and assuming the value of other Receivership Assets remains the same or increases, the Receiver believes he will be able to fully secure the Required Amount without liquidating the UTMA Accounts and liquidating only a portion of the Trust Account. Therefore, and subject to further order of this Court, the Receiver maintains that he should liquidate both of the Apartments.

### II. Keeping the Apartments Vacant is in the Interest of the Receivership Estate and is Consistent with the Appointment Order

Until this Court decides whether the Apartments should be liquidated, the Receiver submits that it is in the best interest of the Receivership Estate to keep the Apartments vacant. The Receiver's operational decision to not rent them is entirely consistent with the Appointment Order.

As this Court is aware, the Appointment Order provides that the Receiver shall, *inter alia*, "maximiz[e] the realizable value" of Receivership Assets. (Appointment Order, at 7.) The Receiver interprets this language to direct him, in the event this Court orders the Receiver to liquidate certain assets to secure the Required Amount, to maximize the amount realized from such liquidations.

Following conversations with Stacey Froelich of Compass, the real estate brokerage firm the Receiver intends to seek permission to retain in connection with the liquidation of the Apartments in the event the Court directs the Receiver to proceed with such liquidations, it is the Receiver's understanding that both Apartments will sell for more money in a shorter period of time if they are vacant. Upon information and belief, vacant apartments are likely to realize larger sale prices in a shorter period of time because most buyers in the current market are not investors seeking a property to rent and earn income but rather individuals looking to purchase a residence for their own use. Moreover, the sale process is more difficult (and thus more likely to result in larger expenses to the Receivership Estate) if a tenant is in place because tenants generally have no interest in assisting with the sale process and making the property attractive to prospective buyers. Attached hereto as **Exhibit A** is an affidavit by Ms. Froelich attesting to these facts. Therefore, it is in the best interest of the Receivership Estate and consistent with the Appointment Order's directive to maximize the realizable value of Receivership Assets to keep the Apartments vacant.

In electing to keep the Apartments vacant until this Court rules on the Receiver's proposed Plan of Liquidation, the Receiver has taken into consideration the position of the Defendant and Relief Defendants as directed by the Appointment Order. (*See* Appointment Order, at 7.) However, neither the Defendant nor the Relief Defendants have provided the Receiver with a compelling reason to reject Ms. Froelich's expert opinion and rent the Apartments, risking a lower sale price

and a longer sale period.

The Receiver appreciates that, if this Court did not order him to liquidate the Apartments to fully secure the Required Amount, it may be in the interest of the Receivership Estate at that time to rent both Apartments. However, given the current procedural posture of this matter, the Receiver's conclusion (subject to this Court's approval, of course) that the Apartments should be liquidated to fully secure the Required Amount, and Ms. Froelich's opinion that both Apartments will sell for more money and in less time in the current market if they are vacant, the Receiver believes it is in the best interest of the Receivership Estate to keep the Apartments vacant pending an order from this Court concerning the liquidation of the Apartments.

WHEREFORE, for these foregoing reasons the Court should sustain the Receiver's objection to the Motion, deny the Motion, and grant such other and further relief as this Court deems just and proper.

Dated July 24, 2019, at Bridgeport, Connecticut.

Respectfully submitted,
JED HORWITT, ESQ., RECEIVER

 /s/ Christopher H. Blau
Stephen M. Kindseth (ct14640)
Christopher H. Blau (ct30120)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06604
Telephone: 203-368-4234 X 236
Facsimile: 203-549-0903
Email: cblau@zeislaw.com;
skindseth@zeislaw.com
*Counsel to the Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2019, a copy of the foregoing Objection was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

 */s/ Christopher H. Blau*  
Christopher H. Blau (ct30120)