# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>       Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>       Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA |

## RECEIVER'S OBJECTION TO DEFENDANTS' MOTION FOR LEAVE TO FILE AND/OR CONTINUE ARBITRATION AGAINST OAK

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully objects (the "Objection") to the Defendant's Motion for Leave to File and/or Continue Arbitration Against Oak [Doc. No. 1225] (the "Motion"), filed on July 8, 2019. In support thereof, the Receiver respectfully represents as follows.

---

[1] Unless expressly defined otherwise, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report").

1

Consistent with the Appointment Order's directive to "control the operation of the Receivership Estate," and as the Receiver has done with every other motion filed by interested parties to this action, the Receiver reviewed the Motion to determine what impact, if any, the relief sought therein would have upon the Receivership Estate. Unfortunately, besides stating that the Defendant "intends to file a counterclaim and also enjoin [*sic*] his earlier filed arbitration (in May 2018) against Oak[2] to this arbitration action," the Motion provides no details as to the nature of the Defendant's claims against Oak or any representation that such claims do not concern, or will not ultimately impact, any Receivership Assets or the Receivership Estate generally.

Thus, in an effort to fulfil the Receiver's obligations under the Appointment Order and fully evaluate the Motion in the most expeditious and cost-effective way possible, counsel to the Receiver requested copies of the Defendant's arbitration complaint and counterclaim from the Defendant. Separately, Attorney David Momborquette, counsel to Oak Management Company ("OMC") advised that, provided the Receiver kept the complaint and counterclaim confidential and did not disclose the substance thereof, OMC had no objection to the Defendant sharing the requested documents with the Receiver. However, even though the Receiver agreed to keep the requested documents confidential, the Defendant declined to provide the same to the Receiver. The Defendant explained that, "out of an abundance of caution without knowing and understanding AAA rules and regulations on this issue, I am unable to share the confidential and private documents at this time."

Without being able to understand the nature of the Defendant's complaint and counterclaim to determine what impact, if any, the same may have on any specific Receivership Asset or on the

---

[2] To avoid confusion, for the purposes of this Objection the Receiver incorporates the definition given to "Oak" in the Motion, which the Motion defines as "any Oak related entity, personnel, consultant, portfolio company, etc., including but not limited to OMC (Oak Management Corporation), the Oak Funds, and Oak HC/FT." Upon information and belief, Oak Management Corporation and Oak HC/FT Management Company LLC are entirely distinct entities, represented by separate counsel.

2

Receivership Estate as a whole, the Receiver is unable to fully evaluate the Motion. Therefore, to protect against any potential risk to the Receivership Estate, the Receiver has no choice but to object to the Motion.

It should be noted that the Motion presents a materially different factual scenario then compared to OMC's earlier Motion to Lift Litigation Stay [Doc. No. 1132] (the "OMC Motion") and the Memorandum of Law in support thereof [Doc. No. 1133] (the "OMC Memorandum"), both filed on April 5, 2019. After outlining the general contours of OMC's claims against the Defendant (none of which impacted Receivership Assets or impaired the administration of the Receivership Estate), the OMC Memorandum affirmatively represents that "OMC does not seek to disturb the asset freeze or take priority over the SEC's claim to any of the frozen assets." (OMC Memorandum, at 4.) Based upon this and the circumstances fully described in the OMC Motion and the OMC Memorandum, the Receiver took "no position as to the [OMC] Motion" as stated in his Statement of Receiver's Position Regarding Non-Party Oak Management Corporation's Motion to Lift Litigation Stay [Doc. No. 1144].

Fundamentally, the relief sought in the OMC Motion – permission for OMC to arbitrate its claims against the Defendant – would not disturb the Receivership Estate or in any way impede the Receiver's ability to execute his duties under the Appointment Order. Meanwhile, because the Defendant's Motion provides no details as to his claims against, or relief sought from, Oak and the Defendant has declined to share the subject complaint and counterclaim with the Receiver for his review, the Receiver cannot conclude that the relief sought in the Motion will have no adverse impact on the Receivership Estate. Accordingly, the Receiver objects to the Motion.

WHEREFORE, for these foregoing reasons the Court should sustain the Receiver's objection to the Motion, deny the Motion, and grant such other and further relief as this Court deems just and proper.

Dated July 29, 2019, at Bridgeport, Connecticut.

                    Respectfully submitted,
                    JED HORWITT, ESQ., RECEIVER


                    */s/ Christopher H. Blau*
                    Stephen M. Kindseth (ct14640)
                    Christopher H. Blau (ct30120)
                    Zeisler & Zeisler, P.C.
                    10 Middle Street, 15th Floor
                    Bridgeport, CT  06604
                    Telephone: 203-368-4234 X 236
                    Facsimile: 203-549-0903
                    Email: cblau@zeislaw.com;
                    skindseth@zeislaw.com
                    *Counsel to the Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2019, a copy of the foregoing Objection was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

　　　　　　　　　　　　　　　　　　　　 */s/ Christopher H. Blau*
　　　　　　　　　　　　　　　　　　　　　Christopher H. Blau (ct30120)