UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

          *Plaintiff*,

          *v*.

IFTIKAR AHMED,

          *Defendant*, and

IFTIKAR ALI AHMED SOLE PROP; I-CUBED
DOMAINS, LLC; SHALINI AHMED; SHALINI
AHMED 2014 GRANTOR RETAINED
ANNUITY TRUST; DIY A HOLDINGS LLC;
DIYA REAL HOLDINGS, LLC; 1.1. 1, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents; 1.1. 2, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents; and 1.1. 3, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents,

          *Relief Defendants*.
---------------------------------------------------------------x

Civil No. 3:15cv675 (JBA)

JULY 29, 2019

**NON-PARTY OAK MANAGEMENT CORPORATION'S
MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT IFTIKAR
AHMED'S MOTION FOR LEAVE TO FILE AND/OR CONTINUE
<u>ARBITRATION AGAINST OAK</u>**

Non-party Oak Management Corporation ("Oak"), by its undersigned counsel, respectfully submits this memorandum of law in opposition to Defendant Iftikar Ahmed's Motion for Leave to File and/or Continue Arbitration Against Oak [Doc. No. 1225], filed on July 8, 2019. Mr. Ahmed seeks to lift the litigation stay ordered by this Court so that he may pursue certain causes of action against Oak and others either as counterclaims in an arbitration commenced by Oak against him (the "Oak Arbitration"), or as direct claims asserted in connection with an earlier arbitration brought by Mr. Ahmed against Oak and others

{N5613352}

(the "Ahmed Arbitration").[1]  As further discussed below, Mr. Ahmed's motion should be denied in its entirety.

Specifically, Mr. Ahmed provides no justification whatsoever in his motion papers for lifting the stay of litigation ordered by this Court to permit him to assert certain claims and counterclaims against Oak in arbitration.  The motion should be denied based on that fact alone.  Nor does Mr. Ahmed provide any detail concerning the claims and counterclaims he plans to pursue or concerning the remedies he seeks in the arbitrations.  The reasons that Mr. Ahmed has not included any of this information in his motion papers are as clear as they are troubling.  Mr. Ahmed is attempting to re-litigate certain issues that he has already litigated and lost in this action.  Moreover, Mr. Ahmed is attempting to gain direct possession and control of assets that, if he were to prevail in the arbitrations, are subject to the asset freeze order entered by this Court.

In the arbitrations, Mr. Ahmed alleges REDACTED REDACTED.  (Complaint at ¶1; Counterclaims at ¶ 25.)  REDACTED REDACTED REDACTED.  (Complaint at ¶ 2.)  But this Court has already concluded that Mr. Ahmed has no right to these assets.  Specifically, in granting, with modifications, the motion for Remedies And Judgment filed in this action by the Securities and Exchange Commission, this Court determined that Mr. Ahmed had "forfeited his rights to any carried interest . . . from Oak Management Corporation" as a result of being terminated from Oak for "Disabling Conduct" (as that term is defined in the relevant documents).  (Doc. # 955 at 28.)  Having previously lost the issue of whether he forfeited any carried interest before this Court, Mr. Ahmed should not be permitted to re-litigate that issue in

---

[1] A copy of the Complaint For Damages And Other Relief; Demand For Arbitration [sic] filed by Mr. Ahmed in the Ahmed Arbitration (the "Complaint") and the Answer And Counterclaims filed by him in the Oak Arbitration (the "Counterclaims") have been filed under seal as Exhibit A and Exhibit B, respectively, to this opposition brief.

an arbitration either as a direct claim or as a counterclaim.  *See Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 159 (D. Conn. 2005) (concluding that right to arbitration was waived and claims were barred by *res judicata* where claims asserted in arbitration were adjudicated in previous litigation).

Moreover, the filing of Mr. Ahmed's claims and counterclaims in arbitration clearly violates the express terms of the asset freeze order entered by this Court.  In connection with the order granting the SEC's motion for a preliminary injunction (the "Asset Freeze Order" at Doc. No. 113), this Court expressly directed anyone in possession or control of any funds or other assets belonging to Mr. Ahmed to "hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets." (Asset Freeze Order at 20-21.)  Mr. Ahmed nonetheless requests REDACTED REDACTED. (Complaint at pp. 26-27; Counterclaims at ¶¶ 26, 31.)  That request directly contravenes the Asset Freeze Order – which clearly states that such assets shall remain frozen and that Mr. Ahmed shall not commence any action which would impact that freeze.  Notably, Mr. Ahmed provides absolutely no explanation as to why the Court should permit him, assuming he prevails in the arbitrations, to REDACTED.

Accordingly, in light of the express terms of the Asset Freeze Order – and in the absence of any justification for the release of assets that would ordinarily remain frozen by order of this

Court – Mr. Ahmed should not be permitted to proceed with either the Ahmed Arbitration or the Counterclaims.

>By: /s/ David T. Grudberg
>David T. Grudberg, Esq. (ct01186)
>CARMODY TORRANCE SANDAK &
>HENNESSEY LLP
>195 Church Street, P.O. Box 1950
>New Haven, C.T. 06509-1950
>Telephone: (203) 777-5501
>Facsimile: (203) 784-3199
>E-mail: dgrudberg@carmodylaw.com
>
>Of Counsel:
>
>David K. Momborquette, Esq.
>McDERMOTT WILL & EMERY LLP
>340 Madison Avenue
>New York, N.Y. 10073
>Telephone: (212) 547-5400
>Facsimile: (212) 547-5444
>E-mail:  dmomborquette@mwe.com
>
>*Counsel for Oak Management Corporation*

## **CERTIFICATION**

I hereby certify that on July 29, 2019, a copy of the foregoing Memorandum of Law in Opposition to Defendant Iftikar Ahmed's Motion for Leave to File and/or Continue Arbitration Against Oak was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operating of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                              /s/ David T. Grudberg
                                              David T. Grudberg