UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>Relief Defendants. | Civil Action No. 3:15cv675 (JBA) |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AND/OR CONTINUE ARBITRATION AGAINST OAK**

Plaintiff United States Securities and Exchange Commission ("SEC") hereby files this response in opposition to Defendant's request [Doc. # 1225] "to file any arbitration and/or continue arbitration against Oak that was stayed in June 2018, based on this Court's Preliminary Injunction Order." *Id*. at 1 ("Motion"). On the current record, Defendant's Motion should be denied.

By way of background, this Court entered [Doc. # 113] a Temporary Restraining Order staying all litigation that would interfere with the asset freeze prior to issuing [Doc. # 1070] its Order Appointing Receiver, which, among other things, prohibited the commencing or continuing of litigation "to obtain possession of property of the Receivership Estate" or "against any of the Defendants…" *Id.* at 13.  Non-parties NMR e-tailing, LLC ("NMR") and Oak Management Corporation ("Oak") subsequently moved [Doc. ## 1097, 1132] separately for orders lifting the litigation stay against Defendant.  The Court granted [Doc. # 1167] these requests after specifically recognizing that neither NMR nor Oak sought assets of the Receivership Estate or otherwise disturb the asset freeze.  *Id.* at 9 ("[B]ecause NMR does not seek assets of the Receivership Estate and the Receiver does not anticipate that the New York action would impact the performance of his duties, maintaining the stay as to the New York action is not necessary to preserve the status quo of the Receivership Estate."); *id*. at 13 ("[B]ecause Oak is not attempting in any way to disturb the asset freeze or take priority over any claim by the SEC to any of the frozen assets, and the Receiver represents that granting Oak's motion would not impact his ability to perform his duties, maintaining the stay as to Oak's desired arbitration is not necessary to preserve the status quo of the Receivership Estate.") (internal quotations and citations omitted).  The instant Motion provides no similar assurance and should therefore be denied.

<u>First</u>, Defendant's request that he be permitted "to file **any** arbitration" against Oak (Motion at 1) (emphasis added) should be rejected outright.  Granting the Motion would give Defendant free rein to engage in improper litigation, such as seeking to re-litigate issues already decided by this Court or to obtain assets frozen by this Court.  Simply put, Defendant's request is far too broad and the Motion should be denied on this basis alone.

Second, Defendant does not provide any assurance that the arbitration in which he intends to engage will not seek assets of the Receivership Estate or impact the performance of the Receiver's duties.  Considering earlier explicit representations from third-parties that they were not seeking to interfere with the Receiver or the Receivership Estate, along with the Court's crediting of these statements when granting their request, Defendant's silence on this point is deafening.  Moreover, this Court's Order enjoins only commencing or continuing litigation "against the Receiver…to obtain possession of property of the Receivership Estate… against any of the Defendants….or, against any of the Defendants' past or present officers, directors, managers…" Doc. # 1070 at 3.  Because Defendant is not seeking permission to litigate against the Receiver, another defendant, or another defendant's officers, he is presumably seeking permission to engage in arbitration "to obtain possession of property of the Receivership Estate." Doc. # 1070 at 13. The Motion should be denied, as the assets should remain frozen and under the control of this Court unless and until the Judgement is fully secured.  Indeed, given that Defendant continues to object to the liquidation of assets sufficient to satisfy the judgment (instead requesting that the asset freeze remain in place), he can hardly complain about the Court's prohibition on litigants seeking to obtain possession of property of the Receivership Estate.

      For these reasons, Defendant's' Motion should be denied.

//

//

//

//

//

DATED: July 29, 2019.

                Respectfully submitted,

                *s/ Mark L. Williams*
                Nicholas P. Heinke (Colorado Bar No. 38738)
                Mark L. Williams (New York Bar. No. 4796611)
                United States Securities and Exchange Commission
                1961 Stout St., Suite 1700, Denver, CO 80294
                E-mail:       HeinkeN@sec.gov
                              WilliamsML@sec.gov

                Attorneys for Plaintiff:

                UNITED STATES SECURITIES AND
                EXCHANGE COMMISSION

## CERTIFICATE OF SERVICE

I certify that on July 29, 2019, a copy of the foregoing document was emailed to

Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Jonathan Harris
Reid Skibell
David Deitch
Alexander Sakin
S. Gabriel Hayes-Williams
Joseph Gallagher
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(Counsel for Relief Defendants)


Christopher H. Blau (ct30120)
Stephen M. Kindseth (ct14640)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
(Counsel for Receiver, Jed Horwitt, Esq.)

                                                  *s/ Mark L. Williams*
                                                  Mark L. Williams