# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

               Plaintiff,

    v.                            Civil Action No. 3:15-cv-675 (JBA)

IFTIKAR AHMED,

               Defendant, and

IFTIKAR AHMED SOLE PROP; *et al*

               Relief Defendants.              July 30TH, 2019

## DEFENDANT'S EMERGENCY MOTION FOR THE <u>IMMEDIATE</u> REMOVAL OF JED HORWITT AS RECEIVER AND TERMINATION OF RECEIVERSHIP DUE TO THE GROSS MISMANAGEMENT OF AND FALSE STATEMENTS MADE REGARDING THE ILLEGAL OCCUPANCY BY FORMER TENANT IN NYC APARTMENT #12F <u>OWNED BY RELIEF DEFENDANTS</u>

      The *pro se* Defendant files this Emergency Motion for the Immediate Removal of Jed Horwitt as the Receiver in this case due to the gross mismanagement of and repeated false statements made to this Court and other parties regarding the now illegal occupancy by the former tenant in NYC Apartment #12F owned by the Relief Defendant Diya Real Holdings.

      The Defendant also asks this Court to Order that the former tenant who is currently illegally occupying Apt. #12F to immediately vacate the apartment as his continued occupancy without a lease agreement approved by this Court is tantamount to squatting and is illegal.  The Defendant reserves all rights to all issues.

1

The behavior and conduct of the Receiver now is potentially complicit with the commission of a crime[2] and the Court cannot also be complicit in this illegal conduct. Enough is enough. The Receiver submitted false statements to this Court and to all parties and his unethical conduct is a blot on this Court and indeed the entire judicial process in this matter.

## FACTS SURROUNDING APARTMENT #12F

The Defendant lists the following facts for the Court and all parties:

1. Apt. #12F was first rented on July 15th, 2016, as per this Court's orders.

2. The lease was extended for a period of one (1) year from July 15th, 2017 to July 14th, 2018.

3. The lease was further extended for a period of one (1) year from July 15th, 2018 to July 14th, 2019.

4. The *__lease for the tenant expired on July 14th, 2019__* and the lease was neither renewed nor extended.

5. The Relief Defendants filed a Motion to Immediately Rent the Two NYC Apartments [Doc. #1220].

6. *__The Receiver [Doc. #1237] and the SEC [Doc. # 1238] both opposed the Relief Defendants' Motion__*. The Receiver had the opportunity to inform the Court that Apt. 12F was actually occupied and conveniently did not do so since that information would directly contradict his opposition to the Motion to rent the two NYC apartments, which the Receiver had quite hypocritically opposed.

7. The Defendant filed a Reply [Doc. #1239] to the Receiver and the SEC's Opposition to rent the two NYC Apartments.

8. The Relief Defendants have not yet filed a Reply to the Receiver's and the SEC's Opposition.

9. The Defendant learned on July 29th, 2019, that the former tenant of Apt. #12F, whose lease expired July 14th 2019, is still and now illegally living in and occupying Apt. #12F with the blessings and knowledge of the Receiver.

---

[2] Lying to the Court is a crime punishable by law.

10. The Defendant, the Relief Defendants, and upon information and belief, the Court, were not made aware of any extension or renewal of any lease with the former tenant of Apt. #12F who is currently still illegally now living in Apt. #12F, with the sole, illegal, and unilateral approval of the Receiver, beyond the expiration of the lease date.  The Receiver has no authority to extend the lease or allow the current tenant to continue to occupy the apartment without explicit order of this Court and, thus, the Receiver has acted illegally and beyond his mandate.

## ARGUMENTS

The Defendant has already stated in multiple filings with this Court why a Receiver was not needed in this case and why this particular Receiver, who is explicitly biased towards the SEC[3], must be removed as Receiver. However, the situation has now come to such severity and criticality where the Receiver is saying one thing publicly to this Court and all parties; and yet is doing something totally contradictory, behind everyone else's back and without any express Order of this Court and the agreement or consent or consultation of the Defendant and Relief Defendants.

The Receiver has absolutely mismanaged the apartment, has placed the Estate in severe jeopardy facing serious liability, has made blatantly false statements regarding the asset Apt. #12F and has flagrantly violated Court Order.[4]

*First*, the tenant's lease expired on July 14th, 2019. The apartment should have been vacated latest on July 15th, 2019. Indeed, the building management executives asked Ms. Ahmed to confirm if the tenant had renewed the lease. Ms. Ahmed in turn referred the matter to the

---

[3] The Defendant assumes that the SEC does not know about the situation regarding Apt. #12F, but given the seriousness of the current situation, the Court should insist on an affidavit from the SEC regarding their knowledge of the current situation.

[4] This is particularly concerning, given the nepotism that is already being displayed by the Receiver towards his desire to appoint Compass as the real estate broker for this Asset. *See* Doc. #1239 at 6-9.

[5] The Defendant believes that the Apartments should be rented and stands by his Reply [Doc. #1239], but it is not in accordance with consent, of, and their position in that resolved by the Court already being by legal Receiver This is particularly concerning, given the nepotism that is already being displayed by the Receiver towards his desire to appoint Compass as the real estate broker for this Asset. *See* Doc. #1239 at 6-9.

Receiver's counsel as the Receiver is now managing the apartment. The Receiver's counsel did not respond to the building management's query on June 17th, 2019.

The building management executive again asked the Receiver's counsel on July 26th, 2019 if the tenant had renewed the lease, stating that "[A]s per the building rules and regulations management [of the building] must have a copy of the lease renewal" and that failure in compliance will "jeopardize having [the] unit re-rented."

Instead of being honest and direct by stating that there is no tenant in Apt. #12F, the Receiver's counsel stated "[T]he Receiver will provide a copy of the renewal lease if such a renewal lease is entered into."  Not only does the Receiver's counsel not answer the question in a clear manner, he deliberately implied that a renewal lease had not been entered into, without informing the building management that the former tenant was currently living illegally in the apartment. The Receiver also places the asset, and by extension, the Estate under serious liability and insurance claims as the tenant is now effectively squatting in that apartment.

In addition, the building management responds by stating that there will be a standard $2,000 sublet charge on the July bill.   Ms. Ahmed then advises her counsel that this amount should not be paid as it was her understanding that the tenant had vacated Apt. #12F and there was no renewal of the lease for that tenant. The Receiver's counsel confirmed that the "Receiver does not intend to pay the $2,000 sublet fee at this time" again implying that the apartment was indeed empty and unoccupied.  But the former tenant is still illegally occupying and effectively squatting in Apt. #12F with the blessings of the Receiver!

The Receiver is violating the building's rules and regulations by not being honest and direct with the building management regarding the status of occupancy of Apt. #12F, with Ms. Ahmed, with the Defendant and by not bringing this up with the Court, ***even in*** his Opposition

4

[Doc. #1237] to the Relief Defendants' Motion to Immediately Rent the Two NYC Apartments. [Doc. #1220].

**The tenant is living in Apt. 12F illegally** - **beyond the expiration of the lease and unilaterally facilitated by and with the unilateral approval by the Receiver only, itself an illegal act**. The Defendant and Relief Defendants do not know the rental amount, the building does not know there is a tenant living in that Unit, and there are serious liability and insurance issues with keeping a tenant illegally in a unit.

Who knows if there is even a side-deal between the tenant and the Receiver?  The Court must order <u>all</u> correspondence of any nature between the Receiver, his counsel, and the former tenant of Apt. #12F still illegally living there and his representatives, and any employees of Compass and FTI to be produced to all parties immediately.  The Receiver has lost all trust and credibility to manage the assets in a neutral manner and in a manner to maximize the value of the Estate and minimize expenses charged thereto, as governed by this Court's Order.  The Receiver has instead astoundingly done the complete opposite and has placed the Estate at risk with exposure to significant liability and insurance issues, while flagrantly violating building rules and regulations.  Given the extreme bias displayed by the Receiver against the Defendant, as well as the Receiver's extreme bias towards Compass, the Defendant strongly has reason to believe that negotiations and deals are occurring without the knowledge of the rightful owners of the Apartment or the approval of this Court.

The Court must Order that the tenant immediately vacate Apt. #12F.[5]  Neither the Defendant nor the Relief Defendants will assume any liability or responsibility for this illegal

---

[5] The Defendant believes that the Apartments should be rented and stands by his Reply [Doc. #1239], but it must be done with the consent of all parties, with the approval of the Court **and in a legal and transparent manner.** For the avoidance of any doubt, the former tenant is now an illegal squatter and must be ordered to vacate the apartment immediately.

occupancy of Apt. #12F and reserve the right to hold the Receiver personally liable for any and all damages ensuing from the current arrangement.

The Receiver has repeatedly overstepped his mandate. The Court's Order makes it clear that "[I]f subsequently ordered by this Court… and with due regard for the interests of the Defendant and Relief Defendants, the Receiver will be authorized to lease…" [Doc. #1070 at 14]. This Court has not ordered an extension or a renewal of the lease that expired on July 14th, 2019. The Receiver has not even sought approval from the Court for such renewal or extension. Indeed, neither the Defendant nor the Relief Defendants *__even knew__* that the former tenant still illegally occupied the unit. The Receiver has usurped judicial functions from the Court by his actions. *See Weil v. Neary,* 278 U.S. 160 (1929) (Condemning undisclosed fee sharing arrangement as taking the judicial function from the Court).

**__For that reason alone, the Court must *immediately* terminate Jed Horwitt as the Receiver in this case.__ The Court simply cannot and must not be a collaborating party to such nefarious nepotism and illegal occupancy as engaged in and approved by the Receiver. The Receiver has placed the Estate in serious harm by his actions and cannot be relied upon to manage these assets.**

*Second*, the Relief Defendants and the Defendant have expended time, money and energy on briefing a motion to immediately renew the NYC apartments [Doc. #1220, #1239]. The Receiver, in his Opposition [Doc. #1237] deliberately failed to inform the Court that the tenant is still illegally occupying Apt. #12F, being content to keep the tenant there, without Order of this Court or without knowledge of the Defendant and Relief Defendants because it would directly contradict his opposition to that motion. The Receiver has instead unequivocally stated that "[K]eeping the Apartments Vacant is in the Interest of the Receivership Estate and is Consistent with the Appointment Order" [Doc. #1237 at 2]. Not only that, the Receiver states that his

"**operational decision to not rent them** is entirely consistent with the Appointment Order." (emphasis added) [Doc. #1237 at 2].   Yet in reality, the Receiver has deceived the Court and done the exact opposite of what it told the Court it was doing.   The Receiver pathologically makes false statements that suit his argument at that moment, a fact demonstrated repeatedly over the very short tenure of both his and his counsels' current engagement in this matter.

Just whom is the Receiver trying to fool?

What does "operational decision" mean?

What does "not rent them" mean?

A former tenant is currently illegally occupying Apt. #12F with the unilateral and illegal agreement of the Receiver and the Receiver falsely states and represents to this Court and all parties that the apartments are vacant!  This is yet another example of the Receiver stating whatever he wishes to at that time simply to suit his convenience. Yet, in this instance, the Receiver has blatantly *falsely stated to the Court that the apartments are vacant*. That begs the questions: why is the Receiver keeping the former tenant in Apt. #12F?  What is the arrangement? And why did the Receiver mislead the Court and all parties in his Opposition?

Not only does the Receiver blatantly mislead this Court and the parties on the status of the Apt. #12F, he also insists on an Order for a sale of the apartments and hypothetically even states that "it is in the best interest of the Receivership Estate to keep the Apartments ***vacant*** pending an order from this Court concerning the liquidation of the Apartments." (emphasis added). [Doc. #1237 at 4]. ***The Receiver has submitted a false statement to this Court on the status of a frozen asset that is in dispute – the apartment, contrary to the Receiver's repeated misrepresentation in his motion, is not vacant.  The Court must end this shameless and illegal wastage of the assets that belong to the Defendant and Relief Defendants.***

7

**The Court must immediately terminate the Receiver for submitting a false statement to this Court and to the parties on the status of a significant asset that is frozen under this Court's orders.**

Neither the Defendant nor the Relief Defendants can trust that Jed Horwitt, as the Receiver, will manage the properties and assets in a manner that is beneficial to the Estate, that is legal and with any iota of honesty, given the example in this current situation. This current situation is illegal, is placing the Estate is serious jeopardy with multiple violations and significant liability and is also a serious violation of Court order that reflects poorly on the honesty and integrity that a Receiver is supposed to bring with his appointment. The Receiver has not acted in the best interests of the Estate and has placed the asset – an investment property – at serious risk of losing value should the building management decide that the unit cannot be rented, solely due to the actions of the Receiver. The former tenant illegally occupying the apartment must be ordered to vacant the apartment *immediately* to rectify this situation.

*Third*, the Receiver has violated Court Order. The Receiver has submitted a false statement to the Court and the parties in this litigation on an asset worth $8-10MM under this Court's asset freeze Orders, has taken on serious and significant liability to the Estate, has not been truthful to the management of the building, has violated Court Orders and has not taken into "consideration the wishes of the Defendant and the Relief Defendants." [Doc. #1070 at 7]  This "includ[es] but is not limited to management of… rental and maintenance of real property." [Doc. #1070 at 7]. The Court has **not** "subsequently ordered [an extension or renewal of the expired lease]… and with due regard for the interests of the Defendant and Relief Defendants, the Receiver will be authorized to lease…" [Doc. #1070 at 14].

*Lastly*, upon information and belief, the Defendant believes that the Receiver claims that the former tenant is currently occupying the Apt. #12F under a "use and occupancy"

8

arrangement.  Neither the management of the building nor the Relief Defendants have consented to such an arrangement, nor has this Court Ordered as such.  Not only is an agreement required in a "use and occupancy" (which Defendant and Relief Defendants have not seen or consented to), the building management has not approved it, this Court has not ordered as such ___**and**___ "use and occupancy" agreements are "___**a temporary agreement between the buyer and the seller that allows one party the right to use and occupy the property for a set period of time. It's usually put in place if the buyer needs to move into the property before ownership can be transferred**___."[6]   The former tenant is not a buyer and hence a "use and occupancy" agreement is invalid and illegal to begin with.   The Receiver has engaged in seriously illegal and unethical activity and has violated Court Order and must be terminated immediately.

   ___**The Court has not ordered this asset to be sold or monetized**___. The Receiver cannot enter into any agreement with any former or prospective tenant without an express order of this Court and without due consideration of the Defendant and Relief Defendants' wishes.[7]

   **WHEREFORE**, for the Reasons stated in this Motion, the Defendant respectfully requests that the Court (1) immediately terminate Jed Horwitt as the Receiver in this matter; and (2) order the immediate vacancy of the illegal current occupancy of Apt. #12F by the former tenant.

---

[6] *Forbes* article "WHAT IS A USE & OCCUPANCY AGREEMENT? (AND HOW TO CREATE ONE THAT WORKS)" by Tara Mastroeni at https://bit.ly/2Ysape1 accessed on July 29, 2019

[7] Neither the Defendant nor the Relief Defendants have seen any agreement, nor do they consent to any such agreement. In a "use and occupancy" situation, the "buyer" is "not considered [a] tenant" and is not "granted any tenant's rights." *Forbes article. Idem.*  There has been no sale of Apt #12F, the Court has not ordered that the monetization of Apt #12F occur and the former tenant is not a buyer of the apartment. The former tenant is also not a tenant of that unit once the lease expired on July 15th, 2019. The former tenant is living in Apt #12F illegally and must vacate the apartment immediately.

Respectfully submitted,

Dated:   July 30TH, 2019                   /s/ Iftikar Ahmed

_____

Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East
Kolkata 700069, India
Tel: +91-983-008-9945
Email: iftyahmed@icloud.com
*Pro Se*

10

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

MR. NICHOLAS P. HEINKE, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

MR. MARK L. WILLIAMS, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

MR. PAUL E. KNAG, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
e-mail: pknag@murthalaw.com

MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
e-mail: kzaehringer@murthalaw.com