UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR AHMED SOLE PROP; *et al*<br><br>Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA)<br><br><br><br>August 03RD, 2019 |

**DEFENDANT'S REPLY TO THE SEC'S OPPOSITION [DOC. #1243] TO DEFENDANT'S MOTION FOR LEAVE TO FILE AND/OR CONTINUE ARBITRATION AGAINST OAK [DOC. #1225]**

The *pro se* Defendant files this Reply to the SEC's Opposition [Doc. #1243] to Defendant's Motion for Leave to File and/or Continue Arbitration Against Oak [Doc. #1225, "Motion"]. The Court should deny the SEC's Opposition and grant the Defendant's Motion for the reasons stated herein below. The Defendant reserves all rights to all issues.

**ARGUMENTS**

*First*, the SEC is not Oak's lawyer. The Defendant and Oak have had a decade long relationship and the SEC cannot opine on the appropriateness of the subject of any litigation or arbitration that the Defendant seeks against Oak. It is beyond the jurisdiction of this Court as well as the mandate of the SEC to have to approve or authorize *any* litigation or arbitration that the Defendant seeks to bring against his former employers or any of the Oak funds or employees, especially in light of the fact that this Court has allowed the arbitration against the Defendant to

1

proceed. The only equitable outcome here is allowing Defendant to proceed with his arbitration against Oak or to stay *all* arbitration between Oak and the Defendant. Denying the Defendant to proceed with his arbitration against Oak while allowing Oak to proceed with their arbitration against the Defendant would be wholly unfair, illegal and inequitable.

*Second*, the SEC, who did not oppose [Doc. #1145] Oak's request to arbitrate against the Defendant cannot oppose Defendant's request to arbitrate against Oak. Defendant does not need to give any assurance about the impact of the arbitration against the Receivership Assets because (1) Defendant is *pro se* and cannot give legal assurances and (2) these assets *already belong to the Defendant*. How can the Defendant bring a claim against his own assets that are indisputably his (or the Relief Defendants)? While these assets are frozen pending appeal and being used to secure the SEC's judgment pending appeal, these are still Defendant's (and Relief Defendants) assets. Defendant is perplexed why the SEC believes that the Defendant would bring a claim against his own assets under the Receiver when the Court has already determined those to belong to him?

*Third*, the Defendant makes it clear that he had asked for a stay in **all** outside litigation or arbitration until the instant case is fully resolved by the appellate courts. The SEC had opposed and the Court denied Defendant's Motion, allowing the SEC to continue with litigation in a MA court against the Defendant; allowing NMR to continue litigation; and further also allowing Oak to file an arbitration proceeding against the Defendant. The Defendant has since settled the MA Civil matter with the SEC, and NMR has made it clear that they have "not taken any action to liquidate or collect its default against [Defendant] at this juncture… [but] has made the SEC aware… of its expected involvement in the Fair Funds process." [Doc. #1097 at 5]. NMR has further stated, "NMR's claims will not affect the purpose of the Receivership… and do not seek to disturb the frozen assets under the Receiver's control" [Doc. #1097 at 5]. Thus, NMR is

looking to *only* collect from the Defendant under the Fair Funds process and against *none* of the frozen assets that encompass the Estate.

However, Oak[1] is situated differently.  Oak is the alleged victim and Oak has already seized and held onto many tens of millions of dollars of the Defendant's legally earned assets. The Defendant has made it clear that there **cannot** - under law or equity - be "double recovery" of any claims once the alleged victim has already collected the Defendant's assets.  The Court has not agreed [Doc. #955; #1052] and the Defendant has filed timely notices of appeal on the rulings.  The Defendant has also filed a timely notice of appeal on the Order allowing Oak to proceed with arbitration against the Defendant. [Doc. #1204].  As the assets that Oak claims in its arbitration are still frozen under this Court's asset freeze order and are now under Second Circuit jurisdiction, Oak cannot proceed with the arbitration. However, AAA has ruled that arbitration will continue, absent agreement of the parties or unless there is a Court Order staying such arbitration. As such, Defendant, who filed an arbitration in May 2018 against Oak, which was stayed by agreement of the parties due to the Court's asset freeze order, and who has stated his Counterclaims against Oak in July 2019 in Oak's arbitration against the Defendant, must be allowed to arbitrate against Oak or the Court should stay **all arbitrations involving Oak and the Defendant** until the appellate courts have issued their ruling on these disputed assets.

*Fourth,* this Court has simply ruled that the judgment has not resulted in any "double recovery by the Oak Funds because these forfeited interests are not ill-gotten gains that Oak is recovering from Defendant…" [Doc. #955 at 29].   The Defendant believes, as per Second Circuit case law, that these interests *must be offset* against any disgorgement and has filed a timely notice of appeal on the issue. This issue is now before the Second Circuit. However, in allowing Oak to commence arbitration against Defendant **for the same assets** or for an amount in

---

[1] Defendant defines "Oak" as in his Motion, [Doc. #1225, n.1]

the **_same value of those disputed assets_**, the Court is allowing Oak to attempt to lay claim on those assets, even though a portion of those assets are under the Receivership Order and the entirety of the disputed assets are frozen under Court Order and are under Second Circuit jurisdiction.  The Defendant is not re-litigating any issue – he is simply responding to Oak's arbitration filed in June 2019 and seeking to join his earlier filed and currently stayed arbitration to Oak's arbitration for efficient use of resources.

*Fifth*, the Defendant does not even understand the SEC's rather inane and strange statement that "[Defendant] is presumably seeking to engage in arbitration "to obtain possession of the property of the Receivership Estate."" [Doc. #1243 at 3]. Again, these assets are *his* assets. The Defendant is not litigating against the Receiver. He is arbitrating against Oak. If anything, it is Oak that is looking to get the assets that are currently under the Receivership Estate (the liquid distributions and any allegedly *non-forfeited* assets, as well as frozen assets in the Estate remaining after SEC's claim: "OMC does not seek to disturb the asset freeze or take priority over *the SEC's claim* to any of the frozen assets" (emphasis added) [Doc. #1133 at 4]) and that are frozen under this Court's asset freeze order (all of Defendant's disputed assets that Oak claims are forfeited). Thus, it is Oak that is seeking to "obtain possession of property of the Receivership Estate" [Doc. #1243 at 3] and not the Defendant. Any "prohibition on litigants" should extend to Oak's arbitration against the Defendant as well.

The Defendant is, on the contrary, only seeking to *add* assets and claims to the Estate. The SEC, rather than supporting the efforts of the Defendant to increase the Estate is quixotically and perplexingly opposing the Motion.

The SEC completely misstates the Defendant's intentions. The Defendant *is* seeking to arbitrate against Oak, akin to NMR's request to litigate against "OIP" (plus additional Oak related entities and persons) and which falls under the category of "(c) against any of the

4

Defendants… partnerships in which a Defendant is a general partner…" and "(d) … against any of the Defendants' past or present officers, directors, managers, members, agents, or general or limited partners…" [Doc. #1070 at 13]. Indeed, the Defendant has made it clear in his Motion [Doc. #1225] that it is Oak (collectively Oak related entities and personnel) he is arbitrating against, not to "obtain possession of property of the Receivership Estate" (which already belongs to the Defendant/Relief Defendants).

*Sixth*, should the Defendant succeed in his arbitration claims, he will have substantial additional assets that are clearly his and would not be disputed assets belonging to the Relief Defendants. If anything, this brings additional undisputed assets (though the assets currently frozen by Court Order are already worth tens of millions of dollars over the judgment amount) to secure and/or satisfy the judgment decided by the appellate courts. Currently significant part of the frozen assets legally and indisputably belong to the Relief Defendants that may not be available to satisfy the judgment against the Defendant, the current order of this Court notwithstanding.

**WHEREFORE**, for the reasons stated in the Motion, the Defendant respectfully requests that the Court either (1) allow Defendant to also arbitrate against Oak; *or* (2) stay all arbitration between the Defendant and Oak until the appellate courts have ruled on this case, including but not limited to the Defendant's disputed assets at Oak.

                                              Respectfully submitted,

Dated:       August 03RD, 2019       /s/ Iftikar Ahmed
                                              _____
                                              Iftikar A. Ahmed
                                              C/O Advocate Anil Sharma
                                              Government Place East
                                              Kolkata 700069, India
                                              Tel: +91-983-008-9945
                                              Email: iftyahmed@icloud.com
                                              *Pro Se*

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

| | |
|---|---|
| MR. NICHOLAS P. HEINKE, *ESQ*.<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1071<br>e-mail: heinken@sec.gov | MR. MARK L. WILLIAMS, *ESQ*.<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1027<br>e-mail: williamsml@sec.gov |
| MR. PAUL E. KNAG, *ESQ*.<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5400<br>Fax: (203) 653-5444<br>e-mail: pknag@murthalaw.com | MS. KRISTEN LUISE ZAEHRINGER, *ESQ*.<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5406<br>Fax: (860) 240-5758<br>e-mail: kzaehringer@murthalaw.com |