UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br>Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; *et al*<br><br>Relief Defendants. | No. 3:15-CV-675 (JBA)<br><br><br><br><br><br><br><br><br><br>AUGUST 7, 2019 |

**RELIEF DEFENDANTS' REPLY TO THE RECEIVER'S [ECF NO. 1237] AND THE SEC'S [ECF NO. 1238] OBJECTIONS TO RELIEF DEFENDANTS' MOTION TO IMMEDIATELY RENT THE TWO NYC APARTMENTS [ECF NO. 1220] AND RELIEF DEFENDANT'S MOTION TO JOIN DEFENDANT'S CONSOLIDATED REPLY [ECF NO. 1239] IN OPPOSITION TO THE OBJECTIONS**

The Relief Defendants submit this reply to the Receiver's [ECF No. 1237] and the SEC's [ECF No. 1238] Objections to Relief Defendants' Motion to Immediately Rent the Two NYC Apartments [ECF No. 1220] ("the Objections") and also to join the Defendant's Consolidated Reply [ECF No. 1239] in Opposition to the Objections. The Relief Defendants reserve all rights with respect to all issues.

First, it has come to the Relief Defendants' attention that the Apt. 12F is not vacant, contrary to the Receiver's assertions in his Opposition [ECF No. 1237].[1] The

---

[1] In his filing, the Receiver stated that "the Receiver submits that it is in the best interest of the Receivership Estate to keep the Apartments vacant." (ECF No. 1237 at 2.) This is contradicted by the fact that the Receiver has allowed the "former" tenant to remain in the apartment. The Receiver's statements in his Opposition led the Relief Defendants to believe that both apartments, Apt. 12A and Apt. 12F, are vacant. Apartment 12A has been vacant since Oct 1, 2018. However, contrary to the Receiver's assertions, Apt 12F is still and currently **occupied**. Allowing the tenant to continue to occupy Apartment 12F without conferring with the Relief Defendants while claiming that the apartments were being kept vacant, is contrary to the Court's order. (*See* Motion at 2; ECF No. 1070 at 4, 7.)

Relief Defendants were not consulted nor have they consented to the current situation allowing the tenant to overstay his lease. Relief Defendants believe that, because of the decision of the tenant to overstay his lease and because of other inappropriate actions of the tenant, he is an unsuitable tenant who should be evicted. Moreover, the absence of a written lease creates significant potential issues concerning liability in the event of a fire or other mishap. It also creates issues as to the responsibilities of the tenant on other matters.

Second, the Receiver's actions are contrary to the Court's Order "[T]o manage … and tak[e] into account the wishes of Defendant and Relief Defendants… with the dual objects of maximizing the realizable value of the assets of the Receivership Estate and minimizing the expense charged thereto…," which include the "management of investments and rental and maintenance of real property." (ECF No. 1070 at 4.) This is particularly so in view of the fact that the Receiver advised the Court in his Opposition that he proposes to "keep the apartments vacant," a statement completely contradicted by his actions here. (ECF No. 1237 at 2.)

In light of this new information, the Relief Defendants respectfully request that:

1. the Court order the Receiver to take those steps necessary to ensure the prompt eviction of the former tenant from Apt 12F and allow the Relief Defendants to visually confirm:

    a.    That the former tenant has in fact vacated the Apt 12F.

    b.    That there is nothing more than normal wear and tear in the apartment such that the security deposit by the former tenant would either be used to fix any issues or be returned to the former tenant.

2.  After the former tenant has been evicted, allow Relief Defendants to immediately rent the two NYC apartments to new tenants, in a lawful, legal and transparent manner to all parties.[2]

WHEREFORE, for the foregoing reasons and for those reasons set forth in Relief Defendants' Motion and the Defendant's Consolidated Reply, Relief Defendants respectfully request that the Court (1) order the Receiver to take the steps necessary to evict the former tenant of Apt 12F who is currently living there without a written lease; and (2) allow the Apt 12A and Apt 12F to be immediately rented under a written lease to new tenants pursuant to Court approval in a legal and transparent manner.

Respectfully Submitted,

By: /s/ Paul E. Knag
Paul E. Knag – ct04194
pknag@murthalaw.com
Kristen L. Zaehringer – ct27044
kzaehringer@murthalaw.com
Murtha Cullina LLP
177 Broad Street, 16th Floor
Stamford, Connecticut 06901
Telephone: 203.653.5400
Facsimile:203.653.5444

*Attorneys for Relief Defendants I-Cubed Domain, LLC, Shalini Ahmed, Shalini Ahmed 2014 Grantor Retained Annuity Trust, Diya Holdings, LLC, Diya Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

---

[2] This demand for eviction of the former tenant and now illegal occupant in Apt 12F is consistent with the Relief Defendants' earlier request to rent the apartments. These are primarily investment properties and having legal tenants in the apartments demonstrates the viability of receiving rental income (investment yields) to any prospective buyer, should the Court decide to order a monetization of the apartments.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing RELIEF DEFENDANTS' REPLY TO THE RECEIVER'S [ECF NO. 1237] AND THE SEC'S [ECF NO. 1238] OBJECTIONS TO RELIEF DEFENDANTS' MOTION TO IMMEDIATELY RENT THE TWO NYC APARTMENTS [ECF NO. 1220] AND RELIEF DEFENDANT'S MOTION TO JOIN DEFENDANT'S CONSOLIDATED REPLY [ECF NO. 1239] IN OPPOSITION TO THE OBJECTIONS will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                 /s/ *Paul E. Knag*
                                                 Paul E. Knag – ct04194