# EXHIBIT A

No *Shepard's* Signal™
As of: August 14, 2019 7:36 PM Z

# Garden v. Cent. Physical Therapy

Supreme Court of New York, Trial Term, Nassau County

December 10, 2015, Filed

INDEX NO.: 601970/15

**Reporter**
2015 N.Y. Misc. LEXIS 5478 *

GARDEN 1101 STEWART L.P., Plaintiff, v. CENTRAL PHYSICAL THERAPY, CENTRAL PHYSICAL THERAPY P.C., JEFFREY CORBEN, ROBERT NICI, CHRIS KALINOGLU, NY ORTHOPEDICS, STEPHEN NICHOLAS, STEVEN LEE, BENJAMIN BEDFORD, AND GEORGE ACKERMAN, Defendants.

**Judges:** [*1] JAMES P. MCCORMACK, Judge.

**Opinion by:** JAMES P. MCCORMACK

## Opinion

**SHORT FORM ORDER**

**MOTION SEQ. NO.: 001**

**MOTION DATE: 7/1/15**

**The following papers having been read on the motion (numbered 1-4):**

    **Notice of Motion 1**

    **Affirmation in Reply 2**

    **Affidavit 3**

    **Affidavit 4**

Motion pursuant to CPLR 3212 by plaintiff Garden 1101 Stewart, L.P. (Garden 1101) for summary judgment against defendants on plaintiff's causes of action for use and occupancy, unjust enrichment and *quantum meruit,* to set the matter down for a hearing to determine the fair market value due and owing plaintiff for defendants' use and occupancy of said premises, and to hold each defendant jointly and severally liable for said amount is determined as hereinafter provided.

This commercial landlord/tenant conflict arises from defendants' failure to compensate plaintiff Garden 1101 for use and occupancy of commercial property located at 1101 Stewart Avenue, Suite 100, Garden City, New York owned by plaintiff Garden 1101. Plaintiff Garden 1101 alleges defendants occupied said premises for their own commercial purposes, without the benefit of a lease agreement with plaintiff, or since the expiration of a lease, in or about October 1, 2014.

According to the complaint which alleges [*2] three causes of action i.e., use and occupancy, unjust enrichment and *quantum meruit,*

> "On or about January 25, 2013, John E. Ryan, Esq.,[1] as Receiver, entered into a Lease Agreement in writing with defendant (Central Physical Therapy, P.C.) by which, said defendant(s) hired from *sic* John E. Ryan, Esq., as Receiver, for commercial purposes, the premises described and designated as follows: A portion of 1101 Stewart Avenue, Garden City, New York, known as Suite 100…."

Pursuant to the terms of the Lease Agreement, defendant Central Physical Therapy, P.C., had a right to occupy the premises for six months with two one month extensions on 30 days written notice.

According to defendant Jeffrey Corben, the president of defendant Central Physical Therapy, P.C., Central Physical Therapy, P.C. made monthly rental payments of $5,000 to the Receiver until in or about October 2013 when the lease expired. It continued to make such payments to the Receiver until November 2014 when it was advised by plaintiff Garden 1101 that there was a new landlord. Central Physical Therapy, P.C. thereafter made $5,000 monthly rental payments to plaintiff Garden 1101 in November and December of 2014 and

---

[1] Mr. Ryan acted as Receiver for the property while it was in foreclosure. Plaintiff Garden 1101 succeeded to the interest of the Receiver on or about November 7, 2014.

January and **[*3]** February of 2015. In March 2015, however, plaintiff Garden 1101 rejected the $5,000 rent check and informed defendant Central Physical Therapy, P.C. that the rent had been increased from $5,000 to $30,000 per month, a drastic increase which said defendant alleges it could not afford to pay.

Pursuant to a stipulation of settlement in an eviction proceeding brought in First District Court of the County of Nassau: Hempstead Part, respondents (same as defendants herein) consented to issuance of a final judgment of possession and issuance of a warrant of eviction which would be stayed until July 2015.

In opposition to plaintiff Garden 1101's motion for summary judgment, defendants argue that, with the exception of defendant Central Physical Therapy, P.C., none of the other defendants have a landlord/tenant relationship with plaintiff. The action, therefore, must be dismissed as to said defendants.

Defendants maintain that defendant Jeffrey Corben, President of Central Physical Therapy, P.C., has no individual liability as the lease was entered into with Central Therapy, P.C.; Robert Nici and Chris Kalinoglu are employees of Central Physical Therapy, P.C.; and there is no right to claim rent **[*4]** from employees of a corporate tenant. In addition, they allege NY Orthopedics, Stephen Nicholas, Steven Lee, Benjamin Bedford and George Ackerman are various health care professionals who occasionally use space at the premises as a courtesy provided by Central Physical Therapy, P.C. They have no landlord/tenant relationship whatever with plaintiff Garden 1101. Moreover, defendants maintain that defendant NY Orthopedics, Stephen Nicholas, Steven Lee, Benjamin Bedford and George Ackerman occupied the subject premises intermittently as an accommodation from Central Physical Therapy, P.C. and were not charged any rent.

It is well settled that an occupant's duty to pay the landlord for use and occupancy of the premises is predicated on the theory of *quantum meruit* and is imposed by law for the purpose of bringing about justice without reference to the intention of the parties (*Eighteen Assoc, v Nanjim Leasing Corp., 257* AD2d 559 [2d Dept 1999] [internal quotation marks and citations omitted]). A party that requests an award of the value of use and occupancy is entitled to such an award for the entire holdover period i.e., from the expiration of the lease through the time of vacatur (*American Package Co., Inc. v Kocik,* 55 AD3d 762, 763 [2d Dept 2008]).

Pursuant to Real Property Law Pts 220, the landlord may recover a reasonable **[*5]** compensation for the use and occupation of real property, by any person, under an agreement not made by deed; and a parol lease or other agreement may be used as evidence of the amount to which he is entitled. A landlord's entitlement to receive, and an occupant's obligation to pay a reasonable fee for use and occupancy, is not contingent upon an underlying contract (*Eighteen Assoc, v Nanjim Leasing Corp., Id.* at p. 559). Liability for use and occupancy is not liability for rent under the lease. Payment of use and occupancy is a means to prevent unjust enrichment (*Sabra Realty Partners LLC v Int'l Gold Star Inc.*, 29 Misc3d 805 [Civ. Ct. Kings Co. 2010]).

To make out a claim in *quantum meruit* - i.e., quasi contract, the landlord must establish good faith performance of services, acceptance of the services by the entity to whom they are rendered, expectation of compensation and the reasonable value of the services allegedly rendered (*Tesser v Allboro Equip.,* 302 AD2d 589, 590 [2d Dept 2003]; *Landcom, Inc. v Galen-Lyons Joint Landfill Commn.,* 259 AD2d 967, 968 [4th Dept 1999]). Similarly, unjust enrichment requires the landlord to demonstrate that the occupant retained a benefit that it should not have obtained in equity and good conscience (*see Parsa v New York,* 64 NY2d 143, 148 [1984]).

In determining the value of use and occupancy, the rent set forth in the lease is not conclusive, although it is of some probative value. Reasonable value of use and occupancy is the fair market value of the premises after **[*6]** the expiration of the lease (*Mushlam v Nazor,* 80 AD3d 471, 472 [1st Dept 2011]; *Beacway Operating Corp.* v *Concert Arts Socy.,* 123 Mise 2d 452 [Civ. Ct. N.Y. County 1984]). It is the landlord's burden to prove the reasonable value (*Marini v Lombardo,* 79 AD3d 932, 935 [2d Dept 2010], *lv to appeal denied* 17 NY3d 705 [2011]; *438 W. 19th St. Operating Corp. v Metropolitan Oldsmobile,* 142 Mise 2d 170 [Civ. Ct. N.Y. County 1989]) which may be fixed by the court based on competent evidence of the value of the premises, such as proof of rent payments for comparable premises. The court may refer the issue to a referee (*43rd Street Deli, Inc. v Paramount Leasehold, L.P.,* 107 AD3d 501 [1st Sept 2013]).

It is undisputed that all of the defendants continued to use and occupy the subject premises for commercial purposes subsequent to the expiration of the lease executed by John E. Ryan, Esq. as Receiver, and Jeff

Corben in or about October 2014, without payment of the fair market value of the use of said premises as reasonable compensation to plaintiff Garden 1101.

Accordingly, the motion by plaintiff Garden 1101 for summary judgment of liability against defendants for use and occupancy, unjust enrichment and *quantum meruit* is **granted.**

The matter shall be set down for an evidentiary hearing *vis-a-vis* the alleged grossly substandard conditions of the premises at the relevant times, the fair [*7] value of the use and occupancy at issue herein, and which defendants, in fact, occupied the premises, in order to determine the amount due and owing plaintiff Garden 1101 and each defendant's liability therefor.

Defendants' claim of incomplete discovery i.e., deposition of Receiver John E. Ryan, Esq. and plaintiff Garden 1101's real estate appraiser,.regarding his grossly inflated view of the market value monthly rent[2] for the premises does not preclude partial summary judgment on the liability issue where, as here, liability has been clearly established and defendants have failed to raise a material issue of fact sufficient to defeat the motion.

This constitutes the Order of the Court.

Dated: NOV 29 2015

/s/ [Signature]

J.S.C.

---

**End of Document**

---

[2] According to the affidavit of plaintiff's licensed real estate broker, the fair market rental or use and occupancy value of the premises is $38.00 per square foot or $24,915.33 per month, not including services.