UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> IFTIKAR AHMED, <br><br> Defendant, and <br><br> IFTIKAR AHMED SOLE PROP; *et al* <br><br> Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA) <br><br><br> August 15TH, 2019 |

**DEFENDANT'S EMERGENCY MOTION FOR MEDICAL TREATMENT**

The *pro se* Defendant hereby files this emergency motion for immediate facilitation of medical treatment.  The Defendant will not file any Reply brief to any Responses that may be submitted by any party in response to this Motion.   The Defendant reserves all rights.

1.	The Defendant had reached out to the Receiver; and the Receiver has indicated that he would consent to the release of funds for medical treatment if permitted by the Court [*see* **EXHIBIT 1**].

2.	The Defendant had reached out to the SEC and they have indicated that they will oppose this motion, based on the same arguments that they have made in the earlier two instances when the Defendant sough release of funds for medical treatment [*see* **EXHIBIT 2**].

3.	Following the Report of the Receiver [Doc. #1130 or the "Receiver's Report"], which unequivocally states that there remains tens of millions of dollars worth of assets (which

1

were also deemed to belong to the Defendant by this Court[1]) not needed to secure the judgment in favor of the SEC; now, there can be no moral, legal, ethical, or any other reason to withhold funds needed for urgent medical treatment of the Defendant.

4. In light of the Receiver's Report, the Defendant no longer needs to provide any supporting documentation in support of his motion for release of funds for his medical treatment, given the amount sought is *de minimus* compared to the excess assets that remain frozen but not needed to secure the judgment for the SEC.

The SEC's objections seeking supporting documents as well as this Court's earlier requests seeking such supporting documents (which itself cannot be acquired without monies available to the Defendant) are no longer valid excuses to deny the Defendant urgently needed medical tests and, potentially, treatment.

The SEC's preposterous demand that the Defendant's friends and family pay for his medical treatment is also baseless.  His friends and family in India have no obligation whatsoever to pay for his medical tests in light of the Receiver's Report confirming tens of millions of dollars of his assets in excess of the judgment.  Furthermore, the SEC has no right to dictate how the Defendant uses his own funds in excess of that needed to secure the judgment in their favor at this time[2].  <u>The SEC's objections are a deplorable violation of the Defendant's basic human rights under any system of law</u>.  The Court must not sanction such an inhuman position.

5. It is common knowledge that the Defendant is a cancer patient and he has not undergone any medical tests or treatment for the last 5 (five) years; and he is now suffering from

---

[1] The Defendant, therefore, does not need the consent of the Relief Defendants.
[2] The requested amount of funds of $1,000 is significantly less than 0.004% of the assets in excess of that needed to secure the judgment in the SEC's favor, pending appeals.

additional and potentially serious medical issues that need urgent and immediate medical attention and treatment.

6. The Defendant humbly requests a decision on this Motion within the next fifteen (15) days at the most as there is no additional information that the Court needs to make a decision on this Motion. The Defendant has been in poor health lately and any delay beyond this requested time period could make this request and Motion moot.

7. The Defendant seeks an immediate release of funds of $1,000 (One Thousand Dollars Only) so he is able to immediately undergo all medical tests, including CT Scan and MRI, to evaluate his medical and cancer status. The Defendant will agree to submit (for in-camera review only) all invoices and any other supporting documents of his medical tests and consulting fees if ordered by this Court.

8. Once the Court orders the release of funds, the process and protocols for the remittance can be expeditiously and efficiently implemented by the Receiver.

Respectfully Submitted,

Dated: August 15TH, 2019     /s/ Iftikar Ahmed

_____
Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East
Kolkata 700069, India
Tel: +91.98.30.089.945
Email: iftyahmed@icloud.com
*Pro Se*

3

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

| | |
|---|---|
| MR. NICHOLAS P. HEINKE, *ESQ*.<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1071<br>e-mail: heinken@sec.gov | MR. MARK L. WILLIAMS, *ESQ*.<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1027<br>e-mail: williamsml@sec.gov |
| MR. PAUL E. KNAG, *ESQ*.<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5400<br>Fax: (203) 653-5444<br>e-mail: pknag@murthalaw.com | MS. KRISTEN LUISE ZAEHRINGER, *ESQ*.<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5406<br>Fax: (860) 240-5758<br>e-mail: kzaehringer@murthalaw.com |