UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------- X
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        *Plaintiff,*

  v.

IFTIKAR AHMED,

        *Defendant, and*

IFTIKAR ALI AHMED SOLE PROP,
I-CUBED DOMAINS, LLC; SHALINI AHMED;
SHALINI AHMED 2014 GRANTOR RETAINED
ANNUITY TRUST; DIYA HOLDINGS LLC;
DIYA REAL HOLDINGS, LLC; I.I. 1, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents; I.I. 2, a minor child,
by and through his next friends IFTIKAR and
SHALINI AHMED, his parents; and I.I. 3, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents,

        *Relief Defendants.*
------------------------------------------------------------------- X

Civil Action No.
3:15-CV-675 (JBA)

August 20, 2019

**MEMORANDUM OF LAW IN SUPPORT OF HARRIS ST. LAURENT LLP'S
MOTION FOR PAYMENT OF ATTORNEYS' FEES AND FOR RESOLUTION OF
PENDING MOTIONS, OR, IN THE ALTERNATIVE, FOR A TELECONFERENCE**

Since June 2018, Harris St. Laurent LLP ("HS") has, on its own behalf and as counsel for the Relief Defendants, filed six motions seeking payment of its legal fees. Save one—for partial payment in advance of a court-ordered conference—none of these motions have been decided, let alone granted. This has caused HS to suffer significant burden and prejudice: its nearly $2 million in outstanding bills remain unpaid, and it cannot seek appellate review of what is effectively a pocket veto of its fee applications. HS has also moved to be relieved, a motion that has not been opposed by any party (at least not on the merits). By this motion, HS merely asks the Court to

1

resolve these motions – or, in the alternative, schedule a Court conference with the parties to discuss their resolution. HS has conferred with the Relief Defendants, who take no position on this motion and reserve all rights.

## I.     Procedural Background

HS first appeared on behalf of the Relief Defendants in July 2015. Despite repeated requests to this Court to release funds from the asset freeze to cover legal fees, HS's bills went unpaid for nearly 18 months.  Eventually, on December 13, 2016, HS and co-counsel Murtha Cullina LLP ("MC") filed a motion seeking payment of their roughly $1 million in outstanding fees or permission to withdraw from the case. (Dkt. No. 361).

Given the diametrically-opposed positions of the SEC and the Relief Defendants regarding payment of fees, the Court announced a compromise: it modified the asset freeze "to permit the release of funds for payment of Relief Defendants' attorney's fees and expenses that derive from the rental proceeds of" the two Park Avenue apartments owned by the Relief Defendants. Order dated January 3, 2017 (Dkt. No. 387), at 2. While this alone was insufficient to make HS whole— either retrospectively or on its future bills—HS nevertheless agreed to remain in the case because it understood the Court's order to mean that at least some portion of its growing receivable would be paid on a regular basis. To be clear, HS reasonably relied on this order when it agreed to withdraw its withdrawal motion and would not have remained in the case otherwise.

This arrangement worked as intended for just over one year. The parties litigated the case, and the Court granted six consent motions to release rental proceeds from the two apartments to pay portions of HS's and MC's legal fees. However, after the Court granted the SEC's motion for summary judgment as to liability on March 29, 2018 (Dkt. No. 835), the SEC began withholding its consent to the Relief Defendants' fee motions.

Since then, HS has filed six motions (listed below) seeking payment or some or all of its legal fees, none of which have yet been decided by the Court. In addition, the Court has entered a Judgment and appointed a Receiver. The Receiver's report (Dkt. No. 1130) confirmed that that approximately $18.6 million in assets have been frozen above the amount needed to secure the Judgment. *See* Dkt. 1130-1. This exceeds the $1,860,367.53 owing to HS, and the $9,065.64 owing to its co-counsel, Berenzweig Leonard LLP ("BL"), by approximately a factor of ten. *See* Dkt. No. 1152 and Exhibit thereto. As has been previously argued, at length, the SEC is currently substantially oversecured. While the Receiver has attempted to walk back or caveat its conclusion as to the quantum of excess funds frozen, it has not set forth any good reason why counsel's invoices could not be paid from those funds. Nor do its submissions state (as they could not state) that paying counsel's legal fees out of a small portion of the oversecured assets would prevent the SEC from satisfying its Judgment.

II. **HS Has Suffered Significant Burden and Prejudice From The Court's Failure to Rule on its Fee Applications**

The Relief Defendants (and HS) have filed six motions seeking payment of some or all of their outstanding legal fees. Five remain pending, two of which were filed more than a year ago:

| Docket No. | Date Filed | Outcome |
|---|---|---|
| 898 | June 7, 2018 | Pending |
| 925 | July 6, 2018 | Pending |
| 970 | September 24, 2018 | Pending |
| 1021 | November 13, 2018 | Granted; $45,000 paid to HS (Dkt. No. 1024) |
| 1079[1] | January 2, 2019 | Pending (Proposed Order) |

---

[1] This document is Proposed Order, not a separate motion. In connection with a hearing on November 28, 2018, the Court invited Relief Defendants to submit a proposed order releasing

| | | |
|---|---|---|
| 1152[2] | May 10, 2019 | Pending |

The Court's failure to rule on the five outstanding motions has caused HS significant burden and prejudice.

As to burden: HS has not been paid for over $1.8 million in work that it has done. This case has been a huge burden on HS, a firm of fewer than 20 lawyers at all relevant times. It has involved complex and novel issues of law and fact in difficult circumstances. The firm has appeared many times before this Court, has conducted full discovery, and briefed multiple motions involving significant issues of constitutional law and the authority of the SEC. Indeed, as the SEC has acknowledged, substantially all of the burden of the litigation has fallen on counsel for Relief Defendants, particularly HS. *See* Dkt. No. 1147 at 4 ("Moreover, Relief Defendants' counsel essentially litigated this case on Defendant's behalf, including conducting substantive discovery of Oak, litigating over the merits of the SEC's claims, and contesting the SEC's remedies arguments."). Courts have recognized meaningfully smaller unpaid invoices as burdensome enough to justify withdrawal. *See Stair v. Calhoun*, 722 F. Supp. 2d 258, 276-77 (E.D.N.Y. 2010) (permitting withdrawal and a charging lien on $37,546.87); *Fed. Home Loan Mortgage Corp. v. 41–50 78th St. Corp.*, No. 92–cv–5692, 1997 WL 177862 (E.D.N.Y. April 4, 1997) (relieving counsel after finding that unpaid legal bills of approximately $33,000 constituted "severe financial

---

funds held in the attorney trust accounts of HS and MC. The Court has not yet signed the proposed order or otherwise released the funds.

[2] The motion at Docket No. 1152 asks the Court, as an alternative to an immediate award of attorneys' fees, to modify the litigation stay to permit HS to proceed against the Relief Defendants (and/or Defendant) to recover on its unpaid legal bills. While HS submits that the proper course would be for the Court to enter an order directing the Receiver to pay HS's, MC's, and BL's outstanding invoices, if the Court is unwilling to enter such an order, it should nevertheless so modify the litigation stay for the reasons set forth therein.

hardship" to the firm). For these reasons, the Court should grant HS's fee applications and its motion to withdraw. *See* Dkt. No. 1152.

And as to prejudice: by failing to decide the four pending motions—which includes one (Dkt. No. 1152) seeking permission to withdraw and proceed against the Relief Defendants for unpaid fees—the Court has kept HS in a procedural limbo. If the Court were to grant some or all of the motions, HS would have a clear path to either have its bills paid immediately or to take action against the Relief Defendants for such payment. If the Court were to deny the motions, then HS would be able to raise the same issues on appeal before the Second Circuit. As it stands, however, HS can do neither, and has no recourse to recover the nearly $2 million it is owed.

This prejudice is particularly acute given the length of time—over a year—that two of the five subject motions have been pending. *See* 28 U.S.C. § 476(a)(1) (as part of the Civil Justice Reform Act of 1990, requiring District Judges to submit a semiannual report of all "motions that have been pending for more than six months"); Civil Litigation Management Manual, Second Edition (Federal Judicial Center 2010) at 53 ("Delays in issuing rulings are a major cause of public dissatisfaction with the courts, and most litigants would prefer a timely decision to a perfectly written one. Additionally, matters taken under submission rather than immediately ruled on can slip through the cracks[.]").

### III.   In the Alternative, HS Requests a Conference to Address These Issues

Following the submission of the Receiver's report and HS's last motion (Dkt. No. 1152), the SEC challenged both the availability of assets available to pay HS's legal bills and the procedural merit of HS's motion to withdraw, and separately moved to strike HS's motion. While HS has already responded to the SEC's meritless procedural arguments, *see* Dkt. Nos.1193, 1208, the Court has not yet ruled on these issues.

Conscious of the numerous pending motions filed by all parties following the submission of the Receiver's report, and in the alternative to the relief requested above, HS respectfully requests that the Court schedule a telephonic conference to address solely those issues addressed in this motion: HS and BL's outstanding fee applications and request to withdraw as counsel to the Relief Defendants.

## CONCLUSION

For the reasons above, HS respectfully requests that this Court rule on the five pending motions for attorneys' fees (Dkt. Nos. 898, 925, 970, and 1152), and that in doing so, it award HS and BL the full measure of their attorney's fees and permit HS to withdraw from this matter.

In the alternative, HS requests the Court schedule a telephonic conference.

Dated: New York, New York
August 20, 2019

                                          Respectfully submitted,

                                          _/s/ Joseph Gallagher_
Jonathan Harris (phv07583)
Joseph Gallagher (phv09604)
HARRIS ST. LAURENT LLP
40 Wall Street, 53rd Floor
New York, New York 10005
Telephone: 212.397.3370
Facsimile: 212.202.6202

David B. Deitch (phv07260)
BERENZWEIG LEONARD LLP
8300 Greensboro Drive
Suite 1250
McLean, VA 22102
Tel. 703.940.3065
Email: ddeitch@berenzweiglaw.com

*Attorneys for Relief Defendants*
*I-Cubed Domain, LLC, Shalini Ahmed,*
*Shalini Ahmed 2014 Grantor Retained*

*Annuity Trust, Diya Holdings, LLC, Diya Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

7