UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>*Plaintiff*,<br>v.<br>IFTIKAR AHMED,<br>*Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>*Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>August 23, 2019 |

**RULING DENYING WITHOUT PREJUDICE DEFENDANT'S EMERGENCY MOTION FOR MEDICAL TREATMENT**

Defendant moves for "immediate facilitation of medical treatment," seeking release of $1,000 from the assets of the Receivership Estate "so he is able to immediately undergo all medical tests, including CT Scan and MRI, to evaluate his medical and cancer status." (Def.'s Emergency Mot. for Medical Treatment [Doc. # 1251].) Mr. Ahmed "will not file any Reply brief to any Responses" and requests "a decision on this Motion within the next fifteen (15) days at the most as there is no additional information that the Court needs to make a decision on this Motion." (*Id.* at 3.)

The SEC has "indicated that they will oppose this motion, based on the same arguments that they have made in the earlier two instances when the Defendant sough[t] release of funds for medical treatment" but has not yet filed a response. (*Id.* at 1.)

The Receiver disputes Mr. Ahmed's characterization of his earlier Report, reiterating that "the ultimate extent of Residual Assets, if any, presently remains unknown in large part because the exact dollar amount of the Judgment . . . cannot be fixed until assets securing it have been actually liquidated and deposited into the CRIS account," (Receiver's Resp. [Doc. # 1251] at 2), contrary to Defendant's assertion that the Receiver's Report "unequivocally states that there remains tens of millions of dollars worth of assets . . . not needed to secure the judgment," (Def.'s Emergency Mot. at 1-2.) But the Receiver nonetheless "does not object" to Mr. Ahmed's motion "due to the *de minimis* amount, in relative terms, sought to be disbursed to medical provider(s)" and because the "Receiver does not believe that such disbursement will adversely impact the Receiver's ability to fulfill his primary obligation in this receivership—to fully secure the Required Amount through the liquidation of Receivership Assets—or to execute in any other regard his duties pursuant to the Appointment Order." (Receiver's Resp. at 2.)

In November 2018, the Court denied without prejudice Mr. Ahmed's previous emergency motion for release of funds for medical treatment. (Ruling Denying Without Prejudice Def.'s Emergency Mot. [Doc. # 1018].) That ruling explained that

> [i]n response to previous similar motions seeking release of funds for medical treatment, (*see, e.g.,* Def.'s Mots. for Release of Funds [Docs. ## 256, 703]), the Court has requested that such requests for release of funds "shall include appropriate documentation of the name and address of the physician Defendant intends to consult with, the location/facility to which payment is to be sent, and documentation of the fees which will be assessed, and/or fees for any tests or procedures anticipated to be required."

(*Id.* at 1-2 (quoting Endorsement Order [Doc. # 842] at 1).) The November 2018 ruling continued:

> Even if Mr. Ahmed is unable to provide information regarding particular tests and/or procedures which may be required until after an initial consultation, his renewed request for release of funds must include at least "the name and address of the physician Defendant intends to consult with, the location/facility to which payment is to be sent, and the documentation of the fee which will be assessed" for that initial consultation.

(*Id.* at 2 (quoting Endorsement Order at 1).) That Ruling concluded by clearly requiring "[a]ny renewed motion" to "comply with the terms of the Court's prior ruling regarding release of funds for medical treatment." (*Id.* at 3.) Mr. Ahmed did not renew that motion, despite the Court's indication that it "anticipates it will be in a position to promptly order an appropriate distribution of funds to Mr. Ahmed's medical provider" upon receipt of appropriate documentation.

Defendant argues that he "no longer needs to provide any supporting documentation in support of his motion for release of funds for his medical treatment, given the amount sought is *de minimus* compared to the excess assets that remain frozen but not needed to secure the judgment for the SEC." (*Id.* at 2.) But he offers "to submit (for in-camera review only) all invoices and any other supporting documents of his medical tests and consulting fees if ordered by this Court." (*Id.* at 3.) But Defendant's argument is unconvincing given that the $1,000 currently sought is greater than the $200 previously sought, and nothing in the Court's prior rulings indicates that the amount requested or the status of the frozen assets would impact the release of funds for medical treatment.

In the absence of any documentation in support of his request, Defendant's Emergency Motion for Medical Treatment [Doc. # 1251] is DENIED without prejudice to renew. Any renewed motion shall comply with the terms of the Court's prior rulings regarding release of funds for medical treatment. Mr. Ahmed may submit any such documentation for *in camera* review in lieu

3

of filing private medical documentation on the public docket. If Mr. Ahmed is unable to provide the required documentation in support of his request, he must provide at least the name and address of the physician Defendant intends to consult with, the location/facility to which payment is to be sent, documentation of his inability to indicate the exact amount of the fees to be assessed, and the basis for his representation that the requested amount of $1,000 is needed to fund the necessary appointments and testing. Upon renewal of Defendant's motion supported by the adequate documentation, the Court anticipates it will be in a position to promptly order an appropriate distribution of funds to Mr. Ahmed's medical provider.

IT IS SO ORDERED.

/s/
_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 23d day of August 2019.