# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> IFTIKAR AHMED <br><br> Defendant, and <br> and <br><br> IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents <br><br> Relief Defendants. | Civil Action No. <br> 3:15-cv-675-JBA |

## EMERGENCY APPLICATION FOR AUTHORITY TO EMPLOY
## MITOFSKY, SHAPIRO, NEVILLE & HAZEN LLP

Pursuant to paragraph 5(e) and paragraph 33 of the Order Appointing Receiver [Doc. No. 1070] (the "Appointment Order"), Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully applies (the "Application") to the Court for an order authorizing him to retain and employ Mitofsky, Shapiro, Neville & Hazen, LLP ("MSNH") as counsel to the Receiver for the limited

---

[1] Unless expressly defined otherwise, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report").

purpose of representing him in the eviction of the current occupants of Apartment 12F (the "12F Occupants"). The Commission consents to the relief requested herein. The Receiver has consulted with the Defendant and the Relief Defendants (through their counsel) and, while they provided comments, they have not, as of this filing, taken a position specifically with respect to the relief sought in the Application. In support thereof, the Receiver respectfully represents as follows.

## I.     Introduction

As this Court is aware, Apartment 12F is located at 530 Park Avenue in New York City and constitutes a Receivership Asset. This Court previously determined that Apartment 12F "was purchased nearly entirely with the proceeds of two allegedly fraudulent transactions transferred by Mr. Ahmed into an account in Mrs. Ahmed's name." (Ruling and Order Granting Preliminary Injunction [Doc. No. 113], at 11.)

The 12F Occupants include a husband and wife and their young child, and they have resided in Apartment 12F since July 15, 2016. The most recent lease, covering the period from July 14, 2018, to July 14, 2019 (the "Lease") by its terms expired and the 12F Occupants have not vacated Apartment 12F.

The Receiver seeks to evict the 12F Occupants as the Receiver believes such would be in the best interest of the Receivership Estate. In his Report, the Receiver proposed to "liquidate … Apartment 12F to provide additional proceeds to secure the Judgment pending appeal and obtain other necessary amounts." (Report, at 7.) The Receiver proposed the liquidation of Apartment 12F because, in the Receiver's view, the property "could be liquidated with relative ease" (Appointment Order, at 15) and such liquidation would hopefully permit the Receiver "to avoid liquidating other assets, such as the UTMA accounts (SEC Nos. 86-94), and a substantial portion of the Iftikar A. Ahmed Family Trust account (SEC No. 71)" (Report, at 7), which is consistent

with the desires of the Defendant, the Relief Defendant, and Daniel G. Johnson as trustee. (*See* Doc. Nos. 1178 at 4, 1180 at 3, 1182 at 25-26.)  The 12F Occupants, by the husband and father David Schulhof ("Mr. Schulhof"), have engaged in preliminary discussions with the Receiver's counsel as to the 12F Occupants' interest in purchasing Apartment 12F. However, in the Receiver's view, the amount ultimately offered by the 12F Occupants falls well short of what he believes and what the Relief Defendants have expressed to be the property's fair market value.

Based upon the opinion expressed by Stacey Froelich of Urban Compass, Inc. d/b/a Compass ("Compass") – the real estate brokerage firm the Receiver intends to seek permission to retain in connection with the liquidation of the Apartments in the event the Court directs the Receiver to proceed with such liquidations – the Receiver believes that both Apartments will sell for more money in a shorter period of time if they are vacant. (*See generally* Receiver's Objection to Relief Defendants' Motion to Immediate Rent the Two NYC Apartments [Doc. No. 1237] (discussing why it is advantageous to sell Apartment 12F as a vacant unit).) As the 12F Occupants are no longer potential buyers of Apartment 12F and have not yet vacated the property voluntarily, the Receive believes that commencing an eviction proceeding is the appropriate next step to get Apartment 12F in a better position for liquidation, subject to further order of this Court.

The Receiver has engaged in discussions with Mr. Schulhof (in consultation with the Commission, the Defendant, and counsel to the Relief Defendants) concerning a potential stipulated judgment of eviction with a stay of execution through some future date in 2019. It is contemplated that until such time the 12F Occupants move from the property, they would continue to pay use and occupancy to the Receivership Estate and otherwise comply with the terms of the Lease. In the event the parties reach an agreement in principle as to a stipulated judgment of eviction with a date certain for surrender of possession, the Receiver will promptly

file a motion with this Court to gain approval of said agreement.

Regardless of the potential for an agreement, the Receiver maintains that it is in the interest of the Receivership Estate to move forward with commencing eviction proceedings, and retaining MSNH in connection therewith, to protect and preserve the Receivership Estate's rights.

### II. MSNH's Relationship to the Receivership Estate and Parties Related to this Action

Based on the Affidavit of William J. Neville (the "Neville Affidavit"), attached hereto as Exhibit A, to the best of the Receiver's knowledge, information, and belief, MSNH has no conflict of interest in its representation of the Receiver and holds no interest materially adverse to the interests of the Receivership Estate or the Receiver. Therefore, paragraph 5(k) of the Appointment Order, which provides for the Receiver's "continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel [such as MSNH], and the Receivership Estate," remains satisfied at this time. Thus, the Receiver is aware of no facts that would preclude MSNH from providing the professional services described below to the Receiver.

### III. Relief Requested

In furtherance of his duties under the Appointment Order, the Receiver requests an order authorizing him to retain MSNH to represent the Receiver in taking all steps reasonably necessary to remove the 12F Occupants from Apartment 12F, including commencing and prosecuting an eviction action in New York.

As stated in the Neville Affidavit, MSNH is highly qualified to serve as counsel to the Receiver in connection with the removal of the 12F Occupants from Apartment 12F. Indeed, MSNH has extensive experience in New York City housing courts and Attorney Neville in

particular is intimately familiar with the applicable statutes and procedural considerations that must be complied with in the detailed field of residential landlord/tenant law. MSNH regularly represents landlords in residential evictions in New York City.

Furthermore, MSNH proposes to be retained on an hourly basis and the hourly rate of the attorney who would be primarily responsible for the matter, Attorney Neville, is $350.00. MSNH has represented that this is consistent with the ordinary and customary rate for this attorney, and is consistent with the range of hourly rates typically charged by attorneys in New York City with similar degrees of experience, expertise, and sophistication.

Finally, based on representations by Attorney Neville, the Receiver expects the aggregate final amount of fees and expenses incurred by MSNH to range from $5,000 to $10,000. This amount is dependent, in part, on an agreement for a stipulated judgment of eviction being reached with the 12F Occupants and approved by this Court and the overall difficulty in removing the 12F Occupants from Apartment 12F.[2] MSNH has agreed that he will not incur fees and expenses in excess of $10,000 without further order of this Court, and any fees and expenses required to complete the eviction process in excess of $10,000 will be subject to, and only be allowed upon, the approval of this Court obtained in advance upon a duly noticed motion filed by the Receiver. Furthermore, the Receiver proposes that the fees and expenses paid to MSNH in connection with the removal of the 12F Occupants be counted against the "interest and gains" attributable to Apartment 12F in the event Apartment 12F is liquidated to secure the Required Amount and the Court determines that Apartment 12F is a Disgorgement Asset.

Thus, the Receiver respectfully submits that the terms of employment are fair and reasonable and that it is in the interest of the Receivership Estate for MSNH to represent the Receiver for the limited purpose of taking all steps reasonably necessary to remove the 12F

---

[2] It should be noted that, to date, the 12F Occupants have been largely compliant and cooperative with the Receiver and his counsel.

Occupants from Apartment 12F.

### IV. Good Cause for Expedited Consideration of this Application by the Court

Pursuant to District of Connecticut Local Rule 7(a)(6), the Receiver designated this Application as an "emergency" Application and seeks expedited consideration of the same by this Court. The Receiver respectfully represents that good cause exists for such expedited consideration due to recent changes governing the notice landlords in New York must provide to tenants. Specifically, effective October 14, 2019, NY CLS Real P § 226-c provides that if a tenant has occupied a rented property for more than two years (as the 12F Occupants have), the landlord "shall provide at least ninety days' notice" to the tenant. Attorney Neville has advised the Receiver's counsel that this provision applies to notices to quit if the same is served on or after October 14, 2019. However, if the notice to quit is served before the effective date of October 14, 2019, only thirty days' notice is required. Additionally, Attorney Neville estimates that two weeks should be set aside for the process server to effectuate service on the 12F Occupants.

Therefore, the Receiver believes that it is in the interests of the Receivership Estate for MSNH to immediately prepare the necessary documents, including the notice to quit, and have the same served on or before October 14, 2019, in an effort to avoid unnecessary delay in the removal of the 12F Occupants from Apartment 12F. Of course, MSNH's employment must be approved by this Court.

Thus, the Receiver respectfully submits that good cause exists for this Court to consider this Application on an expedited basis.

### V. Conclusion

For the reasons set forth above, it is in the best interest of the Receivership Estate for the Receiver to retain MSNH to provide professional services. Therefore, the Receiver respectfully

requests that the Court enter an order (1) authorizing him to retain MSNH to represent him in connection with taking all steps reasonably necessary to evict the 12F Occupants from Apartment 12F on the terms and conditions set forth in the proposed order submitted herewith, and (2) for such other relief as the Court deems just and proper.

Dated: August 28, 2019
      Bridgeport, Connecticut

                                  Respectfully submitted,
                                  JED HORWITT, ESQ., RECEIVER

                                */s/ Christopher H. Blau*
                                Stephen M. Kindseth (ct14640)
                                Christopher H. Blau (ct30120)
                                Zeisler & Zeisler, P.C.
                                10 Middle Street, 15th Floor
                                Bridgeport, CT  06604
                                Telephone: 203-368-4234 X 236
                                Facsimile: 203-549-0903
                                Email: cblau@zeislaw.com;
                                skindseth@zeislaw.com
                                *Counsel to the Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2019, a copy of the foregoing Application was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

                                               */s/ Christopher H. Blau*
                                               Christopher H. Blau (ct30120)