UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>*Plaintiff,*<br>v.<br>IFTIKAR AHMED,<br>*Defendant,* and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>*Relief Defendants.* | Civil No. 3:15cv675 (JBA)<br><br>September 4, 2019 |

**RULING DENYING DEFENDANT'S MOTION TO ALTER FINAL JUDGMENT**

Mr. Ahmed moves to alter or amend the Amended Final Judgment ([Doc. # 1054]) under Federal Rule of Civil Procedure 59(e). (Mot. to Amend [Doc. # 1086].) The SEC opposes that motion. (SEC Opp. [Doc. # 1109].) For the reasons that follow, Mr. Ahmed's motion is denied.

**I.     Background**

The Court assumes the parties' familiarity with the history of this case. Pursuant to the Court's Ruling on Remedies and Judgment, ([Doc. # 955]), the SEC filed a proposed final judgment, ([Doc. # 960]), to which Defendant and Relief Defendants objected, ([Docs. # 962, 963]), and the SEC replied ([Doc. # 981]). The Court ruled on those objections, ([Doc. # 986]), and

entered Judgment, ([Doc. # 982]), which incorporated portions of the SEC's proposal and modifications made in response to the Defendant's and Relief Defendants' objections. Mr. Ahmed then moved for relief from that Judgment under Fed. R. Civ. P. 60(b), ([Doc. # 1012]), which was granted in part and denied in part, (Doc. # 1052]). The SEC and the Relief Defendants also moved separately to alter or amend that Judgment ([Docs. # 1013, 1034]). After ruling on those motions, ([Doc. # 1053]), the Court entered an Amended Final Judgment, ([Doc. # 1054]). Mr. Ahmed now moves to further amend that judgment.

II. Discussion

Although Fed. R. Civ. P. 59(e) permits motions to alter or amend a judgment, "[i]t is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (internal quotation omitted). The principal "grounds for granting a Rule 59(e) motion to alter or amend are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Densberger v. United Technologies Corp.*, 125 F. Supp. 2d 585, 597 (D. Conn. 2000) (quoting *Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "A district court has broad discretion in determining whether to grant a motion to alter or amend the judgment." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).

Mr. Ahmed argues that the Amended Final Judgment should be amended further in eight ways, in order to:

> (i) recalculate the judgment amount such that the Defendant's non-forfeited assets already in the hands of the purported victim are first credited against disgorgement; (ii) allow the Defendant to choose which assets used to satisfy different parts of the judgment as it is his right; (iii) determine a method and process to calculate the

2

award of "interest or gains" so that it is not arbitrary in either process or in calculation; (iv) include an offset for losses on the assets used for satisfying disgorgement; (v) correct the statement that should read "(6) that the amount of interest and returns on disgorged frozen assets;" (vi) correct that statement that it is "interest OR gains" and not "interest AND gains;" (vii) correct the insertion of Rule 54(b)'s language as the Defendant intended to oppose such statement and as per Connecticut local rules, had time to do so before this esteemed Court ruled on that issue; and (viii) clarify that the esteemed Court indeed intended to issue rulings and its amended final judgment just hours before the Defendant filed his post-hearing brief, in compliance with the deadline set for such submissions by this esteemed Court itself, which dealt with issues addressed in the rulings and amended final judgment.

(Mot. to Amend at 1-2.) The SEC responds that Defendant's motion "does nothing more than recycle arguments the Court previously considered and rejected" but "points to no new evidence, no change in controlling law, and nothing approaching error or injustice – much less manifest error." (SEC Opp. at 3-4.)

First, Mr. Ahmed argues that the Amended Final Judgment should be amended to reduce the disgorgement award by the amount of "the Defendant's non-forfeited assets already in the hands of the purported victim," Oak. (Mot. to Amend at 1.) He asserts that "[c]ourts routinely award credit against disgorgement for assets that are in the possession of the alleged victim," (*id.* at 3), but he cites no authority in support of that assertion. Defendant "requests that the value of those *non-forfeited* assets be determined first and credited against disgorgement" and that "other aspects of disgorgement (such as pre-judgment interest, civil penalty, interest and gains)" be recalculated thereafter. (*Id.*) Mr. Ahmed has repeatedly raised arguments regarding the status of and claimed need to value assets held by Oak, and the Court has repeatedly rejected those arguments. (*See* Ruling on Def.'s Rule 60(b) Mot. [Doc. # 1052] at 3 (rejecting Mr. Ahmed's "efforts to relitigate the status of the Oak assets," including their "proper value and disposition," because

3

that issue had already been decided by the Court); Reply Supp. Mot. to Amend [Doc. # 1117] ("The Defendant has also already briefed this issue. [Doc. # 959]."). ) Mr. Ahmed's disagreement with the Court's prior rulings on this topic does not support his request to alter the Amended Final Judgment.

Second, Mr. Ahmed argues that the Amended Final Judgment should be further amended to "include explicit language that the Defendant gets to choose which assets to apply to the different parts of the judgment." (Mot. to Amend at 4.) He argues that "there is no case law in this nation that allows the SEC to 'cherry-pick' their assets in terms of what assets to apply to which part of the judgment" and that "it is the Defendant's right to decide which assets to apply to that judgment." (*Id.*) But Mr. Ahmed offers no argument or authority in support of his position, and he misrepresents the procedure adopted by this Court to satisfy the judgment in this case, which does not permit the SEC to "cherry-pick" assets to apply to different parts of the judgment.

Third, Mr. Ahmed argues that the judgment should be amended to "include some process for the determination of interest or gains." (*Id.*) He contends that the Court "did not take into consideration the Defendant's views on interest or gains" and that the Court must not "simply leave it up to an uninformed third-party who is not vested and who just entered this case," referring presumably to the Receiver. (*Id.*) But contrary to Defendant's assertions, this issue has already been thoroughly litigated and decided. After considering arguments of the SEC, Defendant, and Relief Defendants, the Court concluded that interest or gains are owed only on "the frozen assets used to satisfy th[e] disgorgement amount," not on all frozen assets or on assets used to satisfy the penalty portion of the judgment, and that the interest or gains should be calculated by determining the "actual interest accrued or gains earned" and not by using the "checking account interest rate"

proposed by Defendant and Relief Defendants. (Supplemental Ruling on Remedies [Doc. # 1051] at 2, 5.)

Fourth, Defendant argues that "the Amended Judgment should be amended to include an offset for losses on assets used toward the disgorgement amount." (Mot. to Amend at 5.) He notes that he has "already briefed this issue" but offers no argument to suggest that any law has since changed, new evidence has come to light, or manifest injustice has occurred beyond his disagreement with the Court's decision not to order the offset he seeks.

Fifth, Mr. Ahmed argues that the line in the Amended Final Judgment which reads "IT IS HEREBY FURTHER ORDERED that the amount of interest and returns on frozen assets which Defendant must turn over . . . will be determined by a receiver or such other process that this Court will order," (Amended Final J. ¶ 6), must be amended to indicate that the interest and returns are owed only on "frozen *disgorged* assets." (Mot. to Amend at 5.) But the Judgment itself makes clear elsewhere that the interest and returns are owed "on disgorged frozen assets," (Amended Final J. ¶ 4), and thus amendment of the judgment to include that language as Defendant requests is unnecessary.

Sixth, Defendant argues that the Amended Final Judgment should be further amended because it refers in one paragraph to "interest or gains" and in another paragraph to "interest and returns" "such that [] the two statements are comparable and there is no confusion." (Mot. to Amend at 5.) He argues that both paragraphs should refer to "interest and returns." The Court sees no cause for confusion in using both terms, and Mr. Ahmed has not stated any grounds for relief under Rule 59.

Seventh, Mr. Ahmed argues that "the Amended Judgment should be further amended to correct the insertion of Rule 54(b)'s language" because

5

> there are still significant issues to be determined in this esteemed Court that are not final, contrary to the Rule 54(b) certification: the Defendant's *non-forfeited* assets at Oak must first be applied to disgorgement and then the rest of the judgment calculated from that point and a process must be determined for the calculation of interest or gains and an express statement made that the Defendant chooses such assets for various parts of the judgment.

(*Id.* at 6.) This argument merely repeats those made elsewhere in Defendant's motion to amend. Moreover, Defendant's disagreement with the Court's rulings does not render the judgment "not final," nor is it cause to question the validity of a Rule 54(b) certification in a final judgment.

Eighth and finally, Mr. Ahmed argues that the judgment should be amended to "clarify that the esteemed Court intended to issue rulings and its amended final judgment just hours before the Defendant filed his post-hearing brief, in compliance with the deadline set for such submissions by this esteemed Court itself, which dealt with issues addressed in the rulings and amended final judgment." (*Id.* at 2.) But the Court invited that post-hearing brief to address issues separate from those the Court addressed in amending the final judgment: "[the Court will] provide Mr. Ahmed a transcript of the receiver-related proceedings today and give him two weeks to file any responses to the substance of the proceeding that he wishes and, thereafter, the Court will make its decision related to whether to appoint a receiver and, if so, whom to appoint." (Tr. of 11/28/18 Hearing [Doc. # 1043] at 5:13-18.) Moreover, the Court amended the original final judgment in response to motions by the SEC and the Relief Defendants, (Ruling on Pl.'s and Rel. Defs.' Mots. to Amend and Clarify the J. [Doc. # 1053]), which gave Mr. Ahmed the opportunity to respond to those motions and inform the Court of his position regarding amendment of the judgment.

Mr. Ahmed argues that there are "*at least* three issues that impacted the Final Amended Judgment [Doc. # 1054] that the Defendant was not heard on: (1) the classification of 'interest and gains'; (2) the Defendant's assets at Oak; and (3) questioning the potential receiver candidates."

(Reply Supp. Mot. to Amend at 8.) As discussed above, Mr. Ahmed has repeatedly made and the Court has repeatedly considered his arguments on the issues of interest and gains and the assets at Oak. As to the potential receiver candidates, the Amended Final Judgment, entered on December 14, 2018, indicates neither that a receiver will be appointed nor which potential candidate would be chosen. The Receiver was not appointed until December 20, 2018, six days after Mr. Ahmed filed his post-hearing brief, and the Order Appointing Receiver makes clear that the Court considered Defendant's arguments laid out in that brief. ([Doc. # 1070].)

Because Mr. Ahmed seeks to relitigate issues already decided by this Court and offers no evidence or argument which could meet the high standard for Rule 59 motions, he has not demonstrated that the Amended Final Judgment should be further amended as requested.

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Alter or Amend the Judgment [Doc. # 1086] is DENIED.

IT IS SO ORDERED.

/s/
_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of September, 2019.