UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>v.<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>September 9, 2019 |

**RULING DENYING DEFENDANT'S MOTION FOR STAY**

Defendant Iftikar Ahmed moves to stay all proceedings in this case because a petition for a writ of certiorari has been filed in another case which raises the question of whether disgorgement is a remedy available as "equitable relief" in securities enforcement actions, even though disgorgement was deemed a penalty in *Kokesh v. Sec. Exch. Comm.*, 137 S. Ct. 1635 (2017). Petition for Writ of Certiorari, *Liu v. Sec. Exch. Comm.*, No. 18-1501, 2019 WL 2354737 (2019). Defendant argues that "a granting of *certiorari* by the Supreme Court could have a dramatic and material impact on the amount of judgment ordered in this case," and that these proceedings should therefore be stayed to avoid "severe and significant wastage of resources, including time and/or

money, of all parties, including this esteemed Court and the Second Circuit Court of Appeals." [Mot. for Stay [Doc. # 1187] at 1, 4.)

Courts have the "power to stay proceedings" as part of "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. "The person seeking a stay bears the burden of establishing its need." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (internal quotation omitted).

Mr. Ahmed argues that a stay is necessary because any ruling by the Supreme Court in *Liu v. SEC* could impact the amount of the judgment in this case, and because there will be a "real loss of *status quo* once assets are monetized" which cannot be remedied if those assets are later determined to be unnecessary to satisfy the judgment against Mr. Ahmed. (Reply to Receiver's Opp. [Doc. # 1223] at 2-4.)

The Receiver opposes Mr. Ahmed's motion for stay because "the requested stay of these proceedings would, if granted, prolong the Receivership Estate's exposure to market risk putting the primary purpose of this receivership—securing fully the Judgment entered by this Court pending the appeals—in jeopardy." (Receiver's Opp. [Doc. # 1216] at 2.) He argues that any "downturn in the real estate or equity markets may result in the Receiver being unable to . . . fully secur[e] the Judgment awarded to the Commission pending appeal" given the possible fluctuation of non-cash assets, and that risk of fluctuation will increase if liquidation is postponed due to the requested stay. (*Id.*)

The SEC also opposes Mr. Ahmed's motion for stay, arguing that it is "yet another in a long line of attempts to delay the securing of the SEC's judgment." (SEC Opp. [Doc. # 1219] at 2.) The SEC reiterates the Receiver's concern about the fluctuating value of frozen assets, which would be "exposed to market risk and volatility" for a longer period than necessary if these proceedings were stayed. (*Id.* at 3.) The SEC and the Receiver concur that this risk represents sufficient potential prejudice such that the requested stay is inappropriate.

Mr. Ahmed's reason for the requested stay—that any ruling by the Supreme Court in *Liu v. SEC could* impact the judgment in this case *if* the Supreme Court grants the pending petition for certiorari and *if* it then answers the question presented in a way that is favorable to Mr. Ahmed—is too speculative a basis to justify staying these proceedings given the risks inherent in delaying the liquidation of assets. Because enforcement of the judgment has already been stayed to prevent distribution of assets while appeals in this case are pending, the risk of harm to Mr. Ahmed is minimal and thus is outweighed by the substantial risk to both Mr. Ahmed and the SEC of the frozen assets losing value during the requested stay. In light of these competing interests and because of the speculative nature of his argument, Mr. Ahmed has not met his burden of establishing the need for a stay in this case.

For the foregoing reasons, Defendant's Motion to Stay Proceedings [Doc. # 1187] is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 9th day of September, 2019.