UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>　　*Plaintiff*,<br>　　v.<br>IFTIKAR AHMED,<br>　　*Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>　　*Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>September 9, 2019 |

**RULING DENYING DEFENDANT'S MOTION FOR MISTRIAL**

Mr. Ahmed moves "th[e] esteemed Court to immediately declare a mistrial and order a redo of the litigation in this dispute on the grounds of several violations of basic constitutional rights . . . [and] gross misconduct of the Plaintiff . . . that has resulted in significant prejudice, harm, unfair bias, and irreversible disabling impact on the *pro se* Defendant that is now established to be completely illegal and unconstitutional." (Mot for Mistrial [Doc. # 1135] at 1.)

**I.　Background**

The Court assumes the parties' familiarity with the history of this case. In August 2015, Mr. Ahmed, through counsel who was then representing him, moved to unfreeze assets for payment

of legal fees for representation in this and three other matters, including two then-pending criminal cases against Mr. Ahmed. (Mot. to Unfreeze [Doc. # 95].) In February 2016, that motion was denied without prejudice to renew. (Ruling on Def.'s Mot. for Release of Funds [Doc. # 191].) The Court rejected Mr. Ahmed's request on several grounds, including that he "does not have a Sixth Amendment right to counsel in his civil cases," (*id.* at 3 n.5), he had not yet provided a "sworn financial accounting confirming that he has no other available assets with which to pay defense counsel" for his criminal cases, and the Sixth Amendment right to counsel did not yet entitle Mr. Ahmed to a release of funds because, given Mr. Ahmed's fugitive status in India and uncertain return to the United States to face prosecution, neither prosecution had yet reached a "critical stage." (*Id.* at 5, 11-12.)

Mr. Ahmed did not renew that motion, and in April 2016, his counsel moved to withdraw from this case because "[r]epresenting Mr. Ahmed, without any assurance that those fees and costs will ever be reimbursed or paid, has and will continue to result in an unreasonable financial burden." (Mot. for Withdrawal [Doc. # 210] at 2.) Mr. Ahmed, the SEC, and the Relief Defendants consented to the motion to withdraw. (*Id.* at 3-4.) Mr. Ahmed filed a Notice of Pro Se Appearance, ([Doc. # 211]), and the motion to withdraw was granted, ([Doc. # 221]).

In October 2016, Mr. Ahmed filed a Motion for Reconsideration, ([Doc. # 325]), of the February 2016 ruling, which denied without prejudice his motion for release of funds for legal fees. He "move[d] for an Order modifying the Court's Asset Freeze Order to release his restrained funds so that the Defendant can have Counsel and adequately defend himself in the four cases that he currently faces in the United States – two criminal cases and two civil cases." (*Id.* at 2.) The Court denied reconsideration because "[t]hat which Defendant claims to be new evidence, i.e., that he has now been indicted on a second criminal case, does not require different analysis than that

previously set out" in the February 2016 ruling, given that "there are still no foreseeable 'critical stages' related to Defendant's first criminal case while he remains outside the jurisdiction of the United States," and because the "remainder of Defendant's arguments constitute[d] an improper attempt at a second bite of the apple" which did not entitle him to reconsideration. (Ruling Denying Reconsid. [Doc. # 392] at 2-3.)

Since the withdrawal of counsel in April 2016, Mr. Ahmed has proceeded pro se.

## II. Discussion

Mr. Ahmed moves for a "declar[ation of] a mistrial" and a "redo of the litigation," arguing that his "basic constitutional rights" were violated because frozen assets were not released to pay for counsel to represent him in this litigation. Because there has been no trial in this case (*see, e.g.,* Rulings on Summary Judgment [Docs. # 835, 955]), the Court will construe Mr. Ahmed's motion as one for relief under Rule 60(b), which allows the court to "relieve a party . . . from a final judgment, order, or proceeding" for reasons which include "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party)" and "any other reason that justifies relief." Rule 60(b) is a "mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances."[1] *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation omitted).

---

[1] Motions for declaration of mistrial face a similarly high bar. *See Stinson v. United States*, Civil No. 13-cv-427(JBA), 2014 WL 6930974, at *3 (D. Conn. Dec. 8, 2014) ("A mistrial is appropriate only when a court finds there is 'manifest necessity' for such an order. . . . The standard is high, and courts will only order a mistrial if it is necessary to ensure the defendant a fair trial." (quoting *Arizona v. Washington*, 434 U.S. 497, 506 (1978)).)

3

Mr. Ahmed asserts three grounds for the relief he seeks: (1) "gross misconduct" by the SEC,[2] including "repeatedly maintain[ing] that the value of the frozen assets were insufficient to secure any judgment" and "repeatedly misle[ading] the esteemed Court to believe that they could not value the frozen assets," (Mot. for Mistrial at 1-2); (2) denial of his constitutional "right to counsel," (Reply Supp. Mot. for Mistrial [Doc. # 1157] at 2); and (3) violation of his "due process rights" as a result of the Court "denying him legal representation," (*id.* at 3).

First, Mr. Ahmed argues that "it is now proven beyond any reasonable doubt" that the SEC "lied, or [at] the very least misrepresented, to the esteemed Court that the frozen assets were not sufficient to secure a judgment." (Mot. for Mistrial at 3.) As a result, Mr. Ahmed argues, the Court was misled by the SEC to conclude that insufficient assets existed to justify release of some funds for payment of legal fees and to appoint an unnecessary receiver. (*Id.*) He contends that the Receiver's Report "conclusively establishes that throughout this litigation, <u>the SEC has engaged in serious prosecutorial misconduct by repeatedly lying to the Court, by hiding the true value of the Defendant's assets at Oak</u>" because that report indicates that more assets are frozen than are necessary to satisfy the judgment against Defendant. (Reply at 3-4 (emphasis in original).)

The Receiver responded to this characterization of his Report to "clarify his position with respect to certain assets that he did not propose to liquidate." (Receiver's Resp. [Doc. # 1146] at 2.) The Receiver's response contradicts Mr. Ahmed's assertion:

---

[2] Additional claims of misconduct allegedly committed by the SEC which were raised for the first time in Mr. Ahmed's reply brief will not be considered. *See, e.g., Estate of Ungar v. Palestinian Authority*, 451 F. Supp. 2d 607, 611 (S.D.N.Y. 2006) ("[A]s a general rule, courts will not consider arguments raised for the first time in a reply brief."). Thus the SEC's Motion for Leave to File a Sur-Reply ([Doc. # 1172]) to address those newly raised claims is denied as moot.

4

> From these characterizations of the Report, one might conclude that the Receiver definitively determined that a certain portion of the Receivership Estate will never need to be liquidated to secure the Judgment and provide an adequate reserve for administrative costs. However, such a conclusion would not be consistent with the Receiver's findings. . . . Until such time as the Required Amount is conclusively determined by the Court and the Receiver deposits funds equal to the Required Amount into the CRIS account . . . there are no Receivership Estate assets that, in the Receiver's view, are truly excess and unnecessary to secure the Judgment. . . . [T]here may come a time when liquidation of these assets or some portion of them is necessary to secure the judgment.

(*Id.* at 2-3.)

Moreover, Mr. Ahmed's claim merely repeats his frequent disagreement with the SEC's and the Receiver's valuation of the frozen assets. He cites no evidence to suggest that the SEC's estimates of the value of the frozen assets were driven by a desire to mislead or defraud the Court or to freeze assets which it knew to be unnecessary. Defendant's continued disagreement with the SEC's and Receiver's asset valuations does not represent proof that the "SEC has engaged in serious prosecutorial misconduct by repeatedly lying to the Court," (Reply at 3), nor is it evidence of any constitutional violation or grounds for relief under Rule 60.

Second, if Mr. Ahmed is again claiming that his Sixth Amendment right to counsel was violated as a result of the asset freeze, any such claim is an improper request for reconsideration of the Court's earlier rulings on that question, (*see, e.g.,* Ruling on Def.'s Mot. for Release of Funds; Ruling Denying Reconsid.), and absent any documented change of circumstances does not entitle him to relief under Rule 60.

Third, Mr. Ahmed asserts generally that the denial of access to frozen funds to pay for legal representation in this litigation is a "flagrant violation of constitutional rights, including but not limited to due process rights." (Mot. for Mistrial at 3.) He also complains that he was deprived of

5

"his right to view any evidence that he alone could rebut and oppose." (*Id.*) As to his opportunity to "view any evidence," the Court assumes that Mr. Ahmed refers to the limitations placed on his access to confidential information while he remains in India, outside this Court's jurisdiction. (*See, e.g.*, Order Denying Mot. for Full Access [Doc. # 286]; Order on Def.'s Mot for Access [Doc. # 515].) Because Mr. Ahmed "has removed himself from the jurisdiction of the Court, the Court has no ability to enforce" any protective order "limiting his use of the documents produced," upon which any opportunity to inspect or copy the evidence at issue "would necessarily be contingent." (Order Denying Mot. for Full Access at 3.) To the extent Mr. Ahmed challenges the Court's decisions regarding access to confidential evidence while he remains in India, his motion is an improper request for reconsideration of those decisions and thus does not entitle him to the relief he seeks.

As to the asset freeze and its impact on Mr. Ahmed's ability to retain counsel to represent him in this matter, Defendant's claim that his "due process rights" were violated is unavailing. Although the "right to assistance of counsel" is "necessarily . . . included in the concept of due process of law[,] . . . the due process clauses neither expand nor contract the constitutional protection provided by the Sixth Amendment right to counsel." *In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d 238, 246 (2d Cir. 1986) ("The cases simply do not support the proposition that [appellant's] due process rights under the Fifth Amendment are more expansive than the protection which the Sixth Amendment affords."). Thus Mr. Ahmed cannot assert a right to counsel under the due process clause beyond that which the Sixth Amendment affords him, and this claim does not entitle him to relief from the judgment under Rule 60.

### III. Conclusion

For the foregoing reasons, Defendant's Motion for Declaration of Mistrial [Doc. # 1135] is DENIED. The SEC's Motion for Leave to File a Sur-Reply ([Doc. # 1172]) is DENIED as moot.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 9th day of September, 2019.