# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) No. 3:15-CV-675 (JBA) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| IFTIKAR AHMED, | ) ) |
| Defendant, and | ) ) |
| IFTIKAR ALI AHMED SOLE PROP; *et al* | ) ) |
| Relief Defendants. | ) SEPTEMBER 11, 2019 ) ) |

---

## RELIEF DEFENDANTS' EMERGENCY MOTION FOR A RULING ON RELIEF DEFENDANTS' APPELLATE FEES, IN LIGHT OF THE COURT'S RECENT RULING ON DEFENDANT'S RULE 59(e) MOTION

The Relief Defendants request that the Court issue a ruling on their pending Emergency Motion for Appellate Fees (ECF No. 1080, herein "Appellate Fee Motion") in light of the Court's recent ruling on Defendant's Rule 59(e) Motion. (ECF No. 1263.) The Relief Defendants reserve all rights to all issues and incorporate their Appellate Fee Motion and their Reply (ECF No. 1107, "Reply") to this Motion.

## BACKGROUND

Relief Defendants assume familiarity with the background of the issue of appellate fees, but provide the following information for the Court's benefit:

1. The Court issued an amended Judgment against the Defendant and the Relief Defendants on December 14, 2018. (ECF No. 1054)

2. The Relief Defendants filed an Emergency Motion for the release of appellate fees on January 2, 2019, which is fully briefed and which remains pending. (ECF No. 1080, 1099, 1107.)

3.  The Defendant filed a Rule 59(e) Motion on January 11, 2019, (ECF No. 1086) which the Court denied on September 4, 2019. (ECF No. 1263.)

4.  The Relief Defendants filed a timely notice of appeal on February 8, 2019. (ECF No. 1100.)

5.  The Second Circuit had stayed the appeal(s), pending the District Court's ruling on Defendant's Rule 59(e) Motion. As the Court has now ruled on the Motion, the stay is lifted and Relief Defendants' have 14 days from the date of the ruling (September 4, 2019) in which to file a briefing schedule and take other procedural steps – which means that the Relief Defendants must retain counsel *and* act by September 18, 2019.

6.  As there remain issues pending in the District Court, the Relief Defendants reached out to the SEC to inquire if they would agree to a consented stay in the Second Circuit, pending the resolution of all issues pending in the District Court, so as to avoid piecemeal appeals. The SEC has opposed any stay in the Second Circuit.[1] (Ex. A.)

7.  Relief Defendants seek to retain Attorneys Jenner & Block to represent them on appeal.  While a Notice of Appeal was filed, no appearance has yet been filed by appellate counsel in the Court of Appeals, pending payment.

## ARGUMENTS

The Relief Defendants file this Emergency Motion to request a ruling on their Appellate Fee Motion.  As the Court has now ruled on Defendant's Rule 59(e) Motion, the appellate process in the Second Circuit Court of Appeals has begun and the Relief Defendants have 14 days in which to take various required procedural steps.[2]  *See* Fed. R. App. Proc. 10(b) and 2d Cir. R. 31.2(a).

---

[1] The briefing of this Emergency Motion is *solely* due to the SEC's opposition of a continued stay in the Second Circuit to avoid piecemeal appeals. Had the SEC agreed to a stay, the Relief Defendants would not be in a position to have to urge this Court to rule immediately on a release of appellate fees. Now, given that the appellate process will move forward, the Relief Defendants are in dire need of counsel to represent their interests, else they face a dismissal of their appeal.  As such, this situation is entirely of the SEC's making and the Court should not entertain any Opposition that the SEC has to this Emergency Motion.

[2] A Notice of Appeal filed after the entry of judgment but before the last of the motions listed (including 59(e) Motions) is decided is treated as filed when the order determining the last of the motions is entered. Fed. R. App. Proc. 4(a)(4).  Relief Defendants' now have 14 days from the day the Rule 59(e) Motion was decided (September 4, 2019) to take various required procedural steps.  That means that the Relief

I.      **The Equities Favor a Release of Appellate Fees for the Relief Defendants**

As the Relief Defendants have detailed in their Appellate Fee Motion, the equities favor a release of appellate fees for the Relief Defendants.

*First,* the Relief Defendants consist of a variety of entities, three minor children, and an adult.  In particular, four of the named Relief Defendants are entities that must have qualified attorney representation.  *See Berrios v. New York City Housing Authority*, 564 F.3d 130, 132-33 (2d Cir. 2009) (holding that a party "unless exercising his constitutional right to represent himself" must be represented by an attorney.)  In addition, three of the Relief Defendants are minor children and cannot represent themselves.  *Id.*at 133 ("Thus we have held that a layperson may not represent . . . a minor child.") (citations omitted.)  Therefore, it is imperative that Relief Defendants have attorney representation for their appeal, else their appeal will be dismissed on procedural grounds without the merits having been considered.  Such issues include, but are not limited to, the use of Relief Defendants' assets to satisfy Defendant's judgment and the proper classification of such assets.  In a situation where the Relief Defendants' property rights have been affected and where the Relief Defendants must have counsel to proceed in their appeal, the equities weigh in favor of releasing the funds for them to retain appellate counsel and avoid a dismissal of their appeal simply for lack of counsel.

*Second*, the Receiver has shown an amount of assets greater than not only this Court's judgment of $64.4 million, but also of this Court's own asset freeze order of $89 million, and which does not even include various other assets which the Receiver found it unnecessary to

---

Defendants have until September 18, 2019 to file a briefing schedule for their appeal and take other procedural steps.

10235908v1

value.[3]  (See ECF No. 1249-5 at 5, where the Receiver depicts a value of assets frozen as nearly $89.9 million.[4])  As such, a release of $350,000 from this amount[5] will not affect the security of the SEC's judgment, especially as the Court has ordered that the asset freeze is to continue on the assets, pending appeal, to serve as the "functional equivalent of a supersedeas bond." (ECF No. 1052 at 7.)

This Court sits in equity. Here, the equities favor a release of $350,000 for the Relief Defendants' appellate representation by Jenner & Block.  This will ensure that the Relief Defendants have their appeals heard in the Second Circuit and have an opinion rendered based on the merits of the issues as opposed to simply being dismissed for lack of counsel.

## II.    There is No Principled Basis for Objecting to Relief Defendants' Emergency Motion

As the Court is well-aware, the SEC has objected to the Relief Defendants' request for appellate fees. In addition, the SEC has also recently objected to Harris St. Laurent LLP's Motion for Payment of Attorneys' Fees and Resolution of Pending Motions.  (ECF Nos. 1252, 1269.)  The SEC's "objection" to Harris St. Laurent's motion is to claim that that firm is seeking a reconsideration of the Court's prior ruling regarding the release of funds.  (ECF No. 1269 at 1.)  For purposes of this motion, the SEC's argument is incorrect in the first instance because the

---

[3] The Receiver has identified more than $18.7 million in assets above and beyond the amount necessary to secure the Government's judgment and the needs of the Receivership.  This Court has recognized that the Second Circuit forbids over-freezing of assets to secure a judgment. *Ahmed*, 123 F. Supp. 3d 301, 312 (D. Conn. 2015) (citing *S.E.C. v. Unifund*, 910 F.2d 1028, 1041 (2d Cir. 1999) and *S.E.C. v. Maillard*, No. 13-CV-5299, 2014 WL 1660024, at *4 (S.D.N.Y. Apr. 23, 2014)).  Consequently, the release of funds is especially appropriate here because the SEC is over secured.

[4] This amount does not ascribe a value to certain assets and also does not include the Defendant's allegedly forfeited assets at Oak. The Relief Defendants do not waive their rights to these or any of their assets by way of this statement.

[5] The Relief Defendants request an amount of $350,000 from Ms. Ahmed's Fidelity account x7540 to be sent directly to their proposed appellate counsel of Jenner & Block and will work with the Receiver to ensure that such funds are directed appropriately.

4

Relief Defendants are only asking the Court to rule on their Appellate Fee Motion, which is the first appellate fee application that the Relief Defendants have filed and which has never been ruled on.  Additionally, Relief Defendants have specifically discussed and rebutted the SEC's "reconsideration" argument already.   (ECF No. 1215 at 9-11.)   The Court has specifically demurred on the issue of release of funds for payment of counsel – particularly in the context of addressing the SEC's position on the release of funds at the Parties' November 9, 2018 hearing.[6] (Hr. Trans. (11/9/18) at 56:11-20.)

### III.    There is Good Cause for the Court to Consider this Motion on an Expedited Basis

Pursuant to District of Connecticut Local Rule 7(a)(6), the Relief Defendants designated this Motion as an "emergency" Motion and seek expedited consideration of the same by this Court. The Relief Defendants respectfully represent that good cause exists for such expedited consideration due to the lift of the stay of appeal by the Second Circuit, based on this Court's recent ruling of Defendant's Rule 59(e) Motion.  Should the Court deny the Relief Defendants' Emergency Motion for Appellate Fees or not rule on such Motion, given that the majority of the Relief Defendants represented in this Court (seven of the eight)[7] would not be able to proceed *pro se* in the Second Circuit Court of Appeals, this would result in, through no fault of their own, having their appeal dismissed without having the merits considered, simply because they were not represented by counsel.  In addition, while Ms. Ahmed can proceed *pro se*, she is not a

---

[6] Specifically, the Court concluded the hearing by stating:

> The Court:  All right.  I'm going to direct that $50,000 be released from the rentals right now to quickly enable the defense counsel to mobilize whatever is necessary to present effectively receivers or respond to the receivers who are – candidates who are presented so that we can move this along.  I think that will be at least minimally sufficient to do that and will leave the dilemma that the SEC points to, which is that the longer the matter is prolonged the more the fees go up, the more the assets get sought to be released to pay other than the victim.

(Hr. Trans. (11/9/18) at 56:11-20.)

[7] The various entities and the three minor children.

10235908v1

lawyer and has no legal background, which would put her at a severe disadvantage against the power and the resources of an agency of the United States Government in the appellate courts.

The Relief Defendants must take various procedural steps relating to the Second Circuit Court of Appeals no later than September 18, 2019, or 14 days after this Court's ruling on Defendant's Rule 59(e) Motion on September 4, 2019. The Relief Defendants must have retained appellate counsel to be able to proceed in their appeal and the SEC has refused to consent to a continued stay of the proceedings in the appellate court.

The Relief Defendants believe that it is in the interest of all parties that the Relief Defendants be represented by counsel in the Second Circuit Court of Appeals and have the merits of the case heard by the appellate courts. Thus, the Relief Defendants respectfully submit that good cause exists for this Court to consider this Motion on an expedited basis.

## CONCLUSION

Wherefore, for the foregoing reasons, the Relief Defendants request that the Court rule on the aforesaid motion, so that the Relief Defendants may secure counsel for purposes of prosecuting the various appeals arising out of this case.[8]

Respectfully Submitted,

By: __/s/ Paul E. Knag_____
Paul E. Knag – ct04194
pknag@murthalaw.com
Kristen L. Zaehringer – ct27044
kzaehringer@murthalaw.com
Murtha Cullina LLP
177 Broad Street, 16th Floor
Stamford, Connecticut 06901
Telephone: 203.653.5400

---

[8] We also note that there are pending motions relating to the payment of Murtha fees, which should also be granted at this time.

6

10235908v1

Facsimile:  203.653.5444

*Attorneys for Relief Defendants*
*I-Cubed Domain, LLC, Shalini Ahmed,*
*Shalini Ahmed 2014 Grantor Retained*
*Annuity Trust, Diya Holdings, LLC, Diya*
*Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

7

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

_____/s/_____
Paul E. Knag – ct04194

10235908v1

# EXHIBIT A



Begin forwarded message:

**From:** "Yoder, Stephen G." <YODERS@SEC.GOV>
**Date:** September 9, 2019 at 5:08:52 PM EDT
**To:** "Paul E. Knag" <PKNAG@murthalaw.com>
**Cc:** "Heinke, Nicholas" <HeinkeN@SEC.GOV>, "Williams, Mark L" <williamsml@SEC.GOV>
**Subject: RE: Pls call me re ahmed**

Mr. Knag,

The Commission opposes your clients' proposal to continue the stay of the appeals in the Second Circuit.

Regards,
Steve Yoder

**From:** Paul E. Knag <PKNAG@murthalaw.com>
**Sent:** Monday, September 9, 2019 8:04 AM
**To:** Yoder, Stephen G. <YODERS@SEC.GOV>
**Subject:** RE: Pls call me re ahmed

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Are you ok to continue stay?

1

**PAUL E. KNAG** | PARTNER

Direct: 203-653-5407 | Fax: 860-240-5711| Mobile: 203-561-6438 | pknag@murthalaw.com

**MURTHA**CULLINA

Murtha Cullina LLP | Attorneys at Law |  www.murthalaw.com
177 Broad Street | Stamford | CT | 06901

**Boston Office:**  99 High Street | Boston, MA 02110-2320
Direct: 617-457-4066 | Main: 617-457-4000

Member
**LexMundi**
**World Ready**

Lex Mundi is the world's leading
network of independent law
firms with in-depth experience
in 100+ countries worldwide.

CONFIDENTIALITY NOTICE:  This message originates from the law firm of Murtha Cullina LLP.  The information contained in this e-mail and any files transmitted with it may be a confidential attorney-client communication or may otherwise be privileged and confidential.  If the reader of this message, regardless of the address or routing, is not an intended recipient, you are hereby notified that you have received this transmittal in error and any review, use, distribution, dissemination or copying is strictly prohibited.  If you have received this message in error, please delete this e-mail and all files transmitted with it from your system and immediately notify Murtha Cullina by sending a reply e-mail to the sender of this message.  Thank you.

-----Original Message-----
From: Paul E. Knag [mailto:PKNAG@murthalaw.com]
Sent: Thursday, September 05, 2019 7:07 PM
To: yoders@sec.gov
Subject: Pls call me re ahmed

2035616438

Sent from my iPhone