UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>*v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants.* | Civil No. 3:15cv675 (JBA)<br><br>September 11, 2019 |

**RULING GRANTING RECEIVER'S MOTION FOR AUTHORITY TO EMPLOY MITOFSKY, SHAPIRO, NEVILLE & HAZEN, LLP**

Receiver Jed Horwitt moves for "an order authorizing him to retain and employ Mitofsky, Shapiro, Nevill & Hazen, LLP ('MSNH') as counsel to the Receiver for the limited purpose of representing him in the eviction of the current occupants of Apartment 12F." (Mot. for Authority to Employ MSNH [Doc. # 1260] at 1-2.)

By way of background, two apartments at 530 Park Avenue in New York City are among the assets of the Receivership Estate. (Appointment Order [Doc. # 1070] at 7, 11.) Mr. Horwitt proposes to sell both apartments as part of his plan to liquidate assets of the Receivership Estate to

secure the judgment in this case. (Receiver's Report [Doc. # 1130] at 7.) Apartment 12F was leased to a family ("the Tenants") as of July 15, 2016. (Mot. for Authority to Employ MSNH at 2.) That lease was extended twice, and the most recent lease agreement with the Tenants expired on July 14, 2019. (*Id.*) The Tenants still currently reside in Apartment 12F. (*Id.*) The Tenants and the Receiver have engaged in discussions about purchasing Apartment 12F, but "the amount ultimately offered by the 12F Occupants falls well short of what he believes and what the Relief Defendants have expressed to be the property's fair market value," and thus the Receiver indicates that "the 12F Occupants are no longer potential buyers of Apartment 12F." (*Id.* at 3.)

The Receiver "believes that commencing an eviction proceeding is the appropriate next step to get Apartment 12F in a better position for liquidation, subject to further order of this Court." (*Id.*) He has "engaged in discussions with" the Tenants "concerning a potential stipulated judgment of eviction with a stay of execution through some future date in 2019," but no agreement has yet been reached. (*Id.*) Regardless of the status of those discussions, the Receiver "maintains that it is in the interest of the Receivership Estate to move forward with commencing eviction proceedings." (*Id.* at 4.)

The Receiver has indicated his belief that "MSNH has no conflict of interest in its representation of the Receiver." He seeks authority "to retain MSNH to represent the Receiver in taking all steps reasonably necessary to remove the 12F Occupants from Apartment 12F, including commencing and prosecuting an eviction action in New York." (*Id.*) Mr. Horwitt represents, based on the affidavit of William J. Neville of MSNH, that MSNH "has extensive experience in New York City housing courts" an that "Attorney Neville in particular is intimately familiar with the applicable statutes and procedural considerations that must be complied with in the detailed field of residential landlord/tenant law." (*Id.* at 4-5.) Moreover, "MSNH regularly represents landlords

2

in residential evictions in New York City." (*Id.* at 5.) Attorney Neville has agreed to work on this matter at an hourly rate of $350, which is "consistent with the ordinary and customary rate for this attorney" and "with the range of hourly rates typically charged by attorneys in New York City with similar degrees of experience, expertise, and sophistication." (*Id.*) Moreover, this rate is lower than that which the Appointment Order authorizes Mr. Horwitt to charge for legal work as receiver. (Appointment Order at 16.) MSNH estimates the "final amount of fees and expenses incurred by MSNH to range from $5,000 to $10,000," although this amount could rise if no agreement can be reached with the Tenants. (*Id.*)

Defendant and the Relief Defendants consent to the Receiver's motion to the extent that it does not conflict with any of their currently pending motions. (Def.'s Resp. [Doc. # 1270]; Rel. Defs.' Resp. [Doc. # 1272].) Mr. Ahmed requests that "the expenses associated with the work performed by MSNH must come out of the rental income generated from the Apartment #12F for which they are being engaged" and that "any expense above the current application for $10,000 must be expressly authorized by this Court." (Def.'s Resp. at 1.) The SEC has not responded to the Receiver's motion but "consents to the relief requested." (Mot. for Authority to Employ MSNH at 2.)

Given the benefit to the Receivership Estate of proceeding with the eviction of the Tenants from Apartment 12F, the qualifications of MSNH and Attorney Neville, and the consent of all parties, the Receiver's Motion for Authority to Employ MSNH [Doc. # 1260] is GRANTED. The Receiver is hereby authorized to employ MSNH to act as the Receiver's counsel to represent the Receiver in taking all steps reasonably necessary to remove the Tenants from Apartment 12F, including commencing and prosecuting an eviction action in New York consistent with this order and the Receiver's Motion for Authority to Employ MSNH. MSNH shall not incur any fees or

3

expenses in excess of $10,000 in this matter without prior authorization from this Court. MSNH shall submit time records and documentation of expenses incurred in a form consistent with that required by the Appointment Order and the SEC Billing Instructions to the Receiver for inclusion in the Receiver's Quarterly Fee Applications and as further directed by this Court, and allowed in the discretion of this Court, including reimbursement of actual and necessary disbursements. The fees and expenses paid to MSNH in connection with the removal of the current occupants of Apartment 12F shall be counted against the "interest and gains" attributable to Apartment 12F if that apartment is liquidated in satisfaction of the disgorgement portion of the judgment in this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 11 day of September, 2019.