UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>  Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>  Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA |

## NOTICE REGARDING UNAUTHORIZED ACTIVITY
## IN FIDELITY X7540 AND FIDELITY X8965

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully provides this notice (the "Notice") to alert this Court and all other parties of certain unauthorized activity in Fidelity x7540 (SEC No. 75) and Fidelity x8965 (SEC No. 74, and with Fidelity x7540, the "Accounts"), which occurred on September 9, 2019.

---

[1] Unless expressly defined otherwise, the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report") are incorporated herein by reference.

1

As this Court is aware, the Accounts are Receivership Assets and are subject to the Asset Freeze. Shortly after his appointment, the Receiver advised Fidelity of the Receivership and Fidelity's obligations under the Appointment Order. Since that time, the Receiver's counsel has been in contact with representatives of Fidelity on routine matters, including the production of account statements and the monthly distribution of living expenses to the Relief Defendants pursuant to paragraph 5(c) of the Appointment Order.

On September 11, 2019, at 12:20 pm, counsel for the Relief Defendants advised the undersigned that Mrs. Ahmed had received an order execution email from Fidelity, reflecting the successful sale of 6,000 units of Plains All American Pipeline, L.P. ("PAA") in Fidelity x7540 (the "x7540 Transaction"). (*See* Exhibit A). At 12:27 pm, counsel for the Receiver responded, advising the Relief Defendants' counsel that the Receiver would investigate. (*Id.*)

On September 11, 2019, at 12:34 pm, the Receiver's counsel wrote to John Spurway and Suzanne Morse at Fidelity, who the Receiver's counsel had previously been in contact with regarding routine Receivership Estate matters, enquiring as to the details of the x7540 Transaction. (*See* Exhibit B.) At 2:23 pm, Ms. Morse confirmed that the x7540 Transaction had occurred and that "any funds received from those sales will remain in the [Account] as it is restricted from all withdrawals." (*Id.*) Further, Ms. Morse confirmed that she "updated the restriction on all the relevant accounts to prohibit not only withdrawals, but trading and deposits as well going forward." (*Id.*) While the Receiver's investigation is continuing, it appears that the "restriction codes" previously placed on the Accounts by Fidelity prohibited only withdrawals, not trades or deposits.

On September 12, 2019, at 3:01 pm, in response to requests for further information made by the Receiver's counsel, Fidelity provided Transaction Confirmations reflecting the sale of a total of 12,000 units of PAA on September 9, 2019, 6,000 of which reflected the x7540 Transaction

and 6,000 of which were sold from Fidelity x8965 (the "x8965 Transaction" and with the x7540 Transaction, the "Transactions") with execution prices of approximately $21.24.[2] (*See* Exhibit C.) Fidelity also provided a log of activity in the Accounts with the Internet Protocol ("IP") addresses of the individual(s) who accessed the Accounts. (*See* Exhibit D.) Finally, Fidelity produced a certification confirming that Exhibits C and D are "true and accurate copies of the originals as maintained in the normal course of business" by Fidelity. (*See* Exhibit E.)

Upon receipt of Exhibits C, D, and E, the Receiver's counsel promptly wrote to counsel for the Commission, counsel for the Relief Defendants, and the Defendant advising them of the Transactions and requesting any information that they may have concerning the Transactions to assist the Receiver in his investigation. The Receiver's counsel spoke briefly to counsel for the Commission to discuss what had transpired. As of the filing of this Notice, the Defendant and counsel for the Relief Defendants have not responded to the Receiver's inquiry.

The Receiver's preliminary investigation reveals the following location information about the IP address of the individual(s) who accessed the Accounts in recent days:

| Date | IP Address | Location[3] |
|---|---|---|
| 9/3/2019 | 122.180.194.26 | New Delhi, India |
| 9/4/2019 | 122.180.194.26 | New Delhi, India |
| 9/5/2019 | 122.180.194.26 | New Delhi, India |
| 9/6/2019 | 122.180.194.26 | New Delhi, India |
| 9/7/2019 | 122.180.194.26 | New Delhi, India |
| 9/8/2019 | 122.180.194.26 | New Delhi, India |

---

[2] Based on the account statements the Receiver previously received from Fidelity, the Transactions reflect the sale of 100% of the PAA shares held by x7540 and x8965.
[3] This location information is based on the Receiver's preliminary investigation using publicly available IP lookup services. The Receiver has no reason to doubt the veracity of such information, but it is subject to further verification as the Receiver's investigation continues.

| | | |
|---|---|---|
| 9/9/2019 | 199.187.211.223 | Seattle, Washington |
| 9/9/2019 | 122.163.246.231 | New Delhi, India |
| 9/10/2019 | 199.187.211.203 | Seattle, Washington |
| 9/11/2019 | 199.187.211.162 | Seattle, Washington |

The Receiver's investigation is continuing. At this time the Receiver is not aware of any other unauthorized trades in any brokerage account that is a Receivership Asset, but will continue his investigation and keep the Court apprised of all further developments. Furthermore, the Receiver has confirmed with Fidelity that the proceeds from the Transactions remain in the Accounts, and that, in accordance with the Receiver's further direction made in response to this incident, deposits and further trades are no longer possible in the Accounts. Finally, as the Receiver has done previously during this Receivership, the Receiver has requested updated account statements from every bank and brokerage holding Receivership Assets.  Upon receipt, he will confirm that no additional trades have taken place in any of those accounts.

The Receiver expects that once his investigation yields sufficient information, he will file further notices concerning this matter and/or a motion with this Court seeking the appropriate relief. Upon request, the Receiver or his counsel will attend any hearings scheduled by the Court on this matter and provide any relevant information and assistance that the Court may request in addressing the Transactions or otherwise.

Dated September 12, 2019, at Bridgeport, Connecticut.

                                              Respectfully submitted,
                                              JED HORWITT, ESQ., RECEIVER

                                               */s/ Christopher H. Blau*
                                              Stephen M. Kindseth (ct14640)
                                              Christopher H. Blau (ct30120)
                                              Zeisler & Zeisler, P.C.
                                              10 Middle Street, 15th Floor
                                              Bridgeport, CT  06604
                                              Telephone: 203-368-4234 X 236
                                              Facsimile: 203-549-0903
                                              Email: cblau@zeislaw.com;
                                              skindseth@zeislaw.com
                                              *Counsel to the Receiver*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2019, a copy of the foregoing Notice was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

                                                     */s/ Christopher H. Blau*
                                                   Christopher H. Blau (ct30120)