## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA |

## STATEMENT OF RECEIVER'S POSITION
## CONCERNING RELIEF DEFENDANTS' EMERGENCY MOTION FOR A RULING ON RELIEF DEFENDANTS' APPELLATE FEES, IN LIGHT OF THE COURT'S <u>RECENT RULING ON DEFENDANT'S RULE 59(e) MOTION</u>

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully provides this statement (the "Statement") articulating his position in response to the Relief Defendants' Emergency Motion for a Ruling on Relief Defendants' Appellate Fees, in Light of the Court's Recent Ruling on

---

[1] Unless expressly defined otherwise, the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report") are incorporated herein by reference.

Defendant's Rule 59(e) Motion [Doc. No. 1273] ("the Motion"), filed on September 11, 2019. In support thereof, the Receiver respectfully represents as follows.

### Introduction

The Receiver takes no position with respect to the release of $350,000.00 from the Receivership Estate to pay for Relief Defendants' appellate counsel, Jenner & Block LLP ("JB"). The Receiver submits this Statement for this Court's consideration to correct certain representations by the Relief Defendants and explain the Receiver's reasoning for taking no position with respect to the requested release of funds.

### I.    The Motion Mischaracterizes the Receiver's Report as to Residual Assets

Even though the Receiver has already, in several filings with this Court, corrected various parties' mischaracterization of this very point, the Receiver feels compelled, once again, to correct the mischaracterization of the Report concerning the existence of Receivership Assets that are not needed to secure the Required Amount ("Residual Assets"). As the Report makes clear, the ultimate extent of Residual Assets, if any, presently remains unknown in large part because the exact dollar amount of the Judgment — which continues to accrue various interest, gains, and other items — cannot be fixed until assets securing it have been actually liquidated and deposited into the CRIS account, and because the amount to be realized from such assets will also not be determined until they are actually liquidated. Accordingly, until the liquidation process is complete and the Required Amount is fully secured by deposits into the CRIS account, there are no Receivership Assets that, in the Receiver's view, are truly excess. The Motion's characterization of the Receiver's conclusion – that there has been a definitive determination that the Receivership Estate includes more than $18 million in Residual Assets – is inaccurate.

### II.    The Release of Funds to JB is Unlikely to Materially Impact the Receivership Estate or the Receiver's Ability to Carry Out his Duties

Notwithstanding the Motion's incorrect characterization of the Report, in light of the current cumulative value of Receivership Assets, the Receiver does not believe that a disbursement of $350,000 to JB will adversely impact the Receiver's ability to fulfill his primary obligation in this receivership—to fully secure the Required Amount through the liquidation of Receivership Assets—or to execute in any other regard his duties pursuant to the Appointment Order.  Therefore, the Receiver takes no position with respect to the relief requested by the Motion.

As the Court is aware, the Receiver took no position with respect to the Relief Defendants' motion seeking a release of $350,000 to Murtha Cullina LLP ("MC"). (*See* Relief Defendants' Emergency Motion to Modify Asset Freeze Order to Release Funds to Pay Murtha Cullina's Fees and Disbursements Since Appointment of Receiver, or in the Alternative, to Withdraw the Appearance of Counsel [Doc. No. 1171] (the "MC Motion"); Statement of Receiver's Position Concerning the MC Motion [Doc. No. 1195].) The Receiver notes that the aggregate amount of the fees for MC and now for JB requested by the Relief Defendants equals $700,000. While the Receiver's present assessment (to the best of his ability while acknowledging his inability to predict future market changes) is that a distribution of $700,000 to the Relief Defendants' various counsel will, in all likelihood, not adversely impact the Receiver's ability to execute his duties or otherwise materially impact the Receivership Estate, the Receiver may oppose further distributions to the Relief Defendants' counsel (and others) before the Required Amount has been placed in the CRIS account, depending upon the facts and circumstances presented at that time.

Finally, the Receiver notes that the Motion proposes to source the $350,000 from Fidelity account x7540. The Receiver's Plan of Liquidation proposes to liquidate Fidelity account x7540 to secure the Required Amount. As such, the Receiver must alert the Court and the parties that, to the extent $350,000 now held in Fidelity account x7540 is released from the Asset Freeze to fund the requested payments to JB, the Receiver may need to revise the Plan of Liquidation.

### III.   The Relief Sought in the Motion is Materially Different than the Relief Sought by Harris, St. Laurent & Chaudhry LLP

While the Receiver objected to the request by Harris, St. Laurent & Chaudhry LLP ("HSC") for the Receivership Estate to release funds to pay more than $1.8 million in past-due fees and expenses, (*see* Motion of Harris, St. Laurent & Chaudhry LLP to Withdraw from Representation of Relief Defendants, and for Payment of Outstanding Attorneys' Fees, and, in the Alternative, for Relief from the Stay of Litigation as to the Relief Defendants [Doc. No. 1152]), the Receiver is taking no position with respect to the Relief Defendants' present request for the release of funds to be paid to JB as appellate counsel. From the Receiver's perspective, there is a meaningful distinction between the two situations. JB, as appellate counsel, would represent the Relief Defendants in connection with ongoing litigation, which may impact the Receivership Estate and the Receiver's duties under the Appointment Order. In contrast, HSC effectively does not currently represent the Relief Defendants and is not proposing to represent them going forward, and seeks only to have a past due liability owed by the Relief Defendants, which arises almost entirely out of pre-Receivership Estate activities, paid by the Receivership Estate.

Additionally, there is an appreciable difference in the amounts sought – $350,000 versus $1.8 million. Indeed, even if the additional $350,000 sought by the MC Motion is included, the Relief Defendants are seeking approximately $1.1 million less for their current and proposed future counsel compared to HSC's request for historical fees and expenses.

Upon request, the Receiver or his counsel will attend any hearings scheduled by the Court on this matter and provide any relevant information and assistance that the Court may request in addressing the Motion.

Dated September 13, 2019, at Bridgeport, Connecticut.

Respectfully submitted,
JED HORWITT, ESQ., RECEIVER


 */s/ Christopher H. Blau*
Stephen M. Kindseth (ct14640)
Christopher H. Blau (ct30120)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06604
Telephone: 203-368-4234 X 236
Facsimile: 203-549-0903
Email: cblau@zeislaw.com;
skindseth@zeislaw.com
*Counsel to the Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2019, a copy of the foregoing Statement was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.


  */s/ Christopher H. Blau*
Christopher H. Blau (ct30120)