UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- X
UNITED STATES SECURITIES AND :
EXCHANGE COMMISSION, :
 :
*Plaintiff,* :
 :
v. :
 :
IFTIKAR AHMED, :   Civil Action No.
 :   3:15-CV-675 (JBA)
*Defendant, and* :
 :
IFTIKAR ALI AHMED SOLE PROP, :
I-CUBED DOMAINS, LLC; SHALINI AHMED; :
SHALINI AHMED 2014 GRANTOR RETAINED :
ANNUITY TRUST; DIYA HOLDINGS LLC; :
DIYA REAL HOLDINGS, LLC; I.I. 1, a minor :
child, by and through his next friends IFTIKAR and :
SHALINI AHMED, his parents; I.I. 2, a minor child, :
by and through his next friends IFTIKAR and :
SHALINI AHMED, his parents; and I.I. 3, a minor :
child, by and through his next friends IFTIKAR and :
SHALINI AHMED, his parents, :
 :
*Relief Defendants.* :
 :   September 13, 2019
---------------------------------------------------------------- X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
HARRIS ST. LAURENT LLP'S MOTION FOR PAYMENT OF
ATTORNEYS' FEES AND FOR RESOLUTION OF PENDING
MOTIONS OR, IN THE ALTERNATIVE, FOR A TELECONFERENCE**

Harris St. Laurent LLP ("HS") submits this reply memorandum on its motion asking the Court to resolve its pending fee motions to address three points.

First, Relief Defendants have consented to HS's withdrawal as their counsel. The Court should therefore grant that portion of HS's motion on consent.

Second, no party has contested the burden and prejudice suffered by HS in carrying this sizable receivable on its books.

1

Third, the SEC has misstated the nature of the relief we request. Our motion simply asks the court to rule on our four pending motions and one proposed order seeking $1.8 million in attorneys' fees, or for a teleconference to address these requests.[1] We do not, as the SEC asserts, ask the Court to reconsider any prior rulings, which is clear from a review of the docket entries it cites on this point (both of which are SEC filings, not court orders). The first, Dkt. No. 934, states that the Court did not release funds from the frozen corpus to cover attorneys' fees at the outset of the case. This is correct, and is in fact what led to the compromise order identified in our moving papers: that counsel would be paid from the rental proceeds of the two Park Avenue apartments. HS reasonably relied on this order (Dkt. No. 387) when it withdrew its first motion to be relieved as counsel, as it was a court-authorized pathway for a portion of its fees to be paid.

The second docket entry, No. 1176, merely points to language from prior court orders indicating that assets will remain frozen during the pendency of the appeal. *See*. Dkt. Nos. 1052 and 1070. Putting aside that these orders did not terminate our pending fee motions, and that there is therefore nothing to reconsider, these orders were issued before the Receiver issued a report from which it may reasonably be concluded that the SEC was oversecured by $18.6 million. Dkt. 1130-1.

## CONCLUSION

HS respectfully requests that this Court rule on the five pending applications for attorneys' fees (Dkt. Nos. 898, 925, 970, and 1152), and that in doing so, it award HS and BL the full measure of their attorneys' fees and permit HS to withdraw from this matter.

In the alternative, HS requests the Court schedule a telephonic conference.

---

[1] We note that Defendant has filed a response to this motion (Dkt. No. 1262). We do not believe Defendant has standing to object to our fee requests, or to the basic relief sought in our present motion. Further, we do not believe his objections have merit.

Dated: New York, New York
September 13, 2019

Respectfully submitted,

_/s/ Joseph Gallagher_
Jonathan Harris (phv07583)
Joseph Gallagher (phv09604)
HARRIS ST. LAURENT LLP
40 Wall Street, 53rd Floor
New York, New York 10005
Telephone: 212.397.3370
Facsimile: 212.202.6202

David B. Deitch (phv07260)
BERENZWEIG LEONARD LLP
8300 Greensboro Drive
Suite 1250
McLean, VA 22102
Tel. 703.940.3065
Email: ddeitch@berenzweiglaw.com

*Attorneys for Relief Defendants
I-Cubed Domain, LLC, Shalini Ahmed,
Shalini Ahmed 2014 Grantor Retained
Annuity Trust, Diya Holdings, LLC, Diya
Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2019, I caused a copy of the foregoing Reply Memorandum of Law to be served by ECF upon:

Nicholas P. Heinke
Mark L. Williams
U.S. Securities and Exchange Commission
1961 Stout St., Suite 1700
Denver, CO 80294
HeinkeN@sec.gov
WilliamsML@sec.gov

Iftikar Ahmed
c/o Advocate Anil Sharma
10 Government Place East
Ground Floor
Kolkatta, West Bengal, India 700-069
iftyahmed@icloud.com

Paul Knag
Murtha Cullina LLP
177 Broad Street
Stamford, CT 06901
pknag@murthalaw.com

Counsel to the Jed Horwitt, Receiver, has been served by ECF and by mail as follows:

Stephen M. Kindseth
Christopher H. Blau
Zeisler & Zeisler, P.C.
10 Middle Street
15th Floor
Bridgeport, CT 06604
skindseth@zeislaw.com
cblau@zeislaw.com

Relief Defendants have been served by ECF distribution to Mr. Knag and by mail as follows:

Shalini Ahmed
505 North Street
Greenwich, CT 06830

I-Cubed Domains
c/o Daniel G. Johnson

Cummings & Lockwood LLC
P.O. Box 120
Stamford, CT 06904-0129

Shalini Ahmed 2014 Grantor Retained Annuity Trust
c/o Daniel G. Johnson
Cummings & Lockwood LLC
P.O. Box 120
Stamford, CT 06904-0129

DIYA Holdings LLC
c/o Daniel G. Johnson
Cummings & Lockwood LLC
P.O. Box 120
Stamford, CT 06904-0129

DIYA Real Holdings LLC
c/o Daniel G. Johnson
Cummings & Lockwood LLC
P.O. Box 120
Stamford, CT 06904-0129

I.I. 1
c/o Shalini Ahmed
505 North Street
Greenwich, CT 06830

I.I. 2
c/o Shalini Ahmed
505 North Street
Greenwich, CT 06830

I.I. 3
c/o Shalini Ahmed
505 North Street
Greenwich, CT 06830

                                                  */s/ Joseph Gallagher*