UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>September 16, 2019 |

**RULING GRANTING RELIEF DEFENDANTS' EMERGENCY MOTION FOR APPELLATE ATTORNEY FEES**

Relief Defendants move for the release of $350,000 from the assets of the Receivership Estate "to pay for Relief Defendants' appellate counsel, Jenner & Block LLP" ("JB"). (Rel. Defs.' Mot. for Appellate Fees [Doc # 1273]; *see also* Rel. Defs.' Mot. for Funds for Appellate Counsel [Doc. # 1080].)

Appeals which are now before the Second Circuit Court of Appeals were stayed pending this Court's ruling on Defendant's Rule 59(e) motion, which was denied on September 4, 2019. (Ruling Denying Def.'s Mot. to Alter J. [Doc. # 1263].) "As the Court has now ruled on the [Rule

59(e)] Motion, the stay is lifted and Relief Defendants[] have 14 days from the date of the ruling . . . in which to file a briefing schedule and take other procedural steps – which means that the Relief Defendants must retain counsel *and* act by September 18, 2019." (Rel. Defs.' Mot for Appellate Fees at 2.) Relief Defendants seek the release of $350,000 from the Receivership Estate "to retain Attorneys Jenner & Block to represent them on appeal." (*Id.*) "While a Notice of Appeal was filed, no appearance has yet been filed by appellate counsel in the Court of Appeals, pending payment." (*Id.*) Relief Defendants represent that they sought consent from the SEC to a stay of proceedings in the Second Circuit "pending the resolution of all issues pending in the District Court, so as to avoid piecemeal appeals," but the SEC did not consent to that request. (*Id.*)

Defendant consents to the Relief Defendants' request. (Def.'s Resp. [Doc. # 1283].) Although the SEC "is not necessarily opposed to the release of funds to Relief Defendants for prospective appellate counsel fees," it "opposes the Motion because Relief Defendants have (again) failed to demonstrate that their ability to hire appellate counsel hinges on the release of $350,000 in frozen funds, and there is good reason to believe Relief Defendants can hire appellate counsel without the release of frozen funds." (SEC Resp. [Doc. # 1286] at 1-2.) The SEC also opposes the Relief Defendants' request that funds for appellate counsel be released from Fidelity account x7540 because "the Court has already found these are monies Defendant obtained through fraud, to which Ms. Ahmed has no claim" and because "the Receiver has already earmarked these funds to be used to satisfy the SEC's judgment." (*Id.* at 5.) Instead, the SEC argues, any funds to pay Relief Defendants' appellate counsel should be released from TD Ameritrade accounts of the Receivership Estate "which combined hold more than $9 million and have not been earmarked to satisfy the judgment in this case." (*Id.* at 6.)

The Receiver "tak[es] no position with respect to the requested release of funds." (Receiver's Resp. [Doc. # 1282] at 2.) Mr. Horwitt explains that "the ultimate extent of Residual Assets" which will not be necessary to secure the judgment, "if any, presently remains unknown in large part because the exact dollar amount of the Judgment . . . cannot be fixed until assets securing it have been actually liquidated and deposited into the CRIS account, and because the amount to be realized from such assets will also not be determined until they are actually liquidated." (*Id.*) Thus until that time "there are no Receivership Assets that, in the Receiver's view, are truly excess." (*Id.*) However, "in light of the current cumulative value of Receivership Assets, the Receiver does not believe that a disbursement of $350,000 to JB will adversely impact the Receiver's ability to fulfill his primary obligation in this receivership—to fully secure the Required Amount through the liquidation of Receivership Assets—or to execute in any other regard his duties pursuant to the Appointment Order." (*Id.* at 3.)

As the Receiver notes, the Relief Defendants' Emergency Motion for Appellate Fees differs from other currently pending motions for attorneys' fees by Defendant and Relief Defendants in several key ways. "JB, as appellate counsel, would represent the Relief Defendants in connection with ongoing litigation, which may impact the Receivership Estate" and the ultimate outcome in this case. (*Id.*) In contrast, other motions for attorneys' fees by the Relief Defendants "seek[] only to have a past due liability owed by the Relief Defendants . . . paid by the Receivership Estate." (*Id.*) "Additionally, there is an appreciable difference in the amounts sought" in each motion. (*Id.* (comparing $350,000 sought to retain JB with $1.8 million sought by Relief Defendants to pay Harris, St. Laurent & Chaudhry LLP for past work).)

Moreover, the Relief Defendants include "three minor children" and "a variety of entities" which "must have qualified attorney representation" to proceed in any action. (Rel. Defs.' Mot. for

3

Appellate Fees at 3.) If those parties do not "have attorney representation for their appeal," then that "appeal will be dismissed on procedural grounds without the merits having been considered." (*Id.*)

In light of the need for immediate action by the Relief Defendants in the Second Circuit, the Receiver's expectation that the requested release of funds will not impair his ability to secure the judgment or execute his other duties, the inability of most of the Relief Defendants to proceed pro se, and the prospective nature of the request, Relief Defendants' motions for appellate attorneys' fees [Docs. # 1080, 1273] are GRANTED with modification.

The Court authorizes the release of up to $350,000 from the Receivership Estate for reasonable attorneys' fees, to be paid to Jenner & Block for representation of the Relief Defendants before the Second Circuit. Invoices for such representation shall be submitted to this Court for approval, and no funds shall be released by the Receiver absent such approval. Any invoice submitted for the Court's approval shall be accompanied by documentation of Relief Defendants' inability to pay counsel absent release of funds from the Receivership Estate, including a sworn affidavit from Ms. Ahmed demonstrating her inability to pay the fees. Upon approval by the Court of any such invoice, the Receiver shall determine which assets of the Receivership Estate should be used to pay that invoice and shall inform the Court and the parties of his determination.

This authorization shall terminate once the judgment is secured in the CRIS account, and residual assets, if any, have been released from the asset freeze.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 16th day of September, 2019.