UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>    Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>    Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA |

**STATEMENT OF RECEIVER'S POSITION
CONCERNING DEFENDANT'S EMERGENCY MOTION FOR A RULING
ON DEFENDANT'S APPELLATE FEES, IN LIGHT OF THE COURT'S RECENT
RULING ON DEFENDANT'S RULE 59(e) MOTION**

Jed Horwitt, Esq., in his capacity as the Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully provides this statement (the "Statement") articulating his position in response to the Defendant's Emergency Motion for a Ruling on Defendant's Appellate Fees, in Light of the Court's Recent Ruling On Defendant's Rule

---

[1] Unless expressly defined otherwise, the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report") are incorporated herein by reference.

1

59(E) Motion [Doc. No. 1288] ("the Motion"), filed on September 17, 2019. In support thereof, the Receiver respectfully represents as follows.

## Introduction

Subject to certain conditions proposed herein, the Receiver takes no position with respect to the release of up to $500,000 from the Receivership Estate to pay fees incurred by the Defendant's appellate counsel ("Appellate Counsel"). The Receiver submits this Statement for this Court's consideration to correct certain mischaracterizations, to explain the Receiver's reasoning for taking no position with respect to the requested release of funds and to propose certain conditions and a procedure for such payments.

**I.    The Motion Mischaracterizes the Receiver's Report as to Residual Assets**

Even though the Receiver has already, in numerous filings with this Court, corrected various parties' mischaracterization of this very point, the Receiver feels compelled, once again, to correct the mischaracterization of the Report concerning the existence of Receivership Assets that are not needed to secure the Required Amount ("Residual Assets"). As the Report makes clear, the ultimate extent of Residual Assets, if any, presently remains unknown in large part because the exact dollar amount of the Judgment — which continues to accrue various interest, gains, and other items — cannot be fixed until assets securing it have been actually liquidated and deposited into the CRIS account, and because the amount to be realized from such assets will also not be determined until they are actually liquidated. Accordingly, until the liquidation process is complete and the Required Amount is fully secured by deposits into the CRIS account, there are no Receivership Assets that, in the Receiver's view, are truly excess. The Motion's characterization of the Receiver's conclusion – that there has been a definitive determination that the Receivership Estate includes more than $18.7 million in Residual Assets – is inaccurate.

**II.     The Release of Funds to Appellate Counsel is Unlikely to Materially Impact the Receivership Estate or the Receiver's Ability to Carry Out his Duties**

Notwithstanding the Motion's incorrect characterization of the Report, in light of the current cumulative value of Receivership Assets, the Receiver does not believe that a disbursement of up to $500,000 to Appellate Counsel, subject to the conditions and procedure proposed below, will adversely impact the Receiver's ability to fulfill his primary obligation in this receivership—to fully secure the Required Amount through the liquidation of Receivership Assets—or to execute in any other regard his duties pursuant to the Appointment Order. Therefore, the Receiver takes no position with respect to the relief requested by the Motion.

As the Court is aware, the Receiver took no position with respect to the Relief Defendants' motion seeking a release of $350,000 to Murtha Cullina LLP ("MC"). (See Relief Defendants' Emergency Motion to Modify Asset Freeze Order to Release Funds to Pay Murtha Cullina's Fees and Disbursements Since Appointment of Receiver, or in the Alternative, to Withdraw the Appearance of Counsel [Doc. No. 1171] (the "MC Motion"); Statement of Receiver's Position Concerning the MC Motion [Doc. No. 1195].) The Receiver also took no position with respect to the Relief Defendants' Emergency Motion for a Ruling on Relief Defendants' Appellate Fees, in Light of the Court's Recent Ruling on Defendant's Rule 59(e) Motion [Doc. No. 1273] ("the Motion"), filed on September 11, 2019, seeking the release of $350,000 to fund their appellate counsel's fees. On September 16, 2019, this Court entered its Ruling Granting Relief Defendants' Emergency Motion for Appellate [Doc. No. 1287] (the "Ruling Granting Appellate Fees").

The Receiver notes that the aggregate amount of the fees requested by the Defendant and Relief Defendants equals $1.2 million. While the Receiver's present assessment (to the best of his ability while acknowledging his inability to predict future market changes and the actual, final

3

Required Amount) is that a distribution of $1,200,000 to various counsel for the Defendant and Relief Defendants' will, in all likelihood, not adversely impact the Receiver's ability to execute his duties or otherwise materially impact the Receivership Estate, the Receiver may oppose further distributions until the Required Amount has been placed in the CRIS account, depending upon the facts and circumstances presented at that time.

### III. The Relief Sought in the Motion is Materially Different than the Relief Sought by Harris, St. Laurent & Chaudhry LLP

While the Receiver objected to the request by Harris, St. Laurent & Chaudhry LLP ("HSC") for the Receivership Estate to release funds to pay more than $1.8 million in past-due fees and expenses, (*see* Motion of Harris, St. Laurent & Chaudhry LLP to Withdraw from Representation of Relief Defendants, and for Payment of Outstanding Attorneys' Fees, and, in the Alternative, for Relief from the Stay of Litigation as to the Relief Defendants [Doc. No. 1152], the Receiver is taking no position with respect to the Defendant's present request for the release of funds to be paid to Appellate Counsel. From the Receiver's perspective, there is a meaningful distinction between the two situations. Appellate Counsel would represent the Defendant in connection with ongoing litigation, which may impact the Receivership Estate and the Receiver's duties under the Appointment Order. In contrast, HSC effectively does not currently represent the Relief Defendants and is not proposing to represent them going forward, and seeks only to have a past due liability owed by the Relief Defendants, which arises almost entirely out of pre-Receivership Estate activities, paid by the Receivership Estate.

### IV. Imposition of Conditions

To ensure that the release of funds to pay Appellate Fees is necessary and appropriate, and to prevent such funds from being used for other purposes, the Receiver proposes that this Court impose the same conditions and procedure that it imposed with respect to the appellate fees

4

requested by the Relief Defendants. Specifically:

> Invoices for such representation shall be submitted to this Court for approval, and no funds shall be released by the Receiver absent such approval. Any invoice submitted for the Court's approval shall be accompanied by documentation of [Defendant's] inability to pay counsel absent release of funds from the Receivership Estate, including a sworn affidavit from M[r.] Ahmed demonstrating [his] inability to pay the fees. Upon approval by the Court of any of such invoice, the Receiver shall determine which assets of the Receivership Estate should be used to pay that invoice and shall inform the Court and the parties of his determination.

(*See* Ruling Granting Appellate Fees, at 4.)

Upon request, the Receiver or his counsel will attend any hearings scheduled by the Court on this matter and provide any relevant information and assistance that the Court may request in addressing the Motion.

Dated September 23, 2019, at Bridgeport, Connecticut.

    Respectfully submitted,
    JED HORWITT, ESQ., RECEIVER

    */s/ Stephen M. Kindseth*
    Stephen M. Kindseth (ct14640)
    Christopher H. Blau (ct30120)
    Zeisler & Zeisler, P.C.
    10 Middle Street, 15th Floor
    Bridgeport, CT  06604
    Telephone: 203-368-4234 X 236
    Facsimile: 203-549-0903
    Email: cblau@zeislaw.com;
    skindseth@zeislaw.com
    *Counsel to the Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2019, a copy of the foregoing Statement was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

*/s/ Stephen M. Kindseth*
Stephen M. Kindseth (ct14640)