UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA |

**RECEIVER'S MOTION FOR ENTRY OF ORDER
COMPELLING TRANSFER OF PHYSICAL
POSSESSION OF CERTAIN EARRINGS**

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), by and through his undersigned counsel, Zeisler & Zeisler, P.C., hereby respectfully moves (the "Motion") for an order from this Court, in the form set forth in the proposed order attached hereto as <u>Exhibit A</u> (the "Proposed Order"), compelling Harris St. Laurent

---

[1] Unless expressly defined otherwise, the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report") are incorporated herein by reference.

1

LLP (the "Harris Firm") to surrender physical possession of a pair of Harry Winston earrings (SEC No. 84, the "Earrings")—which constitute receivership property—to the Receiver. In support thereof, the Receiver respectfully represents as follows.

## I.     Factual & Procedural Background

The Earrings constitute property of the Receivership Estate and are held in a safe deposit box controlled by the Harris Firm. (*See* Declaration of Shalini Ahmed Regarding Identity and Location of Assets [Doc. No. 1091], at 5, filed January 17, 2019 (the "S. Ahmed Declaration"). The Receiver has not independently verified the value of the Earrings. However, the Receiver reasonably believes that the Earring have significant value.

Shortly after the S. Ahmed Declaration was filed, the Receiver requested information from the Harris Firm regarding the Earrings. Following lengthy discussions with counsel at the Harris Firm over the course of many months, Attorney Andrew M. St. Laurent ("Attorney St. Laurent"), a partner at the Harris Firm, provided the affidavit attached hereto as Exhibit B (the "St. Laurent Affidavit") concerning the Earrings, including the location and condition of the same.

After reviewing the St. Laurent Affidavit and consulting with the Commission, the Defendant and the Relief Defendants, the Receiver believes that, in an abundance of caution, the Receiver should take physical possession of the Earrings and maintain such possession until further order of this Court. Subject to further order of this Court, the Receiver proposes to keep the Earrings in the safe deposit box maintained by Z&Z for its clients.

## II.     Relief Requested

Pursuant to the Appointment Order, the Receiver possesses the authority to take possession of Receivership Assets. (*See* Appointment Order, at 7 ("The Receiver shall have the… power[]… [t]o take possession, custody, and control of all records and property of the Receivership Estate[.]").) The Earrings undoubtedly constitute property of this Receivership Estate. Despite the

Receiver's request, the Harris Firm has declined to surrender possession of the Earrings to the Receiver asserting a first-priority security interest and/or other rights in the Earrings to secure amounts due it.

Because the Receiver's Plan of Liquidation submitted on April 3, 2019, does not include the liquidation of the Earrings, the Receiver has not investigated and takes no position, at this time, with respect to any and all rights, liens and interests in the Earrings held by any and all persons, including the Harris Firm. In balancing various relevant factors including the risk of loss, the risk of any particular person seeking to extract leverage based upon their physical possession of the Earrings, and the risk of prejudice to other persons, the Receiver respectfully submits that it is in the best interest of the Receivership Estate for the Receiver to take possession of the Earrings while preserving whatever rights, liens and interests all other persons may have and making the Receiver's possession of the Earring subject to further order of this Court. The Proposed Order submitted herewith so provides. The Commission does not object to the relief requested in this Motion and as set forth in the Proposed Order.

### III. Conclusion

For the reasons set forth above, the Receiver submits that cause exists to compel the Harris Firm to turn over possession of the Earring to the Receiver on the terms set forth in the Proposed Order. Accordingly, the Receiver respectfully requests that this Court grant this Motion, issue an order consistent with the Proposed Order, and grant such other relief as this Court deems just and proper.

Dated at Bridgeport, Connecticut, this 22nd day of October, 2019.

>Respectfully submitted,
>
>JED HORWITT, ESQ., RECEIVER
>
>*/s/ Stephen M. Kindseth*
>Stephen M. Kindseth (ct14640)
>Christopher H. Blau (ct30120)
>Zeisler & Zeisler, P.C.
>10 Middle Street, 15th Floor
>Bridgeport, CT  06604
>Telephone: 203-368-4234
>Facsimile: 203-549-0903
>Email:  skindseth@zeislaw.com
>          cblau@zeislaw.com
>*Counsel to the Receiver*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2019, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

/s/ *Stephen M. Kindseth*
Stephen M. Kindseth (ct14640)

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>        Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>        Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA |

**[PROPOSED] ORDER CONCERNING RECEIVER'S MOTION FOR ENTRY OF ORDER COMPELLING THE TRANSFER OF <u>PHYSICAL POSSESSION OF CERTAIN EARRINGS</u>**

**WHEREAS** it being in the best interest of the Receivership Estate for the Receiver to take physical possession of that certain pair of Harry Winston earrings (SEC No. 84, the "Earrings") in furtherance of his duties and obligations under the Order Appointing Receiver [Doc. No. 1070] (the "Appointment Order");

**WHEREAS** the Harris St. Laurent LLP (the "Harris Firm") asserts that it holds a first-priority security interest and/or other rights in the Earrings securing certain amounts allegedly due it;

**WHEREAS** the United States Securities and Exchange Commission (the "Commission") does not object to the relief requested in the Receiver's Motion for Order Concerning the Assumption of Physical Possession of Certain Earrings (the "Motion") as set forth in this Order;

**IT IS HEREBY ORDERED** that:

1. The Harris Firm shall immediately transfer physical possession of and deliver the Earrings to the Receiver;

2. The Receiver shall assume and maintain physical possession of the Earrings in a manner consistent with his rights and duties under the Appointment Order until further order of this Court; and

3. Notwithstanding the transfer of physical possession of the Earrings to the Receiver, all rights, liens and interests in the Earrings held by any and all persons including, but not limited to, the Harris Firm, in existence immediately prior to the delivery of possession of the Earring to the Receiver shall remain in full force and effect until further order of this Court upon due notice and hearing.