**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>IFTIKAR AHMED,<br>　　　　　　Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP et al.,<br>　　　　　　Relief Defendants. | No. 3:15-CV-675 (JBA)<br><br><br><br><br><br><br><br>OCTOBER 29, 2019 |

**RELIEF DEFENDANTS' RESPONSE TO THE RECEIVER'S MOTION
FOR ENTRY OF ORDER COMPELLING TRANSFER OF PHYSICAL POSSESSION
OF CERTAIN EARRINGS [ECF NO. 1300]**

Relief Defendants Shalini Ahmed, her three minor children I.1, I.2, and I.3, I-Cubed Domains, LLC, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, and DIYA Real Holdings LLC (together, the "Relief Defendants"), hereby respond to the Receiver's Motion for Entry of Order Compelling Transfer of Physical Possession of Certain Earrings (ECF No. 1300, the "Motion"). The Relief Defendants consent to the Motion and reserve all rights.

**I.   RELIEF DEFENDANTS CONSENT TO THE PHYSICAL TRANSFER OF THE HW EARRINGS TO THE RECEIVER'S CUSTODY AND CONTROL**

The Relief Defendants consent to the physical transfer of the Harry Winston earrings ("HW earrings") to the Receiver's custody and control. The Relief Defendants request that the Court order the physical transfer of the HW earrings to the Receiver as soon as possible. The Relief Defendants request, however, that the HW earrings be placed in one of the three Bank of America safe-deposit boxes that are in Greenwich,

Connecticut, instead of placing the earrings in the Z&Z safe-deposit box, for several reasons.

First, the Relief Defendants are not "clients" of the Z&Z firm and, hence, Ms. Ahmed's HW earrings should not be placed in the Z&Z safe-deposit box for *their* clients.

Second, placing the HW earrings in one of these Bank of America safe-deposit boxes will not prejudice anyone, as all three safe-deposit boxes are already under the custody and control of the Receiver. Relief Defendants would prefer that the HW earrings be placed with the other jewelry at Bank of America, as opposed to being dispersed in different places.

Third, no one can claim that any alleged interest is lost when the items are under the Receiver's control.[1]  Even the SEC is not claiming so. Thus, the HW earrings should be placed with the other jewelry in the Bank of America safe-deposit boxes.

## II. THE COURT SHOULD ORDER THE RETURN OF ORIGINAL SUPPORTING DOCUMENTATION FOR THE HW EARRINGS TO MS. AHMED, AND A COPY OF SUCH SHOULD STAY WITH THE HW EARRINGS

The original documentation relating to the origin and grading of the HW earrings and their valuation (as of February 2015) is currently held in a safe-deposit box rented by the Harris, St. Laurent firm ("HS"). (ECF No. 1301 at 3.) The Court should order the return of the "original documents relating to the origin and grading of the diamonds in the Earrings, as well as their valuation as of February 2015" returned to Ms. Ahmed, with a copy of such documentation placed with the earrings in the safe-deposit box.

---

[1] The Relief Defendants do not waive their rights, and explicitly continue their ownership rights, in their assets by way of this statement even with their assets under the Receiver's custody and control, and reserve all rights.

2

(ECF No. 1301 at 3.) There is no reason for HS to hold onto *any* documentation of the HW earrings.

### III. RELIEF DEFENDANTS OBJECT TO ANY STATEMENT OF HS HAVING *ANY* INTEREST IN THE HW EARRINGS

The Relief Defendants dispute the claim set forth in the declaration of Andrew M. St. Laurent (ECF No. 1301) that HS has any interest, right, liens, or claims in the HW earrings, including, but not limited to, HS' claim that it maintains a "first-priority security interest and/or other rights in the Earrings"[2] (ECF No. 1300 at 3 and 7) as it is the Relief Defendants' position that the HW earrings were given to HS for **safekeeping purposes only**.

Similarly, the Relief Defendants oppose the language in the Proposed Order (ECF No. 1300 at 7-8) suggesting that HS "holds a first-priority security interest and/or other rights" in the Earrings, that HS has any "rights, liens and interests in the Earrings," and that such will stay in "full force and effect," as it is Relief Defendants' position that no such rights, liens or interests of the HS firm *ever existed* in the HW earrings.

The Relief Defendants reserve all rights to complete and full ownership of the HW earrings and reserve all rights to oppose and respond to any purported claim of HS on the HW earrings, including and not limited to the affidavit of Andrew St. Laurent and other Exhibits attached as ECF No. 1301 to the Receiver's Motion.[3]

---

[2] The Relief Defendants have asked the Receiver for the basis of such claims but he has not provided any to the Relief Defendants.

[3] HS has failed to provide any evidence, in this proceeding or elsewhere, that the "earrings [were placed] ... into the SDP as partial security for [HS'] legal fees in this case." (ECF No. 1301 at 2.) That is because there was no such agreement, understanding or documentation. If such documentation exists, it is incumbent upon HS to produce it to Relief Defendants.

3

## IV. CONCLUSION

For the reasons set forth above, the Relief Defendants respectfully request that the Court grant the relief requested herein.

Respectfully Submitted,

By: */s/ Paul E. Knag*
Paul E. Knag – ct04194
pknag@murthalaw.com
Kristen L. Zaehringer – ct27044
kzaehringer@murthalaw.com

Murtha Cullina LLP
177 Broad Street, 16th Floor
Stamford, Connecticut 06901
Telephone: 203.653.5400
Facsimile:  203.653.5444

*Attorneys for Relief Defendants
I-Cubed Domain, LLC, Shalini Ahmed,
Shalini Ahmed 2014 Grantor Retained
Annuity Trust, Diya Holdings, LLC, Diya
Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing RELIEF DEFENDANTS' RESPONSE TO THE RECEIVER'S MOTION FOR ENTRY OF ORDER COMPELLING TRANSFER OF PHYSICAL POSSESSION OF CERTAIN EARRINGS [ECF NO. 1300] will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

                                            */s/ Paul E. Knag*
                                            Paul E. Knag – ct04194