## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

          Plaintiff,

   v.                             Civil Action No. 3:15-cv-675 (JBA)

IFTIKAR AHMED,

          Defendant, and

IFTIKAR AHMED SOLE PROP; *et al*

          Relief Defendants.          November 03ʳᵈ, 2019

---

**DEFENDANT'S EMERGENCY MOTION TO STAY PROCEEEDINGS IN LIGHT OF THE US SUPREME COURT GRANTING *CERTIORARI* IN *CHARLES LIU v. SEC* <u>ON NOVEMBER 01, 2019</u>**

The *pro se* Defendant humbly brings to the esteemed Court's kind attention that the United Stated Supreme Court has granted *Certiorari* in *Charles Liu, et al v. SEC,* Case 18-1501 (the Order is attached as **EXHIBIT A**).  Thus, it is now undeniable that the impending Supreme Court's decision in *Liu* will certainly clarify the nature and scope, indeed the very availability, of disgorgement in SEC actions.  The Defendant reserves all rights.

The *Liu* petition ("Petition") asked the highly pertinent question: "**WHETHER THE SECURITIES AND EXCHANGE COMMISSION MAY SEEK AND OBTAIN DISGORGEMENT FROM A COURT AS "EQUITABLE RELIEF" FOR A SECURITIES LAW VIOLATION EVEN THOUGH THIS COURT HAS DETERMINED THAT SUCH DISGORGEMENT IS A PENALTY.**"

A Supreme Court decision favoring the long standing position of the Defendant would have a dramatic and significant impact on the judgment currently rendered in this case.  Hence,

the *pro se* Defendant moves this esteemed Court to grant a stay in the proceedings in this matter in light of the U.S. Supreme Court granting *certiorari* in *Charles Liu v. SEC* and its impending decision on a legal question imminently pertinent to this case.  The SEC had opposed the granting of *certiorari,* but the US Supreme Court has chosen to review the issue of disgorgement and thus, has granted the petition for *certiorari.*  There is no uncertainty any longer, and indeed it is 100% certain and no longer speculative that the Supreme Court ***will*** address the nature, scope, and availability of disgorgement; issues which directly impact this case.  Should the Supreme Court find for the petitioner in *Liu v. SEC*, such a decision would materially change the amount of judgment in this dispute and have implications on what assets can be frozen or used to secure any judgment.

The Defendant had earlier sought a stay in this matter pending the US Supreme Court considering the grant of *certiorari* [Doc. #1187], which the SEC opposed [Doc. #1219], and the Court denied [Doc. #1267] by concluding that "the requested stay – that any ruling in *Liu v. SEC could* impact the judgment in this case *if* the Supreme Court grants the pending petition for certiorari and *if* it then answers the question presented in a way favorable to Mr. Ahmed - is too speculative a basis to justify staying these proceedings." (emphasis in original).

That speculation of consideration of *certiorari* has been removed by the US Supreme Court, which will now absolutely consider the availability of disgorgement in SEC actions.  This Motion is not a reconsideration of the earlier denied motion for stay in light of the application for writ of *certiorari*,[1] given the significant event of the Supreme Court having granted *certiorari* and; hence, it now being a certainty that the Supreme Court will imminently clarify the nature

---

[1] The earlier denied motion asked for a stay pending a grant of *certiorari*, which is very different from this Motion asking for a stay pending the absolute certainty of the Supreme Court's consideration clarifying the nature, scope, and availability of disgorgement, an issue which directly impacts the judgment in this case.

and scope, indeed the very availability, of disgorgement in SEC actions, this Motion must be granted.

Twice the Defendant had prayed for a stay in this matter on issues pending before the Supreme Court, and the SEC opposed a stay on both occasions – once pending the US Supreme Court's decision in *Kokesh v. SEC*[2] ("*Kokesh*") and more recently pending US Supreme Court's decision to grant *certiorari* in *Liu v. SEC*.  The Court should disregard the SEC's predictable opposition to this Motion as it is indisputable that the consideration of the issue of disgorgement will be highly impactful to this instant matter.

There is good reason to grant this Motion as not only will the Supreme Court's ruling directly impact the judgment in this matter, but also no prejudice will be caused to any party by a grant of stay as the asset freeze is in place as the equivalent of a *supersedeas* bond, over-securing the judgment pending Second Circuit appeal, and significantly more assets than the current (albeit disputed) judgment amount remain frozen as already validated three times[3] by an independent third party appointed by and working for this Court, the Receiver.

As in *Kokesh*[4], where this esteemed Court did grant a stay in the proceedings pending Supreme Court ruling on the statute of limitations question, similarly the Court should order a stay in proceedings till such time that the Supreme Court now rules on *Liu v. SEC*.

An outcome favorable to the Defendant's long standing legal arguments that are similar and parallel to those in *Charles Liu v. SEC,* as it happened in the case of *Kokesh*, will materially

---

[2] *Kokesh v. SEC*, 137 S. Ct. 1635 (2017).

[3] The Receiver has stated the values of the assets frozen (without considering the value of certain assets or Defendant's allegedly forfeited Oak assets) in his Receiver Report [Doc. #1130-1] and both of his fee applications [Doc. ##1160-5, 1249-5]

[4] *Idem*.

alter the amount of judgment in this case and, therefore, the amount of assets that can be legally

frozen in this instant matter.

Indeed, during oral argument in *Kokesh*, no fewer than five (out of the nine) U.S.

Supreme Court Justices noted the lack of any clear statutory authority for disgorgement[5]:

> **JUSTICE KENNEDY**: Is it clear that the district court has statutory authority
> to do this? . . . [I]s there specific statutory authority that makes it clear that
> the district court can entertain this remedy?
> . . .
>
> **JUSTICE SOTOMAYOR**: Can we go back to the authority?
> …
>
> **JUSTICE ALITO**: [I]t would certainly be helpful and maybe essential to
> know what the authority for [disgorgement] is.
> . . .
>
> **CHIEF JUSTICE ROBERTS**: [T]he SEC devised this [disgorgement] remedy
> or relied on this remedy without any support from Congress.
> . . .
>
> **JUSTICE GORSUCH**: Well, here we don't know [when the disgorged
> money goes to the victim], because there's no statute governing it. We're
> just making it up.

Now that the Supreme Court has granted *certiorari*, the proceedings in this matter must

be stayed till the Supreme Court makes its final determination on the question posed in the

Petition.  Proceeding without a stay in light of the impending Supreme Court decision on

disgorgement would likely lead to severe and significant wastage of resources, including time

and/or money, of all parties, including this esteemed Court, and would severely prejudice the

Defendant and Relief Defendants.  Granting a stay in this case pending Supreme Court decision

---

[5] Oral Arg. Tr. 7-9, 13, 31, 52, *Kokesh v. SEC*, No. 16- 529 (Apr. 18, 2017).

on the highly relevant issue of "disgorgement" ensures that the frozen assets remain maximized and expenses minimized without any prejudice to any party.

     **WHEREFORE**, the Defendant fervently prays that the esteemed Court immediately grant this Motion and order a stay in proceedings till at least such time that the US Supreme Court has rendered its decision on *Charles Liu v. SEC*.


Respectfully Submitted,


Dated:       November 03RD, 2019     /s/ Iftikar Ahmed

                                     _____

                                     Iftikar A. Ahmed
                                     C/O Advocate Anil Sharma
                                     Government Place East
                                     Kolkata 700069, India
                                     Tel: +91.98.30.089.945
                                     Email: iftyahmed@icloud.com
                                     *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

MR. NICHOLAS P. HEINKE, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

MR. MARK L. WILLIAMS, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

MR. PAUL E. KNAG, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
e-mail: pknag@murthalaw.com

MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
e-mail: kzaehringer@murthalaw.com