UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> IFTIKAR AHMED, <br><br> Defendant, and <br><br> IFTIKAR AHMED SOLE PROP; *et al* <br><br> Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA) <br><br><br> November 05TH, 2019 |

**DEFENDANT'S MOTION FOR SANCTIONS ON OAK'S COUNSEL, MR. DAVID KEITH MOMBORQUETTE, PARTNER AT MCDERMOTT WILL & EMERY, FOR UNETHICAL CONDUCT**

The *pro se* Defendant files this Motion for Sanctions on Oak's counsel, Mr. David Keith Momborquette, a partner with the law firm of McDermott Will & Emery, for unethical conduct unbecoming of his profession and in violation of ethics guidelines of the American Bar Association (ABA).

1.  **BACKGROUND:**

Mr. Momborquette is the counsel of record for Oak Management Corporation, the erstwhile employer of the Defendant till after the commencement of this dispute. He was earlier employed with the law firm of Schulte Roth & Zabel. Since around May 2019, he is employed

1

by the law firm of McDermott Will & Emery, where he is a partner, and he continued his representation of Oak despite the move from one law firm to another.

Mr. Jaideep Amritraj is a senior advocate in India and practices law in the Supreme Court of India and various high courts across the country.  He runs his own law firm, Amritraj & Associates.  A number of junior lawyers and paralegals work at his firm.  Details of his law firm and practice are available at his website, www.amritrajassociates.com, where his professional email address[1] is also listed under the CONTACT US tab.   Since 2016, Mr. Amritraj has been advising and counseling the Defendant on his legal issues in India, and he has also had multiple phone calls and email exchange with various members of the SEC, the DOJ, and indeed even officers of this esteemed Court.

2.     **CONDUCT:**

Allegations of unethical conduct are serious.  Mr. Momborquette called Mr. Amritraj at ungodly hours of the night time in India to suit his own convenience with no regard to the time differences between India and the United States and he threatened Mr. Amritraj with consequences for "unethical conduct."  Mr. Momborquette alleged on the call that Mr. Amritraj does not own his own domain and that he has "created multiple fake email accounts" to aid the Defendant.

Not only are such baseless allegations without any merit, it is also illegal and against any legal code of professional ethics to threaten or harass an attorney with conduct to gain an advantage in a lawsuit.

---

[1] The professional email address listed is Jaideep@amritrajassociates.com and Mr. Momborquette's assertions that the Defendant was, is, or could use the professional email account of a senior advocate is as preposterous and outrageous as his implicit threats to Mr. Amritraj.

Mr. Momborquette knowingly engaged in such shameful conduct in order to gain some tactical advantage over the Defendant and in clear violation all American Bar Association (ABA) ethics guidelines.  Mr. Momborquette has absolutely no business and no basis to accuse the Defendant's Indian counsel of anything.

The only reason Mr. Momborquette called Mr. Amritraj multiple times is to scare Mr. Amritraj from associating with the Defendant and from offering his services (even *pro bono*) to order to further disadvantage the Defendant in this dispute and other disputes with Oak such as in the stayed arbitration case in front of the AAA.

This behavior and conduct by Oak's counsel in implicitly threatening the Defendant's Indian counsel in order to somehow force him to stop assisting the Defendant is shameful and illegal.  This conduct reeks of fraud, dishonesty, deceit, and only aimed to gain a tactical advantage over his client's adversary.  Not only that, it is illegal and inequitable to come in between, impact or prejudice the relationship between an attorney and his client, as Mr. Momborquette's actions clearly are.

Definitively, this conduct raises serious questions about Mr. Momborquette's honesty, ethics, and fitness to even  practice law.  Such conduct typically leads to being disbarred in most countries of the world.

Given the documented conduct of Mr. Momborquette in implicitly threatening the Defendant's counsel in India, with whom he has absolutely no other professional relationship or matter or topic to discuss, it can very safely be concluded that it is highly likely that it is Mr. David Momborquette or his agents who had repeatedly sent goons to the residence of the widowed mother of the Defendant to harass her for no reason except to harass anyone related to the Defendant.  It is also very highly likely that it is Mr. David Momborquette or his agents who had sent goons threatening the Defendant with physical harm.  Such repeated and documented

behavior befits not even the mafia leave alone a reputable law firm like McDermott Will & Emery.

Lawyers are expected to act in good faith during any litigation and Courts are there to maintain the integrity of the judicial process.  Threatening, harassing, and intimidating another attorney, especially one who is the attorney of your adversary, is illegal and calls for the strictest sanctions and even suspension.

## CONCLUSION

**WHEREFORE**, for all the reasons submitted in this Motion, the Defendant humbly prays the esteemed Court to sanction Oak's counsel, Mr. David Keith Momborquette for uncivil, abusive and abrasive conduct, and ban him from representing anyone in this esteemed Court; and grant any other relief as the Court may deem fit.

Respectfully Submitted,

Dated:		November 05TH, 2019		/s/ Iftikar Ahmed
					_____
					Iftikar A. Ahmed
					C/O Advocate Anil Sharma
					Government Place East
					Kolkata 700 069, India

					Tel:	+91-983-008-9945
					e-mail: iftyahmed@icloud.com

					*Pro Se*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

| | |
|---|---|
| MR. NICHOLAS P. HEINKE, *ESQ.* <br> U.S. Securities and Exchange Commission <br> Byron G. Rogers Federal Building <br> 1961 Stout Street, Ste. 1700 <br> Denver, CO 80294 <br> (303) 844-1071 <br> e-mail: heinken@sec.gov | MR. MARK L. WILLIAMS, *ESQ.* <br> U.S. Securities and Exchange Commission <br> Byron G. Rogers Federal Building <br> 1961 Stout Street, Ste. 1700 <br> Denver, CO 80294 <br> (303) 844-1027 <br> e-mail: williamsml@sec.gov |
| MR. PAUL E. KNAG, *ESQ.* <br> Murtha Cullina, LLP <br> 177 Broad Street, 4th Floor <br> Stamford, CT 06901 <br> (203) 653-5400 <br> Fax: (203) 653-5444 <br> e-mail: pknag@murthalaw.com | MS. KRISTEN LUISE ZAEHRINGER, *ESQ.* <br> Murtha Cullina, LLP <br> 177 Broad Street, 4th Floor <br> Stamford, CT 06901 <br> (203) 653-5406 <br> Fax: (860) 240-5758 <br> e-mail: kzaehringer@murthalaw.com |