UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA |

**EMERGENCY MOTION ON CONSENT FOR AUTHORITY
TO EFFECTUATE TRANSFER IN CONNECTION
<u>WITH ACQUISITION OF CLUES NETWORK, INC. BY QOO10 PTE. LTD.</u>**

Pursuant to paragraph 28 of the Order Appointing Receiver [Doc. No. 1070] (the "Appointment Order"), Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully moves for an order authorizing him to execute certain documents (the "Documents") and take any and all other actions reasonably necessary to effectuate the exchange of shares owned by The Essell

---

[1] Unless expressly defined otherwise, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report").

Group, LLC ("EG") in Clues Network, Inc. ("Clues")[2] for shares in Qoo10 Pte. Ltd. ("Qoo10") in connection with the acquisition of Clues by Qoo10 (the "Acquisition"), which are, according to the documents received by the Receiver, required to be executed and delivered to representatives of Clues on or before 6:00 pm Indian Standard Time (7:30 am Eastern Standard Time) on November 11, 2019. The Commission does not object and the Defendant and Relief Defendants consent to the relief requested herein. In support thereof, the Receiver respectfully represents as follows.

I. **Background**

The Defendant holds a 60% membership interest in EG.[3] EG holds certain series A and series C preferred shares in Clues, which were acquired before the Asset Freeze came into effect. Consequently, EG's shares in Clues are subject to the Asset Freeze and the Appointment Order, and constitute Receivership Assets.

At 2:00 am Eastern Standard Time on November 5, 2019, representatives of Clues advised the Receiver's counsel of the Acquisition. Clue's representatives further advised that the Documents, including a Letter of Transmittal, a Share Application Form, and a "Know Your Client" Declaration Form, needed to be executed on behalf of EG and returned to Clues by 6:00 pm Indian Standard Time (7:30 am Eastern Standard Time) on November 11, 2019, to permit EG to exchange its shares in Clues for shares in Qoo10.

The Receiver and his counsel have investigated the *bone fides* of the Acquisition within the abbreviated time permitted. The Receiver's counsel spoke to Attorney Michael S. Dicke and Attorney Dawn Belt at Fenwick & West, LLP, who represent Clues, and who answered a series of questions which corroborated the legitimacy of the Acquisition. Additionally, the Acquisition has been widely reported. (*See generally* Manish Singh, *Singapore's Qoo10 acquires Indian*

---

[2] Clues does business as ShopClues.
[3] Ku Yong Bae, who also founded Qoo10, holds a 40% membership interest in EG.

*online marketplace ShopClues*, TechCrunch (October 31, 2019), https://techcrunch.com/2019/10/31/qoo10-shopclues/; Biswarup Gooptu & Aditi Shrivastava, *Once valued at over $1 billion, ShopClues sold for less than $100 million*, The Economic Times (November 1, 2019), https://tech.economictimes.indiatimes.com/news/internet/shopclues-acquired-by-singapore-based-qoo10/71839928.) EG is one of a number of investors in Clues, including large venture capital funds. (*See* CrunchBase, https://www.crunchbase.com/organization/shopclues-com#section-investors.)

The Receiver has also conferred with counsel to the Commission and the Relief Defendants, and the Defendant.

## II.     Requirements Under the Appointment Order and Relief Requested

Paragraph 28 of the Appointment Order provides:

> If subsequently ordered by this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, and with due regard for the interests of the Defendant and Relief Defendants, the Receiver will be authorized to lease or to sell, and transfer clear title to, all real property and ownership interests in the Receivership Estate. Any proceeds of any such sale shall be joined and held with the Receivership Funds.

Accordingly, approval by this Court is required before the Receiver can "transfer clear title to… ownership interests in the Receivership Estate." EG's shares in Clues constitute such an ownership interest and the exchange of those shares for shares in Qoo10 requires the transfer of clear title by the Receiver.

The Defendant had served as a majority member and manager of EG prior to the Asset Freeze and appointment of the Receiver.[4] Paragraph 4 of the Appointment order grants to the

---

[4] Pursuant to EG's Amended and Restated Operating Agreement dated June 22, 2010, written consent of a supermajority of member interest is required before a transaction such as the exchange of Clues shares for Qoo10 shares can be performed. The Receiver intends to obtain such written consent from Mr. Ku prior to the execution of the Documents and otherwise effectuating the exchange of shares discussed herein.

3

Receiver "all powers, authorities, rights, and privileges possessed by the Defendant …with regard to the assets of the Receivership Estate under applicable state and federal law, by the governing charters, by-laws, articles, and/or agreements in addition to all powers and authority of a receiver at equity … to the extent necessary to accomplish the Receiver's duties." Thus, provided this Court issues an order permitting the transfer pursuant to paragraph 28 of the Appointment Order and the Receiver obtains written consent from Mr. Ku, the Receiver will then possess the authority to effectuate the exchange of shares pursuant to the authority conferred upon him by the Appointment Order.

    The Receiver respectfully requests that this Court issue an order in the form of the proposed order submitted herewith, authorizing him to execute such documents and take any and all other actions as may be reasonably necessary to effectuate the exchange of shares owned by EG in Clues for shares in Qoo10 in connection with the Acquisition. Based upon the Receiver's investigation as set forth above, the Receiver reasonably believes that the proposed transaction is *bona fide*. Additionally, the Receiver considers material to his position the fact that he did not propose in his Plan of Liquidation to liquidate EG's interest in Clues in order to secure the Judgment because other assets could more easily be liquidated to accomplish this objective. Thus, effectuating the transaction should not, in all likelihood, have any impact upon the Receiver's ability to liquidate sufficient Receivership Assets to secure the Required Amount should the Court so direct. Finally, the Relief Defendants and Defendant support, and the Commission does not object to, the exchange of shares owned by EG in Clues for shares in Qoo10 in connection with the Acquisition.

    For all of these reasons, the Receiver respectfully submits that it is in the best interest of the Receivership Estate for this Court to approve and authorize the Receiver to enter into the Documents and take any and all other actions reasonably necessary to effectuate the Acquisition.

4

### III. Good Cause for Expedited Consideration of this Application by the Court

Pursuant to District of Connecticut Local Rule 7(a)(6), the Receiver designated this Motion as an "emergency" Motion and seeks expedited consideration of the same by this Court. The Receiver respectfully represents that good cause exists for such expedited consideration due the need to execute the Documents and deliver the same to Clues by 6:00 pm Indian Standard Time (7:30 am Eastern Standard Time) on November 11, 2019, as requested by Clues. Furthermore, Clues only provided notice to the Receiver that the execution of such Documents was necessary at 2:00 am on November 5, 2019. Finally, the Commission does not object and the Defendant and Relief Defendants consent to the relief requested in this Motion.

Thus, the Receiver respectfully submits that good cause exists for this Court to consider this Motion on an expedited basis.

### IV. Conclusion

For the reasons set forth above, the Receiver respectfully requests that the Court enter an order in the form of the proposed order submitted herewith (1) authorizing him to execute such documents and to take any and all other actions as may be reasonably necessary to effectuate the exchange of shares owned by EG in Clues for shares in Qoo10 in connection with the Acquisition, and (2) for such other relief as the Court deems just and proper.

Dated: November 6, 2019
       Bridgeport, Connecticut

Respectfully submitted,
JED HORWITT, ESQ., RECEIVER


 /s/ *Stephen M. Kindseth*
Stephen M. Kindseth (ct14640)
Christopher H. Blau (ct30120)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06604
Telephone: 203-368-4234 X 236
Facsimile: 203-549-0903
Email: cblau@zeislaw.com;
skindseth@zeislaw.com
*Counsel to the Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2019, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

                                        */s/ Stephen M. Kindseth*  
                                        Stephen M. Kindseth (ct14640)