UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------- X

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        *Plaintiff,*

   v.

IFTIKAR AHMED,

      *Defendant, and*

IFTIKAR ALI AHMED SOLE PROP,
I-CUBED DOMAINS, LLC; SHALINI AHMED;
SHALINI AHMED 2014 GRANTOR RETAINED
ANNUITY TRUST; DIYA HOLDINGS LLC;
DIYA REAL HOLDINGS, LLC; I.I. 1, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents; I.I. 2, a minor child,
by and through his next friends IFTIKAR and
SHALINI AHMED, his parents; and I.I. 3, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents,

      *Relief Defendants.*

------------------------------------------------------------- X

Civil Action No.
3:15-CV-675 (JBA)

November 8, 2019

**HARRIS ST. LAURENT LLP'S RESPONSE TO
RECEIVER'S MOTION FOR ENTRY OF ORDER COMPELLING
TRANSFER OF PHYSICAL POSSESSION OF CERTAIN EARRRINGS**

Harris St. Laurent LLP ("HS" or the "Firm") submits this response to the Receiver's motion (Dkt. 1300) to take physical possession of a pair of Harry Winston earrings (the "Earrings") currently held in a safe deposit box rented and paid for by HS. The Earrings are being held HS by as security for its legal fees. Under the U.C.C., HS risks harming its security interest by surrendering physical possession of the Earrings—which is meaningful risk, given that HS is owed nearly $2 million and the Court has yet to decide *six* separate motions seeking payment of these fees.

1

I.   **HS Risks Losing Its Security Interest if it Surrenders Physical Possession of the Earrings.**

HS was retained to represent the Relief Defendants in this action on or around June 8, 2015. See Declaration of Jonathan A. Harris dated November 8, 2019 (the "Harris Dec.") at ¶ 3. The next day, HS received the Earrings from Relief Defendant Shalini Ahmed as security for the legal fees to be incurred in that representation. An attorney from HS immediately placed them in the Firm's safe deposit box at Chase Manhattan Bank in New York City. *See* Dkt. 1301 ¶¶ 2-5. The rental fees for this safe deposit box are regularly debited from the Firm's bank account. *Id.* The Firm did not, as Ms. Ahmed has contended, take the Earrings to "safeguard" them, as they could have been perfectly well safeguarded in any of the Relief Defendants' existing safe deposit boxes, which held other jewelry and gold whose value, in the aggregate, far exceeded that of the Earrings. Harris Dec. ¶ 5.

The Receiver's request for an order compelling HS to transfer the Earrings from its possession to the Receiver risks harming HS's security interest. This issue is governed by the Uniform Commercial Code, the relevant provisions of which are identical in New York and Connecticut. Both states agree on the mechanism by which HS's security interest came into existence: "a secured party may perfect a security interest in . . . goods . . . by taking possession of the collateral." N.Y. U.C.C. § 9-313(a); Conn. Stat. § 42a-9-313(a). Likewise, both caution that "[i]f possession of a security interest depends on possession of the collateral by a secured party, perfection . . . continues only while the secured party retains possession." N.Y. U.C.C. § 9-313(d); Conn. Stat. § 42a-9-313(d).[1]

---

[1] HS believes that New York law governs any dispute regarding the Earrings since they are located in New York, were offered as security in New York, and because HS's engagement agreement with the Relief Defendants specifies that it is governed by New York law. Harris Dec. ¶ 10. By filing this response, HS does not concede that this Court has jurisdiction over the Earrings and reserves its right to seek appropriate relief in a New York court.

In other words, HS's security interest may be dependent upon its continued physical possession of the Earrings. Although the Receiver requested an order specifying that HS's rights would not be compromised if the Earrings were turned over, we are aware of no basis for such an order to override the clear statutory requirement that a perfected security interest requires continuous possession. Under the circumstances—including that HS is owed nearly $2 million in fees, that the Court has not yet acted on its *six* pending applications seeking payment of those fees, that the Earrings are HS's only security, that Ms. Ahmed contests whether the Earrings are collateral (*see* Dkt. 1303 at 3), and that the Receiver has not included the Earrings in his plan of liquidation (*see* Dkt. 1300 at 3)—there is no reason to endanger HS's security interest by compelling it to surrender the Earrings to the Receiver.

## II.     HS Would Agree to Keep the Earrings Secure for the Receiver and the Court.

In an effort to reach a rational compromise, HS has offered to keep the Earrings secure in its safe deposit box until either the final disposition of this case or the payment of HS's fees in full. HS has further offered to give the Receiver thirty days' notice before moving or selling the Earrings. Harris Dec. ¶ 7. The Firm believe that this arrangement would protect the interest of the Receiver in marshalling assets to satisfy the SEC's judgment, while also ensuring that HS's own security interest is not compromised. To that end, HS would consent to the entry of an order along the lines described in this paragraph.

## **CONCLUSION**

For these reasons, HS objects to the Receiver's request for a motion compelling it to surrender physical possession of the Earrings.

Dated:  New York, New York
November 8, 2019

Respectfully submitted,

_____/s/ Joseph Gallagher_____
Jonathan Harris (phv07583)
Joseph Gallagher (phv09604)
HARRIS ST. LAURENT LLP
40 Wall Street, 53rd Floor
New York, New York 10005
Telephone: 212.397.3370
Facsimile: 212.202.6202

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 8, 2019, a copy of the foregoing Response of Harris St. Laurent LLP was filed electronically via CM/ECF. Notice of this filing will be sent to all parties by operation of the CM/ECF system, on which parties may view the filing.


_/s/ Joseph Gallagher_