UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ X
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

      *Plaintiff,*

v.

IFTIKAR AHMED,

      *Defendant, and*

IFTIKAR ALI AHMED SOLE PROP,
I-CUBED DOMAINS, LLC; SHALINI AHMED;
SHALINI AHMED 2014 GRANTOR RETAINED
ANNUITY TRUST; DIYA HOLDINGS LLC;
DIYA REAL HOLDINGS, LLC; I.I. 1, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents; I.I. 2, a minor child,
by and through his next friends IFTIKAR and
SHALINI AHMED, his parents; and I.I. 3, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents,

      *Relief Defendants.*
------------------------------------------------------------------ X

Civil Action No.
3:15-CV-675 (JBA)

November 8, 2019

**JONATHAN A. HARRIS**, an attorney duly admitted to practice law in the courts of the State of New York, declares under penalty of perjury that the following is true and correct:

    1.    I am the founder and managing partner of the law firm Harris St. Laurent LLP ("HS" or the "Firm"). The Firm has represented Relief Defendants in the above-captioned action since 2015, and a motion to be relieved as their counsel is *sub judice*.

    2.    I submit this declaration in opposition to the Receiver's motion (Dkt. 1300) seeking an order compelling HS to surrender possession of a pair of Harry Winston earrings

(the "Earrings") currently held secure in the Firm's safe deposit box at Chase Manhattan Bank, located at 214 Broadway in Manhattan.

3.  As per the Firm's engagement letter with the Relief Defendants, the Firm was retained to represent the Relief Defendants in this action effective June 8, 2019. The next day, Ms. Ahmed gave the Earrings to the Firm. An attorney at the Firm promptly deposited the Earrings in the Firm's safe deposit box, where they have remained ever since.

4.  The Firm rented the safe deposit box in its own name, and the rental fees are regularly debited from the Firm's account by Chase Manhattan Bank. While these fees were included in certain of the invoices submitted to this Court for payment, the Firm has not been paid since early 2018 and is owed nearly $2 million in fees by the Relief Defendants.

5.  At the time the Firm took possession of the Earrings, Ms. Ahmed and the Relief Defendants had multiple safe deposit boxes which held valuable jewelry and gold. The Firm took possession of the Earrings as security for its legal fees, leaving the remaining jewelry and gold—the value of which, in the aggregate, far exceeded that of the earrings—in the possession of Ms. Ahmed and the other Relief Defendants. The Firm did not, as Ms. Ahmed has contended, take the Earrings to "safeguard" them, as they could have been perfectly well safeguarded in any of the Relief Defendants' existing safe deposit boxes.

6.  At the time the Firm took possession of the Earrings, they were not subject to any asset freeze or any orders of this Court.

7.  I and other HS attorneys working under my direction have engaged in lengthy discussions with the Receiver regarding the proper disposition of the Earrings. The Firm has offered on multiple occasions to protect the status quo by continuing to hold the

Earrings in its own safe deposit box, and giving the Receiver 30-days' notice prior to moving or selling them.

8.  The Receiver rejected these offers and filed the instant motion.

9.  As set forth in the accompanying memorandum, HS has serious concerns that its security interest might be harmed if it gave up physical possession of the Earrings, no matter what kind of prophylactic order the Court may enter.

10. The Firm further believes that, under the terms of its engagement letter with the Relief Defendants, this dispute over the Earrings is governed by New York law, and that this Court may not have jurisdiction to compel HS to surrender them to the Receiver.

11. HS would consent to the entry of an order requiring it to maintain physical possession of the Earrings in its safe deposit box, and to give the Receiver 30-days' notice prior to moving or selling them.

Dated: New York, New York
       November 8, 2019

_____
Jonathan A. Harris