UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                      Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br>                      Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; et al<br><br>                      Relief Defendants. | No. 3:15-CV-675 (JBA)<br><br><br><br><br><br><br><br>November 10TH, 2019 |

## DEFENDANT'S EMERGENCY MOTION FOR ORDER STAYING AAA ACTION PENDING APPEAL

      The *pro se* Defendant files this Emergency Motion for a Court Order Staying the AAA Action that Oak has brought against the Defendant, pending appeal of the ruling allowing that action to proceed now pending with the Second Circuit Court of Appeals. The Defendant reserves all rights.

### BACKGROUND

      The Defendant provides the following for the Court's benefit:

1) The Court has frozen the Defendant and the Relief Defendants' assets since May 6, 2015 and further ordered a Preliminary Injunction, which says that "…[N]o person or entity, including the Defendant, Relief Defendants, or any creditor or claimant against the Defendant or any of the Relief Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to

1

impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing." [Doc #113 at 21].

2) The Court also issued an Order Appointing Receiver [Doc. #1070] which states that "22. As set forth below, the following civil proceedings are stayed until further Order of this Court: All civil legal proceedings of any nature… (a) against the Receiver… (b) to obtain possession of property of the Receivership Estate… (c) against any of the Defendants…" [Doc. #1070 at 13].

3) In May 2018, the Defendant commenced arbitration against Oak, which he agreed to stay due to the Court's Preliminary Injunction Order.

4) On April 5, 2019, Oak moved to lift the litigation stay [Doc. #1132] imposed by the Receiver Order to commence arbitration against the Defendant.

5) On May 21, 2019, the Court issued a ruling allowing Oak to arbitrate against the Defendant [Doc. #1167].

6) The Defendant filed a timely Notice of Appeal [Doc. #1204] and jurisdiction of this issue is now with the Second Circuit.

## ARGUMENTS

The Defendant moves this Court to issue an Order stating that the arbitration between Oak and the Defendant is stayed,[1] in light of the pending appeal on this issue. There is good cause for the Court to grant this Motion.

---

[1] As the Defendant is *pro se* and as he needs a Court Order stating that the AAA action is stayed, pending appeal, he submits this Motion to request a Court Order simply stating such as the appeal has been filed and is pending and that the AAA action of Oak against the Defendant is stayed, pending appeal. If the Defendant needs to adhere to a legal standard, he requests that the Court give him an opportunity to refile his Motion adhering to those standards.

    **I.**    **The Court's ruling allowing arbitration is under appeal.**

The Defendant has filed a timely Notice of Appeal on the Order allowing Oak to continue arbitration against the Defendant. The jurisdiction, therefore, has now shifted to the Second Circuit Court of Appeals and no further action can be taken until the appellate courts have considered the merits of allowing Oak to arbitrate against the Defendant.

The "filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of... control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)(*per curiam*). Once a notice of appeal has been filed, a district court may take actions only "in aid of the appeal or to correct clerical errors," *Leonhard v. United States*, 633 F.2d 599, 609-10 (2d Cir. 1980), cert. denied, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981).

Allowing the arbitration to proceed while the issue is under appellate jurisdiction does not maintain the *status quo*. "One general rule in all cases (subject, however, to some qualifications) is that an appeal suspends the power of the court below to proceed further in the cause." District courts only have the power to grant such relief as may be necessary to preserve the *status quo* pending an appeal. *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. E. Air Lines*, Inc., 847 F.2d 1014, 1018 (2d Cir. 1988)

As such, the arbitration cannot proceed and a stay of proceedings is appropriate while an appeal of the order allowing arbitration is pending because proceeding with arbitration interferes with the appellate court's jurisdiction to reserve, modify or affirm the ruling allowing arbitration to proceed. The Defendant has made it clear to the AAA that there is an appeal pending and that the arbitration is stayed until the appellate courts issue a ruling on that appeal. However, the

AAA is still proceeding and they have stated to the Defendant that they need a Court Order stating that the AAA action is stayed.

Given that the issue is now with the Second Circuit, the Defendant respectfully requests an Order from the Court simply stating that the AAA action of Oak against the Defendant is stayed, pending appeal. Such would maintain the *status quo* of the AAA case, is an action "in aid of the appeal," and ensures that the Second Circuit's jurisdiction of this issue is not interfered with during their consideration of the issue under appeal.

**II.     The Court has not yet ruled on the Defendant's Motion allowing him to arbitrate against Oak.**

In addition, the Court has not yet ruled on Defendant's Motion [Doc. #1225] allowing him to arbitrate against Oak.[2] The balance of equities weighs in favor of issuing a stay while the Court is considering the briefing as the Defendant is prejudiced without a stay. In addition, the Defendant also needs to retain an attorney and in a situation where there are tens of millions of dollars of assets frozen above this Court's judgment, the equities weigh in favor of releasing funds for the Defendant to retain an attorney and to allow him to arbitrate against Oak.[3]

**III.    There is Good Cause for the Court to Consider this Motion on an Expedited Basis.**

Pursuant to District of Connecticut Local Rule 7(a)(6), the Defendant has designated this Motion as an "emergency" Motion and seeks expedited consideration of the same by this Court.

---

[2] By "Oak," the Defendant refers to all Oak entities, including but not limited to Oak Management Partners, the Oak funds, and the General Partners themselves.

[3] Contrary to Oak's statement that they are not moving against Receivership assets, Oak has made it clear that all of the Defendant's assets are frozen. As such, Oak *is* moving against Receivership assets as they are moving against Defendant's assets. The Defendant does not waive his rights to his assets at Oak, whether allegedly forfeited or not, by way of this statement and reserves all rights.

The Defendant respectfully represents that good cause exists for such expedited consideration due to the fact the AAA is still proceeding,[4] despite the ruling allowing arbitration being under appeal. Such interferes with the Second Circuit's jurisdiction of the appeal on that ruling.

## IV. Conclusion:

For the reasons set forth above, the Defendant respectfully requests that the Court grant the relief requested and issue an Order staying the AAA arbitration that Oak has brought against the Defendant, which is under appeal, so that Defendant can present such Order to the AAA and preserve and protect the Second Circuit Court of Appeals' jurisdiction of the issue.

Respectfully Submitted,

Dated: November 10TH, 2019        /s/ Iftikar Ahmed
                                  _____
                                  Iftikar A. Ahmed
                                  C/O Advocate Anil Sharma
                                  Government Place East
                                  Kolkata 700 069, India

                                  Tel:    +91-983-008-9945
                                  e-mail: iftyahmed@icloud.com

                                  *Pro Se*

---

[4] The parties must submit certain information in less than two weeks by November 22, 2019 which would have a substantial and irreversible impact on the AAA action if not done properly.

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Mr. Nicholas P. Heinke, *Esq*.
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

Mr. Mark L. Williams, *Esq*.
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

Mr. Paul E. Knag, *Esq*.
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
e-mail: pknag@murthalaw.com

Ms. Kristen Luise Zaehringer, *Esq*.
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
e-mail: kzaehringer@murthalaw.com