UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | No. 3:15-CV-675 (JBA) |
| Plaintiff, | |
| v. | |
| IFTIKAR AHMED, | |
| Defendant, and | |
| IFTIKAR ALI AHMED SOLE PROP; *et al* | November 10TH, 2019 |
| Relief Defendants. | |

**DEFENDANT'S MOTION TO REDUCE DISGORGEMENT IN THIS CASE FOR THE DEFAULT JUDGMENT ENTERED AGAINST HIM IN THE NMR E-TAILING NEW YORK STATE PROCEEDING**

The *pro se* Defendant requests that the Court reduce the disgorgement amount in the judgment (and the corresponding flow-through to the rest of the judgment) against the Defendant in this case by such amount of judgment rendered against him (if so determined) in the New York State Supreme Court case of *NMR e-Tailing vs. Oak, et al*, Index Number 656450/2017 ("NMR Case"). The Defendant reserves all rights.

**BACKGROUND**

The Defendant provides the following summary for the Court's benefit:

1. NMR e-Tailing ("NMR") filed a motion in this Court for leave to proceed against Oak entities [Doc. #1097] in a NY State Supreme Court case.

1

2. In that motion, NMR stated that "a judgment against Ahmed was entered on the issue of liability as a result of his failing to answer or otherwise respond to NMR's Complaint." [Doc. #1097 at 5].

3. The Defendant was unaware of any action proceeding against him until NMR filed that motion in this Court.

4. The Court granted NMR's motion to proceed in the NY litigation [Doc. #1167].

5. The Defendant filed a Notice of Appeal on the Court's ruling [Doc. #1277], which the Court certified [Doc. #1278].

6. The Defendant has filed for fees to be released for the retention of counsel so he can defend against the default judgment and NMR's alleged claims. [Doc. #1324].

7. The Defendant files this Motion to the Court for a reduction in disgorgement (and the resulting judgment) by such amount of judgment if any is rendered in the NMR NYS case.

## ARGUMENTS

The Defendant moves the Court for an adjustment in judgment in this case for any such judgment (default or not) if so rendered against the Defendant in the NMR Case[1]. There is good cause for the Court to grant this Motion.

I. **The NMR case arises from a same transaction(s) at issue here in this case.**

The NMR case arises from allegations surrounding the Company C transaction(s) that occurred in or around October 2013. This Court has already determined liability and entered a judgment against the Defendant for the same Company C transaction.[2] As such, the Defendant

---

[1] The Defendant reserves the right to request a reduction in judgment for any and all cases brought against him based on the transactions at issue in this case or for any liability arising from such transactions, where a judgment is rendered against him. The Defendant does not waive any rights to any assets or proceedings by way of this statement, including his appeal of the Court's ruling on his vested and earned allegedly forfeited Oak assets.

[2] The Court's rulings are under appeal.

cannot be liable to both the SEC and NMR for the same transaction once a judgment has been rendered.

In addition, while NMR has stated to this Court that they intend to be part of the Fair Funds process, in direct contradiction to that representation made to this Court, they have separately stated to a New York State Court that they intend to move on assets over and above the judgment amount. [*See* Doc. #1324]. These are contradictory statements and NMR has misrepresented their intention to suit their own convenience.

II.     **This Court has labeled disgorgement as equitable.**

This Court has ruled that disgorgement in this case is equitable.[3] As such, there cannot be multiple judgments on the Defendant for the same underlying conduct. This Court has already ordered disgorgement on the transaction that NMR claims liability on. NMR cannot have a judgment or collect on any default judgment against the Defendant when any disgorgement has already been ordered by the Court or collected by the SEC on the same underlying transaction. As this Court has labeled disgorgement to be equitable, to have Defendant pay disgorgement to the SEC on the Company C transaction and then also to pay the judgment to NMR in another action[4] renders disgorgement impermissible and punitive.[5]

---

[3] The Defendant reserves all rights and does not waive any rights to appeal this ruling, including (and not limited to) that disgorgement is punitive. The Defendant retains all rights to defend against the NMR litigation at any point in time.

[4] The Defendant has already explained that the filing of the NMR lawsuit against the Defendant and entry of default judgment in that case is in violation of this Court's Preliminary Injunction Order [Doc.1324]

[5] The Defendant reserves all rights and does not waive any rights that disgorgement is not allowed, that it is punitive and that this Court has already severely punished the Defendant by not considering his earned and vested and allegedly forfeited Oak assets into the judgment. Such is under appeal. The Defendant files this Motion to the Court for the NMR judgment. The Defendant reserves all rights with respect to his claims on the classification of disgorgement and the impact of *Kokesh v. SEC*, 137 S.Ct. 1635 (2017), or other proceedings, on the various actions he is involved with.

Courts have always refused to subject defendants to liability both to the SEC for disgorgement and private parties for the recovery of damages or any actions taken to mitigate their losses as to do so would make disgorgement punitive. *e.g., SEC v. Texas Gulf Sulpur Co.,* 446 F.2d 1301, 1308 (2d Cir.) (terming disgorgement "remedial relief" while rejecting the contention that disgorgement constituted a "penalty assessment," by noting that the [defendants] are protected "against double liability [in that] any private judgments against these [defendants] arising out of the events of this case are to be paid from" the amount disgorged to the SEC), *cert. denied,* 404 U.S. 1005, 92 S. Ct. 561, 562, 30 L. Ed. 2d 558 (1971); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.,* 734 F. Supp. 1071, 1076 (S.D.N.Y 1990) (explaining that a securities law violator will not be subject to liability to both the SEC and private parties because such liability would be "clearly punitive in its effect and would constitute an impermissible penalty assessment"). See *SEC v. Penn Cent. Co.,* 425 F. Supp. 593, 599 (E.D.Pa.1976) ("To the extent that defendants have [paid the victims], the amounts paid would serve to offset part or all of a[n] [SEC] judgment for disgorgement."); see *SEC v. Levin,* 849 F.3d 995, 1007 (11th Cir. 2017) (allowing Defendant to petition for reduction in disgorgement for recovery to victims).

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Defendant humbly requests that the Court grant the Motion in its entirety.

Respectfully Submitted,

Dated:	November 10TH, 2019		/s/ Iftikar Ahmed
					_____
					Iftikar A. Ahmed
					C/O Advocate Anil Sharma
					Government Place East
					Kolkata 700 069, India

					Tel:	+91-983-008-9945
					e-mail: iftyahmed@icloud.com

					*Pro Se*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

MR. NICHOLAS P. HEINKE, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

MR. MARK L. WILLIAMS, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

MR. PAUL E. KNAG, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
e-mail: pknag@murthalaw.com

MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
e-mail: kzaehringer@murthalaw.com