# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | No. 3:15-CV-675 (JBA) |
| Plaintiff, | |
| v. | |
| IFTIKAR AHMED, | |
| Defendant, and | |
| IFTIKAR ALI AHMED SOLE PROP; et al | NOVEMBER 11, 2019 |
| Relief Defendants. | |

## RELIEF DEFENDANTS' EMERGENCY MOTION FOR AN ENFORCEMENT OF THE INJUNCTION AGAINST THE DOJ'S ACTION AND FORFEITURE OF FROZEN ASSETS UNTIL THIS MATTER HAS CONCLUDED, OR IN THE ALTERNATIVE, FOR A RELEASE OF $9MM TO SATISFY THE BOND REQUIREMENTS OF THE FORFEITURE

Relief Defendants Shalini Ahmed, her three minor children I.I. 1, I.I. 2 and I.I. 3, I-Cubed Domains, LLC, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, and DIYA Real Holdings LLC (together, the "Relief Defendants"), file this Emergency Motion For An Enforcement Of The Injunction Against The DOJ's Action And Forfeiture Of Frozen Assets Until This Matter Has Concluded, Or In The Alternative, For A Release Of $9MM To Satisfy the Bond Requirements Of The Forfeiture.  The Relief Defendants reserve all rights.

## BACKGROUND

The Relief Defendants provide the following for the Court's benefit:

1)      On April 2, 2015, Defendant was charged with insider trading.[1] A $9MM bail[2] was imposed, secured by the Defendant, Ms. Ahmed and

---

[1] *US v. Iftikar Ahmed,* Case No. 1:15-cr-10131-NMG (D. Mass.) ("MA Case").

their three minor children's primary residence ("<u>home</u>") in Greenwich, Connecticut.

2)    The Court entered an asset freeze order on May 7, 2015 and further entered a preliminary injunction with respect to the Defendant's and the Relief Defendants' assets since May 7th, 2015.  [ECF No. 113.]

3)    The Preliminary Injunction clearly states that "…[N]o person or entity, including the Defendant, Relief Defendants, or any creditor or claimant against the Defendant or any of the Relief Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing." [ECF No. 113 at 21.]

4)    The home is a frozen asset under the Preliminary Injunction: "This order applies, without limitation, to the following properties:  … (iv) Real property located at 505 North Street, Greenwich, CT 06830 and held in the name of Defendant Iftikar Ahmed and Shalini Ahmed."  [ECF No. 113 at 21-22.]

5)    In addition, the Court's Order Appointing Receiver [ECF No. 1070] makes it clear that "22. As set forth below, the following civil proceedings are stayed until further Order of this Court:  All civil legal proceedings of any nature… (a) against the Receiver… (b) to obtain possession of property of the Receivership Estate… (c) against any of the Defendants…"  [ECF No. 1070 at 13.]

6)    The $9MM are funds that are under the Court's Preliminary Injunction and Order Appointing Receiver.

7)    On May 24, 2019, the DOJ moved the United States District Court for the District of Massachusetts ("<u>MA Court</u>") in the MA Case for a Declaration of Bond Forfeiture declaring the Bond used to secure the Defendant's appearance as forfeited due to Defendant's non-appearance.[3]

8)    Ms. Ahmed Opposed the Motion for Declaration of Bond Forfeiture and also Moved to Intervene in the matter.

---

[2] The Relief Defendants reserve the right to challenge the appropriateness of the amount of this bond imposed.  In addition, the Relief Defendants assert that this bail amount is excessive, as per the Eighth Amendment and reserve all rights.

[3] In 2016, the DOJ had agreed to allow Ms. Ahmed and her three minor children to live in the home pending final resolution of the instant civil matter.  However, the DOJ has now decided to move for bond forfeiture, contrary to their agreement.  The Relief Defendants reserve the right to constitute such as promissory estoppel and require the aid of forfeiture counsel in this matter.

9)   On November 7, 2019, the MA Court granted the DOJ's Motion for Declaration of Bond Forfeiture and denied Ms. Ahmed's Motion to Intervene without prejudice.[4]

## ARGUMENTS

The Relief Defendants move this Court to enforce the injunction against the DOJ's action and forfeiture of the frozen assets, as per the Preliminary Injunction [ECF No. 113] and the Order Appointing Receiver [ECF No. 1070] until the instant matter has concluded or in the Alternative, for a Release of $9MM (plus reasonable attorney fees) from the frozen assets to satisfy the bond requirements of the forfeiture.  There is good cause for the Court to grant this Motion.

## I.   This Court has Imposed an Injunction Against the Frozen Assets.

This Court has made it clear that no action can commence or be taken against the frozen assets and/or the Defendant and Relief Defendants without leave of the Court.  As such, the Court should specifically order the DOJ to not seek ownership or possession of $9MM to satisfy the bond and to not seek ownership or possession of the home, pending appellate decisions and the asset freeze in this case.

### A.  The Asset Freeze and the Preliminary Injunction Order

The Court imposed an asset freeze against the Defendant and Relief Defendants' assets to preserve the *status quo* on May 7th, 2015.  That asset freeze was converted to a Preliminary Injunction on August 12, 2015 to further preserve the *status quo*.  As per the Preliminary Injunction Order, "No person or entity … shall take any action to interfere with the asset freeze, including but not limited to, the filing of any lawsuit, liens, or encumbrances, or bankruptcy cases to impact the property and assets

---

[4] The Relief Defendants reserve the right to challenge or appeal the Order.

subject to this order…"   (ECF No. 113 at 21.)   In addition, the Preliminary Injunction Order further states that "[T]his order applies, without limitation, to the following properties:  … (iv) Real property located at 505 North Street, Greenwich, CT 06830 and held in the name of Defendant Iftikar Ahmed and Shalini Ahmed (ECF #113 at 21-22)."

The amount of $9MM of the bond or the home securing the bond (if the amount of $9MM is not paid), are part of the asset freeze which continues and remains in effect today.

### B. Receiver Order Staying All Civil Litigation

This Court also, in its Order Appointing Receiver [ECF No. 1070] stated that "22. As set forth below, the following civil proceedings are stayed until further Order of this Court:  All civil legal proceedings of any nature … (a) against the Receiver … (b) to obtain possession of property of the Receivership Estate … (c) against any of the Defendants…"  [ECF No. 1070 at 13.]

The actual forfeiture of a bond is a civil proceeding and violates this Court's orders.  While appearance bonds are used to secure the appearance of a Defendant in a criminal matter, the actual request for declaration of a bond forfeiture is *civil* in nature. Courts have held that a bond forfeiture proceeding is civil in nature and thus is governed by the rules for civil cases.  See *United States v. Roher*, 706 F.2d 725, 726-27 (5th Cir. 1983) (holding that **a bond forfeiture proceeding** under Rule 46(e) is **essentially a civil proceeding**).   *See United States v. Plechner*, 577 F.2d 596 (9th Cir. 1978) (Holding that a motion by the government in a criminal case to enforce **a bond forfeiture was civil, not criminal, in nature, and thus, is a civil proceeding and the appeal was governed by the rule for civil cases**, Rule 4(B) of the Federal Rules of

Appellate Procedure). *See United States v. Jackson*, 691 F.2d 478, 479 (11th Cir. 1982) ("…we find that the **enforcement of a bond forfeiture is a civil matter**…") Also *see United States v. Brouillet*, 736 F.2d 1414, 1415 (10th Cir. 1984) (**disavowing earlier decision in another matter that a forfeiture of bond proceeding is criminal and now stating it to be civil in nature**); *See United States v. Martinez*, 613 F.2d 473, 482 (3d Cir. 1980), n. 30 ("The **action on the bond is a civil proceeding**, though it arises from a criminal one."), citing *United States v. Plechner*, 577 F.2d 596, 597 (9th Cir. 1978)) *See United States v. Brooks*, 872 F.3d 78 (2d Cir. 2017) (collecting cases and **holding that bail forfeiture is civil in nature**) (emphasis added in each case).

Thus, any Declaration of Bond Forfeiture violates this Court's Orders of an asset freeze and a litigation stay, and also because it is civil in nature violates the Order appointing receiver. The Court should specifically order the DOJ not to seek ownership or possession of $9MM or the home, pending final disposition of this matter and the asset freeze.

**II.    This Court Should Enforce the Injunction Against the DOJ's Action on and Forfeiture of Frozen Assets and Should Order the DOJ Not to Seek Ownership or Possession of $9MM or the Home, Pending Appellate Decisions and the Asset Freeze**

Ms. Ahmed is not able to satisfy the bond amount of $9MM – which are assets covered both by the Preliminary Injunction *and* by the Receiver Order – while the asset freeze and Receivership are in place.

The Court has frozen the entirety of the Defendant's and Relief Defendants' assets in an amount substantially greater than the judgment amount – there is no question that the SEC's judgment is over-secured. There are appeals pending and now

a Supreme Court case[5] pending that could materially change, if not eliminate, the judgment in this case.  As such, Ms. Ahmed is able to satisfy the bond requirement of $9MM but for the asset freeze and may be in a position to more comfortably satisfy the bond requirement without the forfeiture of the home where she and her three minor children currently reside, once the appeals and Supreme Court decision in *Liu* have been decided.

The $9MM that the Government moves against are Receivership assets[6], and while the home itself is not listed as a Receivership asset[7], it is also properly frozen under the Court's asset freeze order:

> This order applies, without limitation, to the following properties: … (iv) Real property located at 505 North Street, Greenwich, CT 06830 and held in the name of Defendant Iftikar Ahmed and Shalini Ahmed." (ECF #113 at 21-22).

As the Court has frozen all of her assets, Ms. Ahmed and her three minor children, all Relief Defendants, would have no place to reside if the injunction is not enforced or $9MM is not released to satisfy the bond, and in a situation where the DOJ has violated Court Orders, where there are tens of millions of dollars frozen over the judgment amount, circuit appeals pending, and a Supreme Court case which could substantially change or even eliminate the judgment in this case, the equities and the

---

[5] *See Charles Liu v. SEC*, No. 18-1501 ("Liu").

[6] If Ms. Ahmed is not able to pay $9MM towards the Bond, *then* the DOJ would proceed against the home.  The $9MM is frozen and is covered by the Receivership Order.

[7] The contents of the home at 505 North Street are Receivership assets:  "SEC No. 39:  Household Furnishings of 505 North Street" (ECF No. 1054 at 6) and a forfeiture of the home prior to the appellate review of this case would result in a significant and unnecessary expense and loss to the Receivership Estate.

law both weigh in favor of enforcing the injunction[8] against the DOJ's action and forfeiture of $9MM or the home.[9]

## III.   In the Alternative, the Court Should Release $9MM to Satisfy the Bond Forfeiture

Alternatively, if the Court decides not to enforce the injunction against the DOJ's action on and forfeiture of the assets, as stated in this Court's Orders, the Court should release $9MM so that Ms. Ahmed can satisfy the bond requirement and she and the three minor children can continue to live in the home.

Ms. Ahmed will also need a release of funds to retain counsel in this matter so that she is properly represented in matters with the DOJ and can effectively challenge any aspect of the bond forfeiture amount.

## IV.   The Equities and the Law Weigh in Favor of Enforcing the Injunction or Releasing $9MM to Satisfy the Bond Amount

The equities and the law both weigh in favor of enforcing the injunction against the DOJ seeking ownership or possession of $9MM or the home, pending appellate and Supreme Court decisions and the asset freeze in this case.  The Court has imposed a Preliminary Injunction and litigation injunctions in this case to protect the frozen assets and maintain the *status quo*.  As the Court is aware, there are multiple appeals pending as well as a pending Supreme Court case with direct implications for the amount of judgment in this case.  In addition, it is indisputable that the Court has frozen assets that are tens of millions of dollars greater than the judgment amount.  Ms. Ahmed would be

---

[8] Relief Defendants request that the enforcement of injunction also toll any bail forfeiture hearings and/or related proceedings.

[9] In addition, the DOJ has cast its security agreement for the home as an escrow agreement. This would appear to be unenforceable under Connecticut law, and in any event, the deed would be treated as a mortgage which would have to be foreclosed in separate foreclosure procedures. This will require further legal analysis and additional expenditure of funds for legal fees which currently are frozen by the Court. This is another reason why enforcing the injunction against the DOJ makes sense at this time.

able to satisfy the bond amount of $9MM, but for the asset freeze, which is preserving the *status quo*.  *See De Beers Consol. Mines v. U.S.*, 325 U.S. 212 (1945).  (Supreme Court ruling that assets beyond those needed to satisfy a judgment cannot be the subject of a freeze).

Ms. Ahmed and her three minor children have no other place to live and the home is the primary residence of Ms. Ahmed and her three minor children.  Ms. Ahmed, as the mother and guardian of her three minor children[10], is responsible for their safety, care and comfort.  The equities weigh in favor of allowing the three minor children to live in the home until this instant matter has been fully resolved.  The children have only ever lived in this home and allowing the DOJ to proceed prior to the final resolution of this case, in violation of this Court's orders, would result in irreparable and irreversible harm to Ms. Ahmed and the three minor children, as their home is real property[11] that will not be recoverable once the appeals are over.  However, allowing the enforcement of an injunction does not harm anyone as the *status quo* would be maintained, pending the asset freeze and appellate and Supreme Court decisions that could materially impact the amount of judgment in this case and the amount of the asset freeze.

In addition, Ms. Ahmed has lived in the home for over 12 years, is familiar with the neighborhood and safe in her home with her three minor children.  As the Court is aware, Ms. Ahmed has received several harassing and threatening correspondence during the course of this litigation.  Given the public nature of this proceeding, it is

---

[10] The three minor children are 7, 11 and 12 years old.

[11] "[E]quity presumes that real property ... is unique.  Loss of such property is therefore regarded as an irreparable injury."  *Spira v. Nick*, 876 F. Supp. 553, 563 (S.D.N.Y.1995).

equitable for the Court to enforce the injunction at least until the proceedings are fully resolved.

In addition, the $9MM should be applied towards the judgment in this case. Upon information and belief, the SEC and the DOJ have – throughout the course of this litigation – had conversations around such application and have even spoken with Relief Defendants' counsel on such.  It is the Relief Defendants' understanding that the DOJ may agree to apply this bail amount towards the judgment amount.  Such would be equitable as it is unfair for the Relief Defendants – specifically, Ms. Ahmed and her three minor children – to have to shoulder the burden of yet an additional payment through no fault of theirs.

Ms. Ahmed further requests a release of funds to retain counsel so that she is adequately represented in the determination of the proper bail amount, and bail remission, in any bail forfeiture hearings.

## V.    There is Good Cause for the Court to Consider this Motion on an Expedited Basis

Pursuant to District of Connecticut Local Rule 7(a)(6), the Relief Defendants have designated this Motion as an "emergency" Motion and seek expedited consideration of the same by this Court.  The Relief Defendants respectfully represent that good cause exists for such expedited consideration due to the fact the DOJ has violated this Court's Orders by seeking a Declaration of Bond Forfeiture against frozen assets and a Notice of Forfeiture can arrive at any point in time to Ms. Ahmed, who has no place to live with her three minor children should the Court not enforce the injunction or the $9MM not be released to satisfy the bond and the home be forfeited.  In addition, the home furnishings are Receivership assets and should not be disturbed prior to final

rulings in this case, inclusive of appeals.   Such not only disturbs the asset freeze's purpose of maintaining the *status quo*, it would also result in an unnecessary loss to the Receivership Estate.   In addition, the equities weigh in favor of an expedited consideration as Ms. Ahmed and her three minor children reside in the home.

**VI.**   <u>**Conclusion**</u>

For the reasons set forth above, the Relief Defendants respectfully request that the Court grant the relief requested and enforce the injunction against the DOJ's action and forfeiture of $9MM or the home until this case is complete, specifically ordering that the DOJ not seek ownership or possession of $9MM to satisfy the bond or ownership or possession of the home pending appeals and the asset freeze; or alternatively, release $9MM (plus reasonable attorney fees) so that the bond can be satisfied.

Respectfully Submitted,

By:   /s/ Paul E. Knag
     Paul E. Knag – ct04194
     pknag@murthalaw.com
     Murtha Cullina LLP
     177 Broad Street, 16th Floor
     Stamford, Connecticut 06901
     Telephone: 203.653.5400
     Facsimile:  203.653.5444

     *Attorneys for Relief Defendants*
     *I-Cubed Domain, LLC, Shalini Ahmed,*
     *Shalini Ahmed 2014 Grantor Retained*
     *Annuity Trust, Diya Holdings, LLC, Diya*
     *Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing RELIEF DEFENDANTS'
EMERGENCY MOTION FOR AN ENFORCEMENT OF THE INJUNCTION AGAINST
THE DOJ'S ACTION AND FORFEITURE OF FROZEN ASSETS UNTIL THIS MATTER
HAS CONCLUDED, OR IN THE ALTERNATIVE, FOR A RELEASE OF $9MM TO
SATISFY THE BOND REQUIREMENTS OF THE FORFEITURE will be sent by e-mail
to all parties by operation of the Court's electronic filing system or by mail to anyone
unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties
may access this filing through the Court's CM/ECF system.

         */s/ Paul E. Knag*
          Paul E. Knag – ct04194