UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> IFTIKAR AHMED <br><br> Defendant, and <br> and <br><br> IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents <br><br> Relief Defendants. | Civil Action No. <br> 3:15-cv-675-JBA <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> November 18, 2019 |

**RECEIVER'S OBJECTION TO DEFENDANTS' EMERGENCY MOTION TO STAY PROCEEDINGS IN LIGHT OF THE US SUPREME COURT GRATNING *CERTIORARI* IN *CHARLES LIU v. SEC* ON NOVEMBER 01, 2019**

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully objects (the "Objection") to the Defendant's Emergency Motion to Stay Proceedings in Light of the US Supreme Court Granting *Certiorari* in *Charles Liu v. SEC* on November 1, 2019 [Doc. No. 1308] ("the Motion"), filed on November 2, 2019. In support thereof, the Receiver respectfully represents as follows.

---
[1] Unless expressly defined otherwise, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report").

1

### I. The Receiver Takes No Position Concerning the Potential Impact of *Liu*

As an initial matter, and as the Receiver explained in response to the Defendant's earlier Motion to Stay Proceedings in Light of Petition to the US Supreme Court for a Writ of Certiorari in Charles Liu v. SEC Filed on May 31, 2019 [Doc. No. 1187] (the "First *Liu* Motion to Stay"), the Receiver declines to comment at this time upon the potential impact on this case of the Supreme Court's decision in *Liu*. In the Receiver's view, such speculation would serve no purpose and would be beyond his mandate as articulated in the Appointment Order.

### II. The Court Should Deny the Motion

#### a. A Stay Exposes the Receivership Estate to Market Risk

The Receiver objects to the Motion because the requested stay of these proceedings would, if granted, prolong the Receivership Estate's exposure to market risk putting the primary purpose of this receivership—securing fully the Judgment entered by this Court pending the appeals—in jeopardy. As the Receiver has stated previously, the equity markets in the United States of America have experienced the longest bull market in its history. From the Receiver's perspective, it is fair to say that, at some point in the future, the equities bull market will come to an end. The real estate market may also experience, at some point, a more significant decline in values. The Receivership Estate's exposure to all market risks increases in lockstep with delays in the completion of the liquidation process, the necessary result if the Court grants the Motion.

A downturn in the real estate or equity markets may result in the Receiver being unable to fulfil his obligations under the Appointing Order (including fully securing the Judgment awarded to the Commission pending appeal). To this end, the Motion's statement that "no prejudice will be caused to any party by a grant of stay" is simply inaccurate. (Motion, at 3.) It is well-settled that "[t]he decision whether to grant a stay 'calls for an exercise of judgment [by the Court], which must weigh the competing interests and maintain an even balance.'" *BOKF, NA v. Wilmington*

*Sav. Fund Soc'y (In re MPM Silicones, L.L.C.)*, Docket No. 15-cv-2280 (NSR), 2017 U.S. Dist. LEXIS 162681, at *5 (S.D.N.Y. Sep. 29, 2017), *quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936). The Receiver respectfully submits that a balancing of interests militates against a stay of proceedings and the associated delay in the liquidation process at this time. The Defendant is adequately protected by postponing the distribution of the liquidation proceeds to the Commission on account of its Judgment pending the final adjudication of the appeals—which this Court has already directed.

      b. *A Stay Would Impair the Receiver's Ability to Perform his Duties and Jeopardize Receivership Assets*

A complete stay of this proceeding would preclude the Receiver from taking the action necessary to protect and preserve Receivership Assets and otherwise comply with the Appointment Order and other orders entered by this Court.  By way of a handful of the many examples, a complete stay would (a) preclude the Receiver from making monthly disbursements of living expenses to the Relief Defendants or paying other amounts due such as insurance premiums; (b) prevent the Receiver from paying necessary federal, state, and local taxes for certain entities such as The Essell Group LLC and The Essell Farm LLC; (c) bar the Receiver from ensuring that no actions are taken against various Receivership Assets, such as the recent attempt by Bank of America to close certain safe deposit boxes holding hundreds of thousands of dollars in personal property and transfer such property to a less secure, or unsecure, location; (d) stop the Receiver from facilitating the orderly management of certain investments held by entities within the Receivership Estate, such as the recent exchange of Clues Network, Inc. shares for Qoo10 Pte. Ltd. shares or the distribution of funds from Ribbit Capital to frozen accounts in the Receivership Estate; and (e) impede the Receiver's ability to enforce the Asset Freeze, such as when recent unauthorized trading activity occurred in certain Fidelity accounts and the Receiver corrected

Fidelity's mistaken settings that permitted such activity and the Receiver began his ongoing investigation into such unauthorized activity.

Additionally, the Receiver is involved in an ongoing eviction proceeding with respect to the occupants of Apartment 12F. A complete stay of these proceedings would presumably result in the stay of the eviction proceeding, which would impede the Receiver's ability to "maximize the realizable value" of Apartment 12F in that the occupants would continue to not pay rent during the stay and the Receiver would be unable to take action during the stay to remedy that nonpayment or otherwise remove the occupants from the property.

For these reasons, the Receiver submits that a complete stay of this proceeding would prevent the Receiver from fulfilling his duties under the Appointment Order, including to manage the assets of the Receivership Estate. (Appointment Order ¶ 5.) The Appointment Order and, in particular, the preservation and protection of the Receivership Assets, require ongoing action on the part of the Receiver and his counsel. The entry of a complete stay would preclude such conduct and create a procedural morass putting the Receivership Assets at significant risk.

**III.    Any Stay Should Apply to Liquidation Only**

In an effort to minimize the risks imposed by a stay, the Receiver respectfully submits that any stay ordered by this Court should be limited to a stay of the liquidation process only. Such a limitation would still expose the Receivership Estate to market risk, but would also permit the Receiver to perform his management and oversight duties under the Appointment Order. In this way, the Receiver could still manage the Receivership Estate and facilitate the unimpeded functioning of the various constituent elements thereof.

WHEREFORE, for these foregoing reasons, the Court should sustain the Receiver's objection to the Motion, deny the Motion or, in the alternative, the Court should limit the stay to the liquidation of Receivership Assets only, and this Court should grant such other and further

relief as this Court deems just and proper.

                                                Respectfully submitted,
                                                JED HORWITT, ESQ., RECEIVER


                                                */s/ Christopher H. Blau*
                                                Stephen M. Kindseth (ct14640)
                                                Christopher H. Blau (ct30120)
                                                Zeisler & Zeisler, P.C.
                                                10 Middle Street, 15th Floor
                                                Bridgeport, CT  06604
                                                Telephone: 203-368-4234 X 236
                                                Facsimile: 203-549-0903
                                                Email: cblau@zeislaw.com;
                                                skindseth@zeislaw.com
                                                *Counsel to the Receiver*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2019, a copy of the foregoing Objection was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

         */s/ Christopher H. Blau*
         Christopher H. Blau (ct30120)