## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IFTIKAR AHMED,<br>　　　　　Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP et al.,<br>　　　　　Relief Defendants. | No. 3:15-CV-675 (JBA)<br><br>November 18, 2019 |

### RELIEF DEFENDANTS' EMERGENCY MOTION FOR ATTORNEY FEES TO RETAIN ATTORNEYS RE: BAIL BOND FORFEITURE AND RELATED PROCEEDINGS

Relief Defendants Shalini Ahmed, her three minor children I.I. 1, I.I. 2, and I.I. 3, I-Cubed Domains, LLC, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, DIYA Real Holdings LLC (together, the "Relief Defendants"), file this Emergency Motion for a Release of Funds to Retain a Bond Forfeiture Attorney and for related bond forfeiture proceedings and matters.  The Relief Defendants incorporate their Motion for An Enforcement of Injunction [ECF No. 1327, "Injunction Motion"] in this Motion.  The Relief Defendants reserve all rights.

### BACKGROUND

The Relief Defendants provide the following for the Court's benefit:

1)　　On May 24, 2019, the Department of Justice moved the United States District Court for the District of Massachusetts ("MA Court") in the MA Case[1] for a Declaration of Bond Forfeiture declaring the Bond used to

---

[1] *US v. Iftikar Ahmed,* Case No. 1:15-cr-10131-NMG (D. Mass.) ("MA Case").

-1-

       secure the Defendant's appearance as forfeited due to the Defendant's non-appearance.

2) Ms. Ahmed opposed the motion for declaration of bond forfeiture and also moved to intervene in the matter.

3) On November 7, 2019, the MA Court granted the Department of Justice's Motion for Declaration of Bond Forfeiture and denied Ms. Ahmed's Motion to Intervene without prejudice.[2]

4) On November 11, 2019, the Relief Defendants filed the Injunction Motion in this Court.

## **ARGUMENTS**

The Relief Defendants move this Court for a release of funds to retain attorneys with relevant expertise so that the Relief Defendants are adequately represented in any bail forfeiture hearings and processes and related proceedings, including potential proceedings in Connecticut, as the forfeiture of a $9 million bond has just been declared. While the Relief Defendants have filed the Injunction Motion in this Court, they must respond to the grant of Declaration of Bond Forfeiture, the denial, without prejudice, of Ms. Ahmed's Motion to Intervene in the MA Case, and defend in the bail forfeiture process, including and not limited to, any briefings and/or hearings on the vacate of bond forfeiture declaration, the determination of the proper bail amount and bail remission, and other related proceedings including potential proceedings in Connecticut, all while briefing and a ruling on the Injunction Motion occurs.

The Relief Defendants incorporate their Injunction Motion in this Motion and for the reasons specified in their Injunction Motion, request a release of up to $350,000[3] to

---

[2] The Relief Defendants reserve the right to challenge or appeal the Order.

[3] Relief Defendants reserve the right to request additional funds, should it be needed in this process.

retain counsel[4] so that they are adequately represented in the MA Case as well as in the determination of the proper bail amount, vacation of bail and bail remission, and/or any bail forfeiture hearings or related issues, including in Connecticut. The Relief Defendants propose to follow the same procedure for payment as directed with their appellate counsel.

**There is Good Cause for the Court to Consider this Motion on an Expedited Basis**

Pursuant to District of Connecticut Local Rule 7(a)(6), the Relief Defendants have designated this Motion as an "emergency" Motion and seek expedited consideration of the same by this Court. The Relief Defendants respectfully represent that good cause exists for such expedited consideration due to the fact that there has been a Declaration of Bond Forfeiture against frozen assets and the forfeiture process is moving forward. The Relief Defendants do not know the next steps in the MA Case or in the bond forfeiture process and urgently require the aid, advice and guidance of counsel familiar with the bond forfeiture process in this matter and to preserve their rights. In addition, the equities weigh in favor of an expedited consideration as Ms. Ahmed and her three minor children reside in the home.

**CONCLUSION**

For the reasons set forth above, the Relief Defendants respectfully request that the Court grant the relief requested and release up to $350,000 so that the Relief Defendants can be adequately represented in any bail forfeiture proceedings and related matters.

---

[4] The Relief Defendants have identified counsel; however, such counsel needs to be assured of being paid given the asset freeze.

Respectfully Submitted,

By: */s/ Paul E. Knag*
    Paul E. Knag – ct04194
    pknag@murthalaw.com
    Murtha Cullina LLP
    177 Broad Street, 16th Floor
    Stamford, Connecticut 06901
    Telephone: 203.653.5400
    Facsimile:  203.653.5444

*Attorneys for Relief Defendants
I-Cubed Domain, LLC, Shalini Ahmed,
Shalini Ahmed 2014 Grantor Retained
Annuity Trust, Diya Holdings, LLC, Diya
Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

-5-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing RELIEF DEFENDANTS' EMERGENCY MOTION FOR ATTORNEY FEES TO RETAIN ATTORNEYS RE: BAIL BOND FORFEITURE AND RELATED PROCEEDINGS will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

                                            */s/ Paul E. Knag*
                                            Paul E. Knag – ct04194