UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 3:15cv675 (JBA) |
| IFTIKAR AHMED, | ) ) ) | |
| Defendant, and | ) ) ) | |
| IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Relief Defendants. | ) ) | |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S RESPONSE IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO STAY PROCEEDINGS IN LIGHT OF THE U.S. SUPREME COURT GRANTING _CERTIORARI_ IN _CHARLES LIU V. SEC_**

Plaintiff United States Securities and Exchange Commission (the "SEC") hereby files this response in opposition to Defendant's motion [Doc. # 1308] for a stay of these proceedings in light of the U.S. Supreme Court granting *certiorari* in *Charles Liu et al. v. SEC* ("Motion"). The only genuine issue remaining in this case is the liquidation of assets – pursuant to the recommendation of the Court's appointed Receiver – to satisfy the judgment and ensure that Defendant's victims are made whole. In light of the market risk that continues while volatile

assets such as stock and real estate remain frozen rather than liquidated, as well as the fact that no funds will be distributed until resolution of Defendant's appeal, the Court should permit the Receiver to proceed with his recommended liquidation rather than stay this case for what could be more than half a year. Thus, the Motion for a stay of these proceedings should be denied.

## BACKGROUND

The SEC initiated the instant enforcement action alleging Defendant defrauded his employer, Oak Investment Partners – as well as Oak's investors and portfolio companies – out of more than $67 million. *See, e.g.*, Doc. # 208. At the outset of this case, the Court ordered an asset freeze to preserve assets sufficient to satisfy any judgment the SEC might receive and ensure compensation of Defendant's victims. *See, e.g.*, Doc. # 113. On March 29, 2018, the Court granted the SEC's motion for summary judgment and found that Defendant was liable as charged. *See* Doc. # 835. On December 14, 2018, the Court entered an Amended Final Judgment holding Defendant liable for disgorgement of $41,920,639 plus prejudgment interest, interest or gains accrued on disgorged assets, and a civil penalty of $21,000,000. *See* Doc. # 1054. In total, the amount of the judgment is approximately $70 million, *see* Doc. # 1130 at 3, an amount that continues to grow with statutory post-judgment interest. Defendant moved to stay the enforcement of this judgment, a motion the Court largely denied, holding that "the Court will stay enforcement of the judgment only as to distribution of assets in satisfaction of the judgment." Doc. # 1052 at 7; *see also* Doc. # 1070 at 1 ("The judgment in this case has been stayed only insofar as no assets will be distributed in satisfaction of the judgment while appeals are pending.").

In connection with this judgment, the Court appointed Jed Horwitt of Ziesler & Ziesler P.C. as Receiver in light of "the need to value the frozen assets and avoid over-freezing, to

secure the judgment for the SEC, to manage and maximize the value of frozen assets under the guidance of a neutral third party, and to take necessary steps toward effectuating the judgment." Doc. # 1070 at 5. The Receiver has consistently emphasized the importance of liquidating assets to protect against the risk that the assets would fall in value. *See, e.g.*, Transcript of Receiver Selection Hearing at 36-37 ("You can't predict what's going to happen to an asset that changes in value. And real estate can crash and real estate can go up, and precious metals can go down or up, and almost any asset can go down or up. So you can't hedge, if you know what that term means, as a trustee or a receiver. At least I've never seen one do that. … I think it would be irresponsible to assume assets are going to go up and not liquidate them."). The SEC agrees with the Receiver; since the Court entered judgment, the SEC has consistently urged liquidation of assets to satisfy the judgment and, if there were any excess assets, the release of those assets from the freeze. *See, e.g.*, Doc. # 1002 at 8-9; Doc. # 1147 at 3-4; Doc. # 1181.

On April 3, 2019, the Receiver filed his Report proposing the liquidation of assets to secure the judgment. *See* Doc. # 1130. Specifically, the Receiver proposed to liquidate certain real estate and stocks as part of the funds needed to fully secure the judgment. *See id.* & Doc. # 1130-1 (identifying specific assets to be liquidated). The Receiver proposed liquidating assets that the SEC had determined were traceable to the Defendant's fraud as well as "those assets that the Receiver has determined can be liquidated with the greatest speed and least expense thereby limiting the Receivership Estate's exposure to any further market risk or unnecessary cost of administration and liquidation." *See* Doc. # 1130 at 9-10, 15. The SEC supported the Receiver's recommendation. *See* Doc. # 1181. Defendant did not, and specifically objected to the liquidation of assets. *See* Doc. # 1178. Despite objecting to liquidation and urging the continuation of the asset freeze, *see, e.g.*, Doc. # 1057 at 38, Defendant (and Relief Defendants)

have inundated the Court with requests for the release of significant amounts from the asset freeze before the judgment is secured. *See, e.g.*, Docs. # 1061, 1152, 1252, 1324, 1332.

As this Court is aware, Defendant remains a fugitive from justice outside the jurisdiction of the United States. The United States Attorney's Office for the District of Massachusetts has criminally indicted him for similar conduct as the conduct at issue in this case, and has specifically sought forfeiture of any property that is traceable to the proceeds of the fraud. *See* Indictment (Doc. # 34), *U.S. v. Ahmed*, 16-cr-10154-DPW (D. Mass). However, because Defendant remains a fugitive, this criminal case has not been able to proceed.

## ARGUMENT

Defendant's Motion seeks a full stay of these proceedings until the U.S. Supreme Court decides the *Liu* case, which involves a question of the SEC's authority to obtain disgorgement as equitable relief. *See* Motion at 1. Such a stay would preclude the Receiver from proceeding with any Court-ordered liquidation of assets, as the Receiver has recommended, and could preclude that liquidation for more than half a year.

As a threshold matter, the Court need not stay these proceedings simply because the Supreme Court has granted certiorari. *Cf. SEC v Team Res. Inc.*, 18-10931, 2019 WL 5704525 (5th Cir. Nov. 5, 2019) (recognizing *certiorari* grant in *Liu* but affirming disgorgement order). Indeed, the SEC has consented to a stay of Defendant's appeal in the Second Circuit, so *if* the *Liu* decision has any impact on the judgment in this case, Defendant will have recourse on appeal. However, in light of the continued risk that frozen assets could decline significantly in value, the SEC respectfully submits that the most prudent course in these proceedings is to deny the Motion, permit the Receiver to proceed with liquidation, and then lift the asset freeze once the SEC's judgment is secured.

A stay of this case exposes currently frozen assets such as stocks and real estate to continued market risk. More than $35 million of the assets that the Receiver has recommended be used to satisfy the judgment are stocks and real estate, which, until liquidated, could decline (and decline substantially) in value. *See* Docs. # 1130-1 (describing assets for proposed liquidation) & 1130 at 5-7 (noting the character of those assets). Put simply, as the Receiver has previously noted, the most prudent path forward is the timely and efficient liquidation of those assets to ensure against any market downturn.

Moreover, Defendant will not be materially prejudiced by any liquidation, as the Court has already ordered that any distribution to Defendant's victims will be stayed until the resolution of Defendant's appeal. Simply liquidating stocks and investment real estate and placing the proceeds in a cash account will not materially prejudice Defendant, and indeed will also protect Defendant from the risk that those assets decline in value. And regardless of the outcome in *Liu*, other federal agencies may also have claims to the proceeds of Defendant's fraud or could levy additional fines or penalties, meaning liquidation may be inevitable in any event. *See* Indictment (Doc. # 34), *U.S. v. Ahmed*, 16-cr-10154-DPW (D. Mass) (including the two NYC condos in forfeiture allegations); *see also* U.S. Department of Justice, Types of Federal Forfeiture, *available at* https://www.justice.gov/afp/types-federal-forfeiture (noting that DOJ may also bring civil forfeiture proceedings).[1] Thus, permitting liquidation – while staying distribution – will not prejudice Defendant.

Finally, denying the Motion for a stay and permitting the Receiver to proceed with liquidation will benefit all parties, as it will secure the SEC's judgment and, to the extent there

---

[1] In addition, there is a criminal insider trading case pending against Defendant, which could result in additional fines and penalties. *See U.S. v. Kanodia et al*, 15-cr-10131-NMG (D. Mass.).

are assets remaining, will permit the asset freeze to be lifted. Such a process would obviate the need for Defendant (and Relief Defendants) to continually request releases from the asset freeze, would reduce the expenses of the Receivership estate since the Receiver would not have to respond to these requests, and would reduce the burden on the Court since it would not have to rule on these requests.

In sum, the most prudent path forward is to deny the Motion, permit the Receiver's recommended liquidation, and lift the asset freeze as to any remaining assets. Should the Court grant the Motion and stay the proceedings, however, it should make clear that the stay applies to all pending litigation, including motions for releases of money from the asset freeze.[2] Defendant seems to concede that this would be the effect of a stay, as he argues that a stay would not result in prejudice (a proposition the SEC disagrees with) because "the asset freeze is in place as the equivalent of a *supersedeas* bond." Motion at 3. Such a stay is necessary to ensure the corpus of assets are not significantly dissipated before the SEC's judgment is secured – a judgment that will ensure that Defendant's victims made whole. Given the history of this case, and the fact that Defendant filed multiple motions immediately after requesting the case be stayed, the Court should require Defendant (and Relief Defendants) to seek the permission of this Court before filing a motion during the pendency of the stay. The SEC will of course take care to fairly evaluate any such motion this Court permits be filed.

## **CONCLUSION**

For all of these reasons, Defendant's Motion should be denied, and the Court should proceed with the Receiver's recommended liquidation of assets.

---

[2] The Court has already permitted certain releases from the asset freeze, such as releases to pay up to $350,000 in Relief Defendants' appellate fees, releases to pay the Receiver's fees, and expenses related to the administration of the Receivership estate. *See, e.g.*, Doc. # 1070 at ¶¶ 27, 32, 34; Doc. # 1287. The SEC assumes the continued administration of those issues would not be stayed.

DATED: November 18, 2019.

          Respectfully submitted,

          *s/ Nicholas P. Heinke*
          Nicholas P. Heinke
          Mark L. Williams
          U.S. Securities and Exchange Commission
          1961 Stout Street, Suite 1700
          Denver, CO 80294-1961
          (303) 844-1071 (Heinke)
          (303) 844-1027 (Williams)
          HeinkeN@sec.gov
          WilliamsML@sec.gov
          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on November 18, 2019, a copy of the foregoing document was emailed to Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Jonathan Harris
Reid Skibell
David Deitch
Alexander Sakin
S. Gabriel Hayes-Williams
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
(Counsel for Relief Defendants)

Christopher H. Blau
Stephen M. Kindseth
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
(Counsel for Receiver, Jed Horwitt, Esq.)

                                            *s/ Nicholas P. Heinke*
                                            Nicholas P. Heinke