## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>       Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>       Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>December 2, 2019 |

**RECEIVER'S RESPONSE TO DEFENDANT'S EMERGENCY MOTION TO ENJOIN THE ENFORCEMENT OF THE DEFAULT JUDGMENT OBTAINED IN VIOLATION OF THIS COURT'S INJUNCTION AND TO IMPOSE SANCTIONS ON NMR OR IN THE ALTERNATIVE, TO IMPOSE SANCTIONS ON NMR, RELEASE FEES TO RETAIN COUNSEL IN THE NEW YORK STATE PROCEEDING1 TO DEFEND AGAINST THE DEFAULT JUDGMENT AND NMR E-TAILING'S ALLEGED CLAIMS AND TO STAY THE NMR CASE PENDING APPELLATE REVIEW**

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1]

(the "Receiver"), through his undersigned counsel, respectfully responds (the "Response") to the

Defendant's Emergency Motion to Enjoin the Enforcement of the Default Judgment Obtained in

---

[1] Unless expressly defined otherwise, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report").

Violation of This Court's Injunction and to Impose Sanctions on NMR or in the Alternative, To Impose Sanctions on NMR, Release Fees to Retain Counsel in the New York State Proceeding to Defend Against the Default Judgment and NMR E-tailing's Alleged Claims and to Stay the NMR Case Pending Appellate Review [Doc. No. 1324] (the "Motion"), filed on November 10, 2019. In support thereof, the Receiver respectfully represents as follows.

### I.      Enjoining NMR and Issuing an Order Staying the NMR Case is Not Necessary

As to the Motion's request to enjoin NMR from enforcing its default judgment against the Defendant and otherwise staying the *NMR e-Tailing LLC v. Oak Investment Partners, et al., Index No. 656450/2017* (the "NMR Case"), the Receiver respectfully submits that such activity is unnecessary. The Appointment Order already enjoins entities such as NMR from commencing or continuing "civil legal proceedings" both "to obtain possession of [Receivership Assets]" and "against [the] Defendant[]" generally absent further order of this Court. (Appointment Order, p. 13.) The Receiver's counsel has conferred with counsel to NMR, who represented that NMR is well-aware of the Appointment Order and fully intends to comply therewith. Therefore, an additional order from this Court enjoining NMR from enforcing its default judgment and/or staying the NMR Case needlessly duplicates the provisions of the Appointment Order.[2]

Of course, in the event the Receiver becomes aware of some action by NMR that he perceives to violate the Appointment Order, including any efforts by NMR to enforce its default judgment against Receivership Assets, the Receiver will promptly notify this Court and take reasonable and necessary steps to protect the Receivership Estate.

---

[2] The Receiver notes, however, that the court in the NMR Case only granted "a judgment on liability against" the Defendant, further providing that "[t]he issue of damages is reserved for trial," which has not yet occurred. (Exhibit A.)  Therefore, even if it wanted to, NMR is not in a position to "enforce" its default judgment as to liability only against the Defendant or any Receivership Assets at this time.

## II.    The Receiver Objects to the Release of Receivership Assets to Pay for Defendant's Counsel to Defend Against NMR's Claims

The Motion seeks a release of up to $350,000 for the Defendant to retain counsel to represent his interests in the NMR Case. (Motion, at 8-9.) The Receiver objects to the release of such funds.

The aggregate value of the distributions requested by the Defendant and Relief Defendants for attorneys' fees causes the Receiver some concern given the Receivership Estate's continued exposure to market risk. As the Receiver articulated previously, until the liquidation process is complete and the Required Amount is fully secured by deposits into the CRIS account, there are no Receivership Assets that, in the Receiver's view, are truly excess. However, given the present cumulative value of the Receivership Assets, the Receiver took no position with respect to the Relief Defendants' motion seeking a release of $350,000 to Murtha Cullina LLP. (*See* Relief Defendants' Emergency Motion to Modify Asset Freeze Order to Release Funds to Pay Murtha Cullina's Fees and Disbursements Since Appointment of Receiver, or in the Alternative, to Withdraw the Appearance of Counsel [Doc. No. 1171] (the "MC Motion"); Statement of Receiver's Position Concerning the MC Motion [Doc. No. 1195].) The Receiver also took no position with respect to the Relief Defendants' Emergency Motion for a Ruling on Relief Defendants' Appellate Fees, in Light of the Court's Recent Ruling on Defendant's Rule 59(e) Motion [Doc. No. 1273] (the "JB Motion"), seeking the release of $350,000 to fund their appellate counsel's fees. (*See* Statement of Receiver's Position Concerning the JB Motion [Doc. No. 1282].)[3] Finally, the Receiver took no position as to the Defendant's Emergency Motion for a Ruling on Defendant's Appellate Fees, in Light of the Court's Recent Ruling On Defendant's Rule 59(E) Motion [Doc. No. 1288] (the "Defendant Appellate Motion"), seeking a release of up to

---

[3] On September 16, 2019, this Court entered its Ruling Granting Relief Defendants' Emergency Motion for Appellate Attorney Fees [Doc. No. 1287].

$500,000 to retain appellate counsel for the Defendant. (*See* Statement of Receiver's Position Concerning the Defendant Appellate Motion [Doc. No. 1294].)

Thus, setting aside the request of Harris St. Laurent LLP for approximately $1.8 million in attorneys' fees and expenses as well as Murtha Cullina LLP's request for pre-Receivership attorneys' fees and expenses, there remains approximately $1.2 million in requested attorneys' fees and expenses for the Defendant and Relief Defendant's various counsel, $350,000 of which this Court has granted. At this time, the Receiver opposes any further release of funds from the Receivership Estate to pay for the Defendant and Relief Defendants' counsel.

### III.    The Receiver Takes No Position with Respect to the Balance of the Motion

The Receiver and his counsel have reviewed the Motion and the relief requested therein. Beyond the issues discussed above, the Receiver does not take a position with respect to the balance of the Motion because the Receiver has concluded that the relief requested would not adversely impact the Receiver's ability to fulfill his primary obligation in this receivership—to fully secure the Required Amount through the liquidation of Receivership Assets—or to execute in any other regard his duties pursuant to the Appointment Order. Upon request, the Receiver or his counsel will attend any hearings scheduled by the Court on this matter and provide any relevant information and assistance that the Court may request in addressing this Motion.

WHEREFORE, for these foregoing reasons, the Court should deny the Motion to the extent it seeks a distribution of attorneys' fees from the Receivership Estate.

Respectfully submitted,
JED HORWITT, ESQ., RECEIVER


 */s/ Christopher H. Blau*
Stephen M. Kindseth (ct14640)
Christopher H. Blau (ct30120)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06604
Telephone: 203-368-4234 X 236
Facsimile: 203-549-0903
Email: cblau@zeislaw.com;
skindseth@zeislaw.com
*Counsel to the Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2019, a copy of the foregoing Response was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

 */s/ Christopher H. Blau*
Christopher H. Blau (ct30120)