UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>*Plaintiff,*<br><br>*v.*<br><br>IFTIKAR AHMED<br><br>*Defendant,* and<br><br>IFTIKAR AHMED ALI AHMED SOLE PROP, *et al.*<br><br>*Relief Defendants.* | Civil No. 3:15-cv-675 JBA |

**NMR E-TAILING, LLC'S OPPOSITION
TO DEFENDANTS' EMERGENCY MOTION TO ENJOIN
ENFORCEMENT OF DEFAULT JUDGMENT AND MOTION FOR SANCTIONS**

NMR e-tailing, LLC ("NMR"), by its undersigned counsel, submits this Opposition to Defendant Iftikar Ahmed's ("Defendant" or "Ahmed") "Emergency Motion to Enjoin the Enforcement of the Default Judgment Obtained in Violation of this Court's Injunction and to impose Sanctions on NMR or in the alternative, to Impose Sanctions on NMR, Release Fees to Retain Counsel in the New York State Proceeding to Defend Against the Default Judgment and NMR e-Tailing's Alleged Claims and to Stay the NMR Case Pending Appellate Review" (Dkt. No. 1324, the "Motion"), which was joined by the Relief Defendants: I-Cubed Domain, LLC; Shalini Ahmed; Shalini Ahmed 2014 Grantor Retained Annuity Trust; Diya Holdings, LLC; Diya Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3 ("Relied Defendants" and with Ahmed, "Defendants") (Dkt. No. 1344) and, in support thereof, states as follows:

## INTRODUCTION

In yet another of a seemingly never-ending series of "emergency" motions, Ahmed has seen fit to seek sanctions against NMR.  Specifically, despite having full knowledge of NMR's lawsuit filed against him in New York State Court for almost two years, Ahmed now seeks to impose sanctions upon NMR for a violation of this Court's preliminary injunction order from 2015.  Because Defendants' motion is facially invalid, untimely and moot, it should be denied. Indeed, the Motion contains no factual or legal support and, instead, simply relies upon Ahmed's willful blindness.  Consistent with their lock step approach to this litigation, the Relief Defendants have joined in Ahmed's baseless motion.

## FACTUAL BACKGROUND

NMR e-tailing, LLC was formed in 2013 by a group of investors for the purpose of investing in Choxi.com, referred to in this case as "Company C."  On October 18, 2017, NMR, based on facts and circumstances surrounding NMR's investment in Company C, filed a lawsuit against Oak Investment Partners and its managing members, Oak Management Corporation, Oak Investment Partners XIII, LP, and Oak Associates XIII, LLC (collectively, "OIP"), and Ahmed in the Supreme Court of the State of New York, County of New York, Index No. 656450/2017 (the "New York Action").[1]

As this Court is well-aware, Ahmed's precise whereabouts are unknown, and have been unknown since he fled the United States in 2015, after being charged with insider trading and his pervasive pattern of fraudulent misconduct while employed by OIP was discovered.  As such, NMR was granted leave by the New York Court to serve Ahmed with the Complaint and other documents via alternative means, namely through his email address: iftyahmed@icloud.com.

---

[1]      A copy of NMR's 60-page Verified Complaint was attached as **Exhibit A** to NMR's Motion to Intervene and Lift Litigation Stay (Dkt. No. 1097-1).

*See* New York Action Order dated December 21, 2017 attached hereto as **Exhibit A**.  Despite Ahmed's recently constructed contention that he was "unaware of the filing of" the New York Action (Defs' Mtn. at 2), the email address NMR was allowed to utilize for service of its complaint is the same email address Ahmed uses in this case to view and file pleadings.  *See* **Exhibit A**.  As indicated in the attached pleadings filed in support of NMR's Motion for Alternative Service, Ahmed, in fact, regularly utilized the e-mail account which was used to send the Summons and Complaint.  *See* **Exhibit B**.  Indeed, this is the same email address utilized by Ahmed in filing the instant Motion.

On March 14, 2018, the New York Court entered a default judgment against Ahmed on the issue of liability only as a result of his failing to answer or otherwise respond to NMR's Complaint.  No damages have been awarded against Ahmed to date, and trial is not scheduled until May 6, 2020.  Ahmed has not participated in any way in the New York Action.  Consistent with this Court's Order appointing a Receiver entered on December 20, 2018 (Dkt. No. 1070), NMR has not taken any action to liquidate or collect upon its default against Ahmed, nor could it at this juncture.  NMR, however, has made the SEC aware of the status of the New York Action, including the default against Ahmed shortly after it was entered, and its expected involvement in a Fair Funds process as a victim of Ahmed's misconduct.  *See* Dkt. No. 1097.

Consistent with this Court's Order appointing the Receiver, (Doc. No. 1070 at ¶23) ("The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, unless leave from this Court is obtained…"), and without opposition from the SEC, NMR filed with this Court a Motion to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure and this Court's December 20, 2018 Order, seeking intervention in this matter for the limited purpose of

3

lifting the existing litigation stay in order to continue litigation against OIP in the New York Action. *See* Dkt. No. 1097. On May 21, 2019, over Ahmed and the Relief Defendants' objection, this Court granted NMR's request to proceed with the New York Action against OIP. *See* "Ruling on Motions to Lift Litigation Stay" (Doc. No. 1167). Ahmed and the Relief Defendants have appealed that ruling to the Second Circuit Court of Appeals.

Upon a review of this Court's docket, and as identified in Defendants' Motion, this Court, before entry of its Order Appointing a Receiver, entered a temporary restraining order on May 7, 2015 (Dkt. No. 9), and granted an injunction on August 12, 2015 (Dkt. No. 133). In the Court's Order granting an injunction, the Court ordered as follows:

> No person or entity, including the Defendant, Relief Defendants, or any creditor or claimant against the Defendant or any of the Relief Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

Dkt. No. 133 at 21 (collectively with Dkt. No. 9, the "2015 Orders"). Importantly, the Court's Order granting an injunction was subject to "further order of the court" (Dkt. No. 133 at 19), which, of course, would include the Court's Order Appointing Receiver. Nonetheless, it is the 2015 Orders that Defendant belatedly relies upon in support of the instant Motion, notwithstanding the fact that Defendant never contended that NMR was aware of or received the 2015 Orders prior to the filing of this Motion.

## **ARGUMENT**

Ahmed, despite having notice of the New York Action for almost two years, now requests that this Court "dismiss[ ] with prejudice [the New York Action] as to [Ahmed]." Defs' Mtn. at 3. Or, "in the alternative," Ahmed requests that "th[is] Court enjoin the enforcement of

the default judgment against [Ahmed]…"  Defs.' Mtn. at 3.  Ahmed also seeks the imposition of sanctions on NMR for alleged violation of the 2015 Orders.  Ahmed's requests are fundamentally flawed for several reasons.

First, Ahmed critically fails to address how the Court's 2015 Orders even apply to the New York Action.  That is, Ahmed does not mention—much less provide sufficient factual or legal support—as to how pursuit of the New York Action would "interfere with the asset freeze," as is a prerequisite for the application of the 2015 Orders.  *See* Dkt. No. 133 at 21.  To the contrary, the Receiver, in response to OIP's request to "commenc[e] an arbitration against Ahmed to recover damages it suffered in connection with [Ahmed's] fraudulent scheme…" (Doc. No. 1133 at p. 1), conveyed to the Court that "[OIP's motion] and the granting thereof do not impact the Receiver's ability to complete his duties under the Order Appointing Receiver… because, *inter alia*, [OIP] is not attempting to 'disturb the asset freeze or take any priority over the SEC's claim to any of the frozen assets.'"  Dkt. No. 1144.  Moreover, this Court granted OIP's request to pursue a direct claim against Ahmed.  Dkt. No. 1167.[2]

NMR's ability to pursue its claims in the New York Action are no different than OIP's pursuit of its arbitration action directly against Ahmed, which the Court has permitted to proceed.  In fact, none of Ahmed's assets—frozen or not—are implicated at this juncture in the New York Action because NMR has not attempted to liquidate its prior default judgment against Ahmed.  As Ahmed has failed to link the New York Action to anything that would "interfere with the asset freeze," his Motion should be denied in its entirety.  Indeed, in light of this Court's

---

[2]      This Court held that "Oak is not attempting in any way to disturb the asset freeze or take priority over any claim by the SEC to any of the frozen assets… and the Receiver represents that granting Oak's motion would not impact his ability to perform his duties, maintaining the stay as to Oak's desired arbitration is not necessary to preserve the status quo of the Receivership Estate."  Dkt. No. 1167 at 13 (internal quotation marks omitted).

December 20, 2018 Order, and the granting of NMR's right to pursue the New York Action against OIP, Ahmed makes no showing as to how NMR's pursuit of the New York Action would interfere with the current asset freeze.  In sum, and consistent with Orders already entered by this Court, the pending Motion is clearly moot.

Moreover, Ahmed's request is untimely and any conceivable argument Ahmed (or the Relief Defendants) now asserts has been waived.  The 2015 Orders cited by Ahmed were entered by the Court pre-judgment and were subject to "further order of the court."  Dkt. No. 133 at 19. Since then, a judgment has been entered and the Court issued an Order Appointing Receiver, which included similar language to that cited in Ahmed's Motion.  *See* Defs.' Mtn. at 2; Dkt. Nos. 9 and 133.  The Order Appointing Receiver, which replaced the 2015 Orders, was provided to NMR, unlike the Court's prior orders issued in 2015 that long predated the New York Action. Promptly after receiving that order, NMR filed its Motion to Intervene and Lift Litigation Stay (Dkt. No. 1097) and the Court granted that Motion (Dkt. No. 1167).[3]  Tellingly, while Ahmed and Relief Defendants opposed NMR's motion, neither raised any issues regarding the supposed applicability of the Court's 2015 Orders.  *See* Dkt. Nos. 1114; 1116, respectively.  Further, neither the SEC nor the Receiver asserted that the 2015 Orders had continuing applicability and precluded the pursuit of the New York Action.  Accordingly, had there been any legitimate basis for sanctions with regard to NMR's filing of the New York Action, Defendants should have raised such issues then.  Instead, this Court entered an Order granting NMR's motion without consideration of any prior orders.  *See* Dkt. No. 1167.

---

[3]      It also should be noted that NMR's motion to lift litigation stay was filed without opposition from the SEC, which also had the ability to seek an injunction against NMR had it believed the New York Action was interfering with the 2015 Orders.  Dkt. No. 1097 at 8.

Tellingly, Ahmed fails to identify any authority that would provide this Court with jurisdiction over the New York Action, such that it could dismiss the State Court claims asserted by NMR with prejudice against Ahmed.  If Ahmed wished to timely argue about the applicability of the 2015 Orders on the New York Action, he should have raised such issues with the New York Court, or sought an injunction from this Court when he received notice of NMR's complaint in 2017.  *See* **Exhibit B.**  Instead, and with no factual support whatsoever, Ahmed suggests that NMR should have been on notice of this Court's orders,[4] despite the fact that in 2017 NMR was not involved in any way in this case, and that at the time NMR filed its New York Complaint, there were well over 700 docket entries for this case.

Finally, Ahmed proffers that "it has come to the Defendant's attention that NMR is indeed looking to seek assets that are controlled by the Receiver and as such, the Defendant has every right to defend the action against his assets and to bring to the Court's immediate attention."  Defs.' Mtn. at 7.  Ahmed, however, fails to provide any factual details in support of this baseless contention.  Simply put, it appears that Ahmed mistakes NMR's desire to participate in the distribution process in this case with a current and affirmative attempt to disturb the frozen assets outside of that process.  NMR made clear in its Motion to Lift Stay that it did not intend to disturb the frozen assets under the Receiver's control.  *See* Dkt. No. 1097 at 4.  Consistent with that position, NMR has taken no action to liquidate its default against Ahmed and, accordingly, there is no action taken by NMR that can be "enjoined," as sought by Ahmed.  This latest "emergency" motion is thus baseless, moot and untimely.  The requested relief is simply untenable.

---

[4]      Highlighting Ahmed's lack of support for this position, he inappropriately attempts to impute the knowledge of OIP and the SEC upon NMR.  *See* Defs.' Mtn. at 5 ("[OIP] is also fully aware of the Order as they used that Order to stay an arbitration by the Defendant against them in May 2018.").

## <u>CONCLUSION</u>

For the foregoing reasons, NMR e-tailing, LLC respectfully requests that Defendants'

Motion be denied in its entirety.


Dated:  December 2, 2019                              Respectfully submitted,

                                                     */s/  Edward M. Buxbaum*
                                                     Kevin G. Hroblak, Esquire
                                                       Of Counsel
                                                     Edward M. Buxbaum, Esquire
                                                       Admitted *Pro Hac Vice*
                                                     WHITEFORD, TAYLOR & PRESTON L.L.P.
                                                     Seven Saint Paul Street  -  Suite 1500
                                                     Baltimore, Maryland 21202-1636
                                                     khroblak@wtplaw.com
                                                     ebuxbaum@wtplaw.com
                                                     Tel: (410) 347-8700

                                                     And

                                                     Erin Canalia, Esquire (Fed. Bar # ct30489)
                                                     WOLF, HOROWITZ & ETLINGER, L.L.C.
                                                     750 Main Street
                                                     Suite 606
                                                     Hartford, Connecticut 06103
                                                     Tel:  860-724-6667
                                                     ecanalia@wolfhorowitz.com
                                                     *Counsel for NMR E-tailing, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the forgoing Opposition and exhibits thereto and proposed order were electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications to all counsel of record.

Dated:  December 2, 2019                                  _/s/  Edward M. Buxbaum____
                                                                          Edward M. Buxbaum, Esquire