# Exhibit

~ ~ ~

# B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
NMR E-TAILING LLC

                Plaintiff,

-against-

OAK INVESTMENT PARTNERS, OAK
MANAGEMENT CORPORATION, OAK
INVESTMENT PARTNERS XIII, LP, OAK
ASSOCIATES XIII, LLC, ANN HUNTRESS
LAMONT, EDWARD GLASSMEYER, FREDERIC
W. HARMAN, BANDEL CARANO,
IFTIKAR AHMED,

                Defendants.
------------------------------------------------------------X

**AFFIDAVIT OF
KEVIN G. HROBLAK IN
SUPPORT OF REQUEST
FOR EX PARTE ORDER
PURSUANT TO CPLR § 308(5)**

Index No. 656450/2017

E-Filing

STATE OF MARYLAND   )
CITY ~~COUNTY~~ OF BALTIMORE   ) ss.:
   )

KEVIN G. HROBLAK, being duly sworn, deposes and says as follows:

1. I am a Partner at Whiteford, Taylor & Preston L.L.P. and I represent Plaintiff in the above captioned matter. I submit this Affidavit in support of Plaintiff's Request for Ex Part Order Pursuant to CPLR § 308(5). Alternative Service as I have personal knowledge of the facts and circumstances giving rise to the necessity of requesting leave of the Court for alternative service.

2. On October 18, 2017, Plaintiff filed a Verified Complaint in the above-captioned action against Iftikar Ahmed and other Defendants associated with Ahmed, including venture capital entities Oak Investment Partners, Oak Management Corporation, Oak Associates XIII,

LLC, and Oak Investment Partners XIII, LP (the "Oak Entities") and Ann Lamont, Edward Glassmeyer, Bandel Carano, and Frederic Harman (the "Oak Individuals"), who managed the Oak Entities.

3. The claims in the Verified Complaint arise out of harm caused to Plaintiff relating to a purchase of stock in nomorerack.com, which was solicited by Ahmed on behalf of the Oak Entities.

4. On May 6, 2015, the Securities and Exchange Commission brought a civil action against Ahmed for fraud, which included claims and allegations in connection with his misconduct regarding nomorerack.com ("SEC Lawsuit"). *See* United States Securities and Exchange Commission v. Ahmed, et al., 3:15-cv-00675-JBA (D. Conn. May 6, 2015).

5. Upon information and belief, on or about May 16, 2015 while out on bail, Ahmed left the United States and fled to India, where he is believed to be currently domiciled.

6. Plaintiff and affiant have been unable to locate Ahmed to serve him with the summons and Verified Complaint.

7. The undersigned reviewed public information and determined that Ahmed's mother is believed to live at 23 NN Towers 3rd Floor, SKB Road, Dighalipukhuri East, Guwahati, Assam, India 781001, which address appears on papers in the Indian court system filed after Ahmed left the United States. Upon information and belief Ahmed received medical treatment in Hyderabad, India at the Basavatarakam Indo American Cancer Hospital and

2

Research Institute under the treatment of Oncologist Dr. Senthil Rajappa. The address for the medical facility is Road No. 10, Banjara Hills, Hyderabad 500034, Telangana, India, which is approximately 1,450 miles from Guwahati, Assam. Ahmed indicated in the SEC Lawsuit that he has been using his legal advisor's computer to file papers with the court, and he lists his advocate as being located in Kolkata, which is 920 miles from Assam. In addition, a LinkedIn social media page is assigned to Ahmed that lists him as working at a company called Sports Village, which is located in Mumbai, India. Despite this information, Plaintiff has been unable to locate Ahmed.

8. As a result, in early November 2017, Plaintiff engaged the services of an international investigation and process company, Crowe Foreign Services ("Crowe"), in an effort to locate the whereabouts of Defendant Ahmed. As set forth on Crowe's website, Crowe has been in the business of service of process and obtaining evidence in foreign countries for over 30 years, and has a network of professional investigators and attorneys in virtually every foreign country, including India.

9. The undersigned caused Crowe to perform an investigation over the course of five weeks for Plaintiff to find Ahmed, but Crowe has been unable to determine Ahmed's location.

10. Based on a report the undersigned received from Crowe, its investigators visited Ahmed's suspected address on multiple occasions and determined that the person living in the address provided is a retired school principal. The report further indicated that building

management and neighbors confirmed that the Crowe investigator was not the first person to inquire about Ahmed, but also suggested that Ahmed had not been seen living there.

11. As a result, Crowe concluded that Ahmed is in hiding.

12. Ahmed, since commencement of the SEC Lawsuit, has been active in responding to and initiating filings with the court through the court's e-filing system. To confirm the email address used by Ahmed in his legal pleadings in the SEC Lawsuit ("iftyahmed@icloud.com"), the undersigned sent an email to Ahmed on November 27, 2017. The undersigned received no error or undeliverable notice in response to sending the email, and the tracking software used to record Ahmed's receipt of the email indicates that he opened the email multiple times from Mumbai, India on December 16, 2017. *See* **Exhibit 1**, attached hereto.

*[signature]*
**Kevin G. Hroblak**

Sworn to before me this 21st

day of DECEMBER, 2017

*[signature]* Kathleen G. McCruden
**NOTARY PUBLIC**

2270767

KATHLEEN G. MCCRUDEN
Notary Public-Maryland
Anne Arundel County
My Commission Expires
JULY 8, 2018

# Tracking Report



Filter by subject or recipient | All Messages 



**Choxi Information Request**
To: iftyahmed@icloud.com

 4 opens from 2 client devices (Last open: 3 days ago)

**Opened message**
Reader location: Mumbai, India via Chrome Windows

**Opened message**
Reader location: Mumbai, India via Chrome Windows

**Opened message**
Reader location: Mumbai, India via Chrome Windows

**Opened message**
Reader location: Mumbai, India via Chrome Windows



**test**
To: smckelvey@velvetcustoms.com

2

This transmission contains information from the law firm of Whiteford, Taylor & Preston LLP which may be confidential and/or privileged. The information is intended to be for the exclusive use of the planned recipient. If you are not the intended recipient, be advised that any disclosure, copying, distribution or other use of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately.

3