UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>           Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>           Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>December 2, 2019 |

**RECEIVER'S OBJECTION TO RELIEF DEFENDANTS' EMERGENCY MOTION FOR AN ENFORCEMENT OF THE INJUNCTION AGAINST THE DOJ'S ACTION AND FORFEITURE OF FROZEN ASSETS UNTIL THIS MATTER HAS CONCLUDED, OR IN THE ALTERNATIVE, FOR A RELEASE OF $9MM TO SATISFY THE BOND <u>REQUIREMENTS OF THE FORFEITURE</u>**

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully objects (the "Objection") to the Relief Defendants' Emergency Motion for an Enforcement of the Injunction Against the DOJ's Action and Forfeiture of Frozen Assets Until This Matter Has Concluded, or in the Alternative,

---

[1] Unless expressly defined otherwise, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report").

1

for a Release of $9mm to Satisfy the Bond Requirements of the Forfeiture [Doc. No. 1327] (the "Motion"), filed on November 11, 2019. In support thereof, the Receiver respectfully represents as follows.

**I.   The Receiver Takes No Position as to the Department of Justice's Enforcement of its Secured Appearance Bond at this Time**

At the outset, it should be noted that while Relief Defendants contend that the forfeiture proceeding is a civil proceeding (*see* Motion, at 4-5), the Court in *United States of America v. Iftikar Ahmed*, 15-10131-NMG (D. Mass.) (*Gorton, J.*) (the "MA Case") determined otherwise. (*See* Memorandum & Order, attached hereto as Exhibit A, at 3-4.)

Regardless of the civil versus criminal nature of the Department of Justice's ("DOJ") efforts to enforce its rights with respect to the secured appearance bond, such efforts clearly pertain to the real property located at 505 North Street in Greenwich, CT (the "505 Property") and no other Receivership Assets. (*See* United States' Motion for Declaration of Bond Forfeiture, attached hereto as Exhibit B.) Given that from the outset of this matter this Court has recognized that the 505 Property has no value in light of the DOJ's interest therein (*see* Ruling and Order Granting Preliminary Injunction [Doc. No. 113], n. 4), the Receiver did not attribute any value to the 505 Property in connection with his proposal to liquidate sufficient assets to secure the Judgment and indeed has never articulated an intention to seek the liquidation of the 505 Property. In that the DOJ's efforts concern the 505 Property, the resolution of this dispute between the Relief Defendants and the DOJ does not impact the Receiver's ability to fulfill his primary obligation in this receivership—to fully secure the Required Amount through the liquidation of Receivership Assets—or to execute in any other regard his duties pursuant to the Appointment Order. The Receiver therefore takes no position with respect to this dispute. Upon request, the Receiver or his counsel will attend any hearings scheduled by the Court on this matter and provide any relevant

information and assistance that the Court may request in addressing this Motion.

## II. The Receiver Objects to the Release of Attorney's Fees

The Motion also seeks a release of "reasonable attorney fees" in connection with challenging the actions by the DOJ with respect to the enforcement of the secured appearance bond executed by the Defendant and Mrs. Ahmed. The Receiver objects to the release of Receivership Assets to pay for such attorneys' fees.

As the Receiver has stated in recent filings, the aggregate value of the distributions requested by the Defendant and Relief Defendants for attorneys' fees causes the Receiver some concern given the Receivership Estate's continued exposure to market risk. As the Receiver articulated previously, until the liquidation process is complete and the Required Amount is fully secured by deposits into the CRIS account, there are no Receivership Assets that, in the Receiver's view, are truly excess. However, given the present cumulative value of the Receivership Assets, the Receiver took no position with respect to the Relief Defendants' motion seeking a release of $350,000 to Murtha Cullina LLP. (*See* Relief Defendants' Emergency Motion to Modify Asset Freeze Order to Release Funds to Pay Murtha Cullina's Fees and Disbursements Since Appointment of Receiver, or in the Alternative, to Withdraw the Appearance of Counsel [Doc. No. 1171] (the "MC Motion"); Statement of Receiver's Position Concerning the MC Motion [Doc. No. 1195].) The Receiver also took no position with respect to the Relief Defendants' Emergency Motion for a Ruling on Relief Defendants' Appellate Fees, in Light of the Court's Recent Ruling on Defendant's Rule 59(e) Motion [Doc. No. 1273] (the "JB Motion"), seeking the release of $350,000 to fund their appellate counsel's fees. (*See* Statement of Receiver's Position Concerning the JB Motion [Doc. No. 1282].)[2] Finally, the Receiver took no position as to the Defendant's

---

[2] On September 16, 2019, this Court entered its Ruling Granting Relief Defendants' Emergency Motion for Appellate Attorney Fees [Doc. No. 1287].

Emergency Motion for a Ruling on Defendant's Appellate Fees, in Light of the Court's Recent Ruling On Defendant's Rule 59(E) Motion [Doc. No. 1288] (the "Defendant Appellate Motion"), seeking a release of up to $500,000 to retain appellate counsel for the Defendant. (*See* Statement of Receiver's Position Concerning the Defendant Appellate Motion [Doc. No. 1294].)

Thus, setting aside the request of Harris St. Laurent LLP for approximately $1.8 million in attorneys' fees and expenses as well as Murtha Cullina LLP's request for pre-Receivership attorneys' fees and expenses, there remains approximately $1.2 million in requested attorneys' fees and expenses for the Defendant and Relief Defendant's various counsel, $350,000 of which this Court has granted. At this time, the Receiver opposes any further release of funds from the Receivership Estate beyond this $1.2 million to pay for the Defendant and Relief Defendants' counsel.

### III.  The Receiver Objects to the Release of $9 Million from the Receivership Estate

The Motion further seeks a release of $9 million of Receivership Assets to "satisfy the bond requirement." (Injunction Motion, at 7.) The Receiver objects to such a release of funds because a $9 million reduction in the liquid assets of the Receivership Estate would harm the Receiver's ability to execute his duties under the Appointment Order in that it would impose a significant risk to the Receiver's ability to successfully secure the Required Amount with Receivership Assets, particularly in light of the recent stay of liquidation pending the Supreme Court's decision in *Liu v. SEC*. Therefore, it is not in the interest of the Receivership Estate to release $9 million from the Asset Freeze to satisfy the secured appearance bond executed by the Defendant and Mrs. Ahmed.

Wherefore, for the reasons set forth above, the Receiver respectfully submits that the Court should deny the Motion in that it seeks a release of funds for attorneys' fees and/or a release of $9 million to satisfy the secured appearance bond, sustain this objection, and grant such other and

further relief as it deems just and proper.

        Respectfully submitted,
        JED HORWITT, ESQ., RECEIVER

        */s/ Christopher H. Blau*
        Stephen M. Kindseth (ct14640)
        Christopher H. Blau (ct30120)
        Zeisler & Zeisler, P.C.
        10 Middle Street, 15th Floor
        Bridgeport, CT  06604
        Telephone: 203-368-4234 X 236
        Facsimile: 203-549-0903
        Email: cblau@zeislaw.com;
        skindseth@zeislaw.com
        *Counsel to the Receiver*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2019, a copy of the foregoing Objection was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

      */s/ Christopher H. Blau*
      Christopher H. Blau (ct30120)