UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>IFTIKAR AHMED,<br><br>  Defendant, and<br><br>IFTIKAR AHMED SOLE PROP; *et al*<br><br>  Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA)<br><br><br><br>December 09TH, 2019 |

**DEFENDANT'S EMERGENCY MOTION FOR FEES TO RETAIN COUNSEL
IN THE AAA PROCEEDING**

The *pro se* Defendant files this Emergency Motion for a Release of Funds to Retain legal counsel in the AAA matter with Oak, which is proceeding while the matter of a stay pending appeal is being briefed and is *sub judice*.[1] The Defendant reserves all rights.

**BACKGROUND**

The Defendant provides the following for the Court's benefit:

1. The Court has frozen all of the Defendant's assets since May 7, 2019 and further extended that freeze via a Preliminary Injunction [Doc. #113].

2. The Defendant has no means to retain legal counsel without a release of funds from his frozen assets.

---
[1] Doc. ##1323, 1359, 1364, 1365 to date.

1

3. The Receiver has confirmed a value of over $90MM of assets frozen, not including assets he "deemed not necessary to value" and the allegedly forfeited Oak assets that are approximately another $40MM. [Doc. #1330-5 at 6].

4. This Court has issued a judgment for $64.4MM, which is currently under appeal.

# ARGUMENTS

The *pro se* Defendant requests an immediate release of funds so that he can retain legal counsel in AAA matter with Oak. There is good cause for the Court to grant this Motion.

## I. The frozen assets far outweigh the judgment.

The Receiver has confirmed over $90MM of frozen assets, not including assets he deemed "not necessary to value" and not including the allegedly forfeited Oak assets. [Doc. #1330-5 at 6]. The Court has given a judgment of $64.4MM, which is currently under appeal. As such, there are tens of millions of dollars of assets frozen above the judgment amount.

## II. The Law and Equity both favor a release of funds for Defendant to retain counsel.

It is indisputable that there are tens of millions of dollars of assets above the judgment and both law and equity favor a release of funds for Defendant to retain counsel in this matter.[2] The Court has noted that that "the current value of the assets of the Receivership Estate likely exceeds that required amount [of judgment]" [Doc. #1346 at 7] and the Receiver has stated the

---

[2] Indeed, the issue of an attorney for the Defendant in his appeal in this situation (with tens of millions of dollars of assets frozen above the judgment amount) was important enough that the Second Circuit stayed the Defendant's appeal pending the district court's decision on such issue and had also taken the request for fees under advisement, pending decision by the district court. There is no difference here.

value of frozen assets to be $91.9MM[3], [Doc. #1330-5 at 6] for a judgment of $64.4MM. Thus, there is an over-freeze of assets to secure the SEC's judgment.

In addition, Defendant is *pro se,* has had no legal training and needs the guidance of counsel in the AAA matter. The Defendant is seeking a release of $350,000[4] - which is a relatively small and nominal amount from this freeze so that Defendant can be represented in the AAA matter with Oak.

### III. There is Good Cause for the Court to Consider this Motion on an Expedited Basis.

Pursuant to District of Connecticut Local Rule 7(a)(6), the Defendant has designated this Motion as an "emergency" Motion and seeks expedited consideration of the same by this Court. The Defendant respectfully represents that good cause exists for such expedited consideration due to the fact that the AAA case is proceeding, even as a stay of that case is being briefed and is *sub judice,* the Defendant is not a lawyer and needs the guidance of counsel in that matter, the Defendant does not know arbitration law and there is a significant and undisputed over-freezing of assets in this case.

### IV. Conclusion.

For the reasons set forth above, the Defendant respectfully requests that the Court grant the relief requested and release funds so that the Defendant can be adequately represented in the AAA matter.

---

[3] This does not include assets the Receiver deemed not necessary to value and does not include the Defendant's allegedly forfeit assets at Oak. The Defendant does not waive his rights to any of his assets, including his allegedly forfeited Oak assets, by way of this statement.

[4] With the right to request more if needed.

3

Respectfully Submitted,

Dated: December 09TH, 2019    /s/ Iftikar Ahmed

                                                                                                                                                                    _____

Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East
Kolkata 700 069, India

Tel:   +91-983-008-9945
e-mail: iftyahmed@icloud.com

*Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

MR. NICHOLAS P. HEINKE, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

MR. MARK L. WILLIAMS, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

MR. PAUL E. KNAG, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
e-mail: pknag@murthalaw.com

MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
e-mail: kzaehringer@murthalaw.com