UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>    Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>    Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>December 9, 2019 |

**RECEIVER'S RESPONSE TO DEFENDANT'S EMERGENCY
<u>MOTION FOR FEES TO RETAIN COUNSEL</u>**

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully responds (the "Response") to the Defendant's Emergency Motion for Fees to Retain Counsel [Doc. No. 1332] (the "Motion"), filed on November 17, 2019. In support thereof, the Receiver respectfully represents as follows.

---

[1] Unless expressly defined otherwise, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report").

1

## I. The Motion Mischaracterizes the Receiver's Conclusion as to Residual Assets

Even though the Receiver has already, in numerous filings with this Court, corrected various parties' mischaracterization of this very point, the Receiver feels compelled, once again, to correct the mischaracterization of the Report concerning the existence of Receivership Assets that are not needed to secure the Required Amount ("Residual Assets"). As the Report makes clear, the ultimate extent of Residual Assets, if any, presently remains unknown in large part because the exact dollar amount of the Judgment — which continues to accrue various interest, gains, and other items — cannot be fixed until assets securing it have been actually liquidated and deposited into the CRIS account, and because the amount to be realized from such assets will also not be determined until they are actually liquidated. Accordingly, until the liquidation process is complete and the Required Amount is fully secured by deposits into the CRIS account, there are no Receivership Assets that, in the Receiver's view, are truly excess. The Motion's characterization of the Receiver's conclusion – that there are "tens of millions of dollars of assets" that are not needed to secure the Judgment – is inaccurate.

## II. The Receiver Opposes the Requested Release of Funds

The Motion seeks the release of funds from the Receivership Estate to retain counsel to represent the Defendant's interests in *United States of America v. Iftikar Ahmed*, 1:15-cr-10131-NMG (D. Mass.) (the "MA Case"). However, the Motion does not articulate how much money the Defendant believes is necessary to retain such counsel. As a result, the Receiver is unable to determine whether such a release would prejudice the Receivership Estate and/or impair the Receiver's ability to execute his obligations under the Appointment Order.

The Receiver notes that the aggregate value of the distributions requested by the Defendant and Relief Defendants for attorneys' fees causes the Receiver some concern given the Receivership Estate's continued exposure to market risk. Despite the absence of Residual Assets at this time,

and given the present cumulative value of the Receivership Assets, the Receiver took no position with respect to the Relief Defendants' motion seeking a release of $350,000 to Murtha Cullina LLP. (*See* Relief Defendants' Emergency Motion to Modify Asset Freeze Order to Release Funds to Pay Murtha Cullina's Fees and Disbursements Since Appointment of Receiver, or in the Alternative, to Withdraw the Appearance of Counsel [Doc. No. 1171] (the "MC Motion"); Statement of Receiver's Position Concerning the MC Motion [Doc. No. 1195].) The Receiver also took no position with respect to the Relief Defendants' Emergency Motion for a Ruling on Relief Defendants' Appellate Fees, in Light of the Court's Recent Ruling on Defendant's Rule 59(e) Motion [Doc. No. 1273] (the "JB Motion"), seeking the release of $350,000 to fund their appellate counsel's fees. (*See* Statement of Receiver's Position Concerning the JB Motion [Doc. No. 1282].)[2] Finally, the Receiver took no position as to the Defendant's Emergency Motion for a Ruling on Defendant's Appellate Fees, in Light of the Court's Recent Ruling On Defendant's Rule 59(E) Motion [Doc. No. 1288] (the "Defendant Appellate Motion"), seeking a release of up to $500,000 to retain appellate counsel for the Defendant. (*See* Statement of Receiver's Position Concerning the Defendant Appellate Motion [Doc. No. 1294].)

Thus, setting aside the request of Harris St. Laurent LLP for approximately $1.8 million in attorneys' fees and expenses as well as Murtha Cullina LLP's request for pre-Receivership attorneys' fees and expenses, there remains approximately $1.2 million in requested attorneys' fees and expenses for the Defendant and Relief Defendant's various counsel, $350,000 of which this Court has granted. At this time, the Receiver is generally opposed to any further release of funds from the Receivership Estate to pay for the Defendant and Relief Defendants' counsel as such payments may compromise the Receiver's ability to perform his duties under the

---

[2] On September 16, 2019, this Court entered its Ruling Granting Relief Defendants' Emergency Motion for Appellate Attorney Fees [Doc. No. 1287].

Appointment Order and fully secure the Judgment.

Upon request, the Receiver or his counsel will attend any hearings scheduled by the Court on this matter and provide any relevant information and assistance that the Court may request in addressing this Motion.

                                        Respectfully submitted,
                                        JED HORWITT, ESQ., RECEIVER

                                        */s/ Christopher H. Blau*
                                        Stephen M. Kindseth (ct14640)
                                        Christopher H. Blau (ct30120)
                                        Zeisler & Zeisler, P.C.
                                        10 Middle Street, 15th Floor
                                        Bridgeport, CT  06604
                                        Telephone: 203-368-4234 X 236
                                        Facsimile: 203-549-0903
                                        Email: cblau@zeislaw.com;
                                        skindseth@zeislaw.com
                                        *Counsel to the Receiver*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2019, a copy of the foregoing Response was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

      */s/ Christopher H. Blau*
      Christopher H. Blau (ct30120)