UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>  Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>  Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>December 9, 2019 |

**RECEIVER'S OBJECTION TO RELIEF DEFENDANTS' EMERGENCY MOTION FOR ATTORNEY FEES TO RETAIN ATTORNEYS RE: BAIL BOND FORFEITURE AND RELATED PROCEEDINGS**

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully objects (the "Objection") to the Relief Defendants' Emergency Motion for Attorney Fees to Retain Attorneys Re: Bail Bond Forfeiture and Related Proceedings [Doc. No. 1335] (the "Motion"), filed on November 18, 2019. In support thereof, the Receiver respectfully represents as follows.

---

[1] Unless expressly defined otherwise, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report").

1

The Motion seeks a release of at least[2] $350,000 for the Relief Defendants to retain counsel to represent Mrs. Ahmed's interests in connection with proceedings concerning the forfeiture of a $9 million bond in *United States of America v. Iftikar Ahmed*, 1:15-cr-10131-NMG (D. Mass.) (the "MA Case"). The Receiver objects to the release of such funds for two reasons.

First, in the Receiver's view, utilizing Receivership Assets to retain and pay for counsel to represent the Mrs. Ahmed's interest in the MA Case does not advance any interest of the Receivership Estate. As more fully expressed in the Receiver's response to the Relief Defendants' Emergency Motion for an Enforcement of the Injunction Against the DOJ's Action and Forfeiture of Frozen Assets Until This Matter Has Concluded, or in the Alternative, for a Release of $9mm to Satisfy the Bond Requirements of the Forfeiture [Doc. No. 1327], the MA Case (and Mrs. Ahmed's involvement therein) has no impact on the Receiver's ability to perform his duties under the Appointment Order and fully secure the Judgment. Therefore, the interests of the Receivership Estate are not served by retaining counsel to represent the Mrs. Ahmed's interests in the MA Case.

Second, as the Receiver has stated in recent filings, the aggregate value of the distributions requested by the Defendant and Relief Defendants for attorneys' fees causes the Receiver some concern given the Receivership Estate's continued exposure to market risk. As the Receiver articulated previously, until the liquidation process is complete and the Required Amount is fully secured by deposits into the CRIS account, there are no Receivership Assets that, in the Receiver's view, are truly excess. However, given the present cumulative value of the Receivership Assets, the Receiver took no position with respect to the Relief Defendants' motion seeking a release of $350,000 to Murtha Cullina LLP. (*See* Relief Defendants' Emergency Motion to Modify Asset Freeze Order to Release Funds to Pay Murtha Cullina's Fees and Disbursements Since

---

[2] At footnote 3, the Motion states that the "Relief Defendants reserve the right to request additional funds, should it be needed in this process."

Appointment of Receiver, or in the Alternative, to Withdraw the Appearance of Counsel [Doc. No. 1171] (the "MC Motion"); Statement of Receiver's Position Concerning the MC Motion [Doc. No. 1195].) The Receiver also took no position with respect to the Relief Defendants' Emergency Motion for a Ruling on Relief Defendants' Appellate Fees, in Light of the Court's Recent Ruling on Defendant's Rule 59(e) Motion [Doc. No. 1273] (the "JB Motion"), seeking the release of $350,000 to fund their appellate counsel's fees. (*See* Statement of Receiver's Position Concerning the JB Motion [Doc. No. 1282].)[3] Finally, the Receiver took no position as to the Defendant's Emergency Motion for a Ruling on Defendant's Appellate Fees, in Light of the Court's Recent Ruling On Defendant's Rule 59(E) Motion [Doc. No. 1288] (the "Defendant Appellate Motion"), seeking a release of up to $500,000 to retain appellate counsel for the Defendant. (*See* Statement of Receiver's Position Concerning the Defendant Appellate Motion [Doc. No. 1294].)

Thus, setting aside the request of Harris St. Laurent LLP for approximately $1.8 million in attorneys' fees and expenses as well as Murtha Cullina LLP's request for pre-Receivership attorneys' fees and expenses, there remains approximately $1.2 million in requested attorneys' fees and expenses for the Defendant and Relief Defendant's various counsel, $350,000 of which this Court has granted. At this time, the Receiver opposes any further release of funds from the Receivership Estate to pay for the Defendant and Relief Defendants' counsel, particularly for counsel that would be engaged to advance issues that have no impact upon the Receivership Estate or the Receiver's ability to perform his duties.

Wherefore, for the reasons set forth above, the Receiver respectfully submits that the Court should deny the Motion, sustain this objection, and grant such other and further relief as it deems just and proper.

---

[3] On September 16, 2019, this Court entered its Ruling Granting Relief Defendants' Emergency Motion for Appellate Attorney Fees [Doc. No. 1287].

Respectfully submitted,
JED HORWITT, ESQ., RECEIVER

 /s/ *Christopher H. Blau*
Stephen M. Kindseth (ct14640)
Christopher H. Blau (ct30120)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06604
Telephone: 203-368-4234 X 236
Facsimile: 203-549-0903
Email: cblau@zeislaw.com;
skindseth@zeislaw.com
*Counsel to the Receiver*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on December 9, 2019, a copy of the foregoing Objection was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

                                                  */s/ Christopher H. Blau*
                                                  Christopher H. Blau (ct30120)