# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>December 10, 2019 |

## NOTICE REGARDING DEFENDANT'S APPARENT FAILURE TO COMPLY WITH THE APPOINTMENT ORDER

Pursuant to paragraph 21 of the Appointment Order,[1] Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate (the "Receiver"), through his undersigned counsel, respectfully provides this notice (the "Notice") to alert this Court and all other parties of an apparent failure by the Defendant to comply with the terms of the Appointment Order.

---

[1] Unless expressly defined otherwise, the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report") are incorporated herein by reference.

### I.      Background

One asset of the Receivership Estate is the Defendant's 50% interest in The Essell Farms, LLC ("Essell Farms"). Essell Farms owns, *inter alia*, certain real property located at 1820 County Route 7 in Ancram, New York (the "1820 Property"). Essell Farms acquired the 1820 Property from Donald and Betty Duksa (jointly, the "Duksas") by deed dated June 22, 2012, and recorded on June 25, 2012, with the Columbia County clerk (the "1820 Deed").

It has come to the Receiver's attention that the property description in the 1820 Deed transferring the 1820 Property from the Duksas to Essell Farms included, in addition to a description of the 1820 Property, the description of an adjacent property known as 1804 County Route 7 (the "1804 Property").[2] Upon information and belief, while the Duksas previously owned the 1804 Property, they had transferred the 1804 Property to Scott and Sara Crosby by deed dated May 21, 1999, and recorded on May 26, 1999, with the Columbia County clerk. Consequently, the Duksas did not hold title to the 1804 Property in 2012 at the time of the 1820 Deed.

The Duksas then acquired the 1804 Property again in 2014. The Duksas are now attempting to sell the 1804 Property, a process that is reportedly complicated by what appears to be the erroneous inclusion of the 1804 Property in the 1820 Deed transferring the 1820 Property to Essell Farms. The Receiver is in the process of analyzing this issue and determining how best to handle the same with the "dual objects of maximizing the realizable value of assets of the Receivership Estate and minimizing the expenses charged thereto." (Appointment Order, at 7.)

Before the Receiver had been advised of the potential title issue described above, counsel for the Duksas contacted the Defendant via email and requested that he execute various documents

---

[2] The corrected deed executed in 2018 (the "1820 Corrected Deed") to remedy other apparent deficiencies in the 1820 Deed (referenced in Plaintiff United States Securities and Exchange Commission's Notice Regarding The Essell Farms, LLC [Doc. No. 976]), also contains the description of the 1804 Property. As the 1820 Corrected Deed and the 1820 Deed contain the same description of the 1804 Property, this Notice will refer to both simply as the 1820 Deed.

on behalf of Essell Farms in an attempt to remedy the apparently mistaken inclusion of the 1804 Property in the 1820 Deed. (*See* Email Correspondence Between Duksas' Counsel and Defendant, attached hereto as Exhibit A.) In an email purportedly addressed by "Jaideep Amritraj, Esq." but sent from the Defendant's email account, Attorney Amritraj and/or the Defendant requested $10,000 for fees and expenses reflecting the "total cost for us to review the documents and execute / notarize etc[.]…." (*Id.*)

## II.    Defendant's Apparent Failure to Comply with the Appointment Order

In the Receiver's view, the email exchange attached hereto as Exhibit A constitutes an "apparent failure" by the Defendant "to comply… with the terms" of the Appointment Order and the Appointment Order mandates that the Receiver notify this Court of the such apparent failures. (Appointment Order, p. 13.)

Specifically, the Appointment Order directs the Receiver to "control the operation of the Receivership Estate," which includes Essell Farms. (Appointment Order, at 6.) Further, "[t]he Defendant… shall have no authority with respect to the Receivership Estate's assets…" and, instead, "[t]he Receiver shall have all powers… possessed by the Defendant… with regard to the assets of the Receivership Estate…." (*Id.*) Furthermore, page 12 the Appointment Order provides:

> The Defendant… and all persons receiving notice of [the Appointment] Order… are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would: [a] Interfere with the Receiver's efforts to take possession, custody or control of, or to manage, any assets of the Receivership Estate; [or] [b] Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties….

The Receiver respectfully submits that the email reproduced at Exhibit A reflect an "apparent failure" of the Defendant to comply with Appointment Order by the Defendant asserting authority over Essell Farms and interfering with the Receiver's efforts to manage Essell Farms.

The Receiver provides notice of such "apparent failure" as required by paragraph 21 of the Appointment Order.

Upon request, the Receiver or his counsel will attend any hearings scheduled by the Court on this matter and provide any relevant information and assistance that the Court may request in addressing this Notice.

Respectfully submitted,
JED HORWITT, ESQ., RECEIVER


 /s/ Christopher H. Blau
Stephen M. Kindseth (ct14640)
Christopher H. Blau (ct30120)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06604
Telephone: 203-368-4234 X 236
Facsimile: 203-549-0903
Email: cblau@zeislaw.com;
skindseth@zeislaw.com
*Counsel to the Receiver*

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2019, a copy of the foregoing Notice was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.


    _/s/ Christopher H. Blau_
    Christopher H. Blau (ct30120)