UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>  Defendant, and<br><br>IFTIKAR AHMED SOLE PROP; *et al*<br><br>  Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA)<br><br><br><br>December 10ᵀᴴ, 2019 |

**DEFENDANT'S RESPONSE TO THE RECEIVER'S NOTICE [DOC. #1376] REGARDING DEFENDANT'S FAILURE TO COMPLY WITH THE APPOINTMENT ORDER**

The *pro se* Defendant humbly submits this Response to the Receiver's Notice [Doc. #1376 or the "Notice"] regarding the Defendant' failure to comply with the Appointment with the Appointment Order.

The Receiver's conclusion in his Notice is not only erroneous and false; but it is simply a frustrated act of personal vendetta of this Receiver against the Defendant, now in full and formal presentation in all its hatred and vitriol for this Court and everyone else to understand and see.

The Defendant humbly presents the following facts in Response to the Receiver's rather strange and flawed conclusion(s) in the Notice.

*First*, as the Defendant has repeatedly stated, he no longer has access to any of his email accounts on account of the online insult and trolling he has had to endure, most likely from Oak

1

and their various agents, whereby the Defendant's Indian counsels now control all his personal email accounts.  In fact, his primary email account that is available publicly has an autoreply set up that states as much.

> "PLEASE NOTE UPDATED EMAIL ADDRESS: This email account is now managed and monitored by the legal advisors to the email owner. For any legal matter, you may please write directly to jaideep@amritrajassociates.com"

Please see **EXHIBIT 1**.  This has been the case for at least six (6) months now.

*Second*, the email exhibit that the Receiver appends to this Notice was written not by the Defendant.  The Defendant just cannot be accused of any "apparent failure" for an act that he did not commit.   The email account is now fully under the control of the Defendant's Indian counsel and, contrary to what the Receiver may believe, the Defendant  does not control the actions of his Indian counsel.

*Third*, when a request like the one that the lawyers representing the Duksas came in, the Indian counsel is well within his rights to ask to be paid for any time he may spend on any such work or review.   The Defendant is not a lawyer and he has not ability to review land records and such other legal deeds etc.  Surely, the Receiver, especially a lawyer who has been submitting massively inflated and often false invoices to this Court (billing for work done on other matters to his current engagement as a Receiver here), has no face to point fingers at another lawyer stating that he would need to be paid for any work he may be required to do.   The Receiver is the last person who works or will work for free, yet he has the ludicrous audacity to criticize another lawyer for being honest upfront and stating what it would cost for him to do any work.  The Defendant's Indian counsel could not and did not force the lawyers to do anything – rather, he only said he could not do anything without being paid.  If that is an "apparent failure" of the

2

Defendant, then it is the strongest admission that the Receiver would do the entire work he is doing here for free and he should be held to the same standard immediately.  Let the Receiver's Notice serve as the equivalent moral admission that he will, too, work for free.

*Fourth*, the farm owned by The Essell Farms LLC is not an asset that the Receiver is planning on using to satisfy any judgment.  The Court cannot freeze assets not used for a judgment so this cannot be under Receiver's authority. There is a case law that establishes that. Furthermore, this issue was dealt with in early 2018 before Receiver was appointed and the SEC collaborated with the Defendant in handling the situation then, so the Receiver does not even have any knowledge on this issue.

*Fifth*, the Defendant has maintained all along that the Receiver is both wasteful and is a ginormous waste.   This Notice, finally, and beyond an iota of doubt proves the point.

The real and only question really is why the Receiver even filed this Notice, which itself is a total waste of resources and a misuse of his time and an abuse of his mandate.

The Defendant did not do anything – his Indian counsel did, and for that the Defendant is not and cannot be responsible.  The Defendant did not interfere with the Receiver's activities and did not impede in his duties and responsibilities as a Receiver.  Yet the Receiver filed this rather frivolous and nonsensical Notice that serves no purpose at all except waste time and money.

The Receiver is driven by vitriol and hatred.  Why?  Most likely because the Defendant has vigorously opposed all his motions for fees since they are full of mistakes, inflated invoices, duplicated billings, erroneous allocation of time and work, and above all not something that the Defendant can be or should be made to bear at all.   There is nothing personal against the Receiver in these submissions; and the Defendant is only fighting for his rights.   The Receiver quite simply, and quite sadly, has taken it personally and, now, his personal hatred and vendetta

3

comes across in full glory in his Notice of Apparent Failure, when there was clearly none by anyone.

Please see **EXHIBIT 2** for email communication wherein the Receiver's counsel has falsely and wrongly accused the Defendant of "threatening the Receiver" in an all too obvious effort to bully the Defendant into submission.   If the Defendant did indeed threaten the Receiver, which he did not and would not, the Receiver (as is quite adequately evidenced by his rather strange Notice itself) would have gone running to the Court faster than this Response could be drafted.  The Receiver did not.  The Defendant never threatened the Receiver and, hence, the Receiver never went to Court.  The Receiver only failed in his attempts to bully the Defendant.  Period.

*Sixth*, this Notice now only brings into serious question the impartiality of the Receiver, his agenda of personal vendetta and his pathological disposition of hatred for the Defendant.  The Receiver did not consider it necessary to file a Notice of any Apparent Failure when his fellow legal practitioners, the partners at the law firm of Harris St. Laurent ("HS") clearly interfered with the Receivership Estate; and it was only the SEC who had to submit a Notice [Doc. #1342] exposing the duplicitous conduct of HS with their multiple lies and misrepresentations.   The Receiver did not cry out "apparent failure" even with an all too obvious one by their professional brethren.

But when it came to a legitimate email sent by the Indian counsel of the Defendant stating that he would need to be paid for any (hypothetical) legal work, the Receiver rushes to judgment that the Defendant  was guilty of "apparent failure" for conduct of a third-party.  If only such venom of obvious hatred and aversion had any modicum of honesty and truth in it.

*Seventh*, this Notice filed by the Receiver was simply a transparent reaction to the position taken by the Defendant in defending his rights and stating it as such.   Please see

**EXHIBIT 3** for email communication from the Defendant to the Receiver on this very topic. The Receiver did not respond to this email communication, that clearly and quite evidently (now) irked him and led him to submit his rather strange, and quite simply a silly, Notice accusing Party A (the Defendant) of "apparent failure" for (any purported) actions[1] undertaken by Party B (the Defendant's Indian counsel).

  *Finally*, the Notice proves one and one thing only – that this Receiver is not only biased, but he is now angry and illogical at best; and consumed by irrational hatred at worst. Either way, he is clearly wasting his time and expending resources wastefully on the most frivolous and improvident manner possible; and he only makes his own case to be immediately terminated and to be relinquished of his duties as a Receiver in this matter. This Notice only brings into serious question his current state of mind and his cognitive ability to continue to perform his duties impartially and dutifully.

---

[1] Arguably, there were not even an "action" here. Almost all lawyers universally respond to any inbound enquiry for work with an estimate of fees. The Receiver, being a trained and quite experienced lawyer himself, probably has done the same thing many hundreds of times assuming he has any real legal practice of any substance, which the Defendant strongly believes he does.

An "action" is defined as "the fact or process of doing something, typically to achieve an aim." The Defendant's Indian counsel did not actually do anything except state what his fees would be ***were he to actually do something***. Even if the Indian counsel's acts of stating his fees were considered an action, no lawyer can be held in violation of anything for quoting their estimated fees. Estimated fees itself means no work was done. Period.

Respectfully Submitted,

Dated: December 10TH, 2019    /s/ Iftikar Ahmed

                                                                       _____
Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East
Kolkata 700 069, India

Tel:     +91-983-008-9945
e-mail: iftyahmed@icloud.com

*Pro Se*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Mr. Nicholas P. Heinke, *Esq.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

Mr. Mark L. Williams, *Esq.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

Mr. Paul E. Knag, *Esq.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
e-mail: pknag@murthalaw.com

Ms. Kristen Luise Zaehringer, *Esq.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
e-mail: kzaehringer@murthalaw.com