# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 3:15-cv-675 (JBA) |
| IFTIKAR AHMED, | |
| Defendant, and | |
| IFTIKAR AHMED SOLE PROP; *et al* | |
| Relief Defendants. | December 15TH, 2019 |

## DEFENDANT'S REPLY TO RECEIVER'S RESPONSE [DOC. #1372] TO DEFENDANT'S EMERGENCY MOTION [DOC. #1322] FOR FEES TO RETAIN COUNSEL

The *pro se* Defendant submits this Reply to the Receiver's Response [Doc. #1372, "Response"] to the Defendant's Emergency Motion for Fees to Retain Counsel [Doc. #1332, "Motion"]. The Defendant reserves all rights.

## ARGUMENTS

The Receiver's Response, once again, quite blatantly only displays his extreme bias against the Defendant and argues against the constitutional and due process rights of the Defendant and should be simply accorded no merit and regard by the esteemed Court.

## I. The Receiver's Definition of Residual Assets is Contrary to his Earlier Statements.

The Receiver claims that "until the liquidation process is complete and the Required Amount is fully secured by deposits into the CRIS account, there are no Receivership Assets

that, in the Receiver's view, are truly excess." [Doc. #1372 at 2]. However, the same Receiver has earlier submitted otherwise to this same Court; and his duplicitous arguments here are contradictory to his earlier statements only because it is the Defendant requesting a release of funds here.  The Receiver is clearly overcome by hatred and his reasoning is comically muddled and cognitively nonsensical.

### A.  The Receiver Himself Agreed that there are Assets <u>Not</u> Needed to Satisfy the Judgment in This Case

The Defendant further explains such, *infra*, under Section II.B.

### B.  The Receiver Has Clearly Indicated His Lack of Attention to Assets Not Needed for the Judgment.

Besides the fact that the Receiver is thoroughly mismanaging the assets and causing substantial harm and loss to the Receivership Estate [Doc. #1354], the Receiver has made it plainly clear that he is not interested in frozen assets that are not being used to secure the judgment.

For example, besides the fact that the Receiver indicated that

(i)      he would ***not object*** to the SEC's request to an asset freeze order in the MA Civil insider trading case because it relates to "assets not necessary to fully secure the judgment in the instant [CT] matter" [see *supra*, Section II.B.] in an amount *in excess of $4.6MM*,[1]

(ii)     the Receiver has also stated that he would be prepared to release the farm from the asset freeze;

---

[1] *SEC v. Kanodia, et al.*, 15-cv-13042 (D. Mass.) (Doc. #195).

(iii)   and that he would not pursue physical collection of the Harry Winston earrings (no need to "liquidate 1820 Country Route 7 [Essell Farm] to secure the Judgment" [Doc. #1160 at 15];

(iv)   and "the Receiver intends to file a motion releasing the [farm] from the Receivership Estate in the near future" [Doc. #1160 at 21];

(v)    that "the Judgment can be fully secured without liquidating any of the Receivership Private Investments" [Doc. #1160 at 16]; and

(vi)   that "the liquidation of the Earnings was not necessary" [Doc. #1357-1]).

It is also the Defendant who continues to urge the Receiver to update the value of his assets at Oak[2], at least the updated value of any cash distributions.  Thus, the Receiver has repeatedly made it clear that there are assets well over and above the judgment that he is not interested in where he has stated that liquidation is not necessary to secure the Judgment.

**C.  The Judgment Amount is Disputed, *sub judice* and under Appeals.**

The Receiver's claims that the "[J]udgment … continues to accrue various interest, gains, and other items" [Doc. #1372 at 2] is totally erroneous. Not only is there no post-judgment interest on frozen assets, no other court has ever allowed interest/gains on disgorgement.[3]  The

---

[2] The Defendant does not waive any rights with respect to any of his assets at Oak, whether allegedly forfeit or not and explicitly reserves all rights with respect to such assets, which continue to remain frozen and under Second Circuit jurisdiction.

[3] These issues have been briefed and are *sub judice*. [Doc. #1178; Doc. #1182; Doc. #1209-1] Not only that, the Receiver, a representative of the Court, took control of the assets on December 20, 2018, less than a week after this Court ordered its Amended Final Judgment. [ECF No. 1054]. The Defendant reserves all rights to oppose or object to these issues and to appeal them.

Judgment is under appeal.  In addition, the Court has also noted that a ruling in the Supreme

Court case *Liu v. SEC* that "disgorgement is not a proper penalty in securities enforcement

actions… would have a substantial impact on the amount of the judgment in this case…" [Doc.

#1346 at 6].  Thus, the judgment amount could be materially reduced.


**II.**     **The Receiver Displays His Extreme Bias Against the Defendant with His Opposition
        to the Release of Funds for the Defendant to Retain Counsel.**

As the Defendant has iterated many times [Doc. #1354 at 10-11], the Receiver is

extremely biased against him.  The Receiver's Opposition here is just one more exposition of

that bias and hatred, driven by the simple fact that the Defendant  has vigorously opposed all his

motions for fees since they are full of mistakes, inflated invoices, duplicated billings, erroneous

allocation of time and work, and above all not something that the Defendant can be or should be

made to bear at all.

**A.  The Court Has Noted an Excess of Assets Above the Judgment.**

It is indisputable that there are tens of millions of dollars of assets frozen in excess of this

Court's judgment. Contrary to the Receiver's assertion that such "is inaccurate," [Doc. #1372 at

2] the Receiver has characterized at least $18.7MM (and more now) "not needed for the

judgment" [Doc. #1130-1 at 3].

Even the Court has noted an excess of assets above even the Receiver's estimate of

judgment (which is disputed and *sub judice*).  In its Order granting a stay of liquidation pending

Supreme Court decision in *Liu v. SEC*, the Court noted that "the current value of the assets of the

Receivership Estate likely exceeds [the judgment amount that the Receiver estimates][4]" [Doc.

---

[4] The Defendant reiterates his Opposition to the Receiver's calculation of the judgment, which is in
dispute and is, therefore, *sub judice*. The Defendant reserves all rights to object to and oppose the
Receiver's calculation of the judgment.

#1346 at 7]. The Receiver has stated that the value of the assets under the Receiver is $91.9M (not including assets he deemed not necessary to value and not including Defendant's allegedly forfeited Oak assets[5]). [Doc. #1330-5 at 6]. The frozen assets are clearly and indisputably tens of millions of dollars above any judgment amount.

> **B. The Receiver's Opposition to the Release of Funds for Defendant to Retain Counsel is Contradictory to his Earlier Statements and Explicit in His Deference to the SEC only.**

The Receiver "generally oppos[es]" [Doc. #1372 at 3] the release of attorney fees for the Defendant to retain counsel even though it is clear and indisputable that the Court has over-frozen assets, which is against the Receiver's mandate.  [Doc. #1070 at 5].   The Defendant has every legal and equitable right to seek the release of any amounts *over* the judgment *under any circumstance*.

The Receiver's opposition to the release of attorney fees[6] in this (or any other) matter makes no logical, legal, or equitable sense.  The Receiver states that "until the liquidation process is complete and the Required Amount is fully secured by deposits into the CRIS account, there are no Receivership Assets that, in the Receiver's view, are truly excess." [Doc. #1372 at 2].

However, the Receiver contradicts himself with his opposition as he stated in his Receiver Report that approximately $18.7 million are "not needed to pay the judgment at this

---

[5] The Defendant does not waive any rights to his allegedly forfeited or any other assets at Oak by way of this statement and explicitly reserves all rights on those assets.

[6] The Receiver stated that "the Motion does not articulate how much money the Defendant believes is necessary to retain such counsel… the Receiver is unable to determine whether such a release would prejudice the Receivership Estate and/or impair the Receiver's ability to execute his obligations under the Appointment Order." [Doc. #1372 at 2].   The Defendant estimates he will need up to $500,000 for his legal representation, an amount that is marginal in light of the significant excess assets that remain frozen.

time" [Doc. #1130-1, at 3] and also that he did not intend to object to the SEC's request to an asset freeze order in the MA Civil insider trading case because it relates to "assets not necessary to fully secure the judgment in the instant [CT] matter." [Doc. #1138 at 4].

The value of the assets under the Receiver have increased since these submissions were made. The Receiver cannot now take a contradictory stance to his earlier statements simply because it is the Defendant requesting a release of funds for attorney fees and not the SEC requesting an asset freeze of the funds for a judgment. It is beyond clear that the Receiver is completely biased and driven by his vitriolic hatred towards the Defendant and nothing else.

The SEC requested an asset freeze of over $4.6 million in the MA Civil insider trading case,[7] which the Receiver "did not intend to object to"[8] and yet, the Receiver opposes a release of attorney fees above $1.2 million to the Defendant and the Relief Defendants [Doc. #1360 at 4], even though the assets in the Estate have significantly increased in value since the Receiver agreed to not object to the SEC's request for an asset freeze order in the MA Civil case. This is the epitome of hypocrisy, judicial misconduct and mischief, yet another example of the blatant partiality and bias that the Receiver displays to the SEC and against the Defendant, and the Court must disregard the Receiver's self-serving statements that are made only to please the SEC.

III. **The Equities and the Law Favor a Release of Funds for the Defendant to Retain Counsel in His MA Matter.**

---

[7] *SEC v. Kanodia, et al.*, 15-cv-13042 (D. Mass.) (Doc. #195)

[8] This is further supported by the Receiver's statement that "Receiver does not perceive there to be any conflict… because the asset freeze and any future judgment in the Civil Insider Trading Case would only apply to, and be satisfied by, **assets not necessary to fully secure the judgment in the instant matter**" (emphasis added) [Doc. #1138 at 4].

Both equity and the law favor a release of funds for the Defendant to retain counsel in the MA Matter. Not only is there an over-freezing of assets, the Defendant is *pro se* and needs the guidance of counsel, whether the matter is criminal (*See Luis v. United States* (Supreme Court holding that the Sixth Amendment prohibits the pre-trial restraint of assets needed to retain a defendant's counsel of choice when those assets have not been used in conjunction with criminal activity)) or civil (See *De Beers Consol. Mines v. U.S.*, 325 U.S. 212 (1945) (Supreme Court rejecting overbroad asset freeze)) in nature.

## IV.   Conclusion.

**WHEREFORE**, for the reasons in his Motion and within this Reply, the Defendant respectfully requests that the Court grant his requests for funds so that he may be represented in the MA Matter.

Respectfully Submitted,

Dated:         December 15TH, 2019         /s/ Iftikar Ahmed
                                           _____
                                           Iftikar A. Ahmed
                                           C/O Advocate Anil Sharma
                                           Government Place East
                                           Kolkata 700 069, India

                                           Tel:    +91-983-008-9945
                                           e-mail: iftyahmed@icloud.com

                                           *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

MR. NICHOLAS P. HEINKE, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

MR. MARK L. WILLIAMS, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

MR. PAUL E. KNAG, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
e-mail: pknag@murthalaw.com

MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
e-mail: kzaehringer@murthalaw.com