# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

  v.

IFTIKAR AHMED,

        Defendant, and

IFTIKAR AHMED SOLE PROP; *et al*

        Relief Defendants.

Civil Action No. 3:15-cv-675 (JBA)

December 15TH, 2019

## DEFENDANT'S REPLY TO SEC'S OBJECTION TO DEFENDANT'S EMERGENCY MOTION [DOC. #1332] FOR FEES TO RETAIN COUNSEL

The *pro se* Defendant humbly submits this Reply to the SEC's Objection [Doc. #1374, or the "Opposition"] to the Defendant's Emergency Motion for Fees to Retain Counsel [Doc. #1332, or the "Motion"].[1]  The Defendant reserves all rights.

## ARGUMENTS

The SEC's Opposition is bereft of legal and factual reasoning and should be disregarded by the esteemed Court.

## I.    The Defendant's Request for a Release of Funds to Retain Counsel is Not Moot.

---

[1] The Defendant is requesting fees for the MA insider trading criminal case, *US v. Iftikar Ahmed*, Case 1:15-cr-10131-NMG (D. Mass.) ("MA Matter")

The SEC erroneously states that the Defendant's request for "release of monies for legal counsel in his Massachusetts insider trading criminal case … [is] presumably mooted by this Court's Order granting [Doc. # 1346] Defendants' request [for stay of liquidation]" [Doc. #1374 at 1]. The SEC presumes wrongly as the Defendant's request is definitely **not** moot because of as stay in liquidation in a completely unrelated matter.   Clearly, the SEC did not even bother to read the Motion and the case that it relates to.  Their Opposition is so clumsy and nonsensical, it tortures any attempt to even make sense of it.

### A.  The Court only granted a stay of liquidation, but all other proceedings continue.

The Court, in its Order granting a stay of liquidation pending Supreme Court decision in *Liu v. SEC,* only granted a stay of liquidation, while other proceedings are to continue "because a stay of liquidation will suffice to protect against the potential harms asserted by Defendant and Relief Defendants, all other proceedings in this case aside from the liquidation of assets shall not be stayed."  [Doc. #1346 at 8].  Even though the SEC explicitly asked for "motions for releases of money from the asset freeze" [Doc. #1346 at 6] to be stayed, the Court did not do so.

### B.  The Court has noted assets frozen in excess of the judgment amount.

In the same Order, the Court noted that "the current value of the assets of the Receivership Estate likely exceeds [the judgment amount that the Receiver estimates]²" [Doc. #1346 at 7]. The Receiver has stated that the value of the assets under the Receiver is $91.9M (not including assets he deemed not necessary to value and not including Defendant's allegedly

---

² The Defendant reiterates his Opposition to the Receiver's calculation of the judgment, which is in dispute and is now *sub judice*. The Defendant reserves all rights to object to and oppose the Receiver's calculation of the judgment.

forfeited Oak assets[3]). [Doc. #1330-5 at 6]. The assets frozen are tens of millions of dollars above any judgment amount.

### C.  Courts release funds for retention of counsel, even just above disgorgement.

Even when the assets frozen are not above the judgment amount, courts have always released assets for defendant's legal defense above just the disgorgement amount. *See SEC v. Santillo*, 18-cv-5491 (JGK), at *13 (S.D.N.Y. Jul. 11, 2018) ("To unfreeze assets to pay for attorneys' fees in any civil action, including an SEC civil enforcement action, "the defendant must establish that the funds he seeks to release are untainted and that there are sufficient funds to satisfy any ***disgorgement*** remedy that might be ordered…" *Stein*, 2009 WL 1181061, at *1.

Hence, assets should remain frozen when the defendant has not demonstrated that there are sufficient frozen assets to pay ***disgorgement***. *See*, e.g., *SEC v. Lauer*, 445 F. Supp. 2d 1362, 1369 (S.D. Fla. 2006) (collecting cases); *SEC v. Current Fin. Servs.*, 62 F. Supp. 2d 66, 68 (D.D.C. 1999).

"Under this standard, defendants have been barred from utilizing frozen assets to pay legal fees associated with representation in a civil action when it is not clear 'whether the frozen assets exceed the SEC's request for damages' or ***disgorgement***." *FTC Capital Mkts.*, 2010 WL 2652405, at *7 (quoting *SEC v. Bremont*, 954 F. Supp. 726, 733(SDNY1997))" (emphasis added)).

Thus, it is clear that not only are there funds well above the judgment amount, there are funds frozen that are ***at least $50MM above the disgorgement amount***.  *See S.E.C. v. Duclaud Gonzalez de Castilla*, 170 F. Supp. 2d 427, 430 (SDNY 2001) (balancing factors and releasing funds for attorneys' fees).

---

[3] The Defendant does not waive any rights to his allegedly forfeited or any other assets at Oak by way of this statement and explicitly reserves all rights on those assets.

## II.    The Defendant is entitled to funds whether the MA Matter is civil or criminal.

The SEC, in opposing the Relief Defendants' Emergency Motion to Enjoin the DOJ's Action in the Declaration of Bond Forfeiture [Doc. #1327] state that such matter is "a criminal matter" [Doc. #1370 at 6] as per the Boston Court's ruling.  That being the case, the Defendant is constitutionally **entitled** to funds for his legal defense under the Supreme Court ruling in *Luis v. United States* (where the Supreme Court held that the Sixth Amendment prohibits the pre-trial restraint of assets needed to retain a defendant's counsel of choice when those assets have not been used in conjunction with criminal activity).[4]

The SEC has successfully precluded the Defendant from getting legal representation in his criminal matters as they have stated that criminal matters cannot proceed in the absence of the Defendant.  Now that the MA Matter, a criminal matter by the SEC's own admission,  is moving forward; the Defendant cannot be and does not agree to be *pro se* in that criminal matter.

Thus, since the MA Matter is criminal, the Defendant is entitled to the release of funds for him to retain counsel for his legal defense immediately.

If, on the other hand, the MA Matter is a civil matter, which the SEC argues only in a footnote in their Opposition [Doc. #1374 at 2], then the MA Bond Matter is a civil matter that falls under this Court's Orders of a litigation injunction against the Defendant, the Relief

---

[4] The cases cited by the SEC in their opposition are inapposite in this situation. The government cites an out of circuit case *U.S. v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("*US Currency*") to claim that the Defendant does not have a Sixth Amendment right to counsel. However, the *US Currency* situation is different than this instant matter.  *US Currency* specifically references civil forfeiture of funds under 31 U.S.C. § 5317; however, the bond in this matter is a forfeiture of bail under a different statute.  The government here has not asked for the bond to be declared forfeited under 31 U.S.C. § 5317, but rather under 18 U.S.C. § 3146(d), which is a different statute entirely.  Similarly, the government cites *Austin v. United States*, 509 U.S. 602, 608 (1993) to state that "The protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions.'" The Boston Court has deemed the matter criminal; thus, such support Defendant's Motion.  Regardless, any case is inapposite because here, it is indisputable that there are tens of millions of dollars frozen *above* the judgment amount. Whether criminal or civil, the Defendant is entitled to a release of funds for the MA Matter.

Defendants and their assets and the DOJ is in violation of this Court's Orders, [Doc. #113 at 21, Preliminary Injunction Order and #1070 at 13, Order Appointing Receiver] which both the SEC and Receiver not only oppose or take no position, but also explicitly fail to bring to the Court's attention.

Even in this situation, the Defendant is entitled to funds for his legal (or any other) use when there are significant, indeed tens of millions of dollars of assets *over* this Court's judgment.

Indeed, the issue of legal representation for the Defendant in this situation (with tens of millions of dollars of assets frozen above the judgment amount) was important enough, that even the Second Circuit stayed the Defendant's appeal pending the district court's decision on such issue and had also taken the request for fees under advisement, pending decision by the district court.  Such is no different here. [5]

### III.    The Defendant's Request is Not a Reconsideration.

The SEC, in a bid to deny the Defendant his constitutional and due process rights to be represented by counsel, continues to state that Defendant's Motion is "yet another improper request for reconsideration" [Doc. #1374 at 2.]  The Defendant's Motion is ***not*** a motion for reconsideration.

Even if the Court were to hypothetically consider the Motion as one of Reconsideration, there has been a dramatic change in circumstances and a need to prevent manifest injustice.  Not only has the Court rendered a judgment and noted that the frozen assets likely exceed any judgment amount, the Court has also noted that a ruling in the Supreme Court case *Liu v. SEC*

---

[5] Should the Court deny the requested relief, the Defendant requests that the Court grant a temporary stay, or injunction, of the MA proceedings pending adjudication of an emergency motion to the Court of Appeals for a release of funds to be represented in the MA criminal matter.

that "disgorgement is not a proper penalty in securities enforcement actions… would have a substantial impact on the amount of the judgment in this case…" [Doc. #1346 at 6]. In addition, contrary to the SEC's assertions, Defendant's insider trading criminal matter is proceeding. Thus, there is new data such that these matters should alter the earlier conclusions reached by the Court.

The Court has already previously agreed that the Defendant's "Sixth Amendment rights have… attached … to his criminal insider trading [case]," but denied the Defendant's requests for legal representation as he "remains outside the jurisdiction of the United States" [Doc. #392 at 3] and "Defendant does not have an active criminal case while he remains outside of the United States." [Doc. #392 at 3]. Now the same MA criminal matter *is* proceeding.

Since the MA Court has deemed it to be a criminal matter, the SEC's objections do not have no legal basis; and the Defendant's Sixth Amendment rights attach and are being implicated with the continuation of that proceeding[6].   Thus, the SEC's reconsideration argument is totally meritless.

## IV.   <u>Conclusion</u>

**WHEREFORE**, for the reasons in his Motion and within this Reply, the Defendant respectfully requests that the Court grant his requests for funds so that he may be represented in the MA Criminal Matter.

---

[6] If it is considered to be a civil proceeding, hypothetically, then this is the ***first time*** that the Defendant is asking for funds to be represented in that proceeding and cannot, by definition, be a reconsideration.

6

Respectfully Submitted,

Dated:        December 15TH, 2019          /s/ Iftikar Ahmed
                                           _____
                                           Iftikar A. Ahmed
                                           C/O Advocate Anil Sharma
                                           Government Place East
                                           Kolkata 700 069, India

                                           Tel:     +91-983-008-9945
                                           e-mail: iftyahmed@icloud.com

                                           *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

MR. NICHOLAS P. HEINKE, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

MR. MARK L. WILLIAMS, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

MR. PAUL E. KNAG, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
e-mail: pknag@murthalaw.com

MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
e-mail: kzaehringer@murthalaw.com