# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ———————————————————— ) | | |
| UNITED STATES SECURITIES AND ) | | |
| EXCHANGE COMMISSION, ) | No. 3:15-CV-675 (JBA) | |
| ) | | |
| Plaintiff, ) | | |
| v. ) | | |
| ) | | |
| IFTIKAR AHMED, ) | | |
| Defendant, and ) | | |
| ) | | |
| IFTIKAR ALI AHMED SOLE PROP; et al ) | | |
| ) | DECEMBER 16, 2019 | |
| Relief Defendants. ) | | |
| ———————————————————— ) | | |

## RELIEF DEFENDANTS' CONSOLIDATED RESPONSE TO THE SEC'S OPPOSITION [ECF NO. 1370] AND TO THE RECEIVER'S OBJECTION [ECF NO. 1369] TO RELIEF DEFENDANTS' EMERGENCY MOTION FOR AN ENFORCEMENT OF THE INJUNCTION AGAINST THE DOJ'S ACTION, OR IN THE ALTERNATIVE, FOR A RELEASE OF $9MM TO SATISFY THE BOND REQUIREMENTS OF THE FORFEITURE

Relief Defendants Shalini Ahmed, her three minor children I.I. 1, I.I. 2, and I.I. 3, I-Cubed Domains, LLC, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, DIYA Real Holdings LLC (together, the "Relief Defendants"), file this Response to the SEC's Opposition [ECF No. 1370] and the Receiver's Objection [ECF No. 1369] to the Relief Defendants' Emergency Motion for an Enforcement of the Injunction Against the DOJ's Action, or in the Alternative, for a Release of $9MM to Satisfy the Bond Requirements of the Forfeiture [ECF No. 1327]. The Relief Defendants reserve all rights.

## ARGUMENTS

The SEC's Opposition lacks any merit and makes several misrepresentations; while the Receiver's Objections are not in the interest of the Receivership Estate and both should be disregarded by this Court.

I.      **This Court Explicitly Included the Home as a Frozen Asset in its Preliminary Injunction Order**

Contrary to the SEC's argument that the Court recognized that the 505 North Street property ("home") was not included in the Preliminary Injunction Order, the Court ***explicitly*** froze the home and stated that "[T]his order applies, without limitation, to the following properties … iv. Real property located at 505 North Street, Greenwich, CT 06830."[1]   [ECF No. 113 at 21-22.]

The Court also made clear that "[N]o person or entity, including the Defendant, Relief Defendants, or any creditor or claimant against the Defendant or any of the Relief Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze … to impact the property and assets *subject to this order*; provided, however, that any party or non-party may seek leave from this order upon a proper showing."   [ECF No. 113 at 21.]

Thus, regardless of the status of the home as collateral for the Defendant's bail, it is clear that the home is a frozen asset that is properly under this Court's asset freeze order and that no entity, including the DOJ,[2] can move against the home – or any other frozen asset – without leave of the Court.

---

[1] The SEC now claims that the bond proceeds cannot be used to compensate victims in this case, "because the victims in the instant case are the not *[sic]* same victims in Defendant's insider trading case, and because the proceeds from the forfeiture will go to the Clerk of the U.S. District Court for the District of Massachusetts, not the Department of Justice."  However, the SEC has stipulated that the judgment in the MA civil insider trading matter could go towards the victims in this case (See *SEC v. Kanodia, et al.*, No. 15-cv-13042 (D. Mass.) (ECF No. 198)).  In addition, the SEC, along with a representative from the USAO, had spoken with Relief Defendants' counsel, in a call in August 2016, whereby the AUSA *explicitly agreed to place the bond proceeds towards the judgment in this case*.  Clearly, the AUSA had authority to do so in August 2016.  Nothing has changed between then and now for the authority to now all of a sudden disappear.  Surely the SEC and the AUSA knew what they were saying in August 2016 and presumably would not needlessly engage the Relief Defendants' counsel in dialogue stating that they would place the proceeds of bail forfeiture towards the judgment in this case when they did not have the authority to do so.  Nothing has changed since then.

[2] *United States v. Kanodia, et al.*, No. 1:15-cr-10131-NMG (D. Mass., Apr. 1, 2015).

The Relief Defendants are not adding the home to the corpus of frozen assets; ***it already is a frozen asset under this Court's Preliminary Injunction Order***, *which remains in effect*.  It is clear that the DOJ – in moving to declare the bond forfeited – has moved against frozen assets of $9MM, and then the home, another frozen asset, without seeking leave of approval from this Court.

The Court also subsequently explicitly declined to further address the issue of the home, only stating that "[T]he Final Judgment does not address that subject and does not include that residence among the assets available to satisfy the judgment against Mr. Ahmed."  [ECF No. 986 at 3.]

In addition, as stated in more detail *infra*, the home would only be forfeited *if* Ms. Ahmed cannot make the showing permitted under Fed. R. Criminal Proc. 46, and cannot pay the bond amount and if Ms. Ahmed does not make any payment required by the court in Massachusetts. As such, Ms. Ahmed has the ability to pay the bond amount, *but* for the asset freeze in place. Thus, the DOJ has moved not only against frozen assets, but also against frozen and Receivership assets of $9MM.

**II.    The Receiver Order Explicitly Prohibits Any Civil Action against the Defendant and/or Relief Defendants, and the Frozen Assets, Without Leave of this Court.**

Not only is the home a frozen asset, but also this Court explicitly ordered an injunction on all civil litigation against the Defendant and the Relief Defendants in the Receiver Order:

> 22. As set forth below, the following civil proceedings are stayed until further Order of this Court:  All civil legal proceedings of any nature … (a) against the Receiver … (b) to obtain possession of property of the Receivership Estate … (c) against any of the Defendants … [ECF No. 1070 at 13.]

The Relief Defendants have already provided ample caselaw from multiple circuits that a bond forfeiture proceeding is civil in nature, though it arises from a criminal matter.  [ECF

No. 1327 at 4-5.]   It is clear that the Second Circuit agrees.   *See United States v. Brooks*, 872 F.3d 78 (2d Cir. 2017) (collecting cases and holding that bail forfeiture is civil in nature). As such, the bond forfeiture proceeding is civil and falls under the Court's Receiver Order staying all civil litigation.[3]

### III.   The Court Has Enjoined "Any and All Ancillary Proceedings"

The SEC also conveniently fails to state that the Court, in its Receiver Order, also made it clear that:

> 23. The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, unless leave of this Court is obtained, including, but not limited to, the issuance or employment of process. [ECF No. 1070 at 13.]

The DOJ never moved the Court for leave to "commenc[e] or continu[e] any such legal proceeding, or from taking any action, in connection with any such proceeding …" and must be enjoined from continuing the bond forfeiture process.

### IV.   Authority to Enjoin the Injunction

The SEC states that the Court should be "dissuad[ed] from wading into this [bail forfeiture] dispute." [ECF No. 1370, n. 5.]  However, the Court has jurisdiction over the assets and over the Defendant and Relief Defendants, since the Court has frozen the assets,[4] and the Court has ordered a litigation stay on actions against the Defendant and Relief Defendants.  The Department of Justice should be advised to proceed accordingly.

---

[3] While the MA District Court has ruled otherwise, both Ms. Ahmed and the Defendant have filed notices of appeal on that Order and have moved to reconsider.  If the First Circuit rules that a bond forfeiture proceeding is criminal in nature, contrary to the various other Circuits ruling on the nature of a bond forfeiture proceeding, this Court would still be bound by the Second Circuit authority.  *United States v. Brooks*, 872 F.3d 78 (2d Cir. 2017).

[4] The SEC fails to inform the Court that the asset freeze was ordered on May 7, 2015 and Defendant left *after* that date.

V.     **The SEC Misrepresents the Bail Forfeiture Process.**

While the Relief Defendants are not bail forfeiture attorneys and are not yet being represented by one, it is clear that the SEC is misrepresenting the bail forfeiture process.

The bond securing the Defendant's appearance has been declared forfeited,[5] but the *home itself* has not and cannot been forfeited. Thus, the amount of $9MM has been declared forfeited.[6] It is only *if* Ms. Ahmed does not make the showing permitted under Rule 46, and then does not pay the forfeited bond amount, that the DOJ can begin to move against the home.  Therefore, the SEC claiming that the home is forfeited is completely erroneous and wrong.

In addition, Federal Rules of Criminal Procedure 46(g) states that:

> (g) **Exoneration**.  The court must exonerate the surety and release any bail when a bond condition has been satisfied or when the court has set aside or remitted the forfeiture.  The court must exonerate a surety who *deposits cash in the amount of the bond* or timely surrenders the defendant into custody.  (emphasis added).

Fed. R. Crim. P. 46 provides for a surety to deposit the amount of cash to be exonerated from the bond requirements. There are tens of millions of dollars frozen above the judgment amount and Ms. Ahmed cannot pay the $9MM bond amount, *but* for the asset freeze.[7]

VI.     **If the Court Does Not Enjoin the Enforcement of Injunction of the DOJ's Action, the Court Must Then Release Attorney Fees for the Relief Defendants in that Matter and Release $9MM to Satisfy the Bond Forfeiture Amount**

The SEC, in their Opposition, puts forth another misstatement – the Relief Defendants are first and foremost asking this Court to enforce its own Orders, which would include

---

[5] Ms. Ahmed and Defendant have filed Motions for Reconsideration and Notices of Appeal on the Order.

[6] Thus, the DOJ has moved against frozen assets of $9MM, in violation of this Court's freeze order *and* Receivership Order.

[7] The SEC erroneously states that "there is no agreement between Ms. Ahmed and the USAO to satisfy the bond with a $9 million dollar payment."  [ECF No. 1370 at 8.]  The bond amount is $9MM, secured by the home *if* that amount is not paid.  In addition, there doesn't have to be an agreement as Fed. R. Crim. P. 46(g) explicitly states that "The court must exonerate a surety who *deposits cash in the amount of the bond* ..." (emphasis added).

enforcing an injunction against the DOJ's Action, where they are moving against $9MM, frozen assets under this Receivership Order, or the home, a frozen asset.  Should the Court not enforce its own Injunction Order, only *then* are the Relief Defendants asking for a release of $9MM and attorney fees.  The unfairness and inequity of having the Relief Defendants lose their home when assets are potentially available to pay the bond, and the unnecessary costs which would be incurred at this time should the Department of Justice pursue collection of the $9 million or seek to foreclose on the home surely indicates the wisdom of making clear to the Department of Justice that it cannot proceed while the current orders are in effect.

1.   **The Court Cannot Deny Releasing Attorney Fees in the MA Bond Matter**

It is beyond dispute that that there are assets frozen over and above this Court's judgment of $64.4MM and this Receiver's estimate of $70.5MM (which is itself disputed).  The Court has recently noted that "the current value of the assets of the Receivership Estate likely exceeds that required amount [of judgment]" [ECF No. 1346 at 7] and the Receiver himself values the assets at $91.9MM, [ECF No. 1330-5 at 6] not even including additional assets (that the Receiver deemed "not necessary to value") and the allegedly forfeited Oak assets, which the Relief Defendants claim are not forfeited.  As such, the SEC's and Receiver's argument that the Court must refuse attorney fees to the Relief Defendants fails for multiple reasons:

a.   There is no caselaw or law anywhere that states that assets must be liquidated to secure a judgment before any excess assets are released.  It is clear and indisputable that there are tens of millions of dollars of assets frozen (not including assets not valued by the Receiver and not including the Defendant's allegedly forfeited Oak assets) over and above the judgment amount.

b.   *If* the appellate courts affirm this Court's rulings that these assets are effectively the Defendant's, the Defendant has already consented to the release of $350,000 for the Relief Defendants to be represented in the MA matter.

c. *If* the appellate courts find that these assets belong to the Relief Defendants, the SEC and the Receiver cannot keep the Relief Defendants from the use of their own funds.[8]

Thus, under both law and equity, the Court must release attorney's fees for the Relief Defendants to be represented in the MA Bond Matter.

If the SEC is so concerned about the security of its judgment, then it would seem to be in the SEC's interest to support the enforcement of the current orders. Moreover, if the Department of Justice is allowed to pursue assets as a result of the bond forfeiture, by allowing attorney fees, it may be possible for Relief Defendants to obtain a reduction or a remission of the $9MM bond,[9] or perhaps even an agreement that any bond proceeds are to be put towards this judgment (further securing the SEC's judgment in this matter).

The Receiver also, does not care to acknowledge the negative impact on the Receivership Estate of allowing the DOJ's action, in violation of this Court's orders, to continue without the release of attorney fees for the Relief Defendants to be represented in this matter.[10] A release of attorney fees, if the DOJ's action is not enjoined, will aid the Relief Defendants in defending in the bond forfeiture process and as stated, could very well result in a set-aside, a reduction in the bond amount or an application towards the SEC's judgment in this case, all which help the

---

[8] This argument is strengthened if the Supreme Court finds that there is no statutory authority, or limits the availability, of disgorgement, in the pending case *Liu v. SEC.*

[9] Indeed, to argue effectively for a set-aside, reduction or remission of the bond, or to putting the bond proceeds towards the SEC's judgment, the Relief Defendants need to be represented by counsel. The SEC itself admits that Ms. Ahmed has a right "to have the forfeiture set aside pursuant to Fed. R. Crim. P. 46(f)(2) if the surety later surrenders her husband into custody or if it is found that justice does not require bail forfeiture." [ECF No. 1370 at 7.] But the assistance of counsel is needed even in this situation.

[10] The Receiver's opposition to the release of attorney fees in this matter makes no sense. [ECF No. 1369 at 3-4]. The lack of Relief Defendant attorney representation harms the Receivership Estate, and the Receiver contradicts himself with his opposition, as he clearly stated in his Receiver Report that approximately $18.7 million are "not needed to pay the judgment at this time" [ECF No. 1130-1 at 3.] He also clearly stated that he did not intend to object to the SEC's request to an asset freeze order in the MA Civil insider trading case because it related to "assets not necessary to fully secure the judgment in the instant [CT] matter." [ECF No. 1138.] The value of the assets under the Receiver has increased since then. The Receiver cannot now take a contradictory stance to his earlier statements simply because it is the Relief Defendants requesting a release of attorney fees and not the SEC for a judgment.

Receivership Estate.  In addition, while the Receiver opposes the release of attorney fees for this matter and the $9MM to satisfy the bond requirement [ECF No. 1369], it is clear and indisputable that the Court has over-frozen assets, which is against the Receiver's mandate. [ECF No. 1070 at 5].  The Relief Defendants have every legal and equitable right to seek the release of any amounts *over* the judgment amount _under any circumstances_, but only seek it here particularly if the Court does not enjoin the injunction against the DOJ's action.[11]

### VII.   The Relief Defendants' Request is Appropriate under Both Law and Equity.

The Relief Defendants' request is appropriate under both law and equity.  As already stated, the Court cannot over-freeze assets and indeed, one of the Court's goals for the Receivership was to "avoid over-freezing" [ECF No. 1070 at 5].  Here, the Relief Defendants are asking for an enforcement of the injunction against the DOJ's action until the instant case is resolved.  If the Court does not enforce the injunction, then a release of attorney fees for the Relief Defendants to be represented in the MA Bond Matter is entirely appropriate as none of the Relief Defendants are lawyers or have any legal training.  In a situation where the bond amount is $9MM, where the assets are over-frozen by tens of millions of dollars, and where there is harm to three minor children, as the home is the primary residence where Ms. Ahmed and her three minor children live, both law and equity support the release of funds, both for attorney fees in this matter and to satisfy the bond amount.

Ms. Ahmed does not know what steps happen next in the forfeiture process or how to effectively present or defend in the MA Bond Matter and requires the guidance and aid of

---

[11] Contrary to the Receiver in this instant case, the receiver in *SEC v. Illarramendi* recognized that "his interest in preserving the status quo is strong … [and that the] balancing of interest must also include costs for the defense of any action against Directors …[as they would] likely "pursue a claim against the Receivership Estate for attorney's fees and costs associated with defending against the Adversary Proceeding"" *SEC v. Illarramendi,* Civil No. 3:11-CV-78 (JBA), at *9 (D. Conn. Jan. 25, 2012).  It is no different here, especially when there is are tens of millions of dollars of assets that have been over-frozen in excess of the SEC's judgment amount.

counsel in this matter, especially as there are multiple defenses in the matter that must be adequately presented to the MA Court in a proper legal manner, which only a lawyer can do. Ms. Ahmed has filed a Motion to Reconsider and has appealed the Order declaring the Bond Forfeited, but has no legal background or knowledge to adequately defend the matter.

In addition, as already stated, as per the Federal Rules of Criminal Procedure 46(g), Ms. Ahmed is exonerated when the "bond condition has been satisfied or when the court has set aside or remitted the forfeiture."  It is not only in the Relief Defendants' interests to be represented in this matter, but also the Receivership Estate's interest as any set-aside or reduction of the bond amount reduces the amount of assets to be used towards the bond.  In addition, having representation to effectuate any agreement to using the bond proceeds towards the SEC's judgment – as the SEC themselves stipulated in the MA Civil Insider Trading Settlement[12] – only further secures the SEC.

Fed. R. Crim. P. 46(g) also provides for a surety to deposit the amount of cash to be exonerated from the bond requirements.  There are tens of millions of dollars frozen above the judgment amount.  Thus, Ms. Ahmed cannot pay the $9MM bond amount, *but* for the asset freeze.  As such, the Court must either enforce the injunction or release the $9MM[13] (plus attorney fees) from the asset freeze.

---

[12] *SEC v. Kanodia, et al.*, No. 15-cv-13042 (D. Mass.) (ECF No. 198 at 3.)

[13] The SEC claims that "this request [for a release of $9MM] is premature because the USAO has not yet moved to forfeit the Greenwich Residence, Ms. Ahmed has not yet sought to have the forfeiture set aside pursuant to Fed. R. Crim. P. 46(f)(2), and because the SEC understands there is no agreement between Ms. Ahmed and the USAO to satisfy the bond with a $9 million dollar payment."  [ECF No. 1370 at 8.]  However, if the Court does not enjoin the DOJ's action or release attorney fees to deal with this matter, then the Court will need to release $9MM to satisfy the bond, especially since significant assets are frozen in excess of the judgment amount.  Ms. Ahmed is not an attorney, nor does she have any knowledge in the bond forfeiture process, to be able to adequately defend against the DOJ in this matter without proper legal counsel.

## VIII.  <u>Conclusion</u>

For the reasons set forth above, the Relief Defendants request that the Court grant their

Motion and enforce the injunction against the DOJ's action or in the alternative, release $9MM

(plus attorney's fees) to satisfy the bond requirements of the forfeiture.

Respectfully Submitted,


By: <u>/s/ Paul E. Knag</u>
    Paul E. Knag – ct04194
    pknag@murthalaw.com
    Murtha Cullina LLP
    177 Broad Street, 16th Floor
    Stamford, Connecticut 06901
    Telephone: 203.653.5400
    Facsimile:  203.653.5444

    *Attorneys for Relief Defendants*
    *I-Cubed Domain, LLC, Shalini Ahmed,*
    *Shalini Ahmed 2014 Grantor Retained*
    *Annuity Trust, Diya Holdings, LLC, Diya*
    *Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing RELIEF DEFENDANTS' CONSOLIDATED RESPONSE TO THE SEC'S OPPOSITION [ECF NO. 1370] AND TO THE RECEIVER'S OBJECTION [ECF NO. 1369] TO RELIEF DEFENDANTS' EMERGENCY MOTION FOR AN ENFORCEMENT OF THE INJUNCTION AGAINST THE DOJ'S ACTION, OR IN THE ALTERNATIVE, FOR A RELEASE OF $9MM TO SATISFY THE BOND REQUIREMENTS OF THE FORFEITURE will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

*/s/ Paul E. Knag*
Paul E. Knag – ct04194