UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>       Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>       Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>December 18, 2019 |

**RECEIVER'S REPLY TO DEFENDANT'S RESPONSE TO THE
NOTICE REGARDING DEFENDANT'S APPARENT FAILURE
TO COMPLY WITH THE APPOINTMENT ORDER**

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate (the "Receiver"), through his undersigned counsel, respectfully submits this reply (the "Reply") addressing various assertions apparently[1] made by the defendant, Iftikar Ahmed (the "Defendant"),

---

[1] The Receiver continues to act under the belief that documents purportedly sent by the Defendant from the email address iftyahmed@icloud.com are in fact being sent by the Defendant, for reasons explained herein. The Receiver only qualifies this conclusion with "apparently" because the Defendant denies having any access to that very email address.

1

in the Defendant's Response to the Receiver's Notice [Doc. #1376] Regarding Defendant's Failure to Comply with the Appointment Order [Doc No. 1377], filed in December 10, 2019 (the "Response"). In support thereof, the Receiver respectfully represents as follows.

Regardless of who sent the November 1, 2019, email (the "Nov. 1 Email") attached to the Receiver's Notice Regarding Defendant's Apparent Failure to Comply with the Appointment Order (the "Notice") as **Exhibit A**, there can be no dispute that someone apparently offered to take action on behalf of The Essell Farms, LLC ("Essell Farms"). This would constitute an apparent failure to comply with the Appointment Order² if such person had notice of the Appointment Order.

In his Response, the Defendant claims that, "as the Defendant has repeatedly stated, he no longer has access to any of his email accounts," and "the Defendant's Indian counsels now control all of his personal email accounts." (Response, at 1-2.) The Defendant further claims that the Nov. 1 Email "was written not by the Defendant," again, because the "email account is now fully under the control of the Defendant's Indian counsel." (*Id*., at 2.) Based upon the Receiver's purportedly mistaken assumption that the Defendant had sent the Nov. 1 Email (from iftyahmed@icloud.com), the Defendant asserts that the Receiver lacks impartiality, to say the least.

The Receiver submits this Reply to make two points. First, even if the Nov. 1 Email had been sent by the Defendant's lawyer, Jaideep Amritraj, Esq., he did so on the Defendant's behalf as his agent and the Defendant is responsible for the acts of his counsel. *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) (litigants who "voluntarily chose [an] attorney as his [or her] representative in the action… cannot … avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of

---

² Unless expressly defined otherwise, the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report") are incorporated herein by reference.

representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'")

Second, the Defendant's contention lacks any semblance of credibility. The Receiver's counsel filed the Notice on December 10, 2019, and received ECF confirmation at 10:58 a.m. ET. The confirmation (and this Court's docket) reflect that electronic service of the Notice had been made upon "Iftikar Ahmed," to "IFTYAHMED@ICLOUD.COM" (capitalization in original). The Receiver's counsel served a courtesy copy of the Notice upon the Defendant by email to iftyahmed@icloud.com and jaideep@amritrajassociates.com at 11:01 a.m. ET. At 12:40 p.m. ET the same day, December 10, 2019, the Receiver's counsel received notice via automated ECF email that the Defendant had filed his response (which, as noted above, denies any access to the very email address through which he received copies of the Notice).

Even the Defendant's Response—where he claims that he has no control over the email address—is signed "/s/ Iftikar Ahmed" with his email address identified as "iftyahmed@icloud.com." The signature line further has the notation "*Pro se*." The email exchanges appended as exhibits to the Response—asserted in the Notice *to have been sent by the Defendant*—are all sent from the email address iftyahmed@icloud.com. Moreover, service of the Response came from the email address iftyahmed@icloud.com, and the email stated as follows:

> Attached your courtesy copies of my recent filing.
> Thanks and regards,
> Iftikar

Numerous subsequent pleadings filed on the docket all purport to have been signed by the Defendant with the address iftyahmed@icloud.com.

Finally, the Defendant specifically requested that the Receiver separately serve a copy of all filings upon the Defendant as the address he provided to us, iftyahmed@icloud.com, as well as jaideep@amritrajassociates.com. The Receiver and his counsel have not subsequently received

3

any objection to this method of service or direction to forward a copy of the Receiver's filings to any other address. Even just today, the Defendant filed "*pro se*" his Defendant's Motion for Courtesy Email Copies of all Submissions [Doc. No. 1393] requesting that this Court order all parties making their submissions to this Court "email courtesy copies of their submissions to the Defendant…just as the SEC and the Receiver has been doing all along." The motion is signed "/s/ Iftikar Ahmed" and the email address provided was iftyahmed@icloud.com.

Accordingly, the Receiver's conclusions that the Defendant sent (or Jaideep Amritraj, Esq. sent on his behalf) the Nov. 1 Email from iftyahmed@icloud.com and that the Defendant had apparently violated the Appointment Order, were warranted under the circumstances.

Dated at Bridgeport, Connecticut, this 18th day of December, 2020.

        Respectfully submitted,
        JED HORWITT, ESQ., RECEIVER


        */s/ Stephen M. Kindseth*
        Stephen M. Kindseth (ct14640)
        Christopher H. Blau (ct30120)
        Zeisler & Zeisler, P.C.
        10 Middle Street, 15th Floor
        Bridgeport, CT  06604
        Telephone: 203-368-4234 X 236
        Facsimile: 203-549-0903
        Email: cblau@zeislaw.com;
        skindseth@zeislaw.com
        *Counsel to the Receiver*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2019, a copy of the foregoing Reply was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

                                               */s/ Stephen M. Kindseth*
                                               Stephen M. Kindseth (ct14640)