## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> IFTIKAR AHMED <br><br> Defendant, and <br> and <br><br> IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents <br><br> Relief Defendants. | Civil Action No. <br> 3:15-cv-675-JBA <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> December 30, 2019 |

## RECEIVER'S OBJECTION TO DEFENDANTS' EMERGENCY MOTION
## FOR FEES TO RETAIN COUNSEL IN THE AAA PROCEEDING

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully objects (the "Objection") to the Defendant's Emergency Motion for Fees to Retain Counsel in the AAA Proceeding [Doc. No. 1371] (the "Motion"), filed on December 9, 2019. In support thereof, the Receiver respectfully represents as follows.

---

[1] Unless expressly defined otherwise, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report").

The Motion seeks a release of at least[2] $350,000 for the Defendant to retain counsel to represent him in connection with a certain arbitration proceeding (the "Arbitration") between the Defendant and Oak Management Corporation ("Oak"). The Receiver objects to the release of such funds for two reasons.

First, in the Receiver's view, utilizing Receivership Assets to retain and pay for counsel to represent the Defendant's interests in the Arbitration does not advance any interest of the Receivership Estate because, *inter alia*, at this time the Arbitration has no impact on the Receiver's ability to perform his duties under the Appointment Order and fully secure the Judgment.

Second, as the Receiver has stated in recent filings, the aggregate value of the distributions requested by the Defendant and Relief Defendants for attorneys' fees causes the Receiver some concern given the Receivership Estate's continued exposure to market risk. Until the liquidation process is complete and the Required Amount is fully secured by deposits into the CRIS account, there are no Receivership Assets that, in the Receiver's view, are truly excess. However, given the present cumulative value of the Receivership Assets, the Receiver took no position with respect to the Relief Defendants' motion seeking a release of $350,000 to Murtha Cullina LLP. (*See* Relief Defendants' Emergency Motion to Modify Asset Freeze Order to Release Funds to Pay Murtha Cullina's Fees and Disbursements Since Appointment of Receiver, or in the Alternative, to Withdraw the Appearance of Counsel [Doc. No. 1171] (the "MC Motion"); Statement of Receiver's Position Concerning the MC Motion [Doc. No. 1195].) The Receiver also took no position with respect to the Relief Defendants' Emergency Motion for a Ruling on Relief Defendants' Appellate Fees, in Light of the Court's Recent Ruling on Defendant's Rule 59(e) Motion [Doc. No. 1273], seeking the release of $350,000 to fund their appellate counsel's fees.

---

[2] Pursuant to footnote 4 in the Motion, the Defendant may seek a release of funds in excess of this $350,000.

(*See* Statement of Receiver's Position Concerning the JB Motion [Doc. No. 1282].)[3] Additionally, the Receiver took no position as to the Defendant's Emergency Motion for a Ruling on Defendant's Appellate Fees, in Light of the Court's Recent Ruling On Defendant's Rule 59(E) Motion [Doc. No. 1288] (the "Defendant Appellate Motion"), seeking a release of up to $500,000 to retain appellate counsel for the Defendant. (*See* Statement of Receiver's Position Concerning the Defendant Appellate Motion [Doc. No. 1294].)

Thus, setting aside the request of Harris St. Laurent LLP for approximately $1.8 million in attorneys' fees and expenses as well as Murtha Cullina LLP's request for pre-Receivership attorneys' fees and expenses, there remains approximately $1.2 million in requested attorneys' fees and expenses for the Defendant and Relief Defendant's various counsel, $350,000 of which this Court has granted. At this time, the Receiver opposes any further release of funds from the Receivership Estate to pay for the Defendant and Relief Defendants' counsel.

Finally, the Receiver notes that from recent filings the Defendant appears to be operating under a misunderstanding with respect to the Receiver's position concerning a secondary asset freeze (the "MA Freeze") arising out of *SEC v. Kanodia, et al.*, No. 1:15-cv-13042-ADB (D. Mass.) (the "Civil Insider Trading Case"). (*See* Defendant's Reply to Receiver's Response [Doc. #1372] to Defendant's Emergency Motion [Doc. #1322] for Fees to Retain Counsel, [Doc. No. 1388], at 5-6 ("the Receiver contradicts himself with his opposition as… he did not intend to object to the SEC's request to an asset freeze order in the MA Civil insider trading case….").) The Receiver seeks to correct the Defendant's misunderstanding.

The Receiver did not object to his appointment as a receiver in the Civil Insider Trading Case in connection with the MA Freeze "because[, *inter alia*,] the asset freeze and any future

---

[3] On September 16, 2019, this Court entered its Ruling Granting Relief Defendants' Emergency Motion for Appellate Attorney Fees [Doc. No. 1287].

judgment in the Civil Insider Trading Case would only apply to, and be satisfied by, assets not necessary to fully secure the judgment in the instant matter, including costs associated with the administration of the Receivership Estate." (Plaintiff United States Securities and Exchange Commission's Notice of Asset Freeze and Expected Appointment of Receiver in SEC v. Kanodia, Et Al., 15-cv-13052 (D. Mass.) [Doc. No. 1138], at 5.) That is, because the Judgment and costs associated with the administration of the Receivership Estate in *this* case would be superior to the MA Freeze and the MA Freeze would only apply to excess Receivership Assets (if such Receivership Assets existed), the Receiver had no objection to the MA Freeze. (*See* Receiver's Motion Pursuant to Paragraph 5(J) of the Order Appointing Receiver Regarding His Possible Appointment as Receiver in SEC v. Kanodia, Et Al [Doc. No. 1169], at 3 ("… the rights and interests of the receiver and the receivership estate in the Civil Insider Trading Case would be expressly subordinate to the rights and interests of the Receivership Estate created pursuant to the Appointment Order in this action.").) To interpret this, as the Defendant appears to, as the Receiver believing that there are or were sufficient Receivership Assets to secure the Judgment, pay for the costs of the Receivership Estate, *and* fully secure the MA Freeze is incorrect.

Wherefore, for the reasons set forth above, the Receiver respectfully submits that the Court should deny the Motion, sustain this objection, and grant such other and further relief as it deems just and proper.

Respectfully submitted,
JED HORWITT, ESQ., RECEIVER


 */s/ Christopher H. Blau*
Stephen M. Kindseth (ct14640)
Christopher H. Blau (ct30120)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06604
Telephone: 203-368-4234 X 236
Facsimile: 203-549-0903
Email: cblau@zeislaw.com;
skindseth@zeislaw.com
*Counsel to the Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2019, a copy of the foregoing Objection was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.


 */s/ Christopher H. Blau*
Christopher H. Blau (ct30120)