UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>     v.<br><br>IFTIKAR AHMED,<br><br>                    Defendant, and<br><br>IFTIKAR AHMED SOLE PROP; *et al*<br><br>                    Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA)<br><br><br><br><br><br><br><br>January 04ᵀᴴ, 2020 |

**DEFENDANT'S RESPONSE TO THE SEC'S OPPOSITION [DOC. #1399] TO DEFENDANT'S EMERGENCY MOTION [DOC. # 1371] FOR FEES TO RETAIN COUNSEL IN THE AAA PROCEEDING**

The *pro se* Defendant submits this Response to the SEC's Opposition [Doc. #1399, "Opposition"] to the Defendant's Emergency Motion for Fees to Retain Counsel in the AAA proceeding [Doc. #1371, "Motion"]. The Defendant reserves all rights.

**ARGUMENTS**

The SEC's Opposition lacks any legal and factual reasoning, and must be disregarded by the Court.

*First*, the SEC requests that the Court "decline to release assets that have already been pledged to secure the judgment pending satisfaction of that judgment." [Doc. #1399 at 2.] The SEC's statement is erroneous and attempts to mislead this Court. Neither the Defendant nor the

1

Relief Defendants *pledged* nor requested (contrary to the SEC's flawed assertions)[1] that the assets that are securing the Judgment continue to be frozen as a *supersedeas* bond, rather it was the Court that ordered that the asset freeze continue as a *supersedeas* bond.

However, the Court has also been absolutely clear it does not want to over-freeze assets ("…but I'm concerned, as the parties have been concerned, that we **_not_** exceed the amount of assets needed to remain frozen… valuing some ballpark that would give the Court assurance that it hasn't – it's not freezing more than necessary, by some order of magnitude – or releasing, being able to release/unfreeze certain assets that do rise above any possible limits." Doc. #1042 at 4, lines 9-19; *see also* "…given the need to value the frozen assets and **_avoid over-freezing_**" Doc. #1070 at 5 (avoiding over-freezing as one of Receiver's mandates)) (emphasis added). Should the Defendant "pledge" assets, he would be happy to give a list of assets to this Court for what he believes can be used to secure his judgment, pending *Liu* and appeals.

*Second*, as the Defendant has noted multiple times, there are tens of millions of dollars of assets over-securing the SEC's judgment. The SEC cannot, by law and equity, retain funds that the Defendant needs, especially for his legal defense, even if those assets are frozen pending appeals and now in light of the impending Supreme Court decision in *Liu*. The Defendant has every legal and equitable right to seek the release of *any* amounts over the judgment under *any* circumstance. The Court itself has also noted assets frozen in excess of the judgment amount, as "the current value of the assets of the Receivership Estate likely exceeds [the judgment amount

---

[1] The SEC attempts to mislead this Court by stating that the "Defendant specifically requested … [that the Court] treat the frozen assets "as the equivalent of a *supersedeas* bond, over-securing the Judgment…" [Doc. #1399 at 1-2]. The Defendant **_never_** "specifically requested" this and it was the Court that ordered as such without any input from the Defendant (or the Relief Defendants) on December 14, 2018.

In addition, the SEC further misleads the Court by attempting to (mis)quote the Relief Defendants, who simply state the fact that "[T]his Court has ordered the continuation of the asset freeze as a *supersedeas bond*, pending appeal." [Doc. #1399 at 2]. Nowhere have the Relief Defendants ever *requested* a *supersedeas* bond on their (or Defendant's) assets.

that the Receiver estimates]²" [Doc. #1346 at 7]. The Receiver has stated that the value of the assets under the Receiver is $91.9M (not including assets he deemed not necessary to value and not including Defendant's allegedly forfeited Oak assets³). [Doc. #1330-5 at 6]. The assets frozen are tens of millions of dollars above any judgment amount, which itself could be "substantial[ly] impact[ed]… [by a decision in *Liu*]" [Doc. #1346 at 6] and/or appeals.

In addition, while the SEC would be content to continue denying any entitled rights to the Defendant for his use of his assets for his benefit, it is clear that even when the assets frozen are below the judgment amount, courts have released assets for defendant's legal defense as long as the funds frozen are above just the disgorgement amount. *See SEC v. Santillo*, 18-cv-5491 (JGK), at *13 (S.D.N.Y. Jul. 11, 2018) ("To unfreeze assets to pay for attorneys' fees in any civil action, including an SEC civil enforcement action, "the defendant must establish that the funds he seeks to release are untainted and that there are sufficient funds to satisfy any ***disgorgement*** remedy that might be ordered…" *Stein*, 2009 WL 1181061, at *1. Hence, assets should remain frozen when the defendant has not demonstrated that there are sufficient frozen assets to pay ***disgorgement***. *See*, e.g., *SEC v. Lauer*, 445 F. Supp. 2d 1362, 1369 (S.D. Fla. 2006) (collecting cases); *SEC v. Current Fin. Servs.*, 62 F. Supp. 2d 66, 68 (D.D.C. 1999). "Under this standard, defendants have been barred from utilizing frozen assets to pay legal fees associated with representation in a civil action when it is not clear 'whether the frozen assets exceed the SEC's request for damages' or ***disgorgement***." *FTC Capital Mkts.*, 2010 WL 2652405, at *7 (quoting *SEC v. Bremont*, 954 F. Supp. 726, 733(SDNY1997))" (emphasis added)).

---

² The Defendant reiterates his Opposition to the Receiver's calculation of the judgment, which is in dispute and *sub judice*. The Defendant reserves all rights to object to and oppose the Receiver's calculation of the judgment.

³ The Defendant does not waive any rights to his *allegedly* forfeited or any other assets at Oak by way of this statement and explicitly reserves all rights on those assets.

3

Thus, it is clear that not only are there funds well above the judgment amount, there are funds frozen that are **<u>at least $50MM above the disgorgement amount</u>**. *See S.E.C. v. Duclaud Gonzalez de Castilla*, 170 F. Supp. 2d 427, 430 (SDNY 2001) (balancing factors and releasing funds for attorneys' fees).

*Third*, attorneys are expensive and the Defendant cannot afford any counsel without the release of his own funds to retain such counsel. The Defendant is indigent as a result of the asset freeze ordered by this Court. He is a cancer patient in need of medical treatment; he is unable to get employment as he is stateless and without any legal papers held in India; and he is now in a precarious situation where he needs living expenses just to survive. The Defendant has been sleeping on various friends' couches, yet such generosity is also limited and imminently going to end.

The SEC claims that the Defendant's mother, who is a widowed retired school principal, is wealthy, based off of a confidential and privileged email between the Defendant and his spouse from nearly 15 years ago. [Doc. #1399 at 3]. The SEC has no proof of any such wealth even as that is really none of their business.[4]

*Fourth*, contrary to their ludicrous claims, the Defendant is not confined by his choice to the jurisdiction of India. It is the SEC's obstinate and unreasonable opposition to the release of any funds for the Defendant's defense that has caused the Defendant to still be stuck in India.

1. **<u>No court has made the determination that the Defendant is a fugitive.</u>**

---

[4] The Defendant and his spouse retain the right to seek any and all damages against Oak and the SEC and any other persons or entities for the public filing of their personal, confidential, and privileged communications, which neither the Defendant nor his spouse have waived, and have explicitly preserved.

No court including this Court has made the determination that the Defendant is a fugitive, simply because he is not. There has been no hearing or briefing on the matter, even as it has no relevance on any release of funds for Defendant to retain counsel.

**2. The Defendant is retained in the jurisdiction of India by the Indian courts.**

As the Defendant has said multiple times, he is confined to the jurisdiction of India and cannot leave until his pending Indian matters are resolved. [Doc. #1383-2].

**3. The SEC has, at every instance, thwarted the Defendant's attempts at resolving his current situation in India.**

As the Court is well aware, the SEC has opposed each and every application of the Defendant's for a release of funds to retain counsel in India. The SEC has also opposed a nominal release of $35,000 for legal counsel to visit the Defendant in India to effectuate his return.[5] The SEC cannot now, when it has opposed each instance of the Defendant attempting to resolve his Indian matters, bring up that the Defendant is not yet back in the United States; a direct consequence of their actions and their actions alone. It is only the SEC that is responsible for the Defendant being stuck in India. Period.

**4. The SEC totally misquotes the Fugitive Disentitlement Doctrine.**

The SEC, in their desperate bid to deny any release of any funds to the Defendant, mischaracterizes **18 US Code § 2466**, the FUGITIVE DISENTITLEMENT DOCTRINE, which states:

> "(a) A judicial officer may disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action or a claim in third party proceedings in any related criminal

---

[5] "Counsel has unsuccessfully sought to reach agreement with Plaintiffs, the SEC, and the United States Attorney's Office for the District of Massachusetts ("USAO-MA") regarding the release of a limited amount of funds to allow…Mr. Alex Lipman, to travel to India in order to work towards effectuating Mr. Ahmed's return to the United States. As background, given the pending case against Mr. Ahmed in India by the Indian Foreign Residents Registration Office, the purpose of the visit… would be to take all reasonable and prudent steps to effectuate Mr. Ahmed's return from India to the United States. The SEC has stated that it will oppose any motion for release of funds, including for the limited purpose outlined above." [Doc. #210 at 2-3; "Motion to Withdraw"]

>forfeiture action upon a finding that such person—
>
>(1)  after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, in order to avoid criminal prosecution—
>(A) purposely leaves the jurisdiction of the United States;
>(B) declines to enter or reenter the United States to submit to its jurisdiction; or
>(C) otherwise evades the jurisdiction of the court in which a criminal case is pending against the person; ***and***
>
>**(2) is not confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction.**" [6]  (emphasis added)

As the Defendant has stated innumerable times already and does so yet again, the Defendant is confined to the jurisdiction of India and cannot leave until his pending Indian matters are resolved. It is the SEC who has opposed, and the Court denied, any release of funds for the Defendant to address his pending Indian matters so he can return [Doc. #652, Order denying funds] and so, it is the SEC alone who is fully responsible for the Defendant being stuck in India.

*Fifth*, the SEC also complains that they cannot "sufficiently verify that the Defendant depends on the release of funds to hire counsel" [Doc. #1399 at 3], but the Defendant has already submitted multiple affidavits that he does not have any funds to hire counsel.  This Court has already determined that the Defendant is indigent in approving the Defendant's *in-forma pauperis* standing for appellate courts. [Doc. #1038]. Once the Court has made the determination that the Defendant is indigent, there is nothing more for the Defendant to prove to the SEC that he is indigent.

*Lastly*, it is clear that both the equities and law favor a release of funds for the Defendant to retain counsel in this matter. With the pending appeals and the Supreme Court case *Liu v. SEC,* disgorgement may very likely be eliminated in its entirety, it may be narrowed, the entirety

---

[6] https://www.law.cornell.edu/uscode/text/28/2466, accessed on December 7, 2019.

of the Defendant's assets at Oak may be used to offset any disgorgement. This Court itself stated that "[T]he Supreme Court's decision to grant certiorari in *Liu v. SEC* suggests that there is some possibility that it will determine that disgorgement is not a proper penalty in securities enforcement actions. And such a decision would have a substantial impact on the amount of the judgment in this case, a majority of which represents the disgorgement award…" [Doc. #1346 at 6-7] As such, the Court should release funds for the Defendant to retain counsel[7] in the arbitration.[8]

      **WHEREFORE**, for the reasons in his Motion and within, the Defendant respectfully requests that the Court grant his request for an Order.[9]

---

[7] The SEC's claims that "the requested release is vague and excessive" [Doc. #1399 at 4]. The Defendant is willing to produce such information publicly once the Court releases the funds, or to the Court in camera review, should the Court order as such prior to the release of funds.

[8] Indeed, the issue of an attorney for the Defendant in his appeal in this situation (with tens of millions of dollars of assets frozen above the judgment amount) was important enough that the Second Circuit stayed the Defendant's appeal pending the district court's decision on such issue and had also taken the request for fees under advisement, pending decision by the district court. There is no difference here.

[9] Should the Court deny the requested relief, the Defendant requests that the Court grant a temporary stay, or injunction, of the arbitration proceedings pending adjudication of an emergency motion to the Court of Appeals for a release of funds for the Defendant to retain counsel in the arbitration.

                                                  Respectfully Submitted,

Dated:       January 04TH, 2020       /s/ Iftikar Ahmed

                                                  Iftikar A. Ahmed
                                                  C/O Advocate Anil Sharma
                                                  Government Place East
                                                  Kolkata 700 069, India

                                                  Tel:   +91-983-008-9945
                                                  e-mail: iftyahmed@icloud.com

                                                  *Pro Se*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

| | |
|---|---|
| MR. NICHOLAS P. HEINKE, *ESQ.* <br> U.S. Securities and Exchange Commission <br> Byron G. Rogers Federal Building <br> 1961 Stout Street, Ste. 1700 <br> Denver, CO 80294 <br> (303) 844-1071 <br> e-mail: heinken@sec.gov | MR. MARK L. WILLIAMS, *ESQ.* <br> U.S. Securities and Exchange Commission <br> Byron G. Rogers Federal Building <br> 1961 Stout Street, Ste. 1700 <br> Denver, CO 80294 <br> (303) 844-1027 <br> e-mail: williamsml@sec.gov |
| MR. PAUL E. KNAG, *ESQ.* <br> Murtha Cullina, LLP <br> 177 Broad Street, 4th Floor <br> Stamford, CT 06901 <br> (203) 653-5400 <br> Fax: (203) 653-5444 <br> e-mail: pknag@murthalaw.com | MS. KRISTEN LUISE ZAEHRINGER, *ESQ.* <br> Murtha Cullina, LLP <br> 177 Broad Street, 4th Floor <br> Stamford, CT 06901 <br> (203) 653-5406 <br> Fax: (860) 240-5758 <br> e-mail: kzaehringer@murthalaw.com |