UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR AHMED SOLE PROP; *et al*<br><br>Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA)<br><br><br>January 04TH, 2019 |

**DEFENDANT'S RESPONSE TO RECEIVER'S OBJECTION [DOC. #1398] TO DEFENDANT'S EMERGENCY MOTION [DOC. #1371] FOR FEES TO RETAIN COUNSEL IN THE AAA PROCEEDING**

The *pro se* Defendant submits this Response to the Receiver's Objection [Doc. #1398, or "Response"] to the Defendant's Emergency Motion for Fees to Retain Counsel in the AAA proceeding [Doc. #1371, or the "Motion"]. The Defendant reserves all rights.

**ARGUMENTS**

The Receiver's Response once again displays his extreme and pathological bias against the Defendant by arguing against the constitutional and due process rights of the Defendant and his should objections must be disregarded by the Court.

1

I.  **The Receiver Errs in his Assessment of the impact of the AAA proceeding on the Estate.**

The Receiver blatantly errs in stating that "utilizing Receivership Assets to retain and pay for counsel to represent the Defendant's interests in the Arbitration does not advance any interest of the Receivership Estate because, *inter alia,* at this time the Arbitration has no impact on the Receiver's ability to perform his duties under the Appointment Order and fully secure the Judgment." [Doc. #1398 at 2].

Not only is such a statement incredibly short-sighted and basically false, it is also against established caselaw and violates the Defendant's constitutional rights to the use of his own assets for his own defense.

*First*, the Relief Defendants have an appeal pending whereby it may be determined that their assets cannot be used to satisfy the Defendant's judgment. Such would have a substantial impact on the Receivership Estate on any assets that can be used for Defendant's judgment. It is astonishing that the Receiver absurdly claims that "the Arbitration has no impact… [to] fully secure the Judgment" when it is a fact that the Defendant has at least an additional $40 million (plus additional) assets at Oak that Oak has unilaterally seized.

*Second*, the other party in the arbitration is Oak, who is claiming to be the alleged victim in this case. Not only has Oak unilaterally seized well over $40MM of the Defendant's rightfully earned and vested assets (in addition to other assets that are his and that he is entitled to), Oak has held onto the Defendant's non-forfeited assets[1] (with absolutely no transparency to the Defendant) which are under this Receivership, and which are generating cash that is part of the Receivership Estate.

---

[1] The Defendant reserves all rights to all his Oak assets, whether allegedly forfeit or not and does not waive any rights to any of the Oak assets by way of this statement.

2

*Third*, as the Defendant has stated innumerable times before, there are tens of millions of dollars of assets frozen *over* the Judgment amount. Even the Court has acknowledged an excess of assets above even the Receiver's estimate of judgment (which itself is disputed and *sub judice*). In its Order granting a stay of liquidation pending Supreme Court decision in *Liu v. SEC*, the Court noted that "the current value of the assets of the Receivership Estate likely exceeds [the judgment amount that the Receiver estimates][2]" [Doc. #1346 at 7]. The Receiver has stated that the value of the assets under the Receiver is $91.9M (not including assets he deemed not necessary to value and not including Defendant's allegedly forfeited Oak assets[3]). [Doc. #1330-5 at 6]. The frozen assets are clearly and indisputably tens of millions of dollars above any judgment amount and the *Defendant has both a constitutional and ownership right to his assets to be used for any purpose*, but especially for his own defense.

## II. The Receiver's definition of Residual Assets contradicts his earlier statements.

The Receiver claims that "until the liquidation process is complete and the Required Amount is fully secured by deposits into the CRIS account, there are no Receivership Assets that, in the Receiver's view, are truly excess." [Doc. #1398 at 2]. However, the Receiver has stated otherwise to this Court and his arguments here are contradictory to his earlier statements only because it is the Defendant requesting a release of funds for his legal expenses.

### A. The Receiver Himself Agreed that there are Assets Not Needed to Satisfy the Judgment in This Case.

---

[2] The Defendant reiterates his Opposition to the Receiver's calculation of the judgment, which is in dispute and *sub judice*. The Defendant reserves all rights to object to and oppose the Receiver's calculation of the judgment.

[3] The Defendant does not waive any rights to his allegedly forfeited or any other assets at Oak by way of this statement and explicitly reserves all rights on those assets.

3

Besides the fact that the Receiver is mismanaging assets and causing substantial harm and loss to the Receivership Estate [Doc. #1354], the Receiver has made it clear that he is not interested in frozen assets that are not being used to secure the judgment. For example, besides the fact that the Receiver indicated that he would ***not object*** to the SEC's request to an asset freeze order in the MA Civil insider trading case because it relates to "assets not necessary to fully secure the judgment in the instant [CT] matter" in an amount *in excess of $4.6MM*,[4] and that there are approximately $18.7 million "not needed to pay the judgment at this time" [Doc. #1130-1, at 3], the Receiver has also stated that he would be prepared to release the farm from the asset freeze and not pursue physical collection of the Harry Winston earrings (not need to "liquidate 1820 Country Route 7 [Essell Farm] to secure the Judgment" [Doc. #1160 at 15] and "the Receiver intends to file a motion releasing the [farm] from the Receivership Estate in the near future" [Doc. #1160 at 21], that "the Judgment can be fully secured without liquidating any of the Receivership Private Investments" [Doc. #1160 at 16], and that "the liquidation of the Earrings was not necessary" [Doc. #1357-1]). It is also the Defendant who continues to urge the Receiver to update the value of his assets at Oak, at least the updated value of any cash distributions. Thus, the Receiver has repeatedly made it clear that there are several and significant assets over and above the judgment that he is not interested in where he has stated that liquidation is not necessary to secure the Judgment.

**B. The Judgment Amount is Disputed, *Sub judice* and under Appeals.**

The Court has also noted that a ruling in the Supreme Court case *Liu v. SEC* that "disgorgement is not a proper penalty in securities enforcement actions… would have a substantial impact on the amount of the judgment in this case…" [Doc. #1346 at 6]. Thus, not

---

[4] *SEC v. Kanodia, et al.*, 15-cv-13042 (D. Mass.) (Doc. #195).

only is the Judgment amount disputed and *sub judice*, it is under appeal and could be materially reduced and altered.

### III. The Defendant is Not Misunderstanding the Receiver's Position on the MA Civil Matter.

The Receiver claims that the "Defendant appears to be operating under a misunderstanding with respect to the Receiver's position concerning a secondary asset freeze…" [Doc. #1398 at 3]. The Defendant is not misunderstanding anything. And the Receiver does not clarify what the Defendant is misunderstanding.

*First*, the Receiver made it clear that he did not intend to object to the SEC's request to an asset freeze order in the MA Civil insider trading case **because** it relates to "*assets not necessary to fully secure the judgment in the instant [CT] matter.*" (emphasis added) [Doc. #1138 at 4]. Thus, here is yet another example where the Receiver has acknowledged assets frozen well beyond the Judgment amount that are "not necessary to… secure the [CT] judgment." The Receiver was fine with a secondary asset freeze in the amount of *over $4.6MM* in the MA Civil insider trading matter simply and **only** because it benefited the SEC. Yet, the Receiver **now** objects a release of the Defendant's (and Relief Defendants) own assets to be used to retain counsel over the amount of $1.2MM **only** because it is the Defendant who is requesting funds for his defense. The Receiver only makes a fool of himself with his repeated displays of blatant partiality and bias towards the SEC and against the Defendant with his self-contradictory positions, and the Court must disregard the Receiver's self-serving statements that are made only to please the SEC and contradicts themselves as it suits his lies.

*Second*, such objection is not only hypocritical, as the Receiver requests releases of funds for **his own** fees and expenses from the Defendant's and Relief Defendants' assets, it is also clear

5

and indisputable that the Court has over-frozen assets, which is against the Receiver's mandate. [Doc. #1070 at 5, ("…[appointing a Receiver] given the need to value the frozen assets and avoid over-freezing.")]. The Defendant has every legal and equitable right to seek the release of any amounts *over* the judgment *under any circumstance*.

## IV.    Conclusion.

**WHEREFORE**, for the reasons in his Motion and within, the Defendant respectfully requests that the Court grant his requests for funds so that he may be represented in the arbitration.

Respectfully Submitted,

Dated:     January 04TH, 2020          /s/ Iftikar Ahmed
                                       _____
                                       Iftikar A. Ahmed
                                       C/O Advocate Anil Sharma
                                       Government Place East
                                       Kolkata 700 069, India

                                       Tel:    +91-983-008-9945
                                       e-mail: iftyahmed@icloud.com

                                       *Pro Se*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

| | |
|---|---|
| MR. NICHOLAS P. HEINKE, *ESQ.*<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1071<br>e-mail: heinken@sec.gov | MR. MARK L. WILLIAMS, *ESQ.*<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1027<br>e-mail: williamsml@sec.gov |
| MR. PAUL E. KNAG, *ESQ.*<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5400<br>Fax: (203) 653-5444<br>e-mail: pknag@murthalaw.com | MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5406<br>Fax: (860) 240-5758<br>e-mail: kzaehringer@murthalaw.com |