UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR AHMED SOLE PROP; *et al*<br><br>Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA)<br><br><br>January 24TH, 2020 |

### DEFENDANT'S OPPOSTION TO THE RECEIVER'S [PROPOSED] ORDER DIRECTING PAYMENT OF RECEIVER'S APPROVED FEES AND EXPENSES [DOC. #1417]

The *pro se* Defendant humbly submits this Opposition to the Receiver's [Proposed] Order Directing Payment of Receiver's Approved Fees and Expense [Doc. #1417 or the "Proposed Order"].

The Court issued its Ruling [Doc. #1415 or the "Ruling"] Granting Receiver's Motions for Fees on the 22ND of January 2020.

The Defendant filed his Notice of Appeal [Doc. #1416] on Ruling Granting Receiver's Motions for Fees the very same day, the 22ND of January, 2020.

When a direct appeal from a decision of a United States district court is authorized by law, the appeal is commenced by filing a notice of appeal with the district court within the time provided by law after entry of the ruling sough to be reviewed.

1

The Defendant properly filed his notice of appeal on the Ruling; and hence, jurisdiction has shifted to the United States Court of Appeals for the Second Circuit at that instant.

The esteemed Court cannot sign the Proposed Order submitted by the Receiver at this time as it is now under the purview of the United States Court of Appeals for the Second Circuit and jurisdiction on this matter has shifted to the United States Court of Appeals for the Second Circuit.

Furthermore, if funds or monies belonging to the Defendant are dissipated by this Court while the appeal is pending, and the Court of Appeal finds for the Defendant, there is no way on earth that such monies belonging to the Defendant can be clawed back from the Receiver, without significant cost and efforts.  The cost of such legal action against the Receiver at a later point in time could be multiples higher than the amount of funds dissipated.   All assets remain frozen and so there is no risk to the Defendant at all if the United States Court of Appeals for the Second Circuit affirms the Ruling.

Finally, in light of the impending Supreme Court decision in *Lui v. SEC*, which may very obliterate the availability of disgorgement as a remedy available to the SEC, and the fact that the alleged victim Oak has already seized assets far greater than the penalties established by the Court, the net outcome may very well be that Oak would owe certain sums to the Defendant and not the other way around and the Defendant did not retain, neither appointed nor benefitted from the Receiver and he cannot be made to pay his bills.   If anything, Oak will have to bear that expense if it is decided that it is part of any judgment.   Thus, there can be no legal basis for the Receiver's invoices and bills to be imposed on the Defendant at this time, especially in light of the impending Supreme Court decision in *Lui v. SEC*.

Finally, the matter of the Receiver's fees is now *sub-judice* and under the purview of the United States Court of Appeals for the Second Circuit and this Court should not and cannot sign

and issue the Proposed Order as submitted by the Receiver. Doing so would not only be illegal and extrajudicial, it would be a deprivation of the constitutional right of the Defendant to his right to appeal.

Respectfully Submitted,

Dated: January 24TH, 2020    /s/ Iftikar Ahmed
_____
Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East
Kolkata 700 069, India

Tel:  +91-983-008-9945
e-mail: iftyahmed@icloud.com

*Pro Se*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

MR. NICHOLAS P. HEINKE, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

MR. MARK L. WILLIAMS, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

MR. PAUL E. KNAG, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
e-mail: pknag@murthalaw.com

MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
e-mail: kzaehringer@murthalaw.com