UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>　　　　Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>　　　　Relief Defendants. | Civil Action No.<br>　3:15-cv-675-JBA |

## ORDER DIRECTING PAYMENT OF RECEIVER'S
## APPROVED FEES AND EXPENSES

**WHEREAS**, in its Ruling Granting Receiver's Motions for Fees [Doc. No. 1415] (the "Fee Ruling"), this Court granted the First Interim Application for Professional Fees and Expenses Incurred by the Receiver and His Professionals [Doc. No. 1160] (the "First Application"), subject to a 20% holdback for the Receiver's and Zeisler & Zeisler, P.C.'s ("Z&Z") fees and subject to a reduction with respect to time billed for travel, and authorized and allowed the following amounts:

|              |              |
|---:|:---|
| **Receiver Fees** | $ 5,425.00 |
| **Z&Z Fees** | $157,547.50 |
| **Expenses** | $ 3,307.48 |
| **(Travel)** | ($2,094.75) |
| <u>**Total (After 20% Holdback)**</u> | <u>$131,348.18</u> |

**WHEREAS**, in its Fee Ruling, this Court granted the Second Interim Application for Professional Fees and Expenses Incurred by the Receiver and His Professionals [Doc. No. 1249] (the "Second Application"), subject to a 20% holdback for the Receiver's and Z&Z's fees, and authorized and allowed the following amounts:

|              |              |
|---:|:---|
| **Receiver/Z&Z Fees** | $92,879.20 |
| **Expenses** | $ 1,798.69 |
| <u>**Total (After 20% Holdback)**</u> | <u>$75,742.31</u> |

**WHEREAS**, in its Fee Ruling, this Court granted the Third Interim Application for Professional Fees and Expenses Incurred by the Receiver and His Professionals [Doc. No. 1330] (the "Third Application" and, jointly with the First Application and Second Application, the "Motions for Fees"), subject to a 20% holdback for the Receiver's and Z&Z's fees and subject to a reduction with respect to time billed for travel, and authorized and allowed the following amounts:

|              |              |
|---:|:---|
| **Receiver/Z&Z Fees** | $39,925.45 |
| **Mitofsky, Shapiro, Neville & Hazen, LLP Fees** | $ 2,555.00 |
| **Expenses** | $ 1,155.33 |
| **(Travel)** | ($85.20) |
| <u>**Total (After 20% Holdback for Receiver and Z&Z Fees)**</u> | <u>$35,351.46</u> |

**WHEREAS** the Receiver submits that the funds held in the Receivership Accounts, as the Third Application defines that term, and, specifically, sourced from the E*Trade account ending x6818 (the "x6818 Account") held in such Receivership Accounts, should be used to pay the amounts sought in the Motions for Fees for payment of the Receiver's and Z&Z's fees and expenses; and,

**WHEREAS** the Receiver submits that the funds in the Bank of America account ending x7632 (the "x7632 Account"), held by DIYA Real Holdings, LLC, should be used to pay the amounts sought in the Third Application for payment of Mitofsky, Shapiro, Neville & Hazen, LLP's ("MSNH") fees;

**IT IS HEREBY ORDERED** that:[1]

1. The Receiver shall transfer $239,886.96 from the Receivership Accounts and, specifically, sourced from the x6818 Account held in such Receivership Accounts, to an account held in the name of Z&Z in partial payment of the portions of the Motions for Fees seeking payment of the Receiver's fees, Z&Z's fees, and reimbursement for expenses;

2. The Receiver shall transfer $2,555.00 from the x7632 Account to an account held in

---

[1] Defendant objects to the issuance of this order, arguing that because he filed a Notice of Appeal [Doc. # 1416] of the Ruling Granting Receiver's Motions for Fees [Doc. # 1415], jurisdiction over this matter "has shifted to the United States Court of Appeals for the Second Circuit." (Def.'s Obj. [Doc. # 1418] at 2.) But the Ruling Granting Receiver's Motions for Fees is not appealable at this time. It is neither an appealable "final decision[]" under 28 U.S.C. § 1291, because it is not "an order that resolves the entire case," *Ritzen Group, Inc. v. Jackson Masonry, LLC*, __ S.Ct. __, 2020 WL 201023, at * 2 (Jan. 14, 2020), nor an appealable interlocutory decision regarding receivers under 28 U.S.C. § 1292(a)(2), because it is not an order "appointing [a] receiver[], or refusing orders to wind up [a] receivership[] or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." *See IIT v. Vencap, Ltd.*, 519 F.2d 1001, 1020 (2d Cir. 1975) (holding that order allowing distribution of assets of receivership estate was not appealable under § 1292(a)(2) because that statute "seems to have been properly read as directed only to situations in which an application has been made by an interested party to have the receivership completed by sales or other dispositions and the district court has refused so to order"). Thus, Defendant's objection is overruled.

the name of MSNH in payment of the portion of the Third Application seeking payment for MSNH's fees;

3. Pursuant to the Order Appointing Receiver [Doc. No. 1070], $59,971.74, representing the total amount held back from the amount sought in the Motions for Fees, will be paid out at the discretion of the Court as part of the final fee application submitted at the close of this Receivership;

4. Pursuant to the Ruling Granting Receiver's Motion for Authority to Employ Mitofsky, Shapiro, Neville & Hazen, LLP [Doc. No 1275], the $2,550.00 paid to MSNH under the authority of this Order shall be counted against the "interest and gains" attributable to Apartment 12F if that apartment is liquidated in satisfaction of the disgorgement portion of the judgment in this case; and,

5. The Receiver is authorized and directed to take all reasonable and appropriate actions necessary to effectuate the foregoing.

IT IS SO ORDERED THIS 27th day of January, 2020.

/s/
Janet Bond Arterton, U.S.D.J.