UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>  v.<br><br>IFTIKAR AHMED,<br><br>      Defendant, and<br><br>IFTIKAR AHMED SOLE PROP; *et al*<br><br>      Relief Defendants | Civil Action No. 3:15-cv-675 (JBA)<br><br><br><br>January 27TH 2020 |

**DEFENDANT'S EMERGENCY MOTION FOR CLARIFICATION OR RECONSIDERATION OF ORDER DIRECTTING PAYMENT OF RECEIVER'S APPROVED FEES AND EXPENSES [DOC. #1419]**

  The *pro se* Defendant respectfully requests clarification or reconsideration of the Order Directing Payment of Receiver's Approved Fees and Expense [Doc. #1419 or the "Order"]. The Defendant respectfully prays that the esteemed Court hold any payment of fees and expenses to the Receiver in abeyance, pending Second Circuit appeals. In further support of his motion, the Defendant states the following:

  1.  In its Order allowing for payment of the Receiver's fees and expenses, the Court specifically overruled the Defendant's objections [Doc. #1416], stating that the "Ruling Granting Receiver's Motions for Fees is not appealable at this time" [Doc. #1419, n. 1]. The Court further states that "[I]t is neither an appealable "final decision[] under 28 U.S.C. §1291… nor an appealable interlocutory decision regarding receivers under 28 U.S.C. § 1292 (a)(2)…"

1

2.	However, the Second Circuit has previously stated that "[W]e note at the outset that we have pendent appellate jurisdiction over what would normally be a nonappealable, interlocutory decision of the district court. *See San Filippo v. U.S. Trust Co. of New York, Inc.*, 737 F.2d 246, 255 (2d Cir. 1984) ("once we have taken jurisdiction over one issue in a case, we may, in our discretion, consider otherwise **_nonappealable_** issues in the case as well"). Here, the issues of the appointment of a receiver and of where to assess his costs, even though the latter is technically raised on the government's cross-appeal rather than on the defendants' appeal, are sufficiently intertwined to justify addressing them simultaneously." *U.S. v. Ianniello*, 824 F.2d 203, 209 (2d Cir. 1987)[1]  (emphasis added).

3.	Therefore, the Second Circuit does have jurisdiction over the issue of payment of fees and expenses to the Receiver.  The Second Circuit also has jurisdiction over the issue of who ultimately bears the Receiver's fees and expenses, if any, and what it gets attributed to.

As such, the Defendant humbly asks the Court to hold in abeyance any payment of any fees and expenses to the Receiver until the Second Circuit has properly addressed this issue, for which it has "pendant appellate jurisdiction."

---

[1] The Defendant notes that in the same case, the Second Circuit assessed the costs of the Receivership on the government, the SEC, pending the outcome of the litigation.

"Since the benefit of the receivership is thus enjoyed by the public, it seems appropriate at this stage to impose the costs of the receivership on the government, at least pending a resolution of its charges against the defendants. If it is established that Umberto's as a corporate entity has benefited from the receivership, it might then be appropriate to reimburse the government for some, or perhaps all, of the expenses of the receiver. That is a question, however, whose answer awaits the outcome of the underlying litigation." *U.S. v. Ianniello*, 824 F.2d 203, 209 (2d Cir. 1987).

Given the uncertainty of the judgment with *Liu v. SEC* and the appeals pending, the SEC should bear the cost of the Receiver at least until all appeals have been concluded.

Respectfully Submitted,

Dated:    January 27TH 2020         /s/ Iftikar Ahmed

                                                         _____
                                                         Iftikar A. Ahmed
                                                         C/O Advocate Anil Sharma
                                                         Government Place East
                                                         Kolkata 700 069, India

                                                         Tel:    +91-983-008-9945
                                                         e-mail: iftyahmed@icloud.com

                                                         *Pro Se*

## **CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

| | |
|---|---|
| MR. NICHOLAS P. HEINKE, *ESQ.*<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1071<br>e-mail: heinken@sec.gov | MR. MARK L. WILLIAMS, *ESQ.*<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1027<br>e-mail: williamsml@sec.gov |
| MR. PAUL E. KNAG, *ESQ.*<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5400<br>Fax: (203) 653-5444<br>e-mail: pknag@murthalaw.com | MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5406<br>Fax: (860) 240-5758<br>e-mail: kzaehringer@murthalaw.com |