UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>*Plaintiff*,<br>v.<br>IFTIKAR AHMED,<br>*Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>*Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>January 31, 2020 |

**RULING DENYING MOTION TO SATISFY STATE TAX DEBT**

Non-party Commissioner of Revenue Services of the State of Connecticut ("Commissioner") moves for an order "provid[ing] that the state tax debt" owed by Relief Defendant Shalini Ahmed to the state of Connecticut "is to be paid before residual property of the Receivership Estate is distributed to any Defendant or Relief Defendant." (Mot. to Satisfy [Doc. # 1113] at 3.) "Specifically, the Commissioner requests that this Court order the Receiver to satisfy the state tax debt with proceeds of the Receivership Estate prior to distribution of residual property of the Receivership Estate to the Defendant or Relief Defendants." (*Id.*) The Commissioner previously issued a tax warrant to People's United bank, and that bank attached funds pursuant to

that tax warrant, but the Commissioner later released the warrant "to avoid the conflict between this Court's Receivership Order and the Commissioner's tax warrant." (*Id.* at 2.) The total amount sought by the Commissioner was $171,642.04 as of January 2019. (*Id.* at 3.) That amount increases monthly by approximately $1,226.15. (*Id.*)

Because the Commissioner's motion "requests a proposed distribution from the residual property remaining *after* the judgment entered by this Court against the Defendant and Relief Defendants and all expenses incurred as part of the receivership proceeding have been fully paid or secured," the Receiver concludes that "the Motion and the granting thereof do not conflict with or impair the Receiver's ability to fulfill his duties" and thus the Receiver "takes no position" regarding the Commissioner's request. (Receiver's Resp. [Doc. # 1122] at 2.) The Receiver notes that "although it appears very likely that there will be residual property after the judgment and all expenses have been fully secured, it is not a certainty until the liquidation is complete." (*Id.*) Moreover, the Receiver warns that "any residual property may ultimately be in the form of illiquid assets that cannot be easily used to satisfy claims such as those made by the Revenue Commissioner." (*Id.*) The Commissioner responds that he "is not asking the Receiver be instructed to liquidate additional assets to satisfy the state tax debt" but rather seeks only "payment in U.S. currency, to the extent there is any residual U.S. currency," and will "pursue collection of the remainder of the debt from Ms. Ahmed directly, in the ordinary course" if no U.S. currency remains.[1] (Reply Supp. Mot to Satisfy [Doc. # 1128] at 3.)

---

[1] The Commissioner did not move to lift the Appointment Order's litigation stay, which applies to, *inter alia*, actions against the Relief Defendants or to obtain possession of property of the Receivership Estate. But such actions may be commenced if "leave of this Court is obtained," (Appointment Order at 13), and the Court will consider motions to lift the litigation stay, (*see, e.g.,*

2

Similarly, the SEC "takes no position" on the Commissioner's request "since it deals only with 'residual assets' remaining after the SEC's judgment is fully secured." (SEC Resp. [Doc. # 1124] at 1-2.) The SEC describes a "predicament in which the Commissioner (and other creditors of Defendant and Relief Defendants or other government agencies) find[] themselves due to the asset freeze": "assets or accounts that could be collected on or garnished" are presently frozen and thus unavailable, but once the asset freeze is lifted, "those assets will likely be immediately dissipated or removed from the jurisdiction of the U.S. courts" if released directly to Defendant or Relief Defendants. (*Id.* at 3.)

Relief Defendants oppose the Commissioner's request. (Rel. Defs.' Opp. [Doc. # 1121].) First, they argue that this Court lacks "jurisdiction to determine controversies relating to the state tax payments claimed against Ms. Ahmed" because the Court has jurisdiction "*only* over the amount of assets necessary to satisfy the judgment." (*Id.* at 3.) Second, Relief Defendants argue that the Commissioner's motion should be denied because "the Relief Defendants need to retain a tax attorney before tax matters can be addressed or resolved, but the freeze prevents them from doing so." (*Id.*)

Third, Relief Defendants dispute the Commissioner's claim, including "the amount, if any, of taxes due, and also interest and penalties." (*Id.*) Relief Defendants explain that they "had requested to the SEC multiple times that these tax payments be made during the pendency of the litigation," but the "SEC refused to consent to these payments each and every time, and, as such, the Relief Defendants should not now be liable for interest and penalties on taxes due." (*Id.*) Finally,

---

Ruling on Rel. Defs.' Mots. for Attorneys' Fees [Doc. # 1424]; Ruling on Mots. to Lift Lit. Stay [Doc. # 1167]).

3

Relief Defendants argue that the outcome of pending appeals in this case might "have an impact on the amount of taxes due" by "chang[ing] the judgment amount significantly or chang[ing] various classifications of the judgment as well as this Court's ruling that the Relief Defendants are nominees." (*Id.* at 4.)

The Commissioner responds that the "state tax debt is the product of Ms. Ahmed's income tax filings, not the determinations of the Commissioner," and that the "interest and penalties are statutory, not circumstantial and discretionary." (Reply Supp. Mot to Satisfy [Doc. # 1128] at 2.) Thus, the Commissioner argues, there can be no outstanding disputes regarding the status, amount, or interest on the tax debt owed by Ms. Ahmed. The Commissioner also notes that the Relief Defendants' argument that "Ms. Ahmed's tax liability may change . . . is wholly speculative, and entirely dependent upon any amended return she may someday file, or audit the Commission may someday perform," and that "[a]ny such future change in liability may be handled in the customary fashion, in due course, regardless of the collection of her state tax debt." (*Id.* at 3.) Moreover, the Commissioner contends, if Ms. Ahmed requested "in good faith" that the SEC make the tax payments at issue during the pendency of this litigation, then she "should have no objection to the tax debt being paid as requested by the Commissioner." (*Id.*)

The Commissioner describes a "conundrum the Receivership Order has placed [upon] creditors," explaining that "[o]rdinarily, funds in a bank account that are intended for the support of a debtor and her minor children would be subject to legal process by the debtor's creditors, such as a tax warrant," but "the Court's evident desire for the Relief Defendant to enjoy a monthly stipend" has caused some difficulty in that process. (*Id.* at 3-4) "Surely," the Commissioner continues, "the Court did not intend to immunize the Relief Defendants from liability for their debts, particularly tax debts owed to a sovereign state." (*Id.*)

4

The Court acknowledges the "predicament" described by the SEC and the "conundrum" laid out by the Commissioner. But the asset freeze in this case serves to secure the judgment against the Defendant, and the Court agrees with the Relief Defendants that its authority over those frozen assets does not extend to ordering their release to unrelated third parties after the judgment has been satisfied, as the Commissioner requests.[2] (*See* Mot. to Satisfy at 3.) For the foregoing reasons, the Commissioner's Motion to Satisfy the State Tax Debt [Doc. # 1113] is DENIED.

---

[2] The SEC notes that "it has no objection to a process by which third parties may seek to secure any 'residual assets' prior to their release to Defendant or Relief Defendants," (SEC Resp. at 2), but neither the SEC nor the Commissioner make any argument regarding the potential source of authority for this Court to serve as the mechanism through which third parties may access such residual assets, which are frozen for the purpose of ensuring that sufficient assets would be available to satisfy a judgment in this action.

Nonetheless, the Court also agrees with the Commissioner that it did not intend for the asset freeze in this case to effectively immunize Defendant or the Relief Defendants from liability for any debts which may be owed to third parties. The liquidation of assets in satisfaction of the judgment against Defendant has been stayed pending resolution of the appeals in this case. When that stay is lifted, the Court anticipates that the Receiver will file a revised proposed plan of liquidation, in which the Receiver will indicate which assets of the Receivership Estate he intends to liquidate and use to satisfy the judgment, and which assets he anticipates will not be needed to satisfy the judgment. Thus, once the Receiver is authorized to liquidate certain assets to satisfy the judgment, it will become apparent which assets will likely soon be released from the asset freeze and available for attachment.

IT IS SO ORDERED.

/s/
_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 31st day of January, 2020.