UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br> *Plaintiff*,<br>v.<br>IFTIKAR AHMED,<br> *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br> *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>January 31, 2020 |

## RULING DENYING MOTION FOR ACCESS TO ALL INFORMATION ACQUIRED BY THE RECEIVER

Defendant "requests that the esteemed Court immediately order the release of all information collected by the Receiver on all private/illiquid investments/holdings belonging to the Defendant." (Mot. for Access [Doc. # 1129] at 1.) Defendant states that he "duly requested that the Receiver share" that information, but the "Receiver has so far declined to do so without assigning any valid reason." (*Id.*) "[T]hese assets rightfully still belong to the Defendant," he explains, and include "significantly more liquid assets than the maximum monetary judgment ordered" which "will revert back to the Defendant." (*Id.* at 2.)

The Order Appointing Receiver sets forth the requirements for such requests:

> Upon demonstration of need, the Receiver shall allow reasonable access to the books, records, or other documents necessary for the Defendants to comply with their obligations under this Order and/or to defend themselves in this proceeding under terms and conditions which he determines to be appropriate and under the circumstances which are consistent with his obligations to preserve and protect relevant materials and with prior Court orders.

(Appointment Order [Doc. # 1070] at 10.)

Defendant argues that the Receiver must share the requested information because "[e]ven the SEC never objected to sharing th[is] private company information with the Defendant in the past and the Defendant has regularly and consistently shared every single piece of information / communication he has received from his various private company holding[s] with the SEC during the entirety of this dispute and continues to do so." (Mot. for Access at 2.) Defendant describes the Receiver's "refusal to share the information with the Defendant on his own investments" as a "pure extra-judicial endeavor and a stain on due process." (*Id.*) He concludes that the Receiver "standing in the shoes of the Defendant has a duty to share all such information on his assets completely and immediately." (*Id.*) Defendant's motion does not address the requirements set forth in the Appointment Order, and he did not file a reply in support of his motion.

The Receiver explains that one day after receiving Defendant's request by email, the Receiver's counsel told Defendant that they would "look into the appropriateness of forwarding information to you and report back shortly." (Receiver's Resp. [Doc. # 1141] at 2.) "The Defendant then unilaterally set a deadline of [three days later] for the Receiver's response. The Receiver did not respond within such time requested by the Defendant and the Defendant filed his Motion" the next day. (*Id.*) The Receiver also notes that "Defendant's initial emails making the request did not attempt to demonstrate a need for the documents," and even after the Receiver's counsel inquired about the purpose for Defendant's request, the Defendant responded that his request "is based on

all the legal transaction documents I/we signed with the companies/entities that I/we invested in" and that he "need[s] to understand how my/our investments are performing and if there is an opportunity for me/us to try and monetize the investment or sell or prepare for further investments. My need for the information arises from my/our economic and financial interests in those investments." (*Id.*)

The Appointment Order specifically requires a "demonstration of need" for the information requested and identifies "compl[iance] with" the obligations of the Appointment Order or "defend[ing] themselves in this proceeding" as possible sources of need which would justify such a request by Defendant or the Relief Defendants. (Appointment Order at 10.) Neither Defendant's communications with the Receiver nor his motion satisfy that requirement. Defendant's "economic and financial interests in those investments," which he described to the Receiver as the source of his "need" for information, is insufficient. Moreover, Defendant's communications with the Receiver suggest he may encounter some difficulty in demonstrating his "need" for certain requested documents. As to the documents related to "RIBBIT (2 VC FUNDS)," Defendant indicates he has "all the information we need" and "does not require anything from [the Receiver]," (Ex. A (4/17/19 Email) to Receiver's Resp. [Doc. # 1141-1] at 1), which directly contradicts the request in Defendant's motion for access to documents related to "his investments in . . . Ribbit Capital, [and] Ribbit Capital II," (Mot. for Access at 1 n.1). As to the documents which Defendant asserts certain entities have a "contractual obligation" to provide to him, (4/17/19 Email), he may similarly encounter difficulty demonstrating that he needs access to the Receiver's files to acquire those documents. Defendant is also reminded that Paragraph 13 of the Appointment Order does not entitle him to access to "confidential materials while he remains outside of this jurisdiction because the Court has no ability to enforce a protective order or

3

sanction Defendant in the event of any misuse of the requested documents." (Order on Mot. to Compel [Doc. # 530].)

For the foregoing reasons, Defendant's Motion for Access to All Information Acquired by the Receiver [Doc. # 1129] is DENIED without prejudice to renew. To acquire information about the assets of the Receivership Estate, Defendant is directed to the procedures and requirements set forth in Paragraph 13 of the Appointment Order for requesting that information from the Receiver. No renewed motion for access will be considered by the Court absent a showing of Defendant's good faith efforts to obtain the desired information through the procedures outlined in that paragraph.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 31st day of January, 2020.