# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA) |

## MEMORANDUM OF LAW IN SUPPORT OF
## NON-PARTY BROWN RUDNICK LLP'S MOTION TO LIFT LITIGATION STAY

Brown Rudnick LLP ("Brown Rudnick") respectfully submits this Memorandum of Law in Support of its Motion to Lift the Litigation Stay. Brown Rudnick formerly represented Defendant Iftikar Ahmed in connection with the underlying civil and criminal matters with the U.S. Attorneys' Offices for the District of Connecticut and Massachusetts and the Securities and Exchange Commission (the "SEC"). Brown Rudnick now seeks to lift the stay for the limited

purpose of commencing a proceeding against Mr. Ahmed to recover unpaid attorneys' fees due to Brown Rudnick, including seeking a foreign attachment on any residual assets of the Receivership Estate, to the extent they exist after the SEC satisfies its judgment and the Receiver finishes his liquidation process and has been paid his fees for doing so.  By this request, Brown Rudnick does not intend to disturb the asset freeze or take priority over the SEC's claim to any of the frozen assets.  Brown Rudnick does not intend by this request to, nor will Brown Rudnick, interfere with or interrupt the efforts of Jed Horwitt, the Court-appointed receiver (the "Receiver"), to liquidate Mr. Ahmed's assets.  This request is lodged solely so that Brown Rudnick may proceed against any residual assets, to the extent they exist after the SEC satisfies its judgment and the Receiver finishes his liquidation process and has been paid his fees for doing so.

I. **BACKGROUND**

Brown Rudnick appeared in this case in August 2015 for the purpose of representing Mr. Ahmed in this matter and the related civil and criminal matters.  (*See, e.g.*, ECF Nos. 92, 95).  Brown Rudnick accrued approximately $1.3 million in fees and costs in representing Mr. Ahmed.  When Mr. Ahmed failed to pay counsel, it became an unreasonable financial burden for Brown Rudnick to continue representing Mr. Ahmed in connection with this action.  Accordingly, Brown Rudnick moved to withdraw from the case and this Court granted that motion.  (*See* ECF Nos. 210, 221).  However, Brown Rudnick continued to represent Mr. Ahmed in connection with *SEC v. Kanodia et al.*, No. 1:15-cv-13042-ADB (the "Massachusetts Action"),[1] as well as a limited representation of Mr. Ahmed in a related criminal matter that was complete by July 2016.  To date, Brown Rudnick still has not been paid for its representation of

---

[1] The Massachusetts Action has been resolved and the Court entered a Final Consent Judgment on July 8, 2019.  Massachusetts Action at ECF No. 198.

Mr. Ahmed in connection with any of the civil or criminal matters.  Subsequent to Brown Rudnick's withdrawal from this action, this Court appointed the Receiver to manage, value, and/or liquidate Mr. Ahmed's currently frozen assets while appeals are pending, and to distribute those assets should the SEC prevail on appeal.  (*See* Court's Order Appointing Receiver ("Order") (ECF No. 1070)).

The Order includes a stay provision prohibiting parties from commencing or continuing certain civil legal proceedings without the Court's permission, including "Ancillary Proceedings" in which Mr. Ahmed is a party. (*See id.* at ¶¶ 22-23).  "Ancillary Proceedings" is defined in the Order to include "[a]ll civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature…against any of the Defendants…."  (*Id.* at ¶ 22).  Brown Rudnick now seeks relief from this stay to commence an action against Mr. Ahmed in the Connecticut Superior Court in order to recover its outstanding legal fees and costs.  Brown Rudnick would also seek to attach any residual assets, to the extent they exist after the SEC satisfies its judgment and the Receiver completes the liquidation process and has been paid his fees for doing so.

II. **THE STAY SHOULD BE LIFTED ALLOWING BROWN RUDNICK TO PURUSUE AN ACTION AGAINST MR. AHMED**

When analyzing a motion to lift a litigation stay imposed by a receivership court, courts follow a three-part test articulated by the Ninth Circuit in *SEC v. Wencke*, 622 F.2d 1363 (9th Cir. 1980) and *SEC v. Wencke*, 742 F.2d 1230 (9th Cir. 1984).  This test has since been applied by courts in the Second Circuit. *United States v. JHW Greentree Capital, L.P.,* No. 3:12-CV-00116 (VLB), 2014 WL 2608516, at *4 (D. Conn. June 11, 2014) (citing *SEC v. Byers,* 592 F.

3

Supp. 2d 532,536 (S.D.N.Y. 2008)), *aff'd*, 609 F.3d 87 (2d Cir. 2010)); *SEC v. Illarramendi,* No. 3: 11 CV78 (JBA), 2012 WL 234016, at *4 (D. Conn. Jan. 25, 2012).

When determining whether a stay should be lifted, a court should consider "(l) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim." *JHW Greentree Capital*, 2014 WL 2608516, at *4 (citing *Wencke*, 742 F.2d at 1231); *Byers*, 592 F. Supp. 2d at 536, *aff'd*, 609 F.3d 87 (2d Cir. 2010)).

The first factor aims to seek a balance between "the interests in preserving the receivership estate with the interests" of the movant. *Illarramendi*, 2012 WL 234016, at *5. Here, Brown Rudnick's attachment proceeding will in no way affect the status quo of the Receivership. As previously stated, the granting of this request will not disturb the asset freeze or take priority over the SEC's claim to any of the frozen assets. Nor will granting this request result in any interference with or interruption of the efforts of the Receiver to liquidate Mr. Ahmed's assets. Neither the Receiver nor the SEC will have to spend any additional time or money because the attachment proceeding is unrelated to the Receiver's duties in managing the estate.

Regarding the other element of the balancing act of the first element, Brown Rudnick will suffer substantial injury if not permitted to proceed. Brown Rudnick would be without a legal mechanism for seeking payment of its fees if unable to litigate against its former client, Mr. Ahmed. (*See* ECF No. 1424 at 12-13]. Likewise, if Brown Rudnick is unable to pursue its claims against Mr. Ahmed at this time and obtain an attachment, it will likely be unable to recover payment of its substantial unpaid fees and costs incurred in the representation of Mr.

4

Ahmed once the remaining assets of the Receivership Estate are transferred back to and dissipated by Mr. Ahmed. (*Id.*)  Thus, the injury that Brown Rudnick will suffer without leave is substantial.

Application of the second factor also favors lifting the stay.  Neither this Receivership Estate nor the Receiver's efforts are in their infancy.  The Receiver has spent considerable time analyzing and consolidating the assets at issue and has submitted a detailed report of his findings and recommendations.  (*See* ECF No. 1130).  The Receiver has made substantial progress toward completing his duties.  Further, Brown Rudnick's attachment proceeding will have no effect on the Receiver and will not interfere with or interrupt the Receiver's efforts to liquidate the Receivership Estate.  In similar previous instances, the Receiver took no position as to NMR e-tailing LLC and Oak Management Corporation's motions to lift the stay because he did not believe it would affect his ability to discharge his duties.  (*See* ECF No. 1115 and 1144).  The same is true here because the granting of Brown Rudnick's request will not disrupt the Receiver's activities.  As such, the second factor weighs in favor of lifting the stay.  *JHW Greentree Capital,* 2014 WL 2608516, at *9 (finding that the Receiver had progressed enough in its duties that the court was comfortable that the second factor weighed in the movant's favor).

When analyzing the third factor, a "court need only determine whether the party has colorable claims to assert which justify lifting the receivership stay." *JHW Greentree Capital,* 2014 WL 2608516, at *9 (quoting *United States v. Acorn Tech. Fund*, 429 F.3d 438, 444 (3d Cir. 2005)).  "The more meritorious a movant's underlying claim, the more heavily this factor will weigh in the movant's favor." *Id*.  The merits of Brown Rudnick's claims are strong and sufficiently colorable to warrant the lifting of the stay.  As previously stated, Brown Rudnick acted as counsel to Mr. Ahmed in connection with his underlying civil and criminal proceedings

for which Mr. Ahmed agreed to the payment of legal fees. While Brown Rudnick provided substantial legal services to Mr. Ahmed, Mr. Ahmed has failed to pay Brown Rudnick the approximately $1.3 million in outstanding legal fees and expenses incurred for his benefit and Brown Rudnick is unaware of any defenses for Mr. Ahmed's failure to pay the agreed upon fees and costs. Consequently, Brown Rudnick is very likely to prevail on its straightforward claims against Mr. Ahmed. Accordingly, this factor weights in favor of lifting the stay. [*See* ECF No. 1424 at 13].

The application of these three factors supports lifting the stay to permit Brown Rudnick to bring its claim against Mr. Ahmed in the Connecticut Superior Court, and to seek an attachment of any residual assets of the Receivership Estate, to the extent they exist after the SEC satisfies its judgment and the Receiver completes the liquidation process and has been paid his fees for doing so. Granting this Motion would protect the legitimate interests of Brown Rudnick, but will not disrupt or interfere with Receiver's efforts. Accordingly, Brown Rudnick respectfully requests that the Court lift the stay.

**BROWN RUDNICK LLP**

**By:**   /s/ Anthony J. Boccamazzo
Anthony J. Boccamazzo, Esq. (ct30747)
185 Asylum Street, 38th floor
Hartford, CT 06103
Phone: (860) 509-6500
Fax: (860) 509-6614
aboccamazzo@brownrudnick.com

## CERTIFICATION

    I hereby certify that on January 31, 2020, a copy of the foregoing Memorandum of Law in Support of Non-Party Brown Rudnick LLP's Motion to Lift Litigation Stay was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operating of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                        /s/ Anthony J. Boccamazzo
                                        Anthony J. Boccamazzo, Esq. (ct30747)

63611785