UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> IFTIKAR AHMED, <br><br> Defendant, and <br><br> IFTIKAR AHMED SOLE PROP; *et al* <br><br> Relief Defendants | Civil Action No. 3:15-cv-675 (JBA) <br><br><br><br> February 03RD, 2020 |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF THE RULING GRANTING PARTIAL PAYMENT OF FEES TO HARRIS ST. LAURENT [DOC. #1424]**

The *pro se* Defendant respectfully submits this Motion for Reconsideration of the Court's Ruling [Doc. #1424 or "Ruling"] Granting Partial Payment of Fees to Harris St. Laurent ("HS"). The Defendant reserves all rights to all issues.

**ARGUMENTS**

The esteemed Court should reconsider its Ruling granting partial payment of fees to HS for the reasons within. There is good cause for the Court to grant this Motion.

*First*, this Motion for Reconsideration is timely, as Connecticut Local Rule 7(c) provides that "[m]otions for reconsideration shall be filed and served within seven (7) days of the filing of the decision of order from which such relief is sought." D. Conn. L. Civ. R. 7(c). The Court's Ruling [Doc. #1424] is dated January 29th, 2020; and hence this Motion is timely.

1

***Second***, a motion for reconsideration is appropriate where a court overlooks "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000).

In this particular instance, the Court has overlooked the fact that HS has held onto Ms. Ahmed's Harry Winston earrings ("Earrings"), which even the Receiver has requested physical possession of [Doc. #1300] and had submitted a Proposed Order for the convenience of the Court.

Not only that, the SEC and the Relief Defendants have presented clear evidence of HS misrepresenting significant facts concerning the safekeeping of the Earrings in their possession. [Doc. #1303, 1326, 1342]. Furthermore, HS's point-blank refusal to comply with Court Order which permits the Receiver to take custody and control of the Receivership Assets [Doc. #1321, 1322] stands in contempt of this Court.

Thus, allowing a payment to HS of $279,000 [Doc. #1424 at 6] while still allowing HS to retain physical control of the Earrings, which were acquired for approximately $700,000 (to the best of Defendant's knowledge and memory) and which have likely appreciated in value since then, allows HS to retain physical control and custody of assets *over* the $1,000,000[1] that Ms. Ahmed (not the Defendant) requested for the remainder of their payment [Doc. #1192 at 6]. The Defendant has opposed that submission by the Relief Defendants for even the payment of $1,000,000 to the HS law firm.

---

[1] This does not even include the estimated $100,000 that is in HS's Trust Account for the benefit of the Relief Defendants.

2

Also, the Court has already lifted the stay of litigation on HS against the Relief Defendants. The Court should note that it is only Ms. Ahmed who is solely responsible for any payment of fees to HS and not any of the other Relief Defendants.

**_Third_**, a motion for reconsideration may be granted to "correct a clear error or prevent manifest injustice." *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983). The Defendant claims it would amount to "manifest injustice" for the Court to use assets that the Court itself has determined belongs to the Defendant for the use of the payment towards someone else's legal counsel (HS) with no benefit to the Defendant when the Defendant specifically opposes that payment.

By way of further context, as the Defendant has mentioned earlier, HS has significantly overbilled the Relief Defendants [Doc. #1192 at 4]; they are holding onto Ms. Ahmed's valuable Earrings in contempt of Court Order; the Court has not yet ruled on pending motions for the release of fees for the Defendant to retain legal counsel in various matters [Doc. #1324, 1371, fee motions for NMR proceeding, arbitration]; and the Court has denied the release of medical expenses for the Defendant and the Defendant's Emergency Motion for Living Expenses is still pending with the esteemed Court.

**_Fourth_**, the Defendant opposes any payment to HS from assets that the Court has determined belong to him. While the Court has stated that the Defendant "does not oppose the use of Receivership Estate assets to pay for services for the Relief Defendants," [Doc. #1424 at 4]; that absolutely does not mean that the Defendant consents to a blanket release of his assets for the payment to the Relief Defendants' counsels.

The Defendant did not object to a release of fees for the Relief Defendants' appellate counsel, nor does the Defendant object to a release of fees for Murtha Cullina (up to $350,000). These law firms are very differently situated than HS. Unlike these firms, HS has substantially

overbilled the Relief Defendants (even the SEC has claimed that HS entries are vague and that HS has overbilled); and HS is holding onto several assets illegally, such as the Harry Winston earrings, against Ms. Ahmed's wishes (and the Receiver's directive and the Defendant's request). HS has also plainly lied and misrepresented about why they are holding on to those Earrings in the first place [Doc. #1342]. There is significant and substantial difference between HS and the other law firms or other service providers to the Relief Defendants that this Court must take into account, as HS has not acted in good-faith. In fact, the Defendant reserves his rights to pursue all legal options against the law firm of HS in the aftermath of this dispute.

*Fifth*, the Court has stated that the Defendant "should [not be] prevent[ed] from accessing funds which the Receiver expects will likely not be necessary to satisfy the judgment…" [Doc. #1405 at 5]. The Court has also imposed significant "certain conditions" on the release of these assets for retention of counsel for the Defendant's appeal; and yet it has released a blanket $279,000 to HS without any conditions on that release and without first ruling on the Defendant's pending fee motions.

In addition, the Court declined to release any funds for the Defendant's representation in this matter, which has severely prejudiced him in this case.

The Defendant believes the Court, having determined that all assets belong to the Defendant, has no jurisdiction or legal right to spend and distribute his assets to parties that are not creditors of the Defendant and who did not represent the Defendant and whose activities did not benefit the Defendant at all when the Defendant opposes those payments. Rather to the contrary, the abysmal performance and less than professional conduct of the HS law firm has severely hurt the Defendant and his assets are not available for this Court to use and distribute to pay the legal counsel of the firm of HS. Period.

*__Finally__*, the Defendant now having filed a proper notice of appeal [Doc. #1442] on this Ruling, jurisdiction has shifted to the Second Circuit Court of Appeals since the "filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of... control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)(*per curiam*). Once a notice of appeal has been filed, a district court may take actions __*only*__ "in aid of the appeal or to correct clerical errors," *Leonhard v. United States*, 633 F.2d 599, 609- 10 (2d Cir. 1980), cert. denied, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981).

This Court simply does not have jurisdiction to order any payment to HS due to pendent jurisdiction on the Ruling by the Second Circuit Court of Appeals.

## CONCLUSION

**WHEREFORE**, the Defendant humbly and respectfully requests that the Court reconsider its Ruling allowing the payment of any fees to HS to prevent manifest injustice and severe prejudice to the Defendant. In particular, the Court should stay any payment to HS from the assets that the Court has determined belongs to the Defendant until the Second Circuit Court of Appeals has ruled on this and multiple other interrelated matters now under appeal.

                                                Respectfully Submitted,

Dated:    February 03RD, 2020    /s/ Iftikar Ahmed

                                                Iftikar A. Ahmed
                                              C/O Advocate Anil Sharma
                                              Government Place East
                                              Kolkata 700 069, India

                                              Tel:    +91-983-008-9945
                                              e-mail: iftyahmed@icloud.com

                                              *Pro Se*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

MR. NICHOLAS P. HEINKE, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

MR. MARK L. WILLIAMS, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

MR. PAUL E. KNAG, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
e-mail: pknag@murthalaw.com

MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
e-mail: kzaehringer@murthalaw.com