# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                    Plaintiff,

        v.                                              Civil Action No. 3:15-cv-675 (JBA)

IFTIKAR AHMED,

                    Defendant, and

IFTIKAR AHMED SOLE PROP; *et al*

                    Relief Defendants                   February 03^(RD), 2020


## DEFENDANT'S REPLY TO THE SEC'S RESPONSE [DOC. #1439] TO RECEIVER'S NOTICE

The *pro se* Defendant respectfully submits this Reply to the SEC's Response [Doc. #1439 or the "Response"] to the Receiver's Notice. The Defendant opposes the SEC's unwarranted and personal attacks on him and files this Reply to place on record his Opposition to the SEC's Response.  As the Defendant has stated before and explained in his own submission [Doc. #1434], he **did not** and **could not** effectuate those trades.

The Defendant reserves all rights to all issues.

**_First_**, the SEC's attacks on the Defendant are entirely unwarranted and the SEC, as is their usual *modus operandi*, presents lies and deceptive and twisted statements in an effort to

1

both have their cake and eat it too.  The Defendant would be happy to submit a detailed response should the esteemed Court request it.[1]

**_Second_**, the SEC is only too quick to jump to any conclusions to harm the Defendant.  As the SEC has stated, it is **_third parties_** who are responsible for ensuring the security of the assets and that is why the Court appointed a Receiver.  Instead of attacking the Defendant, the SEC should find out **why and how** trades at Fidelity Investments were able to occur in the first place. Fidelity and the Receiver are responsible for ensuring that no trades or withdrawals can occur. However, the Fidelity representative has disavowed all responsibility for the trades, simply stating, "I do note that I took this file over from a previous analyst and I cannot speak to her analysis regarding the restriction codes" [Doc. #1412-2].  Upon information and belief, this Fidelity representative has been responsible for this file for at least a year now.  Yet, instead of holding any other third party responsible for the trades, the SEC and the Receiver (and non-party Oak for that matter) are only too quick to accuse the Defendant, who is their adversary in this (and other) proceeding(s).

The prudent thing to do now would be for the SEC to ensure, through the Receiver, that it does not happen again (confirming with Fidelity and other brokerage firms).  But the SEC is only

---

[1] To illustrate their absurd submissions to this Court in going postal on attacking the Defendant with no reason or substance using just one example, the SEC states that the Defendant does continue to have to control over his email account (iftyahmed@icloud.com) since courtesy copies of the various filings are sent from that account on behalf of the Defendant.   The SEC jumps to the most absurd conclusions with no basis on facts or the reality.  Maybe the Defendant writes out by hand or types out the content of whatever he wants to be sent out; and a paralegal at the law firm accesses the email account and sends out the actual email on behalf of the Defendant.  The Defendant is not allowed to access the email account; but that does not mean there is no other mechanism by which his emails can be sent out by someone else who does control the email account after verifying and accepting the content of the email to be sent out. The SEC is just trigger happy to derive the most outrageous conclusions to suit their own agenda with no regard and respect for the truth and reality.  This is just one example for illustrative purposes only.

too happy to say that "mistakes can happen" [Doc. #1439 at 3] when other parties are involved, yet savagely attacks the Defendant even when he had absolutely nothing to do with those trades.

Their Response is either a product of extreme cynicism or an exercise in desperate defeatism on the part of the SEC, in light of the impending US Supreme Court decision in *Liu v. SEC*. They clearly represent an extreme form of the darkest and yet powerful force on earth trying to victimize and terminate their adversary and his family with no basis on evidence or reason. A simple and closure examination of the facts would endorse the veracity of the fact that the Defendant ***could not*** and ***did not*** execute the trades.

***Third***, the SEC improperly uses their Response to bring up completely unrelated issues that have nothing to do with the Court's simple yet clear request. The Court simply requested responses to the Receiver's Notice [Doc. #1414]. And instead of responding to the Court's specific request, the SEC threw the "baby with the bathwater" in their Response, which simply rehashes all of their real and perceived grievances against the Defendant. The Court should, therefore, ignore the entirety of the SEC's Response, which simply rehashes the entirety of the case, with the truth twisted and misrepresented to suit the SEC's own conveniences, as it is simply a motion for reconsideration of issues that the Court has already ruled on, in the guise of a Response to the Receiver's Notice.

***Fourth***, the SEC conveniently ignores and avoids the fact that there are many tens of millions of dollars of cash in these various bank and brokerage. In information and belief, almost 50% of the assets held in the various banks and brokerage accounts are in cash or US Treasuries and bonds and are insulated from any external market fluctuations.

While the Defendant would not (and has not) violate(d) any of this esteemed Court's Orders, there is absolutely no motive and no reason and no incentive for the Defendant to trade out of any security as there are plenty of accounts with tens of millions of dollars of cash.

3

***Fifth***, the SEC improperly uses their Response to request that the Court reconsider its stay of liquidation order,[2] pending *Liu*. As stated, the Court should disregard the SEC's Response[3] as it goes far beyond the scope of the Response requested by the Court and is simply a (disguised) request for reconsideration of the Court's order staying liquidation. The SEC's request for reconsideration is improper, untimely, and lacks merit.

The Court's ruling staying liquidation pending *Liu* was filed on November 26, 2019 [Doc. #1346]. Connecticut Local Rule 7(c) provides that "[m]otions for reconsideration shall be filed and served within seven (7) days of the filing of the decision of order from which such relief is sought." D. Conn. L. Civ. R. 7(c). Courts in this Circuit routinely deny untimely motions for reconsideration without considering their merits. *See, e.g., American Hotel Int'l Group, Inc. v. OneBeacon Ins. Co.*, No. 01 Civ. 654 (RCC), 2005 WL 1176122, at *2 (S.D.N.Y. May 18, 2005) (collecting cases). Therefore, the SEC's request for the Court to reconsider its Order is woefully untimely.

In addition to its untimeliness, the SEC's request for reconsideration lacks merit. As the SEC themselves have stated to the Court, "[T]he standard for granting [a motion for reconsideration] is **strict**, and reconsideration will generally be denied unless the moving party

---

[2] Indeed, clearly this seems to be the mischief and act of someone who is intent on liquidating the assets and framing the Defendant for their own benefit. Given the SEC's Response, it is actually quite plausible and highly likely that the SEC itself has orchestrated the entire shenanigan as they try and discredit and frame the Defendant now that their creative license by the way of disgorgement is under existential threat. As this esteemed Court is well aware, both the Defendant and the Relief Defendants have opposed liquidation of assets since Day One as documented in multiple submissions.

[3] The Court should also disregard the SEC's unreasonable request to find the Defendant in either criminal or civil contempt as the Defendant absolutely did ***not*** make those trades and the Court would be unfairly punishing the Defendant for something he absolutely did ***not*** do and just could ***not*** do. The Defendant was indisposed and heavily sedated and sleeping at the time the trades were made. He physically could not have executed those trades. Period. If anything, it is the Receiver and Fidelity who are responsible for ensuring that no trades should have happened; and the Court should find those parties responsible for the trades in the first place.

4

can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Ruling Den. Def.'s Mot. for Recons. to Modify the Asset Freeze Order to Release Funds for Legal Defense [Doc. # 392] at 2 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (alteration in original) (emphasis added).

The Court has had knowledge of these trades since the Receiver's First Notice filed on September 12, 2019 [Doc. #1281]. In addition, the SEC has claimed that Defendant has violated this Court's Asset Freeze once before and the Receiver has claimed that the Defendant (through his local counsel in India) has violated the Court's Order.[4]   That the SEC, the Defendant's adversary in this dispute, and the Receiver, a biased party looking to cover up his own "mistakes," would again accuse the Defendant and use such baseless accusations to ask the Court to reconsider its Order staying liquidation should not surprise the Court, given the baseless accusations made earlier by the same parties; nor should such be considered by the Court, especially as Defendant did ***not*** make those trades.

Because "[n]o response to a motion for reconsideration need be filed unless requested by the Court" (D. Conn. L. Civ. R. 7(c)(2)), the Defendant will only file a response upon the Court's request. The Defendant files the instant Reply only to make clear that the Defendant opposes the SEC's Response, which should not be considered by the Court as it is untimely, without any merit and full of accusations with no substance or evidence.

---

[4] The Defendant has already addressed these alleged "violations" of the Court's Order.

Respectfully Submitted,

Dated:        February 03RD, 2020        /s/ Iftikar Ahmed

_____

Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East
Kolkata 700 069, India

Tel:      +91-983-008-9945
e-mail: iftyahmed@icloud.com

*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

MR. NICHOLAS P. HEINKE, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

MR. MARK L. WILLIAMS, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

MR. PAUL E. KNAG, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
e-mail: pknag@murthalaw.com

MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
e-mail: kzaehringer@murthalaw.com