UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>IFTIKAR AHMED,<br>　　　　　Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; *et al*<br>　　　　　Relief Defendants. | No. 3:15-CV-675 (JBA)<br><br><br>FEBRUARY 3, 2020 |

## RELIEF DEFENDANTS' RESPONSE TO SEC'S RESPONSE [ECF NO. 1439] TO THE RECEIVER'S NOTICE [ECF NO. 1412]

The Relief Defendants respond to the SEC's Response [ECF No. 1439] to the Receiver's Notice [ECF No. 1412]. The Relief Defendants reserve all rights with respect to all issues.

*First*, the SEC's renewed request for liquidation at this time is an untimely request for reconsideration of the Court's decision dated November 26, 2019 to stay liquidation pending decision in *Liu*. [ECF No. 1346]. Local Rule 7(d) requires any such request be made within seven days of the decision. This is especially so since the SEC and the Court had knowledge of these trades based on the Receiver's Notice dated September 12, 2019. [ECF No. 1281.]

Second, the account in question is property of Ms. Ahmed. As the Court has held, "it did not mean to alter the property rights to those assets at this time." [ECF No. 1019 at 2] It was the Relief Defendants who promptly alerted the Receiver when

-1-

they received email notification of such trades. The SEC conveniently forgets to include this fact that has already been confirmed by the Receiver.[1] [ECF No. 1412-3.]

*Third*, Relief Defendants have complied with the Court's orders, no assets have been dissipated over the almost five-year period that the freeze has been in effect and, in response to Ms. Ahmed's request, the Receiver has taken further steps to insure that no trades will be accepted in the frozen accounts.

*Fourth*, a liquidation and transfer of assets irreparably harms the Relief Defendants and the Relief Defendants should not be irreparably harmed, punished or penalized for no fault of theirs. In particular, the Court has recognized the "harm, which cannot be undone and which could prove unnecessary [due to *Liu*]" in liquidating assets prematurely, especially those that "are unique or whose liquidation cannot be reversed." [ECF No. 1346.]

*Fifth*, the Court has stated that "[T]he Supreme Court's decision to grant certiorari in *Liu v. SEC* suggests that there is some possibility that it will determine that disgorgement is not a proper penalty in securities enforcement actions … such a decision would have a substantial impact on the judgment in this case …" [ECF No. 1346 at 6.] Therefore, assets should not be liquidated prematurely, especially if such assets may not be needed at all to satisfy any judgment amount after the appellate process is over and the Supreme Court has rendered its decision in *Liu v. SEC*.

---

[1] Contrary to the SEC's assertion, Ms. Ahmed purchased the use of a VPN for protection and security and not as an "Anonymizer." Ms. Ahmed has received phone calls at her home claiming that her computer is hacked and that she should "watch out." In addition, as the Court and the parties are aware, Ms. Ahmed has been subject to vile harassment, lives as a single parent with her minor children, and is constantly worried and scared about safety given the publicity of this (and other) cases as well as the harassment she has experienced.

-3-

Based on the foregoing, the Court should decline to reconsider its own ruling on this subject and instead should direct the Receiver to ensure with Fidelity (and other brokerage firms) that no such trades can occur again. The Court should disregard the SEC's response as beyond the scope of what the Court specifically requested in soliciting responses to the Receiver's Notice.

        Respectfully Submitted,

        By: /s/ Paul E. Knag
            Paul E. Knag – ct04194
            pknag@murthalaw.com

        Murtha Cullina LLP
        177 Broad Street, 16th Floor
        Stamford, Connecticut 06901
        Telephone: 203.653.5400
        Facsimile:  203.653.5444

        *Attorneys for Relief Defendants*
        *I-Cubed Domain, LLC, Shalini Ahmed,*
        *Shalini Ahmed 2014 Grantor Retained*
        *Annuity Trust, Diya Holdings, LLC, Diya*
        *Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing RELIEF DEFENDANTS' RESPONSE TO SEC'S RESPONSE [ECF NO. 1439] TO THE RECEIVER'S NOTICE [ECF NO. 1412] will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

                                          */s/ Paul E. Knag*
                                          Paul E. Knag – ct04194