UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br>        Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; *et al*<br>        Relief Defendants. | No. 3:15-CV-675 (JBA)<br><br><br><br><br><br><br><br><br><br>FEBRUARY 3, 2020 |

**<u>RELIEF DEFENDANTS' EMERGENCY MOTION FOR A TEMPORARY INJUNCTION ON ALL LITIGATION/ARBITRATION AGAINST DEFENDANT/RELIEF DEFENDANTS UNTIL NINETY (90) DAYS AFTER SUPREME COURT'S DECISION IN *LIU V. SEC* AND ITS IMPACT ON THE JUDGMENT IN THIS PROCEEDING IS DETERMINED</u>**

The Relief Defendants file this emergency motion for a Temporary Injunction on All Ancillary Proceedings Until Ninety (90) Days After the Supreme Court Decision in *Liu v. SEC* and its Impact of Such Decision on the Judgment in this Case is Determined. The Relief Defendants reserve all rights with respect to all issues.

## BACKGROUND

The Relief Defendants assume familiarity with the background of this litigation, but provide the following for the Court's benefit:

1) This instant action was commenced on May 6th, 2015.

2) The Court had imposed an asset freeze which was subsequently expanded *via* Preliminary Injunction.

3) The Court appointed a Receiver in this proceeding and in that Order, also instituted an injunction against any civil litigation against any of the Defendant(s), without leave of the Court. [ECF No. 1070.]

-1-

4) The Court has since granted leave for NMR to litigate against Oak [ECF No. 1167], for Oak to litigate against the Defendant [ECF No. 1167] and for HS to litigate against the Relief Defendants. [ECF No. 1424.]

5) Contrary to the Court's directive, NMR has moved against the Defendant [ECF No. 1324], the SEC has continued litigation against the Defendant in a different matter [ECF No. 1139] and the DOJ has moved for forfeiture of a bond against the Defendant and Ms. Ahmed [ECF No. 1327], all without leave of this Court.

6) Brown Rudnick has now moved to lift litigation stay against the Defendant. [ECF Nos. 1440, 1441.]

7) There are additional motions pending before this Court. [ECF No. 1225, Defendant's Motion for Leave to File and/or Continue Arbitration Against Oak.]

8) The Court has not allowed for any release of funds for attorneys' fees for either the Relief Defendants or the Defendant in any of these matters and such motions are pending or have been denied. [ECF Nos. 1324, 1335, 1371, 1425.]

## ARGUMENT

The Relief Defendants move for a temporary injunction on all proceedings against Defendant or Relief Defendants until ninety (90) days after a decision is rendered by the US Supreme Court in *Liu v. SEC* ("*Liu*") and the impact of any Supreme Court decision on the judgment in this proceeding is determined. There is good cause for the Court to grant this Motion.

### I. *Liu* could have a substantial impact on the judgment amount in this case.

It is indisputable that *Liu* could have a substantial impact on the judgment amount in this case; and both the Second Circuit Court of Appeals and this Court have ordered a stay of proceedings and/or liquidation in this case pending *Liu*. ("Appellants move to hold the appeals in abeyance pending the Supreme Court's decision in *Liu v. SEC,* docket no. 18-1501. IT IS HEREBY ORDERED that the motions ARE

GRANTED."  (ECF No. 1339); "[T]he Supreme Court's decision to grant certiorari in *Liu v. SEC* suggests that there is some possibility that it will determine that disgorgement is not a proper penalty in securities enforcement actions.  And such a decision would have a substantial impact on the judgment in this case … thus would also likely affect which assets are available and/or necessary to satisfy the ultimate judgment amount … the Court determines that the balance of interests currently weights in favor of staying the liquidation process in this case until the Supreme Court issues its decision in *Liu v. SEC*."  [ECF No. 1346 at 6-8.]

>    **II.    It is inequitable to allow third-party proceedings to continue without a release of funds for the Relief Defendants and the Defendant to retain counsel in these matters.**

This Court has stated that relief from stay is a matter of equity.  As such, it is inequitable for the Court to allow such proceedings to commence or continue without a release of funds for the Relief Defendants and the Defendant to retain counsel in these matters, especially as there are significant excess assets frozen over the judgment amount, which itself is subject to pending decisions in *Liu* and the appeals.  However, the Court has not yet ruled on multiple motions that are pending for the release of funds to deal with these ancillary matters, except to deny the Defendant funds for his criminal matter in the MA federal court.

As such, the equitable course if the Court is inclined not to release funds for the retention of counsel in these ancillary matters at this time, is to temporarily stay all ancillary proceedings until the judgment in this matter can be determined in the aftermath of *Liu*, so that the Relief Defendants and Defendant can retain counsel and

attend to the ancillary matters once the impact of *Liu* (and, hopefully the appeals) are determined on the judgment in this case.

### III. The Court has over-frozen assets for this judgment, pending appeal. As such, both law and equity support a release of requested funds by the Relief Defendants and the Defendant to retain counsel.

This Court has recently agreed to release funds for the Defendant to retain counsel for his Second Circuit appeal and has also partially released funds for the Relief Defendants' attorneys in this matter. In particular, the Court has "disagree[d] that [Defendant's choices] should prevent [him] from accessing funds which the Receiver expects will likely not be necessary to satisfy the judgment and thus would eventually be released." [ECF No. 1405 at 5.] That is also true for all the pending motions for attorney fees for these ancillary proceedings by the Relief Defendants and the Defendant and as described in these various motions, both law and equity support the release of funds for the Relief Defendants and the Defendant to retain counsel in these ancillary matters. These requests for attorney fees arise only and directly due to the Court's granting of the lift of litigation stays in these ancillary proceedings. Not ruling on these motions or not granting these motions harm the Defendant and Relief Defendants and is against law and equity. Thus, a stay of these proceedings would help all parties and hurt no one.

### IV. The lack of counsel in these matters is impacting Ms. Ahmed's health.

Ms. Ahmed, as the owner, guardian, trustee, manager, etc., of the Relief Defendants and the various Relief Defendant entities, is responsible for the protection of these persons and entities. As such, Ms. Ahmed carefully considers the impact of any filing, inter alia, lift of litigation stays, on these persons and entities. As such, Ms.

Ahmed is carefully considering Motions to Intervene in the various ancillary proceedings to protect the Relief Defendants and their assets. This has resulted in Ms. Ahmed, on a pro se basis, having to deal with a number of other proceedings, in which she does not have the guidance or help of counsel.

In addition, Ms. Ahmed has been trying to focus on her self-employment efforts and is effectively a single parent to three minor children. All this has been a huge burden on Ms. Ahmed (and the minor children), who has no help at all. As such, any additional requests for lift of litigation stay and the Court's consideration of such has been incredibly stressful for Ms. Ahmed and has taken a significant toll on her health.

Therefore, Ms. Ahmed (and the Relief Defendants), under equitable principles, request a temporary injunction of all ancillary proceedings until ninety (90) days after the Supreme Court renders its decision in *Liu* and its impact on the judgment in this proceeding is determined. This would allow the Court, and the parties, to have more clarity on the impact of such a decision and also allow the Relief Defendants and the Defendant to secure counsel in the other proceedings, which would aid them greatly.

**V.    In addition to the above considerations, the traditional four factor analysis for a stay weighs in favor of granting a temporary stay.**

Courts consider four factors in determining whether to grant a stay pending appeal: (1) "whether the movant has shown a substantial possibility, although less than a likelihood, of success on appeal," (2) whether the movant will suffer irreparable injury absent a stay," (3) "whether the opposing party will suffer substantial injury if a stay is granted," and (4) "the public interests that may be affected." *Cooper v. Town of East Hampton*, 83 F.3d 31, 36 (2d Cir. 1996); See *Nken v. Holder*, 556 U.S. 418, 426 (2009); *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*,

598 F.3d 30, 37 (2d Cir. 2010). The first two factors "are the most critical." *Nken*, 556 U.S. at 434. Although movants need only show that the balance of factors favors a stay, in this situation, all of these factors favor a stay, particularly as the Relief Defendants are requesting a temporary stay, pending a decision in *Liu* and the determination of impact of such decision on the judgment in this case.

**A. Absent A Stay, the Relief Defendants and the Defendant Will Suffer Irreparable Harm.**

Neither the Relief Defendants nor the Defendant are attorneys, nor do they currently have counsel in any of these ancillary matters. These ancillary matters include complex issues of law, with substantial amount of sums that are being litigated. To allow the commencement or continuation of these ancillary proceedings without counsel irreparably harms the Relief Defendants and the Defendant, as any litigation is subject to specific rules and regulations that non-attorneys just don't know or are not aware of. And to miss a potential legal argument or a deadline could be fatal to the Relief Defendants and/or the Defendant's defense and standing in those matters and would be unjust considering that the prejudice is irreversible and would occur solely because of being *pro se* in these matters. Thus, the Relief Defendants and the Defendant are irreparably harmed and prejudiced without the guidance of counsel in these ancillary matters.

**B. The Relief Defendants Have Shown A Substantial Possibility of Success.**

The "substantial possibility" factor does not require "a showing that the movant is 'more likely than not' to succeed on the merits," *Citigroup Global Markets*, 598 F.3d at 37. Instead, the likelihood of success is balanced against the degree of harm threatened, such that a stay may be granted, for example, "where the likelihood of

success is not high but the balance of hardships favors the applicant." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002).  This factor weighs heavily in the Relief Defendants' (and Defendant's) favor.

As already discussed above, both the Second Circuit Court of Appeals and the District Court have recognized the potential impact of the Supreme Court pending decision in *Liu* and have stayed both the proceedings and/or the liquidation of assets in this case and the appeal.  As such, a decision in *Liu* that substantially impacts the judgment in this case could release assets such that the Defendant and the Relief Defendants could retain counsel in these other ancillary matters.

In addition, this Court has recognized that there are assets that have been frozen that are greater than the judgment in this case.  Both law and equity already currently support the release of funds to retain counsel in these ancillary proceedings, a reduction in the judgment amount (due to *Liu* and/or appeals) further supports this release.

**C. The Other Parties Are Not Harmed By A Temporary Stay.**

Courts also consider whether a stay will substantially injure the other parties in those proceedings.  *See*, e.g., *Nken*, 556 U.S. at 426.  "Weighing this . . . hardship against the total and immediate divestiture of [movants'] rights to have effective review," there is no doubt that "the balance of hardship against the total and immediate divestiture of [movants'] rights to have effective review," there is no doubt that "the balance of hardship … favor[s] the issuance of a stay." *Providence Journal Co.*, 595 F.2d at 890.  While such statement was made in reference to a review in an appeal, any review and litigation of any legal matters in these ancillary proceedings with the guidance of counsel is preferred to a review of legal matters without counsel.

This instant proceeding has been ongoing for a full five years now (entering its sixth year). As such, it is only recently where ancillary proceedings have commenced or have been requested. The external parties have waited nearly five years before requesting a leave of litigation stay. As such, an additional few months (i.e. 90 days after the impact of such decision of *Liu* is determined on the judgment in this case) will not harm the other parties; and if anything, will allow a more efficient litigation process in those other proceedings with the appearance and guidance of counsel. However, not allowing for a stay of litigation irreparably harms the Relief Defendants and the Defendant.

### D. The Public Interest Favors A Stay.

The fourth factor the Court must consider is whether a stay is in the public interest.  *See*, e.g., *Nken*, 556 U.S. at 426.  A compelling interest exists in protecting against the loss of constitutionally-protected rights, such as the rights to having the guidance of counsel when there are additional assets available "[allowing Defendant (and Relief Defendants) to] access[ing] funds which the Receiver expects will likely not be necessary to satisfy the judgment and thus would eventually be released."  [ECF No. 1405 at 5.]  In addition, the Court cannot legally or equitably over-freeze assets for the SEC's (an unsecured creditor) judgment.

Indeed, courts and the public prefer that litigants have the guidance of counsel in any pending case, if they are able to afford it. Thus, the public interest favors preserving the status quo by staying the ancillary proceedings until determination of the impact of the Supreme Court's decision in *Liu* on the judgment in this case can be made.

## VI. There is Good Cause for the Court to Consider This Motion on an Expedited Basis.

Pursuant to District of Connecticut Local Rule 7(a)(6), the Relief Defendants have designated this Motion as an "emergency" Motion and seek expedited consideration of the same by this Court. The Relief Defendants respectfully represent that good cause exists for such expedited consideration due to the fact that these ancillary proceedings are continuing and the Relief Defendants and Defendant face irreparable harm without a temporary injunction and without counsel in these matters, especially as the law and equity favor a release of funds for the retention of counsel in these ancillary matters and also for the potential for a "substantial" impact on the judgment in this case by a pending Supreme Court decision in *Liu*.

## VII. Conclusion.

Wherefore, for the reasons within, the Relief Defendants request an Order for a temporary injunction of all ancillary proceedings until (ninety) 90 days after a decision is rendered in *Liu* and its impact determined on the judgment in this proceeding.

Respectfully Submitted,

By: /s/ Paul E. Knag
  Paul E. Knag – ct04194
  pknag@murthalaw.com
Murtha Cullina LLP
177 Broad Street, 16th Floor
Stamford, Connecticut 06901
Telephone: 203.653.5400
Facsimile:  203.653.5444

*Attorneys for Relief Defendants
I-Cubed Domain, LLC, Shalini Ahmed,
Shalini Ahmed 2014 Grantor Retained
Annuity Trust, Diya Holdings, LLC, Diya
Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing RELIEF DEFENDANTS' EMERGENCY MOTION FOR A TEMPORARY INJUNCTION ON ALL LITIGATION/ ARBITRATION AGAINST DEFENDANT/RELIEF DEFENDANTS UNTIL NINETY (90) DAYS AFTER SUPREME COURT'S DECISION IN *LIU v. SEC* AND ITS IMPACT ON THE JUDGMENT IN THIS PROCEEDING IS DETERMINED will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

        */s/ Paul E. Knag*
        Paul E. Knag – ct04194