UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 3:15cv675 (JBA) |
| IFTIKAR AHMED, | ) ) ) | |
| Defendant, and | ) ) | |
| IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC;  SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Relief Defendants. | ) ) | |

_____

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S RESPONSE IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION FOR <u>RELEASE OF FUNDS FOR LIVING EXPENSES</u>**

Plaintiff United States Securities and Exchange Commission ("SEC") files this

opposition to Defendant's latest request [Doc. # 1407] for the release of monies to him while he

remains a fugitive, this time for purported "living expenses" ("Motion"). Defendant's Motion

should be denied.

<u>First</u>, the SEC maintains its position that (1) the Court should decline to release assets

that Defendant (and Relief Defendants) previously pledged [Doc. ## 1308 at 3; 1337 at 3] as a

*supersedeas* bond; and, regardless, (2) no further assets should be released until the SEC's

judgment has been satisfied. Putting aside that it was Defendant who specifically asked for the

asset freeze to remain in place since judgment was entered (*see, e.g.*, Doc. # 1057 at 38 ("The

Defendant, therefore, presents the following proposal. . . . ALL assets that are currently frozen

will remain frozen till all appeals are over…")), the Court should decline to release additional

assets until the Judgment has been satisfied given Defendant's repeated attempts to violate the

Asset Freeze Order, his (and his wife's) endless requests to access frozen monies, and the real

risk that the corpus of frozen assets declines in value or yields less than anticipated upon

liquidation.

Second, Defendant has provided no evidence that – after nearly five years in India – he

suddenly no longer has access to monies and is now in need of living expenses. As an initial

matter, the Court should decline to credit Defendant's self-serving statements. Putting aside

Defendant's decade-long fraudulent scheme that gave rise to this action, Defendant has

repeatedly misled this and other courts and continues to violate Court orders (and then falsely

deny his misconduct in the face of undisputable evidence). *See, e.g.*, Pl.'s Resp. to Receiver's

Notice [Doc. # 1439] at 3-9.[1] Defendant has more than earned this Court's distrust.

Moreover, Defendant's claim to abruptly need money on which to live cannot be squared

with credible evidence put forth in this case. For example, Defendant appears to have the ability

to freely travel throughout India (*see, e.g.*, Doc. # 275 at 3 n.2) and his mother – who also resides

in India – is believed to have significant assets. In fact, in a December 2008 email with his wife,

---

[1] Defendant has also attempted to mislead this Court in seeking the release of frozen monies.  For example, Defendant made an earlier request for the release of $3,000 upon representing that he needed an MRI, which allegedly cost "$2,400 - $5,000." Doc. # 268 at ¶ 7. In actuality, the test cost $125.00 (*see* Doc. # 282 at 2), which was discovered only after the Court ordered (Doc. # 281) the SEC to, among other things, contact the hospital and inquire of the actual MRI cost.

Defendant stated that his mother had more money than he did (*see* Doc. # 275-2), and this statement came one year *after* the Ahmeds paid more than $9.5 million – in cash – to purchase their residence in Greenwich, Connecticut. Moreover, SEC understands that Defendant's wife and children regularly travel to India to vacation with him, and that the Ahmeds continue to send their children to private school at a cost of approximately $100,000 per year (all while Ms. Ahmed remains unemployed). In fact, Defendant's sudden claim to need money for living expenses appears to be in response to an earlier SEC argument pointing out that Defendant must have access to monies because he had not sought a release of funds for such expenses: "The Defendant has now been in India for more than five years without making any claim to be unable to afford food or shelter, has regular computer and internet access, has an attorney in India assisting him, and travels around India, presumably by air. It is clear that the Defendant has funded his lifestyle in some manner unbeknownst to the SEC or this Court." Doc. # 1291 at 4 (internal citation omitted).

Put simply, Defendant provides no evidence that he is in need of living expenses, nor any explanation as to how he has been able to afford his lifestyle in India (and what has changed), why his family will not (or will no longer) provide him with money on which to live, whether he has sought permission to leave India from the Indian Court presiding over his alleged case, or whether he has sought the assistance of the United States consulate for resources or assistance in returning to the United States.[2]

Lastly, were this Court inclined to grant Defendant's Motion, the Court should not allow an additional stream of funds be released to Defendant and his family. Rather, any money

---

[2] Representatives from the U.S. Consulate in Kolkata previously represented to SEC attorneys that they could facilitate appropriate travel documentation should any U.S. citizen wish to return to the United States, and in certain circumstances they could perform a welfare/whereabouts visit for U.S. citizens in duress.

released to Defendant should be offset against the nearly $9,500 per month that Relief Defendant

Ms. Ahmed receives from the asset freeze. *See* Doc. # 865.

DATED: February 3, 2020.

<div style="margin-left:50%">

*s/ Mark L. Williams*
Nicholas P. Heinke
Mark L. Williams
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1027 (Williams)
HeinkeN@sec.gov
WilliamsML@sec.gov
Attorneys for Plaintiff

</div>

<u>CERTIFICATE OF SERVICE</u>

I certify that on February 3, 2020, a copy of the foregoing document was emailed to

Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:


MR. PAUL E. KNAG, ESQ.
MS. KRISTEN LUISE ZAEHRINGER, ESQ.
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(Counsel for Relief Defendants)

Christopher H. Blau
Stephen M. Kindseth
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
(Counsel for Receiver, Jed Horwitt, Esq.)

*s/ Mark L. Williams*