UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR AHMED SOLE PROP; *et al*<br><br>Relief Defendants | Civil Action No. 3:15-cv-675 (JBA)<br><br><br>February 05TH, 2020 |

### DEFENDANT'S MOTION FOR RECONSIDERATION OF THE RULING DENYING DEFENDANT'S MOTION FOR FEES TO RETAIN COUNSEL FOR CRIMINAL MATTER [DOC. #1425]

The *pro se* Defendant respectfully submits this Motion for Reconsideration of the Court's Ruling [Doc. #1425 or "Ruling"] Denying Defendant's Motion for Fees to Retain Counsel for Criminal Matter. The Defendant reserves all rights to all issues.

### ARGUMENTS

The Court should reconsider its ruling denying the release of funds for Defendant to retain counsel in his criminal matter. There is good cause for the Court to grant this Motion.

*First*, this Motion for Reconsideration is timely, as Connecticut Local Rule 7(c) provides that "[m]otions for reconsideration shall be filed and served within seven (7) days of the filing of

1

the decision of order from which such relief is sought." D. Conn. L. Civ. R. 7(c). The Court's Ruling [Doc. #1425] is dated January 29TH, 2020; thus, the Motion is timely.

**_Second_**, a motion for reconsideration is appropriate where a court overlooks "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000).

In this particular instance, the Court has overlooked the fact that there are several tens of millions of dollars of assets frozen over the judgment amount and that Courts routinely release funds for defendants to retain counsel, even just above disgorgement. Here, it is indisputable, and this Court itself has also recognized that "Defendant [should not be prevented] … from accessing funds which the Receiver expects will likely not be necessary to satisfy the judgment…" [Doc. #1405 at 5] in releasing funds, albeit with conditions, for the Defendant to retain counsel in his Second Circuit appeal. This reasoning applies with equal force to the MA Matter (and to others where Defendant has requested a release of funds).

While the bond forfeiture proceeding may be "civil" in nature, it is remains part of a criminal matter and Defendant's adversary in that situation is the Dept. of Justice (DoJ), where it is advisable and imperative that the Defendant have counsel and be represented in that proceeding. Even if the Court believes that "the Sixth Amendment does not entitle Defendant to a release of funds… at this time" [Doc. #1425 at 8], other considerations certainly would.

**_Third_**, the Second Circuit considers a bond forfeiture proceeding as civil, though it is part of a criminal matter.[1] *See United States v. Brooks*, 872 F.3d 78 (2d Cir. 2017) (collecting cases

---

[1] There is confusion on the classification of a bond forfeiture proceeding. While the MA court calls it a criminal matter, the Second Circuit calls it civil in nature, though it is part of a criminal matter. (Such a civil classification is binding on this Court and would make such bond forfeiture proceeding subject to the

2

and holding that bail forfeiture is civil in nature). As such, the classification of a bond forfeiture proceeding as "civil" by the Second Circuit would mean that the government has violated the stay of litigation against the Defendant and the Relief Defendants and such proceedings must be stayed, pending briefing in this Court on lifting the stay of litigation. The Court has also overlooked the fact that the government has moved against frozen assets, contrary to this esteemed Court's Orders.

The Defendant had asked for a release of funds in the MA Matter, under both criminal and civil classifications. The Court only addressed the Defendant's request under the consideration of "if the "declaration of bond forfeiture" constitutes a "critical stage" of the proceeding such that Defendant's Sixth Amendment rights guarantee him the assistance of counsel in connection with that forfeiture." [Doc. #1425 at 6].

However, the Defendant had also asked the Court to consider the impact of such classification of a bond forfeiture proceeding as a "civil matter" as well, stating that he is "entitled to funds for his legal (or any other) use when there are significant, indeed tens of millions of dollars of assets over this Court's judgment" [Doc. #1389 at 5] and that such classification would lead to the bond forfeiture proceeding as being under this Court's litigation injunction and asset freeze Orders [Doc. #1389 at 4-5]. The Court has not addressed this issue, especially as the Court has released funds (albeit with modification) for the Defendant's appeal in the Second Circuit, which is also a civil matter. The same reasoning applies to the release of funds in the MA Matter regarding the bond forfeiture proceeding, which is now in the First Circuit Court of Appeals. ("… Court disagrees with the SEC's suggestion that those choices

---

Court's stay of all civil litigation against the Defendant without leave of the Court). Such classification by the MA Court is under appeal in the First Circuit Court of Appeals.

should prevent Defendant from accessing funds which the Receiver expects will likely not be necessary to satisfy the judgment…" [Doc. #1405 at 5]).

**_Fourth_**, a motion for reconsideration may be granted to "correct a clear error or prevent manifest injustice." *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983). The Defendant claims it would be "manifest injustice" for the Court to deny him the use of his own assets to retain counsel that can represent him in the bond forfeiture proceedings, where the facts and applicable law need to be presented both to the MA Court and the First Circuit Court of Appeals by experienced counsel and not a *pro se* litigant.

This is especially so, considering that the Court has recognized that "several key changes have occurred since Defendant's earlier motions for the release of funds to retain counsel…the amount of the judgment… has now been determined… some Residual Assets will likely remain… release of any Residual Assets… has been significantly delayed" [Doc. #1405 at 4]. These key changes apply with equal force to the request from the Defendant for funds to retain counsel in his MA Matter.

## CONCLUSION

**WHEREFORE**, the Defendant respectfully requests that the Court reconsider its Ruling denying a release of funds for the Defendant to retain counsel in the MA Matter, specifically the bond forfeiture proceeding in that matter.

Respectfully Submitted,

Dated:     February 05TH, 2020                    /s/ Iftikar Ahmed
                                                      _____
                                                      Iftikar A. Ahmed
                                                      C/O Advocate Anil Sharma
                                                      Government Place East
                                                      Kolkata 700 069, India

                                                      Tel:    +91-983-008-9945
                                                      e-mail: iftyahmed@icloud.com

                                                      *Pro Se*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

Mr. Nicholas P. Heinke, *Esq*.
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

Mr. Mark L. Williams, *Esq*.
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

Mr. Paul E. Knag, *Esq*.
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
e-mail: pknag@murthalaw.com

Ms. Kristen Luise Zaehringer, *Esq*.
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
e-mail: kzaehringer@murthalaw.com