# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>        Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>        Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>February 6, 2020 |

## RECEIVER'S RESPONSE TO
## DEFENDANT'S MOTION FOR RECONSIDERATION

Pursuant to this Court's order of January 27, 2020 [Doc. No. 1422] (the "Order"), Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), by and through his undersigned counsel, respectfully submits this response (the "Response") addressing (a) the Defendant's argument expressed in Defendant's Emergency Motion for Clarification or Reconsideration of Order Directting [sic] Payment of Receiver's

---

[1] Unless expressly defined otherwise, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report").

Approved Fees and Expenses [Doc. No. 1421] (the "Defendant's Motion") regarding the possibility of pendent appellate jurisdiction over the Ruling Granting the Receiver's Fee Motions [Doc. No. 1415] (the "Fee Ruling") and (b) the impact, if any, of that possibility on the Court's authority to Order Directing Payment of Receiver's Approved Fees [Doc. No. 1419] (the "Payment Order") at this time. In support thereof, the Receiver respectfully represents as follows.[2]

### A. There is a Possibility of Pendent Appellate Jurisdiction Over the Fee Ruling

The Receiver acknowledges that there is a conceivable possibility that the Second Circuit may exercise its discretion and extend pendent appellate jurisdiction over the Fee Ruling.

As this Court recognized in the Payment Order, there are certain interlocutory decisions – such as those "appointing [a] receiver" – that are immediately appealable under 28 U.S.C. § 1292(a)(2). On the other hand, as the Fifth Circuit recently noted, "our court and our sister circuits have long concluded that orders directing the payment of monies or the transfer of property to receivers and their professionals are unreviewable under [28 U.S.C. §] 1292(a)(2)." *Netsphere, Inc. v. Baron*, 799 F.3d 327, 332 (5th Cir. 2015), *citing United States v. Beasley*, 558 F.2d 1200, 1200-01 (5th Cir. 1977), *Wark v. Spinuzzi*, 376 F.2d 827, 827 (5th Cir. 1967), *SEC v. Black*, 163 F.3d 188, 195 (3d Cir. 1998), *SEC v. American Principals Holdings, Inc.*, 817 F.2d 1349, 1351 (9th Cir. 1987).

Fundamentally, "[t]he doctrine of pendent appellate jurisdiction is a judicially created

---

[2] The Receiver notes that after the Court issued the Payment Order at approximately 10:32 am on January 27, 2020, the Defendant filed his Motion at approximately 11:28 am on January 27, 2020. Because a motion for reconsideration does not act to stay a court order, *Macolor v. Libiran*, Docket No. 14-CV-4555 (JMF), 2015 U.S. Dist. LEXIS 34010, at *5-6 (S.D.N.Y. Mar. 18, 2015), *citing Tekkno Labs., Inc. v. Perales*, 933 F.2d 1093, 1099 (2d Cir. 1991), the Receiver, as authorized by this Court, initiated the transfer of $239,886.96 from the Receivership Accounts to an account held in the name of Zeisler & Zeisler, P.C. in the early in the afternoon on January 27, 2020. At approximately the same time, the Receiver caused payment to be made to Mitofsky, Shapiro, Neville & Hazen, LLP in the amount of $2,555.00. Later that day, the Court issued the Order requesting briefing on issues raised in Defendant's Motion.

supplement to these methods [in Section 1292] of seeking immediate review of non-final district court rulings." *Myers* v. *Hertz Corp.*, 624 F.3d 537, 552 (2d Cir. 2010). *"*[T]he exercise of pendent appellate jurisdiction is discretionary,… and … [Appellate Courts] will only exercise it in 'exceptional circumstances.'" *Id*. "The Supreme Court,… has … made clear that pendent appellate jurisdiction should be exercised sparingly, if ever, by the courts of appeals." *Mancuso v. New York State Thruway Authority*, 86 F.3d 289, 292 (2d Cir. 1996), *citing Swint v. Chambers County Commission*, 131 L. Ed. 2d 60, 115 S. Ct. 1203 (1995).

Under the doctrine of pendent appellate jurisdiction, the Appellate Court is allowed, "[w]here [it] ha[s] jurisdiction over an interlocutory appeal of one ruling, to exercise jurisdiction over other, otherwise unappealable interlocutory decisions, where such rulings are [1] 'inextricably intertwined' with the order over which we properly have appellate jurisdiction, or [2] where review of such rulings is 'necessary to ensure meaningful review' of the appealable order." *Myers*, 624 F.3d at 552, *quoting Bolmer v. Oliveira*, 594 F.3d 134, 141 (2d Cir. 2010). These two conditions are unsatisfied when the Appellate Court is "confronted with two similar, but independent, issues, and resolution of the non-appealable order would require us to conduct an inquiry that is distinct from and broader than the inquiry required to resolve solely the issue over which we properly have appellate jurisdiction." *Myers*, 624 F.3d at 553-54, *citing Britt v. Garcia*, 457 F.3d 264, 273 (2d Cir. 2006). Ultimately, "[t]his room for the 'inextricably intertwined' use of pendent appellate jurisdiction should not be stretched to appeal normally unappealable interlocutory orders that happen to be related—even closely related—to the appealable order." *Blue Ridge Investments, L.L.C v. Republic of Arg.*, 735 F.3d 72, 81 (2d Cir. 2013).

In light of the discretionary nature of pendent appellate jurisdiction, the Receiver submits that it is possible for the Second Circuit to extend its jurisdiction over the Fee Ruling. It should be

noted, however, that as of the date of the filing of this Response, the Second Circuit has not exercised such discretion.

### B. The Mere Possibility of Pendent Appellate Jurisdiction Over the Fee Ruling Does Not Impact This Court's Authority to Issue the Payment Order

This Court has not stayed either the Fee Ruling or the Payment Order, nor has any party sought such a stay.[3] Indeed, this Court's orders are only stayed to the extent that (a) "[t]he judgment in this case has been stayed only insofar as no assets with be distributed in satisfaction of the judgment while appeals are pending" (Appointment Order, at 1) and (b) "the liquidation process in this case [is stayed] until the Supreme Court issues its decision in *Liu v. SEC*." (Ruling on Defendant's Motion to Stay [Doc. No. 1346].) Moreover, the Second Circuit declined to stay the Appointment Order itself, holding that the Defendant had "not made a showing that he is likely to succeed on the merits or that he will be irreparably injured absent a stay." (*SEC v. Ahmed, et al.*, Case 18-2903, Doc. No. 154.) The Receiver has been unable to identify any other constraint upon this Court's authority that would arise based merely upon the possibility that the Second Circuit may exercise pendent appellate jurisdiction.

Thus, the mere possibility that the Second Circuit may exercise its discretion and extend pendent appellate jurisdiction over the Fee Ruling does not impair this Court's authority to issue the Payment Order and permit the interim payment of fees and expenses incurred by the Receiver.

Upon request, the Receiver or his counsel will attend any hearings scheduled by the Court on this matter and provide any further relevant information that the Court may request in

---

[3] The Defendant's Motion, to the extent it seeks reconsideration, does not operate to stay the execution of the Payment Order. "[T]he law is well established that neither a motion for reconsideration nor a motion for a stay has the effect of staying a court order." *Macolor v. Libiran*, Docket No. 14-CV-4555 (JMF), 2015 U.S. Dist. LEXIS 34010, at *6 (S.D.N.Y. Mar. 18, 2015). "[A] letter requesting a stay or reconsideration does not automatically stay the Court's prior order." *Id*. at *5, citing *Tekkno Labs., Inc. v. Perales*, 933 F.2d 1093, 1099 (2d Cir. 1991).

4

addressing the issues raised in the Order.

                Respectfully submitted,

                JED HORWITT, ESQ., RECEIVER

                */s/ Christopher H. Blau*
                Stephen M. Kindseth (ct14640)
                Christopher H. Blau (ct30120)
                Zeisler & Zeisler, P.C.
                10 Middle Street, 15th Floor
                Bridgeport, CT  06604
                Telephone: 203-368-4234 X 236
                Facsimile: 203-549-0903
                Email: skindseth@zeislaw.com;
                cblau@zeislaw.com
                His attorneys

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 6, 2020, a copy of the foregoing Response was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

                                                                     */s/ Christopher H. Blau*
                                                                     Christopher H. Blau (ct30120)