UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

———————————————————————————

|  |  |
|---|---|
| UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP;<br>I-CUBED DOMAINS, LLC; SHALINI AHMED;<br>SHALINI AHMED 2014 GRANTOR RETAINED<br>ANNUNITY TRUST; DIYA HOLDINGS LLC;<br>DIYA REAL HOLDINGS, LLC; I.I. 1, a minor<br>child, by and through his next friends IFTIKAR<br>and SHALINI AHMED, his parents; I.I. 2, a minor<br>child, by and through his next friends IFTIKAR<br>and SHALINI AHMED, his parents; and I.I. 3, a<br>minor child, by and through his next friends<br>IFTIKAR and SHALINI AHMED, his parents,<br><br>Relief Defendants. | Civil Action No. 3:15cv675 (JBA) |

———————————————————————————

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S
LIMITED RESPONSE IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION
FOR CLARIFICATION OR RECONSIDERATION OF ORDER DIRECTTING
PAYMENT OF RECEIVER'S APPROVED FEES AND EXPENSES**

Plaintiff United States Securities and Exchange Commission ("SEC") files this limited

response in opposition to Defendant's emergency motion [Doc. # 1421] for reconsideration

("Motion"), as called for [Doc. # 1422] by this Court. The Court requested briefing on

Defendant's claim that there is pendent appellate jurisdiction over the Court's orders granting the

payment of the Receiver's fees in this case, and whether any such jurisdiction impacts the

Court's authority to order payment. *See* Doc. # 1422. As discussed more fully below, there is no

jurisdictional issue with the payment of the Receiver's fees. Pendent appellate jurisdiction permits an appellate court, in its discretion and in limited circumstances, to decide an issue raised on appeal from a non-appealable order. However, jurisdiction only transfers from the district court to the court of appeals where an order is properly appealable and properly appealed. Here, the Receiver fee orders are neither. When an appeal is taken of a non-appealable order, notwithstanding the possibility the appellate court could later decide the issue pursuant to pendent appellate jurisdiction, district courts are directed to treat the appeal as a nullity and continue forward as if no appeal was taken.  Put simply, Defendant's latest claim that this Court is without authority to order payment of the Receiver's approved fees [Docs. ## 1415, 1419] in light of one (or multiple) of his many notices of appeal is yet another meritless filing intended only to frustrate the progression and resolution of this case.

## BACKGROUND

On December 20, 2018, this Court entered [Doc. # 1070] its Order Appointing Receiver which, among other things, appointed Jed Horwitt as Receiver and ordered that he take possession of all records and property of the assets secured under the asset freeze ("Receivership Estate"), that he use reasonable efforts to determine the nature, location, and value of property interests of the Receivership Estate, and that the reasonable costs of the receivership would be paid from the Receivership Estate. *Id.* at 5-7, 16 ("Receivership Order"). Defendant filed [Doc. # 1072] a Notice of Appeal of the Receivership Order four days later. Defendant also moved in the Second Circuit for a stay of the Receivership Order, in which he argued, among other things, that he would be harmed by the payment of the Receiver's fees from the Receivership Estate. *See* Emergency Motion to Vacate or, Alternatively, Stay Order Appointing Receiver Pending Appeals, Doc. # 66 at 17, *SEC v. Ahmed*, Case No. 18-2903 2d Cir. Jan 1, 2019). The Second

Circuit denied this motion, ruling that Defendant "has not made a showing that he is likely to succeed on the merits or that he will be irreparably injured absent a stay." Order, Doc. # 154, *SEC v. Ahmed*, Case No. 18-2903 (2d. Cir. Feb. 19, 2019).

Over the next 13 months, consistent with the Receivership Order, the Receiver worked diligently to take control of the Receivership Estate, value the assets, and on at least two occasions, either prevent Defendant from violating the asset freeze and Receivership Order (*see* Doc. # 1376), or take steps to further protect the assets after determining that Defendant engaged in prohibited activity in attempting to snatch frozen assets. *See* Doc. # 1412. Additionally, the Receiver spent considerable time responding to the multitude of filings by Defendant and Relief Defendants.

Consistent with the Receivership Order, the Receiver submitted [Doc. ## 1160, 1249, 1330] interim applications for fees and expenses incurred for work associated with effectuating this Court's ruling in the Receivership Order. Defendant opposed [Doc. ## 1183, 1261, 1354] these applications, and Relief Defendants joined [Docs. # 1185, 1264, 1362] those oppositions.

On January 22, 2020, the Court granted [Doc. # 1415] the Receiver's interim applications (the "Receiver Fee Order") and directed the Receiver to submit a proposed order reflecting the amounts to be distributed and identifying the assets of the Receivership Estate from which those amounts would be paid. *Id*. at 9. That same day, Defendant filed [Doc. # 1416] a Notice of Appeal purporting to appeal the Receiver Fee Order.

On January 24, 2020, the Receiver submitted [Doc. # 1417] a proposed order. Defendant then filed [Doc. # 1418] an objection arguing the Court was prohibited from entering the Receiver's proposed order because "the matter of the Receiver's fees is now *sub-judice* and under the purview of the United States Court of Appeals for the Second Circuit…" *Id*. at 2-3.

On January 27, 2020, the Court entered [Doc. # 1419] its Order Directing Payment of Receiver's Approved Fees and Expenses ("Order Directing Payment"). In that Order, the Court rejected Defendant's argument that jurisdiction over the matter of the Receiver's fees had transferred to the Court of Appeals, finding that the Receiver Fee Order was "not appealable at this time." *Id.* at 3 n.1. Defendant immediately filed [Doc. # 1420] a Notice of Appeal purporting to appeal the Order Directing Payment. However, despite his attempt to appeal the Order Directing Payment, Defendant then filed the instant Motion with this Court arguing that it should reconsider or clarify the Order.[1] Among other things, Defendant argued that the Court was without jurisdiction to pay the Receiver because the Second Circuit had "pendent appellate jurisdiction" over the controversy.

The Court subsequently requested [Doc. # 1420] "responses only as to Defendant's argument regarding the possibility of pendent appellate jurisdiction over the Ruling Granting the Receiver's Fee Motions [1415] and the impact, if any, of that possibility on the Court's authority to order payment of the Receiver's approved fees [1419] at this time."

## ARGUMENT

As an initial matter, Defendant's insistent claim that he can prevent any order from taking effect by simply filing a notice of appeal is baseless. *See, e.g.*, Doc. ## 1324 (arguing that litigation permitted by this Court could not proceed because Defendant appealed the Court's ruling); 1411 (arguing that arbitration permitted by this Court could not proceed because Defendant appealed the Court's ruling).

---

[1] As explained below, though Defendant has sought to appeal the Order Directing Payment prior to filing the instant Motion for reconsideration, this Court retains jurisdiction to consider Defendant's Motion because Defendant's improper appeal is to be treated as a nullity and the Court should move forward as though no appeal has taken place.

Defendant essentially argues that, even though the Receiver Fee Order [Doc. # 1415] and the Order Directing Payment [Doc. # 1419] are not appealable, because he has appealed the Receivership Order [Doc. # 1070], the issue of the payment of the Receiver's fees and expenses is before the Court of Appeals under the doctrine of pendent appellate jurisdiction. Defendant further suggests that, because of pendent appellate jurisdiction, this Court is without jurisdiction to effectuate payment of the Receiver's fees and expenses. *See also* Doc. # 1418 at 2. Defendant's arguments are meritless. As explained below, simply filing a notice of appeal does not transfer jurisdiction to the Court of Appeals. And even if the Court of Appeals were to exercise pendent appellate jurisdiction over the issue of the Receiver's fees to date – something that is unlikely given that the doctrine is sparingly used – that possibility does not divest this Court of jurisdiction to order and effectuate payment. In sum, what Defendant is really seeking is a stay of the payment of the Receiver's fees – something that does not automatically occur on the filing of an appeal, and something that the Second Circuit has already rejected in this case.

First, and as a threshold matter, with respect to non-appealable orders such as the Receiver Fee Order and the Order Directing Payment, the filing a notice of appeal does not transfer jurisdiction the appellate court. *See, e.g., United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996) (deeming a notice of appeal from a non-final order as "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction). Thus, Defendant's repeated improper notices of appeal do not bear on this Court's jurisdiction over any portion of those orders, including ordering that the Receiver's fees be paid.

Second, even were the Court of Appeals to have the ability to decide a controversy improperly appealed pursuant to pendent appellate jurisdiction, that ability does not divest jurisdiction over that controversy from the district court. As explained by the Second Circuit:

> The doctrine allows us, where we have jurisdiction over an interlocutory appeal of one ruling, to exercise jurisdiction over other, otherwise unappealable interlocutory decisions, where such rulings are "inextricably intertwined" with the order over which we properly have appellate jurisdiction, or where review of such rulings is "necessary to ensure meaningful review" of the appealable order. This two-part standard derives from the Supreme Court's decision in *Swint v. Chambers County Commission, see* 514 U.S. at 51, 115 S.Ct. 1203, a decision which noted that courts of appeals employ the doctrine but did not expressly endorse it. We have continued to employ this doctrine following *Swint,* although we have indicated that the exercise of pendent appellate jurisdiction is discretionary, and that we will only exercise it in exceptional circumstances.

*Myers v. Hertz Corp.*, 624 F.3d 537, 552–53 (2d Cir. 2010) (internal quotations and citations omitted). In other words, though appellate courts may consider certain non-appealable issues in limited circumstances pursuant to pendent appellate jurisdiction, they retain the discretion to not employ the doctrine as is typically done. *See, e.g.*, *McCullough v. Wyandanch Union Free Sch. Dist.*, 187 F.3d 272, 282 (2d Cir. 1999) ("We decline to exercise pendent jurisdiction over the remaining appellants' appeal from the denial of summary judgment on the First Amendment claim."); *Bolmer v. Oliveira*, 594 F.3d 134, 141 (2d Cir. 2010) (recognizing "that 'pendent appellate jurisdiction should be exercised sparingly, if ever.'") (quoting *Mancuso v. N.Y. State Thruway Auth.,* 86 F.3d 289, 292 (2d Cir.1996).

Even were the Second Circuit to ultimately exercise pendent appellate jurisdiction over some aspect of this case that is otherwise not appealable – such as the Receiver Fee Order or Order Directing Payment – that does not deprive the district court of jurisdiction over that issue in the interim. *See, e.g.*, *McCoy v. Webster*, 47 F.3d 404, 406 (11th Cir. 1995) (recognizing that the district court "properly retained jurisdiction" over a defendant taking interlocutory appeal of summary judgment ruling, but recognizing that it "ha[d] discretionary pendent appellate

jurisdiction over [that] appeal" though ultimately declining to exercise pendent appellate jurisdiction.)

Put simply, though an appellate court may, in its discretion and in some limited circumstance, exercise pendent appellate jurisdiction over an improperly appealed order, it has no bearing on this Court's jurisdiction to effectuate that order because, as explained above, an appeal of a non-appealable order is treated as a nullity that does not divest the district court of jurisdiction.

Lastly, it is clear that in actuality Defendant is seeking to a stay of a portion of the Receivership Order, namely the portion that ordered the Receiver would be "entitled to reasonable compensation and expense reimbursement from the Receivership Estate…" Doc. # 1070 at 16. As noted above, Defendant's repeated improper notices of appeal of the Court's approvals of the Receiver's bills do not divest this Court of jurisdiction to effectuate the Receivership Order nor any portions thereof regardless of whether the Court of Appeals could later consider the fee issue using its pendent appellate jurisdiction.

Moreover, though Defendant filed [Doc. # 1072] a notice of appeal after the Receivership Order was entered, which may be permitted by 28 U.S. Code § 1292(a)(2), the appeal similarly did not automatically stay the Order or any portion thereof. *See, e.g.*, 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 3925 (3d ed. 2015) ("There is no automatic stay upon appeal from either interlocutory or final judgments in receivership actions, but a stay may be ordered by the court after considering the competing dangers."). Just as the Receivership Order has allowed the Receiver to take control of the Receivership Estate, take action to safeguard assets, and make payments to maintain assets, it also permits the Receiver to be paid for his services as specifically permitted within the Order.

Indeed, buttressing this point is the fact that Defendant expressly sought a stay of Receivership Order from the Second Circuit *and was denied* – a fact Defendant omits from his repeated filings. *See* Order, Doc. # 154, *SEC v. Ahmed*, Case No. 18-2903 (2d. Cir. Feb. 19, 2019) (denying stay because, *inter alia*, Defendant had not shown a likelihood of success on the merits or any irreparable harm from allowing the Receivership Order to be effectuated). Thus, the Second Circuit has already made clear that it expects the receivership to proceed while Defendant's appeals are pending. Or, put another way, since the Second Circuit opted not to stay any portion of the Receivership Order, this Court is free to effectuate the Order while it is on appeal.[2]  Defendant's claim to the contrary is meritless.

Finally, there is no reason that the Receiver Fee Order or payment of the Receiver's fees needs to be stayed – it could be reviewed once Defendant's appeal is ultimately considered. *See SEC v. Black*, 163 F.3d 188, 195 (3d Cir. 1998) ("[T]here is no reason why this [receiver] fee order could not be reviewed following a final judgment."); *see also Law Offices of Beryl A. Birndorf v. Joffe*, 930 F.2d 25, 1991 WL 54857, *2 (7ᵗʰ Cir. 1991) ("In general, interim fee awards … do not cause irreparable harm unless the appellant shows there is a danger the fee cannot be retrieved at the end of the litigation if it be determined that it was erroneously awarded.").

---

[2] Further, even if the Second Circuit had not explicitly rejected Defendant's request to stay the Receivership Order, this Court would still be permitted to order payment to the Receiver as permitted within that Order because it would not modify the order but rather only aid in the appeal since at least a portion of the ordered compensation would be determined allowing the appellate court to review the actual billings. *See, e.g.*, *U.S. v. Viola,* 12–4160, 2014 WL 503069, at *2 (2d Cir. Feb. 10, 2014) (holding that although a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal, the district court "still may act in aid of the appeal" and "[t]hus, where a district court does not 'act[ ] impermissibly to modify a judgment substantively,' but simply clarifies its order, we have viewed such modifications as acts in aid of the appeal"). This provides yet another basis for the Court to effectuate its Order Directing Payment.

In sum, Defendant's repeated notices of appeal and motions for reconsideration arguing pendent appellate jurisdiction are simply more of the same in a long line of meritless filings intended only to frustrate the progression of this case.  Not only does an appeal not result in a stay in the normal course, but here, Defendant expressly sought such a stay from the Second Circuit and was expressly denied. This Court can – and indeed is expected to – effectuate the Receivership Order, including the portion that permits the Receiver to be paid from the Receivership Estate.

## CONCLUSION

As explained herein, Defendant's argument that this Court is without jurisdiction to effectuate the Receivership Order, the Receiver Fee Order, or the Order Directing Payment should be rejected.


DATED: February 6, 2020.

*s/ Mark L. Williams*
Nicholas P. Heinke
Mark L. Williams
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1027 (Williams)
HeinkeN@sec.gov
WilliamsML@sec.gov
Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I certify that on February 6, 2020, a copy of the foregoing document was emailed to

Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:


MR. PAUL E. KNAG, ESQ.
MS. KRISTEN LUISE ZAEHRINGER, ESQ.
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(Counsel for Relief Defendants)

Christopher H. Blau
Stephen M. Kindseth
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
(Counsel for Receiver, Jed Horwitt, Esq.)

<em>s/ Mark L. Williams</em>