UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 3:15-cv-675 (JBA) |
| IFTIKAR AHMED, | |
| Defendant, and | |
| IFTIKAR AHMED SOLE PROP; *et al* | |
| Relief Defendants | February 07TH, 2020 |

**DEFENDANT'S EMERGENCY MOTION FOR THE IMMEDIATE RETURN OF FUNDS THE RECEIVER TRANSFERRED TO HIS OWN LAW FIRM FOR HIS PAYMENT OF FEES AND EXPENSES**

The *pro se* Defendant respectfully submits this Emergency Motion for the immediate return of funds that the Receiver prematurely and illegally transferred out of the Receivership Accounts to an account in the name of Zeisler & Zeisler, P.C. for the payment of his fees and expenses. The Defendant reserves all rights to all issues.

*First*, the Receiver clearly "jumped the gun" in getting himself (and his counsels) paid and never even informed any of the parties, including the Court, that he was effectuating the Court's Order for the transfer of funds from the Receivership Accounts to his firm's account for payment. [compare Doc. #1455, footnote 2 ("…on January 27, 2020… the Receiver, as

1

authorized by this Court, initiated the transfer of $239,886.96 from the Receivership Accounts to an account held in the name of Zeisler & Zeisler, P.C.") to Doc. #1319 (informing parties of the payment to the Relief Defendants' appellate counsel in a filing two days after effectuating payment)].

The date that the Receiver informed the parties and the Court of his effectuating payment to his firm was on February 06TH, 2020, **eleven (11) days *after* transferring the funds to his firm's account for his payment** and that too, buried in a footnote in a filing.

The Court should take into account these glaring discrepancies.

*Second*, given that the Court asked the parties for briefing related both to the pendent jurisdiction issue over the Receiver's payment and the impact of such jurisdiction on the Court's authority to Order such payment, the Receiver should have immediately returned the funds to the Receivership Accounts or at the least, immediately requested the Court for guidance since the Court itself was asking for all parties to submit responses on the impact of pendent appellate jurisdiction on the Court's *authority* to order payment to the Receiver. Clearly the Court wanted more briefing on such jurisdiction and its impact on the Court's ability to order the Defendant to pay the Receiver's fees and expenses and in light of that request, the Receiver should have ***immediately*** informed the Court and the parties that he had already effectuated the Order and he should have ***immediately*** returned the funds back to the Receivership Accounts.

The Defendant reserves the right to seek additional relief, *inter alia,* such as interest on such funds transferred and additional damages. The Defendant is irreparably harmed if the Court does not Order the immediate return of the transferred funds to the Receivership Account.

***Third***, as Defendant has explained in his filing regarding pendent appellate jurisdiction [Doc. #1454], the Court of Appeals has jurisdiction over this issue, which is also part of the original Order Appointing Receiver [Doc. #1070] which is properly appealed, as well as due to the appeals of the Ruling and Order granting the payment.

The Receiver unbelievably misstates that the Second Circuit has not, to date, exercised pendent appellate jurisdiction over a Receiver's Fee Ruling [Doc. #1455 at 4]. The Defendant submits that the Court precisely asked for the briefing on this issue of pendent jurisdiction *because* the Second Circuit explicitly exercised such jurisdiction in *U.S. v. Ianniello*, 824 F.2d 203, 209 (2d Cir. 1987).

Even if the Court were to disagree with this position, it is clear that the Second Circuit has jurisdiction due to other reasons, *inter alia*, such as *Forgay* doctrine, modification of an injunction/asset freeze and/or collateral order doctrine. As such, this Court does not have the authority or jurisdiction to grant the Receiver's payment absent appellate review of the issue of who is to pay the Receiver's fees and expenses, including the threshold question of whether the Receiver was even necessary; and because the District Court does not have jurisdiction to issue the Order, the Order must be vacated or held in abeyance, with the funds returned to the Receivership Accounts immediately.

 "Where a federal court lacks subject matter jurisdiction to grant a particular type of injunction, it also lacks the power to issue a civil contempt order for noncompliance with that injunction." *Tekkno Laboratories, Inc. v. Perales*, 933 F.2d 1093, **1098** (2d Cir. 1991). Similarly, where the Court of Appeals has jurisdiction over an issue (especially which they have exercised before in similar situation), the District Court cannot interfere with that jurisdiction. ***Fourth***, the payment to the account in the name of Zeisler & Zeisler, P.C. represents a modification of the injunction/asset freeze and is an improper transfer of assets that are titled to

3

and belong to the Defendant *before* appellate review of the issue of who is to pay for the Receiver.  And the Receiver effectuated the payment *after* the Defendant filed the Notices of Appeal on the Order Appointing Receiver [Doc. #1070] and on both the Ruling and Order for Receiver's payment.  Thus, this makes the Receiver effectively in contempt of the Second Circuit's jurisdiction and improperly interferes with the Second Circuit jurisdiction.

**WHEREFORE**, the Defendant respectfully requests that the Court order the immediate reversal of the payment and return of the funds the Receiver transferred on January 27TH, 2020 to an account in the name of Zeisler & Zeisler, P.C. in the amount of $239,886.96 back to the Receivership Accounts; given the jurisdiction of the U.S. Court of Appeals for the Second Circuit on this issue, the irreparable harm to the Defendant for the transfer of such funds prior to appellate review, and the glaring inequity in the situation where the Court has denied funds to the Defendant multiple times, *inter alia,* for the retention of counsel in this and other pending matters.

Respectfully Submitted,

Dated:          February 07TH, 2020          /s/ Iftikar Ahmed

_____
Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East
Kolkata 700 069, India

Tel:    +91-983-008-9945
e-mail: iftyahmed@icloud.com

*Pro Se*

4

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

MR. NICHOLAS P. HEINKE, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

MR. MARK L. WILLIAMS, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

MR. PAUL E. KNAG, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
e-mail: pknag@murthalaw.com

MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
e-mail: kzaehringer@murthalaw.com