UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>　　　　Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>　　　　Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>February 10, 2019 |

## RECEIVER'S NOTICE REGARDING NON-PAYMENT OF HARRIS ST. LAURENT, LLP, BERENZWEIG LEONARD, LLP, AND MURTHA CULLINA LLP

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully provides this notice (the "Notice") regarding payments to Relief Defendants' counsel, specifically Harris St. Laurent, LLP ("Harris"), Berenzweig Leonard, LLP ("Berenzweig"), and Murtha Cullina LLP ("Murtha" and jointly with Harris and Berenzweig, "Relief Defendants' Counsel").

---

[1] Unless expressly defined otherwise, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report").

1

In connection with carrying out this Court's Ruling on Relief Defendants' Counsel's Motions for Fees and Withdrawal [Doc. No. 1424] (the "RD Counsel Payment Order"), the Receiver had selected the source of funds to be used to pay Relief Defendants' Counsel and had conferred with the parties concerning such selection. The Receiver had intended to effectuate the payments to Relief Defendants' Counsel on February 7, 2020.

Separately, the Defendant appealed this Court's Order Directing Payment of Receiver's Approved Fees and Expenses [Doc. No. 1419] and filed an Emergency Motion for Clarification or Reconsideration of Order Directting [*sic*] Payment of Receiver's Approved Fees and Expenses [Doc. No. 1421]. (*See* Doc. Nos. 1421, 1429.) In response, this Court ordered briefing "as to Defendant's argument regarding the possibility of pendent appellate jurisdiction over the Ruling Granting the Receiver's Fee Motions [Doc. No. 1415] and the impact, if any, of that possibility on the Court's authority to order payment of the Receiver's approved fees [Doc. No. 1419] at this time." (Doc. No. 1422, the "Briefing Order".) The parties have submitted their briefs on these issues, and they are currently *sub judice*. Meanwhile, the Defendant has raised similar issues in his Motion for Reconsideration of the Ruling Granting Partial Payment of Fees to Harris St. Laurent [Doc. No. 1443].

As articulated in the Receiver's Response to Defendant's Motion for Reconsideration [Doc. No. 1455], the Receiver has been unable to identify any constraint upon this Court's authority to direct payment to the Receiver or the Receiver's counsel. (*See* Doc. No. 1455, at 4.) The Receiver submits that, for the same reasons, this Court is not prevented from directing payment to the Relief Defendants' Counsel even after the Defendant appealed the RD Counsel Payment Order.

However, the Receiver has decided in the exercise of his reasonable judgment not to make payments to the Relief Defendants' Counsel pending this Court's adjudication of the issues raised

in the Briefing Order.[2] The Receiver made this determination in light of the fact that the Receiver cannot guarantee that, in the event this Court concludes that it cannot order the payment of attorneys' fees following the Defendant's appeal of such orders, he will be able to effectuate the return of funds to the Receivership Estate paid to the Relief Defendants' Counsel. Furthermore, in that the Receiver's payment of funds to the Relief Defendants' Counsel would in all likelihood be a catalyst for further filings by the Defendant seeking the return of these funds to the Receivership Estate due to what the Defendant characterizes as the Second Circuit's exclusive jurisdiction over such issues, the Receiver wishes to avoid burdening this Court and the Receivership Estate with further motion practice on substantially similar issues. (*See* Defendant's Emergency Motion for the Immediate Return of Funds the Receiver Transferred to His Own Law Firm for His Payment of Fees and Expenses [Doc. No. 1460].) In the Receiver's view, the Receiver's ability to pay the Relief Defendants' Counsel will be resolved once this Court adjudicates the issues raised in the Briefing Order, thereby removing the risk of unnecessary motion practice on appellate jurisdictional issues.

Of course, if so directed by this Court the Receiver will immediately effectuate payment to the Relief Defendants' Counsel regardless of whether the issues raised by the Briefing Order have been decided.

---

[2] Because the Defendant did not appeal this Court's order directing the payment of fees to Jenner & Block LLP ("J&B"), the same unresolved legal questions are not raised and the Receiver has effectuated the payment to J&B. (*See* Receiver's Notice Regarding Payment of Fees to Jenner & Block LLP [Doc. No. 1461].)

Respectfully submitted,
JED HORWITT, ESQ., RECEIVER


 */s/ Christopher H. Blau*
Stephen M. Kindseth (ct14640)
Christopher H. Blau (ct30120)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06604
Telephone: 203-368-4234 X 236
Facsimile: 203-549-0903
Email: cblau@zeislaw.com;
skindseth@zeislaw.com
*Counsel to the Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2020, a copy of the foregoing Notice was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

       /s/ *Christopher H. Blau*
      Christopher H. Blau (ct30120)