**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 3:15-cv-675 (JBA) |
| IFTIKAR AHMED, | |
| Defendant, and | |
| IFTIKAR AHMED SOLE PROP; *et al* | |
| Relief Defendants | February 10TH, 2020 |

**DEFENDANT'S RESPONSE TO NON-PARTY OAK MANAGEMENT**
**CORPORATION'S (OR "OAK'S") RESPONSE TO THE RECEIVER'S NOTICE**

The *pro se* Defendant respectfully submits this Response to Oak Management

Corporation's Response [Doc. #1432 or the "Response"] to the Receiver's Notice [Doc. #1412

or the "Notice"]. The Defendant reserves all rights to all issues.

**_First_**, the Court should strike the Response since Oak has no standing or right to issue

any opinion that does not concern them; and for which they did not seek proper leave of the

Court.  Thus, their Response is an improper filing in this dispute and must be stricken from the

record.  The Defendant joins the Relief Defendants' Motion to Strike [Doc. #1451] and

incorporates all of their arguments herein.

**_Second_**, the Response is simply an unprovoked attempt at character assassination of the Defendant[1] by his adversary, Oak, and the Response has no basis or reason for it to be considered by the Court. It is entirely baseless and repugnant.

Such abusive attack, without any justification or provocation, is improper and the esteemed Court should strike Oak's unauthorized and uncalled-for Response. The Court's authority "includes the court's ability 'to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances.'" _Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co._, No. 09 Civ. 2669 (LAP), 2015 WL 4757601, at *3 (S.D.N.Y. Aug. 12, 2015) (quoting _NRDC v. FDA_, 884 F. Supp. 2d 108, 115 n.5 (S.D.N.Y. 2012)) (additional citations omitted).

The Defendant needs no character certificate from the Oak Managing Partners.

Suffice to stay, those in glass houses must think twice before throwing stones at others.

They include people occupying prime level elected offices who regularly sent all personal mails and courier packages from the offices of Oak and Oak bore all his personal expenses while not being employed by or at Oak, courtesy their relatives, and none of those mails and couriers being related to Oak business.   A very cursory examination of all the expense reports of the Managing Partners of Oak, would quickly establish the veracity of this statement.   They include public officials who regularly also lied in federal filings of being a General Partner of Oak, while

---

[1] Oak very conveniently forgets that it was the Defendant who generated at least several hundreds of millions of dollars of investment gains for the Oak investors and the General Partners themselves.  The Defendant reserves all rights to seek relief for any damages from Oak due to, _inter alia,_ defamation.  The Defendant is happy to put up his investment track record against that of any of the four Managing Partners of Oak, who squandered and wasted hundreds of millions of dollars on private jet travels across continents ferrying friends and personal assistants to carry their bags as if they were Hollywood royalty or celebrity politicians.   The Oak Limited Partners should conduct an external audit of the expenses incurred by the Oak Managing Partners and the truth will come out quickly.

having nothing to do with Oak except for being married to executives at Oak.  They ought to be even more careful since such documents exist in the public domain itself.

People who regularly expensed even $5 shoeshine invoices from Manhattan as business expenses (in effect, claiming such expenses to be "business expenses" which indirectly were paid by the investors in Oak funds) have no moral authority to lecture anyone on what is the "right thing to do" no matter if that is his favorite phrase.  People who spent tens of millions of dollars of Oak's investors funds for the travel and accommodation of their spouse(s) all over the world, including stays in luxury resorts and hotels; people who wasted investors' money by arranging unnecessary private jet trips to their vacation properties in the guise of convenient business travels to portfolio company offices in other states, should be careful of pointing fingers at others.

A simple analysis of Oak's private jet travels would establish the truth of this submission. Bribing colleges and universities in order to procure admissions for one's children apparently is a crime too.   Oak should look inside their own glass houses prior to throwing stones outside.

Activities involving the "Oak Air" private jets could likely rival those in the now-infamous Lolita Express.

Suffice to say, the Defendant needs no character certificate from the Managing Partners of Oak and if they want to engage in a public exchange on morality, the Defendant has one simple message - "Bring it on!"


**_Third,_** Oak's filing has no bearing on the subject matter of the litigation and unnecessarily prejudices the Defendant, lending even more support for the Court to strike Oak's Response. *See Shahzad v. H.J. Meyers & Co.*, No. 95 Civ. 6196 (DAB), 1997 WL 47817, at *13 (S.D.N.Y. Feb. 6, 1997); *see Ruffino v. Murphy*, No. 3:09-cv-1287 (VLB), 2009 WL 5064452, at

*1 (D. Conn. Dec. 16, 2009). In addition, where "[r]etention of the allegation will prejudice the defendant," *Murphy v. A.S. Kirkeby, Inc.*, 9 F.R.D. 725 (S.D.N.Y. 1949), or if it "serve[s] no purpose except to inflame the reader," *Morse, 777 F.Supp. at 319*, then it should be stricken.

 If Oak's Response in stricken, the Defendant would consent to this submission being stricken too, but the Defendant can play the same silly game that Oak instigated.

 **WHEREFORE**, the Defendant respectfully requests that the Court completely disregard Oak's filing in its entirety.

Respectfully Submitted,

Dated:  February 10TH, 2020   /s/ Iftikar Ahmed

                    _____

                    Iftikar A. Ahmed
                    C/O Advocate Anil Sharma
                    Government Place East
                    Kolkata 700 069, India

                    Tel: +91-983-008-9945
                    e-mail: iftyahmed@icloud.com

                    *Pro Se*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

MR. NICHOLAS P. HEINKE, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

MR. MARK L. WILLIAMS, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

MR. PAUL E. KNAG, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
e-mail: pknag@murthalaw.com

MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
e-mail: kzaehringer@murthalaw.com