UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> IFTIKAR AHMED, <br>                    Defendant, and <br><br> IFTIKAR ALI AHMED SOLE PROP; et al., <br><br>                    Relief Defendants. | No. 3:15-CV-675 (JBA) <br><br><br><br><br><br><br><br><br> February 12, 2020 |

**RELIEF DEFENDANTS' MOTION TO OFFSET
ALL RECEIVER'S FEES AND EXPENSES AGAINST THE JUDGMENT**

The Relief Defendants, by and through their undersigned counsel, respectfully submit this Motion to Offset All Receiver's Fees and Expenses Against the Judgment, in response to the Court's request for any briefing on the subject in its Ruling Granting Receiver's Motion for Fees [ECF No. 1415].[1]

This Court has previously determined that, "given the need to value the frozen assets and ***avoid over-freezing***, to secure the judgment for the SEC, ***to manage and maximize the value of frozen assets*** under the guidance of a neutral third party, and to take necessary steps toward effectuating the judgment, the Court will appoint a receiver… all costs of the receivership in this case will be paid from among the assets of the Receivership Estate." [ECF No. 1070] (emphasis added). The question that remains unanswered, however, is whether the costs of receivership should be paid from those assets in the Receivership Estate that are intended, and are sufficient, to cover

---

[1] The Relief Defendants reserve all rights with respect to all issues.

the Judgment, effectively offsetting the Judgment amount, or whether those costs are to be paid from that portion of the frozen assets in excess of the Judgment amount ("Excess Assets"), thus indirectly (and inequitably) charging the Relief Defendants for the receivership costs.

At the Court's invitation [ECF No. 1415], the Relief Defendants respectfully submit this brief to address the issue.

Relief Defendants believe all receivership costs should be held in abeyance until resolution of the appeals pending before the United States Court of Appeals for the Second Circuit.

Alternatively, and at the very least, Relief Defendants request that any payment to the Receiver must be expressly offset against the Judgment amount, and any orders issued by the Court allowing payment to the Receiver should make clear that such costs shall be paid solely out of that portion of the Estate intended to pay the Judgment, and should not be charged to the Relief Defendants or the Defendant, either directly or indirectly by paying from the Excess Assets in what would amount to a surcharge on the Judgment amount.

### I. The Receiver's Expenses Must Be Paid Solely from Those Assets Necessary to Cover the Amount of the Judgment

The Second Circuit has held that an asset freeze may apply to those "funds in an amount sufficient to cover not just the profits that might have to be disgorged but [also] the civil penalty." *SEC v. Unifund SAL,* 910 F.2d 1028, 1041 (2d Cir. 1990). In this case, more than sufficient assets have been frozen and are part of the Estate. Specifically, the amount of assets necessary to pay any judgment is $64.4 million (disgorgement of $41.9 million, pre-judgment interest of $1.5 million and civil penalty of

$21 million) and no more.  Yet, the Estate in this case consists of substantially more assets than are necessary to cover the Judgment amount – namely, the Excess Assets.

Particularly given that the Receiver has been appointed for the benefit of the public rather than the Relief Defendants, payment of the Receiver's costs should only be paid from the assets set aside for the benefit of the public and not from the Excess Assets.

***First***, neither the Defendant nor the Relief Defendants requested the appointment of the Receiver, nor are they benefitting from the appointment of the Receiver.  Indeed, the Relief Defendants have consistently taken the position that the Receiver, by his actions (or lack thereof), has harmed the Estate.  For example, inter alia, the Receiver has opposed the Relief Defendants' explicit request to rent an apartment [ECF No. 1220], which has led to a loss of an additional, substantial income stream for the Estate as a whole.[2]  However, the Receiver insists on keeping the apartment vacant, *only* because he believes that "both Apartments will sell for more money in a shorter period of time if they are vacant."  [ECF No. 1237 at 3].

***Second***, the Receiver has continually stated that "the limited scope of the Receiver's primary duty… [is to] value assets and liquidate such assets as directed by the Court to secure the Judgment."  [ECF No. 1330 at 26.]  Again, it is clear that his actions are not intended to benefit the Estate as a whole, but *only* to secure the amount of the Judgment for the SEC.  As for the Excess Assets, the Receiver appears to have

---

[2] More particularly, Apartment 12A has been vacant since October 2018, which has led to a *loss* to the Estate of rental income of $527,000 (to date), plus additional costs that have had to be paid related to maintenance, taxes and insurance for the apartment.  These costs would have been covered by the rental stream that would have accrued to the benefit of the Estate.

3

little or no interest in protecting or maximizing those assets above and beyond what is necessary to pay the Judgment.

**_Third_**, ordering the payment of such costs out of the Excess Assets, on top of the Judgment, effectively constitutes an additional penalty on the Defendant and the Relief Defendants, which is wholly inequitable.  The Relief Defendants (and Defendant) have always opposed the appointment of a Receiver in this case, which was not needed, given the value and nature of assets frozen.  Yet, the Court appointed a Receiver at the sole request of the SEC to secure the Judgment. As such, the Receiver has been appointed to secure the Judgment and not for the benefit of the Relief Defendants.  As such, in equity, the Court should assess the costs of the Receiver (his fees and expenses) on the Judgment amount and not from the Excess Assets held in the Estate.[3]

This Court has the ability to order that receivership costs be paid from the Judgment amount of the Estate and not from the Excess Assets. *See, e.g., SEC v. Pittsford Capital Income Partners, LLC*, No. 6:06-cv-6353, 2016 WL 302593, at *2 (W.D.N.Y. Jan. 26, 2016) (receiver fees paid out of assets collected by receiver to pay judgment amount).

## II.     The Receiver Has No Incentive to Economize on Fees

It is clear that neither the Receiver nor the SEC have *any* incentive to economize on the Receiver's fees and expenses if the costs are to be ultimately borne by the Defendant and the Relief Defendants by allowing the use of the Excess Assets to pay those costs rather than limiting payment to the pool of assets required to pay the

---

[3] In fact, given the uncertainty surrounding the Judgment amount, as well as the lack of clarity that the judgment will survive, post *Liu* and the appeals, arguably, the SEC should pay for the Receiver in the interim if there is no enforceable judgment for the Defendant to pay.  *See U.S. v. Ianniello*, 824 F.2d 203, 209 (2d Cir. 1987) (before a judgment enters, "since the benefit of the receivership is thus enjoyed by the public, it seems appropriate at this stage to impose the costs of the receivership on the government, at least pending a resolution of its charges against the defendants.").

Judgment amount.  The SEC has not opposed *any* of the Receiver's fee applications in this case and likely is "rubber-stamping" each of the fee applications, in contrast to the oppositions that the SEC made to the various attorneys' fees applications filed by the Relief Defendants.  It is clear that with a Receiver in place, "…the possibilities for abuse were limited only by the size of the estate."  *SEC v. Northshore Asset Mgt.*, 05 Civ. 2192 (WHP), 2009 WL 3122608, at *1 (S.D.N.Y. Sept. 29, 2009); *see also SEC v. Goren*, 272 F.Supp.2d 202, 203 (E.D.N.Y.2003); *SEC v. Byers*, No. 8 Civ 7104 (DC), 2014 WL 7336454, at *7 (S.D.N.Y. Dec. 23, 2014) (clear abuse by attorneys charged with assisting in recovering assets).  Here, because of the Excess Assets, the size of the Estate is tens of millions of dollars *above* the Judgment amount, and the opportunity for abuse is significantly heightened when payment of receivership costs is not tied directly and exclusively to the Judgment amount.[4]

### III. The Relief Defendants Oppose the Use of their Assets to Pay for Defendant's Judgment or to Pay the Receiver

The Relief Defendants also oppose the use of their assets to pay for the Defendant's judgment or to pay the Receiver.  Any amount of assets that are used to pay the Receiver must be offset against the Judgment amount.

### IV. Conclusion

For all the foregoing reasons, the Court should enter an order that any payment of the Receiver's fees and expenses must be offset against the Judgment and paid from the $64.4 million in frozen assets to be used to pay the Judgment amount, and that such costs shall not be paid out of the Excess Assets (frozen assets above and beyond

---

[4] The Relief Defendants reserve all rights that the authority of the Court, and by extension, the Receiver, is only up to the judgment amount – disgorgement, pre-judgment interest and civil penalty only. This is subject to change with *Liu* and the pending appeals, which could substantially reduce or eliminate this amount.

the Judgment amount), and grant such other and further relief as the Court deems just and proper.

                Respectfully submitted,

By: /s/ Paul E. Knag
     Paul E. Knag – ct04194
     pknag@murthalaw.com
Murtha Cullina LLP
177 Broad Street, 16th Floor
Stamford, Connecticut 06901
Telephone: 203.653.5400
Facsimile:  203.653.5444

*Attorneys for Relief Defendants
I-Cubed Domain, LLC, Shalini Ahmed,
Shalini Ahmed 2014 Grantor Retained
Annuity Trust, Diya Holdings, LLC, Diya
Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of February, 2020, a copy of the foregoing RELIEF DEFENDANTS' MOTION TO OFFSET ALL RECEIVER'S FEES AND EXPENSES AGAINST THE JUDGMENT will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

                                                */s/ Paul E. Knag*
                                                Paul E. Knag – ct04194