UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>                    Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>                    Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA<br><br><br><br><br><br><br><br><br><br><br><br><br><br>February 17, 2019 |

**RECEIVER'S RESPONSE TO RELIEF DEFENDANTS' EMERGENCY MOTION FOR A TEMPORARY INJUNCTION ON ALL LITIGATION/ARBITRATION AGAINST DEFENDANT/RELIEF DEFENDANTS UNTIL NINETY (90) DAYS AFTER SUPREME COURT'S DECISION IN LIU V. SEC AND ITS IMPACT ON THE JUDGMENT IN THIS PROCEEDING IS DETERMINED**

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1]

(the "Receiver"), through his undersigned counsel, respectfully provides this response (the

"Response") to the Relief Defendants' Emergency Motion for a Temporary Injunction on All

Litigation/Arbitration Against Defendant/Relief Defendants Until Ninety (90) Days After

---

[1] Unless expressly defined otherwise, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report").

Supreme Court's Decision in Liu v. SEC and Its Impact on the Judgment in This Proceeding is Determined [Doc. No. 1446] (the "Motion"). In support thereof, the Receiver states as follows.

**I.      The Receiver Takes No Position Concerning the Potential Impact of *Liu***

At the outset, the Receiver has no reason to disagree with this Court's conclusion "that there is some possibility that [the Supreme Court] will determine that disgorgement is not a proper penalty in securities enforcement actions" and that such a decision may have an "impact on the amount of the judgment in this case…." (Ruling on Defendant's Motion to Stay [Doc. No. 1346], at 6.) Nonetheless, at this time the Receiver himself declines to opine upon the ultimate impact of the *Liu* decision on this case. In the Receiver's view, offering such an opinion would be beyond his mandate as articulated in the Appointment Order.

**II.     The Receiver Takes No Position as to the Proposed Stay of Ancillary Proceedings Until 90 Days After the *Liu* Decision**

From the outset of this Receivership, the Receiver has focused on his responsibility to "value the frozen assets and avoid over-freezing, to secure the judgment for the SEC, to manage and maximize the value of frozen assets …, and to take necessary steps toward effectuating the judgment…." (Appointment Order, at 5.) Historically the Receiver has declined to take a position on issues that the Receiver views as having no material impact on the Receiver's ability to perform these responsibilities. Thus, as is relevant to the Motion, the Receiver took no position as to the motions to lift the litigation stay filed by NMR e-tailing, LLC, Oak Management Corporation, and Harris St. Laurent, LLP. (*See* Doc. Nos. 1115, 1144, 1175.) Likewise, in that Brown Rudnick LLP "does not intend to disturb the asset freeze or take priority over the SEC's claim to any of the frozen assets," the Receiver intends to take no position with respect to Brown Rudnick LLP's motion seeking to lift of the litigation stay. (*See* Doc. No. 1440.) Conversely, in that a release of funds to pay for attorneys' fees could have an impact on the Receiver's ability "to secure the

judgment for the SEC," the Receiver objected to the release of such funds in connection with, *inter alia*, the Defendant's litigation with NMR e-tailing, LLC, Oak Management Corporation, and the proceedings in which he is involved in Massachusetts as well as the Relief Defendants' bond forfeiture proceedings. (*See* Doc. Nos. 1360, 1372, 1373, 1398.)

Consistent with his analysis described above, the Receiver now takes no position with respect to the Motion to the extent it seeks a stay of Ancillary Proceedings, as the Appointment Order defines that term, until 90 days after the Supreme Court issues its decision in *Liu*. In the Receiver's view, just as the Receiver's ability to execute his duties under the Appointment Order would not be disturbed by the initiation of certain Ancillary Proceedings that did not seek Receivership Assets or otherwise impact the Receivership, a stay of the same Ancillary Proceedings pending the *Liu* decision would also not impair the Receiver's ability to perform his duties.

### III.     The Receiver Opposes the More Expansive Stay Suggested in the Motion

In the Motion, "[t]he Relief Defendants move for a temporary injunction on *all proceedings against Defendant or Relief Defendants* until ninety (90) days after a decision is rendered by the US Supreme Court in [*Liu*] a*nd the impact of any Supreme Court decision on the judgment in this proceeding is determined*." (Motion, at 2 (emphasis added).)[2] From this statement, it appears that the Motion seeks a stay of not only Ancillary Proceedings but "all proceedings against the Defendant or Relief Defendants," which among other things would presumably include the instant matter. However, this Court held previously that this matter should only be stayed "as to the liquidation of assets." (Ruling on Defendant's Motion to Stay, at 8.) Therefore, and subject to

---

[2] The Proposed Order submitted with the Motion tracks this language, except that it directs a stay "until *at least* ninety (90) days after a decision is rendered in *Liu* and the impact of *such decision* on the judgment in this case is determined." (Proposed Order, at 1 (emphasis added).) These differences with the relief sought in the Motion only compound the potential for confusion.

further order by this Court concerning the nature of stay in this matter, the Receiver objects to the Motion to the extent it seeks a stay of "all proceedings against Defendant and Relief Defendants."

Additionally, the Receiver objects to the Motion to the extent that it seeks a stay until "the impact of any Supreme Court decision on the judgment in this proceeding is determined" for two reasons. First, such a stay would not be limited to the Supreme Court's decision in *Liu* and, therefore, has the potential of spawning significant motion practice (with concomitant cost to the Receivership Estate) concerning other, hitherto unidentified Supreme Court decisions that may or may not have an impact on this matter. Second, even if the stay were limited to the Supreme Court's adjudication of *Liu*, such a stay would seemingly end only when "the impact" of *Liu* "is determined." This, too, appears to be an unworkable standard, potentially inviting unnecessary motion practice (and related expense to the Receivership Estate). The Receiver submits that a stay extending 90 days past the issuance of the *Liu* decision is likely sufficient to address the impact of *Liu* and, if not, a party could seek an extension of the stay at that time.

Fundamentally, at this time, the Receiver opposes the Motion to the extent that it seeks a stay of more than Ancillary Proceedings and/or a stay of a duration longer than 90 days after the Supreme Court issues its decision in *Liu*.

Upon request, the Receiver or his counsel will attend any hearings scheduled by the Court on this matter and provide any relevant information and assistance that the Court may request in addressing the issues raised in the Motion or otherwise.

Respectfully submitted,
JED HORWITT, ESQ., RECEIVER


 /s/ Christopher H. Blau
Stephen M. Kindseth (ct14640)
Christopher H. Blau (ct30120)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06604
Telephone: 203-368-4234 X 236
Facsimile: 203-549-0903
Email: cblau@zeislaw.com;
skindseth@zeislaw.com
*Counsel to the Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2020, a copy of the foregoing Response was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.


 */s/ Christopher H. Blau*
Christopher H. Blau (ct30120)