UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>*Plaintiff,*<br><br>*v.*<br><br>IFTIKAR AHMED<br><br>*Defendant,* and<br><br>IFTIKAR AHMED ALI AHMED SOLE PROP, *et al*.<br><br>*Relief Defendants.* | Civil No. 3:15-cv-675 JBA |

**NMR E-TAILING, LLC'S OPPOSITION
TO RELIEF EMERGENCY MOTION FOR A TEMPORARY INJUNCTION**

NMR e-tailing, LLC ("NMR"), by its undersigned counsel, submits this Opposition to Relief Defendants' Emergency Motion for a Temporary Injunction on all Litigation/Arbitration Against Defendant/Relief Defendants Until Ninety Days After Supreme Court's Decision in *Liu v. SEC* and its Impact on the Judgment in this Proceeding is Determined [Dkt. No. 1446] and states the following:

### I. INTRODUCTION

1. This is Relief Defendants'/Defendant's third attempt to restrain NMR from pursuing claims against third parties. Just as the prior attempts failed, Relief Defendants' latest Motion should be denied for several independent, dispositive reasons.

2. *First*, Relief Defendants Motion fails to acknowledge this Court's ruling on NMR's Motion to Lift Stay [Dkt. No. 1097], which provided NMR leave to pursue its claims against third parties other than Iftikar Ahmed ("Ahmed") in the New York Action (defined below). Indeed, as this Court and the Receiver both have made clear, NMR's New York Action

will not impact the frozen funds in the instant case.  In this regard, Relief Defendants have wholly failed to establish any nexus between NMR's pursuit of claims against defendants who are not parties to this action, and the funds they seek to protect through their request for a stay. *Second*, Relief Defendants' Motion should be denied because it is an attempt to relitigate an issue for a third time.[1] *Third*, Relief Defendants ignore that this Court already has implemented a stay on actions against Ahmed or actions that would impact the frozen funds and, accordingly, further order from the Court would be superfluous and duplicative.  And, *Fourth*, as this Court already has held, prohibiting NMR from pursuing its claims in the New York Action will result in substantial undue prejudice.

3. Accordingly, Relief Defendants' have failed to provide any authority that would support the imposition of a stay on the New York Action.

4. For all of these reasons, NMR respectfully requests that the Court deny Relief Defendants' Motion with respect NMR and the New York Action.

## II. BACKGROUND

5. NMR e-tailing, LLC was formed in 2013 by a group of investors for the purpose of investing in Choxi.com, referred to in this case as "Company C."

6. On October 18, 2017, NMR, based on facts and circumstances surrounding NMR's investment in Company C, filed a lawsuit against Oak Investment Partners and its managing members, Oak Management Corporation ("OMC"), Oak Investment Partners XIII, LP, and Oak Associates XIII, LLC (collectively, "OIP"), and Iftikar Ahmed ("Ahmed") in the

---

[1] *See* Dkt. Nos. 1114 and 1116 (Defendant Ahmed and Relief Defendants' Opposition to NMR's Motion to Intervene and Lift Stay, respectively); 1324 (Defendant Ahmed's Motion for Sanctions on NMR or Violation of Court Order); and 1446, the instant motion.

Supreme Court of the State of New York, County of New York, Index No. 656450/2017 (the "New York Action").[2]

7. On March 14, 2018, a judgment against Ahmed was entered on the issue of liability as a result of his failing to answer or otherwise timely respond to NMR's Complaint. To date, Ahmed has not participated in the New York Action and NMR has not taken any action to liquidate or collect its default against Ahmed. NMR, however, has made the SEC aware of the status of the New York Action and its expected involvement in the Fair Funds process as a victim of Ahmed's fraud.

8. With respect to the Receivership Order entered in this case [Dkt. No 1070], which included a stay of litigation, NMR filed a motion on February 5, 2019 requesting permission to proceed in the New York Action against OIP [Dkt. No. 1097].

9. NMR's Motion was unopposed by the Receiver, who stated that based on his analysis, the granting of NMR's request would "not impact the Receiver's ability to complete his duties under the Order Appointing Receiver," [Dkt. No. 1115 at p. 1-2]. In addition, the SEC did not oppose the relief requested by NMR.

10. On May 21, 2019, this Court granted NMR's Motion and ordered that "[t]he litigation stay imposed in the Order Appointing Receiver is lifted for the limited purpose of permitting the New York action to proceed against the Oak entities named as defendants in that case." [Dkt. No. 1167 at p. 9].

11. In support, the Court, *inter alia*, held that "[g]iven the advanced posture of the New York action, NMR would likely suffer injury if that action were now stayed indefinitely." *Id.*

---

[2] A copy of NMR's Verified Complaint is attached as **Exhibit A** to NMR's Motion to Intervene and Lift Litigation Stay. [Dkt. No. 1097-1].

12. Consistent with the Court's Order and representations made in NMR's Motion, NMR has not taken any action to liquidate or collect upon its default judgment against Ahmed.

### III. ARGUMENT IN OPPOSITION TO RELIEF DEFENDANTS' MOTION FOR INJUNCTION.

13. In short, Relief Defendants' instant Motion is fundamentally flawed, duplicative of existing orders and, otherwise, would result in undue prejudice to NMR.

14. *First*, Relief Defendants' Motion ignores this Court's prior Order on NMR's Motion to Lift Stay. NMR sought and obtained specific relief, which was to pursue its claims against OIP—not liquidate its default judgment against Defendant Ahmed. The present posture of the New York Action does not implicate Ahmed, the Relief Defendants or the frozen funds.[3]

15. Ignoring that reality, Relief Defendants argue that "it is inequitable for the Court to allow such proceedings to commence or continue without a release of funds for the Relief Defendants and [ ] Defendant [Ahmed] to retain counsel in these matters…." Mtn. at p. 3. Further, Relief Defendants contend that the Supreme Court's decision in *Liu v. SEC* will impact "the judgment amount in this case." Mtn. at p. 2. Simply put, neither of these arguments relate to NMR's claims against OIP. Indeed, this Court [Dkt. No. 1167] and the Receiver [Dkt. No. 1115[4]] have previously recognized that the New York Action will not impact the frozen funds in the instant case. For this reason alone, Relief Defendants' Motion fails.[5]

---

[3] NMR reserves the right to seek further Order from the Court with regard to liquidating the default judgment it obtained against Ahmed.

[4] The Receiver informed that the Court that based on the "Receiver's analysis at this time, the [NMR's] Motion and the granting thereof do not impact the Receiver's ability to complete his duties under the Order Appointing Receiver…." *Id.* at p. 1-2.

[5] This also rebuts Relief Defendants' argument that they have met the factors necessary for the imposition of a stay. Indeed, the second factor addressed by Relief Defendants—irreparable injury—does not exist because the New York Action is proceeding against OIP and not Ahmed. Mtn. at p. 5.

16. *Second*, Relief Defendants' Motion should be denied because it attempts to re-litigate NMR's Motion to Lift Stay. Relief Defendants specifically argued in their Opposition to NMR's Motion to Lift Stay that NMR should be prohibited from pursing the New York Action because the frozen funds "would be impacted by any litigation against [OIP]" and because Relief Defendants "are unable to access funds that would otherwise be available to pay for attorneys' fees to defend any claims against these assets." [Dkt. No. 1116 at p. 2].

17. All of these arguments were thus previously considered by this Court and rejected. Relief Defendants' attempt to once again derail NMR also should be rejected.

18. *Third*, Relief Defendants' Motion is unnecessary because this Court already has implemented a stay of litigation through its Receivership Order [Dkt. No 1070]. Accordingly, there is no need for this Court to issue a yet another order staying litigation against Ahmed.

19. *Fourth*, granting Relief Defendants' Motion will result in undue prejudice to NMR. As this Court recognized, "[g]iven the advanced posture of the New York action, NMR would likely suffer injury if that action were now stayed indefinitely." [Dkt. No. 1167 at p. 9].[6] Since the date of the Court's Order, the New York action has only further progressed. The parties have completed discovery—both fact and expert discovery—and are preparing for trial, which is scheduled to commence on May 6, 2020. The undue prejudice NMR in the event of a stay of that litigation at this juncture, just three months before trial, is manifest.

**WHEREFORE**, NMR e-tailing, LLC, respectfully requests that the Court DENY Relief Defendants' Motion with respect to the New York Action.

---

[6] Of course, this directly contradicts Relief Defendants' argument that a stay "will not harm the other parties," *e.g.,* NMR. Mtn. at p. 8.

5

Dated:  February 17, 2020  Respectfully submitted,

*/s/  Edward M. Buxbaum*
Kevin G. Hroblak, Esquire
  *Of Counsel*
Edward M. Buxbaum, Esquire
  Admitted *Pro Hac Vice*
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202-1636
khroblak@wtplaw.com
ebuxbaum@wtplaw.com
Tel: (410) 347-8700

*And*

Erin Canalia, Esquire (Fed. Bar # ct30489)
WOLF, HOROWITZ & ETLINGER, L.L.C.
750 Main Street, Suite 606
Hartford, Connecticut 06103
Tel:  860-724-6667
ecanalia@wolfhorowitz.com

*Counsel for NMR e-tailing, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that the forgoing Opposition and proposed order were electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications to all counsel of record.

Dated:  February 17, 2020	*/s/  Edward M. Buxbaum*
	Edward M. Buxbaum

*10759007*