# EXHIBIT B

# MR. AHMED'S EMAIL CONSENT

**From:** Ifty Ahmed [mailto:iftyahmed@icloud.com]
**Sent:** Wednesday, February 05, 2020 6:20 PM
**To:** Christopher Blau
**Cc:** Paul E. Knag; Jed Horwitt; jaideep@amritrajassociates.com; Nicholas Heinke; Shalini Ahmed; Ifty Ahmed
**Subject:** Re: SEC v. Ahmed, et al.

Mr. Blau:

I have no issues with your proposed payments to (1) Martha Cullina; (2) Jenner & Block; and (3) Berenzweig Leonard only.   However, for tax purposes, I do not consent to the mechanism of the transfer of funds as you have outlined below.   The Receiver's Account belongs only to me since all the funds came from the ETrade account which was in my name only.   But the two BoA accounts held by DIYA Real and DIYA belong to certain LLC entities.   I file my taxes independently of those LLC entities.  Your proposed transfer mechanism will cause double taxation as the DIYA and DIYA Real transfers would be taxable events for me personally (and those earnings were taxed at the LLC level).   Your approach to transferring funds across LLC entities and individual accounts would create significant double tax liabilities.   It is both wrong and illegal.  Please make the payments directly from the two LLC entities to these 3 law firms.

However, I **do not consent** and, indeed **I vehemently oppose** the payment of any monies from my assets to Harris St. Laurent ("HS").   This issue is now under 2nd Circuit appeal [Doc. 1442] and so, jurisdiction has shifted to the Second Circuit.   Your making this payment would constitute contempt of the 2d Circuit; and since this payment would be an irreversible transfer and disposition of my assets, as determined by the District Court,  it is an immediately appealable issue and you should wait for 2nd Circuit review and disposition.

If you disagree, since I have also filed a motion for reconsideration [Doc. 1443] of the Court's order,  I think you should at the very least ask the Court for clarification, so you are not in violation of the Court orders, in my humble opinion.  However, if you proceed with any payment of fees to HS unilaterally, prior to both the appeal and the disposition of the motion for reconsideration, I retain the right to sue the Receiver personally for disposing of my assets to pay unrelated parties without my consent and to recover such assets (and damages) from the Receiver at the appropriate time.

Sincerely,
Iftikar

_____

On 6 February 2020 at 3:31 am, Christopher Blau <cblau@zeislaw.com> wrote:

> Mr. Ahmed –

Pursuant to the Court's orders at Doc. Nos. 1424 and 1426, the Receiver has been directed to make certain payments to Murtha Cullina, Jenner & Block, Harris St. Laurent, and Berenzweig Leonard.

It is the Receiver's intention to source the funds for Murtha Cullina and Jenner & Block from the cash in the Bank of America accounts held by DIYA Real Holdings and DIYA Holdings (x7632 and x3831, respectively). It is the Receiver's understanding from conversations with Paul Knag that you do not object to sourcing the funds in this manner. Note that due to the historically slow pace of BoA's compliance with directives from the Receiver, the Receiver intends to make these payments out of cash held in the Receivership Accounts and then promptly reimburse those funds from the BoA x7632 and x3831 accounts.

Additionally, the Receiver intends to pay Harris St. Laurent and Berenzweig Leonard from funds held in the BoA x7632 and x3831 accounts as well as a portion of the cash held in the Pershing x0166 account. The Receiver understands that the Relief Defendants do not agree with sourcing the funds from the Pershing x0166 account in this manner.

The Receiver intends to make the above-referenced payments on or around February 7, 2020. If you would like to discuss any aspect of the sourcing of these funds, please contact me at your convenience.

Thank you,

Christopher H. Blau

Zeisler & Zeisler, P.C.

10 Middle Street, 15th Floor

Bridgeport, CT 06604

Tel.: (203) 368-5465