UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>Relief Defendants. | Civil Action No. 3:15cv675 (JBA) |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S CONSOLIDATED RESPONSE TO RELIEF DEFENDANTS' MOTION [DOC. # 1484] TO MODIFY ASSET FREEZE ORDER TO RELEASE FUNDS TO PAY MURTHA CULLINA'S FEES AND DISBURSEMENTS FOR MONTHS OF MAY 2019 THROUGH JANUARY 2020 and RELIEF DEFENDANTS' CONSENT MOTION [DOC. #1485] TO RELEASE FUNDS TO PAY MURTHA CULLINA'S FEES AND <u>DISBURSEMENTS AS PREVIOUSLY ORDERED BY THE COURT</u>**

Plaintiff United States Securities and Exchange Commission ("SEC") files this consolidated response to 1) Relief Defendants' motion [Doc. # 1484] requesting that Court unfreeze and release to Relief Defendants an additional $248,000 for past due attorneys' fees, to which the SEC objects; and 2) Relief Defendants' motion [Doc. # 1485] that the Receiver be

ordered to release the previously approved [Doc. # 1424] $155,000 in attorney fees (despite Defendant's notice of appeal), to which the SEC consents.

First, with respect to Relief Defendants' request [Doc. # 1484] that their attorneys be immediately given an additional $248,000 for past work performed prior to the SEC's judgment being secured, the SEC maintains its objection and its position that "unless and until sufficient assets are liquidated and placed into a CRIS account, the SEC continues to object to the efforts by Relief Defendants' counsel to be paid out of assets that may be needed to secure the SEC's judgment and recompense the victims of Mr. Ahmed's fraud." Doc. # 1197 at 3.[1] The SEC reiterates that the solution to the barrage of requests from Defendant and Relief Defendants' to unfreeze money – while simultaneously inundating this Court with requests to insulate them from litigation – is to permit the SEC to collect its judgment and lift the asset freeze. *See, e,g.*, Doc. # 1439.

Second, with respect to Relief Defendants' request [Doc. # 1485] that the Receiver be ordered to release the $155,000 previously ordered [Doc. # 1424] unfrozen, the SEC consents to the specific relief sought. Although the SEC opposed Relief Defendants' initial request for past-due attorneys' fees prior to the SEC's judgment being secured (*see, e.g.*, Doc. # 1197), and maintains its objection, the SEC recognizes that the Court has granted [Doc. # 1424] the Relief Defendants' request, with modification, and therefore the SEC does not object to this Order being effectuated. Given that Defendant filed [Doc. # 1442] a notice of appeal with respect to this Order, and given that the Court previously invited briefing on whether such a notice of appeal presents jurisdictional issues related to the release of monies (*see* Doc. # 1422), the SEC understands the Receiver's hesitance to release monies until the Court has ruled on this dispute. *See* Doc. # 1465. However, as the SEC previously noted, absent a stay order by the

---

[1] The SEC hereby incorporates the arguments made in Doc. # 1197.

Second Circuit, there are no jurisdictional issues with the court effectuating orders that have been appealed. *See* Doc. # 1456. Thus, the SEC has no objection to the Receiver being ordered to release the monies previously ordered released to Murtha Cullina, as well as the monies ordered released to Harris St. Laurent LLP.  The SEC also notes that Relief Defendants' motion confirms that they, too, do not believe there are jurisdictional issues with the court effectuating orders while on appeal, since the Relief Defendants are asking the Court to effectuate an order that Defendant has appealed. [2] *See* Doc. # 1442.  As there is no jurisdictional barrier to the release of funds, the SEC consents to Relief Defendant's request.

    DATED: February 21, 2020.

                                                          *s/ Mark L. Williams*
                                                          Nicholas P. Heinke
                                                          Mark L. Williams
                                                          U.S. Securities and Exchange Commission
                                                          1961 Stout Street, Suite 1700
                                                          Denver, CO 80294-1961
                                                          (303) 844-1071 (Heinke)
                                                          (303) 844-1027 (Williams)
                                                          HeinkeN@sec.gov
                                                          WilliamsML@sec.gov
                                                          Attorneys for Plaintiff

---

[2] Relief Defendants, seeking to mask the inconsistency between their instant request and Defendant's arguments that orders of this Court are automatically stayed if appealed, claim "Defendant has made it clear that he only appeals the portion of the ruling regarding the payment to Harris St. Laurent and not the payment to Murtha Cullina" (Doc. # 1484 at 2 n.1).  This claim is belied by Defendant's Notice of Appeal that does not in any way indicate he appealed only a portion of the Order.  *See* Doc. # 1442 ("Notice is hereby given that the *pro se* Defendant in the aforementioned case, hereby appeals to the United States Court of Appeals for the Second Circuit from Ruling [Doc. #1424] on Relief Defendants' Counsel's Motions for Fees and Withdrawal that the District Court entered on the 29th January 2020").

CERTIFICATE OF SERVICE

I certify that on February 21, 2020, a copy of the foregoing document was emailed to Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

MR. PAUL E. KNAG, ESQ.
MS. KRISTEN LUISE ZAEHRINGER, ESQ.
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(Counsel for Relief Defendants)

Christopher H. Blau
Stephen M. Kindseth
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
(Counsel for Receiver, Jed Horwitt, Esq.)

*s/ Mark L. Williams*