UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> IFTIKAR AHMED, <br><br> Defendant, and <br><br> IFTIKAR AHMED SOLE PROP; *et al* <br><br> Relief Defendants | Civil Action No. 3:15-cv-675 (JBA) <br><br><br> February 21ST, 2020 |

**DEFENDANT'S RESPONSE TO THE SEC's CONSOLIDATED RESPONSE [DOC. #1488] TO THE RELIEF DEFENDANT'S MOTIONS [DOC. ##1484, 1485]**

The *pro se* Defendant humbly submits this Response to the SEC's consolidated Response [Doc. #1488, or the "Response"] to the Relief Defendants motions [Doc. ##1484, 1485, or the "Motions"]. The Defendant is compelled to correct the SEC's misrepresentations. The Defendant reserves all rights.

*First*, the *pro se* Defendant has repeatedly made it clear that, as it pertains to the Court's Ruling [Doc. #1424] on Relief Defendants' Counsel's Motions for Fees and Withdrawal that this Court entered on the 29TH January 2020, the Defendant is specifically appealing *only* that part of the Ruling pertaining to purported payments to the law firm of Harris St. Laurent. HS and Murtha Cullina are very differently situated and the Defendant has already briefed the Court on that matter. The Relief Defendants' Motions also make Defendant's position clear. *See* Doc. #1485-2 "the issue of payment… to Harris St. Laurent… is now under 2nd circuit

1

appeal… jurisdiction has shifted to the Second Circuit…"; *also see* Doc. #1484 n.1 "Defendant has made it clear that he only appeals the portion of the ruling regarding the payment to Harris St. Laurent and not the payment to Murtha Cullina." The SEC completely misrepresents the Defendant's position on this matter when Defendant has made such crystal clear.

*Second*, the SEC is also blatantly and improperly misrepresenting the position of the Relief Defendants. Please *see* Doc. #1457, the Relief Defendants' Motion Regarding Pendent Appellate Jurisdiction, wherein the Relief Defendants clearly refute the false representation submitted by the SEC in their Response; and indeed argue that "the Relief Defendants believe that the U.S. Court of Appeals for the Second circuit has jurisdiction over the issue of the payment of Receiver's fees and expenses and that such payment must be held in abeyance or that the SEC should be required to pay the Receiver pending resolution of the appeal." Thus, the SEC's misstatements are an all too obvious attempt to confuse matters and misrepresent facts to this Court. The SEC does not represent the Relief Defendants and the SEC's attempts to do so by stating that the "Relief Defendants' motion confirms that they, too, do not believe there are jurisdictional issues…" is clearly improper, misleading and inappropriate; in light of the Relief Defendants submission to this Court on that specific issue in Doc. #1457 wherein they state their position supporting the pendent jurisdiction of the Court of Appeals.

*Finally*, in its own Order [Doc. #1435, footnote #2], this esteemed Court has pointed out that the SEC has not made "any argument regarding the potential source of authority for this Court to serve as the mechanism through which third parties may access such residual assets, which are frozen for the purpose of ensuring that sufficient assets would be available to satisfy a judgment in action." The Court needs to look no further than its own Order. The Court has already established that it has no authority to dissipate assets belonging to the Defendant and the Relief Defendants beyond that which is necessary to satisfy a judgment and the Court

cannot authorize or order any payments to any third party without the consent of the Defendant and the Relief Defendants at this time.

                                                                  Respectfully Submitted,

Dated:      February 21ST, 2020        /s/ Iftikar Ahmed
                                                                                        _____
                                                                                         Iftikar A. Ahmed
                                                                                         C/O Advocate Anil Sharma
                                                                                         Government Place East
                                                                                         Kolkata 700 069, India

                                                                                         Tel:   +91-983-008-9945
                                                                                         e-mail: iftyahmed@icloud.com

                                                                                       *Pro Se*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

MR. NICHOLAS P. HEINKE, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

MR. MARK L. WILLIAMS, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

MR. PAUL E. KNAG, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
e-mail: pknag@murthalaw.com

MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
e-mail: kzaehringer@murthalaw.com