UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; *et al*<br><br>Relief Defendants. | No. 3:15-CV-675 (JBA)<br><br><br><br><br><br><br><br><br><br><br><br><br><br>FEBRUARY 21, 2020 |

**RELIEF DEFENDANTS' OPPOSITION TO BROWN RUDNICK'S
MOTION TO LIFT LITIGATION STAY [ECF NOS. 1440-1441]**

The Relief Defendants submit this Opposition to Brown Rudnick's Motion to Lift Litigation Stay [ECF Nos. 1440-1441, "Motion"]. Brown Rudnick's Motion does not meet the *Wencke* criteria for lifting the stay and so should be denied. The Relief Defendants reserve all rights.

ARGUMENT

As this Court has previously recognized, any "… modification of a litigation stay is subject to a three-pronged test first articulated by the Ninth Circuit in *Wencke*." *S.E.C. v. Ahmed*, 3:15-cv-675, 2020 WL 468443, at *4 (D. Conn. Jan. 29, 2020). *Wencke* identified three factors for determining whether, in a receivership context, an injunction against litigation should be lifted:

> (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course

10586508v1

> of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim.

*S.E.C. v. Illaramendi*, No. 3:11-CV-78, 2012 WL 234016, at *4 (D. Conn. Jan. 25, 2012) (quoting *S.E.C. v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984)).

Here, Brown Rudnick has failed to meet any of the conditions of the *Wencke* test and its Motion must be denied.

## I. Allowing Brown Rudnick to Proceed in Litigation Harms the Estate

*First*, Brown Rudnick has clearly stated that it will "seek[] a foreign attachment on *any* residual assets of the Receivership Estate" (emphasis added). [ECF No. 1441 at 2]. This is not only improper prior to the determination of the ultimate judgment amount in this case (pending *Liu* and appeals), it is ambiguous to the point of being arbitrary. Brown Rudnick does not define *what* assets it seeks to attach and such an open-ended order would improperly give Brown Rudnick the ability to pick and choose whatever assets it wants to attach prior to the resolution of this case and without regard to any of the Relief Defendants' property rights. The Court has previously recognized this concern, denying any attachment to the DRS as premature and made it clear that "the liquidation of assets in satisfaction of the judgment against Defendant has been stayed pending resolution of the appeals in this case … once the Receiver is authorized to liquidate certain assets … it will become apparent which assets will likely soon be released and available for attachment." [ECF No. 1435 at 6.][1] This analysis applies equally to Brown Rudnick's request for attachment and so it must be denied as well.

*Second*, "seeking a foreign attachment of the residual assets of the Receivership Estate" will introduce further confusion in this case and will mean that the Receiver will

---

[1] The Relief Defendants maintain that their assets cannot be used to satisfy the Defendant's judgment(s).

have to incur yet additional fees to ensure that Receivership assets are not compromised by Brown Rudnick's proceeding and/or seeking of attachment. This is wholly contrary to Brown Rudnick's alleged contention that "the attachment proceeding will in no way affect the status quo of the Receivership … the attachment proceeding is unrelated to the Receiver's duties in managing the estate." [ECF No. 1441 at 4.] The assets that Brown Rudnick seeks to attach are *part* of the Estate and will directly interfere with the Receiver's management of the Estate, leading to harm to the Estate and unnecessary expenditure by way of the Receiver's fees and expenses.

Allowing Brown Rudnick to seek an attachment is also contrary to the Receiver's contention that "until [the Judgment is secure], there are no Receivership Assets that, in the Receiver's view, are truly excess." [ECF No. 1373 at 2.]

*Third*, Brown Rudnick is not seeking to make a claim against Relief Defendants and has no basis for pursuing claims against Relief Defendants' assets.

*Fourth*, if Brown Rudnick seeks to implicate Relief Defendants in their action, the Relief Defendants will promptly seek a release of attorney fees from the Estate to defend their assets. As acknowledged by the Receiver, additional motion practice results in "concomitant cost to the Receivership Estate." [ECF No. 1477 at 4.]

## II. It is Not the Right Time in the Receivership for Ancillary Proceedings, especially for Brown Rudnick to Proceed

*First*, as this Court has said, this factor weighed against Harris St. Laurent litigating against the Relief Defendants. Without waiving any rights including, *inter alia*, that the Receiver was not needed in this case or that liquidation harms the Relief Defendants, this Court has stated that "liquidation [is stayed] pending the decision of the Supreme Court in *Liu v. SEC*, No. 18-1501, and thus this second factor does not weigh

in favor of lifting the stay as HSC suggests." [ECF No. 1424 at 10.] The same is equally applicable to Brown Rudnick's request to lift the stay to initiate further litigation.

*Second*, referring to Relief Defendants' property, this Court has stated that it "did not mean to alter the property rights to those assets at this time." [ECF No.1019 at 2.] Brown Rudnick is not making and cannot make any claim against Relief Defendants' property. Until the Supreme Court resolves *Liu* and the actual judgment amount is determined, it is improper to allow Brown Rudnick to proceed against what is ultimately Relief Defendants' property.

*Third*, Ms. Ahmed and her three minor children receive a release of funds monthly for living expenses for food, clothing, electricity, health care, gasoline, etc. Allowing Brown Rudnick to proceed in litigation and to attach assets would interfere with the release of funds and Ms. Ahmed will not be able to provide for the care of her three minor children, pending any appellate decision on the case.

*Fourth*, Brown Rudnick tries to analogize its request to lift the stay with that of NMR and Oak. [ECF No. 1441 at 5.] However, in their Motions to lift the stay, neither NMR nor Oak sought to attach any assets of the Receivership Estate, as Brown Rudnick is attempting to do here.

*Fifth*, the Relief Defendants have filed a motion for a temporary injunction in all proceedings until the impact of a decision in *Liu* on the judgment in this case can be determined. [ECF No. 1446.]

## III. Brown Rudnick's Claims Do Not Have Merit

*First*, Brown Rudnick claims to have incurred "approximately $1.3 million" in fees. But Defendant has filed a brief indicating that there is no engagement letter memorializing Defendant and Brown Rudnick's relationship and the firm's right to any

4

fees or invoices articulating the basis for their fees.  Engagement letters are required by both Rule 1.5(b) of the Connecticut Rules of Professional Conduct and also Rule 1.5(b) of the Massachusetts Rules of Professional Conduct.

*Second*, Brown Rudnick immediately moved to withdraw from this instant matter the moment the Court denied the release of funds for the Defendant to retain counsel.  Further, consistent with the absence of an engagement letter, Defendant's brief set out that he consented to Brown Rudnick's withdrawal on the basis that the firm would not seek fees, and that no bills have been rendered.

*Third*, Ms. Ahmed moved to intervene in the MA Civil Case;[2] however, the MA Court denied without prejudice Ms. Ahmed's motion, stating that "Ms. Ahmed may renew her motion to intervene if Mr. Ahmed's attorneys are allowed to withdraw [and he is *pro se*] …"[3]  The case then settled.

*Fourth*, Brown Rudnick's claim that they have incurred "approximately $1.3 million" in fees is excessive, without any merit, and not supported by any invoices for:

(1) this proceeding (in which Brown Rudnick withdrew before any substantive briefing occurred, as the case was stayed pending this Court's consideration of the Defendant's Motion for Fees (*see* ECF No. 143: "ORDER granting … Joint Motion for Extension of Time.  The parties' 26(f) Planning Report shall be filed within 10 days of the Court's ruling on Defendant's Motion for Application to Unfreeze Assets for Legal Fees"));

---

[2] *See SEC v. Kanodia, et al.*, 15-cv-13042 (D. Mass.) ("MA Civil Court", "MA Civil Case").
[3] *See* MA Civil Case ECF No. 194.

(2) for the MA Case criminal proceeding (where Brown Rudnick did not appear and which was stayed until the government moved for declaration of bond forfeiture in May 2019); and

(3) for the MA Civil Case (which was stayed for years before a settlement in July 2019).

## IV. Conclusion

WHEREFORE, for the reasons within, the Court should deny Brown Rudnick's Motion.

Respectfully Submitted,

By: */s/ Paul E. Knag*
  Paul E. Knag – ct04194
  pknag@murthalaw.com
Murtha Cullina LLP
177 Broad Street, 16th Floor
Stamford, Connecticut 06901
Telephone: 203.653.5400
Facsimile:  203.653.5444

*Attorneys for Relief Defendants*
*I-Cubed Domain, LLC, Shalini Ahmed,*
*Shalini Ahmed 2014 Grantor Retained*
*Annuity Trust, Diya Holdings, LLC, Diya*
*Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

10586508v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of February, 2020, a copy of the foregoing RELIEF DEFENDANTS' OPPOSITION TO BROWN RUDNICK'S MOTION TO LIFT LITIGATION STAY [ECF NOS. 1440-1441] will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

                                                 */s/ Paul E. Knag*
                                                Paul E. Knag – ct04194

10586508v1