UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br>     Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; *et al*<br>     Relief Defendants. | No. 3:15-CV-675 (JBA)<br><br><br><br><br><br><br><br>FEBRUARY 26, 2020 |

**RELIEF DEFENDANTS' OPPOSITION TO NON-PARTY BROWN RUDNICK'S MOTION FOR EXTENSION OF TIME TO FILE A REPLY IN FURTHER SUPPORT OF ITS MOTION TO LIFT STAY**

Relief Defendants file this Opposition to Non-Party Brown Rudnick's Motion for Extension of Time to File a Reply in Further Support of Brown Rudnick's Motion to Lift Stay [ECF No. 1501, "Motion"]. The Relief Defendants reserve all rights with respect to all issues.

The Court should deny Brown Rudnick's Motion.

*First*, non-party Brown Rudnick has filed a Motion to Lift Litigation Stay against Defendant. That Motion seeks the Court's permission to proceed with an action against Defendant and to attach *any* residual assets of the Estate.[1] Presumably Brown Rudnick, before seeking such a Lift of Stay in this Court (which uses resources of all parties, and especially of the Estate, in briefing such a Motion for Lift of Stay), would have realized that there is no engagement letter between the law firm and Defendant

---

[1] Defendant's and Relief Defendants' Oppositions to Brown Rudnick's Motion for Lift of Stay can be found at ECF Nos. 1489 and 1491, respectively.

10596881v1

and that not one invoice was sent to Defendant for the various matters for which Brown Rudnick alleges it provided Defendant with legal representation.  In other words, Brown Rudnick should have done its homework *prior* to filing such a request for Lift of Stay in this Court.  [*See* ECF Nos. 1489, 1491.]  Its failure to do so was its fault, and its fault alone.

*Second*, Brown Rudnick does not offer "good cause shown" as required by Fed. R. Civ. Proc. 6(b) and D. Conn. L. Civ. R. 7(b).   Local Rule 7(b) in particular requires that:

> [a]ll motions for extensions of time must be decided by a Judge and will not be granted except for good cause.  The good cause standard requires a *particularized* showing that the time limitation in question cannot reasonably be met *despite the diligence of the party seeking the extension*.

(Emphasis added.)  Brown Rudnick's Motion does not show diligence, but rather neglect, because *if* Brown Rudnick had a valid claim, they would not have to "collect[] and review[] Mr. Ahmed's communications with Brown Rudnick, including Mr. Ahmed's communications with attorneys who are no longer at the firm", as they should have done so *before* bringing the Motion to Lift Litigation Stay.  [Motion at 2.]  The Motion also makes no showing why Brown Rudnick – who has waited over four years to just *now* seek to commence an action – is unable to respond to Defendant's and Relief Defendants' Oppositions to Brown Rudnick's Motion to Lift Litigation Stay [ECF Nos. 1489, 1491] in a timely manner.

*Third*, the extension is not sought for an "unavoidable and unforeseen" reason, but simply because Brown Rudnick failed to ascertain the merits of its claims before seeking leave of this Court.  This certainly does not justify an extension.  *See McDaniel v. Town of Enfield*, 227 F. Supp. 3d 195, 197 (D. Conn. 2016) ("If counsel can

10596881v1

show that, despite having diligently taken appropriate advance planning measures, there are *unavoidable and unforeseen* reasons that prevent counsel from meeting a scheduling deadline, then the Court will not hesitate to grant an extension of time.  On the other hand, if counsel files a motion that does little or nothing to show that counsel planned and took reasonable measures to comply with the deadline, then the motion for extension of time will not ordinarily be granted.").  Further, "[t]he requirements set forth in the Court's rules 'are not mere guidelines or suggestions,' and court-ordered filing dates 'are not subject to unilateral postponement by counsel as convenience might beckon or as absence of foresight and planning might seem at the last moment to make necessary.'"  *Olivieri v. Arrow Elecs., Inc.*, No. 3:16-cv-01676 (JAM), at 3 (D. Conn. Oct. 31, 2017).  But that is exactly what has happened here.

The Court should deny Brown Rudnick's Motion.

        Respectfully Submitted,

        By: */s/ Paul E. Knag*
        Paul E. Knag – ct04194
        pknag@murthalaw.com
        Murtha Cullina LLP
        177 Broad Street, 16th Floor
        Stamford, Connecticut 06901
        Telephone: 203.653.5400
        Facsimile:  203.653.5444

        *Attorneys for Relief Defendants*
        *I-Cubed Domain, LLC, Shalini Ahmed,*
        *Shalini Ahmed 2014 Grantor Retained*
        *Annuity Trust, Diya Holdings, LLC, Diya*
        *Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

10596881v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of February, 2020 a copy of the foregoing RELIEF DEFENDANTS' OPPOSITION TO NON-PARTY BROWN RUDNICK'S MOTION FOR EXTENSION OF TIME TO FILE A REPLY IN FURTHER SUPPORT OF ITS MOTION TO LIFT STAY will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

                                               */s/ Paul E. Knag*
                                               Paul E. Knag – ct04194

10596881v1