## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------x

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

      *Plaintiff,*

             *v.*

IFTIKAR AHMED,

      *Defendant,* and

IFTIKAR ALI AHMED SOLE PROP; I-CUBED
DOMAINS, LLC; SHALINI AHMED; SHALINI
AHMED 2014 GRANTOR RETAINED
ANNUITY TRUST; DIY A HOLDINGS LLC;
DIYA REAL HOLDINGS, LLC; I.I. 1, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents; I.I. 2, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents; and I.I. 3, a minor
child, by and through his next friends IFTIKAR and
SHALINI AHMED, his parents,

      *Relief Defendants.*

Civil No. 3:15cv675 (JBA)

FEBRUARY 26, 2020

-------------------------------------------------------------x

## NON-PARTY OAK MANAGEMENT CORPORATION'S MEMORANDUM
## IN OPPOSITION TO RELIEF DEFENDANTS' MOTION TO STRIKE

Non-party Oak Management Corporation ("Oak") respectfully submits this Memorandum

in Opposition to the Relief Defendants' Motion to Strike Non-Party Oak's Response to

Receiver's Notice [ECF No. 1432] (ECF No. 1451, the "Motion") and the Relief Defendants'

Response to Non-Party Oak Management Corporation's Response to the Receiver's Notice (ECF

No. 1450, the "Response"). In their latest attempt to manufacture issues and cause further delay,

the Relief Defendants move to strike Oak's Response to the Receiver's Notice (ECF No. 1432,

"Oak's Response"). For the reasons discussed below, the arguments advanced by the Relief

Defendants in their Motion and Response are unavailing and their Motion should be denied.

{N5668173}

Similarly, to the extent that Mr. Ahmed seeks to join the Relief Defendants' request to strike in his Response to Non-Party Oak Management Corporation's (or "Oak's") Response to the Receiver's Notice (ECF No. 1467, "Ahmed's Response"), Mr. Ahmed's Response should also be rejected.  As Mr. Ahmed's Response is riddled with unfounded accusations, this Court should additionally strike his filing from the record.

## ARGUMENT

*First*, the Relief Defendants contend that Oak has "improperly attempt[ed] to assert jurisdiction over" and "opine on" assets that purportedly belong to the Relief Defendants.  (*See* Response at 1-2; Motion at 3.)  This claim is simply wrong.  Oak is not attempting to assert jurisdiction over or opine on any asset of any of the Relief Defendants.  Instead, Oak's Response focuses on the assets of the Receivership estate, that is, assets belonging to Mr. Ahmed.  Not only has this Court already concluded that the Relief Defendants have failed to establish ownership over these assets (*see* ECF No. 955 at 17-29, 31), but Mr. Ahmed himself has previously declared that the assets found within the Receivership estate are his own.  (*See* ECF Nos. 1332, 1452.)  Consequently, Oak's endorsement of whatever form of relief this Court can fashion to ensure that the frozen assets are adequately secured in the wake of Mr. Ahmed's troubling behavior should not serve as a basis for striking Oak's Response from the record.

*Second*, the Relief Defendants maintain that Oak, as a non-party, has no standing to respond to the Receiver's Notice regarding Mr. Ahmed's misconduct.  (*See* Motion at 1-2.)  That argument, however, overlooks the fact that the Court broadly invited "[a]ny responses to the Receiver's Notice" to be filed by a certain date.  (*See* ECF No. 1414.)  As Oak is the investment manager to various venture capital investment funds that have been victimized by Mr. Ahmed's fraudulent scheme (*see* ECF No. 835 at 4), and as Oak stands to potentially recover certain funds

from the Receivership estate once assets have been liquidated to satisfy the Court's judgment against Mr. Ahmed, it was unquestionably appropriate for Oak to respond to the Receiver's Notice detailing Mr. Ahmed's blatant assault on the Receivership estate. Certainly, neither the Relief Defendants nor Mr. Ahmed have hesitated to file papers against Oak in this Court when they view it is in their best interests to do so. (*See, e.g.*, ECF Nos. 522, 1314, 1446.)

*Third*, while the Relief Defendants insist that Oak's Response should be stricken from the record, they make no attempt to satisfy the relevant standard used by courts to assess whether striking a filing is warranted in a given situation. (*See* ECF No. 834 at 6-7.) In addition, the Relief Defendants fail to demonstrate the prejudice or harm they would suffer if Oak's Response remains on the docket for the Court's consideration. In the absence of such an analysis, this Court should dismiss the Relief Defendants' request to strike Oak's Response.

*Finally*, it is important to note both the Relief Defendants' and Mr. Ahmed's abusive tactics in these proceedings. Despite the fact that Oak is a non-party, Mr. Ahmed has frequently utilized the Court's docket to cast aspersions and malign Oak and its employees or representatives. Where Mr. Ahmed has remained silent, the Relief Defendants have stepped in to do his bidding. The Relief Defendants' Response and Motion are just two more examples of this pattern of improper behavior. Specifically, both of the Relief Defendants' missives mischaracterize Oak's Response, offering nothing more than conjecture about Oak's underlying intentions and motives. As the Relief Defendants fail to convincingly articulate why Oak's Response should be stricken from the record, this Court should deny the Relief Defendants' Motion. Similarly, Mr. Ahmed's Response, in which he appears to join the Relief Defendants in their request to strike, also should be dismissed. Much like many of his other submissions in this matter, Ahmed's "response" is nothing more than a string of unsubstantiated accusations and

baseless attacks against Oak and others.  There is simply no place on the public docket for a filing that contains such inflammatory and irrelevant assertions.  Accordingly, if the Court is inclined to admonish and strike any of the filings at issue here, it should remove Mr. Ahmed's Response from the docket.

**CONCLUSION**

For all of the foregoing reasons, the Relief Defendants' Motion should be dismissed and Mr. Ahmed's Response should be stricken from the record.

By:   /s/ David T. Grudberg
      David T. Grudberg, Esq. (ct01186)
      CARMODY TORRANCE SANDAK &
      HENNESSEY LLP
      195 Church Street, P.O. Box 1950
      New Haven, C.T. 06509-1950
      Telephone: (203) 777-5501
      Facsimile: (203) 784-3199
      E-mail: dgrudberg@carmodylaw.com

      Of Counsel:

      David K. Momborquette, Esq.
      MCDERMOTT WILL & EMERY LLP
      340 Madison Avenue
      New York, N.Y. 10073
      Telephone: (212) 547-5400
      Facsimile: (212) 547-5444
      E-mail: domborquette@mwe.com

      *Counsel for Oak Management Corporation*

**CERTIFICATION**

I hereby certify that on February 26, 2020 a copy of the foregoing Memorandum in Opposition to the Relief Defendants' Motion to Strike was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operating of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

/s/ David T. Grudberg
David T. Grudberg