UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>*Plaintiff,*<br><br>*v.*<br><br>IFTIKAR AHMED<br><br>*Defendant,* and<br><br>IFTIKAR AHMED ALI AHMED SOLE PROP, *et al*.<br><br>*Relief Defendants.* | Civil No. 3:15-cv-675 JBA |

## NMR E-TAILING, LLC'S
## MOTION TO MODIFY LITIGATION STAY RELIEF

NMR e-tailing, LLC ("NMR"), by its undersigned counsel, submits this Motion to Modify the Litigation Stay Relief it obtained pursuant to this Court's Ruling on its Motion to Lift Litigation Stay (Doc. No. 1167). Following this Court's Order Appointing Receiver (Doc. No 1070), which included a stay provision impacting "Ancillary Proceedings" in which Defendant Iftikar Ahmed ("Ahmed") is a Party (*see* Doc. No. 1070 at ¶23), this Court granted NMR's relief in seeking to proceed against the non-Ahmed defendants in litigation commenced on October 18, 2017, currently pending in the Supreme Court of the State of New York, County of New York, Index No. 656450/2017 (the "New York Case"). *See* Ruling on Motions to Lift Litigation Stay, dated May 21, 2019 (the "Ruling") (Doc. No. 1167). At that time, NMR did not seek to lift the stay to proceed against Ahmed. Subsequent to the Ruling, this Court has allowed other litigation to proceed against Ahmed for purposes of liquidating claims against him. *See* the Ruling at p. 13.

In light of the status of the New York Case, NMR now moves for modification of this Court's Order granting NMR's Motion to Lift Litigation Stay so that it can seek to sever the claims against Ahmed, which are the subject of a default judgment as to liability from the claims involving non-defaulting defendants that are scheduled for trial on May 6, 2020 pursuant to N.Y. C.P.L.R. 3215, and seek entry of judgment on damages against Ahmed in the New York Case to liquidate NMR's claim against him. NMR agrees not to interfere with the Receiver's interest to preserve Receivership assets and to not enforce any judgment NMR may obtain until further relief from this Court. As demonstrated in the accompanying supporting Memorandum, although the relief sought will not disturb the execution of the Receiver's duties, absent an order lifting stay, NMR may suffer substantial injury.

**WHEREFORE**, NMR e-tailing, LLC, respectfully requests that the Court grant its Motion to Modify and lift the stay as more set forth in the Memorandum.

Dated: March 9, 2020                                              Respectfully submitted,

*/s/ Edward M. Buxbaum*
Kevin G. Hroblak, Esquire
  *Of Counsel*
Edward M. Buxbaum, Esquire
  *Admitted Pro Hac Vice*
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202-1636
khroblak@wtplaw.com
ebuxbaum@wtplaw.com
Tel: (410) 347-8700

*and*

                                        Erin Canalia, Esquire (Fed. Bar # ct30489)
                                        WOLF, HOROWITZ & ETLINGER, L.L.C.
                                        750 Main Street, Suite 606
                                        Hartford, Connecticut 06103
                                        Tel:  860-724-6667
                                        ecanalia@wolfhorowitz.com

                                        *Counsel for NMR e-tailing, LLC*