UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>   Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>   Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>March 11, 2020 |

### RECEIVER'S LIMITED OBJECTION TO RELIEF DEFENDANTS' CONSENT MOTION TO MODIFY ASSET FREEZE ORDER TO RELEASE FUNDS TO PAY MURTHA CULLINA'S FEES AND DISBURSEMENTS FOR MONTHS OF MAY 2019 THROUGH JANUARY 2020

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully provides this limited objection (the "Receiver's Limited Objection") to the Relief Defendants' Consent Motion to Modify Asset Freeze Order to Release Funds to Pay Murtha Cullina's Fees and Disbursements for Months of

---

[1] Unless expressly defined otherwise, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1135] (the "Report"), which terms have been used by the Receiver throughout these proceedings such that the Court's familiarity is presumed.

May 2019 Through January 2020 [Doc. No. 1484] (the "MC Fee Motion"). In support thereof, the Receiver states as follows.

## I.   Background

In its Ruling on Relief Defendants' Counsel's Motions for Fees and Withdrawal [Doc. No. 1424] (the "RD Fee Ruling"), the Court "estimate[d] that [between April 2018 and May 2019], approximately $31,000 per month could reasonably have been expected to become available for payment of Relief Defendants' Counsel from the apartments' net rental income." (RD Fee Ruling, at 6). In the RD Fee Ruling, the Court, appearing to the Receiver to predicate its decision on the foregoing, ordered the release of $279,000 to Harris St. Laurent, LLP ("HS") and $155,00 to Murtha Cullina LLP ("MC"), and advised that it would "consider a motion for fees incurred since May 2019" at the $31,000 monthly rate. *Id*.

In concluding that the Relief Defendants' counsel "could reasonably have expected" $31,000 per month to "be available for payment" of their fees and expenses, the Court referenced the Receiver's estimates concerning the net rental income for Apartment 12A and Apartment 12F from August 2015 to April 2019. (RD Fee Ruling, at 6, n. 1). To the extent the Court may find it helpful in addressing the MC Fee Motion, the Receiver provides the following factual information and figures regarding the post-May 2019 rental proceeds for Apartment 12A and Apartment 12F:

1. The Receivership Estate received no rental proceeds from Apartment 12A from May 2019 through March 11, 2020, as the unit has been and remains vacant. The Receiver presently has no plans to seek the Court's permission to re-rent Apartment 12A in the near term because he submits that the liquidation of Apartment 12A appears at this time to be necessary to secure the Judgment if the Appellate Court affirms the full Judgment. Furthermore, based on the Receiver's research and guidance from real estate professionals, the Receiver submits that Apartment 12A will sell for more money and

in less time if it is vacant.

2. Between May 15, 2019, and March 11, 2020, the Receivership Estate received $132,000 in rent/use and occupancy payments from the occupants of Apartment 12F as follows:

| Period Covered | Check Date | Amount |
| --- | --- | --- |
| 5/15/19 - 6/15/19 | 5/13/2019 | $22,000.00 |
| 6/15/19 - 7/15/19 | 6/13/2019 | $22,000.00 |
| 7/15/19 - 8/15/19 | 7/9/2019 | $22,000.00 |
| 12/15/19 - 1/14/20 | 12/1/2019 | $22,000.00 |
| 1/15/20 - 2/14/20 | 1/3/2020 | $22,000.00 |
| 2/15/20 - 3/14/20 | 2/11/2020 | $22,000.00 |

3. In connection with ongoing eviction proceedings, the Receiver anticipates that the Receivership Estate will receive an additional $88,000 in use and occupancy payments for the period of August 16, 2019, through December 14, 2019. The receipt of use and occupancy payments from the occupants of Apartment 12F beyond March 14, 2020, is unknown at this time because the occupants may be vacating the apartment on or about March 12, 2020.

II.   **Relief Sought in the MC Fee Motion and the Receiver's Limited Objection**

The MC Fee Motion seeks $31,000 per month for the eight months between June 2019 through and including January 2020 (the "Current Fee Period") for a total of $248,000. (MC Fee Motion, at 1). The representations in the MC Fee Motion indicate that MC has incurred $167,391.26 in fees and expenses during the Current Fee Period.[2] (*Id*., at 2). Thus, the Relief

---

[2] The Receiver arrived at this figure by subtracting the $422,421.99 reportedly due MC as of May 2019

3

Defendants seek the release of $80,608.74 which the Court previously declined to release in the RD Fee Ruling.[3] Because the RD Fee Ruling stated that the Court would "consider a motion for fees incurred since May 2019," in the Receiver's view, the MC Fee Motion improperly seeks the release of $80,608.74 in pre-May 2019 fees and expenses. Although, as argued by the Relief Defendants, the Court would consider a future motion for fees "at" the $31,000 "monthly rate," the Court appeared to the Receiver to be speaking prospectively only, and not suggesting that a future fee motion should include fees already incurred and rejected by the Court. Therefore, the Receiver objects to the MC Fee Motion to the extent it seeks $80,608.74 in fees and expenses incurred by MC before May 2019, which the Court already denied in the RD Fee Ruling.

Apart from his stated objection to the MC Fee Motion's request for $80,608.74 in pre-May 2019 fees and expenses, the Receiver takes no position with respect to the MC Fee Motion's request for a release of $167,391.26 for fees and expenses during the Current Fee Period. In the Receiver's view, such a release is unlikely to compromise the Receiver's ability to perform his obligations under the Appointment Order. If granted, the release of $167,391.26 to MC would mean that a total of $322,391.26 would have been authorized for MC's fees and expenses since the beginning of the Receivership.[4] As articulated in the Statement of Receiver's Position Concerning Relief Defendants' Emergency MC Fee Motion to Modify Asset Freeze Order to Release Funds to Pay Murtha Cullina's Fees and Disbursements Since Appointment of Receiver,

---

from the $589,633.25 reportedly due MC as of January 31, 2020. (MC Fee Motion, at 2). The pending payment of the $155,000 to MC for pre-May 2019 fees and expenses pursuant to the RD Fee Ruling does not change this figure.

[3] The Receiver arrived at this figured by subtracting the $167,391.26 in fees and expenses incurred during the Current Fee Period from the $248,000 requested in the MC Fee Motion. (MC Fee Motion, at 2).

[4] The Receiver arrived at this figure by adding $167,391.26 for fees and expenses incurred during the Current Fee Period to the $155,000 approved for release to MC by the RD Fee Ruling.

or in the Alternative, to Withdraw the Appearance of Counsel [Doc. No. 1195], the Receiver has to date had no objection to the release of funds to MC for legal fees and expenses of up to $350,000.[5]

Therefore, for the reasons stated herein, the Receiver respectfully objects to the MC Fee Motion to the extent it seeks the release of funds for fees and expenses incurred before May 2019 and takes no position with respect to the release of $167,391.26 for fees and expenses incurred during the Current Fee Period.

                                            Respectfully submitted,
JED HORWITT, ESQ., RECEIVER

   /s/ Christopher H. Blau
Christopher H. Blau (ct30120)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06604
Telephone: 203-368-4234 X 236
Facsimile: 203-549-0903
Email: cblau@zeislaw.com;
skindseth@zeislaw.com
*Counsel to the Receiver*

---

[5] The Receiver may object to future motions seeking disbursements to MC until an amount necessary to fully secure the Judgment is deposited into the CRIS account, particularly in light of recent declines in the equities markets and the absence of future rental income from Apartment 12A and Apartment 12F.

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2020, a copy of the foregoing Receiver's Limited Objection was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

       */s/ Christopher H. Blau*
       Christopher H. Blau (ct30120)