| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF CONNECTICUT | |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>v.<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>March 30, 2020 |

**RULING DENYING MOTION FOR TEMPORARY INJUNCTION**

Relief Defendants request a temporary injunction "on all proceedings against Defendant or Relief Defendants" until ninety days following the decision of the Supreme Court in *Liu v. SEC*, No. 18-1501. (Mot. for Temp. Inj. [Doc. # 1446] at 2.) Defendant consents. (Def.'s Resp. [Doc. # 1475].) The Receiver takes no position. (Receiver's Resp. [Doc. # 1477].) The SEC, non-party Oak Management Corporation ("Oak"), non-party Brown Rudnick LLP ("BR"), and non-party NMR E-Tailing LLC ("NMR") all oppose the requested injunction. (SEC's Opp. [Doc. # 1479]; Oak's Opp. [Doc. # 1478]; BR's Opp. [Doc. # 1480]; NMR's Opp. [Doc. # 1481].) For the reasons that follow, Relief Defendants' motion is denied.

**I.    Background**

The Court assumes the parties' familiarity with the history of this case but will briefly review the background relevant to this motion. On December 20, 2018, this Court issued the Order Appointing Receiver ([Doc. # 1070]), which, *inter alia*, included a provision "stay[ing]

until further order of this Court" ancillary proceedings "against the Receiver, . . . to obtain possession of property of the Receivership Estate, . . . against any of the Defendants, . . . [or] against any of the Defendants' past or present officers . . . " (the "Litigation Stay"). (*Id.* at 13.) That Order "enjoined" the "parties to any and all Ancillary Proceedings . . . from commencing or continuing any such legal proceeding, or from taking any action, in connection with such proceeding, unless leave of this Court is obtained." (*Id.*) The Court has since granted motions by NMR, Oak, and Relief Defendants' former counsel, Harris St. Laurent LLP ("HS"), to lift the Litigation Stay in order to pursue certain outside actions. (Ruling on Mots. to Lift Lit. Stay [Doc # 1167]; Ruling on Rel. Defs.' Counsels' Mots. [Doc. # 1424].)

Separately, on November 1, 2019, the Supreme Court granted the petition for a writ of certiorari in *Liu v. SEC*, which presents the question whether "the Securities and Exchange Commission may seek and obtain disgorgement from a court as 'equitable relief' for a securities law violation even though [the Supreme] Court has determined that such disgorgement is a penalty" in *Kokesh v. SEC*, 137 S. Ct. 1635 (2017). On November 21, 2019, the Second Circuit Court of Appeals granted Defendant's motion to hold the appeals in this case "in abeyance pending the Supreme Court's decision in *Liu v. SEC*." *SEC v. Ahmed*, No. 18-2903, slip op. at 1 (2d Cir. Nov. 21, 2019). Concluding that there is "some possibility that [the Supreme Court] will determine that disgorgement is not a proper penalty in securities enforcement actions," which would "have a substantial impact on the amount of the judgment in this case," this Court also stayed "the liquidation process" in satisfaction of the judgment but did not stay "all other proceedings in this case." (Ruling on Def.'s Mot. to Stay [Doc. # 1346] at 6-8.)

The assets that were frozen during the pendency of this case remain frozen as the Receivership Estate, which effectively serves as Defendant's supersedeas bond to secure the judgment while stayed pending resolution of appeals by Defendant and Relief Defendants. (Am. Final J. [Doc. # 1054] at 9.)

**II.     Discussion**

Relief Defendants now seek "a temporary injunction on all proceedings against Defendant or Relief Defendants until ninety (90) days after a decision is rendered by the US Supreme Court in *Liu v. SEC* . . . and the impact of any Supreme Court decision on the judgment in this proceeding is determined." (Mot. for Temp. Inj. at 2.) They argue that such an injunction is warranted because "it is inequitable for the Court to allow" ancillary proceedings "to commence or continue" while funds which Defendant or Relief Defendants might use to obtain counsel in those proceedings remain frozen. (*Id.* at 3.) If the application to this case of the upcoming *Liu* decision results in a reduction of the judgment amount, then some funds might be released from the asset freeze and used by Defendant or Relief Defendants to obtain counsel in these ancillary proceedings. Thus, Relief Defendants argue, any and all ancillary proceedings should be stayed until that time so that they need not proceed without representation in those ancillary matters.

In support of their request, Relief Defendants explain that Ms. Ahmed is "having to deal with a number of other proceedings, in which she does not have the guidance or help of counsel," which "has been incredibly stressful for Ms. Ahmed and has taken a significant toll on her health." (*Id.* at 5.) Relief Defendants also argue that the "traditional four factor analysis,"[1] which applies to any request for a stay pending appeal, "weighs in favor of granting a temporary stay." (*Id.*)

---

[1] These factors include: 1) "whether the movant has shown a substantial possibility, although less than a likelihood, of success on appeal," (2) "whether the movant will suffer irreparable injury absent a stay," (3) "whether the opposing party will suffer substantial injury if a stay is granted," and (4) "the public interests that may be affected." *Cooper v. Town of East Hampton*, 83 F.3d 31, 36 (2d Cir. 1996).

Relief Defendants argue that these factors weigh in favor of enjoining ancillary proceedings because 1) they have demonstrated a substantial possibility of success on appeal in light of the grant of certiorari in *Liu*; 2) they would be irreparably harmed absent a stay because the "ancillary matters include complex issues of law, with substantial amount of sums that are being litigated"; 3) other parties would not be harmed by a stay because they have "only recently . . . commenced or . . . been requested" and "an additional few months

The Receiver "takes no position" on Relief Defendants' request "to the extent it seeks a stay of Ancillary Proceedings," because such a stay "would [] not impair the Receiver's ability to perform his duties." (Receiver's Resp. at 3.) But to the extent that the Relief Defendants seek a stay of "all proceedings," which "among other things would presumably include the instant matter," the Receiver does oppose that request. (*Id.*)

The SEC opposes Relief Defendants' request, referencing Relief Defendants' "fail[ure] . . . to establish jurisdiction" absent any explanation of "how or why this Court should involve itself in a private dispute between Defendant and/or Relief Defendants and a third-party if the dispute does not impact the corpus of frozen assets." (SEC Opp. at 2-3 (internal quotation omitted).) Moreover, according to the SEC, "Relief Defendants do not have standing to request that the Court enjoin litigation against Defendant" under Article III of the Constitution, and they have failed to "explain what current and/or future litigation against *them* that they are seeking to enjoin." (*Id.* at 3-4.) The SEC continues that "there is no need for the Court to grant the equitable relief that Relief Defendants seek, nor is this Court in the best position to do so" because "both Defendant and Relief Defendants are free to make this request . . . to the court(s) presiding over cases they are seeking to be stayed." (*Id.* at 5.)

Oak, BR, and NMR all oppose Relief Defendants' request, referencing primarily jurisdictional concerns and the Court's prior rulings on motions to lift the Litigation Stay. As those non-parties point out, the Court has already issued the Litigation Stay, which imposes precisely what Relief Defendants seek: an injunction against all ancillary proceedings against Defendant or Relief Defendants. (Order Appointing Receiver at 13.) That Litigation Stay permits entities to seek leave of this Court to begin or continue actions against the

---

. . . will not harm" them; and 4) public interests favor a stay because "courts and the public prefer that litigants have the guidance of counsel." (Mot. for Temp. Inj. at 6-8.)

Because Relief Defendants' request is denied on other grounds, the Court need not determine the balance of these four factors.

4

Defendants, which the Court has since granted to several non-parties on the condition that they not seek to recover from assets of the Receivership Estate until the judgment in this case is satisfied. Relief Defendants acknowledge the breadth of the existing Litigation Stay. (*See* Rel. Defs.' Reply to SEC [Doc. # 1497] at 9 ("The Court has broad powers, which include the imposition of equitable remedies. This includes the ability to issue blanket stays (which this Court has already issued, to the benefit of the SEC) against *any* and *all* litigation against, *inter alia*, Receivership Assets and against any of the Defendant(s).").) Yet they do not attempt to explain how the injunction they request would not be largely duplicative of that Stay, nor do they explain why the Court should order an entirely new injunction, instead of continuing to consider requests to litigate against the Defendants or the Receivership Estate under the existing framework.

Thus, to the extent that Relief Defendants seek a general stay of all ancillary proceedings, their request is moot as the Litigation Stay already provides the relief they seek. To the extent that Relief Defendants seek a stay of the ancillary proceedings already permitted by this Court's rulings on motions to lift the Litigation Stay, their motion for a temporary injunction is effectively a motion for reconsideration of those rulings. (*See* Ruling on Mots. to Lift Lit. Stay; Ruling on Rel. Defs.' Counsels' Mots.) To the extent that Relief Defendants seek a stay of other specific proceedings, they fail to identify those proceedings or make any convincing argument as to why they should be enjoined by this Court if they are not covered by the existing Litigation Stay.

The "standard for granting" a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The only new data to which Relief Defendants can point is the Supreme Court's grant of certiorari in *Liu v. SEC*, as the foundation for their motion—that the

5

bulk of Defendant's and Relief Defendants' assets are frozen and cannot be used to obtain counsel—has remained unchanged since the outset of this litigation.

The Court's ruling lifting the Litigation Stay as to HS was issued on January 29, 2020, months after the Supreme Court granted certiorari in *Liu* and this Court stayed the liquidation of assets in response. Thus, in the absence of any new evidence or argument as to the Court's decision to lift the Stay as requested by HS, Relief Defendants cannot demonstrate that this Court should reconsider that decision.

The Court's ruling lifting the Litigation Stay as requested by NMR and Oak issued prior to the grant of certiorari in *Liu*, and thus, at least as to that ruling, Relief Defendants have identified some new data for the Court to consider. But at the time it lifted the Stay as to NMR and Oak, the Court knew that Defendant's and Relief Defendants' assets were frozen, potentially impacting their ability to acquire counsel. (*See* Ruling on Mots. to Lift Lit. Stay at 11, 13.) Thus, whether the asset freeze might be modified in some way following the decision in *Liu*—in other words, that the Defendants might, at some future time, have additional funds with which to obtain counsel for these ancillary proceedings—does not merit reconsideration of the Court's earlier decision, especially in light of the factors relevant to a determination of whether to lift a litigation stay.[2] Given the "strict" standard for reconsideration, Relief Defendants have not demonstrated that the Court should reconsider its prior rulings.

---

[2] These factors include "(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim." *Secs. and Exch. Comm'n v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984). The grant of certiorari in *Liu* does not impact the weight assigned to each factor in the Court's previous rulings lifting the Litigation Stay.

### III. Conclusion

For the foregoing reasons, Relief Defendants' Motion for Temporary Injunction [Doc. # 1446] is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of March, 2020.