UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>      Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>      Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>March 30, 2020 |

**RECEIVER'S RESPONSE TO NMR E-TAILING, LLC'S
MOTION TO MODIFY LITIGATION STAY RELIEF**

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, respectfully provides this response (the "Receiver's Response") to NMR e-Tailing, LLC's Motion to Modify Litigation Stay Relief [Doc.

---

[1] Unless expressly defined otherwise, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1130] (the "Report"), which terms have been used by the Receiver throughout these proceedings such that the Court's familiarity is presumed.

No. 1512] ("NMR's Motion"). In support thereof, the Receiver states as follows.

## I. The Receiver Takes No Position with Respect to Portions of NMR's Motion

The Receiver takes no position with respect to NMR's Motion to the extent that it seeks a "modification of this Court's" Ruling on Motions to Lift Litigation Stay [Doc. No. 1167] (the "Ruling") "so that [NMR] can seek to sever the claims against [the Defendant]… and seek entry of judgment on damages against [the Defendant] in" the matter currently pending in the Supreme Court of the State of New York, County of New York (the "New York Court") with Index No. 656450/2017 (the "New York Case") so as to *quantify* NMR's claim against the Defendant. Based on the Receiver's analysis at this time, allowing NMR to quantify its claim against the Defendant does not impact the Receiver's ability to complete his duties under the Appointment Order because, *inter alia*, NMR is not attempting to "interfere with the Receiver's interest to preserve Receivership [A]ssets" and NMR will "not enforce any judgment NMR may obtain [against the Defendant] until [NMR obtains] further relief from this Court." (NMR Motion, at 2; Memorandum of Law in Support of NMR e-Tailing's Motion to Modify Litigation Stay Relief [Doc. No. 1512-1] ("NMR's Memorandum"), at 7 ("NMR is not seeking to disturb the asset freeze or take priority over any claim by the SEC to any of the frozen assets for its judgment")).

## III. The Receiver's Limited Objection to the Proposed Order Submitted by NMR

As set forth above, the Receiver does not object to NMR's Motion to the extent NMR only seeks permission to quantify its judgment against the Defendant, rather than, *inter alia*, enforce its judgment against Receivership Assets (to which the Receiver would object). However, the Proposed Order [Doc. No. 1512-2] (the "Proposed Order") submitted by NMR contains two elements that, in the Receiver's view, should be modified to avoid doubt or

confusion as to the nature of the relief this Court may grant to NMR.

First, the Proposed Order is worded such that this Court would be granting permission to the *New York Court* to sever NMR's claims against the Defendant from NMR's claims against other non-defaulting defendants (presumably Oak) as opposed to authorizing *NMR* to seek such a result in the form of relief from the *New York Court*. The Proposed Order's focus on the New York Court rather than NMR invites confusion and is inconsistent with paragraph 23 of the Appointment Order under which NMR moves, which enjoins *parties* (like NMR) rather than *courts* from "commencing or continuing any" Ancillary Proceeding. To remedy this issue, the Receiver respectfully submits that any order granting NMR's Motion should only allow *NMR* to take such action as is reasonably necessary to sever NMR's claims against the Defendant in the New York Case.

Second, the Proposed Order provides that "NMR's claims against [the Defendant] can be liquidated, including by way of judgment on damages in the New York Case." (Proposed Order, at 2). This phrasing invites confusion and mis-frames the limited relief represented to be sought in NMR's Motion. Rather than "*liquidated*," the Receiver submits that any order granting NMR's Motion should permit NMR to take such action as is reasonably necessary *only* to *quantify* NMR's claim against the Defendant in the New York Case. Likewise, the Receiver submits that any order granting NMR's Motion should limit the manner in which NMR's claim may be quantified to the transformation of such claim to a judgment on damages in the New York Case.

Upon request, the Receiver or his counsel will attend any hearing scheduled by the Court on this matter and provide any relevant information and assistance that the Court or other parties to this action may need in addressing NMR's Motion.

Respectfully submitted,
JED HORWITT, ESQ., RECEIVER


 /s/ Christopher H. Blau
Christopher H. Blau (ct30120)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06604
Telephone: 203-368-4234 X 236
Facsimile: 203-549-0903
Email: cblau@zeislaw.com;
skindseth@zeislaw.com
*Counsel to the Receiver*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2020, a copy of the foregoing Receiver's Response was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com.

                                           */s/ Christopher H. Blau*
                                           Christopher H. Blau (ct30120)