UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>      Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br>      Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP et al.,<br>      Relief Defendants. | No. 3:15-CV-675 (JBA)<br><br><br><br><br><br><br><br><br>APRIL 9, 2020 |

## **RELIEF DEFENDANTS' MOTION FOR ATTORNEY FEES TO RETAIN COUNSEL FOR HS' ARBITRATION AGAINST CERTAIN RELIEF DEFENDANTS**

Relief Defendants Shalini Ahmed, I-Cubed Domains, LLC, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, DIYA Real Holdings LLC (together, the "<u>Relief Defendants</u>"),[1] file this Motion for a Release of Funds for these Relief Defendants to Retain Counsel for HS' arbitration ("<u>HS Arbitration</u>") against the named Relief Defendants. The Relief Defendants reserve all rights.

## **ARGUMENTS**

The Relief Defendants move this Court for a release of funds to retain counsel and counterclaim in the HS Arbitration. The estimated amount needed for attorneys' fees, expert fees and arbitration fees is $200,000.[2] There is good cause for the Court to grant this Motion as Ms. Ahmed does not have any legal training or experience to

---

[1] The minor children are not named in the HS arbitration, as per the engagement letter, HS cannot seek any payment of attorney fees from the minor children and assets belonging to or benefitting the minor children.

[2] The amount is an estimate and the Relief Defendants reserve the right to request a release of additional funds if needed. The Relief Defendants are speaking with and have identified counsel who need payment to be retained.

1

litigate against her former counsel who are themselves lawyers and the remaining named Relief Defendants are legal entities who need the guidance of legal counsel for their defense.

### I. Both Law and Equity Favor a Release of Funds for Ms. Ahmed and the Other Named Relief Defendants to Retain Counsel.

In allowing for a release of funds, albeit subject to conditions, for the Defendant to retain counsel in his Second Circuit appeals, the Court stated that "[S]everal key changes have occurred … amount of judgment has been determined … some Residual Asset will likely remain [after judgment is satisfied] … liquidation has been… delayed." [ECF No. 1405 at 4.]  The same considerations apply equally to the Relief Defendants' request here.  In addition, equity would favor a release of funds so that the Relief Defendants can be adequately represented in the HS arbitration.

### II. The Court Has Stated that *Liu* Could Have a "Substantial Impact" on the Amount of Judgment.

In addition, the Court has recognized that the Supreme Court's ultimate decision in *Liu* could have a "substantial impact" on the judgment in this case.  [ECF No. 1346 at 6 ("there is some possibility that [the Supreme Court's decision in *Liu*] … would have a substantial impact on the amount of judgment in this case.")]  If there is a possibility that *Liu* will have a "substantial impact" on the value of the judgment, funds should be released now so that Relief Defendants will be able to retain counsel to analyze the issues in the arbitration and defend against HS' claims.

### III. The Merits of This Request Favor a Release of Assets.

Relief Defendants claim that HS fees, *inter alia*, have been high, excessive, vague and have resulted in significant over-billing.  The SEC has made similar claims. [*See* ECF No. 401 at 7-10.]  In addition, as this Court is aware, the Court's rulings on

the Relief Defendants' assets and their availability to be used for the Defendant's judgment have directly impacted the Relief Defendants whose assets have been frozen for a full five years, going into the sixth year now. The Relief Defendants will be counter-claiming against HS and also require a release of funds[3] to be able to do so, else they are irreparably harmed in the arbitration.

## CONCLUSION

For the reasons set forth above, the Relief Defendants respectfully request that the Court grant the relief requested and authorize payment of $200,000 so that the Relief Defendants can be adequately represented and counter-claim in the HS Arbitration.

                                Respectfully Submitted,

                                By: */s/ Paul E. Knag*
                                    Paul E. Knag – ct04194
                                    pknag@murthalaw.com
                                Murtha Cullina LLP
                                177 Broad Street, 16th Floor
                                Stamford, Connecticut 06901
                                Telephone: 203.653.5400
                                Facsimile:  203.653.5444

                                *Attorneys for Relief Defendants Shalini Ahmed, I.I. 1, I.I. 2 and I.I. 3, I-Cubed Domain, LLC, Shalini Ahmed 2014 Grantor Retained Annuity Trust, Diya Holdings, LLC, Diya Real Holdings, LLC,*

---

[3] To the best of non-lawyer Ms. Ahmed's knowledge, the fee to file a counter-claim in the arbitration is $1,750 and would come from within the amount requested, and there are certain time limits within which to file counter-claims. The Relief Defendants reserve the right to request a release of additional funds if needed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of April, 2020, a copy of the foregoing RELIEF DEFENDANTS' MOTION FOR ATTORNEY FEES TO RETAIN COUNSEL FOR HS' ARBITRATION AGAINST CERTAIN RELIEF DEFENDANTS will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                           */s/ Paul E. Knag*
                                           Paul E. Knag – ct04194

10680774v1