**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | No. 3:15-CV-675 (JBA) |
| Plaintiff, | |
| v. | |
| IFTIKAR AHMED, | |
| Defendant, and | |
| IFTIKAR ALI AHMED SOLE PROP et al., | May 27, 2020 |
| Relief Defendants. | |

**RELIEF DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO SEAL MOTION FOR FUNDS**

The Relief Defendants submit this Memorandum of Law in Support of their Motion to Seal the Motion for Funds ("Motion for Funds") for ███████████ ███████ The Relief Defendants reserve all rights.

**I.   BACKGROUND**



substance of this Motion to Seal and the underlying Motion to Funds entirely involve

10776156v1                                                        1

information about innocent third parties. As such, Ms. Ahmed requests that the Court grant the request to Seal the Motion for Funds. There is good reason for the Court to grant this request.

## II.  ARGUMENT

### A.  Standard

The Court may grant a motion to seal if such sealing is properly supported by "clear and compelling reasons" and "narrowly tailored to serve those reasons." D. Conn. L. Civ. R. 5(e)(3); *Tavares v. Lawrence & Memorial Hospital*, No. 3:11–CV–770 (CSH), 2012 WL 5929949, at *5 (D. Conn. Nov. 27, 2012). The Court enjoys considerable discretion in determining whether good cause exists to grant a motion to seal. *Geller v. Branic Int'l. Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

For a document to be properly sealed, "the Court must determine the weight of the presumption of public access to that document and balance against it any competing considerations, such as the privacy interest of those resisting disclosure." [ECF No. 954 at 2 (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).] "The 'privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation' between the presumption of access and a request to seal." *Id.* citing *Amodeo*, 71 F.3d at 1050. "Both 'financial records' and 'family affairs' are among those 'privacy interests' which may support sealing of documents." *Id.*

### B.  This Motion and the Motion for Funds Should Be Sealed

The Court has previously sealed portions of Ms. Ahmed's deposition transcripts that contain "a wide range of information regarding the Ahmed's minor children, personal financial information related to Ms. Ahmed and the Ahmed's family members

and friends, personal contact information, and information regarding the location and value of personal and real property." *Id.* at 3.  In so doing, the Court stated that "[b]ecause these portions of the deposition transcripts contain personal financial and familial information, the privacy and confidentiality of which outweigh the public's interest in access to that information" the requested portions of the transcript would be sealed.  *Id.*  The instant Motion and Motion for Funds discuss *inter alia* Relief Defendants' personal, private financial affairs regarding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The "'privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation' between the presumption of access and a request to seal." *Id.* These issues have nothing to do with the instant litigation – and certainly do not implicate any public concern.

Moreover, as this Court and the parties are aware, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Sealing this Motion and the Motion for Funds will go far to protect ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Relief Defendants simply request that the Court apply the reasoning already set forth in its Ruling on Parties' Motions to Seal [ECF No. 954] to the instant motions.  The reality is, the motions deal entirely with personal financial and familial issues that are entirely outside the public concern.  As a result, there is a clear and compelling reason to seal the requested documents.

### III. **CONCLUSION**

Wherefore, for the reasons within, the Relief Defendants respectfully request that the Court grant the Motion and allow for the Sealing of the Motion for Funds.

Respectfully Submitted,

By: /s/ Paul E. Knag.
Paul E. Knag – ct04194
pknag@murthalaw.com
Murtha Cullina LLP
177 Broad Street, 16th Floor
Stamford, Connecticut 06901
Telephone: 203.653.5400
Facsimile: 203.653.5444

*Attorneys for Relief Defendants
I-Cubed Domain, LLC, Shalini Ahmed,
Shalini Ahmed 2014 Grantor Retained
Annuity Trust, Diya Holdings, LLC, Diya
Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

                 _/s/ Paul E. Knag_
                 Paul E. Knag – ct04194