UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR AHMED SOLE PROP; *et al*<br><br>Relief Defendants | Civil Action No. 3:15-cv-675 (JBA)<br><br><br><br>June 09TH, 2020 |

**DEFENDANT'S RULE 60(B) MOTION FOR RELIEF
FROM AMENDED FINAL JUDGMENT AND ORDER**

The *pro se* Defendant respectfully files this Motion and the accompanying Memorandum of Law in support of his Rule 60(b) motion seeking relief from the Amended Final Judgment [Doc. #1054] pursuant to FEDERAL RULES OF CIVIL PROCEDURE RULE 60(b).

The Defendant reserves all rights.

[intentionally left blank]

## MEMORANDUM OF LAW IN SUPPORT OF RULE 60(B) MOTION FOR RELIEF

FEDERAL RULE OF CIVIL PROCEDURE 60(b) (RULE 60(b)) offers a party relief from a judgment on motion when it is "inequitable to permit a judgment to stand." *See* FED. R. CIV. P. 60(b); *Ackerman v. United States*, 340 U.S. 193, 202 (1950).

## STANDARD

Rule 60(b)(6) allows the court to relieve a party from final judgment for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b) outlines six grounds for relief from final judgment. Fiskars, 279 F.3d at 1382. Relief under subsection (6), is available for any reason that justifies relief.

Rule 60(b)(6), provides that the court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." F.R.C.P. Rule 60(b)(6). Rule 60(b)(6) "gives the court a 'grand reservoir of equitable power to do justice in a particular case'." *Pierce v. Cook & Co. Inc*., 518 F.2d 720, 722 (10th Cir. 1975), cert. denied, 423 U.S. 1079 (1976), quoting *Radack v. Norwegian America Line Agency, Inc*., 318 F.2d 538, 542 (2d Cir. 1963).

In evaluating a Rule 60(b)(6) motion, the court must balance the interest of justice in granting the motion against the interest of finality of judgment. *See Socialist Republic of Romania v. Wildenstein & Co. Inc*., 147 F.R.D. 62, 64 (S.D.N.Y. March 11, 2003). If a movant demonstrates that justice favors vacating the judgment or order, then Rule 60(b)(6) gives a court discretion to take such action. *Id* at 64-65.

Relief under Rule 60(b)(6) is further circumscribed in that district courts may grant a motion thereunder when such action is necessary to accomplish justice. *Klapprott v. United States*, 335 U.S. 601 (1949); *Ackermann v. United States*, 340 U.S. 193 (1950); see also

2

*Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The rule "confers broad discretion on the trial court to grant relief when 'appropriate to accomplish justice.'" *Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir. 1986) (quoting *Int'l Controls Corp. v. Vesco,* 556 F.2d 665, 668 n. 2 (2d Cir. 1977)); see *also* 7 Moore's Federal Practice, ¶ 60.27[2] at 60-295. Rule 60(b)(6) "should be liberally construed when substantial justice will thus be served" *Matarese v. LeFevre.*

In addition, "the policy in favor of hearing [movant's] claims on the merits is preeminent. *See Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973) (resolve doubts in favor of granting motion to set aside the judgment)." *Kotlicky v. U.S. Fidelity Guar. Co.*, 817 F.2d 6, 8 (2d Cir. 1987)

Although relief pursuant to Rule 60(b)(6) is generally granted only upon a showing of exceptional circumstances or undue hardship, "a *pro se* litigant . . . 'should not be impaired by the harsh application of technical rules.'" *Major v. Coughlin,* No. 94 Civ. 7572, 1997 WL 391121, at *2 (S.D.N.Y. July 11, 1997) (quoting *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983)). "Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training. While the right "does not exempt a party from compliance with relevant rules of procedural and substantive law," *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981), it should not be impaired by harsh application of technical rules. Trial courts have been directed to read *pro se* papers liberally, *Haines v. Kerner*, 404 U.S. at 520, 92 S.Ct. at 595." *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983)

"Generally, courts require that the evidence in support of the motion to vacate a final judgment be "highly convincing," *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977). at 33, that a party show good cause for the failure to act sooner, see *Kontoulas v. A.H. Robins Co.*, 745 F.2d 312, 316 (4th Cir. 1984) (quoting C. Wright A. Miller, Federal Practice and Procedure,

3

§2857 (1973)), and that no undue hardship be imposed on other parties. See C. Wright A. Miller, supra, at § 2857." *Kotlicky v. U.S. Fidelity Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987).

The *pro se* Defendant moves for relief from the judgment. The Court should grant the Motion for the reasons within.

## STATEMENT

During the entire course of this litigation, the *pro se* Defendant was, *inter alia*, denied the opportunity to implead Oak Management Corporation ("Oak") and other defendants; the Defendant was completely deprived of the opportunity to view any evidence; the Defendant was denied the opportunity to subpoena documents and witnesses; and the Defendant was denied the opportunity to depose any witnesses.

In addition, the Defendant was denied his constitutional right to have legal counsel, who would have performed these actions on behalf of the Defendant.

In May 2020, there has emerged certain evidence in the public domain that proves that Oak, the Defendant's ex-employer, and its Managing Partners (Mr. Edward Glassmeyer, Ms. Annie Lamont, Mr. Bandel Carano and Mr. Fred Harman ) and its Chief Financial Officer/Chief Operating Officer ("CFO/COO") Ms. Grace Ames, should be held responsible for any harm alleged in this case. [1]

Hence, the *pro se* Defendant is compelled to move for relief from the judgment.

---

[1] For example, Oak is a defendant (along with the Defendant) in the NMR eTailing, LLC ("NMR") case in New York State Court ("NMR Case") for a Company C transaction in this case - *NMR v. OMC, et al.*, pending in the Supreme Court of the State of New York, County of New York, Index No. 656450/2017. Just as Oak is a co-defendant there and being held liable for the Company C transaction in the NMR case, so too, should Oak be held liable in this case as well. Oak, its Managing Partners and its CFO/COO, are no different in this instance.

**ARGUMENT**

Oak Management Corporation ("Oak") is an Exempt Reporting Advisor ("ERA") pursuant to the Investment Advisers Act of 1940 ("Act") and served as an "investment adviser" for the various Oak Funds.  In addition, Oak is subject to the anti-fraud provisions of the Act. As such, Oak had a duty to implement internal controls, training and processes. However, Oak deliberately and selfishly did not implement any internal control and processes and deliberately overlooked any alleged misdoings. ████████████████████████████████████████████████████████████████████████ in addition, the Founder and senior most Managing Partners of Oak himself violated Oak's internal procedures; and in 2013, despite stating in writing any "lingering concerns" about compliance, the CFO/COO failed to raise any red flags or implement compliance procedures and processes that were required.

In short, there was an active culture of "look the other way" until it did not work for the Oak Managing Partners or the CFO/COO.  Indeed, the SEC frequently pursues actions against corporations or funds when they deliberately and willingly fail to implement proper controls in advising or training their employees or are complicit in any alleged wrongdoing.[2]

The esteemed Court should find that Oak's deliberate actions are no different and should relieve the Defendant from the judgment.

---

[2] For example, the SEC found that VISIUM ASSET MANAGEMENT, an advisory hedge fund, and its CFO "failed to respond appropriately to red flags" See https://www.sec.gov/news/press-release/2018-81.

I.  **OAK'S STATUTORY RESPONSIBILITIES AND INDUSTRY STANDARDS.**

Oak is a Defendant in the NMR eTailing, LLC ("NMR") case in New York State Court ("NMR Case"). As part of NMR's Opposition of Oak's Motion for Summary Judgment,[3] NMR's Expert Witness, Ms. Karen A. Steighner, very explicitly stated that "[Oak] is an Exempt Reporting Advisor, pursuant to the Investment Advisers Act of 1940" and that Oak had certain responsibilities and statutory duties [**EXHIBIT 1**, para. 3.4, 3.5, 3.6] that it "grossly violated." [**EXHIBIT 1,** para. 3.7] Ms. Steighner goes on to list the failures of Oak's supervisory procedures, systems and controls. [**EXHIBIT 1**, para. 3.9-3.17]. Indeed, Ms. Steighner also explicitly states that "[H]ad Oak implemented the industry standard controls and followed them… [alleged acts] would have been… prevented." [**EXHIBIT 1**, para 3.19]

II.  ███████████████████████████████████

███████████████████████████████████████
███████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████

███████████████████████████████████████

---

[3] NMR's Opposition to Oak's Motion for Summary Judgment is sealed, as are multiple other Exhibits presented to that court. As such, the Defendant does not have access to those documents to present to the Court, but those documents would further supported the Defendant's Motion.

███████████████████████████████████████████

████████████████████████

### III.   OAK WAS *DELIBERATELY* LAX ABOUT ITS OWN COMPLIANCE.

It is clear that Oak had concerns about compliance as far back as June 2013 and even acknowledged shortfalls in its own compliance wherein the CFO/COO of Oak stated in writing in June 2013 that:

> "[A]s you have seen with recent conversations, we at Oak clearly need to beef up our compliance process to avoid any lingering concerns either internal or externally."

[**EXHIBIT 3**, 66:13-18; Bandel Carano deposition]

However, despite acknowledging these shortfalls that there were "lingering concerns regarding the need to beef up existing compliance processes" [**EXHIBIT 4**, p. 147:22-148:2; expert witness], Oak did not address or follow up on any compliance issues. [**EXHIBIT 1**, para. 3.25]

Had the Defendant been allowed the benefit of discovery in this litigation, internal documents and depositions would have further confirmed these facts. As it is, as early as June 2013, Oak admitted it had issues with its own compliance and yet, failed to follow up or implement any processes or procedures to remedy the "lingering concerns."

As Ms. Steighner stated, "[I]n June of 2013… Ames acknowledged in writing that there were existing "lingering concerns" regarding Oak's internal controls, as well as the need to "beef up" those controls…There is no evidence that any follow up or testing was conducted or directed by Ames to address these "lingering concerns."" [**EXHIBIT 1**, para 3.25]

Even Oak's *own expert witness* in the NMR case testified that Oak's internal controls were lacking. [**EXHIBIT 4**, p. 40:9-24]

### IV. THERE WAS A PERVASIVE CULTURE FROM THE VERY TOP OF OAK OF VIOLATING THEIR OWN POLICIES.

The lack of compliance controls, entirely at the direction of the managing members, is clear and confirmed by the fact that the founder of Oak and a managing member *himself* violated the firm's internal controls:

> Q. **"Is it fair to say that you violated the Oak stock trading policy by investing amounts in [Oak portfolio company] without prior consent?"**
>
> A: **I think it would be fair to say that.**
>
> [**EXHIBIT 5**, Ed Glassmeyer deposition, p. 144:12-15].

Also "Here, noncompliance with policies even occurred at the top of the organization by Mr. Glassmeyer, Oak's Founder and President.  **Mr. Glassmeyer *conceded* that he also violated Oak's stock trading policy himself by investing in a company without consent…**

> Others at Oak were aware of Mr. Glassmeyer's non-compliance."

(emphasis added) [**EXHIBIT 1**, para. 3.24].

Everyone at Oak, including the three other Managing Partners, and their CFO/CCFO, Ms. Grace Ames were aware of Mr. Glassmeyer's non-compliance.  Oak deliberately and knowingly was lax about its own compliance, to the point of the Founder and senior most Managing Partner violating the Oak's own policies, other partners and employees at Oak knowing about the violation and nothing being done to remedy any compliance shortfalls *even* after that.

## V. THE SECOND CIRCUIT'S THREE PRONG TEST.

The Second Circuit "has set forth a three-prong test in order for a Rule 60(b) motion to succeed: (1) there must be "highly convincing" evidence in support of the motion; (2) the moving party must show good cause for failing to act sooner; and (3) the moving party must show that granting the motion will not impose an undue hardship on any party" *Bernstein v. App. Div. First D. Disciplinary Com*, 07 Civ. 11196 (SAS), at *4 (S.D.N.Y. Dec. 15, 2010). The Defendant meets all three criteria and the Motion should be granted.

### a. THE EVIDENCE IS HIGHLY CONVINCING.

NMR has employed the use of an Expert Witness; whose report and testimony makes it clear that Oak had a statutory duty to impose certain controls and compliance measures and it deliberately did not. Even Oak's own expert witness testified as to the lack of controls. Not only that, but the Founder and Senior Managing Partner of Oak testified that he also violated firm "policies" and invested personally in an Oak portfolio company. ████████ ████████████ ████████████ ████████ These are facts[4] – indeed, statements under oath – and justify granting Rule 60(b) relief.

### b. THE MOTION IS TIMELY.

Given the recent Covid-19 pandemic, NMR's Expert Witness Report was only filed in the NMR Case on May 5, 2020. As such, as soon as the *pro se* Defendant was able to file this Rule 60(b) Motion to the Court (due to extensions of time due to Covid-19), the Defendant

---

[4] The Defendant is limited to what is publicly available to him. He does not have access to the entire deposition transcripts and it is highly certain there would be additional material and internal communications at Oak that would support the Motion.

brought the public documents to the Court's notice. There was no other way, as the Defendant was precluded from evidence or depositions in this case, for the Defendant to get the information any earlier. As such, the Court should hold the Defendant "faultless in [any] delay" as NMR's Expert Witness Report and the various testimony that the Defendant cites to was only filed a few weeks prior on May 5, 2020.[5] ("The 'extraordinary circumstances' required for relief under Rule 60(b)(6) must also suggest that the moving party 'is faultless in the delay.'" *Orix Fin. Servs., Inc. v. Thunder Ridge Energy, Inc.*, No. 01-CV-4788, 2008 WL 4414650, at *11 (S.D.N.Y. Sept 30, 2008) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993))).

Here, Defendant had no means available to him to get the information but for what was filed in the public domain and as soon as it was filed, he has presented it to the Court at the earliest time possible.

In addition, "[while finality of judgment is important]… we are not unmindful of other interests, among them the interest of deciding cases on their merits. These interests provide relevant parameters within which to evaluate Rule 60(b) motions; the facts give them values… Here, after a thorough study of the record we have concluded that, if the facts are as the [Defendant] allege[s] them to be, Rule 60(b)(6) relief would be appropriate." *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977).

---

[5] The Defendant is aware of several additional and unrelated acts of violations of laws and statutes by Oak and its Managing Partners and CFO/COO; and he reserves all rights to bring them to either the SEC or the DOJ's or the public's attention at any time.

### c. THERE IS NO UNDUE HARDSHIP BY GRANTING THIS MOTION.

The appeals in this case have not started yet and are stayed, pending the imminent U.S. Supreme Court decision in *Liu v. SEC* [18-1501].[6] As such, no party is harmed and there is no undue hardship by granting this Motion.

In addition, relief under Rule 60(b)(6) is further circumscribed in that district courts may grant a motion thereunder when such action is necessary to accomplish justice. *Klapprott v. United States*, 335 U.S. 601 (1949); *Ackermann v. United States*, 340 U.S. 193 (1950); see also *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

### VI. THIS IS AN EXTRAORDINARY CIRCUMSTANCE.

█████████████████████████████████████████████████████████████.[7] At the same time, the entirety of Defendant's (and others') assets was (and continues to remain) frozen. The Defendant was precluded from having access to any evidence in this case or to depose Oak in this matter.

The Defendant was also precluded from having legal counsel in this case, despite the value of assets being frozen, *at all times*, in excess of the disgorgement amount, and now in excess of the judgment amount.

---

[6] The Defendant's appeals are also stayed pending the retention of counsel for his Second Circuit appeals. The Defendant is in the process of speaking with several candidate counsels and will inform the Court when legal counsel is retained.

[7] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ As such, any purported forfeiture of the Defendant's assets at Oak is null and void and the value of such assets must be properly added to the Estate. The Defendant and his spouse reserve all rights to the Oak assets, whether deemed allegedly forfeited or not.

If the Defendant had legal counsel representing him, she would have gathered the evidence and deposed Oak on these matters and presented them to the Court sooner than the Defendant has been able to.

The Defendant, due to not having counsel and being *pro se* with no legal training, experience or education whatsoever, could not bring this evidence to the Court any sooner and was completely dependent on any public filings in other matters with Oak.

Oak is not blameless in this situation and should be held accountable in this case, just as the merits of such are being considered in the NMR case.

Particularly, Mr. Glassmeyer's testimony under oath clearly establishes that such was standard operating procedure at Oak and the lack of follow up in implementing *any* compliance procedures and processes after such violation makes it clear that Oak simply looked the other way. As such, there is nothing different between the Company C transactions at issue in this Court and the Founder and Senior Managing Partner himself investing in an Oak portfolio company. The Company C related liability and damages must be reversed and corrected in light of the irrefutable evidence that is being presented to the Court. In addition, the Court should hold Oak accountable for the deliberate, willful and intentional avoidance of implementing *any* compliance procedures and processes, *even* when they had concerns or knew about breaches by its employees.

### VII.   CONCLUSION

"Rule 60(b)(6) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice; it constitutes a grand reservoir of equitable power to do justice in a particular case." *Matarese*, 801 F.2d at 106 (*quoting Int'l Controls Corp. v. Vesco*,

556 F.2d 665, 668 n. 2 (2d Cir. 1977); *Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963)) (internal quotation marks omitted) (citations omitted)

**WHEREFORE**, for the reasons within, the *pro se* Defendant requests the Court immediately grant the relief requested.

Respectfully Submitted,

Dated:    June 09TH, 2020     /s/ Iftikar Ahmed

                                                                                      Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East
Kolkata 700 069, India

Tel:    +91-983-008-9945
e-mail: iftyahmed@icloud.com

*Pro Se*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

| | |
|---|---|
| MR. NICHOLAS P. HEINKE, *ESQ.*<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1071<br>e-mail: heinken@sec.gov | MR. MARK L. WILLIAMS, *ESQ.*<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1027<br>e-mail: williamsml@sec.gov |
| MR. PAUL E. KNAG, *ESQ.*<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5400<br>Fax: (203) 653-5444<br>e-mail: pknag@murthalaw.com | MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5406<br>Fax: (860) 240-5758<br>e-mail: kzaehringer@murthalaw.com |