UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
)
UNITED STATES SECURITIES AND )
EXCHANGE COMMISSION, ) No. 3:15-CV-675 (JBA)
                Plaintiff, )
)
v. )
)
IFTIKAR AHMED, )
                Defendant, and )
)
IFTIKAR ALI AHMED SOLE PROP et al., )
) JULY 15, 2020
                Relief Defendants. )
_____)

**RELIEF DEFENDANTS' MOTION FOR CLARIFICATION**
**OF THE COURT'S STATEMENTS ON LIQUIDATION OF ASSETS IN THIS CASE**

The Relief Defendants respectfully file this Motion for Clarification of the Court's Statements on Liquidation of Assets in this case. The Relief Defendants reserve all rights.

## BACKGROUND

1. On December 14, 2018, the Court stated that "Defendant's assets will remain frozen ***during the pendency of the appeal***, serving as the functional equivalent of a *supersedeas bond* to ensure that the SEC, should it prevail on appeal, will not be injured by a stay. The process of preparing for any post-appeal distribution of assets to satisfy the judgment … is not stayed." [ECF No. 1052 at 7 (emphasis added).]

2. On November 1, 2019, the United States Supreme Court granted the petition for a writ of *certiorari* in *Liu v. SEC*, No. 18-1501.

3. On November 26, 2019, this Court issued an Order "staying the liquidation process in this case until the Supreme Court issued its decision in *Liu v. SEC*." [ECF No. 1346.]

4. On January 31, 2020, this Court issued an Order Denying Motion to Satisfy State Tax Debt stating that "the liquidation of assets in satisfaction of the judgment against Defendant has been **stayed pending resolution of the appeals** in this case." [ECF No. 1435 at 6 (emphasis added).]

5. On June 22, 2020, the Supreme Court issued its decision in *Liu* that disgorgement, under certain conditions, is permissible as equitable relief.

6. On July 10, 2020, the Court allowed for the payment towards the minor children's education. In that Order, the Court noted in a footnote that "the Court expects that, in light of the Supreme Court's recent decision in *Liu v. SEC*, 140 S. Ct. 1936, 1940 (2020), the liquidation of assets will soon proceed such that the judgment will be fully secured and residual assets, if any, will be unfrozen." [ECF No. 1597, n.1].

## CLARIFICATION REQUESTED

In light of the Court's holding that "the liquidation of assets in satisfaction of the judgment against Defendant has been stayed pending resolution of the appeals in this case" [ECF No. 1435 at 6] and the Court's statement that "the Court expects that, in light of the Supreme Court's recent decision in *Liu v. SEC*, 140 S. Ct. 1936, 1940 (2020), the liquidation of assets will soon proceed such that the judgment will be fully secured and residual assets, if any, will be unfrozen" [ECF No. 1597, n.1], the Relief Defendants seek clarification that the assets under this Court's asset freeze order will stay frozen with no liquidation of assets pending appeals.

10879275v2

The Court has already held that liquidation is stayed pending appeals. [ECF No. 1435 at 6.] The Relief Defendants interpret this holding as still valid as the parties are in active briefing in the Second Circuit. Relief Defendants interpret the Court's statement in ECF No. 1597, n.1, as reflecting its prediction that the Second Circuit will resolve Relief Defendants' appeal expeditiously. Relief Defendants expect and hope that the Court's prediction is correct: appellate counsel is hard at work on the briefs and we expect that the appellate court will resolve issues expeditiously.

In addition, *inter alia*, the Court has acknowledged that there is irreparable harm from the liquidation of assets [ECF No. 1346]; the assets are frozen as the "functional equivalent of a *supersedeas* bond" which guarantees a right of stay of enforcement of judgment,[1] and which serves to protect the *status quo*,[2] and the value of the frozen assets far exceeds even the estimated judgment amount.

However, if the Court's statement contemplates that it is considering permitting liquidation of the assets *sua sponte* while the appeals of this case are pending, the Relief Defendants respectfully request briefing on the matter before the Court issues any ruling, including time to go to the Second Circuit on such matter. In such briefing, Relief Defendants would make the following argument in support of a continued stay: although *Liu v. SEC* held that disgorgement is not categorically unavailable, it narrowed the scope of the disgorgement remedy in certain respects, and Relief Defendants intend to argue in the Second Circuit that *Liu* affects the disgorgement judgment here. The

---

[1] FRCP Rule 62(b) was formerly known as Rule 62(d), where "Rule 62(d) provides that an appellant may obtain a stay pending appeal, as of right, by posting a supersedeas bond." *Cohen v. Metro. Life Ins. Co.*, 334 Fed. App'x 375, 378 (2d Cir. 2009).

[2] "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979).

10879275v2

Second Circuit should have time to resolve Relief Defendants' argument before the frozen assets are liquidated.

**WHEREFORE**, the Relief Defendants respectfully request clarification of the Court's intent regarding the liquidation of assets pending appeals in this matter.

    Respectfully Submitted,

By: /s/ Paul E. Knag
    Paul E. Knag – ct04194
    pknag@murthalaw.com
Murtha Cullina LLP
177 Broad Street, 16th Floor
Stamford, Connecticut 06901
Telephone: 203.653.5400
Facsimile:  203.653.5444

*Attorneys for Relief Defendants I-Cubed Domain, LLC, Shalini Ahmed, Shalini Ahmed 2014 Grantor Retained Annuity Trust, Diya Holdings, LLC, Diya Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of July, 2020, a copy of the foregoing RELIEF DEFENDANTS' MOTION FOR CLARIFICATION OF THE COURT'S STATEMENTS ON LIQUIDATION OF ASSETS IN THIS CASE will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                      */s/ Paul E. Knag*
                                                      Paul E. Knag – ct04194