UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>September 18, 2020 |

**ORDER GRANTING RELEASE OF FUNDS FOR WELL PUMP REPAIR**

Relief Defendants filed this Emergency Motion for Release of Funds for repair to the well pumping system at 505 North Street, Greenwich, Connecticut, their primary home. (Emergency Mot. for Release of Funds [Doc. # 1643].) Both the SEC and the Receiver oppose the Motion. (SEC's Mem. in Opp. [Doc. # 1644]; Receiver's Mem. in Opp. [Doc. # 1646].) The SEC argues that the invoice, (Invoice, Ex. 1 to Emergency Mot. for Release of Funds [Doc. # 1643-1]), may be inauthentic or otherwise unreliable and maintains that releasing the funds will not preserve any asset used to secure the judgment since the home was posted as a criminal bond, (SEC's Mem. in Opp.). The Receiver argues both that releasing the funds does not advance the interests of the Receivership Estate since the home is not used to secure the civil judgment and that Relief Defendants have not explained why Ms. Ahmed's monthly allowance of $8,676 cannot cover some or all of the costs associated with replacing the well

pumping system. (Receiver's Mem. in Opp.) Relief Defendants reply that fixing the well is necessary to maintain the Ahmed family's access to water in their home, that Ms. Ahmed attests that Mr. Thron previously perform work at her home, that the invoice is authentic and reliable, that her monthly allowance is insufficient to meet this expense, and that the Court has frozen assets well in excess of the judgment amount. (Reply [Doc. # 1648.])

The Court finds that the requested $32,109.26 is necessary for the health of Relief Defendants. A one-time release in this relatively small amount is unlikely to compromise the security of the judgment against the Defendant. Notwithstanding the SEC's electronic research regarding Mr. Thron and AquaSentry Systems and the absence of a sworn affidavit from Ms. Ahmed regarding her prior experiences with Mr. Thron, it is evident that Mr. Thron is genuine as is the invoice phone number. (SEC's Mem. in Opp.) The invoice format appears consistent with that of small businesses and not obviously fraudulent, (*see* Invoice, Ex. 1), and Ms. Ahmed represents that Mr. Thron has been "servicing [the home] for many years" and "has always been professionally competent and reliable," (Reply). Moreover, the SEC's finding that the phone number identified on the invoice is associated with Acquisition Control Services, (SEC's Mem. in Opp.), which Ms. Ahmed asserts is the parent company of AquaSentry, (Reply), lends further credibility to the invoice.

For the foregoing reasons, Relief Defendants' Motion for Release of Funds is GRANTED and the Court directs the Receiver to release $32,109.26 in two payments of $16,054.63 each to AquaSentry Water Systems at P.O. Box 106 Riverside, Connecticut 06878, the first as down payment and the second following satisfactory completion of the well pump repair work. As with previous releases of funds from the asset freeze, the Receiver shall determine which assets should be used to make the payment and shall inform the Court and the parties of his determination.

IT IS SO ORDERED.

                                                                        /s/

                                          Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 18th day of September 2020.