UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>October 8th, 2020 |

**RULING DENYING DEFENDANT'S EMERGENCY MOTION FOR CLARIFICATION OR RECONSIDERATION**

Defendant requests clarification or reconsideration of the Order Directing Payment of Receiver's Approved Fees and Expenses [Doc. # 1419] and requests that the Court "hold any payment of fees and expenses to the Receiver in abeyance, pending Second Circuit appeals." (Def.'s Mot. for Reconsideration [Doc. # 1421].) The Receiver opposes [Doc. # 1455], as does the SEC [Doc. # 1456]. For the reasons that follow, Defendant's motion is denied.

I.    **Background**

The Court assumes the parties' familiarity with the history of this case, but will briefly review the background relevant to this motion. On December 20, 2018, the Court entered its Order Appointing Receiver [Doc. # 1070] which appointed Jed Horwitt to take possession of all property secured in the Receivership Estate and make reasonable efforts to determine

the nature, location, and value of that property. Defendant appealed the Receivership Order [Doc. # 1084] and filed a motion with the Second Circuit to stay the Receivership Order pending appeal. Emergency Motion to Vacate or, Alternatively, Stay Order Appointing Receiver Pending Appeals, Doc. # 66 at 17, *SEC v. Ahmed*, Case No. 18-2903 (2d Cir.). The Second Circuit denied Defendant's Motion to Stay, finding that he "ha[d] not made a showing that he [was] likely to succeed on the merits or that he [would] be irreparably harmed absent a stay." Order, Doc. # 154, *SEC v. Ahmed*, Case No. 18-2903 (2d Cir. Feb. 19, 2019).

Pursuant to the Receivership Order, the Receiver was entitled to reasonable fees and expenses associated with performing his duties. The Receiver submitted several motions for fees and expenses incurred [Docs. ## 1160, 1249, 1330], all of which were opposed by Defendant [Docs. ## 1183, 1261, 1354] and Relief Defendants [Docs. ## 1185, 1264, 1362]. On January 22, 2020, the Court granted the Receiver's applications for fees [Doc. # 1415] and directed the Receiver to submit a proposed order reflecting the amounts to be distributed and identifying the assets in the Receivership Estate from which those fees would be paid. Defendant appealed this order to the Second Circuit [Doc. # 1416] and the appeal is currently pending. In addition, Defendant filed a Motion for Reconsideration [Doc. # 1420] with this Court, arguing that the Second Circuit has pendent appellate jurisdiction "over the issue of payment of fees and expenses to the Receiver" and asks the Court therefore to stay any payment to the Receiver until the Second Circuit has ruled on the issue.

## II.    Discussion

Although the Receiver Fee Order [Doc. # 1415] and the Order Directing Payment [Doc. # 1419] are not appealable interlocutory orders, Defendant argues that "[t]he Second Circuit does have jurisdiction over the issue of payment of fees and expenses to the Receiver . . . [and] . . . over the issue of who ultimately bears the Receiver's fees and expenses, if any, and what it gets attributed to." (Def.'s Mot. at 2.) Defendant therefore "humbly asks the Court to hold in abeyance any payment of any fees and expenses to the Receiver until the Second

Circuit has properly addressed this issue, for which it has 'pendant [*sic*] appellate jurisdiction.'" (*Id.*)

Courts of appeals generally only have appellate jurisdiction over final decisions. 28 U.S.C. § 1291; *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 45 (1995). However, there is "a limited set of circumstances under which courts of appeals may take jurisdiction over interlocutory decisions of district courts." *Myers v. Hertz Corp.*, 624 F.3d 537, 552 (2d Cir. 2010) (internal quotation marks omitted); *see also Will v. Hallock*, 546 U.S. 345, 349 (describing the collateral order doctrine). Supplementing these circumstances is the judicially created doctrine of pendent appellate jurisdiction. *Myers*, 624 U.S. at 552. This doctrine gives appellate courts jurisdiction over certain otherwise unappealable interlocutory orders "where such rulings are inextricably intertwined with the order" over which the appellate court has proper appellate jurisdiction or where "review of such rulings is necessary to ensure meaningful review of the appealable order." *Id.* (internal quotations omitted). Appellate courts therefore only exercise pendent jurisdiction in "exceptional circumstances" and its exercise is entirely within the courts' discretion, *Id.*; *Jones v. Parmley*, 465 F.3d 46, 65 (2d Cir. 2006), with the purpose of preventing parties from transforming collateral orders into "multi-issue appeal tickets," *Moore v. City of Wynnewood*, 57 F.3d 924, 930 (10th Cir. 1995).

Defendant asks this Court to "hold any payment of fees and expenses to the Receiver in abeyance, pending Second Circuit appeals" since "[t]he Second Circuit . . . has jurisdiction over the issue of who ultimately bears the Receiver's fees and expenses." (Def.'s Mot. at 1-2). However, he offers no authority supporting the proposition that the mere possibility that an appellate court *could* exercise pendent appellate jurisdiction over an otherwise unappealable order should stay proceedings related to that order or otherwise divest this Court of its jurisdiction.

By contrast, the SEC argues that district courts retain jurisdiction while an appellate court contemplates exercising pendent appellate jurisdiction. (SEC's Response at 6.) The SEC cites *McCoy v. Webster* as an example of a district court retaining jurisdiction over a matter where the appellate court declined to exercise pendent appellate jurisdiction. 47 F.3d 404, 406 (11th Cir. 1995). In *McCoy*, two defendants appealed a district court's partial denial of their motion for summary judgment. *Id.* The Eleventh Circuit found that because the court properly had appellate jurisdiction over any denial of summary judgment based on qualified immunity, the court could have exercised "discretionary pendent appellate jurisdiction" over a plaintiff's related negligence claims. *Id.* The Eleventh Circuit, however, declined to exercise pendent appellate jurisdiction and held that the district court "properly retained jurisdiction." *Id.* The SEC argues that this holding stands for the proposition that just because an appellate court may "exercise pendent appellate jurisdiction" over a non-final order does not mean that the district court loses jurisdiction to effectuate that order. (SEC's Response at 7).

Considering that pendent appellate jurisdiction is a doctrine courts of appeals apply "sparingly" and in "exceptional circumstances," it would be unreasonable to require district courts to stay proceedings when any party simply sought review of an otherwise non-reviewable order under a pendent jurisdiction theory. When considering the facts of this case, ordering a stay of district court orders, as Defendant requests, is particularly inappropriate. Here, Defendant already sought a stay of the Order Appointing the Receiver which the Second Circuit denied because Defendant failed to demonstrate a likelihood of success on the merits or a risk of irreparable harm. If the Second Circuit considered and declined to stay the Order Appointing the Receiver, which was immediately appealable, it is highly unlikely that the Court of Appeals would find that a derivative appeal seeking exercise of discretionary pendent appellate jurisdiction related to payments pursuant to this Order would fare any better.

4

### III.     Conclusion

Accordingly, Defendant's Motion for Clarification or Reconsideration is DENIED. The Receiver shall effectuate payments pursuant to the Receiver Fee Order [Doc. # 1419].

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 8th day of October 2020.