UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>October 30, 2020 |

**RULING DENYING DEFENDANT'S EMERGENCY MOTION TO ENJOIN THE ENFORCEMENT OF THE DEFAULT JUDGMENT OBTAINED IN VIOLATION OF THIS COURT'S INJUNCTION AND IMPOSE SANCTIONS ON NMR OR IN THE ALTERNATIVE, TO IMPOSE SANCTIONS ON NMR, RELEASE FEES TO RETAIN COUNSEL IN THE NEW YORK STATE PROCEEDING TO DEFEND AGAINST THE DEFAULT JUDGMENT AND NMR E-TAILING'S ALLEGED CLAIMS TO STAY THE NMR CASE PENDING APPELLATE REVIEW**

Defendant requests that the Court enjoin the enforcement of the default judgment against him obtained by NMR e-tailing LLC ("NMR") in the New York Supreme Court case *NMR e-tailing v. Oak, et al.*, Index No. 656450/2017 ("NMR Case"). In the alternative, Defendant requests that the Court impose sanctions on NMR, release fees to allow Defendant to retain counsel in the NMR Case, and stay the NMR case pending appellate review of the Court's order granting NMR's motion to lift the litigation stay. (Def.'s Mem. in Supp. of Mot. to Enjoin [Doc. # 1324].) Relief Defendants join Defendant's motion. (Relief Defs.' Mem. [Doc. # 1344].) The Securities and Exchange Commission ("SEC") [Doc. # 1366], the Receiver [Doc.

# 1360], non-party Oak Management Corporation [Doc. # 1363], and NMR [Doc. # 1368] all oppose. For the reasons that follow, Defendant's motion is denied.

## I. Background

The Court assumes the parties' familiarity with the history of this SEC enforcement action, but will briefly review the background relevant to this motion. In 2015, the Court entered a preliminary injunction ("2015 Injunction") prohibiting "any action interfer[ing] with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing." (2015 Inj. [Doc. # 113] at 21.) On October 18, 2017, NMR filed suit against Oak Investment Partners and its related entities ("Oak") in the New York Supreme Court. (NMR Case, Ex. A to NMR's Mot. to Lift Lit. Stay [Doc. # 1097-1].) On March 14, 2018, the New York Supreme Court entered a default judgment against Ahmed on the issue of liability "as a result of his failing to answer or otherwise respond to NMR's complaint." (NMR's Mem. in Opp. [Doc. # 1368] at 2.) The issue of damages is reserved to trial. (*Id.* at 3.)

On December 12, 2018, the Court appointed a Receiver to manage assets subject to the Court's Asset Freeze Order. (Order Appointing Receiver, [Doc. # 1070].) As a part of that Order, the Court enjoined the parties to related proceedings "from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, unless leave from this Court is obtained." (*Id.* ¶ 23.) NMR filed a motion to lift the litigation stay so as to allow it to continue litigating its action against Oak and Defendant, which the Court granted on May 21, 2019. (Order Lifting Lit. Stay [Doc. # 1167].) Defendant and Relief Defendants appealed this order to the Second Circuit Court of Appeals. (Notice of Appeal [Doc. # 1277].) Defendant now moves to enjoin enforcement of the default judgment entered in the NMR Case, arguing that it violates the 2015 Injunction, and seeks to impose sanctions against NMR for its conduct. (Def.'s Mem. at 3.) "In the alternative," Defendant

moves "to impose sanctions on NMR, release fees so Defendant can retain counsel to defend against NMR in the NMR Case, and to stay the case pending appellate review of the ruling allowing the NMR Case to proceed." (*Id*.) On October 29, 2020, Defendant and Relief Defendants withdrew their appeal of this Court's ruling lifting the litigation stay. (USCA Mandate [Doc. # 1674].)

## II. Discussion

### A. *Injunction Against Enforcement of the Default Judgment*

Defendant argues that because "NMR <u>did not seek</u> leave from this Court for permission to file that lawsuit," its New York Supreme Court lawsuit violates the 2015 Injunction. (*Id.* (emphasis in original).) He further argues that the appropriate remedy is for the NMR Case to "be dismissed with prejudice as to the Defendant or in the alternative [for] the Court [to] enjoin enforcement of the default judgment against the Defendant." (*Id.*) The SEC asserts that Defendant's claim that the NMR Case violates the 2015 Injunction is "baseless," because the NMR Case has in no way interfered with the Court's asset freeze. (Pl.'s Opp. at 2). NMR similarly asserts that Defendant failed to explain how the NMR Case interfered with the asset freeze. (NMR's Mem. at 5.) In reply, Defendant argues that "[t]here is no doubt whatsoever and the Court's Order is clear that NMR should have sought leave of the Court ***prior*** to filing its lawsuit." (Def.'s Reply [Doc. # 1379] at 2 (emphasis in original).)

Defendant offers no support for his claim that the NMR Case interferes with the asset freeze and thus violates the 2015 Injunction. NMR has not taken steps to liquidate its default judgment against Defendant. Indeed, the Receiver noted in his response that NMR is not seeking to obtain possession of any Receivership Assets and that counsel for NMR fully intends to comply with the Court's order. (Receiver's Mem. at 2.) Moreover, Defendant's position that NMR should have sought leave of court prior to filing the NMR suit is without merit since Defendant offers no evidence that NMR, a non-party, was actually aware of the 2015 Injunction. There is, therefore, no evidence that NMR violated the 2015 Injunction.

3

Absent any showing that NMR's lawsuit interferes with the Asset Freeze Order, Defendant's motion seeking an injunction is DENIED.

### B. Sanctions on NMR

Defendant argues that the Court should impose sanctions on NMR for violating the 2015 Injunction. (Def.'s Mem. at 4.) Oak opposes any imposition of sanctions "because the assertions underlying that request are completely unfounded and without merit."[1] (Oak's Mem. at 2.) The SEC similarly asserts that any request for sanctions is "baseless" since NMR's action does not interfere with any Receivership Assets. (SEC's Mem. at 2.) Because the Court finds that NMR has not violated the 2015 Injunction, Defendant's request to impose sanctions against NMR lacks merit.

### C. Release of Fees for Counsel

Defendant also urges the Court to "release fees for the Defendant to retain counsel to defend against the default judgment and NMR's alleged claims" since he believes that NMR will seek Receivership Assets in the future. (Def.'s Mem. at 6-7.) Defendant also argues that he has a right under the Fourteenth Amendment's Due Process Clause to defend against the default judgment. (*Id.* at 7.) Defendant maintains that he is unable to secure counsel because his assets are frozen and he is unable to proceed *pro se* in the NMR Case because the New York Supreme Court requires him to make a physical appearance, which he cannot do as he remains in India. (*Id.*) Defendant therefore requests released funds "up to $350,000 . . . to be paid directly by the Receiver to a counsel representing the Defendant in the NMR Case." (*Id.* at 9.)

---

[1] In a footnote, Defendant also requests that the Court impose sanctions on Oak for failing inform NMR of the 2015 Injunction. (Def.'s Mem. at 5-6, n.3.) Oak maintains that any request for sanctions is "without merit" since "nowhere does the Order impose an obligation on non-parties such as Oak to inform others as to the existence of the Order." (Oak's Mem. at 2.) The Court agrees with Oak, finding no provision of the 2015 Injunction imposing an affirmative duty on non-parties to inform others of the injunction. Moreover, Defendant could have brought the 2015 Injunction to NMR's attention when he learned of the lawsuit instead of waiting a year to do so. Accordingly, Defendant's motion to impose sanctions on Oak is DENIED.

The Receiver objects to the release of such funds, arguing that such a release would compromise his ability to secure the judgment in the instant action. (Receiver's Mem. at 3.) The SEC argues that Defendant is not entitled to any release of funds since Defendant's inability to access frozen funds is a direct result of his opposing liquidation and satisfaction of the SEC's judgment "at every turn." (SEC's Mem. at 3.) The SEC asserts that "Defendant has not established a need for the release of funds to participate in the NMR case" since he has not offered any evidence that he is "unable to leave India," a consequence of his own making, or has made unsuccessful efforts to retain counsel. (*Id.* at 4.) In his response, Defendant merely represents that he "cannot appear in person and must retain counsel to defend." (Def.'s Reply at 6.)

In light of the market risk to the Receivership Estate and Defendant's failure to show his inability to secure counsel, his request for a release of $350,000 is DENIED.

### D.   *Stay Pending Appeal*

Since Defendant and Relief Defendants withdrew their appeal, their request for a stay pending appeal is DENIED AS MOOT.

### III.   Conclusion

For the reasons set forth above, Defendant's Emergency Motion to Enjoin [Doc. # 1324] is DENIED.

IT IS SO ORDERED.



Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of October 2020.