UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>November 5th, 2020 |

**RULING DENYING DEFENDANT'S MOTION TO REDUCE DISGORGEMENT IN THIS CASE FOR THE DEFAULT JUDGMENT ENTERED AGAINST HIM IN THE NMR E-TAILING NEW YORK STATE PROCEEDING**

Defendant requests that the Court reduce the disgorgement awarded in the instant case "by the amount rendered against him (if so determined) in the New York Supreme Court case *NMR e-Tailing v. Oak, et. al*, Index No. 656450/2017 ("NMR Case")." (Def.'s Mot. [Doc. # 1325].) Relief Defendants join Defendant's Motion. ([Doc. # 1343].) The Securities and Exchange Commission ("SEC") opposes, arguing the motion is premature. ([Doc. # 1367].) The Receiver takes no position. ([Doc. # 1358].) For the reasons that follow, Defendant's motion is denied.

    **I.**    **Background**

The Court assumes the parties' familiarity with the history of this SEC enforcement action, but will briefly review the background relevant to this motion. On October 18, 2017, NMR filed suit against Oak Investment Partners and its related entities ("Oak") and Defendant in the

New York Supreme Court. (NMR Case, Ex. A to NMR's Mot. to Lift Lit. Stay [Doc. # 1097-1].) On March 14, 2018, the New York Supreme Court entered a default judgment against Mr. Ahmed on the issue of liability "as a result of his failing to answer or otherwise respond to NMR's complaint." (NMR's Mem. in Opp. [Doc. # 1368] at 2.) The issue of damages in the NMR Case is reserved to trial, which is scheduled for November 2020. (*Id.* at 3.)

## II. Discussion

The doctrine of ripeness forbids the Court from deciding issues that are "mere hypothetical questions." *AMSAT Cable Ltd. V. Cablevision of Conn.*, 6 F.3d 867, 872 (2d Cir. 1993). In order for a case or controversy to be ripe, it cannot depend on "contingent future events that may not occur as anticipated." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985). "The doctrine's major purpose 'is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *National Organization for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (quoting *Abbott Labs v. Gardner*, 387 U.S. 136, 148 (1977), *overruled on other grounds*). While anticipated future injury generally precludes a finding that a case is ripe for resolution, courts will sometimes recognize disputes as ripe when fear of a future event may have an immediate impact on present affairs. *See, e.g.*, *Pierce v. Society of Sisters*, 268 U.S. 510 (1925). In such cases, a court may properly hear a dispute if there is no reasonable likelihood that further factual development would "significantly advance [the Court's] ability to deal with the legal issues presented." *Nat'l Park Hospitality Assoc. v. Dep't of the Interior*, 538 U.S. 803, 812 (2003).

The SEC asserts that Defendant's motion is "plainly not ripe because it depends upon a contingent future event," namely "a monetary judgment in another case that may or may not be imposed." (SEC's Mem. at 2.) The SEC further argues that "whether an offset could even be arguably appropriate would necessarily depend on factors that have yet to be determined, such as exactly how the judgment was styled, whether the judgment in that case does, in fact, recompensate the same victims for the same conduct, etc." (*Id.* at 2-3 (citing *SEC v. Penn Central Co.*, 425 F. Supp. 593, 599 (E.D. Pa. 1976)).)

2

Defendant maintains that the doctrine of ripeness "actually totally supports the Defendant's position as both forms of ripeness, Constitutional Ripeness and Prudential Ripeness (sic) are present here." (Def.'s Reply [Doc. # 1384] at 2.) Defendant argues that since the New York Supreme Court has already rendered a default judgment against him that there is therefore an "actual or imminent" injury that is "not conjectural or hypothetical." (*Id.*)  He contends that "[t]he factual issue of the amount of judgment that will be assessed in the NMR case is not determinative of the legal issue that such amount *must* be offset against the disgorgement in this case." (*Id.* at 3.)

The Court agrees with the SEC and finds this motion to be premature. Defendant's motion specifically requests a reduction of disgorgement by the amount rendered against him in the NMR Case only "if so determined." Damages in the NMR Case have been reserved for trial and the trial has not yet taken place. (NMR.'s Mem. in Opp. at 3.) Although Defendant insists that the actual amount of damages awarded will have no impact on the legal dispute, this is not true. It is possible, as Defendant acknowledges, that the New York Supreme Court could award no damages to NMR in its lawsuit. In such a case, Defendant's motion would be moot. Further factual development in the NMR Case could therefore have a substantial impact on the Court's resolution of the legal issues, and the motion is thus not ripe for judicial resolution.

**III.     Conclusion**

For the reasons set forth above, Defendant's Motion to Reduce the Disgorgement [Doc. # 1325] is DENIED as premature, without prejudice to renew.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 5th day of November 2020.