UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>December 11, 2020 |

## RULING DENYING DEFENDANT'S MOTION FOR SANCTIONS ON OAK'S COUNSEL, DAVID KEITH MOMBORQUETTE, PARTNER AT MCDERMOTT WILL & EMERY, AND DENYING DAVID K. MOMBORQUETTE'S CROSS-MOTION TO STRIKE

Defendant moves for the Court to sanction Attorney David Keith Momborquette, counsel for Oak Management, for his "unethical conduct unbecoming of his profession and in violation of ethics guidelines of the American Bar Association (ABA)." (Def.'s Mot. for Sanctions on Oak's Counsel [Doc. # 1314] at 1.) The basis of Attorney Momborquette's allegedly unethical behavior is Defendant's claim that Momborquette

> called [Defendant's counsel] at ungodly hours of the night time in India to suit his own convenience with no regard to the time differences between India and the United States and he threatened [Defendant's counsel] with consequences for "unethical conduct." Mr. Momborquette alleged on the call that [Defendant's counsel] does not own his own domain and that he has "created multiple fake email accounts" to aid the Defendant.

(*Id.* at 2.) Attorney Momborquette denies these allegations and requests that the Court strike Defendant's motion from the docket as it "contains unsubstantiated, scandalous, and immaterial assertions" that may be harmful to his professional reputation. (David K. Momborquette's Cross-Mot. to Strike Def.'s Mot. for Sanctions [Doc. # 1348] at 1.) For the following reasons, both motions are denied.

Under Federal Rule of Civil Procedure 11(c), the Court may sanction attorneys who violate Rule 11(b), requiring attorneys to present only those pleadings, written motions, or other paper that "(1) [are] not presented for any improper purpose . . . ;(2) [are] warranted by existing law; (3) [have] evidentiary support . . . ; and (4) [which only] den[y] factual contentions [that] are warranted [by] the evidence." Fed. R. Civ. P. 11. Rule 11 sanctions are intended "to deter baseless filings in district court and thus streamline the administration and procedure of federal courts," not to monitor the behavior of attorneys in their dealings with one another.[1] *Schiel v. Stop & Shop Companies, Inc.*, No. 3:96CV1742 WWE, 2007 WL 735786, at *1 (D. Conn. Mar. 2, 2007). Thus, as the Court may only sanction improper pleadings, written motions, or "other paper," and Defendant does not allege that Attorney Momborquette filed any such papers, Defendant's request for sanctions is denied.

Moreover, Defendant has offered no evidence to support his claims. He fails to identify the date or time of the alleged phone call, produces no phone records demonstrating that such a call was actually received, and offers no affidavit from the allegedly offended counsel attesting to the existence and substance of the call. Defendant also suggests, without any evidentiary support, that Mr. Momborquette is responsible for "sen[ding] goons to the residence of [his] widowed mother [] to harass her." (Def.'s Mot. at 3.) Without persuasive proof, the Court will not credit this seemingly preposterous claim.

---

[1] State bar associations are responsible for disciplining attorneys for their interpersonal misdeeds. *See Miller v. Sutton*, No. 3:15-CV-1111 (MPS), 2016 WL 3976540, at *12 (D. Conn. July 21, 2016), *aff'd*, 697 F. App'x 27 (2d Cir. 2017) (abstaining from intervening in disciplinary proceedings because "[a]ttorney discipline proceedings are state civil proceedings that are akin to criminal prosecutions").

The Court now turns to Attorney Momborquette's cross-motion to strike or, in the alternative, seal Defendant's motion. Federal Rule of Civil Procedure 12(f) gives the district court power to strike "redundant, immaterial, impertinent, or scandalous matter" from pleadings. Fed. R. Civ. P. 12(f). "Pleadings" are defined as complaints, answers, and reply briefs. Fed. R. Civ. P. 7. Requests for sanctions fall into the category of "motions and other papers," *id.*, and are therefore not included within the scope of Rule 12(f), *see Ricci v. Destefano,* No. 3:04-CV-1109(JBA), 2006 WL 2666081, at *1 (D. Conn. Sept. 15, 2006) ("[M]otions to strike are only appropriately directed to *pleadings*."); *Britt v. Elm City Cmtys.*, No. 3:17-CV-02159 (JCH), 2018 WL 3574866, at *1 (D. Conn. July 24, 2018) (denying a motion to strike an objection to a motion because the objection was not a pleading). While Mr. Momborquette suggests that a district court's inherent power to manage its docket includes the ability to "strike any filed paper which it determines to be abusive or otherwise improper," *Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, No. 09-CIV-2669 (LAP), 2015 WL 4757601, at *3 (S.D.N.Y. Aug. 12, 2015), this Court will be guided by precedent in the District of Connecticut that motions to strike are generally disfavored, even when appropriately applied to the pleadings of a case. *See Britt*, 2018 WL 3574866, at *1 ("[M]otions to strike are not favored.") (quoting *IMG Fragrance Brands, LLC v. Houbigant, Inc.*, No. 09-CIV-3655 (LAP), 2009 WL 5088750, at *1 (S.D.N.Y. Dec. 18, 2009)); *D'Alosio v. EDAC Techs. Corp.,* No. 16-CV-769 (VAB), 2017 WL 1439663, at *2 (D. Conn. Apr. 21, 2017) ("Motions to strike under Rule 12(f) are generally disfavored.") (internal quotation omitted); *Cummings v. Bradley*, No. 3:11-CV-00751 (AVC), 2013 WL 1149985, at *1 (D. Conn. Mar. 19, 2013) ("Such motions [to strike] are disfavored."). Mr. Momborquette's motion to strike is denied.

While recognizing the disparaging nature of Defendant's allegations, the Court further notes that, in order to preserve the integrity of the courts and public confidence in the judicial process, "docket sheets enjoy a presumption of openness," which is only

"rebuttable upon demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 95-96 (2d Cir. 2004); *see also Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009) (noting that documents pertaining to "personal privacy, public safety, or a business's proprietary information" may justifiably be placed under seal.) To successfully rebut the presumption of openness, the movant must "identify the specific prejudice or oppression that will be caused by disclosure, . . . [including] the degree to which the subject matter is traditionally considered private rather than public." *Sardarian v. Fed. Emergency Mgmt. Agency*, No. 3:19-CV-910 (CSH), 2019 WL 8331444, at *3 (D. Conn. Sept. 16, 2019), *reconsideration denied*, No. 3:19-CV-910 (CSH), 2019 WL 5417778 (D. Conn. Oct. 23, 2019) (internal quotations omitted). While Mr. Momborquette's concerns about reputational harm may be valid, his argument that these allegations will necessarily result in specific oppression is unsubstantiated, particularly considering the incredulity of Defendant's claims. Additionally, Mr. Momborquette does not allege a privacy interest in any information revealed in Defendant's motion. Thus, in light of the strong presumption of openness afforded to the court's docket and lacking the identification of a specific, identifiable harm, Mr. Momborquette's cross-motion to seal is also denied.

For the foregoing reasons, Defendant's motion for sanctions [Doc. # 1314] and Mr. Momborquette's cross-motion to strike [Doc. # 1348] are DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 11th day of December 2020.