UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>January 22, 2021 |

**ORDER DIRECTING PAYMENT OF FEES TO RELIEF DEFENDANTS' COUNSEL AND DENYING MURTHA CULLINA'S MOTION TO WITHDRAW**

Relief Defendants request that the Court modify the Asset Freeze Order to release funds to compensate their counsel for fees incurred from June 2019 to October 2020.

On January 29, 2020, the Court ordered payment of $155,000 in attorneys' fees to Murtha Cullina as counsel for Relief Defendants. (Order Granting Fees [Doc. # 1424].) In its Order, the Court stated that although it would not "issue any funds for a retainer as requested by MC," it would "consider a motion for fees incurred since May 2019" at the rate of $31,000 per month, the estimated reasonable amount anticipated to be available from the Relief Defendants' apartments' rental income. (*Id.* at 6.) Pursuant to this Order, Relief Defendants have filed five motions for attorneys' fees to compensate Murtha Cullina for work it has performed on their behalf. Relief Defendants seek attorneys' fees in the amounts of $248,000 for work from June 2019 to January 2020 (though $80,608.74 of the requested money

actually represents work done prior to June 2019) [Doc. # 1484], $62,000 for work from February 2020 to March 2020 [Doc. # 1536], $62,000 for work from April 2020 to May 2020 [Doc. # 1592], $62,000 for work from June 2020 to July 2020 [Doc. # 1607], and $55,546 for work from August 2020 to October 2020 [Doc. # 1669], bringing the total requested compensation from June 2019 to October 2020 to $489,545.50.

The Securities and Exchange Commission (SEC) objects to each motion for fees because it maintains that the judgment should be secured before Relief Defendants are permitted to access frozen funds. ([Docs. ## 1488, 1545, 1610, 1624, 1677].) The Receiver objects in part to Relief Defendants' motion for June 2019 to January 2020, taking no position as to $167,391.26 that represents fees incurred from June 2019 to January 2020, but objecting to payment of $80,608.74 that represents outstanding fees that predated this relevant billing period, pointing to the Order which only permitted compensation for work subsequent to May 2019. ([Doc. # 1515].) The Receiver also objects to Murtha Cullina's requests of $62,000 to pay for $61,618.37 in fees and expenses incurred in February and March 2020 [Doc. # 1544] and $62,000 to pay for $61,524.90 in fees and expenses incurred in April and May 2020 [Doc. # 1609]. Noting that one of the two apartments has remained vacant since May 2019 and therefore has not produced the expected income, the Receiver also objects to Relief Defendants' motions for fees spanning from February 2020 to October 2020 on the grounds that there are no frozen assets truly in excess of the judgment.[1] ([Docs. ## 1544, 1609, 1623, 1676].)

The Receiver's objections to compensating Murtha Cullina for fees incurred outside the relevant fee periods are well-taken. The Order Granting Fees states that the Court "will consider a motion for fees incurred *since* May 2019 at that monthly rate [of $31,000]." (Order Granting Fees at 6 (emphasis added).) The Court therefore will not reconsider its order

---

[1] Since no party has contested the reasonableness of the fees sought, the Court has not engaged in an independent analysis of Murtha Cullina's fee requests.

declining to award $80,608.74 for work performed before May 2019. (*See id.*) Further, the Court will not award Murtha Cullina the $381.63 and $475.10 it requested in excess of the work it actually performed from February to March 2020 and from April to May 2020, respectively.

The Court has also considered the Receiver's and the SEC's positions that no frozen funds should be released until the judgment is secured but concludes that Murtha Cullina would be substantially harmed by refusal to award fees for work already performed when compensation of $31,000 per month was reasonably expected. However, the Court will not entertain any further requests for Relief Defendants' district court legal fees until liquidation is completed since Murtha Cullina has been substantially compensated for its work and little remains to be done while awaiting decisions by the Second Circuit.

Accordingly, the Court GRANTS IN PART Relief Defendants' request for fees spanning from June 2019 to October 2020 [Docs. ## 1484, 1536, 1592, 1607, 1669] in the amount of $408,081.03. Since Murtha Cullina will have been compensated for the majority of its work on behalf of Relief Defendants', its motion to withdraw due to lack of payment [Doc. # 1619] is DENIED. The Receiver is directed to promptly effectuate payment.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 22nd day of January 2021.