UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED<br><br>Defendant, and<br>and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents; I.I. 3, a minor child, by and through his next friends, IFTIKAR and SHALINI AHMED, his parents<br><br>Relief Defendants. | Civil Action No.<br>3:15-cv-675-JBA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>January 27, 2021 |

**MOTION FOR ADVICE CONCERNING SOURCING OF FUNDS
FOR PAYMENT TO MURTHA CULLINA LLP**

Jed Horwitt, Esq., in his capacity as Court-appointed receiver of the Receivership Estate[1] (the "Receiver"), through his undersigned counsel, hereby respectfully requests the advice of the Court (the "Motion for Advice") regarding the source of funds the Receiver should use to effectuate the payment ordered by the Court in its Order Directing Payment of Fees to Relief Defendants' Counsel and Denying Murtha Cullina's Motion to Withdraw [Doc. No. 1740] (the

---

[1] Unless expressly defined otherwise, the Receiver incorporates by reference the definitions of terms set forth in the Report of Receiver [Doc. No. 1130] (the "Report").

1

"Payment Order"). In support thereof, the Receiver states as follows.

## I. Background

In the Payment Order, the Court ordered the Receiver to pay the Relief Defendants' counsel Murtha Cullina LLP ("Murtha") $408,081.03 (the "Murtha Payment"). (Payment Order, at 3). The Relief Defendants' motions seeking payment to Murtha did not brief the issue of which Receivership Asset should be used to make the Murtha Payment and the Payment Order does not address that issue. As the Receiver interprets the Payment Order, it did not grant the Receiver discretion to select which Receivership Assets should be used to effectuate the Murtha Payment. Similarly, the Receiver does not interpret the Court's Appointment Order to give him general discretion to select which Receivership Assets should be used to effectuate payments that, like the Murtha Payment, are not directly for the benefit of the Receivership Estate. (*See* Appointment Order, at 7 (allowing the Receiver "[t]o use property of the Receivership Estate for the benefit of the Receivership Estate, making payments and disbursements and incurring expenses as may necessary or advisable in the ordinary course of business in discharging his duties as Receiver")).

## II. The Receiver's Discussions with the Parties-in-Interest

In the absence of explicit discretionary authority or a directive from the Court as to which Receivership Asset should be used for the Murtha Payment, the Receiver endeavored to identify a Receivership Asset that the Commission, the Defendant, and the Relief Defendants all agreed could be used to make the Murtha Payment.[2] Unfortunately, despite the Receiver's best efforts and

---

[2] The Receiver also engaged in these discussions to avoid the expense and burden associated with the motion practice that has followed the Receiver's previous selection of assets, when the Court had explicitly granted the Receiver discretionary authority. (*See* Relief Defendants' Opposition to the Receiver's Use of the Family Trust Funds [Doc. No. 1687] (objecting to the Receiver's selection of the TD Ameritrade x7686 account "for the payment of the replacement of the well pumping system at 505 North Street" and "reserve[ing] all rights to seek compensation for damages caused by the Receiver's action").

following multiple discussions and correspondence with the parties-in-interest beginning the morning of January 25, the Commission, the Defendant, and the Relief Defendants could not agree on which Receivership Assets should be used to make the Murtha Payment.

### III. The Receiver Seeks the Court's Advice

Therefore, the Receiver seeks the Court's advice concerning the specific asset that the Receiver should use to effectuate the Murtha Payment. To the extent the Court intended the Receiver to have discretionary authority to select a Receivership Asset for this purpose, upon the entry of an order confirming such authority the Receiver will promptly select a Receivership Asset and make the Murtha Payment, utilizing the discretion granted to him in a manner that is equitable, consistent with the Court's orders, and maintains the status quo pending liquidation and the eventual closure of the Receivership Estate, as determined in his reasonable discretion. To the extent the Court desires to hear the respective positions of the Commission, the Defendant, and the Relief Defendants on this issue, the Receiver respectfully submits that such positions would best be articulated to the Court by the parties themselves (to avoid any miscommunication, inadvertent misarticulation of the parties' positions, or disclosure of confidential settlement discussion by the Receiver) and therefore suggests that the Court set a briefing schedule.

> Respectfully submitted,
> JED HORWITT, ESQ., RECEIVER
>
> */s/ Christopher H. Blau*
> Stephen M. Kindseth (ct14640)
> Christopher H. Blau (ct30120)
> Zeisler & Zeisler, P.C.
> 10 Middle Street, 15th Floor
> Bridgeport, CT  06604
> Telephone: 203-368-4234
> Email: skindseth@zeislaw.com;
> cblau@zeislaw.com
> *Counsel to the Receiver*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 27, 2021, a copy of the foregoing Motion for Advice was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Furthermore, a copy of the foregoing was sent via email to the Defendant, Iftikar A. Ahmed, at iftyahmed@icloud.com and i3siam@protonmail.com.

                                          */s/ Christopher H. Blau*
                                          Christopher H. Blau (ct30120)