UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>February 24, 2021 |

**RULING DENYING DEFENDANT'S MOTION TO HOLD THE SEC IN CONTEMPT**

Defendant moves this Court to hold the Securities and Exchange Committee (SEC) in contempt for allegedly violating the "stay of litigation" portion of the Order Appointing Receiver (Order). (Def.'s Mem. in Supp. of Def.'s Mot. to Find and Sanction the SEC for Contempt of Court Order [Doc. # 1139] at 6-7.) In that Order, the Court imposed a stay of litigation on "the following civil proceedings, excluding the instant enforcement action including appeals, and related actions of the SEC," and listed the types of proceedings that should be stayed. (Order Appointing Receiver [Doc. # 1070] at 13.) Defendant argues that continued discovery in the enforcement action brought against him in the U.S. District Court for the District of Massachusetts, *SEC v. Kanodia, et al.*, No. 1:15-cv-13042-ADB (D. Mass.) ("Massachusetts Case"), violates that stay and requests that this Court sanction the SEC for its continued action in that case. (Def.'s Mem. at 6-7.) The SEC opposes ([Doc.

Draft EYES_Feb24

#1153]), and the Receiver "does not view the Commission's actions with respect to [the Massachusetts Case] as in any way violative of the Order [], let alone contemptuous." (Statement of Receiver's Position Regarding Def.'s Mot. [Doc. # 1156] at 2.)[1] This Court agrees.

The Massachusetts Case was filed on April 2, 2015, followed by the filing of this enforcement action, also brought by the SEC, on May 6, 2015, and seeks redress for unlawful securities transactions. The Court's reference to "related actions of the SEC" covered other SEC cases, like the Massachusetts Case, that were ongoing at the time of the Order.

> As set forth below, the following civil proceedings, excluding the instant enforcement action including appeals, and related actions of the SEC are stayed until further Order of this Court:
>
> > All civil legal proceedings or any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature . . . (such proceedings are hereinafter referred to as "Ancillary Proceedings")

(Order at 13.) Ahmed claims that the absence of a comma after "the SEC" requires a contrary interpretation. (Def.'s Mem. at 6-7.) His analysis is misplaced.

Defendant has already tried, and failed, to stay the Massachusetts Case in accordance with his flawed interpretation of this Court's Order. (*See* Pl.'s Notice of Asset Freeze and Expected Appoint of Receiver in *SEC v. Kanodia, et al.* [Doc. # 1138] ¶ 3 n.2.) Following argument on Defendant's motion to stay, Judge Burroughs reasoned,

> The way I read this is that it says, "The following civil proceedings", and then it's a list of civil proceedings that follow a colon. So I think anything before the colon is meant to be excluded. I'm going to take that to mean that the instant enforcement action and related actions of the SEC are excluded.

---

[1] The Receiver states that the "asset freeze proposed in the [Massachusetts] Case would be subject and subordinate in payment and priority" to liquidation in this case, and thus will not impact the ability of the Receiver to satisfy the judgment of the Court from the Receivership Estate. (*Id.* at 2 (internal quotation omitted).)

Draft EYES_Feb24

(Ex. A to Pl.'s Opposition to Def.'s Mot. [Doc. # 1153-1] at 8.) Judge Burroughs correctly construed this Order. Inasmuch as the Court's enforcement order does not enumerate the Massachusetts Case as one to be stayed, the SEC's continuation with the Massachusetts case does not violate any extant Court order, and Defendant's motion for contempt fails. (*See* Statement of Receiver at 2.)

For the foregoing reasons, Defendant's motion to hold the SEC in contempt [Doc. # 1139] is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 24th day of February 2021.