UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>March 9, 2021 |

**RULING GRANTING IN PART AND DENYING IN PART RELIEF DEFENDANTS' MOTION TO STRIKE OR OTHERWISE DISREGARD OAK MANAGEMENT'S NOTICE**

Relief Defendants move to strike or otherwise disregard non-party Oak Management's (Oak) response [Doc. # 1432] to the Receiver's Notice [Doc. # 1412] because Oak, as a non-party, has no standing to file motions or documents in this case. (Relief Defs.' Mot. to Strike [Doc. # 1451] at 1.)[1] Oak Management argues that it properly filed the contested notice in response to the Court's invitation that "any response to the Receiver's notice" be filed by a certain date. (Oak's Mem. in Opp. [Doc. # 1504] at 1-2.) Neither the Receiver nor Defendant commented on this motion.

---

[1] Relief Defendants also argue that Oak's Notice attempts to improperly assert control over Relief Defendants' assets. (*Id.*) As Oak's filing was in response to a notice by the Receiver, who controls only the frozen assets of Defendant, this argument is unpersuasive and is rejected by the Court.

On January 17, 2020, the Receiver issued a notice to the Court describing the unauthorized trading of stocks that had been frozen with the Receivership Estate, which it believed to have been conducted by Defendant and to have occurred in direct violation of the Order of the Court.  (Notice of Receiver [Doc. #1412] at 8-9.) The Receiver did not request specific action from the Court, but rather "solicit[ed] any guidance this Court deems appropriate to provide" on behalf of "all parties-in-interest."  The Court directed that "[a]ny responses to the Receiver's Notice Regarding Defendant's Apparent Failure to Comply with Appointment Order 1412 shall be filed by Friday, January 31, 2020." (Order [Doc. # 1414].) In addition to each party responding to the Receiver's Notice, Oak, the non-party former employer of Defendant who was defrauded by Defendant, filed its response [Doc. # 1432] on January 31, 2020. Relief Defendants moved to strike this notice by Oak on February 5, 2020 [Doc. # 1451].

While the Court acknowledged the Receiver's notice, it did not take any action against Defendant.  Oak's Notice thus has been of no effect in this litigation. The motion to strike appears to be an effort to keep the docket free from comments by non-parties, even ones as directly impacted by the litigation as Oak.

The Federal Rules of Civil Procedure contemplate that only those designated as parties may file motions and pleadings. *See* Fed. R. Civ. P. 7. Where the non-party's filing is not a motion, but simply a document to be viewed by the Court, there is little case law available to guide this Court's decision. *See DRFP, LLC v. Republica Bolivariana de Venezuela*, No. 2:04-CV-793, 2012 WL 995288, at *2 (S.D. Ohio Mar. 22, 2012) ("[T]here is little precedent which deals with the issue of when a non-party may properly file some document with the Court."). Because the Rules presume that only parties will file

documents, the non-party may be required to demonstrate why an exception is necessary to permit its filing.[2] Oak did not attempt to make such a showing here.

However, "[w]hether to grant or deny a motion to strike is vested in the trial court's sound discretion" and is only granted where the pleading will result in prejudice to the nonmoving party. *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 15-16 (D. Conn. 2013); *see also MC1 Healthcare, Inc. v. United Health Grp., Inc.,* No. 3:17-CV-01909 (KAD), 2019 WL 2015949, at *11 (D. Conn. May 7, 2019). Relief Defendants have made no attempt to demonstrate how Oak's Notice prejudices or otherwise impacts their interests in the proceedings. Accordingly, the Court will not strike Oak's Notice but will disregard it. Thus, Relief Defendants' Motion [Doc. # 1432] is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 9th day of March 2021.

---

[2] *See id.* ("[T]here should be some presumption that, absent a specific reason to permit it, filings by non-parties have no place in litigation and ought not to be made. It is not unreasonable to place the burden on the non-party to show why its filing is proper or serves some proper purpose that cannot legitimately be accomplished apart from the unusual step of filing a document in a case to which it is not a party.").