UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

———————————————————————————

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 3:15cv675 (JBA) |
| IFTIKAR AHMED, | ) ) ) | |
| Defendant, and | ) ) | |
| IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Relief Defendants. | ) ) | |

———————————————————————————

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S
CONSOLIDATED (1) MOTION TO UNSEAL ITS MOTION [DOC. # 1795] TO
PRECLUDE FURTHER AFFIDAVITS FROM DEFENDANT IFTIKAR AHMED AND
(2) OPPOSITION TO AHMED'S MOTION [DOC. # 1793] TO SEAL**

Plaintiff United States Securities and Exchange Commission ("SEC") hereby (1) moves

to unseal its previously filed [Doc. # 1795] motion to preclude Defendant Iftikar Ahmed from

submitting further affidavits in this matter and objection to all pending motions for the release of

funds for attorneys' fees ("Motion"), and (2) opposes Ahmed's request [Doc. # 1793] that

information redacted from his motion for the release of funds for appellate attorneys' fees remain

under seal. *See* Doc. #1791-2 at 5.

Previously, Defendant Ahmed moved [Doc. # 1791 ("Appellate Fee Request")] for the release of funds for appellate attorney fees, but redacted certain information from an exhibit filed in support of his request. Ahmed then filed [Doc. # 1793] a motion requesting that the redacted information remain sealed. The SEC filed [Doc. # 1795] its Motion – referencing the same information that Ahmed redacted from his Appellate Fee Request – but filed it under seal at the request of Defendant Iftikar Ahmed. Because the bulk of the information Ahmed seeks to have sealed is publicly available, and because there is no valid basis for the remainder of the information to be sealed, the Court should unseal the SEC's Motion and deny Ahmed's request to seal this same information.

## BACKGROUND

On February 26, 2021, in response to an email from Ahmed's appellate counsel asking for the SEC's position on an anticipated motion for the release of funds, the SEC notified Ahmed's appellate counsel that the SEC had obtained evidence that Ahmed was working in India for ███████████ and was filing false affidavits with this Court swearing he was unable to obtain employment or earn money.

On March 1, 2021, Ahmed's appellate counsel provided to the SEC – with Ahmed's permission – two emails written by Ahmed. *See* Docs. ## 1795-3; 1795-4. In one of those emails, Ahmed admitted that he was working at "███████," claimed it was "majority owned by a friend of [his], ████," and ████████████████████ ████████████████████ ████████████████████ Along with these emails, Ahmed's appellate counsel included a request that the SEC not object to future requests for the release of funds to pay attorneys' fees.

On March 3, 2021, the SEC notified Ahmed's appellate counsel that it had an obligation to bring Ahmed's misstatements to the Court's attention and that it would object to any further request for attorneys' fees made pursuant to the Court's earlier Order [Doc. # 1405] that conditioned the release of money on certain requirements.

Between March 3 and March 11, 2021, the SEC delayed filing its Motion because of multiple requests from Ahmed's appellate counsel to redact and seal certain information – namely "the company name, company-identifying information, the name of the individual, and the last line of his email" – and to "confer" with him on the issue if the SEC was unwilling to redact or seal the information at issue. After Ahmed's appellate counsel filed [Doc. # 1791-3] his "affirmation," while these conferrals were ongoing, the SEC notified him that the SEC would not delay its Motion any further, but agreed to await filing until he had a chance to speak with Ahmed given the time difference between India and the United States.

On March 11, 2021, after several back-and-forth emails between the SEC, Ahmed's appellate counsel, and Ahmed, the SEC understood it was being asked to file its brief and supporting exhibits under seal, and was told this request was coming from Ahmed and not his appellate counsel. However, as the SEC was filing its brief under seal, Ahmed emailed undersigned counsel and clarified that he was asking that only certain information be redacted:

> I request that everything pertaining to the identity of the company (name, certain ID numbers, addresses, names of other directors or individuals, or any other company specific identifiers that / who can be traced back to the company) and the other individuals (names, addresses and any ID numbers that can be traced back to them or the company) be filed in ***redacted form*** as I am no longer associated or affiliated with the company; further they are all disinterested and unrelated parties and they all stand to suffer harm and prejudice in the event that their names or identities are revealed.

Because Ahmed has now requested that the information at issue only be redacted from the SEC's filing, the SEC attaches a redacted version of its Motion and supporting exhibits in the event the Court denies the instant Motion and permits the information at issue to remain inaccessible to the public. *See* Exs. A-G.

## ARGUMENT

As this Court previously explained, any order to seal must include "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to support those reasons." Doc. # 706 at 2 (citing D. Conn. L. Civ. R. 5(e)3). *See also Video Software Dealers Assoc, v. Orion Pictures, Corp*, 21 F.3d 24, 26 (2d Cir. 1994) ("[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance of compelling need").

"In order for a document to be properly sealed, the Court must determine the weight of the presumption of public access to that document and balance against it any competing considerations, such as the privacy interests of those resisting disclosure." *Id*. (citing *United States v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995)). "Generally, documents filed in relation to a motion 'are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment.'" *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 412 (S.D.N.Y. 2014) (quoting *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 126 (2d Cir.2006). "'[M]atters that directly affect an adjudication' carry a particularly heavy presumption of public access." Doc. # 1597 at 8 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Therefore, 'documents that the judge *should* have relied upon' and 'those that actually entered into the judge's decision' in adjudicating the parties' motions carry a heavy presumption of public access." *Id*. at (quoting *Lugosch v. Pyramid Co. of*

4

*Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006)) (emphasis in original). This presumption of access "cannot be overcome absent the most compelling reasons," *Principal Nat. Life Ins. Co. v. Coassin*, 13-cv-1520 JBA, 2015 WL 3466111, at *1 (D. Conn. June 1, 2015), and "can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 412 (S.D.N.Y. 2014).

The moving party bears "[t]he burden of demonstrating that a document submitted to a court should be sealed[.]" *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). *See also Principal Nat. Life Ins. Co. v. Coassin,* 13-cv-1520 JBA, 2015 WL 3466111, at *1 (D. Conn. June 1, 2015) (recognizing the burden is on the party "resisting disclosure").

"In evaluating a motion to seal, 'a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need.'" Doc. # 706 at 2 (quoting *Video Software Dealers Assoc. v. Orion Pictures, Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 27 (2d Cir. 1994)). Here, the SEC has been unable to identify any extraordinary circumstance or compelling needs that justify keeping the information at issue under seal.

### A.  **The Company Name**

There is no valid basis to keep the name of the company and similar identifying information under seal because both the existence of the company and its association with Ahmed are a matter of public record. Moreover, it would be inappropriate to seal information concerning Ahmed's employment with the company because that information bears directly on the SEC's Motion and the SEC's opposition to Ahmed's Appellate Fee Request.

In support of its Motion, the SEC exhibited a publicly available document it obtained from India's Ministry of Corporate Affairs' website showing ███████████ is a public company in India and that Ahmed has been listed as a Director of that company since October 8, 2020. *See* Doc. # 1795-5. The website did not require any barrier to access the information aside from a "captcha."[1] Thus, it is unclear what compelling need could justify keeping this information private on the Court's docket when that same information has been freely available to the public on India's Ministry of Corporate Affairs' website, presumably since October 8, 2020 .

Ahmed's claim that ██████ should be redacted because the Court permitted certain Oak portfolio companies to be referred to as "Company A, Company B, etc." when the companies were purportedly "listed publicly in Oak's own website (www.oakvc.com)..." is unavailing. Doc. # 1793 at 3. Putting aside that undersigned counsel was unable to find the names of each portfolio company on Oak's website, it was not within the public domain which portfolio companies were touched by Ahmed's fraud. Whereas here, the very information that Ahmed seeks to seal – that he worked for ██████ as a Director – is already in the public domain and therefore no harm can come from unsealing his information.[2]

---

[1] A "captcha" is a computer program designed to recognize the difference between human users and machines, typically to thwart spam and automated extraction of data from websites, which often shows letters or numbers with their shape changed slightly.

[2] Ahmed's claim that "the substantial harassment that the Defendant, his family (including Ms. Ahmed, a Relief Defendant in this matter) and his friends have experienced during the pendency of this case supports redacting the names of the company and Defendant's friend" is unpersuasive. Doc. # 1793 at 3. Putting aside the absurdity of Ahmed's claims, he provides no explanation how a public company could suffer "harassment" such that it would be appropriate for its name to remain under seal, especially when Ahmed's association with the company is already within the public domain.

6

Moreover, contrary to Ahmed's claims, the name of the company where he is employed bears directly on both the SEC's Motion and its opposition to Ahmed's Appellate fee request. The SEC moved to preclude further affidavits from Ahmed after it obtained evidence that Ahmed was working at ▮▮▮▮. Ahmed then *admitted* to working for this company, but attempted to minimize his employment claiming it was as an "*ad hoc* arrangement[]" that was "non-binding and non-contractual." Doc. # 1791-2 at 1. However, this is inconsistent with public information on the India's Ministry of Corporate Affairs' website that lists him as a Director since October of 2020. *See* Doc. # 1795-5. Moreover, because the LinkedIn profile under the name "▮▮▮▮" represents that individual to be a "Managing Director" for "▮▮▮▮," Doc. # 1795-1, the name of the company is necessary to further corroborate that ▮▮▮▮ is simply an alias of Ahmed.

Furthermore, because this Court's docket is replete with representations from Ahmed claiming to be unable to work in India – a claim he has presumably made to other judicial officers – it would be inappropriate to seal information evidencing that his claims are false. The fact that Ahmed worked in India for an Indian public company and was publicly listed as a Director of that company on India's own Ministry of Corporate Affairs' website suggests Ahmed's claims to be unable to work or earn money are not accurate. *See*, *e.g.*, Doc. # 1102 at 3 ("…Defendant is not currently working and does not have any income. Indeed being an illegal alien in India, the Defendant is unable to work and earn any income at the moment. . . . An undocumented alien in a foreign country, and one under criminal investigation at that, just cannot find employment or start a business in that country").

Lastly, though Ahmed claims that certain prejudice will result if the parties' filings and exhibits discussing his work for ▮▮▮▮ are unsealed, he does not explain what prejudice

will result or even how it could result given his role as Director has long been publicly available. In short, Ahmed does not come close to meeting his burden to have this information remain under seal.

**B.  The Individual's Name**

The SEC takes no position on Ahmed's request to seal the name of  with respect to Ahmed's email, but there is no reason to redact the document listing ▉▉ as a Director of ▉▉▉▉ as that document is also publicly available.

Undersigned counsel has endeavored not to unnecessarily include the names of individuals in public filings. Here, the SEC did not mention ▉▉▉▉ in its brief, but his name appears in two places: Ahmed's email and the document obtained from the India's Ministry of Corporate Affairs' website, where he is listed as Director of the company alongside Ahmed. *See* Docs. ## 1795-3 & 1795-5. Because this latter document is already within the public domain, there is no reason to seal information within that document on the Court's docket.

**C.  The Last Sentence of Ahmed's Email**

The SEC acknowledges the  ▉▉▉▉ However, because this statement – which was unquestionably a threat leveled at the SEC – is relevant to the issues before the Court, and because the Court should consider this threat in adjudicating the SEC's Motion, the SEC has found no case law supporting Ahmed's request to keep this information under seal.

After the SEC confronted Ahmed – through his appellate counsel – about his employment with ▉▉▉▉, Ahmed sent an email to his counsel that was relayed to the SEC. The last sentence of that email states  Doc. # 1795-3. A plain reading of his email

makes clear that Ahmed threatened the SEC not to disclose to the Court his employment and/or object to future requests for his appellate attorneys' fees or else ███████████████ .

     In his motion to seal, Ahmed claims that this statement "is not relevant to the issues in dispute and therefore, there is no presumption of public access." Doc. # 1793 at 1. Ahmed then goes on to state that the information should be redacted "in order to save his family from any distress given the unreasonable position of the SEC as well as the consequences that would ensue should the Defendant be left with no shelter and no food to eat." *Id*. at n.1. Neither claim justifies keeping this information from the public.

     <u>First</u>, Ahmed's statement, which threatens the SEC not to ████████████████ ████████████████████ , is evidence supporting the SEC's allegations that he was employed and earning income, but filing false affidavits stating the opposite. Though Ahmed now claims there was an innocent misunderstanding because he did not believe the money he earned at ███ in exchange for his services qualified as "income" or "salary" because of his "*ad hoc* arrangements," Doc. # 1791-2 at 2, this is contradicted by his warning to the SEC not to ████████████ . Put simply, if Ahmed believed his prior affidavits were accurate, there would be no reason to attempt to pressure the SEC into not disclosing facts to the Court that it believed evidenced the falsity of those affidavits. To be clear, Ahmed did attempt to exert pressure on the SEC, as his threat of suicide relates back to his earlier statements that his death would frustrate the SEC's efforts to recover money on behalf of his victims.[3] His statement is thus directly relevant to the issues before the Court, including whether Ahmed has been actively misleading the Court about his employment and income.

---



<u>Lastly</u>, Defendant argues that the Court should keep the last line of his email under seal "in order to save his family from any distress given the unreasonable position of the SEC." Doc. # 1793 at 1 n.1. Because his wife and children are parties to this action, the statement has already been made available to them.

## CONCLUSION

The Court should unseal the SEC's Motion and deny Ahmed's request to keep this same information under seal.

DATED: March 16, 2021

*s/ Mark L. Williams*
Nicholas P. Heinke
Mark L. Williams
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1027 (Williams)
HeinkeN@sec.gov
WilliamsML@sec.gov
Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I certify that on March 16, 2021, a copy of the foregoing document was emailed to

Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Paul E. Knag
Kristen L. Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(Counsel for Relief Defendants)

Christopher H. Blau
Stephen M. Kindseth
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
(Counsel for Receiver, Jed Horwitt, Esq.)

*s/ Nicholas P. Heinke*
Nicholas P. Heinke
