UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>March 23, 2021 |

**RULING DENYING RELIEF DEFENDANTS' EMERGENCY MOTION FOR INJUNCTION AGAINST DOJ ACTION AND RELATED MOTION FOR ATTORNEY'S FEES**

Relief Defendants move the Court "to enforce the injunction against the DOJ's action and forfeiture of the frozen assets," by intervening in the criminal case brought against Defendant Iftikar Ahmed in the District of Massachusetts (MA Case). (Relief Defs.' Emerg. Mot. for Enforcement of Injunc. [Doc. # 1327] at 3.) Relief Defendants also seek a release of $200,000 to pay attorney's fees in support of their litigation in the matter. (Relief Defs.' Emerg. Mot. for Atty's Fees re: Bail Bond Forfeiture [Doc. # 1335].) Defendant supports the motions and the United States Securities and Exchange Commission (SEC) and the Receiver oppose. (Def.'s Response [Doc. # 1355]; Pl. SEC's Obj. [Doc. # 1370]; Receiver's Obj. [Doc. # 1369].)

On November 7, 2019, the District of Massachusetts granted a declaration of bond forfeiture in the MA Case, which declared the family's home in Greenwich, Connecticut

forfeited as a result of Defendant Ahmed's failure to appear in violation of his bond agreement. *United States v. Ahmed*, 414 F. Supp. 3d 188, 189 (D. Mass. 2019). Relief Defendants argue that declaration of bond forfeiture violates the asset freeze imposed by this Court in its Preliminary Injunction [Doc. # 113], Judgment [Doc. # 1054], and Order Appointing Receiver [Doc. # 1054], all of which freeze certain assets in order to secure judgment for the SEC pending the resolution of Defendant's appeals to the Second Circuit. (Relief Defs.' Mot. at 3; *see* Ruling and Order Granting Preliminary Injunc. [Doc. # 113] at 19-21; Amended Final J. Against Def. and Relief Defs.' [Doc. # 1054] at 5-9 (listing the assets, including any real property, available for satisfaction of the Court's judgment); Order Appointing Receiver [Doc. # 1070] at 13.)

However, from the inception of this action in the District of Connecticut, the Greenwich property was never included in the asset freeze, nor in the listing of assets available to satisfy the judgment, precisely because it was already used as the security for Defendant's bond in the MA Case. (*See* Preliminary Injunc. at 14 n.4 ("Mrs. Ahmed also contends that the SEC will be able to realize $9.6 million by selling her primary residence in Greenwich [], but this property was the collateral in Mr. Ahmed's bond in the insider trading case and was forfeited when he fled the United States. . . . [T]he Court cannot be assured that [it] will be available to compensate victims at this point."); Amended J. at 5-9 (listing the Essell Farm as the only asset categorized as "Real Property" available to satisfy the judgment against Defendant).) As such, the declaration of bond forfeiture by the District of Massachusetts has no impact on either the Preliminary Injunction, Amended Final Judgment, or Order Appointment Receiver imposed by this Court. Thus, Relief Defendants' motion to enforce the injunction [Doc. # 1327] is DENIED.

Additionally, in declaring the bond forfeited, the District of Massachusetts also held that Relief Defendant Shalani Ahmed did not have the ability, under Federal Rule of Civil Procedure 24, to intervene in the criminal proceedings of her husband generally and in this

bond forfeiture specifically. *Ahmed*, 414 F. Supp. 3d at 189-90. As Relief Defendants are disallowed from involvement in that case, no release of funds to pay for attorneys in the MA case for Ms. Ahmed is necessary. Accordingly, this motion for attorney's fees [Doc. # 1335] is also DENIED.

                IT IS SO ORDERED.

                _____/s/_____

                Janet Bond Arterton, U.S.D.J.

                Dated at New Haven, Connecticut this 23rd day of March 2021.