UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    v.<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>March 23, 2021 |

**RULING DENYING RELIEF DEFENDANTS' MOTION TO IMMEDIATELY RENT TWO NYC APARTMENTS**

Relief Defendants move the Court to instruct the Receiver to immediately rent the New York City apartments to increase the value of the Receivership Estate. (Relief Def.'s Mot. [Doc. # 1220] at 1; *see also* Def.'s Reply in Supp. of Relief Def.'s Mot. [Doc. #1239].) Both the Receiver and the Securities and Exchange Commission (SEC) oppose the motion. (Receiver's Obj. [Dec. # 1237]; SEC's Response in Opp. [Doc. #1238].)

The Court instructed the Receiver:

> To manage, in consultation with qualified business advisors, and taking into consideration the wishes of Defendant and Relief Defendants, and with the dual objects of maximizing the realizable value of the assets of the Receivership Estate and minimizing the expense charged thereto, the assets of the Receivership Estate, pending further order of the Court or until such time that the Receivership Estate can be liquidated or modified, including but not limited to management of investments and rental and maintenance of real property.

(Order Appointing Receiver [Doc. #1070] at 7.) As part of the real property of the Receivership Estate, the Receiver therefore has discretion to lease the properties as long as he does so "in consultation with qualified business advisors" and "taking into consideration the wishes of Defendant and Relief Defendants." (*Id.*) In his objection, the Receiver detailed the recommendations of Stacey Froelich of the real estate brokerage firm Compass, who advised that the best way to maximize profit of the apartments was to sell them, and that renting them out while trying to sell them was likely to diminish the profitability of those sales. (*Id.*; *see also* Affidavit of Stacey Froelich, Ex. A to Receiver's Obj. [Doc. # 1237-1].)

In contrast to the reasoned analysis supplied by the Receiver, Relief Defendants failed to offer support for their claim that "the rental income more than offsets any costs to the units" or that the Receiver, in choosing to forgo leasing the apartment in accordance with the informed opinion of Stacey Froelich, a licensed New York City real estate broker, "has not followed the specific mandate of the Court" to maximize the realizable value of the estate. (Relief Def.'s Mot. at 3.) The Receiver's decision is based on his professional expertise to maximize value of the Estate's property after consulting with qualified advisors and is an appropriate and authorized exercise of the discretion granted to him by the Court.

Accordingly, Relief Defendants' motion [Doc. # 1220] is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 23rd day of March 2021.