UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>March 23, 2021 |

**RULING DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR FEES TO RETAIN COUNSEL FOR BOND FORFEITURE PROCEEDINGS**

Defendant moves the Court to reconsider its denial [Doc. # 1425] of Defendant's motion for a release of fees [Doc. # 1332] for representation at his bond forfeiture proceeding related to his pending criminal insider trading case in the District of Massachusetts, No. 1:15-cr-10131-NMG. (Def.'s Mot. for Reconsideration [Doc. # 1452].) The Court denied his motion, holding that Mr. Ahmed's bond forfeiture hearing was not a critical stage of criminal prosecution for which the Sixth Amendment right to counsel attached because it could "see no way in which these bond forfeiture proceedings could affect Defendant's right to a fair trial or to meaningfully cross-examine witnesses." (Ruling Denying Def.'s Mot. for Fees to Retain Counsel for Criminal Matter [Doc. # 1425] at 7.)

In his motion for reconsideration, Mr. Ahmed argues that bond forfeiture is a civil proceeding for which he claims to be entitled to legal representation. (Def.'s Mot. at 2-3.)

While Defendant is correct that, in the Second Circuit, "forfeiture of a bail bond functions as damages for breach of the civil contract, not as a punishment for the commission of a criminal offense," *United States v. Brooks,* 872 F.3d 78 (2d Cir. 2017), this case arises in the District of Massachusetts, which is bound by First Circuit precedent and which held the bond forfeiture proceeding to be "a criminal matter." *United States v. Ahmed*, 414 F. Supp. 3d 188, 190 (D. Mass. 2019).  This Court defers to the reasoned analysis of the District of Massachusetts in determining the criminal nature of the bond forfeiture proceeding and holds again that Mr. Ahmed's Sixth Amendment right to counsel was not triggered at this stage of the proceeding. Thus, Defendant's motion for reconsideration [Doc. # 1452] is DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 23rd day of March 2021.