UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR AHMED SOLE PROP; *et al*<br><br>Relief Defendants | Civil Action No. 3:15-cv-675 (JBA)<br><br><br><br>APRIL 04TH, 2021 |

**DEFENDANT'S REPLY TO RECEIVER'S CONSOLIDATED RESPONSE TO DEFENDANT'S MOTION TO FIND OAK IN VIOLATION OF THIS COURT'S ORDERS AND DEFENDANT'S MOTION TO FIND PLAN ADMINISTRATOR IN VIOLATION OF THIS COURT'S ORDERS**

The *pro se* Defendant respectfully files this Reply to Receiver's Consolidated Response [Doc. #1843, or the "Response"] to Defendant's Motion to Find Oak in Violation of this Court's Orders [Doc. #1785] and Defendant's Motion to Find Plan Administrator in Violation of this Court's Order [Doc. #1784].

The Defendant reserves all rights.

The Receiver yet again shows his absolute and unfounded bias against the Defendant.

*First*, it is entirety unnecessary and improper for the Receiver to state "to the extent any exists" as referring to the Defendant's "rights and defenses." [Response at 5].

It is not for the Receiver to determine that and it clearly depicts the Receiver's bias against the Defendant. The Receiver should remember that he is no judge and his arrogant pretense is at best misplaced.

1

*Second,* the Receiver himself notes that the "Court's stay of litigation as set forth in the Appointment Order is broad" [Response at 4]. Not only that, he himself agrees that the stay order enjoins "parties… **from taking any action**…" [Response at 2].

It does not matter that "the Defendant faces those claims regardless of who prosecutes them." [Response at 5]. What matters is that Oak or Tracy Klestadt, the Plan Administrator, **cannot take any action** – that is clear English. Whether that action is a "purely an administrative, ministerial type action" (as per the Receiver) [Response at 5] or something more, it is *an action* and *it falls under the provision "from taking any action" as specified in the stay of litigation order.* Just because it is Oak (and not the Defendant), the Receiver deems it a non-violation of the Court's order.

Similarly, Tracy Klestadt is expressly prohibited from assigning his alleged claims to Oak – he or she has plainly acknowledged the stay of litigation order in this case. [Doc. #1652] Assigning the alleged claims violates the provision of the Court's order that enjoins parties "*from taking any action"* related to that proceeding. The Receiver does not address this violation in any detail.

*Third,* Oak's "assumption of the Plan Administrator's claims in the SDNY Proceeding" [Response at 5] has led to motion practice in the SDNY Bankruptcy Proceeding and to a scheduled hearing on April 15, 2021. Oak has refused to adjourn the scheduled hearing, even though these issues are *subjudice* in this Court. Contrary to the Receiver's contention, the very fact that Oak moved for such relief is the start of Oak "taking any meaningful steps towards obtaining a judgment against [Defendant]" [Response at 5]. Such is a continued violation of this Court's order. The Receiver does not address this anywhere.

*Lastly,* the Receiver is mistaken that Oak's actions do "not in any way increase the Defendants' burdens or impact his rights" [Response at 5]. Oak will get the judgment of

$64.4MM[1] in this case, has an arbitration award of $57MM[2] against the Defendant, took the alleged forfeiture of at least $40MM of Defendant's earned assets[3] and yet, *now* seeks additional relief against the Defendant in the SDNY Bankruptcy Proceeding, **_all for the same underlying transactions at issue in this instant case_**.

Clearly, these excessive judgments/awards/forfeitures are a violation of the Eighth and Fourteenth Amendments[4] of the US Constitution and also impact the judgment in this case.

In addition, the "Assignment Agreement" where Tracy Klestadt assigned the claims to Oak clearly states that the transfer "provides for an assignment of any claim Plaintiff may have to any amounts expected to be distributed by the SEC obtained in connection with the satisfaction of his claims against [Defendant] pending in the United States Bankruptcy Court for the Southern District of New York and/or in the SEC Action" [Doc. #1785-3 at 4]. Clearly this impacts the judgment in this case.

**WHEREFORE**, the Court should grant the Defendant's Motions in their entirety.

Respectfully Submitted,

Dated: APRIL 04TH, 2021

/s/ Iftikar Ahmed

Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East
Kolkata 700 069, India
Tel:    +91-983-008-9945
e-mail: iftyahmed@icloud.com
*Pro Se*

---

[1] Under appeal.

[2] Not confirmed.

[3] Under appeal.

[4] The Defendant reserves the right to address further violations of his rights under, *inter alia,* other statutes or amendments.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

| | |
|---|---|
| MR. NICHOLAS P. HEINKE, *ESQ.*<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1071<br>e-mail: heinken@sec.gov | MR. MARK L. WILLIAMS, *ESQ.*<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1027<br>e-mail: williamsml@sec.gov |
| MR. PAUL E. KNAG, *ESQ.*<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5400<br>Fax: (203) 653-5444<br>e-mail: pknag@murthalaw.com | MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5406<br>Fax: (860) 240-5758<br>e-mail: kzaehringer@murthalaw.com |