## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 3:15-cv-675 (JBA) |
| IFTIKAR AHMED, | |
| Defendant, and | |
| IFTIKAR AHMED SOLE PROP; *et al* | APRIL 04TH, 2021 |
| Relief Defendants | |

## DEFENDANT'S REPLY TO NMR'S OPPOSITION TO DEFENDANT'S MOTION TO DISCLOSE TERMS OF SETTLEMENT

The *pro se* Defendant files this Reply to NMR's Opposition [Doc. #1844, or the "Opposition"] to Defendant's Motion [Doc. #1783, or the "Motion"] to Disclose Terms of Settlement The Defendant reserves all rights.

*First*, NMR does not refute or provide any reason to oppose the Defendant's demand as clearly "[the settlement] impacts the amount of damages that NMR would allegedly seek against the Defendant via the SEC judgment." [Opposition at 1].

NMR does not refute that it impacts the judgment in this case as well as impacts how much NMR would seek against the Defendant.

That alone is sufficient reason for the Court to order NMR to disclose the terms of settlement.

_Second_, NMR does not answer the Defendant's demand if Oak "used or pledged any of the Defendant's assets – whether allegedly forfeited or not – towards the settlement." [Motion at 2].

Given NMR's (and Oak's) complete silence on this point, it is highly likely reasonable to assume that the assets were used in some way in the settlement. These assets are under Second Circuit jurisdiction, are currently _subjudice_, and would impact this case.

_Third_, the legal authority to know such information is clear. The settlement amounts impact the amount NMR seeks to recover in this instant proceeding. Those amounts must be disclosed to the Defendant, the Relief Defendants, the SEC and the Receiver as it impacts the judgment in this case.

NMR is not some random third-party. NMR has proceeded against the Defendant _for the same underlying transaction at issue in this instant proceeding_ and also seeks to recover from the eventual Fair Fund _for the same underlying transaction at issue in this instant proceeding_. Thus, any settlement between Oak and NMR in the same proceeding as NMR and the Defendant impacts the judgment in this case and must be disclosed.

_Lastly_, _the_ Defendant has no problem "attempt[ing] to confer" with NMR for the information.  Given NMR's opposition to the Relief Defendants' requests for discovery in that proceeding that could impact this instant proceeding, it is highly likely that NMR will simply oppose the Defendant's "attempt[s] to confer."

In addition, the Defendant is _pro se_ and is not able to get the information without the help of an attorney.

This is especially so with respect to the issuance of any _subpoena_.

The Defendant is _pro se_ and was not able to _subpoena_ Oak earlier in this litigation due to this Court's asset freeze order, which irreparably prejudiced the Defendant as he did not have

2

counsel to do so for him. As a result, not only could the Defendant not obtain a proper *subpoena*, the Defendant could not serve the papers. This Court has frozen all of Defendant's assets. As a result, should the Court deem that the Defendant must first serve NMR (or any other entity) with a *subpoena*, the Defendant will need the aid of legal counsel[1] or a release of funds and guidance on how to do so and the Court should give the Defendant those resources, else the Defendant is irreparably prejudiced (yet again!).

## CONCLUSION

**WHEREFORE**, the Court should grant the Defendant's Motion in its entirety. The Court should also, in its entirety, disregard NMR's attempts to prohibit disclosure of any settlements related to the transactions in this instant proceeding.

Respectfully Submitted,

Dated:          APRIL 04TH, 2021          /s/ Iftikar Ahmed

Dated:          APRIL 04TH, 2021          /s/ Iftikar Ahmed

_____

Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East
Kolkata 700 069, India

Tel:    +91-983-008-9945
e-mail: iftyahmed@icloud.com
*Pro Se*

---

[1] The Defendant's lack of counsel in this instant proceeding is an issue before the Second Circuit Court of Appeals.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

MR. NICHOLAS P. HEINKE, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

MR. MARK L. WILLIAMS, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

MR. PAUL E. KNAG, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5400
Fax: (203) 653-5444
e-mail: pknag@murthalaw.com

MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(203) 653-5406
Fax: (860) 240-5758
e-mail: kzaehringer@murthalaw.com