UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 3:15-cv-675 (JBA) |
| IFTIKAR AHMED, | |
| Defendant, and | |
| IFTIKAR AHMED SOLE PROP; *et al* | APRIL 04TH, 2021 |
| Relief Defendants | |

**DEFENDANT'S REPLY TO TRACY KLESTADT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF TERMS OF SETTLEMENT AND MOTION TO FIND PLAN ADMINISTRATOR IN VIOLATION OF LITIGATION STAY**

The *pro se* Defendant files this Reply to Tracy Klestadt's Memorandum of Law in Opposition [Doc. #1846, or the "Opposition"] to Defendant's Motion to Compel Disclosure of Terms of Settlement [Doc. #1786] and Motion to Find Plan Administrator ("PA") in Violation of Litigation Stay [Doc. #1784].

The Defendant reserves all rights.

**DEFENDANT'S RESPONSE TO PA'S PRELIMINARY STATEMENT**

Clearly, the PA does not understand how SEC judgments work. There is no reason for the Court to "wonder why it is addressing this dispute" [Opposition at 2]. The PA moved *this* Court for relief to proceed against the Defendant for a transaction that is at issue in *this* instant litigation. Not only has the PA further violated *this* Court's stay of litigation order by assigning his alleged claims *in the stayed litigation* to the alleged victim *in this case*, any settlement

1

impacts *this* instant proceeding. The Court, and the Defendant, has full reason to "address[] this dispute."

## DEFENDANT'S RESPONSE TO PA'S ARGUMENT

**I.      The Court Should Grant Defendant's Motion to Compel.**

The PA opposes the Defendant's Motion to Compel on two grounds: first, that the Defendant did not issue a subpoena and second, that the information sought has no relevance to this instant proceeding. The PA is wrong on both counts.

*First*, the Defendant is *pro se* and was not able to subpoena Oak earlier in this litigation due to this Court's asset freeze order, which irreparably prejudiced the Defendant as he did not have counsel to do so for him. As a result, not only could the Defendant not obtain a proper *subpoena*, the Defendant could not serve the papers. This Court has frozen all of Defendant's assets. As a result, should the Court deem that the Defendant must first serve the PA (or any other entity) with a *subpoena*, the Defendant will need the aid of counsel[1] or a release of funds and guidance on how to do so and the Court should give the Defendant those resources, else the Defendant is irreparably prejudiced.

*Second*, any settlement with Oak *does* impact the judgment in this case. The PA seeks damages against the Defendant for a transaction at issue in this instant proceeding. In addition, Oak claims to be the alleged victim and also has control of Defendant's allegedly forfeited and earned assets worth at least $40MM. Also, either Oak or the PA *must* disclose if any of Defendant's assets – which are under Second Circuit jurisdiction – have been used towards the settlement.

---

[1] The Defendant's lack of legal counsel in this instant proceeding is an issue before the Second Circuit Court of Appeals.

In addition, the PA is erroneous that "the terms on which the Parties settled is relevant to any claim or defense of any party in this case" [Opposition at 5]. The Defendant has a pending Rule 60(b) Motion before this Court to find Oak responsible for the transactions at issue here. [Doc. #1567] Clearly, Oak knew what was happening and allowed it to happen – Oak is not blameless. Indeed, the fact that Oak settled *both* the PA's and NMR's claims against it only supports the Defendant's Rule 60(b) Motion that Oak "should be held responsible for any harm alleged in this case." [Doc. #1567 at 4]

Oak was a defendant (along with the Defendant) in the NMR case in New York State Court for a transaction in this case. Similarly, Oak was a defendant in the PA's case in the New York State Court for a transaction in this case. Just as Oak was held liable for the transaction in those cases, so too, should Oak be held liable in this case as well.

In addition, to the extent Oak has settled in relation to the transactions at issue in this case, such would impact how much the PA and/or NMR could seek from the judgment in this case. It would also impact the amounts Oak allegedly claims to seek from the Defendant. And to the extent that the PA and/or NMR have been recompensed for any alleged losses, it would directly impact the judgment amount in this case.

Also, neither Oak, NMR nor the PA have even mentioned anything about Defendant's demand related to his allegedly forfeited Oak assets and if they have been used in any settlement. The PA does not answer Defendant's demand if Oak "used or pledged any of the Defendant's assets – whether allegedly forfeited or not – towards the settlement." These assets are under Second Circuit jurisdiction and any amounts settled using these assets must be disclosed.

Importantly, the "Assignment Agreement" where the PA assigned the claims to Oak itself clearly states that the transfer "provides for an assignment of any claim Plaintiff may have to any amounts expected to be distributed by the SEC obtained in connection with the satisfaction of his

3

claims against [Defendant] pending in the United States Bankruptcy Court for the Southern District of New York and/or in the SEC Action" [Doc. #1846-2 at 1]. Clearly this impacts the judgment in this case.

II.     **The Court Should Find the PA in Violation of this Court's Order.**

The PA admits that the stay of litigation order in this case "prohibits the parties to any actions against Defendant from "commencing or continuing any such legal proceeding, or *from taking any action*, in connection with such proceeding, unless leave of this Court is obtained."" (emphasis added) [Opposition at 6].

The stay order covers *any action* and the transfer of the PA's alleged claims to Oak *does* violate the stay order. The PA has *already* acknowledged this Court's stay of litigation order and has moved for relief to proceed [Doc. #1652]. For the PA to *now* claim that "[t]he purpose of the Stay Order is to safeguard the Receiver's ability to "do the important job of marshaling and untangling a company's assets"" [Opposition at 6] when the PA *had already acknowledged* that the SDNY Bankruptcy Proceeding was subject to this Court's stay of litigation order is misleading, to say the least.

The PA deliberately avoids the clear directive that he is prohibited "*from taking any action*" associated with that proceeding. To assign his claims is "*any action*" and he has violated this Court's orders. Indeed, the fact that the PA states that he now "has no further interest in the Bankruptcy Court Action" [Opposition at 7] means that the *status quo* has been disturbed and the court's orders violated.

The PA has violated this Court's orders.

4

## CONCLUSION

**WHEREFORE**, the Court should grant the Defendant's Motions in their entirety. The Court should also, in its entirety, disregard PA's attempts to prohibit disclosure of any settlements related to the transactions in this instant proceeding.

Respectfully Submitted,

Dated: APRIL 04TH, 2021        /s/ Iftikar Ahmed

_____

Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East
Kolkata 700 069, India

Tel:   +91-983-008-9945
e-mail: iftyahmed@icloud.com
*Pro Se*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

| | |
|---|---|
| MR. NICHOLAS P. HEINKE, *ESQ*.<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1071<br>e-mail: heinken@sec.gov | MR. MARK L. WILLIAMS, *ESQ*.<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1027<br>e-mail: williamsml@sec.gov |
| MR. PAUL E. KNAG, *ESQ*.<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5400<br>Fax: (203) 653-5444<br>e-mail: pknag@murthalaw.com | MS. KRISTEN LUISE ZAEHRINGER, *ESQ*.<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5406<br>Fax: (860) 240-5758<br>e-mail: kzaehringer@murthalaw.com |