UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    v.<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>April 7, 2021 |

**RULING GRANTING NONPARTY NMR E-TAILING. LLC'S MOTION TO MODIFY THE LITIGATION STAY**

Nonparty NMR e-tailing, LLC (NMR) requests that the Court modify the litigation stay "so that it can seek to sever the claims against Ahmed, which are the subject of a default judgment[,] . . . and seek entry of judgment on damages against Ahmed in the New York Case." (NMR's Mot. to Modify Lit. Stay Relief [Doc. # 1512] at 2.) Defendant and Relief Defendants oppose, and the United States Securities and Exchange Commission (SEC) and Receiver do not object to the modification of the stay. (*See* Def.'s Opp. to NMR e-tailing, LLC's Mot. to Modify Lit. Stay Relief [Doc. # 1566]; Relief Defs.' Opp. to NMR's Mot. to Modify Lit. Stay Relief [Doc. # 1534]; Receiver's Response to NMR e-tailing, LLC's Mot. to Modify Lit. Stay Relief [Doc. # 1535].)

NMR previously requested a modification of the litigation stay, which the Court granted, to "permit[] the New York action to proceed against the Oak entities named as

defendants in that case." (Ruling on Mots. to Lift Lit. Stay [Doc. # 1167] at 9.) At that time, NMR did not seek to pursue any action directly against Defendant, even though Defendant had already been found liable by default. (*Id.* at 2-3.) The New York action has now reached the trial stage of litigation and the state court judge, in "an attempt to address the outstanding default judgment," inquired into "the issue of the entry of judgment against Ahmed and monetizing that default judgment." (NMR's Mem. in Supp. of Mot. to Modify Lit. Stay [Doc. #1512-1] at 1.) NMR now seeks leave of this Court to modify the stay to permit it to sever Ahmed's judgment from the rest of New York Case claims and to quantify the judgment. (*Id.* at 4; *see also* NMR's Reply Brief in Supp. of Mot. to Modify Lit. Stay Relief [Doc. # 1538] at 2 (clarifying that "NMR simply moves to obtain a judgment in the New York Court in a specific quantified amount").) NMR does not "inten[d] to seek a 'liquidation' of its claim against Ahmed in the sense of enforcing a judgment," and is not seeking to disturb the frozen assets at this time. (NMR's Reply at 2; NMR's Mem. at 5.)

Relief Defendants argue that the *Wencke* factors, a test used to determine the practicality of modifying a litigation stay, counsel against modification as maintaining the stay preserves the status quo, does not harm NMR, and because NMR's claim against Defendant in state court lacks merit.  (Relief Defs.' Opp. 2-5); *see SEC v. Wencke,* 742 F.2d 1230, 1231 (9th Cir. 1984); *SEC v Illaramendi*, No. 3:11CV78 (JBA) 2012 WL 234016, at *4 (D. Conn. Jan. 25, 2012) (applying the *Wencke* factors).  Defendant repeats those arguments made by Relief Defendants and also adds that he has been unfairly prejudiced in the state court because this Court has not released fees for him to hire an attorney for the New York case.[1] (Def.'s Opp. at 6-7.) He further argues that NMR's request unjustly exploits the Court's initial exemption because that lifting of the stay for NMR was premised on the claim that NMR would not be pursuing any action directly against Defendant. (*Id.* at 11.)

---

[1] The Court denied Defendant's request for a release of funds to pay for Attorney's Fees [Doc. # 1324] on October 30, 2020 and Defendant's Motion to Alter Judgment to Reduce Disgorgement in the event the New York State Court entered damages against him [Doc. # 1325] on November 25, 2020.

The Receiver notes that, as long as NMR does not seek to enforce the judgment, but simply leave to quantify and enter the default judgment against Defendant, the Court's lifting of the stay will not interfere with his ability to satisfy the judgment through the Receivership Estate. (Receiver's Response at 2.)

The Court finds that the *Wencke* factors weigh in favor of granting the modification requested by NMR.  The first factor balances the interests of the Receiver in preserving the status quo against the potential for injury against the moving party if the lift is not granted. *Wencke*, 742 F.2d at 1231. Here, it appears that the state court seeks to have the default judgment entered and quantified before proceeding with the rest of the case,[2] and thus NMR could suffer substantial injury if it is unable to resolve the New York case until the pendency of Defendant's appeals are determined. Moreover, NMR does not intend to disrupt the status quo by seeking satisfaction of a default judgment from frozen Receivership Estate funds. Thus, this factor weighs in favor of granting relief.

The second *Wencke* factor, which asks the Court to examine the timing of the request in relation to the inception of the Receivership, and third factor, which counsels against lifting a stay for meritless claims, both favor a granting of the release as the Receiver has had ample time to organize the entities under his control and Defendant has already been found liable for the underlying claim. (*See* Ruling on Mots. at 8, 2.)  Thus, NMR's motion for relief is GRANTED.

---

[2] In its Status Report, NMR informed this Court that the State Court has delayed its trial in order to permit this Court time to rule on the pending motion. (NMR's Status R. [Doc. # 1775] at 2.)

It is hereby ORDERED, that NMR e-tailing, LLC's litigation stay relief approved in the Ruling of this Court on May 21, 2019 [Doc. # 1167], is hereby MODIFIED, and the stay imposed in this Court's Order Appointing Receiver [Doc. # 1070] is LIFTED so that:

(i) NMR can move the Supreme Court of the State of New York, County of New York, in Index No. 656450/2017 (the "New York Case") to sever the claims against Ahmed from the claims against the non-defaulting defendants, *i.e.*, move for such other orders it deems appropriate to address NMR's claims against Ahmed in the New York Case; and

(ii) NMR's claims against Ahmed can be quantified, including by way of judgment on damages in the New York Case.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of April 2021.

4