UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>April 7, 2021 |

**RULING DENYING RELIEF DEFENDANTS' MOTION TO STRIKE OPPOSITION BRIEFS BY NON-PARTIES**

Relief Defendants move to strike non-parties Oak Management Corporation's (Oak) [Doc. # 1478], Brown Rudnick's (Brown) [Doc. # 1480] and NMR e-tailing, LLC's (NMR) [Doc. # 1481] oppositions to the Relief Defendants' Motion for Temporary Injunction [Doc. # 1446] because the non-parties have no standing to file motions or documents in this case. (Relief Defs.' Mot. to Strike Memoranda in Opp. [Doc. # 1486] at 1; *see* Oak's Mem. in Opp. to Temp. Injunc. [Doc. # 1478]; Brown's Mem. in Opp. to Temp. Injunc. [Doc. # 1480]; NMR's Mem. in Opp. to Temp. Injunc. [Doc. # 1481].)[1] The United States and Securities

---

[1] The Court denied Relief Defendants' motion for a temporary injunction on March 30, 2020, holding that no additional action was necessary to protect the interests of Relief Defendants. (Ruling Denying Mot. for Temp. Injunc. [Doc. # 1532] at 5.).

Exchange Commission (SEC) opposes the motion. ([Doc. # 1513].) Neither the Receiver nor Defendant commented on this motion.

Oak, Brown, and NMR argue that their opposition briefs were properly filed as Relief Defendants' motion for a temporary injunction specifically requested that the Court enjoin Oak, Brown, and NMR from pursuing their claims against Defendant and Relief Defendants. (Oak's Mem in Opp. to Mot. to Strike [Doc. # 1516] at 2; Brown's Mem. in Opp. to Mot. to Strike [Doc. # 1514] at 3; NMR's Mem. in Opp. to Mot. to Strike [Doc. # 1518] at 2; *see also* Relief Defs.' Emerg. Mot. for a Temp. Injunc. [Doc. # 1446] at 2.) While the Federal Rules of Civil Procedure typically permit only those designated as parties to file motions and pleadings, s*ee* Fed. R. Civ. P. 7, where, as here, the nonparties "are aggrieved by the judicial action" at issue, they not only have standing to file objections to motions, but also have standing to appeal the Court's order, *SEC v. Alpine Sec. Corp.*, 768 F. App'x 93, 95 (2d Cir. 2019). As Relief Defendants' motion would have directly impacted the non-parties' interests, their opposition filings were proper.

"Whether to grant or deny a motion to strike is vested in the trial court's sound discretion." *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 15-16 (D. Conn. 2013). As the opposition briefs of non-parties Oak, Brown, and NMR were properly filed, Relief Defendants' Motion to Strike is DENIED.

IT IS SO ORDERED.

              /s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of April 2021.