UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>April 7, 2021 |

**RULING DENYING RELIEF DEFENDANTS' MOTION FOR RELIEF WITH RESPECT TO ISSUES RAISED IN RECEIVER'S REPORT**

In accordance with the Court's Order Appointing Receiver [Doc. # 1070], the Receiver filed his Report [Doc. # 1130] proposing a plan for the liquidation of the estate on April 3, 2019. All parties were given the opportunity to object or otherwise respond to the Receiver's Report. The Court granted Relief Defendants' request for an extension of time to respond to the Report [Doc. # 1137], whereafter Relief Defendants timely responded to the Receiver's Report by their deadline on June 3, 2019 [Doc. # 1182]. (*See* Response to Receiver's Rep. [Doc. # 1182].) Two days later, Relief Defendants filed this motion requesting the Court to affirmatively grant their proposed objections to the Receiver's Report. (Mot. for Relief with Respect to Issues Raised in Receiver's Rep. [Doc. # 1184].) In their motion, Relief Defendants list their objections as laid out in their Response to the

Receiver's Report, and "incorporate by reference the argument and authorities set forth in the Opposition as their memorandum of law." (*Id.* at 3.)

The Relief Defendants' issues with the Receiver's Report will be addressed in due course. However, at this time, no liquidation schedule has been issued by the Court. Since the extent of Defendant's disgorgement obligation is presently under review in accordance with the Second Circuit's Mandate, (*see* Order of USCA [Doc. # 1810] at 2), no liquidation schedule and procedure will be issued until the final determination of Defendant's obligation is made. In light of the foregoing reasoning, Relief Defendants' Motion [Doc. # 1184] is DENIED without prejudice.

                          IT IS SO ORDERED.

                          /s/

                          Janet Bond Arterton, U.S.D.J.

                          Dated at New Haven, Connecticut this 7th day of April 2021.