UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    v.<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>April 7, 2021 |

**ENDORSEMENT ORDER DENYING RELIEF DEFENDANTS' MOTION TO STRIKE HARRIS ST. LAURENT'S RESPONSE**

Relief Defendants move to strike Harris St. Laurent's (HSL) response [Doc. # 1543] to Relief Defendants' Motion for Attorney's Fees [Doc. # 1537]. (Relief Defs.' Mot. to Strike HSL's Response [Doc. # 1546]; *see also* Relief Defs.' Mot. for Release of Funds for Atty's Fees to Retain Counsel for HS Arbitration [Doc. # 1537]; HSL's Response re Mot. for Release of Funds [Doc. # 1543].) They argue that HSL, as a non-party, failed to file the "necessary" motion to intervene before filing a notice on the docket. (Relief Defs.' Mot. to Strike at 2.) While Relief Defendants are correct that the Federal Rules of Civil Procedure explicitly permit only those designated as parties to file motions and pleadings, *see* Fed. R. Civ. P. 7, there is little case law available about whether non-parties may file documents or other responsive notices. *See DRFP, LLC v. Republica Bolivariana de Venezuela*, No. 2:04-CV-793, 2012 WL 995288, at *2 (S.D. Ohio Mar. 22, 2012) ("[T]here is little precedent which deals

with the issue of when a non-party may properly file some document with the Court."). However, the discretion of the trial court to grant or deny a motion to strike is well-established and typically only viable where the pleading will result in prejudice to the nonmoving party. *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 15-16 (D. Conn. 2013); *see also MC1 Healthcare, Inc. v. United Health Grp., Inc.,* No. 3:17-CV-01909 (KAD), 2019 WL 2015949, at *11 (D. Conn. May 7, 2019). Relief Defendants have made no attempt to demonstrate how HSL's notice prejudices or otherwise impacts their interests in the proceedings. Accordingly, Relief Defendants' Motion to Strike [Doc. # 1546] is DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of April 2021.