UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>Relief Defendants. | Civil Action No. 3:15cv675 (JBA) |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S CONSOLIDATED RESPONSE IN OPPOSITION TO RELIEF DEFENDANTS' <u>MOTION FOR FUNDS AND RESPONSE TO MOTION TO SEAL</u>**

Plaintiff United States Securities and Exchange Commission ("SEC") files this consolidated opposition to Relief Defendants' (1) motion [Doc. # 1817 ("Motion for Funds")] seeking a release of funds to pay private school tuition, and (2) motion [Doc. # 1816 ("Motion to Seal")] seeking to seal the Motion for Funds. Given the Court's earlier denial of Relief Defendants' request to unfreeze money for tuition for the upcoming school year, and given the recent remand of the appeals back to this Court, the Motion for Funds should denied without

prejudice to renew either after this Court determines Defendant's "disgorgement obligation consistent with § 6501 of the National Defense Authorization Act, and, if appropriate, entry of an amended judgment," Doc. # 1810, or when the tuition is due. Additionally, on the current record, the Court should decline to seal the dates that particular tuition amounts are due, which is relevant to the SEC's instant opposition and does not appear to implicate any privacy interests.

On May 27, 2020, Relief Defendants moved [Doc. # 1559] for the release of funds to pay tuition for Mr. and Mrs. Ahmed's three minor children for both the 2020-2021 school year, as well as for the 2021-2022 school year.

On July 10, 2020, the Court partially granted [Doc. # 1597] that request and ordered the release of funds for the 2020-2021 school year, but did not release funds for the 2021-2022 school year. *Id*. at 5-6 n.1 ("The Court expects that…the liquidation of assets will soon proceed such that the judgment will be fully secured and residual assets, if any, will be unfrozen. Thus, the Court expects that no similar request will be necessary for tuition payments for any future school years"). Moreover, in agreeing to release money for tuition expenses for a single school year, the Court specifically noted Relief Defendants' claim that "there [we]re assets frozen in excess of the judgment amount." *Id*. at 2.

On March 11, 2021, the Second Circuit granted the SEC's motion for limited remand and remanded the appeals to this Court for determination of Appellant's disgorgement obligation consistent with §6501 of the National Defense Authorization Act. Given the Court already found that "Defendant diverted into his and his wife's bank accounts…approximately $67 million" but only ordered disgorgement of "$43,920,639.00" because of the then 5-year statute of limitations, Doc. # 955 at 11, the SEC will be seeking an amendment judgment that, it believes, will exceed the value of the corpus of frozen assets.

The next day, March 12, 2021, Relief Defendants contacted the SEC and asked for its position on their anticipated request for the release of money for tuition expenses, acknowledging the tuition was not yet due. The SEC responded in part:

> We recognize this request is more compelling than many of the prior requests for funds in this case. However, given the [remand], and given that the Court released funds last year in the month of July which appeared acceptable to the school, we object to the request *at this time*. We ask that you to await the Court's ruling on the Mr. Ahmed's disgorgement obligation, or at a minimum wait until June, before making this request.
>
> If Mr. Ahmed's disgorgement obligation has not been determined by June, the SEC will either agree to your request or will file any opposition within three business days of your motion so your motion can be fully briefed well before July.

3/17/21 Email (emphasis in original). Five days later, Relief Defendants filed the Motion for Funds and, per the Motion to Seal, redacted those portions reflecting when particular tuition amounts are due.

The Court should decline the Motion for Funds without prejudice to renew after either this Court determines Defendant's disgorgement obligation or the tuition payments become due. As an initial matter, because tuition is not currently due, and because Relief Defendants have not provided any evidence that any amount is actually due and owing or needed to secure admission, there is no need for the release of funds at the present time. Indeed, given the Court released money for tuition in July of last year without issue, and given Relief Defendants notified the SEC about the instant request one day after the Second Circuit remanded the appeals back to this Court, the timing of the Motion suggests Relief Defendants are simply seeking to access frozen money prior to the SEC's forthcoming request to amend the judgment and the Court determining Defendant's disgorgement obligation. But this is not a valid reason to seek funds, especially when those funds are not yet needed for their stated purpose.

Simply put, the Court should decline to entertain Relief Defendants' request for the release of funds until either the judgment amount is finalized (and only release funds once the Court is satisfied there are excess assets available to satisfy the judgment), or the amounts at issue are actually due, especially given that briefing on Defendant's disgorgement obligation has been delayed at Relief Defendants' request. *See* Doc. # 1805.  Accordingly, the Motion for Funds should be denied.

With respect to Relief Defendants' Motion to Seal, on the current record, the Court should decline to seal the dates that the tuition payments are actually due. Consistent with the Court's earlier Order, the SEC has no objection to sealing information that identifies the minor children or the schools at issue.  *See* Doc. # 1597 at 9. However, the SEC has not identified – and Relief Defendants have not provided – any reason to seal the dates that the tuition payments are due, which is relevant to the Motion for Funds and the SEC's opposition thereto, and which, in the SEC's view, do not implicate any privacy interests.

DATED: April 12, 2021

*s/ Mark L. Williams*
Nicholas P. Heinke
Mark L. Williams
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1027 (Williams)
HeinkeN@sec.gov
WilliamsML@sec.gov
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I certify that on April 12, 2021, a copy of the foregoing document was emailed to Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Paul E. Knag
Kristen L. Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(Counsel for Relief Defendants)

Christopher H. Blau
Stephen M. Kindseth
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
(Counsel for Receiver, Jed Horwitt, Esq.)

                                                        *s/ Mark L. Williams*
                                                        Mark L. Williams