UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> IFTIKAR AHMED, <br><br> Defendant, and <br><br> IFTIKAR AHMED SOLE PROP; *et al* <br><br> Relief Defendants | Civil Action No. 3:15-cv-675 (JBA) <br><br><br> APRIL 14TH, 2021 |

**DEFENDANT'S NOTICE OF FURTHER SUPPORT OF HIS MOTIONS TO STRIKE**

The *pro se* Defendant respectfully files this Notice of Support in further support of his Motions to Strike [Doc. ##1798, 1838, 1883].

The Defendant reserves all rights.

Courts may grant motions to strike where the allegations challenged have no real bearing on the subject matter of the litigation or are likely to prejudice the movant. *Shahzad v. H.J. Meyers & Co.*, No. 95 Civ. 6196 (DAB), 1997 WL 47817, at *13 (S.D.N.Y. Feb. 6, 1997); *see Ruffino v. Murphy, No*. 3:09-cv-1287 (VLB), 2009 WL 5064452, at *1 (D. Conn. Dec. 16, 2009).

The Defendant has already informed the Court that the SEC's filings have been and continue to be prejudicial to the Defendant. Not only has the SEC interfered in the relationship between the Defendant and his appellate counsel and also interfered with the Defendant's right to feed and shelter himself, the SEC has also been actively colluding with the DOJ to further prejudice the Defendant's rights in the MA Bond Forfeiture matter.

The Defendant has sought a stay in that matter in the First Circuit Court of Appeals until this Court rules on the Defendant's pending motions for living expenses [Doc. #1796]. The DOJ has opposed and has cited the SEC's filings in this instant matter as alleged support for their position.

Now even Oak has used the same filings to prejudice the Defendant in the SDNY Bankruptcy Proceeding, which Oak itself has admitted is subject to this Court's stay of litigation order, though it continues in total violation of this Court's stay of litigation order.

"The discretion of the trial court to grant or deny a motion to strike is well-established and typically only viable where the pleading will result in prejudice to the nonmoving party. *Tucker v. Am. Int'l Grp., Inc*., 936 F. Supp. 2d 1, 15-16 (D. Conn. 2013); *see also MC1 Healthcare, Inc. v. United Health Grp., Inc*., No. 3:17-CV-01909 (KAD), 2019 WL 2015949, at *11 (D. Conn. May 7, 2019)." [Doc. #1875]

The SEC's filings have prejudiced the Defendant and has impacted his interests, not only in this, but also in other proceedings and continues to do so.

Respectfully Submitted,

Dated: April 14TH, 2021 /s/ Iftikar Ahmed

Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East
Kolkata 700 069, India

Tel: +91-983-008-9945
e-mail: iftyahmed@icloud.com
*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

| | |
|---|---|
| MR. NICHOLAS P. HEINKE, *ESQ.*<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1071<br>e-mail: heinken@sec.gov | MR. MARK L. WILLIAMS, *ESQ.*<br>U.S. Securities and Exchange Commission<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 1700<br>Denver, CO 80294<br>(303) 844-1027<br>e-mail: williamsml@sec.gov |
| MR. PAUL E. KNAG, *ESQ.*<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5400<br>Fax: (203) 653-5444<br>e-mail: pknag@murthalaw.com | MS. KRISTEN LUISE ZAEHRINGER, *ESQ.*<br>Murtha Cullina, LLP<br>177 Broad Street, 4th Floor<br>Stamford, CT 06901<br>(203) 653-5406<br>Fax: (860) 240-5758<br>e-mail: kzaehringer@murthalaw.com |