UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>April 30, 2021 |

**ORDER GRANTING PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S CONSOLIDATED MOTION TO UNSEAL ITS MOTION TO PRECLUDE FURTHER AFFIDAVITS FROM DEFENDANT AND DENYING DEFENDANT'S MOTION TO SEAL AND MOTION TO STRIKE**

On March 11, 2021, the Securities and Exchange Commission (SEC) filed a motion [Doc. # 1795] under seal in accordance with D. Conn. L. Civ. R. 5(e)(4)(a). (Pl. SEC's Consolidated Mot. to Unseal Its Mot. to Preclude Further Affidavits from Def. and Opp. to Ahmed's Mot. to Seal [Doc. # 1804] at 3). Shortly thereafter, Defendant moved to strike the sealed motion and the SEC moved to unseal the sealed motion. (Def.'s Mots. to Strike [Docs. ## 1798, 1838];[1] Pl. SEC's Mots. to Unseal [Docs. ##1803, 1804].)

---

[1] Defendant's motion to strike has two ECF document numbers because he initially did not follow the proper procedure for filing a document under seal. Upon instruction from the Clerk's office, Defendant properly refiled his motion and received a second ECF number for the same motion.

Documents filed with the Court have a presumption of public access and therefore require a motion to become sealed from public access. *See* D. Conn. L. Civ. R. 5(e)(3) ("No judicial document shall be filed under seal, except upon entry of an order of the Court either acting *sua sponte* or specifically granting a request to seal that document. . . . No document shall be sealed merely by stipulations of the parties."). However, neither party has filed a motion to seal the SEC's Motion to Preclude, as required by Local Rule 5, and the Court finds no reason to do so. *See* D. Conn. L. Civ. R. 5(e)(4)(a) ("Counsel may e-file [] a motion to seal, which may be e-filed as a [] sealed motion . . . . *Upon submission by the party of a motion to seal*, the contents of any sealed motion [] shall be treated as sealed unless the motion to seal is denied.") (emphasis added). The Clerk is thus directed to unseal the SEC's Motion to Preclude [Doc. # 1795].[2]

Defendant moved to strike [Docs. ## 1798, 1838] the SEC's motion as being "redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), claiming that the SEC's motion to preclude "is taken in bad faith, seeks only to prejudice the Defendant[, ] has no bearing on the subject matter of the litigation itself, . . . [and] contains nothing more than unsubstantiated and malicious assertions based on false, fake, fabricated, and alleged 'evidence' [w]ithout any basis or underlying support." (Def.'s Mot. at 2.) He further argues that the SEC "deliberately mischaracterizes the Defendant's prior

---

[2] Defendant opposed the SEC's motion to unseal its sealed motion. (Def.'s Response to SEC's Reply in Supp. of Its Mot. to Unseal [Doc. # 1832].) In his response, he argues that "the Court should decline to unseal the name of the company and the individual as well as the last line of Defendant's email" because the SEC is "driven by some illogical rage of personal vendetta and intense peculiar hatred for the Defendant [and] ha[s] made a non-issue into a significant issue, [] interfered between Defendant and his appellate counsel and [] put the Defendant in a position of having to request emergency living expenses from this Court." (*Id.* at 2.) He further argues that the name of the business should remain sealed because the Court has previously sealed information about third parties and because they are "innocent." (Def.'s Response at 3.) However, "innocence" is not a compelling reason that justifies overcoming the presumption of openness. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (noting that the Court must balance the strong presumption of openness against countervailing interests, like the privacy of individuals, law enforcement concerns, and judicial efficiency). As the name of the company, the individual, and the LinkedIn profile contained in the SEC's motion were publicly available when they were identified and Defendant may not therefore claim a right to privacy in its contents, the Court cannot glean any other countervailing interests from Defendant's motion. Defendant's motion appears to argue against *the merits* of the SEC's motion to preclude affidavits but fails to articulate a valid justification for why the motion should be sealed.

charitable arrangement with his friend as 'employment'" and warns that the "SEC's (and, in particular, Mr. Mark Lander William's) personal vendettas should stay that [way]". (*Id.* at 3-4.)

Defendant is correct that "motions to strike are generally not favored" and that the Court may exercise its discretion to strike only when material is shown to be "redundant, immaterial, impertinent, or scandalous matter." (*Id.* at 2); *see also* Fed. R. Civ. P. 12(f). As Defendant has made multiple motions to this Court requesting a release of fees due to his indigency as supported by his declarations thereof, Defendant has placed his indigency and credibility at the center of this Court's attention and the SEC's motion challenging that cannot be seen as redundant, immaterial, or impertinent. To the extent that Defendant believes the SEC's motion to include scandalous material, the Court cannot credit the theory that mundane items like a screenshot from a professional networking site and the records from India's Ministry of Corporate Affairs could possibly be considered scandalous, particularly because they are alleged to have been made publicly available by Defendant himself. While Defendant may object to the merits of the SEC's motion, such objection does not constitute valid justification to strike its presence from the docket. As such, the Defendant has failed to meet his burden and his motion to strike is denied.

Accordingly, Defendant's Motion to Strike [Docs. ## 1798, 1838] is DENIED.[3] Plaintiff SEC's Motion to Unseal Sealed Motion [Docs. ## 1803, 1804] is GRANTED and the

---

[3] Defendant's Motion to Seal Ex. 2 of Motion # 1791 [Doc. # 1793] seeks to seal an affidavit, previously attached to his own motion for attorney's fees, which is now made public as part of the SEC's Motion to Preclude Affidavits. In that motion, he repeats many of the arguments made in his Reply to the SEC's motion to unseal, namely that the name of the friend and company should be kept private because they are irrelevant and because the Court has previously sealed the name of third parties. (Def.'s Mot. to Seal Ex. 2 of Mot. # 1791 [Doc. # 1793] at 2-3; *see supra* at 2 n.2.) Like innocence, irrelevancy does not overcome the strong presumption of public access ensured by the Courts. *See id.* Defendant also argues that "the substantial harassment that the Defendant, his family (including Ms. Ahmed, a Relief Defendant in this matter), and his friends have experienced during the pendency of this case" supports his motion, and further "seeks to redact one line at the end of the email in order to save his family from any distress given the unreasonable position of the SEC as well as the consequences that would ensue should the Defendant be left with no shelter and no food to eat." (Def.'s Mot. to Seal Ex. 2 at 3,n.1.) He again offers no evidence to support the claim that his friends and family have been harassed, (*see* Ruling Denying Def.'s Mot. for Sanction [Doc. # 1709] at 2 (noting that Defendant has failed to support his claim that "goons" are harassing his mother)), and does not explain how a redaction of the line in

3

Clerk is directed to unseal the SEC's Motion to Preclude Further Affidavits from Defendant [Doc. # 1795] in its entirety.

IT IS SO ORDERED.

                          /s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of April 2021.

---

the email would save his family from any further distress as his family members are party to this case and necessarily already privy to these emails. As such, Defendant's Motion to Seal Ex. 2 [Doc. # 1791] is also denied.