UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>April 30, 2021 |

**ORDER DENYING DEFENDANT'S MOTION FOR LIVING EXPENSES**

Defendant again seeks release of frozen assets to pay his living expenses. (Def.'s Emerg. Mot. for Release of Funds for Living Expenses (Def.'s Mot.) [Doc. # 1796]; *see also* Emerg. Mot. for Release of Funds for Living Expenses [Doc. # 1407].) The Securities and Exchange Commission (SEC) opposes, referencing documentation it captured from India's Ministry of Corporate Affairs' website listing Defendant as director of a registered business, as evidence of Defendant's misrepresentation about his claimed indigency and unemployment. (Pl. SEC's Response in Opp. to Def.'s Emerg. Mot. [Doc. # 1825]; Ex. 1, 5 to Pl.'s Sealed Mot. to Preclude Further Affidavits [Docs. ## 1795-1, 1795-5].)

Defendant's motion for release of funds for living expenses is solely based on his sworn Declaration of Indigency.[1] The Court has previously expressed concern about its inability to insure by threat of sanction the veracity of Defendant's claims so long as he remains a fugitive from U.S. prosecution living in India. (*See* Order Granting with Modification Release of Funds for Def.'s Arbitration Defense Counsel [Doc. # 1750] at 4 ("[T]he Court is concerned with the unverifiable nature of his declarations of indigency since his representations under penalty of perjury are a functional nullity because the Court lacks jurisdiction over him to sanction any perjurious representations.").) Thus, Defendant was ordered to document his claimed indigency as the basis for seeking funds to pay attorney's fees. (*See* Ruling Granting Def.'s Mot. for App. Att'y Fees [Doc. # 1405] at 5.) Within the past few months, Defendant has represented to the Court, under penalty of perjury, that he is "not currently earning any income or salary and [has] not earned any income or salary since around May 2015." (Def.'s Decls. of Indigence [Docs. ## 1706-2, 1737-2, 1738-2] (filed Dec. 10, 2020 and Jan. 19, 2021 respectively).) However, on March 10, 2021, Defendant admitted,

> some of my friends have provided me [] amounts sufficient to pay for basic shelter and food [], and I have offered to help those friends in return, usually by providing whatever services they want from me. . . . Over the past months, I have been receiving less than US $670 a month.

(Def.'s Decl. of Indigence, [Doc. # 1791-2] at 1-2 (filed Mar. 10, 2021).) In an email to his attorney that he gave permission to be shared, Defendant admitted that he "ha[s] been offering my services for food and board since August 2020 or thereabouts" and that, in addition to the $670/month he was receiving, the company "ha[s] allowed me to stay in a guest house owned by the company's promoters (main shareholder)." (Ex. 3 to SEC's Mot. to Preclude Further Affidavits [Doc. # 1795-3] at 1.)

---

[1] The Receiver challenges the Defendant's proffered blank form lease agreement and grocery list as insufficient to support Defendant's claimed need for funds. (Receiver's Obj. to Def.'s Emerg. Mot. [Doc. # 1827].)

2

Income is defined as "a gain or recurrent benefit usually measured in money that derives from capital or labor." *Income, Merriam-Webster's Dictionary* (https://www.merriam-webster.com/dictionary/income) (last accessed Apr. 30, 2021). As Defendant admits to having realized a benefit, namely $670 per week and free housing in exchange for services, he is acknowledging receipt of income and employment during the same time period in which he swore that he did not have either. (*Id.*)

Such material contradictions among Defendant's sworn statements support the Court's misgiving about reliance solely on Defendant's personal representations, including about his financial status and inability to obtain employment. The SEC views the documentation captured from India's Ministry of Corporate Affairs' website listing Defendant as director of a registered business as showing that Defendant "has been actively misleading this Court about his purported inability to obtain employment and earn income while in India." (Pl. SEC's Mot. to Preclude Further Affidavits from Def. [Doc. # 1795] at 1-2; Ex. 5 to Pl. SEC's Mot. to Preclude [Doc. # 1795-5] (listing Iftikar Ali Ahmed as the Director of UFS Digital Limited since Oct. 8, 2020); Receiver's Response to Pl. SEC's Mot. to Preclude [Doc. # 1852] at 2.)

These developments in the record underscore the dubious reliability of Defendant's uncorroborated, extra-territorial representations, which are not assessed on a clean slate. In granting summary judgment against Defendant, this Court imposed a $21,000,000 civil penalty for Defendant's "numerous misrepresentation[s] and use[ of] fraudulent devices to perpetuate his schemes," "fraudulent invoices and fraudulent wiring instructions," and misappropriation of funds to secret accounts. (Order Granting SEC's Mot. for Summ. J. [Doc. # 835] at 41; Amend. Final J. Against Def. and Relief Defs. [Doc. # 1054].) After he was indicted for criminal violations of federal securities law in the District of Massachusetts, Defendant committed to appearing in court for criminal proceedings, but instead absconded to India where he remains today. *United States v. Ahmed*, 414 F. Supp. 3d 188,

189 (D. Mass. 2019). Defendant's "sworn" representations to this Court without material and objectively verifiable corroboration will not suffice as support for Defendant's motion as the Court does not credit Defendant's self-attestations of his claimed indigency. Accordingly, his Emergency Motion for Release of Funds for Living Expenses [Doc. # 1796] is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of April 2021.