UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>May 12, 2021 |

**RULING DENYING RELIEF DEFENDANTS' MOTION FOR RECONSIDERATION OF RULING DENYING RELIEF DEFENDANTS' EMERGENCY MOTION FOR INJUNCTION OF DOJ ACTION AND RELATED MOTION FOR ATTORNEY'S FEES**

Relief Defendants move the Court to reconsider its denial [Doc. # 1821] of their motion seeking an injunction halting declaration of bond forfeiture in the District of Massachusetts [Doc. # 1327] and related motion for attorney's fees [Doc. # 1335]. (Relief Defs.' Mot. for Reconsideration of R. Denying Relief Defs.' Emerg. Mot. for Injunc. of DOJ Action and Related Mot. for Atty's Fees [Doc. # 1845].)[1]

As grounds for reconsideration, Relief Defendants argue that the Court misconstrued its own initial asset freeze because the Greenwich home had not yet been

---

[1] The Securities and Exchange Commission (SEC) and Receiver note that "[n]o response to a motion for reconsideration need be filed unless requested by the Court." D. Conn. L. R. 7(c); (*see* Receiver's Response to Relief Defs.' Mot. for Reconsideration [Doc. # 1900]; Pl. SEC's Obj. to Relief Defs.' Mot. for Reconsideration [Doc. # 1903]). No responses were requested by this Court and, going forward, the SEC and Receiver need not file notices on the record to remind the Court that no responses are required as it unnecessarily clutters the docket.

forfeited at the time this Court froze Relief Defendants' assets and thus was included as a frozen asset. As support, Relief Defendants quote from subsection E of the Court's Order Granting Preliminary Injunction [Doc. # 113]:

> E. The Commission may record this Order with relevant land records offices or other relevant institutions on all pieces of real property in which the Defendant or Relief Defendants have an interest. This order applies, without limitation, to the following properties: . . .
>     iv. Real property located at 505 North Street, Greenwich, CT 06830

(Ruling and Order Granting Prelim. Injunc. [Doc. # 113] at 21-22.) Relief Defendants argue that the phrase "[t]his order applies" indicates that the entirety of the Order Granting Preliminary Injunction, including a freezing of the assets, applies to the real property. (Relief Defs.' Mot. at 2.)

The Court uses "Order," with a capital "O," to reference the whole document. The "order" referenced in the second sentence refers only to the recording authority granted to the SEC in subsection E, which allows it to record the Order Granting a Preliminary Injunction with the land records office related to the Greenwich home. As specifically noted in the Court's denial of Relief Defendants' Emergency Motion for an Injunction, because Ms. Ahmed's "primary residence in Greenwich [] was the collateral for Mr. Ahmed's bond in the insider trading case and was forfeited when he fled the United States, . . . the Court cannot be assured that [it] will be available to compensate victims at this point." (Prelim. Injunc. at 14 n.4). Because of this uncertainty, the Court did not include the value of the home in its assessment of the total amount frozen in the Preliminary Injunction, (*see id.*), and explicitly declined to include the home as part of the "Real Property" secured by the Court to satisfy the judgment against Defendant. (Am. Final J. Against Def. and Relief Defs. [Doc. # 1054] at 5-9 (listing the Essell Farm as the only "Real Property" asset available to satisfy the judgment).) As such, the Court did not err in its assessment that "from the inception of this action in the District of Connecticut, the Greenwich property was never included in the asset freeze, nor

in the listing of assets available to satisfy the judgment, precisely because it was already used as the security for Defendant's bond in the MA Case." (Ruling Denying Relief Defs.' Emerg. Mot. at 2.)

Relief Defendants further request reconsideration of the Court's denial of their motion for a release of $200,000 to retain counsel for the matter, noting that the District of Massachusetts acknowledged that Ms. Ahmed "did, as a surety, have the right to move the MA Court for relief under Federal Rules of Criminal Procedure." (Relief Defs.' Mot. at 4.) However, this Court was aware of the full District of Massachusetts opinion in denying Relief Defendants' motion for fees [Doc. # 1821] and no new grounds warranting reconsideration are presented.

Relief Defendants are reminded that "[m]otions for reconsideration shall not be routinely filed and . . . will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. R. Civ. P. 7(c). As Relief Defendants have neither identified any new controlling decision or overlooked data, Relief Defendants' motion for reconsideration [Doc. # 1845] is DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 12th day of May 2021.