UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br>     *Plaintiff*, <br>     *v.* <br> IFTIKAR AHMED, <br>     *Defendant*, and <br><br> IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, <br><br>     *Relief Defendants*. | Civil No. 3:15cv675 (JBA) <br><br> July 23, 2021 |

**ORDER GRANTING PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S MOTION TO SEAL EXHIBIT A TO ITS MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE OF FUNDS AND DENYING DEFENDANT'S MOTION TO SEAL AND RELIEF DEFENDANTS' MOTION TO STRIKE**

On March 12, 2021, Defendant Iftikar Ahmed filed a motion for living expenses [Doc. # 1796], which was denied by the Court on April 30, 2021 [Doc. # 1930]. Defendant seeks to seal Plaintiff Securities and Exchange Commission's (SEC) Memorandum in Opposition to Plaintiff's Motion for Living Expenses as irrelevant, unreliable, defamatory, and scandalous [Doc. # 1837]. Plaintiff moves to seal Exhibit A to its Memorandum [Doc. # 1834], which Relief Defendants move to strike [Doc. # 1849]. Defendant does not object to Plaintiff's Motion to Seal Exhibit A. Plaintiff objects to Defendant's Motion to Seal [Doc. # 1902] and Relief Defendants' Motion to Strike [Doc. # 1909].

Documents filed with the Court have a presumption of public access and may be sealed only upon a particularized showing of clear and compelling reasons. *See* D. Conn. L. Civ. R. 5(e)(3). Exhibit A to Plaintiff's Memorandum [Doc. # 1826-1] not only includes scandalous and unsubstantiated allegations levied by an anonymous source against Relief Defendants but also includes the names of aliases used by Defendant in his dealings in India and supports Plaintiff's claim that Defendant lied about his income and employment status. The Court agrees that Exhibit A should be sealed to prevent the scandalous allegations from becoming public, and grants Plaintiff's motion [Doc. # 1834]. Consequently, Relief Defendants' Motion to Strike [Doc. # 1849] is denied as "motions to strike are viewed unfavorably and rarely granted," *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 15 (D. Conn. 2013), and the same reputational harm that Relief Defendants fear can be avoided by sealing the exhibit in lieu of striking it.

In his Motion to Seal, Defendant repeats many of his claims that the Court found unpersuasive in his opposition to the SEC's Motion to Unseal Its Motion to Preclude Further Affidavits from Mr. Ahmed. (*See* Def.'s Response to SEC's Reply in Supp. of its Mot. to Unseal [Doc. # 1832]; Order Granting Pl. [SEC]'s Consolidated Mot. to Unseal Its Mot. to Preclude Further Affidavits from Def. and Denying Def.'s Mot. to Seal and Mot. to Strike [Doc. # 1929].) The Court finds Defendant's arguments similarly unpersuasive here. (*See id.*) *See also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (noting that the Court must balance the strong presumption of openness against countervailing interests, like the privacy of individuals, law enforcement concerns, and judicial efficiency). Thus, Defendant's Motion to Seal [Doc. # 1837] is denied.

Accordingly, Plaintiff's Motion to Seal [Doc. # 1834] is GRANTED.  Relief Defendants' Motion to Strike [Doc. # 1849] and Defendant's Motion to Seal [Doc. # 1837] are DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 23rd day of July 2021.