UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>v.<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>August 2, 2021 |

**ORDER DENYING DEFENDANT'S RULE 60(B) MOTION FOR RELIEF FROM AMENDED FINAL JUDGMENT**

On March 29, 2018, this Court granted Plaintiff Securities and Exchange Commission's (SEC) Motion for Summary Judgment, finding Defendant liable for defrauding eleven companies, including his employer Oak Management ("Oak"), and depositing over $64 million of illegally obtained profits into accounts for his personal use. (*See generally* Ruling on All Parties' Motions for Summary Judgment on Liability [Doc. # 835] at 6-23.) Over two years later, on June 9, 2020, Defendant moved for relief from the judgment, arguing that Oak should be held responsible for the disgorgement award because it "deliberately and selfishly did not implement any internal control and processes and deliberately overlooked any alleged misdoings . . . [and] failed to raise any red flags or implement compliance procedures and processes that were required." (Def.'s R. 60(B) Mot. for Relief from Am. Final J. and Order [Doc. # 1567] at 5.) In essence, Defendant argues that

his employer's conduct should release him of liability for his misdeeds because it failed to catch him before the SEC intervened.

> A motion for relief from judgment may be granted for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60. Motions claiming "reasons (1), (2), and (3) [must be brought] no more than a year after the entry of the judgment." *Id.* Reasons (4) and (5) do not apply here. Thus, Defendant necessarily brought his claim under the catch-all "other reason" (6). (*See* Def.'s Mot. at 2.)

However, Defendant's many theories of why he should escape liability fall far short of the "extraordinary circumstances" necessary for a court to grant a motion under Rule 60(b)(6). *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) ("Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief. Of particular concern is that parties may attempt to use Rule 60(b)(6) to circumvent the one-year time limitation in other subsections of Rule 60(b)."). Here, Defendant chose to abscond to India, permit his legal representative to withdraw [Doc. # 210], proceed *pro se* [Doc. # 211], and, of course, conduct the fraudulent activities that landed him in this position. Defendant's circumstances may be extraordinary, but they are also entirely of his own making, and the Court will not disrupt the finality of a judgment to reflect Defendant's attempts to deflect his responsibility to one of his victims. *See Stevens*, 676 F.3d at 68 (affirming the denial of

the state's Rule 60(B)(6) motion because "the State's [] motion is, at bottom, premised on its own mistake, inadvertence, and neglect").

Accordingly, Defendant's Motion for Relief from Amended Judgment [Doc. # 1567] is DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 2nd day of August 2021.