UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) No. 3:15-CV-675 (JBA) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| IFTIKAR AHMED, | ) ) |
| Defendant, and | ) ) |
| IFTIKAR ALI AHMED SOLE PROP et al., | ) ) ) AUGUST 11, 2021 |
| Relief Defendants. | ) ) |

**RELIEF DEFENDANTS' MOTION FOR RECONSIDERATION OF COURT'S OMNIBUS ORDER WITH RESPECT TO MURTHA CULLINA**

The Relief Defendants respectfully file this Motion for Reconsideration of the Court's Omnibus Order [ECF No. 2047 or "Order"] with respect to Murtha Cullina, denying the Relief Defendants' and Defendant's Motions for Release of Funds to retain counsel in new proceedings. The Relief Defendants reserve all rights.

For the reasons within, the Relief Defendants respectfully request that the Court reconsider its Ruling as it relates to Murtha Cullina.

**I.      The Motion for Reconsideration is Timely**

This Motion for Reconsideration is timely, as Connecticut Local Rule 7(c) provides that "[m]otions for reconsideration shall be filed and served within seven (7) days of the filing of the decision of order from which such relief is sought." D. Conn. L. Civ. R. 7(c). The Court's Ruling is dated August 4, 2021, hence this Motion is timely.

11635530v1

**II.     The Motion for Reconsideration is Appropriate**

A motion for reconsideration is appropriate where a court overlooks "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000).

Further, a motion for reconsideration may be granted to "correct a clear error or prevent manifest injustice." *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983).

Here, in its Order, the Court has denied without prejudice various Defendant and Relief Defendant Motions for fees to retain counsel in certain proceedings, specifically for the Relief Defendants' arbitration with their former counsel and for Defendant in his NMR NY Case. However, the Court also entered a footnote that stated "Requests for funds that have already been appropriated for certain expenses, like Relief Defendants' Appellate Counsel, (see Ruling Granting Relief Defendants' Emerg. Mot. for Appellate Att'y Fees [Doc. # 1287]), and Receivership Fees, (see Appointment Order [Doc. # 1070] at 16), may still be entertained by the Court." [Order, n. 1]

Relief Defendants respectfully request that the Court include their current counsel, Murtha Cullina ("Murtha"), in that footnote.  Murtha has been continuing in good faith in this matter before this Court and has had to incur additional fees for substantial briefing, which was not earlier contemplated by either this Court or Murtha itself.

In particular, Murtha has had to take on the additional substantial task of researching and briefing an issue on limited remand, in particular a novel statute and its implications for this case, which has led to further fees incurred. In addition, Murtha now

2

has to research and brief the issue of liquidation, which is complex and involves, inter alia, issues of ownership and property rights as well as irreparable harm to their clients and must be very carefully considered and briefed.

Murtha has a fully briefed pending motion before this Court [ECF No. 1991, "fee motion"] requesting that it be paid fees incurred since November 2020 at the Court's contemplated rate of $31,000 per month or alternatively, for permission to withdraw as counsel.

**The figure set forth in ECF No. 1991 for fees incurred since the November, 2020 bill has now increased to $208,152.64, reflecting an additional $31,642.32 incurred in June and July.[1]**

It is inequitable and unjust to force Murtha to continue to incur substantial additional legal fees for researching and briefing complex areas of law without payment, especially when those issues were not contemplated earlier by the Court or by Murtha. Furthermore, the Court previously allowed for Murtha to be paid from the rental income of the two NYC apartments, or its equivalent of $31,000 per month. [ECF No. 1424] Murtha has been cognizant of costs and has been economical in its billing, but still has to incur costs to adequately represent its clients in this matter.  Further, all bills have been reviewed by Ms. Ahmed, with agreed reductions including in the billing data provided.

While the Court has stated that "the Court can no longer be certain that the judgment is fully secured by the frozen assets," the revised judgment is $94.9 million [ECF No. 1997] while the frozen assets were at $122 million in the Receiver's last valuation

---

[1] To be clear, outstanding fees incurred during the period commencing with November 2020 and through at least August 2021 (for July time) are in the amount of $208,152.64.

[ECF No. 2039-5 at 4] and have increased since then. The Court should continue its prior orders of allowing Murtha to be paid at the rate of $31,000 per month, or should allow Murtha to withdraw immediately from the case, before incurring further fees related to briefing a response to the Receiver's proposed liquidation plan, which involves complicated and complex issues that will require further research.

The Court should also allow future fees as the liquidation issues have been bifurcated by the Receiver and further briefing and research will be required in subsequent phases, as well as for other issues that may arise while the appeals are pending.

### III.   Conclusion

**WHEREFORE**, for the reasons within, the Relief Defendants respectfully request that the Court reconsider its Order with respect to Murtha and continue to entertain fee motions from Murtha by including Murtha in footnote 1 and granting Murtha's pending fee motion in the amount of $208,152.64, or allow Murtha to immediately withdraw from the case before incurring further fees.[2]

---

[2] Murtha is owed a total of outstanding incurred fees of $458,063.13 since the inception of this proceeding in July 2015 through August 2021 (for July time).

        Respectfully Submitted,

By: */s/ Paul E. Knag*
Paul E. Knag – ct04194
pknag@murthalaw.com
Murtha Cullina LLP
177 Broad Street, 16th Floor
Stamford, Connecticut 06901
Telephone: 203.653.5400
Facsimile:  203.653.5444

*Attorneys for Relief Defendants
I-Cubed Domain, LLC, Shalini Ahmed,
Shalini Ahmed 2014 Grantor Retained
Annuity Trust, Diya Holdings, LLC, Diya
Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

        */s/ Paul E. Knag*
        Paul E. Knag – ct04194