UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>August 26, 2021 |

**ENDORSEMENT ORDER**

Defendant requests that this Court reduce the awarded disgorgement order in the instant case "by the amount rendered against him in the New York State Supreme Court Case of *NMR e-Tailing vs. Oak, et al* [sic], Index Number 656450/2017." (Mot. to Reduce Disgorgement in this Case by the Amount of J. in the New York State Proceeding [Doc. # 2033] at 1.) The Securities and Exchange Commission ("SEC") opposes, arguing that the motion is premature because the New York State judgment was appealed, the Court lacks jurisdiction to alter the judgment because the Amended Judgment was appealed, and a reduction would be "inequitable" and "inappropriate." (Pl. United States Securities and Exchange Commission's Opp. [Doc. # 2066] at 5-9.) The Relief Defendants join Defendant's motion [Doc. # 2060] and the Receiver takes no position [Doc. # 2055].

The Court assumes the parties' familiarity with the history of this SEC enforcement action, but will briefly review the background relevant to this motion. On December 14, 2018, the Court entered an Amended Judgment against Defendant [Doc. # 1054]. Defendant and Relief Defendants appealed this Judgment [Docs. ## 1100, 1101]. The Second Circuit granted a limited remand to allow the Court to determine if the disgorgement order was consistent with § 6501 of the National Defense Authorization Act [Doc. # 1801]. The Court increased the disgorgement amount [Doc. # 1997] and on July 06, 2021, entered the Redetermined Final Amended Judgment against Defendant [Doc. # 2011]. Defendant and Relief Defendants appealed these determinations [Docs. ## 2013, 2019].

The Court finds that it lacks jurisdiction. A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). A district court cannot "act [] impermissibly to modify a judgment substantively," but can "clarify its order." *United States v. Viola*, 555 F. App'x 57, 59-60 (2d Cir. 2014) (quoting *United States v. Nichols*, 56 F.3d 403, 411 (2d Cir. 1995)). In this case, Defendant and Relief Defendants have appealed the Redetermination of Defendant's Disgorgement Obligation and the Amended Judgment, and thus, conferred jurisdiction on the Second Circuit. Reducing the disgorgement amount by more than $10 million exceeds the scope of the Court's jurisdiction.

For the foregoing reasons, Defendant's motion is DENIED.

IT IS SO ORDERED.



Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 26th day of August 2021.