UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                    )
UNITED STATES SECURITIES            )
AND EXCHANGE COMMISSION,            )
                                    )
          Plaintiff,                )
                                    )
     v.                             )   Civil Action No. 3:15cv675 (JBA)
                                    )
IFTIKAR AHMED,                      )
                                    )
          Defendant, and            )
                                    )
IFTIKAR ALI AHMED SOLE PROP;        )
I-CUBED DOMAINS, LLC; SHALINI AHMED;)
SHALINI AHMED 2014 GRANTOR RETAINED )
ANNUITY TRUST; DIYA HOLDINGS LLC;   )
DIYA REAL HOLDINGS, LLC; I.I. 1, a minor )
child, by and through his next friends IFTIKAR )
and SHALINI AHMED, his parents; I.I. 2, a minor )
child, by and through his next friends IFTIKAR )
and SHALINI AHMED, his parents; and I.I. 3, a )
minor child, by and through his next friends )
IFTIKAR and SHALINI AHMED, his parents, )
                                    )
          Relief Defendants.        )
_____ )

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO RELIEF DEFENDANTS' MOTION FOR RELEASE OF FUNDS FOR APPELLATE ATTORNEY'S FEES**

Plaintiff United States Securities and Exchange Commission ("SEC") hereby files this opposition to Relief Defendants' motion [Doc. # 2067] seeking the release of $4,108.75 for attorneys' fees associated with their appeal ("Motion"). As outlined herein, because there are expected to be insufficient funds to satisfy the judgment, because the Motion is facially deficient, and because it is unlikely that Ms. Ahmed is unable pay approximately $4,100 toward her appellate attorneys' fees despite her claims to the contrary, the Motion should be denied.

1

## BACKGROUND

On September 11, 2019, Relief Defendants filed [Doc. # 1273] an emergency motion seeking the release of frozen funds for appellate attorneys' fees arguing immediate action was required because "[w]hile a Notice of Appeal was filed, no appearance has yet been filed by appellate counsel in the Court of Appeals, pending payment" and thus default was a possibility. *Id*. at 2.

On September 16, 2019, the Court granted [Doc. # 1287] the motion with modification upon recognizing that, at that time, "the Receiver d[id] not believe that a disbursement of $350,000" would "adversely impact" his ability to satisfy the judgment, and that the appeal would be dismissed on procedural grounds if some of the Relief Defendants did not immediately obtain counsel:

> In light of the need for immediate action by the Relief Defendants in the Second Circuit, the Receiver's expectation that the requested release of funds will not impair his ability to secure the judgment or execute his other duties, the inability of most of the Relief Defendants to proceed pro se, and the prospective nature of the request, Relief Defendants' motions for appellate attorneys' fees [Docs.# 1080, 1273] are GRANTED with modification.

Id. at 3-4. The Court held that "[a]ny invoice submitted for the Court's approval shall be accompanied by documentation of Relief Defendants' inability to pay counsel absent release of funds from the Receivership Estate, including a sworn affidavit from Ms. Ahmed demonstrating her inability to pay the fees." *Id*. at 4

On March 11, 2021, the Second Circuit remanded the case back to this Court to determine Ahmed's "disgorgement obligation consistent with § 6501 of the National Defense Authorization Act" and stating that after the "new determination, either party may appeal in the normal course." Doc. # 1810.

On July 6, 2021, the Court entered [Doc. # 2011] its Redetermined Final Amended Judgment and Relief Defendants filed [Doc. # 2013] a Notice of Appeal three days later.

On July 23, 2021, Relief Defendants' counsel in this Court filed a letter with the Second Circuit stating Mr. Unikowsky would be handling the appeal, and Mr. Unikowsky filed a Notice of Appearance that same day. *See* ECF 18, 19.[1]

## ARGUMENT

First, the Court should decline to release monies that will be needed to satisfy the judgment, especially when Defendant and Relief Defendants previously pledged this same money to act as a *supersedeas* bond securing the judgment. *See, e.g.*, Doc. ## 1308 at 3; 1337 at 3. Though the SEC recognizes Relief Defendants' right to request the release of funds for appellate fees given the Court stated such motions would be "entertained," Doc. # 2047 at 2 n.1, the SEC does not agree with Relief Defendants' interpretation that such motions will be automatically granted or that the SEC cannot oppose such requests. Indeed, putting aside the current invoice deals with a new appeal,[2] the Court previously agreed to release funds after the Receiver stated such a release would likely not adversely impact his ability to satisfy the judgment, and at a time when Relief Defendants did not have appellate counsel who had appeared on their behalf, both of which have changed. Regardless, the SEC respectfully

---

[1] ECF numbers refer to the docket of Case No. 21-1686 in the Second Circuit.

[2] Relief Defendants' claim that the appeal has become "more complex than anticipated, in light of the enactment of the NDAA and the Second Circuit's remand," Motion at 2, but whatever complexities arose have already been dealt with. Relief Defendants previously submitted their opening briefs to the Second Circuit and have now litigated the applicability of the NDAA twice – both before the Second Circuit and this Court. Thus, presumably little remains to be done aside from the resubmission of arguments. Even the instant invoice does not deal with substantive appellate work and instead seeks payment for "review[ing]" this Court's "proceedings" and "opinion and judgment" and preparing "Second Circuit forms." Doc. # 2067-1 at 2.

3

objects to a release of money that will cause a larger amount of the judgment to go unsatisfied, especially prior to liquidation when the corpus of frozen assets remains prone to large fluctuations.

Second, the Motion is facially deficient. The Court previously held that "[a]ny invoice submitted for the Court's approval shall be accompanied by documentation of Relief Defendants' inability to pay counsel absent release of funds from the Receivership Estate, including a sworn affidavit from Ms. Ahmed demonstrating her inability to pay the fees." Doc. # 1287 at 4. Though Ms. Ahmed provides a sworn affidavit (that is difficult to credit as outlined below), she provides no documentation supporting her claim to be unable to pay her appellate attorneys' fees. The lack of documentation is especially material to the instant Motion given the fees are approximately $4,100, which is less than half of what she is allotted each month. *See, e.g.*, Doc. ## 2001 at 2-3 (seeking permission to release "$9,521.88…to the Relief Defendants every month" from certain accounts); 2002 (granting the request). Simply put, it is difficult to conceive how Ms. Ahmed could make a showing of an "inability to pay counsel absent release of funds from the Receivership Estate" when counsel is owed only $4,108.75. Doc. # 1287 at 4.

Lastly, even if Ms. Ahmed's affidavit was sufficient to comply with the Court's Order, the Court should decline to credit the statements made therein, at least on the current record. Ms. Ahmed remains unemployed despite holding an undergraduate degree from Princeton University and an MBA from Harvard University. Her representation that she is – and has been for more than six years – searching for but unable to find income producing employment is difficult to credit given the ongoing labor shortage in the United States. *See* Doc. # 2067-2.

Regardless, Ms. Ahmed receives more than $9,500 per month without any disclosed (or even known) expenditures, such as a mortgage payment, car payment, school tuition fees or

similar large expenditure that typically consumes material amounts of an individual's earnings. Given this, given she can afford routine travel to India with her children to vacation with her fugitive husband, and given that her prior sworn representations about her access to money were less than forthright, *see, e.g.*, Doc. # 1597 at 4-5 ("The Court shares the SEC's concerns about the Relief Defendants' prior lack of disclosure regarding Mrs. Ahmed's access to borrowed funds, especially in light of her earlier sworn statements regarding an inability to pay, submitted in support of various requests for release of funds"), the Court should deny the Motion or, at a minimum, demand she provide a more through explanation as to how she cannot afford a $4,108.75 expenditure.

## CONCLUSION

For the forgoing reasons, Relief Defendants' Motion should be denied.


DATED: September 13, 2021

*s/ Mark L. Williams*
Nicholas P. Heinke
Mark L. Williams
Stephen G. Yoder
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1027 (Williams)
(202) 551-4532 (Yoder)
HeinkeN@sec.gov
WilliamsML@sec.gov
YoderS@sec.gov
Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I certify that on September 13, 2021, a copy of the foregoing document was emailed to Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Paul E. Knag
Kristen L. Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(Counsel for Relief Defendants)

Christopher H. Blau
Stephen M. Kindseth
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
(Counsel for Receiver, Jed Horwitt, Esq.)

*s/ Mark L. Williams*
Mark L. Williams