# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____

UNITED STATES SECURITIES AND )
EXCHANGE COMMISSION, )     No. 3:15-CV-675 (JBA)
         )
                Plaintiff, )
         )
     v. )
         )
IFTIKAR AHMED, )
              Defendant, and )
         )
IFTIKAR ALI AHMED SOLE PROP et al., )
         )     SEPTEMBER 24, 2021
              Relief Defendants. )
_____ )

## RELIEF DEFENDANTS' CONSOLIDATED RESPONSE TO THE RECEIVER'S OBJECTION AND SEC'S OPPOSITION TO THE RELIEF DEFENDANTS' MOTION FOR THE RELEASE OF FUNDS FOR APPELLATE ATTORNEY'S FEES

The Relief Defendants respectfully submit this consolidated response to the Receiver's Objection (ECF No. 2079, or "Objection") and the SEC's Opposition (ECF No. 2080, or "Opposition") to the Relief Defendants' Motion for Release of Funds for Appellate Attorney's Fees (ECF No. 2067, or "Motion"). The Relief Defendants reserve all rights.

The Receiver and SEC object to Relief Defendants' motion in view of their position that the judgment is allegedly unsecured. However, the Receiver and SEC completely ignore the arguments presented in Relief Defendants' motion:

- The Court issued an order appropriating $350,000 for Relief Defendants' counsel. Relief Defendants' counsel undertook this representation in good-faith reliance on the Court's order. Relief Defendants' counsel has already appeared in the Second Circuit. It would be unfair to Relief

Defendants' counsel for the Court to reverse course and prevent Relief
Defendants' counsel from being paid under the terms of the Court's prior
order.

- The remaining amount that the Court has appropriated is a small fraction
  of the total frozen assets.

- Even after the NDAA's enactment, the Court appropriated $35,000 in
  funds to allow Iftikar Ahmed to be represented by counsel on remand.
  (ECF No. 2046). Given that the Court was willing to appropriate new sums
  post-remand, it should permit the release of funds that have already been
  appropriated.

Rather than address these points, the Receiver asserts he "feels duty-bound to
object" solely due to his contention that "[the judgment is] likely under-secured…" and
due to his "obligation to secure such judgment for the Commission to the greatest extent
possible." (Objection at 1-2).    However, Relief Defendants' appellate counsel's
attorney's fees reflect a tiny fraction of the judgment and have already been
appropriated by the Court. Moreover, the judgment stands at $94.9 million, versus his
estimate of the value of frozen assets (not including assets, *inter alia*, he deemed not
necessary to value) at $122 million. The judgment is over-secured by over $27 million,
an amount far exceeding the attorney's fees sought by Relief Defendants' counsel.

It is also notable that the Receiver is continuing to submit fee applications
seeking release of frozen funds.  It does not appear that the SEC is objecting to those
fee applications.  Of course, Relief Defendants recognize that the Receiver undertook

his obligations in reliance on this Court's order.  However, the same is true for Relief Defendants' appellate counsel.

The SEC raises a series of meritless objections to Relief Defendants' motion. First, the SEC objects that the "current invoice deals with a new appeal."  (Opposition at 2).  That is incorrect.  Relief Defendants' appeal from this Court's judgment, for which the Court authorized Relief Defendants to obtain counsel, has never been resolved. Indeed, the SEC never filed any brief in the Second Circuit.  Instead, prior to its merits brief becoming due, the SEC moved—over Relief Defendants' opposition—for a limited remand for purposes of increasing the judgment.  After this Court amended the judgment, Relief Defendants filed a notice of appeal from the amended judgment, which has the effect of reactivating Relief Defendants' unresolved appeal.  Relief Defendants will now file a new brief which includes all of Relief Defendants' challenges to the amended judgment.

Next, the SEC contends that Relief Defendants' counsel does not need to be paid anymore because "presumably little remains to be done aside from the resubmission of arguments."  (Opposition at 3).  To the contrary, much remains to be done.  Relief Defendants' counsel must: (1) file a new opening brief; (2) file a reply brief addressing the SEC's defenses of the judgment in the SEC's forthcoming merits brief; and (3) conduct oral argument.

The SEC also claims that counsel is not seeking payment for "substantive appellate work."  This is also wrong.  Counsel's invoice seeks payment for filling out the Second Circuit's mandatory forms which require detailed information about the district court litigation and issues on appeal.  This is "substantive" work that plainly falls within

the scope of appellate counsel's representation.   Counsel's invoice also covers counsel's review and analysis of this Court's decision.   A lawyer cannot write a brief appealing a court order unless the lawyer reads and analyzes the court order.

Contrary to the SEC's assertion, Relief Defendants cannot pay these attorney's fees.[1]   The SEC's contention that Ms. Ahmed could use half of the monthly living allowance for her and the three minor children towards legal fees "simply does not comport with the reality of the situation." (ECF No. 1648).   Ms. Ahmed has several bills outstanding and the monthly living allowance is used for, *inter alia*, health care premiums, medical copays, prescription bills, medical deductibles, updated prescriptions for eyeglasses.   Apart from the health care and medical costs, there are, *inter alia*, heating bills, electricity bills, natural gas bills, phone bills, internet bills, service calls, food costs, clothing and shoe costs, sports equipment/school supplies costs, auto insurance, auto maintenance and repair/servicing costs, auto gasoline costs, lawn/snow removal costs, garbage removal costs, home alarm maintenance, gate maintenance, water treatment services, plumbing services, electrician services, insect/pest service, etc.   There have also been additional costs due to appliances not working and needing repairs, and the recent flooding caused by Hurricane Ida.

---

[1] Further, the SEC only partly quotes the Court's statement and also takes it out of context.   The SEC states that "The Court shares the SEC's concerns about the Relief Defendants' prior lack of disclosure regarding Mrs. Ahmed's access to borrowed funds, especially in light of her earlier sworn statements regarding an inability to pay, submitted in support of various requests for release of funds" but the SEC deliberately neglects the remaining part of the Court's statement which further stated: "However, the SEC has not identified—and the Court has not found—any specific prior statement by Mrs. Ahmed that is wholly inconsistent with her admission regarding borrowing funds for tuition payments." (ECF No. 1597 at 5).   The SEC's citation is not relevant here and as Ms. Ahmed has stated, there is no one who will pay or lend funds to pay *attorney's fees.*

These all add up and Ms. Ahmed is barely able to make do within the monthly allowance approved by the Court for living expenses. Despite rising inflation, Ms. Ahmed has avoided approaching the Court for inflation adjustment to her living expenses.  It is impossible for Ms. Ahmed to pay legal counsel fees from the monthly living expenses.

The SEC also expresses doubt that Ms. Ahmed is unable to find a job.  However, Ms. Ahmed has already addressed her employment efforts in her affidavit, including that the adverse publicity of this case has hindered efforts at employment.  Moreover, as a single parent with no help, Ms. Ahmed does all laundry, ironing, cooking, cleaning, grocery and shopping, and is raising the three minor children effectively as a single parent while trying to keep their lives as normal as possible. Finally, this Court has frozen all of Ms. Ahmed's assets and she is an innocent party spending all of her time dealing with multiple cases and multiple federal agencies – mostly as a *pro se* litigant. This requires significant time spent on legal research as well as legal procedures to ensure that Ms. Ahmed's (and/or Relief Defendants') rights are protected.

### Conclusion

The Relief Defendants respectfully request that the Court grant the Motion in full and release the requested amount.

Respectfully Submitted,

By: /s/ Paul E. Knag
Paul E. Knag – ct04194
pknag@murthalaw.com
Kristen L. Zaehringer – ct27044
kzaehringer@murthalaw.com

Murtha Cullina LLP
177 Broad Street, 16th Floor
Stamford, Connecticut 06901
Telephone: 203.653.5400
Facsimile:  203.653.5444

*Attorneys for Relief Defendants
I-Cubed Domain, LLC, Shalini Ahmed,
Shalini Ahmed 2014 Grantor Retained
Annuity Trust, Diya Holdings, LLC, Diya
Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a copy of the foregoing will be sent by e-mail to all

parties by operation of the Court's electronic filing system or by mail to anyone unable

to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may

access this filing through the Court's CM/ECF system.

 /s/ Paul E. Knag
Paul E. Knag – ct04194