UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>October 15, 2021 |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On July 23, 2021, this Court denied Defendant Iftikar Ahmed's Motion to seal Plaintiff Securities and Exchange Commission's ("SEC") Memorandum in Opposition to Plaintiff's Motion for Living Expenses [Doc. # 2031]. In so doing, the Court rejected Mr. Ahmed's argument that the entire Memorandum was "irrelevant, unreliable, defamatory, and scandalous" but granted the SEC's motion to seal Exhibit A to its Memorandum. (Order Granting Plaintiff United States Securities and Exchange Commission's Motion to Seal Exhibit A to Its Memorandum in Opposition to Defendant's Motion for Release of Funds and Denying Defendant's Motion to Seal and Relief Defendants' Motion to Strike ("Order") [Doc. # 2031] at 1-2.) Mr. Ahmed now moves for reconsideration [Doc. # 2036] of that Order, requesting that the Court amend its statements in the Order, strike Exhibit A, or disregard Exhibit A.

To succeed on a motion for reconsideration, the movant must identify "the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order.'" *SEC v. Illarramendi*, No. 11-cv-78 (JBA), 2014 WL 905443, at *1 (D. Conn. Mar. 7, 2014) (quoting D. Conn. L. Civ. R. 7(c)) (alteration in original). The "major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (internal quotations omitted). "[A] party cannot prevail on a motion for reconsideration based on arguments already raised and litigated or arguments or theories it failed to raise in the underlying motion." *Kleban Holding Co. v. Ann Taylor Retail, Inc.*, No. 3:11-cv01879 (VLB), 2014 WL 12754945, at *1 (D. Conn. Sept. 3, 2014).

In his motion for reconsideration, Mr. Ahmed reasserts his argument that he has not fabricated his income, employment status, or use of aliases. (Def.'s Mot. To Reconsider Ct.'s Ruling ("Def.'s Mot.") [Doc. # 2036] at 3.) He argues that the Court is treating him unfairly, as the Court has not ordered the SEC or Receiver to call the individuals believed to be his aliases to confirm their identity as separate persons. (*Id.*) Further, he states that the SEC's reliance on an anonymous tip was violative of his Due Process rights. (*Id.*) In support, he provides an affidavit from Anil Reddy—a purported alias of Mr. Ahmed—which is notarized in India. (Ex. 1, Def.'s Mot. [Doc. # 2036-1] at 2.) He also contends that the Court overlooked the fact that Ms. Ahmed has met this individual. (Def.'s Mot. at 4; Relief Defendants' Resp. to SEC's Opp'n to Relief Defs.' Mot. to Strike SEC's Ex. 1 in SEC's Opp'n to Def.'s Emergency Mot. for Living Expenses [Doc. # 1913] at 2.)

Motions for reconsideration should not include "theories [that the movant] failed to raise in [his or her] underlying motion," *see Kleban Holding Co.*, 2014 WL 12754945, at *1, and Mr. Ahmed's motion does just that. Previously, Mr. Ahmed moved to seal the names of the individuals listed as aliases [Doc. # 1837] while the Relief Defendants moved to Strike Exhibit A [Doc. # 1849]. Now, Mr. Ahmed asks the Court to reconsider its statement that

Exhibit A "includes the names of aliases used by the Defendant" and "strike Exhibit A in its entirety or in the alternative, keep Exhibit A sealed and disregard it entirety [sic.]." (Def.'s Mot. at 4). As his Motion for Reconsideration advances theories and requests that were not raised in his original Motion to Seal, but could have been, Mr. Ahmed's Motion for Reconsideration fails.

Furthermore, even if his motion was facially sufficient, Mr. Ahmed has not pointed to "controlling decisions or data that the court overlooked." D. Conn L. Civ. R. 7(c). Rather, his assertions that he has not lied about his income, employment status, or use of aliases "seeks solely to relitigate an issue already decided." *Illarramendi*, 2014 WL 905443, at *1. He submits an affidavit, attempting to confirm that Anil Reddy is a separate person from himself, but this unverifiable evidence was neither previously unavailable nor overlooked. Additionally, the fact that Ms. Ahmed "has actually met [Mr.] Reddy" does not alter the Court's analysis. (*See* Def.'s Mot. at 4.) Mr. Ahmed asserts that this statement proves that the individuals listed in Exhibit A "are real people." (*Id.*) However, this unsworn statement does not provide the type of verifiable proof necessary for the Court to reconsider its decision to conclude that the SEC's entire exhibit should be struck.

For the foregoing reasons, Defendant's Motion to Reconsider the Court's Ruling [Doc. # 2036] is DENIED.

                                                IT IS SO ORDERED.

                                                _____/s/_____

                                                Janet Bond Arterton, U.S.D.J.

                    Dated at New Haven, Connecticut this 15th day of October 2021.