UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>October 15, 2021 |

**ORDER GRANTING PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S MOTION TO SEAL EXHIBIT E OF ITS NOTICE OF ADDITIONAL EVIDENCE OF DEFENDANT'S FALSE STATEMENTS AND DENYING DEFENDANT'S MOTION TO STRIKE**

In further support of its Motion to Preclude Further Affidavits from Iftikar Ahmed [Doc. # 1795], which was denied by this Court on May 12, 2021 [Doc. # 1960], Plaintiff Securities and Exchange Commission (SEC) filed a notice of additional evidence on April 8, 2021. (*See* Notice of Additional Evid. of Def.'s False Statements [Doc. # 1877].) SEC moves to seal Exhibit E of its Notice because it contains an image of Defendant's mother's Indian passport. (Pl.'s Mot. to Seal Ex. E [Doc. # 1878-8] of the SEC's Not. of Additional Evid. of Def.'s False Statements [Doc. # 1880].) Defendant moves to strike the entirety of the Notice and its attachments. (Def.'s Mot. to Strike SEC's Notice of Additional Evid. of Def.'s False Statements [Doc. # 1883].)

Documents filed with the Court have a presumption of public access and may be sealed only upon a particularized showing of clear and compelling reasons. *See* D. Conn. L. Civ. R. 5(e)(3). Exhibit E to Plaintiff's Notice [Doc. # 1878-5] contains the private biographical information of a non-party to which the public does not enjoy a right of access. Defendant's mother's privacy interest far outweighs any public interest in disclosure of the private biographical information contained in a photocopy of her passport. Thus, Plaintiff's motion to seal Exhibit E [Doc. # 1880] is granted.

A court may strike "any redundant, immaterial, impertinent, or scandalous material" from a pleading or motion. Fed. R. Civ. P. 12(f). "[M]otions to strike are viewed unfavorably and rarely granted," and the power to grant a motion to strike "is vested in the trial court's sound discretion." *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 15 (D. Conn. 2013). The movant "'bears a heavy burden' to establish the basis for the motion." *Id.* (quoting *Impulsive Music v. Pomodoro Grill, Inc.*, No. 08–CV–6293, 2008 WL 4998474, at *2 (W.D.N.Y. Nov. 19, 2008)).

Defendant argues that the SEC has no basis for its prejudicial claims that Defendant's mother acted as his nominee in investing in and conducting business in India. (Def.'s Mot. to Strike SEC's Notice of Additional Evid. of Def.'s False Statements [Doc. # 1883] at 2.) He further claims that this allegation is irrelevant to the underlying dispute. (*Id.*) However, the SEC's Notice contains documentation supporting its proposition in the form of multiple exhibits, including copies of corporate records, scans of Defendant's Indian identification cards, and examples of the Defendant's signature and his mother's signature for the Court's comparison. (*See* Exs. A-G [Docs. ## 1877-1-7].) While Defendant contends that the SEC's assertions are incorrect, he has not provided verifiable evidence to show their inaccuracy. Further, since Defendant has requested that this Court release fees because of his indigency, and thus, has placed his indigency and credibility at issue, the SEC's claims are not irrelevant. (*See e.g.*, Def.'s Emergency Mot. for Release of Funds for Living Expenses [Doc. # 1796].) The

Court concludes that the Notice was properly filed and Defendant's Motion to Strike [Doc. # 1883] is denied.

Accordingly, Plaintiff's Motion to Seal [Doc. # 1880] is GRANTED and Defendant's Motion to Strike [Doc. # 1883] is DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 15th day of October 2021.