UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>　　　*Plaintiff*,<br>　　　*v.*<br>IFTIKAR AHMED,<br>　　　*Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>　　　*Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>December 2, 2021 |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On August 2, 2021, the Court denied Defendant Iftikar Ahmed's Motion for Attorney's Fees [Doc. # 2040]. Mr. Ahmed then moved for clarification [Doc. # 2042] and reconsideration [Doc. # 2049] of that Order, and the Court denied both motions on November 5, 2021 [Doc. # 2099]. Mr. Ahmed now seeks reconsideration of the Court's November 5th Order, denying his Motion for Reconsideration and Motion for Clarification. (Def.'s Renewed Mot. for Clarification and Mot. for Reconsideration of Order # 2099 ("Def.'s Renewed Mot.") [Doc. # 2105].)

By way of a "renewed motion," Mr. Ahmed seeks reconsideration of the Court's denial of his motion for clarification, and "requests clarification on what the Defendant can and should file that this Court would accept as 'independently verifiable evidence.'" (*Id.* at 1.) He states that Ms. Ahmed cannot provide verifiable evidence on the subject as she is not with

1

him in India. (*Id.* at 3-4.) Mr. Ahmed previously requested "clarification and guidance" on what amounts to "material and objectively verifiable corroboration," (Def.'s Mot. For Clarification [Doc. # 2042] at 1), and the Court concluded that its previous Order was sufficiently clear and that clarification was unnecessary. (Order Denying Def.'s Mot. for Clarification & Mot. for Reconsideration [Doc. # 2099] at 2.) Mr. Ahmed claims that the Court overlooked the fact that his requested fees "will not impact the over-securitization of the SEC's judgment amount" and the fact that the Court previously released funds for fees incurred by the same attorney. (*Id.* at 2-3.) These considerations do not alter the Court's previous conclusion that clarification is unnecessary. Mr. Ahmed is relitigating an issue already decided, *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), and as such, his motion for reconsideration fails.

In his motion, Mr. Ahmed also seeks reconsideration of the Court's denial of reconsideration. Such a motion is improper. *See Fret v. Melton Truck Lines, Inc.*, No. SA-15-CV-00710-OLG, 2017 WL 5653905, at * 5 (W.D. Tex. Feb. 13, 2017) ("The federal rules do not provide for a motion requesting a reconsideration of a denial of reconsideration."). Even if the Court considered the merits of Mr. Ahmed's motion for reconsideration, he has not provided the Court with "independently verifiable of evidence of [his] claimed indigency that was unavailable at the time of his motion for attorney's fees," (Order Denying Def.'s Mot. for Clarification & Mot. for Reconsideration [Doc. # 2099] at 4), and the matters Mr. Ahmed claims the Court has "overlooked" do not lead the Court to abandon its prior conclusion.

For the foregoing reasons, Mr. Ahmed's motion for reconsideration [Doc. # 2105] is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 2nd day of December 2021.