UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>December 7, 2021 |

**RULING DENYING RELIEF DEFENDANTS' MOTION FOR LEAVE TO FILE A CONSOLIDATED SUR-REPLY**

On June 16, 2021, the Court redetermined Defendant Iftikar Ahmed's disgorgement obligation after remand by the Second Circuit. In its ruling, the Court directed the Receiver to submit a proposed liquidation schedule "upon which all Parties may comment." (Redetermination of Def.'s Disgorgement Obligation [Doc. # 1997] at 13.) Plaintiff Securities and Exchange Commission ("SEC") filed its response to the Receiver's Proposed Plan of Liquidation on July 29, 2021 [Doc. # 2037] and Defendant and Relief Defendants filed their responses on August 16, 2021 [Docs. ## 2064, 2065]. Relief Defendants then filed a response to the SEC's response [Docs. # 2074]. On August 30, 2021, Receiver filed a consolidated brief,

replying to the responses filed by the Relief Defendants, Defendant, and Daniel G. Johnson[1] [Doc. # 2071]. The SEC also filed a consolidated reply brief, responding to the Defendant's and Relief Defendants' oppositions [Doc. # 2075]. Relief Defendants now seek to file a consolidated sur-reply to the SEC and Receiver's consolidated reply briefs [Doc. # 2078].

Relief Defendants claim that the SEC and Receiver's reply briefs contain "factual misstatements and issues raised for the first time" which warrant a sur-reply. (Mot. for Leave to File a Consolidated Sur-Reply ("Relief Defs.' Mot.") [Doc. # 2078] at 1.) They seek to address five points—President Biden's proposed tax plan, the use of Second Circuit precedent, the contention that their briefs in opposition call for reconsideration, the potential interest and gains calculation of the judgment, and the creation of a reserve. (*Id.* at 1-2.) The SEC opposes, noting that "neither the SEC nor the Receiver raised new arguments that would warrant a sur-reply, but rather properly responded to Defendant's and Relief Defendants' arguments." (SEC's Opp'n to Relief Defs.' Mot. for Leave to File a Consolidated Sur-Reply ("SEC's Opp'n") [Doc. # 2068] at 3.)

Local Rule 7(d) governs the filing of sur-replies and a court may grant permission to file a sur-reply in its discretion if good cause is shown. D. Conn L. Civ. R. 7(d). "[L]eave to file a sur-reply should be denied where the moving party 'previously had ample opportunity to address' the opposing party's arguments." *Williams v. City of Hartford*, 3:15CV00933(AWT), 2017 WL 11448094, at *5 (D. Conn. June 26, 2017) (quoting *Tnaib v. Document Techs., LLC*, 450 F. Supp. 2d 87, 89 n.3 (D.D.C. 2006)).

The Court concludes that Relief Defendants have failed to demonstrate good cause to file a sur-reply brief and addresses their arguments *seriatim*. Relief Defendants first take issue with the Receiver's characterization of President Biden's proposed tax plan, which they contend may be retroactive to April 2021. (Relief Defs.' Mot. at 1.) The Receiver raised this

---

[1] Daniel G. Johnson is the trustee of the Iftikar A. Ahmed Family Trust and custodian of the Uniform Transfer to Minors Act Accounts and filed a response to the Receiver's Liquidation Plan on August 16, 2021 [Doc. # 2063].

proposed tax plan, which may almost double the applicable increased capital gains rate, in response to the Defendant's argument that a pre-liquidation tax analysis would benefit the estate, which the Receiver asserts would cause delay and expose the Estate to the increased capital gains rate. (Receiver's Consolidated Reply [Doc. # 2071] at 7-8.) In his reply brief, however, the Receiver recognized that this proposed tax plan may be retroactive. (*Id.* at 8 n.8.) Next, Relief Defendants claim that SEC improperly stated that "Second Circuit decisions do not require payment of taxes or pre-liquidation tax analysis when they do," citing *SEC v. S&P Nat'l Corp.*, 360 F.2d 741, 752 (2d Cir. 1966). This same case was cited in Relief Defendants' Opposition and Relief Defendants previously had "ample opportunity to address" this argument. *Williams*, 2017 WL 11448094, at *5 (internal citations omitted). Both points were addressed in the briefing already before the Court, and as such, sur-reply briefing on these issues is unnecessary.[2]

Relief Defendants then argue that a sur-reply is necessary to address the SEC's argument that the Relief Defendants' opposition functions as a motion for reconsideration. While a reply brief cannot raise new arguments, it can address arguments made in an opposition. *See In re Loveria by Loveria v. Portadam, Inc.*, No. 3:09-cv-1214, 2010 WL 11541909, at * (N.D.N.Y. June 09, 2010). The SEC's characterization of Relief Defendants' arguments as a motion for reconsideration is not a new argument, but a response to arguments made in the Relief Defendants' opposition. This, accordingly, is not a proper basis for a sur-reply.

Finally, Relief Defendants argue that a sur-reply is warranted to address the impact of the appellate ruling on the interest and gains calculation and address funds that should be

---

[2] Relief Defendants also assert that the SEC and Receiver "misstate [their] position regarding timing of and when certain assets should be liquidated" and argue that it is their "right and obligation to correct [such] misstatements." (Relief Defs.' Response to SEC's Opp'n to Relief Defs.' Mot. for Leave to File a Consolidated Sur-Reply ("Relief Defs.' Reply") [Doc. # 2088] at 5.) But as their position is articulated in their original opposition, sur-reply briefing on any misstatements is unwarranted.

covered by a "reserve." (SEC's Opp'n at 4 (citing Relief Defs.' Obj. at 12, 24, 37).) Both issues were raised by Relief Defendants in their opposition. (Relief Defs.' Opp'n to Receiver's Proposed Plan of Liquidation [Doc. # 2064] at 24 ("Any discussion of the interest and gains methodology must await appellate ruling"), 37 ("Any such reserve should include all expenses including [Relief Defendant counsel payments, Defendant counsel payments, living expenses and children's education, and any emergency payments].").) As Relief Defendants have already briefed these arguments, they have failed to demonstrate good cause to file a sur-reply.[3]

For the foregoing reasons, Relief Defendants' Motion for Leave to File a Consolidated Sur-Reply [Doc. # 2078] is DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of December 2021.

---

[3] Relief Defendants also state that they "had to correct the SEC's wild aspersions and ludicrous statements, such as the Court is 'funding Ms. Ahmed's opulent lifestyle.'" (Relief Defs.' Reply at 5.) Even this statement responds to arguments raised by the Relief Defendants in their opposition and does not require sur-reply briefing.

4