UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>        *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>December 8, 2021 |

**ORDER DENYING RELIEF DEFENDANTS' MOTIONS FOR APPELLATE ATTORNEY'S FEES**

Relief Defendants have moved for the release of $11,533.75 for fees and costs incurred by their appellate attorneys from July through September 2021. (Mot. for Release of Funds for Appellate Attorney's Fees [Doc. #2067] at 1; Mot. for Release of Funds of Appellate Attorney's Fees [Doc. #2090] at 1.) Plaintiff Securities and Exchange Commission ("SEC") and the Receiver oppose [Docs. ## 2079, 2080, 2097, 2098].

By way of background, on September 16, 2019, the Court granted Relief Defendants' Emergency Motion for Appellate Attorney Fees and approved the "release of up to $350,000 from the Receivership Estate for reasonable attorneys' fees." (Ruling Granting Relief Defendants' Emergency Motion for Appellate Attorney Fees [Doc. # 1287] at 4.) The Court stated that requests for the payment of fees must be "accompanied by documentation of Relief Defendants' inability to pay counsel absent release of funds from the Receivership

Estate, including a sworn affidavit from Ms. Ahmed demonstrating her inability to pay the fees." (*Id.*) To date, Relief Defendants' appellate counsel have been paid $214,105.21 of the $350,000 cap [Doc. # 1814].

The Relief Defendants support their motions with invoices from Jenner & Block LLP and an affidavit from Ms. Ahmed stating that she has unsuccessfully sought to obtain income and does "not have sufficient funds from any source to pay appellate counsel." (Mot. for Release of Funds for Appellate Attorney's Fees [Doc. #2067-1-2]; Mot. for Release of Funds of Appellate Attorney's Fees [Doc. #2090-1-2].) Ms. Ahmed has provided this identical affidavit declaring her inability to pay attorneys' fees for over a year. (*Compare* Ex. 2, Decl. of Shalini Ahmed Regarding Inability to Pay Attorney Fees [Doc. # 1631-2] *with* Ex. 2, Decl. of Shalini Ahmed Regarding Inability to Pay Attorney Fees [Doc. # 2090-2].)

The Receiver objects to the release of these funds because the judgment is now likely under-secured by the Receivership Estate. (Receiver's Obj. to Relief Defs.' Mot. for Release of Funds for Appellate Attorney's Fees [Doc. # 2079] at 3-4; Receiver's Obj. to Relief Defs.' Mot. for Release of Funds for Appellate Attorney's Fees [Doc. # 2097] at 2.) The SEC raises three objections. (Pl. SEC's Opp'n to Relief Defs.' Mot. for Release of Funds for Appellate Attorney's Fees [Doc. # 2080] at 3-5; Pl. SEC's Opp'n to Relief Defs.' Mot. for Release of Funds for Appellate Attorney's Fees [Doc. # 2098] at 2-3.) It echoes the Receiver's concern that the money requested may be needed to satisfy the judgment, argues that the motions are deficient because Ms. Ahmed does not provide accompanying documentation demonstrating her inability to pay the referenced fees, and contends that the Court should discredit Ms. Ahmed's statements that she cannot afford these fees because she is given a monthly allowance of $9,500. (*Id.*)

In fact, Ms. Ahmed has not provided the Court with documentation of her inability to pay these fees, as required by the Court's Ruling. (Ruling Granting Relief Defendants' Emergency Motion for Appellate Attorney Fees [Doc. # 1287] at 4 ("Any invoice submitted

for the Court's approval shall be accompanied by documentation of Relief Defendants' inability to pay counsel absent release of funds from the Receivership Estate.").) The Relief Defendants' contention that Ms. Ahmed must use her entire monthly allowance to pay outstanding bills, (*see* Relief Defs.' Reply [Docs. ## 2085, 2109]), cannot be adequately assessed in the absence of an updated affidavit with detail and supporting documentation.

For the foregoing reasons, the Relief Defendants' Motions [Docs. ## 2067, 2090] are DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 8th day of December 2021.