UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>December 8, 2021 |

**RULING ON RELIEF DEFENDANTS' MOTION TO STRIKE NON-PARTY OAK'S RESPONSE TO THE RECEIVER'S PROPOSED PLAN OF LIQUIDATION**

Relief Defendants move to strike or otherwise disregard non-party Oak Management Corporation's ("Oak") response [Doc. # 2062] to the Receiver's Proposed Plan of Liquidation [Doc. # 2022] because Oak, as a non-party, "has no rights or standing to file any motion or document in this proceeding." (Relief Defs.' Mot. to Strike ("Relief Defs.' Mot.") [Doc. # 2072].) Oak argues that it, as a creditor, has a "clear interest in ensuring that an adequate process is established relating to any residual assets" and asserts that Relief Defendants have not met the standard for a motion to strike. (Oak's Mem. in Opp'n [Doc. # 2083].)[1]

On June 16, 2021, the Court recalculated Defendant's disgorgement obligation after remand by the Second Circuit. (Redetermination of Def.'s Disgorgement Obligation [Doc. #

---

[1] Neither the Receiver nor Defendant have commented.

1997] at 13.) In that ruling, the Court directed the Receiver to submit a proposed liquidation schedule by July 15, 2021 on which "all Parties may comment." (*Id.*) Oak filed a response to the Receiver's proposed liquidation plan on August 16, 2022, requesting that the Court hold "excess assets" in abeyance for thirty days to protect the rights of creditors and direct a "full inventory of the [Ahmed's] household furnishings . . . before any such furnishings are designated as Minor Assets and released." (Oak Management Corp.'s Resp. to the Receiver's Proposed Liquidation Plan [Doc. # 2062] at 2-3.)

The Federal Rules of Civil Procedure contemplate that only "parties" may file motions and pleadings. *See* Fed. R. Civ. P. 7. As the Court stated in its prior ruling [Doc. # 1790], where the non-party's filing is not a motion, but simply a document to be viewed by the Court ("Oak Management Corporation's Response to the Receiver's Proposed Liquidation Plan"), there is little case law available to guide the Court's decision. *See DRFP, LLC v. Republica Bolivariana de Venezuela*, No. 2:04-CV-793, 2012 WL 995288, at *2 (S.D. Ohio Mar. 22, 2012). Because the Rules presume that only parties will file documents, the non-party may be required to demonstrate why an exception is appropriate. *See id.* ("It is not unreasonable to place the burden on the non-party to show why its filing is proper or serves some proper purpose that cannot legitimately be accomplished apart from the unusual step of filing a document in a case to which it is not a party.").

Oak had not made such a showing here. In its Response to the Receiver's Proposed Liquidation plan, Oak did not detail why it, as a non-party, should be permitted to provide comment.[2] (Oak Management Corp.'s Resp. to the Receiver's Proposed Liquidation Plan at 2-3.) While it states that other non-parties provided comment and contends that the Proposed Liquidation Plan will have a "direct and immediate impact" on it as a creditor, (*id.*), this does not persuade the Court that Oak should be entitled to an exception and permitted to file a

---

[2] Oak's failure is particularly notable because the Court stated that "all *Parties* may comment" to the Receiver's Proposed Liquidation plan. (*See* Redetermination of Def.'s Disgorgement Obligation [Doc. # 1997] at 13 (emphasis added).)

response to the Receiver's Proposed Liquidation Plan. Thus, it will be disregarded as unauthorized and deficient. Because the Court will disregard Oak's filing, Relief Defendants' motion to strike is moot.

Accordingly, Relief Defendants' Motion to Strike Non-Party Oak's Response to the Receiver's Proposed Plan of Liquidation [Doc. # 2072] is DENIED in part as moot, and Oak's response will be disregarded by the Court.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 8th day of December 2021