UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>December 8, 2021 |

**RULING ON MURTHA CULLINA'S MOTION FOR FEES, RELIEF DEFENDANTS' MOTION FOR RECONSIDERATION, AND DEFENDANT'S MOTION FOR RECONSIDERATION**

On January 22, 2021, the Court modified its Asset Freeze Order and granted in part Relief Defendants' request for attorney's fees from June 2019 to October 2020, ordering $408,081.03 be paid to Murtha Cullina, LLP ("Murtha Cullina") and denying counsel's request to withdraw [Doc. # 1740]. The Court stated that it would "not entertain any further requests for Relief Defendants' district court legal fees until liquidation is complete since Murtha Cullina has been substantially compensated for its work and little remains to be done while awaiting decisions by the Second Circuit." (Order Directing Payment of Fees to Relief Defs.' Counsel and Denying Murtha Cullina's Motion to Withdraw ("Order") [Doc. # 1740] at 3.) About six months later, on June 8, 2021, Murtha Cullina moved for $176,465.50 in fees incurred since November 2020, or in the alternative, to withdraw as counsel [Doc. # 1991].

On August 4, 2021 this Court denied without prejudice Relief Defendants' and Defendant's various motions for releases of funds. (Omnibus Order Denying Relief Defendants' and Defendant's Motions for Release of Funds ("Omnibus Order") [Doc. # 2047] at 1-2.) The Court again stated that it would not release further funds from the Receivership Estate until the liquidation process is complete, (*id.*), noting in a footnote that "[r]equests for funds that have already been appropriated for certain expenses, like Relief Defendants' Appellate Counsel and Receivership Fees, may still be entertained by the Court." (*Id.* at 2 n.1 (citations omitted).) Relief Defendants seek reconsideration of this Order, arguing that the Court should adjust its footnote to include an explicit reference to their trial counsel, Murtha Cullina. (Relief Defs.' Mot. For Reconsideration of Ct.'s Omnibus Order with Respect to Murtha Cullina ("Relief Defs.' Mot.") [Doc. # 2053].) Defendant Ahmed moves for reconsideration or clarification of this order, asking the Court to reference his appellate and arbitral counsel in its footnote. (Def.'s Mot. to Reconsider or Clarify the Ct.'s Omnibus Order ("Def.'s Mot.") [Doc. # 2054].) For the reasons that follow, Murtha Cullina's Motion for Fees [Doc. # 1991] is DENIED in part, without prejudice, Relief Defendants' Motion for Reconsideration [Doc. # 2053] is DENIED, and Defendant's Motion for Reconsideration or Clarification [Doc. # 2054] is DENIED.

## I. Murtha Cullina's Motion for Fees

Murtha Cullina contends that it should be awarded attorney's fees as there are "changed circumstances which pose a great hardship to Murtha." (Mot. for Permission for Murtha Cullina to be Paid for Fees Incurred Since November 2020, at the $31,000 Rate per Month, or Alternatively, for Permission to Withdraw as Counsel ("Murtha's Mot.") [Doc. # 1991] at 4.) Based on the Second Circuit's partial remand on March 11, 2021 and the increased value of the Receivership Estate, it contends that funds should be disbursed for its

2

legal fees.[1] (*Id.*) It further argues that its request should not be considered a motion for reconsideration as its "motion is premised upon a sequence of events that did not exist and which no one, including the Court, anticipated." (*Id.* at 5.) It alternatively seeks reconsideration for fees to be awarded "to prevent manifest injustice" and "to correct the Court's predictions . . . [as] the Second Circuit's remand necessitated a tremendous amount of work." (*Id.* at 5, 5 n.4, 6.)

Plaintiff Securities and Exchange Commission ("SEC") and the Receiver object to Murtha Cullina's motion. (*See* Receiver's Response [Doc. # 2005]; Pl. SEC's Opp'n ("SEC's Opp'n") [Doc. # 2006].) Both argue that it is unclear whether the increased judgment can be satisfied by the Receivership Estate's assets and the award of attorney's fees is inappropriate before liquidation. (Receiver's Response at 4; SEC's Opp'n at 2.) They also note that Murtha Cullina's request includes fees predating the Second Circuit's remand. (Receiver's Response at 3; SEC's Opp'n at 3.) Further, the SEC characterizes Murtha Cullina's motion as "an unwarranted request for reconsideration." (SEC's Opp'n at 2.) The SEC and the Receiver take no position regarding Murtha Cullina's request to withdraw. (*Id.* at 4; Receiver's Response at 4.)

Murtha Cullina's motion is clearly a motion for reconsideration to the extent it requests the Court to reconsider its earlier order delaying payment of fees incurred prior to the disgorgement recalculation work performed until the completion of liquidation. As such, it is denied.

After the Second Circuit's remand to consider Mr. Ahmed's disgorgement obligation in light of § 6501 of the National Defense Authorization Act, on March 16, 2021, the Court ordered the parties' responsive briefing [Doc. # 1801]. Reasonable fees for this work have

---

[1] Murtha Cullina also argues that the Receiver's failure to pay the previously ordered fees constitutes an extraordinary circumstance. (Murtha's Mot. at 1-2.) However, the Receiver provided notice that this payment was disbursed on June 17, 2021 [Doc. # 1998] and Murtha Cullina's argument is moot.

not been previously considered. While the interest of justice requires that Murtha Cullina be compensated for the reasonable fees it incurred complying with the Court's order, Murtha Cullina's motion provides no billing records for the covered period of work on which a reasonable fee can be ascertained. Murtha Cullina may file its supplemental record in seven days from the date of this ruling.

Murtha Cullina requests to withdraw as counsel if the Court does not award additional fees. (Murtha's Mot. at 6.) Since the Court will be awarding additional fees, Murtha Cullina's request to withdraw as counsel appears moot.

## II.     Defendant and Relief Defendants' Motions for Reconsideration

Relief Defendants and Defendant argue that the Court should reconsider its Omnibus Order denying release of funds "to correct a clear error or prevent manifest injustice." (Relief Defs.' Mot. at 2 (quoting *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)); Def.'s Mot. at 2 (quoting *Doe*, 709 F.2d at 789).) They contend that the Court should reconsider its footnote, listing the types of motions for fees that the Court will entertain, to include an explicit reference to the fees incurred by Relief Defendant's trial counsel and Defendant's appellate and arbitral counsel. (Relief Defs.' Mot. at 2-3; Def.'s Mot. at 2.) This position does not reflect overlooked law, a change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. The footnote did not create an exhaustive list of acceptable motions for pre-liquidation release of funds. (*See* Omnibus Order at 2 n.1.) Defendant's claim that this footnote is manifestly unjust lacks merit.

While the Court will consider Murtha Cullina's properly presented fee application for work reasonably incurred in compliance with the post-remand briefing, there is no need to amend the challenged footnote as Murtha Cullina's previously denied fee requests are not being reconsidered. Relief Defendants' Motion is denied.

In the alternative, Defendant moves for clarification of this Ruling. (Def.'s Mot. at 1 n.1.) "Unlike a motion for reconsideration, a motion for clarification is not intended to alter

4

or change a court's order, but merely to resolve alleged ambiguities in that order." *Metcalf v. Yale Univ.*, No. 15-cv-1696 (VAB), 2019 WL 1767411, at *2 (D. Conn. Jan. 4, 2019). The Court may grant a motion for clarification and modify its ruling if it finds its previous order ambiguous or unclear. *Id.* Here, however, the Court does not find its previous ruling ambiguous or unclear, as the Court informed the Parties that it would consider properly documented requests for funds that have already been appropriated and provided two examples of such funds. The Court declines to modify its ruling to include further examples of the types of motions it will consider. Thus, Defendant's motion for reconsideration or clarification is denied.

## III.    Conclusion

For the foregoing reasons, the Murtha Cullina's Motion [Doc. # 1991] is DENIED in part, without prejudice, Relief Defendants' Motion for Reconsideration [Doc. # 2053] is DENIED, and Defendant's Motion for Reconsideration or Clarification [Doc. # 2054] is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 8th day of December 2021.

5