UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>December 8, 2021 |

**RULING ON RECEIVER'S NINTH AND TENTH MOTIONS FOR FEES**

Receiver Jed Horwitt moves for payment of fees and expenses incurred on behalf of the Receivership Estate. (Mots. for Fees [Docs. ## 1970, 2039].) Defendant opposes, (Def.'s Opps. [Docs. ## 1989, 2082]), and Relief Defendants join that opposition to the extent that it does not conflict with their interests, (Relief Defs.' Opps. [Docs. ## 1990, 2084].) Plaintiff Securities and Exchange Commission ("SEC") submitted no briefing on the issue.[1] For the

---

[1] The Court requests that, when the Receiver's final fee application is submitted, the SEC ensure that all the Receiver's fee applications have been in compliance with the SEC's billing instructions for Receivers. (*See* Order Appointing Receiver [Doc. #1070] at 8 ("The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estate as described in the 'Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission' (the 'Billing Instructions,' posted at https://www.sec.gov/oiea/Article/billinginstructions.pdf").) Any needed adjustments can then be made from the 20% holdback as part of the

reasons that follow, the Receiver's Ninth Motion for Fees is granted with modification and the Receiver's Tenth Motion is granted.

## I.  Background

The Court assumes the parties' familiarity with the facts and history of this case but will briefly review the background relevant to this motion. Receiver Jed Horwitt was appointed on December 20, 2018. (Appointment Order [Doc # 1070].) The Appointment Order states that the Receiver and persons retained to assist in his administration of the Receivership Estate are "entitled to reasonable compensation and expense reimbursement from the Receivership Estate," subject to "prior approval of the Court" and according to predetermined hourly billing rates. (*Id.* at 16.) The Receiver "shall apply to the Court for compensation and expense reimbursement from the Receivership Estate" within forty-five days after the end of each calendar quarter. (*Id.*) All such fee applications are "interim," "subject to cost/benefit and final reviews at the close of the receivership," and subject to a holdback in the amount of 20% of the amount of fees and expenses for each application, but the "total amounts held back during the course of the receivership may be paid out at the discretion of the Court as part of the final fee application." (*Id.* at 15-16.) The Appointment Order sets out certain requirements for the content of each application fee. (*Id.* at 17.)

## II.  Discussion

The Receiver moves for the payment of fees for the following periods: (1) January 1, 2021 through March 31, 2021, (Ninth Mot. for Fees ("Ninth Mot.") [Doc. # 1970] at 1); and (2) April 1, 2021 through June 30, 2021, (Tenth Mot. for Fees ("Tenth Mot.") [Doc. # 2039] at 1). The Ninth Motion represents 318.4 hours worked by the Receiver and Zeisler & Zeisler ("Z&Z") and seeks payment in the amount of $75,237.40 in professional and paraprofessional fees, $4,475.00 in Receiver's fees, and reimbursement of actual and necessary expenses in the amount of $1,001.01. (Ninth Mot. at 3.) The Tenth Motion

---

Receiver's final fee application.

represents 449.1 hours worked by the Receiver and Z&Z and seeks payment in the amount of $100,004.75 in professional and paraprofessional fees, $1,725.00 in Receiver's fees, and reimbursement of actual and necessary expenses in the amount of $1,374.08. (Tenth Mot. at 2-3.)

The "fees assessed reflect the hours worked by the Receiver, Z&Z attorneys and paraprofessionals, and the hourly rates applicable at the time that they rendered their services, as modified by the significant discounts provided by the Receiver and Z&Z" for this matter. (Tenth Mot. at 3.)[2] The Receiver represents that the fee applications

> take into account all relevant circumstances and factors as set forth in the Connecticut Rules of Professional Conduct and the SEC Guidelines, including the nature of the services performed, the amount of time spent, the experience and ability of the professionals and paraprofessionals working on this engagement, the novelty and complexity of the specific issues involved, the time limitations imposed by the circumstances, and the responsibilities undertaken by the Receiver and Z&Z under the Appointment Order.

(*Id.*) The applications include narrative descriptions of the services provided in the time records and summaries of the Receiver's administration of the Receivership Estate. (*Id.*) The Receiver does not seek "reimbursement for secretarial, word processing, proofreading or document preparation expenses (other than by professionals or paraprofessionals), data processing and other staff services (exclusive of paraprofessional services, or clerical overtime)." (*Id.*) The fee applications reflect the substantial public service discounts determined at the time of the Receiver's appointment, including a twenty-five percent discount to regularly applicable hourly rates for all legal professionals and paraprofessionals. (*Id.* at 4.) Pursuant to the SEC Guidelines, the Receiver and Z&Z categorized fees incurred by certain "activity categories." (*Id.* at 5-6.) The Receiver provided a detailed description of the activities of the Receivership Estate during each billing period. (*Id.* at 12-21; Ninth Mot. at 12-19.)

---

[2] Where the Receiver's motions contain significant overlap in content, the Court cites only to the Tenth Motion for Fees.

By and large, Defendant repeats the same arguments unsuccessfully raised in his objections to the Receiver's eight previous Motions for Receiver Fees. The Court has already addressed and rejected those arguments. (*See, e.g.*, First Ruling Granting Receiver's Mots. for Fees [Doc. # 1415]; Second Ruling Granting Receiver's Mots. for Fees ("Second Ruling") [Doc. # 1714].) The Court similarly rejects the following objections raised by Defendant: (1) general objections to the receivership, (Second Ruling at 4); (2) general objections to the fees charged by the Receiver, despite an hourly rate reduction and holdback, as "excessive, unreasonable, and not justified," (*id.*); (3) objections to the descriptions of the time entries, (*id.* at 6); (4) objections to the Receivership Estate paying Receiver's fees, (*id.* at 4); (5) objections to the Receiver's time spent on tax issues, (*id.* at 5); and (6) categorical objections to "double billing" wherein the Receiver bills more than one professional's time, (*id.* at 6).

The Court does agree with Defendant, however, that the Receiver must adjust the amounts above $250 per hour he has billed for his services in accordance with the Court's Ruling Granting Receiver's Motion for Fees [Doc. # 1982]. (*See* Def.'s Opp. to Ninth Mot. [Doc. # 1989] at 2.) In that Ruling, the Court directed the Receiver to adjust his hourly rate "to $250 per hour for all work billed, whether it is in a legal or non-legal capacity . . . this rate will apply going forward." (Ruling Granting Receiver's Motion for Fees [Doc. # 1982] at 6.) Insofar as the Receiver's Ninth Application for Fees is not in accord with this Court's $250 per hour cap, the Receiver's fees will be modified.

Defendant raises an additional ground in his Tenth objection arguing that the $35,000 plus the Receiver billed for the preparation of the Proposed Liquidation Plan is an excessive amount. (Def.'s Opp. to Tenth Mot. [Doc. # 2082] at 2-4.) Rather than explain why, Defendant spends considerable effort echoing arguments against the Liquidation Proposal itself. (*See, e.g.*, *id.* at 3 ("The fact that the Receiver has billed over $35,000 for a proposal that simply blindly liquidates stocks and Bitcoins, without any analysis on the impact of such on the Estate and the Defendants, as ordered by this Court, is astonishing"); *id.* at 4 ("[T]he Receiver

has billed an incredible amount while simply pushing the issue of taxes to *after* any liquidation, simply in an illogical rush to liquidate the assets, when the asset freeze is already securing the judgment!"); *id.* ("The Defendant could have presented a far better proposal to the Court.").) As Defendant concedes, he has already filed an opposition [Doc. # 2065] to the Receiver's Proposed Liquidation Plan [Doc. # 2022], (*see* Def.'s Opp. to Tenth Mot. at 2), and his arguments are more appropriately addressed in relation to his opposition to the Receiver's Proposed Liquidation Plan [Doc. # 2022].

### III.    Conclusion

For the foregoing reasons, the Receiver's Ninth Motion for Fees [Doc. # 1970] is GRANTED with modification consistent with the Court's direction that all of the Receiver's time should be billed at $250 per hour, and his Tenth Motion for Fees [Doc. # 2039] is GRANTED. Within seven days of the date of this ruling, the Receiver shall submit a proposed order to reflect the adjusted amounts to be disbursed to the Receiver and his counsel, identifying the assets of the Receivership Estate from which those amounts will be paid.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 8th day of December 2021.