UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    v.<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>December 17, 2021 |

**ORDER GRANTING IN PART HARRIS ST. LAURENT & WECHSLER'S MOTION FOR ALTERNATIVE RELIEF**

On November 5, 2020, Harris St. Laurent & Wechsler LLP ("HSW") moved for payment of $73,447.29 held in its escrow account, as partial payment of its outstanding attorneys' fees, and for related relief based on HSW's obtaining an AAA Arbitration Consent Award against the Relief Defendants [Doc. # 1679]. On August 4, 2021, the Court denied HSW's motion given the fluctuations in the Receivership Estate's value [Doc. # 2047]. During the pendency of that motion but before issuance of the Court's denial, HSW filed its Supplemental Request for Alternative Relief as Part of Pending Motion for Payment of Attorneys' Fees ("HSW Mot.") seeking to "secure its position [as a creditor] junior to the SEC." (HSW Mot. [Doc. # 1925] at 2.) While the Receiver and Relief Defendants oppose this motion, Relief Defendants state that they "have no issue with HSW being paid." (*See* Receiver's Obj. to Harris St. Laurent & Wechsler LLP's Suppl. Req. for Alternative Relief as Part of Pending

Mot. for Payment of Att'ys' Fees ("Receiver's Opp'n") [Doc. # 1979]; Relief Defs.' Opp'n to HSW's Suppl. Req. for Aternative Relief as Part of Pending Mot. for Payment of Att'ys' Fees ("Relief Defs.' Opp'n") [Doc. # 1978] at 3.) For the reasons that follow, HSW's motion is GRANTED in part.

The Court modified its litigation stay order on December 20, 2018, [Doc. # 1070], to allow HSW to advance claims for attorneys' fees on the condition that HSW did "not seek to recover from any asset of the Receivership Estate until assets of the Receivership Estate have been liquidated such that the judgment in this case is fully secured and satisfied," (*see* Ruling on Relief Defs.' Counsel's Mots. for Fees and Withdrawal [Doc. # 1424] at 13). HSW obtained an AAA Arbitration Consent Award against Relief Defendants for $1,021,000 and has submitted proof of a domesticated judgment from the Connecticut Superior Court. (*See* Notice of Filing of Foreign J., Ex. A [Doc. # 1925-1].) HSW now seeks "clarity from the Court that the execution of a lien (with the understanding that any such lien would be junior to the SEC's judgment) would not constitute HSW seeking 'to recover' against the Receivership Estate."[1] (HSW Mot. at 2.) HSW does not explain how execution of a lien would not amount to an effort to recover against the Receivership Estate. Alternatively, HSW requests "that the Court . . . allow HSW to secure its secondary position and obtain benefit from the affirmative steps the Court allowed it to take." (*Id.* at 2.)

In lifting the litigation stay to allow HSW to bring an action against Relief Defendants, the Court concluded that HSW would likely "suffer some prejudice if unable to litigate against the Relief Defendants" as it was withdrawing from the case and "would be without a legal mechanism for seeking payment of its fees if unable to litigate." (Ruling on Relief Defs.'

---

[1] As the Receiver notes, "execution" is defined as, "[t]he act of carrying out or putting into effect" and "[j]udicial enforcement of a money judgment . . . by seizing and selling the judgment debtor's property." (Receiver's Opp'n at 2, n.2. (citing *Execution*, BLACK'S LAW DICTIONARY (11th ed. 2019)).) Given HSW's representation that it seeks only to "secure its secondary position" as a creditor to the Receivership Estate, the Court construes HSW's motion to request permission to file, rather than execute, a lien. (*See* HSW's Mot. at 2.)

2

Counsel's Mots. for Fees and Withdrawal at 12.) The Court opined that, "[g]iven the possible dissipation of assets if and when the Court releases assets after the judgment has been secured, HSC also faces a risk that it would not ever recover its unpaid fees from the Relief Defendants if forced to wait to pursue its claims for payment until after the resolution of this case." (*Id.*)

These considerations lead the Court to conclude that HSW should be paid by the Receiver after liquidation secures the SEC's judgment but before the end of the Receivership.[2] HSW is likely to suffer prejudice if its postponed fee payment is not accounted for in this manner. HSW incurred fees for legal services rendered in this case and the Relief Defendants, on whose behalf this work was performed, have consented to HSW being paid. (Relief Defs.' Opp'n at 3 ("To be clear, the Relief Defendants have no issue with HSW being paid").) Relief Defendants specifically request that the remaining amounts be disbursed "once the judgment is satisfied and before the receivership estate is terminated." (*Id.*) Reflecting the consent of the Relief Defendants, the role HSW played in this proceeding, and the related judgment that HSW obtained, the Court directs the Receiver to issue payment to HSW of $1,021,000 from any Relief Defendants' funds leftover after liquidation but before the end of the Receivership.[3]

---

[2] The Court does not analyze the three-pronged test under *SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984) because it is not lifting a stay on litigation but directing payment after liquidation.

[3] The Relief Defendants object in part to HSW's motion because Ms. Ahmed is allowed to select the assets used to fulfill this debt, and "[u]ntil the Second Circuit adjudicates the issues of ownership, Ms. Ahmed cannot select the assets." (Relief Defs.' Opp'n at 2.) The source of the payment, however, cannot be addressed until after liquidation.

For the foregoing reasons, HSW's motion [Doc. # 1925] is GRANTED in part and the Receiver is directed to issue payment to HSW of $1,021,000 after liquidation but before the end of the Receivership to the extent Relief Defendants' funds remain available.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 17th day of December 2021.