UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br> *Plaintiff*,<br> *v.*<br>IFTIKAR AHMED,<br> *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br> *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>March 2, 2022 |

**ORDER GRANTING WITH MODIFICATION MS. AHMED'S AND DEFENDANT'S MOTIONS FOR A PROTECTIVE ORDER**

The Court has ordered Defendant and Ms. Ahmed to produce to the Receiver all of their income tax returns (*see* Min. Entry [Doc. # 2132]), which the Receiver has represented are necessary to evaluate the tax liabilities associated with liquidation of the Receivership Assets and to fulfill his obligations under the Appointment Order. (*See* Receiver's Application to Employ V&L [Doc. # 2141] at 3 n.2.) In response to the Court's order that Defendant and Relief Defendants provide the Receiver with their personal income tax returns, they request that the Court issue a protective order restricting access to and use of those tax returns. (*See* Ms. Ahmed's Mot. for Protective Order [Doc. # 2158]; Def.'s Mot. Regarding his Personal Tax Returns [Doc. # 2159].) In response, the Receiver offers "no objection to the Defendants' tax returns being produced pursuant to a reasonable protective order that protects the legitimate privacy interests of the Defendant and Ms. Ahmed" so long as it permits him and

the professionals he has employed to conduct the tax analysis required by the Court's orders. (Receiver's Consol. Resp. [Doc. # 2178] at 2.) However, the Receiver views the Court's Standing Protective Order [Doc. # 6] as sufficient to protect the tax materials at issue. The SEC echoes the Receiver's position but adds that "[t]he Motions should be denied, and Defendant and Relief Defendant should promptly produce *all* relevant tax returns" to the Receiver, not "simply newly 'amended' returns." (Pl. SEC's Consol. Opp'n [Doc. # 2179] at 2.)

At the outset of this matter, the Court issued a standing protective order, which applies to "information, documents, and excerpts from documents supplied by the parties to each other . . . in response to discovery requests." (*See* Standing Protective Order [Doc. # 6].) On the one hand, Ms. Ahmed argues that the Standing Protective Order does not protect her interests. (*See* Ms. Ahmed's Mot. at 7.) On the other hand, Ms. Ahmed represents that she "has no issue with producing those [income tax returns] to the Receiver subject to the Standing Protective Order" but she proposes her own protective order designed to address her confidentiality concerns. (*Id.* at 2; Proposed Protective Order for Tax Returns [Doc. # 2158-1].)

As an initial matter, income tax returns and tax information[1] must remain confidential by statute. *See* 26 U.S.C. § 6103 (forbidding officers and employees of the court, and any other person who gains access to tax returns or return information, from disclosing that information). The Standing Protective Order requires all confidential information to retain that status throughout the litigation.[2] This applies to the Receiver, who will be the recipient of Defendant and Ms. Ahmed's confidential income tax information, but the Standing

---

[1] 26 U.S.C. § 6103(b)(2) sets out in detail which documents and data constitute "tax information."

[2] In addition to the Standing Protective Order and federal statute, the Court reminds the Receiver and the Parties that any filings with the Court must conform to the Federal Rules of Civil Procedure with respect to privacy and must include appropriate redactions. *See* Fed. R. Civ. P. 5.2.

Protective Order's language does not expressly bring Ms. Ahmed's and Defendant's income tax return information within its sweep. While the Receiver acknowledges that he must keep those documents confidential pursuant to the Appointment Order, the Court concludes that the Standing Protective Order currently does not adequately incorporate the requirements of 26 U.S.C. § 6103. Therefore, in addition to the protections detailed in the Standing Protective Order, the Court orders the Standing Protective Order be amended to include the following:

(1) The Receiver may not disclose Ms. Ahmed's and Defendant's income tax returns, or "tax information" as that term is defined in 26 U.S.C. § 6103(b)(2), which the Receiver has obtained from Ms. Ahmed or Defendant or those acting on the behalf of either party, to anyone who is not necessary to aid the Receiver in effectuating his obligations under the Appointment Order and who is not employed or retained by the Receiver for that purpose unless he obtains the Count's prior permission.

(2) If the SEC seeks any portion of these confidential tax return documents, it must obtain leave of the Court by motion detailing its purposes and justifications for such disclosure.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 2nd day of March 2022.