UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    v.<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>March 4, 2022 |

**RULING ON RELIEF DEFENDANTS' MOTION TO SEAL**

On December 8, 2021, the Court denied Relief Defendants' Motions for Release of Funds for Appellate Counsel Fees [Docs. ## 2067, 2090] because Ms. Ahmed did not provide the Court with documentation of her inability to pay her appellate counsel's fees, as required by the Court's order. (Order Denying Relief Defs.' Mots. for Appellate Attorney's Fees [Doc. # 2118].) Relief Defendants have submitted a renewed motion seeking $18,218.12, and have provided the Court with an affidavit from Ms. Ahmed, a spreadsheet of Relief Defendants' expenditures "aggregated into general categories for the Court's convenience," various invoices as "examples of the types of expenses that Ms. Ahmed has incurred," and data on inflation. (Relief Defs.' Renewed Mot. for Release of Funds to Pay Appellate Counsel Fees & Expenses [Doc. # 2138] at 1-2.) Relief Defendants have requested sealing of parts of their renewed motion and attached exhibits. (Relief Defs.' Mot. to Seal the Renewed Mot. for

Release of Funds to Pay Appellate Counsel Fees and Expenses ("Relief Defs.' Mot. to Seal") [Doc. # 2137] at 1.) For the reasons that follow, Relief Defendants' Motion to Seal [Doc. # 2137] is GRANTED in part.

## I. Background

The Ahmeds' assets were frozen during the pendency of this case because there was "good cause to believe . . . the Defendant and Relief Defendants [would] dissipate, conceal, or transfer from the jurisdiction of this Court" assets that could be the subject of disgorgement. (Ruling & Order Granting Prem. Inj. [Doc. # 113] at 3.) The Court has occasionally released funds from the Receivership Estate for Relief Defendants' attorneys' fees and living expenses. On September 16, 2019, the Court granted one such request, approving the "release of up to $350,000 from the Receivership Estate for reasonable attorneys' fees." (Ruling Granting Relief Defs.' Emergency Mot. for Appellate Attorney Fees [Doc. # 1287] at 4.) To receive these funds, Relief Defendants are required to submit their attorneys' invoices, along with "documentation of [their] inability to pay counsel absent release of funds from the Receivership Estate, including a sworn affidavit from Ms. Ahmed demonstrating her inability to pay the fees." (*Id.*)

On December 8, 2021, the Court denied two motions for the fees and costs incurred by Relief Defendants' appellate attorneys because Ms. Ahmed did not provide the Court with adequate documentation of her inability to pay any part of her attorneys' fees. (Order Denying Relief Defs.' Mots. For Appellate Attorney's Fees [Doc. # 2118] at 3.) The Court advised that it could not properly assess "Relief Defendants' contention that Ms. Ahmed must use her entire monthly allowance to pay outstanding bills" without such documentation. (*Id.*)

## II. Discussion

Relief Defendants request sealing of "[c]ertain parts of the Renewed Motion for Funds, as well as certain exhibits" attached to the Renewed Motion. (Relief Defs.' Mot. to Seal at 2.) They argue that sealing is appropriate because parts of the memorandum and the exhibits contain "information that is financially or personally sensitive," which is "bolstered by the fact that Ms. Ahmed has been subject to significant and unwarranted harassment during this litigation." (*Id.*) Relief Defendants also file portions of their reply brief and corresponding exhibits under seal [Docs. ## 2167-68]. The Receiver "does not necessarily agree" with Relief Defendants' argument, but "takes no position with respect to the Motion to Seal at this time." (Receiver's Resp. [Doc. # 2154] at 2.) The SEC has not filed a response.

An order to seal must be accompanied by "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to support those reasons," D. Conn. Loc. Civ. R. 5(e)(3), and the Court must conclude that privacy interests outweigh the presumption of public access. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). The Court has previously noted that "the privacy interest of third parties," "financial records," and "family affairs" are considerations which may support the sealing of documents. (*See e.g.*, Ruling Granting Relief Defs.' Mot. for Funds [Doc. # 1597] at 8 (quoting *Amodeo*, 71 F.3d at 1051).) However, "'documents that the judge *should* have relied upon' and 'those that actually entered into the judge's decision' in adjudicating the parties' motions carry a heavy presumption of public access. (*Id.* (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006)).

Relief Defendants seek to seal references to Ms. Ahmed's inability to pay her bills, the entire spreadsheet regarding Relief Defendants' monthly expenses, and all exemplar invoices that Relief Defendants received. Since this information is central for the adjudication of whether funds should be released from the Receivership Estate because of Ms. Ahmed's claimed inability to pay her fees and expenses, the blanket sealing requested is

denied. However, several invoices contain the names of the minor children, whose identities and privacy interest have been carefully protected, account numbers, and medical information. The privacy interests in these areas outweigh the presumption of public access. Thus, while Relief Defendants' Motion to seal is improperly broad, it GRANTED in part and a new redacted memorandum shall be filed on the public record, obscuring only the areas identified in this ruling. The original unredacted memorandum may remain under seal.

### III.    Conclusion

For the foregoing reasons, Relief Defendants' Motion to Seal [Doc. # 2137] is GRANTED in part.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of March 2022.