UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>Relief Defendants. | Civil Action No. 3:15cv675 (JBA) |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S RESPONSE IN OPPOSITION TO MS. AHMED'S MOTION FOR ELECTRONIC FILING PRIVILEGES**

Plaintiff United States Securities and Exchange Commission ("SEC") files this opposition to Ms. Ahmed's motion [Doc. # 2180], purportedly filed *pro se*, for electronic filing privileges ("Motion"). The SEC objects to the premise of the Motion – that Ms. Ahmed, who is represented by counsel, is somehow acting *pro se* on "tax matters" in this case – and thus must object to the relief Ms. Ahmed seeks.

First, Ms. Ahmed does not cite, and the SEC is not aware, of any authority permitting a represented party to be *pro se* on certain limited matters in a case. To be sure, there are procedures for an otherwise *pro se* party to seek to have limited representation on a discreet matter. *See* Doc. # 1972 (counsel entering appearance for *pro se* Defendant Ahmed "for the limited purpose of representation pertaining only to the Second Circuit's limited remand regarding the application of § 6501 of the National Defense Authorization Act to Defendant's disgorgement obligation"); *see generally U.S. v. Villa*, 2014 WL 5465523, at *4 (D. Conn. Oct. 28, 2014) (Arterton, J.) (discussing limited representations). However, Ms. Ahmed provides no authority for her claim that she may be represented generally in this matter, but can proceed *pro se* on what she refers to as "tax matters."

Indeed, such a claim – and the Motion itself – runs contrary to the plain language of Rule 11, which requires a represented party's pleadings and papers to be signed by the party's attorney. *See Ahmad v. Independent Order of Foresters*, 81 F.R.D. 722, 730 (E.D. Pa. 1979) (rejecting attempt by represented party to file papers *pro se*, noting that "[s]ince the plaintiffs are represented by an attorney, their pleadings and other papers must be signed by him," and ordering that the defendant need not respond to papers filed *pro se* by plaintiffs so long as they were represented by counsel); *see also Diamond v. Simon*, 1992 WL 15046, at *4 (S.D.N.Y. 1992) (noting the "clear language in Rule 11 that the pleadings or other papers of a party represented by counsel must be signed by at least one attorney of record"). Since Ms. Ahmed is represented by counsel, she must proceed through that counsel.

Second, even if there were a situation where a party could be represented on some matters and *pro se* on others in a single litigation, permitting Ms. Ahmed to proceed *pro se* on so-called "tax matters" would lead to significant confusion in this case. Ms. Ahmed does not

specify what "tax matters" means, and the record reflects an entirely unclear standard. For example, Ms. Ahmed's counsel filed a notice regarding the production of tax returns – something that could be considered a "tax matter." *See* Doc. # 2162. Perhaps more troublingly, Ms. Ahmed's counsel filed a motion for a protective order covering the production of tax returns, *see* Doc. # 2158, but Ms. Ahmed herself purported to file, *pro se*, a motion to strike the SEC's response to that motion. *See* Doc. # 2181. It is not at all clear how the initial motion was not a "tax matter," but the motion to strike the SEC's response to that motion was. Ms. Ahmed's recent *pro se* Notice filed under seal having nothing to do with taxes only adds to the confusion. *See* Doc. # 2195.

This confusion could have real consequences. The rules of professional conduct generally prohibit contact with a represented party. *See* Conn. Rule 4.2 ("[A] lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.") Ms. Ahmed's attempt to claim she is *pro se* on certain limited matters could lead to a situation where Ms. Ahmed or her counsel claim that the SEC (or the Receiver, or any other party or non-party) improperly contacted her directly on something that they later claim was not, in their view, a "tax matter." The Court should not condone such a potential ethical trap.

<u>Finally</u>, the Court should reject Ms. Ahmed's attempt to claim that she must proceed *pro se* on "tax matters" because she cannot afford counsel. *See* Motion, n.1. Setting aside the SEC's concerns with Ms. Ahmed's claims to be without access to funds, *see* Doc. # 2189 at 5, the fact remains that Ms. Ahmed is currently represented by counsel, and that counsel holds itself out as having expertise on "Tax Practice and Procedure." *See*

3

https://www.murthalaw.com/practices_industries/tax-practice-procedure (last visited March 5, 2022). Moreover, the only "tax matter" of which the SEC is aware is the Court's Order that previously filed tax returns be produced to the Receiver so he can effectuate the payment of taxes on liquidated assets from the corpus of frozen assets, as ordered by the Court. Though Ms. Ahmed refers to this as a "tax matter," it is in reality a straightforward production of documents. Put simply, Ms. Ahmed has provided no evidence that her current counsel is not competent to represent her in making this production, or other so-called "tax matters" that have not been articulated.

For these reasons, Ms. Ahmed's Motion should be denied, and Ms. Ahmed should be ordered to file pleadings in this case through her counsel.

DATED: March 8, 2022                            *s/ Nicholas P. Heinke*
                                                Nicholas P. Heinke
                                                Mark L. Williams
                                                U.S. Securities and Exchange Commission
                                                1961 Stout Street, Suite 1700
                                                Denver, CO 80294-1961
                                                (303) 844-1071 (Heinke)
                                                (303) 844-1027 (Williams)
                                                HeinkeN@sec.gov
                                                WilliamsML@sec.gov
                                                Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I certify that on March 8, 2022, a copy of the foregoing document was emailed to Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:

Paul E. Knag
Kristen L. Zaehringer
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(Counsel for Relief Defendants)

Christopher H. Blau
Stephen M. Kindseth
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
(Counsel for Receiver, Jed Horwitt, Esq.)

<u>*s/ Nicholas P. Heinke*</u>
Nicholas P. Heinke