MAR 9 2022 AM 10:52
FILED-USDC-CT-New Haven

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) No. 3:15-CV-675 (JBA) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| IFTIKAR AHMED, Defendant, and | ) ) ) |
| IFTIKAR ALI AHMED SOLE PROP et al., | ) ) ) March 7, 2022 |
| Relief Defendants. | ) ) |

## MS. AHMED'S EMERGENCY REQUEST FOR CLARIFICATION ON TREATMENT OF GIFTS FROM NON-PARTIES

Ms. Ahmed[1] respectfully files this Motion for Clarification on treatment of gifts from non-parties, specifically silver and gold coins and biscuits that are in the safety deposit boxes at Bank of America.[2] Ms. Ahmed and the Relief Defendants reserve all rights.

The Receiver is in the process of scheduling a meeting at Bank of America to prepare for the liquidation of the gold bars and coins currently held in the safety deposit boxes there. Ms. Ahmed does not have access to those safety deposit boxes, which are frozen.

The Court had stated in its Ruling on Remedies that if "an asset was a gift from a non-party... [that] is grounds for precluding the asset from being used to satisfy a judgment against Defendant" [ECF No. 955 at 25]. The Relief Defendants stated in its Asset List that there are "Various gold or silver coins given to minor children (specific weights)" [Items 47, 51 on ECF

---

[1] To minimize costs, Ms. Ahmed is filing this *pro se*.

[2] Ms. Ahmed will address other items from non-parties in a separate filing.

No. 919-1]. These also include smaller weight gold biscuits, all of which are in the safe deposit boxes.

While the Court stated that the Relief Defendants had not met their burden of proving that certain items were gifts, the gold and silver coins and biscuits in the safe deposit boxes have been given as gifts to the minor children from non-parties.[3] *See* Exhibit 1.[4] Therefore, if the appellate court does not overturn this ruling on appeal, a Rule 60 motion will be filed after remand.

The silver and gold coins and biscuits have sentimental value for the children, but relatively small value if sold. Therefore, it is respectfully requested that liquidation of all these gold and silver coins and biscuits in the safety deposit boxes be deferred until all appellate proceedings have concluded,[5] and as consistent with the Court's order that gifts from non-parties[6] cannot be used towards Defendant's judgment.

---

[3] To the best of her memory, neither Ms. Ahmed nor Defendant purchased any of these gold or silver coins or biscuits for the minor children. These have been given to the children by non-parties on different occasions, as is customary in the Indian culture.

[4] This is the only coin that has a message on the actual box. The other cards, etc. that have been given with the coins and biscuits to the children are no longer with Ms. Ahmed; however, these items have been given to the minor children by non-parties.

[5] Ms. Ahmed also requests that the Receiver refrain from liquidating these gold and silver coins and biscuits until this instant motion and a Rule 60 motion have been adjudicated.

[6] There is also jewelry that has been given to Ms. Ahmed by non-parties and she will address these separately.

Respectfully Submitted,

By:  */s/ Shalini Ahmed*_____
     Shalini A. Ahmed
     505 North Street
     Greenwich, CT 06830
     Tel: 646-309-8110
     Email: shalini.ahmed@me.com
     *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that upon docketing a copy of the foregoing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

_____ */s/ Shalini Ahmed*_____
     Shalini Ahmed (*pro se*)

# Exhibit 1



