UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| IFTIKAR AHMED, | ) ) ) |
| Defendant, and | ) ) |
| IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Relief Defendants. | ) ) ) |

Civil Action No. 3:15cv675 (JBA)

_____

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S CONSOLIDATED RESPONSE TO RELIEF DEFENDANT SHALINI AHMED'S PRO SE EMERGENCY MOTION FOR CLARIFICATION ON TREATMENT OF GIFTS FROM NON-PARTIES AND MOTION TO SEAL PORTIONS THEREOF**

Plaintiff United States Securities and Exchange Commission ("SEC") files this response

in opposition to a motion filed by Ms. Ahmed *pro se* seeking [Doc. # 2211 "Motion"]

"[c]larification on treatment of gifts from nonparties, specifically silver and gold coins and

biscuits that are in the safety deposit boxes at Bank of America" *Id*. at 1. The Motion is facially deficient and ultimately meritless. If it is not disregarded, it should be denied.[1]

First, the Motion is facially deficient because it was not signed by Ms. Ahmed's counsel of record in violation of Fed. R. Civ. P. 11. *See, e.g.*, *Ahmad v. Independent Order of Foresters*, 81 F.R.D. 722, 730 (E.D. Pa. 1979) (rejecting attempt by represented party to file papers *pro se*, noting that "[s]ince the plaintiffs are represented by an attorney, their pleadings and other papers must be signed by him," and ordering that the defendant need not respond to papers filed *pro se* by plaintiffs so long as they were represented by counsel); *see also Diamond v. Simon*, 1992 WL 15046, at *4 (S.D.N.Y. 1992) (noting the "clear language in Rule 11 that the pleadings or other papers of a party represented by counsel must be signed by at least one attorney of record"). The Court should therefore disregard the filing. *See, e.g.,* Doc. # 2121 (disregarding an unauthorized and deficient filing); *see generally* Doc. # 2203 (opposing Ms. Ahmed's motion for electronic filing privileges and objecting to her proceeding *pro se* on "tax matters").

The instant Motion is further deficient because Ms. Ahmed is seeks relief not on behalf of herself, but rather her relief defendant children. *See* Motion at 2 ("[T]he gold and silver coins and biscuits in the safe deposit boxes have been given as gifts to the minor children from non-parties"); *id*. at n.6 ("There is also jewelry that has been given to Ms. Ahmed by non-parties and she will address these separately"). Ms. Ahmed is not counsel of record for her children (nor is she an attorney capable of representing her children), and the Ahmeds' children's counsel in this case did not file or sign the Motion in violation of Rule 11.

---

[1] The SEC also responds to Ms. Ahmed's motion seeking [Doc. # 2210] to seal Exhibit 1 of her Motion. The SEC does not object to this request.

<u>Second</u>, the Motion is deficient because it does not identify any ambiguities in an earlier Order that needs clarification. "Unlike a motion for reconsideration, a motion for clarification is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order." Order Denying D.'s Mot. for Clarification and Mot. for Reconsideration [Doc. # 2099] at 2 (quoting *Metcalf v. Yale Univ.*, No. 15-cv-1696 (VAB), 2019 WL 1767411, at *2 (D. Conn. Jan. 4, 2019). In the Motion, Ms. Ahmed explicitly recognizes the Court's holding without alleging any ambiguities before declaring her disagreement with it: "While the Court stated that the Relief Defendants had not met their burden of proving that certain items were gifts, the gold and silver coins and biscuits in the safe deposit boxes have been given as gifts to the minor children from non-parties." Motion at 2 (citing Doc. # 955 at 25). The Motion's actual relief requested does not seek clarification of an earlier Order, but rather that "liquidation of all [ ] gold and silver coins and biscuits in the safety deposit boxes be deferred until all appellate proceedings have concluded." *Id*. Simply put, the Motion seeks clarification in name only, as it is devoid of any claim or argument that an earlier Order is unclear or ambiguous warranting clarification. *See, e.g.* Doc. # 2099 at 2 ("If a court finds the previous order unclear or ambiguous, that court may grant the motion and modify that ruling to clarify it after giving other parties an opportunity to respond. If, however, the order is unambiguous, the motion for clarification will generally be denied at the court's discretion") (internal citation omitted).

<u>Third</u>, though styled as a request for clarification, the Motion is in actuality another deficient and improper motion asking the Court to reconsider prior rulings. As noted above (and recognized by Ms. Ahmed), this Court held – more than three years ago – that the items in the safe deposit boxes ware available to satisfy the judgment. *See* Doc. # 955 at 25. Since that time, the Court has repeatedly denied requests to stay liquidation of assets sufficient to satisfy the

judgment. *See* Doc. # 2147 at 12-13 (denying Relief Defendants' motion for a stay of liquidation and recognizing that it had denied the same request on earlier occasions) (citing Docs. ## 1052, 1997).

Most recently, in their objection to the plan of liquidation, Relief Defendants specifically argued that the "[t]he Estate does not include items conveyed as gifts," that "[c]ertain of the gold and silver in the safe deposit boxes represent gifts to Relief Defendants from third parties," and it would be therefore "improper" for the Receiver to "liquidate all gold and silver in the safe deposit boxes." Doc. # 2064 at 17-18. The Relief Defendants then made the very same request that Ms. Ahmed makes in the instant Motion: "The Relief Defendants suggest that liquidation of the gold and silver be deferred until a factual determination is made as to the source of the items in the box." Doc. # 2064 at 17-18. The Court specifically recognized this argument, Doc. # 2147 at 20 ("Relief Defendants contend that. . . . assets they claim were conveyed as gifts should not be liquidated 'until a factual determination is made as to the source of the items'") and rejected it after noting it had been previously rejected. *Id*. at 21 (declining to stay the liquidation of jewelry and purported gifts in the safe deposit boxes after noting it had previously "rejected Relief Defendants' claims regarding ownership over the purported gifts." (citing *SEC v. Ahmed*, 343 F. Supp. 3d 16, 35 (D. Conn. 2018)).

The Motion provides no argument or explanation as to why reconsideration is warranted at this late stage. Relief Defendants were previously "reminded that '[m]otions for reconsideration shall not be routinely filed and . . . will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order.'" Doc. # 1964 at 3 (quoting D. Conn. L. R. Civ. P. 7(c)). Yet, the Motion does not identify any new controlling decision or overlooked data. Because the safe deposit boxes were

4

inventoried more than five years ago, the only purported evidence submitted in support of Ms. Ahmed's Motion – a picture of one item from one safe deposit box – could have been provided to the Court when it previously decided this issue. *See, e.g.,* Doc. # 225 at 2 n.1 ("Pursuant to the Court's Modification Order [Doc. # 195], on May 2, 2016, the Parties conducted an inventory of safe deposit boxes at Bank of America bearing accounts numbers ending 2465, 1332, and 1325"). Ms. Ahmed was present during the inventorying of each safe deposit box and undersigned counsel (who was also present) recalls that her counsel took photographs of each item in each box. Ms. Ahmed should not be permitted to relitigate issues already decided, especially at this late stage. *See, e.g.*, Doc. # 2111 at 2 ("Mr. Ahmed is relitigating an issue already decided, and as such, his motion for reconsideration fails") (internal citation omitted).

<u>Lastly</u>, even were the Court inclined to reach the merits of the Motion, it should be denied. Ms. Ahmed's claim that to "the best of her memory, neither Ms. Ahmed nor Defendant purchased any of these gold or silver coins or biscuits for the minor children" hardly warrants reconsideration, especially against the backdrop of her earlier claims that were found to be incredible. *See, e.g.*, Doc. # 955 at 2 ("The Court rejected Ms. Ahmed's request, finding that she was a nominal owner for each requested asset and thus her ownership claims were not credible").

Even were the Court to credit that the one picture submitted in support of the Motion evidences a piece of gold was given to one of the Ahmed children by a relative, it would not warrant reconsideration because Defendant routinely moved assets into the name of his children via friends and family members. *See, e.g.*, Doc. # 888 at 36 (explaining how accounts in the name of the Ahmed children were funded by Defendant, "including round-tripping more than $1.1 million of his funds through Ms. Ahmed's family and other friends"). In fact, at the preliminary injunction hearing, Ms. Ahmed testified that certain checks written to her family

members were legitimate gifts to them. Doc. # 888-8 at 337:10-338:12. However, when the SEC

questioned her mother, father, and two sisters about these checks each received, and checks

written from them to the Ahmed children in the same amounts on the same days, each invoked

their Fifth Amendment right against self-incrimination refusing to answer every question. Doc. #

628-10. As the SEC previously stated, "[i]n reality, these checks were not gifts but rather a way

to move assets out of Defendant's name and into the names of his children in order to protect the

asset from confiscation, obfuscate his fraud, and decrease the likelihood of an IRS audit (through

not filing gift tax returns) because the Ahmed's tax returns omitted nearly $60 million in fraud

proceeds moving through their bank accounts." Doc. # 888 at 36 n. 40. Thus, even were the

Court inclined to entertain the Motion, it should decline to reconsider its earlier rulings. Finally,

even were the Court inclined to grant the Motion, it should stay only the liquidation of the gold

piece that was exhibited. *See* Doc. # 2212-1.

      In sum, the motion is facially deficient and ultimately meritless. The Motion should be

disregarded or denied in its entirety.

      DATED: March 30, 2022.

<div style="margin-left:40%">

*s/ Mark L. Williams*
Nicholas P. Heinke
Mark L. Williams
Stephen G. Yoder
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1027 (Williams)
(202) 551-4532 (Yoder)
HeinkeN@sec.gov
WilliamsML@sec.gov
YoderS@sec.gov
Attorneys for Plaintiff

</div>

## CERTIFICATE OF SERVICE

I certify that on March 30, 2022, a copy of the foregoing document was emailed to

Defendant Iftikar Ahmed at IftyAhmed@icloud.com, and served via ECF upon the following:


MR. PAUL E. KNAG, ESQ.
MS. KRISTEN LUISE ZAEHRINGER, ESQ.
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(Counsel for Relief Defendants)

Christopher H. Blau
Stephen M. Kindseth
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
(Counsel for Receiver, Jed Horwitt, Esq.)

*s/ Mark L. Williams*