UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    v.<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>May 09, 2022 |

**RULING ON RELIEF DEFENDANT SHALINI AHMED'S MOTION TO SEAL**

On March 9, 2022, Shalini Ahmed sought clarification on the treatment of silver and gold coins claimed to be given as gifts to her minor children and requested a deferral of liquidation of these assets [Doc. # 2211]. Ms. Ahmed submitted a picture of a gold coin box with a note to her child authored by non-parties as an exhibit to her motion [Docs. ## 2211-1, 2212]. While the Court denied her motion on April 6, 2022 [Doc. # 2228], Ms. Ahmed requests sealing of her exhibit because it includes the name of her minor child and a personal message to the child, (Ms. Ahmed's Mot. to Seal Portions of the Mot. for Clarification [Doc. #2210] at 5-6), and Plaintiff Security and Exchange Commission ("SEC") "does not object to this request," (SEC Mem. in Opp'n [Doc. # 2222] at 2 n.1).

An order to seal must be accompanied by "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to support

those reasons," D. Conn. Loc. Civ. R. 5(e)(3), and the Court must conclude that privacy interests outweigh the presumption of public access. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). The Court has previously noted that "the privacy interest of third parties," "financial records," and "family affairs" are considerations which may support the sealing of documents. (*See, e.g.*, Ruling Granting Relief Defs.' Mot. for Funds [Doc. # 1597] at 8 (quoting *Amodeo*, 71 F.3d at 1051).)

The privacy interest in the name of the minor child, whose identity and privacy interest has been carefully protected, outweighs the presumption of public access in this information. (*See, e.g.*, Ruling Granting Relief Defs.' Mot. for Funds at 8); *Amodeo*, 71 F.3d at 1051. Accordingly, Ms. Ahmed's motion [Doc. # 2210] is GRANTED.

                                         IT IS SO ORDERED.

                                            /s/

                                        Janet Bond Arterton, U.S.D.J.

                                        Dated at New Haven, Connecticut this 9th day of May 2022.