UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>　　　*Plaintiff*,<br>　　　*v.*<br>IFTIKAR AHMED,<br>　　　*Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>　　　*Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>May 10, 2022 |

**ORDER GRANTING RELIEF DEFENDANTS' RENEWED EMERGENCY MOTION FOR THE RELEASE OF FUNDS TO FIX MOLD ISSUE AT 505 NORTH STREET**

On February 28, 2022, the Court denied Relief Defendants' Emergency Motion for the Release of Funds to Fix a Mold Issue at 505 North Street because Relief Defendants did not make "a sufficient showing that the[ir] expenses could not be covered in whole or in part by their home insurance policy." (Order Denying Relief Defs.' Emergency Mot. [Doc. # 2196] at 2.) On April 4, 2022, Relief Defendants renewed their motion, providing the Court with an email from an insurance adjuster denying their claim. (Relief Defs.' Renewed Emergency Mot. [Doc. # 2227-2].) Both the United States Securities and Exchange Commission ("SEC") and the Receiver oppose the renewed motion, (*see* SEC's Mem. in Opp'n [Doc. # 2233]; Receiver's Obj. [Doc. # 2234]), but the SEC notes that the Relief Defendants have remedied the "Court's prior concerns about the insurance policy and deductible." (SEC's Mem. in Opp'n at 2.)

By way of background, Relief Defendants request funds to remedy a "mold issue" at 505 North Street in their primary home and pool house. (Relief Defs.' Emergency Mot. for Release of Funds to Fix Mold Issue at 505 North Street [Doc. # 2151] at 2.) To clean and repair the mold growth and flooding damage, Relief Defendants request $26,812, and submit a proposed invoice from ACI General Contracting. (*Id.* at 2-3; Relief Defs.' Renewed Emergency Mot. [Doc. # 2227-1].) Relief Defendants request that this money be taken out of proceeds from Ms. Ahmed's Aldrich investment located in her Fidelity x7540 account. (Relief Defs.' Renewed Emergency Mot at 2 n.3.)

The SEC maintains that the Court "should decline to release monies that will be needed to satisfy the judgment," but if the Court is inclined to grant relief, it should not release funds to repair the pool house because such repairs are not "necessary to protect the health of the Ahmeds." (SEC's Mem. in Opp'n at 2.) The Receiver objects to the request for funds because he "is duty-bound to oppose the release of funds from the Receivership Estate until the liquidation process has progressed to a degree sufficient for this Court to evaluate the impact of such payments on the security of the Total Judgment."[1] (Receiver's Obj. at 2.) Both the SEC and Receiver assert that, if the Court grants the motion, then the Receiver should be given the discretion to determine which assets should be used to make these payments. (*Id.*; SEC's Mem. in Opp'n at 2-3.)

The Court finds that the requested $26,812 is necessary for the health of Relief Defendants and that Ms. Ahmed's home insurance policy will not cover these expenses. While the Receiver is unable to evaluate the impact of the payment on the security of the Total Judgment at this time, the continued mold growth and damp walls in the house and the pool house pose a risk to Ms. Ahmed and her children who suffer from asthma. (*See* Relief Defs.' Emergency Mot. [Doc. # 2151] at 2.) Further, although Relief Defendants may not

---

[1] The Receiver does not anticipate finishing his Phase 1 Report until June 2022. (Receiver's Obj. at 2 n.2.)

directly reside at the pool house, Ms. Ahmed must visit and maintain the pool house, placing her health at risk. (*See* Relief Defs.' Consolidated Reply [Doc. # 2237] at 2-3.) Accordingly, the Renewed Emergency Motion for the Release of Funds to Fix Mold Issue at 505 North Street [Doc. # 2227] is GRANTED and the Court directs the Receiver to release $26,812 for that purpose. Consistent with prior rulings, (*see, e.g*., Order Granting Release of Funds for Well Repair [Doc. # 1650]), the Court gives the Receiver the discretion to select which assets will be used to pay ACI General Contracting. Ms. Ahmed shall submit to the Court certification of completion of work when ACI has finished the repairs.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 10th day of May 2022