UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,     *Plaintiff*, <br> v. <br> IFTIKAR AHMED,     *Defendant*, and <br><br> IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, <br><br>     *Relief Defendants*. | Civil No. 3:15cv675 (JBA) <br><br> May 11, 2022 |

**RULING ON RECEIVER'S ELEVENTH AND TWELFTH MOTIONS FOR FEES**

Receiver Stephen Kindseth moves for payment of fees and expenses incurred on behalf of the Receivership Estate. (Mots. for Fees [Docs. ## 2106, 2186].) Defendant opposes, (Def.'s Opp'n [Docs. ## 2113, 2207]), and Relief Defendants join that opposition to the extent that it does not conflict with their interests, (Relief Defs.' Opp'n [Docs. ## 2114, 2208]). Plaintiff Securities and Exchange Commission ("SEC") submitted no briefing on the issue. For the reasons that follow, the Receiver's Eleventh and Twelfth Motions for Fees are granted.

**I.   Background**

The Court assumes the parties' familiarity with the facts and history of this case but will briefly review the background relevant to this motion. The Receiver[1] was appointed on

---

[1] Initially, Jed Horwitt was appointed as Receiver. On November 8, 2021, the Court granted

December 20, 2018. (Appointment Order [Doc # 1070].) The Appointment Order states that the Receiver and persons retained to assist in his administration of the Receivership Estate are "entitled to reasonable compensation and expense reimbursement from the Receivership Estate," subject to "prior approval of the Court" and according to predetermined hourly billing rates. (*Id.* at 16.) The Receiver "shall apply to the Court for compensation and expense reimbursement from the Receivership Estate" within forty-five days after the end of each calendar quarter. (*Id.*) All such fee applications are "interim," "subject to cost/benefit and final reviews at the close of the receivership," and subject to a holdback in the amount of 20% of the amount of fees and expenses for each application, but the "total amounts held back during the course of the receivership may be paid out at the discretion of the Court as part of the final fee application." (*Id.* at 15-16.) The Appointment Order sets out certain requirements for the content of each fee application. (*Id.* at 17.)

**II.    Discussion**

The Receiver moves for the payment of fees for the following periods: (1) July 1, 2021 through September 30, 2021, (Eleventh Mot. for Fees ("Eleventh Mot.") [Doc. # 2106] at 1); and (2) October 1, 2021 through December 31, 2021, (Twelfth Mot. for Fees ("Twelfth Mot.") [Doc. # 2186] at 1). The Eleventh Motion represents 374.20 hours worked by the Receiver and Zeisler & Zeisler ("Z&Z") and seeks payment in the amount of $77,012.95 in professional and paraprofessional fees, $2,450.00 in Receiver's fees, and reimbursement of actual and necessary expenses in the amount of $1,184.89. (Eleventh Mot. at 3.) The Twelfth Motion represents 221.8 hours worked by the Receiver and Z&Z and seeks payment in the amount of $43,969.50 in professional and paraprofessional fees, $525.00 in Receiver's fees, and reimbursement of actual and necessary expenses in the amount of $1,123.82. (Twelfth Mot. at 2-3.)

---

the Receiver's motion to substitute Stephen Kindseth as Receiver.

The "fees assessed reflect the hours worked by the Receiver, Z&Z attorneys and paraprofessionals, and the hourly rates applicable at the time that they rendered their services, as modified by the significant discounts provided by the Receiver and Z&Z" for this matter. (Twelfth Mot. at 3.)[2] The Receiver represents that the fee applications

> take into account all relevant circumstances and factors as set forth in the Connecticut Rules of Professional Conduct and the SEC Guidelines, including the nature of the services performed, the amount of time spent, the experience and ability of the professionals and paraprofessionals working on this engagement, the novelty and complexity of the specific issues involved, the time limitations imposed by the circumstances, and the responsibilities undertaken by the Receiver and Z&Z under the Appointment Order.

(*Id.* at 3-4.) The applications include narrative descriptions of the services provided in the time records and summaries of the Receiver's administration of the Receivership Estate. (*Id.* at 4.) The Receiver does not seek "reimbursement for secretarial, word processing, proofreading or document preparation expenses (other than by professionals or paraprofessionals), data processing and other staff services (exclusive of paraprofessional services, or clerical overtime)." (*Id.*) The fee applications reflect the substantial public service discounts determined at the time of the Receiver's appointment, including a twenty-five percent discount to regularly applicable hourly rates for all legal professionals and paraprofessionals. (*Id.*) In accordance with the SEC Guidelines, the Receiver and Z&Z categorized fees incurred by certain "activity categories." (*Id.* at 6.) The Receiver provided a detailed description of the activities of the Receivership Estate during each billing period. (*Id.* at 13-24; Eleventh Mot. at 13-21.)

In opposition, Defendant either repeats the same arguments unsuccessfully raised in his objections to the Receiver's previous motions for Receiver Fees[3] or raises arguments

---

[2] Where the Receiver's motions contain significant overlap in content, the Court cites only to the Twelfth Motion for Fees.

[3] (*See, e.g.*, Def.'s Opp'n to Receiver's Twelfth Mot. at 1 ("The Court must deny the Twelfth Application for the same reasons as the Defendant outlined in his earlier oppositions. . . .").)

inappropriate for consideration on these motions.[4] Similar to Defendant's prior objection to the Receiver's Tenth motion, Defendant reiterates his objections to the Receiver's Liquidation Plan [Doc. # 2022] (the "Liquidation Plan"). (Def.'s Opp'n to Eleventh Mot., at 2-5). The Court has addressed those arguments. (*See* Order Granting with Modification Receiver's Proposed Liquidation Plan [Doc. # 2147].) Defendant also repeats his position that the Receiver's fees should be paid from within the Judgment. Again, the Court has ruled on this argument. (*See* [Doc. # 2028] (reserving a decision on this argument until after liquidation).)

Defendant does not dispute specific time entries in his opposition to the Twelfth Motion for fees, but he does so in opposition to the Eleventh motion for fees. He argues that some time entries were billed at the higher legal rate when they properly should have been billed a non-legal rate. (*See* Def.'s Opp'n to the Eleventh Mot. at 5-6.) However, as the Receiver argues, Defendant misconstrues these time entries, changing their descriptions to fit a non-legal purpose. For example, Defendant challenges a time entry billed on July 13, 2021 by attorney Christopher Blau that Defendant describes as "Draft correspondence." (*Id.* at 6.) But the actual time entry reads: "Draft correspondence to Iftikar Ahmed re liquidation plan." (*See* Ex. D-1 [Doc. # 2106-4] at 3.) Much of the preparation and communication regarding the proposed liquidation plan involved legal analysis. Thus, it was appropriately billed as legal work.

---

[4] For, example, Defendant raises arguments concerning the Receiver's handling of Essell Farms. As Defendant has also filed an independent motion raising those arguments [Doc. # 2115], the Court declines to address them now.

## III. Conclusion

For the foregoing reasons, the Receiver's Eleventh and Twelfth motions for fees [Docs. ## 2106, 2186] are GRANTED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 11th day of May 2022.