UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>July 19, 2022 |

**RULING ON DEFENDANT'S MOTIONS [DOCS. # 1783, 2262]**

On December 20, 2018, the Court entered an order staying all civil legal proceedings against the Receiver, Defendant, and Defendant's agents, or any civil action brought to obtain possession of property located in the Receivership Estate. (Order Appointing Receiver [Doc. # 1070] at 13.) The Court modified the litigation stay on April 7, 2021 to allow non-party NMR e-Tailing LLC ("NMRE") to seek entry of judgment on damages against Defendant Iftikar Ahmed, who defaulted in an action brought in New York state court. (Ruling Granting Nonparty NMRE LLC's Mot. to Modify the Litigation Stay [Doc. # 1871] at 4.) The New York Supreme Court entered judgment against Defendant on July 22, 2021, and "[i]n connection with a confidential settlement between the parties," the judgment was assigned to non-party Oak Management Corporation ("Oak"). (Mem. of L. in Supp. of Non-Party Oak Management Corp.'s Mot. [Doc. # 2261] at 4.)

On June 29, 2022, Oak moved for an order once again lifting the litigation stay "for the limited purpose of (i) domesticating [the assigned judgment], and (ii) pursuing a 'prejudgment' remedy in an amount not less than $56,673,512, including a writ of attachment against certain real property owned by Mr. Ahmed." (Non-Party Oak Management Corp.'s Mot. to Lift Litigation Stay and Prelim. Inj. [Doc. # 2260] at 1-2.) Responses to this motion are due July 20, 2022 [Doc. # 2260].

Defendant and Relief Defendants have moved to compel Oak to reveal the substance of its confidential settlement agreement with NMRE, which they represent is necessary for them to "adequately respond to Oak's motion." (Def.'s Mot. to Compel & for Extension of Time ("Def.'s Mot.") [Doc. # 2262] at 4; Relief Defs.' Joinder to Def.'s Mot. to Compel & for Extension of Time ("Relief Defs.' Joinder") [Doc. # 2264] at 1.) Defendant had previously moved for similar relief, arguing that NMRE should be compelled to disclose the terms of its settlement agreement with Oak. (Mot. for NMRE to Disclose Terms of Settlement with Oak [Doc. # 1783] at 1-2.) This request remains pending.

Defendant and Relief Defendants also request an extension of time to respond to Oak's motion to lift the litigation stay, allowing them to file a response "30 (thirty) days after Oak (or NMRE) provides the [details of the] settlement agreement to Defendant, but no earlier than September 20, 2022." (Def.'s Mot. at 6; *see* Relief Def.'s Joinder at 1.) Defendant represents that the Receiver and Plaintiff Securities and Exchange Commission take no position as to the extension of time. (Def.'s Mot. at 5-6.)

As previously explained, discovery of non-parties must be conducted pursuant to subpoena. (*See* Order Denying Def.'s Mots. to Compel Oak to Produce Docs. [Doc. # 477] at 2 ("Defendant has not served Oak with a subpoena, and therefore his motions to compel are procedurally deficient.").) Defendant has not demonstrated that he served Oak or NMRE with a subpoena, and therefore his motion to compel Oak [Doc. # 2262] is DENIED and his motion

2

to compel NMRE [Doc. # 1783] is DENIED.[1] Defendant may subpoena Oak or NMRE pursuant to Federal Rule of Civil Procedure 45 to produce a copy of the settlement agreement, and may file a subsequent motion to compel compliance if necessary.

However, the Court will GRANT with modification Defendant and Relief Defendants' request for an extension of time [Doc. #2262]. The parties represent that they need time to "analyze Oak's request to allegedly attach the 505 North Street home . . . which involves complicated legal issues of bond law, family law, alleged creditor status law, etc." (Def.'s Mot. at 6.) Defendant also describes several approaching deadlines in the New York state action. (*Id.*) The Court will not, however, extend the deadline over two months, as requested. Instead, Defendant and Relief Defendants may file their opposition to Oak's motion on or before July 27, 2022.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 19th day of July 2022

---

[1] Defendant argues that, if the Court determines that he "must serve NMR[E] (or any other entity) with a subpoena, [then he] will need the aid of legal counsel or a release of funds and guidance on how to do so and the Court should give the Defendant those resources." (Def.'s Reply to NMR's Opp. [Doc. # 1861] at 2-3.) The Court has previously denied Defendant's motions for attorneys' fees because his "self-attestations claims of indigency will not suffice as support for [his] motions." (Omnbius Order Denying Def.'s Mots. for Att'y Fees [Doc. # 2040] at 1-2.) Without objectively verifiable corroboration of his indigency, the Court again denies Defendant's request for attorneys' fees.