**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

———————————————————————————
)
UNITED STATES SECURITIES AND                )
EXCHANGE COMMISSION,                         )   No. 3:15-CV-675 (JBA)
)
          Plaintiff,                 )
)
    v.                                     )
)
IFTIKAR AHMED,                               )
          Defendant, and             )
)
IFTIKAR ALI AHMED SOLE PROP et al.,          )
)   JULY 28, 2022
          Relief Defendants.         )
———————————————————————————  )

## RELIEF DEFENDANTS' EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO RECEIVER'S PHASE I REPORT AND FOR BIFURCATION OF ISSUES IN RESPONSE

Relief Defendants I-Cubed Domains, LLC, Shalini Ahmed, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, DIYA Real Holdings, LLC, and three minor children by and through their next friends Iftikar and Shalini Ahmed, their parents (collectively, "Relief Defendants"), respectfully request that this Court extend their deadline to respond to the Phase I Report of the Receiver (ECF No. 2273, or "Phase I Report") from August 12, 2022[1] until September 22, 2022, allowing Relief Defendants sixty (60) days to respond to the Phase I Report. The Relief Defendants also request that they be allowed to bifurcate their response to the Receiver's Phase I Report.

---

[1] The Court has not determined a briefing schedule for responding to the Receiver's Phase I Report. As such, the Relief Defendants, in accordance with local rules, assume that the time to respond is August 12, 2022. The response to the Receiver's Motion for Approval (ECF 2280) is assumed due August 17, 2022, and the Relief Defendants request the response for ECF 2280 be due on September 27, 2022.

Relief Defendants reserve all rights.  In support of this Request, Relief Defendants state as follows:

1.      On January 11, 2022, the Court granted, with modification, the Receiver's proposed liquidation plan. (ECF No. 2147). On February 25, 2022, the Court also allowed the Receiver to retain tax counsel Verdolino & Lowey, PC ("V&L") to advise on tax issues. (ECF No. 2193)

2.      As part of that proposed liquidation plan, the Receiver was to file a Phase I Report when, *inter alia*, liquidation of certain "non-unique" assets was complete. (ECF No. 2022)

3.      On July 22, 2022, the Receiver filed the Phase I Report. (ECF No. 2273 or "Phase I Report").

4.      Relief Defendants' assumed deadline to respond to the Phase I Report is currently August 12, 2022.

5.      There is good cause to grant this Motion for additional time because Relief Defendants cannot reasonably meet the current deadline despite their diligent efforts. More specifically, the Phase I Report is 85 pages long and raises multiple complicated factual and legal issues that will require Relief Defendants to undertake significant further research and analysis to respond.   This includes, *inter alia,*: (1) the analysis of the calculation of the interest and gains and post-judgment interest amounts as proposed by the Receiver; (2) a complete analysis of the tax report filed by V&L and its implications; (3) the propriety of the Receiver's proposal to monetize all the unique assets (versus a selection of such and/or in certain order) and the procedures proposed by the Receiver for such monetization; (4) the propriety and appropriate timing of transferring assets to a

CRIS account; (5) the proper timing for the determination of the inclusion of the Oak HC/FT assets; (6) the proper determination of the value of the amounts of the Oak non-forfeited assets; (7) the proper amount to be reserved for expenses; and (8) any further issues not apparent at this time, but which may arise upon further analysis and research of the issues in the Phase I Report. Given the complexity, breadth, novelty, and significance of these issues (and others), as well as the substantial sums of money involved, the Relief Defendants require the requested time in order to properly prepare their response.

6.      The Receiver himself, even with the guidance and assistance of specialized tax counsel, took many months to prepare and file this Phase I Report, which raises and addresses complicated issues. Specifically, the Receiver acknowledged on February 4, 2022 that "the Receiver has liquidated the vast majority of Non-Unique Assets in the Receivership Estate" (ECF 2171 at 2), and still filed the Phase I Report *over five months later*, on July 22, 2022, supporting the complex nature of the issues involved. The Court did not impose a deadline for the Receiver to file his Phase I Report and allowed the Receiver as much time as needed to do so.

7.      In addition, Ms. Ahmed is *pro se* on the issue of taxes and the Receiver has acknowledged the complexity inherent in the tax issues in this case, which requires an understanding of the issues, understanding of what has occurred, understanding the proposal and determination if further minimization/agreement can be effectuated on this issue.

8.      Ms. Ahmed is also suffering from health issues, specifically an increase in the frequency and intensity of debilitating migraines which leaves her unable to function

when they occur. These migraines occur at any moment and can last for days, leaving Ms. Ahmed unable to read or even understand any legal issues during these episodes.

9.      As she is *pro se* on the tax issues and given her health situation, Ms. Ahmed requires the requested extension to properly understand, research and prepare a response to the tax issues, as well as to properly understand, research, and prepare a response to the other issues raised in the Phase I Report.

10.     It is possible that Ms. Ahmed may be able to work with the Receiver and V&L to come to some resolution on the tax and other issues, which would reduce briefing and could result in further benefits to the Estate.

11.     Ms. Ahmed is also dealing with other cases, where she is *pro se*, she is a single parent and she is also trying to work on her self-employment efforts.

12.     In addition, Murtha Cullina has now moved to withdraw. (ECF 2274).

13.     This Court has prior allowed sixty (60) days for the parties to respond to the Receiver's Liquidation Report, in April 2019. (ECF 1137, order granting requested time to respond).

14.     The interests of the Parties, the Receivership Estate, and the Court will be advanced by this extension as well, insofar as the extension will allow the Relief Defendants collectively, and Ms. Ahmed on the tax issues, to fully understand and address the issues raised in the Phase I Report and thereby allow the Parties to expend less time and resources litigating said issues.

15.     The interests of the Receivership Estate are protected through the Court's existing orders in this case and because the Receiver has assumed control over the

assets identified in the Phase I Report.  Furthermore, the assets have now been frozen for over seven years and into its eighth year now.

16.     This is Relief Defendants' first request to extend this deadline.

17.     The Relief Defendants also request that they be allowed to bifurcate their response to the Phase I Report.

18.     Specifically, the Relief Defendants request that they be allowed to respond to the (i) interest/gains and post-judgment issues, and (ii) tax issues by September 22, 2022; and that once the parties and/or the Court have resolved these two issues, that they then be allowed to respond to the remaining issues in the Phase I Report, *inter alia*, the selection of unique assets and the process for monetization of those assets, the amount of reserve, etc., in a subsequent briefing. These two issues alone are substantial and will require significant amount of time to research, analyze and address. In addition, this bifurcation will result in increased efficiencies to the Court and all parties because the amount of final judgment should be determined first, and it is possible that the Relief Defendants may be able to work with the Receiver and V&L on further analysis/agreement on tax issues, which could result in substantial savings to the Estate.

19.     The Relief Defendants label this Motion as "Emergency" as Ms. Ahmed continues to suffer from debilitating migraines and as they must determine the proper allocation of their time to these various issues, which involve understanding, analysis and research, as well as writing a proper response, while interfacing with the Receiver to see if any efficiencies are possible, and as Murtha Cullina has moved to withdraw. The Relief Defendants respectfully request the Court address the Motion as Emergency.

20.     Relief Defendants have inquired of the SEC and the Receiver, who both object to the relief requested in this motion. The Defendant consents to and joins this Motion.

WHEREFORE, the Relief Defendants respectfully requests that the Court grant this emergency motion and thereby:

(i)     extend the Relief Defendants' and Defendant's deadline to file a response to the Receiver's Phase I Report from August 12, 2022, to September 22, 2022 (and for a response to ECF 2280 (Receiver's Motion for Approval) by September 27, 2022); and

(ii)    bifurcate the issues such that the Relief Defendants and Defendant respond to (a) the interest/gains and post-judgment interest calculations to determine a final judgment and (b) to the various tax issues to, *inter alia*, see if there can be further agreement/minimization of taxes by September 22, 2022; and once these two main issues have been resolved by the parties and/or the Court, allow the Relief Defendants and Defendant to respond to the remaining issues raised in the Phase I Report in a subsequent briefing.

Respectfully Submitted,


By: __*/s/ Paul E. Knag*_____
        Paul E. Knag – ct04194
        pknag@murthalaw.com
        Murtha Cullina LLP
        107 Elm Street, Suite 1101
        Four Stamford Plaza, 11th Floor
        Stamford, Connecticut 06902
        Telephone: 203.653.5400
        Facsimile:  203.653.5444


        *Attorneys for Relief Defendants*
        *I-Cubed Domain, LLC, Shalini Ahmed,*
        *Shalini Ahmed 2014 Grantor Retained*
        *Annuity Trust, Diya Holdings, LLC, Diya*
        *Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

6

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on July 28, 2022, a copy of the foregoing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

_/s/ Paul E. Knag_
Paul E. Knag – ct04194