UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>July 29, 2022 |

**ENDORSEMENT ORDER**

On March 11, 2021 the Second Circuit remanded this case to the Court for a determination of Defendant Ahmed's disgorgement obligation in light of § 6501 of the National Defense Authorization Act ("NDAA") [Doc. # 1810]. On March 16, 2021, the Court ordered the parties to "file memoranda setting out their respective positions and analyses." (Order for Briefing on Remand [Doc. # 1801] at 1.) While the Court had previously concluded that it would "not entertain any further requests for Relief Defendants' district court legal fees until liquidation is complete," (Order Directing Payment of Fees to Relief Defs.' Counsel and Denying Murtha Cullina's Motion to Withdraw [Doc. # 1740] at 3), it later determined that it would narrowly compensate Murtha Cullina for the "reasonable fees it incurred complying with the Court's order[ed briefing on remand]," (Ruling on Murtha Cullina's Mot. for Fees, Relief Defs.' Mot. for Reconsideration, & Def.'s Mot. for Reconsideration [Doc. #

2118] at 4). To calculate these fees, the Court directed Murtha Cullina to file "its billing records for the covered period of work on which a reasonable fee c[ould] be ascertained." (*Id.*)

Although Murtha Cullina timely filed its supplemental record, the Court cannot assess Murtha Cullina's request in its current form. Murtha Cullina asks the Court to release $107,434 for services incurred between March 11, 2021 from July 14, 2021,[1] substantially redacting its billing records. (Murtha Cullina's Supp. Record for Work Incurred in Connection with NDAA Remand ("Murtha Cullina's Resp.") [Doc. # 2128] at 2; Suppl. Record, Ex. 1 ("Ex. 1") [Doc. # 2181-1] at 2-19.) Murtha Cullina represents that it has "redacted items that are privileged and confidential or that are not relevant to the Court's order related to the ordered briefing(s), hearing, or related issues" and has submitted only a request for fees and expenses that "relate[] to the limited remand for the NDAA." (Murtha Cullina's Resp. at 2.)

By heavily redacting its billing records, though, Murtha Cullina has left the Court with an impossible task. As presented, the Court cannot ascertain whether certain entries pertain to the ordered briefing or reflect time reasonably expended. For example, Murtha Cullina requested $1,625.00 in compensation for " ▮ attention to filing by Receiver; ▮ ," (Ex. 1 at 9), $975.00 for " ▮ ; extension of time; ▮ ," (*id.* at 10), $1,300 for "telephone call ▮ and follow-up," (*id.* at 12), $174 for "conducted research to determine ▮ ," (*id.* at 13), and $1,300 for " ▮ worked on ▮ by the SEC," (*id.* at 14). Other entries claim a connection to the ordered NDAA briefing, but are too indefinite for evaluation. (*See, e.g., id.* at 8 (requesting $2,6000 for "Worked on brief regarding remand. ▮ "); *id.* at 11 (requesting $1,625 for "Worked on reply brief on remand; ▮ "); *id* at 13 (requesting $2,600 for "Prepared for argument; ▮ "); *id.* at 14 (requesting $5,2000 for "Prepared for argument; ▮ ").)

---

[1] The Court did not order briefing until March 16, 2021 [Doc. # 1801] and issued its decision on June 16, 2021 [Doc. # 1997]. Thus, the operative period under consideration for a fee award is March 16, 2021 to June 16, 2021.

2

To properly determine if Murtha Cullina's requested fees were reasonably incurred to comply with the Court's briefing order, the Court directs Murtha Cullina to submit its unredacted billing records by August 3, 2022 for an *in camera* review. It may redact any entries for which it does not seek compensation, but shall leave unredacted every entry for which it requests payment.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 29th day of July 2022.