UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>July 29, 2022 |

**ORDER DENYING RELIEF DEFENDANTS' EMERGENCY MOTION FOR RECONSIDERATION**

On July 19, 2022, the Court denied Defendant and Relief Defendants' motion to compel Oak Management Corporation ("Oak") to reveal the substance of its confidential settlement agreement with NMR e-Tailing LLC ("NMRE"), but granted with modification their request for an extension of time to respond to a motion by Oak. (Ruling on Def.'s Mots. ("Ruling") [Doc. # 2268] at 3.) Defendant had previously argued that a copy of the Settlement Agreement was necessary for his response to Oak's motion and asked the Court to extend his response deadline to "30 (thirty) days after Oak (or NMRE) provides the settlement agreement to Defendant, but no earlier than September 20, 2022." (Def.'s Mot. to Compel & for Extension of Time ("Def.'s Mot.") [Doc. # 2262] at 5.) Relief Defendants joined Defendant's motion. (Relief Defs.' Joinder to Def.'s Mot. to Compel & for Extension of Time ("Relief Defs.' Joinder") [Doc. # 2264] at 1.) The Court declined to extend the deadline as requested, but

allowed Defendant and Relief Defendants to file their responses on or before July 27, 2022 because Defendant had upcoming deadlines in a different legal matter and Oak's motion involved "complicated legal issues." (Ruling at 3 (citing Def.'s Mot. at 6).) Relief Defendants haved moved for reconsideration of that Ruling, (Relief Defs.' Emergency Mot. for Reconsideration ("Mot. for Reconsideration") [Doc. # 2275]), and Defendant has joined their motion for reconsideration, (Def.'s Joinder to Relief Defs.' Emergency Mot. for Reconsideration [Doc. # 2277]).

Relief Defendants now represent that they have moved to compel compliance with a subpoena issued to Oak, and consequently, they "will not have time to adequately view and analyze the Settlement Agreement if the Court orders it disclosed to them[] before the current deadline of July 27, 2022." (Mot. for Reconsider at 2.) Thus, they ask that the Court allow them to file their responses to Oak's motion "a week after the Settlement Agreement has been disclosed to them, or a week after this Court adjudicates the Motion to Compel if it denies the Relief Defendants' instant request." (*Id.*) Alternatively, they ask that "that they be allowed to supplement their response to Oak's Motion within a week after the settlement agreement is produced," (*id.*), which presumes that production of the Settlement Agreement will be ordered. To support their requests for reconsideration, Relief Defendants rehash Defendant's arguments that a copy of the Settlement Agreement is necessary for a proper response. (*See id.* at 2-4.)

Motions for reconsideration "shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought" and require the movant to set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order." D. Conn. Loc. Civ. R. 7(c). A motion for reconsideration is committed to the Court's discretion, *Nygren v. Greater N.Y. Mut. Ins.*, No. 3:07-CV-462 (DJS), 2010 WL 3023892, at *2 (D. Conn. Aug. 2, 2010), and is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the

merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012).

Relief Defendants have simply repackaged and expanded upon arguments already rejected by the Court in extending the filing deadline. (*See* Ruling at 3 ("The Court will not, however, extend the deadline over two months, as requested.").) Thus, Relief Defendants impermissibly seek to "tak[e] a second bite at the apple." *Analytical Survs., Inc.*, 684 F.3d at 52. This is not a proper basis for reconsideration, and accordingly, Relief Defendants' emergency motion for reconsideration [Doc. # 2275] is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 29th day of July 2022.