UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br><br>    *v.*<br><br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>August 15, 2022 |

**ORDER GRANTING MOTION OF MURTHA CULLINA TO WITHDRAW AS COUNSEL**

Paul E. Knag, counsel for Relief Defendants, filed a motion on behalf of himself and the Murtha Cullina firm to withdraw as counsel pursuant to Rule 7(e) of the Local Rules of Civil Procedure on the grounds that continued representation would be an unreasonable financial burden. (Mot. of Murtha Cullina to Withdraw as Counsel for Relief Def. [Doc. #2274] ("Murtha Mot.")). Relief Defendant Shalini Ahmed consents to the motion to withdraw; the motion is silent as to the positions of I-Cubed Domains, LLC, Shalini Ahmed 2014 Grantor

Retained Annuity Trust, DIYA Holdings, LLC, DIYA Real Holdings, LLC, and I.I. 1, I.I. 2, and I.I. 3 (the Ahmed's three children). (Murtha Mot. at 3.) No party has filed an opposition.

I.    **Legal Standard**

A motion to withdraw under D. Conn. R. Civ. P. 7(e) "normally will not be granted except upon a showing that other counsel has appeared or that the party whose counsel seeks to withdraw may and has elected to proceed without counsel, and that the party has received actual notice of the motion to withdraw." *GEOMC Co. v. Calmare Therapeutics, Inc.*, No. 3:14-CV-1222 (VAB), 2020 WL 12880834, at *1 (D. Conn. Mar. 30, 2020). However, the court has a "great deal of discretion" in deciding such motions. *Id.*

A.B.A Model Rule of Professional Conduct 1.16(b)(6) states that a lawyer "may withdraw from representing a client if . . . the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." While "non-payment typically is an insufficient basis to withdraw from representation," *GEOMC Co.*, 2020 WL 12880834 at *2, "the court cannot force [the party's] counsel to continue to represent them unpaid." *Halo Tech Holdings, Inc. v. Cooper*, No. 3:07-CV-489(AHN), 2008 WL 11377686, at *1 (D. Conn. Sept. 24, 2008).

II.    **Discussion**

Murtha alleges that the Relief Defendants owe $596,956.56 in unpaid fees as of May 31, 2022, with unpaid fees continuing to accrue. (Murtha Mot. at 2.) Relief Defendants, Murtha alleges, have not paid the firm any fees since January 2021. (*Id.*) Murtha represents that while Shalini Ahmed has tried to limit the legal fees incurred by "becoming *pro se* on certain matters," there remains work to be done by Murtha for the other Relief Defendants

and for Shalini Ahmed on certain other matters in the case. (*Id.* at 2.) Now faced with the briefing associated with the Receiver's Phase I Report as well, Murtha argues that it can no longer continue while sustaining the heavy financial burden of further unpaid fees. (*Id.* at 3.)

A client's "failure to pay its legal fees constitutes a valid ground for granting a motion to withdraw" in this circuit. *See Halo*, 2008 WL 11377686 at *1. Murtha has met the bar for establishing unreasonable financial burden; both the amount of fees and the length of time for which they have gone unpaid are comparable to other cases in which motions to withdraw have been granted. *See, e.g., Tokarz v. LOT Polish Airlines,* No. 96-CV-3154 (FB)(JMA), 2005 WL 8161165, at *1 (E.D.N.Y. June 20, 2005) (granting counsel's motion to withdraw after $353,238.14 in fees went unpaid for almost a year and a half).

Courts considering motions to withdraw will also consider the consent of the represented party when it is given. *See Harris v. Millington,* No. CV20073391ERKMDG, 2008 WL 11438291, at *1 (E.D.N.Y. Sept. 18, 2008) (permitting withdrawal "[i]n light of the client's consent."). While Shalini Ahmed has given consent to the withdrawal motion, the remaining Relief Defendants are in a unique position; as corporations and minor participants who must speak either through an attorney or a representative, they are unable to independently voice their view on the withdrawal motion. Thus, it falls to the Court to determine whether Shalini Ahmed's consent may stand for that of the remaining Relief Defendants as well.

The Court has found no cases directly addressing whether, or under what circumstances, one client of an attorney may speak on behalf of another jointly represented client's interests in consenting to the withdrawal of their counsel. However, under the Model

3

Rule of Professional Conduct 1.7, a lawyer cannot represent multiple clients "if the representation involves a concurrent conflict of interest." The Comment to Rule 1.7 on Special Considerations in Common Representation cautions that if "potentially adverse interests cannot be reconciled," the lawyer will ordinarily "be forced to withdraw from representing all of the clients." *Id.* ¶ 29.

If there had ever arisen a situation in which the interests of Shalini Ahmed and the other Relief Defendants conflicted, Murtha would have been ethically compelled to withdraw from representing one or the other. Their continued joint representation is compelling evidence that their interests remain aligned. Reality also bears out this theoretical principle; Shalini Ahmed and the other Relief Defendants filed their Answer together, and since then have filed dozens of motions on their joint behalf through the counsel who now seeks to withdraw. (*See* Answer to the Sec. Am. Compl. [Doc. # 218]; Mot. to Dismiss by Relief Defendants [Doc. # 224]; Consent Mot. for Release of Funds for Repairs and Common Charges for a Relief Defendant's Apartment [Doc. # 233]; Consent Mot. for Release of Funds for Partial Payment of Attorney' Fees and Disbursements [Doc. # 523]; Mot. for Summ. J. [Doc. # 618]).

The law also provides specific support for Shalini Ahmed's ability to speak on behalf of the Relief Defendants that are corporations. A corporation "can only act through its officers or agents." *Jerry Kubecka, Inc. v. Avellino*, 898 F. Supp. 963, 970 (E.D.N.Y. 1995). Because the officers and directors "are in formal control of an organization," they "speak for the entity which, as a legal construct rather than a corporeal being, cannot speak for itself." *Chevron Corp. v. Salazar*, 275 F.R.D. 422 (S.D.N.Y. 2011). Shalini Ahmed is an officer or sole interest holder for each of the Relief Defendant corporations, and

4

so is positioned to give consent on their behalf. (*See* Sec. Am. Compl. [Doc. # 208] ¶ 14 for I-Cubed, LLC, stating that Iftikar Ahmed, the sole initial member, "assigned his interest in I-Cubed to his wife, who later transferred most of that interest to the Shalini Ahmed 2014 Grantor Retained Annuity Trust"; ¶ 16 for Shalini Ahmed 2014 Grantor Retained Annuity Trust, stating "a Delaware Limited Liability Company with Shalini Ahmed serving as a trustee"; ¶ 17 for DIYA Holdings, LLC, stating that "Shalini Ahmed serves as the manager and the entity holds at least two bank accounts, which were opened by Shalini Ahmed;" and ¶ 18 for DIYA Real Holdings, LLC stating that "Shalini Ahmed serves as manager and the entity holds one bank account, which was opened by Shalini Ahmed.").

As to the Relief Defendants who are minor children, because the suit is brought for I.I. 1, I.I. 2, and I.I. 3 (the minor children of the Ahmeds) through their parents, which include Shalini Ahmed, Shalini Ahmed's consent for Murtha to withdraw is sufficient to stand for their consent as well. (*See* Answer to the Sec. Am. Compl. [Doc. # 218] listing in the caption I.I. 1, I.I. 2, and I.I. 3 each as "a minor child, by and through his next friends Iftikar and Shalini Ahmed, his parents.").

Because the financial burden of continued representation has become unreasonable and the represented parties have consented either directly or by proxy to the withdrawal, the motion to withdraw [Doc. # 2274] is granted as to attorney Paul E. Knag and the Murtha Cullina firm.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 15th day of August, 2022