UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR AHMED SOLE PROP; *et al*<br><br>Relief Defendants. | Civil Action No. 3:15-cv-675 (JBA)<br><br>August 19TH, 2022 |

**DEFENDANT'S EMERGENCY MOTION FOR DETAILS ON RECEIVER'S ESTABLISHMENT OF A QUALIFIED SETTLEMENT FUND (QSF) IN THIS CASE WITHOUT COURT ORDER AND WITHOUT BRIEFING ON THE MATTER**

The *pro se* Defendant respectfully files this Motion for details from the Receiver as to the establishment of a Qualified Settlement Fund (or "QSF") without Court Order and without any briefing on the matter.

The Defendant reserves all rights.

In the Receiver's request to increase the compensation limit for Verdolino & Lowey (or "V&L") [Doc. #2267, or the "Motion"], it has come to light that the Receiver has established a QSF, without any briefing or knowledge or agreement by the parties, and without any order of this esteemed Court allowing for such establishment of a QSF. The Defendant needs to know details on the establishment of such QSF; and specifically, under whose authority the Receiver has done so; why it was done without any Court order; and without any briefing on the matter; and that it must be reversed until all tax analysis and other issues have been addressed by the parties and adjudicated by the Court.

1

## BACKGROUND

The Defendant assumes familiarity with the background of this case and the issues, but presents the following for the Court's convenience:

1. The Court ordered briefing on liquidation, which occurred during the summer of 2021. [Doc. #1997 at 13, "the Receiver is directed to propose a liquidation schedule upon which all Parties may comment."]

2. As part of that briefing, the Defendant and the Relief Defendants raised the issue of taxes due to the Receiver's proposed liquidation, the complications attendant on such liquidation due to the tax issues, as well as requested a pre-liquidation tax analysis so that all tax issues could be addressed and potentially taxes minimized with a tax plan *before* liquidation. [Doc. #2065, *inter alia*, at 7-13, 20, 36-37, 39; Doc. #2064 at 8-18]

3. The Receiver and the SEC opposed any pre-liquidation tax analysis. [Doc. #2071 at 5-11, with the Receiver stating "there is no need to complete such tax analysis prior to liquidation." (*Id.* at 11); SEC response at Doc. #2075 at 18-20]

4. The Court denied the Defendant and Relief Defendants' request for pre-liquidation tax analysis and counsel, stating that "a tax professional retained by the Receiver shall render an objective assessment." [Doc. #2147 at 18]

5. The Defendant filed an Emergency Motion on January 14, 2022 on the potential use of a Qualified Settlement Fund ("QSF") in this case and requested the Court order the Receiver to immediately analyze the potential use of a QSF in this case, before any liquidation commenced. [Doc. #2150]

6. The Receiver opposed the Defendant's request, stating "the Receiver will report to the Court on tax issues (including the potential existence of or the requirements to create a Qualified Settlement Fund)… [Receiver will] conduct[] [tax] analysis and mak[e] these [various tax] proposals for this Court's and other parties' consideration" [Doc. #2171 at 2]

7. The Court denied the Defendant's motion, stating "the Court already has authorized the Receiver to engage in all tax analysis appropriate to facilitate the Liquidation Plan" [Doc. #2187]

8. On July 8, 2022, the Receiver filed a motion to increase the compensation limit of V&L [Doc. #2267, or "Motion"].[1] As part of that Motion, the Receiver stated that V&L has assisted the Receiver in matters, *inter alia*, "including *the establishment of a QSF*" [Motion at 3] (emphasis added)

---

[1] The Defendant has joined the Relief Defendants' Opposition to the Motion.

**ARGUMENT**

At all times, the Defendant has understood that the Receiver would be consulting with V&L to come up with various ***proposals*** as to how to minimize taxes due to liquidation of assets and that such proposals would be briefed by the parties ***before*** any Court order for any implementation. ***At no point in time*** did the Court order that the Receiver could take any action with respect to tax minimization on any proposal, without a Court order and proper briefing on such matters. However, it appears the Receiver has acted *extra-judicially* in that respect, and the Defendant respectfully requests the Court order the Receiver to respond to this instant Motion and to reverse any transfers until the various proposals can be briefed *first* by all parties and after the Court decides on such matters *after* due consideration of the impact of such proposals.

**I.       It Appears the Receiver Has Established a QSF.**

In the Motion, the Receiver attempts to justify an increase to V&L's compensation limit of $50,000 by stating, *inter alia*, "[e]valuating matters relating to a Qualified Settlement Fund ("QSF") in the context of this unique Receivership proceeding, including *the establishment of a QSF* as well as the tax consequences of a QSF for both the Receivership Estate and the Defendant and Relief Defendants (jointly, the "Defendants")." [Motion at 3]. It appears as if the Receiver has, ***without Court authorization and without parties' briefing or even knowledge, already established a QSF***. Furthermore, there has been no discussion with either the Defendant or Relief Defendants or with this Court on "the tax consequences of a QSF for both the Receivership Estate and the Defendant and Relief Defendants," contrary to what the Receiver claims in his Motion.

## II.   This Court Has <u>Not</u> Authorized the Establishment of a QSF.

The Receiver has not sought approval to establish *any* QSF in contradiction to his earlier submission to this Court that "the Receiver fully expects to provide a detailed analysis of and *proposals* to address various tax matters… for this Court's and other parties' *consideration*" [Doc. #2171] (emphasis added in both).  The Receiver had earlier stated that "[I]n his Phase 1 Report, the Receiver would submit for this Court's consideration and approval "his and his tax professional's *analysis* and *accounting* of [any] proposed tax payments…."" [Doc. #2071 at 11] and "the Receiver will … mak[e] these [various tax] *proposals* for this Court's and other parties' *consideration*" [Doc. #2171 at 2] (emphasis added in all). At no point has the Receiver requested Court approval for the establishment of a QSF.

This Court has not ordered the establishment of a QSF. Nor has the Defendant requested the Court to order such establishment. Nor can he. He does not know the impact of such establishment, or the tax consequences to himself and the Relief Defendants of such. The Defendant fully expected, given this Court's denial of his Emergency Motion to analyze the use of a QSF in this case [Doc. #2187], that the Receiver would provide a ***proposal*** to use a QSF, and provide any and all other tax minimization strategies before actually implementing a QSF and transferring funds to that QSF, that would be addressed by all parties before actually establishing a QSF. The use of a QSF, and the impact of such QSF, has <u>not</u> been briefed in this case.

In fact, stating that the Receiver would submit *proposals* for *consideration does **not*** mean that a QSF can be established without proper briefing and without this Court's orders to do so. In fact, this Court, in denying Defendant's emergency motion to research the viability of a QSF, clearly stated that "the Court already has authorized the Receiver to engage in ***all*** tax *analysis*

4

appropriate to facilitate the Liquidation Plan" (Doc #2187) (emphasis added in both). The Court stated "tax *analysis"* **not**, tax *implementation*. There cannot be an establishment of a QSF, or *any other entity,* without all parties' knowledge and briefing before this Court, without due consideration of the impacts of such proposals, and without an explicit Court order.

**III.     There are Certain Requirements Before Establishing a QSF.**

As the *pro se* Defendant understands, there are certain requirements that must be met before establishing a QSF. Specifically, the establishment of a QSF has three requirements, which have not been met here: (a) it must be specifically created by a court order subject to certain Treasury regulations with continuing jurisdiction over the QSF; (b) The QSF trust is set up to resolve tort or other legal claims prescribed by the Treasury regulations; (c) it must be a trust under applicable state law. The Defendant has not requested for a QSF to be established, just to be *analyzed* which this Court denied, and for the Defendant to understand the implications of establishing a QSF, which he expected would be part of any briefing on the proposal for establishment and use of such QSF *once all the benefits/consequences and impacts were understood.* In fact, as this directly impacts the Defendant and Relief Defendants, he (and they) have *every right to understand the consequences of and opine* on the establishment of any such QSF *before* one is established. Furthermore, a QSF cannot simply be created without this and other due considerations and this Court has not ordered the establishment of a QSF.

The Receiver has *extra-judicially* created a QSF without the Court's authorization and without the parties' knowledge, agreement or briefing on the subject and the QSF and any transfers to that QSF ***must*** *be reversed.*

**IV.     The Parties Have Not Briefed the Impact of Using a QSF in this Case.**

There are issues with using a QSF, and the Defendant had explicitly requested the emergency briefing on the subject in January 2022. [Doc. #2150]. The Court denied the Defendant's request, stating that the Receiver will engage in *all* tax analysis. [Doc. #2187]. Here, there has been no briefing on the impact of using a QSF in this case, the advantages or the disadvantages and any tax impact, especially to the Defendant and Relief Defendants, and the impact of potential appellate rulings on the use of a QSF.

In fact, the Defendant does not know the tax implications, if any, for him or the Relief Defendants, by way of the Receiver's *extra-judicial* actions, and he is severely prejudiced and harmed by the establishment of a QSF and the transfer of funds to such QSF without any briefing on the issue and without any understanding of what the consequences are. The Court should immediately reverse the Receiver's actions.

**V.      The Receiver Must Respond as to Under Whose Authority a QSF was Established.**

The Defendant respectfully requests that the Court order the Receiver to answer under whose authority a QSF was established, and ***why such was established without parties' knowledge and briefing and without Court Order***. The Defendant was not given an opportunity to brief such a major decision, there was no due consideration or knowledge given to the Defendant or Relief Defendants of such action, the Defendant does now know the impact of such, and a QSF cannot be established without explicit Court order.

**VI.     Defendant Has Been Prejudiced By Receiver's Actions.**

The Defendant has been prejudiced by the Receiver's Actions that have been undertaken without briefing by the parties and this Court's orders. The Defendant believes, *inter alia*, that the Receiver's Actions have created unknown tax implications for him and may have additional unknown implications that directly impact him.

## VII. Relief Requested by Defendant.

The Defendant requests the Court order the immediate transfer *back to the original accounts* of **all amounts** transferred to the QSF until the parties have understood the impact of and briefed the issue, and until after the Court decides on the appropriateness of the establishment of a QSF. The Defendant also requests the Receiver reverse all costs associated with such establishment and transfers, as it was done without Court order, without knowledge and briefing by the parties and done *extra-judicially.*

The Defendant has classified this Motion as "Emergency" because there is briefing with respect to the Phase I Report and this instant Motion impacts any analysis on tax issues for that Report.

## VIII. Conclusion.

This Court has ordered that the Receiver submit his *proposals* on how to deal with tax issues due to liquidation in his Phase I Report. The Defendant will respond separately to the Phase I Report, but submitting a *proposal* does not mean that the Receiver can *implement* any proposal without the parties' briefing and without Court order. There are consequences to following certain tax minimization methods and the Defendant does not know the consequences or impact to him of establishing a QSF, which is why he requested the analysis and briefing in an emergency request in January 2022 [Doc. #2150] in the first place, which this Court denied because the Receiver was "to engage in *all* tax analysis appropriate to facilitate the Liquidation Plan" (emphasis added) and present such to the parties for their consideration *first*. [Doc. #2171]. The Receiver, in effect, has implemented what the Court had denied.

The Receiver has *extra-judicially* implemented a proposal without any briefing or knowledge of the parties and without Court order.  This issue was not briefed, and the Court did not order such a QSF to be established.

**WHEREFORE**, the Defendant respectfully requests the esteemed Court grant this Motion in its entirety.

Respectfully Submitted,

Dated: August 19TH, 2022      /s/ Iftikar Ahmed

                                                 Iftikar A. Ahmed
                                                 C/O Advocate Anil Sharma
                                                 Government Place East
                                                 Kolkata 700 069, India
                                                 Tel:    +91-983-008-9945
                                                 e-mail: iftyahmed@icloud.com
                                                 *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by electronic mail to:

MR. NICHOLAS P. HEINKE, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

MR. MARK L. WILLIAMS, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

MS. SHALINI A. AHMED
shalini.ahmed@me.com