UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>　　*Plaintiff*,<br>　　v.<br>IFTIKAR AHMED,<br>　　*Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>　　*Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>August ___, 2022 |

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF SETTLEMENT TERMS**

On December 20, 2018, the Court stayed all civil legal proceedings against the Receiver, Defendant, and Defendant's agents, or any civil action brought to obtain possession of property located in the Receivership Estate. (Order Appointing Receiver [Doc. # 1070] at 13.) Tracy Klestadt, as the Plan Administrator of the Estate of Choxi.com ("PA") recently settled claims against Oak Investment Partners, Oak Management Corporation, Oak Investment Partners XIII, LP, and Oak Associates XIII, LLC (collectively, "Oak"). (Mem. Of L. in Opp. to Def.'s Mot. [Doc. # 1846] at 2.) Neither the PA nor Oak are parties to this action.

Defendant and Relief Defendants have moved to compel the PA to disclose the terms of its settlement with Oak, which they allege is necessary because the settlement impacts the

damages that Oak can seek against Defendant and Relief Defendants. (Mot. to Compel [PA] to Disclose Terms of Settlement with Oak [Doc. # 1786] at 2; Relief Defs.' Joinder of Def.'s Opp. and Mots. [Doc. # 1794] at 1.) As the Court has explained several times, obtaining documents from non-parties requires a subpoena. (*See* Order Denying Def.'s Mots. to Compel Oak to Produce Docs. [Doc. # 477] at 2 ("Defendant has not served Oak with a subpoena, and therefore his motions to compel are procedurally deficient."); Order Denying Def.'s Mot. to Compel NMRE to Disclose Terms of Settlement with Oak [Doc. # 2268] at 2.) As with Defendant's prior motions to compel, Defendant has not demonstrated that either the PA or Oak have been served with a subpoena. Defendant's motion to compel PA [Doc. # 1786] is therefore DENIED.[1] In the event that Defendant subpoenas the PA or Oak for a copy of the settlement agreement pursuant to Federal Rule of Civil Procedure 45, and the subpoena is not complied with, he may file a subsequent motion to compel.

IT IS SO ORDERED.

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this ___ day of August 2022

---

[1] Defendant argues that in order to first "serve the PA (or any other entity) with a subpoena, [he] will need the aid of legal counsel or a release of funds and guidance on how to do so and the Court should give the Defendant those resources." (Def.'s Reply to PA's Opp. [Doc. # 1860] at 2.) However, the Court has denied Defendant's prior motions for attorneys' fees because his "self-attestations of claimed indigency will not suffice as support for [his] motions." (Omnibus Order Denying Def.'s Mots. for Att'y Fees [Doc. # 2040] at 1-2.) Because Defendant still has not provided objectively verifiable corroboration of his indigency, the Court again denies his request for attorneys' fees.