UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>IFTIKAR AHMED,<br><br>        Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>        Relief Defendants. | Civil Action No. 3:15cv675 (JBA) |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S OBJECTION TO MS. AHMED'S NOTICE OF APPEARANCE AND NOTICE OF <u>SUPPORT FOR ELECTRONIC FILING AND ACCESS</u>**

Plaintiff United States Securities and Exchange Commission ("SEC") files this objection to Ms. Ahmed's "Notice of Appearance" [Doc. # 2312] and "Notice of Support for Electronic Filing and Access" [Doc. # 2313], which claim that Ms. Ahmed is now representing the other relief defendants in this case. Because Ms. Ahmed is not an attorney, she cannot represent these other parties, which she was previously made aware and explicitly recognized. *See, e.g.*, Doc. # 1215 at 8 ("Notwithstanding, Ms. Ahmed's intent to appear *pro se* on her own behalf plainly

acknowledges the fact that the remaining Relief Defendants would not be represented should [Murtha Cullina's request for] withdrawal be granted.").

## BACKGROUND

On May 24, 2019, Relief Defendants filed [Doc. # 1171] their Emergency Motion to Modify Asset Freeze Order to Release Funds to Pay Murtha Cullina's Fees and Disbursements since Appointment of Receiver, or in the Alternative, to Withdraw the Appearance of. Therein, Relief Defendants represented that Murtha Cullina attorney Paul Knag "ha[d] advised the Relief Defendants that, although an amended final judgment ha[d] been entered and notices of appeal ha[d] been filed, Relief Defendants other than Relief Defendant Shalini Ahmed may not be able to appear *pro se* but that if th[e] motion for partial payment [wa]s denied and withdrawal of counsel [wa]s granted, she would appear *pro se*." *Id*. at 8 (footnotes omitted). Mr. Knag certified that, in accordance with D. Conn. L. Civ. R. 7(e), he served the motion on all Relief Defendants by emailing it and mailing it via certified mail to Ms. Ahmed, *id*. at 10, after Relief Defendants represented "Ms. Ahmed is the mother, guardian, trustee, owner, manager, etc. of the Relief Defendants represented by [Murtha Cullina]." *Id*. at 8 n.8.

The SEC subsequently moved [Doc. # 1196] to strike Murtha's request, in part because the request to withdraw "d[id] not explain what advice was given (*i.e.* which Relief Defendants may or may not appear pro se). . . . and whether other counsel w[ould] continue to represent Relief Defendants or, instead, Ms. Ahmed ha[d] elected to proceed without counsel and the remaining Relief Defendants w[ould] be unrepresented." Doc. # 1196 at 3. The SEC explained that while Ms. Ahmed could represent herself, she could not represent other relief defendants:

> [W]hile a "litigant in federal court has a right to act as his or her own counsel. . . . a person ordinarily may not appear pro se in the cause of another person or entity." *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). "[I]t is well established that a layperson

2

> may not represent a corporation. . . . a layperson may not represent a partnership, or appear pro se on behalf of his or her minor child. These limits on pro se representation serve the interests of the represented party as well as the interests of adversaries and the court." *Id.*

Doc. # 1196 at 3-4. Relief Defendants responded making clear that each consented to the request for withdrawal and understood that while Ms. Ahmed could appear *pro se*, the other relief defendants could not nor could they be represented by Ms. Ahmed: "[ ]Ms. Ahmed's intent to appear *pro se* on her own behalf plainly acknowledges the fact that the remaining Relief Defendants would not be represented should the withdrawal be granted." Doc. # 1215 at 8. *See also id.* at 9 (The Relief Defendants . . . . understand that Murtha cannot continue to fund the case and consent to Murtha's withdrawal if necessary. Ms. Ahmed is likewise prepared to file a *pro se* appearance and by extension understands that the remaining Relief Defendants will not have counsel going forward unless and until funds are released from the asset freeze.") (footnote omitted).

On July 25, 2022, Murtha Cullina again moved [Doc. # 2274] to withdraw as counsel, again served the motion on all Relief Defendants by emailing and sending via certified mail a copy of the motion to Ms. Ahmed, and represented that Ms. Ahmed did not object to the motion.

On August 15, 2022, this Court granted [Doc. # 2308] Murtha Cullina's request to withdrawal. Therein, the Court recognized that "Relief Defendant Shalini Ahmed consents to the motion to withdraw; the motion is silent as to the positions of I-Cubed Domains, LLC, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings, LLC, DIYA Real Holdings, LLC, and I.I. 1, I.I. 2, and I.I. 3 (the Ahmed's three children)," but that "[n]o party ha[d] filed an opposition." *Id*. at 1-2. Consistent with Relief Defendants' and Murtha Cullina's earlier representations, the Court found that Ms. Ahmed's consented on behalf of herself and the other

3

relief defendants who were "in a unique position" because "as corporations and minor participants" they [we]re unable to independently voice their view on the withdrawal motion" and therefore had to "speak either through an attorney or a representative." *Id*. at 3.

On August 18, 2022, Ms. Ahmed file a "Notice of Appearance" [Doc. # 2312] and "Notice of Support for Electronic Filing and Access" [Doc. # 2313] claiming that she is now representing the other relief defendants in this case. Ms. Ahmed states that because the Court "has allowed for Ms. Ahmed to speak for the minor children and Relief Defendant entities, she will file pleadings on behalf of herself, the minor children and the Relief Defendant entities in this matter, *inter alia,* any notices of appeal." Doc. # 2312 at 2.

## ARGUMENT

As the SEC previously explained, Doc. # 1196 at 3-4, as Relief Defendants explicitly acknowledged, Doc. # 1215 at 8-9, and as the Second Circuit long ago held, Ms. Ahmed cannot represent other parties in this case. That is because it is "well established that a layperson may not represent a corporation. . . . a layperson may not represent a partnership, or appear pro se on behalf of his or her minor child" as "[t]hese limits on pro se representation serve the interests of the represented party as well as the interests of adversaries and the court." *See, e.g.*, *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).

Ms. Ahmed appears to confuse her ability to *speak* on behalf of relief defendants with her inability to *represent* relief defendants in a court of law. While the SEC does not dispute that Ms. Ahmed may speak (and has spoken) on behalf of the other relief defendants, as illustrated by her

decisions to hire – and consent to the withdrawal of [1] – attorneys in this case and its appeal, she cannot represent the other relief defendants in this case.

Accordingly, the SEC objects to both Ms. Ahmed's "Notice of Appearance" [Doc. # 2312] and "Notice of Support for Electronic Filing and Access" [Doc. # 2313], which should be disregarded (or stricken).

DATED: September 8, 2022.

*s/ Mark L. Williams*
Nicholas P. Heinke
Mark L. Williams
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1027 (Williams)
HeinkeN@sec.gov
WilliamsML@sec.gov
Attorneys for Plaintiff

---

[1] In a footnote in both the "Notice of Appearance" and "Notice in Support," Ms. Ahmed claims for the first time that while she consented to the withdrawal of Murtha Cullina, the other relief defendants did not. *See* Doc. ## 2312 at 1 n.1, 2313 at 1 n.1. This claim is not credible. Putting aside that it is made without evidentiary support, that no opposition to the motion was ever put forth, and neither she nor any other relief defendant contested (or sought reconsideration of) the Court's finding that Ms. Ahmed's consent was on behalf of all relief defendants, it is inconsistent with Relief Defendants' earlier representations that Ms. Ahmed speaks on behalf of all relief defendants, including in their earlier motion for Murtha Cullina's withdrawal that stated "Ms. Ahmed is the mother, guardian, trustee, owner, manager, etc. of the Relief Defendants represented by [Murtha Cullina]" and therefore under D. Conn. L. Civ. R. 7(e) the motion only need be served on her. Doc. # 1171 at 8 n. 8, n. 9. *See also* Doc. # 1192 (Ms. Ahmed consenting to the withdrawal of Harris, St. Laurent and Chaudhry's on behalf of all relief defendants).

CERTIFICATE OF SERVICE

    I certify that on September 8, 2022, a copy of the foregoing document was emailed to Defendant Iftikar Ahmed at IftyAhmed@icloud.com and Relief Defendant Shalini Ahmed at shalini.ahmed@me.com, and served via ECF upon the following:

Christopher H. Blau
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
(Counsel for Receiver, Stephen M. Kindseth, Esq.)

                                                *s/ Mark L. Williams*
                                                Mark L. Williams