SEP 15 2022 PM 2:01
FILED-USDC-CT-NEW HAVEN

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,      ) ) ) | No. 3:15-CV-675 (JBA) |
| Plaintiff,     ) ) | |
| v.     ) ) | |
| IFTIKAR AHMED,     ) | |
| Defendant, and     ) ) | |
| IFTIKAR ALI AHMED SOLE PROP et al.,     ) ) | SEPTEMBER 13, 2022 |
| Relief Defendants.     ) ) | |

## RELIEF DEFENDANTS' RESPONSE TO OAK'S NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER OPPOSITION TO RELIEF DEFENDANT'S MOTION TO COMPEL

The Relief Defendants file this Response to Oak's Notice of Supplemental Authority in Further Opposition (Doc. 2334 or "Notice") to the Relief Defendants' Motion to Compel (Doc. 2276 or "Motion"). The Court should completely disregard Oak's Notice as it is completely irrelevant to the Relief Defendants' Motion. The Relief Defendants also join the Defendant's Reply (Doc. 2331) to Oak's Opposition (Doc. 2318) and Defendant's Reply (Doc. 2332) to Oak's Notice of Supplemental Authority in Further Opposition (Doc. 2329, or "Notice to Defendant's Motion") to Defendant's Motion to Compel (Doc. 2298 or "Defendant's Motion") to the extent that it does not conflict with the Relief Defendants' currently pending motions before the Court. The Relief Defendants reserve all rights.

Oak's Notice is completely irrelevant to the Relief Defendants' Motion.

*First,* the Relief Defendants are not parties to the NMRE Action in the New York State Court. They have nothing to do with that action; they were not at the August 31, 2022 hearing; and they are not bound by any orders of that court. Oak's Notice is irrelevant. Furthermore, the Relief Defendants are *separate parties* than the Defendant here and have their own interests that may not be aligned with those of the Defendant.  The Relief Defendants are independent of the Defendant.

*Second,* this Court has assessed a judgment in this case on the Defendant for the underlying transaction at issue in the NMRE Action for which NMRE received a judgment. This Court cannot render duplicative judgments on the same underlying transaction and must ensure that disgorgement remains equitable. The fact that the Defendant has to give amounts back for the same underlying transaction (i) in this case -- for disgorgement, prejudgment interest, penalty and also additional relief based on that disgorgement; (ii) *plus* an amount in the NMRE Action which Oak claims as theirs now; (iii) *plus* the amount of shares that was already given back by Defendant in the underlying transaction; (iv) *plus* the arbitration amount that Oak claims; (v) *plus* the allegedly forfeited assets, clearly renders disgorgement punitive.

*Third,* this Court has frozen all the Relief Defendants' assets for the Defendant's judgment here. The Relief Defendants have an interest in protecting their ownership rights in assets that legally and rightfully belong to them. Oak's erroneous assertion that the "Relief Defendants... have no vested interest in opposing [Oak's request to domesticate the NMRE judgment and attach the 505 North Street home]" (Notice at 2-3) ignores the fact that Ms. Ahmed has equity in the home and that whatever equity Mr. Ahmed *had* has been assigned to the minor children in the dissolution of marriage proceeding between Mr. Ahmed and Ms. Ahmed. Furthermore, there are agreements with the DOJ on the home and automatic stay orders in the Dissolution of Marriage proceeding that Oak clearly violates with its unbelievably brazen request. Oak does not even

respond as to what equity it seeks to attach in the home, when it has a judgment against *Mr. Ahmed,* when Mr. Ahmed's equity has already been pledged.

The Court should completely deny Oak's incredible request – which ignores these standing orders and the DOJ agreements. In fact, even the SEC itself noted the pending DOJ matter, as the SEC stated that "[T]he SEC notes that 505 North Street is the subject of a dispute between the United States Attorney's Office for the District of Massachusetts and the Ahmeds, which is currently on appeal to the U.S. Court of Appeals for the First Circuit. See *U.S. v. Kanodia*, 15-cr-10131-NMG (D. Mass); *U.S. v. Ahmed*, Nos. 21-1193 and 21-1194 (1st Cir.). The SEC takes no position on whether it is appropriate for Oak to file a writ of attachment on 505 North Street in light of that dispute." (Doc. 2270, n. 1)

Clearly, it is beyond inappropriate for Oak to attach the 505 North Street home and the Court should not allow Oak to do it. Besides the fact of these standing court orders and DOJ agreements, allowing Oak the relief it seeks would also changes the status of Oak as a creditor, which is inequitable (*see* Doc. 2307-1, attached as **Exhibit 1**).

*Fourth,* the three minor children reside in the home, and that warrants special consideration to ensure that they are protected. See *Osei-Afriyie v. Med. College of Pennsylvania*, 937 F.2d 876, 883 (3d Cir. 1991) (stating "[T]he infant [and minor child] is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him." (citing *DuPont v. Southern Nat'l Bank of Houston*, Tex., 771 F.2d 874, 882 (5th Cir. 1985) (quoting *Richardson v. Tyson*, 110 Wis. 572, 578, 86 N.W. 250, 251 (1901)), cert. denied, 475 U.S. 1085, 106 S.Ct. 1467, 89 L.Ed.2d 723 (1986)); *see Sonny Southerland v. City of New York*, CV-99-3329 (CPS), at *6 (E.D.N.Y. Aug. 2, 2006) ("...the

3

Court's role is to "'exercise the most jealous care that no injustice be done' to the infant [or minor child].'"') (citation omitted).

*Fifth,* the Relief Defendants understand that the public has a presumptive right to view judicial documents. Oak has brought the settlement agreement into the purview of the public by seeking relief related to that document. The Relief Defendants – and the public – have a right to view that document. The Court cannot allow Oak to domesticate the judgment without itself seeing the settlement agreement, especially as the Court lifted the stay of litigation for *NMRE* to proceed against the Defendant and obtain a judgment, *not* Oak. Because it is the settlement agreement upon which Oak seeks relief, the Relief Defendants – and the public – are entitled to view that settlement agreement in totality.

**WHEREFORE**, for the reasons in their Motion to Compel (Doc. 2276), and the Defendant's Motion to Compel (Doc. 2298) which the Relief Defendants have joined (Doc. 2316), and all responses by the Relief Defendants and Defendant related to such briefing, the Relief Defendants respectfully request the Court grant their Motion and compel Oak to provide the settlement agreement in its entirety to the Relief Defendants, who have a legal and constitutional right to protect their interests in their assets, and especially the home where Ms. Ahmed and the three minor children reside.

Respectfully Submitted,


by:  */s/ Shalini Ahmed*
Shalini A. Ahmed
505 North Street
Greenwich, CT 06830
Tel: 646-309-8110
Email: shalini.ahmed@me.com
*Pro Se*




## **CERTIFICATE OF SERVICE**

    I hereby certify that upon docketing a copy of the foregoing will be sent by e-mail to all

parties by operation of the Court's electronic filing system or by mail to anyone unable to accept

electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing

through the Court's CM/ECF system.


                      */s/ Shalini Ahmed*
                      Shalini Ahmed (*pro se*)

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) No. 3:15-CV-675 (JBA) |
| Plaintiff, | ) ) |
| v. | ) ) |
| IFTIKAR AHMED, | ) ) |
| Defendant, and | ) ) |
| IFTIKAR ALI AHMED SOLE PROP et al., | ) ) AUGUST 15, 2022 |
| Relief Defendants. | ) ) |

**[PROPOSED] SUR-REPLY OF RELIEF DEFENDANTS TO OAK'S MOTION TO LIFT THE LITIGATION STAY AND PRELIMINARY INJUNCTION**

Relief Defendants submit this sur-reply to address four misstatements in Oak's reply brief on their motion to lift the litigation stay and preliminary injunction. (ECF 2303, or the "Reply").

_First_, Oak states that Relief Defendants "fail to cite to any authority to suggest that it would be improper to place an additional lien on 505 North" (Reply, n.4). Relief Defendants have properly cited to authority, specifically with respect to agreements with the DOJ for the Defendant's Appearance Bond and Ms. Ahmed's Surety Agreement, as well as Family Court authority, all which prohibit encumbrances on the 505 North home ("home").

Attached are relevant portions of agreements that Mr. Ahmed and Ms. Ahmed have with the Department of Justice ("DOJ") in Massachusetts that specifically specify that no encumbrances may be permitted on the 505 North Street home that Oak seeks

to attach. [**Exhibit 2** for Appearance bond stating that "[Defendant and Surety] will not…
allow further claims to be made against [the home]"; **Exhibit 3** for relevant portion stating
that "[Defendant and Surety]… will defend… the Property against all claims and
demands… [and allow] no further encumbrances of any kind against the property."]

Thus, Oak's request to this Court is in direct violation of the DOJ agreements.
Furthermore, Oak's deliberate misstatement that "505 North is covered by the Preliminary
Injunction Order" (Reply, n. 4) was rejected by this Court, as "from the inception of this
action… the Greenwich property was never included in the asset freeze… precisely
because it was already used as the security for Defendant's bond in the MA Case." (ECF
1821 at 2).

Furthermore, Oak has moved the Connecticut Family Court to be added as a "party
defendant" in Ms. Ahmed's dissolution of marriage proceeding. The Automatic Court
orders in the dissolution of marriage proceedings in the State of Connecticut prohibit the
encumbrance of any property and seek to maintain the *status quo*, which would be directly
disrupted by allowance of Oak's request. *See* **Exhibit 4** "(3) Neither party shall
encumber… any property except in the usual course of business or for customary and
usual household expenses or for reasonable attorney's fees in connection with this action"
and **Exhibit 5** "(3) Neither petitioner shall encumber… any property except in the usual
course of business or for customary and usual household expenses or for reasonable
attorney's fees in connection with this action."

Oak's request is in direct violation of the Connecticut Family Court's automatic
standing orders, where Oak seeks to be made a party.

2

Thus, there is clear authority that prohibits the filing of any encumbrance on the home.

*Second,* in contrast to Oak's misstatement that "[Oak] is neither asking the Court to function as a bankruptcy court and decide creditor status nor seeking to secure priority over any other alleged creditor," the act of filing a lien is an *affirmative action* that transforms Oak from an unsecured general creditor to a secured creditor and places it ahead of other unsecured alleged creditors. *See In re Overbaugh*, 559 F.3d 125, 127 n.1 (2d Cir. 2009) ("A "secured claim" is "[a] claim held by a creditor who has a lien or a right of setoff against the debtor's property." *Black's Law Dictionary* 265 (8th ed. 2004). Conversely, an "unsecured claim" is "[a] claim by a creditor who does not have a lien or a right of setoff against the debtor's property." *Id.*") Allowing Oak to file a lien would place Oak ahead of other alleged creditors and in essence, create a "race" wherein other alleged creditors would also seek to place liens on the home, as well as would elevate Oak as a secured creditor, to the detriment of any other alleged creditor of the Defendant.

This Court sits in equity and Oak has not identified any particularized harm that it would suffer under the stay any greater than that which could be faced by any other alleged creditor currently precluded from recovering. Oak's request also stands in direct contrast to earlier orders of this Court denying attachment relief to other alleged creditors, and Oak's request places the Court in a position of determining creditor status, a function best left to a bankruptcy court with the appropriate guidelines and statutes in place. Oak's request "go[es] to the heart of the "bankruptcy process, ... involving the determination of who is a valid creditor and which creditors are senior in the creditor hierarchy." *Germain*, 988 F.2d at 1329-30." *In re Mindeco Corp.*, 212 B.R. 447, 450 (E.D.N.Y. 1997).

*Third*, Oak states "that Ms. Ahmed and the minor children *purportedly* continue to reside at 505 North" (Reply at 6) (emphasis added). The Relief Defendants do not *purportedly* reside in the home, but ***do*** reside in the home.

*Fourth,* the Dissolution of Marriage Agreement (or "Agreement") is not a "sham" or "suspicious" or "legally questionable" agreement, as alleged by Oak multiple times in the Reply. Ms. Ahmed has properly filed for Dissolution of Marriage and the Agreement is a carefully considered document that is the result of multiple and lengthy discussions between Mr. Ahmed and Ms. Ahmed.

Respectfully Submitted,

By:_____
Paul E. Knag – ct04194
pknag@murthalaw.com
Murtha Cullina LLP
107 Elm Street, Suite 1101
Four Stamford Plaza, 11th Floor
Stamford, Connecticut 06902
Telephone: 203.653.5400
Facsimile:  203.653.5444

*Attorneys for Relief Defendants*
*I-Cubed Domain, LLC, Shalini Ahmed,*
*Shalini Ahmed 2014 Grantor Retained*
*Annuity Trust, Diya Holdings, LLC, Diya*
*Real Holdings, LLC, I.I. 1, I.I. 2 and I.I. 3*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

_____

Paul E. Knag – ct04194

# EXHIBIT  2

Case 3:15-cv-00675-JBA   Document 2306-2   Filed 08/15/22   Page 8 of 18
Case 3:15-mj-00052-WIG   Document 2196-2   Filed 08/24/19   Page 8 of 18

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
### for the
### District of Connecticut

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   3:15-cmj-52 WIG |
| Iftikar Ahmed | ) | |
| *Defendant* | ) | |

## APPEARANCE BOND

### Defendant's Agreement

I, _____ Iftikar Ahmed _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

    ( X )    to appear for court proceedings;

    ( X )    if convicted, to surrender to serve a sentence that the court may impose; or

    ( X )    to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   ) (1)  This is a personal recognizance bond.

(   ) (2)  This is an unsecured bond of $

( ✓ ) (3)  This is a secured bond of $ *9,000,000.00* , secured by:

    (   ) (a) $ _____ , in cash deposited with the court.

    ( ✓ ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value):*

        *home in greenwich, CT*

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    (   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety):*

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

---

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

   (1)    all owners of the property securing this appearance bond are included on the bond;
   (2)    the property is not subject to claims, except as described above; and
   (3)    I will not sell the property, allow further claims to be made against it, or do anything to reduce its value
          while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.


I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)


Date:   APRIL 02ND 2015

_____
*Defendant's signature*

SHALINI A. AHMED                           Shalini Ahmed        APRIL 2, 2015
*Surety/property owner – printed name*      *Surety/property owner – signature and date*


*Surety/property owner – printed name*      *Surety/property owner – signature and date*


*Surety/property owner – printed name*      *Surety/property owner – signature and date*


                                    *CLERK OF COURT*

Date:   4/2/15
                                    _____
                                    *Signature of Clerk or Deputy Clerk*

Approved.
Date:   4/6/15                      /s/ William I. Garfinkel, USMJ

                                    _____
                                    *Judge's signature*

# EXHIBIT  3

After recording, return to:

United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210

## MORTGAGE DEED

THIS MORTGAGE DEED (this "Mortgage") is made this 23rd day of April, 2015, between Iftikar Ahmed and Shalini A. Ahmed (f/k/a Shalini Aggarwal) , both presently residing at 505 North Street, Greenwich, Connecticut 06830 (herein "Mortgagor(s)"), and the Clerk of the United States District Court for the District of Massachusetts, United States Courthouse, 1 Courthouse Way, Boston, Massachusetts (herein "Mortgagee").

WITNESSETH, for consideration paid and to secure a personal bond of even date for Iftikar Ahmed (herein "Defendant"), in Criminal No. 1:15-mj-02062-MBB, before the United States District Court for the District of Massachusetts (herein "Court"), in the amount of NINE MILLION AND 00/100 ($9,000,000.00) Dollars executed by the Defendant and the Mortgagor(s) in favor of the United States of America, and to secure due observance and performance of the obligation, terms, and conditions as set forth in an Order Setting Conditions of Release dated April 2, 2015, and filed with the United States District Court for the District of Connecticut, and to further secure the performance of all other covenants and agreements of or by the Defendant and Mortgagor(s) herein for the benefit of the Mortgagee, which may now exist or may hereafter exist or accrue while this Mortgage is still undischarged of record, and in furtherance of and pursuant to an escrow agreement made this day between the Mortgagor(s), the United States Attorney for the District of Massachusetts and the Mortgagee, the Mortgagor(s) hereby grant with MORTGAGE COVENANTS the parcel of real property located in the Town of Greenwich, County of Fairfield, and State of Connecticut, which property is more particularly described on Exhibit A attached hereto.

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are hereinafter referred to as the "Property."

THE MORTGAGOR(S) covenant with the Mortgagee as follows:

1.      That the Mortgagor(s) shall pay the indebtedness as hereinbefore provided.

2.      That the Mortgagor(s) will keep the Property insured against loss by fire or hazards included within the term "extended coverage" for the benefit of the Mortgagee; that the Mortgagor(s) will assign and deliver the policies to the Mortgagee; and that the Mortgagor(s) will reimburse the Mortgagee for any premiums paid or insurance made by the Mortgagee on the

91212983.3

Mortgagor(s)'s default in so insuring the Property or in so assigning and delivering the policies. However, the Mortgagee shall never be required to maintain insurance of any type or description on the Property.

3.      That the Mortgagor(s) shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no building on the Property shall be removed or demolished without the consent of the Mortgagee.

4.      That the Mortgagor(s) will pay all taxes, assessments or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same.  In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagor(s).

5.      That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor(s), or (2) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.

6.      That notice and demand or request may be made in writing and may be served in person or by mail.

7.      That the Mortgagor(s) will warrant and defend the title to the Property against all claims and demands.

8.      That the Mortgagor(s) will create no further encumbrances of any kind against the Property.

9.      That the Mortgagor(s), in case a sale shall be made under the power of sale, to the extent permitted by law, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and constituted the attorney irrevocable of the Mortgagor(s) to execute and deliver to said purchaser a full transfer of all policies of insurance on the Property at the time of such sale.

10.     That the holder of this Mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

11.     Notwithstanding any other agreement between the Mortgagor(s) and Mortgagee, or any provision of law, the Mortgagee shall not be required to discharge this Mortgage except upon order of the Court.  It shall be the obligation of the Mortgagor(s) to furnish the Mortgagee with a certified copy of said order.

[SIGNATURE PAGE FOLLOWS]

- 2 -

91212983.3

IN WITNESS WHEREOF, this Mortgage has been duly executed by the Mortgagor(s).

Signed, Sealed and Delivered in the Presence of or Attested by:

Sign: _____
Print: Robert G. Rohilly

Sign: _____
Print: KEVIN C. BROWN

              _____
              IFTIKAR AHMED

Sign: _____
Print: Robert G. Rohilly

Sign: _____
Print: KEVIN C. BROWN

              _____
              SHALINI A. AHMED

State of Connecticut :
                 : ss,
County of Fairfield  :

     Before me personally appeared IFTIKAR AHMED, Signer and
Sealer of the foregoing Instrument and acknowledged the same to be his free act and deed.

_____
Commissioner of the Superior Court
Notary Public

> Andrea Strada
> State of Connecticut
> Notary Public
> Commission No. 141196
> My Commission Expires 4/30/2020

State of Connecticut :
                 : ss,
County of Fairfield  :

     Before me personally appeared SHALINI A. AHMED, Signer and
Sealer of the foregoing Instrument and acknowledged the same to be her free act and deed.

_____
Commissioner of the Superior Court
Notary Public

> Andrea Strada
> State of Connecticut
> Notary Public
> Commission No. 141196
> My Commission Expires 4/30/2020

- 3 -

91212983.3

# EXHIBIT  4

**NOTICE OF AUTOMATIC COURT ORDERS**
JD-FM-158   Rev. 10-21
C.G.S. §§ 46b-67 & 52-212(b);
P.A. 21-78 §§ 2, 6, and 7

| This form is available in other language(s). |

For information on ADA
accommodations,
contact a court clerk or go to:
*www.jud.ct.gov/ADA.*

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

| *Notice to Plaintiff:* Attach to Divorce (Dissolution of Marriage) Complaint/Cross Complaint (JD-FM-159), Dissolution of Civil Union Complaint/Cross Complaint (JD-FM-159A), Custody/Visitation Application (JD-FM-161), and any Annulment Complaint (JD-FM-240) or Legal Separation Complaint (JD-FM-237). | *Notice to Defendant:* In cases of dissolution or legal separation, if you or your attorney do not file a written Appearance form (JD-CL-12) by _____ (30 days after the return date), the plaintiff can ask the Court to enter judgment against you for the relief requested in the complaint *without further notice to you.* |

The following automatic orders shall apply to both parties, with service of the automatic orders to be made with service of process of a summons and complaint for dissolution of marriage or civil union, legal separation, or annulment, along with a blank *Appearance* form (JD-CL-12) or an application for custody or visitation. An automatic order shall not apply if there is a prior, contradictory order of a judicial authority. The automatic orders shall be effective with regard to the plaintiff or the applicant upon the signing of the complaint, or the application and with respect to the defendant or the respondent upon service and shall remain in place during the pendency of the action, unless terminated, modified, or amended by further order of a judicial authority upon motion of either of the parties:

**In all cases involving a child or children, whether or not the parties are married or in a civil union:**
(1) Neither party shall permanently remove the minor child or children from the state of Connecticut, without written consent of the other or order of a judicial authority.
(2) A party vacating the family residence shall notify the other party or the other party's attorney, in writing, within forty-eight hours of such move, or of an address where the relocated party can receive communication. This provision shall not apply if and to the extent there is a prior, contradictory order of a judicial authority.
(3) If the parents of minor children live apart during this proceeding, they shall assist their children in having contact with both parties, which is consistent with the habits of the family, personally, by telephone, and in writing. This provision shall not apply if and to the extent there is a prior, contradictory order of a judicial authority.
(4) Neither party shall cause the children of the marriage or civil union to be removed from any medical, hospital and dental insurance coverage, and each party shall maintain the existing medical, hospital and dental insurance coverage in full force and effect.
(5) The parties shall participate in the parenting education program within sixty days of the return day or the complaint or within sixty days from the filing of the application.
(6) These orders do not change or replace any existing court orders, including criminal protective and civil restraining orders.

**In all cases involving a marriage or civil union, whether or not there are children:**
(1) Neither party shall sell, transfer, exchange, assign, remove, or in any way dispose of, without the consent of the other party in writing, or on order of a judicial authority, any property, except in the usual course of business or for customary and usual household expenses or for reasonable attorney's fees in connection with this action.
  (A) Nothing in (1) shall be construed to preclude a party from purchasing or selling securities, in the usual course of the parties' investment decisions, whether held in an individual or jointly held investment account, provided that the purchase or sale is: (i) intended to preserve the estate of the parties, (ii) transacted either on an open and public market or at an arm's length on a private market, and (iii) completed in such manner that the purchased securities or sales proceeds resulting from a sale remain, subject to the provisions and exceptions recited in (1), in the account in which the securities or cash were maintained immediately prior to the transaction. Nothing contained in this subsection shall be construed to apply to a party's purchase or sale on a private market of an interest in an entity that conducts a business in which the party is or intends to become an active participant.
  (B) Notwithstanding the requirement of (1)(A) that the transaction be made in the usual course of the parties' investment decisions, if historically the parties' usual course of investment decisions involves their discussion of proposed transactions with each other before they are made, but a sale proposed by one party is a matter of such urgency as to timing that the party proposing the sale has a good faith belief that the delay occasioned by such discussion would result in loss to the estate of the parties, then the party proposing the sale may proceed with the transaction without such prior discussion, but shall notify the other party of the transaction immediately upon its execution; provided, that a sale permitted by this subparagraph (B) shall be subject to all other conditions and provisions of (1)(A), so long as the transaction is intended to preserve the estate of the parties.
(2) Neither party shall conceal any property.
(3) Neither party shall encumber (except for the filing of a lis pendens) without the consent of the other party, in writing, or an order of a judicial authority, any property except in the usual course of business or for customary and usual household expenses or for reasonable attorney's fees in connection with this action.
(4) Neither party shall cause any asset, or portion thereof, co-owned or held in joint name, to become held in his or her name solely without the consent of the other party, in writing, or an order of the judicial authority.
(5) Neither party shall incur unreasonable debts hereafter, including, but not limited to, further borrowing against any credit line secured by the family residence, further encumbrancing any assets, or unreasonably using credit cards or cash advances against credit cards.
(6) Neither party shall cause the other party to be removed from any medical, hospital and dental insurance coverage, and each party shall maintain the existing medical, hospital and dental insurance coverage in full force and effect.
(7) Neither party shall change the beneficiaries of any existing life insurance policies, and each party shall maintain the existing life insurance, automobile insurance, homeowners or renters insurance policies in full force and effect.
(8) If the parties are living together on the date of service of these orders, neither party may deny the other party use of the current primary residence of the parties, whether it be owned or rented property, without order of a judicial authority. This provision shall not apply if there is a prior, contradictory order of a judicial authority.

**In all cases:**
(1) The parties shall each complete and exchange sworn financial statements substantially in accordance with a form prescribed by the chief court administrator within thirty days of the return day. The parties may thereafter enter and submit to the court a stipulated interim order allocating income and expenses, including, if applicable, proposed orders in accordance with the uniform child support guidelines.
(2) The case management date for this case is _____. The parties shall comply with Section 25-50 to determine if their actual presence at the court is required on that date.

JD-FM-158   Rev. 10-21 (Page 1 of 2)                    (Continued on Page 2)

| Print Form |                                          | Reset Form |

## By Order of The Court

**Failure to obey these orders may be punishable by contempt of court. If you object to or seek modification of these orders during the pendency of the action, you have the right to a hearing before a judge within a reasonable time.**

## Summary of Automatic Court Orders

The court orders on page 1 of this form apply to both parties in this case, unless there is already a court order which is different than one of these orders. The automatic court orders apply to the plaintiff or the applicant when the attached Complaint or Application is signed. They apply to the defendant or respondent when a copy of the Complaint or Application, and the Notice of Automatic Court Orders are served *(delivered to the defendant/respondent by an authorized person)*. The automatic court orders are summarized below, but you must follow the actual orders on page 1 of this form. If you do not understand the actual automatic court orders, you may want to talk to an attorney.

**In all cases that involve a child, whether or not the parties are married or in a civil union:**

- Neither party may permanently take the child(ren) from Connecticut without written agreement or a court order;
- If you move out of the family home, you must tell the other party in writing within 48 hours about your new address or a place where you can receive mail;
- If both parents of the child(ren) live apart, both parties must help the child(ren) continue usual contact with both parents in person, by telephone and in writing;
- Neither party may take the child(ren) off any existing medical, hospital, doctor, or dental insurance policy or let any such insurance policy end;
- Both parties must participate in a parenting education program within 60 days of the return date of the complaint or within 60 days from the filing of the application for custody or visitation;
- None of these orders change or replace any court order that already exists.

**In all cases that involve a marriage or civil union, whether or not there are children, neither party may:**

- Sell, exchange, take away, give away or dispose of any property without written agreement with the other party or a court order except in their usual business or for usual expenses for the home or for reasonable attorney's fees for this case;
  Subparagraph (A) on page 1 allows one party to make a transaction (purchase or sale) during the divorce in a manner consistent with the parties' prior practice without the permission of the other party or a court order. A transaction by one party without the permission of the other is "in the usual course of the parties investment decisions" only if the party who makes the transaction is usually the sole decision maker for similar kinds of transactions. If the transaction is in the usual course of the parties' investment decisions, the party must also meet the other requirements of subparagraph (A) before the transaction is allowed. A business may not be sold under subparagraph (A). Subparagraph (B) on page 1 allows one party to make a transaction in an emergency, as described, if it meets all of the requirements of subparagraph (A), even if it is not the kind of transaction that the party would usually make without the permission of the other party.
- Hide any property;
- Mortgage any property except in their usual business or for usual expenses for the house or for reasonable attorney's fees for this case without written agreement or a court order;
- Have any asset or an asset that is owned by both parties become owned only by him or her without written agreement or a court order;
- Go into unreasonable debt by borrowing money or using credit cards or cash advances unreasonably;
- Take the other off any existing medical, hospital, doctor or dental insurance policy or let any such insurance coverage end;
- Change the terms or named beneficiaries of any existing insurance policy or let any existing insurance coverage end, including life, automobile, homeowner's or renter's insurance;
- Deny use of the family home to the other person without a court order, if you are living together on the date the court papers are delivered.

**In all cases:**

- Both parties must complete and give to each other sworn financial affidavits within 30 days of the return date;
- Both parties must attend a case management conference on the date given on page 1 of this form, unless you both agree on all issues and file a Case Management Agreement form with the court clerk on or before that date.

**If you do not obey these orders while your case is pending, you may be punished by being held in contempt of court. If you object to these orders or want them changed, you have a right to a hearing before a judge within a reasonable time, by filing a motion to modify these orders with the court clerk.**

**NOTICE:** If a restraining order, protective order, or standing criminal protective order has been issued on your behalf or on behalf of your child, you may elect to give testimony or appear in a family court proceeding remotely, pursuant to 46b-15c. Notify the court in writing at least two days in advance of a proceeding if you choose to give testimony or appear remotely, and your physical presence in the courthouse will not be required in order to participate in the court proceeding. You may use the Remote Testimony Request (form JD-FM-295) to make this written request. You may use the same form with two days' advance notice to request that your testimony in any family proceeding be taken outside the presence of the respondent/subject to a restraining order, protective order, or standing criminal protective order issued on your behalf and/or a child's behalf pursuant to 46b-15c.

| Print Form | | Reset Form |
|---|---|---|

# EXHIBIT 5

**NOTICE OF AUTOMATIC
COURT ORDERS —
NONADVERSARIAL DIVORCE**
JD-FM-260   New 1-17
P.B. § 25-5B

| This form is available in other language(s). |



www.jud.ct.gov

| Attach to Joint Petition - Nonadversarial Divorce (Dissolution of Marriage) (JD-FM-242) |

The following automatic orders shall apply to both petitioners upon filing of the joint petition. An automatic order shall not apply if there is a prior, contradictory order of a judicial authority. The automatic orders shall remain in place until further order of a judicial authority:

(1) Neither petitioner shall sell, transfer, exchange, assign, remove, or in any way dispose of, without the consent of the other petitioner in writing, or an order of a judicial authority, any property, except in the usual course of business or for customary and usual household expenses or for reasonable attorney's fees in connection with this action.

(2) Neither petitioner shall conceal any property.

(3) Neither petitioner shall encumber without the consent of the other petitioner, in writing, or an order of a judicial authority, any property except in the usual course of business or for customary and usual household expenses or for reasonable attorney's fees in connection with this action.

(4) Neither petitioner shall cause any asset, or portion thereof, co-owned or held in joint name, to become held in his or her name solely without the consent of the other petitioner, in writing, or an order of the judicial authority.

(5) Neither petitioner shall incur unreasonable debts hereafter, including, but not limited to, further encumbrancing any assets, or unreasonably using credit cards or cash advances against credit cards.

(6) Neither petitioner shall cause the other petitioner to be removed from any medical, hospital and dental insurance coverage, and each petitioner shall maintain the existing medical, hospital and dental insurance coverage in full force and effect.

(7) Neither petitioner shall change the beneficiaries of any existing life insurance policies, and each petitioner shall maintain the existing life insurance, automobile insurance, homeowners or renters insurance policies in full force and effect.

(8) If the petitioners are living together on the date of these orders, neither petitioner may deny the other petitioner use of the current primary residence of the petitioners without order of a judicial authority. This provision shall not apply if there is a prior, contradictory order of a judicial authority.

(9) The petitioners shall each complete and exchange sworn financial statements substantially in accordance with a form prescribed by the chief court administrator and file the financial statements with the joint petition. The petitioner may thereafter enter and submit to the court a stipulated interim order allocating income and expenses.

## By Order Of The Court
**Failure to obey these orders may be punishable by contempt of court. If you object to or seek modification of these orders during the pendency of the action, you have the right to a hearing before a judge within a reasonable time.**

## Summary Of Automatic Court Orders
The court orders on this form apply to both petitioners in this case, upon filing of the joint petition, unless there is already a court order which is different than one of these orders. The automatic court orders are summarized below, but you must follow the actual orders on this form. If you do not understand the actual automatic court orders, you may want to talk to an attorney.

**Neither petitioner may:**

- Sell, exchange, take away, give away or dispose of any property without written agreement with the other petitioner or a court order except in their usual business or for usual expenses for the home or for reasonable attorney's fees for this case;

- Hide any property;

- Mortgage any property except in their usual business or for usual expenses for the house or for reasonable attorney's fees for this case without written agreement or a court order;

- Have any asset or an asset that is owned by both petitioners become owned only by him or her without written agreement or a court order;

- Go into unreasonable debt by borrowing money or using credit cards or cash advances unreasonably;

- Take the other off any existing medical, hospital, doctor or dental insurance policy or let any such insurance coverage end;

- Change the terms or named beneficiaries of any existing insurance policy or let any existing insurance coverage end, including life, automobile, homeowner's or renter's insurance;

- Deny use of the family home to the other person without a court order, if you are living together on the date the joint petition is filed.

- Both petitioners must complete and give to each other sworn financial affidavits and file them with the joint petition

**If you do not obey these orders while your case is pending, you may be punished by being held in contempt of court. If you object to these orders or want them changed, you have a right to a hearing before a judge within a reasonable time, by filing a motion to modify these orders with the court clerk.**

| **ADA Notice**
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA.* |

| Print Form |          | Reset Form |