UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br><br>    *v.*<br><br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>September 16, 2022 |

**ENDORSEMENT ORDER**

Shalini Ahmed filed a notice of appearance [Doc. # 2312] and a notice of support for electronic filing and access [Doc. # 2313] to support her earlier motion for electronic filing privileges [Doc. # 2180] after her former attorney Paul E. Knag's motion for withdrawal on behalf of himself and his firm Murtha Cullina was granted [Doc. # 2308]. In both notices, Ms. Ahmed seeks permission to appear for and file on behalf of both herself and the remaining Relief Defendants. (*See* Notice of Appearance [Doc. # 2312] at 1; Notice of Support for Electronic Filing and Access [Doc. # 2313] at 1.) The SEC objects to both notices to the extent Ms. Ahmed seeks to represent Relief Defendants other than herself. [Doc. # 2328]. For the

reasons set forth below, the Court vacates its prior order granting Murtha Cullina's motion for withdrawal [Doc. # 2308] in part, reinstates Murtha Cullina as counsel for all Relief Defendants except Ms. Ahmed, and strikes the portion of both Ms. Ahmed's notices [Doc. # 2312 and # 2313] by which she purports to represent parties other than herself.

**I.      Procedural History**

Attorney Paul E. Knag filed a motion on behalf of the Murtha Cullina firm to withdraw from representing the Relief Defendants. [#2274]. Relief Defendant Shalini Ahmed consented to the motion to withdraw, but the motion was silent as to the positions of the remaining Relief Defendants: I-Cubed Domains, LLC, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings, LLC, DIYA Real Holdings, LLC, and I.I. 1, I.I. 2, and I.I. 3 (the Ahmed's three children). (*Id.* at 3.)   No party filed an opposition. The Court granted the motion to withdraw with the understanding that Shalini Ahmed was consenting to the withdrawal motion on behalf of all Relief Defendants, all of whom were "unable to independently voice their view on the withdrawal motion" given their status as corporations and minor children. [Doc. # 2308] at 3.

Following Murtha's withdrawal, Ms. Ahmed filed a notice of appearance "on behalf of herself; three minor children I.I. 1, I.I. 2, I.I. 3 as their next friend in this matter; I-Cubed Domains, LLC; Shalini Ahmed 2014 Grantor Retained Annuity Trust; Diya Holdings, LLC; Diya Real Holdings, LLC." [Doc. # 2312]. She also filed a notice in support of her earlier motion for electronic filing privileges asking that the privileges be granted "on behalf of herself, the three minor children I.I. 1, I.I. 2, I.I. 3 as their next friend in this matter; and the Relief Defendant entities, specifically I-Cubed Domains, LLC; Shalini Ahmed 2014 Grantor Retained Annuity Trust; Diya Holdings, LLC; Diya Real Holdings, LLC." [Doc. # 2313]. In both her notices, Ms. Ahmed included a footnote stating that "the relief defendants comprising of the three minor children and four entities did not consent to the withdrawal of Murtha Cullina

2

as their counsel." (*See* Notice of Appearance at 1; Notice of Support for E-Filing and Access at 1.) The SEC objects to Ms. Ahmed's request to appear for and file on behalf of the remaining Relief Defendants because while Ms. Ahmed has the "ability to *speak* on behalf of relief defendants," she may not "*represent* relief defendants in a court of law." (SEC Object. at 4.)

## II.    Discussion

A motion to withdraw under D. Conn. R. Civ. P. 7(e) "normally will not be granted except upon a showing that other counsel has appeared or that the party whose counsel seeks to withdraw may and has elected to proceed without counsel, and that the party has received actual notice of the motion to withdraw." *GEOMC Co. v. Calmare Therapeutics, Inc.*, No. 3:14-CV-1222 (VAB), 2020 WL 12880834, at *1 (D. Conn. Mar. 30, 2020). The Court's prior ruling was premised on the understanding that Shalini Ahmed had obtained effective consent to the withdrawal motion on behalf of all Relief Defendants. However, she has now advised the Court that this was not the case, changing the calculus under Rule 7(e).[1] While non-payment of fees may be a sufficient ground for withdrawal, the Court must also weigh "the impact of withdrawal" when considering such a motion. *S.E.C. v. Gibraltar Glob. Sec., Inc.*, No. 13 CIV. 2575 GBD JCF, 2015 WL 2258173, at *1 (S.D.N.Y. May 8, 2015). Neither the corporate nor the minor Relief Defendants can proceed *pro se*, nor can Ms. Ahmed represent them, which poses a substantial and pressing issue with respect to the upcoming September 21, 2022 deadline to file their responses to the Receiver's Motion to Approve the Phase 1 Report. *See Millennium Pipeline Co., L.L.C. v. Acres of Land, Inc.*, No. 07-CV-6511, 2015 WL 13834659, at *1 (W.D.N.Y. Mar. 25, 2015) ("corporations must be represented by

---

[1] As the S.E.C. observes, there has been some confusion as to whether Ms. Ahmed speaks only for herself or for all Relief Defendants based on her representations in past motions. (*See* SEC Object. at 5.) Ms. Ahmed is cautioned that she may not purport to be speaking on behalf of the Relief Defendants in some instances but only for herself in others unless she notes such distinction at the time the statement is made.

counsel, and failure to appear with counsel may justify the entry of a default judgment against a corporate defendant."); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990) ("The choice to appear pro se is not a true choice for minors who under state law, see Fed. R. Civ. P. 17(b), cannot determine their own legal actions."); *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 201 (2d Cir.2002) (noting that in the Second Circuit, "a non-attorney parent [like Ms. Ahmed] is precluded from representing his or her child in federal court.") Although the Court recognizes the financial burden on Murtha Cullina, the resulting delay and disruption to the proceedings that would be caused by leaving the remaining Relief Defendants unrepresented at this stage of the litigation without their consent outweighs this burden. *See Gibraltar Glob. Sec., Inc.*, 2015 WL 2258173 at *1 (denying a motion to withdraw despite nonpayment of fees when it would disrupt the prosecution of the case and cause further delay.)

The Court thus *sua sponte* vacates its prior order granting the motion to withdraw, and instead grants the motion to withdraw [Doc. # 2274] only as to the representation of Shalini Ahmed but not the remaining Relief Defendants absent their proper consent.

### III. Conclusion

For the reasons discussed above, the Court VACATES the prior Order [Doc. # 2308] granting Murtha Cullina's motion to withdraw; GRANTS the motion to withdraw [Doc. # 2274] as to Shalini Ahmed only, and DENIES the motion as to the remaining Relief Defendants.

The Court also GRANTS Ms. Ahmed's motion for electronic filing privileges [Doc. # 2180] as to herself, DENIES her request to electronically file for the remaining Relief Defendants, and it STRIKES IN PART Ms. Ahmed's notice of appearance [Doc. # 2312] to the extent it purports to be on behalf of the remaining Relief Defendants. In light of the foregoing,

Ms. Ahmed's motion to submit the Relief Defendants' response to Receiver's Phase 1 Report via email [Doc. # 2336] is denied as moot.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 16th day of September, 2022