UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br><br>Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>Relief Defendants. | Civil Action No. 3:15cv675 (JBA) |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S RESPONSE IN OPPOSITION TO DANIEL G. JOHNSON'S MOTION FOR LEAVE TO FILE RESPONSE TO PHASE I REPORT AND ANCILLARY RELIEF NECESSARY TO ACCOMPLISH PHASE 2 OF THE RECEIVER'S LIOUIDATI PLAN (the "REPORT")**

Plaintiff United States Securities and Exchange Commission ("SEC") files this response in opposition to Mr. Johnson's motion seeking [Doc. # 2322 ("Motion")] leave to file a response to the Report. The Motion should be denied.

Even if Mr. Johnson intended to properly respond to the Receiver's Motion [Doc. # 2280] for Approval of Phase 1 Report and Ancillary Relief Necessary to Accomplish Phase 2 of the Liquidation Plan, his response was due on August 17, 2022, three weeks after the Receiver's

motion was filed. *See* D. Conn. Loc. Civ. R. 7(a)(2). Unlike the Defendant and Relief Defendants, Doc. ## 2283 & 2284, Mr. Johnson did not seek an extension of time to respond to the Report, nor did the Court sua sponte grant him such an extension. *See* Doc. ## 2293 at 3-4 ("*Relief Defendants and Defendant* shall each file their response to the Motion to Approve [Doc. # 2280] which incorporates the Receiver's Phase 1 Report [Doc # 2272] on or before August 31, 2022") (emphasis added); 2320 ("*Defendant and Relief Defendants* have until 9/21/2022 to file their responses; Receiver is directed to file his reply, if any, by 10/5/2022. No further briefing or surreplies from any other parties will be considered") (emphasis added).

It is unclear why Mr. Johnson waited 13 days after his responsive brief was due, and waited until after the Court ordered "[n]o further briefing from any other parties will be considered," Doc. # 2320, before requesting permission to file an untimely response. Because Mr. Johnson provides no explanation in his Motion for this delay, or even attempts to establish good cause for his delay, the Motion should be denied.

Moreover, it is unlikely that Mr. Johnson's response will contain anything more than another improper request for the Court to reconsider its prior rulings. Mr. Johnson's "Statement" of the Receiver's original liquidation plan did not provide a meaningful response, but rather "request[ed] that the assets in the Trust and UTMAs be excluded, or carved out, from any liquidation or transfers until the pending appeals … are decided." Doc. # 2063 at 5. This was the same request that he had made three months earlier, *see* Doc. # 1971, which itself was deemed an untimely request for reconsideration that the Court again rejected. *See* Doc. # 1997 at 13. The Court should not extend Mr. Johnson's time to respond to the Report so he can burden the Court with another improper request for reconsideration.

In the alternative, if the Court permits Mr. Johnson to file a response to the Report, it should require that his filing actually respond to the Report and not again seek reconsideration of earlier rulings. Because the Court has already made clear that it "will not permit. . . . re-litigation of previously decided issues, except for any alleged misapplication," Doc. # 2293 at 3, the Court should issue sanctions if it is again burdened with an improper request for reconsideration. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (recognizing courts have inherent power to sanction a party for conduct that abuses the judicial process); *Leftridge v. Bourgeois*, 2012 WL 2016188, at *2 (D. Conn. June 5, 2012) (recognizing that "motions for reconsideration are discouraged and could be deemed an abuse of the judicial process and result in the assessment of costs") (internal quotations omitted).

DATED: September 20, 2022.

*s/ Mark L. Williams*
Nicholas P. Heinke
Mark L. Williams
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1027 (Williams)
HeinkeN@sec.gov
WilliamsML@sec.gov
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I certify that on September 20, 2022, a copy of the foregoing document was emailed to Defendant Iftikar Ahmed at IftyAhmed@icloud.com and Shalini Ahmed at shalini.ahmed@me.com, and served via ECF upon the following:

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(Counsel for Relief Defendants I-Cubed Domains, LLC, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, DIYA Real Holdings, LLC, and three minor children by and through their next friends Iftikar and Shalini Ahmed, their parents)

Christopher H. Blau
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
(Counsel for Receiver, Stephen M. Kindseth)

*s/ Mark L. Williams*
Mark L. Williams