UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br> *Plaintiff*,<br> *v.*<br>IFTIKAR AHMED,<br> *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br> *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>October 13, 2022 |

**ORDER DENYING MOTIONS TO LIFT STAY (1652) AND FOR CONTEMPT (1784 AND 1785), AND GRANTING IN PART AND DENYING IN PART OAK'S MOTION TO JOIN AND LIFT THE STAY (1920)**

Non-party Tracy Klestadt moved on September 21, 2020, for an order lifting the litigation stay issued by this Court in order to continue an action against defendant Iftikar Ahmed pending in bankruptcy court. (*See* [Doc. # 1652].) On April 26, 2021, Oak Management Corporation ("Oak") moved to adopt and join in the Plan Administrator's motion to lift the stay. (*See* [Doc. # 1920].) Defendant Iftikar Ahmed filed a cross motion to preclude the initial motion to lift the stay as moot [Doc. # 1968]. Mr. Ahmed also moved for the court to find both the Plan Administrator and Oak in contempt of court order in connection with a private settlement agreement and Oak's motion to substitute for the PA in the separate litigation that is the basis of its motion to lift the litigation stay. (*See* Motion to Find Plan Administrator in Violation of This Court's Orders ("PA Contempt Mot.") [Doc. #

1784]; Motion to Find Oak in Violation of This Court's Orders ("Oak Contempt Mot.") [Doc. # 1785].)

## I. Procedural History

At the heart of the parties' motions is the Appointment Order issued by this Court to establish the receivership, which stayed "[a]ll civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings . . . (c) against any of the Defendants, including any wholly-owned subsidiaries and partnerships in which a Defendant is a general partner; or (d) against any of the Defendants' past or present officers, directors, managers, members, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise . . ." (Appointment Order [Doc. # 1070].) The order further enjoined "[t]he parties to any and all Ancillary Proceedings" from "commencing or continuing any legal proceedings, or from taking any action, in connection with any such proceeding, unless leave of this Court is obtained. . ."

Non-party Tracy Klestadt seeks the Court's leave to lift the stay. Klestadt is the Plan Administrator ("PA") for Choxi.com, which has filed for bankruptcy in S.D.N.Y (hereinafter the "Bankruptcy Court.") (*See* Mem. of Law in Support of Mot. To Lift Lit. Stay ("Plan Administrator Mem.") [Doc. #1652].) The PA commenced an action as part of the bankruptcy proceedings against former officers and directors of Choxi.com, including Iftikar Ahmed, seeking damages for "fiduciary duties and receipt of fraudulent and preferential transfers, among other claims, that caused substantial monetary losses to the Debtor and other damages." (*Id.* at 2.) The PA asks that the stay be lifted in order to allow the action in Bankruptcy Court to proceed against Ahmed, and asserts that its objective is to "obtain[ ] a judgment that it may execute at some later date and in accordance with the priority of other creditors." (*Id.* at 3.)

2

Then-Receiver Jed Horwitt took no position as to the motion, and the SEC did not object. (*See* Receiver's Position Regarding Non-Party Tracy Klestadt's Motion to Lift Litigation Stay [Doc. # 1663]; SEC's Response to Non-Party Tracy Klestadt's Motion to Lift Litigation Stay [Doc. # 1664].) Defendant Iftikar Ahmed and the Relief Defendants opposed the motion. (*See* Relief Defendants' Opposition to Non-Party Tracy Klestadt's Motion to Lift Litigation Stay [Doc. #1665]; Memorandum in Opposition re Motion for Order Lifting the Litigation Stay [Doc. # 1666].)

Subsequently, the Plan Administrator assigned all claims against Mr. Ahmed in the bankruptcy proceeding to Oak, which filed a motion to be substituted as a party in the proceeding. (*See* Mot. to Adopt and Join in the Mot. to Lift Lit. Stay [Doc. # 1920] at 2.) The Bankruptcy Court declined to rule on the motion to substitute until the stay is lifted, or this Court clarifies that the motion is not covered by the stay. (*Id.*) Oak asserts that it is "simply stepping in the shoes" of the Plan Administrator and "does not seek to interfere with the Receiver's duties, or otherwise disrupt the current asset freeze or the SEC's priority claim to the frozen assets." (*Id.* at 3.) Defendant Iftikar Ahmed opposed the joinder [Doc. #1967]; then-Receiver Horwitt took no position on the motion because it "[did] not believe that the granting of relief sought . . . would impact the Receiver's ability to complete his duties." (*See* Receiver's Response to Oak Management Corporation's Motion to Adopt and Join In Non-Party Tracy Klestadt's Motion to Lift the Litigation Stay [Doc. # 1969].)

Mr. Ahmed moved to have the PA's initial motion to lift the litigation stay declared moot because he argues the Plan Administrator no longer has any interest in the bankruptcy proceeding after assigning the claims to Oak. (*See* [Doc. # 1968].) His separate contempt motions allege that the settlement between Oak and the Plan Administrator, the assignment of claims from Oak to the Plan Administrator, and Oak's motion for relief in the bankruptcy proceeding violated the Court's stay order. (*See* Oak Contempt Mot. at 4-5; PA Contempt Mot. 2-3.)

## II.     Discussion

### A.     Plan Administrator's Motion to Lift the Stay

"The Second Circuit has recognized that an anti-litigation injunction or litigation stay in a receiver order is a valid exercise of a district court's equitable powers," *S.E.C. v. Illarramendi*, No. 3:11CV78 JBA, 2012 WL 234016, at *4 (D. Conn. Jan. 25, 2012), and a litigation stay is "simply one of the tools available to courts to help further the goals of the receivership." *SEC v. Byers*, 609 F.3d 87, 92 (2d Cir. 2010). Litigation stays in the receivership context are enforceable against non-parties. *United States v. JHW Greentree* Cap., L.P., No. 3:12-CV-00116 VLB, 2014 WL 2608516, at *4 (D. Conn. June 11, 2014). However, "an appropriate escape valve, which allows potential litigants to petition the court for permission to sue, is necessary so that litigants are not denied a day in court during a lengthy stay." *Id.* (quoting *United States v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 443 (3d Cir.2005)). The Second Circuit has adopted the three-pronged test first articulated in *SEC v. Wencke*, 742 F.2d 1230 (9th Cir.1984) to evaluate motions for relief from a litigation stay. *See SEC v. Byers*, 592 F. Supp. 2d 532, 536–37 (S.D.N.Y.2008) *aff'd* 609 F.3d 87, 91–92. Under the *Wencke* test, courts should consider "(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim." "The first *Wencke* factor balances the interests of the Receiver in preserving the status quo against the interests of the moving party." *Illarramendi*, 2012 WL 234016 at *5.

The Plan Administrator makes various arguments in favor of lifting the litigation stay based on the three *Wencke* factors; however, they were made before the Plan Administrator reached a settlement with Oak assigning it all claims against Defendant Ahmed, modifying or mooting many of them. Because the Plan Administrator has no remaining interest in the litigation, it necessarily cannot suffer substantial injury, nor can the Court evaluate the merit

of the "moving party's underlying claim" when the underlying claims are no longer tied to the moving party. The motion is denied as to the Plan Administrator.

### B. Oak's Motion to Adopt and Join the Motion to Lift the Stay

Oak's motion seeks to lift the stay as well, and asserts that the balance of the three *Wencke* factors "should not be different as a result of the transfer of the Plan Administrator's claims to Oak," because its motion to substitute in the Bankruptcy Proceeding means "Oak is simply stepping in the shoes of the Plan Administrator in the Bankruptcy Proceeding." (Mot. to Join [1920] at 1.) However, Mr. Ahmed argues that even if the Court grants Oak's motion to substitute, it should be required to file a separate motion to lift the stay on its pursuit of the claims against Mr. Ahmed to allow for evaluation of the merits, (*see* Def. I. Ahmed's Resp. to Mot. for Joinder [Doc. # 1967]); the Receiver also appears to assume a separate motion would be necessary even if the motion to substitute was granted, noting in a footnote that he "anticipates that Oak may, at the appropriate time, make such filing(s) as may be necessary to seek leave from this Court to prosecute the SDNY Proceeding." (Receiver's Resp. to Mot. for Joinder [Doc. # 1969] at 6). The Court agrees that it cannot fully evaluate the three *Wencke* factors without additional information from Oak that addresses whether it will be caused substantial injury absent a lift of the stay, and whether the evaluation of the merits should be different based on its substitution or other developments in the case. Its motion to join and adopt is denied to the extent it seeks a lift of the litigation stay; even if the motion to substitute is granted by the bankruptcy court, Oak must file a separate motion with this Court if it seeks to lift the litigation stay and prosecute any claims against Mr. Ahmed in connection with the bankruptcy proceeding.

Oak also asks this Court to issue an order clarifying that the litigation stay does not apply to its motion to substitute for the PA in the SDNY proceeding because the Bankruptcy Court declined to rule on Oak's motion to substitute until this Court either ordered that the "litigation stay, no longer applies to this adversary proceeding, or that Oak has leave of the

5

Connecticut court to proceed with its motion to substitute." (Oak's Mot. to Join at 2.) Receiver views "filing of and seeking a hearing on the Motion to Substitute is purely an administrative, ministerial type action, which provides notice to the Bankruptcy Court and parties-in-interest in the SDNY Proceeding of Oak's assumption of the Plan Administrator's claims in the SDNY Proceeding." (Receiver's Resp. to Joinder.)

While the motion to substitute is an "action" that is "in connection with" an ancillary proceeding against a Defendant in this case in the most literal sense, this Court has already explained that the purpose of the litigation stay was to halt legal proceedings that might endanger the assets of the receivership. *See United States Sec. & Exch. Comm'n v. Ahmed,* No. 3:15CV675 (JBA), 2020 WL 4333570, at *3 (D. Conn. July 28, 2020) (holding that "if Defendant does not seek "to obtain possession of property of the Receivership Estate," then his arbitration . . . is not prohibited by the Litigation Stay, and he need not seek this Court's leave to pursue it.). The motion to substitute does nothing to further the bankruptcy proceedings beyond providing notice to the Bankruptcy Court of the true party in interest, especially in light of Receiver's representation that Oak does not intend to prosecute the case unless this Court lifts the stay on the action. Because this Court's intent in issuing the stay was to protect the assets of the receivership, not to micromanage the actions of private parties and the dockets of other courts, the Court clarifies that the litigation stay does not apply to Oak's motion to substitute in the Bankruptcy Proceeding.

### C. Contempt Motion against PA and Oak

Mr. Ahmed contends that the litigation stay's injunction extends to the PA's and Oak's settlement and assignment of claims, and thus by proceeding with both without the leave of this Court, PA and Oak violated the stay. The Receiver took the position that the assignment of claims from the Plan Administrator to Oak did not violate the Appointment Order, because it is a "private settlement" that "in no way implicates the Receivership Estate or Receivership Assets." (Receiver's Resp. to Mot. to Join at 4-5).  The Court agrees; as explained above, the

litigation stay does not extend so far as to prohibit the actions of private parties, or administrative motions such as the motion to substitute, that do not commence or advance a legal action against the receivership assets. Because neither Oak's nor the PA's challenged actions violated the litigation stay, Defendant's motions for contempt against both parties are denied.

### III.   Conclusion

For the reasons set forth above, the motion to lift the stay [Doc. # 1652] is DENIED, and Defendant Iftikar Ahmed's motion to preclude as moot [Doc. # 1968] is GRANTED; Oak's motion to join and adopt is GRANTED in part and DENIED in part [Doc. # 1920], and Defendant Iftikar Ahmed's motions for contempt [Doc. # 1784 and 1785] are DENIED.

IT IS SO ORDERED.

  /s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 13th day of October, 2022.