UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br>    *v.*<br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>October 24, 2022 |

**RULING ON OMC'S MOTION TO LIFT THE LITIGATION STAY**

Oak Management Corporation ("OMC") moves to lift the litigation stay entered by the Court (1) to domesticate an arbitration award and the judgment issued by a New York state court to NMRE, assigned to OMC following a private settlement agreement; and (2) to obtain a prejudgment remedy against the Ahmed property 505 North Street, Greenwich, Connecticut. (Mot. to Lift Lit. Stay [Doc. # 2260].) Receiver takes no position on the request to domesticate the judgments, and takes no position on allowing OMC to pursue a prejudgment remedy "***provided*** that, if this Court grants such relief, this Court also orders that OMC shall not take any action (including, but not limited to, through the enforcement of its judgment or the creation, perfection, or enforcement of any attachment, garnishment, lien, or other encumbrance) against

any assets within the Receivership Estate absent further order of this Court." (Response to the Motion to Lift Lit. Stay by Receiver [Doc. # 2269])(emphasis in original). Defendant Iftikar Ahmed and Relief Defendants object; the SEC has no objection. (*See* SEC Response [Doc. # 2270]; Relief Defendants' Objection [Doc. # 2281]; Mem. in Opp. by Iftikar Ahmed [Doc. # 2282].)

On July 26, 2022, Relief Defendants directed a subpoena to OMC for "[t]he final executed settlement agreement detailing the terms of the settlement agreement entered into between OMC and NMR e-Tailing in the case NMR e-Tailing v. Oak Investment Partners, et al, Index No 656450/2017 in the Supreme Court of the State of New York, New York County," which they allege is relevant to the pending motion to lift the litigation stay. (Mot. to Compel Ex. 1 [Doc. # 2276-1].) OMC did not comply with the subpoena. (Mot. to Compel Ex. 2 [Doc. # 2276-2].) Relief Defendants moved to compel disclosure, [Doc. # 2276], and Defendant Iftikar Ahmed filed an emergency motion to compel as well. [Doc. # 2298].

I.   **Discussion**

   A.   **Domestication of the Arbitration Award and NMRE Judgment**

The Court has previously set out the standard to lift a litigation stay and the construction of the stay itself. (*See* Order [Doc. # 2361].)

Domestication of a judgment results in a judgment that is "treated in the same manner as a judgment of a court" of the state it is domesticated in, meaning that it "has the same effect, and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a court of this state and may be enforced or satisfied in like manner." Conn. Gen. Stat. § 52-605. Domestication is not an enforcement action, which is why domestication of other confirmed awards have not interfered with the Receiver's work thus far, nor have those parties run afoul of the litigation stay by not seeking this Court's permission to do so. (*Id.*) (citing *Harris*

*St. Laurent LLP, n/k/a Harris St. Laurent & Weschler LLP v. Ahmed, et al.,* Case No. FST-CV21-4031979-S, which domesticated a confirmed arbitration award against Relief Defendants.) OMC also explicitly states that it will not seek to enforce the domesticated award by seeking to collect; the domestication merely holds OMC's place in line among Defendant's creditors. (*See* OMC's Mot. at 6.) As previously ruled, actions like domestication do not seek "to obtain possession of property of the Receivership Estate," and are instead administrative steps that do not affect any of the Receivership Assets. (*See* [Doc. # 2361].)

The Court clarifies that the litigation stay in force here does not apply to the domestication of the NMRE judgment and OMC's arbitration award and the motion to lift the stay for this purpose is thus denied as moot.

### B.  Obtaining a Pre-Judgment Remedy against 505 North

The Court does not read OMC's motion as seeking permission to file writs of attachment against or otherwise disturb any assets that are part of the receivership estate—only 505 North St., which is not a receivership asset. (OMC's Reply at 3) ("OMC's Motion does not seek to attach any frozen assets that have been marked for liquidation to satisfy the SEC's judgment against Mr. Ahmed."); (*see also* OMC's Mot. at 9). The litigation stay and preliminary injunction prohibit only actions that interfere with the asset freeze order and that "impact the property and assets subject to" the order. Because 505 North St. has never been covered by the asset freeze order, nor is it subject to liquidation by the Receiver, it is not "subject to" either the stay or the preliminary injunction, and thus the Court lacks jurisdiction over this property.

### C.  Motions to Compel

Relief Defendant's argument that the Court should not rule on the motion to lift the stay until its subpoena to compel the settlement agreement between OMC and NMRE can be enforced is misplaced. OMC's motion to lift the stay to domesticate the

3

NMRE judgment does not rely in any part on the substance of the settlement agreement. (*See* OMC's Mem. in Support of Lifting Stay.) Because the Court has no basis for lifting the stay, as described above, the motions to compel are both denied as moot.

## II.     Conclusion

The Court DENIES the motion to lift the litigation stay to domesticate the arbitration award and NMRE judgment, and to file a prejudgment remedy against 505 North St., as moot [Doc. # 2260] and DENIES the motion to compel [Doc. # 2276] and the emergency motion to compel [Doc. # 2298] as moot.

IT IS SO ORDERED.

\_\_\_\_\_/s/\_\_\_\_\_

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 24th day of October 2022.