UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>     *Plaintiff*,<br><br>     *v.*<br><br>IFTIKAR AHMED,<br><br>     *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>     *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br><br><br>October 25, 2022 |

**RULING GRANTING RECEIVER'S THIRTEENTH AND FOURTEENTH MOTIONS FOR FEES, RELIEF DEFENDANTS' MOTION FOR EXTENSION OF TIME AND DENYING MS. AHMED'S MOTION TO FILE A SUR-REPLY AND DEFENDANT'S MOTION SEEKING DETAILS ON THE ESTABLISHMENT OF A QUALIFIED SETTLEMENT FUND**

Receiver Stephen Kindseth moves for payment of fees and expenses incurred on behalf of the Receivership Estate. (Mots. for Fees [Docs. ## 2247, 2306].) Defendant opposes, (Def.'s Opp'ns [Docs. ## 2256, 2326]), and Relief Defendants join that opposition to the extent that it does not conflict with their interests, (Relief Defs.' Opp'ns [Docs. ## 2259,

2327[1]]). Plaintiff Securities and Exchange Commission ("SEC") filed no briefing on the issue. For the reasons that follow, the Receiver's Thirteenth and Fourteenth Motions for Fees are granted.

## I.      Background

The Court assumes the parties' familiarity with the facts and history of this case but will briefly summarize the background relevant to this motion. The Receiver was appointed on December 20, 2018. (Appointment Order [Doc # 1070].) The Appointment Order states that the Receiver and persons retained to assist in his administration of the Receivership Estate are "entitled to reasonable compensation and expense reimbursement from the Receivership Estate," subject to "prior approval of the Court" and according to predetermined hourly billing rates. (*Id.* at 16.) The Receiver "shall apply to the Court for compensation and expense reimbursement from the Receivership Estate" within forty-five days after the end of each calendar quarter. (*Id.*) All such fee applications are "interim," "subject to cost/benefit and final reviews at the close of the receivership," and subject to a holdback in the amount of 20% of the amount of fees and expenses for each application, but the "total amounts held back during the course of the receivership may be paid out at the discretion of the Court as part of the final fee application." (*Id.* at 15-16.) The Appointment Order sets out certain requirements for the content of each fee application. (*Id.* at 17.)

## II.     Discussion

The Receiver moves for the payment of fees for the following periods: 1) January 1, 2022 through March 31, 2022, (Thirteenth Mot. for Fees ("Thirteenth Mot.") [Doc. # 22247] at 2); and 2) April 1, 2022 through June 30, 2022, (Fourteenth Mot. for Fees ("Fourteenth Mot.") [Doc. # 2306] at 2). The Thirteenth Motion represents 390.6 hours worked by the

---

[1] The Court grants Relief Defendants' motion nunc pro tunc for an extension of time to reply [Doc. # 2325], and their reply [Doc. # 2327] was considered for this Ruling.

Receiver, Zeisler & Zeisler ("Z&Z"), and Verdolino & Lowey, P.C. ("V&L")[2] and seeks payment in the amount of $113,007.38 in professional and paraprofessional fees, $11,625.00 in Receiver's fees, and reimbursement of actual and necessary expenses in the amount of $2,013.14. (Thirteenth Mot. at 3.) The Fourteenth Motion represents 365.9 hours worked by the Receiver, Z&Z, and V&L and seeks payment in the amount of $75,643.86 for the Receiver and Z&Z's services, $19,830.38 for V&L's services, and $711.58 in actual and necessary expenses of the Receiver and V&L. (Fourteenth Mot. at 3.)

The motions "reflect the hours worked by the Receiver and staff at Z&Z and V&L at the hourly rates applicable at the time that they rendered their services, as modified by the significant discounts provided by the Receiver, Z&Z, and V&L." (Fourteenth Mot. at 3.)[3] Additionally, the Receiver states that the fee applications

> take into account all relevant circumstances and factors as set forth in the Connecticut Rules of Professional Conduct and the SEC Guidelines, including the nature of the services performed, the amount of time spent, the experience and ability of the professionals and paraprofessionals working on this engagement, the novelty and complexity of the specific issues involved, the time limitations imposed by the circumstances, and the responsibilities undertaken by the Receiver, Z&Z, and V&L pursuant to this Court's orders.

(*Id.* at 3-4.) The applications include narrative descriptions of the services provided in the time records and summaries of the Receiver's administration of the Receivership Estate. (*Id.* at 4.) The Receiver does not seek "reimbursement for secretarial, word processing, proofreading or document preparation expenses (other than by professionals or paraprofessionals), data processing and other staff services (exclusive of paraprofessional services, or clerical overtime)." (*Id.*) The fee applications reflect the substantial public service

---

[2] The Court previously approved the Receiver's request to employ V&L as tax professionals. (V&L Employment Order [Doc. # 2193].)

[3] Where the Receiver's motions contain significant overlap in content, the Court cites only to the Fourteenth Motion for Fees.

discounts determined at the time of the Receiver's appointment, including a twenty-five percent discount to regularly applicable hourly rates for all legal professionals and paraprofessionals. (*Id.*) In accordance with the SEC Guidelines, the Receiver and Z&Z categorized fees incurred by certain "activity categories." (*Id.* at 6.) The Receiver provided a detailed description of the activities of the Receivership Estate during each billing period. (*Id.* at 13-24; Thirteenth Mot. at 13-25.)

Defendant's oppositions largely either repeat prior unsuccessful arguments[4] or raise issues that are not relevant to the Court's consideration of this motion, such as Defendant's objection to the Receiver's liquidation plan [Doc. # 2022] (the "Liquidation Plan"). (Def.'s Opp'n to Thirteenth Mot., at 4-8.)[5] Likewise, Defendant repeats his position that the Receiver's fees should be paid from within the Judgment. (Def.'s Opp'n to Thirteenth Mot., at 3-4.) Again, the Court has addressed this argument. (*See* [Doc. # 2028] (reserving a decision on this argument until after liquidation).) Finally, Defendant argues that the Receiver may be compensated for time spent defending fee motions, which the Court has already explained is a permissible activity to bill for. (Def.'s Opp'n to Thirteenth Mot., at 12; *see* Second Fee Ruling [Doc. # 1714] (explaining that the Receiver can seek compensation for time spent defending fee motions).)

However, Defendant does raise some issues specific to this fee request. First, Defendant argues that the Court should not authorize the use of funds from the Qualified Settlement Account ("QSF") to pay the fees because the Receiver was not authorized to create such an account. (Def.'s Opp'n to Fourteenth Mot., at 14-15.) However, Defendants seem to misunderstand the nature of the status of the QSF issue to date; the Receiver is not *creating*

---

[4] *See, e.g.*, Def.'s Opp'n to Receiver's Fourteenth Mot. at 1 ("The Defendant fully incorporates his prior oppositions.").

[5] For example, Defendant also raises several issues related to taxation and V&L's handling of tax matters. (Def.'s Opp'n to Thirteenth Mot., at 9-11; Def.'s Opp'n to Fourteenth Mot., at 14-17.)

a QSF account with V&L but is instead investigating the legal question of whether conditions giving rise to a QSF existed once the liquidation order was entered.[6] The Receiver's and V&L's work on analyzing this issue is certainly compensable work.

More broadly, Defendant generally complains that the Receiver has not informed him and Relief Defendants about work on tax issues. (Def.'s Opp'n to Fourteenth Mot., at 9-10.) This complaint is not relevant to the propriety of the Receiver's fee motions. The Court directed the Receiver retain a tax professional to render "an objective assessment" of the tax position of the Receivership Estate, and the Phase 1 Report's tax addendum satisfies this direction. (*Id.* at 18.) To the extent Defendants disagree with the conclusions of the Receiver and his professionals relating to the estate's tax liability, Defendants can raise those concerns in their responses to the Receiver's Phase 1 Report.

Defendant does not dispute specific time entries in his opposition to the Thirteenth Motion for fees, but he does so in opposition to the Fourteenth Motion for fees. Defendant argues that several instances of the Receiver and V&L both billing for time spent in discussion with each other amount to improper duplicate billing. (Def.'s Opp'n to Fourteenth Mot., at 14.) However, as the Receiver argues, if multiple people are involved in a matter, there is nothing untoward in them all billing for their time. (Receiver's Reply [Doc. # 2340] at 2.) Rather than any malfeasance, the fact that the invoices rarely show concurrent billing reflects the Receiver's and Z&Z's conscientious approach to billing. (*Id.*)

Defendant next takes issue with several entries reflecting communication with the SEC and IRS. (Def.'s Opp'n to Fourteenth Mot., at 10-11.) Defendant alleges that these communications violate the Court's protective order [Doc. # 2197] prohibiting the Receiver from disclosing any of Defendant's or Ms. Ahmed's tax information. (Def.'s Opp'n to Fourteenth Mot., at 14.) As the Receiver explained, at no point was the protective order

---

[6] For this reason, Defendant's motion seeking details on the establishment of a QSF [Doc. # 2311], which Relief Defendants joined [Doc. # 2323], is denied.

breached or were the IRS and SEC provided with non-public information. (Receiver's Reply [Doc. # 2340] at 6-7.) Therefore, this time was appropriately billed.

Finally, Defendant and Relief Defendants generally dispute, without identifying any specific entries, time billed that relates to Defendant and Ms. Ahmed's divorce proceeding. (Def.'s Opp'n to Fourteenth Mot., at 11-13; Relief Defs.' Opp'n to Fourteenth Mot. at 12-13.) Defendant notes that "[t]he Receiver is . . . tasked with managing and liquidating assets in this case." (*Id.* at 12.) Because Defendant has represented to the Court that he has no significant assets beyond those held in the Receivership Estate, his pending Dissolution Agreement, which seeks to transfer more than $87 million from Defendant to Ms. Ahmed, significantly affects the management and liquidation of assets. (*See* Receiver's Notice Regarding Defendants' Apparent Failure to Comply with the Appointment Order [Doc. # 2248], at 2-4.) The precedent that Defendant cites does not contradict this assessment. Defendant relies on *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (Def.'s Opp'n at 12), where the Second Circuit held that "federal courts may properly abstain from adjudicating [matrimonial] actions in view of the greater interest and expertise of state courts in this field." *Id.* at 14. However, in this instance the Court is not attempting to adjudicate the Ahmeds' divorce or any related family law matters. Additionally, this case is brought by a plaintiff (SEC) who is not a party to the divorce. *See Mochary v. Bergstein*, 42 F.4th 80, 88-89 (2d Cir. 2022) ("[a]s the district court correctly concluded, because this case does not involve issuing or modifying [a matrimonial] decree, and is brought by a third-party plaintiff, the domestic relations exception does not apply."). Therefore the domestic relations abstention doctrine does not apply, and this time is deemed appropriately billed.

I.     **Conclusion**

For the foregoing reasons, the Receiver's Thirteenth and Fourteenth motions for fees [Docs. ## 2247, 2306] are GRANTED, Relief Defendants' motion for an extension of time to reply [Doc. # 2325] is GRANTED, Ms. Ahmed's motion for leave to file a sur-reply [Doc. #

2349] related to the Receiver's Fourteenth motion is DENIED, and Defendant's motion seeking details on the establishment of a QSF [Doc. # 2311] is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 25th day of October, 2022