UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 3:15cv675 (JBA) |
| IFTIKAR AHMED, | ) ) ) | |
| Defendant, and | ) ) | |
| IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC;  SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Relief Defendants. | ) ) | |

_____ )

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO MS. AHMED'S MOTION TO STAY LIQUIDATION OF UNIQUE ASSETS AND, ALTERNATIVELY, MOTION FOR TEMPORARY ADMINISTRATIVE STAY**

Plaintiff United States Securities and Exchange Commission ("SEC") hereby files this

opposition to Relief Defendant Shalini Ahmed's motion requesting the Court stay the liquidation

of unique assets "pending the appeal in the Second Circuit Court of Appeals and pending the

resolution of additional issues." Doc. # 2368 ("Motion") at 1. In the alternative, if her request to

stay liquidation is denied, Ms. Ahmed asks the Court to enter "a temporary administrative stay

[of liquidation] that would allow her and the other Relief Defendants to seek a stay from the Second Circuit prior to the unique assets being liquidated." *Id*. Relief Defendants join in the Motion. Doc. # 2370. The Motion should be denied in its entirety.

Both this Court and the Second Circuit have already – and, with respect to this Court, repeatedly – denied requests to stay liquidation and satisfaction of the judgment. This Court has also denied requests to reconsider those rulings, and denied requests to reconsider those reconsideration rulings. Even so, Ms. Ahmed again asks this Court to stay liquidation or, in the alternative, enter an administrative stay while she files *another* appeal with the Second Circuit seeking to stay satisfaction of the judgment.

The Motion is frivolous and is the latest in a long line of improper filings intended to bog down the Court and frustrate the progression of this case. As such, it should be denied. Moreover, at this juncture, the Motion is an abuse of the judicial process and is worthy of sanctions. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (recognizing courts have inherent power to sanction a party for conduct that abuses the judicial process); *Leftridge v. Bourgeois*, 2012 WL 2016188, at *2 (D. Conn. June 5, 2012) (recognizing that "motions for reconsideration are discouraged and could be deemed an abuse of the judicial process and result in the assessment of costs") (internal quotations omitted).

## BACKGROUND

On December 14, 2018, the Court entered [Doc. # 1054] its Amended Final Judgment and denied [Doc. # 1052] Defendant's request to stay its enforcement, holding that only distribution would be stayed pending appeals. *Id.* at 7. On December 20, 2018, the Court entered [Doc. # 1070] its Order Appointing Receiver to, in part, "secure the judgment for the SEC" and "take necessary steps toward effectuating the judgment." *Id*. at 5. The Court again held that the

2

"judgment in this case has been stayed only insofar as no assets will be distributed in satisfaction of the judgment while appeals are pending," *id*. at 1, and that the Receiver would be appointed to assist in liquidating sufficient assets to secure the judgment. *Id*. at 5.

On December 24, 2018, and January 1, 2019, Defendant filed with the Second Circuit an Emergency Motion to Stay Enforcement of the Judgment Pending Appeal and an Emergency Motion to Vacate or, Alternatively, Stay Order Appointing Receiver Pending Appeals. *See* ECF ## 33-1, 66-1.[1] The Second Circuit denied [ECF #154] Defendant's motion on February 19, 2019, finding that he "ha[d] not made a showing that he is likely to succeed on the merits or that he will be irreparably injured absent a stay." *Id*. at 1.

The liquidation of assets was subsequently (and temporarily) postponed pending a decision in *Liu v. SEC*. *See* Doc. # 1346. However, following the Supreme Court's decision, this Court stated it "expect[ed] that, in light of the Supreme Court's recent decision in *Liu v. SEC*, 140 S. Ct. 1936, 1940 (2020), the liquidation of assets will soon proceed such that the judgment will be fully secured and residual assets, if any, will be unfrozen." Doc. # 1597 at 5 n.1.

Relief Defendants then moved [Doc. # 1602] for "clarification" of the Court's statement that liquidation would soon proceed, which in reality sought reconsideration of the Court's earlier Order by again requesting that the asset freeze remain in effect and that liquidation of assets not be permitted "pending appeals." *Id*. at 2. The Court denied the request to "clarify" that liquidation was stayed and held (again) that though distribution of assets was stayed, liquidation was not. *See* Doc. # 1868 (holding that "a liquidation schedule will be issued" after determination of Defendant's disgorgement obligation).

---

[1] ECF #s refer to the docket of *SEC v. Ahmed*, No. 18-2903 (2d Cir.)

On April 19, 2021, in briefing on the applicability of Section 6501 of the National Defense Authorization Act to Defendant's disgorgement, Defendant and Relief Defendants again requested that liquidation be stayed pending appeals. *See* Doc. ## 1901 at 21-25, 1906 at 29-32. Upon entering [Doc. # 1997] its Redetermination of Defendant's Disgorgement Obligation, the Court again made clear the issue of whether liquidation would be stayed pending appeal had already been decided: "Despite the fact that the Court had already explained that liquidation would proceed following recalculation of the disgorgement award, (Order Denying Clarification), Defendants elected to argue again in their briefs that a liquidation schedule should not issue." *Id*. (rejecting the request as an "untimely" motion for reconsideration). The Court then directed the Receiver "to propose a liquidation schedule" on which the parties would be permitted to comment *Id*.

On July 15, 2021, the Receiver filed [Doc. # 2022] its proposed plan of liquidation (the "Liquidation Plan"), which consisted of two distinct phases. The first phase ("Phase 1") largely called for (1) the liquidation of certain liquid assets such as stocks, gold, and bitcoin referred to as "Non-Unique Assets;" and (2) the determination of how interest and gains on disgorged frozen assets will be calculated, referred to as the "appreciation award methodology." The second phase ("Phase 2") would consist of the determination of the precise amount due under the Judgment (the "Total Judgment"), the final liquidation of the remaining assets – known as "Unique Assets" – necessary to secure the Total Judgment, and the transfer of such additional funds to the CRIS Account as necessary to secure the Total Judgment. The Receiver noted that sale of *all* assets was not expected to satisfy the total judgment. Liquidation Plan at 14.

On December 3, 2021, Relief Defendants filed an emergency motion asking [Doc. # 2104] the Court to preemptively stay its "anticipated liquidation order" until both this Court and the Second Circuit again held that liquidation should not be stayed. *See id*. at 2.

On January 11, 2022, the Court entered [Doc. # 2147] its Order granting the Liquidation Plan, but with modification ("Liquidation Order"). The Court authorized the Receiver to commence liquidation, but, among other things, directed it to (1) classify the MetLife Insurance Plan as a Unique Asset; (2) "pay any tax liability generated by the liquidation of Receivership Assets from the Receivership Assets"; and (3) "apply the extrapolated method" for the purposes of "calculating the Appreciation Award portion of the Total Judgment." *Id*. at 27-28. The Court also declined Relief Defendants' request to stay the liquidation of assets after pointing out that it was "relief requested and denied in this Court previously." *Id*. at 12 (citing Docs. ## 1052, 1997)

On January 19, 2022, Relief Defendants appealed the Liquidation Order. Doc. # 2152. Two weeks later, Ms. Ahmed (and the other relief defendants) joined a motion seeking to hold the appeals of the Liquidation Order in abeyance pending resolution of their "appeals from the district court's redetermined final amended judgment." Doc. # 2375-1 at 1.

On July 22, 2022, the Receiver filed [Doc. # 2280] its Phase 1 Report. Therein, the Receiver detailed that as anticipated, the liquidation of frozen assets was not expected to satisfy the Total Judgment, especially given the tax payments that the Court ordered to be made from the corpus of frozen assets. *Id*. at 10-11 ("Though additional assets will be valued and liquidated in Phase 2, based on information and belief, the Receiver does not currently anticipate that aggregate value of the Non-Valued Assets will bridge the gap between $118,106,251.37 ….and the anticipated value of the Total Judgment that….the Receiver presently estimates to be in excess of $125,000,000").

5

On October 25, 2022, Ms. Ahmed filed the instant Motion again asking that liquidation be stayed.

**ARGUMENT**

Ms. Ahmed's request to stay the liquidation of the remaining assets is yet another improper request for reconsideration of an issue this Court long ago decided and has repeatedly declined to reconsider. Ms. Ahmed's alternative request for an "administrative stay" would serve no purpose other than to delay litigation, as that stay request is premised on Ms. Ahmed filing a *second* appeal of this Court's decision to liquidate assets and not to stay enforcement of the judgment. Because such an appeal would be duplicative an appeal already pending (which has likely deprived the Court of jurisdiction to grant Ms. Ahmed's request), and because the Second Circuit has already rejected Defendants' requests to stay enforcement of the judgment and the liquidation of assets which operates as the law of this case, the Court should deny (again) the Motion.

First, it is unclear whether this Court even has jurisdiction to stay enforcement of the judgment at this juncture. As outlined above, this Court denied Relief Defendants' request to stay liquidation of assets and satisfaction of the judgment in its Liquidation Order, and Relief Defendants filed an appeal of that ruling. *See* Doc. # 2152. Because that appeal remains with the Second Circuit – held in abeyance until the appeal as to the redetermined final amended judgment is decided – this Court likely does not have jurisdiction to alter its ruling and stay liquidation of assets because a "notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" Doc. # 2069 at 2 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). While this Court may still "act in aid of the appeal" by clarifying or effectuating the order

6

appealed, *id.*, it likely cannot grant the relief Ms. Ahmed seeks because it would deprive the Second Circuit from considering (in this case, reconsidering) whether this Court erred in declining to stay liquidation of assets and satisfaction of the judgment.

Moreover, Ms. Ahmed does not explain how this Court can grant the relief requested when the Second Circuit has *already* adjudicated this very issue, which is likely why Ms. Ahmed agreed to hold her appeal of the Liquidation Order in abeyance.

This Court previously declined Defendant's request to stay enforcement of the judgment (with the exception of distribution of assets), holding that "liquidation of illiquid frozen assets needed to secure the judgment [ ] is not stayed." Doc. # 1052 at 7. Defendant then filed an emergency motion with the Second Circuit arguing that enforcement of the judgment should be stayed. *See* ECF 59-1 at 3 ("The district court has erred in not granting the Appellant's motion for a full stay of enforcement of judgment, including any marshaling and, in particular, liquidation of assets that have been frozen since May 07th, 2015"). Defendant argued to the Second Circuit that he – and "Relief Defendants as well as other non-parties [ ] who have part ownership in the illiquid assets – would be "irreversibly harmed" by the liquidation because "any liquidation of such assets is irreversible and harms all the owners of those assets, including individuals and entities that are not even parties to this dispute." *Id.* at 4, n.7.

The Second Circuit denied the motion, finding Defendant "ha[d] not made a showing that he is likely to succeed on the merits or that he will be irreparably injured absent a stay." ECF # 154 at 1. Since that time, the size of the judgment has *increased* by more than $30 million and the Receiver has determined there are insufficient assets to satisfy the judgment, neither of which justify a motion for reconsideration. *See* Doc. ## 1997 at 12, 2022 at 14, 2280 at 10-11. Ms. Ahmed (again) does not explain why this Court is not bound by the Second Circuit's earlier

ruling given it is the law of the case. *See, e.g.*, *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (recognizing that one branch of the law of the case doctrine "requires a trial court to follow an appellate court's previous ruling on an issue in the same case").

    <u>Second</u>, Ms. Ahmed's claim that she was "legally required" to file the instant Motion in order to have the Second Circuit review this Court's ruling(s) declining to stay liquidation of assets necessary to satisfy the judgment is baseless. Motion at 1 n.1. Though styled as a new request to stay the liquidation of certain "*unique* assets,"[2] Motion at 2, her underlying request remains the same: that enforcement of the judgment be stayed pending her appeal of that judgment. Ms. Ahmed need not file an appeal whenever this Court orders the liquidation of a particular asset or asset class because the operative ruling is the Court's denial of Defendant's Rule 60(b) motion seeking to stay enforcement of the judgment and the liquidation of frozen assets. As noted above, the Second Circuit has already adjudicated this very issue and therefore no further litigation was or is necessary for the Second Circuit to review this Court's Order declining to stay enforcement of the judgment and liquidation of frozen assets.

    Moreover, even if Ms. Ahmed needed more than the Court's denial of Defendant's Rule 60(b) motion to reach the Second Circuit (she does not), the Court's Liquidation Order again specifically declined to stay the liquidation of assets and satisfaction of the judgment. Ms. Ahmed has appealed that Order. Thus, Ms. Ahmed does not need another ruling from this Court to trigger appellate review of whether liquidation of assets should be stayed because the Second

---

[2] The term "unique asset" refers to the highly illiquid nature of the asset and does not suggest that irreparable harm will flow from liquidation. Many of these assets have been traced directly to Defendant's fraud, and Mr. and Ms. Ahmed have not been shown them to have personal qualitative value. As outlined herein, Ms. Ahmed's true qualm is not with the liquidation of any particular asset to which she is attached, but rather with any of the assets being used to satisfy the judgment in this case.

Circuit already has before it (again) an appeal from an Order of this Court declining to stay the liquidation of assets and satisfaction of the judgment.

Third, even if this Court has jurisdiction to reconsider its ruling declining to stay enforcement of the judgment, and the Second Circuit's ruling declining to stay enforcement of the judgment was not binding, it should decline to do so. Indeed, Ms. Ahmed's Motion is facially improper, as it asks this Court to:

- reconsider its earlier denial of Relief Defendants' motion that liquidation of assets and enforcement of the judge be stayed (Doc. # 2147);

- which declined to reconsider an earlier Order denying a request for this same relief (Doc. # 1997);

- which declined to reconsider an earlier Order denying a request for this same relief (Doc. # 1868);

- which declined to reconsider the Court's Order Denying Defendant's Rule 60(b) Motion for Relief from Final Judgment and to Stay the Final Judgment (Doc. # 1052).

As this Court recently held, motions "seek[ing] reconsideration of the Court's denial of reconsideration" are "improper." Doc. # 2011 at 2 (citing *Fret v. Melton Truck Lines, Inc.*, No. SA-15-CV-00710-OLG, 2017 WL 5653905, at * 5 (W.D. Tex. Feb. 13, 2017) ("The federal rules do not provide for a motion requesting a reconsideration of a denial of reconsideration"). This instant Motion cannot fare any better given it is seeking reconsideration of a ruling the Court had denied to reconsider on at least four previous occasions. Ms. Ahmed similarly offers no explanation as to how she can meet the "exacting standard" necessary to seek reconsideration from the Second Circuit. *See, e.g.* , Doc. # 392 at 2 (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) and (*Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 995).

Lastly, Ms. Ahmed's claim that this Court needs to wait until the "the dissolution proceeding is over" to "ascertain which assets belong to the Defendant or Ms. Ahmed and the children" and that "there should be no further liquidation of any asset" is extraordinary. Her argument is that her contemptuous conduct is a valid basis for the Court to reconsider its prior rulings. *See also* Motion at 5 ("The Dissolution Agreement recognizes Ms. Ahmed's and the children's independent ownership in certain assets" and therefore "liquidation of assets cannot continue until the various interests of Ms. Ahmed, the minor children and Mr. Ahmed have been determined in the dissolution of marriage proceeding in Connecticut State Court").

As outlined in the SEC's motion seeking an order to show cause, Doc. # 2379, Ms. Ahmed and her husband's proposed divorce agreement is a blatant attempt to interfere with this Court's jurisdiction over frozen assets in violation of the Asset Freeze Order (Doc. # 113) and the Appointment Order (Doc. # 1070). Ms. Ahmed's misconduct in this regard is not a reason to stop or slow the liquidation of assets, it is a reason to hold her in contempt.

## CONCLUSION

For the forgoing reasons, Ms. Ahmed's Motion should be denied. Moreover, because the relief sought is so improper at this juncture, the Court would be well within its discretion to issue sanctions, especially given that its past practice of denying requests to stay liquidation, and making explicit the requests do not comport with the rules on reconsideration requests, have seemingly done nothing to deter repeated improper filings on this topic.


DATED: November 15, 2021        *s/ Mark L. Williams*
                                Nicholas P. Heinke
                                Mark L. Williams
                                U.S. Securities and Exchange Commission
                                1961 Stout Street, Suite 1700
                                Denver, CO 80294-1961

(303) 844-1071 (Heinke)
(303) 844-1027 (Williams)
(202) 551-4532 (Yoder)
HeinkeN@sec.gov
WilliamsML@sec.gov
Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I certify that on November 15, 2022, a copy of the foregoing document was emailed to Defendant Iftikar Ahmed at IftyAhmed@icloud.com and Shalini Ahmed at shalini.ahmed@me.com, and served via ECF upon the following:

Paul E. Knag
Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, CT 06901
(Counsel for Relief Defendants I-Cubed Domains, LLC, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, DIYA Real Holdings, LLC, and three minor children by and through their next friends Iftikar and Shalini Ahmed, their parents)

Christopher H. Blau
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
(Counsel for Receiver, Stephen M. Kindseth)

_s/ Mark L. Williams___
Mark L. Williams