UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>*v.*<br><br>IFTIKAR AHMED,<br><br>*Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>*Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>December 29, 2022 |

**RULING GRANTING RECEIVER'S FIFTEENTH MOTION FOR FEES**

Receiver Stephen Kindseth moves for payment of fees and expenses incurred on behalf of the Receivership Estate. (Mot. for Fees [Doc. # 2383].) Defendant opposes, (Def.'s Opp'n [Doc. #2399]), and Relief Defendants join Defendant's opposition to the extent that it does not conflict with any of their currently pending motions, (Ms. Ahmed's Opp'n [Doc. # 2400]; Relief Defs.' Opp'n [Doc. # 2401].) Plaintiff Securities and Exchange Commission ("SEC") filed no briefing on the issue. For the reasons that follow, the Receiver's Fifteenth Motion for Fees is granted.

**I.    Background**

1

The Court assumes the parties' familiarity with the facts and history of this case but will briefly summarize the background relevant to this motion. The Receiver was appointed on December 20, 2018. (Appointment Order [Doc # 1070].) The Appointment Order states that the Receiver and persons retained to assist in his administration of the Receivership Estate are "entitled to reasonable compensation and expense reimbursement from the Receivership Estate," subject to "prior approval of the Court" and according to predetermined hourly billing rates. (*Id.* at 16.) The Receiver "shall apply to the Court for compensation and expense reimbursement from the Receivership Estate" within forty-five days after the end of each calendar quarter. (*Id.*) All such fee applications are "interim," "subject to cost/benefit and final reviews at the close of the receivership," and subject to a holdback in the amount of 20% of the amount of fees and expenses for each application, but the "total amounts held back during the course of the receivership may be paid out at the discretion of the Court as part of the final fee application." (*Id.* at 15-16.) The Appointment Order sets out certain requirements for the content of each fee application. (*Id.* at 17.)

II. **Discussion**

The Receiver moves for the payment of fees for the following period from July 1, 2022 to September 30, 2022. (Mot. for Fees at 2.) The Fifteenth Motion represents 523.5 hours worked by the Receiver, Zeisler & Zeisler ("Z&Z"), and Verdolino & Lowey, P.C. ("V&L")[1] and seeks payment in the amount of $101,852.11 for services rendered by the Receiver and Z&Z, $34,864.13 for services rendered by V&L, and $893.62 for actual and necessary expenses of the Receiver.

The fees sought "reflect the hours worked by the Receiver and staff at Z&Z and V&L at the hourly rates applicable at the time that they rendered their services, as modified by

---

[1] The Court previously approved the Receiver's request to employ V&L as tax professionals. (V&L Employment Order [Doc. # 2193].)

the significant discounts provided by the Receiver, Z&Z, and V&L." (Mot. for Fees at 3.) Additionally, the Receiver states that the fee application

> take[s] into account all relevant circumstances and factors as set forth in the Connecticut Rules of Professional Conduct and the SEC Guidelines, including the nature of the services performed, the amount of time spent, the experience and ability of the professionals and paraprofessionals working on this engagement, the novelty and complexity of the specific issues involved, the time limitations imposed by the circumstances, and the responsibilities undertaken by the Receiver, Z&Z, and V&L pursuant to this Court's orders.

(*Id.* at 3-4.) The applications include narrative descriptions of the services provided in the time records and summaries of the Receiver's administration of the Receivership Estate. (*Id.* at 4.) The Receiver does not seek "reimbursement for secretarial, word processing, proofreading or document preparation expenses (other than by professionals or paraprofessionals), data processing and other staff services (exclusive of paraprofessional services), or clerical overtime." (*Id.*) The fee applications reflect the substantial public service discounts determined at the time of the Receiver's appointment, including a twenty-five percent discount to regularly applicable hourly rates for all legal professionals and paraprofessionals. (*Id.*) The Receiver has further discounted his rate by nearly fifty percent. (*Id.* at 5.) In accordance with the SEC Guidelines, the Receiver and Z&Z categorized fees incurred by certain "activity categories." (*Id.* at 6.) The Receiver provided a detailed description of the activities of the Receivership Estate during each billing period. (*Id.* at 12-24.)

Defendant's opposition either repeats prior unsuccessful arguments[2] or raises issues that are not relevant to the Court's consideration of this motion, such as the resolution of

---

[2] *See, e.g.*, Def.'s Opp'n at 2 ("The Defendant fully incorporates his prior oppositions.").

Defendant and Ms. Ahmed's outstanding tax liability. (Def.'s Opp'n at 3.)[3] Likewise, Defendant repeats his position that the Receiver's fees should be paid from within the Judgment. (Def.'s Opp'n, at 6-7.) Again, the Court has addressed this argument. (*See* [Doc. # 2028] (reserving a decision on this argument until after liquidation).) Finally, Defendant argues that the Receiver should not be compensated for time spent defending fee motions, which the Court has already explained is a permissible activity to bill for. (Def.'s Opp'n at 5; *see* Second Fee Ruling [Doc. # 1714] (explaining that the Receiver can seek compensation for time spent defending fee motions).) Defendant also does not dispute any specific billing entries.

### III.   Conclusion

Reviewing the Receiver's motion, the Court finds that the Receiver and his professionals appropriately and reasonably billed their time. The time billed reflects their continued efforts to administer and liquidate the Receivership Estate and respond to Defendant and Relief Defendant's motions. The Receiver's Fifteenth Motion for Fees [Doc. # 2383] is therefore GRANTED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 29th day of December, 2022

---

[3] While not relevant to the instant motion, the Court notes that the Receiver's motion discusses his continued efforts to engage with the IRS and the Connecticut Department of Revenue Services on the issue of the outstanding taxes. (Mot. for Fees at 14-15.)