UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>v.<br><br>IFTIKAR AHMED,<br>           Defendant, and<br><br>IFTIKAR ALI AHMED SOLE PROP et al.,<br><br>           Relief Defendants. | No. 3:15-CV-675 (JBA)<br><br><br><br><br><br><br><br><br><br><br>January 04, 2023 |

## MS. AHMED'S RESPONSE TO THE RECEIVER'S NOTICE ON THE [PROPOSED] ORDER RE: APARTMENT SALE PROCEDURE

*Pro Se* Ms. Shalini Ahmed ("Ms. Ahmed") respectfully files this Response to the Receiver's Notice on the Proposed Order re: Apartment Sale Procedure (Doc. 2424, or "Notice"; Doc. 2424-1 or "Proposed Order"). Ms. Ahmed has conferred with the represented Relief Defendants,[1] who join this filing. Ms. Ahmed and the Relief Defendants reserve all rights.

Ms. Ahmed understands that the Court ordered the Receiver to submit a proposed order, including the items that were agreed upon at the hearing on December 19, 2022 for the apartment sale procedure (or "Hearing").

Ms. Ahmed responds to the Receiver's Proposed Order[2]:

---

[1] Relief Defendants three minor children I.1, I.2, and I.3, I-Cubed Domains, LLC, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, DIYA Real Holdings LLC (together, the "Relief Defendants").

[2] Ms. Ahmed will provide a proposed order for the sale of the apartments should the Court request.

1. Ms. Ahmed respectfully requests the Court consider the areas of difference between the Receiver and Ms. Ahmed, as discussed at the Hearing.

2. Ms. Ahmed does not believe that the Court resolved the issue of the Receiver having sole authority to determine the Listing Price.

3. Ms. Ahmed does not believe that the Court resolved the issue of allowing the Receiver to enter into a PSA "on terms and conditions determined by the Receiver." Ms. Ahmed understands that at the Hearing, the Receiver had specifically mentioned that it would be the Court that would make such determinations and that the Receiver would move the Court for such orders to be able to enter into any PSA. The Court must approve the PSA before the Receiver enters into one.

4. The Receiver has further introduced a new item in the Proposed Order that was never raised in the Receiver's Phase I Report (Doc. 2272), in the Court's order (Doc. 2395), or at the Hearing. Specifically, the issue of the Receiver having the sole authority to determine any "*subsequent* adjustments to the Listing Price" is an entirely new item the Receiver has now unilaterally added after the Hearing with no discussions on it whatsoever. Ms. Ahmed opposes the insertion of this new item that was never discussed at the Hearing nor was it in the Phase I Report or Court's order. Any subsequent adjustments to listing price must be agreed to by the parties and must be subject to the Court's approval.

5. Ms. Ahmed also believes that an artificial deadline of using "the tenth calendar day following publication of the Notice (if no Notice Buyer comes forward)" to provide a Sale Motion to the Court drastically reduces the amount of time that other prospective buyers would have to determine if another offer will be provided. This also does not consider any holidays or weekends and the fact that providing the Notice in the existing marketing materials may not happen on the same day the Notice is published in a newspaper. Using such an incredibly short period of time

is detrimental to the Estate because it forces prospective buyers to make a decision quickly, on a substantial purchase, which they may not be inclined to do; thereby, harming the Estate from receiving potentially better offers to the Stalking Horse offer. Ms. Ahmed would request that the Court provide prospective buyers at least 30 (thirty) days from the time the Notice is placed in the real estate marketing materials to determine if prospective buyers would provide a counteroffer to the amount in the published Notice.

Respectfully Submitted,

By: */s/ Shalini Ahmed*
Shalini A. Ahmed
505 North Street
Greenwich, CT 06830
Tel: 646-309-8110
Email: shalini.ahmed@me.com

*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that upon docketing a copy of the foregoing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ *Shalini Ahmed*
Shalini Ahmed
*Pro Se*