UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br><br>v.<br><br>IFTIKAR AHMED,<br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>January 5, 2023 |

**ORDER DENYING MURTHA CULLINA'S MOTION FOR RELEASE OF ADDITIONAL NDAA-RELATED FEES BASED ON ADDITIONAL SHOWING**

On March 11, 2021 the Second Circuit remanded this case to the Court for a determination of Defendant Iftikar Ahmed's disgorgement obligation in light of § 6501 of the National Defense Authorization Act ("NDAA") [Doc. # 1810]. On March 16, 2021, the Court ordered the parties to "file memoranda setting out their respective positions and analyses." (Order for Briefing on Remand [Doc. # 1801] at 1.) Although the Court had previously concluded that it would "not entertain any further requests for Relief Defendants' district court legal fees until liquidation is complete," (Order Directing Payment of Fees to Relief Defs.' Counsel [Doc. # 1740] at 3), it later determined that it would narrowly compensate

1

Murtha Cullina for the "reasonable fees it incurred complying with the Court's order[ed briefing on remand]," (Ruling on Murtha Cullina's Mot. for Fees [Doc. # 2122] at 4). The Court therefore directed Murtha Cullina to file "its billing records for the covered period of work on which a reasonable fee c[ould] be ascertained." (*Id.*) However, the billing records Murtha Cullina submitted were too heavily redacted for the Court to ascertain whether some entries pertained to the NDAA issue or reflected a reasonable expenditure of time. (Endorsement Order [Doc. # 2286] at 2.) The Court directed Murtha Cullina to submit its unredacted billing records for *in camera* review. Murtha Cullina complied [Doc. # 2302], and the Court awarded $51,271.00 of the $87,298.50 Murtha Cullina sought. (Endorsement Order [Doc. # 2347] at 2-3.) The Court denied reimbursement for the remaining fees because the billing entries did not provide any detail, did not provide sufficient detail for the Court to ascertain the work's relationship to the NDAA remand, or did not provide sufficient detail to determine the reasonableness of the time expended. (*Id.* at 2-3.)

Murtha Cullina now moves [Doc. # 2354] for additional fees related to the NDAA remand. In its memorandum, it presents additional explanations and context for some of the billing entries that the Court denied or reduced in its prior order. (Mem. [Doc. # 2354-1].)

> Counsel seeking fees are not required to record in great detail how each minute of their time was expended. But they are obliged to keep and present records from which the court may determine the nature of the work done, and the need for and the amount of time reasonably required.

*Rabin v. Wilson-Coker*, 425 F. Supp. 2d 269, 272 (D. Conn. 2006).[1] "A court may . . . refuse to award fees based on time entries that provide a vague description of the work performed." *Smart SMR of N.Y., Inc. v. Zoning Comm'n of Town of Stratford*, 9 F. Supp. 2d 143, 150 (D. Conn. 1998). Courts have rejected for vagueness billing entries such as "work on brief" or

---

[1] Unless otherwise indicated, internal citations, quotation marks, and other alterations are omitted throughout in text quoted from court decisions.

"preparation for hearing," *Rabin,* 425 F. Supp. 2d at 272, although "[a] court may attempt to clarify vague entries by looking at the context of adjacent entries," *Rand Whitney Containerboard v. Town of Montville*, Civ. No. 3:96CV413 (HBF), 2006 WL 2839236, *16 (D. Conn. Sept. 5, 2006).

Furthermore, when courts have permitted attorneys fees only for work relating to a specific issue, courts have disallowed fees for billing entries with "vague descriptions that do not identify clearly the relationship between the work described, and the [issue for which fees are being awarded]." *Bravia Cap. Partners, Inc. v. Fike*, 296 F.R.D. 136, 145 (S.D.N.Y. 2013); *see also CSL Silicones, Inc. v. Midsun Grp. Inc.*, 3:14-cv-01897 (CSH), 2017 WL 1399630, *7 n.12 (D. Conn. Apr. 18, 2017) (awarding fees for work done in connection to a specific motion where the billing entry clearly stated the motion that the time billed was related to). Courts have also declined to award fees for work done on a single issue when billing entries reference multiple issues, "make it impossible for the court to parse" what time was spent on the compensable issue. *Conn. Hous. Fin. Auth. V. Eno Farms. Ltd. P'ship*, Civ. No. 3:07cv319(AHN), 2007 WL 1670130, *5 n.5 (D. Conn. June. 6, 2007).

Bearing these principles in mind, the Court again declines to award Murtha Cullina fees for the following entries because they either do not specify that the work was related to the NDAA remand or contain entries for work done on multiple issues, including the NDAA remand. Murtha Cullina's attempt to identify the subject of the entries after the fact is inconsistent with the requirement that "time records submitted in support of an attorney's application for fees . . . be made contemporaneously with the associated work." *Williams v. N.Y. City Hous. Auth.*, 975 F. Supp. 317, 328 (S.D.N.Y. 1997). Many of these entries are also vague, containing statements such as "attention to additional research" or "worked on brief."

| Date | Hours | Fee |
|---|---|---|
| 4/15/2021 | 0.1 | $41.50 |
| 4/18/2021 | 4 | $2,600.00 |
| 4/20/2021 | 1 | $435.00 |
| 4/23/2021 | 3.3 | $1,369.50 |

| | | |
|---|---|---|
| 4/23/2021 | 0.5 | $312.50 |
| 4/27/2021 | 5.4 | $2,241.00 |
| 4/28/2021 | 0.6 | $249.00 |
| 4/29/2021 | 2 | $1,300.00 |
| 5/3/2021 | 1 | $650.00 |
| 5/4/2021 | 2 | $1,300.00 |
| 5/5/2021 | 0.2 | $83.00 |
| 5/5/2021 | 1 | $650.00 |
| 5/6/2021 | 1.8 | $1,170.00 |
| 5/10/2021 | 1 | $625.00 |
| 5/11/2021 | 3 | $1,950.00 |
| 5/12/2021 | 4 | $2,600.00 |
| 5/13/2021 | 3.5 | $2,275.00 |
| 5/14/2021 | 5 | $3,250.00 |
| 5/17/2021 | 7.5 | $4,875.00 |
| 6/3/2021 | 0.5 | $325.00 |
| 6/15/2021 | 0.2 | $130.00 |

The Court also again declines to award Murtha Cullina fees for two entries that, while explicitly stating their relationship to the remand, are impermissibly vague, preventing the Court from assessing whether the time expended was reasonable.

| Date | Hours | Fee |
|---|---|---|
| 4/8/2021 | 1 | $650.00 |
| 4/28/2021 | 1.5 | $937.50 |

However, the Court grants Murtha Cullina fees for two entries that, although not explicitly stating their relationship to the NDAA remand, are clearly related to the remand when read in the context of the surrounding entries.

| Date | Hours | Fee |
|---|---|---|
| 3/16/2021 | 0.5 | $325.00 |
| 4/20/2021 | 0.9 | $337.50 |

Accordingly, the Court GRANTS IN PART Murtha Cullina's request for additional fees for the NDAA briefing from March 16, 2021 to June 16, 2021 [Doc. # 2354] in the amount of $662.50.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 5th day of January 2023