UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
*Plaintiff*,

*v.*

IFTIKAR AHMED,
*Defendant*, and

IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,

*Relief Defendants*.

Civil No. 3:15cv675 (JBA)

February 2, 2023

**RULING DENYING MOTION TO FIND VIOLATION OF COURT ORDER AND TO ACCOUNT FOR ALLEGEDLY FORFEITED ASSETS**

Defendant Iftikar Ahmed seeks to have Oak Management Company ("Oak") found in violation of the Court's litigation stay order as a result of its motion in state court to confirm its arbitration award against Mr. Ahmed. [Doc. # 1703]. Oak denies that its state court motion violated this Court's litigation stay, and argues that that its motion was within the scope of the Court's initial lift of the stay permitting the arbitration to proceed against Mr. Ahmed. [Doc. # 1721].

Separately, Mr. Ahmed also moves for the Court to either transfer assets he believes Oak forfeited to the SEC to the Receivership Estate or to offset the judgment by their value, arguing that Oak admitted in its response to his prior motion [Doc. # 1721] that it forfeited assets covered by the judgment to the SEC, and that the SEC has thus already received partial satisfaction of its judgment with those assets. [Doc. # 1725]. Both the SEC and Receiver assert that Mr. Ahmed's motion is without merit and premised on a misunderstanding of Oak's filing. [Docs. ## 1733, 1736].

## I. Discussion

The Court assumes familiarity with the background of this case. Relevant to this motion, this Court entered a stay of "civil legal proceedings" to "obtain possession of property of the Receivership Estate" or "against any of the Defendants," and enjoining the commencement or continuation of any such proceeding without leave of Court. (Order Appointing Receiver [Doc. # 1070].) On May 21, 2019, the Court lifted the litigation stay "for the limited purpose of permitting Oak to pursue the arbitration it seeks to bring against Mr. Ahmed" for fraud directed towards Oak funds. (Order Lifting the Litigation Stay [Doc. # 1167] at 13.) Oak obtained an arbitration award against Mr. Ahmed in the amount of $56,673,513 plus interest; Mr. Ahmed filed a motion to vacate the arbitration award on September 22, 2020, and Oak cross-moved to confirm the award on December 8, 2020. (Receiver's Response at 3.)

### A. Motion to Find Oak in Violation of Court Order

Defendant argues that Oak is "in violation of this Court's stay of litigation order and has affirmatively proceeded against Receivership Assets" because Oak made no separate request to move for confirmation of the award before doing so, and because allowing the

proceedings to continue would implicate Receivership Assets. (Def.'s Mot. at 3.)[1] Oak counters that cross-moving to confirm the arbitration award "does not amount to the filing of a new action" because in Connecticut, the confirmation of an arbitral award does not constitute a new and separate civil case that would be covered by the litigation stay. (Oak's Response at 3.) Further, Oak points out that it was Mr. Ahmed who instituted the post-arbitration proceedings and prompted its cross-motion by filing his motion to vacate the arbitration award. (*Id.*) As for the contention that the arbitration award will imperil forfeited assets, Oak represents that the damages Oak seeks, and that the arbitrator awarded, in the state court case do not flow from the same cause of action as the SEC's case in this matter. (*Id.* at 4.) According to Receiver, Oak's counsel has represented to him that it "has no intention of moving against Receivership Assets if the Award is confirmed absent leave of this Court or the termination of the Asset Freeze." (Receiver's Response at 4.)

Oak is correct that "an application to confirm an arbitration award" is neither "a civil action" nor, "by definition . . . a *separate* civil action." *Das v. Rodgers*, 47 Conn. App. 242, 247 (1997). Seeking to confirm an arbitration award is within the scope of "pursu[ing] the arbitration [Oak sought] to bring against Mr. Ahmed," (Order Lifting the Litigation Stay at 13) and does not violate the Court's Order because "all that confirmation does is arm the already winning party in the arbitration with a variety of remedies to enforce the judgment—and, by extension, the arbitration award." *Local 807 Labor-Mgmt. Health & Pension Funds v. Showtime on the Piers, LLC*, Docket No. 18-CV-3642 (ARR), 2019 U.S. Dist. LEXIS 7294, at *5 (E.D.N.Y. Jan. 14, 2019).

[1] Defendant's motion also argued that the arbitration award should not be confirmed until his appeal of this Court's order lifting the litigation stay to permit the arbitration to proceed was decided by the Second Circuit. That argument is now moot, as the appeal has been withdrawn. *See United States Securities and Exchange Comission v. Ahmed*, No. 19-2974, Order Approving Stipulation to Withdraw Appeal [Doc. # 230] (2d. Cir. Feb. 22, 2021.)

### B. Motion to Account for Assets

The basis for the motion regarding the allegedly "forfeited" Oak assets is a misreading of Oak's opposition to Defendant's motion, in which Oak stated that "the forfeited assets and damages obtained by the SEC in this action are *not* the same damages that OMC sought or that the arbitrator awarded in the arbitration action." (Oak's Response at 4.) While Mr. Ahmed reads the phrase "obtained by" to imply that the SEC had affirmatively taken possession of Oak assets that were subject to the asset freeze entered by this Court, both the Receiver [Doc. # 1736] and the SEC [Doc. # 1733] have clarified in their responses that this is not so, and that the disputed statement is simply meant to distinguish the assets covered by the judgment in this case from the assets at issue in the separate arbitration. Given this clarification, Defendant's motion is without merit.

## II. Conclusion

For the reasons stated above, Defendant's motions to find Oak in violation of court order [1703] and to account for Oak's assets [1725] are DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 2nd day of February, 2023