UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>　　　*Plaintiff*,<br><br>　　　*v.*<br><br>IFTIKAR AHMED,<br>　　　*Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>　　　*Relief Defendants.* | Civil No. 3:15cv675 (JBA)<br><br>April 18, 2023 |

**RULING ON MOTIONS TO HOLD OAK IN CONTEMPT OF PROTECTIVE ORDER, ISSUE SANCTIONS, AND GRANT EMERGENCY ACCESS TO ALL TRANSCRIPTS, FILINGS, AND EVIDENCE IN THE NMR CASE**

Defendant Iftikar Ahmed moves to hold non-party Oak Management Company ("Oak") in contempt of this Court's order and for sanctions based on its use of certain documents in *NMR e-Tailing LLC vs. Oak Inv. Partners, et al*, No. 656450/2017 (NY. Sup. Ct.) ("*NMR e-Tailing*"), which Defendant alleges were used in violation of this Court's July 17, 2015, Protective Order [Doc. # 62]. (Def.'s Mot. to Hold Oak in Contempt and for Sanctions [Doc. # 1600].) Oak contends that Defendant misreads the Protective Order, which only bars

production of such documents by the *receiving* party, rather than the party with whom the documents originated. (Oak's Mem. in Opp'n to Sanctions [Doc. # 1614].) Relief Defendants separately move for access to all transcripts, filings, and evidence in the *NMR e-Tailing* matter not to support the contempt motion, but on the grounds that the *NMR e-Tailing* judgment and the documents in that case might (1) contain information relevant to the judgment entered in this case, and (2) impact the amount of the judgment in this case. (Relief Defs.' Emergency Mot. for Access [Doc. # 1605].) Oak responds that there is no basis for Relief Defendants' motion because judgment has already been entered in this case, leaving no grounds for seeking further discovery. (Oak Mem. in Opp'n to Access [Doc. # 1615].)

## I.   Background

The Court assumes familiarity with the background of this case. Relevant to this motion is the Court's May 21, 2019 Order lifting its litigation stay to permit non-party NMR e-Tailing, LLC to litigate against Oak [Doc. # 1167], which was modified in April 2021 to include permission to litigate against Defendant Ahmed as well. [Doc. # 1871]. In *NMR-eTailing,* NMR and Oak entered into a stipulation sealing certain documents that Oak represented were "either part of the SEC's investigative file in ongoing matters against Defendant Iftikar Ahmed and therefore are prohibited from disclosure by orders of the United States District Court for the District of Connecticut, or they contain commercially-sensitive and proprietary information of one of the Oak Defendants." (*NMR E-Tailing*, Stipulation and Proposed Order Regarding Order to Show Cause 009 [NYSCEF Doc. No. 253] (NY. Sup. Ct. June 8, 2020) [Doc. # 1602-1] at 2). The New York state court ordered 38 documents sealed on the grounds that they were "part of the SEC's investigative file." (*Id.*)

Defendant claims those documents were produced in *NMR e-Tailing* in violation of the Protective Order in this case. The Court's Protective Order regarding information, documents, and excerpts from documents supplied in initial disclosures and as part of

discovery [Doc. # 62], stipulated to by the SEC, Shalini Ahmed, Relief Defendants, and Oak, states that "Counsel for any Stipulating Party may designate any document or other material or information produced by a Stipulating Party . . . as confidential if counsel determines, in good faith, that such designation is necessary to protect the interest of the client or other third parties." (*Id.* ¶ (a).) The Protective Order further provides that "[u]nless ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the action in which this Order issued," which is the captioned action. (*Id.* ¶ (b).) Defendant claims this Protective Order has been violated by Oak.

Separately, Relief Defendants claim that because the "transaction in the NMR Case is the exact transaction in this SEC case" and "[m]aterials produced in this instant case have been used in the NMR case," the Relief Defendants "have every right to analyze any and all transcripts, filings, and evidence in the NMR case." (Relief Defs.' Mot. at 2.) Specifically, Relief Defendants assert that "this Court made a ruling in this matter on information which potentially could have been incomplete, and there yet may exist evidence that is favorable to the Defendant and the Relief Defendants that could impact the judgment in this case, such as a reduction or set aside," and they seek to access the *NMR e-Tailing* documents to "bring any relevant facts to the Court's attention." (*Id.*) Although the Relief Defendants do not join in the motion for contempt, they express their agreement with the view that Oak violated the Protective Order through its use of documents in the *NMR e-Tailing* matter that were part of the SEC's investigative file.

## II.   Discussion

### A.   Motion to Hold Oak in Contempt

"A court's inherent power to hold a party in civil contempt may be exercised only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2)

the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989). Defendant Ahmed claims that Oak violated this Court's Protective Order by producing information in *NMR E-Tailing*, which the New York state court sealed based on Oak's representation that the documents were "part of the SEC's investigative file." (Def.'s Mot. at 1). Oak represents that the only documents it has disclosed in *NMR E-Tailing* are ones that originated with it as the producing party. (Oak's Mem. in Opp'n [Doc. # 1614] at 2); *see also Carter-Wallace, Inc. v. Hartz Mountain Indus., Inc.,* 92 F.R.D. 67, 69 (S.D.N.Y. 1981) (a protective order that prohibited disclosure by the "receiving party" did not prohibit disclosure by the person "that originally controlled the evidence.")

The SEC represents that it has "no reason to believe that Oak would have any documents from the SEC's investigative file in this matter other than the documents that Oak provided to the SEC," and that the document Defendant identified as an example of an improperly produced document—OAK-RD-00071163—was a document produced by Oak to the SEC. (SEC's Response to Order 2378 [Doc. # 2392].)

In the absence of any evidence that any document *received* by Oak which was designated confidential was then produced in violation of the "unambiguous" language of the Protection Order, *New York State Nat. Org. for Women*, 886 F.2d at 1351, Defendant's motion to hold Oak in contempt and for sanctions is denied.

### B.    Emergency Motion for Access to All Transcripts, Filings, and Evidence

Relief Defendants move for access to all transcripts, filings, and evidence in *NMR e-Tailing* both because *NMR e-Tailing* "impacts the judgment in this proceeding."[1] and because

---

[1] The Court has found no violation of the Protective Order, mooting Relief Defendants' arguments that they have any right to the documents on the basis of such a violation.

Oak's alleged violation of the protective order by using documents from this case while also sealing those documents has deprived them of their "right to view *any* information – including those produced under protective order – that pertains to the transactions in this case." (Relief Defs.' Mot. for Access at 4.) Oak asserts that Relief Defendants do not have a right to the materials without a subpoena,[2] (Oak's Opp'n to Mot. for Access at 2-3), and that the possibility any information sought by Relief Defendants *could* impact the judgment in this case is an improper "fishing expedition." The SEC opposes Relief Defendants' motion as well, arguing that Relief Defendants would have no avenue to make use of the documents, since discovery is closed, the judgment has already been appealed, and a motion under Rule 60(b) based on new evidence would be untimely. (SEC's Opp'n to Relief Defs.' Mot. for Access [Doc. # 1620] at 1.)[3]

 As Oak observes, Relief Defendants' motion is procedurally improper. This Court has previously reminded Defendant and Relief Defendants that discovery of non-parties "must be conducted by subpoena pursuant to Fed. R. Civ. P. 45," *Lehman v. Kornblau,* 206 F.R.D. 345, 346 (E.D.N.Y. 2001), and only after the filing of subpoenas and noncompliance may a party move to compel. *See* Fed. R. Civ. P. 37(a); (Order Denying Def.'s Mots to Compel Oak to

---

[2] Both Oak and the SEC argue that Relief Defendants fail to "cite to any precedent that demonstrates that a court can simply grant access to such information by order," (Oak's Opp'n to Relief Defs.' Mot at 3) or specifically that this Court has jurisdiction to "order the state court presiding over the NMR case to act." (SEC Opp'n to Relief Defs.' Mot. at 2.) While federal courts do have the authority to order state court records to be unsealed if the party seeks to use them in a federal lawsuit, "such an unsealing motion must still be made at the appropriate stage of the litigation;" discovery here is closed, judgment entered, and the time for a motion for reconsideration has long since passed. *See, e.g.*, *K.A. v. City of New York*, No. 116CV04936LTSKNF, 2022 WL 1063125, at *2 (S.D.N.Y. Apr. 8, 2022).

[3] NMR e-Tailing also opposes the motion, asserting that when it inquired as to what the information was needed for, Relief Defendants could not answer why they needed the information and how it could be relevant to the case where summary judgment has been granted and there is a pending appeal. (NMR e-tailing Opp'n [Doc. # 1606].)

Produce Docs. [Doc. # 477]; (Order [Doc. # 530]); (Order Denying Motion to Compel [Doc. # 2268].) The Court has also held that blanket requests seeking "all documents" relating to various issues are "overbroad and impermissible." (Order Denying Motion to Compel Compliance with Subpoenas [Doc. # 833] at 3-4.)

These grounds alone are sufficient to deny the Motion for access to *NMR e-Tailing* case evidence. Moreover, even if the request were procedurally proper, Relief Defendants do not demonstrate the relevance of the documents to any pending matter before this Court, and their assertion that the documents in the *NMR* case somehow impact any pending issue in this proceeding is unsupported. Relief Defendants' motion is denied.

**III.    Conclusion**

For the reasons stated above, Defendant's motion to hold Oak in contempt of court and for sanctions [Doc. # 1600] and Relief Defendants' motion for emergency access to materials in the *NMR* matter [Doc. # 1605] are DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 18th day of April, 2023