UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    *Plaintiff*,<br><br>    *v.*<br><br>IFTIKAR AHMED,<br><br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>June 9, 2023 |

**ORDER DENYING RELIEF DEFENDANT SHALINI AHMED'S EMERGENCY MOTION FOR A RELEASE OF FUNDS TO RETAIN COUNSEL TO RESPOND TO ORDER TO SHOW CAUSE AND MOTION FOR RECONSIDERATION**

    The Court assumes familiarity with the underlying litigation and Order to Show Cause. (*See* Order Granting SEC's Mot. for Order to Show Cause [Doc. # 2471].) Relief Defendant Shalini Ahmed moves [Doc. # 2473] for a release of funds of up to $150,000[1] to

---

[1] Ms. Ahmed failed to provide any itemized details justifying the specific amount requested. Because the Court is denying the request, there is no need to require details of the amount requested.

retain legal counsel to represent her in responding to the Court's Order to Show Cause why she and Defendant Iftikar Ahmed should not be held in civil contempt based on their efforts to have a Connecticut family court enter a dissolution agreement as part of their divorce proceedings, which the SEC claims affects assets subject to the asset freeze and Receivership established by this Court. (Order at 1.)[2]

Ms. Ahmed asserts that the Order to Show Cause raises unusual and complex legal issues which she cannot respond to *pro se.* (Mot. for Funds at 2-3.) In their opposition briefs, the SEC [Doc. # 2480] and Receiver [Doc. # 2476] argue a) that Ms. Ahmed has failed to demonstrate that she needs a release of funds to hire counsel; b) that that the release of funds would cause a larger portion of the judgment to go unsatisfied; and c) that Ms. Ahmed is not in need of counsel for this proceeding. (SEC's Opp'n at 9-13, Receiver's Opp'n at 3-7.)

I.   Discussion

In their oppositions, the SEC and Receiver note that Ms. Ahmed appears to be paying for her children's' private school tuition and regular flights to India. (Receiver's Opp'n at 5; SEC's Opp'n at 11). Ms. Ahmed had previously requested the release of $151,000 from the Receivership Estate to pay private school tuition, which the Court denied. [Doc. # 2250.] In her Reply, Ms. Ahmed acknowledges that she has paid this private school tuition, but to do so represents she "has begged people for loans to help her to keep the minor children's lives stable" and that she is doing "the best for her three minor children[.]" (Ms. Ahmed's Reply [Doc. # 2482] at 4.) She similarly concedes she has paid for family trips to India, but laments that the asset freeze has prevented the minor children from going to India "whenever they want." (*Id.* at 4.) She argues that focus on these expenditures is "irrelevant" because "the

---

[2] In her Motion for Reconsideration on the briefing schedule [Doc. # 2489], Ms. Ahmed requests a minimum of thirty days between a ruling on her motion and the deadline for written show cause why she should not be held in contempt. However, Ms. Ahmed has been aware of her need to prepare a written response to the Order to Show Cause since the Court issued the Order to Show Cause on April 13, 2023. Thus, reconsideration is denied.

parties and the Court are well aware that no one will loan Ms. Ahmed any amount for *attorney's fees*, which she has *consistently* made clear in this proceeding and which she specifically noted in her Motion[.]" (*Id.*) (emphasis in original.)[3] She offers no substantiation—only her offer to provide an affidavit upon request attesting to her financial need, rather than the submission of such an affidavit with her briefing. (*Id.*)

The Court finds that Ms. Ahmed has failed to credibly argue that she needs a release of funds to retain an attorney. Her conclusory statements to the contrary are ineffective to justify further depleting of the Receivership estate. It is the Court's responsibility to "preserv[e] the integrity of [the] disputed assets to ensure that such assets are not squandered by one party to the potential detriment of another." *FSLIC v. Ferm.*, 909 F.2d 372, 372 (9th Cir. 1990). Ms. Ahmed appears to have access to significant funds to keep the minor children in private schools and to pay for frequent international travel, despite Ms. Ahmed having previously sought the release of frozen funds for both purposes. [Docs. ## 478, 2166-2]. As such, Ms. Ahmed fails to demonstrate a need for the release of funds. *See Fed. Trade Comm'n v. Cardiff*, No. CV5182104SJOPLAX, 2019 WL 7945584, at *4 (C.D. Cal. July 2, 2019) (denying a motion to release funds for living expenses when the court was "not satisfied the Defendants have disclosed all assets at their disposal" and "Defendants appear to have access to numerous undisclosed" sources of income.)

Ms. Ahmed cites to *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106 (2d Cir. 1987) for the proposition that a defendant is entitled to counsel in civil contempt proceedings. (Ms. Ahmed's Reply at 6.) But regardless of whether Ms. Ahmed has a right to counsel, that does not necessitate a release of funds if she has failed to show actual financial need. Ms. Ahmed's assertions that this matter involves particularly complex legal issues are also not demonstrated at this stage. The Court will initially focus on the impact of their

---

[3] Ms. Ahmed also notes that she has credit card debt and highlights that the Court has not increased the releases for living expenses in eight years. (Ms. Ahmed's Reply at 4-5.) However, Ms. Ahmed has not requested an increase in living expenses allowance.

Dissolution Agreement on the Receiver. It is not evident that this subject implicates complex legal questions that Ms. Ahmed cannot address.

## II. Conclusion

Relief Defendant Shalini Ahmed's Motion for a Release of Funds to Retain Counsel to Respond to the Order to Show Cause AND Motion for Reconsideration are DENIED. The hearing on the Order to Show Cause is rescheduled for July 7, 2023 at 1pm in Courtroom 2. Defendant Iftikar Ahmed and Relief Defendant Shalini Ahmed shall show cause why they should not be held in contempt for seeking to obtain state court approval of their Dissolution Agreement, in writing, by June 20, 2023. The SEC and Receiver shall file their responses by June 27, 2023. Any reply shall be filed by July 5, 2023.

IT IS SO ORDERED.



/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 9th day of June, 2023