UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    *Plaintiff*,<br><br>    *v.*<br><br>IFTIKAR AHMED,<br><br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>June 16, 2023 |

**ORDER DENYING RELIEF DEFENDANT SHALINI AHMED'S EMERGENCY MOTION FOR RECONSIDERATION**

    Relief Defendant Shalini Ahmed moves [Doc. # 2509] for reconsideration of this Court's previous Order denying Ms. Ahmed's Motion for Funds to Retain Counsel for the Order to Show Cause Briefing and Hearing [Doc. # 2505] ("Order").

    The Court assumes Ms. Ahmed's familiarity with the standard governing motions for reconsideration. (*See, e.g.*, Order Denying Relief Defendants' Emergency Mot. for Reconsideration [Doc. # 2288].) Ms. Ahmed seeks to relitigate her claims that no one will lend her money or pay her for attorney's fees, despite her managing to acquire financial

support for private school tuition and trips to India. These facts still call into serious question Ms. Ahmed's alleged financial indigency, even if those expenses are said to have been paid by the generosity of other people. Now, only after this Court's ruling, Ms. Ahmed attempts to substantiate her claim that she cannot find funds for paying counsel by means of an affidavit, which she attaches as Exhibit 1 to her Motion. [Doc. # 2509-1]. The affidavit states that she borrowed funds to pay for her children's private schooling and has had others largely pay for travel to India, but that "[a]t no point in time did anyone agree to allow [her] to borrow to pay legal fees and [she] ha[s] been denied any borrowing for such requests." (*Id.* at 1.) Ms. Ahmed also notes her difficulty finding employment given the public nature of the case and her health conditions, and states she has no other source of income for paying for counsel. (*Id.* at 2.)

Ms. Ahmed fails to show reconsideration is warranted. Ms. Ahmed objects to the Order characterizing Ms. Ahmed as having conceded to paying for family trips to India, and instead says other people paid for the tickets on the children's behalf, with the exception of one trip which she paid for by herself and then got reimbursement for. (Mot. at 3.) She also notes that it was Mr. Ahmed, not Ms. Ahmed, who previously sought the release of funds for travel to India. (*See* Order Denying Mr. Ahmed's Motion for Funds [Doc. # 478].) Regardless, in light of the significant financial sums Ms. Ahmed has managed to borrow or have paid on her family's behalf, and the lack of corroboration of her financial need in her original motion, reconsideration based on these objections is not warranted. Even if the Court were to accept the affidavit at face value, Ms. Ahmed's failure to provide an affidavit until after the Court has already ruled means that her reconsideration motion is improperly seeking a "second bite at the apple." *See Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (affirming denial of reconsideration where the plaintiff attached an affidavit to her reconsideration motion containing certain facts not in the original record, holding that such facts not originally in the

record are not considered facts a court "overlooked" which would merit reconsideration).[1] Moreover, the affidavit lacks any details as to who is paying for the private school tuition and international travel, whom Ms. Ahmed asked for legal fees, how much Ms. Ahmed has asked for, and when these requests occurred.

**I.      Conclusion**

For the reasons set forth above, Relief Defendant Shalini Ahmed's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.
Dated at New Haven, Connecticut this 16th day of June, 2023

---

[1] Ms. Ahmed also moves for clarification [Doc. # 2508] as to whether there will be multiple stages of the contempt proceedings. The Court will determine the appropriateness of any potential further proceedings after the show cause hearing is held on July 7, 2023.