UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    *Plaintiff*,<br><br>    *v.*<br><br>IFTIKAR AHMED,<br><br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>June 16, 2023 |

**ORDER DENYING DEFENDANT IFTIKAR AHMED'S EMERGENCY MOTION FOR A RELEASE OF FUNDS TO RETAIN COUNSEL TO RESPOND TO ORDER TO SHOW CAUSE AND TO HOLD THE BRIEFING AND HEARING IN ABEYANCE IN THE INTERIM**

The Court assumes familiarity with the underlying litigation and Order to Show Cause. (*See* Order Granting SEC's Mot. for Order to Show Cause [Doc. # 2471].) Defendant Iftikar Ahmed moves [Doc. # 2506] for a release of funds to retain legal counsel to represent him in responding to the Court's Order to Show Cause why he should not be held in civil contempt based on his efforts to have a Connecticut family court enter a dissolution agreement as part of his divorce proceedings, the financial terms of which the SEC claims

will impact assets subject to the asset freeze and the Receivership established by this Court. (Order at 1.)

## I. Discussion

This motion fails because Mr. Ahmed once again fails to provide sufficient corroboration of his indigency and makes no showing of entitlement to Receivership funds or a court-appointed lawyer. Earlier this year, in an order denying a release of funds to Mr. Ahmed to be used to renounce his U.S. citizenship, this Court made clear that Mr. Ahmed must "submit material and objectively verifiable corroboration of claimed indigency to support any motion for release of funds on that basis; the Court will not make a finding of indigency based on Mr. Ahmed's word alone." (Ruling on Mot. for Release of Funds and Permission to Commence Fundraiser [Doc. # 2438] at 3.) As such, regardless of Mr. Ahmed's right to counsel in contempt proceedings or the alleged complexity of the issues involved (Mot. at 1-3), Mr. Ahmed cannot demonstrate an entitlement to a release of funds because he has failed to demonstrate financial need.

Mr. Ahmed's claim that his health problems render him "incapable of standing any trial of this nature without legal representation" (Mot. at 4) is unsubstantiated because, as this Court recently noted, Defendant fails "to offer verifiable evidence of his medical condition." (Ruling on Defendant's Mot. for Clarification on Order for Motion for Release of Funds [Doc. # 2490] at 3.) The Court also declines to conduct an in camera review of any medical documentation, as this would deny the SEC the opportunity to expose false statements, "as it has done in the past with Defendant's false statements[.]" (*Id.* at 4.) If Mr. Ahmed seeks to submit medical evidence that he wishes to remain confidential, he has the option to file under seal, but he may not seek in camera review.

## II.     Conclusion

Defendant Iftikar Ahmed's Motion for a Release of Funds to Retain Counsel to Respond to the Order to Show Cause and to Hold the Briefing and Hearing in Abeyance in the Interim is DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 16th day of June, 2023