UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    *Plaintiff*,<br><br>    *v.*<br><br>IFTIKAR AHMED,<br><br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>June 30, 2023 |

**ORDER DENYING RELIEF DEFENDANT SHALINI AHMED'S EMERGENCY MOTION TO QUASH THE SUBPOENA**

Relief Defendant Shalini Ahmed moves [Doc. # 2520] to quash a subpoena issued by the SEC on the evening of Thursday, June 22, 2023, commanding her presence for the show-cause hearing to be held before this Court on July 7, 2023. (Mot. Ex. 2 [Doc. # 2520-2].) Ms. Ahmed argues the subpoena should be quashed because "it was not served properly, the relevant facts are in the record, the Subpoena results in an undue burden on Ms. Ahmed and may require the disclosure of privileged and protected matter, and the Subpoena does not provide for reasonable time for Ms. Ahmed to prepare." (Mot. at 2.) She also argues that being

called as a witness at the "eleventh hour" in a contempt proceeding, without counsel, would violate her due process rights and would be "irreparably prejudicial." (*Id.*) Alternatively, Ms. Ahmed asks this Court to hold the show-cause hearing in abeyance and to allow a release of funds for Ms. Ahmed to retain counsel. (*Id.*). Ms. Ahmed also seeks the Court to sanction the SEC for serving her with the subpoena. (*Id.* at 15.)

The SEC opposes [Doc. # 2528], noting that following Ms. Ahmed's motion she has now been personally served (instead of electronically), and that it seeks relevant testimony at the show-cause hearing pertaining to Ms. Ahmed's alleged misconduct. (SEC's Resp. at 1.)

On the matter of service, regardless of the propriety of service in the first instance (the SEC represents that it only sent the subpoena electronically after the process server made several unsuccessful attempts to personally serve Ms. Ahmed), the issue of service is now moot as both parties agree that the SEC has now personally served Ms. Ahmed. (*Id.* at 3; Ms. Ahmed's Notice [Doc. # 2527].) On the issue of Ms. Ahmed being served at the alleged "eleventh hour," the SEC represents that it began seeking to serve Ms. Ahmed on June 13, 2023 (SEC's Resp. Ex. A, Wyatt Decl. [Doc. # 2528-1]), just four days after the Court denied Ms. Ahmed's Motion for Release of Funds (during which time the hearing had been held in abeyance) and rescheduled the show-cause hearing for July 7, 2023. (SEC's Resp. at 2; Order Denying Ms. Ahmed Release of Funds [Doc. # 2505].) A court must quash a subpoena when it "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). In the case cited by Ms. Ahmed (Mot. at 12), the court quashed a subpoena issued seven days before a hearing because "Courts within this Circuit have ruled the service of a subpoena five to nine days in advance of a hearing is not reasonable time to comply," and noted that the parties had "been aware of the [] hearing date for two months and thus had ample time to issue the subpoenas." *Arch Ins. Co. v. Centerplan Constr. Co., LLC*, No. 3:16-CV-01891-VLB, 2017 WL 4998645, at *1 (D. Conn. Nov. 2, 2017). Here, by contrast, while the Order to Show Cause was issued on April 13, 2023, the operative hearing date was set on June 9, 2023, and a process server was hired

to attempt to serve Ms. Ahmed four days later. Moreover, while Ms. Ahmed was personally served on June 28, 2023 (9 days before the hearing), she has at least been on notice that her testimony was sought since her receipt of a subpoena via email on June 22, 2023 (15 days before the hearing), and "courts in this circuit have found fourteen days to be presumptively reasonable[.]" *Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, No. 20 MISC. 23, 2020 WL 4700910, at *2 (S.D.N.Y. Aug. 13, 2020). Therefore, the Court finds Ms. Ahmed has been given reasonable time to comply.

A subpoena must be quashed where it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The SEC argues the subpoena does not place an undue burden on Ms. Ahmed, as she has "long been on notice of the subjects of the contempt hearing," and she has the necessary resources to arrange for child-care to attend the contempt hearing. (SEC's Resp. at 4.) The SEC maintains that the subpoena seeks "plainly relevant testimony" given that the show-cause hearing relates to Ms. Ahmed's conduct related to her state court divorce proceedings.

The Court does not view the subpoena as placing an undue burden on Ms. Ahmed and Ms. Ahmed is required to testify. The show-cause hearing pertains to her conduct surrounding the state court divorce proceedings, including whether "the Ahmeds diligently attempted to comply" with this Court's orders. (Mot. at 5.) Testimony from Ms. Ahmed is clearly relevant. Ms. Ahmed's concern about being questioned on privileged areas can be addressed by safeguards at the hearing. Ms. Ahmed does not persuade the Court that no arrangements for child care can be made during the hearing.[1]

---

[1] While the Court previously granted Ms. Ahmed's request to attend the hearing remotely [Doc. # 2519], this was prior to the Court becoming aware of a subpoena for her testimony.

The Court will not reconsider its denial of Ms. Ahmed's request for a release of funds.[2] (SEC's Resp. at 4.) The show-cause hearing on July 7, 2023 will proceed. Ms. Ahmed has failed to demonstrate any sanctionable conduct by the SEC.

**I.      Conclusion**

For the reasons set forth above, Relief Defendant Shalini Ahmed's Emergency Motion to Quash the Subpoena is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of June, 2023

---

[2] Ms. Ahmed notes that the Court's previous refusal to release funds did not contemplate Ms. Ahmed would be called as a witness. (Mot. at 6.) But the Court denied Ms. Ahmed's prior motion for a release of funds because she "failed to show actual financial need" and the circumstances here do not change that determination. (Order Denying Ms. Ahmed Release of Funds [Doc. # 2505].)