UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br><br>v.<br><br>IFTIKAR AHMED *et al.*,<br>    *Defendants*. | No. 3:15-cv-675 (JAM) |

**ORDER DENYING RULE 60(b) MOTION**

    Defendant Iftikar Ahmed moves pursuant to Fed. R. Civ. P. 60(b)(5)-(6) for relief from this Court's judgment concerning the disgorgement award and civil penalty.[1] Rule 60(b)(5) allows a court to grant relief from a judgment if "the judgment has been satisfied, released, or discharged," or if it is "based on an earlier judgment that has been reversed or vacated," or "if applying the judgment prospectively is no longer equitable." Rule 60(b)(6) is a catchall provision that includes "any other reason that justifies relief."

    Ahmed argues that the disgorgement award should be reduced to reflect the $35 million in carried interest that he forfeited to his employer upon his termination and that his employer did not suffer financial losses resulting from the Company C frauds. But this Court already decided both matters against Ahmed, and the Second Circuit affirmed those holdings. *See SEC v. Ahmed*, 72 F.4th 379, 397-98 (2d Cir. 2023). Now "[t]he mandate rule 'forecloses relitigation of issues expressly or impliedly decided by the appellate court.'" *United States v. Wynn*, 108 F.4th 73, 82 (2d Cir. 2024) (quoting *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001)). "A Rule 60(b) motion cannot undo the decision of an appellate court." *Azeez v. City of New York*, 2021 WL 3578500, at *3 (E.D.N.Y. 2021) (collecting cases).

---

[1] Doc. #2655.

1

Ahmed relies on an intervening decision of the Second Circuit—*SEC v. Govil*, 86 F.4th 89 (2d Cir. 2023)—that he believes cast doubt on whether his appeal was correctly decided. But "[a]s a general matter, a mere change in decisional law does not constitute an extraordinary circumstance for the purposes of Rule 60(b)(6), and the interest in finality outweighs the losing party's concern that justice was not done." *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016) (internal quotations and citations omitted). Moreover, as the SEC notes, the Second Circuit denied a motion to stay its mandate that was based on the *Govil* decision.[2]

Ahmed also seeks relief from the $21 million civil penalty on the ground that he is indigent. Ahmed previously urged the Court to consider his "ability to pay, the likelihood of his gaining any employment, and his current health, in assessing any penalties."[3] Yet when he appealed the penalty to the Second Circuit, he argued only that the penalty should be reduced if the court of appeals vacated the ruling on liability or disgorgement, so that the penalty would not be greater than half the amount of disgorgement. *See* Brief for Defendant-Appellant Iftikar A. Ahmed, *SEC v. Ahmed*, 72 F.4th 379, 2021 WL 5358643, at *66. He did not raise indigency as grounds for a reduction in the penalty, and the Second Circuit expressly upheld the penalty. *See Ahmed*, 72 F.4th at 396 (stating "we decline to disturb the district court's rulings as to either disgorgement or civil penalties").

The mandate rule "prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate," and "where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, it is considered waived and the law of the case doctrine bars the district court on remand and an appellate court in a subsequent appeal from reopening

---

[2] Doc. #2735 at 2-3.
[3] Doc. #884 at 37.

such issues unless the mandate can reasonably be understood as permitting it to do so." *Stegemann v. Price*, 2023 WL 218577, at *2 (2d Cir. 2023) (internal quotations and citations omitted). Accordingly, Ahmed's motion for relief from the civil penalty is foreclosed by the mandate rule.

For the reasons set forth above, the Court DENIES defendant Iftikar Ahmed's motion for Rule 60(b) relief (Doc. #2655).

It is so ordered.

Dated at New Haven this 30th day of September 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge