UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>    *Plaintiff*,<br><br>    v.<br><br>IFTIKAR AHMED,<br><br>    *Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>    *Relief Defendants*. | **MEMORANDUM AND ORDER**<br><br>No. 3:15-CV-00675 (VDO) |

**ORDER DENYING RELIEF DEFENDANT SHALINI AHMED'S MOTION TO ALTER OR AMEND THE COURT'S ORDERS PURSUANT TO F.R.C.P. 59(e)**

**VERNON D. OLIVER**, United States District Judge:

    Before the Court is Relief Defendant Shalini Ahmed's motion to alter or amend two of the Court's orders (ECF Nos. 2941 and 2950) pursuant to Federal Rule of Civil Procedure 59(e) (the "Motion"). For the reasons that follow, the Motion is **DENIED.**

1

## I. BACKGROUND

The Court assumes familiarity with this matter's extensive underlying procedural and factual history. For purposes of deciding this Motion, the Court recounts the following: On March 31, 2025, the Court entered an Order Granting in Part and Denying in Part the SEC's Motion for Post-Remand Relief (the "Order").[1] Per the instructions of the Second Circuit, the Order resolved two post-remand issues with what was previously the final judgment in the case. First, it awarded supplemental enrichment on disgorgement using a fixed interest rate for the time period of the asset freeze and second, it determined that all but five assets still at issue were available to satisfy the judgment against Defendant Iftikar Ahmed.[2] On April 12, 2025, in response to a request filed by the Receiver, the Court issued a clarification to the Order (the "Clarification").[3] The Clarification explained that nine UTMA accounts were available to the SEC to satisfy the judgment in this case under the nominee doctrine.[4]

On April 28, 2025, Relief Defendant Shalini Ahmed ("Ms. Ahmed") filed the instant Motion.[5] The SEC filed its opposition on August 7, 2025 (the "Opposition"),[6] and Ms. Ahmed replied to the opposition on September 5, 2025 (the "Reply").[7]

## II. LEGAL STANDARD

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Although Rule 59(e) does

---

[1] *See* ECF No. 2941.
[2] *Id*. at 65.
[3] *See* ECF 2950.
[4] *Id.* at 5.
[5] *See* ECF No. 2964.
[6] *See* ECF No. 3026.
[7] *See* ECF No. 3050.

2

not prescribe specific grounds for granting a motion to alter or amend an otherwise final judgment," the Second Circuit has held "that district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (cleaned up). The Rule 59(e) bar, in other words, is deliberately high. Rule 59(e) motions are proper when there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Densberger v. United Techs. Corp.*, 125 F. Supp. 2d 585, 597 (D. Conn. 2000) (cleaned up). Courts within this Circuit have observed that the high bar under Rule 59(e) "exists 'in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court," and "to ensure finality and to 'prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters.'" *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

### III.   DISCUSSION

#### a. Applicability of Rule 59(e)

At the outset, the Court acknowledges its previous order ("Jurisdiction Determination Order") characterizing the Motion as one for reconsideration and stating that the Court "maintains jurisdiction over the motion for reconsideration" because "it is well-established that district courts retain 'jurisdiction to entertain [a] timely-filed motion for reconsideration even though," as in the instant case, "an appeal is presently pending in the Second Circuit.'"[8] However, the Court now determines that the Motion was properly brought under Rule 59(e).

---

[8] ECF No. 2993 (quoting *Hamilton v. Dep't of Corr.*, No. 15-CV-4031, 2018 WL 10322880, at *2 (S.D.N.Y. Nov. 14, 2018) (cleaned up).

Motions brought to challenge a court's judgments under Rule 59(e) and under Rule 60 are often very similar in substance and form. The former, as outlined above, may be brought to "alter or amend a judgment," while the latter seeks to "relieve a party…from a final judgment, order, or proceeding." *Compare* Fed. R. Civ. P. 59(e) *and* Fed. R. Civ. P. 60(b). A "judgment," as used in both rules, "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). In the Second Circuit, "'substantive' post-judgment orders issued in 'cases involving a protracted remedial phase' have readily been deemed appealable." *In re Am. Preferred Prescription, Inc.*, 255 F.3d 87, 93 (2d Cir. 2001) (quoting *United States v. Yonkers Board of Education,* 946 F.2d 180, 183 (2d Cir. 1991). By contrast, "ministerial or administrative orders, such as post-judgment discovery orders, are not" appealable. *United States v. Yalincak*, 853 F.3d 629, 636 (2d Cir. 2017) (cleaned up).

Here, both the Order and the Clarification concern the designation of assets to satisfy a multi-million-dollar judgment and therefore constitute substantive post-judgment orders that are appealable under Second Circuit precedent. Accordingly, Ms. Ahmed may challenge these orders under either Rule 59(e) or Rule 60(b).

Questions about whether a motion falls under Rule 59(e) or Rule 60(b) commonly arise when such motion is filed after Rule 59(e)'s 28-day deadline. That is because in numerous federal courts, the 28-day deadline to file a motion to alter or amend a judgment under Rule 59(e) is often shorter than the timeframe under which Rule 60(b) motions may be brought. As a result, these courts often "treat an untimely Rule 59(e) motion to alter or amend a judgment as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief." 12 Moore's Federal Practice - Civil § 60.03 (2026). *See, e.g.*, *Williams v. Akers*, 837 F.3d 1075, 1077 n.1 (10th Cir. 2016) (motion for reconsideration filed

4

outside Rule 59(e)'s 28-day time limit must be construed as a Rule. 60(b) motion). The U.S. District Court for the District of Connecticut's Local Rules, however, prescribe a shorter, seven-day, time limit to file motions for reconsideration under Rule 60, rather than the 28-day limit to file Rule 59(e) motions. *See* D. Conn. L. Civ. R. 7(c)(1). But in light of the Motion's proper filing under Rule 59(e), the Court finds no basis to apply the District of Connecticut's seven-day Rule 60(b) deadline.

The Court further notes that this distinction would not alter its legal analysis. The respective standards for Rule 59(e) and Rule 60(b) motions, in the District of Connecticut, are nearly identical. *Compare* D. Conn. L. Civ. R. 7(c), ("Motions for reconsideration [under Rule 60] shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order"), *and Densberger*, 125 F. Supp. 2d at 597 (holding that Rule 59(e) motions are proper when there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice") (cleaned up).

Accordingly, the Jurisdiction Determination Order is **VACATED**, and the Court will consider the Motion as properly brought under Rule 59(e). The Court further notes that, because it now construes the Motion as arising under Rule 59(e), it will not deem it as untimely and therefore procedurally barred. Rule 59(e)'s twenty-eight-day filing deadline applies, and Ms. Ahmed filed the Motion within twenty-eight days of the Court's issuance of the Order and Clarification. The Motion was therefore timely, and the Court addresses it on its substantive grounds.

### b. Substantive Analysis

The Court does not find that the Motion raises any meritorious grounds for the altering or amending of the Order or Clarification. Specifically, the Court fails to find a clear error in its reasoning throughout the Order or Clarification; nor does the Court find that either the Order or Clarification, as they currently stand, have led or will lead to manifest injustice. Further, after thoroughly reviewing both the Motion and Reply, the Court fails to see any change in controlling law or newly available evidence that would have altered its decision in the Order or the Clarification.

### i. New Facts and New Arguments

The parties had ample opportunity and time to prepare submissions on the two post-remand issues ultimately addressed by the Order and Clarification.[9] To the extent Ms. Ahmed, in her Motion and Reply, attempts to set forth new arguments and new facts, none of these arguments rest on any change in controlling law, nor were any of the new facts based on newly *available* evidence. In other words, the SEC is correct that Ms. Ahmed could've included essentially all of these newly presented facts and arguments in her initial briefing, which spanned 120 pages.[10] Thus, she has waived her right to raise these not-previously-raised arguments, and the Court denies the Motion on this basis, where applicable. *See Moss v. BMO Harris Bank, N.A.*, 114 F. Supp. 3d 61, 64 (E.D.N.Y. 2015), *aff'd sub nom. Moss v. First*

---

[9] *See* ECF No. 3026 at 7 ("[I]n the winter and spring of 2024, the Court gave the parties substantial leeway and time to prepare submissions on the two post-remand issues specified by the Court of Appeals. Among other things, the Court took submissions on a briefing schedule, held a hearing that addressed the anticipated briefing and the parties' positions on December 1, 2023, gave both parties leave to file excess pages in their briefs of these issues, ECF Nos. 2759, 2789, 2826, and, thereafter, the SEC filed briefs totaling 93 pages (ECF Nos. 2760 and 2830) and Ms. Ahmed filed a 120-page brief (ECF No. 2806).").

[10] *Id.*

*Premier Bank*, 835 F.3d 260 (2d Cir. 2016) ("Moreover, a party may not raise an argument for the first time in a motion for reconsideration…That is because the Court cannot have overlooked decisions or data that were never presented to the court in the first instance.") (cleaned up).

For this reason and based on the analysis set forth in the Government's well-reasoned memorandum,[11] the Court rejects Ms. Ahmed's arguments relying on new evidence and/or attempting to set forth new arguments. *See, e.g.*, ECF No. 2964 at 8 (introducing Connecticut caselaw from 2012 to contest collectability of UTMAs); ECF No. 2964-1 (attaching an April 2025 declaration to contest asset ownership determinations); and ECF No. 2964 at 17 (for the first time raising an argument that if money from the nominee x7540 account was transferred out of that account, it ceased to belong to the Defendant). Ms. Ahmed could have made these arguments during this case's long history, and, especially, during post-remand briefing, but failed to do so. Thus, these arguments are waived.

      *ii. Repeated Arguments*

To the extent Ms. Ahmed, throughout her briefing, repeats the substantive arguments she set forth in previous briefing, including her post-remand briefing, those arguments are unavailing for the exact reasons the Court stated previously in the Order and Clarification, as well as its previous orders. *See, e.g.,* ECF No. 2964 at 2–3 (rehashing argument that the Court calculated the award of interest during the freeze at the IRS underpayment rate despite that rate being "impermissibly punitive," without raising either new evidence or caselaw or

---

[11] *See* ECF No. 3026 at 11–21.

grappling with Court's analysis in the Order);[12] *id.* at 3–8 (restating arguments made in post-remand briefing as to UTMA ownership determinations);[13] *id.* at 13–14 (relying on the same arguments and even phrasing as used in post-remand briefing to dispute the Court's ownership determination as to the Iftikar A. Ahmed 2010 Irrevocable Insurance Trust).[14]

The Court also rejects the procedural arguments brought by Ms. Ahmed regarding Relief Defendants' entitlement to a jury trial and that any disgorgement would be punitive. Ms. Ahmed has already made these arguments in prior briefing, and both this Court and the Second Circuit have already rejected them.[15] Because Ms. Ahmed introduces no intervening change of controlling law or newly available evidence, the Court once again rejects these arguments.

## IV.   CONCLUSION

For the foregoing reasons, the Motion is **DENIED** with prejudice.

**SO ORDERED.**

Hartford, Connecticut
March 10, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

---

[12] *See also* ECF No. 3026 at 9 ("That this aspect of the Motion relies on neither new evidence nor intervening caselaw is all but acknowledged by the Motion's reuse of the same citations and argument that appeared in Ms. Ahmed's earlier briefing, including her contention that the 0.25% one-year constant Treasury yield should be used instead of the IRS underpayment rate.").

[13] *See also* ECF No. 3026 at 11–12 (comparing the arguments raised by Ms. Ahmed as to the UTMA accounts in the Motion with identical arguments she raised in post-remand briefing at ECF No. 2806).

[14] *See also* ECF No. 3026 at 18–19 (comparing the arguments raised by Ms. Ahmed as to the Insurance Trust in the Motion with identical arguments she raised in post-remand briefing at ECF No. 2806).

[15] *See* Order, ECF No. 2941 at 9 n.16 (most recently rejecting argument about entitlement to jury trial) and 14 n.19. (most recently rejecting argument that IRS underpayment rate is impermissibly punitive).